IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, <br><br> Defendants. | C.A. No. 04-1371-JJF <br><br> **REDACTED VERSION** |

**PLAINTIFF POWER INTEGRATIONS INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO FAIRCHILD'S MANUFACTURING, SALES AND OFFERS FOR SALE**

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Plaintiff Power Integrations Inc. ("Power Integrations") moves pursuant to Fed. R. Civ. P. 37, D. Del. LR 37.1 and ¶ 4 of the February 3, 2005, Rule 16 Scheduling Order entered in this case to compel Defendant Fairchild Semiconductor International and Fairchild Semiconductor Corp. (collectively "Fairchild") to produce documents relating to Fairchild's manufacturing, sales and offers for sale of its accused products.

**ARGUMENT**

**I.      INTRODUCTION**

Power Integrations has sued Fairchild for infringing U.S. Patent Nos. 4,811,075, 6,107,851, 6,229,366, 6,249,876 relating to semiconductor chips. Fairchild manufactures the infringing products overseas, but imports them into the United States and sells them overseas to companies who use them in products those customers import into the United States. Fairchild has, however, refused to produce the necessary documents for Power Integrations to determine the scope of its offers for sales and the extent of the importation of Fairchild's infringing parts in the United States. *See* Fairchild's General Objection

No. 7 to Power Integrations' Interrogatories and objections to Interrogatory Nos. 3, 7, 8, 9,10 and 13 (Ex. A) and Fairchild's General Objection No. 12 to Power Integrations' Document Requests and objections to Document Request Nos. 8, 9, 11, 12, 14, 16, 17, 18, 19, 20, 24, 25 and 26 (Ex. B). Fairchild has also refused to produce any sales information about the accused products prior to the date of the complaint. *See* Fairchild's objections to Power Integrations' Interrogatories Nos. 6, 8, 9 and 10 (Ex. A), Fairchild's General Objection No. 3 to Power Integrations' Document Requests and objections to Document Requests Nos. 8, 9, 10, 13, 14, 21, 22, 31 and 71. (Ex. B). Despite numerous attempts by Counsel for Power Integrations to resolve these issues by conferring with Counsel for Fairchild, the parties have reached an impasse. (Exs. C, D and E). Therefore, Power Integration requests that this Court compel Defendant Fairchild to produce the requested information and documents.

**II.    DOCUMENTS REGARDING ACTIVITIES RELATED TO SALES OF ACCUSED PRODUCTS THAT ALLEGEDLY OCCUR OUTSIDE THE UNITED STATES**

Fairchild has refused to produce documents regarding its own activities both inside and outside the United States including documents showing the sales, offers for sale, uses made by third parties of the accused products and documents evidencing communications with customers on these topics. Fairchild argues lack of relevance based on the assertion that activities related to sales allegedly outside the United States are irrelevant to infringement of a U.S. Patent. These documents, however, are directly relevant to the issue of Fairchild's liability for any resulting subsequent infringing activities in the United States. Fairchild may be liable for indirect infringement under 35 U.S.C. § 271(b) or (c) even based solely on its activities outside the United States, if the parts it manufactured, sold or offered for sale are later imported into the United States. *See Nippon Elec. Glass Col., Ltd. V. Sheldon,* 489 F. Supp. 199, 120-21 (D.C.N.Y., 1980); *Honeywell v. Metz Apparatewerke*, 509 F.2d 1137, 1139-40 (7th Cir. 1975); *Engineered Sports Products v. Brunswick Corp.*, 362 F. Supp. 722, 724-25 (D.C. Utah

1973). Further, Fairchild is liable for directly infringing Power Integrations' patents by making any offers for sale from inside the United States, regardless of whether the actual sale of the product takes place elsewhere. *See Wesley Jessen Corp. v. Baucsh & Lomb, Inc.*, 256 F. Supp.2d 228, 229 (D. Del. 2003).

Fairchild refuses to produce documents relating to the manufacture, sales and offers for sales of its products, unless Fairchild itself sold them in or imported the products into the United States or, in its own opinion, it "knew" the accused products would be imported into the United States. In other words, Fairchild is making a unilateral decision about the ultimate factual issue in the case of whether it meets the knowledge requirements of 34 U.S.C. § 271(b) and (c) for its sale of products outside the United States, and then limiting its discovery based on its unilateral determination. Fairchild simply cannot do this. Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Further, in the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *See Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, 193 (D. Del. 2004) (quoting *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (Fed. Cir. 1998)).

