B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation

          Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation

          Defendants.

C.A. No. 04-1371-JJF

## DEFENDANTS FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND FAIRCHILD SEMICONDUCTOR CORPORATION'S RESPONSES TO PLAINTIFF POWER INTEGRATIONS, INC.'S FIRST SET OF DOCUMENT REQUESTS (NOS. 1-72)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Fairchild

Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild")

hereby respond and object to Plaintiff Power Integrations, Inc.'s ("Power Integrations") First Set

of Document Requests (Nos. 1-72). These responses and objections are made according to the

Federal Rules of Civil Procedure and the Local Rules of the United State District Court for the

District of Delaware and are based on information presently available to Fairchild. These

responses and objections made are without prejudice to Fairchild's right to use or rely on

subsequently discovered documents or documents made more relevant by discovery received by

Power Integrations, positions taken by the parties, or rulings by the Court.

### GENERAL OBJECTIONS

1.      Fairchild objects to the Requests to the extent they purport to impose a burden or

obligation on Fairchild greater than that set forth in the Federal Rules of Civil Procedure, the

Delaware Local Rules, and any Orders of the Court. Fairchild specifically objects to the

statement that Fairchild must produce documents "designated and organized by the paragraphs

and subparagraphs hereof to which they correspond."

2.      Fairchild objects to each request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Any production Fairchild makes of such information is inadvertent and shall not constitute a waiver of the applicable privilege or immunity as to any information.

3.      Fairchild objects that the requests are overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent they purport to seek documents concerning activities prior to the filing of the complaint. Since Power Integrations concedes that it did not provide Fairchild with actual notice of its infringement allegations and since Power Integrations did not otherwise comply with the notice requirements of 35 U.S.C. § 287(a), activities prior to the filing of the complaint are not relevant. A statement that Fairchild will produce responsive, non-privileged documents is not a representation that any such documents exist.

4.      Pursuant to the parties' agreement, Fairchild will use the English and Korean search terms provided by Power Integrations to identify a subset of electronic documents for further review. Fairchild reserves its right to request that Power Integrations refine its proposed search terms should such terms not meaningfully reduce the number of non-responsive documents. Notwithstanding this agreement and subject to its responses and objections set forth below, Fairchild will produce responsive, non-privileged electronic documents in its possession, custody, or control of which Fairchild is aware regardless of whether such documents contain any of the search terms identified by Power Integrations.

5.      Pursuant to the guidelines of Electronic Discovery of the United States District Court for the District of Delaware, Fairchild has not searched through electronic documents identified as of limited accessibility. Once Power Integrations completes its review of responsive electronic documents produced by Fairchild, Fairchild will meet and confer with Power Integrations to discuss the need for limited accessibility electronic documents and ways for Power Integrations to narrowly focus its requests if such documents are necessary.

6.      Fairchild objects that the requests are overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that they seek

information on documents concerning any sale, offer for sale, use, manufacture, or importation outside of the United States.

      7.     Fairchild objects to each request to the extent that it is premature. Discovery is just beginning in this action and Fairchild has yet to complete its own investigation or to receive critical discovery from Power Integrations. Fairchild reserves the right to amend or supplement its responses and production as appropriate.

      8.     Fairchild objects that Power Integrations' definition of "Plaintiff", "Power Integrations" and "PI" is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. Further, the definition is vague and ambiguous as Fairchild has no way to determine who Power Integrations' "predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Power Integrations and others acting on behalf of Power Integrations" are. For the purpose of responding to these requests, Fairchild will interpret "Plaintiff", "Power Integrations", and "PI" to refer to Plaintiff Power Integrations, Inc.

      9.     Fairchild objects that Power Integrations' definition of "Defendant(s)", "Fairchild", "you", and "your" is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to require information or documents not in Fairchild's possession, custody, or control.

      10.     Fairchild objects to Power Integrations' definition of "Document" to the extent that it purports to require Fairchild to produce documents that are not in Fairchild's possession, custody, or control.

      11.     Fairchild objects that Power Integrations' definition of "Person" to include an entity and Power Integrations' definition of "Entity" to mean any person are vague and ambiguous as they are circular.

      12.     Fairchild objects that Power Integrations' definition of "Accused Product(s)" is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it purports to include products that are neither manufactured nor

sold by Fairchild. The definition is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it purports to include devices not sold in the United States. Fairchild objects that the definition is vague and ambiguous to the extent that it repeats identical part numbers multiple times or refers to part numbers for products that do not exist, have never existed, or have never been offered for sale. Fairchild also objects that the definition is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it purports to include devices that are not accused by Power Integrations of infringing any of the patents-in-suit (as set forth in Power Integrations' response to Interrogatory No. 1 of Fairchild's First Set of Interrogatories). Fairchild objects to Power Integrations' repeated recharacterizations of the Fairchild devices at issue in this action. For the purpose of responding to these requests, Fairchild will interpret "Accused Product(s)" to refer to those part numbers listed in either Power Integrations' proposed definition or in Power Integrations' response to Interrogatory No. 1 of Fairchild's First Set of Interrogatories.

13.     For purposes of responding to these requests, Fairchild accepts Power Integrations' definition of "high voltage device" as "a device capable of conducting a voltage in excess of 50 volts." Fairchild does not agree, however, that this is necessarily the proper construction of the term as it appears in the claims of the '075 patent.

14.     Fairchild objects to Power Integrations' definition of "product containing same" and "downstream product(s)" to the extent those terms include the objectionable definition of "Accused Product." Fairchild incorporates its objections to and limitations of the term "Accused Product(s)."

15.     Fairchild objects to Power Integrations' various definitions of "identify" to the extent that they are overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information.

16.     Fairchild objects to Instruction B to the extent that it purports to require Fairchild to identify documents not in its possession custody, or control.

17.     Fairchild objects to Instruction C to the extent that it purports to require Fairchild to identify those requests to which no responsive documents exist.

- 4 -     RESPONSES TO FIRST SET OF
DOCUMENT REQUESTS NOS. 1-72
C.A. No. 04-1371-JJF

18.     Fairchild objects to Instruction D to the extent that it purports to require Fairchild to provide a log or identification of documents that no longer exist.

19.     With respect to Instruction E, Fairchild will produce a privilege log identifying documents created before the filing of the complaint that are withheld on the basis of privilege and facts sufficient to establish that privilege at a time agreed to by the parties.

