C

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Gina M Steele
(650) 839-5027

Email
steele@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE & MAIL**

April 21, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    Power Integrations Inc. v. Fairchild Semiconductor International
       USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Mr. de Blank:

I am writing in regards to Fairchild's discovery responses dated March 7, 2005 and the documents Fairchild has produced. We have reviewed your responses and the documents, and have a number of concerns about them that we would like to discuss with you. We hope that the parties can resolve these issues without involving the court.

**Document Production**

First, thank you for producing the two boxes of documents we have received. In reviewing the boxes, however, we noted that you have not yet produced any internal Fairchild documents, including without limitation, the schematics for the Accused Products. In Document Request No. 63, we specifically requested that Fairchild produce "a complete set of schematics for each Accused Product." Fairchild responded that it would produce "responsive schematics in its possession, custody or control concerning the Accused Products." Please provide us with the date that you will produce the schematics, and the other documents requested in our Document Requests.

**Fairchild's Objections to the Definition of Accused Product(s)**

In General Objection No. 7 to the Interrogatories and General Objection No. 12 to the Document Requests, Fairchild objects to Power Integrations' definition of Accused Product(s) to the extent it purports to include devices not sold in the United States and products that have never been offered for sale. Additionally, in Fairchild's General Objection No. 6 to the Document Requests and in response to Interrogatories Nos. 3, 7, 8, 9, 10 and 13 and Document Requests Nos. 8, 9, 11 12, 14, 16, 17, 18, 19, 20, 24, 25 and 26, Fairchild objects that the interrogatory or document request is overbroad to the extent that it purports to seek information concerning activities outside of the United States, such as, manufacturing, sales, offers for sale and uses by third parties.

FISH & RICHARDSON P.C.

Bas de Blank
April 21, 2005
Page 2

Fairchild, however, may be liable for any infringing product or component of an infringing product that is manufactured, sold, offered for sale, or imported into the United States. Therefore, requests for information about products or components of products that might be offered for sale, sold or imported into the United States at a later time is calculated to lead to the discovery of relevant information. Therefore, please confirm that you will produce the requested information.

Fairchild further objects to Power Integrations' definition of Accused Product(s) to the extent it purports to include products that are neither manufactured nor sold by Fairchild. Additionally, in response to Interrogatory No. 3, Fairchild objects to the extent that the interrogatory purports to call for information about third parties using Fairchild devices. As discussed above, Fairchild may be liable for third parties using or selling Fairchild's components in infringing devices, and therefore requests for this information are calculated to lead to the discovery of relevant information. Please confirm that you will produce information Fairchild has about products manufactured, sold or used by third parties that incorporate the Accused Product(s).

In General Objection No. 9 to the Interrogatories and General Objection No. 14 to the Document Requests, Fairchild objects to Power Integrations' definition of "product containing same" and "downstream product(s)" to the extent those terms include the objectionable definition of "Accused Product(s)." For the reasons discussed above, please confirm that you will not withhold any information based on these objections.

**Fairchild's Objections based on 35 U.S.C. § 278(a)**

In General Objection No. 3 to the Document Requests, Fairchild objects that the requests are overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent they purport to seek documents concerning activities prior to the filing of the complaint. Fairchild also states that Power Integrations concedes that it did not provide Fairchild with actual notice of its infringement allegations prior to the filing of the complaint, and that Power Integrations did not otherwise comply with the notice requirements of 35 U.S.C. § 278(a) prior to filing the complaint. Additionally, in response to Interrogatories Nos. 6, 8, 9 and 10 and Document Requests 8, 9, 10, 13, 14, 21, 22, 31 and 71, Fairchild objects to the extent that the interrogatory or request seeks information for each Accused Product "from 1998" for this reason and states that it will only provide information about or produce documents relating to activities since October 20, 2004.

