IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>        v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION,<br><br>    Defendants. | C.A. No. 04-1371-JJF |

## ANSWER

Plaintiff and Counter-defendant Power Integrations, Inc. ("Power Integrations") answers the allegations set forth in the Counterclaims of Defendants and Counterclaimants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively "Fairchild") (D.I. 8), as follows:

### ANSWER to First Counterclaim
### Declaratory Judgment of Non-Infringement

44.     Power Integrations admits that the Counterclaims purport to state a cause of action under Title 35 U.S.C. §§1 et seq., and that the Counterclaims purport to state a cause of action over which this court has subject matter jurisdiction under 28 USC §§ 1331, 1338(a), 2201, and 2202.  Power Integrations denies that Fairchild is entitled to any relief requested.

45.     Upon information and belief, Power Integrations admits the allegations of Paragraph 45 of the Counterclaims.

46.     Admitted.

47.    Power Integrations admits, for the purpose of this action only, that venue is proper in this judicial district.

48.    Admitted.

49.    Admitted.

50.    Power Integrations denies the allegations of paragraph 50 of the Counterclaims.

51.    Power Integrations denies the allegations of paragraph 51 of the Counterclaims.

52.    Power Integrations denies the allegations of paragraph 52 of the Counterclaims.

53.    Power Integrations admits that an actual controversy exists between Fairchild and Power Integrations as a result of Power Integration's first amended complaint with respect to the '851 Patent, the '876 Patent, the '366 patent, and/or the '075 Patent.

## ANSWER to Second Counterclaim:
### Declaratory Judgment of Invalidity of the '851 Patent

54.    Power Integrations incorporates by reference its responses to paragraphs 44-53, as if fully restated herein.

55.    Power Integrations denies the allegations of paragraph 55 of the Counterclaims.

56.    Power Integrations admits that an actual controversy exists between Fairchild and Power Integrations as a result of Power Integration's first amended complaint with respect to the '851 Patent.

## ANSWER to Third Counterclaim
### Declaratory Judgment of Invalidity of the '876 Patent

57.    Power Integrations incorporates by reference its responses to paragraphs 44-53, as if fully restated herein.

58.    Power Integrations denies the allegations of paragraph 58 of the Counterclaims.

59.    Power Integrations admits that an actual controversy exists between Fairchild and Power Integrations as a result of Power Integration's first amended complaint with respect to the '876 Patent.

## ANSWER to Fourth Counterclaim
### Declaratory Judgment of Invalidity of the '366 Patent

60.    Power Integrations incorporates by reference its responses to paragraphs 44-53, as if fully restated herein.

61.    Power Integrations denies the allegations of paragraph 61 of the Counterclaims.

62.    Power Integrations admits that an actual controversy exists between Fairchild and Power Integrations as a result of Power Integration's first amended complaint with respect to the '366 Patent.

## ANSWER to Fifth Counterclaim
### Declaratory Judgment of Invalidity of the '075 Patent

63.    Power Integrations incorporates by reference its responses to paragraphs 44-53, as if fully restated herein.

64.    Power Integrations denies the allegations of paragraph 64 of the Counterclaims.

65.    Power Integrations admits that an actual controversy exists between Fairchild and Power Integrations as a result of Power Integration's first amended complaint with respect to the '075 Patent.

## ANSWER to Sixth Counterclaim
## Declaratory Judgment of Unenforceability of the '366 Patent

66.    Power Integrations incorporates by reference its responses to paragraphs 44-53, as if fully restated herein.

67.    Power Integrations denies the allegations of paragraph 67 of the Counterclaims.

68.    Power Integrations denies that it failed to disclose any prior art that was material to the patentability of the claims of the '366 patent, and that Power Integrations knew or should have known would have been important to a reasonable examiner. Power Integrations further denies that any devices designed, manufactured, offered for sale, or sold by Power Integrations more than a year before the application leading to the '366 patent was filed anticipate or render obvious any claim of the '366 patent. Power Integrations states that all devices it designed, manufactured, offered for sale, or sold more than a year before the application leading to the '366 patent was filed speak for themselves. Power Integrations denies all characterization of these references and their materiality, express or implied.

69.    Power Integrations admits that an actual controversy exists between Fairchild and Power Integrations as a result of Power Integration's first amended complaint with respect to the '366 Patent.

## Power Integrations' TOP100-4
## TOPSwitch® Datasheets and Family of Devices

70.     Power Integrations admits that the TOP100-4 TOPSwitch® family of devices was offered for sale and sold by Power Integrations at least as early as May 18, 1997. Power Integrations states that the TOP100-4 TOPSwitch® family of devices and the datasheets describing the TOP100-4 TOPSwitch® family of devices speak for themselves, and denies all characterizations of the references and their materiality, express or implied.

71.     Power Integrations states that the TOP100-4 TOPSwitch® family of devices and the datasheets describing the TOP100-4 TOPSwitch® family of devices speak for themselves, and denies all characterizations of the references and their materiality, express or implied. Power Integrations further states that the disclosure of the '366 patent speaks for itself and denies all characterization of the '366 disclosure, and specifically denies that Figure 1 of the TOP100-4 TOPSwitch® datasheet is identical to the invention of the '366 patent.

