IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

ASHBY & GEDDES
Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
Duo Chen (#220675)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: August 4, 2005

Fairchild has already produced over 524,00 pages of documents in response to Plaintiff Power Integrations, Inc.'s ("PI's") discovery requests. PI's Motion improperly seeks to compel additional and burdensome discovery about Fairchild's sales outside the United States and damages to which PI is legally barred from recovering. Such highly sensitive competitor information is irrelevant and serves no purpose other than to harass Fairchild and its customers. As this Court has held, such "fishing expeditions" are inappropriate and PI's Motion should be denied. *See* In re *ML-Lee Acquisition Fund II, L.P.*, 151 F.R.D. 37, 41 (D. Del., 1993).

I.   **As a Matter of Law, Fairchild's Sales Outside the United States Are Not Relevant.**

PI asserts four U.S. patents against Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild"). It is beyond dispute that U.S. patents only protect against infringement in the United States. 35 U.S.C. § 271. In a classic example of patent misuse, PI is seeking discovery about Fairchild activities outside of the United States.

As Fairchild explained at the start of the case, the accused devices are designed and manufactured in Korea by non-party Fairchild Semiconductor Korea, Ltd. ("Fairchild Korea").[1] Exhs. A and B. While the vast majority of these devices are sold abroad by Fairchild Korea, Fairchild imports and sells a few products in the United States. Fairchild has long-since provided the requested discovery concerning those products. *See,* Exh. C, Fairchild's Response to Interrogatory Nos. 6, 8, and 9. Moreover, Fairchild will provide discovery concerning its sales abroad to the extent that Fairchild knows that such devices are later imported into the United States. Thus, PI's statement that "Fairchild has refused to produce documents regarding its own activities both inside and outside the United States...." is simply false. *See* Motion, p. 2.

Fairchild's sale of devices in Korea or elsewhere outside of the United States is not likely to lead to the discovery of admissible evidence since such foreign activity cannot infringe PI's U.S. Patent. 35 U.S.C. § 271. Relying on cases over 30 year old, PI argues that Fairchild's foreign sales may result in Fairchild being found to have indirectly infringed PI's patents. PI

---

[1]   Though Fairchild Korea is not a party to this action, Defendants have voluntarily produced Fairchild Korea technical documents concerning the design and manufacture of the accused devices.

concedes, however, that there is a "knowledge requirement" in 35 U.S.C. §§ 271(b) and (c). *See* Motion, pp. 3-4. Since Fairchild has already agreed to produce discovery concerning any Fairchild devices that Fairchild knew were to be imported, used, sold, or offered for sale in the United States, Fairchild will produce all of the discovery to which PI is possibly entitled. PI's Motion to compel Fairchild to produce additional discovery should be denied.

## II. As a Matter of Law, PI is Not Entitled to Damages Prior to Filing Its Complaint and Discovery of Such Sales Is Not Likely to Lead to the Discovery of Admissible Evidence.

PI admits that it did not provide actual notice to Fairchild of its infringement allegations before PI filed its complaint on October 20, 2004. Exh. D, PI's Responses to Requests for Admission Nos. 21-24. Thus, as a matter of law, PI cannot recover damages prior to the filing of its complaint unless PI satisfied the very specific marking requirements necessary to provide constructive notice:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by *fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent*, or when, from the character of the article, this cannot be done, by fixing it, or to the packaging wherein one or more of them is contained, a label containing like notice. *In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement,...*

35 U.S.C. § 287(a) (emphasis added). Of PI's own products it identified as practicing the PI patents (*see* Exh. E, PI's Response to Fairchild Interrogatory No. 13), *none* of these devices and *none* of their packages were ever marked with the number of any of the four asserted PI patents. *See, Id.*, Exh. E, PI's Response to Fairchild Interrogatory No. 18. Since PI did not mark the PI devices that allegedly practice the asserted patents with "the word 'patent' or the abbreviations 'pat.', together with the number of the patent," PI is barred from recovering damages prior to October 20, 2004 as a matter of law.[2] 35 U.S.C. § 287(a).

