# EXHIBIT G

Case 1:04-cv-01371-JJF    Document 45-9    Filed 08/04/2005    Page 1 of 5



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

June 10, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

**VIA FACSIMILE AND FEDERAL EXPRESS**

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:   Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Gina:

    We have now received a copy of Power Integrations' Motion to Compel and are alarmed by what appear to be significant misrepresentations made to the Court in Power Integrations' attempt to secure damages related documents prior to the filing of its complaint. We write to give you an opportunity to explain or withdraw these misstatements before we are forced to bring them to the attention of the Court.

    In all of its damages related discovery, Power Integrations sought information "from 1998 to the present". Since three of the four Power Integrations patents had not even issued in 1998 and since Power Integrations did not file its complaint until October, 2004 – more than six years later – this discovery is, as Fairchild objected, overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information.

    Despite the fact that it is legally impossible for Power Integrations to recover damages either before its patents issued or more than six years before it filed its complaint, in all of our extensive discussions Power Integrations repeatedly insisted that Fairchild produce documents and information "from 1998". Now, in its motion to compel, Power Integrations for the first time offers to limit the scope of this discovery and requests that Fairchild produce documents regarding Fairchild's sale of accused products "since July 2002". While the parties had significant and repeated discussions in an attempt to resolve these issues without involving the Court, Power Integrations *never* made this offer to Fairchild. Thus, contrary to the statements made in Power Integrations brief and contrary to the certification pursuant to Local Rule 7.1.1, Power Integrations did not meet and confer with Fairchild in good faith prior to filing its motion.

    Moreover, despite our repeated requests, Power Integrations has not provided any evidence substantiating its claim that it marked the products at issue as of July, 2002. Indeed, the evidence that Power Integrations has produced shows this to be false.

    For instance, Power Integrations' marking argument relies on a list of patents that it claims were available from its web site on July 3, 2002. Fairchild has repeatedly requested discovery on this issue. *See, e.g.,* Interrogatory Nos. 18 and 19 and my letters of March 1, March 11, April 22, May 19, and May 31, 2005. In response, Power Integrations produced images of its web site, presumably each time the site was updated. This discovery shows that PI did not include any reference to its

DOCSSV1:411035.1


ORRICK

Gina M. Steele
June 10, 2005
Page 2

patents prior to September 5, 2002, months after Power Integrations allegedly "marked" its products. *See* PIF020409.

The parties agree that simply listing patents on a web site cannot satisfy the marking requirements of 35 U.S.C. § 287(a). Thus, Power Integrations' claim to have marked its products is premised on the statement allegedly added to Power Integrations' datasheets that the products depicted "may" be covered by some undisclosed pending or issued U.S. or foreign patents assigned to Power Integrations. While Power Integrations tells the Court that it provided this notice "beginning on or around July 3, 2002" (Motion, p. 4), this is simply not true. As of today, the majority of datasheets available from Power Integrations do not contain this "marking".

While it is impossible to determine from Power Integrations so-called "marking" whether any particular device allegedly practices any particular Power Integrations patent, Power Integrations has identified the devices that allegedly practice the patents-at-issue. With respect to the '075 patent, *none* of the datasheets for these devices have ever been marked by Power Integrations, even with the legally deficient "notice" that Power Integrations contends satisfies the marking statute. Thus, there is absolutely no basis for Power Integrations to seek sales information prior to the filing of the complaint for those Fairchild devices only accused of infringing the '075 patent. Since that comprises almost a third of the accused devices, it is a material misrepresentation for Power Integrations to tell the court that it has marked its devices and is, thus, entitled to sales information for all of the accused devices. Indeed, none of the products that Power Integrations contends practice the '876 patent were "marked" prior to January, 2004 and none of the products that Power Integrations claims practice the '366 or '851 patents were "marked" prior to September, 2002.

Because our investigation revealed that Power Integrations' claims to have marked their products appeared baseless, we served discovery seeking to understand the factual basis of Power Integrations' contentions. Specifically, we asked Power Integrations to identify the products that it contends were marked with the asserted patents, how they were marked, and when they were first marked. *See* Interrogatory No. 18. While we served this interrogatory in February, 2005, we have yet to receive a substantive response. Rather than identify which products that it marked and when they were first marked – a simple task had Power Integrations actually marked its products – Power Integrations simply referred to adding a list of its patents to its web site. After extensive discussions, you agreed to supplement this response and identify documents pursuant to Federal Rule of Civil Procedure 30(b)(6) that Power Integrations contends will provide the responsive information. Rather than do so, however, Power Integrations filed the instant motion. This appears to be a calculated attempt to deprive Fairchild of the discovery it requires to show that Power Integrations is seeking to mislead the Court.

To be clear, we still do not believe that Power Integrations' passing reference on its datasheets to the fact that it possesses unidentified U.S. and foreign patents that may – or may not – cover Power Integrations' products satisfies 35 U.S.C. § 287(a). However, the limited discovery Power Integrations has provided unambiguously contradict the statements and arguments Power Integrations has made to the Court.

DOCSSV1:411035.1


ORRICK

Gina M. Steele
June 10, 2005
Page 3

      Therefore, we request that Power Integrations withdraw it motion to compel Fairchild to produce sales related documents prior to the filing of the complaint. If Power Integrations contends that it "marked" the particular products that allegedly practice the asserted patents, then Power Integrations must respond to Fairchild's discovery and substantiate its claim by identifying when and how each such product was allegedly marked. Given our obligation to respond to Power Integrations' motion by Wednesday, June 15, 2005, we require a response by noon on Monday, June 13, 2005. Otherwise, we will have no choice but to raise this with the Court.

Sincerely,

Bas de Blank

cc: William J. Marsden, Jr.
      Howard G. Pollack

DOCSSV1:411035.1

```
                    ******************************
                    ***    MULTI TX/RX REPORT   ***
                    ******************************
TX/RX NO            1917
PGS.                4
TX/RX INCOMPLETE
                    -----
TRANSACTION OK
                    (1)    7584#10414#25#8395071
                    (2)    7584#10414#25#13026520607

ERROR INFORMATION
                    -----
```



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

## FAX TRANSMISSION

DATE  June 10, 2005

NO. OF PAGES (INCLUDING COVER SHEET)  4

**FROM**

| name | tel |
|---|---|
| Bas de Blank | 650-614-7343 |

**TO**

| name | company/firm | tel | fax |
|---|---|---|---|
| Gina M. Steele | FISH & RICHARDSON P.C. | | 650.839.5071 |

CC

| William J. Marsden, Jr. | FISH & RICHARDSON P.C. | | 302.652-0607 |
| Howard G. Pollack | FISH & RICHARDSON P.C. | | 650.839.5071 |

RE   *Power Integrations v. Fairchild Semiconductor et al*

**MESSAGE**

Please see attached.