IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

**PLAINTIFF POWER INTEGRATIONS, INC.'S
MOTION TO AMEND THE COMPLAINT OR, IN THE ALTERNATIVE, TO
COMPEL DEFENDANTS TO PRODUCE WITNESSES**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Gina M. Steele
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

DATED:  August 8, 2005

## TABLE OF CONTENTS

I.     NATURE AND STAGE OF PROCEEDING .........................................................2

II.    SUMMARY OF ARGUMENT ..............................................................................2

III.   STATEMENT OF FACTS ...................................................................................3

IV.   ARGUMENT ........................................................................................................4

       A.     Fairchild's Sudden Refusal to Provide Fairchild Korea
               Witnesses for Deposition Is Improper. .......................................................4

       B.     This Court Has Jurisdiction Over Fairchild Korea. ...................................7

       C.     Fairchild's Delay In Notifying Power Integrations of its
               Intention to Refuse Discovery Provides Good Cause for
               Amending the Complaint at this Point....................................................10

       D.     Adding Fairchild Subsidiary Fairchild Korea as a
               Named Defendant Will Serve the Interests of Justice and
               Will Not Delay these Proceedings. ..........................................................12

V.     CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Black Horse Lane Associate v. Dow Chemical Corp.*,
   228 F.3d 275 (3rd Cir. 2000) ....................................................................6

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ...............................................................................9

*Corning Inc. v. SRU Biosystems, LLC*,
   223 F.R.D. 191 (D. Del. 2004) ..................................................................5

*FDIC v. Butcher*,
   116 F.R.D. 196 (E.D. Tenn. 1986).............................................................6

*Sony Elecs v. Soundview Techs., Inc.*,
   217 F.R.D. 104 (D. Conn. 2002)................................................................6

*United States of America v. One Parcel of Real Estate*,
   121 F.R.D. 439 (S.D. Fla. 1988)................................................................5

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*,
   863 F.Supp. 186 (D. Del. 1993)...........................................................7, 8, 9

## STATE CASES

*Boone v. Oy Partek Ab*,
   724 A.2d 1150 (Del. Sup. Ct. 1997) ...........................................................8

## DOCKETED CASES

*Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*,
   No. 01 CIV. 3016 (AGS)(HB), 2002 WL 1835439 (S.D.N.Y., Aug. 8, 2002) .............5

*Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, No. 01 CIV.
   3016....................................................................................................5

## FEDERAL STATUTES

Fed. R. Civ. P. 26(b) .................................................................................5

Fed. R. Civ. P. 33 ....................................................................................5

Fed. R. Civ. P. 34 ....................................................................................5

**STATE STATUTES**

Del. Code Ann. Title 10, § 3104(c) (West 2005)..................................................................7

# INTRODUCTION

Plaintiff Power Integrations, Inc. ("Power Integrations") seeks leave to amend its complaint to add Fairchild Semiconductor Korea ("Fairchild Korea"), a wholly-owned subsidiary of Defendants Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc. ("Fairchild" or "Defendants"), as a named party or, in the alternative, to compel Fairchild to produce for deposition witnesses employed by Fairchild Korea.[1]  Fairchild's discovery makes clear that employees of Fairchild Korea were heavily involved in the events that form the basis for this case, as Fairchild has admitted that the accused products were manufactured and distributed under the watch of Fairchild Korea and has produced hundreds of thousands pages of technical documents from Fairchild Korea employees.  Nevertheless, Defendants refuse to produce the Korean deponents Power Integrations has requested for depositions.  Instead, Fairchild has hand-picked three Fairchild Korea deponents as 30(b)(6) witnesses for the parent Defendants on technical issues.

