# Exhibit 1



# FORM 10-K

## FAIRCHILD SEMICONDUCTOR INTERNATIONAL INC − fcs

Filed: March 11, 2005 (period: December 26, 2004)

Annual report which provides a comprehensive overview of the company for the past year

We sold the Mountain View property in 1999. The purchaser received an environmental indemnity from us similar in scope to the one we received from Raytheon. The purchaser and subsequent owners of the property can hold us liable under our indemnity for any claims, liabilities or damages it incurs as a result of the historical contamination, including any remediation costs or other liabilities. We are unable to estimate the potential amounts of future payments; however, we do not expect any future payments to have a material impact on our earnings or financial condition.

Although we believe that the power device business has no significant environmental liabilities, Samsung Electronics agreed to indemnify Fairchild for remediation costs and other liabilities related to historical contamination, up to $150 million, arising out of the power device business, including the Bucheon, South Korean plant. We are unable to estimate the potential amounts of future payments, if any; however, we do not expect any future payments to have a material impact on our earnings or financial condition.

We believe that our operations are in substantial compliance with applicable environmental laws and regulations. Our costs to comply with environmental regulations were immaterial for 2004, 2003 and 2002. Future laws or regulations and changes in existing environmental laws or regulations, however, may subject our operations to different, additional or more stringent standards. While historically the cost of compliance with environmental laws has not had a material adverse effect on our results of operations, business or financial condition, we cannot predict with certainty our future costs of compliance because of changing standards and requirements.

**Employees**

Our worldwide workforce consisted of 9,024 full and part-time employees as of December 26, 2004. We believe that our relations with our employees are satisfactory.

At December 26, 2004, 140 of our employees were covered by a collective bargaining agreement. These employees are members of the Communication Workers of America/International Union of Electronic, Electrical, Salaried Machine and Furniture Workers, AFL-CIO, Local 88177. The current agreement with the union ends June 1, 2007 and provides for guaranteed wage and benefit levels as well as employment security for union members. If a work stoppage were to occur, it could impact our ability to operate. Also, our profitability could be adversely affected if increased costs associated with any future contracts are not recoverable through productivity improvements or price increases. We believe that relations with our unionized employees are satisfactory.

Our wholly owned Korean subsidiary, which we refer to as Fairchild Korea, sponsors a Power Device Business Labor Council consisting of seven representatives from the non-management workforce and ten members of the management workforce. The Labor Council, under Korean law, is recognized as a representative of the workforce for the purposes of consultation and cooperation. The Labor Council has no right to take a work action or to strike and is not party to any labor or collective bargaining agreements with Fairchild Korea. We believe that relations with Fairchild Korea employees and the Labor Council are satisfactory.

10

# Exhibit 2

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

VIA FACSIMILE & U.S. MAIL
650/614-7401

July 29, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:   Power Integrations Inc. v. Fairchild Semiconductor International
      USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Bas:

This letter is to confirm our discussions during two telephone calls yesterday afternoon. I address the various topics we discussed separately for purposes of clarity.

### Fairchild technical depositions

During our first call, you let me know that Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively "Fairchild") was offering three technical witnesses employed by Fairchild subsidiary Fairchild Semiconductor Korea ("Fairchild Korea") for deposition in Korea as 30(b)(6) witnesses for Fairchild on issues in Power Integrations 30(b)(6) notice. Those witnesses, and their respective dates and topics, are as follows:

- C.K. Jeon: September 1-2: Topics 3, 4, 6, 9, 11, 12, 17, 18, 22, 39, 40, 41, 42, and possibly 43;

- J.S. Han: September 5 (into the 6th as needed): Topics 5, 7, 10, 13, 39, and 40;

- K.O. Jang: September 7 (into the 8th as needed): Topics 3, 4, 5, 7, 8, 10, 13, 15, 16, 18, 22, 39, 40, 41, and possibly 43.

