IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    C.A. No. 04-1371-JJF |
| | : |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

## MEMORANDUM ORDER

Presently before the Court is a Motion To Compel Production Of Documents Relating To Fairchild's Manufacturing, Sales And Offers For Sale (D.I. 29) filed by Plaintiff Power Integrations, Inc. ("Power Integrations"). For the reasons discussed, Plaintiff's Motion will be granted-in-part and denied-in-part.

I.   **PARTIES' CONTENTIONS**

By its Motion, Power Integrations seeks to compel production of two categories of documents currently being withheld by Defendant, Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild"). Specifically, Power Integrations requests the production of (1) documents related to Fairchild's sales outside the United States and (2) documents regarding Fairchild's sales of products prior to the date of the Complaint. Power Integrations contends that information related to Fairchild's sales outside the United

States is directly relevant to the issue of Fairchild's liability for any resulting subsequent infringing activities in the United States. Power Integrations contends that Fairchild cannot unilaterally determine whether it "knew" the accused products would be imported into the United States and that the identity of Fairchild's customers alone may give rise to an inference that Fairchild knew or should have known that the sale of the accused device would lead to infringing importation.

As for documents regarding Fairchild's sales prior to the date of the Complaint, Power Integrations contends that it provided notice of its patents on its website and on packaging materials, including data sheets and applications notes, since July 3, 2002. Power Integrations contends that Fairchild cannot unilaterally determine that this notice was insufficient under 35 U.S.C. § 287. Thus, Power Integrations contends that the documents it seeks from Fairchild are relevant to the issue of damages, and therefore, discoverable.

In response, Fairchild contends that its activities outside the United States are irrelevant. Fairchild contends that it will provide discovery concerning its sales abroad to the extent that Fairchild knows that such devices are later imported into the United States. However, Fairchild contends that other information regarding the sale of its devices outside the United States cannot lead to the discovery of admissible evidence

because such foreign activity cannot support an action for patent infringement.

With regard to the second category of documents, Fairchild contends that Power Integrations cannot recover damages prior to the filing of the Complaint, unless Power Integrations satisfies the construction notice requirements of 35 U.S.C. § 287. Fairchild contends that none of Power Integrations' devices or their packages were marked with the patent numbers, and any notice on Power Integrations' website is insufficient under Section 287. Thus, Fairchild contends that it is not required to produce documents related to sales occurring prior to the filing of the Complaint, because Power Integrations cannot recover damages for that time period.

## II. DISCUSSION

### A. Documents Related To Fairchild's Sales Outside The United States

The Federal Rules of Civil Procedure allow for broad and liberal discovery. See Corning Inc. v. SRU Biosystems, LLC, 223 F.R.D. 191, 193 (D. Del. 2004) (citations omitted). Under Rule 26, the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevant information is not necessarily admissible at trial. Rather, information is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. Id.

3

To be liable for indirect infringement under Sections 271(b) and (c), the Plaintiff must show that the Defendant knew or should have known that its activity caused infringement. A plaintiff may also be liable for an offer to sell within the United States, regardless of where the actual sale eventually takes place. See e.g. Wesley Jessen Corp. v. Baucsh & Lomb, Inc., 256 F. Supp. 2d 228, 229 (D. Del. 2003).

Given the policy in favor of liberal discovery, the Court agrees with Power Integrations that information related to Fairchild's sales outside the United States is relevant for the purposes of determining whether Fairchild knew or should have known that the sale of its accused devices would lead to infringing importation. While this information may ultimately be inadmissible, it is relevant to the knowledge question, and therefore, the Court concludes that it is discoverable.

  B. <u>Documents Regarding Fairchild's Sale Of Products Prior To The Date Of The Complaint</u>

In full, 35 U.S.C. § 287(a) provides:

(a) Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. <u>In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was</u>

4

> <u>notified of the infringement and continued to infringe thereafter</u>, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

(emphasis added). The patentee has the burden of proving compliance with Section 287, and compliance with Section 287 is a question of fact. <u>Maxwell v. J. Baker, Inc.</u>, 86 F.3d 1098, 1111 (Fed. Cir. 1996).

In its Answers to Interrogatories, Power Integrations admitted that none of its devices or packages were ever marked with the numbers of any of the four patents asserted in this action. Specifically, Power Integrations' response to Interrogatory No. 18 states:

> Power Integrations marks its products by placing a patent notice on data sheets and catalogs available on its web site. Because Power Integrations is often receiving new patents on its devices, <u>the notice directs readers to Power Integrations' web site where an up to date list of Power Integrations' U.S. patents and copies of those patents may be easily obtained.</u> Power Integration started including this notice on or about July 3, 2002.

(D.I. 31, Exh. F) (emphasis added).

By way of specific example, Defendant attaches to its Opposition To Plaintiff's Motion To Compel, material from Power Integrations which states that its products "may be covered by one or more U.S. and foreign patents or potentially by pending U.S. and foreign patent applications assigned to Power

5

Integrations," and which directs individuals to its website. The Court has viewed Power Integration's website, and it contains a statement indicating the number of patents held by Power Integrations with a link to the Patent and Trademark office.

Based on this information, the Court concludes as a matter of law, that Power Integrations has not satisfied its burden of establishing constructive notice under Section 287. Readers of Power Integrations' notice cannot determine which devices are covered by which patents. Thus, any damages recoverable by Power Integrations are limited by Section 287 to the date that Fairchild received actual notice of its alleged infringement, which in this case, is the date of the Complaint. See MOSAID Techs. Inc. v. Samsung Elecs. Co., 362 F. Supp. 2d 526, 556 (D.N.J. 2005) (holding that when products were not marked with numbers of patents in suit, "damages are limited by when, and to what extent [plaintiff] provided [defendant] with actual notice that its [products] infringe the patents in suit"). Accordingly, the Court concludes that Power Integrations has not established that documents related to Fairchild's sales prior to the date of the Complaint are relevant to the question of damages, and therefore, the Court concludes that Power Integrations is not entitled to the discovery of these documents.

## III. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED this  9  day of August 2005, that the Motion To Compel Production Of Documents Relating To Fairchild's Manufacturing, Sales And Offers For Sale (D.I. 29) filed by Power Integrations, Inc. is **GRANTED** with respect to documents related to sales outside the United States by Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation and **DENIED** with respect to documents related to sales prior to the date of the Complaint by Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation.

_____
UNITED STATES DISTRICT JUDGE