IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>　　　　　Defendants. | **REDACTED PUBLIC VERSION**<br><br><br>C.A. No. 04-1371-JJF |

## DEFENDANTS' FIRST MOTION TO COMPEL

ASHBY & GEDDES
Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403) .
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Defendants*
*FAIRCHILD SEMICONDUCTOR*
*INTERNATIONAL, INC. and FAIRCHILD*
*SEMICONDUCTOR CORP.*

*Of Counsel:*

ORRICK, HERRINGTON & SUTCLIFFE LLP
G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: August 10, 2005

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") hereby move for an order compelling Plaintiff Power Integrations, Inc. ("PI") to provide full and accurate responses to Fairchild's interrogatories.

Since PI failed to provide Fairchild with any notice prior to filing suit, on the first day permitted (January 24, 2005) Fairchild served interrogatories seeking basic information such as the dates of conception and reduction to practice of the asserted claims and the terms for which PI has previously licensed the asserted patents. Rather than provide a narrative response with this information, PI hid behind Federal Rule of Civil Procedure 33(d) and identified over 19,000 pages of documents. Upon review, it quickly became apparent that these documents were largely irrelevant, but when Fairchild sought additional information, PI refused.

Since PI's responses do not provide Fairchild with the discovery to which it is entitled, Fairchild moves to compel a full narrative response to interrogatory nos. 7-9, 12, 14-17, 19, 21, 23-24, and 26-27.[1] A copy of Fairchild's interrogatories, PI's responses, and PI's supplemental responses are attached as Exhibits A, B, and C, respectively.

Rule 33(d) is only available if (i) the burden of deriving the response is substantially the same for both parties and (ii) the responding party identifies the specific documents (iii) from which responsive information can be derived:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom it has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Fed. R. Civ. P. 33(d). PI's responses are inadequate since PI fails to comply with Rule 33(d).

### A. The burden on Fairchild to derive responsive information is much greater than the burden on PI.

In response to Fairchild's First Set of Interrogatories, PI has identified 19,467 pages that

---

[1] Fairchild lacks space to address each disputed interrogatory individually within the four page limit of a motion to compel, but is prepared to detail the deficiencies in each interrogatory response should the Court allow.

are allegedly responsive to 15 different interrogatories. Many of these pages are totally
irrelevant. For instance, interrogatory no. 8 asks PI to describe the circumstances surrounding
the invention of each asserted claim, including specifying the dates of conception and reduction
to practice.[2] In response, PI identified 2,002 pages of documents, many of which postdate the
filing of the asserted patents. Documents generated years after the asserted patents were filed are
not responsive. The burden on Fairchild to wade through such chaff on the chance that relevant
documents were included is much greater than the burden on PI to provide a narrative response.

PI's response to interrogatory no. 9 is another example of PI's abuse of Rule 33(d). That
interrogatory sought, in part, the identity of the person who made PI aware of the accused
Fairchild devices and the dates of such occurrences. This discovery is relevant to Fairchild's
claim of laches. In its initial response, PI referred to

The parties met and conferred and Fairchild requested that PI supplement
its response to identify                              Exh. H. Indeed, PI sent Fairchild a sternly
worded letter stating that the identification of such witnesses is required by the Federal Rules.
Exh. I. When PI supplemented its responses, however, rather than name
as it had agreed to do, PI simply identified 6,042 pages of documents and claimed that the name
was contained somewhere in these pages. Fairchild's effort to review
these over 6,000 pages clearly dwarfs the effort required by PI to honor its earlier commitment
and provide the names ·                              that PI has in mind.

**B.      PI has not sufficiently identified the allegedly responsive documents.**

While PI purports to rely upon the production of documents, PI has repeatedly asserted
that its identification of documents is incomplete and that it may rely upon other unidentified
documents. *See*, Exhs. C, General Objection No. 12, and F. While cumulative documents need
not be identified, PI must identify by specific production number documents sufficient for

---

[2]      In its initial response, PI provided an incomplete narrative that set forth dates *before* which PI's claims
were allegedly conceived and reduced to practice. Obviously, this open-ended range is inadequate as it does not
allow Fairchild to determine what references were prior to PI's alleged invention. The parties met and conferred and
PI agreed to supplement its response to indicate that the inventions were allegedly conceived and reduced to practice
*after* the dates provided. Exhs. D and J. Instead of doing that, however, in its supplemental response PI simply
referred Fairchild to 2,002 pages of largely irrelevant documents. Exh. C.

