# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,        )
                                     )
               Plaintiff,        )
                                     )
      v.                      )    C.A. No. 04-1371-JJF
                                     )
FAIRCHILD SEMICONDUCTOR     )
INTERNATIONAL, INC., and FAIRCHILD  )
SEMICONDUCTOR CORPORATION,   )
                                     )
             Defendants.     )

## DEFENDANTS FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND FAIRCHILD SEMICONDUCTOR CORPORATION'S FIRST SET OF INTERROGATORIES NOS. 1-28

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. hereby request that Plaintiff Power Integrations, Inc. answer each of the following interrogatories separately and fully, in writing and under oath, and serve a copy upon the undersigned counsel within thirty (30) days.

### DEFINITIONS

The following definitions shall apply when used in these interrogatories:

A.     "Fairchild" as used herein refers to Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp.

B.     "Power Integrations" as used herein refers to Power Integrations, Inc. and its subsidiaries, divisions, affiliates, successors, predecessors, and any employees, officers, directors, attorneys, agents, associates, or representatives thereof.

C.     "Power Integrations Patents" as used herein refers to U.S. Patent No. 4,811,075 (the "'075 Patent"), U.S. Patent No. 6,107,851, (the "'851 Patent"), U.S. Patent No. 6,229,366 (the "'366 Patent"), and U.S. Patent No. 6,249,876 (the "'876 Patent"), and all applications, continuations, continuations-in-part, divisionals, reexaminations, or reissues thereof and all foreign applications and patents which claim priority to any of the above.

1

D.      The terms "person" and "persons" as used herein refers to both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on behalf of said person, entity, or party.

E.      "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail and all other electronic and digital forms of communication, however produced.

F.      "Thing" as used herein refers to any physical object other than a "document."

G.      "Communication" as used herein refers to any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

H.      "Concerning" as used herein refers to referring to, relating to, pertaining to, relevant to, material to, embodying, evidencing, affecting, comprising, discussing, dealing with, supporting, contradicting or otherwise considering in any manner whatsoever the subject matter of the inquiry.

I.      "Any" and "all" as used herein refer to and include the other; the terms "and" and

2

"or" shall each mean and include the other, and the singular form of any word and the plural form of the word shall each mean and include the other.

## INSTRUCTIONS

1.    If Power Integrations cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, please so state and answer each such interrogatory to the full extent possible, specify the portion of such interrogatory that Power Integrations claims it is unable to answer fully and completely, state the facts upon which Power Integrations relies to support its contention that it is unable to answer that interrogatory fully and completely, and state what knowledge, information and belief that Power Integrations has concerning the unanswered portion of each such interrogatory.

2.    If Power Integrations withholds information responsive, in whole or in part, to any interrogatory on any basis, please identify:  (a) any privilege or immunity from discovery asserted; (b) all documents or things which contain or refer to the information; (c) all individuals having knowledge of the information; (d) the subject matter and general nature of the information; and (e) all facts that are alleged to support the assertion of privilege or immunity.

3.    Whenever a response calls for Power Integrations to identify or describe a document, writing or recording, please describe the document, writing or recording fully by:  (1) date; (2) subject matter; (3) persons signatory; (4) persons addressed or otherwise provided with the document; (5) present custodian; and (6) any other means and designations sufficient to identify the writing specifically for a request for production of documents.

4.    Whenever a response calls for Power Integrations to identify, describe, or state the identity of a person, please state:  (1) the person's full name; (2) the person's current or last known Internet e-mail address; (3) the person's current business address or last known home and business addresses; (4) the person's current business telephone number or last known home and business telephone numbers; (5) last known employer; (6) last known title or occupation; (7) if the person's present whereabouts is unknown, state all information known to Power Integrations that reasonably may be helpful in locating the person (for example, spouse's name, children's

3

names and addresses and the names and addresses of other known relatives); and (8) if the person has ever been employed by Power Integrations, state all employment positions that the person has held with Power Integrations and the beginning and ending dates of each such employment position.

5.      Whenever a response calls for Power Integrations to identify, describe, or state the identity of a legal entity such as a corporation, company, or person other than a natural person, please state: (1) the name of the entity; (2) the type of entity, e.g., corporation, partnership, sole proprietorship, etc.; (3) the place of incorporation or organization of the entity; (4) the principal place of business of the entity; and (5) the identity of the three natural persons believed to have the most knowledge of the matter with respect to which the legal entity is named.

