IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a Delaware corporation,

Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,

Defendants.

**REDACTED VERSION**

C.A. No. 04-1371-JJF

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' FIRST MOTION TO COMPEL**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Gina M. Steele
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

DATED: August 16, 2005

# TABLE OF CONTENTS

**Page**

I. THE NARRATIVE ANSWERS THAT FAIRCHILD SEEKS ARE THE PROPER SCOPE FOR EXPERT REPORTS .......... 2

II. THE ANSWERS FAIRCHILD SEEKS ARE CONTAINed IN DOCUMENTS WHICH ARE NO MORE BURDENSOME FOR FAIRCHILD TO REVIEW THAN POWER INTEGRATIONS. .......... 3

III. POWER INTEGRATIONS HAS PROVIDED FAIRCHILD ADEQUATE NARRATIVE RESPONSES SUPPLEMENTED BY DOCUMENTS. .......... 4

IV. CONCLUSION .......... 5

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*IP Innovation v. Sharp Corp.*,
219 F.R.D. 427 (N.D. Ill. 2003) .......... 2

## FEDERAL STATUTES

Fed. R. Civ. P. 26(a)(2)(C) .......... 2

Fed. R. Civ. P. 33 .......... 1

Fed. R. Civ. P. 33 .......... 3

Fairchild mischaracterized the earlier agreements and requested even more information. [Exs. M, O.] Now, Fairchild complains Power Integrations identified too many documents.

Fairchild's motion to compel is nothing more than an attempt to have Power Integrations provide a detailed road map of its case, and premature disclosure of expert opinions, so that Fairchild will not have to review the documents produced by Power Integrations. Because Power Integrations has complied with the requirement of the Federal Rules, the Court should deny Fairchild's Motion to Compel.

## I. THE NARRATIVE ANSWERS THAT FAIRCHILD SEEKS ARE THE PROPER SCOPE FOR EXPERT REPORTS.

Fairchild is improperly seeking narratives that are the subject of expert reports. For example, in Interrogatory Nos. 12 and 15, Fairchild requests the evidence that each claim of the patents at issue are non-obvious, including evidence regarding the commercial success of the patented features. In Interrogatory Nos. 16, 21, 24, and 27, Fairchild requests the basis for Power Integrations damages contentions, including its market share, its lost profits analysis, and its reasonable royalty analysis. [D.I. 46 at Ex. A] Because the information Fairchild seeks requires expert analysis, Fairchild cannot seek this information through interrogatories. FED. R. CIV. P. 26(a)(2)(C)("These disclosures shall be made at the times and in the sequence directed by the court."); D.I. 17 at ¶ 3(e) (ordering expert reports October 10, 2005); *IP Innovation v. Sharp Corp.*, 219 F.R.D. 427, 429-30 (N.D. Ill. 2003) (denying motion to compel responses on contention interrogatories requesting information that was the proper subject of expert reports). Power Integrations will provide this information at the time it is required, i.e., when this Court has scheduled expert reports. *Id.* In responding to these interrogatories, Power Integrations fully met its discovery requirements under the Federal Rules; it provided Bates numbers of the underlying evidence that Power Integrations will provide its experts to analyze.

## II. THE ANSWERS FAIRCHILD SEEKS ARE CONTAINED IN DOCUMENTS WHICH ARE NO MORE BURDENSOME FOR FAIRCHILD TO REVIEW THAN POWER INTEGRATIONS.

Additionally, in numerous interrogatories, Fairchild requests information that can easily and accurately be understood from documents which Fairchild can review as easily as Power Integrations. For example, in Interrogatory Nos. 14, 17, and 23, Fairchild requests Power Integrations' sales information and its advertising and promotion activities. [D.I. 46 at Ex. A] In response, Power Integrations provided the Bates numbers of financial statements, accounting documents, and advertising documents. In Interrogatory No. 19, Fairchild requests all information regarding how Power Integrations marked its products. *Id.* In response, Power Integrations provided the Bates numbers of documents regarding its marking policy and of the documents which were marked with information about the patents. In Interrogatory No. 26, Fairchild requested information regarding Power Integrations' licenses. *Id.* In response, Power Integrations provided the Bates numbers for the licenses and the negotiations regarding the licenses.[1] Because Power Integrations produced specific relevant Bates numbers for the documents, it would be no more burdensome for Fairchild to review these documents to find relevant information than for Power Integrations to do the same task. FED. R. CIV. P. 33(d) ("A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.").

