



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

March 1, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND MAIL (650) 839-5070*

Howard G. Pollack
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Howard:

Thank you for hand serving us with Power Integrations' discovery responses on Wednesday, February 22, 2005. We agree that it is more efficient for us to hand serve each other and provide copies to Delaware counsel via Federal Express for delivery the next day and we will do the same with our upcoming discovery responses.

We have reviewed Power Integrations' discovery responses. Unfortunately, there are a number of deficiencies. We hope the parties can resolve these issues without involving the Court. Thus, we request that the parties meet and confer at 1:00 p.m. Thursday, March 3, 2005. To make that discussion more fruitful, we provide the following summary of our concerns. Please let me know whether you are available at that time and, if not, please let me know when we can discuss these issues.

**Power Integrations' Interrogatory Responses**

1.    Power Integrations' interrogatory responses have not been verified. Pursuant to Federal Rule of Civil Procedure 33(b)(1), "each interrogatory shall be answered separately and fully in writing under oath" and pursuant to Federal Rule of Civil Procedure 33(b)(2) such answers "are to be signed by the person making them...." Please provide the requisite verifications.

2.    In response to many of Fairchild's interrogatories, Power Integrations opts to produce documents pursuant to Federal Rule of Civil Procedure 33(d) from which the information may be obtained. To rely upon Rule 33(d), however, Power Integrations must "specify the records from which the answer may be derived or ascertained... in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer must may be ascertained." Thus, Power Integrations must supplement its responses to identify the specific Bates numbers of the documents from which Fairchild can derive the responsive information. Further, Power Integrations does not appear to have produced the documents upon which it purports to rely. Please produce these documents immediately. Once Power Integrations has produced and identified the documents at issue, Fairchild will be able to determine whether Power Integrations has adequately responded to Fairchild's interrogatories.



**ORRICK**

Howard G. Pollack
March 1, 2005
Page 2

3.      Power Integrations' Second General Objection is "to the extent each interrogatory includes subparts that should be propounded, numbered or counted as another interrogatory in accordance with Rule 33." Fairchild does not believe that any of the interrogatories contain such subparts. As you know, the Court has limited the number of interrogatories that each party may serve. Thus, to avoid future debate, it is important that the parties agree on exactly how many interrogatories have been served. If Power Integrations believes that Fairchild has served more than 28 interrogatories, please identify each allegedly compound interrogatory and each allegedly discrete subpart. Absent this information, Fairchild will continue to assume that it has only served 28 interrogatories and, thus, has 22 interrogatories remaining.

4.      With respect to General Objection No. 7, Power Integrations objects "to the extent that [the interrogatories] seek identification of 'all' information that refer or relate to a particular subject on the grounds of over breadth, undue burden, and expense." Please confirm that Power Integrations has not withheld relevant, responsive and non-privileged information in its possession, custody, or control based on this objection.

5.      With respect to General Objection No. 10, Power Integrations objects to Fairchild's definitions of "identify" and Fairchild's request for a privilege log. Power Integrations, however, does not indicate the portion of these definitions and request to which it objects and does not specify how it will interpret these terms. Additionally, Power Integrations fails to indicate when it will provide a privilege log and what sort of information that log will contain. Please provide these details.

6.      With respect to General Objection No. 11, Fairchild reserves its right to object to information or documents that were not timely provided in response to Fairchild's discovery requests.

7.      Interrogatory No. 1 calls for Power Integrations to identify for each asserted claim the accused products and to state how each product allegedly infringes. Power Integrations fails to provide this basic and essential information. Thus, its response is unacceptable and must be supplemented immediately.

It has been four months since Power Integrations filed its complaint that unidentified Fairchild devices infringed unidentified Power Integrations claims in some unspecified manner. Fairchild has repeatedly requested that Power Integrations identify the claims that it asserts – information clearly within Power Integrations' possession. Rather than provide it, however, Power Integrations' interrogatory response refers to "representative" claims. To be clear, Fairchild is relying upon the identification of claims provided in Exhibit A to Power Integrations' interrogatory responses and will proceed with the case in express reliance that only those claims are asserted. If Power Integrations intends to assert additional claims, immediately identify which claims will be asserted and supplement the response to Interrogatory No. 1 without further delay.



ORRICK

Howard G. Pollack
March 1, 2005
Page 3

Second, rather than identify the specific accused Fairchild products as required by Interrogatory No. 1, Power Integrations states that "at least the following Fairchild products infringe". This, too, is unacceptable. If Power Integrations is accusing any additional Fairchild product, it must identify that product immediately and provide the required information concerning how that product allegedly infringes. Unless Power Integrations does so, we will assume that Power Integrations does not accuse any products other than those listed in response to Interrogatory No. 1.

Power Integrations' refusal or inability to identify the accused Fairchild products is of particular concern. As you know, Power Integrations twice identified five Fairchild products that Power Integrations believed infringed. Power Integrations' discovery requests, however, were much broader, identifying 49 "accused" products (of which, only 47 were different as one product was listed three times). In response to Fairchild's interrogatory, however, Power Integrations is apparently no longer accusing 22 of these products as Power Integrations does not assert that they are infringing any claim of the patents-in-suit. Of more concern, however, Power Integrations appears to seek to expand the scope of its allegations once more by identifying 11 allegedly infringing products that were not listed in Power Integrations' letters or included as "accused products" in Power Integrations' discovery requests. We assume that Power Integrations' response to Interrogatory No. 1 is the most accurate statement of which products Power Integrations accuses and, thus, will prepare our case accordingly. If this is not correct, please let us know immediately and please supplement the interrogatory response without delay.

Third, Interrogatory No. 1 clearly calls for Power Integrations to identify the accused products on a claim by claim basis. Power Integrations fails to do so, instead listing Fairchild products that allegedly "infringe one or more claims" of each patent. Please specify whether Power Integrations believes that all of the products identified as infringing each patent are alleged to infringe each of the claims listed in Appendix A or whether some claims are only asserted against some products.

Finally, rather than state on an element by element basis how each accused device allegedly infringes each asserted claim – as called for by Interrogatory No. 1 – Power Integrations provides a single "representative" chart and states that "the other accused Fairchild products appear to incorporate identical or substantially identical circuits". Such a representative chart is only acceptable if Power Integrations agrees that the accused products will truly be treated in a uniform manner – namely, that should Fairchild prove that any of the accused devices fail to practice any element of any claim, Power Integrations will agree that none of the accused devices infringe that claim. If this is acceptable, Power Integrations need do nothing more. If, however, Power Integrations intends to treat each product separately, then Power Integrations must provide a separate chart indicating how it believes each product infringes.

8.      Interrogatory No. 2 asks Power Integrations to identify which claims it believes Fairchild indirectly infringes. Please supplement the responses to provide this information. Power Integrations' objection that "Power Integrations will abide by the procedural schedule the Court sets forth in this litigation" is not well taken. We are not aware of any schedule specifically requiring the provision of this information or excusing Power Integrations from responding to this interrogatory. Please confirm that Power Integrations is not withholding information on the basis of this objection.



