H



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

June 6, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND FEDERAL EXPRESS*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

      Re:    <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Gina:

      I write in response to your letter of June 1, 2005. While we are glad that the parties were able to resolve a number of issues, your letter appears to misunderstand several of our positions.

      First, as we discussed, we do not understand why you believe Power Integrations to be entitled to information about products manufactured, sold, and used outside of the United States. Power Integrations' U.S. Patents do not govern such activity, and the information you are seeking is neither relevant to this action nor likely to lead to discoverable information. To be clear, Fairchild has agreed to produce sales information about the importation or sale of the accused devices in the United States. We will provide such information for all products that Fairchild knew were being imported into the U.S. — to the extent that it is in our possession, custody, or control — regardless of whether the sale or importation is made by Fairchild or its customers. Until Power Integrations demonstrates how the sale abroad of other products is relevant to enforcement of its U.S. patent rights, we will not produce such discovery.

      Second, we have already provided Power Integrations with discovery concerning all damages to which Power Integrations could possibly be entitled. Power Integrations has admitted that it failed to provide Fairchild with actual notice of its infringement allegations prior to filing its complaint. Moreover, Power Integrations failed to provide constructive notice "by fixing… the word 'patent' or the abbreviation 'pat.', together with the number of the patent" on the patented article or its package as required by 35 U.S.C. § 287(a). Consequently, as a matter of law, Power Integrations cannot recover damages prior to the October 20, 2004 filing of its complaint, and information regarding such damages is thus irrelevant and not likely to lead to discoverable evidence. When we requested that you provide support for your argument that, notwithstanding the law, Power Integrations is entitled to damages prior to the filing its of complaint, you admitted that you did not have any. If this has changed, please let me know.

06/06/2005 16:26 FAX          ORRICK          ☑003/004



**ORRICK**

Gina M. Steele
June 6, 2005
Page 2

Third, thank you for agreeing to produce the Bates numbers of the documents you believe to be responsive to Fairchild's interrogatories. As we have previously agreed, Fairchild will likewise identify the Bates numbers of the documents upon which it relies to respond to Power Integrations' interrogatories. While we understand and agree that the parties need not identify cumulative documents, we expect Power Integrations to identify sufficient documents to respond fully to Fairchild's interrogatories. Should Power Integrations fail to do so, we reserve our right to move to compel a complete response and/or move to preclude Power Integrations from relying upon information or documents not properly disclosed during discovery.

Fourth, thank you for agreeing to supplement Power Integrations' infringement allegations. We understand that we will receive by June 30, 2005 separate claim charts specifying how Power Integrations contends each accused Fairchild device allegedly infringes each asserted claim.

Fifth, thank you for agreeing to provide Power Integrations' claim construction contentions in your response to Fairchild's recently served second set of interrogatories. While we do not believe there to be a dispute, we wish to be clear that we expect Power Integrations to provide actual constructions – not just quote passages of the asserted patents – for any term that either Power Integrations or Fairchild has identified as needing construction. Of course, we understand that either party may supplement their proposed constructions as appropriate.

Sixth, with regard to the date of conception of the '075 patent, we appreciate your confirmation that Power Integrations does not contend that any claim of the '075 patent was conceived or reduced to practice prior to October, 1985. Power Integrations needs to supplement its interrogatory responses to include that information.

Seventh, thank you for confirming that Power Integrations does not content that it marked any of its products – even under its erroneous interpretation of § 287(a) that includes listing patents on its website – with the number of any of the asserted patents prior to July 3, 2002.

Eighth, as we discussed, many of the documents produced by Power Integrations are incomplete. Specifically, it appears that the copies that were produced were copied in such a way that information was obscured or deleted. While we provided Bates numbers for examples of such errors, the list was in no way complete. We expect Power Integrations to review its production and provide new copies of such documents. Please let me know when we will receive them.

Finally, we are troubled by your refusal to amend the complaint and remove Power Integrations' prayer for attorneys' fees. Interrogatory No. 16 asked Power Integrations to state any basis by which it contends that it is entitled to attorneys' fees. In response, Power Integrations stated that "Power Integrations is entitled to enhanced damages and attorneys fees based on Fairchild's willful infringement of the Power Integrations' patents." Since then, Power Integrations has admitted that it has no basis to allege that Fairchild willfully infringed its patents. Thus, Power



**ORRICK**

Gina M. Steele
June 6, 2005
Page 3

Integrations' verified interrogatory response is clearly incorrect. Now, for the first time, your letter alludes to "circumstances other than willfulness" that allegedly provide the basis for Power Integrations' demand for attorneys' fees. If Power Integrations believes such circumstances exist, it is obligated to identify them in response to Interrogatory No. 16. If, as it now appears, there is no basis for Power Integrations' demand for attorneys' fees, Power Integrations must strike that portion of its prayer.

     Thank you for your cooperation on these matters. Please do not hesitate to call should you have any questions.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

DOCSSV1:409762.2

I



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

*tel 650-614-7400*
*fax 650-614-7401*

WWW.ORRICK.COM

June 10, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND FEDERAL EXPRESS*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

     Re:    <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Gina:

     We have now received a copy of Power Integrations' Motion to Compel and are alarmed by what appear to be significant misrepresentations made to the Court in Power Integrations' attempt to secure damages related documents prior to the filing of its complaint. We write to give you an opportunity to explain or withdraw these misstatements before we are forced to bring them to the attention of the Court.

