# EXHIBIT A



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

July 7, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND U.S. MAIL*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:    <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Gina:

Your letter of June 1, 2005 requested dates for the deposition of Fairchild Semiconductor International employees in Korea. Neither Fairchild Semiconductor International, Inc. nor Fairchild Semiconductor Corporation – the two defendants in this action – have employees in Korea. Specifically, Messrs. E.S. Kim, "K.W." Jang, Y.C. Ryu, and C.S. Lim are employed by nonparty Fairchild Korea Semiconductor Ltd. Thus, Fairchild has no obligation to produce these witnesses for deposition in Korea or anywhere else.

As you know, we believe that many of deposition topics outlined in your letter – including topics seeking information concerning damages prior to the filing of the complaint or sales and customer outside of the United States – are overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant information. While we will formally object once Power Integrations serves an actual deposition notice, pursuant to Federal Rule of Civil Procedure 30(b)(6) – and subject to appropriate objections concerning the scope of the deposition topics – Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation will designate an appropriate person or persons to testify as to matters known by either of the parties.

The precise witness for each topic will depend on the final wording of the topic. Thus, as we previously suggested, we propose that Power Integrations provide a draft of the deposition notice it intends to serve. Once we receive it, we will determine the appropriate witness or witnesses and provide the dates they are available. Once the parties agree to the dates, Power Integrations can serve a formal deposition notice if it chooses. We will, of course, do the same with deposition notices to Power Integrations.

Based on the outline of topics provided by Power Integrations, it is highly likely that some or all of the witnesses will need to be deposed in Korea. As we have explained, we have a conflict with the proposed dates of August 4-11, 2005 but the Korean witnesses will be available September 1, 2, and 5-10, 2005. Once we have the final wording of the deposition topics and can identify the



**ORRICK**

Gina M. Steele
July 7, 2005
Page 2

appropriate witness, we will inform Power Integrations whether they are located in the United States or abroad and whether they will require a translator.

You requested that the deposition of any Korean witness related to sales and marketing of the Fairchild devices and Fairchild's knowledge of the Power Integrations patents occur during the week of September 12, 2005. As I indicated, we are checking the availability of the likely witness and will let you know as soon as possible.

Sincerely,

Bas de Blank

Bas de Blank

Encl.

cc:    William J. Marsden, Jr.
       Howard G. Pollack



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

## FAX TRANSMISSION

DATE    July 8, 2005

NO. OF PAGES
(INCLUDING COVER SHEET)        3

FROM

| name | tel |
|------|-----|
| Bas de Blank | 650-614-7343 |

TO

| name | company/firm | tel | fax |
|------|--------------|-----|-----|
| Gina M. Steele | FISH & RICHARDSON P.C. | | 650.839.5071 |

CC

| William J. Marsden, Jr. | FISH & RICHARDSON P.C. | | 302.652-0607 |
| Howard G. Pollack | FISH & RICHARDSON P.C. | | 650.839.5071 |

RE    *Power Integrations v. Fairchild Semiconductor et al*

MESSAGE

Please see attached.

C-M-A    10414-25/7584

Originals Will Follow

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL MIMI SAGMIT AT (650) 614-7451 AS SOON AS POSSIBLE.

*notice to recipient*
THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS INTENDED TO BE SENT ONLY TO THE STATED ADDRESSEE OF THE TRANSMISSION. IT MAY BE PROTECTED FROM UNAUTHORIZED USE OR DISSEMINATION BY THE ATTORNEY-CLIENT PRIVILEGE, THE ATTORNEY WORK-PRODUCT DOCTRINE, OR ANY OTHER APPLICABLE PRIVILEGE. IF YOU ARE NOT THE STATED ADDRESSEE, YOUR RECEIPT OF THIS TRANSMISSION WAS UNINTENDED AND INADVERTENT, AND YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. YOU ARE ALSO ASKED TO NOTIFY US IMMEDIATELY BY TELEPHONE AND TO RETURN THE ORIGINAL DOCUMENT TO US IMMEDIATELY BY MAIL AT THE ADDRESS ABOVE. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
DOCSSV1:409340.1
10414-25 M2B/S77

# EXHIBIT B

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Glen M Steele
(650) 839-5027

Email
steele@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

BY FACSIMILE & MAIL

June 1, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:    Power Integrations Inc. v. Fairchild Semiconductor International
       USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Bas:

AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Power Integrations ("PI") would like to take FRCP 30(b)(6) depositions of Fairchild Semiconductor International ("Fairchild") employees in Korea on August 4-11, 2005 on the following topics:

1. Structure and function of the Accused Products;

2. Authentication of Fairchild's documents re process and circuits for the accused products;

3. Sales and marketing of the Accused Products;

4. Fairchild's knowledge or understanding of PI product(s) and Patents-In-Suit;

5. Communications with third parties regarding comparisons between Fairchild products and PI products; and

6. Identification of all customers using the Accused Products.

7. Fairchild's decision to include internal Soft Start and frequency modulation features in its devices;

Please let us know the names of the employees who will be deposed and their availability that week. When we confirm the dates, PI will send formal FRCP 30(b)(6) notices to Fairchild

FISH & RICHARDSON P.C.

