IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371-JJF |

## NOTICE OF DEPOSITION OF PHILIP W. WOO
## AND SERVICE OF SUBPOENA

**PLEASE TAKE NOTICE** that on the 19th day of August 2005, Plaintiff Power Integrations, Inc. provided the attached subpoena to Bas deBlank, counsel with Orrick, Herrington & Sutcliffe, LLP, for **Philip W. Woo, SIDLEY AUSTIN BROWN & WOOD LLP, 555 California Street, Suite 2000, San Francisco, CA 94104-1715**, as Mr. deBlank agreed to accept service of the subpoena to Mr. Woo.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff Power Integrations, Inc., by its counsel, will take the deposition of **Philip W. Woo,** on Monday, September 19, 2005, at 9:30 a.m., at Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063. The deposition will continue from day to day, if necessary, until completed. The deposition will be taken before a notary public or other officer authorized by law to administer oaths. All of the deposition testimony will be recorded by stenographic, audio, and/or audiovisual means.

Dated: August 19, 2005	FISH & RICHARDSON P.C.

By: _____
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Gina M. Steele
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

80026576.doc

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2005, I electronically filed the attached NOTICE OF DEPOSITION OF PHILLIP W. WOO & SERVICE OF SUBPOENA with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendant-Counterclaimant<br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION |

I hereby certify that on this date, I have sent via first class mail, the document(s) to the following non-registered participants:

| | |
|---|---|
| G. Hopkins Guy, III<br>Bas de Blank<br>Duo Chen<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION |

_____
Sean P. Hayes

80026576.doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | CALIFORNIA |

POWER INTEGRATIONS, INC., a Delaware corporation,

        Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,

        Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C.A. No. 04-1371-JJF
CASE PENDING IN THE DISTRICT OF DELAWARE

TO: Philip W. Woo, SIDLEY AUSTIN BROWN & WOOD LLP, 555 California Street, Suite 2000, San Francisco, CA 94104-1715

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063 | September 19, 2005<br>9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
See Attachment A attached.

| PLACE | DATE AND TIME |
|---|---|
| Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063 | September 2, 2005<br>12:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Sean P. Hayes (#4413) Attorney for Plaintiff POWER INTEGRATIONS, INC. | August 19, 2005 |

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sean P. Hayes (#4413), Fish & Richardson P.C. 919 N. Market Street, Suite 1100, Wilmington, DE  19899-1114
Telephone:  (302) 652-5070  Facsimile:  (302) 652-0607

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A
TO PHILIP W. WOO SUBPOENA**

**DEFINITIONS**

1.  "Woo," "You," or "your" means Philip W. Woo.

2.  "Patents-in-suit" means U.S. Patents Nos. 4,811,075, 6,107,851, 6,229,366, and 6,249,876.

3.  "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4.  "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

5. "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

## INSTRUCTIONS

1. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## DOCUMENTS REQUESTED

1. All documents relating to any opinion as to the validity, scope or enforceability of any claim of any of the Patents-in-suit, including all documents you received, considered, or relied upon in forming your opinion, regardless of whether the documents were disclosed to Fairchild.

2. All documents relating to any analysis of any products for potential or actual infringement of any of the Patents-in-suit, including all documents you received, considered, or relied upon in forming your opinion, regardless of whether the documents were disclosed to Fairchild.

50295078.doc