# Fish & Richardson p.c.

Suite 1100
919 N. Market Street
p.o. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**William J. Marsden, Jr.**
(302) 778-8401

Email
marsden@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**VIA ELECTRONIC FILING**

August 22, 2005

The Honorable Joseph J. Farnan, Jr.
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:   Power Integrations Inc. v. Fairchild Semiconductor International
         USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Judge Farnan:

Power Integrations, Inc.'s ("Power Integrations") Motion to Amend the Complaint, or in the Alternative, to Compel Defendants to Produce Witnesses ("Motion to Amend or Compel") is not moot (D.I. 47). Fairchild has not agreed to permit its wholly-owned Korean subsidiary to be added as a defendant, it has not agreed to accept service of process for the Korean subsidiary, and it has not agreed to provide discovery from the Korean subsidiary regarding the accused devices (other than what Fairchild unilaterally chooses to provide). In view of these positions, Power Integrations' motion must be heard to resolve these disputes and hopefully limit similar disputes in the future.

Initially, Fairchild suggests that Power Integrations is to blame for delaying discovery in this case and in bringing the instant motion, but Fairchild is wrong. In the beginning of this case, <u>Fairchild</u> (not Power Integrations) asked for a longer schedule because relevant information was in Korea. Fairchild admits it has known since at least February that "the relevant technical discovery was located in Korea." Fairchild's response letter brief, D.I. 65 at 2. It was Fairchild who produced more than a million pages of Korean documents (pulled from servers and computers in a disorganized fashion), followed by additional productions of 275,000 pages of documents from Korean sources <u>more than a month after the deadline for written discovery</u>. Fairchild has finally begun to produce documents from the witnesses it believes will be 30(b)(6) witnesses in the United States—again, more than a month after the cutoff for document production—and even now Fairchild has refused to offer any 30(b)(6) witness for depositions in the United States within the current schedule for depositions.

Perhaps most egregious among Fairchild's repeated delays, and most relevant to the present dispute, is Fairchild's delay in contacting the key employees Power Integrations sought to depose. Power Integrations began to identify Korean witnesses for deposition on June 1, *id.* at 4, but Fairchild apparently did not seek to secure their

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
August 22, 2005
Page 2

availability until 7:30 p.m. on August 16, the night before Fairchild's Response was due. Id. At that time, Fairchild's counsel learned that many of the Korean witnesses were no longer employed by Fairchild Korea. Had Fairchild inquired as to the status of those witnesses when Power Integrations first identified them and not raised its baseless objections, Power Integrations could have taken their depositions before they left the company.[1] Fairchild did not do so, and it cannot now blame Power Integrations for any subsequent departures. Fairchild's "head in the sand" approach to discovery fails to satisfy the requirements of the Federal Rules and the rules of this Court, and it should not be condoned.

Moreover, Fairchild's assertion that Power Integrations is responsible for (or interested in) delay is simply incorrect. Fairchild ignores the steps Power Integrations has taken to advance the discovery process, for example:

- Fairchild accuses Power Integrations of delaying taking depositions, but it admits that Power Integrations first began asking for depositions on June 1. D.I. 65 at 4. Power Integrations attempted to secure deposition dates for July or August, but the first witness and date Fairchild offered for deposition, was September 1 (offered for the first time on July 28). Id. at Ex. C.

- Fairchild accuses Power Integrations of delay in bringing the instant Motion to Amend, D.I. 65 at 2, but Power Integrations' efforts to meet and confer in an attempt to resolve a dispute informally—as required under the local rules—does not constitute delay. On July 28, 2005, Fairchild identified its first witnesses for deposition in Korea. Id. at Ex. C. Once it became clear that there was no way to resolve the remaining disputes regarding depositions informally, Power Integrations promptly brought the issue to the Court's attention.

- Fairchild pretends that Power Integrations is obstructing discovery from former employee inventor Klas Eklund, D.I. 65 at 3, but Fairchild ignores the fact that Power Integrations has already voluntarily offered Mr. Eklund for deposition in his place of residence, Sweden. Ex. A hereto (MRHeadley letter to de Blank of 8/10/05.) As such, any complaint regarding discovery from Mr. Eklund is pure misdirection.

