# Exhibit A

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

**Michael R. Headley**
(650) 839-5139

Email
headley@fr.com

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

August 10, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:   Power Integrations Inc. v. Fairchild Semiconductor International
      USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Bas:

This letter furthers our recent discussions regarding discovery issues and responds to your letter of yesterday afternoon regarding same. I address various issues separately for clarity.

**Depositions of PI employees**

First and foremost, we need to reschedule the deposition of David Kung. I just learned that he is in the hospital and likely to remain there throughout the week. When he returns to work, I will inquire as to his availability for deposition later this month or in September. My apologies for any inconvenience, but I will keep you posted as I hear anything further.

Per your request during our call, I am confirming that Mr. Bell will be Power Integrations' 30(b)(6) witness with respect to commercial embodiment of the '075 patent as called for in Topics 6 and 9 of Fairchild's Fourth 30(b)(6) Notice.

Your letter notes that Fairchild will not proceed with the depositions of Mr. Renouard and Mr. Lelieur as previously agreed in light of some outstanding discovery you feel owed, but it inaccurately states that I agreed there was any tardy production by Power Integrations. During our call, you raised as chief among the alleged deficiencies a lack of signed licenses in PI's production, and I offered to look into the matter. Having done so, I note several signed licenses with various companies, including those produced at PIF 22256, PIF22575, PIF22580, PIF23571, and PIF23640, among others. I understand your other basis for refusing to take their depositions to be a belief that Fairchild is entitled to certain damages-related discovery in a form other than the source documents Ms. Steele has already identified for you. Your demand calls for information that is the proper focus of expert testimony, and Power Integrations has no obligation to compile such information before the deadlines for expert disclosures. As such, neither alleged deficiency provides any basis for rescheduling the depositions of Mr. Renouard and Mr. Lelieur, and I reiterate that

FISH & RICHARDSON P.C.

Bas de Blank
August 10, 2005
Page 2

Fairchild's refusal to take their depositions is at its own peril. If you have some other basis for moving their currently-scheduled depositions, though, please let me know as soon as possible.

Your letter also inaccurately recounts the list of Power Integrations employees who will be testifying in response to Fairchild's several 30(b)(6) notices. As I clearly set forth this list in my letter to you of August 4, 2005, I will not repeat it here.

**Depositions of Fairchild employees**

I have still not heard anything from you regarding Fairchild's 30(b)(6) witnesses for sales, marketing, and other corporate topics, and your delay is prejudicing Power Integrations' ability to prepare for depositions. I presume you are near to finalizing dates for the 30(b)(6) witnesses, including likely witnesses Dan Godbout, Brent Rowe, and Stephen Jensen as mentioned during our call, but we need an identification of the Fairchild witnesses as soon as possible. We will serve 30(b)(1) notices for Fairchild employees shortly, but that is no reason to delay getting me information regarding the identity, topics, and availability for 30(b)(6) witnesses.

We also need to discuss the plans for Fairchild's compliance with the Court order issued yesterday. Please contact me as soon as possible to discuss this issue so that we can make the necessary arrangements.

**Depositions of third parties**

I thank you for confirming that you will accept a subpoena on behalf of Mr. Morrill. I did not ask during our call whether you would similarly accept a subpoena on behalf of Philip Woo, but I assume that you will do so in light of his role in drafting the earlier opinion letter for Fairchild. I will send you both subpoenas shortly, so let me know if you will not accept Mr. Woo's subpoena as soon as possible and we will make the necessary arrangements to serve him. I ask now that you inquire as to their availability for depositions to speed up the process, but absent any indication as to their availability I will include place-holder dates in their subpoenas.

I am checking on Mr. Go's availability for deposition, but I await further word from you regarding whether you intend to proceed with any deposition of Mr. Schatzel in light of your earlier conversation with him. Per our previous discussions, though, we will also wait to schedule any remaining depositions of the other attorneys who played minor roles in the prosecution of the Power Integrations patents until after Mr. Go's deposition, at which point you will know whether any such discovery is necessary.

FISH & RICHARDSON P.C.

Bas de Blank
August 10, 2005
Page 3


Although we discussed Mr. Eklund during our call on Monday, your letter inaccurately reports that I stated Power Integrations will not depose Mr. Eklund. I made no representation either way with respect to Mr. Eklund. I await your response to my offer to work to schedule the deposition of Mr. Eklund, though, should Fairchild wish to take testimony from Mr. Eklund.

Sincerely,

Michael R. Headley

50293328.doc