IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

      v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS
MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE,
RECONSIDERATION OF THE COURT'S AUGUST 9, 2005 ORDER**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Gina M. Steele
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

DATED: August 12, 2005

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     NATURE AND STAGE OF PROCEEDING ......................................................1

III.    SUMMARY OF ARGUMENT ...........................................................................2

IV.     STATEMENT OF FACTS ..................................................................................3

V.      ARGUMENT .......................................................................................................4

        A.      The Scope Of The Court's August 9 Memorandum
                Order Is Indeterminate And Should Be Clarified ....................................4

        B.      If The Court's August 9 Determination Regarding
                Whether Power Integrations Complied with the Marking
                Requirements of Section 287 Applies for All Purposes,
                The Court Should Reconsider That Ruling Of Fact
                Based On A Full And Complete Factual Record...........................................5

VI.     CONCLUSION ....................................................................................................8

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*,
    99 F.R.D. 99 (E.D. Va. 1983) ................................................................... 6

*ADC Telecommunications, Inc. v. Siecor Corp.*,
    954 F. Supp. 820 (D. Del. 1997) ............................................................... 6

*Butterfield v. Oculus Contact Lens Co.*,
    332 F. Supp. 750 (N.D. Ill. 1971) ............................................................. 7

*Chase Manhattan Bank v. Iridium Africa Corp.*,
    2004 WL 1588295, at *1 (D. Del. July 8, 2004) ................................... 2, 5

*Karr v. Castle*,
    768 F. Supp. 1087 (D. Del. 1991) ............................................................. 6

*Manhattan Bank v. Iridium Africa Corp.*,
    2004 WL 1588295, at *1 (D. Del. July 8, 2004) ................................... 2, 5

*Maxwell v. J. Baker, Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996) ................................................................... 6

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
    138 F.3d 1437 (Fed. Cir. 1998) .............................................................. 6, 7

*Rutherford v. Trim-Tex, Inc.*,
    803 F. Supp. 158 (N.D. Ill. 1992) ............................................................. 7

*Tenneco Automotive Operating Co. v. Visteon Corp.*,
    375 F. Supp. 2d 360 (D. Del. 2005) .......................................................... 6

*Wayne-Gossard Corp. v. Sondra Mfg. Co.*,
    434 F. Supp. 1340 (E.D. Pa. 1977), *aff'd*, 579 F.2d 41 (3d Cir.
    1978) ......................................................................................................... 7

*Wiener v. NEC Elecs., Inc.*,
    102 F.3d 534 (Fed. Cir. 1996) ................................................................... 6

**Statutes**

35 U.S.C. § 287(a) .............................................................. 1, 2, 3, 4, 5, 6, 7, 8

Fed. R. Civ. Proc. 60(b) ............................................................................... 5

## I.    INTRODUCTION

On August 9, 2005, this Court entered a Memorandum Order on Plaintiff Power Integrations, Inc.'s ("Power Integrations") Motion to Compel Production of Documents relating to Defendants' Fairchild Semiconductor International, Incorporated and Fairchild Semiconductor Corporation (collectively "Fairchild") alleged foreign sales and sales made prior to the date Power Integrations filed its Complaint (D.I. 54). While Power Integrations did not comprehensively brief in that Motion the factual issue of whether its products were marked in accordance with 35 U.S.C. § 287(a), the Court nonetheless "conclude[d]," on an incomplete factual record, "that as a matter of law . . . Power Integrations has not satisfied its burden of establishing constructive notice under Section 287."

Because the question whether a plaintiff has satisfied the requirements of Section 287 is fact intensive and should be decided on a complete factual record, not as a collateral ruling in the context of a shortened motion to compel, Power Integrations respectfully requests that the Court either (1) clarify that its ruling with respect to Power Integrations' compliance with Section 287(a) applies only in the context of the Motion to Compel in which it arose and does not limit Power Integrations' right to fully brief and present the marking issue for resolution in the context of a dispositive motion; or (2) reconsider its August 9 ruling that Power Integrations "has not satisfied its burden of establishing constructive notice under Section 287" after permitting the parties to submit comprehensive briefs addressing this intensely factual inquiry.

## II.    NATURE AND STAGE OF PROCEEDING

Power Integrations sued Fairchild for patent infringement on October 20, 2004. The parties have engaged in extensive document production, and they are now in the

1

process of preparing for and taking depositions. Depositions of Fairchild's 30(b)(6) witnesses employed by Fairchild Korea are due to begin September 1, 2005 in Korea. No dispositive motions have yet been filed or briefed by the parties.

