IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>                   Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC., and FAIRCHILD<br>SEMICONDUCTOR CORPORATION,<br><br>                   Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 04-1371-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWERING BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLARIFICATION OR RECONSIDERATION**

**I.    INTRODUCTION.**

On August 9, 2005, this Court determined that, as a matter of law, Power Integrations' failure to mark its devices with the patent number of its asserted U.S. patents precluded Power Integrations from recovering damages prior to the filing of its Complaint pursuant to 35 U.S.C. § 287(a). This holding was unambiguous and applies to all aspects of this case. Power Integrations' Motion for Clarification (D.I 87) should be denied.

Power Integrations also takes the unusual step of asking the Court to reconsider its decision. This request should be denied since Power Integrations is unable to identify any new facts, any new law, or any other possible basis or change of circumstances for reconsideration.

**II.    ANALYSIS.**

    **A.    The Court's Order is unambiguous and does not require clarification.**

In its August 9, 2005 Order (D.I. 54), the Court clearly and unambiguously resolved the issue of whether Power Integrations was entitled to damages prior to the filing of its compliant:

> The Court concludes as a matter of law, that Power Integrations has not met its burden of establishing constructive notice under Section 287. Readers of Power Integrations' notice cannot determine which devices are covered by which patents. Thus, any damages recoverable by Power Integrations are limited by Section 287 to the date that Fairchild received actual notice of its alleged infringement, which in this case, is the date of the Complaint.

Order, p. 6.

Power Integrations concedes that the Court held that Power Integrations "has not satisfied its burden pursuant to Section 287" (Motion, p. 4) and, thus, cannot recover damages prior to the filing of its complaint. Power Integrations, however, faults the Court for not repeating this holding in the conclusion of its Order (the paragraph immediately following the Court's two and a half page explanation of why Power Integrations is barred from seeking such damages). Power Integrations argues that since the conclusion stated that Power Integrations' Motion was denied with respect to pre-filing damages, the Court left open the issue of whether Power Integrations can continue to seek pre-filing damages notwithstanding its failure to mark its products.

The Court's holding could not be clearer: As a matter of law, Power Integrations cannot recover damages prior to the filing of its Complaint due to its failure to mark its products as required by 35 U.S.C. § 287(a). Power Integrations' request for clarification should be denied.

### B. Power Integrations' motion for reconsideration should be denied.

Power Integrations also asks the Court to reconsider its Order barring Power Integrations from seeking pre-complaint damages. As this Court has repeatedly noted, "As a general rule, motions for reconsideration should be granted 'sparingly.'" *N.A.I.F. Inc. v. Snyder*, C.A. No. 03-506 JJF, 2005 WL 735554, at *1 (D. Del. Mar. 30, 2005) (citations omitted) (Exh. C).

Motions for reconsideration should only be considered when a party identifies new facts or new law or where reconsideration is necessary "to prevent manifest injustice." *N.A.I.F*, Inc., 2005 WL 73554, at *3. Power Integrations, however, fails to cite *any* new fact, *any* new law, or *any* reason why the Court's decision is unjust. As this Court has previously held, motions for reconsideration should be denied when the moving party "do[es] not contend that there has been any change in the law or that they have discovered new evidence...." *Carter v. Brady*, C.A. No. 99-757 JJF, 2004 WL 724953, at *1 (D. Del. Mar. 29, 2004) (Exh. D).

Unable to identify any basis for reconsideration, Power Integrations insists that it be permitted to submit a 40-page brief to reargue the precise issue that the Court already decided – namely, whether Power Integrations' failure to mark its products precludes it from seeking

2

damages prior to the filing of its complaint. *See* Motion, p. 7. This is not appropriate. "Parties should remain mindful that a motion for reconsideration is not merely an opportunity to 'accomplish [the] repetition or arguments that were or should have been presented to the court previously." *Id.*, 2005 WESTLAW at *1.

### 1. Power Integrations does not cite any new facts warranting reconsideration.

Power Integrations is – and always has been – in possession of all of the facts concerning the marking of its own products. As the Court noted, "Power Integrations admitted that none of its devices or packages were ever marked with the number of any of the four patents asserted in this action." Order, p. 5. Power Integrations' Motion fails to identify any new facts – indeed, any facts at all – contrary to the Court's conclusion that Power Integrations failed to mark its products with the numbers of the asserted patents.

