# EXHIBIT

# A

**de Blank, Bas**

| | |
|---|---|
| **From:** | Gina M. Steele [Steele@fr.com] |
| **Sent:** | Thursday, September 01, 2005 1:32 PM |
| **To:** | breeves@reevesbrightwell.com |
| **Cc:** | sbalick@ashby-geddes.com; jday@ashby-geddes.com; Guy, Hopkins; de Blank, Bas; dchen@orrick.com |

Dear Beverly,

My colleague, Tamara Fraizer, forwarded your correspondence to me.
Thank you for forwarding the email that you received from counsel for Fairchild regarding the Court's recent discovery order holding that Fairchild need not produce sales information for the time prior to the
filing of the Complaint in that action.   Per your request, I am cc'ing counsel for Fairchild on this email.

As I understand Tamara to have explained when the two of you spoke Monday  by phone, Power Integrations disputes the Court's holding and will be litigating the issue further.   We believe that sales information beginning January 2002 will be relevant for the Fairchild litigation.

You will likely find it most expeditious to produce the requested sales information for the period from January 2002 now, when you are already producing more recent information (since the October 20, 2004 date of filing of the complaint), as you will already be in touch with the proper person(s) responsible for that information. Such production would not be in violation of any court order and would avoid any work to go back later to gather the required information, which would necessarily require some duplication of efforts on your part.

We do agree to extend the date for compliance with the subpoena for documents in this case to September 7, 2005.   Also, and going forward, please contact me or Michael Headley regarding the subpoena for the Power Integrations v. Fairchild matter.

Very truly yours,

Gina Steele

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION,  a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

## PLAINTIFF POWER INTEGRATIONS, INC.'S RESPONSES TO DEFENDANTS' SECOND SET OF REQUESTS FOR ADMISSION (NOS. 26-43)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Power Integrations, Inc. ("Power Integrations") hereby responds and objects to Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation's (collectively "Fairchild") Second Set of Requests for Admission (Nos. 26-43) served as follows.  The responses and objections are made according to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware and are based upon information presently available to Power Integrations. These objections and responses are without prejudice to Power Integrations' right to use or rely on subsequently discovered information.

## GENERAL OBJECTIONS

1.  Power Integrations objects to the Requests to the extent that they seek information or documents protected by attorney-client privilege and/or the work product doctrine, information or documents prepared in anticipation of litigation or for trial, not

relevant to the subject matter of this investigation, or not reasonably calculated to lead to the discovery of admissible evidence.

2.  Power Integrations objects to the Requests to the extent that they use terms or phrases that are not defined or understood; Power Integrations will not speculate as to the meaning ascribed to these terms or phrases.

3.  Power Integrations objects to these Requests to the extent that they are premature since Fairchild has not yet provided complete discovery. Power Integrations' investigation is ongoing and it reserves the right to amend and supplement its responses to these Requests as appropriate.

4.  Power Integrations objects to the Requests to the extent they call for a legal opinion or conclusion.

5.  Power Integrations objects to the Definitions, Instructions, and Requests to the extent that they seek information or the identification of documents not within Power Integrations' possession, custody or control, or refer to persons, entities, or events not known to Power Integrations, on the grounds that such Definitions, Instructions, and Requests: (i) seek to require more of Power Integrations than any obligation imposed by law; (ii) subject Power Integrations to unreasonable and undue burden and expense, or (iii) seek to impose upon Power Integrations an obligation to investigate or discover information or materials from third parties or sources which are equally accessible to Fairchild.

6.  Power Integrations objects to the Requests to the extent that they are premature and request that Power Integrations set forth expert opinions. Power Integrations' investigation is ongoing and it will provide such discovery in accordance with the procedural schedule the Court sets forth in this case.

7.  Power Integrations objects to each and every Request to the extent that it: (i) is framed in terms that Fairchild has not specifically defined; or (ii) fails to identify with

2

reasonable particularity the information requested. Power Integrations further objects to such Requests on the grounds that they are vague, ambiguous and unduly broad.

8. Power Integrations incorporates by reference the General Objections set forth above into the specific objections and responses set forth below. Power Integrations may repeat a general objection for emphasis or some other reason. The failure to repeat any general objection does not waive any general objection to the interrogatory. Moreover, Power Integrations does not waive its right to amend its objections.

## RESPONSES TO REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 26:

Admit that Power Integrations did not file a patent application outside of the United States that claimed priority to U.S. Patent No. 4,811,075 or U.S. Application No. 41, 994, filed April 24, 1987.

RESPONSE TO REQUEST FOR ADMISSION NO. 26:

Denied. U.S. Patent No. 4,811,075 is a member of a family of patents which includes at least the following foreign patents: DE3861707, EP-295391, JP2529717, and JP2804460.

REQUEST FOR ADMISSION NO. 27:

Admit that Power Integrations did not file a patent application outside of the United States that claimed priority to U.S. Patent No. 6,107,851 or U.S. Application No. 09/080,774, filed May 18, 1998.

RESPONSE TO REQUEST FOR ADMISSION NO. 27:

Admitted.

