IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371-JJF |

### PLAINTIFF'S NOTICE OF DEPOSITION & SERVICE OF SUBPOENA TO LG ELECTRONICS U.S.A., INC. PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(b)(6) AND 45

TO:    **VIA  EM/ECF & HAND DELIVERY**         **VIA FACSIMILE & U.S. MAIL**
Steven J. Balick, Esq.                                       G. Hopkins Guy, III, Esq.
John G. Day, Esq.                                             Bas de Blank, Esq.
Ashby & Geddes                                              Duo Chen, Esq.
222 Delaware Avenue, 17th Floor              Orrick, Herrington & Sutcliffe, LLP
P. O. Box 1150                                                  1000 Marsh Road
Wilmington, DE 19899                                     Menlo Park, CA  94025

William J. Marsden, Esq.
Sean P. Hayes, Esq.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on the 13th day of September 2005, Plaintiff Power Integrations, Inc. ("Power Integrations") initiated service of the attached subpoena upon **LG Electronics U.S.A., Inc.** ("LG"), 1000 Sylvan Avenue, Englewood Cliffs, NJ

07632 c/o its registered agent in Delaware, United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**PLEASE TAKE FURTHER NOTICE THAT** Power Integrations, pursuant to Fed. R. Civ. P. 30(b)(6), will take the depositions of one or more persons designated by LG as knowledgeable about the matters set forth in Schedule A of this Notice. LG has a duty to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf on the matters on which examination is requested, including matters collectively concerning LG to the extent such information is known or reasonably available to LG.

Thus, LG is requested to designate and produce the person or persons to testify on its behalf as to the topics in the attached Schedule A and promptly notify Power Integration's counsel in writing of the name, address, telephone number, capacity and job title of each such person designated to testify and the topics on which that person will testify.

The deposition will take place at the offices of Bouchard Margules & Friedlander, P.A., 222 Delaware Ave., Suite 1400, Wilmington, DE 19801, on September 26, 2005, beginning at 9:00 a.m., or at such other location and time as the parties shall agree. If the deposition is not completed on the date set out above, the taking of the deposition will continue day-to-day thereafter until complete. The deposition shall be taken upon oral examination before an officer authorized to administer oaths and take testimony. The oral examination will be recorded stenographically and will include the use of use of instantaneous transcription and/or videotape. Some or all of the deposition testimony

may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

**PLEASE TAKE FURTHER NOTICE THAT** on September 23, 2005 at 9:00 a.m., LG, pursuant to Fed. R. Civ. P. 45, is commanded to produce and permit inspection and copying of the documents and objects set forth in Schedule B of this Notice.

The inspection and copying will take place at the offices of Bouchard Margules & Friedlander, P.A., 222 Delaware Ave., Suite 1400, Wilmington, DE 19801, or at such other location and time as the parties shall agree.

Dated: September 13, 2005

                              By: /s/ John M. Seaman

                                    Andre G. Bouchard (ID No. 2504)
                                    John M. Seaman (ID No. 3868)
                                    Bouchard Margules & Friedlander, P.A.
                                    222 Delaware Avenue, Suite 1400
                                    Wilmington, DE 19801
                                    [abouchard@bmf-law.com]
                                    [jseaman@bmf-law.com]
                                    302-573-3500

                                    Attorney for Plaintiff
                                    POWER INTEGRATIONS, INC.

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ DELAWARE _____

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,
      v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION,
a Delaware corporation,

        Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: C.A. No. 04-1371-JJF

TO:    LG Electronics U.S.A., Inc., 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632
       c/o United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bouchard Margules & Friedlander, P.A.<br>222 Delaware Ave., Suite 1400<br>Wilmington, DE 19801<br><br>(See Schedule A) | September 26, 2005<br>10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
(See Schedule B)

| PLACE | DATE AND TIME |
|---|---|
| Bouchard Margules & Friedlander, P.A.<br>222 Delaware Ave., Suite 1400<br>Wilmington, DE 19801 | September 23, 2005<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature: John M. Seaman]*<br>Attorney for Plaintiff POWER INTEGRATIONS, INC. | September 13, 2005 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| John M. Seaman |
| Bouchard Margules & Friedlander, P.A. |
| 222 Delaware Avenue, Suite 1400 |
| Wilmington, DE 19801 |
| 302-573-3500 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| **SERVED** 9/13/05 | C/O 2711 CENTERVILLE RD. WILMINGTON, DE |
| **SERVED ON (PRINT NAME)** LG ELECTRONICS U.S.A., INC | **MANNER OF SERVICE** ACCEPTED BY MARY DRUMMOND (PROCESS AGENT) AUTHORIZED TO ACCEPT |
| **SERVED BY (PRINT NAME)** DENORRIS BRITT | **TITLE** PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  9/13/05
DATE

_____
SIGNATURE OF SERVER

**BRANDYWINE PROCESS SERVERS, LTD.**
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsorof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(ii!) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

## SCHEDULE A

### Definitions

1. "LG" means LG Electronics U.S.A., Inc., and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of LG, including, but not limited to, LG Electronics Alabama, Inc., LG Electronics MobileComm U.S.A., Inc. and LG Electronics Mobile Research U.S.A., LLC.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "You" and "Your" means or refers to LG.

5. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in LG's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

1

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8. "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9. "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## Topics for Examination

1. The types and identities of LG products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by LG.

2. The use of Fairchild PWM controllers in LG products, including but not limited to the products identified in response to Request No. 1.

3. The unit volume of importation into the United States and unit volume of sales within the United States of the LG products identified in response to Request No. 1.

4. The contents, origin, development, maintenance and authentication of any documents produced by LG in response to Power Integrations' subpoena duces tecum in this investigation.

5. Communications between LG and Fairchild or any of its sales agents, resellers or distributors.

## SCHEDULE B
## Documents Requested

1. Documents sufficient to show the identity of LG products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by LG.

2. Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in LG products, including but not limited to the products you identified in response to Request No. 1.

3. Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the LG products identified in response to Request No. 1.

4. One representative sample of each of the LG products identified in response to Request No. 1.

5. Documents reflecting or discussing communications between LG and Fairchild or any of its sales agents, resellers or distributors.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September 2005, I caused to be electronically filed a true and correct copy of the foregoing document – **PLAINTIFF'S NOTICE OF DEPOSITION & SERVICE OF SUBPOENA TO LG ELECTRONICS U.S.A., INC. PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(b)(6) AND 45** – with the Clerk of Court using CM/ECF, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esq.<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899<br><br>Attorneys for Defendant-Counterclaimant<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and FAIRCHILD<br>SEMICONDUCTOR CORPORATION | William J. Marsden, Esq.<br>Sean P. Hayes, Esq.<br>Fish & Richardson, P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br><br>Attorneys for Plaintiff<br>POWER INTEGRATIONS, INC. |

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants in the manner indicated below:

**VIA FACSIMILE & U.S. MAIL**

| | |
|---|---|
| G. Hopkins Guy, III, Esq.<br>Bas de Blank, Esq.<br>Duo Chen, Esq.<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

By: /s/ John M. Seaman
Andre G. Bouchard (ID No. 2504)
John M. Seaman (ID No. 3868)
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
[abouchard@bmf-law.com]
[jseaman@bmf-law.com]
302-573-3500

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.