IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>   Defendants. | C.A. No. 04-1371-JJF |

**NOTICE OF DEPOSITION & SERVICE OF SUBPOENA**

TO: **VIA FACSIMILE & U.S. MAIL**  **VIA FACSIMILE & U.S. MAIL**
Steven J. Balick, Esq.       G. Hopkins Guy, III
John G. Day, Esquire        Bas de Blank
Ashby & Geddes          Duo Chen
222 Delaware Avenue, 17th Floor   Orrick, Herrington & Sutcliffe, LLP
P. O. Box 1150           1000 Marsh Road
Wilmington, DE 19899       Menlo Park, CA 94025

  **PLEASE TAKE NOTICE** that on the 14th day of September 2005, Plaintiff Power Integrations, Inc. initiated service of the attached subpoena upon **Salom Electric (America) Company**, 7756 Madison Street, #3, River Forest, IL 60305 c/o C T Corporation System, 203 So. Lasalle Street, Suite 814, Chicago, IL 60604-1101.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to stipulation, Plaintiff Power Integrations, Inc., by its counsel, will take the deposition of **Salom Electric (America) Company**, on Friday, September 30, 2005, at 9:30 a.m., at Esquire Deposition Services, 155 N. Wacker Drive, 10th Floor, Chicago, IL 60606.

  The deposition of **Salom Electric (America) Company**. will continue from day to day, if necessary, until completed. The deposition will be taken before a notary public or other

officer authorized by law to administer oaths. All of the deposition testimony will be recorded by stenographic, audio, and/or audiovisual means.

Dated: September 14, 2005          FISH & RICHARDSON P.C.

By: _____
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Gina M. Steele
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50300999.doc

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September 2005, a true and correct copy of the attached **NOTICE OF DEPOSITION & SERVICE OF SUBPOENA TO SALOM ELECTRIC (AMERICA) COMPANY** was caused to be served on the attorneys of record at the following addresses as indicated:

**VIA FACSIMILE & U.S. MAIL**
Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

Attorneys for Defendant-Counterclaimant
FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION

**VIA FACSIMILE & U.S. MAIL**
G. Hopkins Guy, III
Bas de Blank
Duo Chen
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION

_/s/ Michael R. Headley_
Michael R. Headley

50300999.doc

## Issued by the
# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS__

POWER INTEGRATIONS, INC., a Delaware corporation,

        v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C.A. No. 04-1371
Case Pending in the District of Delaware

TO: **Salom Electric (America) Company, 7756 Madison St. #3, River Forest IL 60305 USA** c/o C T Corporation System, 203 So. Lasalle St, Suite 814, Chicago, IL 60604,1101

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Deposition Services, 155 N. Wacker Drive, 10th FL, Chicago, IL 60606 (See Exhibit A attached) | 9/30/05 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| FISH & RICHARDSON P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063 | 9/28/05 12:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorneys for Plaintiff POWER INTEGRATIONS, INC. | September 14, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Michael R. Headley (#220834), FISH & RICHARDSON P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063 Tel:(650) 839-5070/Fax: (650) 839-5071

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A
## TO SALOM SUBPOENA

## DEFINITIONS

1. "Salom" means Salom Electric (America) Company and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of Salom.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "You" and "Your" means or refers to Salom.

5. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Salom's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8. "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9. "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## TOPICS FOR EXAMINATION

1. The types and identities of Salom products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Salom.

2. The use of Fairchild PWM controllers in Salom products, including but not limited to the products identified in response to Request No. 1.

3. The unit volume of importation into the United States and unit volume of sales within the United States of the Salom products identified in response to Request No. 1.

4. The contents, origin, development, maintenance and authentication of any documents produced by Salom in response to Power Integrations' subpoena duces tecum in this investigation.

5. Communications between Salom and Fairchild or any of its sales agents, resellers or distributors.

## DOCUMENTS REQUESTED

1. Documents sufficient to show the identity of Salom products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Salom.

2. Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in Salom products, including but not limited to the products you identified in response to Request No. 1.

3. Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the Salom products identified in response to Request No. 1.

4. One representative sample of each of the Salom products identified in response to Request No. 1.

5. Documents reflecting or discussing communications between Salom and Fairchild or any of its sales agents, resellers or distributors.

50300654.doc