IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

Defendants.

C.A. No. 04-1371-JJF

## NOTICE OF DEPOSITION & SERVICE OF SUBPOENA

**PLEASE TAKE NOTICE** that on the 16th day of September 2005, Plaintiff

Power Integrations, Inc. initiated service of the attached subpoena upon **James D.**

**Beasom**, 506 S. Wildwood Lane, Melbourne, Florida 32904-2562, c/o World Class

Investigations and Process Express, 818 E. New Haven Avenue, Suite 2B, Melbourne,

Florida 32901.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to stipulation, Plaintiff

Power Integrations, Inc., by its counsel, will take the deposition of **James D. Beasom**, on

Friday, September 30, 2005, at 9:30 a.m., at King Reporting Service, 14 Suntree Place,

Suite 101, Melbourne, Florida 32940.

The deposition of **James D. Beasom** will continue from day to day, if necessary,

until completed. The deposition will be taken before a notary public or other officer

authorized by law to administer oaths. All of the deposition testimony will be recorded

by stenographic, audio, and/or audiovisual means.

Dated:  September 16, 2005          FISH & RICHARDSON P.C.

By: _____
    William J. Marsden, Jr. (#2247)
    Sean P. Hayes (#4413)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE  19899-1114
    Telephone: (302) 652-5070
    Facsimile:  (302) 652-0607

    Frank E. Scherkenbach
    225 Franklin Street
    Boston, Massachusetts 02110-2804
    Telephone: (617) 542-5070
    Facsimile:  (617) 542-8906

    Howard G. Pollack
    Gina M. Steele
    Michael R. Headley
    500 Arguello Street, Suite 500
    Redwood City, California 94063
    Telephone: (650) 839-5070
    Facsimile:  (650) 839-5071

    Attorneys for Plaintiff
    POWER INTEGRATIONS, INC.

50301437.doc

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2005, I electronically filed a NOTICE OF

DEPOSITION & SERVICE OF SUBPOENA with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:


Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

I hereby certify that on September 16, 2005, I have sent via U.S. Mail and

facsimile to the following non-registered participant:


Bas de Blank
Duo Chen
Orrick, Herrington, Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025


William J. Marsden, Jr.

50301437.doc

Issued by the

# UNITED STATES DISTRICT COURT

<u>MIDDLE</u>   DISTRICT OF <u>FLORIDA</u>

POWER INTEGRATIONS, INC., a Delaware
corporation,

## SUBPOENA IN A CIVIL CASE

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL,
INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION, a
Delaware corporation,

Case Number:[1] C.A. No. 04-1371
District of Delaware

TO:   James D. Beasom
506 S Wildwood Lane
Melbourne, Florida 32904-2562

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| King Reporting Service, 14 Suntree Place, #101, Melbourne, Florida 32940 | September 30, 2005 9:30am |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

All documents and things produced or provided to Orrick, Herrington & Sutcliffe LLP in response to the subpoena dated
September 13, 2005, attached hereto as Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| King Reporting Service, 14 Suntree Place, #101, Melbourne, Florida 32940 | September 30, 2005 9:30am |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Michael R. Headley (CA Bar #220085, Admitted Pro Hac Vice-USDC D. Del.), Attorneys for Plaintiff | September 16, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Fish & Richardson P.C., 500 Arguello St., #500, Redwood City, CA 94063
(650) 839-5070

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA DIRECTED TO JAMES D. BEASOM

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil

Procedure, defendant Fairchild Semiconductor International, Inc. will serve the attached

subpoena *duces tecum* upon James D. Beasom, 506 S Wildwood Ln, Melbourne, Florida, 32904.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: September 13, 2005
161336.1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

MIDDLE  DISTRICT OF  FLORIDA

POWER INTEGRATIONS, INCORPORATED,
Plaintiff,                                          **SUBPOENA IN A CIVIL CASE**
V.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND Case Number:¹ 04-1371-JJF
FAIRCHILD SEMICONDUCTOR COPRORATION, Defendants.          District of Delaware

TO:  James D. Beasom
      506 S Wildwood Ln,
      Melbourne FL  32904-2562

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION<br>King Reporting Service, 14 Suntree Place, Suite 101, Melbourne, Florida  32940 | DATE AND TIME<br>September 30, 2005 at 9:30am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
Documents described in Schedule A to Subpoena Duces Tecum to James D. Beasom

| PLACE<br>King Reporting Service, 14 Suntree Place, Suite 101, Melbourne, Florida  32940 | DATE AND TIME<br>September 30, 2005 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Bas de Blank* | DATE<br>September 13, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bas de Blank, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA  94025    650.614.7400
Attorney for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |
| **SERVED:** | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information containe in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which t trial is held, or

(iii) requires disclosure of privileged or other protected matter and n exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential researc development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion information not describing specific events or occurrences in dispute and resulti from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party incur substantial expense to travel more than 100 miles to attend trial, the cou may, to protect a person subject to or affected by the subpoena, quash or modi the subpoena, or, if the party in who behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met witho undue hardship and assures that the person to whom the subpoena is address will be reasonably compensated, the court may order appearance or producti only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produ them as they are kept in the usual course of business or shall organize and lab them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it privileged or subject to protection as trial preparation materials, the claim shall made expressly and shall be supported by a description of the nature of t documents, communications, or things not produced that is sufficient to enable t demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

