IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | |
| Plaintiff, | |
| v. | C.A. No. 04-1371-JJF |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | |
| Defendants. | |

## NOTICE OF DEPOSITION & SERVICE OF SUBPOENA

**PLEASE TAKE NOTICE** that on the 19th day of September 2005, Plaintiff Power Integrations, Inc. initiated service of the attached subpoena upon **Hubertus R. Engelbrechten**, 2317 Webster Street, San Francisco, CA 94115-1806.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to stipulation, Plaintiff Power Integrations, Inc., by its counsel, will take the deposition of **Hubertus R. Engelbrechten**, on Monday, September 30, 2005, at 9:30 a.m., at Fish & Richardson, P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063.

The deposition of **Hubertus R. Engelbrechten** will continue from day to day, if necessary, until completed. The deposition will be taken before a notary public or other officer authorized by law to administer oaths. All of the deposition testimony will be recorded by stenographic, audio, and/or audiovisual means.

Dated:  September 19, 2005          FISH & RICHARDSON P.C.


By: _William J. Marsden jr. by J. S. Hav (#4557)_
     William J. Marsden, Jr. (#2247)
     Sean P. Hayes (#4413)
     919 N. Market Street, Suite 1100
     P.O. Box 1114
     Wilmington, DE  19899-1114
     Telephone: (302) 652-5070
     Facsimile:  (302) 652-0607

     Frank E. Scherkenbach
     225 Franklin Street
     Boston, Massachusetts 02110-2804
     Telephone: (617) 542-5070
     Facsimile:  (617) 542-8906

     Howard G. Pollack
     Gina M. Steele
     Michael R. Headley
     500 Arguello Street, Suite 500
     Redwood City, California 94063
     Telephone: (650) 839-5070
     Facsimile:  (650) 839-5071

     Attorneys for Plaintiff
     POWER INTEGRATIONS, INC.


50301802.doc

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2005, I electronically filed a **NOTICE OF DEPOSITION & SERVICE OF SUBPOENA** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

I hereby certify that on September 19, 2005, I have sent via U.S. Mail and facsimile to the following non-registered participant:

G. Hopkins Guy, III
Bas de Blank
Duo Chen
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

John F. Horvath (#4557)

50301802.doc

Issued by the

# UNITED STATES DISTRICT COURT

<u>NORHTERN</u>    DISTRICT OF <u>CALIFORNIA</u>

POWER INTEGRATIONS, INC., a Delaware
corporation,

**SUBPOENA IN A CIVIL CASE**

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL,
INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION, a
Delaware corporation,

Case Number: [1] C.A. No. 04-1371
Case Pending in the District of
Delaware

TO:  Hubertus Engelbrechten
     2317 Webster Street, San Francisco, CA  94115-1806
     Telephone:  (415) 440-6248

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| FISH & RICHARDSON, P.C. | 9/30/05 |
| 500 Arguello St., #500, Redwood City, CA 94063 | 9:30 a.m. |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| FISH & RICHARDSON P.C. | |
| 500 Arguello St., #500 Redwood City, CA  94063 | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff, POWER INTEGRATIONS, INC. | September 19, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Gina M. Steele (#233379), FISH & RICHARDSON P.C.,
500 Arguello St., #500, Redwood City, CA  94063      Telephone: (650) 839-5070

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
              DATE                              SIGNATURE OF SERVER

                                              _____
                                              ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1.    "Plaintiff" or "Power Integrations" or "PI" means Power Integrations Inc., individually and collectively, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Power Integrations and others acting on behalf of Power Integrations.

2.    "Defendant(s)" or "Fairchild" means Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation, individually and collectively, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Fairchild and others acting on behalf of Fairchild.

3.    "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things including email, journals, business logs or records, planners or calendars, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

4.    "Person" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

5.    "Entity" means any person.

