IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, : : : Plaintiff, : : v. : : FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, : : : : : : : Defendants. : | C.A. No. 04-1371-JJF |

### MEMORANDUM ORDER

Presently before the Court is the First Motion To Compel (D.I. 46) filed by Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild"). For the reasons discussed, Fairchild's Motion will be granted.

I.  PARTIES' CONTENTIONS

By its Motion, Fairchild requests the Court to compel Plaintiff, Power Integrations, Inc. ("Power Integrations") to produce full narrative responses to Interrogatory Nos. 7-9, 12, 14-17, 19, 21, 23-24 and 26-27. Fairchild contends that Power Integrations inappropriately relied on Rule 33(d) to answer these Interrogatories with over 19,000 pages of documents. Fairchild contends that the burden on it is greater to weed through these documents to find a responsive answer than the burden on Power Integrations to provide a full narrative response. Fairchild

also alleges that Power Integrations has not sufficiently identified the documents which are responsive to its Interrogatories and that many of the documents which were identified are insufficient to allow Fairchild to derive a complete response to its interrogatories.

In response, Power Integrations contends that Fairchild's Motion To Compel is an inappropriate attempt to seek Power Integrations' work produce and expert testimony prior to the date for expert reports. By way of example, Power Integrations contends that the information sought in Interrogatory Nos. 12 and 15 requests from Power Integrations the evidence that each claim of the patents at issue are non-obvious, including evidence regarding the commercial success of the patented features. Interrogatory Nos. 16, 21, 24 and 27 request the basis for Power Integrations's damages contentions, including its market share, lost profitability and reasonable royalty analysis. Power Integrations contends that the information sought by these Interrogatories is appropriately provided to the parties through their expert reports. Power Integrations also contends that, unlike Fairchild who produced over 1.3 million pages of documents more than a month after the production deadline, Power Integrations provided Fairchild with only the relevant documents and their corresponding Bates numbers. Power Integrations contends that it is no more burdensome for Fairchild to review

these documents than Power Integrations, and thus Power Integrations maintains that it properly used Rule 33(d) to supplement its responses to Fairchild's Interrogatories.

**II. DISCUSSION**

Federal Rule of Civil Procedure 33(d) permits a party to respond to an interrogatory by pointing to business records from which the answer to the interrogatory can be ascertained, if the "burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." Fed. R. Civ. P. 33(d). However, a party answering an interrogatory in this fashion must "specify the records ... in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Id.

Reviewing the selected Interrogatories and Responses, the Court concludes that further narrative responses are required from Power Integrations. For example, in Interrogatory No. 9, Power Integrations indicated that it was made aware of the accused Fairchild devices by unnamed "overseas contacts." Fairchild requested that Power Integrations supplement its response to identify these contacts and Power Integrations provided Fairchild with over 6,000 pages of documents. Given the limited nature of Fairchild's request, the Court concludes that Power Integrations response was inappropriate and that Power

Integrations should have provided a narrative answer to the limited clarification sought by Fairchild. Accordingly, the Court concludes that further narrative supplementation of Power Integrations responses to each of the Interrogatories identified by Fairchild in its Motion is appropriate.

As for the Interrogatories which Power Integrations contends are the subject of expert reports, the Court concludes that Power Integrations must supply at least some narrative responses, with the understanding that those responses will be updated by expert reports. In the Court's view, it is not unfair for Fairchild to request some information as to the position Power Integrations takes with respect to such legal issues as damages, provided that Power Integrations is given the opportunity to later develop its responses in the context of its expert reports.

In sum, the Court concludes that additional responses are required by Power Integrations to comply with the Fairchild's Interrogatory requests in this case. As for Fairchild's request that the Court preclude Power Integrations from relying on information not provided by Power Integrations, the Court concludes that such a request is premature and that resolution of such an issue is best addressed when, and if, such circumstances arise.

NOW THEREFORE, IT IS HEREBY ORDERED this 11 day of October 2005, that:

1.  Fairchild's Motion To Compel is **GRANTED**.

2.  Power Integrations shall supplement its Interrogatory Responses with additional narrative information **within twenty (20) days of the date of this Order.**

                                             _/s/ Joseph J. Farnan, Jr._
                                             UNITED STATES DISTRICT JUDGE