IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,                    )
                                             )
                    Plaintiff,               )
                                             )
          v.                                 )        C.A. No. 04-1371-JJF
                                             )
FAIRCHILD SEMICONDUCTOR                      )
INTERNATIONAL, INC., and FAIRCHILD           )
SEMICONDUCTOR CORPORATION,                   )
                                             )
                    Defendants.              )

## DEFENDANTS' EXPEDITED MOTION TO AMEND THE SCHEDULE

Pursuant to Paragraph 10 of the Court's February 3, 2005 Rule 16 Scheduling Order (D.I.

17), Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp.

(collectively, "Fairchild") respectfully move for an order amending the case schedule. This

motion is made necessary by Power Integrations' repeated inability to produce a key witness for

deposition on the date scheduled. Having once again unilaterally cancelled the agreed to

deposition, Power Integrations now seeks to force Fairchild to provide expert reports before

receiving the fact discovery to which it is entitled. While Fairchild is sympathetic to the health

problems of Power Integrations' witness and has been willing to accommodate his needs, it is

unfair for Power Integrations to capitalize on Fairchild's courtesy and its witness' poor health by

prejudicially insisting that Fairchild now has to prepare expert reports before receiving the

deposition testimony in question. The schedule should be extended so that fact discovery may be

completed before Fairchild is required to provide expert reports.

Fairchild respectfully requests that this motion be considered on an expedited basis since

expert reports will otherwise be due on October 31, 2005.

## I.    BACKGROUND.

Until recently, the parties have cooperated in scheduling depositions. Fairchild has

deposed nine witnesses and Power Integrations has deposed 13 witnesses. While fact discovery closed on September 30, 2005, the parties have agreed to continue depositions. Indeed, Power Integrations has noticed an additional 18 depositions that have yet to be scheduled while Fairchild needs to depose eight additional witnesses. The parties, however, never agreed to exchange expert reports before completing the necessary fact discovery.

Balu Balakrishnan is an important witness for Fairchild to depose prior to preparing its expert reports. Mr. Balakrishnan is the lead inventor on three of the asserted patents. Further, Power Integrations designated Mr. Balakrishnan as its 30(b)(6) witness on 19 separate deposition topics, including topics relating to the invalidity and non-infringement of the asserted claims. Finally, Mr. Balakrishnan is president of Power Integrations and one of only two fact witnesses Power Integrations will call at trial.

Power Integrations has repeatedly delayed producing Mr. Balakrishnan for deposition. On July 12, 2005, Fairchild wrote Power Integrations requesting a date for the deposition of Mr. Balakrishnan. Declaration of Bas de Blank in Support of Defendants' Motion to Amend the Schedule, ¶ 2. Despite this early request, Power Integrations was unable to produce Mr. Balakrishnan until September 28, 2005 – 11 weeks later and only two days before the close of fact discovery. *Id., ¶ 3.* On September 26, 2005, however, Power Integrations informed Fairchild that Mr. Balakrishnan was having trouble breathing and would not be able to go forward with his deposition. *Id.*

Fairchild agreed to reschedule Mr. Balakrishnan's deposition and on October 3, 2005 the parties agreed that Mr. Balakrishnan's deposition would begin on October 7, 2005. de Blank Decl., ¶ 4. Given the importance of Mr. Balakrishnan's testimony to the preparation of Fairchild's expert reports, Power Integrations agreed to extend the date of the initial technical expert reports from October 10 to October 31, 2005 to allow about three weeks after Mr. Balakrishnan's deposition to complete the expert reports. de Blank Decl., ¶ 5. Fairchild was very clear that an extension of the expert reports was necessary so that the experts would be in possession of the discovery they needed prior to exchanging reports. *Id.*

Late on the night of October 4, 2005 – three days before Mr. Balakrishnan's rescheduled deposition was to begin – Power Integrations informed Fairchild that Mr. Balakrishnan was suffering from pneumonia and that Power Integrations was unsure when he would be available to testify. de Blank Decl., ¶ 6.

In deference to Mr. Balakrishnan's health, Fairchild of course agreed to reschedule his deposition but indicated that this may require an extension of the case schedule. de Blank Decl., ¶ 7. To avoid this, Fairchild proposed beginning Mr. Balakrishnan's deposition on October 20, 2005. In response, Power Integrations stated that the earliest that Mr. Balakrishnan could possibly be deposed was November 17, 2005. *Id.*

