IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>      Defendants. | C.A. No. 04-1371-JJF |

**PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS'
EXPEDITED MOTION TO AMEND THE SCHEDULE AND MOTION TO
SHORTEN TIME**

                                     FISH & RICHARDSON P.C.
                                     William J. Marsden, Jr. (#2247)
                                     Sean P. Hayes (#4413)
                                     919 N. Market Street, Suite 1100
                                     P.O. Box 1114
                                     Wilmington, DE 19899-1114
                                     Telephone: (302) 652-5070
                                     Facsimile: (302) 652-0607

                                     Frank E. Scherkenbach
                                     225 Franklin Street
                                     Boston, MA 02110-2804
                                     Telephone: (617) 542-5070
                                     Facsimile: (617) 542-8906

                                     Howard G. Pollack
                                     500 Arguello Street, Suite 500
                                     Redwood City, CA 94063
                                     Telephone: (650) 839-5070
                                     Facsimile: (650) 839-5071

DATED: October 28, 2005

Fairchild's Expedited Motion to Amend the Schedule (D.I. 120) and the accompanying Motion to Shorten Time (D.I. 122) should both be denied. They omit critical facts, like the parties' stipulation to a new schedule (which moved back technical and damages expert discovery, moved *up* the schedule for claim construction briefing, but left in place the dates for the *Markman* hearing and pre-trial conference); fail to explain Fairchild's delay in seeking relief; and—perhaps most glaring—cite no case, statute, or law to support to the relief of delaying the entire case based solely on the unavoidable delay in the deposition of a single fact witness. In light of these shortcomings, and Fairchild's failure to file certifications that it met the client approval or the meet and confer requirements of Delaware Local Rules 7.1.1 and 16.5, the Court should deny Fairchild's motions.

## ARGUMENT

**A.     Fairchild Has No Justification for its Delay in Bringing its Motion and, Therefore, its Request for Expedited Relief Should Be Denied.**

Fairchild admits it has known of the need to reschedule Mr. Balakrishnan's deposition into November since at least October 12. (Declaration of Bas de Blank in Support of Defendants' Expedited Motion to Amend the Schedule (D.I. 121) ("de Blank Decl.") ¶ 7; *see also* Declaration of Michael R. Headley in Support of Power Integrations' Consolidated Opposition ("Headley Decl.") Ex. A.) At that time, Fairchild did not suggest a change in the schedule. (Headley Decl. Ex. A.) Had it done so, the issue could have been discussed and brought to the Court's attention in a timely manner. Instead, Fairchild waited until just before opening expert technical reports were due—a date that had already been extended once at its request—before pressing for yet another extension, purportedly on the basis of Mr. Balakrishnan's testimony. Because the alleged urgency is of Fairchild's own making, the order shortening time should be denied.

The entire sequence of events confirms that Fairchild's expedited motion is unjustified. The parties originally scheduled the deposition of Power Integrations CEO

and President Balu Balakrishnan for September 28-29.[1] On the morning of Sept. 26, though, Power Integrations learned that Mr. Balakrishnan was very ill. (Headley Decl. ¶ 2.) Power Integrations' counsel therefore called Fairchild's counsel before noon that day and spoke with them on the phone regarding Mr. Balakrishnan's condition and the need to reschedule the deposition. (*Id.*) In light of Mr. Balakrishnan's illness, Fairchild agreed to reschedule the deposition.

On September 27, Fairchild requested that Power Integrations stipulate to a three-week extension of the deadlines for technical expert reports. (de Blank Decl. Ex. C.) Fairchild's request came as Power Integrations was working diligently to (1) wrap up as much discovery as possible by the Court's original cutoff date (despite the parties' agreement they would not hold each other to that cutoff date), (2) respond to a wide range of discovery issues, (3) review a huge volume of documents Fairchild produced well beyond the cutoff for such production, and (4) prepare for numerous depositions. To alleviate some of this pressure, and the additional pressure of the impending deadline for opening technical expert reports, Power Integrations agreed to the stipulation. (*Id.*) In addition to changing the deadline for technical expert discovery, the parties' stipulation moved *up* the deadlines for the briefing on claim construction (to avoid the holidays) and moved back the deadlines for expert damages discovery (to avoid both the holidays and the *Markman* hearing scheduled for January 10, 2006), *id.*, facts notably absent from Fairchild's briefs.

