# EXHIBIT A

## Michael Headley

**From:** Michael Headley
**Sent:** Wednesday, October 12, 2005 4:15 PM
**To:** Bas de Blank (basdeblank@orrick.com)
**Subject:** Re: PI-Fairchild: confirmation re depositions and discovery

Bas,

This e-mail is to confirm our discussions this evening (my time)/afternoon (your time) regarding outstanding discovery issues, including several depositions.

Depositions:
**Ed Ross**: We confirmed Mr. Ross's deposition for this coming Wednesday morning.
**Balu Balakrishnan**: In light of Mr. Balakrishnan's pneumonia, we are working on rescheduling his deposition. Because you want your expert to attend Mr. Balakrishnan's deposition, and because your expert will be out through November 9, we are looking at dates into mid-November for Mr. Balakrishnan's deposition. Again I proposed Nov. 17-18, and I await your response.
**Jon Ewald**: I am waiting to hear which topics (if any) Mr. Ewald will be addressing at a 30(b)(6) witness, and I hope to have an answer for your shortly regarding your offer to present Mr. Ewald for deposition in Silicon Valley on October 28.
**Jan Brunnberg**: You cannot proceed with Mr. Brunnberg's deposition on October 21 as offered, and I am looking into dates the following two weeks per your request.
**Jinho Choi**: You had no further word on the ETA or volume of documents to be produced from Mr. Choi, and you noted the possibility of pushing back Mr. Choi's deposition if the delay persists and/or the volume is unreasonable in proportion to the time before the deposition. I too hope it will not come to that, but I look forward to further word from you on this issue.
**Tom Beaver/Bob Conrad**: Because the week of Oct. 31 does not work for us, you are checking on dates in the November 9-11 range and/or the week of November 14th (although prior word was that the week of the 14th did not work for these witnesses).

Documents
**Stipulation re schedule**: You gave me information to help me track down the draft stipulation we'd been discussing, and your proposal to as the Court to push the pre-trial conference back one week to the 11th sounds reasonable (the key for us is moving it from the current date--earlier the original week or the following week are fine). You raised the possibility that Fairchild will ask to push back the schedule even further than we'd already agreed to do, but at this point Fairchild is not asking for any further extension. I am looking into the whereabouts of the draft stipulation on our end, but (as before) we see no reason to delay the schedule for expert reports any further.
**500 series (500/510/520) schematics**: We again discussed the fact that Fairchild has "killed" this line of parts, but I noted that we need the information anyway in light of the past sales of the parts. We also discussed the possible solution of treating this in a "representative part" manner, for example agreeing that the 500 series infringes to the extent the 200 series devices are determined to infringe, and you will be discussing possible solutions along those lines with you team.
**7602 schematics**: You agreed to look into the issue of producing these schematics, as I noted that your earlier statement that this device is "under development" is at odds with the testimony from Korea that the 7602 will be shipping by the end of the year. We also noted the possibility of treating these in a "representative" manner as noted above, but I will wait for further word from you before proposing anything specific along those lines.
**Sales commission docs/database**: We discussed the sales commission-related documents referenced during the Engelbrechten deposition but not yet found in our review of the Fairchild production. You noted that you had not yet reviewed the transcript but promised to look into the issue. I look forward to your response.

Let me know as soon as possible if this does not accurately capture our discussions, and I will e-mail you as I have further word on the various outstanding issues.

