IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,          )
                                   )
            Plaintiff,             )
                                   )
      v.                           )
                                   )      Civil Action No. 04-1371-JJF
                                   )
FAIRCHILD SEMICONDUCTOR            )
INTERNATIONAL, INC., and FAIRCHILD )
SEMICONDUCTOR CORPORATION          )
                                   )
            Defendants.            )
                                   )

## LG ELECTRONICS U.S.A. INC.'S COMBINED (i) OBJECTIONS TO SUBPOENA DUCES TUCEM AND (ii) MOTION TO QUASH SUBPOENA AD TESTIFICANDUM AND FOR A PROTECTIVE ORDER

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*

Andrew C. Sonu
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400
andrew.sonu@finnegan.com
lionel.lavenue@finnegan.com

*Attorneys for LG Electronics U.S.A., Inc.*

Dated: November 11, 2005

## TABLE OF CONTENTS

I.    Introduction.................................................................................................1

      A.    Statement of the Nature and Stage of the Proceeding.............................1

      B.    Summary of Argument ........................................................................1

II.   Factual Background .....................................................................................2

III.  Objections to the Subpoena Duces Tucem and Subpoena Ad Testicandum..................5

      A.    Objections to Definitions in Subpoena .................................................5

      B.    General Objections to the Subpoena....................................................7

      C.    Specific Objections to the Subpoena .................................................10

            1.    Specific Objections to Documents Requested in the Subpoena ...............10

            2.    Specific Objections to Topics for Examination in the Subpoena .............15

IV.   Motion to Quash Subpoena Ad Testicandum and Motion for a Protective Order .........19

      A.    A Subpoena Ad Testicandum for a Deposition Should Be Quashed,
            Where A Party Has No Relevant Documents or Information................................20

      B.    A Deposition of LGE-USA Would Be Unnecessary and Wasteful,
            Because LGE-USA Has No Relevant Documents or Information .......................21

      C.    Deposition of a Subsidiary, such as LGE-USA, Does Not Impose
            Discovery Obligations on a Foreign Parent, such as LGE-Korea ........................22

            1.    LGE-USA and LGE-Korea Maintain Separate Corporate Identities;
                  thus, A Subpoena on LGE-USA Imposes No Obligations on
                  Separate Legal Entities, such as LGE-Korea...............................................22

            2.    LGE-USA Does Not Have Control Over LGE-Korea; thus, A
                  Subpoena on LGE-USA Imposes No Obligations on LGE-Korea...........23

            3.    LGE-USA Does Not Have Possession, Custody, or Control of the
                  Documents or Information of LGE-Korea; thus, A Subpoena on
                  LGE-USA Imposes No Obligations on LGE-Korea.................................25

      D.    Subpoena Ad Testicandum of LGE-USA Is Procedurally Improper .................26

V.    Conclusion .................................................................................................26

# TABLE OF AUTHORITIES
## Cases

*Afros S.P.A. v. Krauss-Maffei Corp.*,
  113 F.R.D. 127 (D. Del. 1986) ................................................................. 4, 22, 23

*Amherst Leasing Corp. v. Emhart Corp.*
  65 F.R.D. 121 (D. Conn. 1974) ............................................................... 20

*Goh v. Baldor Electric Co.*,
  No. 3:98-MC-064-T,1999 WL 20943 (N.D. Tex. Jan. 13, 1999)........................... 24

*Hunter Douglas Inc. v. Comfortex Corp.*,
  No. M8-85, 1999 U.S. Dist. Lexis 101 (S.D.N.Y. Jan. 11. 1999) ........................ 25

*International Trade Commission v. Asat Inc.*,
  411 F.3d 245 (D.C. Cir. 2005)................................................................. 25

*Klesch & Co. Ltd. v. Liberty Media Corp.*,
  217 F.R.D. 517 (D. Col. 2003) ................................................................ 24

*Novartis Pharamacuticals Corp. v. Eon Labs Manufacturing, Inc.*,
  206 F.R.D. 392 (D. Del. 2002) ................................................................ 4, 24

*PCI Parfums et Cosmetiques International v. Perfumania*,
  93 Civ. 9009, 1998 WL 646635 (S.D.N.Y. Sept. 21, 1998)................................ 23

*Pennwalt Corp. v. Plough, Inc.*,
  85 F.R.D 257 (D. Del. 1979) ................................................................. 22, 23

*Securities and Exchange Commission v. Credit Bancorp, Ltd.*,
  194 F.R.D. 469 (S.D.N.Y. 2000) ............................................................. 25

*U.S. v. Int'l Union Petroleum and Indus. Workers, AFL-CIO*,
  870 F.2d 1450 (9th Cir. 1989) ............................................................... 20

*United States v. Dentsply International, Inc.*
  187 F.R.D. 152 (D. Del. 1999) ............................................................... 21

## STATUTES AND FEDERAL RULES

Fed. R. Civ. P. 26(b)(2)........................................................................... 20

Fed. R. Civ. P. 26(c) ............................................................................. 20, 21

Fed. R. Civ. P. 45(c)(3)(A)(ii) .................................................................. 26

Fed. R. Civ. P. 45(c)(3)(A)(iv) .................................................................. 20

## I.     Introduction

### A.     Statement of the Nature and Stage of the Proceeding

Power Integrations, Inc. ("Power Integrations") has subpoenaed documents and testimony from LG Electronics U.S.A. Inc. ("LGE-USA"), a non-party to this action. Specifically, Power Integrations seeks documents and testimony regarding the products sold by LGE-USA in the United States that contain power controllers manufactured by Fairchild Semiconductor International or Fairchild Semiconductor Corporation (collectively "Fairchild"). LGE-USA mostly markets and sells products in the United States and does not have documents or information regarding the Fairchild controllers.  Power Integrations demands that LGE-USA provide documents and information from its foreign parent, LG Electronics Inc. of Korea ("LGE-Korea"), but LGE-USA disagrees that a subpoena on a subsidiary unreservedly imposes obligations on the foreign parent.

