# Exhibit C

## Letter Received From Mr. Seaman On September 27, 2005

**BOUCHARD MARGULES & FRIEDLANDER**
A PROFESSIONAL CORPORATION
SUITE 1400
222 DELAWARE AVENUE
WILMINGTON, DELAWARE 19801
(302) 573-3500
FAX (302) 573-3501

ANDRE G. BOUCHARD
JOEL FRIEDLANDER
DAVID J. MARGULES

JOANNE P. PINCKNEY
COUNSEL
KAREN L. PASCALE
JOHN M. SEAMAN
DOMINICK T. GATTUSO
JAMES G. MCMILLAN, III

September 27, 2005

**By Email**
Lionel M. Lavenue, Esq.
Finnegan Henderson Farrabow Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

Re: *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
D. Del., C.A. No. 04-1371 (JJF)

Dear Lionel:

I write regarding the subpoena that plaintiff served on LG Electronics, USA, Inc. ("LG") in the above matter. When we spoke last week, you indicated that you believed that LG's United States entities do not have the information plaintiff seeks, but that the information is in the possession of LG's parent in Korea. While we do not accept the premise that responsive information in the possession of a corporate parent is outside the possession, custody or control of the subsidiary,[1] we hope that we can help LG more easily identify the information we seek.

Without limiting the scope of the subpoena, documents responsive to Requests 1 and 2 could be determined from LG's (a) approved parts list, or (b) authorized and approved suppliers and sub-contractors for integrated circuits for power conversion. LG is also likely to acquire Fairchild PWM controllers directly from Fairchild, or through subcontractors such as Powernet, for LG's LCD monitors and DVD players. Documents responsive to Request No. 3 should be readily ascertainable from LG's US sales information once LG has been able to identify the products that use or incorporate Fairchild PWM controllers. In any event, whether the information requested is located in the United States or Korea, LG has an obligation to search for and produce documents responsive to plaintiff's narrowly-tailored subpoena.

---

[1] See *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 132 (D. Del. 1986) (granting motion to compel discovery from foreign parent corporation).

Lionel M. Lavenue, Esq.
September 27, 2005
Page 2

    We look forward to receiving your response to the foregoing and are hopeful that with further dialogue LG will be able to locate and produce the information plaintiff seeks with minimal disruption.

                                                Sincerely,

                                               John M. Seaman