**Exhibit E**

**Letter Sent to Mr. Seaman on October 5, 2005**



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

LIONEL M. LAVENUE
571.203.2749
lionel.lavenue@finnegan.com

October 5, 2005

John M. Seaman, Esq.
BOUCHARD MARGULES & FRIEDLANDER
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 1 980

> Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,
> D. Del., C.A. No. 04-1371 (JJF)

Dear John:

This letter responds to your letter of Tuesday, September 27, 2005, relating to Power Integration's September 13, 2005 subpoena of LG Electronics, U.S.A., Inc. ("LGE-USA").

As you know, on September 22, 2005, Andy Sonu and I informed you that LGE-USA had no documents or information responsive to the subpoena of LGE-USA. Further, in the absence of responsive documents, and because a deposition would be useless and unnecessary under the circumstances, we asked whether your client would withdraw the subpoena.

Subsequently, in your September 27, 2005 letter, you refused to withdraw Power Integrations's subpoena of LGE-USA. Furthermore, citing *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 132 (D. Del. 1986), you contended: "[W]e do not accept the premise that responsive information in the possession of a corporate parent is outside the possession, custody or control of the subsidiary." You also contended: "[W]hether the information requested is located in the United States or Korea, LG has an obligation to search for and produce documents responsive to plaintiff's . . . subpoena." Finally, in your letter, you made the following <u>correct</u> statement, "you believed that LG's United States entities do not have the information plaintiff seeks," and furthermore, you also made the following <u>incorrect</u> statement, "but that the information is in the possession of LG's parent in Korea." During my conversations with you, I explained that LGE-USA did not have any information responsive to the subpoena because the consumer electronic products sold by LGE-USA are manufactured primarily in Korea, and LGE-USA does not have information about the design, manufacture, or assembly of those products, e.g., which would identify the name of the circuit suppliers used in Korea for those products. However, I did not make any representations regarding what information may or may not be available to LG Electronics, Inc. of Korea ("LGE-Korea"), the foreign parent of LGE-USA.

John M. Seaman, Esq.
October 5, 2005
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

  Furthermore, your contentions regarding the obligations of LGE-USA pursuant to the subpoena are legally erroneous and factually incorrect for at least the following reasons: (1) LGE-USA and LGE-Korea are separate and independent legal entities; (2) LGE-USA does not have control over LGE-Korea, particularly as a subsidiary; and (3) LGE-USA does not have possession, custody, or control of the documents or information available to LGE-Korea, which would identify the name of the circuit suppliers used by LGE-Korea for its products. Thus, unless you have some basis to challenge these points, LGE-USA has no duty to investigate either the documents or information of LGE-Korea. Furthermore, as for your citation of *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 132 (D. Del. 1986), that case deals with a party subsidiary, not a non-party subsidiary (i.e., a subsidiary that is not party to the litigation). The situation here is much different, in that Power Integrations' subpoena is directed to a non-party subsidiary; and, a subpoena to a non-party subsidiary does not result in obligations to a non-party parent, absent an extraordinary showing that the non-party subsidiary and non-party parent had "respective business operations ... so intertwined as to render meaningless their corporate identities." *See, e.g., PCI Parfums et Cosmetiques Int'l v. Perfumania*, Case No. 93 Civ. 9009, 1998 WL 646635, at *3 (S.D.N.Y. Sept. 21, 1998); *see generally Pennwalt Corporation v. Plough, Inc.*, 85 F.R.D. 257, 263 (D. Del. 1979). Further, because a subsidiary is not "in control" of a parent, courts also rarely impose obligations on the subsidiary for information in the possession of the parent, again "unless the respective business operations of each entity 'are so intertwined as to render meaningless their separate corporate identities.'" *Novartis Pharmaceuticals Corp. v. Eon Labs Manufacturing, Inc.*, 206 F.R.D. 392, 395 (D. Del. 2002) (citation omitted). Accordingly, as there is absolutely no basis to contend that LGE-USA and LG-Korea have "meaningless corporate identities," there is simply no basis for Power Integrations to contend that a subpoena of LGE-USA imposes obligations on LGE-Korea.

  Accordingly, LGE-USA renews the request that Power Integrations withdraw the September 13, 2005 subpoena. Please confirm that you will withdraw the subpoena by this Friday, October 7, 2005, so that we may avoid the expense of a motion for a protective order.

Sincerely,

Lionel M. Lavenue

LML/yec