IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371-JJF |

**POWER INTEGRATIONS' OPPOSITION TO LG ELECTRONICS U.S.A. INC.'S COMBINED OBJECTIONS AND MOTION TO QUASH AND MOTION FOR A PROTECTIVE ORDER**

BOUCHARD MARGULES & FRIEDLANDER, P.A.
Andre G. Bouchard (I.D. #2504)
John M. Seaman (I.D. #3868)
222 Delaware Avenue
Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Plaintiff*
*Power Integrations, Inc.*

Dated: November 18, 2005

LG Electronics U.S.A. Inc. ("LG") has admitted that it imports, markets, and distributes products in the United States and that it has schematics and other information in the United States regarding these products. Declaration of Richard C. Wingate ("Wingate Decl.") ¶ 4. Power Integrations knows, based on discovery obtained from Fairchild, that a subset of these products incorporates the accused Fairchild parts. *See also* Declaration of John M. Seaman in Support of Power Integrations' Opposition ("Seaman Decl.") Ex. A & B (confirming that LG uses Fairchild parts); Declaration of Lionel M. Lavenue Ex. F. Power Integrations' subpoena simply seeks the identification of these "downstream" LG products and their importation volumes. Thus, the discovery Power Integrations seeks is narrow, clearly defined, and indisputably relevant.

Nevertheless, LG's Motion to Quash argues that it has no control over responsive documents, and suggests that Power Integrations is really trying to take discovery from LG's Korean parent company, LG Electronics Inc. ("LG-Korea"). LG is wrong, and its motion papers are carefully worded to conceal the fundamental truth—LG can get the relevant information merely by asking.

Specifically, LG claims it cannot determine which products contain the accused Fairchild parts because the components used in the products sold in the United States are only identified by "LG Numbers" rather than the part names and numbers used by suppliers like Fairchild. Wingate Decl. ¶ 4. LG's motion fails to note, however, that LG-Korea undoubtedly has a "master list" matching LG part numbers to supplier part numbers, and that LG's counsel has refused to make so much as a phone call to obtain this master list. Seaman Decl. ¶ 5. Because the information Power Integrations seeks is within LG's control and easily available for the asking, the Court should deny LG's motion and order LG to produce the responsive information.

## ARGUMENT

### A.    The Information Power Integrations Needs Is Under LG's Control.

LG's 27-page opening brief, which violates the Court's page limitations for discovery motions, is full of boilerplate objections that the parties had largely disposed of during extensive meet and confer over this subpoena. LG could have dispensed with the first 24 pages, as it only

1

addresses the controlling issue on page 25: Is LG required to provide information relevant to its business and there for the asking,[1] even though that information may be held in the first instance by its Korean parent? Power Integrations submits that the answer is yes, because that information is within LG's possession, custody or control.

LG admits it has schematics and service manuals in the United States for the products it imports and markets here.[2] Wingate Decl. ¶ 4; Seaman Decl. ¶ 5. Even without component suppliers' names, these documents are responsive to Power Integrations' requests. Of course, Power Integrations has no desire to wade through the schematics for every product LG sells in the United States, and should not have to. But LG's documentation apparently does not identify the original suppliers of the component parts, as the source information was replaced with "LG numbers." The crux of the instant motion is therefore whether LG has a duty to pick up the phone to call Korea to get the "master list" of corresponding component part numbers for the "LG numbers" used in its products. Because LG cannot reasonably argue that the master list is not in its control, and because any burden associated with de-coding the "LG numbers" is so minimal, the Court should deny LG's motion.

The Federal Rules permit the subpoena of documents that are in the "possession, custody *or control*" of the person to whom the subpoena is directed. Fed. R. Civ. P. 45(a)(1)(C) (emphasis added). The word "control" has been construed broadly to include not only documents to which the subpoenaed party has a "legal right," but also documents the subpoenaed party is able to "access" or "obtain" without undue burden. *See Dietrich v. Bauer*, No. 95 Civ. 7051 (RWS), 2000 U.S. Dist. LEXIS 11729, at *7 (S.D.N.Y. Aug. 16, 2000)[3]; *Hunter Douglas Inc. v. Comfortex Corp.*, No. N8-85, 1999 U.S. Dist. Lexis 101 at *9 (S.D.N.Y. Jan. 11, 1999); *Addamax Corp. v. Open Software Found., Inc.*, 148 F.R.D. 462, 467 (D. Mass. 1993). The documents need

---

[1] Power Integrations also believes that discovery would show LG has at least a contractual right to get this information from LG-Korea, and asks that the Court allow such discovery as an alternative to granting LG's motion to quash.

