IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371-JJF |

## PLAINTIFF POWER INTEGRATIONS, INC.'S
## MOTION TO COMPEL DAMAGES DISCOVERY

Plaintiff Power Integrations, Inc. ("Power Integrations") presents this Motion to Compel Damages Discovery pursuant to Federal Rule of Civil Procedure 37, District of Delaware Local Rule 37.1, and this Court's Rule 16 Scheduling Order (D.I. 17, ¶ 4(a)).

### I.   INTRODUCTION

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively "Fairchild") have failed to meet their basic discovery obligations. With just over a month remaining before Power Integrations must serve its expert report on damages, Fairchild has refused to identify and/or provide witnesses to testify on a range of topics directly related to sales of the Accused Products, including topics in Power Integrations' Rule 30(b)(6) deposition notice. In addition, Fairchild has also refused to provide discovery regarding worldwide sales of the Accused Products despite this Court's statement that "information related to Fairchild's sales outside the United States is relevant . . . ." Order of August 9, 2005 (D.I. 54 at 4). Power Integrations therefore requests that the Court compel Fairchild to (1) produce (in Microsoft Excel format) the sales and financial discovery to which Power Integrations is

entitled, and (2) schedule the depositions of H.K. Kim, Tom Beaver, Robert Conrad, and a knowledgeable 30(b)(6) witness on outstanding damages-related issues with enough time for Power Integrations to review the damages production and take the testimony before the opening damages report is due on January 10, 2006.

## II.  BACKGROUND

Power Integrations has been seeking coherent evidence to make its damages case for months now. To date, though, Fairchild's production of financial information has consisted primarily of tens of thousands of pages of useless printouts from unidentified databases. Declaration of Michael R. Headley[1] ¶ 12. With respect to Power Integrations' 30(b)(6) notice, Fairchild identified Mr. S.T. Im as capable of providing testimony related to sales, pricing, profits, and distribution of Fairchild's accused infringing products ("the Accused Products"). Ex. A Topic Nos. 32-36; Ex. B. When the parties arrived in Korea, though, Fairchild's witness was not prepared to address the sales and marketing-related topics, *see* Ex. C, and even then Fairchild's counsel limited his testimony to information regarding sales of the Accused Products *in Korea*. See Ex. D at ¶¶ 3-4. Fairchild offered to provide further testimony in the United States, *id.*, but Fairchild has not offered any further witness on topics 29-35.

The Portland-based employees' testimony in early October was limited to activities *in the United States*,[2] and even then the witnesses were not, in most cases, prepared to address their topics. *See* Ex. D. Although these witnesses could not answer specific questions, they all noted that Fairchild maintains, in electronic form, precisely

---

[1] All citations herein are to the accompanying Declaration of Michael R. Headley In Support of Power Integration's Motion to Compel Damages Discovery unless otherwise noted.

[2] Thus, Fairchild has produced only partial sales information related to Korea and the U.S., and no responsive information or witnesses at all regarding its sales in Europe, Asia (outside of Korea) and the Americas (outside the U.S.).

2

the kind of evidence Power Integrations has been seeking regarding the worldwide marketing and sales of the Accused Products. *See* Ex. D; Ex. E at 5.

Power Integrations needs financial data and testimony to prepare its damages case, and Power Integrations has attempted to obtain this highly relevant information for the past several months. Despite Power Integrations' numerous and specific requests, Fairchild has done little more than drag its feet and produce no more than a trickle of intelligible documents that relate solely to sales of the Accused products in the United States. These actions do not fulfill Fairchild's obligation to provide meaningful discovery.

Fairchild is placing Power Integrations at an intolerable disadvantage. Power Integrations notified Fairchild it would seek judicial intervention on several occasions, each time hoping that Fairchild would remedy its deficiencies, but Fairchild has not done so. *See, e.g.*, Exs. C-I. Fairchild completely ignored Power Integrations' last letter on the topic. Headley Decl. ¶ 10. Power Integrations therefore requests the Court's assistance in obtaining damages-related discovery.

### III.   ARGUMENT

#### A.   Fairchild Has Refused to Provide Power Integrations the Discovery to Which It Is Entitled Under the Federal Rules.

The Federal Rules of Civil Procedure permit broad discovery, and regardless of Fairchild's position with respect to "foreign sales" (a position seriously undermined by the evidence and testimony adduced to date), Power Integrations is entitled to take "broad and liberal discovery." *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, 193 (D. Del. 2004) (internal quotations and citation omitted). Moreover, after receiving a notice of deposition, a party must "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6).

Because Fairchild has not provided such discovery to date, the Court should order Fairchild to produce knowledgeable witnesses and documents, including documents it maintains in an easy-to-use Microsoft Excel format.

### B. Because Fairchild Has Not Willingly Cooperated With the Discovery Process, the Court Should Compel Compliance.

Fairchild has unreasonably delayed meeting its basic discovery obligations. On November 14, Fairchild responded to weeks of meet and confer efforts by Power Integrations with the statement that Fairchild "has agreed to search for and produce [] documents," Ex. J at 3, but Fairchild has failed to uphold its promise or to explain the delay in providing information requested for nearly two months now. *See* Ex. C (September 22, 2005 letter seeking information related to Fairchild's electronic "Business Objectives" database which contains data on sales, prices, customers, and the like). Moreover, the only dates Fairchild has proposed for its worldwide head of sales and marketing (Tom Beaver) and head of the Analog Products Group that includes Accused Products (Robert Conrad) are January 11-12, <u>after</u> Power Integrations' opening damages report is due. As such, Power Integrations seeks an order compelling production of:

1. Up-to-date sales information for worldwide sales of the Accused Products, in Microsoft Excel format, broken down by customer, product, and quarter/month;
2. A Rule 30(b)(6) deposition of a knowledgeable witness for the noticed marketing and sales-related deposition topics for all regions in which Fairchild sells the accused products (specifically Topics 25-36);
3. Depositions of Tom Beaver, Bob Conrad, and H.K. Kim in the U.S.; and
4. Other responsive and relevant financial documents identified during the depositions of Fairchild's witnesses, as set forth in Power Integrations' numerous attached meet and confer letters with Fairchild.

### IV. CONCLUSION

The current schedule does not allow further delay. In addition to the January 10, 2006 deadline for serving its damages expert report, Power Integrations is preparing for a trial before the International Trade Commission scheduled to begin in mid-January. Headley Decl. ¶ 13. Power Integrations therefore seeks immediate relief to obtain the discovery it needs to keep this case on track.

Dated: December 2, 2005      FISH & RICHARDSON P.C.

By: _/s/_
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Gina M. Steele
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(2)(B) and Local Rules of Civil Procedure 7.1.1

Pursuant to Fed. R. of Civ. P. 37(a)(2)(B) and Local Rules of Civil Procedure 7.1.1, counsel for Power Integrations certifies that it has in good faith conferred with counsel for Fairchild in an effort to secure the discovery without court action, but that the parties, after a reasonable effort, are unable to resolve the dispute.

By: _____
Séan P. Hayes

# CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2005, I electronically filed the PLAINTIFF POWER INTEGRATIONS, INC.'S MOTION TO COMPEL DAMAGES DISCOVERY with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendant-<br>Counterclaimant<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

I hereby certify that on December 2, 2005, I have mailed the document(s) via Federal Express to the following non-registered participants:

| | |
|---|---|
| G. Hopkins Guy, III<br>Bas de Blank<br>Duo Chen<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

_____
Sean P. Hayes

50315179 REVISED.doc