IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,                    )
                                             )
                    Plaintiff,               )
                                             )
            v.                               )      C.A. No. 04-1371-JJF
                                             )
FAIRCHILD SEMICONDUCTOR                      )
INTERNATIONAL, INC., and FAIRCHILD          )
SEMICONDUCTOR CORPORATION,                   )
                                             )
                    Defendants.              )

**DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DAMAGES DISCOVERY**

## I.    INTRODUCTION

Plaintiff Power Integrations, Inc.'s ("PI") Motion to Compel Damages Discovery ("Motion") is a waste of this Court's valuable judicial resources. Fairchild has repeatedly offered dates for the requested depositions (including dates before the November 14 deposition cutoff set by the Court), as well as future dates to accommodate PI's inability to proceed with the depositions before the Court-ordered deadline. PI, however, not only has refused to accept any of the dates offered by Fairchild, but it also has refused to discuss any dates until the Court rules on its Motion, even though PI has asked the Court to order that the depositions occur by January 6, 2006. Accordingly, Fairchild hereby respectfully requests that the Court order PI either to proceed with the depositions of Fairchild employees Robert Conrad, Tom Beaver and Jeff Barnes in Portland, Maine during the week of January 10-13—which is the first block of dates these witnesses have available—or to relinquish its right to depose those witnesses.

PI's other request—for an Excel formatted version of sales information previously produced by Fairchild—is moot. While Fairchild provided this information in TIFF format, *which was the format agreed upon by the parties at the outset of discovery and suggested in the Court's electronic discovery guidelines* months before PI filed its Motion, Fairchild has now also provided this information in Excel format.[1]

---

[1]    A form of order denying PI's motion is attached at Tab 1 hereto.

II.    **ARGUMENT**

A.    **The Court Should Order PI To Proceed With**
      **The Depositions On The January Dates Proffered By Fairchild.**

PI's Motion ignores Fairchild's repeated efforts to accommodate the requested depositions. Fairchild offered Messrs. Beaver and Conrad for deposition on November 2 and 3, 2004, well before the November 14 deposition cutoff date ordered by the Court. Declaration of Bas de Blank in Support of Defendants' Opposition to Plaintiff's Motion to Compel Damages Discovery ("de Blank Decl."), Ex. B. These early November dates were the only dates prior to the cutoff that both of the witnesses were available at the same time. Because those depositions were to be conducted in Portland, Maine, it was most convenient and economical for both parties to conduct the depositions during the same trip.

Despite the fact that Fairchild gave PI weeks of notice regarding the witness' availability on those dates, PI refused to proceed with the depositions before the Court's deposition cutoff. de Blank Decl., Ex. B. Though Fairchild cautioned PI that the witnesses would not be available until January due to previous commitments and the holidays, PI nonetheless chose to relinquish these early November dates. de Blank Decl., Ex. B. Fairchild subsequently advised PI that the first dates on which the witnesses would be available was the week of January 9th. *Id.* Because PI's opening damages report is currently due on January 10, 2006, Fairchild offered to stipulate to extend that deadline to accommodate this schedule. *Id.* PI, however, refused to accept either alternative and, instead, filed the instant Motion.

Fairchild also offered to make its remaining 30(b)(6) witness, Jeff Barnes, available for deposition on December 15 in the California offices of PI's attorneys.[2] de Blank Decl., Ex. B PI, however, refused to proceed with the deposition of Mr. Barnes.[3] de Blank Decl., Ex. C.

---

[2]    Mr. Barnes works in Fairchild's headquarters in Portland, Maine. Fairchild offered to produce Mr. Barnes in California as a convenience to PI. As Fairchild's remaining 30(b)(6) witness, Mr. Barnes is designated to talk about any damages issues that PI contends were not adequately covered by previous 30(b)(6) witnesses.

[3]    Surprised that PI would refuse to depose the witness whose deposition it was moving to compel, Fairchild requested that PI reconsider and pointed out that, given the holidays, Mr. Barnes would not be available for deposition until January, 2006. de Blank Decl., Ex. D. Once again, PI refused to depose Mr. Barnes. *Id.*, Ex. E.

In fact, PI refuses even to discuss dates for its requested depositions until **after** this Court rules on its Motion. de Blank Decl., Ex. C. Yet, despite its refusal to move forward on scheduling, PI requests that the Court order the depositions to occur before January 6. Incredibly, PI also has indicated that it is not able to schedule depositions between the Christmas and New Years holidays. *Id.*, Ex. G. Given PI's demand that depositions be scheduled before January 6 and its simultaneous refusal to schedule depositions during the limited times remaining, it is not at all clear what realistic solution PI has in mind.

The only workable solution is for the parties to proceed with the depositions of Messrs. Conrad, Beaver and Barnes during January 10-13. Should PI wish to depose Messrs. Conrad, Beaver, or Barnes, it should proceed with the depositions on these dates.

### B.    PI Has Never Even Noticed the Deposition of H.K. Kim.

PI seeks to compel the deposition of H.K. Kim in the United States. PI, however, has never noticed Mr. Kim's deposition. Moreover, Mr. Kim is a Korean national employed by non-party Fairchild Semiconductor Korea Ltd. Mr. Kim lives and works in Korea and there is no reason to compel him to appear for deposition, let alone deposition in the United States.

