# EXHIBIT A



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

February 3, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND MAIL (650) 839-5070*

Howard G. Pollack
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

> Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Howard:

Thank you for responding to my letter of January 26, 2005 and identifying the Fairchild devices presently accused by Power Integrations of infringing the patents-in-suit. In order to meet the parties' ambitious schedule and complete document production no later than June 30, 2005, we intend to begin to gather documents concerning the accused FSDH0165, FSDL0365, FSDM0565, FSD200, and FSD210 families of products shortly.

As we discussed, we anticipate that the majority of documents related to the accused families of Fairchild devices are located entirely in Korea and written in Korean. This makes any effort to gather such documents both complicated and expensive. To avoid the undue expense of having to return to Korea to search for additional documents, we wish to confirm that Power Integrations does not intend to accuse any additional Fairchild devices outside of the five accused families. Should Power Integrations later seek to broaden the scope of accused products, however, we reserve the right to shift the cost of the collection, review, and production of additional documents to Power Integrations.

It appears likely that Fairchild will produce electronic documents concerning the five accused families of products. Should this happen, Fairchild intends to produce such documents in TIFF format. This is consistent with guidelines for electronic discovery in the Delaware courts and will facilitate inclusion of Bates numbers and the appropriate confidentiality designation on each page.

Finally, your letter of January 31, 2005 did not respond to our request that Power Integrations identify which claims it asserts from the patents-in-suit and, specifically, which Fairchild product or products are accused of infringing each such claim. We repeat our request for this information as it will facilitate our investigation of Power Integrations' allegations and our collection of responsive documents.

DOCSSV1:293536.1



**ORRICK**

Howard G. Pollack
February 3, 2005
Page 2

     Thank you for your assistance in these matters.  Please do not hesitate to call should you have any questions.

            Sincerely,

            Bas de Blank

cc:    William J. Marsden, Jr.

DOCSSV1:293536.1

# EXHIBIT B



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

December 5, 2005

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:     Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

We were surprised to receive a copy of Power Integrations' motion to compel. As you know, for some time Fairchild has been seeking to schedule the depositions of the witnesses Power Integrations seeks. Indeed, Fairchild offered Messrs. Conrad and Beaver for deposition in early November but Power Integrations rejected those dates. At the time, I cautioned that the next available dates for those witnesses were in January, 2006. While, at Power Integrations' request, we have endeavored to find earlier dates, none are available. Thus, as we have previously indicated, Messrs. Conrad and Beaver are available for deposition in Portland, Maine on January 11 and 12, 2006. While it was Power Integrations' refusal to depose these witnesses during the discovery period that has led to the difficulty with respect to the date of Power Integrations' damages report, to minimize any inconvenience we are willing to extend the dates for the damages expert reports. If you would like to do so, please let me know what you believe a reasonable schedule to be.

You have also noticed Steven Schott for deposition. As I have explained, Mr. Schott is an in-house attorney for Fairchild so most of the testimony he could provide will be privileged. Notwithstanding this, Power Integrations has requested dates for Mr. Schott's deposition. Mr. Schott is available in Portland, Maine on January 13, 2006.

Finally, Fairchild presently intends to designate Jeff Barnes as its 30(b)(6) witness to respond to Power Integrations' remaining deposition topics. Mr. Barnes will make himself available for deposition at your offices in Redwood City on December 15, 2005. The parties had previously



**ORRICK**

Michael Headley
12/5/2005
Page 2

agreed to continue Mr. Morrill's deposition that day.  If you would like to reschedule Mr. Morrill in order to accommodate Mr. Barnes' deposition, please let me know.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

DOCSSV1:438366.1

# EXHIBIT C

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

December 5, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:     Power Integrations Inc. v. Fairchild Semiconductor Int'l
        USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Bas:

This letter responds to your letter of today regarding Power Integrations' motion to compel and damages-related depositions. I find it hard to believe you "were surprised" by the motion in light of the numerous letters I sent you these past several weeks regarding the deficiencies in Fairchild's production of financial information and witnesses. My inquiries noted we would bring Fairchild's deficiencies to the Court's attention, yet you completely ignored my last such meet and confer letter, even though it provided a full three business days in which to respond (extended a fourth day before we filed the motion).

Regardless, we need to table any discussion of deposition scheduling pending resolution of Power Integrations' motion to compel. We cannot accept any dates before the resolution of the issues raised in the motion (whether you produce the information voluntarily or the Court resolves the issue), and we do not consider you to be offering any realistic dates unless and until you produce the necessary financial information with sufficient time for us to review it in advance of any deposition.

Nor can we accept your "offer" of dates for depositions in Portland on January 11-13, having told you in the past those dates are not feasible. I am not sure why you have ignored my prior statements regarding those dates, including the fact that Power Integrations will be preparing for a trial before the ITC in Washington, D.C. that week, when you suggest the same timing for the depositions of Mssrs. Conrad, Beaver, and Schott.

