IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAIRCHILD SEMICONDUCTOR )<br>INTERNATIONAL, INC., and FAIRCHILD )<br>SEMICONDUCTOR CORPORATION, )<br>)<br>Defendants. ) | C.A. No. 04-1371-JJF |

**DEFENDANTS' MOTION FOR
PROTECTIVE ORDER RE DEPOSITION OF DELL, INC.**

### I. INTRODUCTION

Plaintiff Power Integrations, Inc. seeks to depose Dell, Inc. ("Dell") on Thursday, January 12, 2006 by videoconference starting at 10:00 *at night* in Washington, D.C. The first notice that Fairchild had of this deposition was an electronic message sent at 6:25 a.m. on Monday, January 9, 2006 – three and a half days before the deposition was to proceed. While Fairchild does not object to Power Integrations deposing Dell, Fairchild cannot prepare for that deposition on such short notice. Thus, Fairchild respectfully requests that the Court issue a protective order quashing that deposition so that the parties and Dell can meet and confer to agree upon a mutually convenient date, time, location, and manner of deposition.

### II. BACKGROUND

Power Integrations noticed the deposition of Dell on August 10, 2005. Declaration of Bas de Blank in Support of Fairchild's Motion to for Protective Order ("de Blank Decl."), Exh. A.[1] That notice specified that the deposition would occur on September 12, 2005 at the Austin, Texas offices of Power Integrations' counsel. *Id.* The notice indicated that "the deposition will be taken before a notary public or other officer authorized by law to administer oaths." *Id.*

---

[1] Fairchild has attached a copy of the deposition notices rather than refer the Court to their docket item numbers because Power Integrations has not filed the notices of deposition as required by Local Rule 5.4

Specifically, the notice did not indicate that the deposition would proceed by video conference.

The first notice Fairchild received that Power Integrations had set a new date for this deposition was an electronic message sent on Monday, January 9, 2006. de Blank Decl., Exh. B. In that message, Power Integrations stated that the deposition would (i) occur on Thursday, January 12, 2006, (ii) be in Washington, D.C., (iii) occur by videoconference, and (iv) begin at 10:00 *p.m.*

That same day, Fairchild objected to the inadequate notice and unilateral manner in which Power Integrations schedule the deposition and asked that Power Integrations reschedule it for a date and time that were mutually convenient. de Blank Decl., Exh. C. Power Integrations refused and, instead, on January 10, 2006 served an amended notice indicating that the deposition would proceed on January 12, 2006. *Id.*, Exh. D. In light of Power Integrations' refusal to reschedule the deposition, on January 10, 2006 Fairchild confirmed that it would file this motion. *Id.*, Exh. E.

### III. ARGUMENT

To be clear, Fairchild does not object to Power Integrations deposing Dell. Until now, the parties have been relatively successful at agreeing upon deposition dates and times. It violates Local Rule 30.1 and is fundamentally unfair, however, for Power Integrations to unilaterally schedule a deposition to occur late at night 3000 miles from the offices of Fairchild's attorneys on a mere three and a half days notice. Thus, Fairchild requests that the Court quash the deposition notice:

> Upon motion by a party… accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause show, the court in which the action is pending… may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> * * *
>
> (2)     that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place….

Fed. R. Civ. P. 26(c). Power Integrations should be ordered to meet and confer with Fairchild

2

and Dell to agree upon a mutually agreeable time, date, location, and manner of deposition.

Pursuant to Delaware Local Rule 30.2, Fairchild's timely filing of this Motion automatically stays the Dell deposition. Power Integrations, however, has indicated that notwithstanding the Local Rule, Power Integrations will proceed with the deposition since Power Integrations claims that it also is relevant to Power Integrations' pending litigation with non-party Systems General before the International Trade Commission. *See* de Blank Decl., Exh. D. Should Power Integrations proceed with that ITC deposition, Fairchild requests that the Court clarify that the deposition testimony cannot be used by Power Integrations in this case for any purpose:

> Nor shall a deposition be used against a party who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order under Rule 26(c)(2) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held.

Fed. R. Civ. P. 32(a)(3).

## IV. CONCLUSION

The Court should quash Dell's inadequate notice of deposition and order Power Integrations to meet and confer with Fairchild and Dell on the date, time, location, and manner of deposition.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*
*FAIRCHILD SEMICONDUCTOR*

*INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated:  January 11, 2006
165519.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1371-JJF |
| ) | |
| FAIRCHILD SEMICONDUCTOR ) | |
| INTERNATIONAL, INC., and FAIRCHILD ) | |
| SEMICONDUCTOR CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION
FOR PROTECTIVE ORDER RE DEPOSITION OF DELL, INC.**

Having considered defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp.'s Motion for Protective Order re Deposition of Dell, Inc., plaintiff Power Integrations, Inc.'s opposition, the pleadings and papers on file with the Court, and good cause appearing therefore,

IT IS HEREBY ORDERED as follows:

(1) Defendants' Motion for Protective Order is **GRANTED**;

(2) Plaintiff, Defendants, and Dell, Inc. shall meet and confer to agree upon a mutually convenient date, time, location, and manner of the deposition of Dell, Inc.; and,

(3) Should Plaintiff proceed with the deposition of Dell, Inc. on Thursday, January 12, 2006 in the matter pending before the International Trade Commission, Plaintiff shall not rely upon this deposition testimony for any purpose in this case.

IT IS SO ORDERED.

_____
United States District Judge

Dated: _____, 2006

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1**

I hereby certify that counsel have discussed the attached motion, but that an agreement could not be reached.

*/s/ John G. Day*
_____
John G. Day

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of January, 2006, the attached **DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE DEPOSITION OF DELL, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899 | **HAND DELIVERY** |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | **VIA FEDERAL EXPRESS** |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN 55402 | **VIA FEDERAL EXPRESS** |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | **VIA FEDERAL EXPRESS** |

*/s/ John G. Day*
_____
John G. Day