# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

## NOTICE OF DEPOSITION & SERVICE OF SUBPOENA

TO:    **VIA FACSIMILE & U.S. MAIL**
Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

**VIA FACSIMILE & U.S. MAIL**
G. Hopkins Guy, III
Bas de Blank
Duo Chen
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025

**PLEASE TAKE NOTICE** that on the 10th day of August, Plaintiff Power

Integrations, Inc. initiated service of the attached subpoena upon **Dell Inc.**, 1 Dell Way,

Round Rock, TX 78682-2222 c/o Corporation Service Company, 2711 Centerville Road,

Suite 400, Wilmington, DE 19808.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to stipulation, Plaintiff

Power Integrations, Inc., by its counsel, will take the deposition of **Dell Inc.**, on Monday,

September 12, 2005, at 9:30 a.m., at Fish & Richardson P.C., One Congress Plaza, 111

Congress Avenue, 4th Floor, Austin, TX 78701.

    The deposition of **Dell Inc.** will continue from day to day, if necessary, until

completed. The deposition will be taken before a notary public or other officer

authorized by law to administer oaths. All of the deposition testimony will be recorded by stenographic, audio, and/or audiovisual means.

Dated: August 10, 2005

FISH & RICHARDSON P.C.

By: _____

William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Gina M. Steele
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50293180.doc

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August 2005, a true and correct copy of

the attached **NOTICE OF DEPOSITION & SERVICE OF SUBPOENA TO DELL**

**INC.** was caused to be served on the attorneys of record at the following addresses as

indicated:

**VIA FACSIMILE & U.S. MAIL**
Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

Attorneys for Defendant-
Counterclaimant
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

**VIA FACSIMILE & U.S. MAIL**
G. Hopkins Guy, III
Bas de Blank
Duo Chen
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

50293180.doc

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a Delaware
corporation,

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL,
INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION, a
Delaware corporation,

## SUBPOENA IN A CIVIL CASE

Case Number:[1] C.A. No. 04-1371

TO: DELL INC., 1 Dell Way, Round Rock, TX 78682-2222 c/o Corporation Service
Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| FISH & RICHARDSON P.C., One Congress Plaza, 111 Congress Ave., 4th Fl, Austin, TX 78701 (See Ex. A attached) | 9/12/05 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| FISH & RICHARDSON P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063 | 8/23/05 12:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff POWER INTEGRATIONS, INC. | August 10, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Sean P. Hayes (#44413), FISH & RICHARDSON P.C., 919 N. Market Street, Ste 1100,
Wilmington, DE 19899-1114 Tel:(302) 652-5070/Fax: (302) 652-0607

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                          SIGNATURE OF SERVER

                                                  _____
                                                  ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A
## TO DELL SUBPOENA

## DEFINITIONS

1. "Dell" means Dell, Inc., and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of Dell.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "You" and "Your" means or refers to Dell.

5. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Dell's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8. "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9. "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## TOPICS FOR EXAMINATION

1. The types and identities of Dell products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Dell.

2. The use of Fairchild PWM controllers in Dell products, including but not limited to the products identified in response to Request No. 1.

3. The unit volume of importation into the United States and unit volume of sales within the United States of the Dell products identified in response to Request No. 1.

4. The contents, origin, development, maintenance and authentication of any documents produced by Dell in response to Power Integrations' subpoena duces tecum in this investigation.

5. Communications between Dell and Fairchild or any of its sales agents, resellers or distributors.

## DOCUMENTS REQUESTED

1. Documents sufficient to show the identity of Dell products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Dell.

2. Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in Dell products, including but not limited to the products you identified in response to Request No. 1.

3. Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the Dell products identified in response to Request No. 1.

4. One representative sample of each of the Dell products identified in response to Request No. 1.

5. Documents reflecting or discussing communications between Dell and Fairchild or any of its sales agents, resellers or distributors.

50293127.doc

# EXHIBIT B

**de Blank, Bas**

| | |
|---|---|
| **From:** | Michael Headley [Headley@fr.com] |
| **Sent:** | Monday, January 09, 2006 6:24 AM |
| **To:** | de Blank, Bas |
| **Cc:** | VanderZanden, Brian; Michael Headley |
| **Subject:** | RE: PI-Fairchild - Dell deposition |

Bas,

Dell is presenting a witness to answer questions related to authentication of the documents/business records Dell produced for both cases via videoconference this coming Thursday, January 12, at 10:00 ET (11:00 am local time Friday in Singapore).  The videoconference will be held at F&R's Washington D.C. office.  Pursuant to Dell's request, and in keeping with Dell's cooperation to date, the deposition will serve for both cases.

