IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION,  a Delaware corporation,<br><br>        Defendants. | C.A. No. 04-1371 JJF |

**PLAINTIFF POWER INTEGRATIONS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE DEPOSITION OF DELL, INC.**

Plaintiff Power Integrations, Inc. ("Power Integrations"), by and through its undersigned counsel, respectfully submits this Opposition to Defendants Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corporation's (collectively, "Fairchild") Motion for Protective Order re Deposition of Dell, Inc. ("Dell").

**I. INTRODUCTION**

Fairchild claims it would be unduly burdensome to attend a one-hour deposition of Dell to authenticate two pages of documents Dell produced months ago in response to subpoenas from Power Integrations.  Fairchild argues that it was given insufficient notice of this deposition and consequently that it "cannot prepare for that deposition on such short notice," but Fairchild has had the two pages of documents for months now without suggesting any problems with their authenticity or admissibility.  Dell produced these two documents for both the Fairchild and System General ("SG") cases and did not differentiate in its responses to the subpoenas.  When SG objected to the admissibility of

the information Dell produced on the eve of the ITC trial, Power Integrations was left with little option but to proceed with an immediate deposition of a Dell employee to authenticate the two pages of documents. If Fairchild had spent as much time preparing for the short, telephonic deposition of the Dell employee as it did in preparing the instant motion for a protective order, this entire matter would be resolved and behind the parties by now.

Power Integrations therefore respectfully submits that despite the short notice, Fairchild had more than enough time to inspect these two pages of Dell documents and prepare for a brief telephonic deposition to authenticate them, and consequently Power Integrations asks this court to deny Fairchild's motion for a protective order.

## II. STATEMENT OF FACTS

Power Integrations sent subpoena notices to Dell for both this case and the pending ITC litigation between Power Integrations and System General, *In the Matter of Certain Power Supply Controllers and Products Containing the Same*, ITC Investigation No. 337-TA-541. Dell produced the same two pages of documents in response to both of these subpoenas, containing information regarding the incorporation of Fairchild and SG parts into Dell products imported into the United States. [Declaration of Sean P. Hayes in Support of Plaintiff Power Integrations, Inc.'s Opposition To Defendants' Motion For Protective Order Re Deposition Of Dell, Inc. ("Hayes Decl.," Ex. A)]. Neither Fairchild nor SG raised any objection to the admissibility of these documents (or the information contained therein) when they were produced. On November 22, 2005, Fairchild agreed to consider authenticating and explaining the production of documents from Dell by way of affidavit. [Hayes Decl. Ex. B]. Dell even provided a declaration in 2005 to explain the information in the two pages of documents, and Fairchild again raised no concern with the information Dell had provided.

Only very recently, on the eve of the ITC trial, did SG object to the admissibility of these documents. Given the extremely quick scheduling of the ITC case and given the

limited availability of the Dell witness, Power Integrations had no flexibility in accommodating anyone's schedules – including its own – and was forced to accept the deposition Dell offered, on January 12, 2006 at 10:00 p.m. EST.  Power Integrations contacted Fairchild as soon as it had confirmation that the deposition would go forward, and provided Fairchild the information regarding the video-conference deposition so that the parties could quickly and conveniently authenticate these documents through a one-hour deposition.  [Hayes Decl. Ex. C, E].

Rather than attempt to use this short, limited deposition to resolve a narrow issue in this litigation, Fairchild sent a letter the same day it received notice of this deposition requiring Power Integrations to confirm that the deposition "will not go forward." [Hayes Decl. Ex. D].

**III. ARGUMENT**

Fairchild clearly states that it does not object to Power Integrations deposing Dell. [D.I. 159 at 2].  Therefore, given that the Dell deposition in question is scheduled as part of the ITC matter, Power Integrations respectfully asks that this court ignore any language in Fairchild's brief asking this court to "stay" that deposition.

