IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br>        Defendants. | C.A. No. 04-1371 |

## DECLARATION OF PAUL HOROWITZ IN SUPPORT OF DEFENDANTS' ANSWERING CLAIM CONSTRUCTION BRIEF

I, Paul Horowitz, the undersigned, declare as follows:

1)    I am a Professor of Physics and of Electrical Engineering at Harvard University, where I teach courses in Physics and in Electronics, and where I perform and supervise experimental research. I have been asked to give expert opinions and testimony concerning Power Integrations' U.S. Patent Nos. 6,107,851, 6,229,366, and 6,249,876 (the "'851 Patent", "'366 Patent", and "'876 Patent", respectively.

2)    I agree with Mr. Blauschild's statement in ¶ 6 of his declaration that "from a technical standpoint,... one of skill in the art could conceive of various 'soft start circuit' structures to accomplish the functions recited in the patent claims associated with the soft start circuit....." However, the use of the term "soft start" in the elements of the claims of the '366 and '851 Patents goes beyond a mere functional statement by requiring a circuit to carry out soft start and, more specifically, that the claimed circuit must operate in a certain way – namely, by generating a signal that blocks the drive signal

DOCSSV1:443548.1
10414-25 M2B/M2B

generated by the drive circuit during at least a portion of the time that it would otherwise have been asserted.

3)     Were the Court to construe the "soft start circuit" elements of the '366 Patent as means-plus-function limitations, one structure described in the specification of the '366 Patent that would perform the claimed function is soft start capacitor 110 illustrated in Figure 1 of that patent.

4)     I disagree with Mr. Blauschild's statements in Paragraph 7 of his declaration concerning the construction of the term "frequency variation signal", recited in Claims 1 and 11 of the '851 Patent and Claims 5 and 14 of the '366 Patent.  Neither the claims nor the patents' specifications require that the "frequency variation signal" be an internal signal that cyclically varies in magnitude during a fixed period of time.  To the contrary, based on the patents' claims, specifications, and prosecution histories, one of ordinary skill in the art would understand "frequency variation signal" to be a signal used to vary the frequency of the oscillation signal.

I declare the foregoing is true and correct under penalty of perjury under the laws of the United States of America.

Executed on January 17, 2006 in Cambridge, Massachusetts.

_____
Paul Horowitz

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2006, the attached **DECLARATION OF PAUL HOROWITZ IN SUPPORT OF DEFENDANTS' ANSWERING CLAIM CONSTRUCTION BRIEF** was served upon the below-named counsel of record at the address and in the manner indicated:

William J. Marsden, Jr., Esquire                HAND DELIVERY
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899

Frank E. Scherkenbach, Esquire             VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Michael Kane, Esquire                     VIA FEDERAL EXPRESS
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402

Howard G. Pollack, Esquire               VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Lauren E. Maguire