IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1371-JJF |
| ) | |
| FAIRCHILD SEMICONDUCTOR ) | |
| INTERNATIONAL, INC., and FAIRCHILD ) | |
| SEMICONDUCTOR CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**AMENDED NOTICE OF DEPOSITION AND SUBPOENA OF JAMES BEASOM
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Fairchild Semiconductor International, Inc. will take the oral deposition of James D. Beasom, at the Hilton Melbourne Rialto Place, 200 Rialto Blvd, Melbourne, FL 32901, beginning at 9:00 A.M. on January 26, 2006, continuing day to day until complete.

NOTICE IS FURTHER GIVEN THAT the deposition will be recorded stenographically through instant visual display of testimony (real-time), by certified shorthand reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. This deposition will be videotaped.

NOTICE IS FURTHER GIVEN THAT Mr. Beasom is instructed to produce documents, identified in the attached Subpoena, at the Hilton Melbourne Rialto Place, 200 Rialto Blvd, Melbourne, FL 32901 on January 26, 2006.

NOTICE IS FURTHER GIVEN THAT pursuant to the Federal Rules of Civil Procedure, Defendant Fairchild Semiconductor International, Inc. will serve upon James Beasom a Subpoena in a Civil Case. Attached hereto as Exhibit A is a true and correct copy of that Subpoena.

- 2 -

                           ASHBY & GEDDES

                           /s/ *Lauren E. Maguire*
                           _____
                           Steven J. Balick (I.D. #2114)
                           John G. Day (I.D. #2403)
                           Lauren E. Maguire (I.D. #4261)
                           222 Delaware Avenue, 17th Floor
                           P.O. Box 1150
                           Wilmington, DE 19899
                           (302) 654-1888
                           sbalick@ashby-geddes.com
                           jday@ashby-geddes.com
                           lmaguire@ashby-geddes.com

                           *Attorneys for Defendants*
                           *Fairchild Semiconductor International, Inc.*
                           *and Fairchild Semiconductor Corporation*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400

Dated: January 19, 2006
165788.1

## ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45, Defendants Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively, "Fairchild") hereby requests that James D. Beasom produce and allow inspection and copying of the following documents and things requested herein at the Hilton Melbourne Rialto Place, 200 Rialto Blvd, Melbourne, FL 32901, at the date and time specified in the attached subpoena in accordance with the Federal Rules of Civil Procedure (and the following Definitions and Instructions).

## DEFINITIONS AND INSTRUCTIONS

A. In responding to the present subpoena duces tecum, you are required to furnish such information as is available to you, including but not limited to information in the possession of your agents, representatives, or any other person or persons acting on your behalf.

B. The "Beasom Patents" shall be understood to mean U.S. Patent No. 4,823,173 (the "'173 Patent"), U.S. Patent No. 5,264,719 (the "'719 Patent") (copies of which are attached hereto as Exhibits B and C) and all applications, continuations, CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including PCT Applications) and related patents thereof, whether issued, abandoned or pending including, but not limited to, U.S. Patent Application Serial No. 831,384, filed January 7, 1986, U.S. Patent Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed May 24, 1991.

C. The terms "writings," "recordings," or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all non-identical copies (including those with any notations of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, daytimers, calendars, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams and telex messages; patents, registrations of service or trademarks, copyrights, and applications for each of them;

1  opinions of counsel; sales records, including purchase orders, order acknowledgments and
2  invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets,
3  catalogs, sales literature and sales promotion material; advertisements; world-wide web and/or
4  internet postings; trade letters, notices and announcements, and press releases; specification
5  sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche,
6  photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic
7  diagrams, timing diagrams, pictures, photographs; all data or information stored on computer
8  readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes,
9  cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, all code
10 listings including comments, code files, electronic mail; and all writings as that term is defined by
11 Rule 1001 of the Federal Rules of Evidence. The terms "writings," "recordings," or "documents"
12 refer to all writings, recordings or documents of which you have knowledge, and all writings
13 which are in the possession, custody or control of you, your agents, attorneys, officers,
14 employees, or other representatives.

15     D.    "Any" shall be understood to include and encompass "all." As used herein, the
16 singular shall always include the plural and the present tense shall also include the past tense.
17 The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to
18 bring within the scope of this request all documents or things that might otherwise be construed to
19 be outside its scope.

20     E.    "Concerning" means relating to, evidencing, mentioning, discussing, constituting,
21 contradicting, supporting, referring to, or in any other way dealing with the subject matter
22 described in the request in which the term appears.

23     F.    If you object to the production of any document on the grounds that it is protected
24 from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege,
25 you are requested to identify each document for which the privilege is claimed and give all
26 information required by applicable case law, including but not limited to the following:

27         a.    the name of the writer, sender, or initiator of each copy of the document;
28         b.    the name of the recipient, addressee, or party to whom any copy of the

1                        document was sent;
2            c.    the date of each copy of the document, if any, or an estimate of its date;
3            d.    a statement of the basis for the claim of privilege; and
4            e.    a description of the document sufficient for the Court to rule on the
5     applicability and appropriateness of the claimed privilege.

### LIST OF DOCUMENTS TO BE PRODUCED

1. All documents concerning the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

2. Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

3. All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

4. All documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.