IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371 JJF

**PUBLIC VERSION**

---

**DECLARATION OF SEAN P. HAYES IN SUPPORT OF
POWER INTEGRATIONS' RESPONSIVE CLAIM CONSTRUCTION BRIEF**

I, Sean P. Hayes, declare as follows:

1.    I am an associate of Fish & Richardson P.C., counsel of record in this action for Plaintiff Power Integrations, Inc. ("Power Integrations"). I am a member of the Bar of the State of Delaware. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.    Attached as Exhibit A is a copy of the Opening Expert Report of Mike Shields on Infringement (with exhibits reproduced in color).

3.    Attached as Exhibit B are excerpts from a copy of S.M. Sze, *Physics of Semiconductor Devices* (2d Ed.).

4.    Attached as Exhibit C are excerpts from the deposition of Fairchild employee Gary Dolny, taken October 13, 2005.

5.    Attached as Exhibit D is a copy of the Rebuttal Expert Report of Mike Shields on Validity.

6.    Attached as Exhibit E is a copy of the Opening Expert Report of Robert Blauschild on Infringement.

7.    Attached as Exhibit F is a copy of the Rebuttal Expert Report of Robert Blauschild on Validity.

8.    Attached as Exhibit G is a copy of a December 13, 1999 office action from the prosecution history of the Power Integrations '851 patent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of January, 2006, at Wilmington, Delaware.

Sean P. Hayes

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2006, I electronically filed with the Clerk of Court Public Version of the Declaration of Sean P. Hayes In Support of Power Integrations' Responsive Claim Construction Brief using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

I hereby certify that on January 25, 2006, I have mailed by United States Postal Service,

the document(s) to the following non-registered participants:

Bas de Blank
Duo Chen
Orrick, Herrington, Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

                    _/s/ Sean P. Hayes_____
                    Sean P. Hayes (Hayes@fr.com)



# EXHIBIT REDACTED IN ITS ENTIRETY

B

# Physics of Semiconductor Devices

## 2nd Edition

## S.M. Sze

FCS0000543

MOSFET Structures





**Fig. 53** (a) DMOS. (b) DIMOS structure. (After Tarui, Hayashi, and Sekigawa, Ref. 57; Tihanyi and Widmann, Ref. 58.)

### 8.5.3 DMOS

Figure 53a shows the DMOS (double-diffused MOS) structure,[57] where the channel length $L$ is determined by the higher rate of diffusion of the $p$-dopant (e.g., boron), compared to the $n^+$-dopant (e.g., phosphorus) of the source. The channel is followed by a lightly doped drift region. Figure 53a also shows the doping profile along the semiconductor surface. Another version of DMOS is made by implantation. DIMOS (double-implanted MOS)[58] forms its source and drain by using a polysilicon gate as mask. The gate is tapered and the $p^+$-shield region is shaped by implantation through the tapered gate. The DIMOS structure improves the control in DMOS structures.

The DMOS and DIMOS structures can have very short channels and do not depend on a lithographic mask to determine channel length. Both

structures have good punch-through control because of the heavily doped *p*-shield. The lightly doped drift region minimizes the voltage drop across the region by maintaining a uniform field ($\geq 10^4$ V/cm) to achieve velocity saturation.[59] The field near the drain is the same as in the drift region, so avalanche breakdown, multiplication, and oxide charging are lessened, compared to conventional MOSFETs and HMOSs.[11]

However, the threshold voltage $V_T$ is more difficult to control in DMOS.[60] As shown in Fig. 53a, $V_T$ is determined by the maximum doping concentration $N_{A\,max}$ along the semiconductor surface. Varying $N_{A\,max}$ leads to variations in $V_T$. The localization of punch-through control to a thin $p^+$-shield region requires a higher doping level compared to HMOS, which leads to poorer turn-off behavior for DMOS.

### 8.5.4  Recessed-Channel MOSFET

The insert of Fig. 54 shows a MOSFET with a recessed channel.[61] The junction depth $r_j$ for this structure is zero or negative. Figure 35 of Section 8.4 showed that the minimum channel length decreases as $r_j^{1/3}$. Figure 54 demonstrates that by reducing $r_j$, short-channel effects are minimized. For a given oxide thickness and substrate doping, as $r_j$ decreases the onset of a large drop of $V_T$ occurs at progressively shorter channels.



**Fig. 54**  Calculated and experimental $V_T$ versus $L$ plot for various junction depths. Insert shows a recessed-channel MOSFET. (After Nishimatsu et al., Ref. 61.)



# EXHIBIT REDACTED IN ITS ENTIRETY

D

# EXHIBIT REDACTED IN ITS ENTIRETY

E

# EXHIBIT REDACTED IN ITS ENTIRETY

F

# EXHIBIT REDACTED IN ITS ENTIRETY

G



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/080,774 | 05/18/98 | BALAKIRSHNAN | B | 233/248 |

MM22/1213

LYON & LYON
FIRST INTERSTATE WORLD CENTER
633 W FIFTH STREET 47TH FLOOR
LOS ANGELES CA 90071

| EXAMINER |
|---|
| ZWEIZIG, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2816 | |

DATE MAILED: 12/13/99

Please find below and/or attached an Office communication concerning this application or
proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

FCS0000435

| *Office Action Summary* | Application No. 09/080,774 | Appl...ant(s) Balakrishnan et al. | |
|---|---|---|---|
| | Examiner Jeffrey Zweizig | Group Art Unit 2818 | |

☒ Responsive to communication(s) filed on *11/8/99* .

