IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL
THE DEPOSITION OF LEIF LUND AND BALU BALAKRISHNAN**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com.

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: February 1, 2006
166041.1

I. **INTRODUCTION**

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") move to compel the continued deposition of two of the inventors of Plaintiff Power Integrations, Inc.'s ("PI") patents. These continued depositions are necessary because PI withheld critical discovery from Fairchild at the time of the original depositions.

Pursuant to Rule 7.1.1, counsel for Fairchild confirms that it has conferred with PI's counsel in a good faith effort to resolve this dispute.

II. **BACKGROUND**

From the start of the case, Fairchild has sought discovery from PI concerning PI's own prior art devices. *See e.g.* Exh. A, PI's Resp. to Fairchild's 1st Set of Requests for Production, nos. 31 and 84; Exh. B, PI's Resp. to Fairchild's 1st Set of Requests for Production, no. 174. Fairchild has long believed that this prior art will invalidate PI's asserted patents.

Time and again, PI stated that the documents sought by Fairchild – specifically, the schematics for PI's SMP3, SMP211, SMP240, and SMP260 devices – had been destroyed by PI and, thus, could not be produced. *See* Exhs. K and L. Accepting PI's representation, Fairchild proceeded with deposing Messrs. Lund and Balakrishnan.

The evening before the final day of Mr. Balakrishnan's deposition – three months after Mr. Lund's deposition and almost five months after document production was to have been completed – PI suddenly reversed its position and produced the schematics it had withheld. Exh. C. While Fairchild started to reviewed the schematics that night, it was unable to fully question Mr. Balakrishnan about them the next morning. Moreover, Fairchild was forced to set aside the material on which it had intended to depose Mr. Balakrishnan in order to begin to address the late produced documents.

After this eleventh hour surprise, Fairchild requested that it be permitted to continue the depositions of Messrs. Lund and Balakrishnan but PI has refused. Exhs. D-G. Thus, Fairchild requests that the Court order PI to continue the Lund and Balakrishnan depositions.

1

III.  **ARGUMENT**

    A.    **Fairchild should be permitted to continue Mr. Lund's deposition.**

From the beginning, Fairchild sought discovery that included schematics of PI's own prior art devices. Exh. A. PI was to have completed its production of documents by June 30, 2005 (*see* D.I. 17), long before the August 15, 2005 deposition of Leif Lund, one of the inventors of the PI patents and an employee of PI.

During his deposition, Mr. Lund testified that he could not answer Fairchild's questions about PI's prior art without first reviewing PI's schematics. Exh. H, Lund Depo. at 38:19-40:1; 90:25-91:24; 92:15-93:8. Fairchild inquired whether Mr. Lund was aware of any schematics for PI's devices since PI had failed to produce them. *Id.* at 39:9-20. Mr. Lund testified that these schematics were probably in a drawer in his office. *Id.* at 39:17-20.

At the conclusion of Mr. Lund's deposition, Fairchild once again requested the missing schematics. PI's attorney represented on the record that all schematics had been produced. When Mr. Lund began to correct him and state where the schematics were located, PI attorney cut him off:

> **Mr. de Blank** (for Fairchild): Well, thank you very much. Then I have no further questions for Mr. Lund at this point, though I would ask if you could look for and produce the schematics, data sheets, application notes and such related to the SMP240 and 260 devices. I'm not sure those have been produced.
>
> **Mr. Pollack** (for PI): My understanding is what we had on those devices was produced.
>
> **Mr. de Blank**: Okay.
>
> **Mr. Pollack**: It was not much because they are really old, long, obsolete devices, but I know that we did collect some stuff, and I'm pretty sure it's been produced, but I can -- I'll go back and double-check if we have anything more.
>
> **Mr. de Blank**: I understand. If you could just verify with Mr. Lund off line whether he has the schematics in his office or elsewhere.
>
> **Mr. Pollack**: Yeah. My understanding, at least, and expectation -- though I wasn't directly involved -- is that the materials we did collect from the -- about the SMP260 came from Leif, so --
>
> *The Witness: There are schematics in the --*
>
> **Mr. Pollack**: Okay.

2

Exh. H, Lund Depo. at 176:3-177:2 (emphasis added).

On November 21, 2006, almost three months after Mr. Lund's deposition, PI finally produced its schematics. Exh. C. Fairchild should be permitted to depose Mr. Lund about these withheld documents.

### B.     Fairchild should be permitted to continue Mr. Balakrishnan's deposition.

Mr. Balakrishnan is PI's CEO, the lead inventor on three of the asserted patents, and was designated by PI to testify in response to 19 different 30(b)(6) topics. Exh. I. Thus, Fairchild informed PI that it would require four days to depose Mr. Balakrishnan in both his personal and corporate capacities. *Id.*

PI agreed to produce Mr. Balakrishnan for three days of deposition and Fairchild agreed to consider whether an additional day was necessary at the end of those three days.[1] Fairchild completed the first two days of Mr. Balakrishnan's deposition without incident and was preparing to complete the deposition the next day when PI suddenly produced 726 pages of schematics and other highly technical documents. *See* Exh. C.

Fairchild's attorneys worked late into the night to review these new documents and were able to begin to question Mr. Balakrishnan about them the next morning. Having only had PI's schematics for less than a day, however, Fairchild was unable to prepare fully for this deposition. Moreover, because the bulk of the third day of deposition was taken with questions concerning these newly produced documents, Fairchild was unable to examine Mr. Balakrishnan about the other topics for which he was designated to testify on behalf of PI. *See* Exh. J, Balakrishnan Depo., 441:4-13; 659:3-10; 668:9-11

Since Mr. Balakrishnan's deposition, PI has produced over 14,000 additional pages. For these reasons, Fairchild should be permitted to continue the deposition of Mr. Balakrishnan.

---

[1]    While the Court indicated that these depositions should be completed by November 14, 2005 (*see* D.I. No. 128), Mr. Balakrishnan was unavailable so the parties agreed that he would be deposed on at least November 17, 18, and 23, 2005.

3

## IV. **CONCLUSION**

The Court should order PI to produce Messrs. Lund and Balakrishnan for continued deposition.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: January 26, 2006
166041.1

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER RE DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF LEIF LUND AND BALU BALAKRISHNAN**

Having considered defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp.'s Motion to Compel the Deposition of Leif Lund and Balu Balakrishnan, plaintiff Power Integrations, Inc.'s opposition, the pleadings and papers on file with the Court, and good cause appearing therefore,

IT IS HEREBY ORDERED as follows:

(1)   Defendants' Motion to Compel the Deposition of Leif Lund and Balu Balakrishnan is **GRANTED**;

(2)   The parties shall meet and confer on a date for the continued depositions of Leif Lund and Balu Balakrishnan.

**IT IS SO ORDERED.**

_____                          _____
DATE                                                                                    UNITED STATES DISTRICT JUDGE

166059.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2006, the attached **REDACTED PUBLIC VERSION OF DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF LEIF LUND AND BALU BALAKRISHNAN** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE  19899 | HAND DELIVERY |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA  02110-2804 | VIA FEDERAL EXPRESS |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN  55402 | VIA FEDERAL EXPRESS |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA  94063 | VIA FEDERAL EXPRESS |

/s/ *Lauren E. Maguire*
_____
Lauren E. Maguire

149864.1