# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

         Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION,  a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

**PLAINTIFF POWER INTEGRATIONS, INC.'S RESPONSES TO
DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Power

Integrations, Inc. ("Plaintiff") hereby responds and provides objections to Defendants

Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation's

("Defendants") First Set of Requests for Production of Documents and Things (1-153).

The responses and objections are made according to the Federal Rules of Civil Procedure

and the Local Rules of the United States District Court for the District of Delaware and

are based upon information presently available to Plaintiffs.  These responses and

objections are without prejudice to Plaintiffs' right to use or rely on subsequently

discovered information.

**GENERAL OBJECTIONS**

    1.     Power Integrations will confer with Fairchild regarding a mutually

agreeable date, time, place, and manner of inspection.

2.    Power Integrations objects to each and every request to the extent that it calls for documents that are protected by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity.  Any production Power Integration makes of such information is inadvertent and shall not constitute a waiver of the applicable privilege or immunity as to such information.

3.    A statement by Power Integrations that it will produce responsive documents is not a representation that any such documents exist.

4.    Power Integrations objects to each request to the extent that it seeks production of all documents responsive to the request on the ground that such request is overly broad and unduly burdensome.  Power Integrations will comply with the Federal Rules of Civil Procedure and will use reasonable diligence to locate documents, based on the examination of those files reasonably expected to yield responsive documents.

5.    Power Integrations objects to each request to the extent that the request purports to impose burdens on Power Integrations greater than, inconsistent with, or not authorized by, the Federal Rules of Civil Procedure or the Local Rules of this Court.

6.    Power Integrations objects to each request to the extent that the request purport to impose on Power Integrations the burden of searching for and producing any documents created by litigation counsel or created in connection with this litigation.

7.    Power Integrations objects to each request to the extent it is vague, ambiguous, or does not reasonably identify the document or thing sought.

8.    Power Integrations objects to each request of confidential, proprietary, trade secret or other competitively sensitive information.

2

9.    Power Integrations objects to each request to the extent it seeks documents or things not relevant to the claims or defenses of any party to this action.

REQUEST FOR PRODUCTION NO. 1:

All documents and things concerning Fairchild or any Fairchild subsidiary or related entity.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 2:

All documents and things concerning any Accused Fairchild Product.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to identify all current and former officers and directors of Power Integrations from the date that the company was incorporated until the present, including, but not limited to, internal telephone directories and organizational charts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 4:

Documents sufficient to describe the current corporate organization of Power Integrations, including, but not limited to, the identification of all ownership interests, the names of the members of the board of directions, the identification of managerial, engineering and marketing staff, reporting relationships of any Power Integrations employees and the current organizational structure.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents sufficient to discern the current organizational structure and identify the managerial, engineering and marketing staff.

4

REQUEST FOR PRODUCTION NO. 5:

Documents sufficient to identify all of Power Integrations' subsidiaries, corporate parents, divisions, and related entities, whether foreign or domestic, and to describe the relationship between such entities.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 6:

All documents and things concerning Power Integrations' ability to control or gather documents from its parents, subsidiaries, divisions, and other operations, whether foreign or domestic.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 7:

All documents and things concerning the decision to bring this action against Fairchild.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 8:

All documents and things concerning this lawsuit, including, but not limited to, correspondence with any third party concerning this litigation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 9:

All business plans, financial forecasts, or board meeting minutes of Power Integrations which discuss or mention Fairchild, the Power Integrations Patents, or this litigation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 10:

All documents and things concerning any suspicion, belief, conclusion, determination, or knowledge that any person, product, device, technology, or system other than the Accused Fairchild Products infringe any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 11:

All documents and things concerning any lawsuit, arbitration, or other legal proceeding alleging infringement by any entity other than Fairchild of one or more claims of the Power Integrations Patents, including, but not limited to, pleadings, deposition transcripts, and expert reports.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 12:

All documents and things concerning the litigation between Power Integrations and Motorola.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 13:

All documents and things concerning the decision whether to bring any lawsuit, arbitration, or other legal proceeding alleging infringement by any person other than Fairchild of one or more claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 14:

All documents and things concerning any communication between Power Integrations and any third person regarding any lawsuit, arbitration, or other legal proceeding alleging infringement of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 15:

All documents and things concerning any settlement proposal or agreement related to any lawsuit, arbitration, or other legal proceeding alleging infringement or seeking a declaratory judgment of non-infringement, invalidity or unenforceability of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 16:

