REQUEST FOR PRODUCTION NO. 78:

All documents and things concerning whether or not any Fairchild product is especially made or especially adapted for use in an infringement of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 79:

All documents and things concerning whether or not any Fairchild product is a staple article or commodity of commerce suitable for substantial non-infringing use.

RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 80:

All documents and things concerning the scope, validity or invalidity, infringement or noninfringement, or enforceability or unenforceability of the Power Integrations Patents, including, but not limited to, any study, search, investigation, or opinion relating thereto.

RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

       Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

       Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 81:

       All documents and things concerning any search for prior art relevant to the Power Integrations Patents, the applications leading to the Power Integrations Patents, or any Related Patent(s)/Application(s).

RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

       Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

       Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents but does not admit that any documents produced are in fact prior art relevant to the Power Integrations Patents.


REQUEST FOR PRODUCTION NO. 82:

       All documents and things identified by any person as prior art relevant to any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

       Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 83:

All textbooks, articles, journals, or other publications of any kind concerning any alleged invention described by the claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 84:

All documents and things concerning any prior art or possible prior art with respect to the Power Integrations Patents, including, but not limited to, the results of any search for prior art conducted with respect to the subject matter of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 85:

All documents and things concerning any secondary considerations that Power Integrations contends is evidence that any invention described by any of the claims of the Power Integrations Patents is not obvious.

RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 86:

All documents and things concerning any failure by others to develop the invention claimed in each of the asserted claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 87:

All documents and things describing any problems regarding Power Integrations PWM Products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations objects to this request as vague and ambiguous for failing to define "problems." Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 88:

All documents and things concerning any failure by those skilled in the art to appreciate any problem alleged to have been solved by any alleged invention described by the claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

41

REQUEST FOR PRODUCTION NO. 89:

All documents and things concerning any copying of or praise for the invention claimed in each of the asserted claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 90:

All documents and things authored outside of Power Integrations concerning, critiquing, objecting to, criticizing, complimenting, praising, or in any other way appraising, any aspect of Power Integrations PWM Products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 91:

All documents and things concerning any unexpected results achieved by the invention claimed in each of the asserted claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 92:

All documents and things concerning industry acceptance, skepticism or disbelief concerning the invention claimed in each of the asserted claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 92:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 93:

All documents and things concerning the desirability of patenting or attempting to patent any alleged invention described by any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 93:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 94:

All documents and things concerning any product, device, technology, or system that Power Integrations contends uses or embodies, in whole or in part, any alleged invention described by any claims of the Power Integrations Patents, including, but not limited to, technical articles, publications, presentations, advertising materials, promotional literature, publicity releases, sales brochures, pamphlets, and instruction manuals.

RESPONSE TO REQUEST FOR PRODUCTION NO. 94:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 95:

All documents and things concerning long-felt need in the industry that Power Integrations contends has been met by any product, device, technology, or system that uses or embodies, in whole or in part, any alleged invention described by any claims of the Power Integrations Patents, including, but not limited to, all documents and things that tend in any way to support or negate an assertion of such long-felt need in the industry.

RESPONSE TO REQUEST FOR PRODUCTION NO. 95:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 96:

All documents and things concerning any substantial attempt by any person other than Power Integrations and the patentees of the Power Integrations Patents to fill any alleged consumer demand or long-felt need in the industry for any alleged invention described by any of the claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 96:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 97:

All documents and things concerning any action by any person that was taken to avoid infringing or to design around any of the asserted claims of Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 97:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 98:

All documents and things concerning non-infringing alternatives to or acceptable substitutes for any alleged invention described by any claims of the Power Integrations Patents, or the lack thereof.

RESPONSE TO REQUEST FOR PRODUCTION NO. 98:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents but does not admit that any acceptable, non-infringing substitutes exist.

46

REQUEST FOR PRODUCTION NO. 99:

All documents and things concerning any commercial success that Power Integrations contends has been achieved by any product, device, technology, or system that uses or embodies, in whole or in part, any alleged invention described by any claim of the Power Integrations Patents, including, but not limited to, all documents and things that tend in any way to support or negate a contention of any such commercial success.

