# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

## PLAINTIFF POWER INTEGRATIONS, INC.'S RESPONSES TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Power Integrations, Inc. ("Plaintiff") hereby responds and provides objections to Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation's ("Defendants") Second Set of Requests for Production (154-192). The responses and objections are made according to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware and are based upon information presently available to Plaintiffs. These responses and objections are without prejudice to Plaintiffs' right to use or rely on subsequently discovered information.

## <u>GENERAL OBJECTIONS</u>

1.    Power Integrations will confer with Fairchild regarding a mutually agreeable date, time, place, and manner of inspection.

2.    Power Integrations objects to each and every request to the extent that it calls for documents that are protected by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity. Any production Power Integration

1

makes of such information is inadvertent and shall not constitute a waiver of the applicable privilege or immunity as to such information.

3.      A statement by Power Integrations that it will produce responsive documents is not a representation that any such documents exist.

4.      Power Integrations objects to each request to the extent that it seeks production of all documents responsive to the request on the ground that such request is overly broad and unduly burdensome.  Power Integrations will comply with the Federal Rules of Civil Procedure and will use reasonable diligence to locate documents, based on the examination of those files reasonably expected to yield responsive documents.

5.      Power Integrations objects to each request to the extent that the request purports to impose burdens on Power Integrations greater than, inconsistent with, or not authorized by, the Federal Rules of Civil Procedure or the Local Rules of this Court.

6.      Power Integrations objects to each request to the extent that the request purport to impose on Power Integrations the burden of searching for and producing any documents created by litigation counsel or created in connection with this litigation.

7.      Power Integrations objects to each request to the extent it is vague, ambiguous, or does not reasonably identify the document or thing sought.

8.      Power Integrations objects to each request of confidential, proprietary, trade secret or other competitively sensitive information.

9.      Power Integrations objects to each request to the extent it seeks documents or things not relevant to the claims or defenses of any party to this action.

10.     Power Integrations expressly reserves the right to supplement its responses as discovery proceeds.

11.     Power Integrations reserves the right to rely upon the breadth of production provided.  Therefore, the lists which identify specific, responsive information to requests for production are not meant to be exhaustive.

2

## RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 154:

All documents and things concerning or filed in *In the Matter of Power Supply Controllers,* International Trade Commission Docket No. 2428, including, but not limited to, all documents or pleadings concerning the existence of a domestic industry for PWM devices.

RESPONSE TO REQUEST FOR PRODUCTION NO. 154:

Power Integrations objects to this request to the extent that is calls for information protected by the work product and attorney-client privilege. Power Integrations also objects to this request in that it is irrelevant, vague, ambiguous, overly broad and seeks information outside the scope of this litigation, and therefore is not reasonably calculated to lead to the discovery of relevant information. Power Integrations further objects to this request in that the burden of producing the requested documents far outweighs their relevance; the request calls for documents that are publicly available, and therefore accessible to Fairchild, and the cited ITC Investigation does not involve any of the patents at issue in this case.

REQUEST FOR PRODUCTION NO. 155:

All documents and things concerning Klas H. Eklund, including, but not limited to, all communications and agreements between Power Integrations and Klas H. Eklund.

RESPONSE TO REQUEST FOR PRODUCTION NO. 155:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that it has produced responsive documents, including: PIF 020414-PIF 020628, PIF

3

056892-PIF 056963, PIF 057200-PIF 057338, and that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 156:

All documents and things concerning Klas H. Eklund while he was an employee at Power Integrations including, but not limited to, all employment agreements.

RESPONSE TO REQUEST FOR PRODUCTION NO. 156:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations also objects to this request in that it is repetitive and cumulative of Request No. 155, and hereby incorporates the response thereto. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 157:

All documents and things concerning Klas H. Eklund's departure from Power Integrations.

RESPONSE TO REQUEST FOR PRODUCTION NO. 157:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations also objects to this request in that it is repetitive and cumulative of Request Nos. 155 and 156, and hereby incorporates the responses thereto. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce any other responsive, non-privileged documents.

4

REQUEST FOR PRODUCTION NO. 158:

All documents and things concerning communications between Power Integrations and Klas H. Eklund, including, but not limited to, all documents and things concerning the Power Integrations Patents, validity or invalidity of the Power Integrations Patents, infringement or non-infringement of the Power Integrations Patents by Fairchild or others, enforceability or unenforceability of the Power Integrations Patents, Fairchild, and litigation between Power Integrations and Fairchild.

RESPONSE TO REQUEST FOR PRODUCTION NO. 158:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations also objects to this request because it is repetitive and cumulative of Request Nos. 155-157, and hereby incorporates the responses thereto. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 159:

All communications between Klas H. Eklund and Power Integrations since Klas H. Eklund departed from Power Integrations.

RESPONSE TO REQUEST FOR PRODUCTION NO. 159:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations also objects to this request because it is repetitive and cumulative of Requests Nos. 155, 157, and 158, and hereby incorporates the responses thereto. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce any other responsive, non-privileged documents.

5

REQUEST FOR PRODUCTION NO. 160:

All documents and things concerning any assignment of intellectual property from Klas H. Eklund to Power Integrations or any other company.

RESPONSE TO REQUEST FOR PRODUCTION NO. 160:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations also objects to this request because it is repetitive and cumulative of Requests Nos. 155, 156, 158, 159, and 160, and hereby incorporates the responses thereto. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 161:

All documents and things concerning any rights Ericsson, Inc. may have to the '075 Patent including, but not limited to, employment or assignment agreements between Klas H. Eklund and Ericsson, Inc.

RESPONSE TO REQUEST FOR PRODUCTION NO. 161:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations also objects to this request because it is repetitive and cumulative of Requests Nos. 155, 158, 159, and 160, and hereby incorporates the responses thereto. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce responsive, non-privileged documents.

6

REQUEST FOR PRODUCTION NO. 162:

All documents and things concerning any rights Advanced Micro Devises may have to the '075 Patent including, but not limited to, employment or assignment agreements between Klas H. Eklund and Advanced Micro Devices.

