IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>       Defendants. | C.A. No. 04-1371 JJF |

**PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO COMPEL THE CONTINUED DEPOSITIONS OF LEIF LUND AND BALU BALAKRISHNAN**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

    Attorneys for Plaintiff
    POWER INTEGRATIONS, INC.

**I.     INTRODUCTION**

Fairchild asks this court to compel a <u>fourth</u> day of deposition testimony from Power Integrations' CEO Balu Balakrishnan and further testimony from Power Integrations employee Leif Lund, despite having already questioned both extensively. There is no reason for such further testimony, though, as the witnesses have testified to the functionality of the SMP products Fairchild makes so much of.  Consequently, Power Integrations respectfully requests the Court deny Fairchild's motion to compel.

**II.    STATEMENT OF FACTS**

Fairchild first specifically asked Power Integrations about the SMP line of products in its Second Set of Requests for Production, Request No. 174, dated May 31, 2005.[1]  (D.I. 177 (Fairchild Brief) Ex. B.)  The SMP line of products was developed in the early 90s and was obsoleted by the launch of Power Integrations' TOPSwitch® in 1994.  In response to Fairchild's requests, Power Integrations checked with the inventors and those still at Power Integrations who were responsible for the SMP products and produced all the SMP-related documents it could find, including data sheets, articles, and related documents.  Because of the age of these parts and their obsolete status, though, there was no central collection of documents at Power Integrations, only what might have been kept in individual employees' personal files.

Fairchild deposed inventor Leif Lund on August 15, 2005 and asked Mr. Lund a series of questions about Power Integrations' obsolete SMP products.  As noted above, Power Integrations had already produced all of the SMP-related documents it was aware of at that time.  Mr. Lund testified that he was not at all familiar with the SMP3 device

---

[1]  Fairchild's statement that it demanded this discovery "[f]rom the start of the case" (D.I. 177 at 1) is simply incorrect.

and that he did not design the SMP211 (Ex. A[2] (Lund Tr.) at 131:25-132:12 and 98:9-25, respectively), but he did give extensive testimony regarding the SMP240 and 260 devices he was involved with.  Indeed, the Lund transcript cites over 167 references to those products.  At the end of the Lund deposition, Fairchild asked Power Integrations to confirm it had produced all the documents concerning the SMP240 and SMP260 devices.  Contrary to Fairchild's portrayal of this deposition, counsel for Power Integrations did not "cut off" Mr. Lund at this point,[3] and after the deposition Power Integrations again searched for the old schematics and again found no new documents.

On Friday, November 18, 2005, counsel for Fairchild asked Power Integrations to provide physical samples of Power Integration's SMP products, to the extent they existed, for the third day of Mr. Balakrishnan's deposition.  (Ex. B.)  Power Integrations searched for these devices, and during that search learned that one employee, David Kung, who had been out on medical leave with a serious illness, had a few small binders containing SMP-related documents in his files.  As soon as Power Integrations discovered these documents, its counsel sent the documents, which included schematics, to Fairchild's counsel.  (Exs. C-D.)  Fairchild's subsequent communications that day made no mention of any need to postpone Mr. Balakrishnan's deposition.  (Ex. E.)  Not until December 21, 2005, a month after the deposition of Mr. Balakrishnan, did Fairchild write to complain of "prejudice" from the "withheld" production.  (Ex. F.)

During this timeframe, Power Integrations explained the circumstances of the

---

[2]   All citations are to the accompanying declaration of William J. Marsden unless noted otherwise.
[3]   Counsel for Fairchild was directly involved in the quoted exchange on August 15, and if Fairchild truly felt Mr. Lund was "cut off," it certainly said nothing about it at the time.  The first reference to this exchange came over four months later, in a letter sent December 30, 2005.  (Ex. H.)

2

production, specifically that Mr. Kung had been in ill health and was hospitalized and out of the office during the earlier searches. (Ex. G.) Power Integrations also noted that both Mr. Balakrishnan and Mr. Lund had been extensively questioned on the SMP devices, and that Fairchild failed to identify any deficiencies in the earlier depositions. *Id*. Nevertheless, Fairchild reiterated its demand for unlimited additional deposition time and ultimately filed the instant motion to compel.

