IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**PAUL HOROWITZ'S
RESPONSE AND OBJECTIONS TO SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Paul Horowitz ("Dr. Horowitz") hereby responds and objects to Plaintiff Power Integrations, Inc.'s ("Power Integrations") Subpoena to Paul Horowitz ("Subpoena"). These responses and objections are made according to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware and are based on information presently available to Dr. Horowitz. These responses and objections are made without prejudice to Dr. Horowitz's right to use or rely on subsequently discovered information or information made more relevant by discovery received by Power Integrations, positions taken by the parties, or rulings by the Court. These responses and objections are also made without prejudice to Dr. Horowitz and/or Defendants right to respond and object to additional Power Integrations topics prior to or at the deposition of Dr. Horowitz.

**GENERAL OBJECTIONS**

1.   Dr. Horowitz objects that the Subpoena is untimely and was not filed with the Court, as required by the Delaware Local Rules.

2.   Dr. Horowitz objects to the Subpoena to the extent that it purports to impose a

burden or obligation on Dr. Horowitz greater than that set forth in the Federal Rules of Civil Procedure, the Delaware Local Rules, and any Orders of the Court.

3.  Dr. Horowitz objects that the Subpoena is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks documents already in the possession, custody, or control of Power Integrations.

4.  Dr. Horowitz objects to the Subpoena to the extent that it calls for draft of expert reports. The parties have agreed that such drafts are not discoverable.

5.  Dr. Horowitz objects to the time and place of production. Dr. Horowitz will provide responsive documents, if any, to Power Integrations prior to or at his deposition.

6.  Dr. Horowitz objects that Power Integrations' definitions of "Plaintiff", "Power Integrations" and "PI" are overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. Further, the definitions are vague and ambiguous as Dr. Horowitz has no way to determine who Power Integrations' "predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Power Integrations and others acting on behalf of Power Integrations" are. For the purpose of responding to this subpoena, Dr. Horowitz will interpret "Plaintiff", "Power Integrations", and "PI" to refer to Plaintiff Power Integrations, Inc.

7.  Dr. Horowitz objects that Power Integrations' definition of "Fairchild" is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. Further, the definition is vague and ambiguous as Dr. Horowitz has no way to determine who Fairchild's "predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Power Integrations and others acting on behalf of Power Integrations" are. For the purpose of responding to this subpoena, Dr. Horowitz will interpret "Fairchild" to refer to Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp.

Dr. Horowitz incorporates his General Objections into each response set forth below. Dr. Horowitz may repeat an objection for emphasis or some other purpose but the failure to repeat a General Objection does not waive any other General Objection to the topic.

**TOPIC NO. 1:**

All documents that refer or relate to Power Integrations, Power Integrations' patents, Power Integrations' products, Fairchild, Fairchild's products, or this litigation

**RESPONSE TO TOPIC NO. 1:**

Dr. Horowitz objects that Topic No. 1 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it seeks information about patents and products not at issue in this litigation. Dr. Horowitz further objects that the Topic is unduly burdensome and harassing to the extent that it calls for documents identified in Dr. Horowitz's expert reports and/or already produced to Power Integrations.

Subject to the foregoing general and specific objections, Dr. Horowitz will produce responsive documents, if any, in his possession, custody, or control.

**TOPIC NO. 2:**

All notes that refer or relate to Power Integrations, Power Integrations' patents, Power Integrations products, Fairchild, Fairchild's products, or this litigation.

**RESPONSE TO TOPIC NO. 2:**

Dr. Horowitz objects that Topic No. 2 is overbroad and unduly burdensome to the extent that it is duplicative of Topic No. 1 and other Topics. Dr. Horowitz objects that Topic No. 2 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it seeks information about patents and products not at issue in this litigation. Dr. Horowitz further objects that the Topic is unduly burdensome and harassing to the extent that it calls for documents identified in Dr. Horowitz's expert reports and/or already produced to Power Integrations.

Subject to the foregoing general and specific objections, Dr. Horowitz will produce responsive documents, if any, in his possession, custody, or control.

