IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a       :
Delaware corporation,             :
                                  :
      Plaintiff,              :
                                  :
  v.                              : C.A. No. 04-1371-JJF
                                  :
FAIRCHILD SEMICONDUCTOR           :
INTERNATIONAL, INC., a Delaware   :
corporation, and FAIRCHILD        :
SEMICONDUCTOR CORPORATION, a      :
Delaware corporation,             :
                                  :
      Defendants.             :

### MEMORANDUM ORDER

Presently before the Court is a Motion To Compel The Deposition Of Leif Lund And Balu Balakrishnan (D.I. 177) filed by Defendants, Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively, "Fairchild"). By its Motion, Fairchild seeks to continue the depositions of two inventors of the patents asserted by Power Integrations, Inc. ("Power Integrations"). Fairchild contends that on the eve of the final day of Mr. Balakrishnan's deposition and three months after Mr. Lund's deposition, Power Integrations produced schematics sought by Fairchild during the initial stages of discovery that Power Integrations had represented were destroyed.[1] In light of this late production, Fairchild contends

---

[1] Document production was to be completed by June 30, 2005, but these schematics were not produced until November 1, 2006. The late production consisted of 726 pages of schematics and other technical documents.

that it should have the opportunity to continue its deposition of these witnesses. Specifically, Fairchild requests the opportunity to question Mr. Lund and Mr. Balakrishnan about the late produced documents and to explore with Mr. Balakrishnan other areas that Fairchild was forced to forgo during the deposition so that it could begin its questioning about the late produced documents.

In response, Power Integrations contends Fairchild did not request these documents until its Second Set of Requests for Production on May 31, 2005. Power Integrations contends that it provided these schematics promptly upon learning that one employee, David Kung, who had been out on medical leave with a serious illness, had a few small binders containing these documents. Power Integrations contends that Fairchild did not request a continuance of Mr. Balakrishnan's deposition and did not raise the issue of prejudice related to these documents until December 21, 2005, a month after the deposition of Mr. Balakrishnan. Power Integrations contends that Fairchild took extensive testimony from both Mr. Balakrishnan and Mr. Lund about the SMP products, and that further testimony is not necessary and would be cumulative. Power Integrations further contends that Fairchild can have its own experts read and interpret these documents.

Fairchild requested the documents in question during the

discovery process, and regardless of the reason, it is undisputed that Power Integrations produced this discovery well beyond the document production deadline. As a result, Fairchild was deprived of the opportunity to question witnesses about documents it believes are important to its case. Accordingly, the Court concludes that additional deposition time is necessary to provide Fairchild with the opportunity to discuss these documents with Mr. Lund and Mr. Balakrishnan. Power Integrations contends that Mr. Lund already testified about his recollection of the SMP parts; however, Fairchild has the right to test and/or refresh his recollection with the late produced documents. In addition, the Court concludes that Fairchild is entitled to further time with Mr. Balakrishnan to finish its questioning about the late produced documents and to cover those areas of testimony that Fairchild was forced to forgo so as to be able to begin exploring the late produced documents. To ensure that the continuation of these depositions is narrowly tailored to the above-described purposes and to avoid Power Integrations' concerns about cumulative testimony, the Court will limit Fairchild to five (5) additional hours with Mr. Lund and seven (7) additional hours with Mr. Balakrishnan.

NOW THEREFORE, IT IS HEREBY ORDERED this 7 day of February 2006 that:

1.  Defendants' Motion To Compel The Deposition Of Leif

Lund And Balu Balakrishnan (D.I. 177) is **GRANTED**.

2. The parties shall meet and confer on dates for the continued depositions of Leif Lund and Balu Balakrishnan.

                                                                                                    UNITED STATES DISTRICT JUDGE