IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAIRCHILD SEMICONDUCTOR )<br>INTERNATIONAL, INC., and FAIRCHILD )<br>SEMICONDUCTOR CORPORATION, )<br>)<br>Defendants. ) | C.A. No. 04-1371-JJF |

**NOTICE OF DEPOSITION AND SUBPOENA OF
<u>MICHAEL SHIELDS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45</u>**

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Fairchild Semiconductor International, Inc. will take the oral deposition of Michael Shields, at the offices of Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025, beginning at 9:30 A.M. on February 16, 2006, continuing day to day until complete.

NOTICE IS FURTHER GIVEN THAT the deposition will be recorded stenographically through instant visual display of testimony (real-time), by certified shorthand reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. This deposition will be videotaped.

NOTICE IS FURTHER GIVEN THAT Mr. Shields is instructed to produce documents, identified in the attached Subpoena, at the offices of Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025, by 9:30 A.M. on February 15, 2006.

NOTICE IS FURTHER GIVEN THAT pursuant to the Federal Rules of Civil Procedure, Defendant Fairchild Semiconductor International, Inc. will serve upon John Prentice a Subpoena in a Civil Case. Attached hereto as Exhibit A is a true and correct copy of that Subpoena.

- 2 –

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants
Fairchild Semiconductor International, Inc.
and Fairchild Semiconductor Corporation*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Tel: (650) 614-7400

Dated: February 10, 2006
166556.1

**ATTACHMENT A**

Pursuant to Federal Rule of Civil Procedure 45, Defendants Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively, "Fairchild") hereby request that Michael Shields produce and allow inspection and copying of the following documents and things requested herein at the offices of Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025, at the date and time specified in the attached subpoena in accordance with the Federal Rules of Civil Procedure (and the following Definitions and Instructions).

**DEFINITIONS AND INSTRUCTIONS**

A. In responding to the present subpoena duces tecum, you are required to furnish such information as is available to you, including but not limited to information in the possession of your agents, representatives, or any other person or persons acting on your behalf.

B. "Fairchild" as used herein refers to Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp.

C. "Power Integrations" as used herein refers to Power Integrations, Inc. and its subsidiaries, divisions, affiliates, successors, predecessors, and any employees, officers, directors, attorneys, agents, associates, or representatives thereof.

D. "Power Integrations Patents" as used herein refers to U.S. Patent No. 4,811,075 (the "'075 Patent"), U.S. Patent No. 6,107,851, (the "'851 Patent"), U.S. Patent No. 6,229,366 (the "'366 Patent"), and U.S. Patent No. 6,249,876 (the "'876 Patent"), and all applications, continuations, continuations-in-part, divisionals, reexaminations, or reissues thereof and all foreign applications and patents which claim priority to any of the above.

E. The terms "person" and "persons" as used herein refers to both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on behalf of said person, entity, or party.

F. "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail and all other electronic and digital forms of communication, however produced.

G. "Thing" as used herein refers to any physical object other than a "document."

H. "Communication" as used herein refers to any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

I. "Concerning" as used herein refers to referring to, relating to, pertaining to, relevant to, material to, embodying, evidencing, affecting, comprising, discussing, dealing with, supporting, contradicting or otherwise considering in any manner whatsoever the subject matter of the inquiry.

J. "Any" and "all" as used herein refer to and include the other; the terms "and" and "or" shall each mean and include the other, and the singular form of any word and the plural form of the word shall each mean and include the other.

K. If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, you are requested to identify each document for which the privilege is claimed and give all information required by applicable case law, including but not limited to the following:

    a. the name of the writer, sender, or initiator of each copy of the document;

b. the name of the recipient, addressee, or party to whom any copy of the document was sent;

c. the date of each copy of the document, if any, or an estimate of its date;

d. a statement of the basis for the claim of privilege; and

e. a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

## LIST OF DOCUMENTS TO BE PRODUCED

1. All documents concerning the Power Integrations Patents, Fairchild, Fairchild's products, Power Integrations, Power Integrations' products, or this litigation.

2. All documents concerning communications with Power Integrations or Power Integrations' attorneys including, but not limited to, electronic mail.

3. All notes concerning the Power Integrations Patents, Fairchild, Fairchild's products, Power Integrations, Power Integrations' products, or this litigation including, but not limited to, notes made during the inspection of Fairchild layout documents at the offices of Orrick, Herrington & Sutcliffe LLP.

4. All drafts of declarations concerning the Power Integrations Patents, Fairchild, Fairchild's products, Power Integrations, Power Integrations' products, or this litigation.

5. All documents provided by Power Integrations or its attorneys to you.

6. All documents provided by you to Power Integrations or its attorneys.

7. All documents considered by you in preparation of your expert reports.

8. Invoices or records concerning your work for Power Integrations in this matter including, but not limited to, invoices submitted to Power Integrations and documents concerning payments by Power Integrations to you.

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

POWER INTEGRATIONS, INCORPORATED,
Plaintiff,
V.
FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND FAIRCHILD SEMICONDUCTOR COPRORATION, Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1371-JJF
District of Delaware

TO: Michael Shields

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA  94025 | February 16, 2006 at 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Documents described in accompanying Schedule A to Subpoena Duces Tecum to Michael Shields

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA  94025 | February 15, 2006 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | February 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bas de Blank, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA  94025    650.614.7400
Attorney for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2006, the attached **NOTICE OF DEPOSITION AND SUBPOENA OF MICHAEL SHIELDS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 N. Market Street<br>Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899 | **HAND DELIVERY** |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | **VIA FEDERAL EXPRESS** |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN 55402 | **VIA FEDERAL EXPRESS** |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | **VIA FEDERAL EXPRESS** |
| Andre G. Bouchard, Esquire<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801 | **HAND DELIVERY** |

/s/ *Lauren E. Maguire*
_____
Lauren E. Maguire