IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

   v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION,  a
Delaware corporation,

        Defendants.

C.A. No. 04-1371 JJF

**PLAINTIFF POWER INTEGRATIONS, INC.'S ANSWER
TO DEFENDANTS' FIRST AMENDED COUNTERCLAIMS**

    Plaintiff Power Integrations, Inc. ("Power Integrations") replies to the

Counterclaims of Defendants Fairchild Semiconductor International, Inc. and Fairchild

Semiconductor Corporation (collectively "Fairchild") (D.I. 198).  Except as expressly

admitted below, Power Integrations denies each and every allegation in Fairchild's

Counterclaims.  Specifically, Power Integrations replies as follows:

<u>**ANSWER TO COUNTERCLAIMS**</u>

<u>**First Counterclaim:  Declaratory Judgment of Non-Infringement**</u>

    1.      In response to paragraph 1 of the Counterclaims, Power Integrations

admits that the counterclaim purports to state a cause of action under the patent laws of

the United States, Title 35 U.S.C. § 1 *et seq*.  Power Integrations admits that the

counterclaim purports to state a cause of action over which this Court has subject matter

jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  Power Integrations

denies that Fairchild is entitled to any of the relief requested.

2.      On information and belief, Power Integrations admits the allegations of paragraph 2 of the Counterclaim.

3.      Power Integrations admits the allegations of paragraph 3 of the Counterclaim.

4.      Power Integrations admits, for purposes of this action only, that venue is proper in this judicial district.

5.      Power Integrations admits the allegations of paragraph 5 of the Counterclaim.

6.      Power Integrations admits the allegations of paragraph 6 of the Counterclaim.

7.      Power Integrations denies the allegations of paragraph 7 of the Counterclaim.

8.      Power Integrations denies the allegations of paragraph 8 of the Counterclaim.

9.      Power Integrations denies the allegations of paragraph 9 of the Counterclaim.

10.     Power Integrations admits the allegations of paragraph 10 of the Counterclaim.

**<u>Second Counterclaim:  Declaratory Judgment of Invalidity of the '851 Patent</u>**

11.     In reply to paragraph 11 of the Counterclaim, Power Integrations realleges paragraphs 1 through 10 above, as though fully set forth herein.

12.     Power Integrations denies the allegations of paragraph 12 of the Counterclaim.

13.    Power Integrations admits the allegations of paragraph 13 of the Counterclaim.

### Third Counterclaim:  Declaratory Judgment of Invalidity of the '876 Patent

14.    In reply to paragraph 14 of the Counterclaim, Power Integrations realleges paragraphs 1 through 10 above, as though fully set forth herein.

15.    Power Integrations denies the allegations of paragraph 15 of the Counterclaim.

16.    Power Integrations admits the allegations of paragraph 16 of the Counterclaim.

### Fourth Counterclaim:  Declaratory Judgment of Invalidity of the '366 Patent

17.    In reply to paragraph 17 of the Counterclaim, Power Integrations realleges paragraphs 1 through 10 above, as though fully set forth herein.

18.    Power Integrations denies the allegations of paragraph 18 of the Counterclaim.

19.    Power Integrations admits the allegations of paragraph 19 of the Counterclaim.

### Fifth Counterclaim:  Declaratory Judgment of Invalidity of the '075 Patent

20.    In reply to paragraph 20 of the Counterclaim, Power Integrations realleges paragraphs 1 through 10 above, as though fully set forth herein.

21.    Power Integrations denies the allegations of paragraph 21 of the Counterclaim.

22.    Power Integrations admits the allegations of paragraph 22 of the Counterclaim.

**Sixth Counterclaim:  Declaratory Judgment of Unenforceability of the '366 Patent**

23.    In reply to paragraph 23 of the Counterclaim, Power Integrations realleges paragraphs 1 through 10 above, as though fully set forth herein.

24.    Power Integrations denies the allegations of paragraph 24 of the Counterclaim.

25.    Power Integrations denies the allegations of paragraph 25 of the Counterclaim.

26.    Power Integrations admits the allegations of paragraph 26 of the Counterclaim.

**Power Integrations' TOP100-4 TopSwitch Datasheets and Family of Devices**

27.    In response to paragraph 27 of the Counterclaims, Power Integrations admits that a copy of what appears to be a TOP100-4 datasheet is attached as Exhibit A to Fairchild's Amended Answer and Counterclaims.  Power Integrations further admits that it offered for sale and sold TOP100-4 TopSwitch devices at least as early as May 18, 1997 and that Power Integrations datasheets for TOP100-4 TopSwitch devices were available to the public at least as early as July, 1996.  Power Integrations denies the remaining allegations of paragraph 27 of the Counterclaim.

