Document Drawing
As Original Filed

KLAS H. EKLUND

041994
2 oF 2
250
SS-520-01



Fig-4



Fig-5

FCS0000156

2

FCS0000157

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/041,994 | 04/24/87 | EKLUND            K | |

```
┌─────────────────────────┐
│ THOMAS E. SCHATZEL       │
│ 3211 SCOTT BLVD., STE. 201│
│ SANTA CLARA, CA 95054-3093│
└─────────────────────────┘
```

| EXAMINER |
|---|
| JACKSON ONYO |

| ART UNIT | PAPER NUMBER |
|---|---|
| 253 | 2 |

DATE MAILED: 12/07/87

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined        ☐ Responsive to communication filed on _____        ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __2__ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.    35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.        2. ☒ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.             4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.  6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _1 – 18_ _____ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1 – 18_ _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable;
    ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____
    has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However,
    the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are
    corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO
    EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7 - 82)                          EXAMINER'S ACTION

FCS0000158

Serial No. 041,994                          -2-
Art Unit      253


On page 9 line 28 "72" should be --73--.

Claims 1, 2, 4-7, 16 are rejected under 35 U.S.C. 112, first and second paragraphs, as the claimed invention is not described in such full, clear, concise and exact terms as to enable any person skilled in the art to make and use the same, and/or for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The structure of claim 1 is indefinite. The language "being united in one structure" is vague and indefinite and does not clearly or concretely define the structure of applicant's invention. The terms "insulated gate FET" and "double sided JFET" are also broad and do not define applicant's invention. Claim 2 is confusing since lines 14-17 mimic lines 17-20. The other claims are rejected for dependence on 1 or 2.

The specification is objected to as failing to provide proper antecedent basis for the claimed subject matter. See 37 CFR 1.75(d)(1) and MPEP 608.01(o). Correction of the following is required: there is no proper antecedent in the specification for the process descriptions of claims 11, 13, 14, 17.

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless-

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international

Serial No. 041,994                    -3-

Art Unit    253


application by another who has fulfilled the
requirements of paragraphs (1), (2), and (4) of
section 371(c) of this title before the invention
thereof by the applicant for patent.

Claims 1-3, 5-9, 11, 12, 16 rejected under 35
U.S.C. 102(e) as anticipated by or, in the alternative,
under 35 U.S.C. 103 as obvious over Colak.

Colak shows a DMOS device wherein layer 16 may per-

form the function of a JFET gate "on top of" an extended

drain region 14 in the embodiment of figs. 2B or 2C.

Substrate layer 12 may act as the other gate of the

JFET.  Clearly claim 1 does not distinguish over Colak.

Note that mere labels as "JFET" do not structurally

distinguish the claims over Colak since the structure of

Colak may be labeled an IGFET in series with a double

sided JFET as shown above.  Claim 2 also does not

distinguish over Colak since the claimed structure is

shown in Colak and the intended use language "whereby

current flow..." in claim 2 does not underline structurally

distinguish over Colak and furthermore Colak's device

may perform the same intended function.  See In re

Pearson 181 USPQ 642 or Ex parte Minks 169 USPQ 120 on

statements of intended use in claims drawn to structure

as we have here.  Similarly claim 3 does not distinguish

over Colak.  Claim 5 is a product by process claim which

does not structurally distinguish applicant's final pro-

duct over Colak.

A "product by process" claim is directed to the
product per se, no matter how actually made, In re
Hirao, 190 USPQ 15 at 17 (footnote 3).  See also In re
Brown, 173 USPQ 685; In re Luck, 177 USPQ 523; In re

FCS0000160

Serial No. 041,994                          -4-

Art Unit      253


Fessmann, 180 USPQ 324; In re Avery, 186 USPQ 161; In re
Wertheim, 191 USPQ 90 (209 USPQ 554 does not deal with
this issue); and In re Marosi et al, 218 USPQ 289, all
of which make it clear that it is the patentability of
the final product per se which must be determined in a
"product by process" claim, and not the patentability of
the process, and that, as here, an old or obvious pro-
duct produced by a new method is not patentable as a
product, whether claimed in "product by Process" claims
or not.  Note that applicant has the burden of proof in
such cases, as the above caselaw makes clear.

