IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION, Defendants.

**REDACTED PUBLIC VERSION**

C.A. No. 04-1371-JJF

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF CLAIMS 17-19 OF U.S. PATENT NO. 6,249,876**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
Telephone: 302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: March 23, 2006

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION. ........ 1

II. BACKGROUND. ........ 1

A. Power Integrations Has Asserted Claims 17-19 Of The '876 Patent........ 1

B. Claim 17 Requires A Specific Method For Generating A Switching Frequency........ 2

III. ANALYSIS........ 2

A. Summary Judgment Of Non-Infringement Is Appropriate........ 2

B. The Accused Fairchild Devices Do Not Generate Primary And Secondary Voltages Before "Combining" These Voltages. ........ 3

1. Claim 17 requires that the "combining" step be performed after the generation of the primary voltage and the secondary voltage. ........ 3

2. The accused Fairchild devices do not "combine" preexisting primary and secondary voltages........ 4

C. The Accused Fairchild Devices Do Not Infringe Under The Doctrine Of Equivalents........ 5

IV. CONCLUSION........ 6

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Barmag Barmer Maschinenfabrik AG* v. *Murata Machinery, Ltd.*,
731 F.2d 831 (Fed. Cir. 1984)....3

*Celotex Corp.* v. *Catrett*,
477 U.S. 317 (1986)....2

*Combined Sys., Inc.* v. *Defense Tech. Corp. of America*,
350 F.3d 1207 (Fed. Cir. 2003)....4

*Festo Corp.* v. *Shoketsu Kinzoku Kogyo Kabushiki Co.*,
535 U.S. 722 (U.S. 2002)....5

*Loral Fairchild Corp.* v. *Sony Electronics Corp.*,
181 F.3d 1313 (Fed. Cir. 1999)....4

*Novartis* v. *Ben Venue Labs*,
271 F.3d 1043 (Fed. Cir. 2001)....3

*Pioneer Magnetics, Inc.* v. *Micro Linear Corp.*,
330 F.3d 1352 (Fed. Cir. 2003)....5

*Wahpeton Canvas Co.* v. *Frontier, Inc.*,
870 F.2d 1546 (Fed. Cir. 1989)....5

## I. INTRODUCTION.

Power Integrations has accused Fairchild's devices of practicing the ***method*** of claims 17-19 of the '876 Patent. That method has three steps – (i) generating a primary voltage, (ii) generating a secondary voltage and (iii) then combining together the previously generated primary and secondary voltages. According to the sequence of claim language, the "combining" step must be performed ***after*** the primary and secondary voltages are generated.

Fairchild does not infringe since it does not initially generate separate primary and secondary voltages that are subsequently combined. In Fairchild devices, there is no time or place in which distinct primary and secondary voltages exist in an uncombined state and accordingly, no step in which such voltages are combined. Thus, none of the accused devices can literally infringe claim 17 or, by extension, claims 18 and 19, which depend from claim 17.

Power Integrations has not alleged that Fairchild's devices infringe the "combining" step under the doctrine of equivalents. Moreover, as a matter of law, Power Integrations cannot allege such infringement since, during prosecution, it amended its claims to add this "combining" limitation in order to avoid prior art cited by the Examiner.

Therefore, Fairchild is entitled to summary judgment that none of its devices infringe claims 17-19 of the '876 Patent.

## II. BACKGROUND.

### A. Power Integrations Has Asserted Claims 17-19 Of The '876 Patent.

Power Integrations accuses 24 Fairchild products of infringing claims 17-19 of the '876 Patent.[1] A copy of the '876 Patent is attached as Exhibit A.[2] Since claims 18 and 19 depend from – and incorporate all of the limitations of – claim 17, if the accused Fairchild devices do not infringe claim 17 they cannot, as a matter of law, infringe claims 18 or 19.

---

[1] FSD200, FSD200B, FSD210, FSD210B, FSD210H, FSD211, FSDL0365RN, FSD500, FSDM0365RN, FSDL0365RNB, FSDH321, FSDL0165RN, FSDM0265RN, FSDH0265RN, FSDL0165RL, FSDM0265RL, FSDH0265RL, FSDL0365RL, FSDM0365RL, FSDM0265RNB, FSDM035RNB, FSCM0565R, FSCM0765R, and FSDL321. Exh. B, Blauschild Report, p. 3.

