# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371-JJF |

## PLAINTIFF POWER INTEGRATIONS, INC.'S RESPONSES & OBJECTIONS TO DEFENDANTS FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC.'S AND FAIRCHILD SEMICONDUCTOR CORPORATION'S THIRD SET OF REQUESTS FOR ADMISSION (NOS. 44-50)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Power Integrations, Inc. ("Power Integrations") hereby responds and objects to Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation's (collectively "Fairchild") Third Set of Requests for Admission (Nos. 44-50) served as follows. The responses and objections are made according to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware and are based upon information presently available to Power Integrations. These objections and responses are without prejudice to Power Integrations' right to use or rely on subsequently discovered information.

### GENERAL OBJECTIONS

1. Power Integrations objects to the Requests to the extent that they seek information or documents protected by attorney-client privilege and/or the work product doctrine, information or documents prepared in anticipation of litigation or for trial, not

relevant to the subject matter of this investigation, or not reasonably calculated to lead to the discovery of admissible evidence.

2. Power Integrations objects to the Requests to the extent they use terms or phrases that are not defined or understood; Power Integrations will not speculate as to the meaning ascribed to these terms or phrases.

3. Power Integrations objects to these Requests to the extent they are premature since Fairchild has not yet provided complete discovery in response to Power Integrations' discovery requests. Power Integrations' investigation is ongoing and it reserves the right to amend and supplement its responses to these Requests as appropriate.

4. Power Integrations objects to the Requests to the extent they call for a legal opinion or conclusion.

5. Power Integrations objects to the Definitions, Instructions, and Requests to the extent that they seek information or the identification of documents not within Power Integrations' possession, custody or control, or refer to persons, entities, or events not known to Power Integrations, on the grounds that such Definitions, Instructions, and Requests: (i) seek to require more of Power Integrations than any obligation imposed by law; (ii) subject Power Integrations to unreasonable and undue burden and expense, or (iii) seek to impose upon Power Integrations an obligation to investigate or discover information or materials from third parties or sources which are equally accessible to Fairchild.

6. Power Integrations objects to the Requests to the extent they are premature and request that Power Integrations set forth expert opinions. Power Integrations' investigation is ongoing and it will provide such discovery in accordance with the procedural schedule the Court sets forth in this case.

7. Power Integrations objects to each and every Request to the extent it: (i) is framed in terms that Fairchild has not specifically defined; or (ii) fails to identify with

2

reasonable particularity the information requested. Power Integrations further objects to such Requests on the grounds that they are vague, ambiguous and unduly broad.

8. Power Integrations incorporates by reference the General Objections set forth above into the specific objections and responses set forth below. Power Integrations may repeat a general objection for emphasis or some other reason. The failure to repeat any general objection does not waive any general objection to the interrogatory. Moreover, Power Integrations does not waive its right to amend its objections.

## RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 44:

Admit that Figure 1 of the '851 Patent shows a known power supply utilizing a pulse width modulated switch, and external soft start, and frequency jitter functionality.

### RESPONSE TO REQUEST FOR ADMISSION NO. 44:

Power Integrations objects to this Request as vague and ambiguous with respect to the terms "soft start" and "frequency jitter functionality," particularly as the Court has yet to construe the terms of the various asserted claims of the patents-in-suit. Subject to these objections and its general objections, Power Integrations responds as follows:

Denied. U.S. Patent No. 6,107,851 ("the '851 patent") speaks for itself. Power Integrations notes, however, that the specification of the '851 patent refers to "a known power supply" (Col. 2:27) and a "pulse width modulated switch 90" (Col. 2: 44, 3:10-11, 3:16-17) in connection with the discussion of Figure 1. Power Integrations further notes that the '851 patent states in the brief description of the drawings that "FIG. 1 is a known power supply utilizing a pulse width modulated switch, and external soft start, and frequency jitter functionality."

3

REQUEST FOR ADMISSION NO. 45:

Admit that Figure 1 of the '851 Patent shows a first terminal 95, a second terminal COM, a switch/drive circuit 90 and a frequency variation circuit 140 as recited in claim 1 of the '851 Patent.

