# EXHIBIT O

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371 |

**DEFENDANTS FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND FAIRCHILD SEMICONDUCTOR CORPORATION'S**

**SECOND NOTICE OF DEPOSITION PURSUANT TO FRCP 30(b)(6)**

TO: POWER INTEGRATIONS, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") will take the deposition of Power Integrations, Inc. ("Power Integrations") on the topics set forth in Attachment A at the offices of Orrick, Herrington & Sutcliffe at 1000 Marsh Road, Menlo Park, California 94025, commencing at 9:00 a.m. on September 28, 2005. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Power Integrations shall produce one or more officers, directors, managing agents, or other designated persons to testify on its behalf as to the topics set forth in Attachment A attached hereto. The deposition will be taken before a duly qualified notary public or other officer authorized by law to administer oaths, and will continue for one day. The deposition may be recorded stenographically and by video, as well as by instant visual display of testimony using LiveNote software.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being

served is shown on the accompanying proof of service.

## DEFINITIONS AND INSTRUCTIONS

A. "Power Integrations," "you" and "your" means or refers to Power Integrations, Inc., including without limitation its agents, representatives, employee staff members, and consultants; or any affiliate of any of the aforementioned; or any predecessor, assignee, or successor in interest of any of the aforementioned; or any joint ventures; or any person acting on behalf of or purporting to act on behalf of any of the aforementioned.

B. "Fairchild" means Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp.

A. "Power Integrations Patents" as used herein refers to U.S. Patent No. 4,811,075 (the "'075 Patent"), U.S. Patent No. 6,107,851, (the "'851 Patent"), U.S. Patent No. 6,229,366 (the "'366 Patent"), and U.S. Patent No. 6,249,876 (the "'876 Patent"), and all applications, continuations, continuations-in-part, divisionals, reexaminations, or reissues thereof and all foreign applications and patents which claim priority to any of the above.

C. "Any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all information, documents or things that might otherwise be construed to be outside its scope.

Dated: August 9, 2005

OF COUNSEL:

*Bas de Blank* (signature)

ORRICK, HERRINGTON & SUTCLIFFE LLP
G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400

ASHBY & GEDDES

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and FAIRCHILD
SEMICONDUCTOR CORPORATION

## ATTACHMENT A

1. An identification of Power Integrations' parents, subsidiaries, divisions, and other operations, the relationship between such entities, and Power Integrations' ability to gather documents from its parents, subsidiaries, divisions, and any other operations.

2. Power Integrations efforts to gather documents and information in response to Fairchild's discovery requests, including any search for responsive electronic documents.

3. Communications between Power Integrations and any third party concerning Fairchild, the Power Integrations Patents, or this litigation.

4. Communications between Power Integrations and its customers or potential customers concerning Fairchild, the Power Integrations Patents, or this litigation.