# EXHIBIT R

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371-JJF |

**PLAINTIFF POWER INTEGRATIONS, INC.'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES NOS. 1-28**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure,. Plaintiff Power Integrations, Inc. ("Power Integrations") hereby responds and objects to Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively "Fairchild") First Set of Interrogatories (Nos. 1-28) served as follows. The responses and objections are made according to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware and are based upon information presently available to Plaintiffs. These responses and objections are without prejudice to Plaintiffs' right to use or rely on subsequently discovered information.

**GENERAL OBJECTIONS**

1. Power Integrations objects to the Interrogatories to the extent that they seek information or documents protected by attorney-client privilege and/or the work product doctrine, information or documents prepared in anticipation of litigation or for

1

trial, not relevant to the subject matter of this investigation, or not reasonably calculated to lead to the discovery of admissible evidence.

2.  Power Integrations objects to the Interrogatories to the extent each interrogatory includes subparts that should be propounded, numbered or counted as another interrogatory in accordance with Rule 33.

3.  Power Integrations objects to the Interrogatories to the extent that they use terms or phrases that are not defined or understood; Power Integrations will not speculate as to the meaning ascribed to these terms or phrases.

4.  Power Integrations objects to these Interrogatories to the extent that they are premature since Fairchild has not yet provided complete discovery in response to Power Integration's first set of discovery requests. Power Integration's investigation is ongoing and it reserves the right to amend and supplement its responses to these Interrogatories as appropriate.

5.  Power Integrations objects to the Interrogatories to the extent they call for a legal opinion or conclusion.

6.  Power Integrations objects to the Definitions, Instructions, and Interrogatories to the extent they seek information or the identification of documents not within Power Integration's possession, custody or control, or refer to persons, entities, or events not known to Power Integrations, on the grounds that such Definitions, Instructions, and Interrogatories: (1) seek to require more of Power Integrations than any obligation imposed by law; (2) subject Power Integrations to unreasonable and undue burden and expense, and; (3) seek to impose upon Power Integrations an obligation to investigate or discover information or materials from third parties or sources which are equally accessible to Fairchild.

7.  Power Integrations objects to the Interrogatories to the extent that they seek identification of "all" information that refer or relate to a particular subject on the grounds of over breadth, undue burden and expense. Power Integrations made a

2

reasonable search for information relevant to the subject matter of the Interrogatories. If any additional, non-privileged, non-immune, relevant information is discovered in the course of any further or continuing searches, it will be identified and/or produced in accordance with Rule 26(e).

8. Power Integrations objects to the Interrogatories to the extent that they are premature and request that Power Integrations set forth its contention discovery and expert opinions. Power Integration's investigation is ongoing and it will provide such discovery in accordance with the procedural schedule the Court sets forth in this case.

9. Power Integrations objects to each and every Interrogatory to the extent that it: (i) is framed in terms that Fairchild has not specifically defined; or (ii) fails to identify with reasonable particularity the information requested. Power Integrations objects to such Interrogatories on the grounds that they are vague, ambiguous and unduly broad.

10. Power Integrations objects to the various definitions of "identify" and to the requirements for identification of information withheld on the basis of privilege on the basis that these are vague, ambiguous, overbroad, and unduly burdensome. They are unreasonable and would require Power Integrations to exceed the requirements under the Federal Rules of Civil Procedure and the local Rules.

11. Power Integrations reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to the Interrogatories but discovered subsequent to the date of its response, including, but not limited to, any such information or documents obtained in discovery herein.

12. Power Integrations incorporates by reference the general objections set forth above into the specific objections and responses set forth below. Power Integrations may repeat a general objection for emphasis or some other reason. The failure to repeat any general objection does not waive any general objection to the interrogatory. Moreover, Power Integrations does not waive its right to amend its objections.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

For each asserted claim of the Power Integrations Patents, identify the accused Fairchild product or products and state, on an element by element basis, how each accused product or products allegedly meets each element of each asserted claim.

RESPONSE TO INTERROGATORY NO. 1:

Power Integrations objects to this request on the grounds that it prematurely seeks Power Integrations' legal contentions. Power Integration's investigation in this matter is ongoing and its response is based on its current knowledge.

Subject to and without waiving the foregoing and general objections, which are incorporated by reference, Power Integrations identifies the accused Fairchild products as follows: At least the following Fairchild products infringe one or more claims of the '851 patent: FSD200; FSD200B; FSD201; FSD210; FSD210B; FSD211; FSDL0165RN; FSDH0265RN; FSDH0265RNB; FSDH321; FSDL312; FSDL0365RN; FSDL0365RNB; FSDM0365RNB; FSCM0565R; and FSCM0765R. At least the following Fairchild products infringe one or more claims of the '876 patent: FSD200; FSD200B; FSD201; FSD210; FSD210B; FSD211; FSDL0165RN; FSDH0265RN; FSDH0265RNB; FSDH321; FSDL312; FSDL0365RN; FSDL0365RNB; FSDM0365RNB; FSCM0565R and FSCM0765R. At least the following Fairchild products infringe one or more claims of the '366 patent: FSD200; FSD200B; FSD201; FSD210; FSD210B; FSD211; FSDL0165RN; FSDH0265RN; FSDH0265RNB; FSDH321; FSDL312; FSDL0365RN; FSDL0365RNB; FSDM0365RNB; FSDM0565RB; FSDM07652RB; FSDM311; FSD1000; FSCM0565R; FSCM0765R; FSCQ0765RT; FSCQ1265RT; FSCQ1565RP and FSCQ1565RT. At least the following Fairchild products infringe one or more claims of the '075 patent: FSD200; FSD200B; FSD210; FSD210B; FSDM311; FSDH565; FSDH0165; FSDH0165D; FSDH0165RN; FSDH321; FSDL321; FSDL312;

