# EXHIBIT U

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,               )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )        Civil Action No. 04-1371-JJF
                                        )
FAIRCHILD SEMICONDUCTOR                 )
INTERNATIONAL, INC., and FAIRCHILD      )
SEMICONDUCTOR CORPORATION               )
                                        )
        Defendants.                     )

## DECLARATION OF LIONEL M. LAVENUE

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*

Andrew C. Sonu
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
Telephone:  (571) 203-2700
Facsimile:  (202) 408-4400
andrew.sonu@finnegan.com
lionel.lavenue@finnegan.com

*Attorneys for LG Electronics U.S.A., Inc.*

Dated:  November 11, 2005

I, Lionel M. Lavenue, declare as follows:

I am an attorney and a partner of Finnegan, Henderson, Farabow, Garrettt, & Dunner, L.L.P., counsel for non-party LG Electronics U.S.A., Inc. ( "LGE-USA") for the purpose of responding to the subpoena received from Power Integrations, Inc. ("Power Integrations") in the above-identified action. I submit this declaration in support of LG Electronics U.S.A. Inc.'s Combined (i) Objections to Subpoena Duces Tucem and (ii) Motion to Quash Subpoena Ad Testificandum and for a Protective Order. The statements made herein are based upon my personal knowledge, and if called on as a witness, I would testify as to the following statements:

1.    On September 13, 2005 Power Integrations served a Subpoena Duces Tucem and Subpoena Ad Testificandum (collectively "the subpoena") on LGE-USA. The subpoena demanded the production of documents and things on Friday, September 23, 2005, and the subpoena further demanded a deposition of LG on Monday, September 26, 2005.

2.    Attached hereto as Exhibit A is a true and correct copy of the subpoena received from Power Integrations on September 13, 2005.

3.    On Thursday, September 22, 2005, I contacted Mr. John M. Seaman, counsel for Power Integrations. I informed Mr. Seaman that LGE-USA had no documents or information responsive to the subpoena. Also, as a deposition would be useless and therefore unnecessary, I asked Mr. Seaman whether his client would withdraw the subpoena given the circumstances.

4.    Furthermore, in order for the parties to negotiate the issues regarding the subpoena, LGE-USA and Power Integrations stipulated to an extension of time for LGE-

USA to respond to the subpoena. The stipulation provided an extension until Friday, September 30, 2005.

5. Attached hereto as Exhibit B is a true and correct copy of the Stipulation to Extend Time, filed on September 22, 2005, Docket Item 112.

6. On Tuesday, September 27, 2005, I received a letter from Mr. Seaman, indicating that Power Integrations did not intend to withdraw the subpoena. Further, citing *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 132 (D. Del. 1986), Mr. Seaman contended: "[W]e do not accept the premise that responsive information in the possession of a corporate parent is outside the possession, custody or control of the subsidiary." Mr. Seaman also contended: "[W]hether the information requested is located in the United States or Korea, LG has an obligation to search for and produce documents responsive to plaintiff's ... subpoena." Finally, Mr. Seaman made the following <u>correct</u> statement, "you believed that LG's United States entities do not have the information plaintiff seeks," and Mr. Seaman also made the following <u>erroneous</u> statement, "but that the information is in the possession of LG's parent in Korea." During my conversations with Mr. Seaman, I merely explained that LGE-USA did not have any information responsive to the subpoena, particularly as the majority of consumer electronic products sold by LGE-USA in the United States are manufactured in Korea. I did not make any representations regarding what information may or may not be available to LG Electronics, Inc. of Korea ("LGE-Korea"), the foreign parent of LGE-USA.

7. Attached hereto as Exhibit C is a true and correct copy of the letter received from Mr. Seaman on September 27, 2005.

8. On Wednesday, September 28, 2005, I contacted Mr. Seaman and explained that, if he wanted LGE-USA to consider the issues raised in his September 27, 2005 letter, LGE-USA would need additional time. Mr. Seaman agreed, and on Friday, September 30, 2005, LGE-USA and Power Integrations stipulated to a further extension of time for LGE-USA to

respond to the subpoena. This second stipulation provided an extension until Friday, October 14, 2005.

9. Attached hereto as Exhibit D is a true and correct copy of the Stipulation to Extend Time, filed on September 30, 2005, Docket Item 114.

10. On Wednesday, October 5, 2005, I contacted Mr. Seaman again regarding his September 27, 2005 letter. In particular, I sent Mr. Seaman a letter, explaining that the contentions made in his September 27, 2005 letter were incorrect for at least the following reasons: (1) LGE-USA and LGE-Korea are separate and independent legal entities; (2) LGE-USA does not have control over LGE-Korea, particularly as a subsidiary; and (3) LGE-USA does not have possession, custody, or control of the documents or information available to LGE-Korea. I further explained that unless Mr. Seaman had a basis to challenge these points, LGE-USA had no duty to investigate either the documents or information of LGE-Korea. Furthermore, as for Mr. Seaman's citation of *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 132 (D. Del. 1986), I noted that this case dealt with a party subsidiary, not a non-party (i.e., an entity that is not party to the litigation). Indeed, citing *PCI Parfums et Cosmetiques Int'l v. Perfumania*, Case No. 93 Civ. 9009, 1998 WL 646635, at *3 (S.D.N.Y. Sept. 21, 1998) and *Pennwalt Corporation v. Plough, Inc.*, 85 F.R.D. 257, 263 (D. Del. 1979), I noted that absent an extraordinary showing that the non-party subsidiary and non-party parent had "respective business operations ... so intertwined as to render meaningless their corporate identities," courts generally find that a subpoena on a non-party subsidiary does not impose obligations on the non-party parent of that non-party subsidiary. Further, because a subsidiary is not "in control" of a parent, citing *Novartis Pharmaceuticals Corp. v. Eon Labs Manufacturing, Inc.*, 206 F.R.D. 392, 395 (D. Del. 2002) (citation omitted), I further noted that courts also rarely impose obligations on a subsidiary for documents or information in the custody, control, or possession of the parent, again "unless the respective business operations of each entity 'are so intertwined as to render meaningless their separate

4

corporate identities.'"  As there is no evidence that LGE-USA and LG-Korea have "meaningless corporate identities," I explained that there was simply no basis for Power Integrations to contend that a subpoena of LGE-USA imposed obligations on LGE-Korea.

