# EXHIBIT V

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

## NOTICE OF DEPOSITION & SERVICE OF SUBPOENA

TO: **VIA FACSIMILE & U.S. MAIL**
Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

**VIA FACSIMILE & U.S. MAIL**
G. Hopkins Guy, III
Bas de Blank
Duo Chen
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025

**PLEASE TAKE NOTICE** that on the 10th day of August, Plaintiff Power

Integrations, Inc. initiated service of the attached subpoena upon **Dell Inc.**, 1 Dell Way,

Round Rock, TX 78682-2222 c/o Corporation Service Company, 2711 Centerville Road,

Suite 400, Wilmington, DE 19808.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to stipulation, Plaintiff

Power Integrations, Inc., by its counsel, will take the deposition of **Dell Inc.**, on Monday,

September 12, 2005, at 9:30 a.m., at Fish & Richardson P.C., One Congress Plaza, 111

Congress Avenue, 4th Floor, Austin, TX 78701.

The deposition of **Dell Inc.** will continue from day to day, if necessary, until

completed. The deposition will be taken before a notary public or other officer

authorized by law to administer oaths. All of the deposition testimony will be recorded
by stenographic, audio, and/or audiovisual means.


Dated: August 10, 2005                    FISH & RICHARDSON P.C.


                                          By: _____
                                          William J. Marsden, Jr. (#2247)
                                          Sean P. Hayes (#4413)
                                          919 N. Market Street, Suite 1100
                                          P.O. Box 1114
                                          Wilmington, DE 19899-1114
                                          Telephone: (302) 652-5070
                                          Facsimile: (302) 652-0607

                                          Frank E. Scherkenbach
                                          225 Franklin Street
                                          Boston, Massachusetts 02110-2804
                                          Telephone: (617) 542-5070
                                          Facsimile: (617) 542-8906

                                          Howard G. Pollack
                                          Gina M. Steele
                                          Michael R. Headley
                                          500 Arguello Street, Suite 500
                                          Redwood City, California 94063
                                          Telephone: (650) 839-5070
                                          Facsimile: (650) 839-5071

                                          Attorneys for Plaintiff
                                          POWER INTEGRATIONS, INC.


50293180.doc

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August 2005, a true and correct copy of

the attached **NOTICE OF DEPOSITION & SERVICE OF SUBPOENA TO DELL**

**INC.** was caused to be served on the attorneys of record at the following addresses as

indicated:

**VIA FACSIMILE & U.S. MAIL**
Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

Attorneys for Defendant-
Counterclaimant
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

**VIA FACSIMILE & U.S. MAIL**
G. Hopkins Guy, III
Bas de Blank
Duo Chen
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

50293180.doc

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a Delaware
corporation,

**SUBPOENA IN A CIVIL CASE**

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL,
INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION, a
Delaware corporation,

Case Number:[1]  C.A. No. 04-1371

TO: DELL INC., 1 Dell Way, Round Rock, TX 78682-2222 c/o Corporation Service
    Company, 2711 Centerville Road, Suite 400, Wilmington, DE   19808

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
    the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| FISH & RICHARDSON P.C., One Congress Plaza, 111 Congress Ave., 4th Fl, Austin, TX  78701 (See Ex. A attached) | 9/12/05 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):
See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| FISH & RICHARDSON P.C., 500 Arguello Street, Suite 500, Redwood City, CA  94063 | 8/23/05 12:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff POWER INTEGRATIONS, INC. | August 10, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Sean P. Hayes (#4413), FISH & RICHARDSON P.C., 919 N. Market Street, Ste 1100,
Wilmington, DE  19899-1114 Tel:(302) 652-5070/Fax: (302) 652-0607

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A
## TO DELL SUBPOENA

## DEFINITIONS

1.  "Dell" means Dell, Inc., and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of Dell.

2.  "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3.  "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4.  "You" and "Your" means or refers to Dell.

5.  "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6.  "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Dell's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7.  "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8. "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9. "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## TOPICS FOR EXAMINATION

1. The types and identities of Dell products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Dell.

2. The use of Fairchild PWM controllers in Dell products, including but not limited to the products identified in response to Request No. 1.

3. The unit volume of importation into the United States and unit volume of sales within the United States of the Dell products identified in response to Request No. 1.

4. The contents, origin, development, maintenance and authentication of any documents produced by Dell in response to Power Integrations' subpoena duces tecum in this investigation.

