IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**REDACTED PUBLIC VERSION**

POWER INTEGRATIONS, INC.,

Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION,

Defendants.

C.A. No. 04-1371-JJF

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF LIMITATION ON DAMAGES UNDER 35 U.S.C. §287 (FAILURE TO MARK)**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
Telephone: 302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: March 24, 2006

## TABLE OF CONTENTS


Page

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 2

A. Power Integrations Admits It Did Not Provide Fairchild With Actual Notice Of Power Integrations' Infringement Contentions ........ 3

B. Power Integrations Did Not Mark Its Products Or Packaging With The Word "Patent", The Abbreviation "Pat." Or The Numbers Of The Asserted Patents ........ 3

C. The Court Concluded That Power Integrations' "Marking" Was Inadequate As A Matter Of Law ........ 4

D. Recent Discovery Has Not Created A Dispute As To The Relevant Facts ........ 5

E. Power Integrations Has Flouted The Notice Requirement By Refusing To Make Even A Minimal Effort To Provide Notice Of Infringement ........ 6

F. Power Integrations' Seeks Damages Prior To The Filing Of Its Complaint ........ 7

III. ARGUMENT ........ 8

A. Summary Judgment Standard ........ 8

B. Power Integrations Cannot Meet Its Burden Of Proving Constructive Notice ........ 8

C. Power Integrations Cannot Recover Damages Prior To October 20, 2004 ........ 10

IV. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Gart* v. *Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001) ........ 8

*John L. Rie, Inc.* v. *Shelly Bros., Inc.*, 366 F. Supp. 84 (E.D. Pa. 1973) ........ 9

*Johnson Electric North America, Inc.* v. *Mabuchi Motor America Corp.*, 103 F. Supp. 2d 268 (S.D.N.Y. 2000) ........ 10, 11

*MOSAID Techs. Inc.* v. *Samsung Elecs. Co.*, 362 F. Supp. 2d 526 (D.N.J., 2005) ........ 9

*Maxwell* v. *J. Baker, Inc.*, 86 F.3d 1098 (Fed. Cir. 1996) ........ 8

*Nike, Inc.* v. *Wal-Mart Stores, Inc.*, 138 F.3d 1437 (Fed. Cir. 1998) ........ 11

*Philips Electronics North America Corp.* v. *Contec Corp.*, 312 F. Supp. 2d 649 (D. Del. 2004) ........ 8

## FEDERAL STATUTES

35 U.S.C. § 287 ........ *passim*

# I. INTRODUCTION

United States patent law clearly requires a patentee to provide notice of its infringement contentions before it can recover damages. The patentee may provide actual notice – by letter, for example – or constructive notice, by marking its patented products with the U.S. patent number. This is not a trivial or merely technical issue. Notice is the minimal and inexpensive *quid pro quo* that the law demands in return for the enormous sums patentees frequently seek in damages. Its purpose is simple – to prevent the patentee from deceiving the public by selling unmarked, and thus apparently unpatented, articles, and then ambushing unsuspecting alleged infringers after they have established their competing products in the marketplace. Given proper notice, an entrant into the market can prevent the catastrophe of a lawsuit by designing around the patent, licensing it, or even choosing to focus its valuable resources in other areas.

An ambush is precisely what Power Integrations has sprung on Fairchild. Power Integrations admits that it deliberately chose not to properly mark any of its products with any U.S. patent number. It admits that it marked neither the products themselves, nor their packaging, data sheets or catalogs. Power Integrations also admits that although it was well aware of Fairchild's products, it made no attempt to notify Fairchild that it believed any of its patents were infringed until filing this action on October 20, 2004.

The law recognizes the difficulty competitors face in trying to identify and avoid potentially relevant patents. For this reason, the marking statute requires patentees such as Power Integrations to affix "the word 'patent' or the abbreviation 'pat.', together with the number of the patent" on a patented article or its packaging. In this way, the patentee alerts potential competitors that its technology is protected by a patent, and thus that they should take steps to avoid infringing that patent. If the patentee chooses not to affix the patent number to its products, then it must either provide actual notice of infringement or forego any possible damages prior to the filing of the Complaint.

