IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION,  a
Delaware corporation,

        Defendants.

C.A. No. 04-1371 JJF

## POWER INTEGRATIONS' RESPONSE TO FAIRCHILD'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF LIMITATION ON DAMAGES UNDER 35 U.S.C. §287 (FAILURE TO MARK)

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247) (marsden@fr.com)
Sean P. Hayes (#4413) (hayes@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Michael R. Headley
Howard G. Pollack
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

Date:  April 7, 2006

**TABLE OF CONTENTS**

PAGE

I.      INTRODUCTION ............................................................................1

II.     ARGUMENT ...................................................................................1

        A.      Fairchild's Motion is Unnecessary. ..........................................1

        B.      Fairchild's Further Request for Relief is Legally and
                Logically Flawed. .................................................................2

III.    CONCLUSION ................................................................................6

## TABLE OF AUTHORITIES

<u>PAGE</u>

### CASES

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
    977 F.2d 1555 (Fed. Cir. 1992)...........................................................................4

*Crystal Semiconductor Corp. v. TriTech Microelectronics Intern., Inc.*,
    246 F.3d 1336 (Fed. Cir. 2001)..........................................................................4

*Minnesota Mining & Manufacturing Co., v. Johnson & Johnson
    Orthopaedics, Inc.*
    976 F.2d 1559 (Fed. Cir. 1992).........................................................................4

*Riles v. Shell Exploration & Production*,
    298 F.3d 1302 (Fed. Cir. 2002).........................................................................3

*Rite-Hite Corp. v. Kelley Co., Inc.*,
    56 F.3d 1538 (Fed. Cir. 1995)............................................................................3

*TWM Manufacturing Co., Inc. v. Dura Corp.*,
    789 F.2d 895 (Fed. Cir. 1986)............................................................................3

*Wang Labs., Inc. v. Toshiba Corp.*,
    993 F.2d 858 (Fed. Cir. 1993)............................................................................3

### STATUTES

35 U.S.C. § 287 (1988) .......................................................................................3

35 U.S.C. § 287(a) .............................................................................................2

## I.    INTRODUCTION

Unlike the other six Fairchild motions addressed in Power Integrations' Joint Counter-Statement regarding disputed issues of fact, Power Integrations does not believe Fairchild's motion regarding marking raises material disputes of fact. Fairchild's motion should be denied, though, because it is moot in one regard and based on a facially incorrect understanding of the law in another.

Further, the rhetoric in Fairchild's motion regarding the alleged unfairness of Power Integrations' damages claims rings hollow because it misses a very important point—Fairchild could, in fact, have limited in whole or in large part the damages Power Integrations now seeks if Fairchild had simply *stopped infringing* the patents when it received notice of that infringement. Instead, Fairchild made the decision to continue to willfully infringe patents that Fairchild, as a matter of undisputed fact, had actual knowledge of years before it began its infringement. Based on he Court's ruling regarding Marking, Power Integrations limits its claims for damages to include only those infringing sales or price-eroded sales occurring after the filing of the complaint. Fairchild's attempt to leverage the Court's ruling into a scope of relief never intended by the marking statute is the true "ambush."

## II.    ARGUMENT

### A.    Fairchild's Motion is Unnecessary.

Fairchild incorrectly suggests that Power Integrations seeks to collect damages accruing from infringement which occurred prior to the date of actual notice, which is the date of filing of its complaint. [D.I. 203 at 7.] The Court has already found that Power Integrations is not entitled to collect such pre-filing damages [D.I. 54 at 6], rendering Fairchild's arguments to that end moot and summary judgment unnecessary. Although Power Integrations respectfully disagrees with the Court's prior ruling concerning marking, Power Integrations understands that issue to have been decided and does not

intend to assert at trial that it is entitled to collect damages for infringing sales that may have occurred before the date of actual notice.

**B.    Fairchild's Further Request for Relief is Legally and Logically Flawed.**

Knowing this, Fairchild's "marking" motion appears to be camouflage for its real goal, which is to limit damages accruing from sales occurring **after** the date of notice. This goal is revealed in Fairchild's suggestion that "the Court should … order that Power Integrations may not calculate its damages **based on or by reference to** any market, economic, price, or other data prior to that date." [D.I. 203 at 2 (emphasis added).] Fairchild's request, however, is improperly based on incorrect legal and logical premises. This component of Fairchild's motion ignores that the marking statute operates only as a legal limitation on <u>collecting</u> damages, not as a defense to infringement or a rule limiting the admissibility of otherwise relevant evidence. The text of the marking statute reads "no damages *shall be recovered* by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages *may be recovered* only for infringement occurring after such notice." 35 U.S.C. § 287(a) (emphasis added). Nothing in this language says anything about proof of the cause or amount of damages, or their existence in actual fact; it says only in effect that, even if damages can be proved to exist, the patentee cannot recover them.

