IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAIRCHILD SEMICONDUCTOR )<br>INTERNATIONAL, INC., and FAIRCHILD )<br>SEMICONDUCTOR CORPORATION, )<br>)<br>Defendants. ) | C.A. No. 04-1371-JJF |

**DEFENDANTS' EXPEDITED MOTION**
**TO POSTPONE PRETRIAL CONFERENCE**

                                            ASHBY & GEDDES
                                            Steven J. Balick (I.D. #2114)
                                            John G. Day (I.D. #2403).
                                            Lauren E. Maguire (I.D. #4261)
                                            222 Delaware Avenue, 17th Floor
                                            P.O. Box 1150
                                            Wilmington, DE  19899
                                            302-654-1888
                                            sbalick@ashby-geddes.com
                                            jday@ashby-geddes.com
                                            lmaguire@ashby-geddes.com

                                            *Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated:  April 12, 2006
168480.1

I.     **INTRODUCTION.**

The parties' pretrial conference is set for May 11, 2006. Since discovery is continuing, briefing on the pending motions for summary judgment is underway, and Power Integrations refuses to meet and confer or provide drafts of the material called for by the Delaware Local Rules, Fairchild respectfully requests that the Court extend the date for the pretrial conference by at least three weeks to a time convenient for the Court.

II.    **BACKGROUND.**

   A.    **Fact and Expert Discovery Is Still Underway.**

A May 11, 2006 pretrial conference was premised on the parties completing fact and expert discovery by November 14, 2005 and January 24, 2006, respectively. DI 128. Unfortunately, the parties have yet to complete either:

- Fairchild will depose Power Integrations' damages expert on April 27, 2006.

- Power Integrations will depose Fairchild's damages expert on May 4, 2006.

- Power Integrations may seek to depose additional Fairchild and third party fact witnesses.

- Fairchild has requested that Power Integrations stipulate to the date of publication of the prior art relied upon by Fairchild. Power Integrations has yet to respond. While Fairchild hopes that the parties will be able to resolve this issue, Power Integrations has agreed that if it does not stipulate to the publication of these references, Fairchild can depose these third parties to establish the dates of publication of the prior art. This could require dozens of additional third party depositions.

The ongoing discovery makes any effort to finalize the pretrial conference order impossible. At a minimum, this discovery will affect the parties' exhibit lists and objections and deposition designations and will likely affect their witness lists and undisputed facts, as well as which facts are in dispute and what the parties intend to prove.

   B.    **Summary Judgment Briefing is Still Underway.**

When the Court scheduled the pretrial conference, it was with the understanding that briefing on dispositive motions would be completed by March 22, 2006 – over six weeks before the pretrial conference. DI 128. That briefing has been extended, too, and will not be complete before April 19, 2006. *See* DI 199. As will be set forth in Fairchild's responses, none of the issues raised by Power Integrations constitute a genuine dispute of material fact.

1

      **C.    Power Integrations Refuses To
Meet And Confer Concerning The Pretrial Order.**

For weeks, Fairchild has requested that the parties either extend the pretrial conference or begin to meet and confer concerning the contents of the pretrial conference order. *See* Declaration of Bas de Blank In Support Of Defendants' Motion to Postpone Pretrial Conference ("de Blank Decl."), Exh. C. At first, Power Integrations simply ignored Fairchild's queries.

On April 4, 2006, Power Integrations indicated that it was "not inclined to move the schedule" but requested additional details of Fairchild's proposal. de Blank Decl., Exh. A. That day, Fairchild left a message proposing to extend the date of the pretrial conference by three weeks. *Id.* ¶ 3. Power Integrations did not respond. *Id.* ¶ 3. Thus, on April 6, 2006, Fairchild repeated its request. *Id.* ¶ 4.

On April 6, 2006, Power Integrations refused either to consider an extension or to meet and confer concerning the pretrial conference. de Blank Decl., Exh. B. Power Integrations did not even propose a date by which it would begin to meet and confer with Fairchild. *Id.*

Thus, Fairchild proposed a schedule for exchanging drafts of the materials required by the Delaware Local Rules. Power Integrations was to have submitted its materials by April 10, 2006. de Blank Decl., Exh. C. Fairchild would provide its objections, counterdesignations and materials by May 3, 2006. *Id.*

