IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371 JJF |

## PLAINTIFF POWER INTEGRATIONS, INC.'S OPPOSITION TO FAIRCHILD'S EXPEDITED MOTION TO POSTPONE PRETRIAL CONFERENCE

Fairchild has no good excuse for filing its Motion to Postpone the Pretrial Conference (D.I. 237). Though Fairchild accuses Power Integrations of wrongdoing in an attempt to create an aura of impossibility surrounding the parties' preparations for the pretrial conference, there is no emergency here, nor is there any impediment to completing the pretrial submissions on time. The pretrial conference has been scheduled by stipulation since November 3, 2005 (D.I. 128), Power Integrations has acted in reliance on the present date, and the parties should proceed accordingly.

First, while Fairchild argues that it simply cannot complete its portion of the pretrial submissions on time, the truth is if Fairchild had spent as much time preparing the pretrial papers as it has spent attempting to avoid filing them, the work would already be done. And at the same time that Fairchild has found the time to file two motions seeking to put off the pretrial, it has also squeezed in the preparation and filing of a duplicative

lawsuit in Marshall, Texas,[1] apparently believing the specter of a redundant case in a forum less efficient than this one would somehow drive (or at least slow) resolution of this case. Fairchild's motives are both obvious and obviously insufficient.

Second, Fairchild's claim of non-cooperation has no basis. The fact that Power Integrations did not accept Fairchild's arbitrary schedule for exchanging pretrial submissions, according to which Power Integrations would have been required to deliver the complete pretrial order to Fairchild more than a month before the pretrial conference, does not constitute a "refusal to meet and confer." Indeed, Power Integrations responded to Fairchild's concern about the timing of submissions with a proposal that the parties finalize the details and objections for exhibit lists and deposition designations at a later date, subject of course to the Court's approval, to allow the parties to continue to work cooperatively to resolve disputes relating to these typically most time-consuming of the pretrial tasks in a manner that would minimize any burden on the Court and the parties. Such a proposal would not render the pretrial conference a "meaningless exercise" as Fairchild suggests (D.I. 237 at 4). It is regrettable that Fairchild now attempts to characterize Power Integrations' efforts to accommodate Fairchild's concerns as a recognition that the pretrial submissions could not be completed on time. Power Integrations has always maintained just the opposite, and its pretrial submissions will be done on time despite Fairchild's efforts to disrupt the process with motions like the present one.

Third, summary judgment briefing similarly provides no excuse for delaying the pretrial conference. To the extent the summary judgment schedule has imposed a burden on Fairchild, that burden lies where it should, as Fairchild is the party that filed seven

---

[1] The complaint in that case and Fairchild's press release announcing the filing are attached as Exhibits A and B. The asserted patent is Fairchild's primary prior art reference – indeed, its primary defense – to the Power Integrations '075 patent asserted in this case. The Texas filing is therefore plainly improper, and that case should be transferred to this Court and stayed pending the outcome here. Power Integrations will file the papers required to justify this result shortly.

2

summary judgment motions. Fairchild filed these motions with full knowledge of the case schedule it stipulated to months before and should live with that decision. In fact, to the extent Fairchild chose to file seven summary judgment motions in order to point to them as a reason to delay pretrial proceedings, the Court should not reward Fairchild's strategy.

Finally, moving the pretrial conference would prejudice Power Integrations and its counsel. For one thing, counsel's schedules simply do not allow for the three-week extension Fairchild seeks, as the pretrial conference has been on calendar for months. Further, Power Integrations has scheduled a mock jury exercise in this case for June 10-11, and it has committed substantial resources in preparation for that exercise. Power Integrations did so in reliance on the May 11 pretrial date, and it is essential that the conference take place sufficiently in advance of the jury exercise so that (1) the parties know what the trial will look like, and (2) the pretrial order/conference does not interfere with Power Integrations' preparations for the mock. The relief Fairchild seeks, a three or more week extension to the current schedule for the pretrial conference, is therefore unworkable.[2]

For all of these reasons, the Court should deny Fairchild's Motion to Postpone the Pretrial Conference, keep the parties on track for the pretrial conference that has been scheduled by stipulation for more than five months now, and permit the parties to frame this case for trial.

---

[2] If the Court is inclined to move the pretrial conference at all, Power Integrations requests that the Court delay the conference by no more than a week or two (at most), as the June 1, 2006 date Fairchild implicitly seeks presents a particular hardship on Power Integrations counsel.

3

Dated: April 20, 2006            FISH & RICHARDSON P.C.

By: /s/ William J. Marsden, Jr.
William J. Marsden, Jr. (#2247)
(marsden@fr.com)
Sean P. Hayes (#4413)
(hayes@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2006, I electronically filed with the Clerk of Court PLAINTIFF POWER INTEGRATIONS, INC.'S OPPOSITION TO FAIRCHILD'S EXPEDITED MOTION TO POSTPONE PRETRIAL CONFERENCE using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

> Steven J. Balick, Esq.
> John G. Day, Esq.
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> P. O. Box 1150
> Wilmington, DE 19899

I hereby certify that on April 20, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

> G. Hopkins Guy, III
> Bas de Blank
> Orrick, Herrington & Sutcliffe, LLP
> 1000 Marsh Road
> Menlo Park, CA 94025

William J. Marsden, Jr.

1