# EXHIBIT A

RECEIVED BY HAND

SEP 1 7 2004

A&G

# In The Matter Of:

## St. Clair Intellectual, Property Consultants v. Canon, Inc., et al.

## Hearing
## September 16, 2004

### Hawkins Reporting Service
### 715 N. King Street, Suite 3
### Wilmington, DE  19801
### (302) 658-6697

Original File 091604~1.TXT, 31 Pages
Min-U-Script® File ID: 2828120607

# Word Index included with this Min-U-Script®

St. Clair Intellectual Property Consultants v. Canon, Inc., et al.

Case 1:04-cv-04371-JJF    Document 248-2    Filed 04/24/2006    Page 3 of 13

Hearing
September 16, 2004

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL, )
PROPERTY CONSULTANTS, )
INC., )
    Plaintiff, )
             )
v.          ) C.A. No. 03-241 (JJF)
CANON, INC., et al.,  )
    Defendants. )

Thursday, September 16, 2004
1:00 p.m.
Courtroom 4B
844 King Street
Wilmington, Delaware

BEFORE: THE HONORABLE JOSEPH J. FARNAN, JR.
United States District Court Judge

APPEARANCES:
   RICHARDS, LAYTON & FINGER
   BY: FREDERICK L. COTTRELL, III, ESQ.
  and
   ROBINS, KAPLAN, MILLER & CIRESI, LLP
   BY: RONALD J. SCHUTZ, ESQ.
   BY: JAKE M. HOLDREITH, ESQ.
   BY: BECKY R. THORSON, ESQ.
   BY: CARRIE M. OLAMBERT, ESQ.
   BY: KIMBERLY G. MILLER, ESQ.
     Counsel for the Plaintiff

Page 2

APPEARANCES CONTINUED:
   MORRIS, NICHOLS, ARSHT & TUNNELL
   BY: JULIA HEANEY, ESQ.
  and
   KRAMER, LEVIN, NAFTALIS & FRANKEL, LLP
   BY: JOHN E. DANIEL, ESQ.
   BY: DONALD L. RHOADS, ESQ.
   ASHBY & GEDDES
   BY: JOHN G. DAY, ESQ.
  and
   HOGAN & HARTSON, LLP
   BY: STEN A. JENSEN, ESQ.
   BY: STEVEN J. ROUTH, ESQ.
   Wilmington, Delaware 19801
     for the Defendant Fuji

Page 3

[1] THE CLERK: All rise.

[2] THE COURT: All right. Be seated, [3] please.

[4] Good afternoon. [5] Okay. We're here for the pretrial [6] conference in 03-241 pursuant to Rule 16(c). The [7] parties have submitted a proposed pretrial order, [8] which I've reviewed.

[9] And this conference won't be the [10] final pretrial conference, because there-'s some [11] matters that the parties still have to work on [12] prior to commencement of trial. I'm going to go [13] through a list of the issues that I believe have [14] to be addressed before we can commence trial.

[15] And then I'll take any questions [16] that the parties might have to clarify the items [17] that I'll be reviewing.

[18] First, there are, I don't know, 35 [19] or 40 motions that are pending. I have resolved [20] them all.

[21] And after this pretrial conference, [22] some of the — I think almost all of the [23] decisions are in order form or memorandum of [24] order form. They'll be available for the parties

Page 4

[1] to have.

[2] I think there might be one or two [3] that I redrafted. But essentially all the [4] motions have been resolved that were pending.

[5] In that regard, one of the motions [6] by St. Clair was to try the case with both [7] defendants. The defendants answered that early [8] on in the case. I had said that I was going to [9] separate the defendants, Fuji and Canon, and so [10] I've denied St. Clair's motion. There will be a [11] separation of the defendants for trial.

[12] I'm going to take the suggestion [13] under advisement or any suggestions under [14] advisement that St. Clair might have as to who [15] you would want to proceed against first, whether [16] it be Canon or Fuji.

[17] MR. SCHUTZ: Your Honor, we would [18] prefer to proceed against Canon first.

[19] THE COURT: All right. Then Canon [20] will be the first defendant.

[21] Now, in the earlier discussion, I [22] had talked about, just for the record, I mean [23] that ruling was in Docket Item 158. I had talked [24] about the second trial would occur immediately

Page 5

[1] after the first trial. Some scheduling [2] difficulties might not allow that.

[3] But it won't be very long after the [4] first trial. We might have to make some [5] adjustment in the date of the commencement of [6] that trial.

[7] And it will be by separate jury. [8] Not the same jury that hears the Canon case.

[9] I wanted to address claim [10] construction. A few weeks ago, I issued my claim [11] construction, and I want to make it clear, [12] because some of the motions deal with this, that [13] at both trials the only claim construction that [14] is permitted to be referred to is the claim [15] construction in my August order.

[16] No party is permitted to refer to [17] any contention of claim construction undertaken [18] by another party or by an expert that might have [19] been given prior to my order. So for purposes of [20] both trials, the only reference can be to the [21] claim construction now in place.

[22] That may require defendants, both [23] Canon and Fuji, to have their experts obviously [24] alter what they'll present. But I don't want to

Page 6

[1] see any documents at the trial or any requests [2] for testimony from any witness about what a party [3] might have believed the claim construction was [4] before my order was issued. The claim [5] construction is what it is now.

[6] With regard to the trial, once we [7] can address the issues that I'm going to go [8] through this afternoon, I'll be able to allocate [9] time, beginning with the

Canon trial, for each [10] side. But I'm not prepared to do that today, [11] because of some of the matters that I want you to [12] take up.

[13] I'm going to start with the — and [14] I'll give you some general reference to the [15] pretrial order. Page 5, Paragraph F, that [16] statement there that the parties have not listed [17] those exhibits that may be used solely for [18] purposes of cross-examination, impeachment, or [19] rebuttal.

[20] If an exhibit isn't listed in the [21] pretrial order, it has no use at trial. I don't [22] need you to categorize your intention as to use, [23] but you've got to list all exhibits that would be [24] used at the trial.

Page 7

[1] The whole idea of a civil pretrial [2] is so that there are no surprises to either side [3] about what might be coming into the record. So [4] that will have to be cured.

[5] Additionally, Paragraph H, no [6] exhibit will be admitted into evidence unless [7] identified in this order or unless leave of Court [8] is obtained. That should be a period after [9] identified in this order, because there's not [10] going to be any legal course.

[11] Just as I told you about exhibits, [12] generally, unless it's other than demonstrative [13] exhibits, and exhibits that may be used solely [14] for purposes of cross-examination, impeachment or [15] rebuttal, I've already addressed that. But let [16] me address the reference to the demonstrative [17] exhibits.

[18] As you know, demonstrative exhibits [19] are controlled in their admission by the rules. [20] There's not a real clear recitation of how [21] demonstrative exhibits are to be handled.

