IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>  Defendants. | C.A. No. 04-1371 JJF |

**PROPOSED JOINT PRETRIAL ORDER**

Counsel for Plaintiff

William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
(302) 652-5070

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804
(617) 542-5070

Howard G. Pollack
David J. Miclean
Michael R. Headley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
(650) 839-5070

Dated:  May 25, 2006

Counsel for Defendant

Steven J. Balick (#2114)
John G. Day (#2403)
Lauren E. Maguire (#4261)
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801
 (302) 654-1888

G. Hopkins Guy, III (#124811)
Vickie L. Feeman (#177487)
Bas de Blank (#191487)
Brian H. VanderZanden (#233134)
Orrick, Herrington & Sutcliffe
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

# POWER INTEGRATIONS-FAIRCHILD

# JOINT PRE-TRIAL ORDER

## TABLE OF CONTENTS

I. NATURE OF THE ACTION AND PLEADINGS

II. BASIS FOR FEDERAL JURISDICTION

III. STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF

        Joint   --   Exhibit 1

IV. ISSUES OF FACT THAT REMAIN TO BE LITIGATED AND EXPECTED PROOFS

        Power Integrations   --   Exhibit 2
        Fairchild   --   Exhibit 3A & 3B

V. ISSUES OF LAW THAT REMAIN TO BE LITIGATED

        Power Integrations   --   Exhibit 4
        Fairchild   --   Exhibit 5

VI. EXHIBITS

        Power Integrations   --   Exhibit 6
        Fairchild   --   Exhibit 7

VII. WITNESSES

        Power Integrations   --   Exhibit 8
        Fairchild   --   Exhibit 9

VIII. OPINION TESTIMONY

        Power Integrations   --   Exhibit 10
        Fairchild   --   Exhibit 9

IX. DISCOVERY DESIGNATIONS

        Power Integrations   --   Exhibit 12 & 14
        Fairchild   --   Exhibit 13 & 15

X. MISCELLANEOUS ISSUES AND MOTIONS IN LIMINE

        Power Integrations   --   Exhibit 16
        Fairchild   --   Exhibit 17

XI. VOIR DIRE

XII. SETTLEMENT STATUS

XIII.   JURY INSTRUCTIONS

XIV.   VERDICT FORM

XV.    OTHER MATTERS

XVI.   JURORS

XVII.  PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS

On May 31, 2006, counsel for Plaintiff Power Integrations, Inc. ("Power Integrations") and Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively "Fairchild") attended a pre-trial conference before this Court. The Court hereby orders the following matters as to the trial scheduled to begin on _____.

## I.   NATURE OF THE ACTION AND PLEADINGS (DEL. L.R. 16.4(D)(1)).

1.  On October 20, 2004, Power Integrations filed a complaint for infringement of U.S. Patent Nos. 6,249,876 B1 ("the '876 patent"), 6,107,851 ("the '851 patent"), 6,229,366 B1 ("the '366 patent"), and 4,811,075 ("the '075 patent") (collectively the "Patents-in-suit") against Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively "Fairchild"), Civil Action No. 04-1371 JJF. (D.I. 1)

2.  On December 9, 2004, Fairchild filed an Answer to that complaint denying Power Integrations' allegations of infringement, asserting various affirmative defenses, and filing a counterclaim for declaratory relief that the Patents-in-suit are invalid and not infringed by Fairchild. (D.I. 8)

3.  On December 29, 2004, Power Integrations replied to Fairchild's counterclaims (D.I. 9).

4.  On June 30, 2005, the parties filed a stipulation permitting Power Integrations to file a First Amended Complaint, in which Power Integrations added a claim of willful infringement. Fairchild filed an Answer and Counterclaims to Power Integrations' First Amended Complaint on July 11, 2005. Power Integrations filed an Answer to Fairchild's Counterclaims on August 1, 2005 (D.I. 33, 39, 41).

5.  On February 23, 2006, the parties filed a stipulation permitting Fairchild to file an Amended Answer, in which Fairchild asserted inequitable conduct with respect to the Power Integrations Patents-in-Suit. Power Integrations responded to the counterclaims in Fairchild's Amended Answer on March 15, 2006 (D.I. 197, 201).