In order for Power Integrations to show the extent of Fairchild's infringement liability, Power Integrations needs documents related to all of Fairchild's customers, the sales to those customers and Fairchild's knowledge of the uses these third parties make of the accused products, regardless of where the "sales" were made. Indeed, the identity of those customers may alone give rise to an inference that Fairchild knew, or reasonably should have known, that sales of the accused devices would lead to infringing importation. For example, Power Integrations is aware from non-confidential information that one of Fairchild's largest customers is Samsung. Samsung's own public

3

statements show that a substantial portion of its products that are likely to use the accused products (*e.g.*, LCD monitors) are imported and sold in the U.S. market. Without the requested information, Power Integrations cannot fully investigate whether Fairchild customers imported the infringing Fairchild parts into the United States and whether Fairchild did, in fact, meet the knowledge requirements of 35 U.S.C. § 271(b) and (c). Further, Power Integrations needs documents regarding Fairchild's sales and offers for sale to all of its customers in order to determine if Fairchild is directly liable under 35 U.S.C. § 2713(a) for an offer to sell.

Therefore, Power Integrations respectfully requests this Court to compel Fairchild to produce all documents relating to the offer for sale, or sale of any accused product to all customers and all information about third parties' use of the accused products.

### III.  DOCUMENTS REGARDING THE SALE OF PRODUCTS PRIOR TO THE DATE OF THE COMPLAINT.

Fairchild has also refused to provide any information on any sales of the accused products prior to the date of the complaint, October 20, 2004, based on Fairchild's contention that it did not receive sufficient notice of Power Integrations' patents prior to that date as required by 35 U.S.C. § 287 because Power Integrations had not marked it products. Patentees, however, are not required to mark their products with the patent number if they provide sufficient notice by other means, such as putting the patent number in their packaging materials. *See Sessions v. Romada*, 145 U.S. 29, 50 (1892) ; *Rutherford v. Trim-tex, Inc.*, 803 F. Supp. 158, 161 (N.D. Ill. 1992).

Power Integrations did provide notice of the patents by providing information in its packages materials, including its datasheets and applications notes, and on its web site beginning on or around July 3, 2002. Therefore, the sales since that date are potentially relevant to the damages suffered by Power Integrations as a result of Fairchild's infringement. Fairchild cannot unilaterally make the determination that Power Integrations' notice was inadequate and, therefore, withhold documents. The issue of adequate notice is a determination to be decided by the Court. Therefore, Power

Integrations respectfully requests that this Court compel Fairchild to produce documents regarding the sale of its accused products since July 3, 2002.

Dated: June 14, 2005                        FISH & RICHARDSON P.C.


By: */s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Michael Kane
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Howard G. Pollack
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

# CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(2)(B) and Local Rules of Civil Procedure 7.1.1

Pursuant to Fed. R. of Civ. P. 37(a)(2)(B) and Local Rules of Civil Procedure 7.1.1, counsel for Power Integrations certifies that it has in good faith conferred with counsel for Fairchild in an effort to secure the discovery without court action, but that the parties, after a reasonable effort, are unable to resolve the dispute.

Dated: June 14, 2005			FISH & RICHARDSON P.C.


					By: /s/ William J. Marsden, Jr.
					    William J. Marsden, Jr. (#2247)
					    Sean P. Hayes (#4413)
					    919 N. Market Street, Suite 1100
					    P.O. Box 1114
					    Wilmington, DE 19899-1114
					    Telephone: (302) 652-5070
					    Facsimile: (302) 652-0607

					    Frank E. Scherkenbach
					    225 Franklin Street
					    Boston, Massachusetts 02110-2804
					    Telephone: (617) 542-5070
					    Facsimile: (617) 542-8906

					    Michael Kane
					    60 South Sixth Street
					    3300 Dain Rauscher Plaza
					    Minneapolis, MN 55402
					    Telephone: (612) 335-5070
					    Facsimile: (612) 288-9696

					    Howard G. Pollack
					    500 Arguello Street, Suite 500
					    Redwood City, California 94063
					    Telephone: (650) 839-5070
					    Facsimile: (650) 839-5071

					Attorneys for Plaintiff
					POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2005, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendant-Counterclaimant<br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION |

I hereby certify that on June 14, 2005, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| G. Hopkins Guy, III<br>Bas de Blank<br>Duo Chen<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION |

*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

50280092.doc

2