20.     Fairchild objects to Instruction F to the extent that it purports to impose an obligation of Fairchild greater than that set forth by the Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court.  Additionally, the parties have agreed that electronic documents will be produced in .TIFF format.

21.     Fairchild objects to Instruction G to the extent that it purports to call for documents protected by the attorney client privilege or work product doctrine.

22.     Fairchild objects to Instruction H to the extent that it purports to impose an obligation of Fairchild greater than that set forth by the Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court.

Fairchild's incorporates its General Objections into each response set forth below. Fairchild may repeat an objection for emphasis or some other purpose but the failure to repeat a General Objection does not waive any other General Objection to the request.


## REQUEST NO. 1:

All documents for which identification is requested in Power Integrations' First Set of Interrogatories to Fairchild, served concurrently herewith, or relied on in the preparation of Fairchild's responses to those interrogatories.

## RESPONSE TO REQUEST NO. 1:

Fairchild objects to this request to the extent that it purports to call for documents protected by the attorney client privilege or work product doctrine.  Further, Fairchild incorporates the General and Specific Objections set forth in response to Power Integrations' First Set of Interrogatories to Fairchild.  Subject to the foregoing general and specific objections, Fairchild responds as follows:

RESPONSES TO FIRST SET OF
DOCUMENT REQUESTS NOS. 1-72
C.A. No. 04-1371-JJF

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control that were requested in Power Integrations' First Set of Interrogatories to Fairchild.

**REQUEST NO. 2:**

All documents sufficient to determine the organizational structure of Fairchild, including its parent, subsidiary, sister, or other affiliated corporations.

**RESPONSE TO REQUEST NO. 2:**

Fairchild objects that the request is vague and ambiguous, particular with respect to what is meant by "all documents sufficient to determine." Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it calls for documents about entities that are not parties to this litigation. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control to show Fairchild's organizational structure.

**REQUEST NO. 3:**

All documents that refer or relate to the research, development, and testing of the Accused Products, including but not limited to drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, memoranda, and test results.

**RESPONSE TO REQUEST NO. 3:**

Subject to the foregoing general objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the research, development, or testing of the Accused Products.

**REQUEST NO. 4:**

      All documents that refer or relate to the design of the Accused Products, including but not limited to specifications, data sheets, drawings, diagrams, schematics, manuals, notes, notebooks, workbooks, correspondence, and memoranda.

**RESPONSE TO REQUEST NO. 4:**

      Subject to the foregoing general objections, Fairchild responds as follows:

      After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the design of the Accused Products.

**REQUEST NO. 5:**

      All documents sufficient to show the structure, function, or operation of the Accused Products, including but not limited to drawings, schematics, data sheets, block diagrams and operating instructions.

**RESPONSE TO REQUEST NO. 5:**

      Fairchild objects that the request is vague and ambiguous, particular with respect to what is meant by "all documents sufficient to show." Subject to the foregoing general and specific objections, Fairchild responds as follows:

      After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control to show the structure, function, or operation of the Accused Products.

**REQUEST NO. 6:**

      All documents that refer or relate to the research, development, and testing of the method and/or process for using any Accused Product or products incorporating the same, including but not limited to notes, notebooks, workbooks, correspondence, memoranda, and test results.

**RESPONSE TO REQUEST NO. 6:**

      Fairchild objects that the request is overbroad, unduly burdensome, and not

calculated to lead to the discovery of relevant information to the extent that it seeks "all documents." Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it purports to seek information concerning the use of the Accused Products outside of the United States. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the research, development, or testing of the method or process of using of the Accused Products.

## REQUEST NO. 7:

All documents that refer or relate to the design of the method and/or process for using any Accused Product or products incorporating the same, including but not limited to instructions for use, specifications, data sheets, drawings, schematics, diagrams, manuals, notes, notebooks, workbooks, correspondence, and memoranda.

## RESPONSE TO REQUEST NO. 7:

Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it purports to seek information concerning the use of the Accused Products outside of the United States. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the method or process for using the Accused Products.

## REQUEST NO. 8:

All documents that refer or relate to the manufacture, fabrication, and production of the Accused Products, from 1998 to the present, including but not limited to the location of all manufacturing, fabrication, and production facilities and the quantity of each Accused Product manufactured, fabricated, or produced at each such facility.

**RESPONSE TO REQUEST NO. 8:**

        Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it purports to seek information concerning the manufacture, fabrication, and production of the Accused Products outside of the United States. The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information for each accused product "from 1998." Three of the four patents in suit had not even issued in 1998. Further, since Power Integrations concedes that it did not provide Fairchild with actual notice of its infringement allegations and since Power Integrations did not otherwise comply with the notice requirements of 35 U.S.C. § 287(a), activities prior to the filing of the complaint are not relevant. Subject to the foregoing general and specific objections, Fairchild responds as follows:

        After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning manufacture, fabrication, or production since October 20, 2004 of the Accused Products.

**REQUEST NO. 9:**

        All documents, including but not limited to promotional materials, press releases, trade journal articles, advertisements, catalogs, documents prepared for trade shows and meetings, package inserts, technical data sheets, specifications, price lists, sales presentations, and sales and marketing forecasts and projections, that refer or relate to advertising and marketing of the Accused Products from 1998 to the present.

**RESPONSE TO REQUEST NO. 9:**

        Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it purports to seek information concerning offers for sale outside of the United States. The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information for each accused product "from 1998." Three

RESPONSES TO FIRST SET OF
DOCUMENT REQUESTS NOS. 1-72
C.A. No. 04-1371-JJF

of the four patents in suit had not even issued in 1998. Further, since Power Integrations concedes that it did not provide Fairchild with actual notice of its infringement allegations and since Power Integrations did not otherwise comply with the notice requirements of 35 U.S.C. § 287(a), activities prior to the filing of the complaint are not relevant. Fairchild also objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it calls for public documents equally available to Power Integrations from other sources, including Fairchild's web site. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control and not equally available to Power Integrations concerning the advertising and marketing since October 20, 2004 concerning the Accused Products.

**REQUEST NO. 10:**

All documents that refer or relate to the sale within the United States of the Accused Products, from 1998 to the present, including but not limited to documents sufficient to show Fairchild's actual and expected gross revenues, net profits, gross revenues, sales, sales prices, and returns of the Accused Products.