First, Power Integrations does not concede that it did not provide Fairchild with notice of its infringement allegations prior to the filing of the complaint. Further, whether Power Integrations complied with the notice requirements of 35 U.S.C. § 278(a) prior to the filing of the complaint is a legal issue that will be decided by the court. Therefore, any information about Fairchild's activities that relate to the

FISH & RICHARDSON P.C.

Bas de Blank
April 21, 2005
Page 3

patents-in-suit are relevant prior to the time of the filing of the complaint. Please confirm that you will supplement your responses to these interrogatories and provide documents relating to the requested information since "1998."

**Other Objections and Responses to the Interrogatories and Document Requests**

In General Objection No. 10 to the Interrogatories and General Objection No. 15 to the Document Requests, Fairchild objects to Power Integrations' various definitions of "identify." Please verify that you will not withhold any information on the basis of this objection.

In response to Interrogatories Nos. 1, 2, 3, 4 and Document Requests Nos. 43 and 44, Fairchild objects to the extent the interrogatory or document request purports to request information relating to patent claims not currently asserted by Power Integrations. Because we are currently in the early stages of the litigation and Power Integrations does not have access to all of the relevant information about Fairchild's products, information about patent claims that are currently not at issue in the case are calculated to lead to the discovery of relevant information. Therefore, please supplement your responses and confirm that you will not withhold any information on the basis of these objections.

In response to Interrogatory No. 3, Fairchild only provides a claim chart for Fairchild's FSD210 product, yet asserts that this product is not representative of the Accused Products. Please explain how the FSD210 differs from the other Accused Products and produce documents sufficient to show any alleged differences relevant to the accused structures and functions. Please confirm that you will be providing claim charts for all the Accused Product(s).

In response to Interrogatory No. 5, Fairchild objects to the use of the term "notice" as vague and ambiguous, and defines that term as meaning "when Fairchild received notice from Power Integrations." In using the term "notice" in this interrogatory, Power Integrations meant to use the ordinary meaning of the word notice, i.e., knowledge of the patents regardless of how it was obtained. Please supplement your response to Interrogatory No. 5 to reflect this definition of "notice."

In response to Document Request No. 51, Fairchild objects to the extent that the request purports to call for proposed licenses and licenses not related to the accused elements of the Fairchild devices. Because the rates paid by Fairchild for other patents comparable to the patent-in-suit and the value of the elements of the Accused Products not covered by Power Integrations' patents are relevant to the damages, please confirm that you will not withhold any information based on this objection.

FISH & RICHARDSON P.C.

Bas de Blank
April 21, 2005
Page 4

In response to Document Requests Nos. 52, 54 and 55, Fairchild states that it will only provide documents relating to licenses that specifically identify the Accused Product(s) or for patents that specifically identify the Accused Product(s). Fairchild, however, cannot limit its production to only those documents which specifically identify the Accused Product(s). Licenses for the technology involved in the Accused Products are relevant regardless of whether the license or the patent involved in the license specifically identifies the Accused Product(s). Additionally, as discussed above, licenses for products comparable to the Accused Product(s) are relevant to damages. Therefore, please confirm that you will provide the requested documents relating to licenses.

Throughout the responses to the Interrogatories and the Document Requests, Fairchild objects to the use of various terms as vague and ambiguous. Please confirm that you will not withhold any information on the bases of these objections.

Finally, Power Integrations reserves the right to review the documents produced in response to the Document Requests, and to the extent that we are unable to work out an agreement, move to compel any documents that we have requested, but did not receive.

I would appreciate the opportunity to discuss these matters with you as soon as possible. Please contact me at (650) 389-5027 to arrange a meeting.

Very truly yours,

Gina M. Steele

/vfl

cc:    Hopkins Guy, Orrick, Herrington & Sutcliffe LLP
       John G. Day, Ashby & Geddes

50269176.doc

D



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

*tel* 650-614-7400
*fax* 650-614-7401

WWW.ORRICK.COM

May 31, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND FEDERAL EXPRESS*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Gina:

This letter is to memorialize our discussions of May 23 and 25, 2005 concerning the deficiencies in Power Integrations' discovery responses. I believe we were able to resolve a number of issues but please let me know at once if you disagree with any part of this letter.