72.     Power Integrations admits that datasheets describing Power Integrations' TOP100-4 TOPSwitch® family of devices were not disclosed to the Patent Office. Power Integrations denies all other allegations in paragraph 72, including all characterizations of TOP100-4 TOPSwitch® family of devices and datasheets describing these devices and their materiality, express or implied.

## Power Integrations' TOP200-4/14
## TOPSwitch® Datasheets and Family of Devices

73.     Power Integrations denies having sold any devices that anticipate the claims of the '366 Patent more than a year before the application leading to the '366

Patent was filed.  Power Integrations further denies that the TOP200-4/14 family of

devices anticipate the claims of the '366 Patent.  Power Integrations admits publishing

the TOP200-4/14 datasheet at least as early as November 1994.  Power Integrations

admits offering for sale and selling the TOP200-4/14 family of devices more than a year

before filing the application leading to the '366 patent.

74.    Power Integrations states that the TOP200-4/14  TOPSwitch® family of

devices and the datasheets describing the TOP200-4/14  TOPSwitch® family of devices

speak for themselves, and denies any characterization of the references and their

materiality, express or implied.  Power Integrations further states that the disclosure of

the '366 patent speaks for itself and denies all characterization of the '366 disclosure, and

specifically denies that Figure 1 of the TOP200-4/14  TOPSwitch® datasheet is identical

to the invention of the '366 patent.

75.    Power Integrations admits datasheets describing the TOP200-4/14

TOPSwitch® family of devices were not disclosed to the Patent Office.  Power

Integrations denies all other allegations in paragraph 75, including all characterizations,

express or implied, of the TOP200-4/14 TOPSwitch® family of devices and datasheets

describing these devices and their materiality.

<b><u>Power Integrations' TOP221-227</u></b>
<b><u>TOPSwitch® Datasheets and Family of Devices</u></b>

76.    Admitted.

77.    Power Integrations denies all allegations of paragraph 77 of the

Counterclaims.

78.    Power Integrations states that the TOP221-227 datasheet speaks for itself,

and denies any characterization of the reference and its materiality, express or implied.

6

Power Integrations further states that the disclosure of the '366 patent speaks for itself and denies all characterization of the '366 disclosure, and specifically denies that Figure 1 of the TOP221-227 datasheet is identical to the invention of the '366 patent.

79.    Power Integrations admits that datasheets describing the TOP221-227 TOPSwitch®-II family of devices were not disclosed to the Patent Office. Power Integrations denies all other allegations in paragraph 79, including all characterizations, express or implied, of the TOP221-227 TOPSwitch®-II family of devices, datasheets describing these devices, and their materiality.

### Power Integrations' SMP260 Family of Devices and "Off-line Power Integrated circuit for International Rated 60-watt Power Supplies" article

80.    Admitted.

81.    Power Integrations admits that Richard A. Keller was employed by Power Integrations at the time of the Keller Article. Power Integrations states that the Keller Article speaks for itself and denies all characterizations of the article.

82.    Power Integrations denies the allegations of paragraph 82 of the Counterclaims.

83.    Admitted.

84.    Power Integrations denies the allegations of paragraph 84 of the Counterclaims.

### ANSWER to Seventh Counterclaim Declaratory Judgment of Unenforceability of the '851 Patent

85.    Power Integrations incorporates by reference its responses to paragraphs 44-53, as if fully restated herein.

86.    Power Integrations denies the allegations of paragraph 86 of the Counterclaims.

87.    Power Integrations denies that it failed to disclose any prior art that was material to the patentability of the claims of the '851 patent, and that Power Integrations knew or should have known would have been important to a reasonable examiner. Power Integrations further denies that any devices designed, manufactured, offered for sale, or sold by Power Integrations more than a year before the application leading to the '851 patent was filed anticipate or render obvious any claim of the '851 patent. Power Integrations further states that all devices it designed, manufactured, offered for sale, or sold more than a year before the application leading to the '851 patent was filed speak for themselves, and Power Integrations denies all characterizations of these references and their materiality, express or implied.

88.    Power Integrations admits that an actual controversy exists between Fairchild and Power Integrations as a result of Power Integration's first amended complaint with respect to the '851 Patent.

**Power Integrations' SMP402 Datasheets and Family of Devices**

89.    Power Integrations denies that the SMP402 family of devices is highly material to the patentability of the '851 Patent, would have been important to a reasonable examiner, would have established at least a case of prima facie obviousness, and anticipates the claims of the '851 Patent. Power Integrations admits it sold the SMP402 product by May 18, 1997, and published its datasheets on January, 1996. Power Integrations states that the product and datasheets speak for themselves and denies all characterizations of these references and their materiality, express or implied.