---

[2] PI's burdensome discovery actually seeks documents and information "since 1998". This is improper for many reasons including (i) three of the four asserted patents had not issued in 1998, (ii) PI cannot recover damages more than six years before the complaint was filed, and (iii) the parties agree that there was no possible notice prior to July, 2002. Apparently conceding that its original requests were overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, PI's Motion seeks discovery "since July 3, 2002."

PI carries the burden of both pleading and proving compliance with § 287's marking requirements. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). While PI admits that it did not mark its products with the number of its asserted patents, PI argues that it provided some sort of "notice" "beginning on or around July 3, 2002." Motion, p. 4. Tellingly, PI failed to disclose this "notice" in its moving papers.

A cursory review reveals that PI's alleged "notice" fails to identify either (i) the specific products or circuits allegedly covered by any PI patent or (ii) any specific PI patent:

> **PATENT INFORMATION**
> The products and applications illustrated herein (including circuits external to the products and transformer construction) ***may*** be covered by one or more U.S. and foreign patents or potentially by pending U.S. and foreign patent applications assigned to Power Integrations. A complete list of Power Integrations' patents may be found at www.powerint.com.

Exh.F (emphasis added). Despite the reference to a "complete list" of PI's patents, PI does not actually list any of the asserted patents on its website. Instead, there is a statement that as of December 31, 2004, PI presently holds 119 U.S. Patents and 82 foreign patents. In addition, there is a link to the U.S. Patent Office website, which will then search for all patents assigned to PI. This "notice" fails to meet the marking requirement of § 287(a) since it does not state which specific PI device is allegedly covered by any particular PI patent. Burdensome discovery of sales documents during the failed notice period cannot lead to admissible evidence.[3]

Case law is clear that the marking requirement of § 287(a) can only be satisfied by including the specific patent number on the product or its packaging. "Here, there is no dispute that neither MOSAID nor its licensees marked DRAMs with the ***numbers of the patents in suit***. Consequently, MOSAID's damages are limited by when, and to what extent it provided Infineon with actual notice that its DRAMs infringe the patents in suit." *MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 362 F. Supp. 2d 526, 556 (D.N.J., 2005) (emphasis added). The cases cited by PI are

---

[3] Further, PI's suggestion that it has provided its legally deficient notice since July 3, 2002 is false. To this day, the majority of datasheets and application notes available from PI's website *still* fail to provide even this cursory reference to PI's patents. Exh. G. In fact, none of the PI products or datasheets that PI contends practice the '075 patent include PI's "notice". *Id.*, Exh. G. Thus, even were the Court to conclude that PI's "notice" satisfied § 287(a), PI is not entitled to discovery concerning sales of Fairchild devices only accused of infringing the '075 Patent.

- 3 -

inapplicable. In both, the patentee complied with § 287(a) by marking its product packaging with the specific patent at issue. *See, Rutherford v. Trim-Tex, Inc.* 803 F.Supp. 158, 160 (N.D. IL, 1992) ("The carton is marked with a patent notice reading 'PATENT #4,074,47' that is clearly visible below the product's name.").

PI admits that it failed to mark any of its products or packages with the number of any of the patents asserted in this case. Since, as a matter of law, PI cannot recover damages prior to the filing of its complaint, discovery concerning such sales is not calculated to lead to admissible evidence. Accordingly, Fairchild should not be forced to undertake the expense and burden of searching for, gathering, and disclosing this potentially voluminous and highly sensitive, competitive information. PI's Motion should be denied.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
Duo Chen
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: June 15, 2005
158560.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2005, the attached **REDACTED PUBLIC VERSION OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson P.C.<br>919 N. Market Street<br>Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899 | HAND DELIVERY |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | VIA FEDERAL EXPRESS |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN 55402 | VIA FEDERAL EXPRESS |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | VIA FEDERAL EXPRESS |

*/s/ John G. Day*
_____
John G. Day