Indeed, Fairchild has taken the position that Power Integrations is not entitled to any discovery whatsoever from Fairchild Korea, insisting that the extensive paper discovery Fairchild has provided from Fairchild Korea has been an attempt to cooperate rather than a concession that Fairchild has any control over, or obligation for, the actions of wholly-owned subsidiary Fairchild Korea.  Defendants' counsel has even taken the position that, should the Court grant this motion, it will refuse to accept service of the amended complaint on behalf of Fairchild Korea and, instead, will insist on service through international convention – thus delaying resolution of this matter for many months.  Fairchild's position on these issues makes no sense and is not supported by logic or law, and such procedural gamesmanship will only delay resolution of Power Integrations' claims, increase costs, and waste this Court's resources.

---

[1]    Clean and blacklined versions of the Second Amended Complaint for Patent Infringement are attached as Exhibits A and B hereto.

If Power Integrations had any notice of this issue prior to its recent discussions with Fairchild regarding the details of the upcoming depositions in Korea, Power Integrations would have brought the matter to the Court's attention at that time. Since the beginning of the case, though, Fairchild has cooperated with discovery as though the Korean subsidiary was within the control of the U.S. parent Defendants. Fairchild's sudden about-face has forced Power Integrations to seek immediate relief from the Court, and Fairchild's late notice of its intent to withhold key discovery from its subsidiaries provides good cause for permitting Power Integrations to amend its complaint at this stage. To permit a full inquiry and orderly presentation of evidence at trial, the Court should therefore permit Power Integrations to amend its complaint to add Fairchild Korea as a named defendant, compel production of its witnesses for deposition, and resolve the issue once and for all. It is important that the Court determine this issue without delay, as the parties have agreed that the 30(b)(6) depositions will take place in Korea starting on September 1, 2005.

## I.     NATURE AND STAGE OF PROCEEDING

Power Integrations sued Fairchild for patent infringement on October 20, 2004. The parties have engaged in extensive document production, and they are now in the process of preparing for depositions. The depositions of Fairchild's 30(b)(6) witnesses who are apparently employed by Fairchild Korea are set to take place starting September 1, 2005 in Korea.

## II.    SUMMARY OF ARGUMENT

Fairchild is now taking the position that Power Integrations is not entitled to deposition discovery from its wholly-owned subsidiary, Fairchild Korea, despite having previously provided discovery responses and document production from Fairchild Korea and having initially agreed to provide witnesses for deposition in Korea. Power Integrations therefore seeks leave to amend its complaint to add Fairchild Korea as a named party to this case or, in the alternative, that this Court compel Fairchild to produce

2

witnesses from Fairchild Korea. The exercise of jurisdiction over Fairchild Korea is proper and consistent with the Delaware long-arm statute and the Due Process Clause, and Fairchild has a duty to produce employees of Fairchild Korea for deposition because Fairchild exercises control over the employees of Fairchild Korea. Fairchild's last-minute refusal to provide depositions of Fairchild Korea employees is to blame for the timing of the instant motion. The Court should therefore permit Power Integrations to amend its complaint to add Fairchild Korea as a defendant to prevent further stalling and obstruction on the part of Fairchild and to permit the orderly resolution of the remainder of the case. In the alternative, the Court should compel Fairchild to produce Fairchild Korea employees for deposition for the same reasons outlined above.

## III. STATEMENT OF FACTS

Power Integrations sued Fairchild for patent infringement, accusing a number of Fairchild devices of infringing four Power Integrations patents, and Fairchild did not challenge this Court's jurisdiction. The parties engaged in extensive written and documentation discovery under the Court's scheduling order, and the written discovery has focused the issues for trial considerably.