I asked that you schedule additional previously identified witnesses for depositions in Korea. Such witnesses include H.S. Choi, E.S. Kim, K.W. Jang, Y.C. Ryu, C.S. Lim, Min Hwan Kim, Y.S. Choi, K.S. Kim, and Deok J. Kim, many of whom are identified on the schematics for the accused Fairchild devices or in Fairchild's various litigation disclosures. You declined to offer these (or any other) deponents in Korea on grounds that there was no jurisdiction and that Fairchild has no obligation to produce any other witnesses. I proposed that we schedule the additional depositions to follow the three witnesses you will provide, with the hope that we could take some of them

FISH & RICHARDSON P.C.

Bas de Blank
July 29, 2005
Page 2

off calendar if we obtain the testimony we hope to get during the earlier depositions, but you declined that proposal as well. Your also reiterated that the only witnesses to be offered in Korea were 30(b)(6) witnesses, not individual witnesses for deposition pursuant to Rule 30(b)(1).

We agreed that the parties have reached an impasse on this issue and that it was proper to resolve this matter by motion before we travel to Korea. I informed you that we would move to compel the depositions and move to amend our complaint to add Fairchild Korea as a named defendant to remedy these issues in advance of our trip to Korea. You acknowledged the propriety of our so moving—while reiterating your disagreement with the merits of our position—during both conversations.

During our second discussion, I further asked that Fairchild stipulate to a shortened briefing schedule on these issues so that we might resolve them before we get too close to the time for our trip to Korea. You promised to get back to me shortly, and I noted that although a stipulation was preferable, we would nonetheless move to shorten time when we file our motions if I have heard nothing further from you by that time. I have yet to hear anything on this issue from you today.

**Fairchild corporate and damages depositions**

During our conversations, you confirmed that all Fairchild corporate and damages-related (marketing, sales, etc.) depositions would take place in the United States. You proposed conducting the depositions during the first week in October in Portland, but I asked that you try to schedule these depositions during the weeks of September 5 and 12 now that you are only planning to provide three witnesses in Korea in September. You stated that the Fairchild witnesses are not available for deposition the weeks of September 19 or 26, but I noted that we could be amenable to double-tracking depositions in Korea on technical issues and in the U.S. on corporate and damages-related issues in light of your current limitation on depositions in Korea. I look forward to hearing from you on this issue so that we may firm up our plans.

**Power Integrations' depositions**

We agreed to schedule the depositions of the Power Integrations employees you requested during the weeks of August 15 and 22, with the depositions of Cliff Walker and Balu Balakrishnan to follow during the last week of September (along with any damages-related depositions not completed by Wednesday, August 24). I am in the process of solidifying the schedules for the Power Integrations witnesses and will try to get you specific names, dates, and topics next week. We will also provide formal objections to Fairchild's 30(b)(6) notices to Power Integrations shortly per our discussions, and as noted during our call I expect to receive any such objections from Fairchild in the near term as well.

FISH & RICHARDSON P.C.

Bas de Blank
July 29, 2005
Page 3

### Third party depositions

You noted that you would like to schedule depositions of the attorneys who prosecuted the Power Integrations patents-in-suit during the week of September 19, 2005. I confirmed we would likely represent the attorneys at those depositions. I appreciate your offer not to take the depositions of every attorney associated in any way with the various prosecutions in exchange for our agreement not to call those you do not depose at trial. I ask that you provide me with your list of potential deponents so that we might begin to determine the appropriateness of their depositions and their availability, and we will provide our response to your proposal once we have the list of prosecuting attorneys.

### Claim construction dates

We also discussed my earlier proposal to move the dates for claim construction briefing so that it concludes before the holiday season is in full swing. I am glad to hear that you are amenable to such a plan. We discussed a few possibilities for making such arrangements by stipulation, including conducting the expert discovery on technical issues earlier in the time-frame provided for expert discovery and possibly pushing back some of the damages expert discovery until a bit later, and I will get back to you regarding the schedule you proposed (opening briefs due Nov. 22, responsive briefs due Dec. 16) next week.