Fairchild to derive a complete response.  PI cannot hide its contentions behind Rule 33(d), only to ambush Fairchild later at trial.  If PI cannot identify the specific documents from which Fairchild can derive all of the responsive information, PI must provide a narrative response.

In many cases the responsive information simply does not exist in the documents identified by PI.  For instance, interrogatory no. 26 seeks details concerning licenses of the PI patents.  Such discovery is relevant to at least the issue of what constitutes a reasonable royalty.  In response, PI states

Instead, PI refers Fairchild to 892 pages of documents.  These documents, however, do not include                                        Indeed, they do not even include
                                      If PI intends to rely upon Rule 33(d), it must identify
                                      If PI cannot or will not do so, it must provide a narrative
response

### C.    Fairchild is unable to derive complete responses from PI's documents.

Some of Fairchild interrogatories seek PI's contentions.  Rather than respond, PI relied upon the production of unidentified documents.  Exh. B.  While Fairchild was skeptical that it would be able to derive information about PI's contentions from such documents, Fairchild told PI that it would give PI the benefit of the doubt and review whatever specific documents were identified by PI.  Exhs. D, E and G.  PI delayed until June 30, 2005 before identifying a single responsive document for any interrogatory.  When PI finally identified the documents upon which it was relying, Fairchild's fears were confirmed.  It is impossible for Fairchild to derive PI contentions – basically, how PI views the evidence – from the documents identified by PI:

> Although defendants' interrogatory requests have now been voluntarily modified, even originally the interrogatories were a mixture of contention interrogatories and requests for statements of fact.  These type of interrogatories do not lend themselves to answer by use of Rule 33(d).  For this reason, plaintiff's reliance on Rule 33(d) is misplaced.

*U.S. Sec. and Exchange Comm'n v. Elfindepan S.A.*, 206 F.R.D. 574, 577 (M.D. N.C. 2002).

Moreover, many of the interrogatories propounded by Fairchild seek information on a claim by claim basis.  In response, however, PI refers to undifferentiated sets of documents.

Thus, it is impossible for Fairchild to determine the specific claim for which each document is allegedly responsive. For instance, interrogatory no. 12 asks PI to identify for each asserted claim any secondary indicia of non-obviousness. In response, PI refers Fairchild to 4,821 pages of documents. Even were these documents relevant to the issue of non-obviousness (by and large, they are not), there is no indication as to which claim PI believes the documents relate.

PI's gamesmanship has gone on long enough. Fairchild requires discovery from PI to prepare its case. PI should be compelled to provide a full narrative response to interrogatory nos. 7-9, 12, 14-17, 19, 21, 23-24, and 26-27 and be precluded from later relying on information responsive to those interrogatories that was not disclosed.

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Defendants*
*FAIRCHILD SEMICONDUCTOR*
*INTERNATIONAL, INC. and FAIRCHILD*
*SEMICONDUCTOR CORP.*

*Of Counsel:*

ORRICK, HERRINGTON & SUTCLIFFE LLP
G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400
Dated: August 5, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a Delaware
corporation,

        Plaintiff,

   v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION,
a Delaware corporation,

        Defendants.

C.A. No.  04-1371-JJF

## ORDER RE DEFENDANTS' FIRST MOTION TO COMPEL

Having considered defendants Fairchild Semiconductor International, Inc. and Fairchild

Semiconductor Corp.'s (collectively, "Fairchild") First Motion to Compel, the supporting and

opposing papers, the pleadings and papers on file with the Court, the arguments of counsel, and

good cause appearing therefore,

IT IS HEREBY ORDERED that Fairchild's motion is GRANTED:

1.    PI shall provide a full narrative response to interrogatory nos. nos. 7-9, 12, 14-17, 19, 21, 23-24, and 26-27 within 10 days of the date of this Order; and,

2.    Power Integrations shall be precluded relying on information responsive to interrogatory. nos. 7-9, 12, 14-17, 19, 21, 23-24, and 26-27 that is not set forth in that narrative response.

**IT IS SO ORDERED** this _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

160186.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2005, the attached **REDACTED**

**PUBLIC VERSION OF DEFENDANTS' FIRST MOTION TO COMPEL** was served upon

the below-named counsel of record at the address and in the manner indicated:


William J. Marsden, Jr., Esquire                          HAND DELIVERY
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE  19899

Frank E. Scherkenbach, Esquire                          VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Michael Kane, Esquire                          VIA FEDERAL EXPRESS
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN  55402

Howard G. Pollack, Esquire                          VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063


*/s/ John G. Day*
_____
John G. Day