6.      Whenever a response calls for Power Integrations to identify, describe, or state the identity of a thing, product, device, or system please state: (1) its manufacturer or producer; (2) its version or model number or other version or model designation; (3) its serial number or other unit designation; (4) its date or dates of manufacture or production; (5) its date or dates of license, sale and shipment; (6) its location and recipient customer; and (7) any patents believed to cover the thing, product, or device.

7.      Whenever a response calls for Power Integrations to identify or describe an event or a chain of events, please: (1) state the date or dates of each occurrence relevant to the event; (2) identify all individuals having knowledge of any occurrence or aspect of the event, including but not limited to those involved in, witnessing, supervising, controlling, supporting, requesting, or otherwise participating in the event; (3) describe the role and contribution of each person identified; (4) describe all related events, and all previous or subsequent related attempts whether or not completed and whether or not successful; and (5) describe the motivation and causation for the event.

a.      For example, if asked to describe the development of a particular subject matter, a complete response would include, but is not limited to: an identification of all individuals who contributed in any manner, including technical, financial, managerial,

supervisory, testing, or consulting support, to the invention or development of the subject matter; an identification of the contribution of each individual identified and a description of the circumstances of each contribution; an identification of all drawings, sketches, written descriptions, or other documents, writings or recordings prepared or generated in connection with the development of the subject matter including an identification of all models, prototypes, or experimental embodiments of the subject matter or leading to the subject matter; an identification of the first reduction to practice of the subject matter and a description of the circumstances surrounding such reduction to practice; an identification of all experiments or research conducted in connection with or for the development of the subject matter and all documentation of such experiments or research including an identification and explanation of the reasons for all alterations made to the subject matter, or to devices or methods which ultimately resulted in the subject matter; an identification of the project, product, or customer for which the subject matter was developed; and a list and description specifying the date of all other acts and documents which bear evidence of, or tend to establish the facts and circumstances leading to the actual reduction to practice of the product.

b.    As another example, if asked to describe the circumstances leading to and surrounding the first public disclosure of a particular subject matter, a complete response would include, but not be limited to:  an identification and description of the circumstances surrounding the first sale or offer for sale of the subject matter and a description of the first shipment of a device or system including or embodying the subject matter; an identification and description of the circumstances surrounding the first public use of the subject matter; an identification and description of the first, and all subsequent publications, including, but not limited to, advertisements, technical articles, announcements and the like, which describe the subject matter or the development of the subject matter; and, an identification and description of the circumstances surrounding any disclosure of the subject matter or the development of the subject matter to any

individual prior to the public disclosure thereof.

8.    These discovery requests are intended as continuing, requiring Power Integrations to supplement its answers and responses, setting forth any information within the scope of the discovery requests that may be acquired by Power Integrations or by its employees, agents, attorneys, or representatives subsequent to the original answers, all as required by Federal Rules of Civil Procedure 26 and 33.

## INTERROGATORIES

### INTERROGATORY NO. 1

For each asserted claim of the Power Integrations Patents, identify the accused Fairchild product or products and state, on an element by element basis, how each accused product or products allegedly meets each element of each asserted claim.

### INTERROGATORY NO. 2

For each asserted claim of the Power Integrations Patents that Power Integrations contends Fairchild induced or contributed to the infringement of others, identify the specific direct infringer or infringers and, for each, state on an element by element basis how that direct infringer allegedly practices every element of each asserted claim.

### INTERROGATORY NO. 3

For each asserted claim of the Power Integrations Patents that Power Integrations contends Fairchild induced or contributed to the infringement of others, identify with particularity the specific acts by which Fairchild allegedly induced or contributed to the infringement of others.

### INTERROGATORY NO. 4

Describe on a limitation-by-limitation basis (as in a claim chart) how you contend each term and limitation of each asserted claim of each of the Power Integrations Patents should be

6

construed including, but not limited to, the following terms or phrases: "soft start circuit", "drive circuit", "monolithic", "additional oscillator", "frequency variation oscillation signal", "frequency variation circuit", "frequency variation signal", "frequency range", "varies according to a magnitude of said frequency variation signal", "drive signal", "oscillation signal having a frequency range", "variable threshold level", "switch", "coupled", "primary voltage", "secondary voltage", "binary-weighted", "means coupled to the control input for varying the switching frequency", "differential switch", "means coupled to the capacitor for alternatingly charging and discharging the capacitor", "primary current source", "less than approximately 0.1 of I", "less than about 0.1 of I", "high voltage MOS transistor", "substrate", "extending laterally each way", "between the drain contact pocket and the surface-adjoining positions", "subject to application of a reverse-bias voltage", "a pair of laterally spaced pockets of semiconductor material of a second conductivity type within the substrate",

## INTERROGATORY NO. 5

Identify all intrinsic evidence, extrinsic evidence or other evidence supporting your proposed construction of each term and limitation of each asserted claim of the Power Integrations Patents, including, but not limited to, identifying each person you may call as a witness at a claim construction hearing in this matter on whose testimony you may rely to support your claim construction.