Further, Fairchild's complaints regarding the number of documents Power Integrations identified must be viewed in light of the document intensive nature of this case. Defendants produced approximately 1.3 million pages of documents, 175,000 of which were produced in the last week, more than a month after the production deadline. In contrast, Power Integrations carefully collected the relevant documents, and produced approximately 300,000 pages of

---

1 While Power Integrations may have inadvertently failed to provide the Bates numbers of all the relevant licenses in its initial supplement, Power Integrations has now supplemented its responses to include them. When Fairchild brought this issue to its attention, Power Integrations stated that it would check into the matter and ensure it has provided all of the relevant information, and did not refuse to provide this further information. [Ex. N.] Fairchild filed this motion before Power Integrations had an opportunity to respond to the request.

documents. Power Integrations reviewed these documents and only identified the documents relevant to the Interrogatories. Further, Power Integrations attempted to identify all documents that contained potentially relevant information in light of Fairchild's threat to seek to limit the documents Power Integrations could introduce at trial to only those identified. [Exs. H, M.]

## III. POWER INTEGRATIONS HAS PROVIDED FAIRCHILD ADEQUATE NARRATIVE RESPONSES SUPPLEMENTED BY DOCUMENTS.

Power Integrations provided a narrative response to certain of the interrogatories at issue, and then supplemented these responses by identifying the Bates numbers of documents. These responses are sufficient. For example, in response to Interrogatories Nos. 7 and 8, Power Integrations provided details on the conception and reduction to practice of the patented inventions and supplemented this response with reference to documents that have been identified. [D.I. 46 at Ex. B and C] Additionally, at the request of Fairchild, Power Integrations provided even further information in a letter stating that the Bates numbers identified were the only information Power Integrations presently had about the conception and reduction to practice of the '075 patent in its possession. [Ex. G.] Nonetheless, Fairchild demands Power Integrations do more work for Fairchild on the case.[2]

Further, it is clear that Fairchild has not made a good faith effort to review the identified documents for the responsive information. In response to Interrogatory No. 9, Power Integrations provided the Bates numbers of documents detailing the information Power Integrations has received about Fairchild products. *Id.* Fairchild seeks information about the "overseas contacts" listed in the interrogatory response, who are identified in the documents Power Integrations listed. Fairchild can simply read these documents for itself to glean the requested information; which is exactly what Power Integrations would need to do so the response pursuant to Rule 33 is sufficient and perfectly appropriate under the circumstances.

---

2 Additionally, Fairchild complains that Power Integrations did not provide relevant documents because some of the documents identified were dated after the conception date. However, documents dated after conception are relevant if they describe the conception. [Ex. Q; Ex. R at 19].

Defendants' Fairchild Semiconductor International, Incorporated and Fairchild Semiconductor Corporation (collectively "Fairchild") Motion to Compel is nothing more than Fairchild's attempt to seek Power Integrations' work product and expert testimony prior to the date for expert reports. Fairchild's motion makes that fact clear. In their brief, Defendants specifically state that they are not seeking the relevant evidence, but "how PI views the evidence." [D.I. 46 at 3].

Throughout the discovery process, Defendants have inundated Power Integrations with letters demanding more information than the Federal Rules of Civil Procedure require, despite Power Integrations numerous attempts to be responsive and cooperative. [Exs. A –R.] This motion is simply a continuation of that process. As Defendants admit in their motion, Power Integrations is allowed to use Federal Rule of Civil Procedure 33(d), rather than supplying a narrative response to interrogatories; as long as ". . . the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained . . ." FED. R. CIV. P. 33. Power Integrations, however, not only complied with this Rule by specifying the types of documents from which answers could be ascertained; to be cooperative, Power Integrations also culled through its production and provided the specific Bates numbers of the documents that contained the responsive information, even though the Defendants should have been able to identify these documents themselves from the descriptions of the documents provided in the interrogatory responses. Further, in light of Defendants' threats that they would try to limit Power Integrations to introducing at trial only the documents that were identified, [*see e.g.* Exs. H, M], Power Integrations made every attempt to be thorough and identify all documents relevant to the information sought by Fairchild. Despite these good faith efforts by Power Integrations to provide additional information responsive to Fairchild's requests, when Fairchild received the Bates numbers, it reacted as it has throughout this litigation—

## IV. CONCLUSION

For the reasons set forth above, Power Integrations respectfully requests that the Court deny Defendants' motion to compel.

Dated: August 12, 2005

FISH & RICHARDSON P.C.

By: [signature]

William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Gina M. Steele
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2005, the attached **REDACTED VERSION OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' FIRST MOTION TO COMPEL** was served upon the following attorneys of record, in the manner indicated:

**VIA ECF**
Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION

**VIA FIRST CLASS MAIL**
G. Hopkins Guy, III
Bas de Blank
Duo Chen
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION

Sean P. Hayes