ORRICK

Howard G. Pollack
March 1, 2005
Page 4

9.    In its complaint, Power Integrations states that Fairchild has been and is now "inducing infringement, and contributing to the infringement" of the patents-in-suit. Presumably, Power Integrations had a basis for this accusation. Interrogatory No. 3 seeks this basis; namely, "the specific acts by which Fairchild allegedly induced or contributed to the infringement of others." Rather than provide this information, Power Integrations refers to unspecified "encouragement" and "instructions" allegedly provided by Fairchild to unspecified customers concerning unspecified devices. Power Integrations must identify any specific statement or action that it alleges induced or contributed to the infringement of others.   Finally, as set forth with respect to Interrogatory No. 2, please confirm that Power Integrations is not withholding any responsive information based on its belief that such information is required some other time by the Court's schedule.

10.    Interrogatory No. 4 calls for Power Integrations to describe how it contends that the asserted claims should be construed, interrogatory No. 5 calls for an identification of the evidence and witnesses supporting this construction, and interrogatory No. 6 calls for an identification of means-plus-function or step-plus-function claims (and the corresponding structure in the patent's specification and the scope of equivalents thereof).   In order for Power Integrations to allege that Fairchild infringes any claim of the patents-in-suit, Power Integrations necessarily has what it believes to be the proper construction of that claim.   Presumably, that construction is based on some evidence.   Fairchild is entitled to this information.

While Power Integrations provides an acceptable response for some claim terms, it fails to provide any response for a number of requested terms. For instance, Power Integrations properly provides what it considers to be the meaning of the term "switch" as used in claim 1 of the '851 patent and identifies the intrinsic and extrinsic evidence that it believes supports its construction. Thus, Power Integrations is clearly able to respond to this interrogatory.  For the majority of claims and terms, however, Power Integrations' response is inadequate.  Rather than providing its construction, Power Integrations merely quotes or cites the patent's specification.  For instance, with respect to claim 2 of the '851 patent (which includes the term "monolithic" that Fairchild expressly called out as requiring a construction), Power Integrations simply states that "'Pulse width modulated switch 262 is presently preferred to be a monolithic device." Col. 9, lines 62-63." Clearly, this provides no indication of how Power Integrations is construing these terms and no identification of the evidence that allegedly supports Power Integrations' construction.  Please supplement the response to these interrogatories to provide the required information including Power Integrations' construction of the terms of the asserted claims and the evidence Power Integrations contends supports this construction.  Should Power Integrations continue to refuse to provide discovery concerning its claim construction, Fairchild may seek to preclude Power Integrations from advancing such positions for the first time during the claim construction briefing and hearing.

11.    Interrogatory No. 7 seeks the priority date to which Power Integrations believes each claim is entitled and the facts supporting this contention.  For instance, in response to the Examiner's rejection that the claims of the '075 patent were not supported by the specification, Power Integrations added substantial new matter to that application.  We assume that those claims directed to this new matter have a priority date of the amendment and not the original application and merely request that Power Integrations identify those claims so affected.



ORRICK

Howard G. Pollack
March 1, 2005
Page 5

Rather than provide priority dates for each asserted claim, however, Power Integrations states that the inventions were conceived "at least as early" as certain times. This is not responsive to the interrogatory. Please provide the specific priority date for which Power Integrations contends each claim is entitled.

12.     Interrogatory No. 8 seeks information concerning the conception and reduction to practice of the Power Integrations patents. Power Integrations objects that Interrogatory No. 8 "counts as two separate interrogatories" but does not explain what portion of the interrogatory contains the supposedly objectionable subpart. Please provide this information so that we can evaluate Power Integrations' objection.

Substantively, Power Integrations' response is insufficient as it does not provide the information called for by Interrogatory No. 8. First, the interrogatory requires Power Integrations to identify the precise date of conception of the alleged invention. Rather than provide this date, Power Integrations states that the '075 patent was conceived "at least as early as October, 1985" — an open ended period that could, conceivably, extend backwards for years. Power Integrations must amend its response to indicate the specific date of conception.

Interrogatory No. 8 requires Power Integrations to identify "the date of actual reduction to practice" for each invention. Rather than provide this, Power Integrations simply states that the inventors "constructed various circuits using the inventions" at some unspecified time. Power Integrations must state when each invention was reduced to practice if it contends that such reduction occurred prior to the filing of the patent applications.

Finally, we assume that Power Integrations' failure to identify witnesses able to corroborate any alleged reduction to practice indicates that no such witnesses exist. If this is not the case, please supplement the response to this interrogatory and identify those witnesses.

13.     Interrogatory No. 9 seeks information concerning when and how Power Integrations first learned of the accused Fairchild products. Power Integrations objects that such information is not relevant. This information, however, is clearly relevant to Fairchild's affirmative defense of laches as well as other issues in this case. Please confirm that Power Integrations has not withheld any information based on its perceived relevance.

Power Integrations' response to this interrogatory is particularly deficient. While the interrogatory seeks information concerning each of the accused products, Power Integrations only provides it for some of the products identified in as accused in Power Integrations' response to Interrogatory No. 1. Moreover, Power Integrations' response to Interrogatory No. 9 refers to several products that were not accused in its response to Interrogatory No. 1. We assume that Power Integrations' response to Interrogatory No. 1 identifies all of the accused devices. Please supplement the response to Interrogatory No. 9 to provide the date at which Power Integrations first became aware of each accused Fairchild device and to remove reference to non-accused devices.



ORRICK

Howard G. Pollack
March 1, 2005
Page 6

Additionally, Interrogatory No. 9 requires Power Integrations to identify the person who first made Power Integrations aware of each accused Fairchild product. Rather than provide this information, Power Integrations refers to an unidentified "contact overseas". Please provide the name, address, and contact information for this "contact" as required by the interrogatory.

14.    Interrogatory No. 10 asks Power Integrations for information concerning any instance where a third party was accused of infringing any of the patents-in-suit. In its response, Power Integrations indicates that it never accused any third parties of such infringement. Please confirm that Power Integrations is not aware of any such allegations being made by any party.

15.    Interrogatory No. 12 seeks evidence that any of the claims are non-obvious. Power Integrations objects that "Power Integrations will abide by the procedural schedule the Court sets forth in this litigation." We are not aware of any schedule specifically requiring the provision of this information or excusing Power Integrations from responding to this interrogatory. Please confirm that Power Integrations is not withholding information on the basis of this objection. Similarly, Power Integrations objects to the interrogatory "to the extent that it seeks to shift Fairchild's burden of establishing a prima facia case of non-obviousness." Clearly, both parties are entitled to discovery on issues for which they bear the burden of proof (or else Fairchild would have no obligation to provide discovery concerning the design or operation of its accused products). Please confirm that no responsive and non-privileged information was withheld based on the parties' perceived burdens.

16.    Interrogatory No. 13 requires Power Integrations to identify which of its own products practice each asserted claim. In response, Power Integrations objects that it needs discovery from Fairchild before Power Integrations can fully respond. This is clearly incorrect. Power Integrations is fully in possession of the facts (the design and operation of its own products) that would allow it to fully respond. Finally, this interrogatory seeks information for each asserted claim. Please supplement to response to indicate which of the asserted claims Power Integrations contends is practiced by each of the identified Power Integrations products.

17.    Interrogatory No. 15 asks Power Integrations to identify, on a product by product basis, any nexus between the alleged commercial success of that product and the invention of the asserted claim. Power Integrations' cursory response is insufficient as it does not provide any information on a product by product basis.