     In all of its damages related discovery, Power Integrations sought information "from 1998 to the present". Since three of the four Power Integrations patents had not even issued in 1998 and since Power Integrations did not file its complaint until October, 2004 – more than six years later – this discovery is, as Fairchild objected, overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information.

     Despite the fact that it is legally impossible for Power Integrations to recover damages either before its patents issued or more than six years before it filed its complaint, in all of our extensive discussions Power Integrations repeatedly insisted that Fairchild produce documents and information "from 1998". Now, in its motion to compel, Power Integrations for the first time offers to limit the scope of this discovery and requests that Fairchild produce documents regarding Fairchild's sale of accused products "since July 2002". While the parties had significant and repeated discussions in an attempt to resolve these issues without involving the Court, Power Integrations *never* made this offer to Fairchild. Thus, contrary to the statements made in Power Integrations brief and contrary to the certification pursuant to Local Rule 7.1.1, Power Integrations did not meet and confer with Fairchild in good faith prior to filing its motion.

     Moreover, despite our repeated requests, Power Integrations has not provided any evidence substantiating its claim that it marked the products at issue as of July, 2002. Indeed, the evidence that Power Integrations has produced shows this to be false.

     For instance, Power Integrations' marking argument relies on a list of patents that it claims were available from its web site on July 3, 2002. Fairchild has repeatedly requested discovery on this issue. *See, e.g.,* Interrogatory Nos. 18 and 19 and my letters of March 1, March 11, April 22, May 19, and May 31, 2005. In response, Power Integrations produced images of its web site, presumably each time the site was updated. This discovery shows that PI did not include any reference to its

06/10/2005 11:52 FAX                    ORRICK                        ☑003/004



**ORRICK**

Gina M. Steele
June 10, 2005
Page 2

patents prior to September 5, 2002, months after Power Integrations allegedly "marked" its products. *See* PIF020409.

The parties agree that simply listing patents on a web site cannot satisfy the marking requirements of 35 U.S.C. § 287(a). Thus, Power Integrations' claim to have marked its products is premised on the statement allegedly added to Power Integrations' datasheets that the products depicted "may" be covered by some undisclosed pending or issued U.S. or foreign patents assigned to Power Integrations. While Power Integrations tells the Court that it provided this notice "beginning on or around July 3, 2002" (Motion, p. 4), this is simply not true. As of today, the majority of datasheets available from Power Integrations do not contain this "marking".

While it is impossible to determine from Power Integrations so-called "marking" whether any particular device allegedly practices any particular Power Integrations patent, Power Integrations has identified the devices that allegedly practice the patents-at-issue. With respect to the '075 patent, *none* of the datasheets for these devices have ever been marked by Power Integrations, even with the legally deficient "notice" that Power Integrations contends satisfies the marking statute. Thus, there is absolutely no basis for Power Integrations to seek sales information prior to the filing of the complaint for those Fairchild devices only accused of infringing the '075 patent. Since that comprises almost a third of the accused devices, it is a material misrepresentation for Power Integrations to tell the court that it has marked its devices and is, thus, entitled to sales information for all of the accused devices. Indeed, none of the products that Power Integrations contends practice the '876 patent were "marked" prior to January, 2004 and none of the products that Power Integrations claims practice the '366 or '851 patents were "marked" prior to September, 2002.

Because our investigation revealed that Power Integrations' claims to have marked their products appeared baseless, we served discovery seeking to understand the factual basis of Power Integrations' contentions. Specifically, we asked Power Integrations to identify the products that it contends were marked with the asserted patents, how they were marked, and when they were first marked. *See* Interrogatory No. 18. While we served this interrogatory in February, 2005, we have yet to receive a substantive response. Rather than identify which products that it marked and when they were first marked – a simple task had Power Integrations actually marked its products – Power Integrations simply referred to adding a list of its patents to its web site. After extensive discussions, you agreed to supplement this response and identify documents pursuant to Federal Rule of Civil Procedure 30(b)(6) that Power Integrations contends will provide the responsive information. Rather than do so, however, Power Integrations filed the instant motion. This appears to be a calculated attempt to deprive Fairchild of the discovery it requires to show that Power Integrations is seeking to mislead the Court.

To be clear, we still do not believe that Power Integrations' passing reference on its datasheets to the fact that it possesses unidentified U.S. and foreign patents that may – or may not – cover Power Integrations' products satisfies 35 U.S.C. § 287(a). However, the limited discovery Power Integrations has provided unambiguously contradict the statements and arguments Power Integrations has made to the Court.

06/10/2005 11:52 FAX                    ORRICK                              ☒004/004



**ORRICK**

Gina M. Steele
June 10, 2005
Page 3

Therefore, we request that Power Integrations withdraw it motion to compel Fairchild to produce sales related documents prior to the filing of the complaint. If Power Integrations contends that it "marked" the particular products that allegedly practice the asserted patents, then Power Integrations must respond to Fairchild's discovery and substantiate its claim by identifying when and how each such product was allegedly marked. Given our obligation to respond to Power Integrations' motion by Wednesday, June 15, 2005, we require a response by noon on Monday, June 13, 2005. Otherwise, we will have no choice but to raise this with the Court.

Sincerely,

Bas de Blank

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

J

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Gina M Steele
(650) 839-5027

Email
steele@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE AND U.S .MAIL**
**(650) 614-7401**

June 13, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:   <u>Power Integrations Inc. v. Fairchild Semiconductor International</u>
      USDC-D. Del. - C.A. No. 04-1371-JJF

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

I am writing in response to your letter dated June 9, 2004.  Cutting through the
rhetoric, your letter again reiterates the position that Fairchild believes it can use its
own view of the facts and law, as well as its perceptions of alleged inadequacies in
Power Integrations' discovery responses, to withhold responsive discovery.  As we
have stated repeatedly, Power Integrations does not believe the discovery rules allow
Fairchild to withhold production on these bases.