Bas de Blank
June 1, 2005
Page 2


via separate correspondence. We will also want to take depositions of the following
individuals on August 4-11, 2005: E.S. Kim; K.W. Jang; Y.C. Ryu; and C.S. Lim to the
extent they are not designated as 30(b)(b) deponents. Again, please let us know their
availability that week.

Very truly yours,

Gina M Steele

/vfl

cc:     Steven Balick, Ashby & Geddes
        G. Hopkins Guy, III, Orrick, Herrington & Sutcliffe LLP

50279663.doc

# EXHIBIT
# C

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

July 29, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:   Power Integrations Inc. v. Fairchild Semiconductor International
      USDC-D. Del. - C.A. No. 04-1371-JJF



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

This letter is to confirm our discussions during two telephone calls yesterday afternoon. I address the various topics we discussed separately for purposes of clarity.

**Fairchild technical depositions**

During our first call, you let me know that Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively "Fairchild") was offering three technical witnesses employed by Fairchild subsidiary Fairchild Semiconductor Korea ("Fairchild Korea") for deposition in Korea as 30(b)(6) witnesses for Fairchild on issues in Power Integrations 30(b)(6) notice. Those witnesses, and their respective dates and topics, are as follows:

- C.K. Jeon: September 1-2: Topics 3, 4, 6, 9, 11, 12, 17, 18, 22, 39, 40, 41, 42, and possibly 43;

- J.S. Han: September 5 (into the 6th as needed): Topics 5, 7, 10, 13, 39, and 40;

- K.O. Jang: September 7 (into the 8th as needed): Topics 3, 4, 5, 7, 8, 10, 13, 15, 16, 18, 22, 39, 40, 41, and possibly 43.

I asked that you schedule additional previously identified witnesses for depositions in Korea. Such witnesses include H.S. Choi, E.S. Kim, K.W. Jang, Y.C. Ryu, C.S. Lim, Min Hwan Kim, Y.S. Choi, K.S. Kim, and Deok J. Kim, many of whom are identified on the schematics for the accused Fairchild devices or in Fairchild's various litigation disclosures. You declined to offer these (or any other) deponents in Korea on grounds that there was no jurisdiction and that Fairchild has no obligation to produce any other witnesses. I proposed that we schedule the additional depositions to follow the three witnesses you will provide, with the hope that we could take some of them

FISH & RICHARDSON P.C.

Bas de Blank
July 29, 2005
Page 2

off calendar if we obtain the testimony we hope to get during the earlier depositions, but you declined that proposal as well. Your also reiterated that the only witnesses to be offered in Korea were 30(b)(6) witnesses, not individual witnesses for deposition pursuant to Rule 30(b)(1).

We agreed that the parties have reached an impasse on this issue and that it was proper to resolve this matter by motion before we travel to Korea. I informed you that we would move to compel the depositions and move to amend our complaint to add Fairchild Korea as a named defendant to remedy these issues in advance of our trip to Korea. You acknowledged the propriety of our so moving—while reiterating your disagreement with the merits of our position—during both conversations.

During our second discussion, I further asked that Fairchild stipulate to a shortened briefing schedule on these issues so that we might resolve them before we get too close to the time for our trip to Korea. You promised to get back to me shortly, and I noted that although a stipulation was preferable, we would nonetheless move to shorten time when we file our motions if I have heard nothing further from you by that time. I have yet to hear anything on this issue from you today.

### Fairchild corporate and damages depositions

During our conversations, you confirmed that all Fairchild corporate and damages-related (marketing, sales, etc.) depositions would take place in the United States. You proposed conducting the depositions during the first week in October in Portland, but I asked that you try to schedule these depositions during the weeks of September 5 and 12 now that you are only planning to provide three witnesses in Korea in September. You stated that the Fairchild witnesses are not available for deposition the weeks of September 19 or 26, but I noted that we could be amenable to double-tracking depositions in Korea on technical issues and in the U.S. on corporate and damages-related issues in light of your current limitation on depositions in Korea. I look forward to hearing from you on this issue so that we may firm up our plans.

### Power Integrations' depositions

We agreed to schedule the depositions of the Power Integrations employees you requested during the weeks of August 15 and 22, with the depositions of Cliff Walker and Balu Balakrishnan to follow during the last week of September (along with any damages-related depositions not completed by Wednesday, August 24). I am in the process of solidifying the schedules for the Power Integrations witnesses and will try to get you specific names, dates, and topics next week. We will also provide formal objections to Fairchild's 30(b)(6) notices to Power Integrations shortly per our discussions, and as noted during our call I expect to receive any such objections from Fairchild in the near term as well.

## FISH & RICHARDSON P.C.

Bas de Blank
July 29, 2005
Page 3

### Third party depositions

You noted that you would like to schedule depositions of the attorneys who
prosecuted the Power Integrations patents-in-suit during the week of September 19,
2005. I confirmed we would likely represent the attorneys at those depositions. I
appreciate your offer not to take the depositions of every attorney associated in any
way with the various prosecutions in exchange for our agreement not to call those you
do not depose at trial. I ask that you provide me with your list of potential deponents
so that we might begin to determine the appropriateness of their depositions and their
availability, and we will provide our response to your proposal once we have the list
of prosecuting attorneys.