- Fairchild argues that the timing of service of formal deposition notices should somehow impact the ability to take the requested discovery, but this argument ignores the extensive meet and confer efforts that occurred before Power

---

[1] The declaration included as Exhibit G to Fairchild's Response states that all but one of those employees who have left have all done so between June 1 and now.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
August 22, 2005
Page 3

>Integrations served formal deposition notices. Contrary to the repeated statements in Fairchild's brief, Power Integrations did in fact serve a formal 30(b)(6) notice on Fairchild on August 11, 2005. That notice is identical to the draft notice Power Integrations provided Fairchild in July.

Equally absurd is the notion that Power Integrations wants to take five weeks of deposition testimony in Korea. Power Integrations never asked for unlimited depositions, and the rules would not permit such discovery even if Power Integrations sought it. In fact, Power Integrations never demanded two days of testimony from any individual witness.[2]

Rather, Power Integrations more recently identified additional potential overseas witnesses as soon as it learned of the exodus of key Fairchild Korea employees, in an attempt to avert any further gamesmanship on the part of Fairchild. To do so, Power Integrations went further down the list of witnesses likely to have relevant information. As noted in the letter enclosing the deposition notices, Power Integrations hopes it will not need to take much (if any) testimony from some of these witnesses, Ex. B hereto (MRHeadley letter to de Blank of 8/17/05), but Power Integrations cannot make that determination before beginning the depositions in Korea.

Despite Fairchild's protests to the contrary, the requested depositions are neither cumulative nor unduly burdensome. The documents produced from Fairchild Korea indicate that the individuals noticed have unique roles in the design, development marketing and sales of the accused products. Given there are many accused products, it is not surprising that there are multiple individuals who have relevant knowledge and Fairchild's assertions that these witnesses "are not familiar" with the accused devices are unsupported and belied by the documents. It also goes without saying that depositions of individuals may cover topics that arise from the answers given and thus could not be anticipated and addressed in 30(b)(6) deposition notices. As noted above and relayed to Fairchild's counsel during meet and confer, Power Integrations will limit the time spent with later witnesses if the required information has already been discovered from prior witnesses, thereby eliminating any duplication. Finally, as Power Integrations has yet to take a single deposition, the parties are not even close to approaching the hours deadline the Court has set and there can be no undue burden at this time on Fairchild to produce deposition witnesses.

---

[2] It was Fairchild who suggested that, in view of the scope of their testimony and the alleged need for interpreters, each 30(b)(6) deposition should be tentatively scheduled for two days. Power Integrations simply agreed that would be prudent for the purpose of scheduling.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
August 22, 2005
Page 4

Putting aside Fairchild's rhetoric and posturing, Fairchild's argument boils down to a fundamental inconsistency: on the one hand, Fairchild says it knew all along about the need for discovery in Korea and was prepared to provide it. On the other hand, Fairchild says Power Integrations does not need to take discovery from Fairchild Korea or the Korean depositions it seeks. At the end of the day, Fairchild appears to want sole discretion to determine what it must provide in terms of discovery from the wholly-owned Korean subsidiary, suggesting that the first million pages of Korean documents and the initial offer of Korean witnesses (as representatives <u>of the named parties</u> under Rule 30(b)(6)) was merely discretionary "cooperation." This argument is facially absurd, and it is not supported by the facts or law.

The appropriate remedy for Fairchild's misconduct is not entirely clear, as the prejudice to Power Integrations caused by the departure of key witnesses and information may not be readily curable. The most appropriate approach, however, is for the Court to add Fairchild Korea as defendant in this matter and to permit Power Integrations to take its requested discovery from Fairchild Korea, including providing the necessary time in the schedule to allow this to occur. Power Integrations also asks the Court to order Fairchild Korea to seek cooperation from its former employees and secure their appearance at deposition to the extent that is feasible. Finally, Power Integrations requests the Court to impose an appropriate monetary sanction for Fairchild's actions, as it is now clear that Power Integrations will need an additional trip to Korea for the depositions of either the former employees (which will take time to schedule) or those individuals remaining at Fairchild who have relevant knowledge (and who cannot be confidently identified until the currently-scheduled witnesses have been deposed).

Respectfully,

William J. Marsden, Jr.

WJM/mrh

50294906.doc

cc: Bas deBlank, Esquire (via email & First Class Mail)
    Steven J. Balick, Esquire (via ECF)