### III.    SUMMARY OF ARGUMENT

By this Motion, Power Integrations seeks clarification of the Court's August 9 Order on Plaintiff's Motion to Compel, in which the Court stated that Plaintiff had not met the marking requirements of 35 U.S.C. Section 287(a) in the course of granting-in-part and denying-in-part that Motion. The August 9 Order does not indicate whether it is meant to preclude Power Integrations from presenting comprehensive facts and case law demonstrating its compliance with Section 287 in the context of a full-length dispositive motion or later at trial. Power Integrations thus seeks clarification as to the scope of application of the Court's August 9 Memorandum Order on its Motion to Compel Discovery.

In the event that the Court intended its August 9 Order to resolve for all purposes in this litigation the issue of whether Power Integrations complied with the marking requirements of Section 287, Power Integrations requests that the Court grant reconsideration of that ruling after submission of full-length briefs appropriate for a dispositive motion on an ultimate issue. As discovery motions are limited by Order of the Court to four pages in length and no reply briefs are permitted, Power Integrations has not had the opportunity to present comprehensive legal and factual authority demonstrating its compliance with Section 287. Because "a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result," Power Integrations respectfully requests the opportunity to fully brief the issue of whether it satisfied applicable marking requirements. *Chase Manhattan Bank v. Iridium Africa Corp.*, 2004 WL 1588295, at *1 (D. Del. July 8, 2004).

## IV.    STATEMENT OF FACTS

On June 8, 2005, Power Integrations filed a Motion to Compel Production of Documents Relating to Fairchild's Manufacturing, Sales and Offers for Sale. [D.I. 29] The Court's Scheduling Order for Patent Cases limits such discovery motions to "a total of four (4) pages" in length. [D.I. 17] Power Integrations' Motion requested that the Court order Fairchild to produce information relating to sales of the accused products prior to October 20, 2004, the date Power Integrations' Complaint was filed. (*See id.* at 4.) Plaintiff's opening brief contained thirteen lines of text devoted to the issue of whether Fairchild could unilaterally determine that Power Integrations failed to comply with the marking requirements of 35 U.S.C. § 287(a) as a means of resisting the requested discovery. (*See id.*) Two-and-a-half lines of text addressed the factual issue of whether or not Power Integrations sufficiently marked its goods pursuant to Section 287. (*See id.*) Believing that the ultimate issue of whether Power Integrations marked its products in accordance with Section 287 would be decided by the Court at a later date, following the submission of a complete factual record on the issue by both parties, Power Integrations did not offer a fulsome accounting in its discovery motion of all those facts indicating that it properly marked its products under the statute.

In response to Power Integrations' Motion to Compel, Fairchild opposed Plaintiff's motion in a brief filed June 15, 2005. [D.I. 31] That Opposition, spanning four pages in its totality, contained just over two pages of argument alleging that Power Integrations failed to mark its products or packages consistent with the requirements of Section 287. (*See id.* at 2-4.) The Court's Scheduling Order for Patent Cases provides that in the context of a discovery motion, "[n]o reply is permitted." [D.I. 17] Without first requesting that the parties fully brief the issue of whether Power Integrations' marking was sufficient under Section 287, the Court instead issued a Memorandum Order on August 9, 2005. [D.I. 54]

3

Based solely on Power Integrations' response to Interrogatory No. 18 and a page from Power Integrations' website, and in the absence of other relevant facts that Power Integrations would have supplied had the marking issue been comprehensively briefed and presented for resolution, the Court found in that Order that "Power Integrations has not satisfied its burden of establishing constructive notice under Section 287" and therefore "any damages recoverable by Power Integrations are limited by Section 287 to the date that Fairchild received actual notice of its alleged infringement, which in this case, is the date of the Complaint." (*See id*. at 5-6.) In the Conclusion of that Order, however, the Court merely granted-in-part and denied-in-part Power Integrations' Motion to Compel without indicating whether or not its determination relevant to the issue of whether Power Integrations complied with the marking requirements of Section 287 applies only for the limited purpose of resolving the discovery dispute presented by that Motion or instead applies for all purposes in this litigation.

## V.     ARGUMENT

### A.     The Scope Of The Court's August 9 Memorandum Order Is Indeterminate And Should Be Clarified

In the body of the August 9 Memorandum Order granting-in-part and denying-in-part Plaintiff's Motion to Compel, the Court states that "Power Integrations has not satisfied its burden of establishing constructive notice under Section 287" and "any damages recoverable by Power Integrations are limited by Section 287 to the date that Fairchild received actual notice of its alleged infringement, which in this case, is the date of the Complaint." [D.I.. 54] In the Order's Conclusion, however, the Court merely granted-in-part and denied-in-part Power Integrations' Motion to Compel without indicating whether or not its marking determination applies only for the limited purpose of resolving the discovery dispute presented by the Motion or instead applies for all purposes in this case.