Rather that identify any new facts, Power Integrations merely hints at "comprehensive legal and factual authority demonstrating its compliance with Section 287." Motion, p. 2. If such facts exist, Power Integrations was obligated to raise them in its underlying Motion to Compel and, failing that, was certainly required to identify them in its Motion for Reconsideration. Power Integrations did neither because the facts are clear and undisputed – Power Integrations did not mark its products or its packaging with the word "patent" or the abbreviation "pat." and the number of the asserted patents as required by 35 U.S.C. § 287(a).

### 2. Power Integrations does not cite any new law warranting reconsideration.

Since there is no dispute that Power Integrations failed to mark its products or packages with the patent number of the asserted patents, the only issue is for the Court to determine the legal significance of this failure. The Court did just this and concluded "as a matter of law" that Power Integrations is precluded from recovering damages before it provided Fairchild with notice of its infringement allegations (which the parties agree did not happen prior to the filing of Power Integrations' complaint).

Power Integrations fails to identify any new law compelling reconsideration of the

3

Court's decision. Many of the cases cited by Power Integrations in its Motion are decades old and could have been cited in Power Integrations' Motion to Compel were they relevant. The single case cited by Power Integrations that issued after Power Integrations filed its Motion to Compel – *Tenneco Automotive Operating Co. v. Visteon Corp.* – supports the Court's decision.

In *Tenneco*, as here, the court concluded that because the patentee failed to mark its products with the number of the asserted patents, damages were not available before the defendant received actual notice of the infringement allegations. "'In the event of failure so to mark, no damages shall be recovered by patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which even damages may be recovered only for infringement occurring after such notice.'" *Tenneco*, 375 F.Supp.2d 360, ___ (D. Del. 2005), *citing* 35 U.S.C. § 287(a). Given the patentee's failure to mark its products, the only issue in *Tenneco* was whether and when the defendant received actual notice of the infringement allegations. Here, Power Integrations admits that it did not provide Fairchild with such notice prior to the filing of its Complaint. Order, p. 5.

Since Power Integrations' Motion does not cite any new law concerning the issue of marking, Power Integrations' request for reconsideration should be denied.

    3.    **It is manifestly unfair for Power Integrations to continue to seek burdensome discovery to which it is not entitled.**

Despite there being no new facts and no new law, Power Integrations argues that it should be permitted to submit a 40 page brief rehashing the arguments that Power Integrations already made. *See* Motion, p. 7. This is improper and Power Integrations' request for reconsideration should be denied. *Corning Inc. v. SRU Biosystems LLC*, C.A. No. 03-633 JJF, 2004 WL 2348089, at *2 (D. Del. Oct. 13, 2004) (reconsideration not warranted where same argument presented) (Exh. E).

Power Integrations now argues that the Court's four page limit for motions to compel unfairly restricted Power Integrations' briefing on the issue of marking. Power Integrations, however, never raised any concern about the length of its brief or requested additional pages

4

until the Court held denied its motion. Even now, Power Integrations fails to identify any argument, fact, or law that was not fully considered by the Court. The mere fact that Power Integrations does not like the Court's holdings is not a basis for reconsideration.

Power Integrations now argues that the Court's marking decision was "collateral" to Power Integrations' Motion to Compel and that Power Integrations did not understand that the Court would consider the marking issue. Motion, p. 1. This is simply not credible. Power Integrations' failure to mark its products was the sole basis for Fairchild's refusal to produce pre-filing discovery. Power Integrations was fully aware of Fairchild's argument, addressed them in its Motion to Compel, and attached over 70 pages of exhibits that Power Integrations considered relevant. Fairchild, in turn, argued that the discovery was irrelevant because of Power Integrations' failure to mark its products.[1] There were no arguments or facts in Fairchild's opposition of which Power Integrations was unaware.