REQUEST FOR ADMISSION NO. 28:

Admit that Power Integrations did not file a patent application outside of the United States that claimed priority to U.S. Patent No. 6,229,366 or U.S. Application No. 09/573,081, filed May 16, 2000.

3

RESPONSE TO REQUEST FOR ADMISSION NO. 28:

    Admitted.

REQUEST FOR ADMISSION NO. 29:

    Admit that Power Integrations did not file a patent application outside of the United States that claimed priority to U.S. Patent No. 6,249,876 or U.S. Application No. 09/192,959, filed November 16, 1998.

RESPONSE TO REQUEST FOR ADMISSION NO. 29:

    Admitted.

REQUEST FOR ADMISSION NO. 30:

    Admit that Power Integrations could have filed a patent application in Korea that claimed priority to either U.S. Patent No. 4,811,075 or U.S. Application No. 41,994, filed April 24, 1987, but did not.

RESPONSE TO REQUEST FOR ADMISSION NO. 30:

    Objection. In addition to its general objections, Power Integrations objects to this Request as vague and calling for speculation because "could have filed" is undefined. Denied, based on these objections.

REQUEST FOR ADMISSION NO. 31:

    Admit that Power Integrations could have filed a patent application in Korea that claimed priority to either U.S. Patent No. 6,107,851 or U.S. Application No. 09/080,774, filed May 18, 1998, but did not.

RESPONSE TO REQUEST FOR ADMISSION NO. 31:

    Objection. In addition to its general objections, Power Integrations objects to this Request as vague and calling for speculation because "could have filed" is undefined.

REQUEST FOR ADMISSION NO. 32:

    Admit that Power Integrations could have filed a patent application in Korea that claimed priority to either U.S. Patent No. 6,229,366 or U.S. Application No. 09/573,081, filed May 16, 2000, but did not.

RESPONSE TO REQUEST FOR ADMISSION NO. 32:

Objection. In addition to its general objections, Power Integrations objects to this Request as vague and calling for speculation because "could have filed" is undefined. Denied, based on these objections.

REQUEST FOR ADMISSION NO. 33:

Admit that Power Integrations could have filed a patent application in Korea that claimed priority to either U.S. Patent No. 6,249,876 or U.S. Application No. 09/192,959, filed November 16, 1998, but did not.

RESPONSE TO REQUEST FOR ADMISSION NO. 33:

Objection. In addition to its general objections, Power Integrations objects to this Request as vague and calling for speculation because "could have filed" is undefined. Denied, based on these objections.

REQUEST FOR ADMISSION NO. 34:

Admit that Power Integrations does not contend that either claim 1 or claim 5 of U.S. Patent No. 4,811,075 was conceived or reduced to practice prior to October, 1985.

RESPONSE TO REQUEST FOR ADMISSION NO. 34:

Denied. Investigation and discovery is ongoing in this case, and Power Integrations has reason to believe that there exists evidence of conception or reduction to practice at least as early as 1984.

REQUEST FOR ADMISSION NO. 35:

Admit that Power Integrations did not mark any of its products or packaging with the patent numbers of the Power Integrations Patents pursuant to 35 U.S.C. § 287(a) prior to July 3, 2002.

RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Objection. In addition to its general objections, Power Integrations objects to this Request as vague and calling for speculation because "products or packaging" is

undefined. Power Integrations admits it did not directly label chips or packages in which chips were shipped with patent numbers prior to July 3, 2002.

REQUEST FOR ADMISSION NO. 36:

Admit that Power Integrations cannot recover damages for Fairchild's alleged infringement of the Power Integrations Patents prior to July 3, 2002.

RESPONSE TO REQUEST FOR ADMISSION NO. 36:

Objection. In addition to its general objections, Power Integrations objects to this Request as calling for a legal conclusion. Power Integrations states that it does not seek to recover damages for Fairchild's infringement of the Power Integrations patents-in-suit prior to July 3, 2002.

REQUEST FOR ADMISSION NO. 37:

Admit that the Fairchild devices accused of infringing the '075 Patent are DMOS devices.

RESPONSE TO REQUEST FOR ADMISSION NO. 37:

Objection. In addition to its general objections, Power Integrations objects to this Request as vague and ambiguous because "DMOS devices" is undefined. Denied, based on Power Integrations' current understanding.

REQUEST FOR ADMISSION NO. 38:

Admit that vertical high voltage semiconductor devices do not infringe claims 1 or 5 of the '075 patent.

RESPONSE TO REQUEST FOR ADMISSION NO. 38:

Objection. In addition to its general objections, Power Integrations objects to this Request as vague and ambiguous because "vertical high voltage semiconductor devices" is undefined. Admitted, based on Power Integrations' current understanding.

REQUEST FOR ADMISSION NO. 39:

Admit that a capacitor is one structure corresponding to the "soft start circuit" element claimed in claims 1 and 89 of the '366 Patent.

6

RESPONSE TO REQUEST FOR ADMISSION NO. 39:

Objection. In addition to its general objections, Power Integrations objects to this Request as calling for a legal conclusion. Denied.

REQUEST FOR ADMISSION NO. 40:

Admit that prior to May 18, 1997, Power Integrations described using Power Integrations PWM devices with a capacitor that would minimize inrush currents at start up.