1      **ATTACHMENT A**

2              Pursuant to Federal Rule of Civil Procedure 45, Defendants Fairchild

3      Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively,

4      "Fairchild") hereby requests that James D. Beasom produce and allow inspection and copying of

5      the following documents and things requested herein at the law offices of Orrick, Herrington &

6      Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, California 94025, at the date and time specified in

7      the attached subpoena in accordance with the Federal Rules of Civil Procedure (and the following

8      Definitions and Instructions).

9      **DEFINITIONS AND INSTRUCTIONS**

10             A.      In responding to the present subpoena duces tecum, you are required to furnish

11     such information as is available to you, including but not limited to information in the possession

12     of your agents, representatives, or any other person or persons acting on your behalf.

13             B.      The "Beasom Patents" shall be understood to mean U.S. Patent No. 4,823,173 (the

14     "'173 Patent"), U.S. Patent No. 5,264,719 (the "'719 Patent") and all applications, continuations,

15     CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including

16     PCT Applications) and related patents thereof, whether issued, abandoned or pending including,

17     but not limited to, U.S. Patent Application Serial No. 831,384, filed January 7, 1986, U.S. Patent

18     Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No.

19     705,509, filed May 24, 1991.

20             C.      The terms "writings," "recordings," or "documents" as used herein are used in

21     their broadest sense and include, without limitation, the original and all non-identical copies

22     (including those with any notations of the following items: agreements and contracts;

23     assignments; licenses; correspondence; reports, notes and memoranda; summaries, daytimers,

24     calendars, minutes, notes and records of telephone conversations, meetings and conferences;

25     reports and/or summaries of investigations; opinions and reports of experts and consultants;

26     statements of persons having knowledge of relevant facts; cablegrams and telex messages;

27     patents, registrations of service or trademarks, copyrights, and applications for each of them;

28     opinions of counsel; sales records, including purchase orders, order acknowledgments and

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

1    invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets,

2    catalogs, sales literature and sales promotion material; advertisements; world-wide web and/or

3    internet postings; trade letters, notices and announcements, and press releases; specification

4    sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche,

5    photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic

6    diagrams, timing diagrams, pictures, photographs; all data or information stored on computer

7    readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes,

8    cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, all code

9    listings including comments, code files, electronic mail; and all writings as that term is defined by

10    Rule 1001 of the Federal Rules of Evidence. The terms "writings," "recordings," or "documents"

11    refer to all writings, recordings or documents of which you have knowledge, and all writings

12    which are in the possession, custody or control of you, your agents, attorneys, officers,

13    employees, or other representatives.

14    　　　　D.　　　"Any" shall be understood to include and encompass "all." As used herein, the

15    singular shall always include the plural and the present tense shall also include the past tense.

16    The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to

17    bring within the scope of this request all documents or things that might otherwise be construed to

18    be outside its scope.

19    　　　　E.　　　"Concerning" means relating to, evidencing, mentioning, discussing, constituting,

20    contradicting, supporting, referring to, or in any other way dealing with the subject matter

21    described in the request in which the term appears.

22    　　　　F.　　　If you object to the production of any document on the grounds that it is protected

23    from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege,

24    you are requested to identify each document for which the privilege is claimed and give all

25    information required by applicable case law, including but not limited to the following:

26    　　　　　　　　a.　　　the name of the writer, sender, or initiator of each copy of the document;

27    　　　　　　　　b.　　　the name of the recipient, addressee, or party to whom any copy of the

28    　　　　　　　　　　　document was sent;

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

-2-

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

1       c.    the date of each copy of the document, if any, or an estimate of its date;

2       d.    a statement of the basis for the claim of privilege; and

3       e.    a description of the document sufficient for the Court to rule on the

4    applicability and appropriateness of the claimed privilege.

5
### LIST OF DOCUMENTS TO BE PRODUCED

6    1.    All documents concerning the conception or reduction to practice of the

7  inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks,

8  engineering notebooks, specifications, correspondence, and invention disclosure statements

9  concerning the Beasom Patents.

10    2.    Documents sufficient to identify the dates of conception and reduction to

11  practice of the Beasom Patents.

12    3.    All documents corroborating the date of conception and reduction to

13  practice of the Beasom Patents.

14    4.    All documents concerning the prosecution of the Beasom Patents

15  including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications,

16  draft responses and amendments, invention disclosure statements, and documents associated with

17  any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom

18  Patents.

19

20

21

22

23

24

25

26

27

28

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSVl:417118.1
10414-25 BV2/BV2

-3-

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2005, the attached **NOTICE OF**

**SUBPOENA DIRECTED TO JAMES D. BEASOM** was served upon the below-named

counsel of record at the address and in the manner indicated:


William J. Marsden, Jr., Esquire                        HAND DELIVERY
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE  19899

Frank E. Scherkenbach, Esquire                      VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Michael Kane, Esquire                               VIA FEDERAL EXPRESS
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN  55402

Howard G. Pollack, Esquire                          VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

Andre G. Bouchard, Esquire                              HAND DELIVERY
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801


_____
John G. Day