6.    The "'851 patent" means U.S. Patent No. 6,107,851.

7.    The "'876 patent" means U.S. Patent No. 6,249,876.

8.    The "'366 patent" means U.S. Patent No. 6,229,366.

9.    The "'075 patent" means U.S. Patent No. 4,811,075.

10.    "Infringe" and "infringement" refer to direct infringement, contributory infringement, inducement, literal infringement, and/or infringement by the doctrine of equivalents.

11.    "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or assemblage of components/parts (either individually or collectively), which are designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, or under development.

12.    "Accused Product(s)" means and includes all products described by Fairchild as Off-Line Conversion integrated circuits, whether manufactured or sold by Fairchild or other, to at least include specifically part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602, and any products not materially different from these.

2

13.    The term "high voltage device" means a device capable of conducting a voltage in excess of 50 volts.

14.    "Products containing same" or "downstream product(s)" means and includes all products or kits that contain any Accused Product.

15.    To "relate to" means to describe, discuss, constitute, comprise, or evidence.

16.    The term "identify," when used with respect to any natural person, means that the following information shall be provided:  the person's full name; last known business address and telephone number; last known title or occupation; and last known employer.

17.    The term "identify," when used with respect to any legal entity, such as a corporation, company, or person other than a natural person, means that the following information shall be provided:  the entity's name; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that legal entity.

18.    The term "identify," when used with respect to a document, subject to the option to produce records under Fed. R. Civ. P. 33(d), means to provide information sufficient to locate that document, including but not limited to the following:  the production number range, the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title, or label of such document; a general description of such document (*e.g.*, letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person

3

having custody of it; and, if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete.

19.    The phrase "patents-in-suit" refers to any of the '851, '876, '366, or '075 patents.

20.    The terms "use" and "using" include without limitation use in a power supply, use in testing, use in demonstrating, and use in training.

"Any" and "all" shall be construed to mean both any and all.

## DEPOSITION TOPICS

1. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to the design and development or marketing of the Accused Products

2. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to Fairchild's process or practice of "benchmarking" competitor's products.

3. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to the preparation, content, interpretation and distribution of promotional materials used in marketing the Accused Products.

4. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to communications with any customers regarding the Accused Products.

5. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to any comparisons made between Power Integration's products and the Accused Products and any communications with customers regarding those comparisons.

4

6.  All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to the importation of the Accused Products into the United States by Fairchild and/or its customers.

7.  All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to identification of all Fairchild customers who have purchased the Accused Products, the particular Accused Product(s) each Fairchild customer purchases or has purchased, the unit volume of such purchases and Fairchild's customers' uses of the Accused Products.

8.  All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to the manner in which Fairchild customers' incorporate the Accused Products into Fairchild customers' downstream products and the identification of any product designed, manufactured, or sold by any entity other than Fairchild that uses or incorporates any of the Accused Products.

9.  All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to Fairchild financial statements on a corporate, division, and product basis, including without limitation, profit and loss statements, operating expenses, balance sheets, and cash flow statements related to the units, divisions, etc. responsible for the accused products.

10. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to analyses or studies of Fairchild profitability, on a corporate, division, or product basis related to the units, divisions, etc. responsible for the Accused Products.

11. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to budget, sales, cost, or profit forecasts for Fairchild on a corporate, division, or product basis related to the units, divisions, etc. responsible for the Accused Products.

5

12. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to the profit margin for the sale of the Accused Products.

13. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to Fairchild's distribution network, including its sales and marketing organizations and the specific distribution network maintained or used by Fairchild for the distribution and sale of the Accused Products.

14. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to the market for each Fairchild Accused Product including any research related to the actual or potential market for the products, such as formal and/or informal surveys, and identification of all competing products.

15. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to communications with any third parties related to the "frequency modulation," "frequency scaling," or "frequency jitter" feature in Fairchild or Power Integrations devices, the identity of those third parties, all documents that refer, relate, or corroborate that communication, and all facts and circumstances relating to that communication.

16. All documents, including email, journals, business logs or records, planners or calendars, or presentations, that refer or relate to Fairchild's knowledge or understanding of Power Integrations product(s) and patents.

50301843.doc

6