On October 19, 2005, Fairchild agreed to begin Mr. Balakrishnan's deposition on November 17, 2005. de Blank Decl., ¶ 8. That same day, Fairchild asked Power Integrations to again agree to extend the date of expert reports, until after Mr. Balakrishnan's deposition. *Id.*, ¶ 9. Given Power Integrations' previous willingness to do so in the exact same circumstances, and given that it was Power Integrations' request to reschedule the deposition that prompted the need to move the expert report deadline, Fairchild assumed that the parties could agree to a workable schedule. However, after the close of business on Friday, October 21, 2005, Power Integrations rejected Fairchild's proposed schedule and refused to provide an alternative schedule of its own. *Id.*, ¶ 10. On Monday, October 24, 2005 Fairchild requested that Power Integrations reconsider and provided specific examples of how Mr. Balakrishnan's testimony was relevant to Fairchild's expert reports. *Id.*, ¶ 11. While Fairchild asked that Power Integrations respond that afternoon so that Fairchild could move immediately if necessary, Power Integrations refused to do so. *Id.* Thus, on October 25, 2005, Fairchild sought to meet and confer with Power Integrations in person. At 6:00 p.m. on October 25, 2005, attorneys for Power Integrations finally returned these calls and rejected any compromise that would permit Fairchild to depose Mr. Balakrishnan prior to serving its expert reports. *Id.*, ¶ 12. Thus, Fairchild informed Power Integrations that it would seek expedited assistance from the Court. *Id.*

## II.    ARGUMENT.

### A.    Fairchild is entitled fact discovery before exchanging expert reports.

Fact discovery must be completed before expert reports are exchanged.  This was required by the Court's schedule – expert reports were due 10 days after the close of fact discovery.  *See* D.I. 17.  Power Integrations seeks to turn this on its head by demanding that Fairchild provide its expert report before deposing Power Integrations' key witness.  This is completely unreasonable under the circumstances and is highly prejudicial to Fairchild.

Mr. Balakrishnan is the lead inventor of three of the four asserted patents.  Indeed, many of Power Integrations' other deponents have indicated that only Mr. Balakrishnan will know the answers to Fairchild questions.  Mr. Balakrishnan, therefore, is expected to testify on issues directly relevant to Fairchild's expert reports.  For instance, Fairchild expects Mr. Balakrishnan to testify about at least three specific Power Integrations devices – the SMP211, SMP240, and SMP260 – that were on sale more than a year before the filing date of the asserted patents. While Fairchild believes that these devices anticipate many of the asserted claims, Power Integrations claims to have "destroyed" most of the schematics and other documents describing its own products.  Thus, Mr. Balakrishnan's testimony is particularly important on this issue.

Similarly, Mr. Balakrishnan is expected to testify concerning the inventors' failure to disclose their best mode and the lack of enablement of the Power Integrations patents. Fairchild's experts will require Mr. Balakrishnan's testimony to address these defenses fully in their reports.  Further, while self-serving statements by the inventor as to the proper construction of the asserted claims are of minimal value, Fairchild is entitled to rely upon useful admissions made by Mr. Balakrishnan concerning the construction and enforceability of the asserted claims and the prosecution history of the patents-in-suit.

Power Integrations designated Mr. Balakrishnan as its 30(b)(6) witness on 19 separate topics, many of which directly relate to issues to be addressed in Fairchild's experts' reports:

- Non-infringing alternatives to the use of the Power Integrations Patents.

- How each accused Fairchild device allegedly infringes each asserted claim of the Power Integrations Patents.

- The design and operation of Power Integrations products that practice the Power Integrations Patents including, but not limited to, the structures that allegedly correspond to each element of each asserted claim.

- Facts that Power Integrations contends show that any of the asserted claims are non-obvious.

de Blank Decl., ¶ 11. These topics are clearly related to the invalidity and non-infringement of the asserted claims and Fairchild is entitled to this testimony for its expert reports.

**B.    Power Integrations' repeated rescheduling of Mr. Balakrishnan's deposition prejudices Fairchild.**

Fairchild will be prejudiced if forced to serve its expert reports before deposing Mr. Balakrishnan. At a minimum, Fairchild will have to go through the unwarranted cost of supplementing its expert reports once the Balakrishnan depositions are complete. If Power Integrations refuses to agree to such supplementation, Fairchild will have to seek leave from the Court. *See* Rule 16 Scheduling Order (D.I. 17), ¶ 3(e). The Court's schedule sought to prevent such waste by requiring the completion of fact discovery well before the exchange of expert reports. Power Integrations thwarted this by refusing either to produce Mr. Balakrishnan for deposition in advance of the expert report deadline or extending the dates for submission of the expert reports.

Fairchild is also concerned that Power Integrations will use Fairchild's expert reports to prepare Mr. Balakrishnan for his deposition. Typically, this is not a concern since fact depositions would be concluded prior to the exchange of expert reports. Indeed, the expert reports should be based on the testimony provided by Mr. Balakrishnan and the other fact witnesses. Here, however, Power Integrations now self-servingly insists that Fairchild must provide its expert reports weeks in advance of Mr. Balakrishnan's deposition. It would be unfair and inappropriate for these reports to color Mr. Balakrishnan's testimony, or for Power Integrations to so exploit its own witness' unavailability for deposition.