At no point during those discussions did Power Integrations concede that the new schedule was necessary to allow the deposition of Mr. Balakrishnan before expert technical reports, as Fairchild suggests throughout its papers. The confirmation e-mail from Power Integrations' counsel regarding the new stipulated schedule, cited for the

---

[1]  Fairchild makes much of the fact that the first dates at which the parties were able to schedule Mr. Balakrishnan's deposition were toward the end of September, Motion to Amend Schedule at 2, but Fairchild did not schedule the deposition of a single one of its own witnesses in the United States before October 3, 2005, beyond the cutoff for fact discovery under the Court's original scheduling order.

2

proposition that Power Integrations believed Mr. Balakrishnan's testimony was "importan[t] . . . to the preparation of Fairchild's expert reports," (Motion to Amend at 2; de Blank Decl. Ex. C), contains no suggestion that Power Integrations agreed with Fairchild's contention.  In fact, Power Integrations has consistently stated that precisely the opposite is true.  (*See* Headley Decl. Ex. B ("As I explained yesterday, Power Integrations sees no reason to deviate from the current schedule for technical expert discovery, dispositive motions, and the like.")); de Blank Decl. Ex. F at ¶3; Headley Decl. Ex. C.

      A few days before his rescheduled deposition, Mr. Balakrishnan was still not well.  At that point, he was examined by a doctor and learned that his illness had, in fact, developed into pneumonia.  (Headley Decl. ¶ 3.)  Fairchild attempts to downplay this fact, but the seriousness of Mr. Balakrishnan's illness cannot be ignored.  Power Integrations counsel informed Fairchild of this discovery right away (de Blank Decl. Ex. D), and the parties agreed to table the deposition for the time being.  At that time, Fairchild did not raise any issue with the agreed-upon schedule.  (Headley Decl. ¶ 3.)

      On October 12, counsel for both parties discussed a number of outstanding discovery issues, including possible dates for Mr. Balakrishnan's deposition.  (Headley Decl. ¶ 4.)  During that conversation, counsel for Fairchild demanded that its expert attend Mr. Balakrishnan's deposition, but because Fairchild's expert was to leave shortly thereafter for a lengthy trip that made him unavailable until November 10, Power Integrations proposed November 17 and 18 for the deposition.  (*Id.*)  At that time, despite the dates under consideration (dates Fairchild later accepted), Fairchild's counsel explicitly stated it was *not* asking for more time for expert reports or any part of the schedule.  (*Id.*; *see also* Headley Decl. Ex. A.)

      On October 19, counsel for the parties met and conferred in person at the offices of Fairchild's counsel, and the parties agreed that the deposition of Mr. Balakrishnan would go forward on November 17-18.  (*See* de Blank Decl. Ex. F.)  At that in-person

3

meeting, Fairchild again made no mention of moving the case schedule. (*See id.*) Indeed, Fairchild's counsel gave his agreement to file the stipulated schedule confirming the date of October 31 for opening technical expert reports. (Headley Decl. ¶ 6.) Hours later, though, Fairchild sent a letter proposing a completely new schedule that pushed back the pre-trial conference by 3 months. (de Blank Decl. Ex. E.) The schedule proposed in Fairchild's motion does not precisely track that proposal (or any previously discussed proposal) (*compare* Motion to Amend at 6 with de Blank Decl. Ex. E), but instead is a new proposal never suggested or discussed with Power Integrations. (Headley Decl. ¶ 10.)