Sincerely,

10/27/2005

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)

This e-mail may contain confidential and privileged information. If you received it in error, please contact the sender and delete all copies

10/27/2005

# EXHIBIT B

## Michael Headley

**From:** Michael Headley
**Sent:** Wednesday, September 21, 2005 6:14 PM
**To:** 'de Blank, Bas'
**Subject:** Re: PI-Fairchild: response to your proposal regarding case schedule

Bas,

Per our discussion yesterday, Power Integrations does not wish to delay this case along the lines proposed in your letter of yesterday. I anticipated your proposal would track our previous agreement to push back expert damages discovery in light of the difficulty in scheduling any Fairchild's damages-related witnesses in the US, but instead you proposed a wholesale revision of the case schedule that adds months to the current schedule. As I explained yesterday, Power Integrations sees no reason to deviate from the current schedule for technical expert discovery, dispositive motions, and the like. Power Integrations therefore proposes the following schedule to solidify the details of our agreement to push back slightly the schedule for expert damages discovery:

| | |
|---|---|
| Oct. 10 | DUE: opening expert technical reports (2/3/05 order) |
| Oct. 31 | DUE: rebuttal technical expert reports (2/3/05 order) |
| Nov. 22 | CLOSE OF EXPERT technical DISCOVERY (was 12/9 in order of 2/3/05) |
| Dec. 7 | DUE: opening Markman brief (was 12/14 in order of 2/3/05) |
| Dec. 14 | DUE: opening damages reports |
| Dec. 23 (FRI) | DUE: responsive Markman brief (was 1/11 in order of 2/3/05) |
| Jan. 10 | ATTEND: Markman hearing (2/7/05 order) |
| Jan. 13 | DUE: rebuttal damages reports |
| Feb. 10 | CLOSE OF EXPERT damages discovery |
| Mar. 1 | DUE: Opening dispositive motions (2/3/05 order) |
| Mar. 15 | DUE: Answers to dispositive motions (2/3/05 order) |
| Mar. 22 | DUE: Replies ISO dispositive motions (2/3/05 order) |
| May 4 | ATTEND: pre-trial conference (2/7/05 order) |

This proposal avoids the complications of having to brief anything significant or conduct depositions during the upcoming holidays, and it should permit the parties to stay on track with the Court's current plan to bring this case to trial.

I look forward to your response.

Sincerely,

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)

This e-mail may contain confidential and privileged information. If you received it in error, please contact the sender and delete all copies.

# EXHIBIT C

## Michael Headley

| | |
|---|---|
| From: | Michael Headley |
| Sent: | Tuesday, October 25, 2005 1:15 PM |
| To: | de Blank, Bas |
| Subject: | Re: PI-Fairchild: case and deposition schedule |

Bas,

I received your letter of yesterday afternoon regarding the case and deposition schedule. You letter contains numerous inaccuracies regarding our discussions, but it is not essential to catalogue them all for present purposes. I address a few of the more glaring inaccuracies and issues below, though, to clarify the record.

First, Power Integrations did not agree that Fairchild is entitled to depose Mr. Balakrishnan before the completion of technical expert reports. The parties stipulated to a new schedule, but that new schedule was not an agreement about the order of operations.

Second, you provide no link between the supplemental interrogatory responses you claim require a new schedule for expert reports. The supplemental interrogatory responses relate primarily to damages issues, though, so please let us know if there is any real link between the interrogatories and technical expert reports.

Third, as noted in my letter to you of this Friday, there is no link between Mr. Balakrishnan's testimony and claim construction or technical expert reports. Your continued assertion of some link does not clarify the basis for the purported link.

Fourth, your characterization of Mr. Balakrishnan's illness, and our discussions regarding the same, is in poor taste. Mr. Balakrishnan was very ill, and he later learned that his illness was pneumonia. I am sorry you cannot sympathize with his situation, but there is no rule that would require a witness to testify under those circumstances.

Fifth, your demand for more than two days of testimony from Mr. Balakrishnan is premature. Two days is more time than provided under the Federal Rules, and additional time--and the threat to move to compel it before asking a single question--is simply not warranted.

In sum, per my voicemail, we disagree that there is any reason to move the case schedule, particularly after Fairchild waited so long before proposing a modification to the stipulated schedule the parties have been working under for some time now.

As noted in my voicemail, I will be out of the office this afternoon, but I will address any response from you when I return.

Sincerely,

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)

This e-mail may contain confidential and privileged information. If you received it in error, please contact the sender and delete all copies.