### B.     Summary of Argument

1.     A subpoena on a subsidiary in the United States (such as LGE-USA) does not typically require that that the subsidiary obtain documents and information from its foreign parent (such as LGE-Korea), absent a specific showing by the party propounding the subpoena that the respective business operations of the subsidiary and the foreign parent are "so intertwined as to render meaningless their corporate identities."

2.     There is absolutely no evidence that the business operations of LGE-USA and LGE-Korea are "so intertwined as to render meaningless their corporate identities."

3.     This motion should be granted, because (1) LGE-USA and LGE-Korea are separate and independent legal entities; (2) LGE-USA does not have control over LGE-Korea, as that LGE-USA is a subsidiary (not parent); and (3) LGE-USA does not have possession, custody, or control of the documents or information available to LGE-Korea.

1

## II.    Factual Background

LG Electronics U.S.A. Inc. ("LGE-USA") is not a party to this proceeding.  Instead, in this case, Power Integrations ("Power Integrations") accuses Fairchild Semiconductor International and Fairchild Semiconductor Corporation (collectively "Fairchild") of patent infringement.  (First Am. Compl., D.I. 35, at 2-6.)  Fairchild is engaged in manufacturing integrated circuits used in a variety of consumer electronics products, and Power Integrations alleges that certain of these integrated circuits infringe certain United States patents.

In the last several months, Power Integrations has served a series of subpoenas on numerous non-party manufacturers, importers, and retailers of consumer electronic products.  In addition to LGE-USA, Power Integrations has subpoenaed Leader's Instrument Corporation, HiPro Electronics Corporation, General Electric Company, TDK Electronics Corporation, and Motorola Corporation. (Lavenue Decl. ¶ 19.)[1]  On information and belief, these subpoenas seek information relating to integrated circuits allegedly manufactured by Fairchild that Power Integrations believes are incorporated into products sold by the subpoenaed non-parties in the United States.

On September 13, 2005, Power Integrations served a subpoena on LG Electronics U.S.A. Inc., or LGE-USA.[2]  Specifically, Power Integrations served a Subpoena Duces Tucem and

---

[1] Two declarations are being filed herewith:  (1) "Declaration of Lionel M. Lavenue" and (2) "Declaration of Richard C. Wingate, General Counsel of LG Electronics U.S.A., Inc."

[2] Importantly, LGE-USA is not a party in this case.  LGE-USA, a subsidiary of LG Electronics Inc. ("LGE-Korea"), is a Delaware corporation with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey.  (Wingate Decl. ¶ 6.)  LGE-USA primarily engages in the distribution and marketing of consumer electronic products, such as audio and video devices, home appliances, and computer products, within the United States.  LGE-USA does not design, manufacture, or assemble the majority of the products it markets in the United States for LGE-Korea.  (*Id.* ¶ 4.)

Subpoena Ad Testificandum (collectively "the subpoena") (Ex. A),[3] seeking documents and

information regarding 43 particular integrated circuits allegedly manufactured by Fairchild, as

well as a deposition from LGE-USA on these same issues. Power Integrations apparently

believes that certain products marketed by LGE-USA may contain one or more of these 43

Fairchild integrated circuits.

After receiving the subpoena, LGE-USA reviewed its records for responsive, non-

privileged documents and things relating to Power Integration's requests, and found no such

information. Counsel for LGE-USA promptly contacted Power Integrations and appraised

Power Integrations that (1) LGE-USA did not have any responsive, non-privileged documents

relating to Power Integrations' request and, (2) because LGE-USA had no responsive documents

and was not aware of any responsive documents or information, the requested deposition was

unnecessary. (Lavenue Decl. ¶ 3.)

Despite notification regarding the absence of relevant documents and information in the

possession of LGE-USA, Power Integrations has repeatedly refused to withdraw the subpoena.

LGE-USA has obtained several stipulated extensions of time to attempt to resolve the dispute

(Exs. B, D, and G), but all of the attempts have been unsuccessful.

Specifically, on September 22, 2005, counsel for LGE-USA for the first time informed

counsel for Power Integrations that LGE-USA had no documents or information responsive to

the subpoena, and requested that Power Integrations withdraw the subpoena. (*Id*. ¶ 3.) Power

Integrations refused this request. (*Id.* ¶ 6.)

---

[3] The exhibits (e.g., "Ex.") cited herein are attached to the "Declaration of Lionel M. Lavenue," which is
being filed herewith.

Subsequently, in a September 27, 2005 letter, Power Integrations argued that LGE-USA had an obligation to search for and produce responsive documents, even if those documents were under the control of LGE-USA's foreign parent, LGE-Korea.[4] (*Id.*; Ex. C.) As support for the legal contention that a subpoena issued by a United States court and served upon a domestic subsidiary imposes discovery search obligations on a foreign parent, Power Integrations cited *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 132 (D. Del. 1986). (Lavenue Decl. ¶¶ 6-7; Ex. C.)

On October 5, 2005, LGE-USA responded to Power Integrations' September 27, 2005 letter. LGE-USA distinguished *Afros*, explaining that (1) LGE-USA and LGE-Korea are separate and independent legal entities; (2) LGE-USA does not have control over LGE-Korea, particularly since it is only a subsidiary; and (3) LGE-USA does not have possession, custody, or control of the documents or information available to LGE-Korea. (Lavenue Decl. ¶¶ 10-11; Ex. E; Wingate Decl. ¶¶ 8-10.) Citing *Novartis Pharamacuticals Corp. v. Eon Labs Manufacturing, Inc.*, 206 F.R.D. 392, 395 (D. Del. 2002), LGE-USA pointed out that courts rarely require subsidiaries to produce documents held by parent corporations unless "the respective business operations of each entity 'are so intertwined as to render meaningless their separate corporate identities.'" Therefore, LGE-USA again requested that Power Integrations withdraw the subpoena. Power Integrations again refused. (Lavenue Decl. ¶ 12; Ex. F.)