[2] LG's Motion ignores the issue of sales and importation volumes, but LG clearly has this responsive and relevant information in the United States as well.

[3] Unreported decisions cited herein are attached at Exhibit A.

not be located in this country or in the possession of the subpoenaed party – the test is whether the party has "control" of the documents, which includes the "practical ability to obtain the materials sought upon demand" from a parent or subsidiary. *Dietrich*, 2000 U.S. Dist. LEXIS at *7; *see also Cooper Indus., Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 919-20 (S.D.N.Y. 1984). LG has admitted that its parent likely has a master list of LG part numbers, Seaman Decl. ¶ 5, yet LG refuses to make any effort to obtain this list. LG's Motion fails to address this critical issue entirely.

LG argues that LG and LG-Korea are not "so intertwined as to render meaningless their corporate identities," Motion at 23, but the test for whether a party has "control" of a document is not limited to whether it has "control" over its parent corporation. *See Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129 (D. Del. 1986). Rather, courts look to facts such as the nature of the relationship between the parties, *Addamax*, 148 F.R.D. at 467, whether the subsidiary would be able to have access to the documents and would be able to obtain them during its usual business, *Cooper*, 102 F.R.D. at 919-920, and whether the subsidiary was in regular contact with the parent regarding the product sales and marketing. *Alcan Int'l Ltd. v. S.A. Day Mfg. Co.*, 176 F.R.D. 75, 79 (W.D.N.Y. 1996). LG has undoubtedly obtained information from LG-Korea before to ensure subcontractors' compliance with a host of U.S. environmental and other regulations and/or to address problems with defective components, but LG should not be able to refuse to make a simple phone call to obtain information to explain the meaning of the documents LG already has in the United States. *See id.* Therefore, the Court should compel LG to obtain the master list for its LG numbers to determine the extent of LG's importation of products incorporating the accused Fairchild parts.

LG also argues that it should be treated differently because it is not a party to this litigation,[4] but this argument ignores the fact that the definition of "control" is identical for both

---

[4] If LG continues to maintain that it must be a party for Power Integrations to obtain this discovery, Power Integrations can certainly oblige – by importing products containing the accused Fairchild products, LG is directly infringing the patents-in-suit – but a subpoena is undoubtedly less burdensome for everyone.

party and non-party litigants. *See Addamax*, 148 F.R.D. at 468; *Dietrich*, 2000 U.S. Dist. LEXIS at *6 n.2. Moreover, LG has provided no evidence that it would be unduly burdensome to obtain the information necessary to confirm its use of the accused Fairchild PWM controller chips.

### B.    LG's Arguments Regarding a Deposition Are Premature.

With respect to deposition, LG correctly cites to *Amherst Leasing Corp. v. Emhart Corp.* for the proposition that, "a claimed lack of knowledge does not provide sufficient grounds for a protective order; the other side is allowed to test this claim by deposing the witnesses." 65 F.R.D. 121, 122 (D. Conn. 1974). At the very least, LG's case law shows that Power Integrations should be able to depose an LG witnesses to test LG's assertion that it does not have and cannot get the responsive information. Nevertheless, Power Integrations will not put the cart before the horse. If LG produces information regarding the products incorporating the accused Fairchild parts (and the importation volumes for the same) in a form that is intelligible, and Fairchild's counsel does not challenge the authenticity of the documents, Power Integrations should not need to depose an LG witness. As such, the Court need not resolve the issue at this juncture.[5]

### CONCLUSION

The Court should order LG to produce information which is accessible and responsive to Power Integrations' requests.

Dated: November 18, 2005

BOUCHARD MARGULES & FRIEDLANDER, P.A.

/s/ John M. Seaman

Andre G. Bouchard (I.D. #2504)
John M. Seaman (I.D. #3868)
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Plaintiff*
*Power Integrations, Inc.*

---

[5] LG's objection based on the "100 mile rule" treads an unsettled area of law—whether incorporation in Delaware is sufficient to compel a Delaware entity to produce a witness for deposition. *See MGM Studios, Inc. v. Grokster, Ltd.*, 218 F.R.D. 423, 424 (D. Del. 2003). Because LG has availed itself of the rights and privileges of incorporation in Delaware, Wingate Decl. ¶ 6, the Court should ignore LG's attempts to avoid the instant subpoena.