Since PI has never noticed Mr. Kim's deposition, the support or authority for its Motion is unclear. PI's unsupported claims that Mr. Kim may have some information appears solely due to Mr. Kim's job title. PI refuses to identify any other basis for the deposition.[4]

Given PI's failure to notice Mr. Kim's deposition—let alone notice it in a proper and timely manner—and PI's apparent inability to articulate what testimony it expects to receive

---

[4]    Fairchild has repeatedly sought to understand the basis for PI' demand to depose Mr. Kim, but PI is either unable or unwilling to explain. PI never noticed Mr. Kim's deposition and, in fact, did not even mention deposing him until *after* the parties has completed and returned from the depositions in Korea. Headley Decl., Ex. C. Fairchild asked PI to explain why it believed it necessary to depose Mr. Kim. de Blank Decl., Ex. H (while PI provided the Court with its letter to Fairchild, it failed to provide the Court with Fairchild's response). PI delayed almost a month before responding and, even then, failed to explain what information Mr. Kim allegedly possessed that was not supplied by Fairchild's 30(b)(6) witnesses. Headley Decl., Ex. D. Two days later, Fairchild responded and explained that since PI had not noticed Mr. Kim's deposition and apparently had no reason to depose him, Fairchild would not produce Mr. Kim. de Blank Decl., Ex. I (again, PI provide the Court with PI's letter but not Fairchild's response). Since PI never responded to this letter, never noticed Mr. Kim's deposition, and never again requested his testimony, Fairchild is surprised that PI now moves to compel this deposition.

from Mr. Kim that was not already supplied by Fairchild's numerous other witnesses, the Court should deny PI's Motion.

### C.     PI's Request For Excel Formatted Spreadsheets Is Moot.

In its proposed order, PI demands that Fairchild produce financial information for all of Fairchild's world-wide sales of the accused products in a particular electronic format – Excel. To be clear, Fairchild long ago produced this discovery in TIFF electronic form (as suggested by the Court and agreed to by PI). *See* Court's Default Standard for Discovery of Electronic Documents, ¶ 6 ("electronic documents shall be produced to the requesting party as image files (e.g., PDF or TIFF)") and de Blank Decl., Ex. A. Fairchild also tabulated and provided this information in its responses to PI's interrogatories.

Fairchild has updated this financial information in a timely manner. Fairchild produced this information shortly before the June 30, 2005 deadline for the production of documents and again before the September 30, 2005 close of fact discovery. In response to PI's Motion, Fairchild has once again updated this information as of December 11, 2005.

Since Fairchild has provided PI all of the discovery it seeks in TIFF format, the gravamen of PI's complaint appears to be PI's insistence that it receive duplicate information in an electronic Excel format. While this is contrary to the Court's Guideline for Electronic Discovery and the parties' agreement – both of which require that electronic documents be produced in TIFF format so that each page can be Bates numbered and endorsed with the appropriate level of confidentiality – Fairchild has nonetheless produced the information in Excel format as PI has requested.[5] Thus, PI's Motion with respect to document discovery should be denied as moot.

---

[5]     Data in Excel format can be easily manipulated or changed, cannot be identified with Bates numbers, and cannot be marked "highly confidential". Thus, while PI may use the Excel data for internal purposes, it should not seek to admit it as an exhibit or into evidence.

ASHBY & GEDDES

/s/ *John G. Day*

_____
Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*
*FAIRCHILD SEMICONDUCTOR*
*INTERNATIONAL, INC. and FAIRCHILD*
*SEMICONDUCTOR CORPORATION*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated:  December 14, 2005
164637.1

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,                 )
                                          )
                        Plaintiff,        )
                                          )
            v.                            )      C.A. No. 04-1371-JJF
                                          )
FAIRCHILD SEMICONDUCTOR                   )
INTERNATIONAL, INC., and FAIRCHILD        )
SEMICONDUCTOR CORPORATION,                )
                                          )
                        Defendants.       )

## ORDER DENYING MOTION TO COMPEL DAMAGES DISCOVERY

Having considered plaintiff Power Integrations, Inc's Motion to Compel Damages

Discovery, defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor

Corp.'s (collectively, "Fairchild") response thereto, the pleadings and papers on file with the

Court, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

(1)    If Plaintiff wishes to depose Messrs. Beaver, Conrad, and Barnes, it shall
       do so in Portland, Maine on January 10-13, 2006;

(2)    Plaintiff's motion to depose Mr. H.K. Kim is denied; and,

(3)    Plaintiff's motion to compel the production of damages discovery in Excel
       format is denied as moot and Plaintiff may use the Excel formatted data
       only for informational purposes and not use it as an exhibit or introduce it
       into evidence.

_____          _____
        DATE                          UNITED STATES DISTRICT JUDGE

164639.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2005, the attached **DEFENDANTS'**

**ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**DAMAGES DISCOVERY** was served upon the below-named counsel of record at the address

and in the manner indicated:

William J. Marsden, Jr., Esquire                    HAND DELIVERY
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899

Frank E. Scherkenbach, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Michael Kane, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN  55402

Howard G. Pollack, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

Andre G. Bouchard, Esquire                    HAND DELIVERY
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

*/s/ John G. Day*

_____

John G. Day