I also disagree with your contention regarding the import and privilege status of Mr. Schott's testimony. The depositions to date have shown that Mr. Schott interacted with the people who wrote Fairchild's opinion letters, and Mr. Schott received the letters on behalf of Fairchild. As such, his role is not as trivial (or privileged) as you suggest.

Case 1:04-cv-01371-JJF    Document 149-2    Filed 12/14/2005    Page 9 of 55

FISH & RICHARDSON P.C.

Bas de Blank
December 5, 2005
Page 2

As for Jeff Barnes, your letter presents the first mention of this witness to date.  You do not indicate whether we have received his documents, or if not when you plan to produce them, but we cannot schedule his deposition on the remaining 30(b)(6) topics without these and the other relevant financial documents as noted above.  Please let me know Fairchild's plan for the production of financial information and documents from Jeff Barnes, and the precise topics on which he is to testify, so that we can make some progress toward resolving these outstanding issues.

I look forward to your response.

Sincerely,

Michael R. Headley

50315672.doc

# EXHIBIT D



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

December 6, 2005

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA  94036

     Re:    <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Michael:

     I write about the deposition of Fairchild witnesses.  As I explained in my letter of December 5, 2005, Fairchild was surprised that Power Integrations filed its pending motion to compel since, as you know, the parties were working to arrange much of the discovery that Power Integrations moves to compel.  I was especially surprised that Power Integrations filed its motion to compel without providing so much as the courtesy of a phone call because, in the past, you had requested – and, I had agreed – that the parties would notify each other before filing motions with the Court. This is required by the Court's Local Rules.  We are disappointed that Power Integrations chose not to abide.

     We are confused by your statement that the parties "need to table any discussion of deposition scheduling pending resolution of Power Integrations' motion to compel."  In its Motion, Power Integrations seeks to compel this testimony.  When Fairchild offers these depositions, however, Power Integrations refuses.

     Power Integrations practice of demanding then refusing deposition dates is in bad faith.  As you know, Fairchild offered to produce Messrs. Beaver and Conrad for deposition on November 3 and 4, 2005.  Power Integrations refused to depose those witnesses on those dates even though I clearly explained that Fairchild would likely be unable to produce those witnesses before January, 2006.  Fairchild has long since offered those witnesses on January 11 and 12, 2006, but Power Integrations, once again, refuses to depose them.  While we understand that Power Integrations may have a trial before the ITC, different attorneys represent Power Integrations in each action.  Surely, you cannot expect this case to halt simply because Power Integrations is pursing multiple litigation against multiple parties in multiple forums.

     We are especially confused by your refusal to depose Mr. Barnes, Fairchild's 30(b)(6) witness.  Despite the fact that Mr. Barnes works in Portland, Maine, Fairchild volunteered to bring



**ORRICK**

Michael Headley
12/6/2005
Page 2

Mr. Barnes to Power Integrations' local office for deposition on December 15, 2005. If Power Integrations refuses to depose Mr. Barnes, that is Power Integrations' decision but it is highly unlikely that Mr. Barnes will be available again before January, 2006.

Thus, we ask that you reconsider your refusal to depose Fairchild's witnesses. Please let me know by 5:00 p.m. on Wednesday, December 7, 2005 whether Power Integrations wishes to depose any of Messrs. Barnes, Conrad, Beaver, or Schott on the dates they are available. If Power Integrations chooses not to, we will let the witnesses know that they will not be deposed those days. If that occurs, I am not sure when these depositions can be rescheduled.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

DOCSSV1:438499.1

# EXHIBIT E

12/06/2005 18:30 FAX 6508395071              FISH & RICHARDSON                              @002

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE & U.S. MAIL**

December 6, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:   Power Integrations, Inc. v. Fairchild Semiconductor Int'l
      USDC-D. Del. - C.A. No. 04-1371 JJF



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

This letter responds to your letter of today regarding Power Integrations' motion to compel and the depositions of Fairchild employees. Your letter suggests there is some contradiction in Power Integrations not accepting the proposed dates for depositions while moving to compel financial discovery, but this is not the case. Power Integrations will take the depositions of Fairchild's witnesses on damages-related issues, but it is of no use to do so when Fairchild has yet to produce the necessary financial documents and information to make good use of the deposition time. As I wrote yesterday, we do not consider Fairchild to be offering any realistic dates for depositions when it refuses to provide the necessary financial documents with sufficient lead time for Power Integrations to prepare for the depositions.

Your letter also suggests some surprise in receiving Power Integrations' motion to compel, but my last letter on the topic before filing the motion explicitly noted

> If Fairchild does not produce the information and identify witnesses by the close of business on Wednesday, November 30, Power Integrations will move to compel production.

Headley letter to de Blank of Nov. 26, 2005. Fairchild ignored that letter for more than four full business days before Power Integrations ultimately moved to compel on December 2.