I will let you know when I have further details.

Michael

# EXHIBIT C



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

January 9, 2006

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:   Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

We received an electronic message at 6:25 a.m. this morning stating that Power Integrations intends to depose a witness from Dell via videoconference this coming Thursday, January 12, 2006 at 10 *p.m.* from Washington, D.C. This is the first notice we received of this and object to the timing of this deposition. Indeed, given your repeated and categorical statements that it is impossible for Power Integrations to depose witnesses on January 12, 2006 we are especially confused.

Thus, we ask you to reschedule this deposition and are willing to meet and confer on an appropriate time. We do not, however, agree that this depositions should proceed by videoconference and do not understand why the deposition cannot occur in the United States, as set forth in your notice of deposition.

Please confirm no later than ***noon on Tuesday, January 10, 2006*** that the deposition will not go forward. Should we not hear from you by noon, we will have no choice but to seek a protective order prohibiting the deposition from going forward at that time. Pursuant to Delaware Local Rule 30.2, the filing of such a motion will automatically stay the deposition until the Court can resolve the issue. While we hope that this will not be necessary and believe that the parties can continue to work together to schedule a mutually acceptable location and date for this deposition, we wish to be perfectly clear that the deposition will not proceed this Thursday.

Sincerely,

Bas de Blank

Bas de Blank

cc:   William J. Marsden, Jr.
      Howard G. Pollack

DOCSSV1:442347.1

# EXHIBIT D

## de Blank, Bas

| | |
|---|---|
| **From:** | Michael Headley [Headley@fr.com] |
| **Sent:** | Tuesday, January 10, 2006 9:57 AM |
| **To:** | de Blank, Bas |
| **Subject:** | Re: PI-Fairchild: Dell deposition |
| **Attachments:** | PI-F Dell Amended NOD.doc |

Bas,

I received your letter regarding the deposition Dell has scheduled for both the Fairchild and the SG cases for this Thursday evening, and I am disappointed with your suggestion you might seek to obstruct the discovery (at least with respect to the Fairchild case--the deposition will certainly take place regardless of your participation). Dell is offering one deposition for both cases, and someone from the PI ITC team will handle it. You are, of course, invited to attend--I have provided an amended notice of deposition to that end. Mr. Guy told me today that he is headed to Washington tomorrow evening after Mr. Beaver's deposition in Portland, so it appears you will already have someone in DC for the deposition. There may also be an opportunity for you to participate via videoconference from somewhere other than Washington. I do not know the full details, as I am still on the road (on a lunch break from today's deposition), but the videoconferencing information I have is as follows:

Singapore Time:
Day: Friday
Date: 13th Jan 2006
Time: 11:00am to 12 noon
Austin Time:
Day: Thursday
Date 12th Jan 2006
Time: 9:00 pm to 10:00 pm

The SDC Video Conference Info is:
Equipment Type: Polycom VSX7000s
Video /ISDN #: (65) 6560-2057
Speed: 512K (max speed)
Phone #: (65) 6828-1206 (Night Safari Conference Room)
DELL IT Contact : Chee Yong (65-6828-1108) / Din (65-6828-1107)

In light of the range of options available to Fairchild, I see no reason for your objection, particularly when Dell has gone to such great lengths to cooperate with the discovery for both cases. I trust you can follow up with the IT contact directly regarding remote participation in the videoconference if you choose to go that route.

Sincerely,

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)

This e-mail may contain confidential and privileged information. If you received it in error, please contact the sender and delete all copies.

<<PI-F Dell Amended NOD.doc>>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

## AMENDED NOTICE OF DEPOSITION

TO:  **VIA ELECTRONIC MAIL**
Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

**VIA ELECTRONIC MAIL**
G. Hopkins Guy, III
Bas de Blank
Duo Chen
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025

**PLEASE TAKE NOTICE** that, pursuant to stipulation, Plaintiff Power

Integrations, Inc., by its counsel, will take the deposition of **Dell Inc.** via

videoconferencing for purposes of both the above captioned matter and the Power

Integrations matter pending before the International Trade Commission, *In the Matter of*

*CERTAIN POWER SUPPLY CONTROLLERS AND PRODUCTS CONTAINING SAME*,

Inv. No. 337-TA-541, on Thursday, January 12, 2006, at 10:00 p.m., at Fish &

Richardson P.C., 1425 K Street, N.W., 11th Floor, Washington, DC 20005-3500.