Fairchild also knows that it cannot avoid the introduction of the Dell documents in this litigation.  To date, Fairchild has not raised any objection to their authenticity, not even in the instant motion.  In fact, these documents contain important information on the importation of the accused products into the U.S., and are directly relevant to Power Integrations' case.  The parties have already had preliminary discussions regarding authenticating these documents by mutual agreement, and may still in fact do so, Fairchild's motion notwithstanding.[1]

Fairchild's motion therefore raises a single, narrow issue: whether the Thursday deposition of Dell can serve as a basis for authenticating the two pages of documents in

---

[1]    Power Integrations has indicated to Fairchild that it would not oppose Fairchild's efforts to take a subsequent deposition of Dell.  [Hayes Decl. Ex. F].

this litigation. The only argument that Fairchild puts forward for why Power Integrations should not be able to authenticate these documents during this short, one hour deposition is that it would be "fundamentally unfair" to allow such authentication because Fairchild, "cannot prepare for that deposition on such short notice." [D.I. 159 at 1-2]. Fairchild relies on Delaware Local Rule 30.1 and Fed. R. Civ. P. 26(c) and 32(a)(3), which allow this court to grant a protective order, "which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Power Integrations regrets the short notice and timing of this deposition, but respectfully submits that there is no burden, undue or otherwise, that requires granting a protective order in this case. This is a less than one-hour deposition to authenticate two pages of Dell documents. Contrary to Fairchild's assertions [Hayes Decl. Ex. G], no confidential Fairchild information will be involved — it is Dell's information that will be the subject of the deposition, not Fairchild's, and Fairchild has had this Dell information for months now. Power Integrations has no reason to show any Fairchild documents to Dell, and Power Integrations has no plans to violate the protective order in this case.

As far as the times and distances involved, Power Integrations gave Fairchild information to attend this deposition by video conference [Hayes Decl. Ex. E], and Fairchild's counsel has offices in the District of Columbia. Fairchild never states that it could not send an attorney to this deposition, but only that it, "cannot prepare for that deposition on such short notice." Given the limited number of documents involved (two pages), the short duration of this deposition (under an hour), and the fact that Fairchild has had these documents for quite some time (in addition to four days to review this old production to prepare any questions regarding their authenticity to the extent it did not do so when it first received them), Fairchild's fairness argument is without merit.

## IV. CONCLUSION

Litigation frequently involves short deadlines and the need to accommodate the schedules of third-parties. This is one such example. Power Integrations did not choose

when or how to schedule this deposition, but rather than attempt to accommodate third-party Dell's requests and accommodations, Fairchild chose to file this needless motion for a protective order.  Given the lack of any undue burden or fundamental unfairness, Power Integrations respectfully asks that Fairchild's motion be denied.

Dated:  January 12, 2006                FISH & RICHARDSON P.C.


By:    */s/ Sean P. Hayes*
        William J. Marsden, Jr. (#2247)
        Sean P. Hayes (#4413)
        919 N. Market Street, Suite 1100
        P.O. Box 1114
        Wilmington, DE  19899-1114
        Telephone: (302) 652-5070
        Facsimile:  (302) 652-0607

        Frank E. Scherkenbach
        225 Franklin Street
        Boston, Massachusetts 02110-2804
        Telephone: (617) 542-5070
        Facsimile:  (617) 542-8906

        Howard G. Pollack
        500 Arguello Street, Suite 500
        Redwood City, California 94063
        Telephone: (650) 839-5070
        Facsimile:  (650) 839-5071

        Attorneys for Plaintiff
        POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2006, I electronically filed with the Clerk of

Court PLAINTIFF POWER INTEGRATIONS, INC.'S OPPOSITION TO

DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE DEPOSITION OF DELL,

INC. using CM/ECF which will send electronic notification of such filing(s) to the

following Delaware counsel.  In addition the filing will also be sent via hand delivery: I

**BY HAND**
Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O.  Box 1150
Wilmington, DE 19899

Attorneys for Defendant-
Counterclaimant
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

I hereby certify that on January 12, 2006, I have sent via Facsimile and the United

States Postal Service, the document(s) to the following non-registered participants:

**BY FACSIMILE and BY MAIL**
G. Hopkins Guy, III
Bas de Blank
Duo Chen
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA  94025

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

_    /s/ Sean P. Hayes_
Sean P. Hayes
hayes@fr.com

80029521.doc

1