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___*3*___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-37* _____ is/are pending in the application.

Of the above, claim(s) *11-28* _____ is/are withdrawn from consideration.

☒ Claim(s) *1-3, 7, 8 8 10* _____ is/are allowed.

☒ Claim(s) *4-6, 9 8 29-37* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☒ The proposed drawing correction, filed on ___*11/8/99*___ is ☒approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

       ☐ received.

       ☐ received in Application No. (Series Code/Serial Number) _____ .

       ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

— *SEE OFFICE ACTION ON THE FOLLOWING PAGES* —

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)            Office Action Summary           Part of Paper No. __*9*__

FCS0000436

Application/Control Number: 09/080,774                                    Page 2

Art Unit: 2816

### Election/Restriction

1.     This application contains claims directed to the following patentably distinct species of the

claimed invention:

Group I: claims 1-10 & 29-37 directed toward a PWM circuit with a frequency variation

circuit; and

Group II: claims 11-28 directed toward a PWM circuit with a soft start circuit.

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species for

prosecution on the merits to which the claims shall be restricted if no generic claim is finally held

to be allowable. Currently, no claims are generic. Applicants have elected, without traverse,

Group I: claims 1-10 & 29-37. Claims 11-28 have been withdrawn from consideration.

### Claim Rejections - 35 USC § 112

2.     The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and
> distinctly claiming the subject matter which the applicant regards as his invention.

3.     Claims 4-6, 9 & 29-37 are rejected under 35 U.S.C. 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter which

applicant regards as the invention.

FCS0000437



Application/Control Number: 09/080,774                                    Page 3

Art Unit: 2816

In claim 4 lines 2 & 3, "a magnitude of said oscillation signal" should be changed to --said

magnitude of said oscillation signal--.

In claim 9 line 8, "pulse width modulated switch" should be changed to just --switch-- (see

claim 1 line 4).

In claim 9 line 9, the second occurrence of "first winding" should be changed to --second

winding--.

Refferring to the phrase "said first [second] winding capable of being coupled to a load", it

is not understood if the winding is or is not coupled to the load.

In claim 29, the phrase "that provides a drive signal for a maximum time period of a time

duration signal" is not understood. If the drive signal were applied for the maximun period of the

duration, the drive signal would always be applied.

In claim 35 line 8, "regulation circuit" should be changed to just --switch-- (see claim 29

line 4).

In claim 35 line 9, the second occurrence of "first winding" should be --second winding--.

Refferring to the phrase "said first [second] winding capable of being coupled to a load", it

is not understood if the winding is or is not coupled to a load.

Claims 4, 9, 29 & 35 are indefinite. Claims 5, 6 & 30-37 are rejected as being dependent

on an indefinite intervening claim.

FCS0000438

Application/Control Number: 09/080,774                          Page 4

Art Unit: 2816

### Claim Rejections - 35 USC § 102

4.       The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

5.       Claims 29, 35 & 37 are rejected under 35 U.S.C. 102(b) as being anticipated by

Applicants' Prior Art Fig. 1.

Applicants' Prior Art Fig. 1 shows a first terminal 95, a second terminal Com, a

switch/drive circuit 90 and a frequency variation circuit 140 as recited in claim 29.

Further shown is a rectifier 10, a capacitor 15, a first winding 35 and a second winding 45

as recited in claim 35.

Further shown is a feedback terminal (Error Amplifier in) as recited in claim 37.

### Claim Rejections - 35 USC § 103

6.       The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the manner in which the invention was made.

FCS0000439

Application/Control Number: 09/080,774                                    Page 5

Art Unit: 2816

7.      Claim 34 is rejected under 35 U.S.C. 103(a) as being unpatentable over Applicants' Prior

Art Fig. 1.

        Applicants' Prior Art Fig. 1 does not specify that the circuit is an integrated circuit as

recited in claim 34. However, it would have been obvious to one of ordinary skill in the art at the

time of the invention to incorporate Prior Art Fig. 1 as an integrated circuit for the benifit of

implementing a compact single package. Claim 34 is obvious.

### Allowable Subject Matter

8.      .The prior Art of record does not appear to disclose or suggest a PWM switch comprising

an oscilator for generating a maximum duty cycle signal and a singnal with a frequency range

dependent on a frequency variation circuit as recited in claim 1.

### Conclusion

9.      Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Jeffrey Zweizig whose telephone number is (703) 305-7243. The examiner

can normally be reached on Monday through Friday from 7:00 to 3:00.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Tim Callahan, can be reached on (703) 308-4876. The fax phone number for this Group is

(703) 308-7722.

FCS0000440

Application/Control Number: 09/080,774                                    Page 6

Art Unit: 2816

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the Group receptionist whose telephone number is (703) 308-0956.

JZ

December 13, 1999

Jeffrey Zweizig

Patent Examiner

Art Unit 2816

FCS0000441

*Notice of References Cited*

| | Application No. 09/080,774 | Appli..... | Balakrishnan et al. |
|---|---|---|---|
| | Examiner Jeffrey Zweizig | Group Art Unit 2816 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | — | — | None | — | — |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95)          Notice of References Cited          Part of Paper No. 9

FCS0000442