All documents and things concerning any investigation made by or on behalf of Power Integrations prior to the filing of the Complaint regarding whether Fairchild infringed any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 17:

All documents and things concerning any testing or reverse engineering of any Fairchild product.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 18:

All documents and things concerning any reverse engineering of any product to determine whether or not it infringed the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 19:

All documents and things concerning any comparison of the design, structure, function, manufacture, or operation of any product, device, technology, or system against any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 20:

All documents and things concerning the manner in which Power Integrations determined that Fairchild made, used, offered for sale, sold, or imported into the United States any product that Power Integrations contends infringes any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 21:

All documents and things concerning the manner in which Power Integrations determined that Fairchild induced other to infringe any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 22:

All documents and things concerning the manner in which Power Integrations determined that Fairchild contributed to others infringement of any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 23:

All documents and things concerning any test, experiment, analysis, or review conducted by or on behalf of Power Integrations to determine, or which otherwise shows, the nature of any performance characteristic or mode of operation of any product, device, technology, or system of Fairchild or any third party that Power Integrations contends uses or embodies any alleged invention described by any claim of the Power Integrations Patents, including, but not limited to, tests, experiments, analyses and reviews used to determine, or which otherwise show, whether or not any such product, device, technology, or system embodies any of the structural or functional limitations of any such claim.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 24:

All documents and things concerning any Power Integrations policy, strategy, plan, or practice, whether formal or informal regarding patents, including, but not limited to, filing patent applications, acquiring patents or patent applications from other persons, exploiting patents or patented technology, charging other persons with patent infringement, enforcing patents, licensing patents or patented technology, or cross-licensing patents or patented technology.

13

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 25:

All documents and things concerning any Power Integrations policy, instruction or set of instructions, directive, policy statement, study, or other communication relating to the destruction or retention of documents or records including, but not limited to, any policy regarding the destruction or retention of electronic mail.

RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 26:

All documents and things concerning any Power Integrations policy, instruction or set of instructions, directive, policy statement, study, or other communication relating to invention disclosure, recording, or evaluation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 27:

All documents and things concerning the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 28:

All communications with any third parties concerning the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 29:

All documents and things concerning any PWM Product produced, manufactured, displayed, demonstrated, used, tested, offered for sale, licensed or sold by Power Integrations or any of its licensees that Power Integrations claims are covered by the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents sufficient to identify said products.

REQUEST FOR PRODUCTION NO. 30:

All documents and things concerning any test, experiment, examination, analysis, or review conducted with respect to any PWM Product offered for sale, licensed or sold by Power Integrations or any of its licensees that Power Integrations claims are covered by the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

REQUEST FOR PRODUCTION NO. 31:

A set of drawings, diagrams, schematics, specifications, and operating instructions sufficient to fully describe each prototype, product, device, technology, and system that uses or embodies, in whole or in part, any alleged invention described by any Power Integrations Patented Product.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 32:

Five samples of each Power Integrations product that Power Integrations contends practices any claim of the Power Integrations Patents, that has ever been marked with any of the Power Integrations Patent numbers, or for which Power Integrations claims it lost sales or suffered price erosion due to Fairchild's alleged infringement of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 33:

All financial documents from October 20, 1998 to the present, including, but not limited to, financial statements (including p&l), budgets, projections, five-year or other long range plans, strategic plans, audit reports, and all SEC filings that reflect financial data about Power Integrations products or systems that practice all of the limitations of any of the asserted claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

17

REQUEST FOR PRODUCTION NO. 34:

All financial documents from October 20, 1998 to the present, including, but not limited to, financial statements (including p&l), budgets, projections, five-year or other long range plans, strategic plans, audit reports, and all SEC filings that reflect financial data about Power Integrations products or systems that Power Integrations contends lost sales due to Fairchild's alleged infringement of the asserted claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 35:

All documents and things authored in whole or in part by the inventors of the Power Integrations Patents concerning the Power Integrations Patents, products or methods covered by the Power Integrations patents, or the technology described or claimed by the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 36:

All documents and things cross-referencing Power Integrations parts to any of the Accused Fairchild Products.

18

RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Power Integrations objects to this request as overly broad and unduly
burdensome. Power Integrations objects to this request to the extent that it calls for
documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power
Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 37:

All documents and things cross-referencing Power Integrations PWM devices
with devices manufactured or sold by Fairchild or third parties.

RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Power Integrations objects to this request as overly broad and unduly
burdensome. Power Integrations objects to this request to the extent that it calls for
documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power
Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 38:

All documents and things concerning the conception, discovery, design,
development, testing, reduction to practice, or diligence in the reduction to practice of
any invention claimed in any Power Integrations Patent.

RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Power Integrations objects to this request as overly broad and unduly
burdensome. Power Integrations objects to this request to the extent that it calls for
documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power
Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 39:

All documents and things concerning the invention of the Power Integrations Patents including, but not limited to, inventor notebooks, engineering notebooks, invention disclosure statements, and patent committee meeting notes and reports.

RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 40:

All documents and things concerning the involvement and contributions of persons other that the named inventors to the conception, reduction to practice, or invention of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 41:

All documents and things concerning any testing, developmental, experimental, or research activity conducted in connection with any Power Integrations Patented Product, including, but not limited to, the design, construction, and operation of the first device or

20

prototype embodying or intended to embody inventions in any invention in the Power Integrations Patents and any subsequent such device or prototype.

RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 42:

All documents and things concerning the first disclosure, display, or demonstration of any Power Integrations Patented Product or of any invention claimed in any Power Integrations Patent to any person other than an alleged inventor thereof.

RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 43:

All documents and things concerning the first public use, first sale or offer for sale, first lease or offer to lease, or other first commercialization of any Power Integrations Patented Product or of any invention claimed in any Power Integrations Patent.

RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 44:

For each claim of each of the Power Integrations Patents, Patent Applications, and any Related Patents/Applications, all documents and things concerning, in whole or in part, a chronological description of all or part of the development of the claimed subject matter from conception to actual reduction to practice.

RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 45:

All documents and things upon which Power Integrations intends to rely in support of its contentions, if any, that any claim found in the Power Integrations Patents is entitled to a priority date earlier than the filing date of that patent.

RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Power Integrations objects to this request as premature. Discovery has just begun and Power Integration' investigation is ongoing. Subject to its general and specific

objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 46:

All documents and things concerning the prosecution of the Power Integrations Patents before any patent office, domestic or foreign.

RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 47:

All documents and things concerning any communication to or from the U.S. Patent and Trademark Office concerning the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 48:

All documents and things concerning any application or request to the U.S. Patent and Trademark Office related to the Power Integrations Patents, including, but not limited to, all drafts of any such application or request, the complete prosecution file for any such application or request, all applications and requests from which any of the above may claim priority, all documents reviewed or relied upon in connection with the preparation

23

or prosecution of any such application or request, and all communications concerning any such application or request.

RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 49:

All documents and things concerning any draft communication to the U.S. Patent and Trademark Office, including, but not limited to, draft applications, draft amendments, and draft responses to office actions, related to the prosecution of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 50:

All documents and things cited to the PTO during prosecution of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 51:

All documents and things concerning any decision to provide any information or material to U.S. Patent and Trademark Office in connection with the prosecution of any application related to the Power Integrations Patents, whether such decision occurred prior to, during, or after the close of prosecution on the merits.

RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 52:

All documents and things that concern the prosecution of the Power Integrations Patents, Patent Applications, Priority Applications or any Related Patents/Applications, and that identify any person who participated in any manner in the prosecution, including, but not limited to, any person who participated in any manner in any searches conducted in connection with the subject matter of the Power Integrations Patents, Patent Applications, or any Related Patent/Application, or any person who participated in the preparation of any document(s) in such prosecution.

RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

25

REQUEST FOR PRODUCTION NO. 53:

All documents and things related to, considered, or reviewed in the course of the preparation of any document in the prosecution of the Power Integrations Patents, Patent Applications, Priority Applications or any Related Patent/Application.

RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 54:

All documents and things concerning the need or desirability of filing any application for reissue, request for reexamination, or certificate of correction of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 55:

All abandoned or pending domestic and foreign patent applications claiming priority to United States Patent Application Serial No. 041,994, filed April 24, 1987.

RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 56:

All documents and things concerning any communication to or from the U.S. Patent and Trademark Office or any foreign patent office, relating to any abandoned or pending domestic and foreign patent applications claiming priority to United States Patent Application Serial No. 041,994, filed April 24, 1987.

RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 57:

All abandoned or pending domestic and foreign patent applications claiming priority to United States Patent Application Serial No. 09/573,081, filed May 16, 2000.

RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

27

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 58:

All documents and things concerning any communication to or from the U.S. Patent and Trademark Office or any foreign patent office, relating to any abandoned or pending domestic and foreign patent applications claiming priority to United States Patent Application Serial No. 09/573,081, filed May 16, 2000.

RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 59:

All abandoned or pending domestic and foreign patent applications claiming priority to United States Patent Application Serial No. 09/080,774, filed May 18, 1998.

RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

<u>REQUEST FOR PRODUCTION NO. 60:</u>

All documents and things concerning any communication to or from the U.S. Patent and Trademark Office or any foreign patent office, relating to any abandoned or pending domestic and foreign patent applications claiming priority to United States Patent Application Serial No. 091080,774, filed May 18, 1998.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 60:</u>

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


<u>REQUEST FOR PRODUCTION NO. 61:</u>

All abandoned or pending domestic and foreign patent applications claiming priority to United States Patent Application Serial No. 09/192,959, filed November 16, 1998.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 61:</u>

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


<u>REQUEST FOR PRODUCTION NO. 62:</u>

All documents and things concerning any communication to or from the U.S. Patent and Trademark Office or any foreign patent office, relating to any abandoned or

pending domestic and foreign patent applications claiming priority to United States

Patent Application Serial No. 09/192,959, filed November 16, 1998.

RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

       Power Integrations objects to this request as overly broad and unduly

burdensome. Power Integrations objects to this request to the extent that it calls for

documents that are protected by the attorney-client privilege or work product doctrine.

       Subject to its general and specific objections, and after a reasonable search, Power

Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 63:

       All documents and things concerning the need or desirability of filing any foreign

patent application (including any application or request for reexamination or reissue of

any foreign patent) in connection with any alleged invention that corresponds in whole or

in part to any alleged invention described by any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

       Power Integrations objects to this request as overly broad and unduly

burdensome. Power Integrations objects to this request to the extent that it calls for

documents that are protected by the attorney-client privilege or work product doctrine.

       Subject to its general and specific objections, and after a reasonable search, Power

Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 64:

       All documents and things concerning any foreign patent application (including

any challenge, application, request for reexamination or reissue of any foreign patent)

filed in connection with any alleged invention that corresponds in whole or in part to any

of the Power Integrations Patents, including, but not limited to, all drafts of any such

application or request, the complete prosecution file for any such application or request,

all applications and requests from which any of the above may claim priority, all documents reviewed or relied upon in connection with the preparation or prosecution of any such application or request, and all communications concerning any such application or request.

RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

      Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

      Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 65:

      All documents and things concerning any communication to or from any foreign patent office or agency concerning any foreign patent for any alleged invention that corresponds in whole or in part to any alleged invention described by any claim of the Power Integrations Patents, or concerning any application for such a patent application (including any application or request for reexamination or reissue of any foreign patent), whether or not a patent ultimately issued on the application.

RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

      Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

      Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 66:

All documents and things concerning the scope, definition, interpretation or construction of any term or element used in the specification or any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 67:

All documents and things concerning any scope, definition, interpretation or construction of any term or element of any claim of the Power Integrations Patents that was provided to or received from any third party.

RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 68:

All documents and things that Power Integrations contends to be extrinsic evidence of the meaning of any term of any claim of the Power Integrations patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 69:

All documents and things concerning Power Integrations' use in the ordinary course of its business of any term or element of any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request as vague and ambiguous for failing to identify "any term or element." Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 70:

For each element or limitation recited in the claims of the Power Integrations Patents, all documents and things that identify, in whole or in part, any or all of the corresponding structure, material or acts described or shown in the patent's specification.

RESPONSE TO REQUEST FOR PRODUCTION NO. 70:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 71:

All documents and things that identify, in whole or in part, any defect, misstatement, error, or unintended omission of any kind in any of the Power Integrations Patents, File Histories, Patent Applications, Priority Applications or any Related Patents/Applications.

RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 72:

All documents and things concerning any communication between Power Integrations and any third party relating to any Power Integrations Patents, Fairchild, or this litigation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 73:

All documents and things that Power Integrations has submitted to its auditors from 2002 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 74:

All documents and things concerning Fairchild's alleged infringement of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 75:

All documents and things concerning any activity or statement by Fairchild that Power Integrations alleges induced others to infringe the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 76:

All documents and things concerning whether or not any Fairchild product is for use in practicing a process covered by the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 77:

All documents and things concerning whether or not any Fairchild product is a material part of the invention of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.