RESPONSE TO REQUEST FOR PRODUCTION NO. 99:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 100:

All documents and things concerning any nexus between the alleged commercial success of any Power Integrations product that Power Integrations contends practices or embodies any asserted claim of the Power Integrations Patents and the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 100:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine, and to the extent that it seeks to shift the burden of establishing a prima facie case of non-obviousness to Power Integrations.

47

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 101:

All documents and things concerning Power Integrations' efforts to develop, build, implement, acquire, or use a working or commercially successful PWM Product.

RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 102:

All documents and things concerning Power Integrations communications of any kind with any standards bodies and industry groups in the semiconductor industry.

RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 103:

All publications that predate the application date of the Power Integrations Patents and teach away from any invention described by any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 103:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 104:

All documents and things concerning the ownership of, or any license to, or any assignment or other transfer of interest in, the Power Integrations Patents including, but not limited to, all assignments or licenses within Power Integrations or affiliate subsidiaries, parents, or other entities.

RESPONSE TO REQUEST FOR PRODUCTION NO. 104:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

49

REQUEST FOR PRODUCTION NO. 105:

All documents and things concerning any effort or attempt, whether successful or not, to assign, sell, transfer, license, or offer to assign, sell, or transfer or license any interest in any of the Power Integrations Patents including, but not limited to, any document relating to negotiation of such attempt.

RESPONSE TO REQUEST FOR PRODUCTION NO. 105:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 106:

All documents and things concerning any communication or decision regarding whether or not to assign, sell, transfer, license, or offer to assign, sell, transfer, or license to any person any interest in any of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 106:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 107:

All documents and things concerning any license or cross-license to which Power Integrations is a party.

RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 108:

All documents and things concerning any license or cross-license requested by or offered to Power Integrations.

RESPONSE TO REQUEST FOR PRODUCTION NO. 108:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 109:

All documents and things concerning any communication between Power Integrations and Fairchild regarding any claimed subject matter of the Power Integrations Patents.

51

RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 110:

All documents and things concerning any notice, warning, or charge of infringement that Power Integrations made or considered making to Fairchild in connection with the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 110:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 111:

All documents and things concerning any notice, warning, or charge of infringement that Power Integrations made or considered making to any person in connection with any of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls

for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 112:

All documents and things concerning any actual notice to Fairchild of Power Integrations' claims of infringement of any of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 112:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 113:

All documents and things concerning any constructive notice to Fairchild of Power Integrations' claims of infringement of any of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 113:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 114:

All documents and things concerning whether Power Integrations has notified any person of any potential infringement of any Power Integrations intellectual property right.

RESPONSE TO REQUEST FOR PRODUCTION NO. 114:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 115:

All documents and things concerning any communications between Power Integrations and Fairchild from October 20, 1998 through October 20, 2004, inclusive.

RESPONSE TO REQUEST FOR PRODUCTION NO. 115:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 116:

All documents and things concerning patent marking or other notice to the public of the existence of the Power Integrations Patents by Power Integrations or any licensee of the Power Integrations Patents.

54

RESPONSE TO REQUEST FOR PRODUCTION NO. 116:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 117:

All documents and things constituting, evidencing or relating to the identification of any patent markings applied to any Power Integrations product.

RESPONSE TO REQUEST FOR PRODUCTION NO. 117:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 118:

All documents and things concerning Power Integrations' alleged damages from Fairchild's alleged infringement of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 118:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 119:

All licenses to which Power Integrations is a party.

RESPONSE TO REQUEST FOR PRODUCTION NO. 119:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 120:

All documents and things concerning licenses or offers to license the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 120:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 121:

All documents and things concerning royalties or other consideration paid under the terms of any license of the Power Integrations Patents.

56

RESPONSE TO REQUEST FOR PRODUCTION NO. 121:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 122:

All documents and things concerning an established or reasonable royalty rate for each of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 122:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 123:

All documents and things that evidence, track or relate to revenues, royalties or consideration (in any form) received by Power Integrations from either the Power Integrations Patents or the Power Integrations Patented Products, including, but not limited to, customer royalty reports, discounts, efforts to enforce (or agreements to forebear) collection of revenues and documents describing any customer's willingness or ability to pay such revenues.