RESPONSE TO REQUEST FOR PRODUCTION NO. 162:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations also objects to this request because it is repetitive and cumulative of Requests Nos. 155, 158, 159, and 160, and hereby incorporates the responses thereto. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 163:

All documents and things concerning any rights Data General Corporation may have to the '075 Patent including, but not limited to, employment or assignment agreements between Klas H. Eklund and Data General Corporation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 163:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations also objects to this request because it is repetitive and cumulative of Requests Nos. 155, 158, 159, and 160, and hereby incorporates the responses thereto. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations

7

states that after a reasonable search, it will produce responsive, non-privileged

documents.

REQUEST FOR PRODUCTION NO. 164:

All documents and things concerning *Power Integrations, Inc. v. Klas Eklund*,

Case No. C-93 20338 including, but not limited to, all pleadings, discovery, briefs,

motions, orders, stipulations, memorandums, or agreements.

RESPONSE TO REQUEST FOR PRODUCTION NO. 164:

Power Integrations objects to this request to the extent that it is irrelevant, vague,

ambiguous, and overly broad. Power Integrations also objects to this request because it is

repetitive and cumulative of Requests Nos. 155, 158, 159 and 160, and hereby

incorporates the responses thereto. Power Integrations further objects to this request to

the extent that it calls for documents that are either publicly available or protected by the

attorney-client privilege and/or work product doctrine. In addition, Power Integrations

objects to this request on the ground that it seeks information outside the scope of this

litigation, is not reasonably calculated to lead to the discovery of admissible evidence, is

irrelevant, and is intended to harass Power Integrations. Subject to and without waiving

the foregoing general objections which are stated herein, Power Integrations states that,

after a reasonable search, it will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 165:

All documents and things concerning communications or disputes relating to

intellectual property, including, but not limited to, the '075 patent, between Power

Integrations and Data General Corporation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 165:

Power Integrations objects to this request to the extent that it is irrelevant, vague,

ambiguous, overly broad, and unduly burdensome. Power Integrations also objects to

this request because it is repetitive and cumulative of Requests Nos. 155, 158, 159, 160,

and 163, and hereby incorporates the responses thereto. Power Integrations further

8

objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 166:

All documents and things concerning communications or disputes relating to intellectual property, including, but not limited to, the '075 patent, between Power Integrations and Ericsson, Inc.

RESPONSE TO REQUEST FOR PRODUCTION NO. 166:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations also objects to this request because it is repetitive and cumulative of Requests Nos. 155, 158, 159,160, and 161, and hereby incorporates the responses thereto. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 167:

All documents and things concerning statements made by Power Integrations to customers or potential customers regarding Fairchild, including, but not limited to, statements relating to use of Fairchild products, the litigation between Power Integrations and Fairchild, the Power Integrations patents, any potential outcome of Power Integrations' litigation with Fairchild, or the potential liability for infringing the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 167:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 168:

All documents and things concerning any test, examination, analysis, or review conducted with respect to any PWM Product offered for sale, licensed, or sold by Power Integrations or any of its licensees concerning whether or not the product is covered by any claim of the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 168:

Power Integrations objects to this request in that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that it does not test whether or not the product is covered by any claim of the Power Integrations Patents. Further, Power Integrations has produced documents showing its testing procedures, and the product features for which it tests, including: PIF 054219-PIF 054289.

REQUEST FOR PRODUCTION NO. 169:

All documents and things concerning Power Integrations' policy of marking its products or packaging with patent numbers or patent notice.

RESPONSE TO REQUEST FOR PRODUCTION NO. 169:

Power Integrations objects to this request as to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that it has produced responsive documents including: PIF 030156-PIF 030175; PIF 030192- PIF 030211; PIF 030268-PIF 030303; PIF 030336- PIF 030403; PIF 030444-PIF 030575; PIF 030807-PIF 030822; PIF 030848-PIF 030859; PIF 030884-PIF 030899; PIF 030900-PIF 031024; PIF 031073-PIF 031140; PIF 031181-PIF 031228; PIF 031640-PIF 031779; PIF 032117- PIF 032376; PIF 032381-PIF 032432; PIF 037464-PIF 037479; PIF 056252-PIF 056883; PIF 057339-PIF 057343, and that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 170:

All documents and things concerning any discussion or decision by Power Integrations whether to mark its products or packaging with the patent number of one of the Power Integrations Patents, and what manner of marking would serve as sufficient notice.

RESPONSE TO REQUEST FOR PRODUCTION NO. 170:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. In addition, Power Integrations objects to this request as repetitive and cumulative of Request No. 169, and hereby incorporates the response thereto. Subject to and without waiving these objections and the General

11

Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 171:

All documents and things concerning any discussion or decision by Power Integrations whether to list the patent numbers of any patents owned or licensed by Power Integrations on any data sheet or application notes.

RESPONSE TO REQUEST FOR PRODUCTION NO. 171:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. In addition, Power Integrations objects to Request No. 170 as repetitive and cumulative of Request Nos. 169 and 170, and hereby incorporates the responses thereto. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 172:

All documents and things concerning any prior art searches conducted in connection with the filing of the applications for the Power Integrations Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 172:

Power Integrations objects to this request as vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that it has produced responsive documents including PIF 000001-PIF 000408, and that after a reasonable search, it will any other produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 173:

All documents and things concerning Power Integrations' decision to submit prior art in connection with the filing of the applications for the Power Integrations Patents, including, but not limited to, information relating to Power Integrations' existing products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 173:

Power Integrations objects to this request as irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. In addition, Power Integrations objects to this request as repetitive and cumulative of Request No. 172, and hereby incorporates the response thereto. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 174:

All documents and things concerning the design, development, and marketing of the following Power Integrations products: (i) #TOP200-4/14 TOPSwitch Family Three-Terminal Off-Line PWM Switch; (ii) SMP3 PWM switches; (iii) SMP402 PWM switch; (iv) TOPSwitch Family – Three-terminal Off-line PWM Switch TOP100-4; (v) PWR SMP260; and (vi) TOP221-227 TOPSwitch II Family Three-Terminal Off-line PWM Switch.

RESPONSE TO REQUEST FOR PRODUCTION NO. 174:

Power Integrations objects to this request as irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General

13

Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 175:

All documents and things concerning Power Integrations' testing, evaluation, analysis, or reverse engineering of the products made by Power Integrations' competitors.