### III.  ARGUMENT

Further deposition of Power Integrations' CEO would be duplicative and burdensome, as Fairchild already spent three days deposing Mr. Balakrishnan, more than any other witness in this case. Despite vague complaints, Fairchild has failed to identify any specific 30(b)(6) topic it feels went unanswered, or exactly what further testimony Mr. Balakrishnan can provide.

Fairchild further accuses Power Integrations of knowingly withholding information, but this was not the case. Power Integrations produced all of the SMP-related documents it has known about at every point in this case. The last set of SMP documents were produced later than others, when they were located as set forth above, but they were never "withheld."

Fairchild's main argument rests on the timing of production of SMP product schematics, but Fairchild's complaint ignores the fact that it took extensive testimony regarding SMP products from both Mr. Balakrishnan and Mr. Lund (spending nearly an entire day with Mr. Balakrishnan on the schematics after asking him numerous questions on the products during the first two days). In an effort to compromise and avoid the need for the Court to resolve this dispute, and even though Power Integrations continues to believe further time is not warranted, Power Integrations offered an additional half day

3

with Mr. Balakrishnan. Fairchild rejected that attempt to resolve the matter informally, refusing to limit its demands for additional time in any way.

Fairchild's demand for more testimony on the SMP documents also ignores that the documents speak for themselves. Fairchild can have (and has had) its own technical experts read and interpret them, but Fairchild has not articulated any relevant information it expects to get about these documents from further deposition testimony that is not cumulative of what Power Integrations has already provided from these witnesses and other Power Integrations employees. Mr. Balakrishnan has already authenticated the documents, confirmed their relationship with the actual SMP products, and explained in detail his understanding of what they show. The fact that Fairchild did not like his answers does not justify wasting more of his time plowing the same ground.

As noted above, Mr. Lund testified at length about his recollection of the SMP parts, and Fairchild had all of Mr. Lund's documents when it took his deposition. The present demand is nothing more than a request to try to refresh Mr. Lund's recollection with documents he has not seen in more than a decade about a product he already testified he forgot because it was a commercial failure. As best, Fairchild is on a fishing expedition; at worst, it just wants an excuse to further harass the inventor with baseless allegations of inequitable conduct he has already refuted in his prior testimony. The Federal rules limit additional discovery when it is unreasonably cumulative or duplicative, see Fed. R. Civ. Proc. 26(b)(2), and this is a prime example of such an unreasonable demand.

## IV.    CONCLUSION

The Court should deny Fairchild's Motion to Compel.


Dated:  February 2, 2006             FISH & RICHARDSON P.C.


                                     By:  */s/ William J. Marsden, Jr.*
                                          William J. Marsden, Jr. (#2247)
                                          Sean P. Hayes (#4413)
                                          919 N. Market Street, Suite 1100
                                          P.O. Box 1114
                                          Wilmington, DE  19899-1114
                                          Telephone: (302) 652-5070
                                          Facsimile:  (302) 652-0607

                                          Frank E. Scherkenbach
                                          225 Franklin Street
                                          Boston, Massachusetts 02110-2804
                                          Telephone: (617) 542-5070
                                          Facsimile:  (617) 542-8906

                                          Howard G. Pollack
                                          Michael R. Headley
                                          500 Arguello Street, Suite 500
                                          Redwood City, California 94063
                                          Telephone: (650) 839-5070
                                          Facsimile:  (650) 839-5071

                                     Attorneys for Plaintiff
                                     POWER INTEGRATIONS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2006, I electronically filed with the Clerk of Court PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO COMPEL THE CONTINUED DEPOSITIONS OF LEIF LUND AND BALU BALAKRISHNAN using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via hand delivery:

| | |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendant-<br>Counterclaimant<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

I hereby certify that on February 2, 2006, I have mailed by United States Postal Service the document(s) to the following non-registered participants:

| | |
|---|---|
| G. Hopkins Guy, III<br>Bas de Blank<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

                                           */s/ William J. Marsden, Jr.*
                                            William J. Marsden, Jr.

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS .....................................................................................1

III. ARGUMENT ..........................................................................................................3

IV. CONCLUSION .......................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

Fed. R. Civ. P. 26(b)(2)................................................................................................3

**TABLE OF AUTHORITIES**

**Page(s)**

**Page(s)**