**TOPIC NO. 3:**

All documents that refer or relate to communications between you and Fairchild, including but not limited to communications with Fairchild's attorneys and any e-mail communications.

**RESPONSE TO TOPIC NO. 3:**

Dr. Horowitz objects that Topic No. 3 is overbroad and unduly burdensome to the extent that it is duplicative of Topic No. 1 and other Topics. Dr. Horowitz objects that Topic No. 3 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it seeks documents concerning communications not relevant to the patents and products at issue in this litigation. Dr. Horowitz further objects that the Topic is unduly burdensome and harassing to the extent that it calls for documents identified in Dr. Horowitz's expert reports and/or already produced to Power Integrations.

Subject to the foregoing general and specific objections, Dr. Horowitz will produce responsive documents, if any, in his possession, custody, or control.

**TOPIC NO. 4:**

All documents Fairchild or its attorneys have provided to you.

**RESPONSE TO TOPIC NO. 4:**

Dr. Horowitz objects that Topic No. 4 is overbroad and unduly burdensome to the extent that it is duplicative of Topic No. 1 and other Topics. Dr. Horowitz objects that Topic No. 4 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it seeks information about patents and products not at issue in this litigation. Dr. Horowitz further objects that the Topic is unduly burdensome and harassing to the extent that it calls for documents identified in Dr. Horowitz's expert reports and/or already produced to Power Integrations.

Subject to the foregoing general and specific objections, Dr. Horowitz will produce

responsive documents, if any, in his possession, custody, or control.

**TOPIC NO. 5:**

All documents you have provided to Fairchild or its attorneys.

**RESPONSE TO TOPIC NO. 5:**

Dr. Horowitz objects that Topic No. 5 is overbroad and unduly burdensome to the extent that it is duplicative of Topic No. 1 and other Topics. Dr. Horowitz objects to Topic No. 5 to the extent that it calls for drafts of Dr. Horowitz's expert reports. The parties have agreed that such drafts are not discoverable. Dr. Horowitz further objects that the Topic is unduly burdensome and harassing to the extent that it calls for documents identified in Dr. Horowitz's expert reports and/or already produced to Power Integrations.

Subject to the foregoing general and specific objections, Dr. Horowitz will produce responsive documents, if any, in his possession, custody, or control.

**TOPIC NO. 6:**

All documents considered in preparation of your expert reports and declarations in this matter.

**RESPONSE TO TOPIC NO. 6:**

Dr. Horowitz objects that Topic No. 6 is overbroad and unduly burdensome to the extent that it is duplicative of Topic No. 1 and other Topics. Dr. Horowitz objects to Topic No. 6 to the extent that it calls for drafts of Dr. Horowitz's expert reports. The parties have agreed that such drafts are not discoverable. Dr. Horowitz further objects that the Topic is unduly burdensome and harassing to the extent that it calls for documents identified in Dr. Horowitz's expert reports and/or already produced to Power Integrations.

Subject to the foregoing general and specific objections, Dr. Horowitz will produce responsive documents, if any, in his possession, custody, or control.

**TOPIC NO. 7:**

Invoices or records that refer or relate to your work for Fairchild in this matter, including but not limited to invoices submitted to Fairchild and documents that refer or relate to payments

- 6 -

by Fairchild to you.

**RESPONSE TO TOPIC NO. 7:**

Dr. Horowitz objects that Topic No. 7 is overbroad and unduly burdensome to the extent that it is duplicative of Topic No. 1 and other Topics. Dr. Horowitz objects that Topic No. 7 is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly to the extent that it seeks documents that refer or relate to payments by Fairchild to Dr. Horowitz.

Subject to the foregoing general and specific objections, Dr. Horowitz will produce responsive documents, if any, in his possession, custody, or control.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation and for Witness Paul Horowitz*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: February 3, 2006
166339.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February, 2006, the attached **PAUL HOROWITZ'S RESPONSE AND OBJECTIONS TO SUBPOENA** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899 | HAND DELIVERY |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | VIA FEDERAL EXPRESS |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN 55402 | VIA FEDERAL EXPRESS |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
_____
John G. Day

149864.1