28.    In response to paragraph 28 of the Counterclaims, Power Integrations admits that the specification of Power Integrations' U.S. Patent No. 6,229,366 ("the '366 patent") states at column 4, lines 50-52 that "FIG. 2 is a presently preferred power supply utilizing an pulse width modulated switch according to the present invention."  Power Integrations denies the remaining allegations of paragraph 28 of the Counterclaim.

29.     In response to paragraph 29 of the Counterclaims, Power Integrations admits that the TOP100-4 datasheet attached as Exhibit A to Fairchild's Amended Answer and Counterclaims is not listed among the cited references for the '366 patent and that the inventors of the '366 patent became aware of Power Integrations' TOP100-4 TopSwitch family of devices, and some form of the Power Integrations datasheets describing those devices, shortly before they were released. Power Integrations denies the remaining allegations of paragraph 29 of the Counterclaim.

**Power Integrations' TOP200-4/14 TopSwitch Datasheets and Family of Devices**

30.     In response to paragraph 30 of the Counterclaims, Power Integrations admits that a copy of what appears to be a TOP200-4/14 datasheet, dated July, 1996, is attached as Exhibit B to Fairchild's Amended Answer and Counterclaims. Power Integrations admits it offered for sale and sold its TOP200-4/14 family of devices more than a year before filing the application that led to the '366 patent. Power Integrations denies the remaining allegations of paragraph 30 of the Counterclaim.

31.     In response to paragraph 31 of the Counterclaims, Power Integrations admits that the specification of Power Integrations' '366 patent states at column 4, lines 50-52 that "FIG. 2 is a presently preferred power supply utilizing an pulse width modulated switch according to the present invention." Power Integrations denies the remaining allegations of paragraph 31 of the Counterclaim.

32.     In response to paragraph 32 of the Counterclaims, Power Integrations admits that the TOP200-4/14 datasheet attached as Exhibit B to Fairchild's Amended Answer and Counterclaims is not listed among the cited references for the '366 patent and that the inventors of the '366 patent became aware of Power Integrations' TOP200-

5

4/14 TopSwitch family of devices, and some form of the Power Integrations datasheets describing those devices, shortly before they were released.  Power Integrations denies the remaining allegations of paragraph 32 of the Counterclaim.

### Power Integrations' TOP221-227 TopSwitch Datasheets and Family of Devices

33.    In response to paragraph 33 of the Counterclaims, Power Integrations admits that a copy of what appears to be a TOP221-227 datasheet, dated July, 2001, is attached as Exhibit C to Fairchild's Amended Answer and Counterclaims.  Power Integrations admits it offered for sale and sold a member of the TopSwitch II family of devices more than a year before filing the application that led to the '366 patent.  Power Integrations denies the remaining allegations of paragraph 33 of the Counterclaim.

34.    Power Integrations denies the allegations of paragraph 34 of the Counterclaim.

35.    In response to paragraph 35 of the Counterclaims, Power Integrations admits that the specification of Power Integrations' '366 patent states at column 4, lines 50-52 that "FIG. 2 is a presently preferred power supply utilizing an pulse width modulated switch according to the present invention."  Power Integrations denies the remaining allegations of paragraph 35 of the Counterclaim.

36.    In response to paragraph 36 of the Counterclaims, Power Integrations admits that the TOP221-227 datasheet attached as Exhibit C to Fairchild's Amended Answer and Counterclaims is not listed among the cited references for the '366 patent and that the inventors of the '366 patent became aware of Power Integrations' TOP221-227 TopSwitch II family of devices, and some form of the Power Integrations datasheets

describing those devices, shortly before they were released.  Power Integrations denies

the remaining allegations of paragraph 36 of the Counterclaim.