    Claim 6 also is undistinguishing over Colak since

the thickness of layer 16 is a design variable and 1

micron thickness would not be unobvious to one of ordi-

nary skill in view of Colak.  Similarly, in re claim 7 a

dopant density of greater than $5 \times 10^{16}$/cc would not be

unobvious for the doping density of layer 16 of Colak.

Claims 8, 9 also are obvious over Colak.  Claims 11, 12

are product by process claims which also do not

distinguish the final product over Colak.  Claim 16 also

does not distinguish over Colak as "floating" is vague

and undistinguishing.

    The following is a quotation of 35 U.S.C. '103 which
forms the basis for all obviousness rejections set forth
in this Office action:

        A patent may not be obtained though the invention
        is not identically disclosed or described as set
        forth in section 102 of this title, if the dif-
        ferences between the subject matter sought to be
        patented and the prior art are such that the sub-
        ject matter as a whole would have been obvious at
        the time the invention was made to a person having
        ordinary skill in the art to which said subject
        matter pertains.  Patentability shall not be nega-
        tived by the manner in which the invention was
        made.

        Subject matter developed by another person, which
        qualifies as prior art only under subsection (f)
        and (g) of section 102 of this title, shall not
        preclude patentability under this section where the
        subject matter and the claimed invention were, at

Serial No. 041,994                        -5-

Art Unit      253


the time the invention was made, owned by the same
person or subject to an obligation of assignment to
the same person.

Claims 4, 10, 13-15, 17 and 18 rejected under 35

U.S.C. 103 as being unpatentable over Colak in view of

Thomas.

Thomas shows the obvious of providing low voltage

and high voltage devices on the same substrate.  It

would be obvious from Thomas to practice Colak as CMOS

or with other devices.  Claim 4 is hence obvious.  In re

claims 10, 13, 15 "well" regions are also obvious from

Thomas.  Claims 14, 17 also are product by process

claims which do not distinguish the final product over

the suggestions of the references on final structure.

Claim 18 also does not distinguish over the suggestions

of Colak in view of Thomas.

Any inquiry concerning this communication should be
directed to J. Jackson at telephone number 703-557-4824.


Jackson/EW
12-2-87

ANDREW J. JAMES
SUPERVISORY PATENT EXAMINER
GROUP ART UNIT 253

FCS0000162

PTO - 948
(Rev. 8 –82)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

ATTACHMENT TO
PAPER NUMBER    2

S.N.   41994

GROUP 260

## NOTICE OF PATENT DRAWINGS OBJECTION

Drawing Corrections and/or new drawings may only be
submitted in the manner set forth in the attached letter,
"Information on How to Effect Drawing Changes" PTO-1474.

A. ☑ The drawings, filed on ___4/24/8___ , are objected to as informal for reason(s)
checked below:

1. ☐ Lines Pale.

2. ☐ Paper Poor.

3. ☑ Numerals Poor.

4. ☑ Lines Rough and Blurred.
   FIG 1- 5

5. ☐ Shade Lines Required.

6. ☐ Figures Must be Numbered.

7. ☐ Heading Space Required.

8. ☐ Figures Must Not be Connected.

9. ☐ Criss-Cross Hatching Objectionable.

10. ☐ Double-Line Hatching Objectionable.

11. ☐ Parts in Section Must Be Hatched.

12. ☐ Solid Black Objectionable.

13. ☐ Figure Legends Placed Incorrectly.

14. ☐ Mounted Photographs.

15. ☑ Extraneous Matter Objectionable.
    [37 CFR 1.84 (1)]
    BORDER LINES

16. ☐ Paper Undersized; either 8½" x 14",
    or 21.0 cm. x 29.7 cm. required.

17. ☐ Proper A4 Margins Required:
    ☐ TOP 2.5 cm.        ☐ RIGHT 1.5 cm.
    ☐ LEFT 2.5 cm.       ☐ BOTTOM 1.0 cm.

18. ☐ Other:

B. ☑ The drawings, submitted on ___4/24/8___ , are so informal they cannot be
corrected. New drawings are required. Submission of the new drawings MUST be
made in accordance with the attached letter.