[2] For the convenience of the Court, Fairchild has highlighted the relevant passages of certain exhibits in yellow. In all such cases, the highlighting has been added by Fairchild and is not part of the original exhibit.

### B. Claim 17 Requires A Specific Method For Generating A Switching Frequency.

Claim 17 requires a specific, three-step method of generating a switching frequency in a power conversion system:

> [i] generating a primary voltage;
>
> [ii] cycling one or more secondary voltage sources to generate a secondary voltage which varies over time; and
>
> [iii] combining the secondary voltage with the primary voltage to be received at a control input of a voltage-controlled oscillator for generating a switching frequency which is varied over time.

'876 Patent, Claim 17. If the accused Fairchild devices do not perform each of these three steps, they cannot infringe as a matter of law.

By its plain terms, claim 17 requires "combining" separate primary and secondary voltages. There can be no dispute that this "combining" step must necessarily occur ***after*** the first two steps (in which the primary and secondary voltages are generated) since this step calls for combining pre-existing two voltages.

There is no genuine dispute that the accused Fairchild devices do not first generate the primary and secondary voltages and then combine those two voltages together. At no point in time do the primary and secondary voltages exist in an uncombined state. Declaration of Paul Horowitz In Support of Defendants' Motion for Summary Judgment of Non-Infringement of Claims 17-19 of U.S. Patent No. 6,249,876 ("Horowitz Decl."), ¶ 2.

## III. ANALYSIS.

### A. Summary Judgment Of Non-Infringement Is Appropriate.

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). The Federal Circuit has emphasized

that "[s]ummary judgment is as appropriate in a patent case as in any other." *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984).

Fairchild is entitled to summary judgment of noninfringement if Fairchild either provides evidence that its accused devices do not infringe or establishes that Power Integrations has not met its burden of proving that the accused devices meet every claim step:

> Since the ultimate burden of proving infringement rests with the patentee, an accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case.

*Novartis v. Ben Venue Labs*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). Fairchild has done both.

Power Integrations cannot refute these material facts and will be unable to meet its burden of showing that there is a genuine issue for trial. *Novartis*, 271 F.3d at 1046 ("Once the movant has made this showing, the burden shifts to the nonmovant to designate specific facts showing that there is a genuine issue for trial."). Based on the evidence produced in this case, a rational finder of fact could come to but one conclusion: none of the accused products infringe claims 17-19 of the '876 Patent. Accordingly, Fairchild is entitled to summary judgment.

B. **<u>The Accused Fairchild Devices Do Not Generate Primary And Secondary Voltages Before "Combining" These Voltages.</u>**

Claim 17 specifically requires "combining" the previously generated "primary voltage" with the previously generated "secondary voltage". There can be no genuine dispute that the accused Fairchild devices do not perform this combining step.

1. **<u>Claim 17 requires that the "combining" step be performed *after* the generation of the primary voltage and the secondary voltage.</u>**

Claim 17 requires three steps: generating a primary voltage, generating a secondary voltage, and "combining the secondary voltage with the primary voltage." Exh. A, claim 17. Since the primary and secondary voltages can only be combined after they are first generated, the "combining" step must necessarily follow the first two step.

Typically, the steps of a process claim can be performed in any order. The exception, however, is where, as here, a process claim's language specifies that steps must be performed in

their written order. Then, the patentee is bound by the logic and grammar of its claims. *Loral Fairchild Corp. v. Sony Electronics Corp.*, 181 F.3d 1313, 1321-22 (Fed. Cir. 1999).

Thus, as a matter of law, the "combining" step must follow the steps of generating the primary and secondary voltage:

> By the literal language of the claim, the edges of the implantation barrier regions [formed in the fourth step] are aligned with the edges of the insulation layer [formed in the third step]; hence, the insulation layer must already be in place in order to align the barrier regions with it during ion implantation.