RESPONSE TO REQUEST FOR ADMISSION NO. 45:

Power Integrations objects to this Request as vague and ambiguous with respect to the terms "switch/drive circuit" and "frequency variation circuit," particularly as the Court has yet to construe the terms of the various asserted claims of the patents-in-suit. Subject to these objections and its general objections, Power Integrations responds as follows:

Denied. The '851 patent speaks for itself. Power Integrations notes, however, that the specification of the '851 patent refers to "drain terminal 95 and common terminal 100" (Col. 2:46-47) in connection with the discussion of Figure 1.

REQUEST FOR ADMISSION NO. 46:

Admit that datasheets describing Power Integrations' SMP211 were publicly available before May 18, 1997.

RESPONSE TO REQUEST FOR ADMISSION NO. 46:

Power Integrations objects to this Request as vague and ambiguous with respect to time and the terms "publicly available" and "Power Integrations' SMP211," as that product (and any accompanying datasheets) had different incarnations at different times. Power Integrations further objects to this Request to the extent it calls for information regarding any documents not produced by Power Integrations but which may have discussed Power Integrations' SMP211 product, as such information is beyond Power Integrations' control. Subject to these objections and its general objections, Power Integrations responds as follows:

Power Integrations admits that some version of an SMP211 datasheet was publicly available prior to May 18, 1997.

4

REQUEST FOR ADMISSION NO. 47:

Admit that Power Integrations' SMP211 includes an oscillator for generating a maximum duty cycle signal.

RESPONSE TO REQUEST FOR ADMISSION NO. 47:

Power Integrations objects to this Request as vague and ambiguous with respect to the term "maximum duty cycle signal," particularly as the Court has yet to construe the terms of the various asserted claims of the patents-in-suit. Subject to these objections and its general objections, Power Integrations responds as follows:

Admitted.

REQUEST FOR ADMISSION NO. 48:

Admit that as used in the circuit shown in Figure 1 of the '851 Patent, Power Integrations' SMP211 includes an oscillator for generating a signal with a frequency range dependant on a frequency variation circuit.

RESPONSE TO REQUEST FOR ADMISSION NO. 48:

Power Integrations objects to this Request as vague and ambiguous with respect to the terms "signal with a frequency range" and "frequency variation circuit," particularly as the Court has yet to construe the terms of the various asserted claims of the patents-in-suit. Subject to these objections and its general objections, Power Integrations responds as follows:

Denied.

REQUEST FOR ADMISSION NO. 49:

Admit that as used in the circuit shown in Figure 1 of the '851 Patent, Power Integrations' SMP211 includes an oscillator that provides a maximum duty cycle signal and an oscillation signal having frequency range that is varied according to a frequency variation signal.

5

RESPONSE TO REQUEST FOR ADMISSION NO. 49:

Power Integrations objects to this Request as vague and ambiguous with respect to the terms "maximum duty cycle signal," "oscillation signal with a frequency range," and "frequency variation signal," particularly as the Court has yet to construe the terms of the various asserted claims of the patents-in-suit. Subject to these objections and its general objections, Power Integrations responds as follows:

Denied.

REQUEST FOR ADMISSION NO. 50:

Admit that the circuit and devices illustrated in Figure 1 of the '851 Patent is prior art to the '851 Patent.

RESPONSE TO REQUEST FOR ADMISSION NO. 50:

Power Integrations objects to this Request as vague and ambiguous with respect to the terms "circuit and devices illustrated in Figure 1 of the '851 patent." Subject to these objections and its general objections, Power Integrations responds as follows:

Denied. The '851 patent speaks for itself. Power Integrations notes, however, that Figure 1 of the '851 patent bears a label that reads "(PRIOR ART)."

Dated: September 30, 2005   FISH & RICHARDSON P.C.

By: _____
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Gina M. Steele
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50298644.doc

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2005, a true and correct copy of the **PLAINTIFF POWER INTEGRATIONS, INC.'S RESPONSES & OBJECTIONS TO DEFENDANTS FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC.'S AND FAIRCHILD SEMICONDUCTOR CORPORATION'S THIRD SET OF REQUESTS FOR ADMISSION (NOS. 44-50)** was caused to be served on the attorneys of record at the following addresses as indicated:

Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899
Fax: (302) 654-2067

**BY FACSIMILE AND U.S. MAIL**

Bas de Blank
Duo Chen
Orrick, Herrington, Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Fax: (650) 614-7401

**BY FACSIMILE AND U.S. MAIL**

Michael R. Headley

50298644.doc

1