FSDL0165R; FSDM0265R; FSDH0265R; FSDL0365; FSDM0365; FSDM065RNB; FSD1000 and FSD1000. Power Integrations has further identified, for representative Fairchild products, how they meet the limitations of representative claims of the patents-in-suit in the claim charts attached as Exhibit A. Power Integrations current response is based on publicly available information and it expects to supplement this response once it has received discovery of information solely in Fairchild's possession concerning Fairchild's PWM integrated circuit devices.

INTERROGATORY NO. 2:

For each asserted claim of the Power Integrations Patents that Power Integrations contends Fairchild induced or contributed to the infringement of others, identify the specific direct infringer or infringers and, for each, state on an element by element basis how that direct infringer allegedly practices every element of each asserted claim.

RESPONSE TO INTERROGATORY NO. 2:

Power Integrations objects to this interrogatory as overly broad and unduly burdensome. Power Integrations further objects to this interrogatory because it prematurely seeks contention discovery and expert opinion. Power Integrations will abide by the procedural schedule the Court sets forth in this litigation. Moreover, Power Integrations' investigation is ongoing and it reserves the right to supplement its response to this interrogatory as appropriate, and when Fairchild has fully responded to Power Integrations' outstanding discovery requests.

Subject to and without waiving the foregoing and general objections, Power Integrations responds as follows: Fairchild has induced infringement of the patents-in-suit by encouraging and instructing others to perform activities that infringe the patents-in-suit, including using the accused Fairchild devices and incorporating them into other

products imported, used, offered for sale and sold in the U.S. and Fairchild has so encouraged and instructed with the intent to cause others to perform those acts. For example, Power Integrations is presently aware that Fairchild has sold accused products to Dong Yang, Echostar, American Power Conversion (APC), LG, and Liteon knowing that they would be incorporated into other devices which have been imported, used, offered for sale and sold in the U.S. Furthermore, Fairchild personnel know additional information regarding the accused products, such as the sales and marketing of the accused products, to others and the uses for which the accused products are to be put including their intended geographical market. As to an element-by-element analysis, Power Integrations incorporates its response to Interrogatory No. 1. Lastly, Power Integrations' investigation is ongoing and it reserves the right to amend and supplement its response to this interrogatory as appropriate based on further discovery and analysis.

INTERROGATORY NO. 3:

For each asserted claim of the Power Integrations Patents that Power Integrations contends Fairchild induced or contributed to the infringement of others, identify with particularity the specific acts by which Fairchild allegedly induced or contributed to the infringement of others.

RESPONSE TO INTERROGATORY NO. 3:

Power Integrations objects to this interrogatory as overly broad and unduly burdensome. Power Integrations further objects to this interrogatory because it prematurely seeks contention discovery and expert opinion. Power Integrations will abide by the procedural schedule the Court sets forth in this litigation. Moreover, Power Integrations' investigation is ongoing and it reserves the right to supplement its response

6

manufacturing process, business risks, or significant features or improvements added by Fairchild, and (xi) any evidence or factor of what would be considered relevant by Power Integrations to the hypothetical negotiation of a license to the asserted claims of the Power Integrations Patents.

RESPONSE TO INTERROGATORY NO. 27:

Power Integrations objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Power Integrations further objects to this request to the extent that it prematurely seeks information that will be the subject of expert testimony. Subject to its general and specific objections, Power Integrations will produce pursuant to Rule 33(d) documents in it possession that it locates after a reasonable search that could arguably be responsive to this request.

INTERROGATORY NO. 28:

Separately for each interrogatory to which Power Integrations has responded in whole or in part, identify the source of such response including, but not limited to, each person who provided or helped provide the answer or any information concerning the answer to that interrogatory including, but not limited to, providing the home and work address for each such person, their official job title, and their responsibilities and any documents relied upon.

RESPONSE TO INTERROGATORY NO. 28:

Power Integrations objects to this request to the extent it seeks information that is protected by the attorney client privilege, the work product doctrine, or another applicable privilege. Subject to its general and specific objections Power Integrations answers that the information was obtained from individuals identified in its Rule 26 statement and the documents identified and to be produced in accordance with the Federal Rules of Civil Procedure.

27

Dated: February 23, 2005

FISH & RICHARDSON P.C., P.A.

By: _____
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Michael Kane
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Howard G. Pollack
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2005, a true and correct copy of the **PLAINTIFF POWER INTEGRATIONS, INC.'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES NOS. 1-28** was caused to be served on the attorneys of record at the following addresses as indicated:

Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

**BY FEDERAL EXPRESS**

Bas de Blank
Duo Chen
Orrick, Herrington, Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BY HAND-DELIVERY**

LisaMarie Hernandez

60273549.2.doc

1