11. Attached hereto as Exhibit E is a true and correct copy of the letter that I sent to Mr. Seaman on October 5, 2005.

12. On Wednesday, October 12, 2005, I received another letter from Mr. Seaman, again indicating that Power Integrations did not intend to withdraw the subpoena.  In the letter, Mr. Seaman did not address the arguments or case law cited in my October 5, 2005 letter.  Specifically, Mr. Seaman did not address what obligations are imposed by a subpoena on a non-party subsidiary to search for documents from a non-party foreign parent.  Further, Mr. Seaman did not contend that the respective business operations of LGE-USA and LGE-Korea "are so intertwined as to render meaningless their separate corporate identities."  Instead, Mr. Seaman only offered to limit the scope of the document requests but refused to withdraw the deposition subpoena.  Importantly, Mr. Seaman's letter also made no distinction between LGE-USA and LGE-Korea, referring only to "LG."  The letter then concluded:  "[I]t appears as though we have reached an impasse and will need to resolve this issue by motion."

13. Attached hereto as Exhibit F is a true and correct copy of the letter that I received from Mr. Seaman on October 12, 2005.

14. Also on Wednesday, October 12, 2005, the parties agreed to further extend LGE-USA's deadline to object to the subpoena so as to permit the parties time to fully explore the legal issues being raised and whether a basis could be found to resolve the dispute amicably without need to involve the Court.  On Friday, October 14, 2005, LGE-USA and Power Integrations therefore filed a stipulated order proposing that further extension to November 11, 2005.

15. Attached hereto as Exhibit G is a true and correct copy of the Stipulation to Extend Time, filed on October 14, 2005, Docket Item 116.

16. Following Mr. Seaman's October 12, 2005 letter, LGE-USA again reviewed the subpoena, and LGE-USA again concluded that LGE-USA has no documents or information responsive thereto. Accordingly, a deposition of LGE-USA would be entirely unnecessary.

17. On Tuesday, November 8, 2005, I contacted Mr. Seaman and again explained that LGE-USA was conducting another review for documents or information responsive to the subpoena. I asked Mr. Seaman to confirm that the 43 integrated circuits listed in the subpoena contained the universe of circuits that were requested by Power Integrations.

18. On Wednesday, November 9, 2005, Mr. Seaman returned my call and confirmed that the 43 integrated circuits listed in the subpoena contained the universe of circuits that were requested by Power Integrations. With that, I again confirmed that LGE-USA had no documents or information responsive to the subpoena. I also provided a summary of the information that the General Counsel of LGE-USA had prepared in a declaration to evidence the fact that LGE-USA had no documents or information responsive to the subpoena. I offered to send a copy of the declaration to Mr. Seaman, if Power Integrations would withdraw its Subpoena. On Thursday, November 10, 2005, Mr. Seaman informed me that Power Integrations would not withdraw the subpoena, irrespective of any declarations.

19. The civil docket in this case indicates that LGE-USA is but one of several non-parties who have received subpoenas from Power Integrations. The civil docket indicates that Power Integrations has served subpoenas on Leader's Instrument Corporation, HiPro Electronics Corporation, and General Electric Company. Moreover, on information and belief, Power Integrations has also served subpoenas on TDK Electronics Corporation and Motorola Corporation.

20. Attached hereto as Exhibit H is a true and correct copy of the decision in *Goh v. Baldor Electric Co.*, No. 3:98-MC-064-T,1999 WL 20943 (N.D. Tex. Jan. 13, 1999).

6

21. Attached hereto as Exhibit I is a true and correct copy of the decision in *Hunter Douglas Inc. v. Comfortex Corp.*, No. M8-85, 1999 U.S. Dist. Lexis 101, at *9 (S.D.N.Y. Jan. 11. 1999).

22. Attached hereto as Exhibit J is a true and correct copy of the decision in *PCI Parfums et Cosmetiques International v. Perfumania*, 93 Civ. 9009, 1998 WL 646635, at *3 (S.D.N.Y. Sept. 21, 1998).


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this ⎯11⎯ th day of November 2005, at Reston, Virginia.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Lionel M. Lavenue

## CERTIFICATE OF SERVICE

I hereby certify that on the 11[h] day of November, 2005, the attached **DECLARATION**

**OF LIONEL M. LAVENUE** was served upon the below-named counsel of record at the

address and in the manner indicated:

William J. Marsden, Jr., Esquire       HAND DELIVERY
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19899

Frank E. Scherkenbach, Esquire      VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Michael Kane, Esquire       VIA FEDERAL EXPRESS
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402

Howard G. Pollack, Esquire      VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Andre G. Bouchard, Esquire      HAND DELIVERY
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

Bas de Blank, Esquire       VIA FEDERAL EXPRESS
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

161970.1