5. Communications between Dell and Fairchild or any of its sales agents, resellers or distributors.

## DOCUMENTS REQUESTED

1. Documents sufficient to show the identity of Dell products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Dell.

2. Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in Dell products, including but not limited to the products you identified in response to Request No. 1.

3. Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the Dell products identified in response to Request No. 1.

4. One representative sample of each of the Dell products identified in response to Request No. 1.

5. Documents reflecting or discussing communications between Dell and Fairchild or any of its sales agents, resellers or distributors.

50293127.doc

## ATTACHMENT A
## TO MOTOROLA SUBPOENA

### DEFINITIONS

1. "Motorola" means Motorola, Inc., and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of Motorola, including but not limited to Motorola Communications and Electronics, Inc.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "You" and "Your" means or refers to Motorola.

5. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Motorola's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8. "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9. "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## TOPICS FOR EXAMINATION

1. The types and identities of Motorola products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Motorola.

2. The use of Fairchild PWM controllers in Motorola products, including but not limited to the products identified in response to Request No. 1.

3. The unit volume of importation into the United States and unit volume of sales within the United States of the Motorola products identified in response to Request No. 1.

4. The contents, origin, development, maintenance and authentication of any documents produced by Motorola in response to Power Integrations' subpoena duces tecum in this investigation.

5. Communications between Motorola and Fairchild or any of its sales agents, resellers or distributors.

## DOCUMENTS REQUESTED

1. Documents sufficient to show the identity of Motorola products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Motorola.

2. Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in Motorola products, including but not limited to the products you identified in response to Request No. 1.

3. Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the Motorola products identified in response to Request No. 1.

4. One representative sample of each of the Motorola products identified in response to Request No. 1.

5. Documents reflecting or discussing communications between Motorola and Fairchild or any of its sales agents, resellers or distributors.

50293129.doc

# ATTACHMENT A
# TO SALOM SUBPOENA

## DEFINITIONS

1. "Salom" means Salom Technologies, Inc., and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of Salom.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "You" and "Your" means or refers to Salom.

5. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Salom's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8. "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9. "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## TOPICS FOR EXAMINATION

1. The types and identities of Salom products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Salom.

2. The use of Fairchild PWM controllers in Salom products, including but not limited to the products identified in response to Request No. 1.

3. The unit volume of importation into the United States and unit volume of sales within the United States of the Salom products identified in response to Request No. 1.

4. The contents, origin, development, maintenance and authentication of any documents produced by Salom in response to Power Integrations' subpoena duces tecum in this investigation.

5. Communications between Salom and Fairchild or any of its sales agents, resellers or distributors.

## DOCUMENTS REQUESTED

1. Documents sufficient to show the identity of Salom products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Salom.

2. Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in Salom products, including but not limited to the products you identified in response to Request No. 1.

3. Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the Salom products identified in response to Request No. 1.

4. One representative sample of each of the Salom products identified in response to Request No. 1.

5. Documents reflecting or discussing communications between Salom and Fairchild or any of its sales agents, resellers or distributors.

50293130.doc

# ATTACHMENT A
## TO SAMSUNG SUBPOENA

## DEFINITIONS

1. "Samsung" means Samsung International Inc., and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of Samsung, including, but not limited to, Samsung Electronics America, Inc., Samsung Entertainment America Inc., Samsung Networks America, Inc., and Samsung Systems, Inc.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "You" and "Your" means or refers to Samsung.

5. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Samsung's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing,

describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8.  "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9.  "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## TOPICS FOR EXAMINATION

1.  The types and identities of Samsung products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Samsung.

2.  The use of Fairchild PWM controllers in Samsung products, including but not limited to the products identified in response to Request No. 1.

3.  The unit volume of importation into the United States and unit volume of sales within the United States of the Samsung products identified in response to Request No. 1.

4.  The contents, origin, development, maintenance and authentication of any documents produced by Samsung in response to Power Integrations' subpoena duces tecum in this investigation.

5.  Communications between Samsung and Fairchild or any of its sales agents, resellers or distributors.

## DOCUMENTS REQUESTED

1.  Documents sufficient to show the identity of Samsung products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Samsung.

2.  Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in Samsung products, including but not limited to the products you identified in response to Request No. 1.

3. Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the Samsung products identified in response to Request No. 1.

4. One representative sample of each of the Samsung products identified in response to Request No. 1.

5. Documents reflecting or discussing communications between Samsung and Fairchild or any of its sales agents, resellers or distributors.