The Court has already ruled once that Power Integrations' failure to mark prevented recovery of damages for any alleged infringement prior to the filing of the Complaint:

> [T]he Court concludes as a matter of law, that Power Integrations has not satisfied its burden of establishing constructive notice under Section 287. Readers of Power Integrations' notice cannot determine which devices are covered by which patents. ***Thus, any damages recoverable by Power Integrations are limited by Section 287 to the date that Fairchild received actual notice of its alleged infringement, which in this case, is the date of the Complaint.***

D.I. 54 (emph. added). The Court also denied Power Integrations' Motion for Reconsideration and/or Clarification of this Order but left open the possibility that Power Integrations could produce new facts showing that it had complied with the marking statute. D.I. 125.

Power Integrations has produced no such evidence. To the contrary, additional discovery revealed that Power Integrations not only failed to notify Fairchild of its infringement accusations, it deliberately sued Fairchild without warning. Nonetheless, Power Integrations' damages expert claims more than $45 million in damages based mainly on market conditions and events ***prior*** to Power Integrations filing its Complaint. Despite having failed to take the simple and inexpensive step of simply putting U.S. patent numbers on their own products that incorporate the corresponding inventions, Power Integrations now seeks tens of millions of dollars in damages ***without ever once*** having notified Fairchild of its enormous demands.

There are no material facts in dispute. Power Integrations admits that it did not mark its products or its packaging with the word "patent", the abbreviation "pat." or the number of any of the patents-in-suit. Power Integrations also admits that it did not provide actual notice before filing its Complaint. Accordingly, the Court should grant partial summary judgment barring Power Integrations from seeking damages prior to October 20, 2004. The Court should further order that Power Integrations may not calculate its damages based on or by reference to any market, economic, price or other data prior to that date.

## II. FACTUAL BACKGROUND

The relevant facts are not in dispute. Plaintiff Power Integrations, Inc. ("Power Integrations") brought this suit accusing Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively "Fairchild") of infringing four of its patents, U.S. Pat. Nos. 6,107,851, 6,229,366, 6,249,876, and 4,811,075. In its Answer, Fairchild raised as an affirmative defense that Power Integrations has failed to mark its products and, thus, was

barred from recovering damages prior to the filing of its Complaint. D.I. 8. Fairchild now moves the Court to find that on the undisputed facts, Power Integrations cannot carry its burden to prove marking or notice and that Fairchild's defense is meritorious as a matter of law.

### A. Power Integrations Admits It Did Not Provide Fairchild With Actual Notice Of Power Integrations' Infringement Contentions.

Power Integrations admits that it never provided actual notice to Fairchild of its infringement allegations before filing its Complaint on October 20, 2004. Exh. A (Power Integrations' Responses to Requests for Admission Nos. 21-24). Although Power Integrations admits that it suspected infringement years before filing suit, Power Integrations never notified Fairchild of Power Integrations' concerns. Exh. J, Renouard Depo. 271:10-271:19.[1] Instead, Power Integrations delayed while its potential damages mounted until Power Integrations believed if finally "made sense" to sue Fairchild. *Id.*, Renouard Depo. 271:20-272:10.

### B. Power Integrations Did Not Mark Its Products Or Packaging With The Word "Patent", The Abbreviation "Pat." Or The Numbers Of The Asserted Patents.

The facts regarding Power Integrations' failure to mark its products are also undisputed. Power Integrations admits that it made and sold products that practiced each of the four asserted patents. Exh. A (Power Integrations' Responses to Requests for Admission Nos. 1, 6, 11, 16). Power Integrations further admits that ***none*** of its own products that it identified as practicing the patents – ***none*** of the devices and ***none*** of their packages – were ever marked with the word "patent," the abbreviation "pat.," or any of the asserted patent numbers. Exh. B, Power Integrations' Resp. to Fairchild Interrogatory No. 18. In fact, the Court previously held that "in its Answers to Interrogatories, Power Integrations admitted that none of its devices or packages were ever marked with the numbers of the four patents asserted in this action." D.I. 54, p. 5.

---

1 For the convenience of the Court, Fairchild has highlighted the relevant passages of certain exhibits in yellow. In all such cases, the highlighting has been added by Fairchild and is not part of the original exhibit.