Not surprisingly, Fairchild can cite no precedent to support its attempt to use Section 287 as a tool for limiting a patentee's post-notice damage claim, and the mischief Fairchild's proposed rule would work is obvious from the get-go. Take, for example, the basic question of the timing of the hypothetical negotiation. Using its misunderstanding of Section 287 as a jumping off point, Fairchild asserts that the hypothetical negotiation must be evaluated as of the date the complaint was filed, rather than the date infringement first began. [D.I. 203 at 11.] As the Court knows, however, the Federal Circuit has

clearly stated that a reasonable royalty should be determined on the basis of a

hypothetical negotiation occurring at the start of infringement, which may be different

than the date of actual or constructive notice. *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d

1538, 1554 (Fed. Cir. 1995) (stating specifically that the hypothetical negotiation occurs

at the time infringement began); *see also Riles v. Shell Exploration & Production*, 298

F.3d 1302 (Fed. Cir. 2002) (noting a reasonable royalty should be determined at the time

of infringement and not after-the-fact); *TWM Mfg. Co., Inc. v. Dura Corp.*, 789 F.2d 895

(Fed. Cir. 1986) (focusing on the date infringement began for hypothetical negotiations

and noting that actual profits of the infringer after the date of a hypothetical negotiation is

admissible as evidence as to what royalty rate a reasonable prospective licensee might

have agreed to). In *Wang Labs., Inc. v. Toshiba Corp.*, the Federal Circuit explained:

> It is true that limitations may apply to the period for which damages may
> be recovered. As in the present case, failure to mark patented goods is a
> limitation on recovery of damages in the absence of notice. 35 U.S.C. §
> 287 (1988). However, the court confused limitations on damages due to
> lack of notice with determination of the time when damages first began to
> accrue, and it is the latter which is controlling in a hypothetical royalty
> negotiation.

993 F.2d 858, 870 (Fed. Cir. 1993). Fairchild's motion asks this Court to make the same

mistake the Federal Circuit addressed and fixed in *Wang Labs*. Here, Power Integrations

asserts that infringement began before the date Power Integrations filed the complaint –

at least as early as 2002, when Fairchild began selling the first of the infringing products.

Because the hypothetical negotiation should take place as of the date Fairchild began

infringing, facts related to conditions and events occurring before the date of notice must,

as a matter of law, be taken into consideration in calculating the amount of a reasonable

royalty. That Power Integrations is not entitled *to collect* royalty damages for any actual

sales that occurred before the notice date, because it is limited by operation of the

marking statute to collecting royalties on infringing sales made after, does not change the

3

legal analysis of how such a royalty must be calculated, including what evidence is relevant.

In a similar manner, the law neither bars nor limits Power Integrations from presenting a complete evidentiary record with respect to the price erosion or other lost profits it has suffered as a direct result of Fairchild's infringement. Contrary to Fairchild's contention, the law favors a complete record in support of damages sought on theories of price erosion, and there are a number of ways to establish a proper calculation of lost profits. For example, the Federal Circuit has recognized that pre-suit pricing data can support such a calculation. *See Crystal Semiconductor Corp. v. TriTech Microelectronics Intern., Inc.*, 246 F.3d 1336, 1359 (Fed. Cir. 2001) (finding damages expert used an improper benchmark but noting that pre-suit pricing data can support a lost profits analysis (citing *Minnesota Mining & Mfg. Co., v. Johnson & Johnson Orthopaedics, Inc.,* 976 F.2d 1559, 1579 (Fed. Cir. 1992) and *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1579-80 (Fed. Cir. 1992)). Again, Fairchild is incorrect with respect to the appropriate legal standards.

Fairchild's position also defies logic. Taken at face value, Fairchild's argument would mean that if Fairchild sold on the day prior to notice, in competition with Power Integrations, 100,000 infringing parts to a specific customer, but at an eroded price, Power Integrations would be precluded from collecting price erosion or lost profits damages for all post-notice sales to that customer. This would be the case under Fairchild's novel theory even if Power Integrations could prove, based on evidence of Power Integrations' dealings with that customer before the notice date, that it would have made that same deal but for Fairchild's infringement because, under Fairchild's theory, such evidence of "market" conditions would be precluded. Many other similarly absurd fact scenarios could be hypothesized in situations of price erosion or reasonable royalty calculations that, if Fairchild's arguments were followed, would result in it being liable for little or no damages for post-notice infringement and damages having any relationship

4

to pre-notice acts.  Simply put, the fact that some conditions related to the effects of Fairchild's infringement occurred prior to notice does not and cannot mean that damages for infringing or price-eroded sales *actually occurring after notice* are immune from a claim for damages.  Nothing in the marking statute can be read to say otherwise, and Power Integrations is aware of no authority binding on this Court that states or suggests such a result.[1]  Indeed, Fairchild seems to be reading some kind of intervening rights notion into the marking statute that simply does not exist in the statutory scheme.