Rather than respond to Fairchild's proposal, on April 7, 2006, attorneys for Power Integrations called to demand additional party and non-party fact discovery. de Blank Decl. ¶ 7. Once again, Fairchild requested that Power Integrations either agree to extend the date for the pretrial conference or begin the meet and confer process. *Id.* Power Integrations refused to provide any of the materials required by the Delaware Local Rules or even commit to a schedule for the exchange of such materials. *Id.* Instead, Power Integrations proposed a "phased" exchange where the parties would continue to work on objections to exhibits and the other material required by the Local Rule ***after the date of the pretrial conference.*** *Id.*

Fairchild did not receive any of the materials required by the Delaware Local Rules or Power Integrations proposed "schedule" on April 10, 2006. Thus, Fairchild wrote one final time to

request that Power Integrations cooperate in the preparation of the pretrial conference order. de Blank Decl., Exh. D. Fairchild explained that Fairchild would seek the assistance of the Court if Power Integrations would not either stipulate to extend the pretrial conference or meet and confer as required by the Delaware Local Rules. *Id.*

On April 11, 2006, Power Integrations responded. de Blank Decl., Exh. E. Power Integrations acknowledged that it is "responsible for most of the work in compiling the pre-trial order" but refused to provide Fairchild any portion of that material prior to April 21, 2006. *Id.* Power Integrations also demanded that Fairchild provide Fairchild's exhibit lists and deposition designations that same day. *Id.* This is, of course, impossible since Fairchild needs to review the evidence upon which Power Integrations intends to rely in order for Fairchild to identify the relevant exhibits and deposition testimony. Recognizing the difficulty of completing the pretrial conference statement in the allotted time, Power Integrations, once again, proposed that the parties have the pretrial conference before they have completed their deposition designations, exhibit lists, and objections. *Id.*

### III.     THE COURT SHOULD RESCHEDULE THE PRETRIAL CONFERENCE.

It is Power Integrations' obligation to file the pretrial conference order. *See* Del. L.R. 16.4(d). Power Integrations, however, refuses to meet and confer and refuses to begin to provide Fairchild with drafts of the materials required by Delaware Local Rules 16.4(d), 47, and 51 until two weeks before the currently scheduled date for the pretrial conference. This refusal – combined with the parties' ongoing fact discovery, expert discovery, and motion practice – make it impossible for the parties to complete their proposed jury instructions, deposition designations and counter-designations, exhibit lists, witness lists, statements of fact and law, and the other materials required by the Delaware Local Rules by May 8, 2006.

Therefore, Fairchild respectfully requests that the Court amend its schedule and set the pretrial conference on or after June 1, 2006, at a date convenient to the Court. This three week extension will permit the parties to complete discovery and motion practice, and prepare and exchange their portions of the pretrial order before the conference occurs. There will be no prejudice to Power Integrations since the Court has yet to schedule a trial date, and the Court has

indicated that trial will likely not occur until after the Court's August vacation.

In contrast, Power Integrations' plan that the parties complete their exhibit lists, deposition designations, and objections *after* the pretrial conference is inefficient and would render the pretrial conference a meaningless exercise.  The parties must complete their proposed pretrial order before the pretrial conference in order to provide the Court with the information it needs to schedule and frame the issues for trial.  Power Integrations recognition that this cannot be done before the pretrial conference is reason, alone, to extend the schedule.

### IV.     CONCLUSION.

For the foregoing reasons, Fairchild respectfully requests that the Court enter the attached order extending the date of the pretrial conference.

>                                        ASHBY & GEDDES
>
>                                        /s/ *John G. Day*
>                                        _____
>                                        Steven J. Balick (I.D. #2114)
>                                        John G. Day (I.D. #2403).
>                                        Lauren E. Maguire (I.D. #4261)
>                                        222 Delaware Avenue, 17th Floor
>                                        P.O. Box 1150
>                                        Wilmington, DE  19899
>                                        302-654-1888
>                                        sbalick@ashby-geddes.com
>                                        jday@ashby-geddes.com
>                                        lmaguire@ashby-geddes.com
>
>                                        *Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated:  April 12, 2006
168480.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2006, the attached **DEFENDANTS' EXPEDITED MOTION TO POSTPONE PRETRIAL CONFERENCE** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 N. Market Street<br>Suite 1100<br>P.O. Box 1114<br>Wilmington, DE  19899 | HAND DELIVERY |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA  02110-2804 | VIA FEDERAL EXPRESS |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN  55402 | VIA FEDERAL EXPRESS |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA  94063 | VIA FEDERAL EXPRESS |
| Andre G. Bouchard, Esquire<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE  19801 | |

/s/ *John G. Day*
_____
John G. Day