[22] There is an article out that was in [23] one of the professional pieces of literature back [24] in November of 2000, and I've followed this

Page 8

[1] before that article, and of course, since that [2] article.

[3] And since it says, Only Federal [4] Rules of Evidence 611(a) comes close to [5] addressing the use of the demonstrative evidence [6] in exhibits. The Court shall exercise reasonable [7] control over the mode and order of interrogating [8] witnesses and presenting evidence, so as to; one, [9] make the interrogation and presentation effective [10] for the ascertainment of the truth; and two, [11] avoid needless time, needless consumption of [12] time.

[13] And then it goes on to talk about [14] they left this issue broad by stating use of [15] demonstrative evidence and the

**Hearing**
**September 16, 2004**

Case 1:04-cv-01371-JJF    Document 248-2    Filed 11/21/2006    Page 4 of 13

St. Clair Intellectual Property Consultants v.
Canon, Inc., et al.

many other [16] questions arising during the course of a trial [17] can be solved only by the Judge's common sense [18] and fairness in view of the particular [19] circumstances.

[20] Well, as you all know, patent cases [21] are very complex. You're trying this case to a [22] jury.

[23] My practice is this: The parties, I [24] think, are advantaged by the use of demonstrative

[1] exhibits during the course of a patent trial.

[2] However, it becomes very difficult [3] for trial judges to balance in fairness what [4] exhibit gets in, and what exhibit doesn't get in.

[5] And because, even though you've been [6] with the case for a year or two, you don't have [7] the sense of the case that a lawyer might who [8] might be strategically making an effort to use an [9] exhibit that truly might be unfair to the other [10] side.

[11] So in this case, with the patent [12] claims we have at issue, and the technology, I'm [13] going to require that, for demonstrative exhibits [14] to be admitted into the record, both sides have [15] to agree.

[16] So there will be no demonstrative [17] exhibits in the record unless both sides agree [18] that the demonstrative exhibits are going to go [19] into the record.

[20] If you don't agree, then it's no [21] problem. You can still use demonstratives at the [22] trial, but what I'll do is, and I have to say [23] it's somewhat arbitrary, I'll examine any [24] objected to demonstratives for fairness and bias.

[1] And I'll do the best I can. Again, [2] I think it's better if you can agree to what to [3] admit and what exhibits you want admitted.

[4] If you can't, you can still use [5] them. They won't be in the record.

[6] And if you object to the other [7] side's, then I'll take a look at them and give [8] you my best common sense decision on that day.

[9] In the opening statement, [10] demonstratives are typically used, whether by [11] agreement or by the other process I talked about.

[12] I'm going to limit opening [13] statements in this case. Once we do the work [14] about exhibits and witnesses to a certain amount [15] of time in the opening statement, there shouldn't [16] be any argument.

[17] Lawyers have the understanding, I [18] guess, that opening statements have sort of [19] expanded to something more than

an outline of [20] your evidence. I don't need to hear an objection [21] about argument.

[22] I'm going to listen very carefully, [23] and I'm going to interrupt the lawyer who I think [24] is arguing, and tell him to return to the purpose

[1] of the opening statement. I don't want to [2] do that, because that starts to put me into the [3] case. But if you can't follow the clearly [4] understood guidelines of what an opening [5] statement should be, I'm not going to make the [6] other side stand up and object and wait for a [7] ruling. I'll get into it.

[8] So demonstratives in your opening [9] statement, but don't argue. Outline your [10] evidence, what your witnesses will testify to, [11] and the issues, and stay away from recitations of [12] the law. You should save that for closing [13] argument.

[14] Now, in the order, you — let's talk [15] about that.

[16] This procedure, and there's some [17] times and dates. Bottom line for me is if this [18] case is going to start on the 27th, if you have [19] completed all your exchanges that you contemplate [20] in this paragraph and others by the Friday before [21] at 5:00 p.m., that will satisfy me.

[22] If that's, again, an effort to let [23] the lawyers control the trial of their case, if [24] you can't agree to that, then all you have to do

[1] is let me know and I'll weigh in. It will be an [2] earlier date, though because I'm not going to [3] wait that long.

[4] If I have to make a decision, I'm [5] going to have to schedule a hearing for you and [6] get involved in that.

[7] Now, once we have an adequate [8] witness list, I'm satisfied if each side that is [9] on for direct advises the other side 48 hours in [10] advance of who's testifying.

[11] 48 hours ends at the 9:00 a.m. time. [12] So from 9:00 a.m., get back up to 9:00 a.m.

[13] And you should, also, at the same [14] time, provide a copy of the exhibits to be used [15] with that witness. Now, that's during the course [16] of the trial.

[17] That's after you complete, the [18] Friday before we start your total exchange. And [19] then as your case goes on, you want to move [20] things around, you want to adjust exhibits, [21] you'll have that 48-hour window to be noticed if [22] you're on the receiving end. And you'll have to [23] prepare 48 hours in advance if you're on the [24] presenting end.

[1] There's a reference here in [2] Paragraph J on Page 6 to animations, model [3] simulations being produced by September 22nd. [4] That's the midpart of the week before the trial.

[5] That's acceptable to me, but if [6] there — I'm not sure what an investigation [7] entails. And I don't want to be dealing with [8] objections during the course of the trial.

[9] So I'm going to put a deadline on [10] objections at four o'clock on the 24th. Now, [11] does anybody think that that's not long enough to [12] take a look at whatever is being proposed?

[13] And, of course, those kinds of [14] exhibits are demonstrative exhibits in my book. [15] So you know, they'll fall under that first [16] rubric.

[17] But is that enough time to object?

[18] **MR. SCHUTZ:** Yes, Your Honor.

[19] **MR. DANIEL:** Yes, Your Honor.

[20] **MR. SCHUTZ:** One clarification. If [21] we don't agree on it being admissible to the [22] jury, might we otherwise use it for illustrative [23] purposes?

[24] **THE COURT:** That's what I said.

[1] **MR. SCHUTZ:** Right.

[2] **THE COURT:** If you can agree, then [3] you can admit them in evidence, and they can go [4] to the jury.

[5] **MR. SCHUTZ:** Got you.

[6] **THE COURT:** If you can't agree, then [7] they can only be used for illustrative purposes [8] subject to objection for bias and fairness.

[9] **MR. DANIEL:** Thank you.

[10] **THE COURT:** And you'll present those [11] exhibits pre — before the commencement of trial. [12] And I'll look at each one here in the courtroom, [13] and I'll tell you it's in or out based on what [14] the other side argues about the lack of fairness, [15] and what it presents, or the bias.

[16] Of course, it's undue bias that it [17] would — or undue prejudice that it would bring [18] to the case.

[19] All right. And these are things [20] that I always have to address, and they go [21] through the remaining paragraphs.