6. The Court held a claim construction hearing on February 2, 2006. It issued a *Markman* ruling on March 31, 2006 (D.I. 231, 232).

7. On March 17, 2006, Fairchild filed seven Motions for Summary Judgment (D.I. 202-219). Pursuant to a March 7, 2006 stipulation amending the scheduling order for summary judgment briefing and the Court's February 7, 2005 Memorandum Order regarding motions for summary judgment, Power Integrations filed a counterstatement and responded to Fairchild's motions on April 7, 2006. (D.I. 199, 19, DI. 233-235 respectively) Fairchild replied to Power Integrations' joint counterstatement and response to Fairchild's seven summary judgment motions on April 19, 2006 (D.I. 244).

8. For purposes of trial, Power Integrations is asserting Claims 1, 17, and 19 of the '876 patent; Claims 1, 2, 4, 10, 11, 13, and 16 of the '851 patent; Claims 1, 2, 9, 10, 14, and 16 of the '366 patent; and Claims 1 and 5 of the '075 patent.

9. At this time, neither party intends to seek an amendment to the pleadings.

## II. BASIS FOR FEDERAL JURISDICTION (DEL. L.R. 16.4(D)(2)).

10. Plaintiff Power Integrations, Inc. is a Delaware corporation having its principal place of business in San Jose, California.

11. Defendant Fairchild Semiconductor International, Inc. is a Delaware corporation having its principal place of business in Portland, Maine.

12. Defendant Fairchild Semiconductor Corporation is a Delaware corporation having its principal place of business in Portland, Maine.

13. The Court has subject matter jurisdiction over the Complaint and Counterclaims pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a). Neither party disputes personal jurisdiction or venue.

## III. STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF (DEL. L.R. 16.4(D)(3)).

14. The parties admit the facts stated in Exhibit 1.

IV.  **ISSUES OF FACT THAT REMAIN TO BE LITIGATED AND EXPECTED PROOFS (DEL. L.R. 16.4(D)(4), (8-10)).**

15. Power Integrations' statement of issues of fact that remain to be litigated, including the amount of damages, is attached as Exhibit 2.

16. Fairchild's statement of issues of fact that remain to be litigated pursuant to DEL. L.R. 16.4(D)(4) is attached as Exhibit 3A. Fairchild's statement of what it intends to provide as proof in support of its claims and defenses pursuant to DEL. L.R. 16.4(D)(8-10) is attached as Exhibit 3B.

V.  **ISSUES OF LAW THAT REMAIN TO BE LITIGATED (DEL. L.R. 16.4(D)(5)).**

17. Power Integrations' Statement of Issues of Law is attached as Exhibit 4.

18. Fairchild's Statement of Issues of Law is attached as Exhibit 5.

VI.  **EXHIBITS (DEL. L.R. 16.4(D)(6)).**

19. Power Integrations' list of pre-marked exhibits to be offered at trial will be filed and attached hereto as Exhibit 6.

20. Fairchild's list of pre-marked exhibits to be offered at trial will be filed and attached hereto as Exhibit 7.

21. Exhibits 6 and 7 are preliminary exhibit lists. Fairchild proposes the following schedule for the parties to finalize their exhibit lists:

- June 16, 2006 – the parties exchange near final exhibit lists;
- June 30, 2006 – the parties exchange objections to the exhibits identified by June 16, 2006 and exchange a final exhibit list;
- July 14, 2006 – the parties exchange objections to any exhibits added on June 30, 2006.