**RESPONSE TO REQUEST NO. 10:**

The request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information for each accused product "from 1998." Three of the four patents in suit had not even issued in 1998. Further, since Power Integrations concedes that it did not provide Fairchild with actual notice of its infringement allegations and since Power Integrations did not otherwise comply with the notice requirements of 35 U.S.C. § 287(a), activities prior to the filing of the complaint are not relevant. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control to show its sales in the United Sates from

October 20, 2004 of the Accused Products.

**REQUEST NO. 11:**

      All documents that have been or are included with the sale of the Accused Products or products containing same, including without limitation instruction manuals, instructions for use, data sheets, and/or specifications.

**RESPONSE TO REQUEST NO. 11:**

      Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it purports to seek information concerning sales outside of the United States. Subject to the foregoing general and specific objections, Fairchild responds as follows:

      After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control included with the sale of the Accused Products.

**REQUEST NO. 12:**

      All documents referring or relating to the distribution network maintained by Fairchild for purposes of selling, distributing, or licensing the Accused Products and products containing same.

**RESPONSE TO REQUEST NO. 12:**

      Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it purports to seek information concerning offers for sale outside of the United States. The request is also vague and ambiguous, particularly with respect to what is meant by "distribution network." Subject to the foregoing general and specific objections, Fairchild responds as follows:

      After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning Fairchild's distributors for the Accused Products.

**REQUEST NO. 13:**

All documents that refer or relate to the importation into the United States of the Accused Products and any product incorporating an Accused Product, from 1998 to the present, including but not limited to the quantity of Accused Products (specifically identified by product) imported into the United States, the dates of such importation, and the ports of entry.

**RESPONSE TO REQUEST NO. 13:**

The request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information for each accused product "from 1998." Three of the four patents in suit had not even issued in 1998. Further, since Power Integrations concedes that it did not provide Fairchild with actual notice of its infringement allegations and since Power Integrations did not otherwise comply with the notice requirements of 35 U.S.C. § 287(a), activities prior to the filing of the complaint are not relevant. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control to show the importation into the United States since October 20, 2004 of the Accused Products.

**REQUEST NO. 14:**

All documents that refer or relate to any United States inventory of the Accused Products, from 1998 to the present, including but not limited to the location of inventory, the amount of inventory, and the owner and/or holder of each such inventory.

**RESPONSE TO REQUEST NO. 14:**

The request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information for each accused product "from 1998." Three of the four patents in suit had not even issued in 1998. Further, since Power Integrations concedes that it did not provide Fairchild with actual notice of its infringement allegations and since Power Integrations did not otherwise comply with the notice requirements of 35 U.S.C. § 287(a), activities prior to the filing of the complaint are not relevant. Subject to

RESPONSES TO FIRST SET OF
DOCUMENT REQUESTS NOS. 1-72
C.A. No. 04-1371-JJF

the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control to show the inventory in the United States since October 20, 2004 of the Accused Products.

**REQUEST NO. 15:**

All documents sufficient to show or relate to any step in the method and/or process of using the Accused Products and products incorporating the accused products, including but not limited to drawings, schematics, and block diagrams.

**RESPONSE TO REQUEST NO. 15:**

Fairchild objects that the request is vague and ambiguous, particular with respect to what is meant by "all documents sufficient to show" and "relate." Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control that to show the method or process of using the Accused Products.

**REQUEST NO. 16:**

All documents that refer or relate to any downstream product(s) into which any Accused Product is or has been incorporated, from 1998 to the present.

**RESPONSE TO REQUEST NO. 16:**

The request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information for each accused product "from 1998." Three of the four patents in suit had not even issued in 1998. Further, since Power Integrations concedes that it did not provide Fairchild with actual notice of its infringement allegations and since Power Integrations did not otherwise comply with the notice requirements of 35 U.S.C. § 287(a), activities prior to the filing of the complaint are not relevant. The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant

information to the extent that it seeks information concerning products not made, used, offered for sale, sold, or imported into the United States. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning products into which the Accused Products have been incorporated.

**REQUEST NO. 17:**

All documents that refer or relate to the research, development, and testing of any downstream product(s) into which any Accused Product is or has been incorporated, including but not limited to notes, notebooks, workbooks, correspondence, memoranda, and test results.

**RESPONSE TO REQUEST NO. 17:**

The request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information concerning products not made, used, offered for sale, sold, or imported into the United States. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the research, development, and testing of products into which the Accused Products have been incorporated.

**REQUEST NO. 18:**

All documents that refer or relate to the design of any downstream product(s) into which any Accused Product is or has been incorporated, including but not limited to instructions for use, specifications, data sheets, drawings, schematics, diagrams, manuals, notes, notebooks, workbooks, correspondence, and memoranda.

**RESPONSE TO REQUEST NO. 18:**

The request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information concerning products not

made, used, offered for sale, sold, or imported into the United States. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the design of products into which the Accused Products have been incorporated.

## REQUEST NO. 19:

All documents sufficient to show the structure, operation, and function of any downstream product(s) into which any Accused Product is or has been incorporated, including but not limited to drawings and schematics.

## RESPONSE TO REQUEST NO. 19:

Fairchild objects that the request is vague and ambiguous, particular with respect to what is meant by "all documents sufficient to show." The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information concerning products not made, used, offered for sale, sold, or imported into the United States. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control to show the structure, operation, or function of products into which the Accused Products have been incorporated.

## REQUEST NO. 20:

All documents, including specifications, data sheets, and/or instructions for use, that are provided with any downstream product into which any Accused Product is or has been incorporated, whether or not the downstream product is sold, sampled, demonstrated, or provided at no charge within the United States.

## RESPONSE TO REQUEST NO. 20:

The request is overbroad, unduly burdensome, and not calculated to lead to the

discovery of relevant information to the extent that it seeks information concerning products not made, used, offered for sale, sold, or imported into the United States. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control that were provided with products into which the Accused Products have been incorporated.

**REQUEST NO. 21:**

Documents sufficient to identify each and every Accused Product that has been imported into the United States, sold for importation into the United States, or sold or offered for sale after importation into the United States, from 1998 to the present.