First, Power Integrations agreed to supplement all of the interrogatory responses in which Power Integrations relied upon the production of documents pursuant to Federal Rule of Civil Procedure 33(d). For each such response, Power Integrations will identify the specific Bates numbers of the documents upon which it is relying. Since you indicated that Power Integrations will complete its document productions by the end of May, we assume that Power Integrations will identify the responsive Bates numbers in the first week of June, 2005. Should Power Integrations determine in the future that additional documents are also responsive to any of these interrogatories, Power Integrations will supplement the interrogatory response without delay to identify those additional documents. In reliance upon this agreement, we will not move to compel Power Integrations to identify the Bates numbers of the allegedly responsive documents at this time. We reserve our right to object, however, if the identified documents do not adequately respond to the interrogatories or if Power Integrations' supplementation is not timely.

Second, Power Integrations will supplement their response to Interrogatory No. 8 to state that Power Integrations is not aware of any evidence suggesting a date of conception or reduction to practice of any claim of the '075 patent prior to October, 1985.

Third, Power Integrations will supplement its response to Interrogatory No. 18 to state that Power Integrations did not mark any product with any of the numbers of the asserted patent prior to July 3, 2002, at which date Power Integrations included a statement on some of its datasheets and application notes that the described device may or may not be covered by patents listed on Power Integrations' web site. As you know, Fairchild believes that this does not satisfy the marking requirement of 35 U.S.C. § 287(a).



ORRICK

Gina M. Steele
May 31, 2005
Page 2

Fourth, we discussed the need for Power Integrations to supplement its infringement contentions in response to Interrogatory No. 1. Power Integrations has accused a wide range of different products of infringing each of the four asserted patents. For the large majority of these products, however, Power Integrations refuses to provide discovery concerning why it believes they allegedly infringe. Rather, Power Integrations has provided a single claim chart for each patent for an allegedly "representative" device -- the FSD210. Power Integrations, however, refuses to treat the FSD210 as representative and argues that the other accused devices may infringe regardless of whether the FSD210 infringes. As we explained, this is not acceptable. Either the FSD210 is representative -- and, thus, none of the accused devices infringe if the FSD210 does not infringe -- or the FSD210 is not representative -- in which case Fairchild is entitled to discovery as to why Power Integrations believes each accused device infringes each asserted claim of each patent. In a final effort to compromise, however, we will agree not to move to compel on this issue at this time if Power Integrations will agree that by June 30, 2005 Power Integrations will supplement its response to Interrogatory No. 1 by stating that the FSD210 is truly representative (in that if Fairchild proves that the FSD210 does not infringe then none of the accused devices infringe) or by providing separate claim charts for each accused device explaining in detail the basis of Power Integrations' infringement contentions. **Please let me know by 5:00 p.m. Wednesday, June 1, 2005, whether this is acceptable.**

Fifth, we discussed Power Integrations' response to Interrogatory No. 4, which sought Power Integrations' construction of the asserted claims. As we discussed, for some of the claim terms Power Integrations has provided a specific construction and what it believes to be the evidence supporting that construction. While we do not necessarily agree with these proposed constructions, we have at least received Power Integrations' position. For many terms, however, rather than provide a construction as requested by the Interrogatory, Power Integrations simply quoted passages from the patents' specifications. This is not responsive to the Interrogatory. Fairchild is entitled to know how Power Integrations construes those terms within the meaning of the quoted passages. If Power Integrations will not agree to provide such constructions by the end of this week, we will move to compel. **Please let me know by 5:00 p.m. Wednesday, June 1, 2005, whether Power Integration will comply with this request.**

We also discussed the need for Power Integrations to supplement its response to Interrogatory No. 4 to address those terms for which Fairchild offered a construction in its responses to Power Integrations' discovery request. Obviously, we are entitled to know whether or not Power Integrations agrees with our proposed construction. You refused to so supplement the response but agreed that Power Integrations would respond to a new interrogatory seeking this information. In the interest of efficiency, we will serve such an interrogatory rather than move to compel on this issue at this time.