90.    Power Integrations denies the allegations of paragraph 90 of the Counterclaims.

91.    Power Integrations denies that it failed to disclose any prior art that was material to the patentability of the claims of the '851 patent, and that Power Integrations knew or should have known would have been important to a reasonable examiner. Power Integrations further denies that any devices designed, manufactured, offered for sale, or sold by Power Integrations more than a year before the application leading to the '851 patent was filed anticipate or render obvious any claim of the '851 patent. Power Integrations states that all devices it designed, manufactured, offered for sale, or sold more than a year before the application leading to the '851 patent was filed speak for themselves, and denies all characterization of these references and their materiality, express or implied.

## Power Integrations' SMP3 Family of Devices, Datasheets, and "Off-line PWM Switching Regulator IC Handles 3W" Article

92.    Power Integrations admits to having offered for sale and selling the SMP3 family of devices by May 18, 1997. Power Integrations admits to publishing datasheets describing the SMP3 family of devices by January, 1996. Power Integrations states that the SMP3 family of devices, datasheets, and the Goodenough Article speak for themselves and denies all characterizations of these references and their materially, express or implied.

93.    Power Integrations denies the allegations of paragraph 93 of the Counterclaims.

94.    Power Integrations denies the allegations of paragraph 94 of the Counterclaims.

95.    Power Integrations denies that it failed to disclose any prior art that was material to the patentability of the claims of the '851 patent, and that Power Integrations knew or should have known would have been important to a reasonable examiner. Power Integrations further denies that any devices designed, manufactured, offered for sale, or sold by Power Integrations more than a year before the application leading to the '851 patent was filed anticipate or render obvious any claim of the '851 patent. Power Integrations states that all devices it designed, manufactured, offered for sale, or sold more than a year before the application leading to the '851 patent was filed speak for themselves, and denies all characterizations of these references and their materiality, express or implied.

## Power Integrations' SMP260 Datasheets, Family of Devices and "Off-line Power Integrated Circuit for International Rated 60-watt Power Supplies" Article

96.    Admitted.

97.    Power Integrations admits that at the time of the article, Richard A. Keller was employed by Power Integrations. Power Integrations states that the article speaks for itself and denies all characterizations of the article, express or implied.

98.    Power Integrations denies the allegations of paragraph 98 of the Counterclaims.

99.    Power Integrations admits the PWR-SMP260 devices and the Keller Article were not disclosed to the Patent Office, but denies the references were material.

100.    Power Integrations denies that it failed to disclose any prior art that was material to the patentability of the claims of the '851 patent, and that Power Integrations knew or should have known would have been important to a reasonable examiner. Power Integrations further denies that any devices designed, manufactured, offered for sale, or

sold by Power Integrations more than a year before the application leading to the '851

patent was filed anticipate or render obvious any claim of the '851 patent. Power

Integrations states that all devices it designed, manufactured, offered for sale, or sold

more than a year before the application leading to the '851 patent was filed speak for

themselves, and denies all characterization of these references and their materiality,

express or implied.

## REQUESTED RELIEF

**WHEREFORE,** Power Integrations requests the following relief:

1.      That Fairchild's Counterclaims be dismissed with prejudice;

2.      That Fairchild take nothing by way of its Counterclaims;

3.      That the Court enter judgment in favor of Power Integrations as requested

in the Complaint;

4.      That the Court enter judgment that Fairchild has infringed the '851 patent,

the '876 patent, the '366 patent, and the '075 patent;

5.      That the Court declare that the '851, '876, '366, and '075 patents are not

invalid;

6.      That the Court declare that the '851, '876, '366, and '075 patents are not

unenforceable;

7.       That Power Integrations be awarded reasonable attorneys' fees and costs

of said suit; and

8.   That the Court award Power Integrations such other and further relief as may be appropriate.

Dated:  August 1, 2005                    FISH & RICHARDSON P.C.

                                          By: _____
                                              William J. Marsden, Jr. (#2247)
                                              Sean P. Hayes (#4413)
                                              919 N. Market Street, Suite 1100
                                              P.O. Box 1114
                                              Wilmington, DE  19899-1114
                                              Telephone: (302) 652-5070
                                              Facsimile:  (302) 652-0607

                                              Frank E. Scherkenbach
                                              225 Franklin Street
                                              Boston, MA 02110-2804
                                              Telephone: (617) 542-5070
                                              Facsimile:  (617) 542-8906

                                              Michael Kane
                                              60 South Sixth Street
                                              3300 Dain Rauscher Plaza
                                              Minneapolis, MN 55402
                                              Telephone: (612) 335-5070
                                              Facsimile:  (612) 288-9696

                                              Howard G. Pollack
                                              Gina M. Steele
                                              Michael R. Headley
                                              500 Arguello Street, Suite 500
                                              Redwood City, CA 94063
                                              Telephone: (650) 839-5070
                                              Facsimile:  (650) 839-5071

                                          Attorneys for Plaintiff and Counterdefendant
                                          POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2005, I electronically filed an ANSWER with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

   I hereby certify that on this date, I have mailed by first class mail, the

document(s) to the following non-registered participants:


Bas de Blank
Duo Chen
Orrick, Herrington, Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Sean P. Hayes

50291104.doc.doc