Fairchild's most recent 10-K filed with the Securities and Exchange Commission notes the ownership of a "wholly owned Korean subsidiary, which we refer to as Fairchild Korea . . . ." *See* Fairchild 10-K of March 11, 2005 at 10,

http://ccbn.10kwizard.com/cgi/convert/pdf/FAIRCHILDSEMICO10K.pdf?pdf=1&repo=tenk&ipage=3328155&num=-2&pdf=1&xml=1&odef=8&dn=2&dn=3. (Consolidated Declaration of Michael R. Headley in Support of Plaintiff Power Integrations, Inc.'s Motion to Amend the Complaint or, in the Alternative, to Compel Defendants to Produce Witnesses and Motion to Shorten Time ("Headley Decl."), Ex. 1)

During the course of written discovery, Fairchild has provided a range of materials and information from this wholly-owned Korean subsidiary. Fairchild has

3

admitted that the accused products are manufactured by Fairchild Korea and sold into the United States through the joint efforts of the various Fairchild entities, and it has produced hundreds of thousands of pages of documents from its Korean subsidiary, including schematics, technical reports, and other documents regarding the design and development of the accused products. Fairchild even designated certain Korean engineers employed by Fairchild Korea as 30(b)(6) witnesses for the parent Defendants. (Headley Decl., Ex. 2.) Despite the extensive record of the Korean subsidiary's involvement in Fairchild's actions with respect to the accused products, Fairchild now refuses to permit Power Integrations to take discovery from those individuals Power Integrations seeks to depose – including those named in the documents as the actual designers of the accused products.

Fairchild did not provide any indication that it would refuse to produce these employees for individual depositions until recently. (*Id.*) As such, Power Integrations now brings this matter to the Court for immediate resolution.

## IV. ARGUMENT

Fairchild is trying to have it both ways, providing some discovery from its wholly-owned Korean subsidiary while denying other discovery Power Integrations seeks regarding the actions of the Korean subsidiary, apparently on the grounds that "Fairchild knows best" what is good for (and discoverable by) Power Integrations. The Court should not permit Fairchild to play games in this manner.

### A. Fairchild's Sudden Refusal to Provide Fairchild Korea Witnesses for Deposition Is Improper.

Fairchild has unilaterally limited the scope of deposition discovery regarding the accused products in a manner that contravenes the Federal Rules. Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead

to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *See Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, 193 (D. Del. 2004) (quoting *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3rd Cir. 1999)).

Despite the broad standard for discovery and the fact that Fairchild Korea is a wholly-owned subsidiary of the named Defendants, Fairchild will not permit Power Integrations to take the discovery it needs to prepare its case. Fairchild's sudden refusal to provide the discovery is all the more bizarre in light of the extensive paper discovery Fairchild has provided from its Korean subsidiary. *See Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, No. 01 CIV. 3016(AGS)(HB), 2002 WL 1835439, at *4 (S.D.N.Y. Aug. 8, 2002) (concluding that the same principle of control used to determine the scope of discovery production by parent corporations over their wholly-owned subsidiaries under Rules 33 and 34 should also be applied to the production under Rule 30) Moreover, Fairchild reiterated its offer of three Fairchild Korea employees as 30(b)(6) witnesses for Fairchild because "information held by Fairchild Korea" is "reasonably available to Fairchild." (Headley Decl., Ex. 3.) Despite this admission and the extent of control Fairchild consistently displays over its wholly-owned subsidiary, Fairchild refuses to provide the discovery Power Integrations seeks.

The Court should prevent Fairchild from limiting discovery to only those items and individuals Fairchild chooses. Under the Federal Rules of Civil Procedure 26 and 30, a party has the right to designate specific witnesses for deposition. *See United States of America v. One Parcel of Real Estate,* 121 F.R.D. 439 (S.D. Fla. 1988). Further, allowing Power Integrations to choose specific individuals for depositions in Korea— witnesses Power Integrations knows have particular relevant knowledge from its review of the Fairchild documents—will prevent the parties from wasting time and/or having to re-designate witnesses for additional depositions. "In reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be

5

a deponent who physically appears for the deposition but sleeps through it." *Black Horse Lane Assoc. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3rd Cir. 2000); Fed. R. Civ. P. 30(b)(6) (Advisory Committee Notes) (noting that permitting parties to either designate a corporate witness or provide topics under the Rule is intended to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge" of relevant facts). Conducting overseas depositions requires efficiency, coordination, and timing; gamesmanship, both burdensome and unnecessary, wastes time, money, and resources if re-designation of witnesses *after the fact* is required. *See generally Sony Elecs. v. Soundview Techs., Inc.*, 217 F.R.D. 104, 112 (D. Conn. 2002) (ordering the production of substitute witnesses after corporate representatives originally provided "evasive (and at times obnoxious)" testimony); *FDIC v. Butcher*, 116 F.R.D. 196, 202 (E.D. Tenn. 1986) (ordering the production of substitute witnesses to answer "unevasively and completely about discoverable matters" after a deposition the court likened to "pin the tail on the donkey").