### Representative parts

We also discussed my earlier proposal that the parties come up with a list of representative parts to narrow the issues for discovery and, ultimately, presentation at trial. I am glad to hear that Fairchild is amenable to this proposal, and I look forward to discussing this issue with you further once we have discussed how best to go about do so with our respective teams.

### Outstanding Production From Fairchild

We discussed a few issues regarding outstanding discovery Fairchild owes Power Integrations. First, we discussed the multi-color mask layouts we have yet to receive for the accused Fairchild devices. Last we spoke, you were waiting to hear back from people in Korea regarding these documents. I look forward to your response, as we need the information to prepare for depositions and expert reports.

During our second call, you also raised some outstanding document production you planned to provide Power Integrations toward the end of next week. You represented that you had just received what you hoped to be the last of the computer files from Fairchild people who will be 30(b)(6) witnesses and that your review of these

FISH & RICHARDSON P.C.

Bas de Blank
July 29, 2005
Page 4

documents was under way. I expressed my concern with the late production, but if the production is truly as limited as you stated—a few small stacks of e-mail—then the issue should not present a cause for major concern, as such minor follow-up production is inevitable in cases like ours. Should the production turn out to be substantial, of course, we can address the issue at that time. I nonetheless look forward to receiving the documents as soon as possible.

I look forward to hearing from you on the issues noted above. Please let me know if anything contained herein does not comport with your understanding of our discussions.

Sincerely,

*[signature]*

Michael R. Headley

/vfl

50291027.doc

# Exhibit 3



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

July 29, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND U.S. MAIL*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re: Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

When we spoke yesterday, you indicated that Power Integrations may file a motion to amend its complaint for a second time in order to add Fairchild Semiconductor Korea Ltd. ("Fairchild Korea") as a party to this action. As I mentioned then, we believe that any such action at this late date is highly prejudicial to Fairchild. Power Integrations has known from the start of the case that Fairchild Korea designs and manufactures the accused products. Indeed, in its answer Fairchild clearly stated that it does not manufacture any PWM devices in the United States. Fairchild repeatedly made this point and clearly explained – both by telephone and by letters as early as January and February, 2005 – that all of the relevant technical information was located abroad in Korea.

Despite this, Power Integrations has made no previous effort to amend its complaint to add Fairchild Korea as a party. As you know, the deadline for such amendments was June 30, 2005. We are now approaching the close of fact discovery and it is simply too late for Power Integrations to seek to expand the case at this time.

Power Integrations' unexplained and inexcusable delay in seeking to name Fairchild Korea as a party is highly prejudicial to Fairchild. Were Power Integrations successful in its motion for leave to amend its pleadings at this late date, Power Integrations would need to go through the appropriate convention in order to affect service on a foreign corporation. This will likely take on the order of six months and prevent a timely resolution to this case and Fairchild's counterclaims.

Moreover, the additional non-party witnesses Power Integrations seeks are unnecessary. As we have explained, Fairchild will produce 30(b)(6) witnesses prepared to testify with the information reasonably available to Fairchild, including information held by Fairchild Korea. These witnesses will fully satisfy any legitimate need Power Integrations may have for such discovery. Fairchild does not intend to call at trial any non-party witness that Power Integrations has not had the opportunity to depose.

DOCSSV1:418461.1


ORRICK

Michael Headley
Page 2

    Finally, when we spoke yesterday you asked Fairchild to stipulate to an expedited briefing schedule with respect to Power Integrations' motion to amend its complaint. Given Power Integrations' delay in making this motion and the significant prejudice that would be experienced by Fairchild were the motion to be granted, we will not agree to shorten the time for Fairchild to oppose the motion.

                                        Sincerely,

                                        Bas de Blank

cc:    William J. Marsden, Jr.
        Howard G. Pollack

DOCSSV1:418461.1