## INTERROGATORY NO. 6

For each element of each asserted claim of the Power Integrations Patents that Power Integrations contends is written in means-plus-function or step-plus-function form, identify by column and line number the corresponding structure in the Patent's specification and identify the scope of equivalents thereof.

## INTERROGATORY NO. 7

For each asserted claim of the Power Integrations Patents, identify the priority date to which the claim is entitled, and set forth all facts, if any, upon which Power Integrations bases its contention.

## INTERROGATORY NO. 8

For each asserted claim of the Power Integrations Patents, describe the circumstances surrounding the invention of the claim, including, but not limited to, the precise date of conception, the persons involved, the date of actual reduction to practice whether before or after any filing date, the identity of any corroborating witness, the steps constituting diligence from conception to actual or constructive reduction to practice, and identify any resulting devices.

## INTERROGATORY NO. 9

State with particularity all facts and circumstances relating to when Power Integrations first learned of, or became aware of, the accused Fairchild products, including, but not limited to, the date and person who made Power Integrations aware of the accused Fairchild products.

## INTERROGATORY NO. 10

For each claim of the Power Integrations Patents, identify every instance where any third party has been accused of infringing the claim, including, but not limited to, the name and address of each third party, the circumstances surrounding the accusation, and their response, if any.

## INTERROGATORY NO. 11

Identify all articles, references, products, whether on-sale or in public use, or other evidence that Power Integrations is aware of or that any person or entity has contended or asserted is prior art or otherwise relevant to the validity or invalidity of any claim of the Power

Integrations Patents.

## INTERROGATORY NO. 12

For each asserted claim of the Power Integrations Patents, identify any fact that Power Integrations contends provides evidence that the claim was non-obvious including, but not limited to, any secondary considerations of non-obviousness including commercial success, any long felt but unsolved need, failure of others, copying, praise, unexpected results, industry acceptance, skepticism or disbelief before the invention.

## INTERROGATORY NO. 13

For each asserted claim of the Power Integrations Patents, identify any Power Integrations products Power Integrations contends practice or embody that claim.

## INTERROGATORY NO. 14

For each product identified in response to Interrogatory No. 13, identify any nexus between any commercial success of that product and the invention of the asserted claim.

## INTERROGATORY NO. 15

For each product identified in response to Interrogatory No. 13, identify the total sales to date of the product, the quarter of such sales, all promotion or advertising of the product, the customers who purchased the product, and the invoices or other documents reflecting the sales of the product.

## INTERROGATORY NO. 16

State any basis by which Power Integrations contends it is entitled to damages, increased damages, or attorneys' fees.

9

**INTERROGATORY NO. 17**

For October 20, 1998 to October 20, 2004, state the annual sales by country for each Power Integrations PWM product including, but not limited to, each product in the TinySwitch I, TinySwitch II, TOPSwitch, TOPSwitch II, TOPSwitch FX, TOPSwitch GX, LinkSwitch, and DPA-Switch families of products.

**INTERROGATORY NO. 18**

Identify any product marked with any of the Power Integrations Patents' numbers and, for each such product, state the manner and location of such marking and when the product was first so marked and sold.

**INTERROGATORY NO. 19**

State whether each product in the TinySwitch I, TinySwitch II, TOPSwitch, TOPSwitch II, TOPSwitch FX, TOPSwitch GX, LinkSwitch, and DPA-Switch families of products was marked pursuant to 35 U.S.C. § 287 prior to October 20, 2004, the manner of any such marking, and when each such product was first offered for sale.

**INTERROGATORY NO. 20**

For each defendant named in the Complaint, state and identify all efforts, actions, correspondence, letters, or communications made prior to October 20, 2004 to place such defendant on actual notice of its alleged infringement of any of the Power Integrations Patents.