18.    Interrogatory No. 16 inquires as to the basis of Power Integrations' demand for damages, increased damages, and attorneys' fees. In response, Power Integrations claims that it is entitled to enhanced damages and attorneys fees "based on Fairchild's willful infringement" of the patents-in-suit. Power Integrations must respond to this interrogatory and state why it believes Fairchild's alleged infringement to be willful.

19.    Interrogatory No. 17 asks Power Integrations to state its annual sales by country for each of Power Integrations' PWM products. In response, Power Integrations objects that it needs discovery from Fairchild before Power Integrations can fully respond. This is clearly incorrect. Power Integrations is in possession of all relevant facts (the sales of its own products) that would allow it to respond. Please do so.

03/01/2005 10:02 FAX                    ORRICK                                    ☑008/010



**O R R I C K**

Howard G. Pollack
March 1, 2005
Page 7

20.     Interrogatory No. 18 requests that Power Integrations identify which of its products were marked with the numbers of any of the patents-in-suit and, if so, the manner and location of such marking and when each product was first marked. In response, Power Integrations objects that it needs discovery from Fairchild before Power Integrations can fully respond. This is clearly incorrect. Power Integrations is fully in possession of all facts (whether or not it marked its own products with the numbers of the patents-in-suit) that would allow it to respond. Please do so.

From Power Integrations' response, we understand that Power Integrations did not mark any product prior to July 3, 2002. If this is not correct, please let us know immediately and please supplement the interrogatory response to identify when each product was first marked. Additionally, Power Integrations fails to indicate which products were so marked and which products were also marked "by placing a patent notice on data sheets and catalogs". Please provide this information and the corresponding documents.

21.     Interrogatory No. 19 requests that Power Integrations state whether each of its PWM products was marked pursuant to 35 U.S.C. § 287 prior to October 20, 2004 and when each such product was first offered for sale. In response, Power Integrations objects that it needs discovery from Fairchild before Power Integrations can fully respond. This is incorrect. Power Integrations is in possession of all the facts (whether or not it marked its own products with the numbers of the patents-in-suit) that would allow it to respond. Please do so.

Further, this interrogatory calls for information concerning the marking and first sale of Power Integrations' devices. In response, Power Integrations indicates that it will produce documents "regarding commercial success and copying". We assume that this is an error and request that Power Integrations supplement its response to this interrogatory to clarify what documents it will produce.

22.     There is a typographical error in interrogatory Nos. 22-24. Those interrogatories should refer to Interrogatory No. 13 (and not to interrogatory No. 22, which Power Integrations correctly notes does not call for the identification of any Power Integrations product). We apologize for the confusion and request that Power Integrations supplement its responses to the extent required by this clarification.

23.     Interrogatory No. 28 asks Power Integrations to identify – separately for each response – the source of the response. Power Integrations asserts that this information is privileged. Power Integrations is mistaken. Rather than call for privileged information, the interrogatory merely seeks an identification of the individuals who provided responsive information for each request. This is akin to the type of information that would be contained in a privilege log and is clearly discoverable.

Despite its objection, Power Integrations responds that "information was obtained from individuals identified in its Rule 26 statement and the documents identified and to be produced in accordance with the Federal Rules of Civil Procedure." This is insufficient since it fails to identify which of the 12 individuals identified in Power Integrations' Initial Disclosures (and which of the



**ORRICK**

Howard G. Pollack
March 1, 2005
Page 8

unspecified number identified in yet to be produced documents) contributed to each specific interrogatory response. Please supplement the response to provide this information.

### Power Integrations' Responses to Fairchild's Requests for Admission

24.     Federal Rule of Civil Procedure 36 requires Power Integrations to provide either a response or objection to each request for admission. In response to Request Nos. 2-5, 6-10, 12-15, 17-20, however, Power Integrations neither admits nor denies the Request. Please supplement these Responses to either admit the Request, "specifically deny the matter or set forth in detail the reasons why [Power Integrations] cannot truthfully admit or deny the matter. *See* Fed. R. Civ. P. 35. If Power Integrations believes that good faith requires it to qualify an answer or deny only a part of the matter of which an admission is requested, it should specify what part of the Request is true and explicitly qualify or deny the remainder.

### Power Integrations' Responses to Fairchild's Requests for Production

25.     We assume that Power Integrations will produce documents as they exist and are maintained by Power Integrations. Namely, that color documents will be produced in color and that documents with photos or detailed diagrams will be reproduced in a fashion that preserves the level of detail. We ask because some of the photos in the Riga reports (Bates nos. PIF00884-976) are difficult to decipher. Please either confirm that the copies are of the same nature and quality as the original or produce better copies.

26.     In its Fourth General Objection, Power Integrations objects that requests for all responsive documents is overly broad and unduly burdensome. If Power Integrations wishes to raise this objection with respect to any particular request and indicate that it will only produce certain documents, Power Integrations may do so and the parties can then discuss the merits of that objection in the context of the particular request. Power Integrations, however, may not raise a general objection indicating that it may produce less than all of the relevant, non-privileged documents within its possession, custody, or control. Please confirm that Power Integrations has not withheld any documents on this basis.

27.     In its Sixth General Objection, Power Integrations objects to searching for documents created by litigation counsel or created in connection with this litigation. While Fairchild agrees that the parties need not produce or log privileged documents created since the filing of the complaint, Power Integrations' objection is overbroad. Documents created by litigation counsel or created in connection with this litigation are not necessarily privileged (for instance, privilege would be waived if documents created by litigation counsel were provided to third parties and privilege may never have existed for documents created in connection with this litigation but not at the direction of an attorney). Moreover, even were such documents privileged, Power Integrations must identify them on its privilege log if they were created prior to the filing of the complaint. Please confirm that all potentially responsive documents have been reviewed.



ORRICK

Howard G. Pollack
March 1, 2005
Page 9

28.    In its Eighth General Objection, "Power Integrations objects to each request of confidential, proprietary, trade secret or other competitively sensitive information." We assume that this objection is only made since the parties have not entered into a formal protective order and it is our understanding that Power Integrations is not withholding production of any documents pending entry of a protective order. If this is not the case, please let me know as soon as possible.

29.    Request No. 30 calls for an analysis of PWM products sold by Power Integrations that Power Integrations contends are covered by the patents-in-suit. Power Integrations' response appears to indicate that Power Integrations refuses to produce such documents. If this is inadvertent, please supplement the response to make clear that Power Integrations will produce responsive, non-privileged documents. If this is deliberate, please explain the basis for Power Integrations' refusal since such documents are clearly relevant to issues including Power Integrations' allegations of lost profits, commercial success, diligent reduction to practice, etc.

As indicated above, we would like to meet and confer concerning Power Integrations' discovery responses on Thursday, March 3, 2005 at 1:00 p.m. Please let us know if you are available at that time and, if not, please propose a convenient date and time for the parties to discuss these issues.

Sincerely,

Bas de Blank

Bas de Blank

cc:    William J. Marsden, Jr.

B



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

March 11, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND MAIL (612) 288-9696*

Michael J. Kane
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

Thank you for discussing Power Integrations' discovery responses with us on March 8, 2005. This letter is to memorialize that conversation and to respond to those issues for which we agreed to provide further information. For purposes of clarity, this letter refers to the numbered paragraphs set forth in my letter of March 1, 2005. Please let me know if Power Integrations disagrees with anything set forth in this summary.