Fairchild, ironically, now further complains about Power Integrations' agreement to
narrow the scope of its requests.  While Power Integrations' original requests asked
for  discovery as to sales of the accused products since 1998, in all of our phone
discussions regarding discovery issues, including those on May 23 and 25, 2005, I
explained that one of the reasons that discovery on sales prior to the complaint was
proper was based on the fact that Power Integrations contends it had marked its
products by providing notice on its website and product literature since on or about
July 3, 2002.  In fact, my June 1, 2005 letter specifically summarizes our
conversation, as:

> you are unwilling to provide us with any sales information prior to the date of
> the complaint, October 20, 2004, despite Power Integrations' providing
> information about its patents in its product literature and on its website since
> on or about July 3, 2002.  Again Fairchild is withholding discovery
> concerning the accused parts based on its own unilateral legal determination
> of the issue of marking.

Thus, we made it clear to you on numerous occasions that Power Integrations had a
right to, and expected Fairchild to produce, sales discovery from the July 2002 date,
as provided in our Motion to Compel.  During all of our conversations, you
continuously stated that Fairchild took the position that it would provide <u>no discovery</u>
as to any sales prior to the date of the complaint, October 20, 2004.  However, if

FISH & RICHARDSON P.C.

Bas de Blank
June 13, 2005
Page 2


Fairchild is now agreeing to provide discovery of the sales-related documents from July 2002 to the present, we will, of course, withdraw the portion of our Motion to Compel on that issue.

Although Fairchild's complaints of the adequacy of Power Integrations' production are entirely irrelevant to Fairchild's improper withholding of responsive materials, in response to your statements regarding the marking issue specifically, the following documents provide an non-exhaustive list of examples of Power Integration's marking of its products: PIF37464-79, PIF30156-75, PIF30192-211, PIF30268-303, PIF30444-75, PIF30625-52, PIF30807-22, PIF30848-59, PIF31093-116, PIF31181-204, PIF31640-51, PIF31764-79, PIF32169-220, PIF32381-432. Additionally, Power Integrations further marked by putting a similar notice in the Data Books for the products. Some of these additional documents were inadvertently missed in our production and will be produced shortly.

Finally, Fairchild's accusations of misleading the Court are unfounded. While Fairchild may disagree with Power Integrations' contentions as to the facts and legal effect of its marking efforts, Power Integrations' motion accurately reflects its contentions and its stated positions as to the inadequacy of Fairchild's production of sales-related discovery.

Very truly yours,

Gina M. Steele

/vfl

50282436.doc

K



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

June 15, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND FEDERAL EXPRESS*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:     <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Gina:

On June 6, 2005, I wrote you once again requesting that Power Integrations amend its complaint and remove its prayer for attorneys' fees. As you know, in its verified responses to Fairchild's interrogatories, Power Integrations stated that its only basis for such damages was its belief that Fairchild's infringement was willful. Since then, however, Power Integrations has conceded that it has no basis to allege willful infringement and, in fact, is not contending that Fairchild's alleged infringement is willful. Thus, we requested that Power Integrations abandon its demand for attorneys fees. Over a week later, we have not received any response to – or even acknowledgement of – this request.

Consequently, we have no choice but to move to strike this portion of Power Integrations' prayer for relief. We will request that Power Integrations pay the costs of this motion as a sanction for its initial inclusion of its baseless demand for attorneys' fees and its subsequent refusal to remove that demand. Before we take this step, however, we wished to give Power Integrations a final opportunity to amend its complaint. Please let me know by 11:00 a.m. on Friday, June 17, 2005 whether Power Integrations will do so.

Sincerely,

Bas de Blank

Bas de Blank

cc:     William J. Marsden, Jr.
        Howard G. Pollack

DOCSSV1:411755.1

L

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE & U.S. MAIL**

June 17, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Facsimile
650 839-5071

Web Site
www.fr.com

**Gina M Steele**
(650) 839-5027

Email
steele@fr.com

Re:    Power Integrations Inc. v. Fairchild Semiconductor International
        USDC-D. Del. - C.A. No. 04-1371-JJF

**IR**

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

I am writing in response to your letter dated June 15, 2005. As I stated in my May 31, 2005 letter, we are not willing to amend our complaint to drop the prayer for attorneys' fees. As you know, there are circumstances other than willfulness which will give rise to an award of attorneys' fees in any litigation matter, such as vexatious litigation. Further, to clarify our prior discussions on this subject, I explained to you that we had not yet alleged willfulness in the complaint, and that we would not be responding to your requests for information on our allegations of willfulness until we had actually made them.

For your information, we will be amending the complaint to add allegations of willfulness, and will be supplementing our responses to your discovery requests when we have received all of the relevant discovery from you, including taking depositions of the necessary Fairchild employees.

Very truly yours,

Gina M Steele

/vfl

50283622.doc



07/13/2005 10:06 FAX                                    ORRICK                                    ☒002/010



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

July 13, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND U.S. MAIL*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

    Re:  <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Gina:

   We have received and reviewed Power Integrations' supplemental responses to Fairchild's first set of interrogatories and Power Integrations' responses to Fairchild's second set of interrogatories and second set of requests for production. Unfortunately, Power Integrations' responses are deficient and do not satisfy Power Integrations' obligations under the Federal Rules of Civil Procedure.