### Claim construction dates

We also discussed my earlier proposal to move the dates for claim construction
briefing so that it concludes before the holiday season is in full swing. I am glad to
hear that you are amenable to such a plan. We discussed a few possibilities for
making such arrangements by stipulation, including conducting the expert discovery
on technical issues earlier in the time-frame provided for expert discovery and
possibly pushing back some of the damages expert discovery until a bit later, and I
will get back to you regarding the schedule you proposed (opening briefs due Nov.
22, responsive briefs due Dec. 16) next week.

### Representative parts

We also discussed my earlier proposal that the parties come up with a list of
representative parts to narrow the issues for discovery and, ultimately, presentation at
trial. I am glad to hear that Fairchild is amenable to this proposal, and I look forward
to discussing this issue with you further once we have discussed how best to go about
do so with our respective teams.

### Outstanding Production From Fairchild

We discussed a few issues regarding outstanding discovery Fairchild owes Power
Integrations. First, we discussed the multi-color mask layouts we have yet to receive
for the accused Fairchild devices. Last we spoke, you were waiting to hear back from
people in Korea regarding these documents. I look forward to your response, as we
need the information to prepare for depositions and expert reports.

During our second call, you also raised some outstanding document production you
planned to provide Power Integrations toward the end of next week. You represented
that you had just received what you hoped to be the last of the computer files from
Fairchild people who will be 30(b)(6) witnesses and that your review of these

FISH & RICHARDSON P.C.

Bas de Blank
July 29, 2005
Page 4

documents was under way. I expressed my concern with the late production, but if
the production is truly as limited as you stated—a few small stacks of e-mail—then
the issue should not present a cause for major concern, as such minor follow-up
production is inevitable in cases like ours. Should the production turn out to be
substantial, of course, we can address the issue at that time. I nonetheless look
forward to receiving the documents as soon as possible.

I look forward to hearing from you on the issues noted above. Please let me know if
anything contained herein does not comport with your understanding of our
discussions.

Sincerely,

Michael R. Headley

/vfl

50291027.doc

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

**Date**   July 29, 2005

**To**   Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400

**Facsimile number**   10256-00453531 / (650) 614-7401

**From**   Michael R. Headley

**Re**   Power Integrations Inc. v. Fairchild Semiconductor International
USDC-D. Del. – C.A. No. 04-1371-JJF

**Number of pages
Including this page**   2

**Message**

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 650 839-5070 to arrange for its return. Thank you.

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

**Date**   July 29, 2005

**To**   Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400

**Facsimile number**   10256-00453531 / (650) 614-7401

**From**   Kimberly Woo
Assisting Michael R. Headley

**Re**   Power Integrations Inc. v. Fairchild Semiconductor International

**Number of pages including this page**   5

**Message**   Letter of July 29, 2005.

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 650 839-5070 to arrange for its return. Thank you.

# EXHIBIT D



**ORRICK**

ORRICK, HERRINGTON SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel +1-650-614-7400
fax +1-650-614-7401
WWW.ORRICK.COM

August 17, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND US MAIL*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:  <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Michael:

Power Integrations' motion to compel additional depositions in Korea does not identify the particular deponents it seeks. We assume that Power Integrations wishes to depose the individuals identified in your letter of July 29, 2005, namely H.S. Choi, E.S. Kim, K.W. Jang, Y.C. Ryu, C.S. Lim, Min Hwan Kim, Y.S. Choi, K.S. Kim, and Deok J. Kim. We interviewed the majority of these witnesses in Korea in February and produced responsive documents in their possession to Power Integrations. We assumed that these individuals were still employed by Fairchild Korea.

In the course of preparing our opposition to Power Integrations' motion, however, we sought additional information from non-party Fairchild Korea about these individuals. At about 7:30 p.m. last night, we received word that Messrs. E.S. Kim, Y.C. Ryu, Min Hwan Kim, Y.S. Choi, K.S. Kim, and Deok J. Kim have recently left Fairchild Korea or have given notice that they will leave Fairchild Korea shortly. We are inquiring whether Fairchild Korea has contact information and will provide it if available. Further, there is no employee at Fairchild Korea named "K.W. Jang", we assume you are referring to K.O. Jang, one of the four witnesses we have agreed to make available for deposition in Korea.

The only two witnesses still employed by Fairchild Korea that Power Integrations seeks to depose are C.S Lim and H.S. Choi. Mr. Lim manages K.O. Jang (whom Fairchild has long since agreed to provide as a 30(b)(6) witness) but has no design responsibilities. Mr. Choi is an application engineer. While we continue to believe that the 30(b)(6) witnesses Fairchild has agreed to produce are the best sources of information about the accused devices, in an effort to compromise we will agree to produce Mr. Choi for a day of deposition in Korea on the same trip should Power Integrations continue to believe it necessary after it deposes the other witnesses

In light of this new information and the fact that Fairchild has agreed to produce J.W. Lee for deposition in Korea in response to the Court's recent Order, we request that Power Integrations withdraws its motion. Since Fairchild's Opposition is due at 5:00 p.m. today, please let me know

DOCSSV1:421259.1



**ORRICK**

Michael Headley
8/17/2005
Page 2

Power Integrations' position as soon as possible.  Assuming that Power Integrations agrees to withdraw its motion, we will prepare a letter notifying the Court in lieu of our Opposition.