4

The August 9 Order does not make clear the scope of the Court's finding that Plaintiff has not satisfied its burden pursuant to Section 287, leaving ambiguity as to whether that finding – based on an incomplete factual and legal record – precludes Power Integrations from presenting fulsome evidence and authorities relevant to the issue of marking at a later date in this litigation. To relieve that ambiguity, Power Integrations thus requests that the Court clarify its Order of August 9 to indicate whether the August 9 marking determination applies for all purposes in this action or only in the context of the discovery motion in which it was made, and to clarify whether Plaintiff is barred from marshalling comprehensive facts and authorities to address this issue in a later, full-length dispositive motion.

**B.      If The Court's August 9 Determination Regarding Whether Power Integrations Complied with the Marking Requirements of Section 287 Applies for All Purposes, The Court Should Reconsider That Ruling Of Fact Based On A Full And Complete Factual Record**

In the event that this Court intends to apply its August 9 finding of fact that Power Integrations did not comply with the marking requirements of 35 U.S.C. Section 287, Power Integrations respectfully requests that the Court reconsider that ruling after having first received complete briefing from the parties on the marking issue setting forth all facts and law relevant to whether Power Integrations' marking was sufficient to satisfy the requirements of Section 287.

While motions for reconsideration are to be granted "sparingly," "a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result." *Chase Manhattan Bank v. Iridium Africa Corp.*, 2004 WL 1588295, at *1 (D. Del. July 8, 2004) (granting motion for reconsideration); *see also* Fed. R. Civ. Proc. 60(b). Reconsideration may be granted to correct "manifest errors of law or fact or to present newly discovered evidence," *id.*, or where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension,"

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).
Motions for reconsideration provide a mechanism by which to "balance the need for
finality in judicial decision making with a recognition that courts sometimes make
mistakes." *See, e.g., Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). When "the
importance of achieving substantial justice outweighs the value of finality," the court
should exercise its discretion to reconsider a prior ruling. *See id.* at 1094.

      In this case, both facts and case law that were not presented in and not germane to
Power Integrations' Motion to Compel Discovery are determinative of the issue of
whether Power Integrations complied with Section 287's marking requirement, and
Power Integrations should be permitted to present those facts and authorities in a brief
squarely and comprehensively addressing the marking issue. While the patentee bears
the burden of establishing compliance with the marking statute, whether compliance has
been demonstrated is a question of fact. *See, e.g., Nike, Inc. v. Wal-Mart Stores, Inc.*, 138
F.3d 1437, 1447 (Fed. Cir. 1998); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed.
Cir. 1996). The ultimate factual issue of whether a patentee's method of marking
complied with Section 287 may be decided on a motion for summary judgment to limit
damages, but only if no dispute of material fact exists. *See, e.g., Wiener v. NEC Elecs.,
Inc.*, 102 F.3d 534, 542 (Fed. Cir. 1996) (reversing order granting summary judgment
that patentee failed to mark as erroneous in light of conflicting evidence); *Tenneco
Automotive Operating Co. v. Visteon Corp.*, 375 F. Supp. 2d 360, 365 (D. Del. 2005)
(denying motion for summary judgment on marking issue).[1] Indeed, the question of
whether a patentee has complied with the requirements of Section 287 is frequently

---

[1] *See also, e.g., ADC Telecommunications, Inc. v. Siecor Corp.*, 954 F. Supp. 820, 821,
832 (D. Del. 1997) (denying summary judgment on issue of marking, stating that
"[c]ompliance with the marking requirements of § 287(a) is a question of fact, and the
patentee has the burden of pleading and proving compliance at trial," and where
issues of fact exist on this issue, "exploitation of evidentiary weaknesses should be
made to the factfinder, not the Court on summary judgment").

decided by the finder of fact only after trial has concluded. *See, e.g., Nike*, 138 F.3d at 1438, 1447.

The question of whether a patentee has satisfied the directives of Section 287 is indisputably a factual inquiry with far-reaching ramifications in any patent litigation. The Court's August 9 ruling that Power Integrations did not comply with the marking statute was rendered based on a truncated record presented in the context of a motion to compel discovery, not in the setting of a motion for summary judgment or other dispositive motion. This Court's Scheduling Order for Patent Cases provides that no discovery motion shall "exceed a total of four (4) pages" – an inadequate amount of space in which to present a discovery dispute for resolution pursuant to Rule 37 of the Federal Rules of Civil Procedure and also present a comprehensive recitation of the facts and law governing the issue of whether Plaintiff satisfied the marking requirements of Section 287.[2] [D.I. 17]  In the context of a case-dispositive motion, where a pre-trial determination of whether Section 287 marking requirements have been met is typically made, Power Integrations is entitled to file a brief forty (40) pages in length. *See* D. Del. L.R. 7.1.2. The Court's Scheduling Order also prohibits the submission of reply briefs in the context of discovery motions, thus giving Power Integrations no opportunity to respond in that motion to the factual and legal assertions regarding the marking issue made in Fairchild's Opposition to Plaintiff's Motion to Compel.