To resolve Fairchild's objection and decide Power Integrations' Motion, it was absolutely necessary for the Court to determine whether Power Integrations adequately marked its products. To do so, the Court reviewed Power Integrations' interrogatory responses summarizing its marking efforts, samples of the Power Integrations' datasheets that Power Integrations contended satisfied the marking requirements, and Power Integrations' own website. Order, pp. 5-6. Based on its review of all of the relevant evidence, the Court properly concluded that Power Integrations had not marked its products with the numbers of the asserted patents.

It is manifestly unfair for Power Integrations to continue to demand discovery concerning pre-filing damages when Power Integrations' failure to mark its products precludes it from recovering such damages. From the start of this case, Power Integrations has demanded discovery to which it is simply not entitled as a matter of law. For instance, Power Integrations'

---

[1] While Power Integrations' Motion does not identify any new facts for the Court to consider, Power Integrations suggests that it "did not offer a fulsome accounting in its discovery motion of all of those facts indicating that it properly marked its products under the statute." Motion, p. 3. Fairchild, however, provided the Court with Power Integrations' entire response to the Fairchild interrogatory seeking all evidence that Power Integrations marked its products. *See* Exh. E to Fairchild's Opposition to Power Integrations' Motion to Compel, Power Integrations' response to Interrogatory No. 18. Presumably, Power Integrations complied with its discovery obligations and included its unspecified "fulsome" evidence in response to Fairchild's discovery request.

interrogatories and document requests sought damages related discovery for all of the accused devices "since 1998" even though three of the four asserted patents had not issued at that time. Obviously, Power Integrations cannot recover damages for products accused of infringing patents that had not issued. Despite Fairchild's extensive efforts to meet and confer, however, Power Integrations did not limit its discovery until it filed its motion to compel.

In its Motion to Compel, Power Integrations conceded that it failed to provide *any* notice (even under Power Integrations' improperly broad understanding of that term) before July 3, 2002. Power Integrations' Motion to Compel, p. 4. The Court reviewed Power Integrations' alleged "notice" and web site and concluded that, as a matter of law, they did not satisfy the marking requirements of 35 U.S.C. § 287(a). Undeterred, on August 10, 2005 – the day *after* the Court's Order – Power Integrations subpoenaed seven non-parties (including Dell, Motorola, and Samsung) seeking documents and deposition testimony concerning their potential purchases of Fairchild's accused devices. Power Integrations did not limit its requests as to time and did not inform any of these non-parties about the Court's Order. After Fairchild provided the third parties with a copy of the Court's Order, Power Integrations offered to "compromise" on the scope of its requests and limit the subpoena to "sales information beginning January 2002" – ***half a year before Power Integrations contends that it first marked its products.*** Exh. A.

Since Power Integrations has admitted that it "does not seek to recover damages for Fairchild's infringement of the Power Integrations patents-in-suit prior to July 3, 2002" (Exh. B, Power Integrations Response to RFA No. 36) there is no possible justification for Power Integrations to seek burdensome damages related discovery prior to that date from third parties with absolutely no involvement in this case. The Court should deny Power Integrations' Motion for Reconsideration and preclude Power Integrations once and for all from seeking irrelevant and burdensome discovery concerning Fairchild's sales prior to the filing of the Complaint. Fed. R. Civ. P. 26(b)(2) (Court may act on its own initiative to issue protective order).

III.  **CONCLUSION.**

Power Integrations' motions for clarification and reconsideration of the Court's August 9, 2005 order should be denied. Power Integrations should be precluded from seeking further discovery related to sales or damages prior to the filing of its complaint.

ASHBY & GEDDES

/s/ *John G. Day*

---

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888
Sbalick@ashby-geddes.com
Jday@ashby-geddes.com

*Attorneys for Defendants*
*FAIRCHILD SEMICONDUCTOR*
*INTERNATIONAL, INC. and FAIRCHILD*
*SEMICONDUCTOR CORPORATION*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400

Dated: September 7, 2005
161138.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2005, the attached **DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION OR RECONSIDERATION** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson P.C.<br>919 N. Market Street<br>Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899 | HAND DELIVERY |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | VIA FEDERAL EXPRESS |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN 55402 | VIA FEDERAL EXPRESS |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
_____
John G. Day