RESPONSE TO REQUEST FOR ADMISSION NO. 40:

Objection. In addition to its general objections, Power Integrations objects to this Request as vague and ambiguous because "minimize" and "at start up" are undefined. Denied, based on Power Integrations' current understanding.

REQUEST FOR ADMISSION NO. 41:

Admit that a capacitor coupled to a current source of a PWM device provides the functionality of minimizing inrush currents at start up.

RESPONSE TO REQUEST FOR ADMISSION NO. 41:

Objection. In addition to its general objections, Power Integrations objects to this Request as vague and ambiguous because "coupled to a current source of a PWM device" and "minimizing inrush currents at start up" are undefined. Denied, based on Power Integrations' current understanding.

REQUEST FOR ADMISSION NO. 42:

Admit that Power Integrations does not assert that Fairchild activity entirely outside of the United States constitutes infringement of the Power Integrations Patents.

RESPONSE TO REQUEST FOR ADMISSION NO. 42:

Objection. In addition to its general objections, Power Integrations objects to this Request as vague and ambiguous because "activity entirely outside of the United States" is undefined. Denied, based on these objections.

7

REQUEST FOR ADMISSION NO. 43:

Admit that Power Integrations asserts a claim for money damages as a result of Fairchild activity that occurs entirely outside of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 43:

Objection. In addition to its general objections, Power Integrations objects to this Request as vague and ambiguous because "activity that occurs entirely outside of the United States" is undefined. Denied. Fairchild is liable for any sales, offers for sales or importation of the Accused Products within the United States that Fairchild knew or should have known about regardless of where Fairchild's activities occurred.

Dated: September 1, 2005              FISH & RICHARDSON P.C.

By: _____
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Gina M. Steele
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Power Integrations
POWER INTEGRATIONS, INC.

8

## CERTIFICATE OF SERVICE

I hereby certify that on this __1ˢᵗ__ day of September, 2005, a true and correct copy of the **POWER INTEGRATIONS, INC.'S RESPONSES TO DEFENDANTS' SECOND SET OF REQUESTS FOR ADMISSION (NOS. 26-47)** was caused to be served on the attorneys of record at the following addresses as indicated:

Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

**BY HAND-DELIVERY**

Bas de Blank
Duo Chen
Orrick, Herrington, Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BY FEDERAL EXPRESS**

William J. Marsden, Jr.

50292427.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

       Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

       Defendants.

C.A. No. 04-1371-JJF

## NOTICE OF SERVICE

      PLEASE TAKE NOTICE that on September 1, 2005, a true and correct copy of

POWER INTEGRATIONS, INC.'S RESPONSES TO DEFENDANTS' SECOND SET

OF REQUESTS FOR ADMISSION (NOS. 26-47) were caused to be served on the

attorneys of record, at the following addresses, on the date and in the manner indicated:

**BY HAND DELIVERY**
Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

**BY FEDERAL EXPRESS**
Bas de Blank
Duo Chen
Orrick, Herrington, Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Dated:  September 1, 2005          FISH & RICHARDSON P.C.

By: _____
     William J. Marsden, Jr. (#2247)
     Sean P. Hayes (#4413)
     919 N. Market Street, Suite 1100
     P.O. Box 1114
     Wilmington, DE  19899-1114
     Telephone: (302) 652-5070
     Facsimile:  (302) 652-0607

     Frank E. Scherkenbach
     225 Franklin Street
     Boston, Massachusetts 02110-2804
     Telephone: (617) 542-5070
     Facsimile:  (617) 542-8906

     Howard G. Pollack
     500 Arguello Street, Suite 500
     Redwood City, California 94063
     Telephone: (650) 839-5070
     Facsimile:  (650) 839-5071

     Attorneys for Plaintiff
     POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2005, I electronically filed a Notice of

Service with the Clerk of Court using CM/ECF which will send notification of such

filing(s) to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

I hereby certify that on this date, I have sent via Federal Express, the document(s)

to the following non-registered participants:

Bas de Blank
Duo Chen
Orrick, Herrington, Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

William J. Marsden, Jr.

80025453.doc

# EXHIBIT C

Slip Copy
Slip Copy, 2005 WL 735554 (D.Del.)
**(Cite as: 2005 WL 735554 (D.Del.))**

Ħ

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
N.A.I.F. INC., Friend of Abdullah T. Hameen;
Ismaa'Eel H. Hackett; and Shakirah
Hameen, Plaintiffs,
v.
Robert SNYDER, Betty Burris, Larry McGuigan,
Charles Cunningham, Ron G.
Hostermen, Frank Pennell, Stanley W. Taylor, Jr., Carl
C. Danberg, and Paul
Howard, Defendants.
No. Civ.A. 03-506 JJF.

March 30, 2005.
N.A.I.F., Inc., Wilmington, Delaware, Plaintiff, pro se.

Ismaa'eel H. Hackett, Wilmington, Delaware, Plaintiff,
pro se.

Shakirah Hameen, Philadelphia, Pennsylvania,
Plaintiff, pro se.