**C.    The Court should extend the case schedule.**

When Power Integrations was first unable to produce Mr. Balakrishnan for deposition,

the parties agreed to extend the dates of the expert reports until after the deposition so as not to prejudice Fairchild. They were able to do so without affecting any of the other dates in the schedule by reducing the period of expert discovery. Unfortunately, and through no fault of Fairchild, Mr. Balakrishnan's deposition is now scheduled for a date nearly two months after the close of discovery, and it is no longer possible to alter the dates of the expert reports without extending the rest of the schedule. Thus, Fairchild respectfully proposes the following revised schedule, which follows as closely as possible the original schedule set by the Court:

| Event | Proposed Date | Comment |
|---|---|---|
| Close of fact discovery | Sept. 30, 2005 | This is the date set in the Court's Scheduling Order. |
| Last day to complete depositions | Dec. 2, 2005 | |
| Initial expert report | Dec. 12, 2005 | In its Scheduling Order, the Court gave the parties 10 days after the close of fact discovery to submit their initial expert reports. Fairchild proposes the same schedule. |
| Rebuttal expert report | Jan. 9, 2006 | Originally, rebuttal reports were due three weeks after initial reports. To accommodate the Hanukah, Christmas and New Year's holidays, Fairchild proposes that rebuttal reports be due four weeks after the initial report. |
| Complete expert discovery | Feb. 17, 2006 | In its Scheduling Order, the Court gave the parties 39 days after exchange of rebuttal expert reports to complete expert discovery. Fairchild proposes the same schedule. |
| Opening claim construction brief | Feb. 22, 2006 | In its Scheduling Order, the Court gave the parties 5 days after the completion of expert discovery to exchange opening claim construction briefs. Fairchild proposes the same schedule. |
| Responsive claim construction brief | Mar. 22, 2006 | In its Scheduling Order, the Court gave the parties four weeks to prepare responsive claim construction briefs. Fairchild proposes the same schedule. |
| Claim construction hearing | Apr. 5, 2006 | The Court requested that claim construction briefing be completed 10 business days before the claim construction hearing. Fairchild proposes the same schedule. |
| Last day to file dispositive motions | May 25, 2006 | In its Scheduling Order, the Court required dispositive motions 50 days after the claim construction hearing. Fairchild proposes the same schedule. |
| Pre-trial conference | July 28, 2006 | In its Scheduling Order, the Court set the pre-trial conference 64 days after the filing of dispositive motions. Fairchild proposes the same schedule. |

## IV.  CONCLUSION.

Fairchild has been accommodating of Mr. Balakrishnan's repeated illnesses.  It is fundamentally unfair, however, for Power Integrations to use this cooperation to prejudice Fairchild by denying it discovery relevant to its expert reports.  The Court should extend the case schedule so that Fairchild may submit its expert report after it has concluded Mr. Balakrishnan's deposition and discovery is closed, as contemplated by the Court's original schedule.

ASHBY & GEDDES

/s/ Steven J. Balick

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
Lauren E. Maguire (I.D. 4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*
*FAIRCHILD SEMICONDUCTOR*
*INTERNATIONAL, INC. and FAIRCHILD*
*SEMICONDUCTOR CORP.*

*Of Counsel:*

ORRICK, HERRINGTON & SUTCLIFFE LLP
G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated:  October 26, 2005
162820.1

- 7 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,              )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )        C.A. No. 04-1371-JJF
                                       )
FAIRCHILD SEMICONDUCTOR                )
INTERNATIONAL, INC., and FAIRCHILD     )
SEMICONDUCTOR CORPORATION,             )
                                       )
                    Defendants.        )

## ORDER ON DEFENDANTS' MOTION TO AMEND THE SCHEDULE

This _____ day of _____, 2005, defendants ("Fairchild") having

moved to amend the case schedule in the above action, and the Court, after considering the

issues, having concluded that good grounds exist for the requested relief, now therefore,

IT IS HEREBY ORDERED that Fairchild's motion is granted, and that the schedule in

this action is amended as follows:

| Event | Date |
|---|---|
| Close of fact discovery | Sept. 30, 2005 |
| Last day to complete depositions | Dec. 2, 2005 |
| Initial expert report | Dec. 12, 2005 |
| Rebuttal expert report | Jan. 9, 2006 |
| Complete expert discovery | Feb. 17, 2006 |
| Opening claim construction brief | Feb. 22, 2006 |
| Responsive claim construction brief | Mar. 22, 2006 |
| Claim construction hearing | Apr. 5, 2006 |
| Last day to file dispositive motions | May 25, 2006 |
| Pre-trial conference | July 28, 2006 |

_____
United States District Judge

162839 v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2005, the attached **DEFENDANTS'**

**EXPEDITED MOTION TO AMEND THE SCHEDULE** was served upon the below-named

counsel of record at the address and in the manner indicated:

William J. Marsden, Jr., Esquire                    HAND DELIVERY
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899

Frank E. Scherkenbach, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Michael Kane, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN  55402

Howard G. Pollack, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

Andre G. Bouchard, Esquire                    HAND DELIVERY
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801


                    /s/ Steven J. Balick
                    _____
                    Steven J. Balick