This course of conduct suggests that Fairchild's motion is a delay tactic rather than an effort to address the specific issue of Mr. Balakrishnan's deposition. Further, Fairchild's own delays in suggesting a further modification to the schedule do not entitle it to demand the Court act in an expedited fashion to give Fairchild relief from a schedule it agreed to less than a month ago. Fairchild's failure to comply with the local rules regarding client consent and meeting and conferring before filing, together with its gamesmanship with respect to the timing of the instant motion, are sufficient basis for denying the motion to expedite outright.

**B.    The Law Does Not Support Fairchild's Effort to Further Delay this Case.**

Even if the Court were to agree to hear Fairchild's motion in an expedited fashion, which it should not, Fairchild has no justification for asking the Court to change the schedule at this stage of the case. The law in this area is clear. Although the Court has the inherent power to manage its docket, the Federal Rules of Civil Procedure mandate the just, speedy, and inexpensive resolution of cases. Fed. R. Civ. P. 1. Similarly, the Civil Justice Reform Act ("CJRA"), 28 U.S.C. § 471 *et seq.*, requires courts to work to resolve disputes with the same goals in mind. *See Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992)

4

("The mandate of the CJRA is clear. Federal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner.").

The current implementation of the CJRA sets a target of resolving cases within eighteen months of filing, 28 U.S.C. § 473(a)(2)(B), and Delaware courts are mindful of the need to bring cases to resolution in accordance with these guidelines. *See, e.g.*, *Johns Hopkins University v. Cellpro*, 160 F.R.D. 30 (D. Del. 1995) (McKelvie, J.) (denying request to stay discovery and bifurcate issues). Indeed, this Court has specifically addressed the burden patent infringement matters place on Delaware courts, noting that "patent cases represent a statistically significant portion of the caseload *and a significant challenge with regard to delay and expense reduction methods*." *Schwarzkopf Technologies Corp.*, 142 F.R.D. at 423 (emphasis added). Although this case has some degree of complexity, it is nevertheless on target for trial nineteen months from the filing date. There is no good reason to delay the proceedings as Fairchild suggests, and Fairchild has provided no legal authority, from this Court or any other, to justify doing so under the facts present here.

    **C.    Fairchild's Alleged Basis for Pushing Back the Case Schedule by Three Months is Inadequate.**

Fairchild argues that its request to upset the schedule is justified due to the delay in the deposition of a single fact witness. *See* Motion to Amend Schedule at 1 ("This motion is made necessary by Power Integrations' repeated inability to produce *a key witness* for deposition on the date scheduled." (emphasis added)). The alleged link between Mr. Balakrishnan's deposition and the filing of Fairchild's opening expert report on validity is tenuous at best; the alleged link between that deposition and the balance of the case schedule is non-existent.

Power Integrations repeatedly asked Fairchild to provide a basis for the claim that Mr. Balakrishnan's deposition was necessary for expert reports, but, until just before it

5

filed the motion at hand, Fairchild provided no specifics, relying instead on vague claims that the testimony might relate to invalidity, claim construction, or infringement. (Headley Decl. ¶ 8.)  Even now, Fairchild's list of proposed justifications is meritless. Fairchild's brief is filled with speculation that Mr. Balakrishnan might provide testimony helpful to Fairchild (Motion to Amend at 4 ("Fairchild expects Mr. Balakrishnan to testify about at least three specific Power integrations devices . . . that were on sale more than a year before the filing date"); *id.* ("Mr. Balakrishnan is expected to testify concerning the inventors' failure to disclose their best mode and lack of enablement of the Power Integrations patents.")), but Fairchild does not ground these expectations in any theory articulated in its contention discovery to date, any documents produced to date, or the testimony of any other deponent.   There is simply no factual basis for any of these theories; if there were, Fairchild should have identified it previously, in response to Power Integrations' discovery requests.