---

[4] LGE-Korea is a Korean Corporation with a principal place of business at LG Twin Towers 20, Yoido-dong, Youngdungpo-gu, Seoul 150-721 Korea. (Wingate Decl. ¶ 7.) LGE-Korea engages in the business of manufacturing and selling consumer electronics products in the Republic of Korea. For sales in the United States, LGE-Korea uses subsidiaries, including LGE-USA, to market its products. Other LGE-Korea subsidiaries in the United States include LG Electronics Alabama, Inc., LG Electronics MobileComm U.S.A., Inc., and LG Electronics Mobile Research U.S.A., LLC. (*Id.*)

In a letter dated October 12, 2005, Power Integrations responded to LGE-USA's October 5, 2005 letter by offering to limit the scope of the subpoena, but Power Integrations refused to cancel the deposition. (Lavenue Decl. ¶ 12; Ex. F.) Further, in the October 12, 2005 letter, Power Integrations did not address any of the legal points raised in LGE-USA's previous October 5, 2005 communication regarding whether there are obligations that a subpoena from a United States court would impose on a domestic subsidiary to search for discovery information from a foreign parent. Finally, Power Integrations indicated that, unless it received the requested information, the parties were at an impasse requiring resolution via motion practice, concluding: "it appears as though we have reached an impasse and will need to resolve this issue by motion." (Ex. F.)

As Power Integrations refused to withdraw the subpoena (including the demand for a deposition), LGE-USA has filed this Combined (i) Objections to Subpoena Duces Tucem and (ii) Motion to Quash Subpoena Ad Testificandum and for a Protective Order.

**III.    Objections to the Subpoena Duces Tucem and Subpoena Ad Testificandum**

Pursuant to Federal Rules of Civil Procedure 26 and 45 and Local Rule 30.2, LGE-USA hereby objects to Power Integrations Subpoena Duces Tucem and Subpoena Ad Testificandum, dated September 13, 2005 (collectively "the subpoena"). LGE-USA's objections are outlined below.

**A.    Objections to Definitions in Subpoena**

1.    LGE-USA objects to the definitions of "LG," "you," and "your" as overbroad and unduly burdensome, vague and ambiguous, and seeking the production of information that is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. Power Integrations' definition of "LG" improperly includes "any parent(s),

subsidiary(ies), predecessor(s), and successor(s) of LG."  Power Integrations' definition of "LG" further improperly includes other entities, such as LG Electronics Alabama, Inc., LG Electronics MobileComm U.S.A., Inc., and LG Electronics Mobile Research U.S.A., LLC.  LGE-USA cannot respond to a subpoena for documents that are not within its custody and control.  Accordingly, the responses here apply only to LGE-USA.

2.    LGE-USA objects to the definition of "Power Integrations"  as overbroad, unduly burdensome, vague, and ambiguous to the extent that the definition of "Power Integrations" allegedly includes "corporate locations, and all predecessors, successors, subsidiaries, parents, assigns, and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations" not specifically identified in the subpoena.  For the purposes of these objections and responses, LGE-USA construes the term "Power Integrations" to mean Power Integrations, Inc. and persons that LGE-USA knows or believes to be its employees or representatives thereof.

3.    LGE-USA objects to the definition of "Fairchild"  as overbroad, unduly burdensome, vague, and ambiguous to the extent that the definition of "Fairchild" allegedly includes "corporate locations, and all predecessors, successors, subsidiaries, parents, assigns, and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys" not specifically identified in the subpoena.  For the purposes of these objections and responses, LGE-USA construes the term "Fairchild" to mean Fairchild Semiconductor Corporation, Fairchild Semiconductor International, Inc., and/or Fairchild Semiconductor Korea and persons that LGE-USA knows or believes to be employees or representatives of one or more of these entities.

4.      LGE-USA objects to the definition of "document" to the extent that this definition purports to exceed the scope of permissible discovery pursuant to the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Court for the District of Delaware, or to the extent that it seeks the production of information that is not within the possession, custody, or control of LGE-USA.

5.      LGE-USA objects to the definition of "PWM controller" to the extent that this definition is overbroad, unduly burdensome, vague, ambiguous, or seeks the production of information that is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.

6.      LGE-USA objects to the definition of "Fairchild PWM controllers" to the extent that this definition is overbroad, unduly burdensome, vague, ambiguous, or seeks the production of information that is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of these objections and responses, LGE-USA construes "Fairchild PWM controllers" to mean the 43 integrated circuits listed by part numbers in the subpoena.

## B.      General Objections to the Subpoena

1.      LGE-USA objects to the subpoena to the extent that it purports to require the production of information that is not within the possession, custody, or control of LGE-USA. For example, Power Integrations served a subpoena on LGE-USA, but the document requests improperly also pertain to other entities, such as LG Electronics Alabama, Inc., LG Electronics MobileComm U.S.A., Inc., and LG Electronics Mobile Research U.S.A., LLC.  Also, in subsequent communications, Power Integrations has improperly asked that the document requests also extend to foreign entities, such as LG Electronics, Inc. of Korea (LGE-Korea).

2.    LGE-USA objects to the subpoena to the extent that it is unduly burdensome, especially as LGE-USA is a non-party to this lawsuit.  For example, LGE-USA has no knowledge regarding the Fairchild PWM controllers, and LGE-USA has already informed Power Integrations that it has no documents or things regarding the 43 integrated circuits manufactured by Fairchild as listed in the subpoena.  Nonetheless, Power Integrations maintains this subpoena, despite these representations and an offer to certify same.  Maintaining the subpoena therefore causes undue burden on LGE-USA.