Your letter also suggests Fairchild has been "working to arrange much of the discovery" Power Integrations has moved to compel, but we have heard nothing from you for more than two weeks regarding the foundational documents (including in particular financial information in electronic format) Power Integrations has sought to obtain for months now. If your letter is an agreement to produce the documents Power Integrations has been seeking, I am glad to hear it. That does not appear to be the case, however, given Fairchild's silence with respect to the production of the

FISH & RICHARDSON P.C.

Bas de Blank
December 6, 2005
Page 2


financial documents and spreadsheets Power Integrations needs to complete damages discovery.

Sincerely,

Michael R. Headley

50315889.doc

# EXHIBIT F

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

**VIA FACSIMILE & U.S. MAIL**
(650) 614-7401

December 8, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:    Power Integrations, Inc. v. Fairchild Semiconductor International
       USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Bas:

This letter is to memorialize our discussion of this afternoon with regard to the deposition of Fairchild employee Jeff Barnes. You reiterated that you were willing to make Mr. Barnes available for deposition in Silicon Valley on December 15 as Fairchild's 30(b)(6) witnesses for topics 30-34, but you had no further word for me on the production of any documents from Mr. Barnes. Nor could you confirm that you would be producing any Fairchild financial information, including the electronic data we've been seeking for some time now. I noted that Power Integrations' position on the damages depositions was set forth in our letters and Motion to Compel, specifically, that we could not proceed with any damages-related depositions without the necessary documents to prepare for the deposition.

You pointed to the 50-page POS report Fairchild recently produced as containing (in your view) the entirety of what Power Integrations was asking for, but I raised a number of issues regarding the document, including the facts that several large accounts seem to be missing, that we cannot determine whether the POS report contains only distribution sales or also direct sales, and that we've yet to receive the information in the readily usable electronic format in which it is maintained. You did not have any answers to these questions, nor could you confirm that Fairchild had produced a complete set of worldwide sales data as Power Integrations seeks in its motion to compel. In light of the lack of information from your end and Fairchild's continued refusal to produce the financial information Power Integrations needs to prepare its case, Power Integrations cannot proceed with the deposition of Mr. Barnes or consider Fairchild to be offering Mr. Barnes for deposition in any realistic sense.

As such, it appears highly unlikely we will be able to proceed with Mr. Barnes's

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

FISH & RICHARDSON P.C.

Bas de Blank
December 8, 2005
Page 2


deposition next week. We await further response from you on this issue, though, and will reconsider it in light of any such response

Sincerely,

Michael R. Headley

/vfl

50316367.doc

# EXHIBIT G

## de Blank, Bas

**From:**     Michael Headley [Headley@fr.com]

**Sent:**     Thursday, December 08, 2005 6:21 PM

**To:**       de Blank, Bas

**Subject:** Re: PI-Fairchild: continued deposition of Mr. Morrill

Bas,

I received your letter of today regarding the continued deposition of Robert Morrill.  I am sorry to learn that Mr. Morrill will not be available for deposition as originally scheduled for December 15.  Unfortunately, the one date you've proposed to reschedule the deposition between now and February falls squarely between Christmas and New Years and is not workable on our end.

Please let me know when Mr. Morrill will be available in February to continue his deposition per the suggestion in your letter so that we can work to get something on calendar.

Sincerely,

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)

This e-mail may contain confidential and privileged information. If you received it in error, please contact the sender and delete all copies.

# EXHIBIT H



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
*tel* 650·614·7400
*fax* 650·614·7401
WWW.ORRICK.COM

September 28, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND U.S. MAIL*

Howard G. Pollack
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Re:   <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Howard:

We received your letter of September 22, 2005 concerning Fairchild's 30(b)(6) witnesses and a corrected version of that letter on September 23, 2005. While your letter includes a number of "nonresponsive responses", it does not indicate what 30(b)(6) topic Power Integrations believes was not adequately addressed. Please provide this information.

Fairchild strongly disagrees that its 30(b)(6) witnesses failed to provide appropriate testimony on the deposition topics for which they were designated. Indeed, during the deposition we repeatedly requested that you identify any question or topic for which Power Integrations believed the witness did not adequately respond. For those few instances where you requested additional information, we had the witness investigate the question during the break and provide further testimony if appropriate. It is not proper for you to wait until the witness is excused and the attorneys have returned to the United States before suggesting that there were other deficiencies.

While we do not believe any additional witnesses are necessary on the 30(b)(6) topics addressed by the Korean witnesses, we are particularly confused by your request that we produce two specific witnesses – H.K. Kim and Atman Chau. As an initial matter, Mr. Chau has left Fairchild as of August 31, 2005. If you have reason to believe that Mr. H.K. Kim possesses responsive information that the designated 30(b)(6) did not provide, please let me know.

Notwithstanding these facts, as we have long since agreed, Fairchild will produce additional 30(b)(6) witnesses in the United States on October 3 and 4, 2005. As I have discussed with Michael Headley, Fairchild presently intends to designate Mr. Godbout on topic nos. 25 and 27, Mr. Jensen on topic nos. 25-27, 30-33, and 36, and Mr. Gendron on topic no. 28 of Power Integrations 30(b)(6) deposition notice. It is possible that these designations will change. Should that happen, we will let you know.