The deposition of **Dell Inc.** will be taken before a notary public or other officer

authorized by law to administer oaths. All of the deposition testimony will be recorded

by stenographic, audio, and/or audiovisual means.

Dated:  January 10, 2006            FISH & RICHARDSON P.C.


By:  /s/ Michael R. Headley _____
        William J. Marsden, Jr. (#2247)
        Sean P. Hayes (#4413)
        919 N. Market Street, Suite 1100
        P.O. Box 1114
        Wilmington, DE  19899-1114
        Telephone: (302) 652-5070
        Facsimile:  (302) 652-0607

        Frank E. Scherkenbach
        225 Franklin Street
        Boston, Massachusetts 02110-2804
        Telephone: (617) 542-5070
        Facsimile:  (617) 542-8906

        Howard G. Pollack
        Michael R. Headley
        500 Arguello Street, Suite 500
        Redwood City, California 94063
        Telephone: (650) 839-5070
        Facsimile:  (650) 839-5071

     Attorneys for Plaintiff
     POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January 2006, a true and correct copy of

the attached **AMENDED NOTICE OF DEPOSITION TO DELL INC.** was caused to

be served on the attorneys of record at the following addresses as indicated:

**VIA ELECTRONIC MAIL**
Steven J. Balick, Esq.                          Attorneys for Defendant-
John G. Day, Esquire                            Counterclaimant
Ashby & Geddes                                  FAIRCHILD SEMICONDUCTOR
222 Delaware Avenue, 17th Floor                 INTERNATIONAL, INC. and
P. O. Box 1150                                  FAIRCHILD SEMICONDUCTOR
Wilmington, DE 19899                            CORPORATION


**VIA ELECTRONIC MAIL**
G. Hopkins Guy, III                             Attorneys for Defendants
Bas de Blank                                    FAIRCHILD SEMICONDUCTOR
Duo Chen                                        INTERNATIONAL, INC. and
Orrick, Herrington & Sutcliffe, LLP             FAIRCHILD SEMICONDUCTOR
1000 Marsh Road                                 CORPORATION
Menlo Park, CA  94025


                                        /s/ Michael R. Headley
                                        Michael R. Headley

# EXHIBIT E



## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

January 10, 2006

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:    <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Michael:

We received your electronic message of today's date. First, you are incorrect. Hopkins Guy is not traveling to Washington, D.C. after Mr. Beaver's deposition. Rather, he is returning from Maine to California and will change planes in Washington, D.C. Moreover, your electronic message entirely misses the point -- it is fundamentally unreasonable for Power Integrations to (i) notice the deposition of Dell for September 12, 2005, (ii) fail to proceed with that deposition, and (iii) expect Fairchild to prepare for and participate in a deposition with less than four days notice. Thus, as explained in my letter of January 9, 2006, Fairchild will file a motion for protective order.

Fairchild intends to file its motion for protective order on January 11, 2006. Therefore, pursuant to the Delaware Local Rules, the Dell deposition is automatically stayed pending resolution of Fairchild's motion. *See* Delaware Local Rule 30.2. Should Power Integrations ignore the Delaware Local Rule and proceed with this deposition, we will object to any use of the Dell testimony by Power Integrations. *See* Fed. R. Civ. P. 32(a)(3). Further, we wish to remind Power Integrations of its obligations under the protective order and trust that Power Integrations will not discuss any Fairchild confidential information during the Dell deposition.

We remain willing to meet and confer to discuss a mutually agreeable date, time, location, and manner of deposition. Please let us know as soon as possible whether Power Integrations will agree to postpone this deposition. Should we not hear from you, Fairchild will seek a protective order on January 11, 2006.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

DOCSSV1:442597.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2006, the attached **DECLARATION OF BAS DE BLANK IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE DEPOSITION OF DELL, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

William J. Marsden, Jr., Esquire                     HAND DELIVERY
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899

Frank E. Scherkenbach, Esquire                     VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Michael Kane, Esquire                     VIA FEDERAL EXPRESS
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN  55402

Howard G. Pollack, Esquire                     VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

*/s/ John G. Day*

_____
John G. Day