RESPONSE TO REQUEST FOR PRODUCTION NO. 123:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 124:

All documents and things concerning the royalties actually received by Power Integrations for the licensing of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 124:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 125:

All documents and things concerning any rates paid by the Power Integrations for the use of other patents comparable to the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 125:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 126:

All documents and things concerning the nature and scope of any licenses granted by or to Power Integrations as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

RESPONSE TO REQUEST FOR PRODUCTION NO. 126:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 127:

All documents and things concerning Power Integrations' policy or marketing program to maintain its patent monopoly by not licensing others to use the invention or by granting licenses under conditions designed to preserve that monopoly or by freely licensing others.

RESPONSE TO REQUEST FOR PRODUCTION NO. 127:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 128:

All documents and things concerning the effect of selling Power Integrations products covered by the Power Integrations Patents in promoting sales of other products of Power Integrations.

RESPONSE TO REQUEST FOR PRODUCTION NO. 128:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 129:

All documents and things concerning the existing value of the products covered by the Power Integrations Patents as a generator of sales of its non-patented items.

RESPONSE TO REQUEST FOR PRODUCTION NO. 129:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 130:

All documents and things concerning the extent of any derivative or convoyed sales as a result of sales of any Power Integrations products covered by the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 130:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 131:

All documents and things concerning the established profitability of the products made under the Power Integrations Patents, their commercial success, and their current popularity.

RESPONSE TO REQUEST FOR PRODUCTION NO. 131:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 132:

All documents and things concerning the utility and advantages of the Power Integrations products covered by the Power Integrations Patents over the prior art, if any.

RESPONSE TO REQUEST FOR PRODUCTION NO. 132:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 133:

All documents and things concerning the extent to which Power Integrations has made use of the invention covered by the asserted claims of the Power Integrations Patents; and any evidence probative of the value of that use.

RESPONSE TO REQUEST FOR PRODUCTION NO. 133:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 134:

All documents and things concerning the portion of the profit or of the selling price that may be customary in Power Integrations' business or in comparable businesses to allow for the use of the invention covered by the asserted claims of the Power Integrations Patents or analogous inventions.

RESPONSE TO REQUEST FOR PRODUCTION NO. 134:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 135:

All documents and things concerning the portion of the realizable profit that should be credited to the invention covered by the asserted claims of the Power Integrations Patents as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by Fairchild.

RESPONSE TO REQUEST FOR PRODUCTION NO. 135:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 136:

All documents and things concerning any evidence or factor of what would be considered relevant by Power Integrations to the hypothetical negotiation of a license to the asserted claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 136:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 137:

All documents and things concerning any effect on the sale of Power Integrations products by the offer or sale of any Fairchild products anywhere in the world.

RESPONSE TO REQUEST FOR PRODUCTION NO. 137:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 138:

Documents sufficient to disclose the gross profit and net profit currently earned by Power Integrations and its licensees of any product, device, technology, or system that Power Integrations contends uses or embodies, in whole or in part, any alleged invention described by any claims of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 138:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls

for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 139:

All documents and things concerning the ability of Power Integrations or licensees of the Power Integrations Patents to make, sell, or deliver products that embody inventions claimed in the Power Integrations Patents to additional customers had Fairchild's allegedly infringing products, devices, technologies, or systems not been on the market.

RESPONSE TO REQUEST FOR PRODUCTION NO. 139:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 140:

All documents and things concerning the effect of the presence of Fairchild, or any of their respective products, devices, technologies, or systems in the marketplace, on Power Integrations' costs, selling price, pricing structure, profits, or revenues for Power Integrations Patented Product.

RESPONSE TO REQUEST FOR PRODUCTION NO. 140:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing.

Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 141:

All documents and things concerning any analysis (whether internal or from a third-party) of the value of any Power Integrations intellectual property or patents, including, but not limited to, the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 141:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 142:

Documents sufficient to show the total cost, revenue, margin, allocated direct and indirect costs, and profits on a quarterly and annual basis from October 20, 1998-October 20, 2004 of any Power Integrations product for which Power Integrations contends to have lost profit or suffered price erosion due to Fairchild's alleged infringement.

RESPONSE TO REQUEST FOR PRODUCTION NO. 142:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

66

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 143:

All documents and things concerning the total amount of lost profits or price erosions, on a quarterly and annual basis, allegedly caused by each Fairchild product Power Integrations accused of infringing the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 143:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 144:

All documents and things concerning the U.S. PWM market share of any Power Integrations product for which Power Integrations contends to have lost profit or suffered price erosion due to Fairchild's alleged infringement.

RESPONSE TO REQUEST FOR PRODUCTION NO. 144:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 145:

All documents and things concerning the share of the U.S. PWM market held by Power Integrations, Fairchild, or any competitor of Power Integrations or Fairchild.

RESPONSE TO REQUEST FOR PRODUCTION NO. 145:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 146:

All documents and things concerning the share of the PWM market of any country other than the United States held by Power Integrations, Fairchild, or any competitor of Power Integrations or Fairchild.

RESPONSE TO REQUEST FOR PRODUCTION NO. 146:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 147:

All documents and things concerning the share of the worldwide PWM market held by Power Integrations, Fairchild, or any competitor of Power Integrations or Fairchild.

RESPONSE TO REQUEST FOR PRODUCTION NO. 147:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 148:

Documents sufficient to show U.S. revenues from October 20, 1998-October 20, 2004 of Power Integrations products that Power Integrations contends compete with or are competed with by the Accused Fairchild products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 148:

Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.


REQUEST FOR PRODUCTION NO. 149:

Documents sufficient to show non-U.S. revenues from October 20, 1998-October 20, 2004 of Power Integrations products that Power Integrations contends compete with or are competed with by the Accused Fairchild products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 149:

Power Integrations objects to this request as premature, overly broad and unduly burdensome. Discovery has just begun and Power Integrations' investigation is ongoing. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 150:

Documents sufficient to on an annual basis from October 20, 1998-October 20, 2004, sales by country for each Power Integrations PWM product including, but not limited to, the TinySwitch I, TinySwitch II, TOPSwitch, TOPSwitch II, TOPSwitch FX, TOPSwitch GX, LinkSwitch, and DPA-Switch family of products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 150:

Power Integrations objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 151:

All documents and things used or referred to in any way in responding to Fairchild's interrogatories in this case.

RESPONSE TO REQUEST FOR PRODUCTION NO. 151:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 152:

All documents and things concerning Power Integrations' Patents, intellectual property, this litigation or any Accused Fairchild Products, including, but not limited to, internal communications and communications to or from any third party or governmental entity.

RESPONSE TO REQUEST FOR PRODUCTION NO. 152:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations objects to this request as vague and ambiguous to the extent it uses the term "intellectual property." Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 153:

All documents and things that constitute or relate to any Power Integrations communications with, or that relate to any standards organizations (whether formal, informal, final or non-final), or any member thereof, regarding the Power Integrations Patents, Power Integrations Patented Products, Power Integrations' litigation with Fairchild, or Accused Fairchild Products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 153:

Power Integrations objects to this request as overly broad and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege or work product doctrine.

Subject to its general and specific objections, and after a reasonable search, Power Integrations will produce responsive, non-privileged documents.

71

Dated:  February 23, 2005                FISH & RICHARDSON P.C., P.A.


By: _____

William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Michael Kane
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Howard G. Pollack
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2005, a true and correct copy of

**PLAINTIFF POWER INTEGRATIONS, INC.'S RESPONSES TO
DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

was caused to be served on the attorneys of record at the following addresses as
indicated:

Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

Bas de Blank
Duo Chen
Orrick, Herrington, Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BY FEDERAL EXPRESS**

**BY HAND-DELIVERY**

LisaMarie Hernandez

60273590.doc

1