RESPONSE TO REQUEST FOR PRODUCTION NO. 175:

Power Integrations objects to this request as irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general objections which are stated herein, with the express incorporation of the General Objections asserted above, Power Integrations responds that is has previously produced responsive documents including: PIF18470-PIF 18486; PIF 27677-PIF 27723; PIF 28191-PIF 28206; PIF 32878-PIF 32882; PIF 32893-PIF 32907; PIF 32915-PIF 32921; PIF 32933-PIF 32942; PIF 32944-PIF 32961; PIF 32969; PIF 33005-PIF 33012; PIF 33014-PIF 33035; PIF 33037-PIF 33040; PIF 33129; PIF 33616-PIF 33662; PIF 33761-PIF 33810; PIF 35639-PIF 35644; PIF 36410-PIF 37409; PIF 54219-PIF 54289; and that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 176:

To the extent that Power Integrations alleges that the Accused Fairchild Products are being incorporated into final products that are imported, offered for sale, or used in the United States, describe all facts and evidence supporting such allegations.

RESPONSE TO REQUEST FOR PRODUCTION NO. 176:

Power Integrations objects to this request as it is phrased as an interrogatory and, thus, production is not requested. Subject to and without waiving the foregoing general objections which are stated herein, with the express incorporation of the General Objections asserted above, Power Integrations responds as follows: No documents are

14

requested. However, to the extent that this request could be considered as a request for production, Power Integrations objects to this request as irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general objections which are stated herein, with the express incorporation of the General Objections asserted above, Power Integrations states the following is a non-exhaustive list of documents produced by Fairchild providing evidence of final products incorporating the Accused Products that are likely to be imported into the United States: PIF 052422-PIF 052522   Further, Power Integrations will be relying upon documents produced by Fairchild.

REQUEST FOR PRODUCTION NO. 177:

All documents and things concerning litigation between Power Integrations and Systems General including, but not limited to, all pleadings, discovery, briefs, motions, orders, stipulations, memorandums, or agreements.

RESPONSE TO REQUEST FOR PRODUCTION NO. 177:

Power Integrations objects to this request to the extent that is calls for information protected by the attorney-client privilege and/or work product doctrine. Power Integrations also objects to this request in that it is irrelevant, vague, ambiguous, overly broad and seeks information outside the scope of this litigation, and therefore is not reasonably calculated to lead to the discovery of relevant information. Power Integrations further objects to this request in that the burden of producing the requested documents far outweighs their relevance; the request seeks documents that are publicly available, and therefore accessible to Fairchild. Further, the litigation between Power Integrations and Systems General is ongoing and does not involve any patents involved in this lawsuit.

REQUEST FOR PRODUCTION NO. 178:

All documents and things concerning all patent infringement litigation Power Integrations is currently involved in or has ever been a party to.

RESPONSE TO REQUEST FOR PRODUCTION NO. 178:

Power Integrations objects to this request to the extent that is calls for information protected by the attorney-client privilege and/or work product doctrine. Power Integrations also objects to this request in that it is irrelevant, vague, ambiguous, overly broad and seeks information outside the scope of this litigation, and therefore is not reasonably calculated to lead to the discovery of relevant information. Power Integrations further objects to this request in that the burden of producing the requested documents far outweighs their relevance; the request seeks documents that are publicly available, and therefore accessible to Fairchild. Further, the litigation between Power Integrations and Systems General is ongoing and does not involve any patents involved in this lawsuit. Subject to and without these objections and the General Objections which are incorporated herein, Power Integrations states that it has already produced the responsive, non-privileged documents from *Power Integrations, Inc. v. Motorola, Inc.* including PIF 001295-PIF 007922 and PIF 045830-PIF 052421.

REQUEST FOR PRODUCTION NO. 179:

All documents and things concerning the percentage of Power Integrations devices sold within in [sic] the United States versus outside of the United States.

RESPONSE TO REQUEST FOR PRODUCTION NO. 179:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. In addition, Power Integrations objects to this request on the ground that it seeks information outside the scope of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to

16

and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that it has produced responsive documents including: PIF 052422-PIF 054218, and that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 180:

All documents and things concerning the percentage of Power Integrations devices sold on a country by country basis, including, but not limited to, the United States and the Republic of Korea.

RESPONSE TO REQUEST FOR PRODUCTION NO. 180:

Power Integrations objects to this request to the extent that it is irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. In addition, Power Integrations objects to this request on the ground that it seeks information outside the scope of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that it has produced responsive documents including: PIF 052422-PIF 054218, and that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 181:

All documents and things authored by a current or former Fairchild employee.

RESPONSE TO REQUEST FOR PRODUCTION NO. 181:

Power Integrations objects to this request, first and foremost, as vague and ambiguous. In addition, Power Integrations objects to this request to the extent that it is irrelevant, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Power Integrations objects to this request

17

on the ground that it seeks information outside the scope of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that it has produced responsive documents, including: PIF 29384-PIF 29408; PIF 33041-PIF 33128; PIF 33130-PIF 33615; PIF 33663-PIF 33760; PIF 33811-PIF 35638; PIF 35645-PIF 36409; PIF 37410-PIF 37451; and, after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 182:

All documents and things authored by Fairchild.

RESPONSE TO REQUEST FOR PRODUCTION NO. 182:

Power Integrations objects to this request, first and foremost, as vague and ambiguous. In addition, Power Integrations objects to this request as irrelevant, overly broad, and unduly burdensome. In addition, Power Integrations objects to Request No. 182 as repetitive and cumulative of Request No. 181, and hereby incorporates the response thereto. Power Integrations objects to this request on the ground that it seeks information outside the scope of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 183:

All Fairchild documents and things designated by Fairchild "confidential," "secret," "trade secret," or otherwise marked for restricted distribution.