### Power Integrations' SMP260 Family of Devices and "Off-line Power Integrated Circuit for International Related 60-watt Power Supplies" article

37.    In response to paragraph 37 of the Counterclaims, Power Integrations

admits that a copy of what appears to be an SMP260 datasheet is attached as Exhibit D to

Fairchild's Amended Answer and Counterclaims.  Power Integrations further admits that

it offered for sale and sold SMP260 devices at least as early as May 18, 1997 and that

Power Integrations datasheets for SMP260 devices were available to the public at least as

early as July, 1996.  Power Integrations denies the remaining allegations of paragraph 37

of the Counterclaim.

38.    In response to paragraph 38 of the Counterclaims, Power Integrations

admits that a copy of what appears to be an article by Richard A. Keller entitled "Off-line

Power Integrated Circuit for International Rated 60-watt Power Supplies," published in

1992, is attached as Exhibit F to Fairchild's Amended Answer and Counterclaims.

Power Integrations further admits that the article mentions Power Integrations' SMP260

devices and that Richard Keller was an employee of Power Integrations at the time he

wrote the article.  Power Integrations denies the remaining allegations of paragraph 38 of

the Counterclaim.

39.    Power Integrations denies the allegations of paragraph 39 of the

Counterclaim.

40.    In response to paragraph 40 of the Counterclaims, Power Integrations

admits that the SMP260 datasheet and the Keller article attached as Exhibits D and F to

Fairchild's Amended Answer and Counterclaims are not listed among the cited

references for the '366 patent.  Power Integrations denies the remaining allegations of paragraph 40 of the Counterclaim.

41.     Power Integrations denies the allegations of paragraph 41 of the Counterclaim.

## Power Integrations' SMP240 Family of Devices

42.     In response to paragraph 42 of the Counterclaims, Power Integrations admits that a copy of what appears to be an SMP240 datasheet is attached as Exhibit E to Fairchild's Amended Answer and Counterclaims.  Power Integrations further admits that it offered for sale and sold SMP240 devices at least as early as May 18, 1997 and that Power Integrations datasheets for SMP240 devices were available to the public at least as early as July, 1996.  Power Integrations denies the remaining allegations of paragraph 42 of the Counterclaim.

43.     Power Integrations denies the allegations of paragraph 43 of the Counterclaim.

44.     In response to paragraph 44 of the Counterclaims, Power Integrations admits that the SMP240 datasheet attached as Exhibit E to Fairchild's Amended Answer and Counterclaims is not listed among the cited references for the '366 patent.  Power Integrations denies the remaining allegations of paragraph 44 of the Counterclaim.

45.     Power Integrations denies the allegations of paragraph 45 of the Counterclaim.

## Power Integrations' SMP211 Datasheets and Family of Devices

46.     In response to paragraph 46 of the Counterclaims, Power Integrations admits that a copy of what appears to be an SMP211 datasheet is attached as Exhibit G to

Fairchild's Amended Answer and Counterclaims.  Power Integrations further admits that it offered for sale and sold SMP211 devices at least as early as May 18, 1997 and that Power Integrations datasheets for SMP211 devices were available to the public at least as early as July, 1996.  Power Integrations denies the remaining allegations of paragraph 46 of the Counterclaim.

47.    In response to paragraph 47 of the Counterclaims, Power Integrations admits that Figure 1 of the '366 patent bears the label "PRIOR ART" and that the figure includes among other things a pulse width modulated switch 90 that is labeled "SMP211."  Power Integrations denies the remaining allegations of paragraph 47 of the Counterclaim.

48.    In response to paragraph 48 of the Counterclaims, Power Integrations admits that the examiner rejected certain pending claims during prosecution of U.S. Patent Application No. 09/080,774 on several grounds, including first and foremost indefiniteness, and that the first block quotation in paragraph 48 of the Counterclaims correctly quotes a portion of paragraph 5 from the December 13, 1999 Office Action.  Power Integrations further admits that the examiner allowed other claims at that same time in the December 13, 1999 Office Action and that the second block quotation in paragraph 48 of the Counterclaims correctly quotes from paragraph 8 of the December 13, 1999 Office Action, a section entitled "Allowable Subject Matter," which notes that "[t]he prior art of record does not appear to disclose or suggest a PWM switch comprising an oscillator for generating a maximum duty cycle signal and a singnal [sic] with a frequency range dependent on a frequency variation circuit as recited in claim 1."  Power Integrations denies the remaining allegations of paragraph 48 of the Counterclaim.