FCS0000163

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 041994 | | GROUP ART UNIT 253 | ATTACHMENT TO PAPER NUMBER 2 |
|---|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) Eklund | | | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 4 6 2 6 8 7 9 | 12/86 | Colak | 357 | 23.8 | 12/82 |
| B | | 4 6 2 8 3 1 1 | 12/86 | Thomas | 357 | 23.8 | 9/85 |
| C | | | | | | | |
| D | | | | | | | |
| E | | | | | | | |
| F | | | | | | | |
| G | | | | | | | |
| H | | | | | | | |
| I | | | | | | | |
| J | | | | | | | |
| K | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | | |
| M | | | | | | | | | |
| N | | | | | | | | | |
| O | | | | | | | | | |
| P | | | | | | | | | |
| Q | | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| R | |
|---|---|
| S | |
| T | |
| U | |

| EXAMINER J. Jackson | DATE 11/87 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

FCS0000164

**3**

FCS0000165



# 75.00 - 216 - #3253

PATENT

Case Docket No. SS-520-01

Date: April 7, 1988

In re application of: Klas H. Eklund

Serial No.: 07/041,994

Filed: April 24, 1987

For: HIGH VOLTAGE MOS TRANSISTORS

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Sir:

Transmitted herewith is an Amendment in the above-identified application.

☐ No additional fee is required. ___X___ Two Month Extension Fee Enclosed. ($85.00)

☐ Additional fee calculated as follows:

| CLAIMS AS AMENDED | | | | | | |
|---|---|---|---|---|---|---|
| | Claims remaining after amendment | | Highest number previously paid for | Present extra | Rate | Addtnl. Fee |
| Total Claims | _____ | Minus | _____ = | _____ x | $12.00 | = _____ |
| Indep. Claims | _____ | Minus | _____ = | _____ x | $34.00 | = _____ |

Additional Fee Due $ _____

☒ A verified statement claiming small entity status ___x___ has been filed; _____ is attached. The fee due is fifty percentum of the above.

Fee Due $ _____

☒ A check in the amount of $ 85.00 is attached. (Two Month Extension Fee)

☒ Any additional fees may be charged to Deposit Account No. 19-0310. A duplicate of this transmittal is attached.

Respectfully submitted,

040 04/13/88 041994
Attorney For Applicant

By _____
Reg. No.: 22,619

Law Offices of THOMAS E. SCHATZEL
A Professional Corporation
3211 Scott Boulevard Suite 201
Santa Clara, CA 95054
(408) 727-7077

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on 4-7-88

Thomas E. Schatzel
(Date of Deposit)
Name of Applicant, assignee or Registered Rep.

_____ 4/7/88
Signature        Date



PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Klas H. Eklund

Serial No.: 07/041,994

Filed     : 04-24-87

For       : HIGH VOLTAGE MOS TRANSISTORS

Group Art Unit: 253

Examiner: J. Jackson

Attorneys Docket No.:
SS-520-01

COMMISSIONER OF PATENTS
& TRADEMARKS
Washington, D.C.  20231

Date of this Paper:

April 7, 1988

## AMENDMENT

In response to the U.S. Patent Office Action mailed December 7, 1987 (Paper No. 2), please amend this application as follows:

In the Specification

Page 1, line 26, change "of" to --on--;

Page 9, line 15, insert the following paragraph:

--It should be noted that the term "substrate" refers to the physical material on which a microcircuit is fabricated.  If a transistor is fabricated on a well of n or p type material within a primary substrate of opposite type material, the well material can be considered a secondary substrate.  Similarly, if a transistor is fabricated on an epitaxial layer or epi-island that merely supports and insulates the transistor, the epitaxial layer or epi-island can be considered a secondary substrate.  An epi-island is a portion of an epitaxial layer of one conductivity type that is isolated from the remaining portion of the epitaxial layer by diffusion pockets of an opposite conductivity type.  When complimentary transistors are formed on the same chip, the well in which one complimentary transistor is embedded is formed by the same diffusion as the extended drain region for the other transistor.--

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on   4-7-88
(Date of Deposit)

Thomas E. Schatzel
Name of Applicant, assignee, or Registered Rep.

Schatzel  4/7/88
Signature                    Date

Page 9, line 28, change "72" to --73--.

In the Claims

Cancel claims 1-5 and 8-18.