*Loral*, 181 F.3d at 1321.

2. **The accused Fairchild devices do not "combine" preexisting primary and secondary voltages.**

Quite simply, none of the accused Fairchild devices first generate separate primary and secondary voltages and then subsequently combine these distinct voltages as required by claim 1. Even assuming, as Power Integrations contends, that **REDACTED** **REDACTED** (*see* Exh. B, Blauschild Report, p. 30), there is no point in time where that secondary voltage exists when it is not "combined" with the primary voltage. Horowitz Decl., ¶ 2.

Power Integrations may argue that Fairchild generates a single "combined" voltage. Even if this were true, it does not infringe the "combining" step of claim 17, which separately requires combining two initially separate voltages. *See* '876 Patent, claim 17. As a matter of law, generating a "combined" voltage cannot be found to infringe a method claim step that requires combining two previously generated voltages:

> Plainly as a matter of grammar, the recitation of 'inserting said formed folds... into said projectile compartment' forecloses – at least in the absence of compelling evidence to the contrary in the written description or prosecution history – a construction permitting the 'folds' to be formed after or during insertion of the projectile into the projectile compartment in the shotgun shell.

*Combined Sys.. v. Def. Tech. Corp. of America*, 350 F.3d 1207, 1211-1212 (Fed. Cir. 2003) (emphasis added).

## C. The Accused Fairchild Devices Do Not Infringe Under The Doctrine Of Equivalents.

Power Integrations does not – and cannot – argue that Fairchild infringes the "combining" step under the doctrine of equivalents. As an initial matter, Power Integrations' expert has made clear that Power Integrations is only asserting the doctrine of equivalents with respect to claim 1 of the '876 Patent. *See*, Exh. B, Blauschild Report, p. 33.

Moreover, as a matter of law, prosecution history estoppel bars Power Integrations from arguing that Fairchild infringes the "combining" step under the doctrine of equivalents. During the prosecution of the '876 Patent, the Examiner rejected claim 17 in light of the prior art Albach reference. Exh. C, '876 Pros. History, FCS0000079-80. In response, Power Integrations amended claim 17 to add the "combining" step (*id.*, FCS0000091) and then argued to the Examiner that this additional language overcame the Albach rejection. *Id.*, FCS0000095-96.

Thus, Power Integrations narrowed the literal scope of its claims by amending them to require "combining the secondary voltage with the primary voltage…." *See Pioneer Magnetics, Inc. v. Micro Linear Corp.*, 330 F.3d 1352, 1356 (Fed. Cir. 2003). Power Integrations did so for a substantial reason related to patentability – to overcome the prior art – and thus surrendered all territory between the original claim and the amended claim limitation. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740 (U.S. 2002); *Pioneer*, 330 F.3d at 1356-57. Consequently, Power Integrations cannot now argue that Fairchild infringes the "combining" step under the doctrine of equivalents.

Thus, Fairchild is entitled to summary judgment that it does not infringe claim 17. Since claims 18 and 19 depend from claim 17 – and, thus, incorporate every limitation of that claim – if Fairchild does not infringe claim 17 it cannot, as a matter of law, infringe claims 18 or 19. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989) ("It is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed…").

## IV. CONCLUSION.

For the foregoing reasons, Fairchild respectfully requests that the Court grant summary judgment that the accused Fairchild devices do not infringe claims 17-19 of the '876 Patent.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
Telephone: 302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: March 17, 2006
167761.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2006, the attached **REDACTED PUBLIC VERSION OF OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF CLAIMS 17-19 OF OF U.S. PATENT NO. 6,249,876** was served upon the below-named counsel of record at the address and in the manner indicated:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE 19899

HAND DELIVERY

Frank E. Scherkenbach, Esquire
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

VIA FEDERAL EXPRESS

Michael Kane, Esquire
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402

VIA FEDERAL EXPRESS

Howard G. Pollack, Esquire
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

VIA FEDERAL EXPRESS

Andre G. Bouchard, Esquire
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

HAND DELIVERY

*/s/ Lauren E. Maguire*

Lauren E. Maguire