50293122.doc

**ATTACHMENT A**
**TO SHARP SUBPOENA**

**DEFINITIONS**

1. "Sharp" means Sharp Electronics Corporation, and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of Sharp, including but not limited to Sharp Electronics Manufacturing Company of America, Inc.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "You" and "Your" means or refers to Sharp.

5. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Sharp's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8. "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9. "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## TOPICS FOR EXAMINATION

1. The types and identities of Sharp products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Sharp.

2. The use of Fairchild PWM controllers in Sharp products, including but not limited to the products identified in response to Request No. 1.

3. The unit volume of importation into the United States and unit volume of sales within the United States of the Sharp products identified in response to Request No. 1.

4. The contents, origin, development, maintenance and authentication of any documents produced by Sharp in response to Power Integrations' subpoena duces tecum in this investigation.

5. Communications between Sharp and Fairchild or any of its sales agents, resellers or distributors.

## DOCUMENTS REQUESTED

1. Documents sufficient to show the identity of Sharp products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Sharp.

2. Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in Sharp products, including but not limited to the products you identified in response to Request No. 1.

3.  Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the Sharp products identified in response to Request No. 1.

4.  One representative sample of each of the Sharp products identified in response to Request No. 1.

5.  Documents reflecting or discussing communications between Sharp and Fairchild or any of its sales agents, resellers or distributors.

50293132.doc

**ATTACHMENT A**
**TO SONY SUBPOENA**

**DEFINITIONS**

1. "Sony" means Sony Electronics, Inc., and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of Sony, including but not limited to Sony Corporation of America.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "You" and "Your" means or refers to Sony.

5. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Sony's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8. "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9. "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## TOPICS FOR EXAMINATION

1. The types and identities of Sony products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Sony.

2. The use of Fairchild PWM controllers in Sony products, including but not limited to the products identified in response to Request No. 1.

3. The unit volume of importation into the United States and unit volume of sales within the United States of the Sony products identified in response to Request No. 1.

4. The contents, origin, development, maintenance and authentication of any documents produced by Sony in response to Power Integrations' subpoena duces tecum in this investigation.

5. Communications between Sony and Fairchild or any of its sales agents, resellers or distributors.

## DOCUMENTS REQUESTED

1. Documents sufficient to show the identity of Sony products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Sony.

2. Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in Sony products, including but not limited to the products you identified in response to Request No. 1.

3. Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the Sony products identified in response to Request No. 1.

4. One representative sample of each of the Sony products identified in response to Request No. 1.

5. Documents reflecting or discussing communications between Sony and Fairchild or any of its sales agents, resellers or distributors.

50293124.doc

## ATTACHMENT A
## TO TDK SUBPOENA

## DEFINITIONS

1. "TDK" means TDK Electronics Corporation, and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of TDK, including but not limited to TDK Corporation of America and/or TDK U.S.A. Corporation.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "You" and "Your" means or refers to TDK.

5. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in TDK's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8.  "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9.  "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## TOPICS FOR EXAMINATION

1.  The types and identities of TDK products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by TDK.

2.  The use of Fairchild PWM controllers in TDK products, including but not limited to the products identified in response to Request No. 1.

3.  The unit volume of importation into the United States and unit volume of sales within the United States of the TDK products identified in response to Request No. 1.

4.  The contents, origin, development, maintenance and authentication of any documents produced by TDK in response to Power Integrations' subpoena duces tecum in this investigation.

5.  Communications between TDK and Fairchild or any of its sales agents, resellers or distributors.

## DOCUMENTS REQUESTED

1.  Documents sufficient to show the identity of TDK products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by TDK.

2.  Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in TDK products, including but not limited to the products you identified in response to Request No. 1.

3. Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the TDK products identified in response to Request No. 1.

4. One representative sample of each of the TDK products identified in response to Request No. 1.

5. Documents reflecting or discussing communications between TDK and Fairchild or any of its sales agents, resellers or distributors.

50293131.doc

## SCHEDULE A

## Definitions

1.  "LG" means LG Electronics U.S.A., Inc., and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of LG, including, but not limited to, LG Electronics Alabama, Inc., LG Electronics MobileComm U.S.A., Inc. and LG Electronics Mobile Research U.S.A., LLC.

2.  "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3.  "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4.  "You" and "Your" means or refers to LG.