### C. The Court Concluded That Power Integrations' "Marking" Was Inadequate As A Matter Of Law.

While not claiming to have marked its products, or their packages, labels, or collateral materials with the corresponding U.S. patent numbers, Power Integrations argued that it "marks its products by placing [a] patent notice on data sheets, catalogs and product information...." *Compare* Exh. A, Power Integrations' Responses to Requests for Admission Nos. 2-5, 7-10, 12-15, 17-20 *with* Exh. C, Power Integrations' Second Supp. Resp. to Interrogatory No. 19. Again, the facts regarding this "notice" are not in dispute. Power Integrations cannot deny that its alleged "notice" fails to identify either (i) the specific products or circuits allegedly covered by any Power Integrations patent or (ii) the patent number of any specific Power Integrations patent:

> **PATENT INFORMATION**
>
> The products and applications illustrated herein (including circuits external to the products and transformer construction) ***may*** be covered by ***one or more*** U.S. and foreign patents or potentially by pending U.S. and foreign patent applications assigned to Power Integrations. A complete list of Power Integrations' patents may be found at www.powerint.com.

*See* Exh. D, at PIF32324 (Data Sheet for Power Integrations DPA 423-426) (emphasis added). The Court has held as a matter of law that such "notice" is inadequate since "[r]eaders of Power Integrations' notice cannot determine which devices are covered by which patents." D.I. 54, p.6.

Power Integrations' website does not identify any specific patent, nor tie any specific products to any specific patents. In fact, although the "notice" indicates that the website contains a "complete list" of Power Integrations' patents, this is not true. Instead, there is simply a statement that "[a]s of December 31, 2005, Power Integrations presently holds 131 U.S. Patents and 82 foreign patents." Exh. E (Power Integrations' website[2]). To identify any Power Integrations patent, a visitor to Power Integrations' website must link to the U.S. Patent Office website, which displays 141 U.S. patents currently assigned to Power Integrations. *See* Exh. F (screen capture of Patent Office website[3]). Neither the Power Integrations website, nor the PTO

---

2 http://www.powerint.com/company_patents.htm

3 http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&p=1&u=/netahtml/search-bool.html&r=0&f=S&l=50&TERM1=power+integrations&FIELD1=ASNM&co1=OR&TERM2=power+intergrations&FIELD2=ASNM&d=ptxt

website indicate that any particular Power Integrations device is covered by any of the asserted patents, or indeed any Power Integrations patent.

**D. Recent Discovery Has Not Created A Dispute As To The Relevant Facts.**

Because Power Integrations' failure to give actual or constructive notice of the alleged patent infringement precludes it from recovering damages prior to the filing of the Complaint, Fairchild objected to producing discovery concerning sales before October 20, 2004. Power Integrations moved to compel this discovery. After considering Power Integrations' "notice" the Court found that Power Integrations had failed to mark and denied the motion:

> The Court has viewed Power Integrations' website, and it contains a statement indicating the number of patents held by Power Integrations with a link to the Patent and Trademark office.
>
> Based on this information, the Court concludes as a matter of law, that Power Integrations has not satisfied its burden of establishing constructive notice under Section 287. Readers of Power Integrations' notice cannot determine which devices are covered by which patents. Thus, any damages recoverable by Power Integrations are limited by Section 287 to the date that Fairchild received actual notice of its alleged infringement, which in this case, is the date of the Complaint.

D.I. 54, p. 6.

Power Integrations then filed a motion for "clarification or... reconsideration" of the Court's Order. D.I. No. 88, p. 2. On almost every page of its motion, Power Integrations claimed that the factual record was not "complete". *Id., passim*. In denying Power Integrations' second Motion, the Court noted that its Order of August 9 was based on the facts presented by the parties and was without prejudice to Power Integrations' later introduction of additional evidence. The Court noted that Power Integrations "advise[d] that it intends to, at some point, produce additional facts not yet provided to Defendants or the Court." D.I. No. 125, pp. 1-2.

In the seven months since the Court's Order, Power Integrations has produced no evidence that it marked its products as required by 35 U.S.C. § 287. To the contrary, Power Integrations' President and CEO, Balu Balakrishnan, and its Vice President of Corporate Development, Cliff Walker, testified that Power Integrations still did not mark its products or packaging with the word "patent", the abbreviation "pat.", or the number of the asserted patents.