Fairchild's motion does not even attempt to address the actual contentions underlying Power Integrations' damage claim, specifically that some acts and circumstances occurring before the date of notice lead as a matter of direct causal fact to Fairchild's ability to make other infringing sales after the date of notice – for example, where particular customers "designed-in" the infringing Fairchild part instead of a Power Integrations' part before notice, but continued to make additional purchases of such infringing parts for use in that same design after the notice date.  Each infringing sale occurring after the date of notice gives rise to a separate claim for infringement, and Power Integrations is entitled to prove with all relevant evidence that, but for Fairchild's infringing sale, Power Integrations would have made the sale.  In other instances, Fairchild's offering of an infringing part at an undercut price, both before and after notice, was the direct cause of Power Integrations lowering its price, and that same eroded price continued to be applied to sales of the same products to the same customers

---

[1]  Fairchild's citation to the *Johnson Electric North America* case from the Southern District of New York is not binding on this Court nor does it appear to stand for the proposition Fairchild asserts.  Initially, that District Court addressed many specific factual issues as to the expert report in that case that are wholly inapposite to the issues before this Court.  As understood by Power Integrations, it appears that the damages expert in that case actually included alleged price erosion damages for sales of the patentee's products made before the date of notice, a claim not made here.  To the extent that case can be read to suggest that conditions existing before notice cannot be relevant to price erosion damages based on sales occurring after notice, Power Integrations believes such a holding would be directly contrary to the Federal Circuit precedent discussed above and, thus, is not persuasive and should not be followed.

also made after notice. Power Integrations is not seeking to collect the damages for eroded sales occurring before notice, but it must be allowed to provide evidence that can support the conclusion that it would have made sales after the notice date at higher prices than in fact occurred, but for Fairchild's infringing competition for specific customer accounts.

While these issues clearly require the resolution of myriad factual disputes, Fairchild seeks to preclude all of this evidence. Although the Court's prior ruling as to marking means that Power Integrations cannot collect damages for Fairchild's infringing sales made before the date of notice, or for price erosion based on Power Integrations' own sales in that time period, nothing in the law or in the Court's prior order precludes Power Integrations from relying on facts and circumstances dating from the date of notice in proving causation and the amount of damages due as a result of Fairchild's subsequent willful infringement.

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Fairchild's motion to the extent it seeks a limitation on the damages evidence Power Integration can present at trial or that its damages expert may rely upon in either rendering opinions as to the causation of damages or in calculating damages due from infringing sales accruing after the notice date.

Dated:  April 7, 2006                    FISH & RICHARDSON P.C.


                                         By: _____
                                         William J. Marsden, Jr. (#2247) (marsden@fr.com)
                                         Sean P. Hayes (#4413) (hayes@fr.com)
                                         919 N. Market Street, Suite 1100
                                         P.O. Box 1114
                                         Wilmington, DE  19899-1114
                                         Telephone: (302) 652-5070
                                         Facsimile:  (302) 652-0607

                                         Frank E. Scherkenbach
                                         225 Franklin Street
                                         Boston, MA 02110-2804
                                         Telephone: (617) 542-5070
                                         Facsimile:  (617) 542-8906

                                         Michael R. Headley
                                         Howard G. Pollack
                                         500 Arguello Street, Suite 500
                                         Redwood City, CA 94063
                                         Telephone: (650) 839-5070
                                         Facsimile:  (650) 839-5071

                                         Attorneys for Plaintiff
                                         POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2006, I electronically filed with the Clerk of Court POWER INTEGRATIONS' RESPONSE TO FAIRCHILD'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF LIMITATION ON DAMAGES UNDER 35 U.S.C. §287 (FAILURE TO MARK), using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via hand delivery:

**BY HAND**
Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

Attorneys for Defendants-
Counterclaimants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

I hereby certify that on April 7, 2006, I have sent via Hand Delivery, the document(s) to the following non-registered participants:

**BY HAND**
G. Hopkins Guy, III
Bas de Blank
Duo Chen
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA  94025

Attorneys for Defendants-
Counterclaimants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

Sean P. Hayes (hayes@fr.com)

50335829.doc