[22] I looked at the witness list, and I [23] know that those witnesses aren't coming to [24] testify, all of them, either live or by

[1] deposition. I used to have a rule that if you [2] didn't present 80 — I forget what it was — 80 [3] or 90 percent of what you listed, you suffered a [4] sanction. And that was before we timed trials.

St. Clair Intellectual Property Consultants v.
Canon, Inc., et al.

Case 1:03-cv-00241-JJF   Document 248-2   Filed 04/24/2006   Page 5 of 13

Hearing
September 16, 2004

[5] So I think people would put people [6] on for one minute just to get to the 80 or 90 [7] percent. So that was a stupid rule.

[8] Then we went to — after I was in [9] Pittsburgh, I found out you could actu-[10] ally time [10] trials. I came back and we started timing [11] trials, and that's what controls the witness [12] list.

[13] But what's happened in patent cases [14] is that timing solves the courtroom problem, but [15] it doesn't solve the preparation problem for the [16] other side.

[17] So I don't want to be the one that [18] orders that you're limited to "X" number of [19] witnesses. I don't want to do that.

[20] I will do that if you can't get [21] these witnesses lists pared down. So you know, I [22] know there's got to be a little bit of [23] strategizing in — you know, in your own camps. [24] So, you know, if you want to list 18 people, but

Page 16

[1] you know you're only going to call 15 or 14, [2] that's okay. But the lists as they are now, [3] there's no way those people are coming.

[4] So I would, again, have to weigh in [5] if you can't pare them down to a reason-able [6] number that fall within the possibility of being [7] called at trial. I'll just give you a number, [8] and you know, it's not going to be a large [9] number.

[10] So you're better off pairing down [11] your list and resubmitting it at the second [12] pretrial conference, so that I can feel [13] comfortable that the other side is not being [14] disadvantaged by having to prepare for a whole [15] lot of people that are never showing up.

[16] Same thing applies to exhibits. [17] This is a jury trial.

[18] If an exhibit is admitted, it goes [19] to the jury. Are you all trying to confuse them, [20] or are you all trying to get your story to them [21] so that they understand it?

[22] You've got to pair down the exhibit [23] list. Otherwise, I'll put a number on it.

[24] That — in my experience, typically

Page 17

[1] go — exhibits go to a jury that are actually [2] admitted into evidence. Again, I don't want to [3] do that, because I think, again, it causes me to [4] become an advocate sort of, which I don't want to [5] do.

[6] So you've got to pair down your [7] witness lists substantially. And you've got to [8] pair down your exhibit lists sub-stantially.

[9] And they have to be in with the [10] thought that this is a jury trial, and who [11] are [11] you really going to call? And what are you [12] really going to admit into the

record that's [13] going back to that jury room?

[14] And in that regard on witness lists, [15] in a civil case that's pretried, absent some true [16] surprise, and I'm talking about a Perry Mason TV [17] type surprise, like someone that was dead walks [18] into the doors of the courtroom, and here they [19] are, but we're all surprised. You've got to list [20] the witnesses, rebuttal, whatever they are.

[21] I know there's going to be shifting [22] burdens here, because of the defenses. But [23] everybody has got to list all their witnesses [24] within that reduced pared down witness list.

Page 18

[1] In the order, you talk about [2] rebuttal, impeachment are accepted, but they're [3] not accepted.

[4] You've got to give notice. You [5] don't have to designate them as that, but you've [6] got to give notice of the name and other [7] identifying information.

[8] The other matter — well, I'm going [9] to leave that open, because you've got a lot to [10] do.

[11] And — but I do think we need to do [12] some work on the issues, because I think we ought [13] to have a good idea of what the legal issues are [14] before the trial commences, so that you can work [15] both in your opening and through your [16] presentation with what's ul-timately [17] going to be [17] the jury in-structions.

[18] And the jury instructions are, at [19] this point, unacceptable as are the re-citation of [20] the legal issues, at least, in my view, based on [21] what I know about the case. But I'm going to [22] hold off on that conversation until you get [23] through these other tasks.

[24] Okay. They're the items that I had

Page 19

[1] from my first review of your — oh, there's one. [2] There's a language in the exhibits "created at [3] trial".

[4] Now, an exhibit created at trial, [5] what I think you're saying is I'm going to take [6] the board. I'm going to take the witness. And [7] I'm going to go through the testimony, and for [8] illustrative purposes, write it down.

[9] I think that's a great trial [10] technique, but do the board with the witness [11] before you get here, and show it to the other [12] side. And then you can do that technique with [13] the jury. But the other side ought to know [14] exactly what's going to be on that sheet of paper [15] if you're going to do the creation of exhibit at [16] trial technique.

[17] Again, this is a complex civil case [18] and pretrying it means that there really aren't [19] going to be any surprises. And

that's all I [20] have.

[21] All right. Does the plaintiff have [22] an idea of, and then I'll ask Canon, when we can [23] get back together again when this work could be [24] accomplished?

Page 20

[1] MR. SCHUTZ: Your Honor, we will be [2] moving out here on Monday. So everybody on the [3] trial team will be here Tuesday.

[4] We're at the Court's disposal after [5] that. I think, what, a couple days to work with [6] Canon?

[7] And can we just limit our work to [8] Canon? I know there are issues of both.

[9] THE COURT: Yeah. Fuji right now is [10] — I'm sure they're going to protest about this, [11] but they're sort of put on the side for now.

[12] I really want this to be — since [13] you selected Canon — I mean, St. Clair and [14] Canon — Fuji can certainly observe. But we're [15] right now dealing with St. Clair and Canon.

[16] How about for Canon?

[17] MR. DANIEL: Your Honor, we would be [18] prepared to work with them in the next few days. [19] And I suppose we meet next — is Wednesday good?

[20] THE COURT: Let me just get the [21] calender up here. Are you going to be in town, [22] also?

[23] MR. DANIEL: Yes.

[24] THE COURT: Okay. Do you want to —

Page 21

[1] why don't we do this: You want to come over on [2] the 22nd, which is Wednesday, and I'll make it [3] later in the day, that way you have that day to [4] work with each other.

[5] Do you want to come over at, like, [6] 4:30?

[7] MR. SCHUTZ: We're at your disposal, [8] Your Honor.

[9] THE COURT: 4:30 on Wednesday the [10] 22nd, we'll have a second pretrial conference [11] that will address the matters that I've raised [12] here today.

[13] Here, Debbie. [14] All right. Anything else on behalf [15] — as I said, you are going to be getting the [16] order on the pending motions. They're done.

[17] Anything else on behalf of St. [18] Clair?

[19] Canon?

[20] MR. DANIEL: Your Honor, something [21] you mentioned earlier about not making reference [22] to contentions about claim construction.

[23] THE COURT: Yes.