Although the parties had initially agreed to an earlier schedule for the exchange of these materials, Power Integrations is amenable to proceeding on the schedule proposed above if trial is set for September. If a July trial date is available, though -- which Power Integrations prefers -- these dates will have to be modified, and the parties will meet and

confer on a schedule to accommodate this trial date. Documents produced as of May 24, 2006 which do not appear on either party's near final exhibit list may not be offered by a party in support of its direct case, absent good cause shown. Any exhibit identified in any party's exhibit list that is not objected to pursuant to the schedule set forth above is deemed to be admissible, except that relevance, hearsay, and F.R.E. 105 and 403 objections are preserved. The parties will meet and confer in an effort to refine and shorten these exhibit lists and to resolve objections without the Court's intervention, but the parties expect these lists will be pared down substantially in the approach to trial. In any event, final exhibit lists will be provided to the Court one week prior to trial. Each party's objections to the other party's exhibits will be noted in each final exhibit list, and the parties stipulate to the authenticity of all exhibits in the final, filed exhibit lists with the exception of those identified (with specific reasons for the failure to so stipulate).

22. The parties will offer as exhibits at trial one or more of the exhibits set forth on their respective final exhibit lists. These lists will include the exhibit number to be used at trial and a description sufficient to identify the exhibit, *i.e.*, by production number or citation. These exhibit lists may include exhibits and potential rebuttal exhibits that may not necessarily be introduced into evidence. In its direct case, a party may offer any exhibit appearing on either party's exhibit list.

23. Each party shall provide to the other party, for delivery three weeks before trial is to begin, a copy of its exhibits with exhibit labels.

24. With respect to demonstrative exhibits:

- Power Integrations proposes the following: The parties shall exchange color representations of final demonstrative exhibits and physical exhibits to be used at trial, labeled with the exhibit or demonstrative number, by 12:00 noon three days before trial is scheduled to begin. The parties' objections to demonstrative exhibits, if any, shall be exchanged by 12:00 noon two days later, and shall be preserved for trial. This paragraph shall not apply to demonstrative exhibits

7

created during testimony at trial, which nothing in this Order precludes. Exchange of large boards is not required, and these demonstrative exhibits may be exchanged on 8½" x 11" paper.

- Fairchild proposes: Each party shall provide to the other party, for delivery three weeks before trial is to begin, a copy of its color representations of demonstrative exhibits. The parties' objections to demonstrative exhibits, if any, shall be exchanged by 12:00 noon one week later, and shall be preserved for trial. This paragraph shall not apply to demonstrative exhibits created during testimony at trial, which nothing in this Order precludes. Exchange of large boards is not required, and these demonstrative exhibits may be exchanged on 8½" x 11" paper.

25. Any day from three weeks before the trial is to begin through two weeks before trial is to begin, by request at least 24 hours in advance, each party shall permit the other party to inspect any and all physical exhibits at the office of the producing party, provided that the inspecting party agrees not to alter any such physical exhibit in any manner.

26. Unless agreed to otherwise, each party will provide to the other party a written list of exhibits (and a copy of any demonstrative exhibits), by exhibit number and witness(es) for whom the exhibit will be used, that it intends to use on direct examination in court, by 7:00 p.m. on the trial day preceding the day on which the exhibits and/or demonstratives are intended to be used and the witnesses are intended to be called. The parties will meet and confer on any objections by 9:30 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed exhibit and/or demonstrative. The parties hereby agree that, once confirmed, the exhibits and demonstratives to be used in direct examination may not change absent good cause.

27. Legible photocopies of United States patents and the content of PTO file histories may be offered and received in evidence in lieu of certified copies thereof. The parties stipulate that, as to patents previously identified, the dates of filing and issuance

shall be deemed to be shown on the face of the patent, subject to the right of the party against whom it is offered to adduce evidence to the contrary.

28. Legible photocopies of printed publications (with agreed upon English translations thereof) may be offered and received in evidence in lieu of originals thereof.

29. The parties stipulate that a duplicate of any document or photograph may be marked for identification, and, if otherwise admissible, offered and received into evidence with the same force and effect as the original, subject to any and all objections as could be made to the original, and on condition that the original of any such duplicate, if within the custody or control of a party, be available for inspection at the trial upon reasonable notice.  Power Integrations further requests that a portion of any document may be entered in the same manner.  Fairchild objects to the admission of portions of documents.

30. Any documents or deposition or portion thereof, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment, or rehabilitation.