**RESPONSE TO REQUEST NO. 21:**

Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information for each accused product "from 1998." Three of the four patents in suit had not even issued in 1998. Further, since Power Integrations concedes that it did not provide Fairchild with actual notice of its infringement allegations and since Power Integrations did not otherwise comply with the notice requirements of 35 U.S.C. § 287(a), activities prior to the filing of the complaint are not relevant. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control to identify the Accused Products that have been imported into the United States, sold for importation into the United States, or sold or offered for sale after importation into the United States since October 20, 2004.

**REQUEST NO. 22:**

Documents sufficient to identify each and every downstream product incorporating an Accused Product that is or has been imported into the United States, sold for

importation into the United States, or sold or offered for sale after importation into the United
States, from 1998 to the present.

**RESPONSE TO REQUEST NO. 22:**

   The request is overbroad, unduly burdensome, and not calculated to lead to the
discovery of relevant information to the extent that it seeks information for each accused product
"from 1998." Three of the four patents in suit had not even issued in 1998. Further, since Power
Integrations concedes that it did not provide Fairchild with actual notice of its infringement
allegations and since Power Integrations did not otherwise comply with the notice requirements
of 35 U.S.C. § 287(a), activities prior to the filing of the complaint are not relevant. Subject to
the foregoing general and specific objections, Fairchild responds as follows:

   After a reasonable search, Fairchild shall produce non-privileged, responsive
documents in its possession, custody or control to identify those products that have been
imported into the United States, sold for importation into the United States, or sold or offered for
sale after importation into the United States since October 20, 2004 into which the Accused
Products have been incorporated.

**REQUEST NO. 23:**

   All documents that refer or relate to any actual or proposed modification,
improvement, or change in any Accused Product, or any method and/or process of using any
Accused Product, including attempts to design or re-design products or methods and/or processes
to avoid infringement of any of the patents-in-suit.

**RESPONSE TO REQUEST NO. 23:**

   Fairchild objects to the extent this request calls for documents protected by the
attorney client privilege or work product doctrine. Fairchild objects that the request is
overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant
information to the extent that it calls for documents concerning any "modification, improvement,
or change" in any Accused Product. Subject to the foregoing general and specific objections,
Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning modifications, improvements, or changes made or proposed to be made to the Accused Products in order to avoid infringement of the patents-in-suit.

**REQUEST NO. 24:**

Documents sufficient to identify each and every Accused Product that is being planned, that has been designed, and/or that is in development that is capable of being used in a product, circuit, or device that has been imported into the United States, sold for importation into the United States, or sold or offered for sale after importation into the United States.

**RESPONSE TO REQUEST NO. 24:**

Fairchild objects that the request is vague and ambiguous, particularly with respect to what is meant by "capable of." Further, the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to seek documents concerning devices that have yet to be manufactured and sold in the United States.

**REQUEST NO. 25:**

Five samples of each version of each Accused Product, and all literature or documentation distributed with each Accused Product, any additional products that are required for the intended uses (both inside the United States and outside the United States) of each Accused Product, and all instruction or other guidance information associated with the sale, demonstration or use of each Accused Product.

**RESPONSE TO REQUEST NO. 25:**

Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it seeks documents and things concerning uses of Fairchild devices outside the United States. The request is also vague and ambiguous, particularly with respect to what is meant by "each

version" and "any additional products that are required for the intended uses."  Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce samples of the Accused Products.

## REQUEST NO. 26:

All documents that refer or relate to instructions for using the Accused Products, including prior versions of instructions for use and instructions for use provided with the sale, demonstration, marketing, or training for use of the Accused Products, both inside the United States and outside the United States.

## RESPONSE TO REQUEST NO. 26:

Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it calls for documents concerning the use of the Accused Products outside of the United States.  Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive instructions in its possession, custody or control concerning the use of the Accused Products.

## REQUEST NO. 27:

All documents discussing or making reference to the quality, value, acceptability, workability, performance or benefits of any Accused Product, including communications with anyone who has used a Accused Product integrated circuit product praising, criticizing, or otherwise commenting on the Accused Products.

## RESPONSE TO REQUEST NO. 27:

Fairchild objects to the extent this request calls for documents protected by the attorney client privilege or work product doctrine.  Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information.  Subject to the foregoing general and specific objections, Fairchild responds as

follows:

> After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the quality, value, acceptability, workability, performance or benefits of the Accused Products.

**REQUEST NO. 28:**

> All technical articles, conference papers, and technical or marketing presentations that refer or relate to the Accused Products and products containing same, the method and/or process of using any Accused Product and products containing same, or that relate to the subject matter described in the patents-in-suit.

**RESPONSE TO REQUEST NO. 28:**

> Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. Fairchild further objects that the request is vague and ambiguous, particularly with respect to what is meant by "relate to the subject matter described in the patents-in-suit." Subject to the foregoing general and specific objections, Fairchild responds as follows:

> After a reasonable search, Fairchild shall produce non-privileged, responsive technical articles, papers, and presentations in its possession, custody or control concerning the Accused Products.

**REQUEST NO. 29:**

> All documents that refer or relate to any failures, problems with and/or complaints about any of the Accused Products and products containing same or the method and/or process of using any Accused Product and products containing same.

**RESPONSE TO REQUEST NO. 29:**

> Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. Subject to the foregoing general and specific objections, Fairchild responds as follows:

RESPONSES TO FIRST SET OF
DOCUMENT REQUESTS NOS. 1-72
C.A. No. 04-1371-JJF

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning failures, problems, or complaints about the Accused Products.


**REQUEST NO. 30:**

All documents that refer or relate to uses, tests, or evaluations of the Accused Products and products containing same or the method and/or process of using any Accused Product and products containing same performed or conducted by Fairchild, Fairchild's customers, or any other third party that Fairchild is aware of.

**RESPONSE TO REQUEST NO. 30:**

Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the uses, tests, or evaluations of the Accused Products.


**REQUEST NO. 31:**

Documents sufficient to identify Fairchild's customers, purchasers, and resellers for the Accused Products or products containing same, from 1998 to the present.

**RESPONSE TO REQUEST NO. 31:**

The request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information for each accused product "from 1998." Three of the four patents in suit had not even issued in 1998. Further, since Power Integrations concedes that it did not provide Fairchild with actual notice of its infringement allegations and since Power Integrations did not otherwise comply with the notice requirements of 35 U.S.C. § 287(a), activities prior to the filing of the complaint are not relevant. Subject to the foregoing general and specific objections, Fairchild responds as follows:

RESPONSES TO FIRST SET OF
DOCUMENT REQUESTS NOS. 1-72
C.A. No. 04-1371-JJF

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control to identify its customers, purchasers, and resellers since October 20, 2004 for the Accused Products.