Sixth, we discussed Power Integrations' response to Interrogatory No. 16, which sought the basis for Power Integrations' prayer for attorneys fees. In response, Power Integrations stated that it



ORRICK

Gina M. Steele
May 31, 2005
Page 3

should be entitled to attorneys fees because Fairchild's infringement is allegedly willful. When we sought additional information – namely, why Power Integrations believes Fairchild's alleged infringement to be willful – you stated that Power Integrations has not alleged willful infringement. Moreover, you stated that Power Integrations presently has no basis for any such accusation. Therefore, we requested that Power Integrations strike from its complaint its prayer for attorneys' fees. You agreed to consider this request and will respond to us shortly. We consider this to be a very important issue. While we believe that Power Integrations would not intentionally violate its Rule 11 obligations to have a good faith basis for its prayer for relief, we must insist that the complaint be corrected to reflect the damages that Power Integrations is seeking.

We also discussed Fairchild's responses to Power Integrations' discovery requests. While Fairchild has already provided discovery concerning its sales of the accused devices in the United States since the filing of the complaint, you requested that Fairchild also provide discovery concerning its sales of the accused devices for a period of six years prior to the filing of the complaint. As we explained, such discovery is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information given Power Integrations' admission that (i) Power Integrations failed to provide Fairchild with actual notice of Fairchild alleged infringement prior to the filing of the complaint and (ii) that rather than mark each product or packaging with the word "patent" or "pat." and the patent number as required by the statute, Power Integrations merely included a reference that the described device may – or may not – be covered by one or more of Power Integrations' patents within its portfolio. Since Power Integrations has failed to provide adequate actual or constructive notice of its patents, Power Integrations cannot recover damages prior to the filing of the complaint and any such discovery is unwarranted.

Further, you requested that Fairchild provide discovery concerning devices manufactured and sold abroad. As we explained, Fairchild has and will continue to provide discovery concerning any accused device that Fairchild has imported or sold in the United States. In addition, we will continue to provide discovery about foreign sales to the extent that Fairchild knows that those devices will be imported into the United States. We will not, however, go through the extreme burden of providing discovery concerning sales and customers outside of the United States since such activity is clearly beyond the scope of Power Integrations' U.S. patents.

Finally, both parties acknowledged that they may supplement their discovery responses prior to June 30, 2005.

DOCSSV1:408908.1



# ORRICK

Gina M. Steele
May 31, 2005
Page 4

      If this letter does not reflect your understanding, please let me know immediately.  Should you have any questions, please do not hesitate to call.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Michael J. Kane
       Howard G. Pollack

E

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Gina M Steele
(650) 839-5027

Email
steele@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE & MAIL**

June 1, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    Power Integrations Inc. v. Fairchild Semiconductor International
       USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Bas:

I am writing in response to your May 31, 2005 letter and to summarize our telephone conferences on Monday, May 23, 2005 and March 25, 2005 in which we discussed the outstanding discovery issues.

As we discussed and you have stated in your letter, you are only willing to provide us with information regarding communications with customers, manufacturing, sales, uses and offers for sales of accused products for which, according to Fairchild's own unilateral determination, it "knew" would result in sales in the United States. Additionally, you are unwilling to provide us with any sales information prior to the date of the complaint, October 20, 2004, despite Power Integrations' providing information about its patents in its product literature and on its website since on or about July 3, 2002. Again, Fairchild is withholding discovery concerning the accused parts based on its own unilateral legal determination of the issue of marking. In view of Fairchild's unwillingness to alter these positions, Power Integrations will seek relief from the Court compelling further discovery on the accused products.