Power Integrations does not seek arbitrary or random discovery to impose a burden on Fairchild's Korean employees. Instead, Power Integrations seeks testimony from key Korean engineers and witnesses as to their work in designing, developing, selling, and supporting the products accused of infringement – including the engineers whose names are listed on the schematics for the accused parts. Because these witnesses' testimony is highly relevant to the core issue of patent infringement in this case, Power Integrations needs their specific testimony to prepare for trial, yet Fairchild would have Power Integrations trust that the three witnesses Fairchild has offered will provide sufficient testimony when the parties fly to Korea for depositions next month. The Court should not permit Fairchild to game the system in this manner. Instead, the Court should allow Power Integrations to add Fairchild Korea as a party to permit Power Integrations to address the issues in a coordinated fashion.

### B.    This Court Has Jurisdiction Over Fairchild Korea.

There is no question that this Court has jurisdiction over Fairchild Korea. Delaware courts use a two-step process to determine whether they have personal jurisdiction over a foreign corporation. *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 863 F. Supp. 186, 188 (D. Del. 1993). First, the Court determines whether the Delaware long-arm statute permits the exercise of jurisdiction. *Id.* If the statute permits jurisdiction, the Court then determines whether the exercise of jurisdiction satisfies the Due Process Clause of the Constitution. *See id.* (citing *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293 (3rd Cir. 1985)). Fairchild Korea, a wholly-owned subsidiary of the current, named defendants, designs, manufactures, distributes and supports the accused products in concert with the named defendants. As such, the exercise of jurisdiction over Fairchild Korea is entirely proper.

The Delaware long-arm statute provides, *inter alia*, that personal jurisdiction is proper over any nonresident or his personal representative, who in person or through an agent:

> (1)  Transacts any business or performs any character of work or service in the State;
> (2)  Contracts to supply services or things in this State;
> (3)  Causes tortious injury in the State by an act or omission in this State;
> (4)  Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
> (5)  Has an interest in, uses or possesses real property in the State; or
> (6)  Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Del. Code Ann. Title 10, § 3104(c) (West 2005). The provisions of the long-arm statute are to be construed liberally to confer jurisdiction "to the maximum extent possible" under the Due Process Clause. *Wesley-Jessen Corp.*, 863 F. Supp. at 188 (citing *Hercules Inc. v. Leu Trust and Banking*, 611 A.2d 476, 480 (Del. 1992)); *see also Boone*

7

*v. Oy Partek Ab*, 724 A.2d 1150, 1156-57 (Del. Sup. Ct. 1997) (noting that the Delaware long-arm statute should be construed "liberally so as to provide jurisdiction to the maximum extent possible" in order to "provide residents a means of redress against those not subject to personal service within the State").

Even if a corporation located in a foreign country has no direct contacts with the State of Delaware, the long-arm statute may still apply under the agency theory. *Wesley-Jessen Corp.*, 863 F. Supp at 189. Under agency theory, corporate affiliates with close business ties may be considered agents, subjecting them to jurisdiction under the Delaware long-arm statute. *Wesley-Jessen Corp.*, 863 F. Supp at 188. In *Wesley-Jessen*, the foreign defendant moved to dismiss a patent infringement suit for lack of personal jurisdiction. *Id.* at 187. The foreign defendant argued that it was not subject to the jurisdiction of the Delaware long-arm statute because the tasks of manufacturing and distributing the products at issue were divided between itself and a Delaware subsidiary. *See id.* at 189. The court rejected this argument, observing that the foreign and domestic corporations were wholly-owned subsidiaries of the same parent corporation, that the business strategies and financial statements of both companies were analyzed as a unit, and that both companies presented themselves as a unified entity to their employees and to the marketplace. *Id.* at 188-89, 191. The Court thus found that the foreign corporation transacted business in Delaware in concert with the domestic corporation, and ruled that the two companies could be considered "two arms of the same business group." *Id.* at 188-89. Therefore, the court held that jurisdiction over the foreign subsidiary was proper under the Delaware long-arm statute. *Id.*