**INTERROGATORY NO. 21**

For each asserted claim of the Power Integrations Patents, identify all Power Integrations products for which Power Integrations contends to have lost profit or suffered price erosion due to Fairchild's alleged infringement, describe with specificity the circumstances of such lost profit or price erosion, including, but not limited to, identifying when the lost profit or price erosion

10

occurred and specifically whether such lost profit or price erosion occurred after October 20, 2004, and state, on a quarterly and annual basis, the total amount of lost profits or price erosions caused by each Fairchild product Power Integrations accused of infringing the Power Integrations Patents.

## INTERROGATORY NO. 22

State whether a pulse width modulation product market exists in the United States and, if so, for each Power Integrations product identified in response to Interrogatory No. 22, state its actual share of that market for each year from 1998 to the present.

## INTERROGATORY NO. 23

For each Power Integrations product identified in response to Interrogatory No. 22, state the products' annual sales by country from October 20, 1998 to the present.

## INTERROGATORY NO. 24

For each Power Integrations product identified in response to Interrogatory No. 22, state the products' market share by country from October 20, 1998 to the present.

## INTERROGATORY NO. 25

Identify all non-infringing switches that could be used as alternatives to the devices claimed by the Power Integrations patents including, but not limited to, traditional linear transformers, discrete switcher power supplies, discrete components such as high-voltage Bipolar and MOSFET transistors, PWM controller ICs, passive components, hybrid and single high-voltage ICs.

## INTERROGATORY NO. 26

Identify each license, covenant not to sue, release, or right to practice the asserted claims of the Power Integrations Patents that Power Integrations has provided and, for each, state its terms including, but not limited to, identifying the party receiving the rights, the duration of the license, the scope of the license, any limitations on the license, and any royalty or other consideration received or paid.

## INTERROGATORY NO. 27

Identify any evidence of an established or reasonable royalty rate for each of the Power Integrations Patents including, but not limited to, (i) the royalties actually received by Power Integrations for the licensing of the Power Integrations Patents, (ii) any rates paid by the Power Integrations for the use of other patents comparable to the Power Integrations Patents, (iii) the nature and scope of any licenses in (i) or (ii), as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold, (iv) Power Integrations' policy or marketing program to maintain its patent monopoly by not licensing others to use the invention or by granting licenses under conditions designed to preserve that monopoly or by freely licensing others, (v) the effect of selling Power Integrations products covered by the Power Integrations Patents in promoting sales of other products of Power Integrations; the existing value of the products covered by the Power Integrations Patents as a generator of sales of its non-patented items; and the extent of any derivative or convoyed sales as a result of sales of any Power Integrations products covered by the Power Integrations Patents, (vi) the established profitability of the products made under the Power Integrations Patents; their commercial success; and their current popularity, (vii) the utility and advantages of the Power Integrations products covered by the Power Integrations Patents over the prior art, if any, (viii) the extent to which Power Integrations has made use of the invention covered by the asserted claims of the Power Integrations Patents; and any evidence probative of the value of that use, (ix) the portion of the profit or of the selling price that may be customary in Power

Integrations' business or in comparable businesses to allow for the use of the invention covered by the asserted claims of the Power Integrations Patents or analogous inventions, (x) the portion of the realizable profit that should be credited to the invention covered by the asserted claims of the Power Integrations Patents as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by Fairchild, and (xi) any evidence or factor of what would be considered relevant by Power Integrations to the hypothetical negotiation of a license to the asserted claims of the Power Integrations Patents.

## INTERROGATORY NO. 28

Separately for each interrogatory to which Power Integrations has responded in whole or in part, identify the source of such response including, but not limited to, each person who provided or helped provide the answer or any information concerning the answer to that interrogatory including, but not limited to, providing the home and work address for each such person, their official job title, and their responsibilities and any documents relied upon.

ASHBY & GEDDES

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
Duo Chen

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: January 24, 2005
152662.1

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2005, the attached **DEFENDANTS**

**FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND FAIRCHILD**

**SEMICONDUCTOR CORPORATION'S FIRST SET OF INTERROGATORIES**

**NOS. 1-28** was served upon the below-named counsel of record at the address and in the manner

indicated:


William J. Marsden, Jr., Esquire                    HAND DELIVERY
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE  19899

Frank E. Scherkenbach, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Michael Kane, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN  55402

Howard G. Pollack, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063


_____
John G. Day

# EXHIBIT B

# REDACTED

# EXHIBIT C

# REDACTED

# EXHIBIT D

**REDACTED**

# EXHIBIT E

# REDACTED

# EXHIBIT F

# REDACTED

# EXHIBIT G

# REDACTED

# EXHIBIT H

# REDACTED

# EXHIBIT I

# REDACTED

# EXHIBIT J

# REDACTED