1.    The parties acknowledged their obligation to verify their interrogatory responses.

2.    We discussed whether the parties would identify the Bates numbers of the documents upon which they rely pursuant to Federal Rule of Civil Procedure 33(d) to respond to interrogatories. We explained that such an identification is required by Rule 33(d), which calls for the producing party "to specify the records from which the answer may be derived or ascertained...." Indeed, the Rule clearly states that such "a specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Unless the parties agree to identify the Bates numbers of the documents upon which they rely, there will be no way for the other party to derive the responsive information. You agreed to consider providing Bates numbers.

3.    As set forth in my letter of March 1, 2005, we do not believe that any of the Fairchild interrogatories were compound and, thus, assume that Fairchild has 22 remaining interrogatories. You agreed that if Power Integrations contends that Fairchild has served compound interrogatories (and, thus, has fewer than 22 interrogatories remaining), you would identify the specific interrogatories that are allegedly compound and provide what Power Integrations contends to be the number of interrogatories served by Fairchild.

4.    You confirmed that no information was being withheld pursuant to General Objection No. 7.



**ORRICK**

Michael J. Kane
March 11, 2005
Page 2

5.      The parties agreed to exchange privilege logs in the future and that such logs will identify each withheld document created prior to the filing of the complaint, its author and recipients, the privilege asserted, and facts sufficient to substantiate that claim of privilege. See paragraph 27 below for further clarification of the privilege log.

6.      The parties understood each other's position with respect to General Objection No. 11 and will address the issue, if necessary, should Power Integrations seek to rely upon documents or information not timely produced in response to Fairchild's discovery requests.

7.      With respect to Interrogatory No. 1, despite the reference to "representative" claims, Exhibit A to Power Integrations' response to Fairchild's First Set of Interrogatories lists all of the claims presently asserted by Power Integrations. As set forth in my letter of March 1, 2005, Fairchild is relying upon this in preparing its case.

Despite our requests, Power Integrations is unwilling to provide further information concerning the nature and scope of its infringement contentions. Specifically, Power Integrations refuses to identify the particular claims within the set of "representative" claims that it believes to be infringed by each of the accused Fairchild devices. Additionally, Power Integrations refuses to provide separate charts setting forth the basis for its allegation that each of the accused devices infringe each element of any of the asserted claims. Finally, despite stating in its response to Interrogatory No. 1 that "the FSD210 is representative" and that "the other accused Fairchild products appear to incorporate identical or substantially identical circuits", Power Integrations does not agree that the accused products should stand or fall together for purposes of proving non-infringement (as would be the case were the FSD210 truly representative).

We request that Power Integrations reconsider its decision to withhold this information. Clearly, Fairchild is entitled to understand the current basis of Power Integrations' infringement allegations. Power Integrations selected certain claims to assert and certain products to accuse. Thus, Power Integrations necessarily knows which claims are asserted against which products and why it believes that particular product infringes that specific claim. If Power Integrations continues to refuse to provide this information, Fairchild will have no choice but to seek the assistance of the Court.

8.      With respect to Power Integrations' allegations that Fairchild indirectly infringed the patents-in-suit by contributing to or inducing the infringement of others, you stated that the chart set forth as Exhibit A to Power Integrations' interrogatory responses specifically identified those claims that Power Integrations alleges are indirectly infringed – namely, claims 9 and 17 of the '851 patent and claims 8 and 18 of the '366 patent. You agreed to confirm that Exhibit A does not allege indirect infringement of any other claim of the patents-in-suit.

9.      As we discussed, the only act listed in Exhibit A that Power Integrations' contends induced or contributed to the infringement of others was Fairchild's provision of the FSD210 datasheet. You agreed to let us know by letter (and, presumably, supplement the interrogatory response) should Power Integrations contend that Fairchild indirectly infringed in any other manner.

03/11/2005 16:59 FAX                    ORRICK                    ☑004/006



ORRICK

Michael J. Kane
March 11, 2005
Page 3

10.    You confirmed that the only terms of the asserted patents that Power Integrations believes require construction are those terms for which Power Integrations provided a specific construction in Exhibit A to its responses to Fairchild's First Set of Interrogatories. Power Integrations believes that all other terms (including those terms for which Power Integrations merely quoted the specification but did not provide a specific construction) should be given their plain and ordinary meaning. In response to Power Integrations' discovery requests, Fairchild has provided what it presently believes to be the appropriate construction for a number of terms. Should Power Integrations disagree with any of these constructions, we understand that Power Integrations will supplement its response to Interrogatory No. 4 without delay.

11.    You agreed that Power Integrations would supplement its response to Interrogatory No. 7 in light of the clarifications made in my letter of March 1, 2005.

12.    We discussed the need for Power Integrations to provide a specific date for the conception and reduction to practice of the patents-in-suit. Specifically, we discussed that Power Integrations' response that the inventor of the '075 Patent conceived of his invention "at least as early as October, 1985" was insufficient as it does not provide any indication of when Power Integrations contends such conception occurred. You agreed to review the response and supplement it as appropriate.

13.    With respect to Interrogatory No. 9, you indicated that it was your understanding that Power Integrations had provided all of the dates at which it learned of Fairchild's devices and that for those devices not listed Power Integrations does not know the specific date. You agreed that you would confirm this with Power Integrations and let us know.

Additionally, you indicated that while Power Integrations was not presently aware of all of the "overseas contacts" that provided information to Power Integrations about Fairchild devices, Power Integrations was aware of the identity of some of these individuals. We requested that Power Integrations provide this information since it is both relevant and responsive to the interrogatory. You agreed to review Power Integrations' response to Interrogatory No. 9.

14.    You agreed to clarify Power Integrations' response to Interrogatory No. 10 to indicate that Power Integrations is not aware of any instance where a third party was accused of infringing the patents-in-suit.

15.    You confirmed that Power Integrations was not withholding any information based on its objections that Interrogatory No. 12 was premature or that it sought to shift Fairchild's burden.

16.    You confirmed that Power Integrations was not withholding any information for reasons other than privilege. You agreed to review the response and to indicate the specific claims that Power Integrations contends are practiced by its products.



ORRICK

Michael J. Kane
March 11, 2005
Page 4

17.    Power Integrations intended to produce documents in response to Interrogatory No. 15 but will keep in mind Fairchild's concern that documents, alone, may not be fully or appropriately responsive.

18.    We discussed Fairchild's request that Power Integrations state why it believes Fairchild's alleged infringement to have been willful. You agreed to review the response and to let us know whether Power Integrations will provide additional detail.

19.    You confirmed that Power Integrations was not withholding any non-privileged information in response to its objection that it first requires discovery from Fairchild.

20.    You confirmed that Power Integrations was not withholding any non-privileged information in response to its objection that it first requires discovery from Fairchild. Further, you confirmed that Power Integrations had not marked any products prior to July 3, 2002. Finally, we discussed Power Integrations' failure to identify the specific "data sheets and catalogs" that it contends indirectly referred to its patents. You believed that Power Integrations could provide this information but would confirm this in a letter.

21.    You confirmed that Power Integrations was not withholding any non-privileged information in response to its objection that it first requires discovery from Fairchild.

22.    In light of the clarification in my letter of March 1, 2005, you agreed to review Power Integrations' responses to Interrogatory Nos. 22-24.