   In particular, Power Integrations improperly relies upon the production of documents to avoid its obligations to respond to Fairchild's interrogatories. While producing documents may, on occasion, be an acceptable response to an interrogatory, the Federal Rules make clear that this is only appropriate where (i) a full and complete answer may be derived from the documents, (ii) the burden of deriving that answer is the same for both parties, and (iii) the responsive documents are identified as specifically as possible. Fed. R. Civ. Proc. 33(d). Here, Fairchild's interrogatories seek discovery concerning Power Integrations' contentions and the factual bases for those contentions. It is impossible for Fairchild to derive this information from the documents identified by Power Integrations. "Although defendants' interrogatory requests have now been voluntarily modified, even originally the interrogatories were a mixture of contention interrogatories and requests for statements of fact. These type of interrogatories do not lend themselves to answer by use of Rule 33(d). For this reason, plaintiff's reliance on Rule 33(d) is misplaced." *United States Sec. and Exchange Comm'n v. Elfindepan S.A.*, 206 F.R.D. 574, 577 (M.D. N.C. 2002) (citations omitted). Thus, as set forth below, Power Integrations must supplement those responses to provide the required information.

   Fairchild has been seeking discovery from Power Integrations – formally and informally – since January, 2005. Despite this, we have yet to receive much of the information we need to understand Power Integrations' contentions and prepare our case. We requests that the parties meet and confer at 10:00 a.m. on Friday, July 15, 2005 in a final attempt to resolve these issues. To make that discussion as efficient and productive as possible, Fairchild identifies the following specific failures and deficiencies in Power Integrations' responses.



ORRICK

Gina M. Steele
July 13, 2005
Page 2

## Power Integrations' Supplemental Responses to Fairchild's First Set of Interrogatories:

1.      Power Integrations raises essentially the same general objections that it raised in its initial response to Fairchild's interrogatories. We have previously explained that we believe many of these objections to be overbroad and unfounded. In response, you stated that Power Integrations was not withholding relevant and responsive, non-privileged information based upon these general objections. We assume this is still the case. If, however, Power Integrations is withholding non-privileged information based upon any of its general objections, please let us know.

2.      General objection no. 12 to Power Integrations' supplemental response is new. That objection states that "Power Integrations reserves the right to rely upon the breadth of production provided as the lists which identify specific, responsive information to interrogatories are not meant to be exhaustive." As we have discussed, if a party elects to rely upon the production of documents rather a narrative response to the interrogatories, then the party must identify sufficient documents from which a complete response can be derived. Obviously, there is no need to identify duplicative or cumulative documents, but Power Integrations cannot withhold the identification of responsive documents necessary for a full and complete response. If Power Integrations determines that additional documents need to be identified, we expect that Power Integrations will supplement its response without delay. If Power Integrations fails to do so – or if the supplementation is not timely – then Fairchild reserves its right to preclude Power Integrations from relying on any responsive documents not so identified.

3.      In response to Interrogatory No. 1, we note that you have once again significantly revised the list of accused devices. We have been requesting this information since January, 2005 and do not understand why you would withhold it until June 30, 2005. While we appreciate the fact that Power Integrations no longer accuses many of the devices it initially identified and has withdrawn some of its previously asserted claims, it is far too late in the case for Power Integrations to accuse entirely new devices of infringing its patents. Thus, we only consider those devices that have been previously identified and are still accused in Power Integrations' supplemental response to be at issue. To remove any ambiguity, these devices are as follows:

With respect to the '851 Patent:

FSD200
FSD200B
FSD201
FSD210
FSD210B
FSD211

With respect to the '876 Patent:

07/13/2005 10:08 FAX                    ORRICK                    ☒004/010



**ORRICK**

Gina M. Steele
July 13, 2005
Page 3

FSD200
FSD200B
FSD201
FSD210
FSD210B
FSD211
FSDH321
FSDL0165RN
FSDH0265RN
FSDH0265RNB
FSDL0365RN
FSDL0365RNB
FSDM0365RNB
FSCM0565R
FSCM0765R

With respect to the '366 Patent:

FSD200
FSD200B
FSD201
FSD210
FSD210B
FSD211
FSDM311
FSDH321
FSDL0165RN
FSDH0265RN
FSDH0265RNB
FSDL0365RN
FSDL0365RNB
FSDM0365RNB
FSCM0565R
FSCM0765R

With respect to the '075 Patent:

FSD200
FSD200B
FSD201
FSD210



ORRICK

Gina M. Steele
July 13, 2005
Page 4

      FSDL321
      FSDH321
      FSDM311
      FSDH565
      FSDH0165

If Power Integrations believes that any other Fairchild device is at issue, please identify that device and when it was first accused.

    4.     In Exhibit A (and in its supplemental response to Interrogatory No. 1), Power Integrations groups accused Fairchild products and provides "representative" infringement allegations. As we had previously agreed, these products will be treated together such that if Fairchild can prove that any "representative" product fails to meet any particular claim element, then Power Integrations will agree that none of the products in that group infringe. This agreement was made so that Power Integrations would not have to provide separate infringement charts for each accused product, as required by the interrogatory.