Sincerely,

*Bas de Blank*

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

# EXHIBIT E

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

VIA FACSIMILE & U.S. MAIL

August 17, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:     Power Integrations Inc. v. Fairchild Semiconductor International
        USDC-D. Del. ~ C.A. No. 04-1371-JJF

Dear Bas:

This letter follows our discussions today regarding the imminent departure of several high-level employees and technical persons from Fairchild Semiconductor Korea ("Fairchild Korea") and your letter addressing the same.

Per our discussions, Power Integrations does not believe the departures of these employees moots the currently-pending Motion to Amend or Compel. If anything, these departures (and our late notice thereof) confirm the need for Power Integrations to take testimony from Korean employees both as 30(b)(1) and 30(b)(6) witnesses to prevent further gamesmanship and/or compartmentalization of relevant information.

We also discussed several Korean employees and your positions regarding their depositions. You noted that J.S. Han and K.O. Jang were responsible for the design of the Fairchild circuits at issue, and I hope that their depositions will therefore vitiate the need to proceed with some of the other Korean engineers we've discussed. Power Integrations will also proceed with the deposition of H.S. Choi as offered. You refused to provide C.S. Lim for deposition even though I noted his name is listed on the schematics for the Fairchild 0165 series devices. If you change your position on that deposition, though, we would prefer to schedule that additional technical deposition during the current trip to Korea, even if that would require us to reschedule the deposition of Mr. Lee regarding sales and marketing topics.

I also inquired as to the current employment status of Atman Chau, Dr. Dongyoung Huh, Sang-Tae Im, and apparent-US employee Jin-Ho Choi. Please let me know their status as soon as possible so that we may take the appropriate steps with respect these individuals.

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

FISH & RICHARDSON P.C.

Bas de Blank
August 17, 2005
Page 2


I also look forward to receiving the contact information you offered to provide in
your letter for those individuals who are leaving Fairchild Korea.

Sincerely,

Michael R. Headley

/vfl

50294660.doc

# EXHIBIT F

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

**VIA FACSIMILE & U.S. MAIL**

August 17, 2005

Michael R. Headley
(650) 839-5139

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Email
headley@fr.com

Re:     Power Integrations Inc. v. Fairchild Semiconductor International
        USDC-D. Del. - C.A. No. 04-1371-JJF



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

Enclosed please find individual deposition notices which we will be filing with the court tomorrow morning for various Fairchild employees, including employees of Fairchild's wholly-owned subsidiary Fairchild Semiconductor Korea. By now we have discussed all of the noticed employees who might be employed abroad, but as you have not confirmed the status of the employees who are planning to leave Fairchild Korea we have enclosed notices for them as well.

I have included place-holder dates for the various depositions for which we have not yet discussed specific dates, and we will work with you to reschedule these depositions as needed. Many of these depositions will no doubt be short, and we hope that the earlier depositions will eliminate the need to depose some of these individuals altogether. For example, we hope that the deposition of C.S. Lim will prevent the need to depose Y.C. Ryu, the other designer listed on the schematics for the Fairchild 0165 devices. We similarly anticipate that the deposition of K.O Jang will limit the testimony we need to take from M.H. Kim, fellow designer of the 200 series devices.

We are likely to identify further witnesses for deposition in the future, particularly given the outstanding motion to amend and Fairchild's recent production of nearly 275,000 pages of documents, but I wanted to get you these notices to help you to plan accordingly.

FISH & RICHARDSON P.C.

Bas de Blank
August 17, 2005
Page 2

Let me know if you will not provide any of these witnesses for depositions in their individual capacities so that we can resolve the issue before traveling to Korea.

Sincerely,

Michael R. Headley

/vfl

Enclosures

50294663.doc

Dated: August 17, 2005                    FISH & RICHARDSON P.C.

By: _____
      William J. Marsden, Jr. (#2247)
      Sean P. Hayes (#4413)
      919 N. Market Street, Suite 1100
      P.O. Box 1114
      Wilmington, DE 19899-1114
      Telephone: (302) 652-5070
      Facsimile: (302) 652-0607

      Frank E. Scherkenbach
      225 Franklin Street
      Boston, Massachusetts 02110-2804
      Telephone: (617) 542-5070
      Facsimile: (617) 542-8906

      Howard G. Pollack
      Gina M. Steele
      Michael R. Headley
      500 Arguello Street, Suite 500
      Redwood City, California 94063
      Telephone: (650) 839-5070
      Facsimile: (650) 839-5071

      Attorneys for Plaintiff
      POWER INTEGRATIONS, INC.

50287226.doc

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

**Date**  August 17, 2005

**To**  Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400

**Facsimile number**  10256-00453531 / (650) 614-7401

**From**  Michael R. Headley

**Re**  Power Integrations Inc. v. Fairchild Semiconductor International

**Number of pages
including this page**  72

**Message**

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 650 839-5070 to arrange for its return. Thank you.

# EXHIBIT
# G

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371 |

## <u>DECLARATION OF SANG-EUI HAN</u>

I, Sang-Eui Han, do hereby declare under oath and state as follows:

1.      I am Administrative Team Manager of Intellectual Property Department, at Fairchild Korea Semiconductor Ltd. ("Fairchild Korea"), a position I have held since June, 1999. I make this declaration based on my personal knowledge and, if called as a witness, I could and would testify to the facts stated herein.