Because of the critical and far-reaching impact of any pre-trial marking determination, Power Integrations should be allowed to present those facts and authorities

---

[2] Among the additional relevant legal authorities bearing on compliance with Section 287 that would be addressed in Power Integrations' further briefing on the marking issue is, for example, *Rutherford v. Trim-Tex, Inc.*, 803 F. Supp. 158, 163 (N.D. Ill. 1992), noting that "custom of the trade could be a relevant factor in allowing alternate marking of the package." (*citing Wayne-Gossard Corp. v. Sondra Mfg. Co.*, 434 F. Supp. 1340 (E.D. Pa. 1977), *aff'd*, 579 F.2d 41 (3d Cir. 1978))  The "mechanics of distribution involved" are also relevant to determining whether a plaintiff complied with the requirements of Section 287. *See Butterfield v. Oculus Contact Lens Co.*, 332 F. Supp. 750 (N.D. Ill. 1971).

relevant to demonstrate its compliance with Section 287 in the context of a full-length dispositive motion. Power Integrations respectfully requests that, in the event the Court intends its August 9 factual determination as to Plaintiff's compliance with Section 287 to apply throughout this litigation for all purposes, the Court grant reconsideration of the issue and permit the parties to submit full-length briefs comprehensively addressing both the relevant facts and legal authorities.

## VI.     CONCLUSION

For the reasons set forth above, Power Integrations respectfully requests that the Court issue an order clarifying that its August 9 ruling with respect to Power Integrations' compliance with Section 287 applies only in the context of the Motion to Compel regarding which that ruling was made. In the alternative, Power Integrations respectfully requests that the Court reconsider its conclusion that Power Integrations has not satisfied its burden of establishing constructive notice under Section 287 after first permitting the parties to submit comprehensive briefs setting forth all facts relevant to the marking issue.

Dated:  August 23, 2005                    FISH & RICHARDSON P.C.


                                           By:  _____
                                                William J. Marsden, Jr. (#2247)
                                                Sean P. Hayes (#4413)
                                                919 N. Market Street, Suite 1100
                                                P.O. Box 1114
                                                Wilmington, DE  19899-1114
                                                Telephone: (302) 652-5070
                                                Facsimile:  (302) 652-0607

                                                Frank E. Scherkenbach
                                                225 Franklin Street
                                                Boston, Massachusetts 02110-2804
                                                Telephone: (617) 542-5070
                                                Facsimile:  (617) 542-8906

                                                Howard G. Pollack
                                                Gina M. Steele
                                                500 Arguello Street, Suite 500
                                                Redwood City, California 94063
                                                Telephone: (650) 839-5070
                                                Facsimile:  (650) 839-5071

                                           Attorneys for Plaintiff
                                           POWER INTEGRATIONS, INC.

9

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(2)(B) AND LOCAL RULES OF CIVIL PROCEDURE 7.1.1

Pursuant to Fed. R. of Civ. P. 37(a)(2)(B) and Local Rules of Civil Procedure 7.1.1, counsel for Power Integrations certifies that it has in good faith conferred with counsel for Fairchild in an effort to resolve the issues presented in this motion without court action, but that the parties, after a reasonable effort, are unable to resolve the dispute.

By: _____
William J. Marsden, Jr. (#2247)

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2005, I electronically filed with the Clerk of

Court using CM/ECF which will send notification of such filing(s) to the following:

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE,
RECONSIDERATION OF THE COURT'S AUGUST 9, 2005 ORDER**

| | |
|---|---|
| Steven J. Balick, Esq. | Attorneys for Defendant- |
| John G. Day, Esquire | Counterclaimant |
| Ashby & Geddes | FAIRCHILD SEMICONDUCTOR |
| 222 Delaware Avenue, 17th Floor | INTERNATIONAL, INC. and |
| P. O. Box 1150 | FAIRCHILD SEMICONDUCTOR |
| Wilmington, DE 19899 | CORPORATION |

I hereby certify that on August 23, 2005, I have sent by Federal Express, the

document(s) to the following non-registered participants:

| | |
|---|---|
| G. Hopkins Guy, III | Attorneys for Defendants |
| Bas de Blank | FAIRCHILD SEMICONDUCTOR |
| Duo Chen | INTERNATIONAL, INC. and |
| Orrick, Herrington & Sutcliffe, LLP | FAIRCHILD SEMICONDUCTOR |
| 1000 Marsh Road | CORPORATION |
| Menlo Park, CA  94025 | |

William J. Marsden, Jr. (#2247)

50295543.doc

1