Stuart B. Drowos, of the Department of Justice for the
State of Delaware, Wilmington, Delaware, for
Defendants Robert Snyder, Betty Burris, Larry
McGuigan, Charles Cunningham, Ron G. Hostermen,
Frank Pennell, Stanley w. Taylor, Jr., Carl C. Danberg,
and Paul Howard.

### *MEMORANDUM OPINION*

FARNAN, J.

*\*1* Presently before the Court is the Motion To
Reconsider The Court's Order Granting Plaintiff's
Motion To Amend The Complaint (D.I.27) filed by
State Defendants Robert Snyder, Larry McGuigan,
Betty Burris, Charles Cunningham, Ron Hosterman,
Frank Pennell, Stan Taylor, Carl C. Danberg, and Paul
Howard. For the reasons discussed, the motion will be
denied.

### BACKGROUND

Plaintiff Ismaa'eel Hackett is the Director and Iman of
the North American Islamic Foundation, Inc.
("NAIF"), a national not-for-profit organization located
in Wilmington, Delaware. Mr. Hackett and NAIF filed
this lawsuit pursuant to 42 U.S.C. § 1983 as next friend

of Abdullah T. Hameen, a former death row inmate
who was executed in May 2001. Mr. Hackett
volunteered his services as a religious advisor to
Muslim inmates at the DCC. In their First Amended
Complaint (D.I.3), Plaintiffs Hackett and NAIF allege
that Defendants violated Mr. Hameen's First
Amendment right to freedom of religion when they
failed to allow Mr. Hackett to act as Mr. Hameen's
religious advisor at the time of his execution.

On October 24, 2003, Defendants filed a Motion For
Summary Judgment (D.I.14). On January 27, 2004,
Plaintiffs Hackett and NAIF filed a Motion For Leave
To File Second Amended Complaint (D.I.23), in which
they added Shakirah Hameen, Mr. Hameen's widow, as
a plaintiff and added a claim pursuant to the Religious
Land Use And Institutionalized Person Act
("RLUIPA"), 42 U.S.C. § 2000cc-1. On February 9,
2004, the Court entered an Order (D.I.26) granting the
Motion For Leave To File Second Amended
Complaint. On February 23, 2004, Defendants filed the
instant motion for reconsideration of the Court's
February 9 Order.

### PARTIES' CONTENTIONS

By their motion, Defendants contend that Plaintiffs'
Motion For Leave To File Second Amended Complaint
(D.I.23) should be denied for three reasons: 1)
Plaintiffs' motion is the product of undue delay; 2)
Plaintiffs' amendment adding Ms. Hameen violates the
applicable statute of limitations, and 3) the
constitutionality of RLUIPA is questionable.

Plaintiffs respond that, because they are acting *pro se,*
they did not have knowledge of RLUIPA at the times
they filed the original Complaint and the First
Amended Complaint. Plaintiffs further contend that
RLUIPA is constitutional.

### LEGAL STANDARD

"As a general rule, motions for reconsideration should
be granted **'sparingly."** ' *Stafford v. Noramco of
Delaware, Inc.,* 2001 WL 65738 at *1 (D.Del. Jan. 10,
2001) (quoting *Karr v. Castle,* 768 F.Supp. 1087, 1090
(D.Del.1991)). The purpose of granting motions for
reconsideration is to correct manifest errors of law or
fact, present newly discovered evidence, or to prevent
manifest injustice. *Harsco Corp. v. Zlotnicky,* 176 F.3d
669, 677 (3d Cir.1999) (citing *Keene Corp. v. Int'l Fid.
Ins. Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1983); *North
River Ins. Co. v. CIGNA Reins.,* 52 F.3d 1194, 1218
(3d Cir.1995) (citations omitted). Parties should remain

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

mindful that a motion for reconsideration is not merely an opportunity to "accomplish [the] repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle,* 768 F.Supp. 1087, 1093 (D.Del.1991) (citing *Brambles U.S.A., Inc. v. Blocker,* 735 F.Supp. 1239, 1240-41 (D.Del.1990). However, a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result. *Id.* (citing *Weissman v. Fruchtman,* 124 F.R.D. 559, 560 (S.D.N.Y.1989)).

### DISCUSSION

**\*2** For the reasons discussed, the Court concludes that State Defendants have not identified errors of law or fact, newly discovered evidence, or manifest injustice sufficient to allow the Court to grant the motion for reconsideration.

### I. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied As The Product Of Undue Delay

Defendants first contend that Plaintiffs' motion is the product of undue delay. Defendants specifically contend that Mr. Hackett possessed the information he added to his Second Amended Complaint at the time he filed his First Amended Complaint and, therefore, he acted in a dilatory manner. Defendants further contend that it was only after Mr. Hackett received Defendants' Motion For Summary Judgment (D.I.27), wherein Defendants argued that Mr. Hackett lacked standing, that Mr. Hackett filed the Second Amended Complaint adding Shakeerah Hameen, Mr. Hameen's widow, as a plaintiff.

Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In the absence of substantial or undue prejudice, denial of a motion for leave to amend a pleading "must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir.1993).