The speculation that Mr. Balakrishnan's testimony might bear on claim construction is equally unavailing, as the Federal Circuit "has often repeated that inventor testimony is of little probative value for purposes of claim construction." *E-Pass Technologies, Inc. v. 3Com Corp.*, 343 F.3d 1364, 1370 n.5 (Fed. Cir. 2003); *see also Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379 (Fed. Cir. 2000) (noting that in the context of claim construction, inventor testimony "is entitled to little, if any, probative value").[2]

The only way in which Mr. Balakrishnan's testimony might conceivably bear on opening technical reports is any testimony he might provide regarding the functionality of the Power Integrations SMP products—products that were developed over 10 years ago and have long been obsolete—on which Fairchild bases one of its numerous invalidity theories.  But Power Integrations has already provided all of the documents it has on

---

[2]  Nor does Fairchild mention that it has already deposed two of the three named inventors, or make any attempt to explain how Mr. Balakrishnan's testimony is likely to be anything other than duplicative on this and other issues.

6

those products, and other Power Integrations employees that designed the SMP products have testified extensively about them to the extent they remember their functionality.[3] Fairchild speculates that Mr. Balakrishnan might provide further information regarding the SMP products, but it is unlikely that Fairchild will learn something so different from the current information Fairchild has regarding the SMP products as to require Fairchild to modify its experts' analysis. Even so, Power Integrations has offered to work with Fairchild on supplementation if in fact it proves necessary in light of Mr. Balakrishnan's deposition. (Headley Decl. ¶ 9.) Fairchild declined (*id.*), yet fails to mention this fact in its motion.

The rest of the alleged testimony is either damages related (as to which reports are delayed well into the future by agreement) or plainly not applicable to expert testimony. More fundamentally, though, Fairchild has made no showing (nor can it) that moving the schedule for technical expert reports would require or justify the Court changing any other date in the current schedule. Why should the claim construction, expert damages discovery, or pre-trial conference dates be moved? Fairchild does not say. Its obvious motivation is to delay resolution of this case. The Court should decline Fairchild's invitation to throw the parties off course.

---

[3] To simplify this expedited motion, Power Integrations has not attached the extensive documentation and testimony regarding its SMP devices, but Power Integrations notes that employee Leif Lund gave extensive testimony regarding the functionality of the SMP products. *See, e.g.,* Lund Tr. at 19:5-20:22, 22:25-23:12, 29:23-46:21, 63:24-65:16, 66:17-67:3, 75:17-76:6, 79:17-82:22, 88:10-89:1, 102:23-108:17, 110:10- 115:22, 121:25-123:10, 124:22-130:13. Derek Bell similarly testified regarding the device structure for the SMP parts during his deposition. *See* Bell Tr. at 13:9-14:10, 41:16-43:8.

Moreover, as Power Integrations has informed Fairchild on numerous occasions, all of Power Integrations' documents regarding the SMP products have been produced, and they are located on production CD27 at PIF79333 through PIF82350. The specific documents Mr. Lund described begin at production number PIF80624. Fairchild's assertion that Power Integrations "claims to have 'destroyed' most of the schematics and other documents" regarding the SMP products before the litigation, Motion to Amend Schedule at 4, is baseless. Power Integrations does not have the same volume of documentation for the old SMP parts that it has for its newer, more successful parts because the SMP parts are old and obsolete. As Mr. Lund noted during his deposition, the SMP line of products was "a dead duck to start with. It never took off, and it was forgotten about." Lund Tr. at 67:1-3.

7

**CONCLUSION**

For the foregoing reasons, the Court should deny Fairchild's motion and adopt the schedule the parties have already stipulated to with respect to technical expert discovery, claim construction, and damages expert discovery (a copy of which is attached as a proposed order).

Dated:  October 28, 2005    FISH & RICHARDSON P.C.


By:   */s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50309146.doc

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2005, I electronically filed PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' EXPEDITED MOTION TO AMEND THE SCHEDULE AND MOTION TO SHORTEN TIME with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

**BY HAND**
Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O.  Box 1150
Wilmington, DE 19899

I hereby certify that on October 28, 2005, I have sent via U.S. Mail, the PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' EXPEDITED MOTION TO AMEND THE SCHEDULE AND MOTION TO SHORTEN TIME to the following non-registered participants:

Bas de Blank
Duo Chen
Orrick, Herrington, Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

    /s/ William J. Marsden, Jr.
    William J. Marsden, Jr.

50309146.doc