3.    LGE-USA objects to the subpoena to the extent that it is vague,  ambiguous, or indefinite.  Without limiting the foregoing objection, the phrase "[c]ommunications between LG and Fairchild or any of its sales agents, resellers or distributors," among others, is vague, ambiguous, and indefinite.  Moreover, Power Integrations fails to define several terms and phrases, such as "LG products," rendering the scope of the requests and topics indefinite.  LGE-USA construes the term "LG products" to mean products designed, manufactured, sold or imported by LGE-USA.

4.    LGE-USA objects to the subpoena to the extent that it seeks the production of information irrelevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  For example, Power Integrations seeks information regarding all "[c]ommunications between LG and Fairchild."  This request, among others, extends beyond the scope of information relevant to the litigation between Power Integrations and Fairchild.

5.    LGE-USA objects to the subpoena as overbroad, unduly burdensome, and as seeking the production of information that is not relevant to any claim or defense, and as not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents without a date limitation.  In a Memorandum Order entered on August 9, 2005, the

Court concluded that documents relating to Fairchild's sales prior to the date that Power Integrations filed suit were not relevant. Nonetheless, Power Integrations does not limit the subpoena temporally. At least for this reason, the subpoena is impermissibly broad.

6.    LGE-USA objects to the subpoena to the extent that it seeks the production of information that is cumulative, duplicative, or redundant of other discovery that has been taken in this action. With limited exceptions, Power Integrations has not identified relevant information regarding LGE-USA already obtained through discovery.

7.    LGE-USA objects to the subpoena to the extent that it seeks the production of information that is protected by the attorney-client privilege, work product doctrine, or any other applicable protection. LGE-USA will not produce a privilege log for any responsive privileged documents created after September 13, 2005, the date on which it received the subpoena. Also, LGE-USA will not produce any privilege log as there are no relevant privileged documents. For the purposes of these general and specific objections and responses, LGE-USA uses the term "privileged" to refer to documents, things, or information subject to the attorney-client privilege, work product doctrine, or any other applicable protection.

8.    LGE-USA objects to the subpoena to the extent that it requires a person with LGE-USA who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person.

9.    LGE-USA objects to the subpoena to the extent that it seeks the production of information that exceeds the scope of permissible discovery pursuant to the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Delaware, and/or applicable case law.

10.     To the extent that any specific objection is made below to the subpoena, the specific objection is provided because it is particularly applicable to the definition, topic, or document request at issue and shall not be construed as a waiver of any of the general objections.

### C.     Specific Objections to the Subpoena

#### 1.     Specific Objections to Documents Requested in the Subpoena

**Request No. 1:**

Documents sufficient to show the identity of LG products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by LG.

**Response to Request No. 1:**

LGE-USA objects to Request No. 1 to the extent that it is vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, seeks the production of information that is not relevant to any claim or defense or is not reasonably calculated to lead to the discovery of admissible evidence, or seeks the production of information that is protected by the attorney-client privilege and/or attorney work product doctrine.  The phrase "to show the identity of" is vague and ambiguous as used in this request.  LGE-USA also objects to the phrase "LG products," which Power Integrations has failed to define, and accordingly, for the purposes of this response, LGE-USA construes the phrase "LG products" to mean products designed, manufactured, sold, or imported by LGE-USA.  Further, the vast number of products designed, manufactured, sold, or imported by LGE-USA and the number of "Fairchild PWM controllers" identified by Power Integrations make this request overbroad and unduly burdensome, especially because LGE-USA is not a party to this litigation.  The scope of this request is cumulative and duplicative to the extent this request is directed to documents discoverable from parties in the

case.  Moreover, the request is not limited in time, despite the Court's Memorandum Order of

August 9, 2005.

Notwithstanding and without waiving these general and specific objections to this

request, and to the extent that LGE-USA understands this request, LGE-USA responds that

LGE-USA has no responsive, non-privileged documents.


**Request No. 2:**

Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in LG products, including but not limited to the products you identified in response to Request No. 1.

**Response to Request No. 2:**

LGE-USA objects to Request No. 2 to the extent that it is vague, ambiguous, overbroad,

unduly burdensome, cumulative, duplicative, seeks the production of information that is not

relevant to any claim or defense or is not reasonably calculated to lead to the discovery of

admissible evidence, or seeks the production of information that is protected by the attorney-

client privilege and/or attorney work product doctrine.  The phrases "the use of Fairchild PWM

controllers" and "board level schematics" are vague and ambiguous as used in this request, and

due to the reference to Request No. 1, the phrase "to show the identity of" is vague and

ambiguous.  LGE-USA also objects to the phrase "LG products," which Power Integrations has

failed to define, and accordingly, for the purposes of this response, LGE-USA construes the

phrase "LG products" to mean products designed, manufactured, sold, or imported by LGE-

USA.  Further, the vast number of products designed, manufactured, sold, or imported by LGE-

USA and the number of "Fairchild PWM controllers" identified by Power Integrations make this

request overbroad and unduly burdensome, especially because LGE-USA is not a party to this

litigation.  The scope of this request is cumulative and duplicative to the extent this request is

directed to documents discoverable from parties in the case.  Moreover, the request is not limited

in time, despite the Court's Memorandum Order of August 9, 2005.

Notwithstanding and without waiving these general and specific objections to this

request, and to the extent that LGE-USA understands this request, LGE-USA responds that

LGE-USA has no responsive, non-privileged documents.


**Request No. 3:**

Documents sufficient to show the unit volume of importation into the
United States and unit volume of sales within the United States of the LG
products identified in response to Request No. 1.

**Response to Request No. 3:**

LGE-USA objects to Request No. 3 to the extent that it is vague, ambiguous, overbroad,

unduly burdensome, cumulative, duplicative, seeks the production of information that is not

relevant to any claim or defense or is not reasonably calculated to lead to the discovery of

admissible evidence, or seeks the production of information that is protected by the attorney-

client privilege and/or attorney work product doctrine.  The phrases "unit volume of importation"

and "unit volume of sales" are vague and ambiguous as used in this request, and due to the

reference to Request No. 1, the phrase "to show the identity of" is vague and ambiguous.  LGE-

USA also objects to the phrase "LG products," which Power Integrations has failed to define,

and accordingly, for the purposes of this response, LGE-USA construes the phrase "LG

products" to mean products designed, manufactured, sold, or imported by LGE-USA.  Further,

the vast number of products designed, manufactured, sold, or imported by LGE-USA and the

number of "Fairchild PWM controllers" identified by Power Integrations make this request

overbroad and unduly burdensome, especially because LGE-USA is not a party to this litigation.