You request that Fairchild produce additional documents concerning "the FSD500 series of products (which we believe may include at least the 500, 510, and 520) and the FAN7602." We

DOCSSV1:427544.1



**ORRICK**

Howard G. Pollack
September 28, 2005
Page 2

note, however, that the FSD510, FSD520, and FAN7602 are not at issue in this case and have never been accused of infringing any claim of any of the patents-in-suit. *See* Power Integrations' Supplemental Response to Interrogatory No. 1. Moreover, despite our repeated requests that Power Integrations identify the accused devices, Power Integrations delayed accusing the FSD500 until June 30, 2005 – the deadline for the production of documents. Thus, while we will produce schematics for the FSD500, please do not assume that Fairchild will produce additional witnesses with respect to this device.

Finally, you requested that Fairchild identify its sales of its accused devices on a by-customer and by-product basis. This information was provided to Power Integrations in Fairchild's interrogatory responses. *See* Fairchild's Responses to Interrogatory Nos. 6 and 8-10. Further, the rough data from Fairchild's database was produced at Bates nos. FCS0668851-964. Please let me know if you have any further questions.

Sincerely,

Bas de Blank

cc:     William J. Marsden, Jr.

DOCSSV1:427544.1

# EXHIBIT I



## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

October 28, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA  94036

Re:   <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Gina:

I write in response to your letter of October 25, 2005.  As Fairchild has previously informed you and other Power Integrations attorneys, Fairchild is working to identify a witness or witnesses able to testify in response to deposition topic nos. 29-35 (subject, of course, to Fairchild's objections to these topics and the testimony already provided by Mr. Im and other witnesses).

With respect to the adequacy of the preparation of the Fairchild witnesses, I note that the only topics for which you identify allegedly deficient responses are topic nos. 7, 8, 26 and 28.  Thus, Fairchild assumes that Power Integrations agrees that Fairchild's witnesses have adequately responded to the other topics for which they have been designated.  If this is not the case, please let me know immediately and for each additional topic Power Integrations believes the witness was unprepared, please identify the particular responses at issue.

With respect to topic nos. 7, 8, 26, and 28, Fairchild disagrees with your characterization of the testimony of the Fairchild witnesses.  Each was fully prepared to testify in response to the topics for which they were designated.  This difference of opinion appears the result of a fundamental disagreement over what is required by the Federal Rules.  You write, "Fairchild has an obligation to provide 30(b)(6) witnesses who are knowledgeable about the topics for which they are designated."  This is incorrect.  Fairchild has an obligation to designate someone to testify "as to matters known or reasonably available to the organization."  *See* Fed. R. Civ. P. 30(b)(6).  Thus, to the extent that information about the activities of third parties is not "known or reasonably available to Fairchild", it is entirely appropriate for a 30(b)(6) witness to so testify.

Thus, we do not believe it necessary or appropriate to designate Mr. H.K. Kim – or any other witness – to testify in response to topic nos. 7, 8, 26, or 28.  Power Integrations has never noticed Mr. Kim's deposition and the time for additional discovery has long since passed.

DOCSSV1:432614.1



**ORRICK**

Gina M. Steele
October 28, 2005
Page 2


    I trust this resolves your questions on this issue. Should you wish to discuss it further, however, please do not hesitate to call.


                        Sincerely,

                        Bas de Blank

                        Bas de Blank

cc:     William J. Marsden, Jr.
        Howard G. Pollack

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a Delaware
corporation,

Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION,
a Delaware corporation,

Defendants.

C.A. No. 04-1371

## DECLARATION OF BAS DE BLANK IN SUPPORT OF
## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
## TO COMPEL DAMAGES DISCOVERY

I, Bas de Blank, the undersigned, declare as follows:

1.      I am an attorney with the firm of Orrick, Herrington & Sutcliffe LLP, counsel of
record for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor
Corp. (collectively, "Fairchild"). I am admitted to the Bar of the State of California. I make this
declaration in support of Defendants' Motion to Amend the Schedule. I make this declaration of
my own personal knowledge and, if called as a witness, I could and would testify competently to
the truth of the matters set forth herein.

2.      Attached hereto as Exhibit A is a true and correct copy of a letter from Bas de
Blank to Howard G. Pollack dated February 3, 2005.

3.      Attached hereto as Exhibit B is a true and correct copy of a letter from Bas de
Blank to Michael Headley dated December 5, 2005.

4.      Attached hereto as Exhibit C is a true and correct copy of a letter from Michael R.
Headley to Bas de Blank dated December 5, 2005.

5.      Attached hereto as Exhibit D is a true and correct copy of a letter from Bas de Blank to Michael Headley dated December 6, 2005.

6.      Attached hereto as Exhibit E is a true and correct copy of a letter from Michael R. Headley to Bas de Blank dated December 6, 2005.

7.      Attached hereto as Exhibit E is a true and correct copy of a letter from Michael R. Headley to Bas de Blank dated December 6, 2005.