RESPONSE TO REQUEST FOR PRODUCTION NO. 183:

Power Integrations objects to this request, first and foremost, as vague and ambiguous. In addition, Power Integrations objects to this request as irrelevant, overly broad, and unduly burdensome. In addition, Power Integrations objects to Request No. 183 as repetitive and cumulative of Request No. 181 and 182. Power Integrations objects

to this request on the ground that it seeks information outside the scope of this litigation
and is not reasonably calculated to lead to the discovery of admissible evidence. Subject
to and without waiving these objections and the General Objections which are
incorporated herein, Power Integrations states that after a reasonable search, it will
produce all responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 184:

All documents and things concerning Power Integrations' lost sales resulting from
the sale of Fairchild's allegedly infringing devices including, but not limited to,
documents concerning where and when such lost sales occurred.

RESPONSE TO REQUEST FOR PRODUCTION NO. 184:

Power Integrations objects to this request as vague, ambiguous, overly broad, and
unduly burdensome. Power Integrations further objects to this request to the extent that it
calls for documents that are protected by the attorney-client privilege and/or work
product doctrine. Subject to and without waiving these objections and the General
Objections which are incorporated herein, Power Integrations states that it has produced
responsive documents including: PIF 027062-PIF 027122; PIF 027155-PIF 027243; PIF
28203; PIF 029001-29049; PIF 29118-PIF 029146; PIF 029288-PIF 029315; PIF
029439-PIF 029440; PIF 32878-PIF 32881; PIF 32893-PIF 32907; PIF 32926-PIF
32927; PIF 32931-PIF 32932; PIF 32933-PIF 32936; PIF 32944-PIF 32947; PIF 32951;
PIF 32962-PIF 032968; PIF 32999-PIF 33000; PIF 33009-PIF 33012; PIF 33014-PIF
33035; PIF 033130-PIF 033760; PIF 033811-PIF 035638; PIF 035645-PIF 036409; PIF
037410-PIF 037450; PIF 037928-PIF 038019; PIF 038301-PIF 038315; PIF 038822-PIF
038888; PIF 039138-PIF 039239; PIF 039342-PIF 039440; PIF 039688-PIF 039697; PIF
039703-PIF 039707; PIF 040638-PIF 040645; PIF 042684-PIF 042700; PIF 042718-PIF
042743; PIF 042934-PIF 042944; PIF 043027-PIF 043034; PIF 043044-PIF 043273; PIF
043296-PIF 043306; PIF 043596-PIF 043630; PIF 043753-PIF 043772; PIF 043890-PIF
043897; PIF 044344-PIF 044448; PIF 044075-PIF 045828; PIF 052422-PIF 054218; PIF

19

057344- PIF 057355, and that after a reasonable search, it will produce any other

responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 185:

All documents and things concerning any erosion in the price of Power

Integrations' devices resulting from the sale of Fairchild's allegedly infringing devices

including, but not limited to, documents concerning where and when such price erosion

occurred.

RESPONSE TO REQUEST FOR PRODUCTION NO. 185:

Power Integrations objects to this request as irrelevant, vague, ambiguous, overly

broad, and unduly burdensome. Power Integrations further objects to this request to the

extent that it calls for documents that are protected by the attorney-client privilege and/or

work product doctrine. Subject to and without waiving these objections and the General

Objections which are incorporated herein, Power Integrations states that it has produced

responsive documents including: PIF 027062-PIF 027122; PIF 027155-PIF 027243; PIF

28203; PIF 029001-29049; PIF 029118-PIF 029146; PIF 029288-PIF 029315; PIF

029439-PIF 029440; PIF 32878-PIF 32881; PIF 32893-PIF 32907; PIF 32926-PIF

32927; PIF 32931-PIF 32932; PIF 32933-PIF 32936; PIF 32944-PIF 32947; PIF 32951;

PIF 32962-PIF 032968; PIF 32999-PIF 33000; PIF 33009-PIF 33012; PIF 33014-PIF

33035; PIF 033130-PIF 033760; PIF 033811-PIF 035638; PIF 035645-PIF 036409; PIF

037410-PIF 037450; PIF 037928-PIF 038019; PIF 038301-PIF 038315; PIF 038822-PIF

038888; PIF 039138-PIF 039239; PIF 039342-PIF 039440; PIF 039688-PIF 039697; PIF

039703-PIF 039707; PIF 040638-PIF 040645; PIF 042684-PIF 042700; PIF 042718-PIF

042743; PIF 042934-PIF 042944; PIF 043027-PIF 043034; PIF 043044-PIF 043273; PIF

043296-PIF 043306; PIF 043596-PIF 043630; PIF 043753-PIF 043772; PIF 043890-PIF

043897; PIF 044344-PIF 044448; PIF 044075-PIF 045828; PIF 052422-PIF 054218; PIF

057344- PIF 057355, and that after a reasonable search, it will produce any other

responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 186:

All documents and things concerning price competition between Power
Integrations and Fairchild.

RESPONSE TO REQUEST FOR PRODUCTION NO. 186:

Power Integrations objects to this request as irrelevant, vague, ambiguous, overly
broad, and unduly burdensome. Power Integrations further objects to this request to the
extent that it calls for documents that are protected by the attorney-client privilege and/or
work product doctrine. Subject to and without waiving these objections and the General
Objections which are incorporated herein, Power Integrations states that it has produced
responsive documents including: PIF 027062-PIF 027122; PIF 027155-PIF 027243; PIF
28203; PIF 029001-029049; PIF 118-PIF 029146; PIF 029288-PIF 029315; PIF 029439-
PIF 029440; PIF 32878-PIF 32881; PIF 32893-PIF 32907; PIF 32926-PIF 32927; PIF
32931-PIF 32932; PIF 32933-PIF 32936; PIF 32944-PIF 32947; PIF 32951; PIF 32962-
PIF 032968; PIF 32999-PIF 33000; PIF 33009-PIF 33012; PIF 33014-PIF 33035; PIF
033130-PIF 033760; PIF 033811-PIF 035638; PIF 035645-PIF 036409; PIF 037410-PIF
037450; PIF 037928-PIF 038019; PIF 038301-PIF 038315; PIF 038822-PIF 038888; PIF
039138-PIF 039239; PIF 039342-PIF 039440; PIF 039688-PIF 039697; PIF 039703-PIF
039707; PIF 040638-PIF 040645; PIF 042684-PIF 042700; PIF 042718-PIF 042743; PIF
042934-PIF 042944; PIF 043027-PIF 043034; PIF 043044-PIF 043273; PIF 043296-PIF
043306; PIF 043596-PIF 043630; PIF 043753-PIF 043772; PIF 043890-PIF 043897; PIF
044344-PIF 044448;  PIF 044075-PIF 045828; PIF 052422-PIF 054218; PIF 057344-
PIF 057355, and that after a reasonable search, it will produce any other responsive, non-
privileged documents.