49.    Power Integrations denies the allegations of paragraph 49 of the Counterclaim.

50.    In response to paragraph 50 of the Counterclaims, Power Integrations admits that it amended certain pending claims during prosecution of U.S. Patent Application No. 09/080,774 and that the block quotation in paragraph 50 of the Counterclaims correctly quotes from page 6 of Power Integrations' March 6, 1999, Amendment and Response filed with the PTO.  Power Integrations denies the remaining allegations of paragraph 50 of the Counterclaim.

51.    In response to paragraph 51 of the Counterclaims, Power Integrations admits that the examiner allowed certain amended claims during prosecution of U.S. Patent Application No. 09/080,774.  Power Integrations denies the remaining allegations of paragraph 51 of the Counterclaim.

52.    In response to paragraph 52 of the Counterclaims, Power Integrations admits that the datasheet attached as Exhibit G to Fairchild's Amended Answer and Counterclaims is not listed among the cited references for the '366 patent.  Power Integrations denies the remaining allegations of paragraph 52 of the Counterclaim.

**Power Integrations' SMP3 Family of Devices, Datasheets, and "Off-Line PWM Switching Regulator IC handles 3W" Article**

53.    In response to paragraph 53 of the Counterclaims, Power Integrations admits that a copy of what appears to be an article by Frank Goodenough entitled "Off-line PWM Switching Regulator IC Handles 3W," published in 1990, is attached as Exhibit I to Fairchild's Amended Answer and Counterclaims.  Power Integrations further admits that the article mentions Power Integrations' SMP3 devices.  Power Integrations further admits that it offered for sale and sold SMP3 devices at least as early as May 18,

10

1997.  Power Integrations denies the remaining allegations of paragraph 53 of the Counterclaim.

54.     Power Integrations denies the allegations of paragraph 54 of the Counterclaim.

55.     Power Integrations denies the allegations of paragraph 55 of the Counterclaim.

56.     In response to paragraph 56 of the Counterclaims, Power Integrations admits that the article attached as Exhibit I to Fairchild's Amended Answer and Counterclaims is not listed among the cited references for the '366 patent.  Power Integrations denies the allegations of paragraph 56 of the Counterclaim.

### Seventh Counterclaim:  Declaratory Judgment of the '851 Patent

57.     In reply to paragraph 57 of the Counterclaim, Power Integrations realleges paragraphs 1 through 10 above, as though fully set forth herein.

58.     Power Integrations denies the allegations of paragraph 58 of the Counterclaim.

59.     Power Integrations denies the allegations of paragraph 59 of the Counterclaim.

60.     Power Integrations admits the allegations of paragraph 60 of the Counterclaim.

### Power Integrations' SMP402 Datasheets and Family of Devices

61.     In response to paragraph 61 of the Counterclaims, Power Integrations admits that a copy of what appears to be an SMP211 datasheet is attached as Exhibit H to Fairchild's Amended Answer and Counterclaims.  Power Integrations further admits that

it offered for sale and sold SMP402 devices at least as early as May 18, 1997 and that

Power Integrations datasheets for SMP402 devices were made available to the public at

least as early as 1996. Power Integrations denies the remaining allegations of paragraph

61 of the Counterclaim.

62.     Power Integrations denies the allegations of paragraph 62 of the

Counterclaim.

63.     In response to paragraph 63 of the Counterclaims, Power Integrations

admits that the datasheet attached as Exhibit H to Fairchild's Amended Answer and

Counterclaims is not listed among the cited references for Power Integrations' U.S.

Patent No. 6,107,851 ("the '851 patent"). Power Integrations denies the remaining

allegations of paragraph 63 of the Counterclaim.

### Power Integration's SMP3 Family of Devices, Datasheets, and "Off-Line PWM Switching Regulator IC Handles 3W" Article

64.     In response to paragraph 64 of the Counterclaims, Power Integrations

admits that a copy of what appears to be an article by Frank Goodenough entitled "Off-

line PWM Switching Regulator IC Handles 3W," published in 1990, is attached as

Exhibit I to Fairchild's Amended Answer and Counterclaims. Power Integrations further

admits that the article mentions Power Integrations' SMP3 devices. Power Integrations

further admits that it offered for sale and sold SMP3 devices at least as early as May 18,

1997. Power Integrations denies the remaining allegations of paragraph 64 of the

Counterclaim.