Add new claims 19-23 as follows:

19.  A high voltage MOS transistor comprising:

a semiconductor substrate of a first conductivity type having a surface,

a pair of laterally spaced pockets of semiconductor material of a second conductivity type within the substrate and adjoining the substrate surface,

a source contact connected to one pocket,

a drain contact connected to the other pocket,

an extended drain region of the second conductivity type extending laterally each way from the drain contact pocket to surface-adjoining positions,

a layer of material of the first conductivity type on top of an intermediate portion of the extended drain region between the drain contact pocket and the surface-adjoining positions,

said top layer of material and said substrate being subject to application of a reverse-bias voltage,

an insulating layer on the surface of the substrate and covering at least that portion between the source contact pocket and the nearest surface-adjoining position of the extended drain region, and

a gate electrode on the insulating layer and electrically isolated from the region thereunder which forms a channel laterally between the source contact pocket and the nearest surface-adjoining position of the extended drain region, said gate electrode controlling by field-effect the flow of current thereunder through the channel.

FCS0000168

20.⁴ The high voltage MOS transistor of claim 19 having one
channel conductivity type in combination with a complementary high
voltage MOS transistor of an opposite channel conductivity type
combined on the same chip and isolated from each other.

21.⁵ The high voltage MOS transistor of claim 19 combined on the
same chip with a low voltage CMOS implemented device.

22.⁴ The combination of claim 21 further including,
    a complementary high voltage MOS transistor, and
    a complementary low voltage CMOS implemented device on the
same chip and isolated from each other.

23.⁷ A high voltage MOS transistor comprising:
    a semiconductor substrate of a first conductivity type having
a surface,
    a pair of laterally spaced pockets of semiconductor material
of a second conductivity type within the substrate and adjoining the
substrate surface,
    a source contact connected to one pocket,
    an extended source region of the second conductivity type
extending laterally each way from the source contact pocket to
surface-adjoining positions,
    a surface adjoining layer of material of the first conductivity type on top of
an intermediate portion of the extended source region between the
surface-adjoining positions,
    said top layer and said substrate being subject to
application of a reverse-bias voltage,
    a drain contact connected to the other pocket,

15

an extended drain region of the second conductivity type
extending laterally each way from the drain contact pocket to
surface-adjoining positions,

a layer of material of the first conductivity type on top of
an intermediate portion of the extended drain region between the
drain contact pocket and the surface-adjoining positions,

said top layer of material and said substrate being subject
to application of a reverse-bias voltage,

an insulating layer on the surface of the substrate and
covering at least that portion between the nearest surface-adjoining
positions of the extended source region and the extended drain region,
and

a gate electrode on the insulating layer and electrically
isolated from the substrate region thereunder which forms a channel laterally
between the nearest surface-adjoining positions of the extended source
region and the extended drain region, said gate electrode controlling
by field-effect the current flow thereunder through the channel.

Amend the claims as follows:

Claim 6, line 1, change "5" to --19--; and

Claim 7, line 1, change "5" to --19--.

## REMARKS

The specification has been amended to correct minor errors and to
provide an antecedent basis in the specification for epitaxial layer
and epi-island mentioned in former claims 11 and 13.

This invention relates to high voltage, metal oxide semiconductor
transistors of the field effect type.  There is a need for more
efficient transistors which can be made as either discrete or
integrated devices of either n-channel or p-channel conductivity.  The

integrated devices should be easily combined with low voltage (five volt) control logic on the same chip. Devices of opposite conductivity should be combinable in a complimentary manner on the same chip. Such transistors, with modifications, should be capable of source-follower applications.

The applicant has disclosed a novel and unobvious high voltage MOS transistor having a low threshold voltage that is compatible with five volt control logic and a low ON-resistance. This transistor can be made as either discrete or integrated devices of either n-channel or p-channel conductivity. The high voltage MOS transistors can be modified for source-follower applications by providing both extended source regions and extended drain regions. These transistors are formed on a substrate of a first conductivity type having a surface. A pair of laterally spaced pockets of semiconductor material of a second conductivity type are provided within the substrate and adjoining the substrate surface. A source contact is connected to one pocket and a drain contact is connected to the other pocket. An extended drain region of a second conductivity type extends laterally each way from the drain pocket to surface-adjoining positions. A layer of material of the first conductivity type is provided on top of an intermediate portion of the extended drain region between the drain contact pocket and the surface-adjoining positions. The top layer of material and the substrate are subject to application of a reverse-bias voltage. None of the cited references show such structure.