5.  "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6.  "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in LG's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7.  "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

1

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8. "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9. "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## Topics for Examination

1. The types and identities of LG products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by LG.

2. The use of Fairchild PWM controllers in LG products, including but not limited to the products identified in response to Request No. 1.

3. The unit volume of importation into the United States and unit volume of sales within the United States of the LG products identified in response to Request No. 1.

4. The contents, origin, development, maintenance and authentication of any documents produced by LG in response to Power Integrations' subpoena duces tecum in this investigation.

5. Communications between LG and Fairchild or any of its sales agents, resellers or distributors.

**ATTACHMENT A
TO SALOM SUBPOENA**

**DEFINITIONS**

1. "Salom" means Salom Electric (America) Company and any parent(s), subsidiary(ies), predecessor(s), and successor(s) of Salom.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "You" and "Your" means or refers to Salom.

5. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Salom's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

Case 1:04-cv-01371-JJF   Document 227-11   Filed 03/24/2006   Page 31 of 35

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8. "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9. "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## TOPICS FOR EXAMINATION

1. The types and identities of Salom products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Salom.

2. The use of Fairchild PWM controllers in Salom products, including but not limited to the products identified in response to Request No. 1.

3. The unit volume of importation into the United States and unit volume of sales within the United States of the Salom products identified in response to Request No. 1.

4. The contents, origin, development, maintenance and authentication of any documents produced by Salom in response to Power Integrations' subpoena duces tecum in this investigation.

5. Communications between Salom and Fairchild or any of its sales agents, resellers or distributors.

## DOCUMENTS REQUESTED

1. Documents sufficient to show the identity of Salom products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by Salom.

2. Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in Salom products, including but not limited to the products you identified in response to Request No. 1.

3. Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the Salom products identified in response to Request No. 1.

4. One representative sample of each of the Salom products identified in response to Request No. 1.

5. Documents reflecting or discussing communications between Salom and Fairchild or any of its sales agents, resellers or distributors.

50300654.doc

## ATTACHMENT A
## TO GE CONSUMER & INDUSTRIAL SUBPOENA

### DEFINITIONS

1. "GE" means General Electric Company, and any parent(s), subsidiary(ies), predecessor(s), and successor(s), including General Electric Consumer & Industrial.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "You" and "Your" means or refers to GE.

5. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

6. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in GE's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

7. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with,

comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

8. "PWM controller" means an integrated circuit used to modulate or control the pulse width of a signal used, for example, to turn a transformer on and off.

9. "Fairchild PWM controllers" means Fairchild integrated circuits with part numbers FSCQ0565, FSCQ0765, FSCQ1265, FSCQ1565, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD201, FSD210, FSD210B, FSD211, FSD500, FSD510, FSD520, FSD611, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RLB, FSDH0265RN, FSDH0265RNB, FSDL321, FSDL321L, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RLB, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSDM0365RL, FSDM0365RLB, FSDM0365RN, FSDM0365RNB, FSDM0565, FSDM07652, FAN7601, FAN7602 devices.

## TOPICS FOR EXAMINATION

1. The types and identities of GE products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by GE.

2. The use of Fairchild PWM controllers in GE products, including but not limited to the products identified in response to Request No. 1.

3. The unit volume of importation into the United States and unit volume of sales within the United States of the GE products identified in response to Request No. 1.

4. The contents, origin, development, maintenance and authentication of any documents produced by GE in response to Power Integrations' subpoena duces tecum in this investigation.

5. Communications between GE and Fairchild or any of its sales agents, resellers or distributors regarding Fairchild PWM controllers or the litigation between Fairchild and Power Integrations.

## DOCUMENTS REQUESTED

1. Documents sufficient to show the identity of GE products that use or incorporate Fairchild PWM controllers, including but not limited to products sold, designed, and/or manufactured for or by GE.

2. Documents sufficient to show the use of Fairchild PWM controllers (e.g., parts lists or board level schematics) in GE products, including but not limited to the products you identified in response to Request No. 1.

3. Documents sufficient to show the unit volume of importation into the United States and unit volume of sales within the United States of the GE products identified in response to Request No. 1.

4. One representative sample of each of the GE products identified in response to Request No. 1.

5. Documents reflecting or discussing communications between GE and Fairchild or any of its sales agents, resellers or distributors regarding Fairchild PWM controllers or the litigation between Fairchild and Power Integrations.

50310324.doc