Specifically, these executives confirmed again that the Power Integrations' patent

numbers are not marked on any product, packaging or data sheet and that the Power Integrations website merely provides a link that searches the USPTO website for all Power Integrations patents. Exh. G, Walker Depo., 110:2-114:15; Exh. H, Balakrishnan Depo., 187:8-189:20, 387:2-388:24. They reconfirmed that Power Integrations never notified Fairchild of the alleged patent infringement prior to filing the Complaint. Exh. G, Walker Depo., 31:22-32:14; Exh. H, Balakrishnan Depo., 199:8-16.

**E. Power Integrations Has Flouted The Notice Requirement By Refusing To Make Even A Minimal Effort To Provide Notice Of Infringement.**

The testimony of Power Integrations' employees revealed that the company did not merely neglect to mark its products, but made a deliberate corporate decision not to do so. When asked why Power Integrations did not provide information, even on its website, that would enable visitors to determine which of its products practice which patents, Mr. Walker, Power Integrations' 30(b)(6) witness on the issue of marking, explained that

REDACTED

REDACTED

Exh. G, Walker Depo., 114:24-115:21.

As recently as March 15, 2006, Power Integrations' CEO – and the lead inventor on three of the four asserted patents – testified that despite knowing that the Court had determined that Power Integrations' "notice" was deficient, Power Integrations *still* does not mark any of its products or packaging as required by 35 U.S.C. § 287. Exh. K, Balakrishnan Depo., 122:25-123:1 REDACTED [4] Thus, Power Integrations cannot contend that its failure to mark was an oversight, or represented best or reasonable efforts. Relative to the tens of millions of dollars in damages that Power

---

4 On March 15, 2006, Mr. Balakrishnan offered two new excuses for Power Integrations' failure to mark – REDACTED REDACTED Exh. K, Balakrishnan Depo., 121:21-24. As a matter of law, both new excuse fail. First, § 287 clearly states that "when, from the character of the article" it is impractical to mark it with the patent numbers (as may be the case if it is too small), marking must be accomplished by fixing "to the package wherein one or more of them is contained, a label containing like notice." 35 U.S.C. § 287(a). Second, even were common not to mark such devices, this does not excuse Power Integrations' failure to comply with § 287. Instead, it may simply mean that others in the industry would also be precluded from seeking damages prior to notice of infringement.

Integrations now seeks from Fairchild, the cost of maintaining and disseminating information about which of its own products practice which patents would have been minuscule.

In contrast to the ease with which it could have given actual or constructive notice, Power Integrations' CEO admitted the extremes to which a potential competitor would have to go to determine whether a Power Integrations' product is patented:

Q:

A: REDACTED

Q:

A:

Exh. H, Balakrishnan Depo., 192:3-12 (emphasis added). Thus, to obtain the information that Power Integrations' compliance with the marking statute would provide at a glance, potential infringers must reverse engineer each Power Integrations product and compare it to each of Power Integrations 141 patents.

F. **Power Integrations' Seeks Damages Prior To The Filing Of Its Complaint.**

Despite its conceded failure to mark or give notice of its patents and the Court's previous Order, Power Integrations persists in seeking damages to which it is not entitled. Power Integrations' Expert Report on Damages contains damage calculations for alleged infringement occurring before October 20, 2004. For instance, the report includes REDACTED REDACTED *See, e.g.*, Exh. I, Troxel Expert Report, pp. 5 and 48-51. The same is true for REDACTED *Id.*, pp. 6-8. Based in part upon these legally improper calculations, Power Integrations seeks damages of REDACTED Thus, Fairchild seeks partial summary judgment precluding such improper damage calculations and requiring that all potential damages be based upon economic conditions and activities occurring on or after the filing date of the Complaint.