[24] MR. DANIEL: I assume that that

**Hearing**
**September 16, 2004**

Case 1:04-cv-01371-JJF    Document 248-2    Filed 04/24/2008    Page 6 of 13

St. Clair Intellectual Property Consultants    v.
Canon, Inc., et al.

### Page 22

[1] excludes if we have to explain what people [2] thought about the claims at Canon when they were [3] analyzing them years ago?

[4] THE COURT: Oh, yes.

[5] MR. DANIEL: Yeah. Okay.

[6] THE COURT: What I've let slide a [7] little bit, and you know, it's a — I reconciled [8] it September 1 is that at trial sometimes — I've [9] been in trial with St. Clair before. They did [10] not do this, to my recollection, in the prior [11] case.

[12] But some patent lawyers when they're [13] successful on their claim construction want to [14] take what the other side was arguing to me and [15] then attempt to impeach the expert. That's what [16] I'm talking about.

[17] But actually, I've allowed your [18] design around evidence. So I think it was [19] your — maybe it was Fuji.

[20] MR. DANIEL: Both.

[21] THE COURT: Both. Yeah.

[22] So that would be what you understood [23] the patent to be would be allowed. I'm talking [24] about directly examination of witnesses directly

### Page 23

[1] on the contentions, or in this case in the [2] briefing in the arguing of the claims.

[3] MR. DANIEL: That's what I assumed.

[4] I just wanted to make sure it's clear.

[5] THE COURT: Yeah.

[6] MR. DANIEL: One other question, [7] Your Honor. How much time will we have for [8] trial?

[9] And I know you've issued the order, [10] but where did we come out collectively in the [11] bifurcation?

[12] THE COURT: I didn't issue the order [13] on trial time. I said at the beginning of this [14] conference, that I hadn't done that yet, and I [15] wasn't going to do it until I have you back [16] again.

[17] St. Clair and yourself, if I recall, [18] were between 30 and 40 hours for each side.

[19] MR. SCHUTZ: No, Your Honor. I [20] believe in a unified trial, we had proposed 30 as [21] one defendant we think.

[22] THE COURT: That's what I'm saying.

[23] MR. SCHUTZ: Oh, yeah. Oh, yeah.

[24] THE COURT: What I read was —

### Page 24

[1] MR. SCHUTZ: Yes.

[2] THE COURT: — that there was 30 and [3] then the other side had said 40 or, roughly [4] that. Isn't that right?

[5] MR. DANIEL: We said 40, but I think [6]

### Page 24 (continued column)

also on a bifurcated basis. That was going to [7] exclude damages.

[8] THE COURT: Right. Both of you are [9] probably wrong on what I'm going to give you.

[10] But I don't want to allocate time [11] until I get you back here and see the work you've [12] done on the witnesses, because I really do look [13] at witness lists, and the exhibit list, and I try [14] to be reasonable.

[15] So I haven't set an amount of time [16] yet.

[17] MR. DANIEL: But was there any [18] bifurcation or not?

[19] THE COURT: No.

[20] MR. DANIEL: No. Thank you.

[21] THE COURT: I'm sorry. What was [22] your question?

[23] MR. DANIEL: That was my question, [24] and it ties into how much time.

### Page 25

[1] THE COURT: It was a long [2] explanation. There's no bifurcation wilfulness [3] in yours.

[4] It was willfulness, liability and [5] damages. It's all in.

[6] And in Fuji, they wanted to have the [7] damages put aside, but there's some recitation in [8] the order about judicially common. In this case, [9] I haven't been convinced that that would be of [10] any assistance.

[11] And I'll be candid with you, when I [12] looked at your defenses, I mean, I'm not adverse [13] to take infringement separately, invalidity [14] separately and damages separately. But when I [15] looked at your defense and I saw what evidence [16] the parties were talking about, there's so much [17] that just has interplay to it, that I'm just [18] going to let it all go to a jury. That way I [19] don't have to worry about parsing them fairly.

[20] MR. DANIEL: Just one other [21] question. That is, that since we're going [22] forward, I assume you denied the motion regarding [23] Mirage and the subject matter jurisdiction?

[24] THE COURT: At this point, yes.

### Page 26

[1] MR. DANIEL: Okay. And —

[2] THE COURT: And we're talking about [3] the ownership.

[4] MR. DANIEL: The ownership.

[5] THE COURT: And so let me just say, [6] yes, I have.

[7] MR. DANIEL: Okay. Because what we [8] would then ask is that the ownership issue now [9] become a further defense in the case as would be [10] typical when you have a dispute over ownership.

[11] THE COURT: That's what I figured

### Page 26 (continued column)

[12] was going to happen.

[13] MR. DANIEL: Okay. So that when [14] we're talking about pairing down the number of [15] witnesses, we know that that's in the case, and [16] we have to account for it.

[17] THE COURT: Why don't you do this: [18] Look at all the orders, because there's like 40 [19] of them, or 30 something of them.

[20] MR. ROUTH: Mm-hmm.

[21] THE COURT: And if you have any [22] questions that you want me to clarify those [23] orders along the lines you're asking now, I'll be [24] happy to even get with you on the phone before we

### Page 27

[1] get to the 22nd.

[2] MR. DANIEL: Wonderful. Thank you [3] very much, Your Honor.

[4] MR. ROUTH: Your Honor, Steve Routh [5] for Fuji. I understand what the Court said about [6] scheduling.

[7] I take it from the Court's comments, [8] we will likely go to trial in October. We have, [9] in addition to witnesses from Japan, translators [10] to hire and change the dates.

[11] Is there anymore guidance the Court [12] can give us about what is likely to be the [13] timing, if not absolutely certain at this point?

[14] THE COURT: I can't because I don't [15] know the timing of this trial. That's my [16] problem.

[17] You all wanted to be separate.

[18] MR. ROUTH: Yes.

[19] THE COURT: St. Clair wanted you to [20] be together. You knew from the beginning that [21] being separate meant you were coming after — [22] whether it was you or Canon, somebody was coming [23] after the first trial. And I don't have the [24] first trial in order yet to my satisfaction.

### Page 28

[1] So it's hard, but I'm giving you a [2] long explanation, because I want you to [3] understand my thinking. By next Wednesday, I [4] should be in a better position to give you some [5] target dates.

[6] MR. ROUTH: We will likely be here [7] as an observer, as the Court put it, for those [8] upcoming conferences. I want the Court to be [9] aware, there is, as I am sure you're already [10] aware, a fair amount of contracting and [11] logistics, that if we get as much advance notice [12] as possible, we'd appreciate it.

[13] THE COURT: We had the same with the [14] Sony case folks coming over, and I think we were [15] able to accommodate. You know, if you need some [16] change, I have time to do it.

St. Clair Intellectual Property Consultants v.
Canon, Inc., et al.

Hearing
September 16, 2004

[17] And if I don't have time, we have a [18] procedure here where we do two trials a day.