**VII. WITNESSES (DEL. L.R. 16.4(D)(7)).**

31. Power Integrations proposes that Power Integrations and Fairchild shall each be permitted to present live testimony from no more than eight (8) witnesses at trial. Fairchild proposes that Power Integrations and Fairchild shall each be permitted to present live testimony from no more than fifteen (15) witnesses at trial.

32. Power Integrations' list of witness names, addresses, testimony subject matter, and expert specialties, for all witnesses, and whether those witness will be called live at trial or introduced by deposition, is attached hereto as exhibit 8.  This list includes witnesses on all issues, for rebuttal as well as direct testimony.

33. Fairchild's list of witness names, addresses, testimony subject matter, and expert specialties, for all witnesses, and whether those witness will be called live at trial

or introduced by deposition, is attached hereto as exhibit 9. This list includes witnesses on all issues, for rebuttal as well as direct testimony.

34. Each party will provide the other party a list of witnesses it intends to produce live at the trial twelve (12) days before the start of trial. Fairchild requests that the Court order the parties to provide a preliminary lineup of the witnesses at that time. No party shall be required to present live testimony from any witness on its list of live witnesses. Power Integrations requests that once a party has identified a witness as "live" on its witness list attached hereto, such party must produce that witness at the request of the other party. Fairchild agrees only as to witnesses employed by the party. In addition to the witnesses on the witness lists, each party reserves the right to call current or former employees of the parties required to authenticate or who are otherwise necessary to admit any disputed document into evidence. Fairchild does not agree or stipulate that this paragraph obligates it to produce any witnesses not currently employed by Fairchild.

35. Each party will provide the other party with a list, in order of presentation, of witnesses whom it intends to call on direct examination by 7:00 p.m. two nights before those witnesses are intended to testify in court (designating whether each is live or by designation from deposition transcript).

36. Each party will provide a final list of witnesses (again designating whether live or by designation from deposition transcript) that it intends to call to testify by 7:00 p.m. the trial day before the day the witness is expected to testify. For live witnesses, the notice shall include a list of exhibits and demonstratives to be used with each witness as provided in paragraph 26. No deviations from this notice shall be permitted except by agreement of the parties or for good cause shown.

37. Power Integrations believes that inequitable conduct is not an issue to be determined by the jury and that any testimony of a witness to be used with respect to the issue of inequitable conduct shall be taken (or submitted by designation) the same day the witness testifies, only it shall be taken (or submitted) separately, outside the presence of

the jury, in a manner and at a time as the Court may direct. As set forth below, Fairchild requests that the Court permit the jury to hear all the evidence and issue an advisory verdict on the issue of inequitable conduct.

38. No witness called by a party in support of its direct case shall be permitted to testify at trial unless identified in this Order or unless the Court determines that in the interests of justice such witness should be called.

## VIII. OPINION TESTIMONY

39. Power Integrations' list of expert witnesses and a brief statement of anticipated subject matter is attached as Exhibit 10.

40. Fairchild's list of expert witnesses and a brief statement of expertise is included in Exhibit 9. The anticipated subject matter was set forth in the expert reports of the expert witnesses.

## IX. DISCOVERY DESIGNATIONS

41. Power Integrations' deposition designations will be filed and attached hereto as Exhibit 12.

42. Fairchild's deposition designations will be filed and attached hereto as Exhibit 13.

43. Exhibits 12 and 13 will contain preliminary deposition designations. Fairchild proposes a schedule and procedure for exchanging designations of deposition testimony for those witnesses who will be called to testify by deposition (either by video or by reading the transcript into the record) as follows: The parties will exchange their preliminary lists by noon Pacific time on June 9, 2006. The parties will exchange objections and counter-designations by Friday, June 23, 2006, and they will make any final objections or counter-counter-designations by Friday, July 14, 2006. Although the parties had initially agreed to an earlier schedule for the exchange of these materials, Power Integrations is amenable to proceeding on the schedule proposed above if trial is set for September. If a July trial date is available, though -- which Power Integrations

prefers -- these dates will have to be modified, and the parties will meet and confer on a schedule to accommodate this trial date. The parties will continue to meet and confer in an effort to refine and shorten these lists and to resolve objections and counter-designations without the Court's intervention, but the parties expect these lists will be pared down substantially in the approach to trial. Neither party may use any deposition testimony not included in Exhibits 12 and 13 in support of its direct case, absent good cause shown, unless such testimony is from a witness who has not yet been deposed. The parties will work out a schedule for exchanging designations of any testimony from witnesses not yet deposed, but in any event they will exchange designations for testimony from any such witnesses three weeks before trial is to begin.