**REQUEST NO. 32:**

All documents that refer or relate to training any customer in the use of the Accused Products or products containing same.

**RESPONSE TO REQUEST NO. 32:**

The request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning training Fairchild provides to it customers concerning the use of the Accused Products.

**REQUEST NO. 33:**

All documents referring to, relating to, or constituting patents, publications, written descriptions, or prior art references of which you are aware that concern, disclose, describe or claim any invention disclosed, described or claimed in any of the patents-in-suit, or any product or method and/or process embodying or using any invention disclosed, described or claimed in any of the patents-in-suit.

**RESPONSE TO REQUEST NO. 33:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to seek documents that are not prior art or prior art unrelated to the asserted claims. Further, Fairchild objects that despite Fairchild's discovery requests Power Integrations has not provided the date of invention for each of the patents and,

thus, Fairchild cannot identify what constitutes prior art pursuant to 35 U.S.C. §§ 102(a), (e), or

(g). Once Power Integrations identifies the dates of invention for each patent-in-suit, Fairchild

will produce additional art, if appropriate. Finally, Fairchild objects that the request is

premature. Discovery is just beginning and Fairchild has yet to develop its invalidity

contentions. Fairchild specifically reserves the right to supplement its response to this

interrogatory as it discovers additional prior art and once the Court has construed the asserted

claims. Subject to the foregoing general and specific objections, Fairchild responds as follows:

        After a reasonable search, Fairchild shall produce non-privileged, responsive prior

art in its possession, custody or control concerning the asserted claims of the patents-in-suit.


## REQUEST NO. 34:

        All documents that refer or relate to any document, reference or activity alleged

by anyone to be prior art to the patents-in-suit, or to affect the validity, enforceability or scope of

any of the patents-in-suit.

## RESPONSE TO REQUEST NO. 34:

        Fairchild objects that the request is overbroad, unduly burdensome, and not

calculated to lead to the discovery of relevant information, particularly to the extent that it

purports to seek documents that "refer or relate" to prior art unrelated to the asserted claims.

Fairchild objects to the extent the request calls for information protected by the attorney client

and/or work product privilege. Further, Fairchild objects that despite Fairchild's discovery

requests Power Integrations has not provided the date of invention for each of the patents and,

thus, Fairchild cannot identify what constitutes prior art pursuant to 35 U.S.C. §§ 102(a), (e), or

(g). Once Power Integrations identifies the dates of invention for each patent-in-suit, Fairchild

will produce additional art, if appropriate. Finally, Fairchild objects that the request is

premature. Discovery is just beginning and Fairchild has yet to develop its invalidity

contentions. Fairchild specifically reserves the right to supplement its response to this

interrogatory as it discovers additional prior art and once the Court has construed the asserted

claims. Subject to the foregoing general and specific objections, Fairchild responds as follows:

RESPONSES TO FIRST SET OF
DOCUMENT REQUESTS NOS. 1-72
C.A. No. 04-1371-JJF

After a reasonable search, Fairchild shall produce non-privileged, responsive documents concerning prior art in its possession, custody or control concerning the asserted claims of the patents-in-suit.

## REQUEST NO. 35:

All documents that refer or relate to knowledge or use by others of any invention disclosed, described or claimed in any of the patents-in-suit, including assessments by others, of the scope, infringement, or validity of any of the patents-in-suit.

## RESPONSE TO REQUEST NO. 35:

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery concerning claims that have not been asserted. Further, Fairchild objects that despite Fairchild's discovery requests Power Integrations has not provided the date of invention for each of the patents and, thus, Fairchild cannot identify what constitutes prior art pursuant to 35 U.S.C. §§ 102(a), (e), or (g). Once Power Integrations identifies the dates of invention for each patent-in-suit, Fairchild will produce additional art, if appropriate. Finally, Fairchild objects that the request is premature. Discovery is just beginning and Fairchild has yet to develop its invalidity contentions. Fairchild specifically reserves the right to supplement its response to this interrogatory as it discovers additional prior art and once the Court has construed the asserted claims. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents concerning knowledge or use by others of any inventions in the asserted claims of the patents-in-suit.

## REQUEST NO. 36:

All documents that refer or relate to the making or use in this or another country of any invention disclosed, described or claimed in the patents-in-suit, by one who had not

abandoned, suppressed or concealed it, that render any of the patents-in-suit invalid or unenforceable.

**RESPONSE TO REQUEST NO. 36:**

      Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery concerning claims that have not been asserted. Further, Fairchild objects that despite Fairchild's discovery requests Power Integrations has not provided the date of invention for each of the patents and, thus, Fairchild cannot identify what constitutes prior art pursuant to 35 U.S.C. §§ 102(a), (e), or (g). Once Power Integrations identifies the dates of invention for each patent-in-suit, Fairchild will produce additional art, if appropriate. Finally, Fairchild objects that the request is premature. Discovery is just beginning and Fairchild has yet to develop its invalidity contentions. Fairchild specifically reserves the right to supplement its response to this interrogatory as it discovers additional prior art and once the Court has construed the asserted claims. Subject to the foregoing general and specific objections, Fairchild responds as follows:

      After a reasonable search, Fairchild shall produce non-privileged, responsive documents concerning the making or use in this or another country of any invention disclosed, described or claimed in the asserted claims of the patents-in-suit by one who had not abandoned, suppressed or concealed it, that render any of the patents-in-suit invalid or unenforceable.

**REQUEST NO. 37:**

      All documents that Fairchild believes either alone or in combination anticipate or render obvious or in any other way render any of the patents-in-suit invalid or unenforceable.

**RESPONSE TO REQUEST NO. 37:**

      Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery concerning claims that have not been asserted. Further, Fairchild objects that despite Fairchild's discovery requests Power Integrations has not provided the date of invention for each of the patents and, thus, Fairchild cannot identify what constitutes

prior art pursuant to 35 U.S.C. §§ 102(a), (e), or (g).  Once Power Integrations identifies the

dates of invention for each patent-in-suit, Fairchild will produce additional art, if appropriate.