With regard to your request for Bates numbers of the documents we identified under Rule 33(d) in response to your interrogatories, we are willing to provide you with a non-exhaustive list of Bates numbers that will provide the relevant documents for each interrogatory response provided, of course, that Fairchild agrees to do the same for those interrogatory response for which it relied upon Rule 33(d). We are currently working on locating the Bates numbers for these documents and will get those to you very soon. Again, as I stated in our telephone conference and in my earlier letter, we are providing you with documents that provide the information to respond to your request; however, we will not agree that this is an exhaustive list or that these will be the only documents on which we will rely.

With regard to your request for further information regarding our infringement allegations, Power Integrations states that, at the time of our responses, we considered

FISH & RICHARDSON P.C.

Bas de Blank
June 1, 2005
Page 2

the description of the FSD210 product in our claim chart attached as Exhibit A to our interrogatory responses to be representative of our infringement allegations regarding all of Fairchild's Accused Products. We determined that the FSD210 product appeared representative of the other Fairchild Accused Products based primarily on the descriptions of the features related to the patents-in-suit in Fairchild's datasheets. Power Integrations will supplement its infringement allegations after we have reviewed the documents Fairchild has produced, and will not be limited in our case to the responses that we provided to you before we received any Fairchild internal documents. We will agree to supplement our interrogatory responses by June 30, 2005 with claim charts for all Fairchild products for which we have received schematics

In response to your request for further claim construction contentions, we believe the detailed claim chart attached as Exhibit A to our interrogatory responses fully and adequately responds to your interrogatory. However, in the spirit of cooperation, we will supplement our responses as you requested when we respond to your recent interrogatory regarding our claim constructions. Further, as both parties expressly stated in their respective responses, Power Integrations reserves the right to supplement its claim construction contentions in view of further discovery in this case.

In response to your request for more information regarding the date of conception of the '075 patent, as we discussed in our phone conversation, Power Integrations states that it is not currently aware of any information showing that the date of conception of the '075 patent was prior to October 1985, other than the documents described in my May 16, 2005 letter that have been produced to you. We believe the statement in this letter provides an adequate response.

In response to your request for more information about the marking of Power Integrations' products, Power Integrations states that it currently puts a notice of its patents in its product literature and on its website and confirms that prior to on or around July 3, 2002, Power Integrations did not put such a notice in its materials. We believe this provides an adequate response.

With regard to the specific issues your raised in your May 19, 2005 letter concerning our latest document discovery, we have produced the documents in the ordinary course of business. As I explained in our phone conversation on May 23, 2005, documents numbered PIF16833-PIF16836 and PIF16840-16853 are tabs from binders that were produced in the order they appeared in the binders. We will provide you with the beginning and ending Bates numbers of those binders. Further, our Bates numbers and confidentiality designations are electronically placed on the documents in a manner that assures that they do not cover any document text. The documents you cited in your letter were from a limited number of hard copy documents that were

FISH & RICHARDSON P.C.

Bas de Blank
June 1, 2005
Page 3

scanned. We are checking the originals of the documents to ensure that we have produced the entire documents, and that nothing was cut off during the scanning process. Additionally, we have now produced the testimony of our employees and experts in the Power Integrations v. Motorola litigation, as you requested.

With regard to your question about electronic documents, we have now produced documents that were maintained by Power Integrations in electronic form and will be producing the rest tomorrow.

With regard to your request for us to amend the complaint, we will not amend the complaint to take out the prayer for relief at this time. As you know, there are circumstances other than willfulness that will give rise to an exceptional case allowing for attorneys' fees and damages.

Very truly yours,

Gina M Steele

/vfl

cc:     Steven J. Balick, Esq., Ashby & Geddes
        G. Hopkins Guy, III, Orrick, Herrington & Sutcliffe, LLP

50280819.doc