Here, the logic of *Wesley-Jessen* applies even more strongly in favor of finding jurisdiction over Fairchild Korea. Fairchild Korea designs, manufactures, and distributes the products accused of infringement in concert with the named defendants, and, as Judge McKelvie pointed out in *Wesley-Jessen*, "[i]f [a foreign party] had both manufactured and distributed the accused products, there would be no doubt that it would be subject to

jurisdiction in Delaware." *Id.* at 188. The propriety of asserting jurisdiction over (and taking discovery from) Fairchild Korea is so obvious that Power Integrations did not believe it needed to name the wholly-owned subsidiary as a defendant, and Fairchild's actions throughout the discovery process—providing interrogatory responses, producing more than one million pages of documents, and offering depositions in Korea— confirmed the propriety. Only recently, now that the deadline to amend the pleadings has passed, has Fairchild begun to play games with the status of its subsidiary vis-à-vis discovery.

After establishing that jurisdiction is proper under the Delaware long-arm statute, the Court still must determine whether personal jurisdiction is consistent with Due Process. *Wesley-Jessen* at 190. A court may exercise personal jurisdiction if certain minimum contacts exist between the non-resident defendant and the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id.* (citing *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293 (3rd Cir. 1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In order for minimum contacts to exist the defendant must purposefully avail itself "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

> [W]here the defendant "deliberately" has engaged in
> significant activities within a State . . . he manifestly has
> availed himself of the privilege of conducting business
> there, and because his activities are shielded by "the
> benefits and protections" of the forum's laws it is
> presumptively not unreasonable to require him to submit to
> the burdens of litigation in that forum as well.

*Id.* at 475-6. There is no question that Fairchild Korea has purposely availed itself of the rights and privileges of conducting business in Delaware and the rest of the United States. As noted above, Fairchild Korea is a wholly-owned subsidiary of the named defendants, and it was responsible for the manufacture and distribution of the parts accused of infringing the Power Integrations patents-in-suit. The mountain of documentary evidence

9

Fairchild has provided to date shows that Fairchild Korea has continuous and systematic contacts with the United States, including the work with the named defendants in designing, manufacturing, selling, and supporting the accused Fairchild devices. Despite Fairchild's efforts to characterize these actions as *de minimis*, Fairchild has admitted that products made by Fairchild Korea have been sold into the United States in substantial numbers. Admissions like these establish Fairchild Korea's clear involvement in acts that establish jurisdiction in this case, and the Court should not permit Fairchild's attempt to subvert the judicial process.

Inexplicably, Fairchild has offered some hand-picked Fairchild Korea employees for deposition as 30(b)(6) witnesses, stating they are persons knowledgeable at "Fairchild" regarding the development, structure, function, marketing, and sales of the accused devices. This position shows clearly that Fairchild Korea is under the control of the current defendants in such a way as to establish jurisdiction over Fairchild Korea.

**C.    Fairchild's Delay In Notifying Power Integrations of its Refusal to Produce Korean Witnesses for Deposition Provides Good Cause for Amending the Complaint at this Point.**

Power Integrations did not believe the distinction between Fairchild and its Korean subsidiary was even an issue in this case in light of Fairchild's initial cooperation with discovery, including the production of hundreds of thousands of pages documents from the Korean subsidiary and its employees and Fairchild's initial offer to present witnesses for deposition in Korea. Because Fairchild only recently changed its tune and refused clearly critical deposition discovery, Power Integrations requests that it now be permitted to amend its complaint to name Fairchild Korea as a party.