23.    We discussed that Interrogatory No. 28 sought non-privileged information of the type that would be included in a privilege log. In light of that understanding, you agreed to review Power Integrations' response.

24.    Fairchild now understands Power Integrations' response to Requests for Admission Nos. 2-5, 6-10, 12-15, and 17-20.

25.    Power Integrations will produce better quality copies of the Riga reports (Bates nos. PIF00884-976) should they be within Power Integrations' possession, custody, or control.

26.    You confirmed that Power Integrations was not withholding documents in response to its Fourth General Objection.

27.    We agreed that privileged documents created since the filing of the complaint need not be logged. Further, as a courtesy, we agreed that Power Integrations need not log drafts of the complaint prepared by Fish and Richardson and provided to Power Integrations. Correspondence between Power Integrations and its attorney prior to filing the complaint would, however, be logged. Additionally, Power Integrations confirmed that it would search for documents created in connection with this litigation since they may be both responsive and non-privileged.



**ORRICK**

Michael J. Kane
March 11, 2005
Page 5

28.    You confirmed that Power Integrations' Eighth General Objection was made because there was no protective order in the case. Since the parties have now agreed to a protective order, it is our understanding that Power Integrations will not withhold documents based on this objection.

29.    We discussed Power Integrations' objections to Request for Production No. 30. In light of those objections, Fairchild will narrow the request as follows:

**REQUEST FOR PRODUCTION NO. 30:**

All documents and things concerning any test, examination, analysis, or review conducted with respect to any PWM Product offered for sale, licensed, or sold by Power Integrations or any of its licensees that indicates whether or not the product is covered by any claim of the Power Integrations Patents.

Please confirm that this is acceptable and that Power Integrations will produce responsive, non-privileged documents in its possession, custody, or control.

Thank you for your assistance on these issues. Please do not hesitate to call should you have any questions.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

*tel  650-614-7400*
*fax  650-614-7401*
WWW.ORRICK.COM

## FAX TRANSMISSION

| DATE | March 11, 2005 | | NO. OF PAGES (INCLUDING COVER SHEET) | 6 |
|------|----------------|--|------------------------------------|---|

**FROM**

| *name* | *tel* |
|--------|-------|
| Bas de Blank | 650-614-7343 |

**TO**

| *name* | *company/firm* | *tel* | *fax* |
|--------|----------------|-------|-------|
| Michael J. Kane | FISH & RICHARDSON P.C. | | 612.288.9696 |

**CC**

| | | | |
|--------|----------------|-------|-------|
| William J. Marsden, Jr. | FISH & RICHARDSON P.C. | | 302.652-0607 |
| Howard G. Pollack | FISH & RICHARDSON P.C. | | 650.839.5071 |

**RE**    *Power Integrations v. Fairchild Semiconductor et al*

**MESSAGE**

Please see attached.

C-M-A    10414-25/1491                                    Originals Will Follow

**IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL MIMI SAGMIT AT (650) 614-7451 AS SOON AS POSSIBLE.**

*notice to recipient*
THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS INTENDED TO BE SENT ONLY TO THE STATED ADDRESSEE OF THE TRANSMISSION. IT MAY BE PROTECTED
FROM UNAUTHORIZED USE OR DISSEMINATION BY THE ATTORNEY-CLIENT PRIVILEGE, THE ATTORNEY WORK-PRODUCT DOCTRINE, OR ANY OTHER APPLICABLE PRIVILEGE. IF
YOU ARE NOT THE STATED ADDRESSEE, YOUR RECEIPT OF THIS TRANSMISSION WAS UNINTENDED AND INADVERTENT, AND YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. YOU ARE ALSO ASKED TO NOTIFY US IMMEDIATELY BY TELEPHONE AND TO
RETURN THE ORIGINAL DOCUMENT TO US IMMEDIATELY BY MAIL AT THE ADDRESS ABOVE. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
DOCSSV1:292794.1
10414-25 M2B



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

RECEIVED
MAR - 1 2005
FISH & RICHARDSON
SILICON VALLEY OFFICE

## FAX TRANSMISSION

DATE    March 1, 2005

NO. OF PAGES
(INCLUDING COVER SHEET)            10

**FROM**

| *name* | *tel* |
|---|---|
| Bas de Blank | 650-614-7343 |

**TO**

| *name* | *company/firm* | *tel* | *fax* |
|---|---|---|---|
| Howard G. Pollack | FISH & RICHARDSON P.C. | | 650.839.5071 |
| CC | | | |
| William J. Marsden, Jr. | FISH & RICHARDSON P.C. | | 302.652-0607 |

RE    *Power Integrations v. Fairchild Semiconductor et al*

**MESSAGE**

Please see attached.

C-M-A    10414-25/1491                                    Originals Will Follow

**IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL MIMI SAGMIT AT (650) 614-7451 AS SOON AS POSSIBLE.**

*notice to recipient*
THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS INTENDED TO BE SENT ONLY TO THE STATED ADDRESSEE OF THE TRANSMISSION.  IT MAY BE PROTECTED FROM UNAUTHORIZED USE OR DISSEMINATION BY THE ATTORNEY-CLIENT PRIVILEGE, THE ATTORNEY WORK-PRODUCT DOCTRINE, OR ANY OTHER APPLICABLE PRIVILEGE.  IF YOU ARE NOT THE STATED ADDRESSEE, YOUR RECEIPT OF THIS TRANSMISSION WAS UNINTENDED AND INADVERTENT, AND YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  YOU ARE ALSO ASKED TO NOTIFY US IMMEDIATELY BY TELEPHONE AND TO RETURN THE ORIGINAL DOCUMENT TO US IMMEDIATELY BY MAIL AT THE ADDRESS ABOVE.  THANK YOU IN ADVANCE FOR YOUR COOPERATION.
DOCSSV1:292794.1
10414-25 M2B





**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

April 22, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND MAIL (650) 839-5071*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA  94036

        Re:    <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Ms. Steele:

        We received your letter of April 21, 2005 and are available to discuss your concerns during the week of April 25, 2005.  As part of that discussion, however, we would like to resolve the outstanding issues concerning Power Integrations' discovery response.  We first raised these issues in my letter of March 1, 2005.

        On March 8, 2005, I discussed our concerns about Power Integrations' responses with Michael Kane.  At that time, there were a number of issues to which Mr. Kane could not immediately respond and so,  he agreed to provide us with Power Integrations' positions by letter.  These issues are summarized in my letter of March 11, 2005.  Unfortunately, we have yet to receive the promised response.  I have discussed this with Mr. Kane on several instances, most recently on April 7 when he apologized for the delay and, once again, agreed to respond promptly.  We still have not received response.

        While we consider all of the issues raised in my letters important, one particularly pressing issue is the alleged dates of conception and reduction to practice of the '075 patent.  As I discussed with Mr. Kane, Power Integrations' response that the subject matter of the '075 patent was conceived by Mr. Eklund "at least as early as October, 1985" is unacceptable as this could conceivably include dates well before October, 1985.  Additionally, Power Integrations has yet to produce any documents concerning the conception and reduction to practice of the '075 patent.  As I explained to Mr. Kane, Power Integrations' failure to provide this information is particularly prejudicial to Fairchild as it impacts our ability to search for prior art.