    5.     Power Integrations supplemental response to Interrogatory No. 7 is deficient. That interrogatory calls for the priority date for each asserted claim of the Power Integrations patents. As I previously explained, this is significant because Power Integrations added new matter to at least the '075 patent during its prosecution. Thus, claims directed to that new matter have as a priority date the date when the new matter was added (and not the original filing date of the incomplete application). Power Integrations' supplemental response still fails to provide a priority date on a claim by claim basis. Further, the documents identified by Power Integrations are not responsive to this interrogatory. Please supplement this response with a narrative providing the information requested – specifically, for each asserted claim, the priority date that Power Integrations believes the claim is entitled and the facts supporting that contention.

    6.     Power Integrations' supplemental response to Interrogatory No. 8 is also deficient. Power Integrations had agreed to supplement this response to make clear that Power Integrations does not contend that any claim of the '075 patent was conceived or reduced to practice prior to October, 1985. Please do so. In addition, this interrogatory calls for the dates of conception and reduction to practice *separately for each asserted claim*. Power Integrations has not provided this information, instead providing a single date for the entire patent. Finally, the documents that Power Integrations purports to rely upon are, by and large, entirely unrelated to the conception and reduction to practice of the Power Integrations Patents. Indeed, many of these documents reflect activity that occurred *after* the filing of the Power Integrations patents (which is clearly irrelevant to the interrogatory unless Power Integrations contends that the alleged inventions were not effectively reduced to practice at the time the patent applications were filed). Moreover, Power Integrations has failed to identify any invention disclosure statements for either the '075 or '876 Patents and we



**ORRICK**

Gina M. Steele
July 13, 2005
Page 5

have not found such documents in Power Integrations' production. Please confirm that no such documents exist or provide the Bates numbers for these invention disclosures.

7.      In response to Interrogatory No. 9, Power Integrations referred to an unnamed "overseas contact" from whom it allegedly first learned of the Fairchild devices. Fairchild has repeatedly requested that Power Integrations identify this "contact". While Power Integrations agreed to do so in its supplemental responses, Power Integrations has failed to provide this information. Please identify this "contact" without further delay. Moreover, the documents identified by Power Integrations do not provide the information called for by the interrogatory. Interrogatory No. 9 asked when and how Power Integrations first learned of the accused Fairchild devices. The documents identified by Power Integrations are largely without dates – and, thus, Fairchild cannot possibly derive the responsive information.

8.      Interrogatory No. 12 asks Power Integrations to identify on a claim by claim basis any evidence of secondary considerations of non-obviousness. In response, Power Integrations identifies thousands of pages of documents. Even assuming that some of these documents could be evidence of non-obviousness (an assumption that is by no means likely), it is impossible to determine from the documents which claim or claims Power Integrations contends the documents relate to. Thus, Power Integrations has failed to answer this interrogatory.

9.      Interrogatory No. 15 asks Power Integrations to identify any alleged nexus between the success of any of its products and the invention in the asserted claim that covers that product. In its original response, Power Integrations makes general statements about unidentified Power Integrations products. As we discussed, this response is insufficient since it does not provide any indication of a connection between any claim of any of the Power Integrations patents and any alleged commercial success of any particular Power Integrations device. Power Integrations supplemented its response to Interrogatory No. 15 but, rather than provide the missing information, Power Integrations refers Fairchild to almost five thousand pages of documents. Despite the excessive number of pages identified, these documents still do not provide any connection between any particular claim and the alleged success of any particular Power Integrations product. If Power Integrations intends to reserve its right to argue that the commercial success of any of its products is evidence that the claims of the Power Integrations patents are non-obvious, Power Integrations must respond fully to this interrogatory.

10.     Power Integrations' supplemental response to Interrogatory Nos. 17 and 23 is insufficient. Rather than provide its products' annual sales by country as called for by the interrogatories, Power Integrations refers Fairchild to almost 2000 pages of documents. These documents, however, do not appear to contain the responsive information – and certainly not in a manner from which Fairchild can derive the necessary information with as little burden as Power Integrations. Please supplement this response to provide the required discovery. To the extent that

DOCSSV1:415027.1



ORRICK

Gina M. Steele
July 13, 2005
Page 6

Power Integrations continues to rely upon the production of documents, please identify a narrow and specific range of documents from which Fairchild can derive the necessary information.

11.     Power Integrations failed to supplement its response to Interrogatory No. 18. That interrogatory requested the identification of those products allegedly marked with the number of the Power Integrations patents. In its original response, Power Integrations refers to "placing a patent notice on data sheets and catalogs and on its web site." While Fairchild strongly disagrees that this "notice" constitutes marking, Power Integrations has not responded to the interrogatory because Power Integrations has failed to identify the specific products that allegedly bear such "notice" and when this "notice" was first added for each such product. Please provide this information without further delay.

12.     Power Integrations' supplemental response to Interrogatory No. 19 is deficient for the reasons set forth above in paragraph 11. Specifically, Interrogatory No. 19 asks Power Integrations to state whether each of a several specific products was marked pursuant to 35 U.S.C. § 287 prior to October 20, 2004 and, if so, the manner of such marking and when each product was first offered for sale. Rather than provide this information, Power Integrations refers to a host of documents. This is insufficient as these documents do not respond to the question posed by the interrogatory.

13.     Interrogatory No. 21 asks Power Integrations to identify the specific products that it contends lost profits or suffered price erosion due to Fairchild's allegedly infringing activity and, for those particular products, when this occurred and the amount of the alleged damage. Since Power Integrations has repeatedly stated that it seeks damages based on its supposed lost profits and price erosion, we assume that Power Integrations must have this information. Rather than provide it, however, Power Integrations simply refers Fairchild to over 2500 pages of financial and sales information. This is insufficient as it is impossible for Fairchild to derive from this information the particular Power Integrations products that Power Integrations contends are responsive, let alone the amount and nature of the alleged lost profits and price erosion.