2.      ES Kim, formerly a design engineer at Fairchild Korea, left Fairchild Korea on or about June 30, 2005.

3.      YC Ryu, a design engineer at Fairchild Korea, has given notice to leave Fairchild Korea on or about August 31, 2005.

4.      MH Kim, formerly a process engineer at Fairchild Korea, left Fairchild Korea on or about July 13, 2005.

5.      YS Choi, formerly a process engineer at Fairchild Korea, retired from Fairchild Korea on or about December 15, 2003.

1

6.      KS Kim, formerly Vice President of Sales & Marketing at Fairchild Korea, left Fairchild Korea on or about June 30, 2005.

7.      Deok Jung (DJ) Kim, formerly Senior Vice President and General Manager at Fairchild Korea, has given notice to leave Fairchild Korea on or about July 31, 2005.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 18th day of August, 2005, at Seoul, Korea.

_____
Sang-Eui Han

2

# EXHIBIT
# H

LEXSEE 2002 U.S. DIST. LEXIS 14682


**TWENTIETH CENTURY FOX FILM CORPORATION, Plaintiff,–against–MARVEL
ENTERPRISES, INC., et al., Defendants.**

**01 Civ. 3016 (AGS)(HBP)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW
YORK**

*2002 U.S. Dist. LEXIS 14682*

**August 6, 2002, Decided
August 8, 2002, Filed**

**DISPOSITION:** Defendant Tribune ordered to provide
properly prepared witness in discovery.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff licensee alleged
that defendant entertainment company tried to pass off
its television program as being related to the licensee's
motion picture. The licensee sought an order either per-
mitting it to take an additional deposition beyond the limit
of 30 depositions per side that had been imposed or di-
recting defendant's parent company to produce a *Fed. R.
Civ. P. 30(b)(6)* witness properly prepared to testify con-
cerning certain documents.

**OVERVIEW:** In response to a subpoena duces tecum, the
parent company produced a document on a subsidiary's
letterhead. At the deposition, the parent company's rep-
resentative denied knowledge of the document and stated
that it was the subsidiary's document. The licensee then
served a further subpoena and deposition notice on the
subsidiary. The witness for the subsidiary disclaimed
knowledge of the document in dispute and claimed that
it appeared to be a script from yet another subsidiary.
The court noted that neither subsidiary was a legally cog-
nizable entity; both were owned by several corporations
which were ultimately owned by the parent company.
The court then held that the scope of the parent com-
pany's obligation in responding to a Rule 30(b)(6) notice
was identical to its scope in responding to interrogatories
served pursuant to *Fed. R. Civ. P. 33* or a document request
served pursuant to *Fed. R. Civ. P. 34*; namely, it had to
produce a witness prepared to testify with the knowledge
of the subsidiaries and affiliates if the subsidiaries and
affiliates were within its control.

**OUTCOME:** Parent company was directed to produce a
witness properly prepared with the knowledge of its sub-

sidiary concerning all documents produced by the parent
company.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery Methods > Oral
Depositions*
[HN1] The scope of the entity's obligation in respond-
ing to a *Fed. R. Civ. P. 30(b)(6)* notice is identical to its
scope in responding to interrogatories served pursuant to
*Fed. R. Civ. P. 33* or a document request served pursuant
to *Fed. R. Civ. P. 34*; namely, it must produce a witness
prepared to testify with the knowledge of the subsidiaries
and affiliates if the subsidiaries and affiliates are within
its control.

*Civil Procedure > Discovery Methods > Oral
Depositions*
[HN2] A deposition pursuant to *Fed. R. Civ. P. 30(b)(6)*
is substantially different from a witness's deposition as an
individual. A Rule 30(b)(6) witness testifies as a repre-
sentative of the entity; his answers bind the entity and he
is responsible for providing all the relevant information
known or reasonably available to the entity.

*Civil Procedure > Discovery Methods > Oral
Depositions*
[HN3] The testimony elicited at the *Fed. R. Civ. P. 30(b)(6)*
deposition represents the knowledge of the corporation,
not of the individual deponents. The designated witness
is speaking for the corporation, and this testimony must
be distinguished from that of a mere corporate employee
whose deposition is not considered that of the corpora-
tion and whose presence must be obtained by subpoena. If
the persons designated by the corporation do not possess
personal knowledge of the matters set out in the depo-
sition notice, the corporation is obligated to prepare the
designees so that they may give knowledgeable and bind-
ing answers for the corporation. Thus, the duty to present

2002 U.S. Dist. LEXIS 14682, *

and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.

*Civil Procedure > Discovery Methods > Oral Depositions*

[HN4] The *Fed. R. Civ. P. 30(b)(6)* designee does not give his personal opinions. Rather, he presents the corporation's position on the topic. Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. The corporation must provide its interpretation of documents and events. The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition.

*Civil Procedure > Discovery Methods > Oral Depositions*

[HN5] *Fed. R. Civ. P. 30(b)(6)* explicitly requires a corporation to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition.

*Civil Procedure > Discovery Methods > Interrogatories*

[HN6] A corporation responding to interrogatories must provide not only the information contained in its own files and possessed by its own employees, it must also provide all information under its control.