The Court concludes that, although the amendment was made after Defendants filed a motion for summary judgment, Defendants have not shown they are substantially or unduly prejudiced by the amendment. The Court finds that Plaintiffs have not acted in bad faith or had dilatory motives in failing to add Ms. Hameen or file the RLUIPA claim in the original Complaint. Further, the Court finds no undue or unexplained delay on the Plaintiffs' part, particularly because they are acting *pro se.*

### II. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied With Regard To Ms. Hameen On Statute Of Limitation Grounds

Defendants contend that Plaintiffs' amendment adding Ms. Hameen should be denied on statute of limitation grounds.

The Supreme Court has held that the state statute of limitations for personal injury actions applies to § 1983 claims. See *Owens v. Okure,* 488 U.S. 235, 239 (1989) ; *Wilson v. Garcia,* 471 U.S. 261, 269 (1985); *Smith v. City of Pittsburgh,* 764 F.2d 188, 194 (3d Cir). In Delaware, the limitations period for a personal injury claim is two years. Del.Code Ann. tit. 10, § 8119 (1974); *McDowell v. Delaware State Police,* 88 F.3d 188, 190 (3d Cir.1996).

Federal Rule of Civil Procedure 15(c) allows amendments that add a party despite the running of an applicable state statute of limitations in certain circumstances. Fed. R. Civ P. 15(c)(3). To ameliorate the running of the statute of limitations, Rule 15(c)(3) imposes three conditions, all of which must be met for a party to successfully relate back an amended complaint adding a new plaintiff. See *Singletary v. Pennsylvania Depot of Corrections,* 266 F.3d 186, 193-94 (3d Cir.2001) (describing the three elements of Rule 15(c)(3)); *see also Nelson v. County of Allegheny,* 60 F.3d 1010, 1014 n. 7 (3d Cir.1995) (noting that the relation back of amendments applies equally to amendments changing and adding plaintiffs). The three elements of Rule 15(c)(3) are whether 1) the claim arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, 2) whether the defendant had notice of the filing of the action within the period provided by Rule 4(m) and will not be prejudiced in maintaining a defense, and 3) the newly named plaintiffs failed to add their names to the complaint because of a mistake. Fed.R.Civ.P. 15(c)(3); *Nelson,* 60 F.3d at 1015.

**\*3** The Court finds that, in the circumstances of this case, Defendants had notice of and will not be prejudiced in maintaining a defense to the § 1983 claim. With respect to the third element, the Court finds that the facts in the instant case demonstrate that but for Mr. Hackett's mistake, Ms. Hameen would have been named in the Complaint. Fed.R.Civ.P. 15(c)(3)(B).

For these reasons, the Court concludes that under Rule 15(c)(3) Plaintiff's amendment adding Ms. Hameen as

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                    **Page 3**
**(Cite as: 2005 WL 735554, \*3 (D.Del.))**

a plaintiff is entitled to relate back to the filing of the Complaint.

III. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied With Regard To The RLUIPA Claim

Defendants contend that Plaintiffs' motion to amend adding a RLUIPA claim should be denied because the U.S. Supreme Court has yet to consider the constitutionality of RLUIPA.

Federal Rule of Civil Procedure 15(c)(2) allows an amendment stating a different claim than the original Complaint to relate back to the date of the original Complaint if the new claim is within the Court's jurisdiction and arises out of the conduct, transaction, or occurrence set forth in the original Complaint. Fed.R.Civ.P. 15(c)(2).

The Court concludes that the RLUIPA claim is within the Court's federal question jurisdiction and arises from the conduct set forth in the original Complaint. Thus, the Court concludes that Defendants' Motion To Reconsider (D.I.27) should be denied with respect to the addition of the RLUIPA claim.

CONCLUSION

In sum, the Court concludes that State Defendants have not identified errors of law or fact, newly discovered evidence, or manifest injustice sufficient to allow the Court to grant the motion for reconsideration.

An appropriate Order will be entered.

*ORDER*

At Wilmington, this *30* day of March 2005, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Motion To Reconsider The Court's Order Granting Plaintiff's Motion To Amend The Complaint (D.I.27) filed by State Defendants is *DENIED*.

Slip Copy, 2005 WL 735554 (D.Del.)

Motions, Pleadings and Filings (Back to top)

.                    1:03CV00506                    (Docket)
(May. 23, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT D

Not Reported in F.Supp.2d                                    Page 4
Not Reported in F.Supp.2d, 2004 WL 724953 (D.Del.)
(Cite as: 2004 WL 724953 (D.Del.))

**H**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Sherman A. CARTER, Plaintiff,
v.
M. Jane BRADY, Attorney General, Stanley Taylor,
Commissioner, Robert Snyder,
Warden, and Rebecca L. McBride, Record's
Supervisor, Defendants.
No. Civ.A. 99-757 JJF.

March 29, 2004.

Sherman A. Carter, Wilmington, Delaware, Plaintiff,
pro se.

Stuart B. Drowos, Deputy Attorney General, State of
Delaware Department of Justice, Wilmington,
Delaware, for Defendants.

*MEMORANDUM OPINION*

FARNAN, J.

**\*1** Presently before the Court is Defendants' Motion
For Reconsideration.    (D.I.89.) For the reasons
discussed, the Court will grant in part the Motion.