The scope of this request is cumulative and duplicative to the extent this request is directed to

documents discoverable from parties in the case.  Moreover, the request is not limited in time, despite the Court's Memorandum Order of August 9, 2005.

Notwithstanding and without waiving these general and specific objections to this request, and to the extent that LGE-USA understands this request, LGE-USA responds that LGE-USA has no responsive, non-privileged documents.

**Request No. 4:**

One representative sample of each of the LGE-USA products identified in response to Request No. 1.

**Response to Request No. 4:**

LGE-USA objects to Request No. 4 to the extent that it is overbroad, unduly burdensome, cumulative, duplicative, seeks the production of information that is not relevant to any claim or defense or is not reasonably calculated to lead to the discovery of admissible evidence, or seeks the production of information that is protected by the attorney-client privilege and/or attorney work product doctrine.  Due to the reference to Request No. 1, the phrase "to show the identity of" is vague and ambiguous, and LGE-USA also objects to the phrase "LG products," which Power Integrations has failed to define, and accordingly, for the purposes of this response, LGE-USA construes the phrase "LG products" to mean products designed, manufactured, sold, or imported by LGE-USA.  Further, the vast number of products designed, manufactured, sold, or imported by LGE-USA and the number of "Fairchild PWM controllers" identified by Power Integrations make this request overbroad and unduly burdensome, especially because LGE-USA is not a party to this litigation.  This request is further unduly burdensome, because it demands "representative sample[s]" but does not offer compensation to LGE-USA.  The scope of this request is cumulative and duplicative to the extent this request is directed to documents

discoverable from parties in the case. Moreover, the request is not limited in time, despite the Court's Memorandum Order of August 9, 2005.

Notwithstanding and without waiving these objections, and to the extent that it understands the request, LGE-USA responds that it has identified no responsive, non-privileged products to produce as samples.

**Request No. 5:**

Documents reflecting or discussing communications between LGE-USA and Fairchild or any of its sales agents, resellers, and distributors.

**Response to Request No. 5:**

LGE-USA objects to Request No. 5 to the extent that it is overbroad, unduly burdensome, cumulative, duplicative, seeks the production of information that is not relevant to any claim or defense or is not reasonably calculated to lead to the discovery of admissible evidence, or seeks the production of information that is protected by the attorney-client privilege and/or attorney work product doctrine. Further, the scope of this request directed to "communications between LG and Fairchild or any of its sales agents, resellers, and distributors" potentially encompasses a wide range of topics unrelated to Fairchild PWM controllers and irrelevant to this litigation, which makes this request overbroad and unduly burdensome, especially because LGE-USA is not a party to this litigation. The scope of this request is cumulative and duplicative to the extent this request is directed to documents discoverable from parties in the case. Moreover, the request is not limited in time, despite the Court's Memorandum Order of August 9, 2005.

Notwithstanding and without waiving these general and specific objections to this request, and to the extent that LGE-USA understands this request, LGE-USA responds that LGE-USA has no responsive, non-privileged documents.

14

## 2.    Specific Objections to Topics for Examination in the Subpoena

**Topic No. 1:**

The types and identities of LG products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by LG.

**Response to Topic No. 1:**

LGE-USA objects to Topic No. 1 to the extent that it is vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, seeks the production of information that is not relevant to any claim or defense or is not reasonably calculated to lead to the discovery of admissible evidence, or seeks the production of information that is protected by the attorney-client privilege and/or attorney work product doctrine. This topic is vague and ambiguous at least because of the phrase "LG products," which Power Integrations has failed to define, and accordingly, for the purposes of this response, LGE-USA construes the phrase "LG products" to mean products designed, manufactured, sold, or imported by LGE-USA. Further, the vast number of products designed, manufactured, sold, or imported by LGE-USA and the number of "Fairchild PWM controllers" identified by Power Integrations make this topic overbroad and unduly burdensome, especially because LGE-USA is not a party to this litigation. The scope of this topic is cumulative and duplicative to the extent this topic is directed to documents discoverable from parties in the case. Moreover, the topic is not limited in time, despite the Court's Memorandum Order of August 9, 2005.

Subject to these general and specific objections, LGE-USA responds that, because LGE-USA does not have any responsive documents or things and lacks knowledge of relevant events, LGE-USA cannot prepare and will not produce a witness to testify about this topic pursuant to Local Rule 30.2 unless and until the Court rules otherwise.

**Topic No. 2:**

       The use of Fairchild PWM controllers in LG products, including but not limited to the products identified in response to Request No. 1.

**Response to Topic No. 2:**

       LGE-USA objects to Topic No. 2 to the extent that it is vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, seeks the production of information that is not relevant to any claim or defense or is not reasonably calculated to lead to the discovery of admissible evidence, or seeks the production of information that is protected by the attorney-client privilege and/or attorney work product doctrine.  The phrase "[t]he use of Fairchild PWM controllers" is vague and ambiguous as used in this topic.  LGE-USA also objects to the phrase "LG products," which Power Integrations has failed to define, and accordingly, for the purposes of this response, LGE-USA construes the phrase "LG products" to mean products designed, manufactured, sold, or imported by LGE-USA.  Further, the vast number of products designed, manufactured, sold, or imported by LGE-USA and the number of "Fairchild PWM controllers" identified by Power Integrations make this topic overbroad and unduly burdensome, especially because LGE-USA is not a party to this litigation.  The scope of this topic is cumulative and duplicative to the extent this topic is directed to documents discoverable from parties in the case.  Moreover, the topic is not limited in time, despite the Court's Memorandum Order of August 9, 2005.