8.      Attached hereto as Exhibit F is a true and correct copy of a letter from Bas de Blank to Howard G. Pollack dated December 8, 2005.

9.      Attached hereto as Exhibit G is a true and correct copy of an electronic message from Michael Headley to Bas de Blank dated December 8, 2005.

10.     Attached hereto as Exhibit H is a true and correct copy of a letter from Bas de Blank to Howard G. Pollack dated September 28, 2005.

11.     Attached hereto as Exhibit I is a true and correct copy of a letter from Bas de Blank to Gina M. Steele dated October 28, 2005.


I declare the foregoing is true and correct under penalty of perjury under the laws of the United States of America.

Executed on December 14, 2005 in Menlo Park, California.

_____
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP

- 2 -

# EXHIBIT A



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

February 3, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND MAIL (650) 839-5070*

Howard G. Pollack
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Re:    <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Howard:

Thank you for responding to my letter of January 26, 2005 and identifying the Fairchild devices presently accused by Power Integrations of infringing the patents-in-suit. In order to meet the parties' ambitious schedule and complete document production no later than June 30, 2005, we intend to begin to gather documents concerning the accused FSDH0165, FSDL0365, FSDM0565, FSD200, and FSD210 families of products shortly.

As we discussed, we anticipate that the majority of documents related to the accused families of Fairchild devices are located entirely in Korea and written in Korean. This makes any effort to gather such documents both complicated and expensive. To avoid the undue expense of having to return to Korea to search for additional documents, we wish to confirm that Power Integrations does not intend to accuse any additional Fairchild devices outside of the five accused families. Should Power Integrations later seek to broaden the scope of accused products, however, we reserve the right to shift the cost of the collection, review, and production of additional documents to Power Integrations.

It appears likely that Fairchild will produce electronic documents concerning the five accused families of products. Should this happen, Fairchild intends to produce such documents in TIFF format. This is consistent with guidelines for electronic discovery in the Delaware courts and will facilitate inclusion of Bates numbers and the appropriate confidentiality designation on each page.

Finally, your letter of January 31, 2005 did not respond to our request that Power Integrations identify which claims it asserts from the patents-in-suit and, specifically, which Fairchild product or products are accused of infringing each such claim. We repeat our request for this information as it will facilitate our investigation of Power Integrations' allegations and our collection of responsive documents.

DOCSSV1:293536.1



**ORRICK**

Howard G. Pollack
February 3, 2005
Page 2

      Thank you for your assistance in these matters. Please do not hesitate to call should you have any questions.

                    Sincerely,

                    Bas de Blank

cc:    William J. Marsden, Jr.

DOCSSV1:293536.1

# EXHIBIT B



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA  94025
tel  650-614-7400
fax  650-614-7401
WWW.ORRICK.COM

December 5, 2005

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA  94036

Re:    <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Michael:

We were surprised to receive a copy of Power Integrations' motion to compel. As you know, for some time Fairchild has been seeking to schedule the depositions of the witnesses Power Integrations seeks. Indeed, Fairchild offered Messrs. Conrad and Beaver for deposition in early November but Power Integrations rejected those dates. At the time, I cautioned that the next available dates for those witnesses were in January, 2006. While, at Power Integrations' request, we have endeavored to find earlier dates, none are available. Thus, as we have previously indicated, Messrs. Conrad and Beaver are available for deposition in Portland, Maine on January 11 and 12, 2006. While it was Power Integrations' refusal to depose these witnesses during the discovery period that has led to the difficulty with respect to the date of Power Integrations' damages report, to minimize any inconvenience we are willing to extend the dates for the damages expert reports. If you would like to do so, please let me know what you believe a reasonable schedule to be.

You have also noticed Steven Schott for deposition. As I have explained, Mr. Schott is an in-house attorney for Fairchild so most of the testimony he could provide will be privileged. Notwithstanding this, Power Integrations has requested dates for Mr. Schott's deposition. Mr. Schott is available in Portland, Maine on January 13, 2006.

Finally, Fairchild presently intends to designate Jeff Barnes as its 30(b)(6) witness to respond to Power Integrations' remaining deposition topics. Mr. Barnes will make himself available for deposition at your offices in Redwood City on December 15, 2005. The parties had previously

DOCSSV1:438366.1



**ORRICK**

Michael Headley
12/5/2005
Page 2

agreed to continue Mr. Morrill's deposition that day.  If you would like to reschedule Mr. Morrill in order to accommodate Mr. Barnes' deposition, please let me know.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

DOCSSV1:438366.1

# EXHIBIT C

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

December 5, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:    Power Integrations Inc. v. Fairchild Semiconductor Int'l
       USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Bas:

This letter responds to your letter of today regarding Power Integrations' motion to compel and damages-related depositions. I find it hard to believe you "were surprised" by the motion in light of the numerous letters I sent you these past several weeks regarding the deficiencies in Fairchild's production of financial information and witnesses. My inquiries noted we would bring Fairchild's deficiencies to the Court's attention, yet you completely ignored my last such meet and confer letter, even though it provided a full three business days in which to respond (extended a fourth day before we filed the motion).