REQUEST FOR PRODUCTION NO. 187:

Documents and things sufficient to identify Fairchild devices that compete with
Power Integrations' devices.

21

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 187:</u>

Power Integrations objects to this request as irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations incorporates by reference its Response to Request No. 186, and states that after a reasonable search, it will produce any other responsive, non-privileged documents.

<u>REQUEST FOR PRODUCTION NO. 188:</u>

Documents and things sufficient to identify third party devices that compete with Power Integrations' devices.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 188:</u>

Power Integrations objects to this request as irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations incorporates by reference its Response to Request No. 186, and states that after a reasonable search, it will produce any other responsive, non-privileged documents.

<u>REQUEST FOR PRODUCTION NO. 189:</u>

Documents and things sufficient to identify manufacturers of devices that compete with Power Integrations' devices including, but not limited to, documents concerning the number of such manufacturers.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 189:</u>

Power Integrations objects to this request as irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or

work product doctrine. In addition, Power Integrations objects to Request No. 189 as repetitive and cumulative of Request No. 188, and hereby incorporates the response thereto. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations incorporates by reference its Response to Request No. 186, and states that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 190:

Documents and things sufficient to identify Power Integrations' customers.

RESPONSE TO REQUEST FOR PRODUCTION NO. 190:

Power Integrations objects to this request as irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that it has produced responsive documents including: PIF 052422-PIF 054218, and that after a reasonable search, it will produce any other responsive, non-privileged documents.

REQUEST FOR PRODUCTION NO. 191:

Documents and things sufficient to identify Fairchild's customers for the accused devices.

RESPONSE TO REQUEST FOR PRODUCTION NO. 191:

Power Integrations objects to this request as irrelevant, vague, ambiguous, and overly broad Further, Power Integrations objects to this request in that it is unduly burdensome; it requests documents maintained by Fairchild, and information that is more easily obtained by Fairchild than Power Integrations.

REQUEST FOR PRODUCTION NO. 192:

All documents and things concerning the design and operation of third party devices that compete with Power Integrations' devices.

RESPONSE TO REQUEST FOR PRODUCTION NO. 192:

Power Integrations objects to this request as irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Power Integrations further objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege and/or work product doctrine. Power Integrations further objects to this request as unduly burdensome to the extent it requests publicly available documents of third parties. As well, Power Integrations objects to this request as repetitive and cumulative of Request No. 188, and hereby incorporates the response thereto. Subject to and without waiving these objections and the General Objections which are incorporated herein, Power Integrations states that that it has produced responsive documents including: PIF 027062-PIF 027122; PIF 027155-PIF 027243; PIF 28203; PIF 029001-PIF 029146; PIF 029288-PIF 029315; PIF 029439-PIF 029440; PIF 32878-PIF 32881; PIF 32893-PIF 32907; PIF 32926-PIF 32927; PIF 32931-PIF 32932; PIF 32933-PIF 32936; PIF 32944-PIF 32947; PIF 32951; PIF 32962-PIF 032968; PIF 32999-PIF 33000; PIF 33009-PIF 33012; PIF 33014-PIF 33035; PIF 033130-PIF 033760; PIF 033811-PIF 035638; PIF 035645-PIF 036409; PIF 037410-PIF 037450; PIF 037928-PIF 038019; PIF 038301-PIF 038315; PIF 038822-PIF 038888; PIF 039138-PIF 039239; PIF 039342-PIF 039440; PIF 039688-PIF 039697; PIF 039703-PIF 039707; PIF 040638-PIF 040645; PIF 042684-PIF 042700; PIF 042718-PIF 042743; PIF 042934-PIF 042944; PIF 043027-PIF 043034; PIF 043044-PIF 043273; PIF 043296-PIF 043306; PIF 043596-PIF 043630; PIF 043753-PIF 043772; PIF 043890-PIF 043897; PIF 044344-PIF 044448;  PIF 044075-PIF 045828; PIF 057344-PIF 057355, and that after a reasonable search, it will produce any responsive, non-privileged documents created by Power Integrations.

Dated:  June 30, 2005                    FISH & RICHARDSON P.C.


By:    _____
       William J. Marsden, Jr. (#2247)
       Sean P. Hayes (#4413)
       John F. Horvath (#4557)
       919 N. Market Street, Suite 1100
       P.O. Box 1114
       Wilmington, DE  19899-1114
       Telephone: (302) 652-5070
       Facsimile:  (302) 652-0607

       Frank E. Scherkenbach
       225 Franklin Street
       Boston, Massachusetts 02110-2804
       Telephone: (617) 542-5070
       Facsimile:  (617) 542-8906

       Howard G. Pollack
       Gina M. Steele
       Michael R. Headley
       500 Arguello Street, Suite 500
       Redwood City, California 94063
       Telephone: (650) 839-5070
       Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.


50286147.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2005, a true and correct copy of the

PLAINTIFF POWER INTEGRATIONS, INC.'S RESPONSES TO DEFENDANTS'

SECOND SET OF REQUESTS FOR PRODUCTION  was caused to be served on the

attorneys of record at the following addresses as indicated:

**BY HAND DELIVERY**
Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

Attorneys for Defendant-
Counterclaimant
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

**VIA FEDERAL EXPRESS**
G. Hopkins Guy, III
Bas de Blank
Duo Chen
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA  94025

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

John F. Horvath

50286147.DOC

# EXHIBIT C

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA HAND DELIVERY**

November 22, 2005

Facsimile
650 839-5071

Web Site
www.fr.com

Brian Vanderzanden
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**FR**

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    Power Integrations, Inc. v. Fairchild Semiconductor International
       USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Brian:

Enclosed for your review, please find one compact disc (CD050) containing
production documents for the above mentioned matter.  This disc contains documents
labeled PIF 129301 – 130027.  This CD contains the complete set of SMP documents
Mr. Headley referenced in his earlier e-mail to you.  Please destroy any copies of the
schematics he sent you in that e-mail and replace them with these numbered
documents to prevent any confusion as to the status of the documents.