65.     Power Integrations denies the allegations of paragraph 65 of the

Counterclaim.

66.     Power Integrations denies the allegations of paragraph 66 of the Counterclaim.

67.     In response to paragraph 67 of the Counterclaims, Power Integrations admits that the article attached as Exhibit I to Fairchild's Amended Answer and Counterclaims is not listed among the cited references for the '851 patent.  Power Integrations denies the allegations of paragraph 67 of the Counterclaim.

### Power Integrations' SMP260 Datasheets, Family of Devices, and "Off-line Power Integrated Circuit for International Rated 60-watt Power Supplies" Article

68.     In response to paragraph 68 of the Counterclaims, Power Integrations admits that a copy of what appears to be an SMP260 datasheet is attached as Exhibit D to Fairchild's Amended Answer and Counterclaims.  Power Integrations further admits that it offered for sale and sold SMP260 devices at least as early as May 18, 1997 and that Power Integrations datasheets for SMP260 devices were available to the public at least as early as July, 1996.  Power Integrations denies the remaining allegations of paragraph 68 of the Counterclaim.

69.     In response to paragraph 69 of the Counterclaims, Power Integrations admits that a copy of what appears to be an article by Richard A. Keller entitled "Off-line Power Integrated Circuit for International Rated 60-watt Power Supplies," published in 1992, is attached as Exhibit F to Fairchild's Amended Answer and Counterclaims.  Power Integrations further admits that the article mentions Power Integrations' SMP260 devices and that Richard Keller was an employee of Power Integrations at the time he wrote the article.  Power Integrations denies the remaining allegations of paragraph 69 of the Counterclaim.

70.    Power Integrations denies the allegations of paragraph 70 of the Counterclaim.

71.    In response to paragraph 40 of the Counterclaims, Power Integrations admits that the SMP260 datasheet and the Keller article attached as Exhibits D and F to Fairchild's Amended Answer and Counterclaims are not listed among the cited references for the '851 patent.  Power Integrations denies the remaining allegations of paragraph 71 of the Counterclaim.

72.    Power Integrations denies the allegations of paragraph 72 of the Counterclaim.

**Power Integrations' SMP240 Family of Devices**

73.    In response to paragraph 73 of the Counterclaims, Power Integrations admits that a copy of what appears to be an SMP240 datasheet is attached as Exhibit E to Fairchild's Amended Answer and Counterclaims.  Power Integrations further admits that it offered for sale and sold SMP240 devices at least as early as May 18, 1997 and that Power Integrations datasheets for SMP240 devices were available to the public at least as early as July, 1996.  Power Integrations denies the remaining allegations of paragraph 73 of the Counterclaim.

74.    Power Integrations denies the allegations of paragraph 74 of the Counterclaim.

75.    In response to paragraph 75 of the Counterclaims, Power Integrations admits that the SMP240 datasheet attached as Exhibit E to Fairchild's Amended Answer and Counterclaims is not listed among the cited references for the '851 patent.  Power Integrations denies the remaining allegations of paragraph 75 of the Counterclaim.

76.     Power Integrations denies the allegations of paragraph 76 of the Counterclaim.

### Power Integrations' SMP211 Datasheets and Family of Devices

77.     In response to paragraph 77 of the Counterclaims, Power Integrations admits that a copy of what appears to be an SMP211 datasheet is attached as Exhibit G to Fairchild's Amended Answer and Counterclaims.  Power Integrations further admits that it offered for sale and sold SMP211 devices at least as early as May 18, 1997 and that Power Integrations datasheets for SMP211 devices were available to the public at least as early as July, 1996.  Power Integrations denies the remaining allegations of paragraph 77 of the Counterclaim.

78.     In response to paragraph 78 of the Counterclaims, Power Integrations admits that Figure 1 of the '851 patent bears the label "PRIOR ART" and that the figure includes among other things a pulse width modulated switch 90 that is labeled "SMP211."  Power Integrations denies the remaining allegations of paragraph 78 of the Counterclaim.