Colak, U.S. Patent No. 4,626,879, shows a DMOS transistor suitable for source follower applications. This device has a substrate with three epitaxial layers formed thereon. A surface-adjoining channel region is diffused into the epitaxial layers and a source region is diffused into the channel diffusion above the channel region. A drain region is diffused into the top epitaxial layer. An extended drain

FCS0000171

region is formed from a portion of the top epitaxial layer between the drain region and the channel region. The top and bottom epitaxial layers are interconnected, and the bottom layer may operate as a parallel extended drain region between the connection points. The intermediate epitaxial layer may operate as an extended drain region in a dual-gate/dual-drain structure wherein all three epitaxial layers contribute to device conductivity for achieving optimum normalized "ON" resistance.

Thomas, U.S. Patent No. 4,628,341 shows an integrated circuit structure that includes both low-voltage n-channel and p-channel MOS transistors and high voltage n-channel and p-channel MOS transistors.

The claims are now clearly distinguished from the cited references. New claim 19 recites "an extended drain region of the second conductivity type extending laterally each way from the drain contact pocket to surface-adjoining positions, a layer of material of the first conductivity type on top of an intermediate portion of the extended drain region between the drain contact pocket and the surface-adjoining positions". When high voltage n-channel and p-channel devices are combined on the same chip with low voltage control logic, this structure isolates the devices from each other. Claim 19 also provides for a pair of laterally spaced source and drain contact pockets within the substrate as is customary for conventional MOS transistors and is thus, distinguished from DMOS devices which require a higher threshold voltage. The structure of claim 19 enables a lower threshold voltage, compatibility with five volt control logic, and eliminates the need for an additional power supply and interface circuit.

Claims 20-22 and claims 6-7 depend directly or indirectly from claim 19 and thus, can be distinguished for the same reasons as claim 19.

Claim 23 is directed to the transistor, shown in Fig. 5 of the drawings, that has been modified for source-follower applications by providing both extended source and drain regions.  Top layers cover intermediate portions of the extended source and drain regions.  The top layers and substrate are subject to application of a reverse-bias voltage.

Accordingly, claims 6-7 and 20-23 are patentably distinct from the cited references and allowance of these claims is requested.

If the Examiner is of the opinion that a telephone conference with applicant's attorney would expedite matters, such a conference is invited.

Respectfully submitted,

Reg. No. 22,611                    By _____
                                      Thomas E. Schatzel

LAW OFFICES OF THOMAS E. SCHATZEL
A Professional Corporation
3211 Scott Boulevard, Suite 201
Santa Clara, California  95054
Telephone:  (408) 727-7077

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on __4-7-88__
(Date of Deposit)
Thomas E. Schatzel
Name of applicant, Assignee, or Registered Rep.
Signature          Date

Serial No.: 07/041,994
Filed:      /4-24-87
Attnys. Docket No.: SS-520-01                    PATENT

CONDITIONAL PETITION FOR EXTENSION OF TIME

If any extension of time for this response is required
applicant requests that this be considered a petition
therefor.

Status

This application is on behalf of:

___   other than a small entity

                  ____   verified statement attached

  x   small entity

            x   verified statement already
                filed

Payment of fees

  X   The Commissioner is hereby authorized to charge any
additional fees as set forth in 37 C.F.R. 1.16 and 1.17
which may be required or credit any overpayment to Account
No. 19-0310.  A duplicate of this transmittal is attached.

                     ____also
NOTE:  Please _____ charge issues fees under 37 C.F.R. 1.18
                 X   do not

to Account No. 19-0310.

Reg. No.  22,611

                                    Attorney for Applicant

Telephone: (408) 727-7077        Law Offices of Thomas E. Schatzel
                                 A Professional Corporation
                                 3211 Scott Boulevard, Suite 201
I hereby certify that this correspondence is being   Santa Clara, California 95054
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Wash-
ington, D.C. 20231, on  4-7-88
                       (Date of Deposit)
Thomas E. Schatzel
Name of applicant/assignee, or Registered Rep.
                      4/7/88
   Signature            Date

FCS0000174

**4**

FCS0000175



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/041,994 | 04/24/87 | EKLUND | K | SS-520-01 |

```
┌─                                    ─┐
    THOMAS E. SCHATZEL
    3211 SCOTT BLVD., STE. 201
    SANTA CLARA, CA 95054-3093
└─                                    ─┘
```

| EXAMINER |
|---|
| JACKSON JR, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 253 | 4 |

DATE MAILED: 06/17/88

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☒ Responsive to communication filed on **4/11/88**    ☒ This action is made final.