## III. ARGUMENT

### A. Summary Judgment Standard.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Philips Electronics North America Corp. v. Contec Corp.*, 312 F. Supp. 2d 649, 650-51 (D. Del. 2004), *quoting* Fed. R. Civ. P. 56(c). In the marking context, summary judgment should be granted if "no reasonable jury could find that the patentee either has or has not provided actual notice to the particular defendants by informing them of his patent and of their infringement of it." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001). Once Fairchild shows that there is no genuine issue of material fact, "[t]he burden then shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.'" *Philips Electronics*, 312 F. Supp. 2d at 651, *quoting* Fed. R. Civ. P. 56(e). Whether Power Integrations has set forth sufficient facts to create a triable issue must be evaluated in light of the fact the patentee carries the burden of proving compliance with section 287's marking requirements. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).

### B. Power Integrations Cannot Meet Its Burden Of Proving Constructive Notice.

Section 287(a) defines adequate marking and makes clear that if these requirements are not met "no damages shall be recovered by the patentee" prior to actual notice of infringement:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by ***fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent***, or when, from the character of the article, this cannot be done, by fixing it, or to the packaging wherein one or more of them is contained, a label containing like notice. ***In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement***, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice....

35 U.S.C. § 287(a) (emphases added). There is no dispute that Power Integrations (i) sold

products within the United States that are covered by the asserted patents,[5] (ii) failed to mark either those products or their packaging with "the word 'patent' or the abbreviation 'pat.', together with the number" of any of the asserted patents practiced by the product,[6] and (iii) failed to provide actual notice of its infringement contentions prior to the filing of its Complaint.[7] Therefore, as the Court has already held, "any damages recoverable by Power Integrations are limited by Section 287 to the date that Fairchild received actual notice of its alleged infringement, which in this case is the date of the Complaint." D.I. 54.

The case law is clear that the marking requirement of section 287(a) can only be satisfied by including the specific patent numbers of the patents-in-suit on the product that employs the invention or its packaging. "Here, there is no dispute that neither [plaintiff] nor its licensees marked DRAMs with the ***numbers of the patents in suit***. Consequently, [plaintiff]'s damages are limited by when, and to what extent it provided [defendant] with actual notice that its DRAMs infringe the patents in suit." *MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 362 F. Supp. 2d 526, 556 (D.N.J., 2005) (emphasis added), *cited by the Court in* D.I. 54, p. 6; *John L. Rie, Inc. v. Shelly Bros., Inc.*, 366 F. Supp. 84, 90-91 (E.D. Pa. 1973) (barring recovery where product was marked with "pat. pend." but lacked patent number). Although the Court's August 9 Order applied only to the discovery dispute before it, on the facts then presented, its legal conclusion remains sound: "[A]s a matter of law... Power Integrations has not satisfied its burden of establishing constructive notice under Section 287 [if r]eaders of Power Integrations' notice cannot determine which devices are covered by which patents." D.I. 54 at 6.

Since the Court's ruling, time has not improved Power Integrations' case. Power Integrations' own CEO bluntly admitted that there is no way for a competitor to determine whether a specific patent is practiced by a specific Power Integrations product except by reverse-engineering the product. Exh. H, Balakrishnan Depo., 192:3-15; 196:22-197:3. Also, its 30(b)(6) witness on marking admitted that Power Integrations deliberately chose not to disclose

---

5 *See* Exh. A (Power Integrations' Responses to Request for Admission Nos. 1, 6, 11, 16).

6 *See* Exh. B (Power Integrations' Response to Interrogatory No. 18).

7 *See* Exh. A (Power Integrations' Responses to Request for Admission Nos. 21-24).

which of its products practice which patents, even on its website, because such information is cumbersome to maintain. Exh. G, Walker Depo., 114:24-115:21. Power Integrations' conduct could not be further from the goals or intent of the constructive notice statute. Power Integrations cannot shift the burden of determining which of its products are covered by which of its patents to competitors and then seek to recover damages for alleged infringement prior to providing actual notice, which in this case is the filing of its Complaint.

C. **Power Integrations Cannot Recover Damages Prior To October 20, 2004.**

Since Power Integrations failed to mark its patented articles or provide Fairchild with actual notice of its infringement contentions, section 287(a) precludes Power Integrations from recovering any damages prior to the October 20, 2004 filing of Power Integrations' Complaint. Thus, Power Integrations is clearly prohibited from seeking a reasonable royalty on or lost profits due to sales made by Fairchild prior to October 20, 2004.