[19] MR. ROUTH: Mm-hmm.

[20] THE COURT: And it works out fine. [21] If you need a serious accommodation to your [22] witness or something, I can even put part of the [23] trial on that kind of a schedule.

[24] So I think we'll be able to assist

Page 29

[1] you to your satisfaction of timing the trial.

[2] MR. ROUTH: Thank you very much, [3] Your Honor.

[4] THE COURT: All right. I hope any [5] way.

[6] All right. I used to like to say [7] I'm here all the time. I get the same check at [8] the end of the month.

[9] So it works. We'll be able to help [10] you out.

[11] MR. ROUTH: One of the real [12] difficulties is the translators, you're getting [13] Japanese translators for a week. They're now [14] going to be released for the week of the 27th.

[15] Obviously, we need to get her locked [16] in as soon as we can.

[17] THE COURT: I understand. You're [18] going to have cross-translation; right?

[19] MR. SCHUTZ: Yes.

[20] THE COURT: So you have the same [21] problem.

[22] MR. SCHUTZ: We just need to extend [23] that, and that will be the — one of the first [24] phone calls we make.

Page 30

[1] MR. ROUTH: Thank you.

[2] THE COURT: We'll be able to work [3] that out for you.

[4] Okay. Anything further?

[5] MR. DANIEL: No, Your Honor.

[6] THE COURT: Fuji, anything else?

[7] MR. ROUTH: Nothing more, Your [8] Honor.

[9] THE COURT: All right. Thank you [10] very much.

[11] And we'll see you on the 22nd at [12] 4:30.

[13] THE CLERK: All rise.

[14] (Court was adjourned at 1:37 p.m.)

Page 31

set my hand and seal this 17th day of September, 2004, at Wilmington.

Heather M. Triozzi, RPR, CSR

State of Delaware )
New Castle County )
CERTIFICATE OF REPORTER
I, Heather M. Triozzi, Registered Professional Reporter, Certified Shorthand Reporter, and Notary Public, do hereby certify that the foregoing record, Pages 1 to 30 inclusive, is a true and accurate transcript of my stenographic notes taken on September 16, 2004, in the above-captioned matter.
IN WITNESS WHEREOF, I have hereunto

**Lawyer's Notes**

St. Clair Intellectual Property Consultants v.
Canon, Inc., et al.

Case 1:03-cv-00241-JJF    Document 248-2    Filed 04/24/2006    Page 9 of 13

Hearing
September 16, 2004

# 0

03-241 3:6

# 1

1 22:8
14 16:1
15 16:1
158 4:23
16(c 3:6
18 15:24
1:37 30:14

# 2

2000 7:24
22nd 13:3; 21:2, 10; 27:1;
30:11
24th 13:10
27th 11:18; 29:14

# 3

30 23:18, 20; 24:2; 26:19
35 3:18

# 4

40 3:19; 23:18; 24:3, 5;
26:18
48 12:9, 11, 23
48-hour 12:21
4:30 21:6, 9; 30:12

# 5

5 6:15
5:00 11:21

# 6

6 13:2
611(a 8:4

# 8

80 15:2, 2, 6

# 9

90 15:3, 6
9:00 12:11, 12, 12

# A

a.m 12:11, 12, 12

able 6:8; 28:15, 24; 29:9;
30:2
absent 17:15
absolutely 27:13
acceptable 13:5
accepted 18:2, 3
accommodate 28:15
accommodation 28:21
accomplished 19:24
account 26:16
actually 15:9; 17:1; 22:17
addition 27:9
Additionally 7:5
address 5:9; 6:7; 7:16;
14:20; 21:11
addressed 3:14; 7:15
addressing 8:5
adequate 12:7
adjourned 30:1
adjust 12:20
adjustment 5:5
admissible 13:21
admission 7:19
admit 10:3; 14:3; 17:12
admitted 7:6; 9:14; 10:3;
16:18; 17:2
advance 12:10, 23; 28:11
advantaged 8:24
adverse 25:12
advisement 4:13, 14
advises 12:9
advocate 17:4
afternoon 3:4; 6:8
Again 10:1; 11:22; 16:4;
17:2, 3; 19:17, 23; 23:16
against 4:15, 18
ago 5:10; 22:3
agree 9:15, 17, 20; 10:2;
11:24; 13:21; 14:2, 6
agreement 10:11
allocate 6:8; 24:10
allow 5:2
allowed 22:17, 23
almost 3:22
along 26:23
alter 5:24
always 14:20
amount 10:14; 24:15;
28:10
analyzing 22:3
animations 13:2
answered 4:7
anymore 27:11
applies 16:16
appreciate 28:12
arbitrary 9:23
argue 11:9
argues 14:14
arguing 10:24; 22:14;
23:2
argument 10:16, 21;
11:13

arising 8:16
around 12:20; 22:18
article 7:22; 8:1, 2
ascertainment 8:10
aside 25:7
assist 28:24
assistance 25:10
assume 21:24; 25:22
assumed 23:3
attempt 22:15
August 5:15
available 3:24
avoid 8:11
aware 28:9, 10
away 11:11

# B

back 7:23; 12:12; 15:10;
17:13; 19:23; 23:15; 24:11
balance 9:3
based 14:13; 18:20
basis 24:6
become 17:4; 26:9
becomes 9:2
beginning 6:9; 23:13;
27:20
behalf 21:14, 17
best 10:1, 8
better 10:2; 16:10; 28:4
bias 9:24; 14:8, 15, 16
bifurcated 24:6
bifurcation 23:11; 24:18;
25:2
bit 15:22; 22:7
board 19:6, 10
book 13:14
both 4:6; 5:13, 20, 22;
9:14, 17; 18:15; 20:8;
22:20, 21; 24:8
Bottom 11:17
briefing 23:2
bring 14:17
broad 8:14
burdens 17:22

# C

calender 20:21
call 16:1; 17:11
called 16:7
calls 29:24
came 15:10
camps 15:23
can 3:14; 5:20; 6:7; 8:17;
9:21; 10:1, 2, 4; 14:2, 3, 3,
7; 16:12; 18:14; 19:12, 22;
20:7, 14; 27:12; 28:22;
29:16
candid 25:11
Canon 4:9, 16, 18, 19;