44. Power Integrations' designations of Fairchild's interrogatory responses and responses to requests for admission, and Fairchild's objections thereto, are attached hereto as Exhibit 14.

45. Fairchild's designations of Power Integrations' interrogatory responses and responses to requests for admission, and Power Integrations' objections thereto, are attached hereto as Exhibit 15.

46. Unless otherwise agreed during trial, each party will provide the other party a list of final deposition designations (from the previously designated testimony) that it intends to introduce by 7:00 p.m. two days before the designations are intended to be used in court. New deposition designations may not be added without good cause. The other party will provide counter-designations and objections by 7:00 p.m. the next evening. Such counter-designations may only include previously identified counter-designations of deposition testimony previously designated by the other party. The parties will meet and confer on any objections by 10:00 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed testimony. The parties hereby agree that, once confirmed, the deposition designations may not change absent good cause.

47. The manner of using counter-designations at trial shall be in the same manner (video versus read deposition transcripts) as that used for the designation sought to be rebutted, such that all designations, counter-designations, and cross-designations will be played or read to the jury, as the case may be, as one consecutive segment in the order the testimony appears in the transcript. If a party offers video testimony, that party shall be responsible for including video portions of counter-designated testimony that is designated as described in this section. If a party does not offer video testimony, that party need not offer video of the other party's counter-designations.

## X.  MISCELLANEOUS ISSUES AND MOTIONS IN LIMINE

48. A list and brief discussion of miscellaneous issues and motions in limine that Power Integrations wishes to address at the pretrial conference is set forth in Exhibit 16.

49. A list and brief discussion of miscellaneous issues and motions in limine that Fairchild wishes to address at the pretrial conference is set forth in Exhibit 17. Fairchild requests that the Court set a schedule for motions in limine.

## XI.  VOIR DIRE (DEL. L.R. 47.1(A)).

50. The parties proposed Voir Dire will be filed concurrently herewith.

## XII.  SETTLEMENT STATUS (DEL. L.R. 16.4(D)(12).

51. The parties have not reached any agreement that would resolve this matter.

## XIII.  JURY INSTRUCTIONS (DEL. L.R. 51.1)

52. The parties proposed Jury Instructions will be filed concurrently herewith. The parties will work to narrow any disputes with respect to particular instructions before the pretrial conference, and where there is a dispute as to an instruction, the parties will provide their objections and authority to the Court at the pretrial conference or as directed otherwise (i.e. at a separately scheduled prayer conference) by the Court.

## XIV.  VERDICT FORM (DEL. L.R. 51.1(C))

53. The parties' proposed Verdict Forms will be filed concurrently herewith

## XV. OTHER MATTERS (DEL. L.R. 16.4(D)(13))

54. Discovery is nearly complete. The parties' have completed their production of documents and are nearly finished with the depositions of expert witnesses. There are a few outstanding discovery issues, primarily related to third party depositions, but the parties are working to resolve those issues cooperatively and anticipate doing so well in advance of trial.

55. Counsel shall be permitted to move, and the Court will admit if appropriate, evidence on the morning following use of the evidence.

### A. Jury Notebooks/ Handwritten Notes

56. Power Integrations proposes that each party have the right to provide, for consideration during the deliberation process, a jury notebook to each of the jurors, which shall contain actual evidence admitted during trial.

57. The parties agree that the jurors be permitted to take handwritten notes during the presentations of the parties and that jurors be permitted to bring these notebooks and handwritten notes into the deliberation room. Fairchild proposes that the jurors be instructed not to share the notebooks with each other (though they can discuss the contents of their notes) and that the notebooks be collected and destroyed after the verdict without review.