Finally, Fairchild objects that the request is premature.  Discovery is just beginning and Fairchild

has yet to develop its invalidity contentions.  Fairchild specifically reserves the right to

supplement its response to this interrogatory as it discovers additional prior art and once the

Court has construed the asserted claims.  Subject to the foregoing general and specific

objections, Fairchild responds as follows:

   After a reasonable search, Fairchild shall produce non-privileged, responsive prior

art that alone or in combination invalidates any of the asserted claims of the patents-in-suit.


**REQUEST NO. 38:**

   All documents that refer or relate to any prior art reference or potential prior art

reference located, reviewed by, or cited to you during any study or search of domestic or foreign

patents, literature or other published materials relating in any manner to any of the patents-in-

suit, including without limitation any study, search or analysis to determine the patentability, the

validity, enforceability or enforceable scope of any of the claims of any of the patents-in-suit.

**RESPONSE TO REQUEST NO. 38:**

   Fairchild objects to the extent the request calls for information protected by the

attorney client and/or work product privilege.  Fairchild objects that the request is overbroad,

unduly burdensome, and not calculated to lead to the discovery concerning claims that have not

been asserted and by what is meant by "relating in any manner."  Further, Fairchild objects that

despite Fairchild's discovery requests Power Integrations has not provided the date of invention

for each of the patents and, thus, Fairchild cannot identify what constitutes prior art pursuant to

35 U.S.C. §§ 102(a), (e), or (g).  Once Power Integrations identifies the dates of invention for

each patent-in-suit, Fairchild will produce additional art, if appropriate.  Finally, Fairchild

objects that the request is premature.  Discovery is just beginning and Fairchild has yet to

develop its invalidity contentions.  Fairchild specifically reserves the right to supplement its

response to this interrogatory as it discovers additional prior art and once the Court has construed

RESPONSES TO FIRST SET OF
DOCUMENT REQUESTS NOS. 1-72
C.A. No. 04-1371-JJF

the asserted claims.  Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents concerning prior art to the asserted claims of the patents-in-suit.

**REQUEST NO. 39:**

All documents, including without limitation articles and internal technical memoranda authored by you that relate to the subject matter described, disclosed or claimed in any of the patents-in-suit.

**RESPONSE TO REQUEST NO. 39:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege.  Fairchild objects that the request is vague and ambiguous and overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly with respect to what is meant by "subject matter described [or] disclosed" in the patents-in-suit.  Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the subject matter claimed in the patents-in-suit authored by Fairchild.

**REQUEST NO. 40:**

All patents and patent applications (and related prosecution histories) owned, licensed or controlled by Fairchild, from any jurisdiction, that refer or relate to the Accused Products or the method and/or process of using any Accused Product or products containing same.

**RESPONSE TO REQUEST NO. 40:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege.  Fairchild objects that the request is vague and

- 27 -

ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly with respect to what is meant by "refer or relate" to the Accused Products and "controlled." Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive patents and patent applications in its possession, custody or control owned by Fairchild concerning the Accused Products and patents in its possession, custody or control licensed by Fairchild identifying the Accused Products.

## REQUEST NO. 41:

All documents referring or relating to when and how Fairchild first became aware of any of the patents-in-suit.

## RESPONSE TO REQUEST NO. 41:

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning when and how Fairchild first became aware of the patents-in-suit.

## REQUEST NO. 42:

All documents that relate or refer to any communication between Fairchild and any other person regarding any of the patents-in-suit or this litigation, including without limitation any reports, statements or analyses by third parties.

## RESPONSE TO REQUEST NO. 42:

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Subject to the foregoing general and specific objections, Fairchild responds as follows:

RESPONSES TO FIRST SET OF
DOCUMENT REQUESTS NOS. 1-72
C.A. No. 04-1371-JJF

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning communications to which Fairchild is a party concerning the patents-in-suit or this litigation.

**REQUEST NO. 43:**

All documents referring or relating to any consideration given by Fairchild to any possible liability for patent infringement should Fairchild commence or continue to make, use, distribute or sell the Accused Products or products containing same, including without limitation any internal notes or memoranda.

**RESPONSE TO REQUEST NO. 43:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it purports to relate to patents and claims not asserted in this action. The request is also vague and ambiguous, particularly with respect to what is meant by "any consideration given by Fairchild to any possible liability for patent infringement." Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning any consideration given by Fairchild to liability for infringement of the asserted claims of the patents-in-suit should Fairchild commence or continue to make, use, distribute or sell the Accused Products or products containing same.

**REQUEST NO. 44:**

All documents referring or relating to any patentability or prior art investigations, search, study, or evaluation, review, monitoring, testing, of any of the patents-in-suit, including, but not limited to, documents relating to whether any Accused Product does or does not infringe any claim of any of the patents-in-suit either literally or by equivalents.

**RESPONSE TO REQUEST NO. 44:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to seek documents concerning claims of the patents-in-suit that are not asserted. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning any investigation of whether the Accused Products infringe any asserted claim of the patents-in-suit.

**REQUEST NO. 45:**

All documents that refer or relate to, or support, any affirmative defense(s) that Fairchild intends to assert, including but not limited to non-infringement and invalidity.

**RESPONSE TO REQUEST NO. 45:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to seek documents concerning defenses that are not presently asserted. Finally, Fairchild objects that the request is vague and ambiguous, particularly to the extent that it suggests that "non-infringement and invalidity" are affirmative defenses. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning its affirmative defenses in this action.

**REQUEST NO. 46:**

Documents sufficient to describe Fairchild's document retention, management, and/or destruction policies, including those with respect to e-mail, from 1998 - present.

**RESPONSE TO REQUEST NO. 46:**

        Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to seek documents "from 1998 – present." Three of the four patents in suit had not even issued in 1998. Subject to the foregoing general and specific objections, Fairchild responds as follows:

        After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control to show its document retention policies.

**REQUEST NO. 47:**

        To the extent not produced in response to a previous request, all documents, including communications between Fairchild and other persons, which refer to Power Integrations or any Power Integrations product.

**RESPONSE TO REQUEST NO. 47:**

        Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it calls for communications unrelated to the patents-in-suit or those Power Integrations products that allegedly practice the patents-in-suit. Subject to the foregoing general and specific objections, Fairchild responds as follows:

        After a reasonable search, Fairchild shall produce non-privileged, responsive communications in its possession, custody or control to which Fairchild is a party concerning Power Integrations or any Power Integrations product that allegedly practices the claims of the patents-in-suit.