Although the deadline has passed for the parties to amend the pleadings, good cause exists to permit the relief Power Integrations seeks because Fairchild only recently began to refuse to provide discovery into the actions of its wholly-owned Korean subsidiary. In *Enzo Life Sciences*, this Court found good cause to permit amendments to the pleadings past the cutoff when the party moved to amend the complaint upon learning

10

of the operative facts during discovery. *Enzo Life Sciences v. Digene Corp.*, 270 F. Supp. 2d 484, 489-90 (D. Del. 2003); *see also Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 295 F. Supp. 2d 430, 432-33 (D. Del. 2003) (permitting amendments to counterclaim past deadline in scheduling order after several such modifications and the late discovery of the basis for the amendment). The instant facts fall well within these good cause standards.

First, the Court has already modified the scheduling order by permitting the parties to amend the pleadings after the cutoff for doing so. Second, Fairchild's sudden refusal to provide discovery is to blame for the timing of the instant motion. Prior to the parties' recent efforts to schedule depositions of key employees, Fairchild produced documents from Korea and began discussing the procedure for conducting depositions in Korea with Power Integrations. Power Integrations asked for specific Fairchild Korea employees—based on Fairchild's interrogatory responses and indications on the schematics and other key technical documents that these witnesses were highly relevant to the case at hand—and only when the parties reached the final stage of scheduling individual witnesses' depositions did Fairchild adopt its arbitrary discovery limit. Fairchild maintains the position that it need not produce any Fairchild Korea employees for depositions of any kind (except, of course, where it deems such testimony necessary to comply with its obligations under 30(b)(6)), but Power Integrations needs to take discovery from the employees Fairchild is trying to hide to get a full and accurate picture of the extent of Fairchild's infringement via its network of global entities and subsidiaries. Lastly, as outlined below, the amendment in question would not prejudice any Fairchild entity or delay these proceedings in any way. The facts at hand therefore present precisely the kind of "good cause" to permit Power Integrations to amend complaint.

D.    **Adding Fairchild Subsidiary Fairchild Korea as a Named Defendant Will Serve the Interests of Justice and Will Not Delay these Proceedings.**

Permitting Power Integrations to add Fairchild Korea as a defendant would not delay instant proceedings in any meaningful way.  The parties (including Fairchild Korea) are already engaged in extensive discovery, but they have yet to take a single deposition.  The parties have agreed on a schedule for the first depositions of Korean Fairchild employees starting September 1, 2005, and a Court order permitting Power Integrations to amend its complaint (and compelling the production of the Fairchild Korea witnesses Power Integrations seeks to depose) would permit the parties to take the additional depositions on their currently scheduled trip.

Moreover, adding Fairchild Korea as a defendant would not change the facts of the technical case (other than permitting a full inquiry by deposition into the facts of Fairchild's infringement), and the parties have ample time to schedule the depositions Power Integrations has asked for during parties' currently-scheduled trip to Korea.  Any need to take depositions beyond time currently provided for fact discovery is attributable to Fairchild's gamesmanship, as Power Integrations has been asking for depositions of the Fairchild Korea employees by name for some time.  Therefore, any inconvenience to Fairchild is of its own doing.

Adding Fairchild Korea as a named defendant would also minimize the chance that counsel has to waste resources with two trips to Korea for depositions.  Power Integrations is concerned, as is typical in cases that rely on the testimony of 30(b)(6) witnesses, that the witnesses Fairchild has chosen will not be adequately prepared.  Granting this motion would alleviate any such problem by permitting the parties to arrange for the depositions of people clearly involved in the accused technology during a single trip to Korea.