        Thus, while we would be happy to discuss any questions you may have about Fairchild's discovery production or responses, we believe it most efficient for this discussion to occur after we



ORRICK

Michael J. Kane
April 22, 2005
Page 2

receive the letter Power Integrations promised to provide over six weeks ago.  That way, we can
resolve all of these issues in one sitting.  Please do not hesitate to call should you have any questions.

Sincerely,

Bas de Blank

Bas de Blank

cc:    William J. Marsden, Jr.
       Michael J. Kane
       Howard G. Pollack



# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

<u>VIA FACSIMILE & U.S. MAIL</u>

May 16, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Gina M Steele
(650) 839-5027

Email
steele@fr.com



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:   Power Integrations Inc. v. Fairchild Semiconductor International
       USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Bas:

I am writing in response to your letters dated March 11, 2005 and April 22, 2005.  We feel that this letter addresses all of the concerns raised in your letters regarding our discovery responses; however, to the extent I have not responded to any particular point in your letters, does not mean I agree with your characterization of that point.

In response to paragraph no. 1 of your March 11 letter, we will be sending you a verification soon.

In response to paragraph no. 2, we do not believe that Rule 33(d) requires that we provide you with Bates numbers of the documents that are responsive to interrogatories, but simply that we provide you with enough specificity to readily identify the documents, as we provided in our responses to the interrogatories.  If, after receiving our documents, you are unable to identify documents containing the responsive information, please contact us and we will provide you with more detailed information.

In response to paragraph no. 3, we believe that the Fairchild's interrogatories were compound.  However, in the spirit of cooperation, we will not pursue this objection at this time, but reserve the right to object in the future if Fairchild files further compound interrogatories exceeding the number of interrogatories allowed.

In response to paragraph no. 7, Power Integrations has provided Fairchild with very detailed claim charts regarding its infringement allegations, which have been more than adequate for this stage of the litigation.  As we continue to review the schematics produced by Fairchild, we will supplement the claim charts to include all of the infringing Fairchild products.

In response to paragraph nos. 8 and 9, Power Integrations alleges that Fairchild directly infringes the patents by its own sales of the accused parts in the United

FISH & RICHARDSON P.C.

Bas de Blank
May 16, 2005
Page 2

States.  Power Integrations also alleges that Fairchild indirectly infringes the patents by selling and offering to sell its parts to customers who later import those parts into the United States.  Power Integrations provided the information in the claim charts in Exhibit A based on the information that it had about Fairchild's products at the time, prior to Fairchild's producing any documents.  Power Integrations reserves the right to supplement and broaden its allegations as it receives and reviews Fairchild documents and will not limit its allegations to those that appear in Exhibit A.

In response to paragraph no. 10, Power Integrations will not agree that the only patent terms that require construction are contained in Exhibit A.  We have provided the terms we currently believe need construction.  As discovery in the case proceeds, this list of terms that require construction may change.  Providing counterpoints to Fairchild's constructions at this time would simply waste both party's time.  At the time provided in the scheduling order for Markman briefs, a time when fact discovery in the case will be complete, we will provide both final constructions of the terms that we believe need construction and explanations of any disagreements we have with Fairchild's proposed constructions.  Therefore, Power Integrations will not supplement its response to Interrogatory No. 4 at this time.

In response to paragraph no. 11, Power Integrations does not agree that the additions to the specification were new matter because they simply describe embodiments previously disclosed in the figures filed with the original specification.  Therefore, the priority date for all claims of the patent is the original priority date.

In response to paragraph no. 12 of your March 11, 2005 letter and the question raised in your April 22 letter regarding the date of conception of the '075 patent, we are producing all of the documents in Power Integrations' possession regarding the development of the technology and date of conception of the '075 patent.  These documents include an agreement between Klas Eklund and Power Integrations in which Klas Eklund specifically stated that the date he conceived of '075 patent was at least as early as October 1985.  Because Mr. Eklund is no longer associated with Power Integrations nor living in this country, you will need to obtain any other discovery regarding the conception of the '075 patent from him.

In response to paragraph no. 13, we are providing documents that reflect the individuals involved in and the dates of any communications between Power Integrations and third parties in which Power Integrations learned of Fairchild's devices.

In response to paragraph no. 14, we are not aware of any instance in which a third party other than Fairchild has been accused of infringing the patents-in-suit.

FISH & RICHARDSON P.C.

Bas de Blank
May 16, 2005
Page 3


In response to paragraph no. 16, we do not believe that information about the specific claims of the patents that Power Integrations practices is relevant. However, in the spirit of cooperation, we will state that all claims are practiced by one or more of Power Integrations' products. Further, the data sheets and schematics we have produced provide the evidence showing which claims of the patents are practiced by each specific Power Integrations product.

In response to paragraph no. 17, Power Integrations reiterates its statement that it will produce the responsive documents.

In response to paragraph no. 18, Power Integrations will not be able to provide further details regarding Fairchild's willful infringement until it has completed its discovery from Fairchild.

In response to paragraph no. 20, Power Integrations does not confirm that it had not marked any products prior to July 3, 2002. Further, the data sheets and catalogs that we are producing provide the information requested by Fairchild.

In response to paragraph no. 22, we have reviewed our responses to Interrogatory Nos. 22-24 in light of the clarification in your March 1, 2005 letter. We will produce the relevant documents regarding the PWM market, as stated in our responses to these interrogatories.

In response to paragraph no. 23, we have reviewed our response to Interrogatory No. 28 and believe that it provides all of the non-privileged information requested.

In response to paragraph no. 25, we will make the originals of the RIGA reports available for your inspection, as we have provided the best copies available.

In response to paragraph no. 29, including your revised Request No. 30, we believe that this request is unnecessary and redundant because we are providing data sheets and schematics which will show the patented features that are incorporated in Power Integrations' products.

Once you have received this letter, please contact me so that we can set a time to discuss any unresolved discovery issues, including the issues raised in our April 21, 2005, letter regarding Fairchild's discovery responses. While all of the issues raised in my letter are important, two particular pressing issues are Fairchild's refusal to provide us with information regarding its infringing parts that are imported into the

FISH & RICHARDSON P.C.

Bas de Blank
May 16, 2005
Page 4

United States by Fairchild's customers, and Fairchild's refusal to provide us with
sales information prior to the date the complaint was filed.

Very truly yours,

Gina M. Steele

/vfl

cc:    G. Hopkins Guy, III (via facsimile & mail)
       Steven J. Balick (via facsimile & mail)

50276243.doc



05/19/2005 16:12 FAX                    ORRICK                    🖂002/003



## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

May 19, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND FEDERAL EXPRESS*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Gina:

We received your letter of May 16, 2005. In that letter, you respond to the deficiencies in Power Integrations' discovery responses we first identified on March 1, 2005. As you know, we discussed these issues with Michael Kane on March 8, 2005. At the time, despite the fact that Fairchild had provided a detailed letter setting forth all of the issues to be discussed, Mr. Kane was not prepared to respond to many of the points. Those discussions, the agreements the parties were able to reach, and the outstanding issues that Power Integrations' promised to respond to "promptly" by letter were summarized in my letter of March 11, 2005.