14.     Power Integrations has failed to supplement its response to Interrogatory No. 22. In its original response, Power Integrations relied upon the production of documents rather than provide a narrative response. Power Integrations, however, did not identify the specific documents from which responsive information may be derived. Please supplement this response to identify those documents.

15.     Interrogatory No. 24 asks Power Integrations to identify – on a product by product basis – each products' market share by country from October 20, 1998 to the present. In response, Power Integrations refers to almost 2000 pages of documents. While voluminous, these documents do not appear to contain the responsive information. Please provide the required discovery.



ORRICK

Gina M. Steele
July 13, 2005
Page 7

16.      Interrogatory No. 26 is very straightforward – it simply asks Power Integrations to
identify any agreements related to its asserted patents and, for each such agreement, identify specific
terms.  In its original and supplemental responses, Power Integrations refers to licenses with
Matsushita, OKI, AT&T, and Magnetek but fails to provide the required information concerning the
terms of these licenses.  In its Supplemental Response, Power Integrations refers Fairchild to almost
900 pages of documents.  These documents, however, do not include patent licenses with OKI,
AT&T, or Magnetek and only include an unsigned version of the Matsushita license.  Please
supplement this response to provide the required information without further delay.

17.      Power Integrations has repeatedly demanded a "reasonably royalty" for Fairchild
alleged past infringement of the Power Integrations patents.  Interrogatory No. 27 asks Power
Integrations to identify evidence relevant to this demand.  Rather than substantively respond, Power
Integrations identifies about 4500 pages of documents.  Upon review, these documents do not
appear responsive to this request but we assume that Power Integrations has complied with its
discovery obligations.  Thus, we understand that Power Integrations will not rely upon any other
documents as evidence of a "reasonable royalty".  If this is not the case, please provide a substantive
response identify what Power Integrations contends to be such evidence.

**Power Integrations' Responses to Fairchild's Second Set of Interrogatories:**

18.      As with Power Integrations' Supplemental responses, Power Integrations raises a
host of general objection in response to Fairchild's Second Set of Interrogatories.  We assume that
Power Integrations has not withheld any relevant and responsive, non-privileged information based
on these objections.  If this is not the case, please let me know.

19.      In response to Interrogatory Nos. 33, 35, 37, 39, and 40, Power Integrations
purports to rely upon the production of documents pursuant to Federal Rule of Civil Procedure
33(d).  Power Integrations, however, has failed to identify the particular documents from which
Power Integrations contends Fairchild can derive the responsive information.  Please supplement
the responses to provide this information.  If Power Integrations has yet to produce the necessary
documents, please let us know when this production will be complete.

20.      Interrogatory No. 33 requests, in part, that Power Integrations identify who made or
approved certain statements.  In response, Power Integrations simply states that "any such
statements were approved by Power Integrations management."  This is insufficient.  Power
Integrations must supplement its response to identify who, specifically, made each statement and
who, specifically, approved each statement.

21.      Interrogatory No. 36 asks Power Integrations to identify the particular Power
Integrations products for which it contends it lost sales, the amount of such loss, and the Fairchild
device that allegedly gained the lost sale.  Rather than respond, Power Integrations refers Fairchild to



**ORRICK**

Gina M. Steele
July 13, 2005
Page 8

over 3400 pages of documents. None of these pages, however, identify the Power Integrations devices for which Power Integrations contends it lost sales, let alone the amount of the loss or the Fairchild device that allegedly gained in sales at Power Integrations' expense. Thus, Power Integrations' response to Interrogatory No. 36 is insufficient.

22.    Power Integrations has repeatedly stated that Fairchild's alleged infringement has eroded the prices Power Integrations could charge for its devices. Interrogatory No. 38 seeks to understand this contention. Specifically, Interrogatory No. 38 asks Power Integrations to identify the particular products that it claims suffered price erosion, when such erosion allegedly began, and the facts that support Power Integrations' contentions. Instead of providing this information, Power Integrations refers Fairchild to over 1600 pages of financial reports. These reports, however, are not responsive since they do not identify the particular Power Integrations devices that Power Integrations contends suffered price erosion and do not provide the basis for that allegation. Please provide this discovery without further delay.

23.    Power Integrations has failed to respond to Interrogatory No. 41. As you know, Fairchild believes that the inventors of the '366 and '851 patents committed inequitable conduct by failing to disclose to the patent office material prior art, including prior art Power Integrations devices that practice the claims of those patents. Thus, Interrogatory No. 41 seeks the efforts – if any – made by Power Integrations or its inventors to determine whether any existing Power Integrations products are prior art material to the patentability of the Power Integrations patents. Rather than substantively respond, Power Integrations objects that the interrogatory prematurely seeks expert testimony. That is not correct, the interrogatory only seeks factual – not opinion – information. Further, Power Integrations objects that the interrogatory calls for information protected by the work product doctrine. Unless Power Integrations was in anticipation of litigation at the time it filed its application, this does not apply. Similarly, Power Integrations objection that the interrogatory calls for material protected by the attorney-client privilege is unfounded. The interrogatory does not call for any protected communications, rather what actions were (or were not) taken by Power Integrations or the inventors of the Power Integrations Patents.