*Civil Procedure > Discovery Methods > Interrogatories*

[HN7] When the parent corporation is served with an interrogatory, it is no defense to claim that the information is within the possession of a wholly owned subsidiary, because such a corporation is owned and controlled by such interrogee.

*Civil Procedure > Discovery Methods > Requests for Production & Inspection*

[HN8] A party is required to produce documents in its possession, custody or control. *Fed. R. Civ. P 34(a)*.

*Civil Procedure > Discovery Methods > Requests for Production & Inspection*

[HN9] A corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls.

**COUNSEL:** [*1]  For Twentieth Century Fox Film Corporation, PLAINTIFF: Dale M Cendali, O'Melveny & Myers, LLP, New York, NY USA.

For Marvel Entertainment Group, Inc, DEFENDANT: Jonathan D Reichman, John R Hutchins, Dana R Kaplan, Jonathon David Reichman, Kenyon & Kenyon, New York, NY USA.

For Tribune Entertainment, Inc, DEFENDANT: Gerald Singleton, Frankfurt, Garbus, Klein & Selz, New York, NY USA.

For Tribune Entertainment, Inc, DEFENDANT: Maura J Wogan, Frankfurt, Garbus, Kurnit, Klein & Selz, PC, New York, NY USA.

For Fireworks Communications, Inc, Fireworks Television (Us) Inc, DEFENDANTS: Steven H Rosenfeld, Ohrenstein & Brown, LLP, New York, NY USA.

For Marvel Entertainment Group, Inc, COUNTER-CLAIMANT: Jonathon David Reichman, Kenyon & Kenyon, New York, NY USA.

For Twentieth Century Fox Film Corporation, COUNTER-DEFENDANT: Dale M Cendali, O'Melveny & Myers, LLP, New York, NY USA.

**JUDGES:** HENRY PITMAN, United States Magistrate Judge.

**OPINIONBY:** HENRY PITMAN

**OPINION:**

MEMORANDUM OPINION AND ORDER

PITMAN, United States Magistrate Judge:

I. Introduction

Plaintiff seeks an Order either permitting it to take an additional deposition beyond the limit of thirty depositions [*2]  per side that has been imposed in this case or directing Tribune Broadcasting Company ("Tribune Broadcasting") to produce a 30(b)(6) witness properly prepared to testify concerning certain documents.

II. Facts

The facts in this case are fully set forth in Judge Schwartz's decision addressing plaintiff's motion for a preliminary injunction and defendants' motion to dismiss, *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., 155 F. Supp. 2d 1 (S.D.N.Y. 2001)*, aff'd, *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., 277 F.3d 253 (2d Cir. 2002)*. Familiarity with both of these decisions is assumed. For present purposes it is sufficient to note that plaintiff is the licensee of copyrighted characters created by defendant Marvel Enterprises, Inc., and known as the X-MEN. In July, 2000, pursuant to its license, plaintiff released a full length, live action motion

picture based on these characters, entitled "X-MEN." Plaintiff alleges, among other things, that defendant Tribune Entertainment's television program, MUTANT-X, infringes on plaintiff's rights in the X-MEN and that defendants have attempted to pass off their MUTANT-X television [*3] program as being related to plaintiff's motion picture.

The present dispute has its genesis in a subpoena served on Tribune Broadcasting, the parent of defendant Tribune Entertainment Company. In response to a subpoena duces tecum, Tribune Broadcasting produced a document on "WGN" letterhead. WGN-TV and WGN Superstation are a local Chicago television station and a cable television station, respectively, that are both owned and operated by Tribune Broadcasting; the letterhead on the document in issue merely states "WGN Entertaining America," with no further description. The document appears to be a script for a sales presentation and suggests that there is a close association between plaintiff's X-MEN motion picture and defendants' MUTANT-X television program.

Tribune Broadcasting's 30(b)(6) witness denied knowledge of the document and stated that it was a WGN document n1; he did not specify whether he was referring to WGN-TV or WGN Superstation. As a result of that testimony, plaintiff served a further subpoena and deposition notice. The subpoena was addressed to "WGN-TV, 2501 W. Bradley Place, Chicago, IL 60618" (Torres 7-16-02 Ltr., Ex. B). The accompanying notice of deposition [*4] was addressed to "WGN-TV/Superstation (Chicago),", and the schedule attached to the subpoena defined "WGN" as

WGN-TV/Superstation and any of its predecessor and successor entities, affiliates, subsidiaries, agents, servants, representatives, and/or attorneys, and all other persons acting or purporting to act on WGN's behalf

(Torres 7-16-02 Ltr., Ex. B). The schedule attached to the subpoena annexed a copy of the document described above and designated it as a subject of examination.

n1 The topics listed in the Rule 30(b)(6) notice served on Tribune Broadcasting included "The advertising, marketing, sale and/or promotion of [defendants' television series]" (Letter of Diana M. Torres, Esq., dated July 16, 2002 ("Torres 7-16-02 Ltr."), at 1, n.1).

In response to this subpoena, a witness from WGN-TV was produced. Like the witness produced on behalf

of Tribune Broadcasting, he also disclaimed knowledge of the document in dispute and claimed that it appeared to be a script from WGN Superstation. [*5]

According to statements made in the course of oral argument concerning the current dispute held on July 30, 2002, neither WGN-TV nor WGN Superstation is a legally cognizable entity; both are owned by several corporations which are ultimately owned by Tribune Broadcasting.