BACKGROUND

On February 11, 2004, the Court issued a
Memorandum Order (the "February 11 Order")
granting Plaintiff's motion in limine. (D.I.85.) The
Court based its decision on the absence of any specific
opposition by Defendants to Plaintiff's motion in
limine. As discussed in the February 11 Order,
Defendants' opposition letter to Plaintiff's motion in
limine, in large part, was a response to another of
Plaintiff's motions. (D.I. 85 at 2.) Based on Defendants'
apparent lack of opposition to Plaintiff's motion in
limine, the Court granted Plaintiff's motion in limine as
"unopposed." By their Motion, Defendants request the
Court to reconsider its February 11 Order granting
Plaintiff's motion in limine and to grant Defendants an
extension to file dispositive motions.

DISCUSSION

I. Parties' Contentions

Defendants contend that the Court should reconsider
its February 11 Order granting Plaintiff's motion in
limine because the Court's determination that Plaintiff's
motion in limine was unopposed is contrary to the
record in this case. Defendants contend that they
previously set forth the basis for the defenses the Court
struck in the February 11 Order in their motion to
dismiss filed on March 17, 2000. Defendants contend
that their prior pleadings in March of 2000, along with
the Plaintiff's deposition testimony, demonstrate that
Plaintiff's motion in limine should have been denied by
the Court. In addition, Defendants request the Court to
grant them an extension for filing dispositive motions.

In response, Plaintiff contends that the Court properly
granted his motion in limine because there is no
support for Defendants' defenses.

II. Applicable Legal Principles

Defendants move the Court to reconsider its February
11 Order pursuant to Rule 60(b) of the Federal Rules
of Civil Procedure and Local Rule 7.1.5. As an initial
matter, the Court notes that Rule 60(b) does not apply
to the Court's February 11 Order because that Order
was not a final judgment or order. Fed.R.Civ.P. 60(b);
*see also* 12 *Moore's Federal Practice* § 60.23 (3d ed.
rev.2003). However, because Defendants also move for
reconsideration pursuant to Local Rule 7.1.5, the Court
will reach the merits of the instant motion.

"As a general rule, motions for reconsideration should
be granted 'sparingly." ' *Stafford v. Noramco of
Delaware, Inc.,* 2001 WL 65738 at *1 (D.Del. Jan. 10,
2001) (quoting *Karr v. Castle,* 768 F.Supp. 1087, 1090
(D.Del.1991)). The purpose of granting motions for
reconsideration is to correct manifest errors of law or
fact, present newly discovered evidence, or to prevent
manifest injustice. *Harsco Corp. v. Zlotnicky,* 176 F.3d
669, 677 (3d Cir.1999) (citing *Keene Corp. v. Int'l Fid.
Ins. Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1983); *North
River Ins. Co. v. CIGNA Reins.,* 52 F.3d 1194, 1218
(3d Cir.1995) (citations omitted). Parties should remain
mindful that a motion for reconsideration is not merely
an opportunity to "accomplish [the] repetition of
arguments that were or should have been presented to
the court previously." *Karr v. Castle,* 768 F.Supp.
1087, 1093 (D.Del.1991) (citing *Brambles U.S.A., Inc.
v. Blocker,* 735 F.Supp. 1239, 1240-41 (D.Del.1990).
However, a court should reconsider a prior decision if
it overlooked facts or precedent that reasonably would
have altered the result. *Id.* (citing *Weissman v.
Fruchtman,* 124 F.R.D. 559, 560 (S.D.N.Y.1989)).

III. Decision

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**\*2** With respect to the portion of Defendants' Motion requesting reconsideration of the Court's February 11 Order granting Plaintiff's motion in limine, the Court will deny the Motion. Defendants do not **contend** that there **has been any change** in the law or that they have discovered new evidence; instead, Defendants maintain that in light of their submissions in support of their motion to dismiss that they filed in March of 2000 and the Plaintiff's deposition testimony (that was not attached to Defendants' opposition to Plaintiff's motion in limine), the Court should not have concluded that Plaintiff's motion in limine was "unopposed."

The Court concludes that Defendants' arguments in support of their Motion for Reconsideration of the February 11 Order are without merit. Defendants cannot seriously have expected the Court to have searched the record in this case for one of their filings--submitted over four years ago--to formulate a rationale for denying Plaintiff's motion in limine. Additionally, although the Court is sympathetic to the heavy case load of Defendants' counsel, the Court is similarly faced with numerous proceedings and thus is prevented from undertaking in every case the type of searching review of the case record Defendants suggest the Court should have done when deciding Plaintiff's motion in limine. Defendants should have presented these arguments to the Court in their opposition to Plaintiff's motion in limine, and thus, are precluded from asserting them in the instant motion. *See Karr*, 768 F.Supp. at 1093.