       Subject to these general and specific objections, LGE-USA responds that, because LGE-USA does not have any responsive documents or things and lacks knowledge of relevant events, LGE-USA cannot prepare and will not produce a witness to testify about this topic pursuant to Local Rule 30.2 unless and until the Court rules otherwise.

**Topic No. 3:**

The unit volume of importation into the United States and unit volume of sales within the United States of the LG products identified in response to Request No. 1.

**Response to Topic No. 3:**

LGE-USA objects to Topic No. 3 to the extent that it is vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, seeks the production of information that is not relevant to any claim or defense or is not reasonably calculated to lead to the discovery of admissible evidence, or seeks the production of information that is protected by the attorney-client privilege and/or attorney work product doctrine. The phrases "unit volume of importation" and "unit volume of sales" are vague and ambiguous as used in this topic, and due to the reference to Topic No. 1, the phrase "to show the identity of" is vague and ambiguous. LGE-USA also objects to the phrase "LG products," which Power Integrations has failed to define, and accordingly, for the purposes of this response, LGE-USA construes the phrase "LG products" to mean products designed, manufactured, sold, or imported by LGE-USA. Further, the vast number of products designed, manufactured, sold, or imported by LGE-USA and the number of "Fairchild PWM controllers" identified by Power Integrations make this topic overbroad and unduly burdensome, especially because LGE-USA is not a party to this litigation. The scope of this topic is cumulative and duplicative to the extent this topic is directed to documents discoverable from parties in the case. Moreover, the topic is not limited in time, despite the Court's Memorandum Order of August 9, 2005.

Subject to these general and specific objections, LGE-USA responds that, because LGE-USA does not have any responsive documents or things and lacks knowledge of relevant events,

LGE-USA cannot prepare and will not produce a witness to testify about this topic pursuant to Local Rule 30.2 unless and until the Court rules otherwise.

**Topic No. 4:**

The contents, origin, development, maintenance and authentication of any documents produced by LG in response to Power Integrations' subpoena duces tecum in this investigation.

**Response to Topic No. 4:**

LGE-USA objects to Topic No. 4 to the extent that it is overbroad, unduly burdensome, cumulative, duplicative, seeks the production of information that is not relevant to any claim or defense or is not reasonably calculated to lead to the discovery of admissible evidence, or seeks the production of information that is protected by the attorney-client privilege and/or attorney work product doctrine. The vast number of products designed, manufactured, sold, or imported by LGE-USA make this topic overbroad and unduly burdensome with respect to the "contents, origin, development, maintenance and authentication of … documents" requested by Power Integrations from LG pursuant to this subpoena, especially because LGE-USA is not a party to this litigation. Furthermore, the scope of this topic is cumulative and duplicative to the extent this topic is directed to documents discoverable from parties in the case. Moreover, the topic is not limited in time, despite the Court's Memorandum Order of August 9, 2005.

Subject to these general and specific objections, LGE-USA responds that, because LGE-USA does not have any responsive documents or things and lacks knowledge of relevant events, LGE-USA cannot prepare and will not produce a witness to testify about this topic pursuant to Local Rule 30.2 unless and until the Court rules otherwise.

**Topic No. 5**

Communications between LG and Fairchild or any of its sales agents, resellers or distributors.

**Response to Topic No. 5**

LGE-USA objects to Topic No. 5 to the extent that it is overbroad, unduly burdensome, cumulative, duplicative, seeks the production of information that is not relevant to any claim or defense or is not reasonably calculated to lead to the discovery of admissible evidence, or seeks the production of information that is protected by the attorney-client privilege and/or attorney work product doctrine. The scope of this topic directed to "[c]ommunications between LG and Fairchild or any of its sales agents, resellers, and distributors" potentially encompasses a wide range of topics unrelated to Fairchild PWM controllers and irrelevant to this litigation, which makes this topic overbroad and unduly burdensome, especially because LGE-USA is not a party to this litigation. The scope of this topic is cumulative and duplicative to the extent this topic is directed to documents discoverable from parties in the case. Moreover, the topic is not limited in time, despite the Court's Memorandum Order of August 9, 2005.

Subject to these general and specific objections, LGE-USA responds that, because LGE-USA does not have any responsive documents or things and lacks knowledge of relevant events, LGE-USA cannot prepare and will not produce a witness to testify about this topic pursuant to Local Rule 30.2 unless and until the Court rules otherwise.

**IV.     Motion to Quash Subpoena Ad Testificandum and Motion for a Protective Order**

Power Integrations has demanded a deposition of LGE-USA by Subpoena Ad Testificandum. LGE-USA hereby respectfully moves to quash and for a protective order because LGE-USA, a non-party to this lawsuit, simply has no relevant documents or information. Power Integrations nonetheless demands that the subpoena on LGE-USA imposes

an obligation to obtain documents and information from a corporate parent, LGE-Korea. However, for the reasons set forth below, a subpoena on a subsidiary in the United States (such as LGE-USA) does not require that the subsidiary obtain documents and information from its foreign parent (such as LGE-Korea), absent a special showing.

### A.    A Subpoena Ad Testificandum for a Deposition Should Be Quashed, Where A Party Has No Relevant Documents or Information

Federal Rules of Civil Procedure 26 and 45 prescribe the grounds for quashing a subpoena or limiting scope of discovery, including requests that are unreasonably cumulative or duplicative, or that expose a person to annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(b)(2), 26(c), 45(c)(3)(A)(iv)  "[T]he general rule is that a claimed lack of knowledge does not provide sufficient grounds for a protective order; the other side is allowed to test this claim by deposing the witness."  *Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 122 (D. Conn. 1974).