Regardless, we need to table any discussion of deposition scheduling pending resolution of Power Integrations' motion to compel. We cannot accept any dates before the resolution of the issues raised in the motion (whether you produce the information voluntarily or the Court resolves the issue), and we do not consider you to be offering any realistic dates unless and until you produce the necessary financial information with sufficient time for us to review it in advance of any deposition.

Nor can we accept your "offer" of dates for depositions in Portland on January 11-13, having told you in the past those dates are not feasible. I am not sure why you have ignored my prior statements regarding those dates, including the fact that Power Integrations will be preparing for a trial before the ITC in Washington, D.C. that week, when you suggest the same timing for the depositions of Mssrs. Conrad, Beaver, and Schott.

I also disagree with your contention regarding the import and privilege status of Mr. Schott's testimony. The depositions to date have shown that Mr. Schott interacted with the people who wrote Fairchild's opinion letters, and Mr. Schott received the letters on behalf of Fairchild. As such, his role is not as trivial (or privileged) as you suggest.

FISH & RICHARDSON P.C.

Bas de Blank
December 5, 2005
Page 2


As for Jeff Barnes, your letter presents the first mention of this witness to date.  You
do not indicate whether we have received his documents, or if not when you plan to
produce them, but we cannot schedule his deposition on the remaining 30(b)(6) topics
without these and the other relevant financial documents as noted above.  Please let
me know Fairchild's plan for the production of financial information and documents
from Jeff Barnes, and the precise topics on which he is to testify, so that we can make
some progress toward resolving these outstanding issues.

I look forward to your response.

Sincerely,

Michael R. Headley

50315672.doc

# EXHIBIT D



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA  94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

December 6, 2005

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA  94036

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

I write about the deposition of Fairchild witnesses.  As I explained in my letter of December 5, 2005, Fairchild was surprised that Power Integrations filed its pending motion to compel since, as you know, the parties were working to arrange much of the discovery that Power Integrations moves to compel.  I was especially surprised that Power Integrations filed its motion to compel without providing so much as the courtesy of a phone call because, in the past, you had requested – and, I had agreed – that the parties would notify each other before filing motions with the Court. This is required by the Court's Local Rules.  We are disappointed that Power Integrations chose not abide.

We are confused by your statement that the parties "need to table any discussion of deposition scheduling pending resolution of Power Integrations' motion to compel."  In its Motion, Power Integrations seeks to compel this testimony.  When Fairchild offers these depositions, however, Power Integrations refuses.

Power Integrations practice of demanding then refusing deposition dates is in bad faith.  As you know, Fairchild offered to produce Messrs. Beaver and Conrad for deposition on November 3 and 4, 2005.  Power Integrations refused to depose those witnesses on those dates even though I clearly explained that Fairchild would likely be unable to produce those witnesses before January, 2006.  Fairchild has long since offered those witnesses on January 11 and 12, 2006, but Power Integrations, once again, refuses to depose them.  While we understand that Power Integrations may have a trial before the ITC, different attorneys represent Power Integrations in each action.  Surely, you cannot expect this case to halt simply because Power Integrations is pursing multiple litigation against multiple parties in multiple forums.

We are especially confused by your refusal to depose Mr. Barnes, Fairchild's 30(b)(6) witness.  Despite the fact that Mr. Barnes works in Portland, Maine, Fairchild volunteered to bring



**ORRICK**

Michael Headley
12/6/2005
Page 2

Mr. Barnes to Power Integrations' local office for deposition on December 15, 2005. If Power Integrations refuses to depose Mr. Barnes, that is Power Integrations' decision but it is highly unlikely that Mr. Barnes will be available again before January, 2006.

Thus, we ask that you reconsider your refusal to depose Fairchild's witnesses. Please let me know by 5:00 p.m. on Wednesday, December 7, 2005 whether Power Integrations wishes to depose any of Messrs. Barnes, Conrad, Beaver, or Schott on the dates they are available. If Power Integrations chooses not to, we will let the witnesses know that they will not be deposed those days. If that occurs, I am not sure when these depositions can be rescheduled.

Sincerely,

Bas de Blank

cc:     William J. Marsden, Jr.
        Howard G. Pollack

DOCSSV1:438499.1

# EXHIBIT E

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

Telephone
650 839-5070

W.K. Richardson
1859-1951

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com



**VIA FACSIMILE & U.S. MAIL**

December 6, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:    Power Integrations, Inc. v. Fairchild Semiconductor Int'l
       USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Bas:

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

This letter responds to your letter of today regarding Power Integrations' motion to compel and the depositions of Fairchild employees. Your letter suggests there is some contradiction in Power Integrations not accepting the proposed dates for depositions while moving to compel financial discovery, but this is not the case. Power Integrations will take the depositions of Fairchild's witnesses on damages-related issues, but it is of no use to do so when Fairchild has yet to produce the necessary financial documents and information to make good use of the deposition time. As I wrote yesterday, we do not consider Fairchild to be offering any realistic dates for depositions when it refuses to provide the necessary financial documents with sufficient lead time for Power Integrations to prepare for the depositions.