Please note these documents have been designated "Highly Confidential – Outside
Counsel Only" pursuant to the protective order.

Very truly yours,

*Kerry Smith*

Kerry B. Smith
Litigation Paralegal

Enclosure

cc: Steven J. Balick (by fax without encl.)

50313799.doc

# EXHIBIT D



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

December 21, 2005

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:    <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Michael:

As you know, Fairchild has been requesting information concerning the design and operation of Power Integrations' own prior art devices – including the SMP3, SMP211, SMP240 and SMP260 devices – since January, 2005. For almost 11 months, Power Integrations has repeatedly stated that it had produced all of the documents it possessed and that it had no further schematics describing these products. These representations were made on the record during the deposition of Power Integrations' witnesses, by correspondence, and during our conversations.

Notwithstanding Power Integrations' repeated statements to the contrary, Power Integrations did possess schematics and other documents describing its prior art devices. Unfortunately, Power Integrations did not produce these documents until the evening of November 22, 2005 – shortly before the third day of Mr. Balakrishnan's deposition. Power Integrations delay precluded Fairchild from completing Mr. Balakrishnan's deposition. Indeed, the majority of the third day of deposition was spent reviewing the documents Power Integrations had previously failed to disclose.

Thus, Fairchild needs to continue the deposition of Balu Balakrishnan. Similarly, Fairchild needs to continue the deposition of Lief Lund, an inventor on the asserted patents and one of the individuals that developed the prior art circuits. Please let me know as soon as possible when Messrs. Lund and Balakrishnan are available for deposition.

Sincerely,

Bas de Blank

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

DOCSSV1:438238.1

# EXHIBIT E

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
650 839-5070

**VIA FACSIMILE & U.S. MAIL**
(650) 614-7401

Facsimile
650 839-5071

December 22, 2005

Web Site
www.fr.com

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**Michael R. Headley**
(650) 839-5139

Email
headley@fr.com

Re:    Power Integrations, Inc. v. Fairchild Semiconductor Int'l
        USDC-D. Del. - C.A. No. 04-1371 JJF

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

I received your letter of yesterday demanding additional deposition time with Mr.
Balakrishnan and Mr. Lund, but there is no apparent basis for your request.  Your
letter admits that you took a great deal of testimony from Mr. Balakrishnan regarding
the SMP schematics—by your own account, Fairchild already spent "the majority of
the third day of [his] deposition" reviewing the documents—and you have not
indicated what any further testimony might provide that is not redundant.  In
particular, I note that Mr. Lund already (1) testified that he was not at all familiar with
the SMP3 device, Tr. at 131:25-132:12, (2) testified that he did not design the
SMP211, Tr. at 98, 101, and (3) gave extensive testimony regarding the functionality
of the SMP240/260 devices. Thereafter, as you acknowledge, Mr. Balakrishnan gave
a detailed explanation of these products' functionality and schematics during his third
day of deposition testimony.

Please let me know what specifically any further testimony from Mr. Balakrishnan
and/or Mr. Lund might add.  As it stands, your request for a fourth day of testimony
from Power Integrations' CEO, and further testimony from Mr. Lund on topics he
already addressed, appears to be nothing more than harassment.

Sincerely,

Michael R. Headley

/vfl

50319158.doc

EXHIBIT F



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

December 30, 2005

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:     Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

I write in response to your letter of December 22, 2005 concerning the continued depositions of Messrs. Lund and Balakrishnan. In your letter, you request the basis for Fairchild's request. The basis is simple – Power Integrations withheld from Fairchild highly material schematics of Power Integrations' own devices until these depositions were either complete or nearly complete. These schematics show that many of the claims of Power Integrations' patents are anticipated by Power Integrations' own prior art. This prior art was developed by Messrs. Balakrishnan and Lund. Despite their knowledge of this prior art, neither Mr. Balakrishnan nor Mr. Lund provided it to the Patent Office. This clear violation of their duty of candor renders the claims unenforceable, as well as invalid.

Specifically, Fairchild requested schematics for Power Integrations prior art devices months before Mr. Lund's deposition. Power Integrations did not, however, produce them. During his deposition, Mr. Lund testified that he could not recall certain information without the schematics. Once again, Fairchild requested the schematics. Power Integrations' attorney stated on the record that all schematics had been produced. When Mr. Lund began to correct him and state where the schematics were located, Power Integrations attorney cut him off:

**Mr. de Blank**: Well, thank you very much. Then I have no further questions for Mr. Lund at this point, though I would ask if you could look for and produce the schematics, data sheets, application notes and such related to the SMP240 and 260 devices. I'm not sure those have been produced.

**Mr. Pollack**: My understanding is what we had on those devices was produced.

**Mr. de Blank**: Okay.

**Mr. Pollack**: It was not much because they are really old, long, obsolete devices, but I know that we did collect some stuff, and I'm pretty sure it's been produced, but I can -- I'll go back and double-check if we have anything more.



**ORRICK**

Michael Headley
12/30/2005
Page 2

> **Mr. de Blank**: I understand.  If you could just verify with Mr. Lund off line whether he has the schematics in his office or elsewhere.
>
> **Mr. Pollack**: Yeah.  My understanding, at least, and expectation -- though I wasn't directly involved -- is that the materials we did collect from the -- about the SMP260 came from Leif, so --
>
> *The Witness:  There are schematics in the --*
>
> **Mr. Pollack**: Okay.

Power Integrations did not produce the schematics.  Consequently, Fairchild proceeded with the deposition of Mr. Balakrishnan.