79.     In response to paragraph 79 of the Counterclaims, Power Integrations admits that the examiner rejected certain pending claims during prosecution of U.S. Patent Application No. 09/080,774 on several grounds, including first and foremost indefiniteness, and that the first block quotation in paragraph 79 of the Counterclaims correctly quotes a portion of paragraph 5 from the December 13, 1999 Office Action. Power Integrations further admits that the examiner allowed other claims at that same time in the December 13, 1999 Office Action and that the second block quotation in paragraph 79 of the Counterclaims correctly quotes from paragraph 8 of the December

13, 1999 office action, a section entitled "Allowable Subject Matter," which notes that "[t]he prior art of record does not appear to disclose or suggest a PWM switch comprising an oscillator for generating a maximum duty cycle signal and a singnal [sic] with a frequency range dependent on a frequency variation circuit as recited in claim 1." Power Integrations denies the remaining allegations of paragraph 79 of the Counterclaim.

80.     Power Integrations denies the allegations of paragraph 80 of the Counterclaim.

81.     In response to paragraph 81 of the Counterclaims, Power Integrations admits that it amended certain pending claims during prosecution of U.S. Patent Application No. 09/080,774 and that the block quotation in paragraph 81 of the Counterclaims correctly quotes from page 6 of Power Integrations' March 6, 1999, Amendment and Response filed with the PTO. Power Integrations denies the remaining allegations of paragraph 81 of the Counterclaim.

82.     In response to paragraph 82 of the Counterclaims, Power Integrations admits that the examiner allowed certain amended claims during prosecution of U.S. Patent Application No. 09/080,774. Power Integrations denies the remaining allegations of paragraph 82 of the Counterclaim.

83.     In response to paragraph 83 of the Counterclaims, Power Integrations admits that the datasheet attached as Exhibit G to Fairchild's Amended Answer and Counterclaims is not listed among the cited references for the '851 patent. Power Integrations denies the remaining allegations of paragraph 83 of the Counterclaim.

**Seventh Counterclaim:  Declaratory Judgment of
Unenforceability of the '876 Patent**

84.    In reply to paragraph 84 of the Counterclaim, Power Integrations realleges

paragraphs 1 through 10 above, as though fully set forth herein.

85.    Power Integrations denies the allegations of paragraph 85 of the

Counterclaim.

86.    Power Integrations denies the allegations of paragraph 86 of the

Counterclaim.

87.    In response to paragraph 87 of the Counterclaims, Power Integrations

admits that the subject matter of the asserted claims of Power Integrations' U.S. Patent

No. 6,249,876 ("the '876 patent") was conceived no later than May 21, 1998.  Power

Integrations denies the remaining allegations of paragraph 87 of the Counterclaim.

88.    In response to paragraph 88 of the Counterclaims, Power Integrations

admits that the Invention Disclosure Form for what ultimately became the '876 patent

contains a description of the inventors' prior work on what ultimately became the '851

patent.  Power Integrations further admits that the Invention  Disclosure Form for what

ultimately became the '876 patent contains a figure labeled "Frequency Jittering Prior

Art."  Power Integrations further admits that it disclosed the application that ultimately

became the '851 patent to the PTO during prosecution of the '876 patent, that the

specification of the '876 patent incorporates by reference the application that ultimately

became the '851 patent, and that Power Integrations correctly described figure 3 of the

'876 patent as "a schematic diagram of an analog frequency jittering device" at column 4,

lines 17-18.  Power Integrations denies the remaining allegations of paragraph 88.

17

89.    Power Integrations denies the allegations of paragraph 89 of the Counterclaim.

90.    Power Integrations admits the allegations of paragraph 90 of the Counterclaim.

**Eighth Counterclaim:  Declaratory Judgment of Unenforceability of the '075 Patent**

91.    In reply to paragraph 91of the Counterclaim, Power Integrations realleges paragraphs 1 through 10 above, as though fully set forth herein.

92.    Power Integrations denies the allegations of paragraph 92 of the Counterclaim.

93.    Power Integrations denies the allegations of paragraph 93 of the Counterclaim.

94.    Power Integrations admits the allegations of paragraph 94 of the Counterclaim.

*A Highly Reliable 16 Output High Voltage NMOS/CMOS Logic IC with Shielded Source Structure***, by H. Wakaumi, T. Suzuki, M. Saito and H. Sakuma, IEDM 83, pp. 416-419 (1983) and** *High-Voltage DMOS and PMOS in Analog IC's by A.W. Ludikhuize***, IDEM 82, pp. 81-84 (1982)**

95.    In response to paragraph 95 of the Counterclaims, Power Integrations admits that the referenced article by H. Wakaumi et al. appears to have been published in the IEDM journal in 1983, that the referenced article by Ludikhuize appears to have been published in the IEDM journal in 1982, and that both articles were published more than a year before the filing of what became Power Integrations' U.S. Patent No. 4,811,075 ("the '075 patent").  Power Integrations further admits that what appear to be copies of the Wakaumi and Ludikhuize articles are attached to Fairchild's Amended Answer and

Counterclaims as Exhibits J and K, respectively. Power Integrations denies the remaining allegations of paragraph 95 of the counterclaim.