A shortened statutory period for response to this action is set to expire **3** month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.     2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.           4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.  6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims **6,7, 19-23** _____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims **6,7, 19-23** _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed_____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7 - 82)                    EXAMINER'S ACTION

FCS0000176

Serial No. 041,994                                    -2-

Art Unit 253


    The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 102 that form the basis for the
rejections under this section made in this Office
action:

    A person shall be entitled to a patent unless-

    (e) the invention was described in a patent granted
    on an application for patent by another filed in
    the United States before the invention thereof by
    the applicant for patent, or on an international
    application by another who has fulfilled the
    requirements of paragraphs (1), (2), and (4) of
    section 371(c) of this title before the invention
    thereof by the applicant for patent.

    Claims 19, 6, 7 are rejected under 35 U.S.C. 102

(e) as anticipated by or, in the alternative, under 35

U.S.C. 103 as obvious over Colak.

    Claim 19 still does not distinguish over Colak.

See figures 1, 2B and 2C of Colak where 22 and 24 define

"pockets", layers 18 and 14 form an "extended drain"

which extends to the surface "each way" from the drain

contact 24, layer 16 defines a layer of material of

first conductivity type "on top of" extended drain layer

14, and layer 16 and substrate 12 are subject to appli-

cation of a reverse bias voltage during operation of the

device.  Note that layer 16 is connected to the source

and the substrate is reverse biased through SS.  Thus

claim 19 does not distinguish over Colak.   Claim 5 is

undistinguishing since Colak teaches a layer 16

thickness of 2 micron for 400 V operation, however, for

lower voltage operation design layer 16 would be

thinner, and 1 micron thickness is thus an obvious

design variant to the artist.   Similarly, to the

artist, the design of claim 7 is obvious in view of

Colak who teaches $10^{16}/cm^3$ for layer 16.

FCS0000177

Serial No. 041,994                        -3-

Art Unit 253

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Subject matter developed by another person, which qualifies as prior art only under subsection (f) and (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Claims 20-23 are rejected under 35 U.S.C. 103 as being unpatentable over Colak in view of Thomas.

As stated in the previous rejection, Thomas shows that high voltage fet devices (as Colak) are advantageously formed complementary and also integrated with low voltage devices. Hence claims 20-22 are obvious.

Claim 23 is rejected under 35 U.S.C. 103 as being unpatentable over Sze.

Colak teaches punch through and avalanche protection layer 16 for a DMOS device. To one of ordinary skill it would have been obvious to practice the teachings of Colak in other MOS devices as ordinary fets as shown in Sze. Note figures 3, 51 or 52 of Sze where the source or drain are structurally similar and their function is dependent on the particular voltage applied. Hence, to the artist it would be obvious to apply the

FCS0000178

Serial No. 041,994                    -4-

Art Unit 253


teachings of Colak to symmetrical ordinary fets as shown

in Sze to provide higher voltage operation.

Applicant's arguments filed April 11, 1988 have

been fully considered but they are not deemed to be per-

suasive.

Applicant's argument that Colak does not show a

drain "extending laterally each way" from the drain is

not convincing as shown in the above rejection.

Clearly there is drain material 18 on each side of

pocket 24.

Applicant's amendment necessitated the new grounds
of rejection.  Accordingly, THIS ACTION IS MADE FINAL.
See MPEP 706.07(a).

Applicant is reminded of the extension of time
policy set forth in 37 CFR 1.136(a).  The practice of
automatically extending the shortened statutory period
an additional month upon the filing of a timely first
response to a final rejection has been discontinued by
the Office.  See 1021 TMOG 35.

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS
FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE
OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED
WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL
ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER
THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD,
THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE
DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION
FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM
THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT
WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN
SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to J. Jackson whose telephone number is (703)
557-4824.

Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3311.

J. Jackson:klw

6-15-88

(703) 557-4824

ANDREW J. JAMES
SUPERVISORY PATENT EXAMINER
GROUP ART UNIT 253

FCS0000179

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP-APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 041994 | GROUP ART UNIT 253 | ATTACHMENT TO PAPER NUMBER 4 |
|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) Eklund | | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | | | | | | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

**OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | |
|---|---|
| R | Sze, Physics of Semiconductor Devices, Wiley & Sons N.Y. ©1981 pp 431-438, 486-491 |
| S | |
| T | |
| U | |

| EXAMINER J. Jackson | DATE 6/88 | |

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

FCS0000180