Despite these facts, however, Power Integrations improperly inflates the damages allegedly owed for "lost profits due to lost sales", "lost profits due to price erosion", and "future price erosion." By taking as its baseline (*i.e.*, the amount of profit it claims it would have made) the amount that Power Integrations charged for its devices ***prior*** to October 20, 2004, Power Integrations seeks damages otherwise barred by its failure to mark. This is undeniably higher than the amount of profit that Power Integrations was making on its devices as of October 20, 2004. Since § 287(a) prohibits Power Integrations from recovering ***any*** damages prior to the filing of its Complaint, Power Integrations' baseline must be the prices and profits it was making as of October 20, 2004.

The Southern District of New York, considering this precise issue, held that price erosion damage estimates may not commence on a date prior to marking. In *Johnson Electric North America, Inc. v. Mabuchi Motor America Corp.*, 103 F. Supp. 2d 268 (S.D.N.Y. 2000), the plaintiff's damages expert calculated price erosion from the date the accused products entered the market (like Power Integrations seeks to do now), rather than the date the patentee complied with the marking statute. *Id.* at 280-81. The Court held this was improper:

> Price erosion is merely one measure of damages and thus, to the extent that it occurred prior to compliance with the patent marking statute, cannot be considered.
>
> In sum, [plaintiff] cannot recover any damages, including those for price erosion, for the acts committed prior to July 15, 1988, when Mabuchi gave Johnson notice of infringement. That [plaintiff's expert]'s damages calculus is heavily weighted by the factor of estimated price erosion during earlier periods alone destroys the validity of his conclusions. The effect on the price of micro-motors of [defendant]'s presence in the market from 1985 through 1988 is simply irrelevant to the measure of damages in this case.

*Id.* at 281. Thus, it is clear that if Power Integrations seeks lost profits or price erosion (past or future), it must compare the current and future prices and profits against the prices and profits it charged as of the filing of its Complaint.

Similarly, if Power Integrations seeks a reasonable royalty, that royalty must be determined based on hypothetical negotiations that would have occurred as of the filing of the complaint. While Power Integrations suspected that Fairchild infringed Power Integrations' patents years before Power Integrations chose to file its complaint, Power Integrations, however, made the deliberate decision (i) not to mark its products and (ii) not to notify Fairchild of its infringement allegations. *See* Exh. J, Renouard Depo. 271:10-19. Having done so, Power Integrations cannot now inflate the royalty rate it believes it is owed by placing the hypothetical negotiations at the time where Power Integrations first suspected (but did nothing about) Fairchild's alleged infringement. Instead, the hypothetical negotiations must be assumed to have occurred when Power Integrations finally notified Fairchild of its alleged infringement – the date Power Integrations filed its complaint. "The statutory history establishes that the marking requirement has always applied, and continues to apply, to… recovery of damages, ***however measured***, under § 284." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1440 (Fed. Cir. 1998) (emphasis added). To contend that Power Integrations has a right to recover massive pre-notice damages despite making no effort whatsoever to give notice to Fairchild, is to argue for a right to ambush. This is contrary both to the letter and the intent of the marking statute.

## IV. CONCLUSION

For the foregoing reasons, Fairchild respectfully requests that the Court grant partial summary judgment barring all damages prior to October 20, 2004, and requiring any damage calculations for lost profits, price erosion, or any other measure of damages to take account solely of conditions on or after October 20, 2004.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: March 17, 2006
167752.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2006, the attached **REDACTED PUBLIC VERSION OF OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF LIMITATION ON DAMAGES UNDER 35 U.S.C. §287 (FAILURE TO MARK)** was served upon the below-named counsel of record at the address and in the manner indicated:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE 19899

HAND DELIVERY

Frank E. Scherkenbach, Esquire
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

VIA FEDERAL EXPRESS

Michael Kane, Esquire
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402

VIA FEDERAL EXPRESS

Howard G. Pollack, Esquire
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

VIA FEDERAL EXPRESS

Andre G. Bouchard, Esquire
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

HAND DELIVERY

*/s/ Lauren E. Maguire*

Lauren E. Maguire