5:8, 23; 6:9; 19:22; 20:6, 8,
13, 14, 15, 16; 21:19; 22:2;
27:22
carefully 10:22
case 4:6, 8; 5:8; 8:21; 9:6,
7, 11; 10:13; 11:3, 18, 23;
12:19; 14:18; 17:15;
18:21; 19:17; 22:11; 23:1;
25:8; 26:9, 15; 28:14
cases 8:20; 15:13
categorize 6:22
causes 17:3
certain 10:14; 27:13
certainly 20:14
change 27:10; 28:16
check 29:7
circumstances 8:19
civil 7:1; 17:15; 19:17
claim 5:9, 10, 13, 14, 17,
21; 6:3, 4; 21:22; 22:13
claims 9:12; 22:2; 23:2
Clair 4:6, 14; 20:13, 15;
21:18; 22:9; 23:17; 27:19
Clair's 4:10
clarification 13:20
clarify 3:16; 26:22
clear 5:11; 7:20; 23:4
clearly 11:3
CLERK 3:1; 30:13
close 8:4
closing 11:12
collectively 23:10
comfortable 16:13
coming 7:3; 14:23; 16:3;
27:21, 22; 28:14
commence 3:14
commencement 3:12;
5:5; 14:11
commences 18:14
comments 27:7
common 8:17; 10:8; 25:8
complete 12:17
completed 11:19
complex 8:21; 19:17
conference 3:6, 9, 10,
21; 16:12; 21:10; 23:14
conferences 28:8
confuse 16:19
construction 5:10, 11,
13, 15, 17, 21; 6:3, 5;
21:22; 22:13
consumption 8:11
contemplate 11:19
contention 5:17
contentions 21:22; 23:1
contracting 28:10
control 8:7; 11:23
controlled 7:19
controls 15:11
conversation 18:22
convinced 25:9
copy 12:14

couple 20:5
course 7:10; 8:1, 16; 9:1;
12:15; 13:8, 13; 14:16
COURT 3:2; 4:19; 7:7;
8:6; 13:24; 14:2, 6, 10;
20:9, 20, 24; 21:9, 23;
22:4, 6, 21; 23:5, 12, 22,
24; 24:2, 8, 19, 21; 25:1,
24; 26:2, 5, 11, 17, 21;
27:5, 11, 14, 19; 28:7, 8,
13, 20; 29:4, 17, 20; 30:2,
6, 9, 14
Court's 20:4; 27:7
courtroom 14:12; 15:14;
17:18
created 19:2, 4
creation 19:15
cross-examination
6:18; 7:14
cross-translation 29:18
cured 7:4

# D

damages 24:7; 25:5, 7,
14
DANIEL 13:19; 14:9;
20:17, 23; 21:20, 24; 22:5,
20; 23:3, 6; 24:5, 17, 20,
23; 25:20; 26:1, 4, 7, 13;
27:2; 30:5
date 5:5; 12:2
dates 11:17; 27:10; 28:5
day 10:8; 21:3, 3; 28:18
days 20:5, 18
dead 17:17
deadline 13:9
deal 5:12
dealing 13:7; 20:15
Debbie 21:13
decision 10:8; 12:4
decisions 3:23
defendant 4:20; 23:21
defendants 4:7, 9, 11;
5:22
defense 25:15; 26:9
defenses 17:22; 25:12
demonstrative 7:12, 16,
18, 21; 8:5, 15, 24; 9:13,
16, 18; 13:14
demonstratives 9:21,
24; 10:10; 11:8
denied 4:10; 25:22
deposition 15:1
design 22:18
designate 18:5
difficult 9:2
difficulties 5:2; 29:12
direct 12:9
directly 22:24, 24
disadvantaged 16:14
discussion 4:21
disposal 20:4; 21:7

**Hearing**
September 16, 2004

Case 1:04-cv-01371-JJF    Document 248    Filed 04/24/2006    Page 10 of 13

St. Clair Intellectual Property Consultants v.
Canon, Inc., et al.

dispute 26:10
**Docket** 4:23
**documents** 6:1
**done** 21:16; 23:14; 24:12
**doors** 17:18
**down** 15:21; 16:5, 10, 22;
17:6, 8, 24; 19:8; 26:14
**during** 8:16; 9:1; 12:15;
13:8

**E**

**earlier** 4:21; 12:2; 21:21
**early** 4:7
**effective** 8:9
**effort** 9:8; 11:22
**either** 7:2; 14:24
**else** 21:14, 17; 30:6
**end** 12:22, 24; 29:8
**ends** 12:11
**enough** 13:11, 17
**entails** 13:7
**essentially** 4:3
**even** 9:5; 26:24; 28:22
**everybody** 17:23; 20:2
**evidence** 7:6; 8:4, 5, 8,
15; 10:20; 11:10; 14:3;
17:2; 22:18; 25:15
**exactly** 19:14
**examination** 22:24
**examine** 9:23
**exchange** 12:18
**exchanges** 11:19
**exclude** 24:7
**excludes** 22:1
**exercise** 8:6
**exhibit** 6:20; 7:6; 9:4, 4, 9;
16:18, 22; 17:8; 19:4, 15;
24:13
**exhibits** 6:17, 23; 7:11,
13, 13, 17, 18, 21; 8:6; 9:1,
13, 17, 18; 10:3, 14; 12:14,
20; 13:14, 14; 14:11;
16:16; 17:1; 19:2
**expanded** 10:19
**experience** 16:24
**expert** 5:18; 22:15
**experts** 5:23
**explain** 22:1
**explanation** 25:2; 28:2
**extend** 29:22

**F**

**F** 6:15
**fair** 28:10
**fairly** 25:19
**fairness** 8:18; 9:3, 24;
3:4, 14
**fall** 13:15; 16:6
**Federal** 8:3

**feel** 16:12
**few** 5:10; 20:18
**figured** 26:11
**final** 3:10
**fine** 28:20
**First** 3:18; 4:15, 18, 20;
5:1, 4; 13:15; 19:1; 27:23,
24; 29:23
**folks** 28:14
**follow** 11:3
**followed** 7:24
**forget** 15:2
**form** 3:23, 24
**forward** 25:22
**found** 15:9
**four** 13:10
**Friday** 11:20; 12:18
**Fuji** 4:9, 16; 5:23; 20:9,
14; 22:19; 25:6; 27:5; 30:6
**further** 26:9; 30:4

**G**

**general** 6:14
**generally** 7:12
**gets** 9:4
**given** 5:19
**giving** 28:1
**goes** 8:13; 12:19; 16:18
**Good** 3:4; 18:13; 20:19
**great** 19:9
**guess** 10:18
**guidance** 27:11
**guidelines** 11:4

**H**

**H** 7:5
**handled** 7:21
**happen** 26:12
**happened** 15:13
**happy** 26:24
**hard** 28:1
**hear** 10:20
**hearing** 12:5
**hears** 5:8
**help** 29:9
**hire** 27:10
**hold** 18:22
**Honor** 4:17; 13:18, 19;
20:1, 17; 21:8, 20; 23:7,
19; 27:3, 4; 29:3; 30:5, 8
**hope** 29:4
**hours** 12:9, 11, 23; 23:18