### B. Transition Statements

58. As an aid to the jury, the parties request that they be permitted to offer brief transition statements to introduce witnesses and identify the issues on which the witness is expected to testify. With the exception of closing arguments, neither party will be allowed at any time to argue or comment on the evidence.

### C. Handling of Confidential Information at Trial

59. The parties request that trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open. If a party makes such a request, subject to the Court's approval, and for good cause shown, the

courtroom should be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate one corporate representative who may remain in the courtroom throughout the entirety of trial. Each party must notify the opposing party of the identity of this corporate representative before trial.

60. Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial. Prior to that time, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval. Counsel for the parties shall be responsible for supplying the envelopes and labels necessary for any materials placed under seal.

### D. Exclusion of Witnesses

61. The parties request pursuant to Fed. R. Evid. 615 that the Court prevent fact witnesses from hearing the testimony of other witnesses. The parties further request that in accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative. The parties further request that expert witnesses not be excluded for either fact or expert testimony.

### E. Set-up of Electronic and Computer Devices

62. The parties request that the Court grant access to the Courtroom on the day before trial for the purposes of setting up electronic and computer devices.

## XVI. JURORS

63. The jury will consist of eight (8) jurors, all of whom shall deliberate if still able to do so by the time of deliberations, provided that there shall be a minimum of six (6) jurors who deliberate and render a verdict.

**XVII. PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS (DEL. L.R. (16.4(D)(14)).**

64. This Order shall control the subsequent course of trial, unless modified by the Court to prevent manifest injustice.

**SO ORDERED:**

Date: _____, 2006

_____
United States District Judge

JOINTLY SUBMITTED BY:

| | |
|---|---|
| ASHBY & GEDDES | FISH & RICHARDSON P.C. |
| By  /s/ Steven J. Balick | By  /s/ William J. Marsden, Jr. |
| Steven J. Balick (#2114) | William J. Marsden, Jr. (#2247) |
| John G. Day (#2403) | Sean P. Hayes (#4413) |
| Lauren E. Maguire (#4261) | 919 N. Market Street, Suite 1100 |
| 222 Delaware Avenue, 17th Floor | P.O. Box 1114 |
| Wilmington, DE 19801 | Wilmington, DE 19899-1114 |
| Telephone: 302-654-1888 | Telephone: (302) 652-5070 |
| | Facsimile: (302) 652-0607 |
| G. Hopkins Guy, III (#124811) | |
| Vickie L. Feeman (#177487) | Frank E. Scherkenbach |
| Bas de Blank (#191487) | 225 Franklin Street |
| Brian H. VanderZanden (#233134) | Boston, MA 02110-2804 |
| Orrick, Herrington & Sutcliffe | Telephone: (617) 542-5070 |
| 1000 Marsh Road | Facsimile: (617) 542-8906 |
| Menlo Park, CA 94025 | |
| (650) 614-7400 | David J. Miclean |
| | Howard G. Pollack |
| | Michael R. Headley |
| | 500 Arguello Street, Suite 500 |
| | Redwood City, CA 94063 |
| | Telephone: (650) 839-5070 |
| | Facsimile: (650) 839-5071 |
| Attorneys for Defendants | Attorneys for Plaintiff |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION | POWER INTEGRATIONS, INC. |

Dated: May 25, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2006 I electronically filed with the Clerk of Court [PROPOSED] JOINT PRETRIAL ORDER using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

> Steven J. Balick
> John G. Day
> Lauren E. Maguire
> ASHBY & GEDDES
> 222 Delaware Avenue, 17th Floor
> Wilmington, DE  19801

I hereby certify that on May 25, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

G. Hopkins Guy, III
Bas de Blank
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA  94025


　　　　　　　　　　　　　　　　　　　　*/s/ William J. Marsden, Jr.*
　　　　　　　　　　　　　　　　　　　　William J. Marsden, Jr.

80033476.doc