**REQUEST NO. 48:**

        To the extent not produced in response to previous requests, all documents referring or relating to the design, development, testing, simulation, or operation of the Accused

- 31 -

Products, including components thereof, and including without limitation complete laboratory notebooks, schematics, engineering specifications, CAD files, and simulation files in both hardcopy and electronic format.

**RESPONSE TO REQUEST NO. 48:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to call for documents in both electronic and hardcopy format. Pursuant to the parties' agreement, Fairchild will produce electronic documents in .TIFF format. The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it calls for documents concerning portions of the Accused Devices not at issue. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the design, development, testing, simulation, or operation of the Accused Products.

**REQUEST NO. 49:**

To the extent not produced in response to previous requests, all documents referring, relating to, or constituting any communications between, among, or within Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, or any worldwide sales agents acting on behalf of Fairchild, regarding any of the Accused Products, including without limitation electronic mail in both hardcopy and electronic format.

**RESPONSE TO REQUEST NO. 49:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to call for documents in both electronic and hardcopy

format. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to call for documents concerning "worldwide sales agents." Pursuant to the parties' agreement, Fairchild will produce electronic documents in .TIFF format. The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it calls for documents concerning portions of the Accused Devices not at issue. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive communications in its possession, custody or control to which Fairchild is a party concerning the Accused Products.

## REQUEST NO. 50:

All documents referring or relating to any relationship between Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation and any worldwide sales agents acting on behalf of Fairchild, including without limitation any agreements, contracts, and/or licenses.

## RESPONSE TO REQUEST NO. 50:

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to call for documents concerning the sale of non-accused products. Fairchild objects that the request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks documents concerning sales agents outside of the United States. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the relationship between Fairchild and worldwide sales agents that sell the Accused Products.

**REQUEST NO. 51:**

All documents referring to, relating to, or comprising any license entered into or proposed by Fairchild to obtain rights to make, use or sell the Accused Products or products containing same.

**RESPONSE TO REQUEST NO. 51:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to call for proposed licenses and licenses not related to the accused elements of the Fairchild devices. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning patent licenses covering the Accused Products and products containing same.


**REQUEST NO. 52:**

All documents referring to, relating to, or comprising any contract or agreement by Fairchild to take a license to make, use or sell any of the Accused Products or products containing same.

**RESPONSE TO REQUEST NO. 52:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. The request is also vague and ambiguous, particularly with respect to what is meant by "any contract or agreement by Fairchild to take a license." Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning any contract or agreement by Fairchild to take a license identifying the Accused Products and products containing same.

**REQUEST NO. 53:**

All documents referring to, relating to or comprising any decision by Fairchild to issue a license to any person for rights to any of the Accused Products or products containing same.

**RESPONSE TO REQUEST NO. 53:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning a decision by Fairchild to license rights to the Accused Products and products containing same.

**REQUEST NO. 54:**

All documents referring to, relating to or comprising any request by any person for a license from Fairchild for any of the Accused Products or products containing same.

**RESPONSE TO REQUEST NO. 54:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. The request is also vague and ambiguous, particularly with respect to what is meant by "license... for any of the Accused Products or products containing same." Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning requests by others to Fairchild for a license identifying the Accused Products and products containing same.

**REQUEST NO. 55:**

All documents referring or relating to any negotiations for a license under any Fairchild patent or patent application relating to the Accused Products.

**RESPONSE TO REQUEST NO. 55:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning negotiations for a license to a Fairchild patent or patent application identifying the Accused Products.

**REQUEST NO. 56:**

All documents that refer or relate to the importation into the United States, of all Accused Products.

**RESPONSE TO REQUEST NO. 56:**

Subject to the foregoing general objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning the importation into the United States of the Accused Products.

**REQUEST NO. 57:**

All Power Integrations products, marketing materials, brochures, product literature, application notes, package inserts, research and development materials, training materials, manuals, or other instructional documents or materials in your possession, custody, or control.

**RESPONSE TO REQUEST NO. 57:**

Fairchild objects that the request is overbroad, unduly burdensome, and not

calculated to lead to the discovery of relevant information, particularly to the extent that it relates to Power Integrations products and documents not at issue in this case. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning Power Integrations products that allegedly practice the asserted claims of the patents-in-suit.

**REQUEST NO. 58:**

All documents in Fairchild's possession that refer or relate to any Power Integrations product, including without limitation marketing materials, brochures, drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, memoranda, test results, and the source of and the manner in which you obtained the information.

**RESPONSE TO REQUEST NO. 58:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it relates to Power Integrations products and documents not at issue in this case. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning Power Integrations products that allegedly practice the asserted claims of the patents-in-suit.

**REQUEST NO. 59:**

All documents that refer or relate to the extent to which you have relied upon, referred to, or otherwise used each item or information identified in response to Request for Production No. 58 in the conduct of your business, including without limitation, in designing, manufacturing, testing, advertising, marketing, promoting, and/or selling the Accused Products,

training others to use the Accused Products, and/or comparing the Accused Products to any product provided by Power Integrations.

**RESPONSE TO REQUEST NO. 59:**

        Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information.  Fairchild objects that the request is vague and ambiguous, particularly with respect to what is meant by "otherwise used."  Subject to the foregoing general and specific objections, Fairchild responds as follows:

        After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning Fairchild's reliance or use of any documents concerning Power Integrations products that allegedly practice the asserted claims of the patents-in-suit.

**REQUEST NO. 60:**

        To the extent not produced in response to the preceding Request, all documents that refer or relate to your efforts to cease importing the Accused Products into the United States.

**RESPONSE TO REQUEST NO. 60:**

        Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege.  Subject to the foregoing general and specific objections, Fairchild responds as follows:

        After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning efforts to cease importing the Accused Products into the United States.

**REQUEST NO. 61:**

        All documents that refer or relate to any entities authorized or licensed to make, use, import into the United States, distribute, and/or sell the Accused Products, including without limitation all sales and distribution agreements, purchase orders and invoices.

**RESPONSE TO REQUEST NO. 61:**

Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning sales and distribution agreements with entities authorized or licensed to make, use, import, distribute, or sell the Accused Products in the United States.