Perhaps most importantly, adding Fairchild Korea as a named defendant would prevent any future problems of a similar nature with respect to the responsible Fairchild

12

entities.  Because Fairchild has already shown that it will play games with its network of international entities to frustrate the orderly administration of justice, it is therefore in the public interest to add Fairchild Korea as a party to resolve the issues once and for all.

Fairchild's most recent threat, that its counsel will not accept service on behalf of Fairchild Korea (Headley Decl., Ex. 3), further shows that Fairchild is not interested in a just, speedy, and inexpensive resolution of this dispute as contemplated under the Federal Rules.  Counsel has admitted that they have been in contact with Fairchild Korea employees, and they have collected documents and other information from Korea in response to Power Integrations' discovery requests.  Thus, Fairchild's U.S. counsel is already representing the interests of Fairchild Korea.  The Court should therefore permit Power Integrations to add Fairchild Korea as a defendant and compel Fairchild to produce Korean employees for deposition.

## V.    CONCLUSION

For the reasons set forth above, Power Integrations respectfully requests that the Court permit Power Integrations to amend its complaint to add Fairchild Korea as a named defendant to this action or, in the alternative, compel Fairchild to produce Fairchild Korea employees for deposition.

Dated:  August 8, 2005                    FISH & RICHARDSON P.C.


                                          By: /s/ *Sean P. Hayes*
                                          _____
                                              William J. Marsden, Jr. (#2247)
                                              Sean P. Hayes (#4413)
                                              919 N. Market Street, Suite 1100
                                              P.O. Box 1114
                                              Wilmington, DE  19899-1114
                                              Telephone: (302) 652-5070
                                              Facsimile:  (302) 652-0607

                                              Frank E. Scherkenbach
                                              225 Franklin Street
                                              Boston, MA 02110-2804
                                              Telephone: (617) 542-5070
                                              Facsimile:  (617) 542-8906

                                              Howard G. Pollack
                                              Gina M. Steele
                                              Michael R. Headley
                                              500 Arguello Street, Suite 500
                                              Redwood City, CA 94063
                                              Telephone: (650) 839-5070
                                              Facsimile:  (650) 839-5071

                                          Attorneys for Plaintiff
                                          POWER INTEGRATIONS, INC.

50290865.doc


14

## <u>CERTIFICATION PURSUANT TO LOCAL RULE</u><br><u>OF CIVIL PROCEDURE 7.1.1</u>

Pursuant to Local Rules of Civil Procedure 7.1.1, counsel for Power Integrations certifies that it has in good faith conferred with counsel for Fairchild in an effort to secure the a stipulation to Plaintiff's Motion to Amend the Complaint, but that the parties, after a reasonable effort, are unable to resolve the dispute.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 8, 2005, I electronically filed the **PLAINTIFF**

**POWER INTEGRATIONS, INC.'S MOTION TO AMEND THE COMPLAINT**

**OR, IN THE ALTERNATIVE, TO COMPEL DEFENDANTS TO PRODUCE**

**WITNESSES** with the Clerk of Court using CM/ECF which will send notification of

such filing(s) to the following:


Steven J. Balick                         Attorneys for Defendants
John G. Day                              FAIRCHILD SEMICONDUCTOR
Ashby & Geddes                           INTERNATIONAL, INC. and
222 Delaware Avenue, 17th Floor          FAIRCHILD SEMICONDUCTOR
P. O. Box 1150                           CORPORATION
Wilmington, DE 19899


I hereby certify that on August 8, 2005, I have mailed the document(s) via Federal

Express to the following non-registered participants:


G. Hopkins Guy, III                      Attorneys for Defendants
Bas de Blank                             FAIRCHILD SEMICONDUCTOR
Duo Chen                                 INTERNATIONAL, INC. and
Orrick, Herrington & Sutcliffe, LLP      FAIRCHILD SEMICONDUCTOR
1000 Marsh Road                          CORPORATION
Menlo Park, CA  94025


                                         /s/ *Sean P. Hayes*
                                         Sean P. Hayes

50290865.doc