Despite our repeated requests for the promised response, Power Integrations delayed responding to our March 1, 2005 letter for almost 11 weeks. Given this extraordinary delay, we were particularly disappointed to learn that not only does Power Integrations refuse to provide Fairchild with the discovery to which Fairchild is entitled but that Power Integrations is no longer even willing to provide the discovery previously promised by Mr. Kane.

Power Integrations refusal to provide this discovery is in violation of the Federal Rules of Civil Procedure and prejudices Fairchild's ability to prepare its defenses. We have been attempting to resolve these issues for almost three months without any success. Thus, Fairchild considers the parties to be at an impasse and will seek the assistance of the Court.

In addition, we have reviewed the documents produced by Power Integrations. This production is insufficient for a number of reasons. First, while producing a great number of irrelevant documents, Power Integrations has failed to produce highly relevant ones. For instance, Power Integrations elected to produce a decade old version of the Delaware local rules in effect during the Power Integrations/Motorola litigation but has not produced transcripts of the depositions and testimony from that litigation. Second, Power Integrations appears to have produced documents other than as they are kept in the ordinary course of business. For instance, PIF16833-16836 and PIF16840-16853 appear to be labeled folders. PI did not, however, produced

DOCSSV1:407363.2
10414-25 M2B/M2B



**ORRICK**

Gina M. Steele
May 19, 2005
Page 2

the contents of these folders immediately after the folder label and, thus, there is no way to determine which documents came from those folders. Third, in many cases the Bates number and confidentiality designation added by Power Integrations to the document cover the text of the document. Obvious examples of this include PIF16152, PIF17116, and PIF17167, which are unusable as produced (as noted, these are examples, there are a large number of such documents). Additionally, we are concerned that the Bates number and confidentiality designations may be covering information on other documents that appear to be complete. Thus, we request that PI compare the documents that it produced to the original documents and provide new copies of all documents for which information is blocked by the Bates numbers and/or confidentiality designations added by Power Integrations. Fourth, despite the fact that the parties agreed in February to search for and produce electronic documents, Power Integrations does not appear to have produced email or other electronic documents that we would expect them to possess. Please confirm that Power Integrations has used the electronic search terms we provided to search for such documents.

Finally, your letter of May 16, 2005 requests that the parties meet and confer to discuss Fairchild's responses to Power Integrations' discovery requests. We are available to speak either Monday, May 23, 2005 or the morning of Wednesday May 25, 2005 about our responses and the deficiencies in set forth above with respect to Power Integrations' document production. Please let me know which day and what time are convenient for you.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Michael J. Kane
       Howard G. Pollack





ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
*tel 650-614-7400*
*fax 650-614-7401*
WWW.ORRICK.COM

May 31, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND FEDERAL EXPRESS*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:     Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Gina:

This letter is to memorialize our discussions of May 23 and 25, 2005 concerning the deficiencies in Power Integrations' discovery responses. I believe we were able to resolve a number of issues but please let me know at once if you disagree with any part of this letter.

First, Power Integrations agreed to supplement all of the interrogatory responses in which Power Integrations relied upon the production of documents pursuant to Federal Rule of Civil Procedure 33(d). For each such response, Power Integrations will identify the specific Bates numbers of the documents upon which it is relying. Since you indicated that Power Integrations will complete its document productions by the end of May, we assume that Power Integrations will identify the responsive Bates numbers in the first week of June, 2005. Should Power Integrations determine in the future that additional documents are also responsive to any of these interrogatories, Power Integrations will supplement the interrogatory response without delay to identify those additional documents. In reliance upon this agreement, we will not move to compel Power Integrations to identify the Bates numbers of the allegedly responsive documents at this time. We reserve our right to object, however, if the identified documents do not adequately respond to the interrogatories or if Power Integrations' supplementation is not timely.

Second, Power Integrations will supplement their response to Interrogatory No. 8 to state that Power Integrations is not aware of any evidence suggesting a date of conception or reduction to practice of any claim of the '075 patent prior to October, 1985.

Third, Power Integrations will supplement its response to Interrogatory No. 18 to state that Power Integrations did not mark any product with any of the numbers of the asserted patent prior to July 3, 2002, at which date Power Integrations included a statement on some of its datasheets and application notes that the described device may or may not be covered by patents listed on Power Integrations' web site. As you know, Fairchild believes that this does not satisfy the marking requirement of 35 U.S.C. § 287(a).

DOCSSV1:408908.1

05/31/2005 09:31 FAX                    ORRICK                                    ☒003/005



ORRICK

Gina M. Steele
May 31, 2005
Page 2

Fourth, we discussed the need for Power Integrations to supplement its infringement contentions in response to Interrogatory No. 1. Power Integrations has accused a wide range of different products of infringing each of the four asserted patents. For the large majority of these products, however, Power Integrations refuses to provide discovery concerning why it believes they allegedly infringe. Rather, Power Integrations has provided a single claim chart for each patent for an allegedly "representative" device – the FSD210. Power Integrations, however, refuses to treat the FSD210 as representative and argues that the other accused devices may infringe regardless of whether the FSD210 infringes. As we explained, this is not acceptable. Either the FSD210 is representative – and, thus, none of the accused devices infringe if the FSD210 does not infringe – or the FSD210 is not representative – in which case Fairchild is entitled to discovery as to why Power Integrations believes each accused device infringes each asserted claim of each patent. In a final effort to compromise, however, we will agree not to move to compel on this issue at this time if Power Integrations will agree that by June 30, 2005 Power Integrations will supplement its response to Interrogatory No. 1 by stating that the FSD210 is truly representative (in that if Fairchild proves that the FSD210 does not infringe then none of the accused devices infringe) or by providing separate claim charts for each accused device explaining in detail the basis of Power Integrations' infringement contentions. **Please let me know by 5:00 p.m. Wednesday, June 1, 2005, whether this is acceptable.**

Fifth, we discussed Power Integrations' response to Interrogatory No. 4, which sought Power Integrations' construction of the asserted claims. As we discussed, for some of the claim terms Power Integrations has provided a specific construction and what it believes to be the evidence supporting that construction. While we do not necessarily agree with these proposed constructions, we have at least received Power Integrations' position. For many terms, however, rather than provide a construction as requested by the Interrogatory, Power Integrations simply quoted passages from the patents' specifications. This is not responsive to the Interrogatory. Fairchild is entitled to know how Power Integrations construes those terms within the meaning of the quoted passages. If Power Integrations will not agree to provide such constructions by the end of this week, we will move to compel. **Please let me know by 5:00 p.m. Wednesday, June 1, 2005, whether Power Integration will comply with this request.**

We also discussed the need for Power Integrations to supplement its response to Interrogatory No. 4 to address those terms for which Fairchild offered a construction in its responses to Power Integrations' discovery request. Obviously, we are entitled to know whether or not Power Integrations agrees with our proposed construction. You refused to so supplement the response but agreed that Power Integrations would respond to a new interrogatory seeking this information. In the interest of efficiency, we will serve such an interrogatory rather than move to compel on this issue at this time.