24.    Power Integrations' response to Interrogatory No. 42 is incomplete. Power Integrations states that Klas Eklund and Balu Balakrishnan have been involved in the development, design, testing, and marketing of all the Power Integrations products during the time they worked at Power Integrations. Power Integrations, however, fails to identify what products were developed, designed, tested, and marketed during these periods. Please supplement this response.

**Power Integrations' Responses to Fairchild's Second Set of Requests for Production:**

25.    Power Integrations raises essentially the same general objections that it raised in its response to Fairchild's first set of requests for production. We have previously explained that we believe many of these objections to be overbroad and unfounded. In response, you stated that



# ORRICK

Gina M. Steele
July 13, 2005
Page 9

Power Integrations was not withholding relevant and responsive, non-privileged documents based upon these general objections. We assume this is still the case. If, however, Power Integrations is withholding non-privileged documents based upon any of its general objections, please let us know.

26.     Power Integrations refuses to produce documents in response to Request Nos. 154 and 177. These requests seeks documents concerning the ITC investigation initiated by Power Integrations and its suit against Systems General. While different patents are asserted in those actions, the patents concern the same subject matter and list the same inventors as the patents at issue in this case. Thus, prior art identified in those cases may be relevant to the asserted claims, claim construction positions advocated by Power Integrations in the other litigations may be binding on Power Integrations with respect to similar or identical terms in the patents asserted in this action, allegations of inequitable conduct may be relevant here, and Power Integrations' claims of domestic industry in the ITC action may be relevant to Power Integrations' request for lost profits, here. Moreover, many of these documents are not publicly available and, to the extent that some are public, the relative burden on Fairchild to continually monitor the dockets is much greater than the burden on Power Integrations to produce the documents. Please withdraw this objection and agree to produce responsive, non-privilege documents.

As you know, the close of fact discovery is fast approaching. Fairchild requires full and complete responses to its discovery in order to prepare for depositions. We request that the parties meet and confer at 10:00 a.m. on Friday, July 15, 2005 in an attempt to resolve these issues.

Sincerely,

Bas de Blank

Bas de Blank

cc:     William J. Marsden, Jr.
        Howard G. Pollack



# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Gina M Steele
(650) 839-5027

Email
steele@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

<u>VIA FACSIMILE AND U.S. MAIL</u>
650/614-7401

July 15, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:    <u>Power Integrations Inc. v. Fairchild Semiconductor International</u>
USDC-D. Del. - C.A. No. 04-1371-JJF

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

I am writing in response to the concerns in your letter dated July 13, 2005 regarding our Supplemental Interrogatory Responses and responses to Fairchild's Second Set of Document Requests. At this time, Power Integrations has provided you with detailed claim charts showing our infringement allegations, our claim construction allegations and specific bates number ranges of documents responsive to your interrogatories in addition to fully responding to your interrogatories and document requests. In other words, Power Integrations has provided you with far more detailed information than is required by the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure do not require, as you request, that we provide you with essentially a detailed road map of the entire case.

While I will address certain of the statements in your letter below to which we have a strong disagreement, my failure to respond to any of the specific requests should not be viewed as an agreement. For example, I will not be responding to the many issues in your letter that you and I have previously discussed in detail and to which I have responded in earlier letters.

First, prior to our supplementing our interrogatory responses, you and I discussed on several occasions our earlier responses under Fed. R. Civ. P. Rule 33(d). In the spirit of cooperation, we agreed to provide you with the Bates numbers of documents that were responsive. We provide this information even though we had provided you with the categories of responsive documents, which we still believe is all that is required under Fed. R. Civ. P 33(d). Now that we have provided you with those bates numbers, for the first time you object to our responses stating that the interrogatories related to contentions, and therefore could not be responded to under Fed. R. Civ. P. 33(d). Our written responses and the documents we have provided fully respond to these interrogatories. Additionally, while we have provided the Bates numbers of the relevant documents, there is no requirement like the one you seek to impose that would prevent us from relying on other documents we have produced.

FISH & RICHARDSON P.C.

Bas de Blank
July 15, 2005
Page 2

With regard to the your statement that "it is far too late in the case for Power Integrations to accuse entirely new devices of infringing its patents," we have two responses. First, the deadline for contention interrogatories was June 30, 2005, and therefore, providing you with our contentions regarding which Fairchild products infringe the patents was clearly timely. Second, we needed time to review the discovery we received from you in order to provide you with an updated list. We only receive the majority of your documents in late May and June, receiving more than half of the documents you have produced in the last three days of June. Therefore, we did not have the necessary document discovery from you to provide you with our contentions of the entire list of infringing products any earlier, and may need to supplement it based on your recent production of approximately 600,000 pages of additional documents, which you provided us in the last three days of June.

With regard to the numerous statements in your letter relating to the issue of our damages, we have provided you the Bates numbers of documents describing Power Integrations' sales and from which the lost profits and price erosion caused by Fairchild's infringing sales may be derived. We have also provided the Bates numbers of documents which show the commercial success of the patented inventions. Providing this information meets our requirements under the Federal Rules of Civil Procedure. The issues of an appropriate reasonable royalty, and the amount of lost profits and price erosion Power Integrations will seek to prove at trial will be the subject to expert testimony, and we have no obligation to provide you with that information until expert reports are due. We have met our burden of providing you with the underlying material on which those reports will be based. I would strongly suggest you review the documents we cited more closely, as you will find the specific information your interrogatories request in those documents.