I had previously limited each side in this case to a total of thirty depositions. Since the deposition resulting from plaintiff's subpoena to WGN-TV was plaintiff's thirtieth deposition, it cannot now seek a deposition of WGN Superstation without relief from the Court.

In connection with the current dispute, both sides have each submitted three letter briefs. In addition, as noted above, I heard oral argument by telephone on July 30, 2002..

III. Analysis

The current dispute raises the issue of whether an entity receiving a notice of deposition pursuant to Rule 30(b)(6) is obligated to produce a witness prepared with the knowledge of both the entity that received the subpoena and its subsidiaries or affiliates. I conclude that [HN1] the scope of the entity's obligation in responding to a 30(b)(6) notice is identical to its scope in responding to interrogatories served pursuant to Rule 33 or a document request [*6] served pursuant to Rule 34, namely, it must produce a witness prepared to testify with the knowledge of the subsidiaries and affiliates if the subsidiaries and affiliates are within its control.

It is well settled that a witness appearing pursuant to a Rule 30(b)(6) notice has a unique status and testifies as the entity, not as an individual. [HN2] "A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Sabre v. First Dominion Capital, LLC, 2001 U.S. Dist. LEXIS 20637, 01* Civ. 2145 (BSJ)(HBP), *2001 WL 1590544* at *1 (S.D.N.Y. Dec. 12, 2001), citing 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2103 (2d ed. 1994). As comprehensively explained by Magistrate Judge Eliason of the Middle District of North Carolina:

[HN3] The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is "speak-

ing for the corporation, [*7] " and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena. 8A Wright, Miller & Marcus § 2103, at 36–37. . . . If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. *Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 75 (D. Neb. 1995)* (citing *Marker, 125 F.R.D. at 126).* Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. *Buycks–Roberson v. Citibank Federal Sav. Bank, 162 F.R.D. 338, 343 (N.D. Ill. 1995); S.E.C. v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992).*

[HN4] The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's "position" on the topic. *U.S. v. Massachusetts Indus. Finance Agency, 162 F.R.D. 410, 412 (D. Mass. 1995);* [*8] *Lapenna v. Upjohn Co., 110 F.R.D. 15, 21 (E.D. Pa. 1986); Toys "R" Us, Inc. v. N.B.D. Trust Company, 1993 U.S. Dist. LEXIS 13621,* No. 88 C10349, *1993 WL 543027,* at *2 (N.D. Ill. Sept. 29, 1993). Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. *Lapenna, 110 F.R.D. at 20.* The corporation must provide its interpretation of documents and events. *Ierardi v. Lorillard, Inc., 1991 U.S. Dist. LEXIS 11320, Civ. A. No. 90–7049, 1991 WL 158911 (E.D. Pa. Aug. 13, 1991).* The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition. Were it otherwise, a corporation would be able to deceitfully select at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions. See *Lapenna, 110 F.R.D. at 25.* Truth would suffer.

. . . The attorney for the corporation is not at liberty to manufacture the corporation's contentions. Rather, the corporation

may designate a person to speak on its behalf and it is this position which the attorney must advocate.

. . . [HN5] Rule 30(b)(6) explicitly requires [a [*9] corporation] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

*United States v. Taylor, 166 F.R.D. 356, 361–62 (M.D.N.C. 1996),* accord *Paul Revere Life Ins. Co. v. Jafari, 206 F.R.D. 126, 127–28 (D. Md. 2002).*

Neither the parties' research nor my own has found any authority directly addressing the specific question of whether a corporation receiving a Rule 30(b)(6) notice is obligated to prepare its witness with [*10] both the entity's own knowledge and the knowledge of its subsidiaries and affiliates. However, decisions dealing with the scope of a producing party's duty to respond to interrogatories or document requests provide guidance.

[HN6] A corporation responding to interrogatories must provide not only the information contained in its own files and possessed by its own employees, *American Rockwool, Inc. v. Owens–Corning Fiberglas Corp., 109 F.R.D. 263, 266 (E.D.N.C. 1985),* it must also provide all information under its control. "A party served with interrogatories is obliged to respond by 'furnishing such information as is available to the party.' [Defendant] therefore is obliged to respond to the interrogatories not only by providing the information it has, but also the information within its control or otherwise obtainable by it." *In re Auction Houses Antitrust Litig., 196 F.R.D. 444, 445 (S.D.N.Y. 2000),* quoting and citing *Fed. R. Civ. P. 33(a)* (emphasis in original); *Cullins v. Heckler, 108 F.R.D. 172, 176–77 (S.D.N.Y. 1985);* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure: Civil §§ [*11] 2174, 2177 (2d ed. 1994). See

also *Shamis v. Ambassador Factors Corp.,* 34 F. Supp. 2d 879, 894 (S.D.N.Y. 1999). Accordingly, [HN7] "when the parent is served with an interrogatory, it is no defense to claim that the information is within the possession of a wholly owned subsidiary, because such a corporation is owned and controlled by such interrogee." *Westinghouse Credit Corp. v. Mountain States Mining & Milling Co.,* 37 F.R.D. 348, 349 (D. Col. 1965). See also *Sol S. Turnoff Drug Distrib. Inc. v. N.V. Nederlandsche Combinatie Voor Chemische Industrie,* 55 F.R.D. 347, 349 (E.D. Pa. 1972); *Erone Corp. v. Skouras Theaters Corp.,* 22 F.R.D. 494, 498 (S.D.N.Y. 1958); *Greenbie v. Noble,* 18 F.R.D. 414, 415 (S.D.N.Y. 1955); *Banana Serv. Co. v. United Fruit Co.,* 15 F.R.D. 106, 108 (D. Mass. 1953).