Next, to the extent Defendants request the Court to grant them an extension of time to file dispositive motions, the Court will grant the Motion. Plaintiff does not contend that he will be unfairly prejudiced by the Court's grant of an extension, and, based on the heavy case load of Defendants' attorney, the Court will grant the request. [FN1]

> FN1. Although the Court previously denied a request by Defendants for an extension to file dispositive motions (D.I.83), Defendants' instant request is based on different grounds that the Court concludes justifies an extension. The Court previously denied Defendants an extension because the request was based on Defendants' belief that Plaintiff desired such an extension. Once the Court was notified by Plaintiff that he opposed any such extension, the Court denied Defendants' request. Contrary to their previous request, Defendants' instant request for an extension is based on Defense counsel's heavy case load.

CONCLUSION

For the reasons discussed, the Court will grant in part Defendants' Motion. An Order consistent with this Memorandum Opinion will be entered.

*ORDER*

At Wilmington, this 29th day of March, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendants' Motion For Reconsideration (D.I.89), with respect to:

1) The Court's February 11, 2004, Memorandum Order granting Plaintiff's motion in limine (D.I.85) is *DENIED*;
2) Defendants' request for an extension of time to file dispositive motions is *GRANTED*.
3) Defendants shall file and serve any dispositive motion on or before Friday, April 23, 2004. Plaintiff shall file and serve an answer brief to any dispositive motion on or before Friday, May 14, 2004. Any reply brief shall be filed and served on or before Friday, May 21, 2004.
4) Defendants' Motion For Leave To File Out Of Time Motion For Enlargement Of Time (D.I.68) is *DENIED* as moot.

Not Reported in F.Supp.2d, 2004 WL 724953 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT E

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2348089 (D.Del.)
**(Cite as: 2004 WL 2348089 (D.Del.))**

**Page 12**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
CORNING INCORPORATED and Artificial Sensing
Instruments ASI AG, Plaintiffs,
v.
**SRU** BIOSYSTEMS, LLC, **SRU** Biosystems, Inc., and
**SRU** Biosystems Holdings, LLC,
Defendants.
No. Civ.A. 03-633 JJF.

Oct. 13, 2004.
Richard L. Horwitz, and David E. Moore, of Potter
Anderson & Corroon LLP, Wilmington, Delaware,
Kenneth E. Krosin, Andrew E. Rawlins, Larry L.
Shatzer, and George C. Best, of Foley & Lardner LLP,
Washington, D.C., for Plaintiffs Corning Incorporated
and Artificial Sensing Instruments ASI AG, of counsel.

Steven J. Balick, and John G. Day, of Ashby &
Geddes, Wilmington, Delaware, John J. McDonnell,
Daniel A. Boehnen, Matthew J. Sampson, Richard A.
Machonkin, and Patrick G. Gattari, of McDonnell
Boehnen Hulbert & Berghoff LLP, Chicago, Illinois,
for Defendants SRU Biosystems, LLC, SRU
Biosystems, Inc., and SRU Biosystems Holdings, LLC,
of counsel.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Pending before the Court is the Request For Partial
Reconsideration Of Claim Construction Decision
(D.I.175) filed by Defendants, SRU Biosystems, LLC,
SRU Biosystems, Inc. and SRU Biosystems Holdings,
LLC (collectively, "SRU"). By its Motion, SRU
requests reconsideration pursuant to D. Del. L.R. 7.1.5
of two terms, "waveguiding structure" and
"waveguiding film," construed by the Court in its July
9, 2004 claim construction decision. For the reasons set
forth below, the Court will deny SRU's request for
partial reconsideration.

DISCUSSION
I. Legal Standard For Reargument Under D. Del. L.R.
7.1.5

Although not explicitly provided for in the Federal
Rules of Civil Procedure, Local Rule 7.1.5 provides for
the filing of reargument motions. *See* D. Del. L.R.
7.1.5. The decision to grant a motion for reargument
lies within the discretion of the district court; however,
such motions should only be granted sparingly.
*Dentsply Int'l, Inc. v. Kerr Mfg. Co.,* 42 F.Supp.2d 385,
419 (D.Del.1999).

A motion for reargument "should not be used to rehash
arguments already briefed or to allow a 'never-ending
polemic between the litigants and the Court." ' *Id.*
(citing *Ogelsby v. Penn Mutual Life Ins. Co.,* 877
F.Supp. 872, 892 (D.Del.1995)). As such, a motion for
reargument may only be granted in three narrow
circumstances: (1) where the court has patently
misunderstood a party, (2) where the court has made an
error not of reasoning, but of apprehension, or (3)
where the court has made a decision outside the scope
of the issues presented to the court by the parties. *Id.*
(citing *Pirelli Cable Corp v. Ciena Corp.,* 988 F.Supp.
424, 445 (D.Del.1998)). With this standard in mind,
the Court will address SRU's Motion for
reconsideration

II. SRU's Motion For Reconsideration

By its Motion, SRU contends that the Court erred in
its construction of the terms "waveguiding structure"
and "waveguiding film." Specifically, SRU requests the
Court to add the following language, indicated by bold,
italicized print, to the Court's claim construction.
"Waveguiding structure" means: "A structure *that
confines light,* formed by a waveguiding film and a
substrate and containing a diffraction grating."
"Waveguiding film" means: "A film which, in
combination with a sample having a lower index of
refraction and a substrate can guide light along a
path by *total internal reflection."*
(D.I. 157 at 2). SRU contends that by declining to
include the "confining light" limitation in the term
"waveguiding structure," the Court overlooked intrinsic
evidence contained in Ilan Chabay, "Optical
Waveguides," *Analytical Chemistry,* vol. 54, no. 9, pp.
1071A-1080A (Aug.1982) (the "Chabay reference").
SRU contends that the Chabay reference was cited
during the prosecution of the '843 patent and identified
on the face of the patent, such that it constitutes
controlling intrinsic evidence. SRU contends that the
Chabay reference is the only intrinsic evidence directly
on point, and the Chabay reference makes clear that a
waveguiding structure confines light.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                        **Page 13**
(Cite as: 2004 WL 2348089, *2 (D.Del.))