Here, however, Power Integrations seeks documents and the knowledge associated with those documents, but LGE-USA simply does not have any of the requested documents, and thus, LGE-USA also does not have any of the requested knowledge.  *See U.S. v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO,* 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party to whom a subpoena for records is issued must produce only those records which are in his 'possession, custody or control.'") (citing Fed. R. Civ. P. 34(a)).  Under these particular circumstances, there is absolutely no basis to depose LGE-USA, and the subpoena should be quashed.  Accordingly, a protective order should issue to protect LGE-USA from the undue burden of a deposition.

**B.    A Deposition of LGE-USA Would Be Unnecessary and Wasteful, Because LGE-USA Has No Relevant Documents or Information**

To obtain a protective order under Rule 26(c), it is necessary to show "good cause" for a request to quash a deposition subpoena.  Fed. R. Civ. P. 26(c).  Rule 26(c)'s requirement for the necessary showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant for the protective order to show the necessity of its issuance.  *E.g. United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152 (D. Del. 1999) (discussing good cause associated with protective orders under Rule 26(c)).  As outlined below, LGE-USA has demonstrated good cause under Rule 26(c).

As detailed above, LGE-USA has repeatedly explained to Power Integrations that LGE-USA has no documents or other information responsive to Power Integrations' subpoena.  (Lavenue Decl. ¶¶ 3, 6, 10, and 18.)  Further, with this motion, LGE-USA has submitted a declaration from Mr. Wingate, who affirms the fact that LGE-USA has no documents or other information responsive to Power Integrations' subpoena.  (Wingate Decl. ¶¶ 2-5, 10-11.)  For these reasons, there would be no purpose for a deposition of this non-party.  The subpoena should be quashed as unnecessary and wasteful given these circumstances.

**C.     Deposition of a Subsidiary, such as LGE-USA, Does Not Impose Discovery Obligations on a Foreign Parent, such as LGE-Korea**

Power Integrations seems to acknowledge that LGE-USA does not have the documents and information requested by the subpoena.  (Ex. E at 1.)  Power Integrations contends, however, that the subpoena on LGE-USA imposes an obligation on this subsidiary to obtain documents and information from its foreign parent, LGE-Korea.  (*Id.*)  Thus, Power Integrations improperly tries to use the subpoena against LGE-USA to "pierce the corporate veil" and impose obligations internationally on LGE-Korea.  This District in particular recognizes that separate corporate identities have significance and that corporate distinctiveness should be maintained to avoid determining rights "in absentia."  *Pennwalt Corp. v. Plough, Inc.*, 85 F.R.D. 257, 263 (D. Del. 1979).

Power Integrations' argument that a subpoena on a subsidiary (i.e., LGE-USA) imposes an obligation to obtain documents and information from a foreign parent (i.e., LGE-Korea) is therefore incorrect for the following reasons:  (1) LGE-USA and LGE-Korea are separate and independent legal entities; (2) LGE-USA does not have control over LGE-Korea, particularly as it is subsidiary; and (3) LGE-USA does not have possession, custody, or control of the documents or information available to LGE-Korea.

**1.     LGE-USA and LGE-Korea Maintain Separate Corporate Identities; thus, A Subpoena on LGE-USA Imposes No Obligations on Separate Legal Entities, such as LGE-Korea**

Citing *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127 (D. Del. 1986), Power Integrations contends that LGE-USA, a subsidiary of LGE-Korea (a foreign entity), has an obligation to obtain information from its parent, LGE-Korea.  LGE-USA disagrees.

The decision in *Afros S.P.A.* analyzed whether a court may order production of documents possessed by a non-party through its jurisdiction *over a party litigant*, not the

obligations of *a non-party subsidiary* with respect to documents that might be in the possession,

custody, or control of *a non-party, foreign parent corporation*. *Id.* at 129. *Afros S.P.A.* is thus

entirely distinguishable, because that case involved party litigants. However, neither LGE-USA

nor LGE-Korea is involved in the instant case in any way.

Further, a subpoena to a non-party subsidiary does not result in obligations to a non-party

parent, absent an extraordinary showing that the non-party subsidiary and non-party parent had

"respective business operations … so intertwined as to render meaningless their corporate

identities." *See, e.g., PCI Parfums et Cosmetiques Int'l v. Perfumania*, 93 Civ. 9009, 1998 WL

646635, at *3 (S.D.N.Y. Sept. 21, 1998) (Ex. J); *see generally Pennwalt Corp. v. Plough, Inc*.,

85 F.R.D. 257, 263 (D. Del. 1979).

Here, Power Integrations has not (and cannot) show that the respective business

operations of LGE-USA and LGE-Korea are so intertwined as "to render meaningless their

corporate identities." Accordingly, there is no basis for Power Integrations' position.

> ## 2. LGE-USA Does Not Have Control Over LGE-Korea; thus, A Subpoena on LGE-USA Imposes No Obligations on LGE-Korea

Power Integrations also contends: "[W]e do not accept the premise that responsive

information in the possession of a corporate parent is outside the possession, custody or control

of the subsidiary." (Ex. C at 1.) However, other than citing *Afros S.P.A.* (discussed above),

Power Integrations provides no basis for this contention.

To the contrary, LGE-USA has no "control" over LGE-Korea, particularly given the fact

that is a *subsidiary*—an inherently subordinate role. (Wingate Decl. at ¶ 9.) While it is true that

LGE-USA imports and sells consumer electronic products that are designed, manufactured, or

assembled by LGE-Korea in Korea, LGE-USA does not control any of the activities that take

place at LGE-Korea in Korea and cannot compel LGE-Korea to provide documents or

information.  *See Goh v. Baldor Elec. Co.*, No. 3:98-MC-064-T, 1999 WL 20943, at *1 (N.D.

Tex. Jan. 13, 1999) (Ex. H) (where a subpoena was served on a non-party entity in the United

States, rejecting a motion to compel production of documents from foreign affiliates because the

non-party entity in the United States was a separate entity from the foreign affiliates, and the

non-party entity in the United States "[did] not manifest the legal right, authority, or ability to

obtain the documents irrespective of the definition [of control]").