Your letter also suggests some surprise in receiving Power Integrations' motion to compel, but my last letter on the topic before filing the motion explicitly noted

> If Fairchild does not produce the information and identify
> witnesses by the close of business on Wednesday, November 30,
> Power Integrations will move to compel production.

Headley letter to de Blank of Nov. 26, 2005. Fairchild ignored that letter for more than four full business days before Power Integrations ultimately moved to compel on December 2.

Your letter also suggests Fairchild has been "working to arrange much of the discovery" Power Integrations has moved to compel, but we have heard nothing from you for more than two weeks regarding the foundational documents (including in particular financial information in electronic format) Power Integrations has sought to obtain for months now. If your letter is an agreement to produce the documents Power Integrations has been seeking, I am glad to hear it. That does not appear to be the case, however, given Fairchild's silence with respect to the production of the

FISH & RICHARDSON P.C.

Bas de Blank
December 6, 2005
Page 2


financial documents and spreadsheets Power Integrations needs to complete damages
discovery.

Sincerely,

Michael R. Headley

50315889.doc

# EXHIBIT F

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

**VIA FACSIMILE & U.S. MAIL**
(650) 614-7401

December 8, 2005

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re: Power Integrations, Inc. v. Fairchild Semiconductor International
    USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Bas:

This letter is to memorialize our discussion of this afternoon with regard to the deposition of Fairchild employee Jeff Barnes. You reiterated that you were willing to make Mr. Barnes available for deposition in Silicon Valley on December 15 as Fairchild's 30(b)(6) witnesses for topics 30-34, but you had no further word for me on the production of any documents from Mr. Barnes. Nor could you confirm that you would be producing any Fairchild financial information, including the electronic data we've been seeking for some time now. I noted that Power Integrations' position on the damages depositions was set forth in our letters and Motion to Compel, specifically, that we could not proceed with any damages-related depositions without the necessary documents to prepare for the deposition.

You pointed to the 50-page POS report Fairchild recently produced as containing (in your view) the entirety of what Power Integrations was asking for, but I raised a number of issues regarding the document, including the facts that several large accounts seem to be missing, that we cannot determine whether the POS report contains only distribution sales or also direct sales, and that we've yet to receive the information in the readily usable electronic format in which it is maintained. You did not have any answers to these questions, nor could you confirm that Fairchild had produced a complete set of worldwide sales data as Power Integrations seeks in its motion to compel. In light of the lack of information from your end and Fairchild's continued refusal to produce the financial information Power Integrations needs to prepare its case, Power Integrations cannot proceed with the deposition of Mr. Barnes or consider Fairchild to be offering Mr. Barnes for deposition in any realistic sense.

As such, it appears highly unlikely we will be able to proceed with Mr. Barnes's

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Case 1:04-cv-01371-JJF     Document 149-2     Filed 12/14/2005     Page 46 of 55

FISH & RICHARDSON P.C.

Bas de Blank
December 8, 2005
Page 2


deposition next week.  We await further response from you on this issue, though, and
will reconsider it in light of any such response

Sincerely,

Michael R. Headley

/vfl

90316367.doc

# EXHIBIT G

## de Blank, Bas

**From:**    Michael Headley [Headley@fr.com]
**Sent:**    Thursday, December 08, 2005 6:21 PM
**To:**    de Blank, Bas
**Subject:** Re: PI-Fairchild: continued deposition of Mr. Morrill

Bas,

I received your letter of today regarding the continued deposition of Robert Morrill. I am sorry to learn that Mr. Morrill will not be available for deposition as originally scheduled for December 15. Unfortunately, the one date you've proposed to reschedule the deposition between now and February falls squarely between Christmas and New Years and is not workable on our end.

Please let me know when Mr. Morrill will be available in February to continue his deposition per the suggestion in your letter so that we can work to get something on calendar.

Sincerely,

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)

This e-mail may contain confidential and privileged information. If you received it in error, please contact the sender and delete all copies.

# EXHIBIT H



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

September 28, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE AND U.S. MAIL*

Howard G. Pollack
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Re:    <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Howard:

We received your letter of September 22, 2005 concerning Fairchild's 30(b)(6) witnesses and a corrected version of that letter on September 23, 2005. While your letter includes a number of "nonresponsive responses", it does not indicate what 30(b)(6) topic Power Integrations believes was not adequately addressed. Please provide this information.

Fairchild strongly disagrees that its 30(b)(6) witnesses failed to provide appropriate testimony on the deposition topics for which they were designated. Indeed, during the deposition we repeatedly requested that you identify any question or topic for which Power Integrations believed the witness did not adequately respond. For those few instances where you requested additional information, we had the witness investigate the question during the break and provide further testimony if appropriate. It is not proper for you to wait until the witness is excused and the attorneys have returned to the United States before suggesting that there were other deficiencies.