As you know, Fairchild has believed that given Mr. Balakrishnan's significance as the lead inventor on three of the four asserted patents and Power Integrations' insistence that Mr. Balakrishnan be Power Integrations' 30(b)(6) deponent on the majority of deposition topics, Mr. Balakrishnan's deposition would take at least four days.  He has only been deposed for three days.  Moreover, late in the night before the third day of deposition, Power Integrations *finally* produced the schematics it had withheld.  That night, Power Integrations produced 727 pages of missing schematics that confirmed that Power Integrations' own devices anticipated the presently asserted claims.  At great effort, Fairchild attorneys began to review those pages that night and were able to ask some questions of Mr. Balakrishnan about those documents.  Now that Fairchild has had time to review this production, Fairchild has additional questions for Mr. Balakrishnan about these documents.  Moreover, since Fairchild was forced to devote a significant portion of the third day of Mr. Balakrishnan's deposition to these late produced documents, Fairchild was unable to ask Mr. Balakrishnan questions concerning other topics for which he is designated to testify and/or knowledgeable.

Thus, Fairchild insists on its right to continue the depositions of Messrs. Lund and Balakrishnan.  If Power Integrations will not agree to produce these witnesses, please let me know at once and Fairchild will move to compel this testimony.  If Power Integrations will agree to produce these witnesses, please let me know what dates they will be available.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

EXHIBIT G



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

January 25, 2006

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:     Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

On December 30, 2005, I wrote to once more request the continued depositions of Messrs. Lund and Balakrishnan. In that letter, I set out some of the reasons why Power Integrations has made these depositions necessary. We have yet to receive a response from Power Integrations.

Please let us know by close of business today whether Power Integrations will agree to continue the depositions of Messrs. Balakrishnan and Lund. As we have explained, these depositions are necessary so that Fairchild can query Mr. Lund about Power Integrations' previously withheld schematics. The deposition is also necessary so that Fairchild can complete its examination of Mr. Balakrishnan. Finally, we note that since Mr. Balakrishnan's deposition began, Power Integrations has produced over 19,000 pages of documents. This is an additional reason why it is necessary to continue Mr. Balakrishnan's deposition.

If Power Integrations is willing to continue the depositions of Messrs. Balakrishnan and Lund, please let me know what dates you would propose. If Power Integrations is unwilling to continue these depositions, we will file a motion to compel on Thursday, January 26, 2006 and intend to raise the issue with the Court during the during the February 2, 2006 hearing.

Sincerely,

Bas de Blank

cc:     William J. Marsden, Jr.
        Howard G. Pollack

EXHIBIT H

# REDACTED

EXHIBIT I



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

October 24, 2005

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

I was surprised and disappointed to receive your letter late Friday, October 21, 2005. You imply that Fairchild sprung "an entirely new schedule" "mere hours" after we confirmed the previous schedule. As you know, that is simply not correct. The first time Power Integrations unilaterally cancelled Mr. Balakrishnan's deposition, the parties agreed to extend the schedule so that Fairchild could depose Mr. Balakrishnan before submitting its expert report. This is the schedule you refer to in your letter. After that agreement was reached, Power Integrations unilaterally cancelled Mr. Balakrishnan's deposition for a *second* time. I immediately raised the issue that Power Integrations' decision would likely mean that the schedule be once more extended. Indeed, that is part of why the parties delayed submitting the previously agreed to schedule -- so that a single revision could be provided. Since Power Integrations previously agreed that Fairchild is entitled to depose Mr. Balakrishnan prior to submitting its expert report, we do not understand why Power Integrations now refuses to extend the schedule given the fact that Power Integrations demanded that we once more reschedule Mr. Balakrishnan's deposition.

You suggest that "the deposition of a single witness does not justify pushing back the entire case schedule". First, as you know, Mr. Balakrishnan is hardly a typical witness. He is one of only two fact witnesses Power Integrations may call at trial, the lead inventor of three of the four asserted patents, an officer of Power Integrations, and Power Integrations' designated 30(b)(6) witness on 19 different topics. Indeed, many of Power Integrations' previous witnesses have deferred to Mr. Balakrishnan as the person most likely able to answer Fairchild's questions. Second, the Court has recently ordered Power Integrations to supplement its discovery responses and finally provide Fairchild with the information it sought in January, 2005. Fairchild is entitled to this discovery before submitting its expert reports.

Mr. Balakrishnan is expected to testify on many issues relevant to the expert reports. Specifically, admissions by Mr. Balakrishnan may be relevant to claim construction, invalidity, lack of enablement, and the inventors' failure to disclose their best mode of practicing their alleged invention. Indeed, Mr. Balakrishnan has been designated to testify on deposition topics directly related to the issues of non-infringement and invalidity of the Power Integrations patents, including:

- Non-infringing alternatives to the use of the Power Integrations Patents.



**ORRICK**

Michael Headley
10/24/2005
Page 2

- How each accused Fairchild device allegedly infringes each asserted claim of the Power Integrations Patents.

- The design and operation of Power Integrations products that practice the Power Integrations Patents including, but not limited to, the structures that allegedly correspond to each element of each asserted claim.

- Facts that Power Integrations contends show that any of the asserted claims are non-obvious.

Fairchild is entitled to this discovery in order to prepare its expert report.

While we continue to be sympathetic to Mr. Balakrishnan's health problems, we cannot permit this to prejudice Fairchild's ability to prepare its case. Fairchild has sought to depose Mr. Balakrishnan for months. Knowing that discovery closed on September 30, 2005, Power Integrations refused to produce Mr. Balakrishnan prior to September 28, 2005. Indeed, when Fairchild requested that this deposition be moved slightly to accommodate the third party deposition of Mr. Eklund – which Power Integrations sought also to schedule for September 28, 2005 – Power Integrations refused, explaining that Mr. Balakrishnan could not be rescheduled. Thus, Fairchild prepared to depose Mr. Balakrishnan. Mere days before that deposition, Power Integrations unilaterally cancelled it due to Mr. Balakrishnan's "shortness of breath". Thus, Fairchild agreed to reschedule Mr. Balakrishnan's deposition for October 10, 2005 – a date that Power Integrations had earlier insisted was "impossible". Fairchild prepared for those depositions only to be told – again, mere days before the deposition was to begin – that Mr. Balakrishnan now suffered from "pneumonia". Thus, Fairchild again agreed to reschedule the deposition. Explaining that its consultants would be traveling on October 24, Fairchild proposed starting Mr. Balakrishnan on October 20, 2005. You refused, indicating that Mr. Balakrishnan was busy and may not yet be well enough for deposition. You indicated that the first date Mr. Balakrishnan would be available was November 17, 2005. Thus, Fairchild accepted that date – the earliest day Power Integrations offered for a deposition that should have been completed no later than September 30, 2005.