96.     In response to paragraph 96 of the Counterclaims, Power Integrations admits that Mr. Eklund was aware of the Wakaumi and Ludikhuize articles around the time he conceived of the subject matter of the '075 patent and that Mr. Eklund's notes from September 1984 regarding the likely commercial success of his invention and the improvements his invention offered over conventional technologies make reference to the Wakaumi article. Power Integrations denies the remaining allegations of paragraph 96 of the counterclaim.

97.     In response to paragraph 97 of the Counterclaims, Power Integrations admits that Klas Eklund read the Wakaumi and Ludikhuize articles before he applied for what became the '075 patent. Power Integrations denies the remaining allegations of paragraph 97 of the counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, PI prays for judgment as follows:

(A)     That Fairchild's Counterclaims be dismissed with prejudice;

(B)     That Fairchild take nothing by way of its Counterclaims;

(C)     That the Court enter judgment in favor of Power Integrations as requested in the Complaint;

(D)     That the Court enter judgment that Fairchild has infringed the '851 patent, the '876 patent, the '366 patent, and the '075 patent;

(E)     That the Court declare that the '851, '876, '366, and '075 patents are not invalid;

19

(F)    That the Court declare that the '851, '876, '366, and '075 patents are not unenforceable;

(G)    That Power Integrations be awarded reasonable attorneys' fees and costs of said suit; and

(H)    That the Court award Power Integrations such other and further relief as may be appropriate.

Dated:  March 15, 2006                FISH & RICHARDSON P.C.


By:    */s/ Sean P. Hayes*
     William J. Marsden, Jr. (#2247)
     (marsden@fr.com)
     Sean P. Hayes (#4413)
     (hayes@fr.com)
     919 N. Market Street, Suite 1100
     P.O. Box 1114
     Wilmington, DE  19899-1114
     Telephone: (302) 652-5070
     Facsimile:  (302) 652-0607

     Frank E. Scherkenbach
     225 Franklin Street
     Boston, MA 02110-2804
     Telephone: (617) 542-5070
     Facsimile:  (617) 542-8906

     Howard G. Pollack
     500 Arguello Street, Suite 500
     Redwood City, CA 94063
     Telephone: (650) 839-5070
     Facsimile:  (650) 839-5071

     Attorneys for Plaintiff
     POWER INTEGRATIONS, INC.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 15th day of March, 2006, I electronically filed with the

Clerk of Court PLAINTIFF POWER INTEGRATIONS, INC.'S ANSWER TO

DEFENDANTS' FIRST AMENDED COUNTERCLAIMS using CM/ECF which will

send electronic notification of such filing(s) to the following Delaware counsel.  In

addition the filing will also be sent via hand delivery:

Steven J. Balick, Esq.              Attorneys for Defendants-
John G. Day, Esquire                Counterclaimants
Ashby & Geddes                      FAIRCHILD SEMICONDUCTOR
222 Delaware Avenue, 17th Floor     INTERNATIONAL, INC. and
P. O. Box 1150                      FAIRCHILD SEMICONDUCTOR
Wilmington, DE 19899                CORPORATION

I hereby certify that on March 15, 2006, I have sent via Facsimile and the United

States Postal Service, the document(s) to the following non-registered participants:

G. Hopkins Guy, III                 Attorneys for Defendants-
Bas de Blank                        Counterclaimants
Duo Chen                            FAIRCHILD SEMICONDUCTOR
Orrick, Herrington & Sutcliffe, LLP INTERNATIONAL, INC. and
1000 Marsh Road                     FAIRCHILD SEMICONDUCTOR
Menlo Park, CA  94025               CORPORATION

                                    */s/ Sean P. Hayes*
                                    Sean P. Hayes (#4413)
                                    hayes@fr.com

50331303.doc

1