**I**

**idea** 7:1; 18:13; 19:22
**identified** 7:7, 9
**identifying** 18:7

**illustrative** 13:22; 14:7;
19:8
**immediately** 4:24
**impeach** 22:15
**impeachment** 6:18;
7:14; 18:2
**information** 18:7
**infringement** 25:13
**instructions** 18:17, 18
**intention** 6:22
**interplay** 25:17
**interrogating** 8:7
**interrogation** 8:9
**interrupt** 10:23
**into** 7:3, 6; 9:14, 19; 11:2,
7; 17:2, 12, 18; 24:24
**invalidity** 25:13
**investigation** 13:6
**involved** 12:6
**issue** 8:14; 9:12; 23:12;
26:8
**issued** 5:10; 6:4; 23:9
**issues** 3:13; 6:7; 11:11;
18:12, 13, 20; 20:8
**Item** 4:23
**items** 3:16; 18:24

**J**

**J** 13:2
**Japan** 27:9
**Japanese** 29:13
**Judge's** 8:17
**judges** 9:3
**judicially** 25:8
**jurisdiction** 25:23
**jury** 5:7, 8; 8:22; 13:22;
14:4; 16:17, 19; 17:1, 10,
13; 18:17, 18; 19:13; 25:18

**K**

**kind** 28:23
**kinds** 13:13
**knew** 27:20

**L**

**lack** 14:14
**language** 19:2
**large** 16:8
**later** 21:3
**law** 11:12
**lawyer** 9:7; 10:23
**Lawyers** 10:17; 11:23;
22:12
**least** 18:20
**leave** 7:7; 18:9
**left** 8:14
**legal** 7:10; 18:13, 20
**liability** 25:4

**likely** 27:8, 12; 28:6
**limit** 10:12; 20:7
**limited** 15:18
**line** 11:17
**lines** 26:23
**list** 3:13; 6:23; 12:8;
14:22; 15:12, 24; 16:11,
23; 17:19, 23, 24; 24:13
**listed** 6:16, 20; 15:3
**listen** 10:22
**lists** 15:21; 16:2; 17:7, 8,
14; 24:13
**literature** 17:23
**little** 15:22; 22:7
**live** 14:24
**locked** 29:15
**logistics** 28:11
**long** 5:3; 12:3; 13:11;
25:1; 28:2
**look** 10:7; 13:12; 14:12;
24:12; 26:18
**looked** 14:22; 25:12, 15
**lot** 16:15; 18:9

**M**

**making** 9:8; 21:21
**many** 8:15
**Mason** 17:16
**matter** 18:8; 25:23
**matters** 3:11; 6:11; 21:11
**may** 5:22; 6:17; 7:13
**maybe** 22:19
**mean** 4:22; 20:13; 25:12
**means** 19:18
**meant** 27:21
**meet** 20:19
**memorandum** 3:23
**mentioned** 21:21
**midpart** 13:4
**might** 3:16; 4:2, 14; 5:2, 4,
18; 6:3; 7:3; 9:7, 8, 9;
13:22
**minute** 15:6
**Mirage** 25:23
**Mm-hmm** 26:20; 28:19
**mode** 8:7
**model** 13:2
**Monday** 20:2
**month** 29:8
**more** 10:19; 30:7
**motion** 4:10; 8:16
**motions** 3:19; 4:4, 5;
5:12; 21:16
**move** 12:19
**moving** 20:2
**much** 23:7; 24:24; 25:16;
27:3; 28:11; 29:2; 30:10

**N**

**name** 18:6
**need** 6:22; 10:20; 18:11;
28:15, 21; 29:15, 22
**needless** 8:11, 11
**next** 20:18, 19; 28:3
**notice** 18:4, 6; 28:11
**noticed** 12:21
**November** 7:24
**number** 15:18; 16:6, 7, 9,
23; 26:14

**O**

**o'clock** 13:10
**object** 10:6; 11:6; 13:17
**objected** 9:24
**objection** 10:20; 14:8
**objections** 13:8, 10
**observe** 20:14
**observer** 28:7
**obtained** 7:8
**obviously** 5:23; 29:15
**occur** 4:24
**October** 27:8
**off** 16:10; 18:22
**once** 6:6; 10:13; 12:7
**one** 4:2, 5; 7:23; 8:8;
13:20; 14:12; 15:6, 17;
19:1; 23:6, 21; 25:20;
29:11, 23
**only** 5:13, 20; 8:3, 17;
14:7; 16:1
**open** 18:9
**opening** 10:9, 12, 15, 18;
11:1, 4, 8; 18:15
**order** 3:7, 23, 24; 5:15,
19; 6:4, 15, 21; 7:7, 9; 8:7;
11:14; 18:1; 21:16; 23:9;
12; 25:8; 27:24
**orders** 15:18; 26:18, 23
**others** 11:20
**otherwise** 13:22; 16:23
**ought** 18:12; 19:13
**out** 7:22; 14:13; 15:9;
20:2; 23:10; 28:20; 29:10;
30:3
**outline** 10:19; 11:9
**over** 8:7; 21:1, 5; 26:10;
28:14
**own** 15:23
**ownership** 26:3, 4, 8, 10

**P**

**p.m** 11:21; 30:14
**Page** 6:15; 13:2
**pair** 16:22; 17:6, 8
**pairing** 16:10; 26:14
**paper** 19:14

Paragraph 6:15; 7:5; 11:20; 13:2
paragraphs 14:21
pare 16:5
pared 15:21; 17:24
parsing 25:19
part 28:22
particular 8:18
parties 3:7, 11, 16, 24; 6:16; 8:23; 25:16
party 5:16, 18; 6:2
patent 8:20; 9:1, 11; 15:13; 22:12, 23
pending 3:19; 4:4; 21:16
people 15:5, 5, 24; 16:3, 15; 22:1
percent 15:3, 7
period 7:8
permitted 5:14, 16
Perry 17:16
phone 26:24; 29:24
pieces 7:23
Pittsburgh 15:9
place 5:21
plaintiff 19:21
please 3:3
point 18:19; 25:24; 27:13
position 28:4
possibility 16:6
possible 28:12
practice 8:23
pre 14:11
prefer 4:18
prejudice 14:17
preparation 15:15
prepare 12:23; 16:14
prepared 6:10; 20:18
present 5:24; 14:10; 15:2
presentation 8:9; 18:16
presenting 8:8; 12:24
presents 14:15
pretrial 3:5, 7, 10, 21; 6:15, 21; 7:1; 16:12; 21:10
pretried 17:15
pretrying 19:18
prior 3:12; 5:19; 22:10
probably 24:9
problem 9:21; 15:14, 15; 27:16; 29:21
procedure 11:16; 28:18
proceed 4:15, 18
process 10:11
produced 13:3
professional 7:23
proposed 3:7; 13:12; 23:20
protest 20:10
provide 12:14
purpose 10:24
purposes 5:19; 6:18; 7:14; 13:23; 14:7; 19:8
pursuant 3:6