**REQUEST NO. 62:**

All documents that refer or relate to diagrams and cross sections sufficient to fully describe device structure of all the high voltage devices in the Accused Products, including without limitation any documents referring or relating to the process steps, and Scanning Electron Microscope images sufficient to show all the layers of the device structure.

**RESPONSE TO REQUEST NO. 62:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is vague and ambiguous, particularly with respect to what is meant by "fully describe" and "process stops." Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control describing the device structure of the Accused Products that are high voltage devices.

**REQUEST NO. 63:**

A complete set of schematics for each Accused Product, including without limitation schematics sufficient to disclose the structure of "frequency modulation" circuits and "internal soft start" circuits as those terms are used in Fairchild's literature.

**RESPONSE TO REQUEST NO. 63:**

Subject to the foregoing general objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive schematics in its possession, custody or control concerning the Accused Products.


**REQUEST NO. 64:**

All documents that refer or relate to communication with field sales personnel, whether employed by Fairchild or otherwise, including without limitation communications reflecting customers for the Accused Products, identification of projects or products incorporating or using the Accused Products, expected volume of sales for the Accused Products, and pricing of the Accused Products.

**RESPONSE TO REQUEST NO. 64:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege.  Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to call for all communications with any field sales personnel.  Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning communications between Fairchild and field sales personnel concerning the Accused Products.


**REQUEST NO. 65:**

All documents that refer or relate to communication with a third party, including without limitation communications reflecting customers for the Accused Products, identification of projects or products incorporating or using the Accused Products, expected volume of sales for the Accused Products, and pricing of the Accused Products.

**RESPONSE TO REQUEST NO. 65:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. The request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to call for all communications with any third party. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning communications with third parties concerning customers of, projects incorporating, expected sales of, or pricing of the Accused Products.

**REQUEST NO. 66:**

All documents that refer or relate to communication with field sales agents, distributors, and representatives of field sales agents and distributors acting on behalf of Fairchild, including without limitation communications reflecting customers for the Accused Products, identification of projects or products incorporating or using the Accused Products, expected volume of sales for the Accused Products, and pricing of the Accused Products.

**RESPONSE TO REQUEST NO. 66:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to call for all communications with any field sales agent, distributor and their representative. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning communications with sales agents, distributors, and their representatives acting on behalf of Fairchild concerning customers of, projects incorporating, expected sales of, or pricing of the Accused Products.

**REQUEST NO. 67:**

    All documents that refer or relate to reports from field sales agents, distributors, and representatives of field sales agents and distributors acting on behalf of Fairchild, including without limitation point of sale reports, any reports identifying a third party end user for the Accused Products, third party end user applications for the Accused Products, and third party end user projects or products either currently using or planning to use the Accused Products.

**RESPONSE TO REQUEST NO. 67:**

    Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that is calls for documents concerning all reports from field sales agents, distributors, and their representatives. Subject to the foregoing general and specific objections, Fairchild responds as follows:

    After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning reports from sales agents, distributors, and their representatives acting on behalf of Fairchild concerning point of sale of the Accused Products or identifying third party end users of, applications for, or projects involving the Accused Products.

**REQUEST NO. 68:**

    All documents that refer or relate to any communications with a third party to whom Fairchild has provided application notes for the Accused Products, including without limitation the identity of the third parties, and copies of the application notes that were provided to the third parties.

**RESPONSE TO REQUEST NO. 68:**

    Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad,

unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it calls for all documents concerning communications unrelated to the Accused Products. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning communications with a third party in which Fairchild provided application notes for the Accused Products.

**REQUEST NO. 69:**

All documents that refer or relate to any communications with a third party to whom Fairchild has provided reference designs, or demonstration boards for the Accused Products, including without limitation the identity of the third parties, and the reference designs, and demonstration boards that were provided to a third party for each of the Accused Products.

**RESPONSE TO REQUEST NO. 69:**

Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it calls for all documents concerning communications unrelated to the Accused Products. Subject to the foregoing general and specific objections, Fairchild responds as follows:

After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning communications with a third party in which Fairchild provided reference designs or demonstration boards for the Accused Products.

**REQUEST NO. 70:**

All documents that refer or relate to receiving a request for samples of the Accused Products, and providing samples of the Accused Products, including without limitation requests received through the internet or otherwise and samples provided in response to such

requests.

**RESPONSE TO REQUEST NO. 70:**

        Fairchild objects to the extent the request calls for information protected by the attorney client and/or work product privilege. Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it calls for all documents concerning communications unrelated to the Accused Products or samples outside of the United States. Subject to the foregoing general and specific objections, Fairchild responds as follows:

        After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning requests for samples of the Accused Products.

**REQUEST NO. 71:**

        Documents sufficient to show the quantity by month or quarter and in total, of each of the Accused Products made, or sold by Fairchild from 1998 to the present.

**RESPONSE TO REQUEST NO. 71:**

        Fairchild objects that the request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it seeks information for each accused product "from 1998." Three of the four patents in suit had not even issued in 1998. Further, since Power Integrations concedes that it did not provide Fairchild with actual notice of its infringement allegations and since Power Integrations did not otherwise comply with the notice requirements of 35 U.S.C. § 287(a), activities prior to the filing of the complaint are not relevant. The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks documents concerning sales outside of the United States. Subject to the foregoing general and specific objections, Fairchild responds as follows:

        After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control to show sales since October 20, 2004 of the

Accused Products.

**REQUEST NO. 72:**

        All documents that refer or relate to any comparison between the pricing of the Accused Products and the Power Integrations products, including without limitation communications reflecting pricing information of Power Integrations products received from a third party, and any comparison between the pricing of the Accused Products and the Power Integrations products that were provided to a third party.

**RESPONSE TO REQUEST NO. 72:**

        The request is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it seeks pricing information for sales outside of the United States. The request is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it concerns Power Integrations devices that are not alleged to practice the patents-in-suit. Subject to the foregoing general and specific objections, Fairchild responds as follows:

        After a reasonable search, Fairchild shall produce non-privileged, responsive documents in its possession, custody or control concerning comparisons between the pricing of the Accused Products and Power Integrations products alleged to practice the patents-in-suit.

Dated: March 7, 2005

ORRICK, HERRINGTON & SUTCLIFFE LLP

*Bas de Blank*

Bas de Blank (Cal. Bar No. 191487)
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

ASHBY & GEDDES
Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and FAIRCHILD
SEMICONDUCTOR CORPORATION