Sixth, we discussed Power Integrations' response to Interrogatory No. 16, which sought the basis for Power Integrations' prayer for attorneys fees. In response, Power Integrations stated that it



ORRICK

Gina M. Steele
May 31, 2005
Page 3

should be entitled to attorneys fees because Fairchild's infringement is allegedly willful. When we
sought additional information – namely, why Power Integrations believes Fairchild's alleged
infringement to be willful – you stated that Power Integrations has not alleged willful infringement.
Moreover, you stated that Power Integrations presently has no basis for any such accusation.
Therefore, we requested that Power Integrations strike from its complaint its prayer for attorneys'
fees. You agreed to consider this request and will respond to us shortly. We consider this to be a
very important issue. While we believe that Power Integrations would not intentionally violate its
Rule 11 obligations to have a good faith basis for its prayer for relief, we must insist that the
complaint be corrected to reflect the damages that Power Integrations is seeking.

        We also discussed Fairchild's responses to Power Integrations' discovery requests. While
Fairchild has already provided discovery concerning its sales of the accused devices in the United
States since the filing of the complaint, you requested that Fairchild also provide discovery
concerning its sales of the accused devices for a period of six years prior to the filing of the
complaint. As we explained, such discovery is overbroad, unduly burdensome, and not calculated to
lead to the discovery of relevant information given Power Integrations' admission that (i) Power
Integrations failed to provide Fairchild with actual notice of Fairchild alleged infringement prior to
the filing of the complaint and (ii) that rather than mark each product or packaging with the word
"patent" or "pat." and the patent number as required by the statute, Power Integrations merely
included a reference that the described device may – or may not – be covered by one or more of
Power Integrations' patents within its portfolio. Since Power Integrations has failed to provide
adequate actual or constructive notice of its patents, Power Integrations cannot recover damages
prior to the filing of the complaint and any such discovery is unwarranted.

        Further, you requested that Fairchild provide discovery concerning devices manufactured
and sold abroad. As we explained, Fairchild has and will continue to provide discovery concerning
any accused device that Fairchild has imported or sold in the United States. In addition, we will
continue to provide discovery about foreign sales to the extent that Fairchild knows that those
devices will be imported into the United States. We will not, however, go through the extreme
burden of providing discovery concerning sales and customers outside of the United States since
such activity is clearly beyond the scope of Power Integrations' U.S. patents.

        Finally, both parties acknowledged that they may supplement their discovery responses prior
to June 30, 2005.

05/31/2005 09:32 FAX                    ORRICK                              ⓐ005/005



**ORRICK**

Gina M. Steele
May 31, 2005
Page 4

        If this letter does not reflect your understanding, please let me know immediately.  Should
you have any questions, please do not hesitate to call.

                                        Sincerely,

                                        Bas de Blank

cc:     William J. Marsden, Jr.
        Michael J. Kane
        Howard G. Pollack

G

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Gina M Steele
(650) 839-5027

Email
steele@fr.com

**VIA FACSIMILE & MAIL**

June 1, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    Power Integrations Inc. v. Fairchild Semiconductor International
       USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Bas:

I am writing in response to your May 31, 2005 letter and to summarize our telephone conferences on Monday, May 23, 2005 and March 25, 2005 in which we discussed the outstanding discovery issues.

As we discussed and you have stated in your letter, you are only willing to provide us with information regarding communications with customers, manufacturing, sales, uses and offers for sales of accused products for which, according to Fairchild's own unilateral determination, it "knew" would result in sales in the United States. Additionally, you are unwilling to provide us with any sales information prior to the date of the complaint, October 20, 2004, despite Power Integrations' providing information about its patents in its product literature and on its website since on or about July 3, 2002. Again, Fairchild is withholding discovery concerning the accused parts based on its own unilateral legal determination of the issue of marking. In view of Fairchild's unwillingness to alter these positions, Power Integrations will seek relief from the Court compelling further discovery on the accused products.

With regard to your request for Bates numbers of the documents we identified under Rule 33(d) in response to your interrogatories, we are willing to provide you with a non-exhaustive list of Bates numbers that will provide the relevant documents for each interrogatory response provided, of course, that Fairchild agrees to do the same for those interrogatory response for which it relied upon Rule 33(d). We are currently working on locating the Bates numbers for these documents and will get those to you very soon. Again, as I stated in our telephone conference and in my earlier letter, we are providing you with documents that provide the information to respond to your request; however, we will not agree that this is an exhaustive list or that these will be the only documents on which we will rely.

With regard to your request for further information regarding our infringement allegations, Power Integrations states that, at the time of our responses, we considered

FISH & RICHARDSON P.C.

Bas de Blank
June 1, 2005
Page 2

the description of the FSD210 product in our claim chart attached as Exhibit A to our
interrogatory responses to be representative of our infringement allegations regarding
all of Fairchild's Accused Products. We determined that the FSD210 product
appeared representative of the other Fairchild Accused Products based primarily on
the descriptions of the features related to the patents-in-suit in Fairchild's datasheets.
Power Integrations will supplement its infringement allegations after we have
reviewed the documents Fairchild has produced, and will not be limited in our case to
the responses that we provided to you before we received any Fairchild internal
documents. We will agree to supplement our interrogatory responses by June 30,
2005 with claim charts for all Fairchild products for which we have received
schematics

In response to your request for further claim construction contentions, we believe the
detailed claim chart attached as Exhibit A to our interrogatory responses fully and
adequately responds to your interrogatory. However, in the spirit of cooperation, we
will supplement our responses as you requested when we respond to your recent
interrogatory regarding our claim constructions. Further, as both parties expressly
stated in their respective responses, Power Integrations reserves the right to
supplement its claim construction contentions in view of further discovery in this
case.

In response to your request for more information regarding the date of conception of
the '075 patent, as we discussed in our phone conversation, Power Integrations states
that it is not currently aware of any information showing that the date of conception
of the '075 patent was prior to October 1985, other than the documents described in
my May 16, 2005 letter that have been produced to you. We believe the statement in
this letter provides an adequate response.

In response to your request for more information about the marking of Power
Integrations' products, Power Integrations states that it currently puts a notice of its
patents in its product literature and on its website and confirms that prior to on or
around July 3, 2002, Power Integrations did not put such a notice in its materials. We
believe this provides an adequate response.

With regard to the specific issues your raised in your May 19, 2005 letter concerning
our latest document discovery, we have produced the documents in the ordinary
course of business. As I explained in our phone conversation on May 23, 2005,
documents numbered PIF16833-PIF16836 and PIF16840-16853 are tabs from binders
that were produced in the order they appeared in the binders. We will provide you
with the beginning and ending Bates numbers of those binders. Further, our Bates
numbers and confidentiality designations are electronically placed on the documents
in a manner that assures that they do not cover any document text. The documents
you cited in your letter were from a limited number of hard copy documents that were

FISH & RICHARDSON P.C.

Bas de Blank
June 1, 2005
Page 3

scanned. We are checking the originals of the documents to ensure that we have produced the entire documents, and that nothing was cut off during the scanning process. Additionally, we have now produced the testimony of our employees and experts in the Power Integrations v. Motorola litigation, as you requested.

With regard to your question about electronic documents, we have now produced documents that were maintained by Power Integrations in electronic form and will be producing the rest tomorrow.

With regard to your request for us to amend the complaint, we will not amend the complaint to take out the prayer for relief at this time. As you know, there are circumstances other than willfulness that will give rise to an exceptional case allowing for attorneys' fees and damages.

Very truly yours,

Gina M Steele

/vfl

cc:    Steven J. Balick, Esq., Ashby & Geddes
       G. Hopkins Guy, III, Orrick, Herrington & Sutcliffe, LLP

50280819.doc