With regard to the licenses Power Integrations has entered, we have performed a reasonable search for those documents and believe that we have produced them, to the extent they exist. We will double check to make sure that we have produced everything in Power Integrations' possession.

With regard to supplementing Interrogatory No. 22, we will provide you that information within the next week.

FISH & RICHARDSON P.C.

Bas de Blank
July 15, 2005
Page 3

I am not available on July 15, 2005 to discuss your letter.  Please let me know your availability next week, and we can set a time.  Additionally, I request that in the future you limit your requests for information to that which is required by the Federal Rules of Civil Procedure.

Very truly yours,

Giga M Steele

/vfl

50288199.doc





## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

July 15, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND U.S. MAIL*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

     Re:   <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Gina:

     We received your letter of July 15, 2005. We are disappointed not to be able to meet and confer today concerning the numerous deficiencies in Power Integrations' discovery responses. We have been seeking to resolve these issues for many month and, faced with the need to prepare for the upcoming depositions, are concerned by Power Integrations' continued delay. We are available to speak either Monday or Tuesday. Please let me know as soon as possible what time works for you.

     Your letter fails to respond to many of the concerns raised in my letter of July 13, 2005. Indeed, you indicate that you are deliberately avoiding "the many issues in [my] letter that you and I have previously discussed in detail and to which [you] have responded in earlier letters." The problem, however, is that despite the fact that we have previously discussed – and, we believed, resolved these issues – Power Integrations' discovery and supplemental discovery responses have failed to live up to Power Integrations' agreements. For instance, you had previously agreed to supplement Power Integrations' discovery responses to indicate (i) the priority date for each claim, (ii) that Power Integrations did not allege that any claim of the '075 patent was conceived or reduced to practice prior to October, 1985, (iii) the specific Bates numbers of the documents upon which Power Integrations relies upon in lieu of substantively responding to Fairchild's interrogatories, and (iv) the "overseas contact" who provided Power Integrations with information about Fairchild's devices. Despite this agreement, Power Integrations' supplemental responses and responses to Fairchild's second set of interrogatories fail to provide this information. That is why we raised the issue, again. We assume that this is an oversight and that now that it has been brought to your attention Power Integrations will supplement its responses immediately to provide this information.

     With respect to those issues addressed by your letter, there appears to be a fundamental difference of opinion concerning Power Integrations' duty to provide Fairchild with the discovery Fairchild needs to prepare its case. For instance, you appear to believe that Power Integrations has "no obligation" to provide Fairchild with discovery on topics that may be included in Power



**ORRICK**

Gina M. Steele
July 15, 2005
Page 2

Integrations' experts' reports. If you have any authority supporting this startling proposition – that a party can evade its discovery obligations by sandbagging the opposing party with material deliberately withheld until an experts' report – please let me know.

Similarly, you state that now that Power Integrations has provided the Bates numbers of the documents that it relies upon in lieu of providing an interrogatory response, Fairchild objects "for the first time" that documents are insufficient. This is simply not true. During our discussions, I have repeatedly raised the concern that documents, alone, will likely fail to respond to Fairchild's interrogatories. This was memorialized months ago in my letter of May 31, 2005 where I state that Fairchild "reserve[s] [its] right to object, however, if the identified documents do not adequately respond to the interrogatories or if Power Integrations' supplementation is not timely."

Indeed, it is only now that Power Integrations has identified the allegedly responsive documents that Fairchild' fears are confirmed and it is clear that Power Integrations' responses are inadequate. As set forth in Federal Rule of Civil Procedure 33(d), in certain, limited situations it may be appropriate for a party to respond to an interrogatory by identifying specific documents from which the responsive information may be derived. Power Integrations has not done this. As detailed in my letter of July 13, 2005, since it is impossible for Fairchild to derive responsive information from the documents Power Integrations identified, Power Integrations must either identify specific, responsive documents or provide a full and complete narrative response.

Finally, you state that it was appropriate for Power Integrations to withhold the identification of the accused Fairchild devices until June 30, 2005 – over eight months after it filed its complaint – because that was the deadline for contention interrogatories. While contention interrogatories must be served so as to be completed by June 30, 2005, Fairchild requested the identification of the accused products on January 24, 2005 and Power Integrations responded to that interrogatory and identified the accused products on February 23, 2005. Relying on Power Integrations' identification of accused devices, Fairchild has gone to great expense and effort to gather documents, interview witnesses, search for prior art, and prepare its case. It is fundamentally unfair for Power Integrations now to seek to expand its allegations to accuse Fairchild devices that it has deliberately withheld from Fairchild.

We need to resolve these issues as soon as possible so that the parties can proceed with depositions. Please let me know as soon as possible when on Monday or Tuesday you are available to meet and confer.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

DOCSSV1:416269.1

P

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
650 839-5070

**VIA FACSIMILE AND U.S. MAIL**

Facsimile
650 839-5071

July 18, 2005

Web Site
www.fr.com

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**Gina M Steele**
(650) 839-5027

Email
steele@fr.com

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    <u>Power Integrations Inc. v. Fairchild Semiconductor International</u>
       USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Bas:

I am writing in response to your letter dated July 15, 2005. Your letter adds nothing new to our discussions. It is simply an attempt to reargue issues which we have discussed in full and to mischaracterize my statements regarding those issues. To the extent the issues need to be addressed, my earlier letters have addressed them.

I will talk to you about this tomorrow.

Very truly yours,

Gina M Steele

/vfl

50288774.doc



**CONFIDENTIAL DOCUMENT**

R

# CONFIDENTIAL DOCUMENT