The same principle applies to requests for documents pursuant to Rule 34 and [HN8] requires a party to produce documents in its "possession, custody or control . . . ." *Fed.R.Civ.P 34(a).* As observed by the Honorable Robert W. Sweet, United States District Judge, in *Dietrich v. Bauer, 2000 U.S. Dist. LEXIS 11729, 95 Civ. 7051 (RWS), 2000 WL 1171132* [*12] at *3 (S.D.N.Y. Aug. 16, 2000):

> Numerous courts have concluded that a parent corporation has a sufficient degree of ownership and control over a wholly-owned subsidiary that it must be deemed to have control over documents located with that subsidiary. See *United States v. International Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989)* [HN9] ("A corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls."); *Alden v. Time Warner, Inc., 1995 U.S. Dist. LEXIS 17038, No. 94 Civ. 6109, 1995 WL 679238* at *2 (S.D.N.Y. Nov. 14, 1995) (corporate parent required to produce documents held by its subsidiary); *Camden Iron [& Metal v. Marubeni Am. Corp.], 138 F.R.D. 438, 441* [(D.N.J. 1991)] (parent corporation has control over documents in physical control of wholly-owned or controlled subsidiary); *In re Uranium Trust Litigation, 480 F. Supp. 1138, 1152 (N.D. Ill. 1979)* (corporate parent must produce documents of wholly-owned subsidiary but not documents of 43.8%-owned subsidiary which conducted its corporate affairs separately); *Hubbard v. Rubbermaid, Inc., 78 F.R.D. 631, 637 (D. Md. 1978)* [*13] (parent corporation must produce documents held by wholly-owned subsidiaries and fact that subsidiaries were separate corporate entities was irrele-

vant). This principle applies where the subsidiary is not owned directly but, rather, is owned by an intermediate corporation that is itself a wholly-owned corporation of the parent corporation. See *Lethbridge v. British Aerospace PLC, 1990 U.S. Dist. LEXIS 16086, No. 89 Civ. 1407, 1990 WL 194915,* at *1 (S.D.N.Y. Nov. 28, 1990).

See also *George Hantscho Co. v. Miehle-Goss-Dexter, Inc., 33 F.R.D. 332, 334-35 (S.D.N.Y. 1963).*

I conclude that the same principle that is applied to interrogatories and document requests should also be applied to determine the scope of a party's obligation in responding to a Rule 30(b)(6) notice of deposition. There is no logical reason why the sources researched by a party in responding to a discovery request should be dependent on the particular discovery vehicle used; in all cases, the responding party should be obligated to produce the information under its control. Application of this principle to Rule 30(b)(6) discovery is not only consistent with the judicial interpretations of the other discovery [*14] provisions of the Federal Rules of Civil Procedure, it is also consistent with the purpose of discovery — "[to] make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co., 356 U.S. 677, 682, 2 L. Ed. 2d 1077, 78 S. Ct. 983 (1958);* accord *EEOC v. Metropolitan Museum of Art, 80 F.R.D. 317, 318 (S.D.N.Y. 1978).*

Application of this principle to the present case leads to the conclusion that Tribune Broadcasting must provide a witness prepared with the knowledge of WGN Superstation to testify concerning the documents in issue. Tribune Broadcasting's public statements establish that it controls WGN Superstation. Specifically, Tribune Broadcasting's web page states "Tribune Broadcasting owns and operates 23 major-market television stations, including national superstation WGN-TV, and reaches more than 80 percent of U.S. television households." Tribune Company Overview, available at http://www.tribune.com/about/index.htm (last visited Aug. 4, 2002) (emphasis added). Since Tribune Broadcasting "owns and operates" WGN Superstation, [*15] it has sufficient control to be charged with WGN Superstation's knowledge for discovery purposes. n2

> n2 Although Tribune Broadcasting has, in response to the current motion, attempted to distance itself both from the statements on its web site and from WGN Superstation, its arguments in this regard are entitled to no weight. There cannot be one

2002 U.S. Dist. LEXIS 14682, *15

"truth" for the world at large, and a different "truth" for the Court.

## IV. Conclusion

Accordingly, for all the foregoing reasons, I conclude that Tribune Broadcasting violated its obligations under Rule 30(b)(6) by failing to provide a witness properly prepared to testify concerning the subject matters designated in plaintiff's notice of deposition. Accordingly, no

later than August 19, 2002, Tribune Broadcasting is directed to produce a witness properly prepared with the knowledge of WGN Superstation concerning all documents produced by Tribune Broadcasting.

Dated: New York, New York

August 6, 2002

SO ORDERED

HENRY PITMAN

United States Magistrate Judge [*16]