*2 With respect to the term "waveguiding film," SRU contends that the Court's construction is based on a misunderstanding of the patent specification. SRU contends that regardless of whether a strip is used for waveguiding, the light is still guided by total internal reflection. SRU contends that this definition is consistent with the treatise P.K. Tien, "Light Waves In Thin Films And Integrated Optics," *Applied Optics,* vol. 10, pp. 2395- 2413 (1971).

Reviewing the Court's claim construction decision, the *Markman* hearing transcript, and the submissions by the parties in connection with this Motion and the *Markman* hearing, the Court concludes that reconsideration of its claim construction decision is not warranted. SRU presented the same arguments it advances here at the *Markman* hearing and in the *Markman* briefing. The Court considered these arguments in rendering its construction of the disputed terms, and thus, SRU's Motion attempts to relitigate matters already considered and decided by the Court. Accordingly, the Court concludes that SRU has not stated a cognizable ground justifying reconsideration under D. Del. L.R. 7.1.5.

Further, even if the Court were to consider the substance of SRU's argument, the Court would not grant reconsideration and would render the same claim construction it rendered in its July 9, 2004 decision. Although the Court did not refer to the Chabay reference as intrinsic evidence in its decision, the Court considered the Chabay reference in construing the term "waveguiding structure." Further, the fact that the Chabay reference may be considered intrinsic evidence does not support SRU's assertion that it is controlling as to the definition of "waveguiding structure." In *Kumar v. Ovanic Battery Co,* 351 F.3d 1364 (Fed.Cir.2003), the Federal Circuit found a prior art reference cited during the prosecution history of the patent at issue to be controlling where the applicant and the examiner considered the reference to be highly pertinent and it was discussed extensively and distinguished during the prosecution of the patent. Unlike *Kumar,* in this case, SRU has not demonstrated that the applicant discussed the Chabay reference extensively during the prosecution of the '843 patent or that the applicant embraced the Chabay reference as applying specifically to the claims. Further, the Chabay reference must be considered along with the other intrinsic evidence, [FN1] and this evidence contradicts SRU's position that the "waveguiding structure" must confine light. As the Court pointed out in its July 9 decision, at least two embodiments, Figures 3 and 7 of the '843 patent, show that a portion of the waveguiding

structure is intentionally used to direct light out of the waveguiding structure. Taking the intrinsic evidence as a whole, the Court is not persuaded that the limitation of "confining light" should be added to the Court's definition of "waveguiding structure."

> FN1. *See Rexnord Corp. v. Laitram Corp.,* 274 F.3d 1336, 1343 (Fed.Cir.2001); *DeMarini Sports, Inc. v. Worth,* 239 F.3d 1314, 1324 (Fed.Cir.2001).

Similarly, with respect to the term "waveguiding film," the Court concludes that the limitation of "total internal reflection" suggested by SRU is not supported by the claim language or the specification. The Federal Circuit has cautioned against importing limitations from the specification into the claim. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.,* 314 F.3d 1313, 1325 (Fed.Cir.2003); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.,* 345 F.3d 1318, 1327 (Fed.Cir.2003). Further, as the Court noted in its July 9 decision, the specification does not support the limitation proposed by SRU. While the specification does describe embodiments which include the requirement of total internal reflection, it also suggests the use of other structures for the purpose of waveguiding, and as indicated by those skilled in the art, these other structures do not necessarily require total internal reflection. '843 patent, col. 2, 11. 40-44, 53-56, col. 3, 11. 43-47, col. 8, 11. 39-40; Pollock Decl. at ¶ 27-29, 31-33. Accordingly, the Court is not persuaded that the limitation of "total internal reflection" should be added to the Court's construction of the term "waveguiding film."

CONCLUSION

*3 For the reasons discussed, the Court will deny SRU's Request For Partial Reconsideration Of Claim Construction Decision.

An appropriate Order will be entered.

*ORDER*

At Wilmington, this 13th day of October 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Request For Partial Reconsideration Of Claim Construction Decision (D.I.175) filed by Defendants, SRU Biosystems, LLC, SRU Biosystems, Inc. and SRU Biosystems Holdings, LLC is *DENIED.*

Not Reported in F.Supp.2d, 2004 WL 2348089

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
**(Cite as: 2004 WL 2348089, \*3 (D.Del.))**

(D.Del.)

   Motions, Pleadings and Filings (Back to top)

.              1:03CV00633              (Docket)
(Jul. 10, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.