Further, because a subsidiary is not "in control" of a parent, courts rarely impose

obligations on the subsidiary for information in the possession of the parent, again "unless the

respective business operations of each entity 'are so intertwined as to render meaningless their

separate corporate identities.'"  *Novartis*, 206 F.R.D. at 395 (citation omitted).  Requiring a

subsidiary to provide documents from a parent is particularly unusual when the subsidiary does

not have possession or custody of documents or information, because the subsidiary generally

has no recourse against the parent.  *See Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D.

517, 521-22 (D. Col. 2003) (finding no control where foreign entities refused to produce

documents and related non-party U.S. entity had no ability to enforce compliance);  *Goh*, 1999

WL 20943 (same).

Accordingly, as Power Integration has absolutely no basis to contend that LGE-USA and

LG-Korea have "meaningless corporate identities," Power Integrations' contention that a

subpoena of LGE-USA imposes obligations on LGE-Korea is in error.

>    **3.    LGE-USA Does Not Have Possession, Custody, or Control of the
>            Documents or Information of LGE-Korea; thus, A Subpoena on
>            LGE-USA Imposes No Obligations on LGE-Korea**

Aside from the issue of "corporate control," Power Integrations also contends that LGE-USA has "possession, custody, or control of documents and information" of its corporate parent, even if the documents are physically located "outside the possession, custody or control of the subsidiary." (Ex. C at 1.) Again, however, other than citing *Afros S.P.A.* (discussed above), Power Integrations provides no basis for this contention.

To the contrary, LGE-USA has no "possession, custody, or control" of documents or information of LGE-Korea. (Wingate Decl. ¶¶ 10-11.) Absent "possession, custody, or control" of the requested documents or information, courts have denied motions to compel such information from a subsidiary, when the information is in the possession of the parent. *See, e.g., Int'l Trade Comm'n v. Asat Inc.*, 411 F.3d 245 (D.C. Cir. 2005) (finding no nexus between documents requested and the relationship between parent and subsidiary); *Sec. and Exch. Comm'n v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 473-74 (S.D.N.Y. 2000) (court will not presume control where the party seeking to compel production failed to show that subpoenaed party had access to information in the ordinary course of business). Indeed, because LGE-USA's role is mostly limited to marketing and sales, it has no reason to possess or have custody of the types of documents requested by Power Integrations; because the requested documents are not those normally utilized by LGE-USA, they cannot be presumed to be in LGE-USA's custody, possession, or control. *Cf. Hunter Douglas Inc. v. Comfortex Corp.*, No. M8-85, 1999 U.S. Dist. Lexis 101, at *9 (S.D.N.Y. Jan. 11. 1999) (Ex. I) (requiring non-party subsidiary to produce documents from parent, where subsidiary utilized "documents … in normal course of its business").

As Power Integrations has no basis to contend that LGE-USA has "possession, custody, or control" of documents or information of LGE-Korea, Power Integrations' contention that LGE-USA must provide documents and information from LGE-Korea is without merit.

### D.     Subpoena Ad Testificandum of LGE-USA Is Procedurally Improper

Pursuant to Federal Rule 45(c)(3)(A)(ii), Power Integrations' subpoena of LGE-USA causes undue burden and expense for LGE-USA, a non-party to this action.  *See* Fed. R. Civ. P. 45(c)(3)(A)(ii).  LGE-USA has a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ  07632.  (Wingate Decl. ¶ 6.)  The location of this principal place of business in New Jersey is more than 100 miles from this jurisdiction.  Thus, pursuant to Federal Rule 45(c)(3)(A)(ii), the subpoena of LGE-USA must also be quashed because it requires a non-party witness to travel more than 100 miles from where he or she resides, employs, or regularly transacts business in person.  Therefore, because LGE-USA is beyond this Court's jurisdictional reach, Power Integrations' subpoena is unenforceable this additional reason as well.

### V.     Conclusion

Pursuant to Federal Rules of Civil Procedure 26 and 45, and Local Rule 30.2, LGE-USA hereby objects to Power Integrations Subpoena Duces Tucem, dated September 13, 2005.  Further, pursuant to Federal Rules of Civil Procedure 26 and 45, LGE-USA also hereby objects to Power Integrations Subpoena Ad Testificandum.  Indeed, LGE-USA respectfully requests that the Court enter a protective order quashing the Subpoena Ad Testificandum and prohibiting the deposition demanded by Power Integrations, and/or granting such other relief as the Court deems appropriate.

Pursuant to Local Rule 30.2, LGE-USA will not appear for a deposition until the Court rules on this motion.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for LG Electronics U.S.A., Inc.*

*Of Counsel:*

Andrew C. Sonu
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
Telephone:  (571) 203-2700
Facsimile:  (202) 408-4400
andrew.sonu@finnegan.com
lionel.lavenue@finnegan.com

Dated:  November 11, 2005
163455.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 11[h] day of November, 2005, the attached **LG ELECTRONICS U.S.A. INC.'S COMBINED (i) OBJECTIONS TO SUBPOENA DUCES TUCEM AND (ii) MOTION TO QUASH SUBPOENA AD TESTIFICANDUM AND FOR A PROTECTIVE ORDER** was served upon the below-named counsel of record at the address and in the manner indicated:

William J. Marsden, Jr., Esquire                    <u>HAND DELIVERY</u>
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
Wilmington, DE  19899

Frank E. Scherkenbach, Esquire                    <u>VIA FEDERAL EXPRESS</u>
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Michael Kane, Esquire                    <u>VIA FEDERAL EXPRESS</u>
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN  55402

Howard G. Pollack, Esquire                    <u>VIA FEDERAL EXPRESS</u>
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

Andre G. Bouchard, Esquire                    <u>HAND DELIVERY</u>
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

Bas de Blank, Esquire                    <u>VIA FEDERAL EXPRESS</u>
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

161970.1