While we do not believe any additional witnesses are necessary on the 30(b)(6) topics addressed by the Korean witnesses, we are particularly confused by your request that we produce two specific witnesses – H.K. Kim and Atman Chau. As an initial matter, Mr. Chau has left Fairchild as of August 31, 2005. If you have reason to believe that Mr. H.K. Kim possesses responsive information that the designated 30(b)(6) did not provide, please let me know.

Notwithstanding these facts, as we have long since agreed, Fairchild will produce additional 30(b)(6) witnesses in the United States on October 3 and 4, 2005. As I have discussed with Michael Headley, Fairchild presently intends to designate Mr. Godbout on topic nos. 25 and 27, Mr. Jensen on topic nos. 25-27, 30-33, and 36, and Mr. Gendron on topic no. 28 of Power Integrations 30(b)(6) deposition notice. It is possible that these designations will change. Should that happen, we will let you know.

You request that Fairchild produce additional documents concerning "the FSD500 series of products (which we believe may include at least the 500, 510, and 520) and the FAN7602." We

DOCSSV1:427544.1



**ORRICK**

Howard G. Pollack
September 28, 2005
Page 2

note, however, that the FSD510, FSD520, and FAN7602 are not at issue in this case and have never been accused of infringing any claim of any of the patents-in-suit. *See* Power Integrations' Supplemental Response to Interrogatory No. 1. Moreover, despite our repeated requests that Power Integrations identify the accused devices, Power Integrations delayed accusing the FSD500 until June 30, 2005 – the deadline for the production of documents. Thus, while we will produce schematics for the FSD500, please do not assume that Fairchild will produce additional witnesses with respect to this device.

Finally, you requested that Fairchild identify its sales of its accused devices on a by-customer and by-product basis. This information was provided to Power Integrations in Fairchild's interrogatory responses. *See* Fairchild's Responses to Interrogatory Nos. 6 and 8-10. Further, the rough data from Fairchild's database was produced at Bates nos. FCS0668851-964. Please let me know if you have any further questions.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.

# EXHIBIT I



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
www.orrick.com

October 28, 2005

Bas de Blank
(650) 614-7343
bdeblank@orrick.com

*VIA FACSIMILE*

Gina M. Steele
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:  <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Gina:

I write in response to your letter of October 25, 2005. As Fairchild has previously informed you and other Power Integrations attorneys, Fairchild is working to identify a witness or witnesses able to testify in response to deposition topic nos. 29-35 (subject, of course, to Fairchild's objections to these topics and the testimony already provided by Mr. Im and other witnesses).

With respect to the adequacy of the preparation of the Fairchild witnesses, I note that the only topics for which you identify allegedly deficient responses are topic nos. 7, 8, 26 and 28. Thus, Fairchild assumes that Power Integrations agrees that Fairchild's witnesses have adequately responded to the other topics for which they have been designated. If this is not the case, please let me know immediately and for each additional topic Power Integrations believes the witness was unprepared, please identify the particular responses at issue.

With respect to topic nos. 7, 8, 26, and 28, Fairchild disagrees with your characterization of the testimony of the Fairchild witnesses. Each was fully prepared to testify in response to the topics for which they were designated. This difference of opinion appears the result of a fundamental disagreement over what is required by the Federal Rules. You write, "Fairchild has an obligation to provide 30(b)(6) witnesses who are knowledgeable about the topics for which they are designated." This is incorrect. Fairchild has an obligation to designate someone to testify "as to matters known or reasonably available to the organization." *See* Fed. R. Civ. P. 30(b)(6). Thus, to the extent that information about the activities of third parties is not "known or reasonably available to Fairchild", it is entirely appropriate for a 30(b)(6) witness to so testify.

Thus, we do not believe it necessary or appropriate to designate Mr. H.K. Kim – or any other witness – to testify in response to topic nos. 7, 8, 26, or 28. Power Integrations has never noticed Mr. Kim's deposition and the time for additional discovery has long since passed.

DOCSSV1:432614.1



**ORRICK**

Gina M. Steele
October 28, 2005
Page 2


I trust this resolves your questions on this issue. Should you wish to discuss it further, however, please do not hesitate to call.

Sincerely,

Bas de Blank

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

DOCSSV1:432614.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2005, the attached **DECLARATION**

**OF BAS DE BLANK IN SUPPORT OF DEFENDANTS' OPPOSITION TO**

**PLAINTIFF'S MOTION TO COMPEL DAMAGES DISCOVERY** was served upon the

below-named counsel of record at the address and in the manner indicated:

William J. Marsden, Jr., Esquire                                   HAND DELIVERY
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899

Frank E. Scherkenbach, Esquire                          VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Michael Kane, Esquire                                        VIA FEDERAL EXPRESS
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402

Howard G. Pollack, Esquire                                VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Andre G. Bouchard, Esquire                                       HAND DELIVERY
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801


*/s/ John G. Day*
_____
John G. Day