Further, we are surprised by your apparent refusal to provide Mr. Balakrishnan for more than two days of deposition. We have explained from the start that, given the number of 30(b)(6) topics for which Power Integrations choose to designate Mr. Balakrishnan, it is highly unlikely that two days of deposition will be sufficient. Thus, Fairchild has requested that Mr. Balakrishnan be available for additional days of deposition should that be necessary. Given the difficulty Fairchild has experienced in scheduling Mr. Balakrishnan's deposition, we requested that these additional days be set now. Of course, Fairchild will endeavor to complete Mr. Balakrishnan's deposition as efficiently as possible and if additional time is not necessary we will not use it. If Power Integrations is truly concerned about Mr. Balakrishnan's time, we suggest that Power Integrations designate some other witness to testify on some or all of the 17 deposition topics that Mr. Balakrishnan has been designated. Power Integrations, however, cannot first insist that only Mr. Balakrishnan can provide Fairchild with the discovery it seeks and then arbitrarily seek to limit Mr. Balakrishnan's testimony.



**ORRICK**

Michael Headley
10/24/2005
Page 3

Thus, we request that Power Integrations reconsider its refusal to extend the schedule. This change is only necessary because Power Integrations has been repeatedly unable to produce Mr. Balakrishnan for deposition. If you care to propose an alternative schedule that would permit Fairchild to submit its expert reports after it receives the discovery to which it is entitled, we would be happy to consider it but Fairchild should not be prejudiced by Power Integrations' failure to provide required discovery.

While Fairchild hopes to resolve these issues without involving the Court, we will move immediately if Power Integrations refuses to extend the schedule or refuses even to consider making Mr. Balakrishnan available for additional days of deposition. Given the upcoming deadlines, should it be necessary to seek the assistance of the Court, Fairchild has no choice but to do so on an expedited basis. Please let me know by the end of today whether Power Integrations will reconsider its positions and, if not, whether Power Integrations will agree to shorten the briefing of these issues.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

# EXHIBIT J

# REDACTED

# EXHIBIT K



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

November 21, 2005

Brian H. VanderZanden
(650) 614-7629
bvanderzanden@orrick.com

*VIA FACSIMILE AND U.S. MAIL*

Michael R. Headley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94036

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

I write in response to your e-mails of November 20, 2005 and November 22, 2005.

Thank you for providing schematics for the SMP3, SMP240, SMP260, and SMP211 devices. While we appreciate that PI has now produced these documents, we have been requesting these for close to a year and you repeatedly stated that they no longer existed. Please explain what changed.

I understand that you claim that PI no longer has any samples of its SMP3, SMP240, SMP260, and SMP211 devices. Given the confusion with respect to the schematics, however, we request that you double check. If PI continues to claim it lacks these devices, please let us know when PI last possessed them and what happened to them.

Furthermore, please produce physical samples of the following Power Integrations products: 1) All devices that practice the asserted patents; and 2) all devices that pre-date the filing of the applications for the '366, '851, and '876 patents. If some of these products are no longer available, as your e-mail suggests, please specify which ones and let us know when they were discontinued.

You state in your e-mail that Fairchild is asking for a large number of devices. These products, however, are small and inexpensive, and to clarify, we are not requesting various packaging types for each product. One package type for each of the specific Power Integration products should be sufficient.

DOCSSV1:436622.2



ORRICK

Michael R. Headley
November 21, 2005
Page 2

Fairchild asked that these products be produced back in January.  PI has yet to produce a single sample product.  By comparison, Fairchild produced samples of over 50 its products to Power Integrations over six months ago.

Please feel free to contact me with any questions or concerns at your earliest convenience.

Sincerely,

Brian H. VanderZanden

BHV:ma5

cc:    William J. Marsden, Jr.
       Howard G. Pollack

# EXHIBIT L

# FISH & RICHARDSON P.C.

CONFIRMATION

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

<u>VIA FACSIMILE & U.S. MAIL</u>

December 5, 2005

Brian VanderZanden
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:    <u>Power Integrations Inc. v. Fairchild Semiconductor Int'l</u>
       USDC-D. Del. - C.A. No. 04-1371-JJF

Facsimile
650 839-5071

Web Site
www.fr.com

**Michael R. Headley**
(650) 839-5139

Email
headley@fr.com

[FR]

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Brian:

I am writing to set the record straight with respect to the production of documents regarding the Power Integrations SMP devices. Although your letter of November 21 asserted that Fairchild has been seeking production of SMP documents for "close to a year," we both know that is not the case. Fairchild's first set of Requests for Production made no reference to SMP products, and these products did not become part of Fairchild's case until much later. The first Request for Production to call them out, Request No. 174, did not have a response date until the last day for paper discovery under the original Court order (June 30). In responding to that Request, Power Integrations checked with the inventors and those responsible for the SMP products and produced the few SMP-related documents it found.

When your colleague Bas de Blank asked that Power Integrations make another search for documents regarding the SMP products during the deposition of Leif Lund on August 15, Power Integrations once again searched for SMP-related documents. Unfortunately, by the time Power Integrations conducted that further search, the one person who happened to have additional SMP documents (David Kung), was in the hospital. As such, Power Integrations did not learn of the existence of the SMP schematics in Mr. Kung's possession at that time.

When, even later, you inquired about samples of the SMP products, Power Integrations once again checked with the inventors, marketing, and operations personnel. Although Mr. Kung had been quarantined and was in the office infrequently by that time, he happened to be in the office on one such day and noted that he had a few small binders of SMP-related documents. As soon as we learned of those binders, I scanned and sent electronic copies of the schematics Mr. de Blank (and provided production copies immediately thereafter), which permitted the documents to be used during the deposition of Mr. Balakrishnan.

FISH & RICHARDSON P.C.

Brian VanderZanden
December 5, 2005
Page 2

I certainly regret that Mr. Kung's health and hospitalization resulted in the delay of production, but these things were beyond anyone's control.

I trust this explanation puts the matter to rest.

Sincerely,

Michael R. Headley

/vfl

50315413.doc