put 11:2; 13:9; 15:5; 16:23; 20:11; 25:7; 28:7, 22

R

raised 21:11
read 23:24
real 7:20; 29:11
really 17:11, 12; 19:18; 20:12; 24:12
reasonable 8:6; 16:5; 24:14
rebuttal 6:19; 7:15; 17:20; 18:2
recall 23:17
receiving 12:22
recitation 7:20; 18:19; 25:7
recitations 11:11
recollection 22:10
reconciled 22:2
record 4:22; 7:3; 9:14, 17, 19; 10:5; 17:12
redrafted 4:3
reduced 17:24
refer 5:16
reference 5:20; 6:14; 7:16; 13:1; 21:21
referred 5:14
regard 4:5; 6:6; 17:14
regarding 25:22
released 29:14
remaining 14:21
requests 6:1
require 5:22; 9:13
resolved 4:9; 4:4
resubmitting 16:11
return 10:24
review 19:1
reviewed 3:8
reviewing 3:17
right 3:2; 4:19; 14:1, 19; 19:21; 20:9, 15; 21:14; 24:4, 8; 29:4, 6, 18; 30:9
rise 3:1; 30:13
room 17:13
roughly 24:3
ROUTH 26:20; 27:4, 4, 18; 28:6, 19; 29:2, 11; 30:1, 7
rubric 13:16
Rule 3:6; 15:1, 7
rules 7:19; 8:4
ruling 4:23; 11:7

S

same 5:8; 12:13; 16:16; 28:13; 29:7, 20
sanction 15:4
satisfaction 27:24; 29:1

satisfied 12:8
satisfy 11:21
save 11:12
saw 25:15
saying 19:5; 23:22
schedule 12:5; 28:23
scheduling 5:1; 27:6
SCHUTZ 4:17; 13:18, 20; 14:1, 5; 20:1; 21:7; 23:19, 23; 24:1; 29:19, 22
seated 3:2
second 4:24; 16:11; 21:10
selected 20:13
sense 8:17; 9:7; 10:8
separate 4:9; 5:7; 27:17, 21
separately 25:13, 14, 14
separation 4:11
September 13:3; 22:8
serious 28:21
set 24:15
shall 8:6
sheet 19:14
shifting 17:21
show 19:11
showing 16:15
side 6:10; 7:2; 9:10; 11:6; 12:8, 9; 14:14; 15:16; 16:13; 19:12, 13; 20:11; 22:14; 23:18; 24:3
side's 10:7
sides 9:14, 17
simulations 13:3
slide 22:6
solely 6:17; 7:13
solve 15:15
solved 8:17
solves 15:14
somebody 27:22
someone 17:17
sometimes 22:8
somewhat 9:23
Sony 28:14
soon 29:16
sorry 24:21
sort 10:18; 17:4; 20:11
St 4:6, 10, 14; 20:13, 15; 21:17; 22:9; 23:17; 27:19
stand 11:6
start 6:13; 11:18; 12:18
started 15:10
starts 11:2
statement 6:16; 10:9, 15; 11:1, 5, 9
statements 10:13, 18
stating 8:14
stay 11:11
Steve 27:4
still 3:11; 9:21; 10:4
story 16:20
strategically 9:8

strategizing 15:23
stupid 15:7
subject 14:8; 25:23
submitted 3:7
substantially 17:7, 8
successful 22:13
suffered 15:3
suggestion 4:12
suggestions 4:13
suppose 20:19
sure 13:6; 20:10; 23:4; 28:9
surprise 17:16, 17
surprised 17:19
surprises 7:2; 19:19

T

talk 8:13; 11:14; 18:1
talked 4:22, 23; 10:11
talking 17:16; 22:16, 23; 25:16; 26:2, 14
target 28:5
tasks 18:23
team 20:3
technique 19:10, 12, 16
technology 9:12
testify 11:10; 14:24
testifying 12:10
testimony 6:2; 19:7
thinking 28:3
though 9:5; 12:2
thought 17:10; 22:2
ties 24:24
timed 15:4
times 11:17
timing 15:10, 14; 27:13, 15; 29:1
today 6:10; 21:12
together 19:23; 27:20
told 7:11
total 12:18
town 20:21
translators 27:9; 29:12, 13
trial 3:12, 14; 4:11, 24; 5:1, 4, 6; 6:1, 6, 9, 21, 24; 8:16; 9:1, 3, 22; 11:23; 12:16; 13:4, 8; 14:11; 16:7, 17; 17:10; 18:14; 19:3, 4, 9, 16; 20:3; 22:8, 9; 23:8, 13, 20; 27:8, 15, 23, 24; 28:23; 29:1
trials 5:13, 20; 15:4, 10, 11; 28:18
true 17:15
truly 9:9
truth 8:10
try 4:6; 24:13
trying 8:21; 16:19, 20
Tuesday 20:3
TV 17:16

two 4:2; 8:10; 9:6; 28:18
type 17:17
typical 26:10
typically 10:10; 16:24

U

ultimately 18:16
unacceptable 18:19
under 4:13, 13; 13:15
understood 11:4; 22:22
undertaken 5:17
undue 14:16, 17
unfair 9:9
unified 23:20
unless 7:6, 7, 12; 9:17
up 6:12; 11:6; 12:12; 16:15; 20:21
upcoming 28:8
use 6:21, 22; 8:5, 14, 24; 9:8, 21; 10:4; 13:22
used 6:17, 24; 7:13; 10:10; 12:14; 14:7; 15:1; 29:6

V

view 8:18; 18:20

W

wait 11:6; 12:3
walks 17:17
way 16:3; 21:3; 25:18; 29:5
Wednesday 20:19; 21:2, 9; 28:3
week 13:4; 29:13, 14
weeks 5:10
weigh 12:1; 16:4
what's 15:13; 18:16; 19:14
who's 12:10
whole 7:1; 16:14
willfulness 25:2, 4
window 12:21
within 16:6; 17:24
witness 6:2; 12:8, 15; 14:22; 15:11; 17:7, 14, 24; 19:6, 10; 24:13; 28:22
witnesses 8:8; 10:14; 11:10; 14:23; 15:19, 21; 17:20, 23; 22:24; 24:12; 26:15; 27:9
Wonderful 27:2
work 3:11; 10:13; 18:12, 14; 19:23; 20:5, 7, 18; 21:4; 24:11; 30:2
works 28:20; 29:9
worry 25:19
write 19:8
wrong 24:9

Hearing
September 16, 2004

Case 1:04-cv-01371-JJF    Document 248-2    Filed 04/24/2006    Page 12 of 13

St. Clair Intellectual Property Consultants  v.
Canon, Inc., et al.

**X**

**X** 15:18

**Y**

**year** 9:6
**years** 22:3

**Lawyer's Notes**