## EXHIBIT 15

### Defendants' Designation of Responses to Requests for Admission and Interrogatories and Plaintiff's Objections *

| Discovery Response | Plaintiff's Objections |
|---|---|
| Power Integrations' February 23, 2005 Responses to Interrogatory Nos. 10 and 20 | |
| Power Integrations' June 30, 2005 Response to Interrogatory No. 42 | |
| Power Integrations' February 23, 2005 Response and June 30, 2005 Supplemental Response to Interrogatory No. 1 | |
| Power Integrations' November 7, 2005 Second Supplemental Responses to Interrogatory Nos. 37, and 40 | |
| Power Integrations' November 7, 2005 Second Supplemental Response and December 8, 2005 Third Supplemental Response to Interrogatory No. 16 | |
| Power Integrations' February 23, 2005 Responses to Request for Admission Nos. 21-24 | |
| Power Integrations' September 1, 2005 Responses to Request for Admission Nos. 27-29 and 38 | |
| Power Integrations' September 30, 2005 Responses to Request for Admission Nos. 46 and 47 | |

* Power Integrations reiterates its objections to Fairchild's Interrogatories and Requests for Admission as set forth in its responses.

## Power Integrations v. Fairchild

## Exhibit 16

### Power Integrations' List and Brief Discussion of Miscellaneous Issues and Motions *in limine*

Motions *in limine*

1. The Court should prevent Fairchild's backup technical expert, Gu-Yeon Wei, from providing any testimony in this case, in particular any testimony to rebut Power Integrations' expected proof that Fairchild copied Power Integrations' patents and devices. On January 10, 2006, Fairchild served a report from Dr. Wei that is supposed to address the issue of copying, but Dr. Wei has no personal knowledge of what Fairchild did in developing the accused parts. Rather than investigate the issue with those who developed the accused parts (some of whose depositions Dr. Wei attended last year in Korea), Dr. Wei reached his conclusions (that there was no copying) merely by looking at the circuits in question. Dr. Wei therefore has no knowledge of any copying (or lack thereof), and any testimony he might offer regarding copying would amount to pure speculation. Such testimony is not relevant under F.R.E. 401/402, and it cannot properly be the subject of expert testimony.

2. Fairchild's experts Peter Gwozdz and Paul Horowitz should be precluded from offering opinions or substantive testimony not disclosed in their expert reports:
   - Specific concerns of Power Integrations include: (1) Dr. Horowitz's testimony on obviousness is not supported in his opening expert report. Dr. Horowitz instead tried to supplement his opinion with new documents (hand-marked revisions to his claim charts) at his deposition. (2) Dr. Gwozdz seeks to rely on new art and arguments based on earlier-produced documents that he first addressed in a "supplementary" report. Dr. Gwozdz's "supplementary" report raises two sorts of new arguments, both of which should have been addressed in his opening report. First, Dr. Gwozdz relies on art from the 1970s-1980s that he admitted (during his deposition) he could have found before serving his initial report. Second, Dr. Gwozdz changed his position with respect to what the notes from Klas Eklund, inventor of the Power Integrations '075 patent, teach regarding the prior art. Because Dr. Gwozdz could have addressed the old art and he had, in fact, addressed Klas Eklund's notes when he prepared his first expert report, the Court should prevent Dr. Gwozdz from offering these new theories at trial.

3. Fairchild should be precluded from stating, implying, or arguing that Power Integrations does not own or that Klas Eklund is not the properly named inventor of U.S. Patent No. 4,811,075 ("the '075 patent"). Fairchild did not raise ownership or inventorship as a defense with respect to the '075 patent in its Answer and Counterclaims or in its portions of this pretrial order. Fairchild

likewise has not provided any contention interrogatory response identifying any issue regarding ownership or inventorship with respect to the '075 patent.

Power Integrations also intends to ask the Court to consider the following issues at the pre-trial conference:

1. Fairchild recently admitted it has manufactured more than 2,700,000 units of the accused products in the United States since the filing of this lawsuit.
   - During his recent deposition, Fairchild employee H.K. Kim admitted that Fairchild planned to transfer the accused SDG4 process to Fairchild's 6" wafer fabrication plant in South Portland, Maine during the course of this litigation. Although Mr. Kim stated that he did not know the details of that transfer, the few documents Power Integrations has been able to locate regarding this activity indicate that the accused products were in fact manufactured in both Maine and Korea during the litigation. Throughout discovery, Fairchild has maintained (in its Interrogatory Responses and elsewhere) that all manufacturing took place in Korea.
   - Power Integrations followed Mr. Kim's testimony with an inquiry as to the status of Fairchild's manufacturing, and Fairchild admitted for the first time on May 23, 2006 that it manufactured 2,730,000 units of its accused FSD210 device in Maine during this litigation.
   - Fairchild has agreed to supplement its interrogatory responses accordingly, but Power Integrations needs to take additional discovery on this issue to determine the true nature and extent of manufacturing at the South Portland facility, in addition to the details regarding the sale, distribution, and alleged export of the accused devices manufactured at that facility. In light of Fairchild's admission, and the sequence of events regarding Fairchild's late disclosure of this critical information, Power Integrations believes a 30(b)(6) deposition is needed on these issues in addition to the production of documents related to the transfer of this technology to South Portland and the manufacture and subsequent sale and distribution of the accused products.

2. The scope of waiver in Fairchild's reliance on opinions of counsel:
   - Fairchild waived privilege when it produced a series of opinion letters as a defense to Power Integrations' charge of willful infringement. Fairchild's witness with respect to reliance on these opinion letters is Robert Conrad, the head of Fairchild's Analog Products Group, and Mr. Conrad's office is in Fairchild's South Portland headquarters.
   - Despite the clear law in this jurisdiction regarding the scope of waiver that accompanies the reliance on any such opinion letters, Fairchild's counsel instructed Mr. Conrad not to answer several questions regarding conversations with counsel on the subjects of the opinion letters during his deposition.
   - Fairchild has also refused to produce documents regarding the subjects of the opinion letters, including documents from Steve Schott, the in-house Fairchild attorney to whom the opinion letters were addressed and who participated in the preparation of the opinion letters with outside counsel.

2

3. Fairchild's withholding Intersil documents and information:
   - Fairchild recently sued Power Integrations in the Eastern District of Texas on an Intersil patent alleged to be prior art to Power Integrations' '075 patent. In the present case, Fairchild's challenge to the '075 patent rests on the very patent Fairchild licensed from Intersil and sued on in Texas. Fairchild's press release on the new lawsuit says Fairchild acquired rights from Intersil to enforce the patent against Power Integrations.
   - Fairchild has admitted it can obtain documents and things from Intersil for production. After much back and forth on this issue, Fairchild and Intersil have agreed in principle to produce documents to Power Integrations no later than Friday, May 26. In light of Power Integrations' difficulty in obtaining this production, however, Power Integrations wishes to sensitize the Court to the issue but will press it at the pretrial conference only if Fairchild and Intersil do not make good on their promises.

50350934.doc

## EXHIBIT 17

### Defendants' Miscellaneous Issues

Defendants may raise the following issues at the Pretrial Hearing. This list is without prejudice to Defendants' rights to raise additional issues, if appropriate:

1. Motion in Limine Briefing Schedule

   Fairchild requests that the Court set a briefing schedule on the issue of bifurcation and for the parties' motions in limine.

2. Mediation

   The parties' principals have met once to discuss resolving this litigation and have recently exchanged additional correspondence. Fairchild requests that the Court order the parties to mediation at least three months before trial.

3. Improper Expert Reports

   In the last month, Power Integrations has submitted three untimely expert reports from a previously undisclosed expert. According to the Court's scheduling order, the date to identify experts and exchange expert reports has long since passed. Notwithstanding, in the last several weeks Power Integrations has belatedly produced three separate expert reports on the issue of third party direct infringement. These reports should be excluded.

4. Authentication of Prior Art Patents, Datasheets and Articles

   Fairchild has produced patents, datasheets, and articles that on their face identify their date of publication. These dates should be deemed authentic and non-hearsay.

   Since November, 2005, Fairchild has repeatedly requested that Power Integrations stipulate to the dates of publication. Despite the fact that approximately half of this prior art consists of issued U.S. Patents and Power Integrations' own datasheets, Power Integrations has refused to agree on a single date for a single reference. Power Integrations, however, has no evidence that the dates are not accurate and reliable.

   The Court should deem each prior art reference published – for purposes of 35 U.S.C. § 102 – as of the date on the face of the reference unless Power Integrations can provide specific evidence showing that that date is not accurate. Otherwise, Fairchild will have no choice but to depose multiple third parties to authenticate this prior art.

5. Advisory Verdict on Inequitable Conduct – Fairchild requests an advisory opinion from the jury on the issue of inequitable conduct.

   Fairchild believes that an advisory verdict will assist the Court.

6. Bifurcation of Trial – For the convenience of the jury, and to avoid confusion, the Court should bifurcate the trial of the case.

> The Court should first try the issue of direct infringement and the invalidity of the patents. After the completion of the direct infringement and invalidity phase, the issues whether Fairchild induced infringement, the amount of damages (if any), and whether Fairchild's alleged infringement was willful should be tried to a second jury.
>
> Bifurcating the case in this manner will greatly simply and reduce the issues for the jury. Power Integrations has asserted 18 claims from four patents against 38 different accused devices. Power Integrations' damages theories are even more complicated – the measure of damages depends on the specific combination of accused device and asserted patents. For instance, Power Integrations is seeking combinations of lost profits, price erosion, future price erosion, and a reasonable royalty depending on what products infringe which claims. If the issues of invalidity and infringement are tried first, it is likely that damages will not even need to be addressed and, if they are, the issues will be simplified. Finally, damage related issues should be bifurcated since the parties are still continuing fact and expert damage-related discovery.
>
> Trying all issues together of whether 38 products infringe any of the 18 asserted claims, the invalidity of the 18 asserted claims, and the measure and theory of damages would be unnecessarily complicated for a single jury.

7. Summary Judgment Motions – Fairchild requests that the Court schedule a hearing for Fairchild's pending motions for summary judgment.

> The parties agree that Fairchild's Motion for Summary Judgment re Limitation of Damages (Marking) does not raise any dispute of fact and is purely a question of law that directly affects the measure of damages.
>
> Further, as set forth in Fairchild's pending motion for summary judgment re non-infringement of the '075 Patent, in view of the Court's claim construction Power Integrations no longer asserts that Fairchild infringes the '075 Patent under the doctrine of equivalents.
>
> Since Power Integrations has submitted a responsive brief that raised issues of law in response to each of the pending motions, briefing on these motions should be deemed complete and the Court should schedule a hearing.

8. Damages Discovery

> Damages discovery has not been completed. Fairchild has not concluded its deposition of Power Integrations' expert and Power Integrations has yet to begin to depose Fairchild's expert. Further, Fairchild will provide Power Integrations with a 30(b)(6) witness concerning the manufacture of the accused devices in the United States since October 20, 2004. Also, as set forth above, Power Integrations has produced a number of untimely expert reports that are potentially relevant to damages. This may require either or both parties to supplement their damages reports.

9. Power Integrations' Financial Reports Are Unreliable

Both parties' damages experts relied upon Power Integrations' SEC filings and annual reports. Recently, Power Integrations has publicly stated that these reports are not reliable and that all of its reports from 1999-2005 may be restated. Furthermore, Power Integrations has not filed an annual report for 2005. According to Power Integrations' press releases, an on-going investigation is currently being conducted into their policies and practices regarding stock option grants and back dating of those grants. The seriousness of the issue is underscored by the recent resignations of both the Chairman of the Board and Chief Financial Officer of Power Integrations. Fairchild previously sought this discovery on this issue and was told that there was no plan to restate Power Integrations' financial results. Fairchild will need additional discovery – specifically, continuing the deposition of Balu Balakrishnan – on this issue to determine whether it will need to supplement its damages report.

10. Additional Litigation Between the Parties

Fairchild wishes to advise the Court that there is additional litigation between the parties pending in the Eastern District of Texas. This litigation involves additional parties, Intersil Americas, Inc. and Intersil Corporation, which are not parties to this action. Fairchild sees no reason why this Texas litigation should delay resolution of this matter.

### Defendants' Motions in Limine

Defendants may make the following motions in limine. Defendants note that damages discovery is continuing and Plaintiff has not provided its exhibit list, deposition designations, or an adequate statement of proof. Therefore, Defendants reserve the right to identify additional motions in limine, if appropriate:

1. Motion to Exclude Untimely Reports from an Undisclosed Expert

As set forth above, Power Integrations has recently produced a series of expert reports from Mr. Lum, a previously undisclosed expert. These reports are untimely and should be excluded.

2. Motion to Limit the Testimony to Power Integrations' Damages Expert

Fairchild has yet to complete the deposition of Mr. Troxel so the list of topics for which he should be precluded from testifying may change. At present, Fairchild identifies the following topics:

> Mr. Troxel should be precluded from opining on damages due to devices manufactured and sold abroad absent evidence that these specific devices are later imported into the United States.

> Mr. Troxel should be precluded from speculating on the number of devices imported into the United States that incorporate Fairchild devices manufactured and sold abroad. Specifically, Mr. Troxel should be precluded from relying on speculative and unreliable reports concerning

the percentage of unrelated devices that may have been imported into the United States at select times.

Mr. Troxel should be precluded from relying upon the untimely report of Power Integrations' undisclosed expert alleging third party direct infringement.

In light of Power Integrations' failure to mark its products, Mr. Troxel should be precluded from testifying about sales and prices prior to October 20, 2004.

Mr. Troxel should be precluded from relying on Power Integrations' "sales reports" as these documents are admittedly unreliable and speculative.

Mr. Troxel should be precluded from speculating about "future lost profits", especially concerning damages allegedly owed after the asserted patents have expired.

Mr. Troxel should be precluded from opining about "lost sales" when Power Integrations simply chose to sell a cheaper product in place of its more expensive device.

3. Motion to Exclude Admittedly Unreliable Evidence

Power Integrations purports to rely upon "weekly reports" from its sales force. These reports contain hearsay within hearsay and lack foundation. Moreover, Power Integrations' Vice President of Sales, the officer in charge of these reports, testified that they are unreliable. Therefore, the reports – and any testimony or evidence based on the reports – should be excluded.

4. Motion to Limit the Testimony of Power Integrations' Experts

During deposition and in their reports, Power Integrations' experts opine that Fairchild's devices infringe the asserted claims. These technical experts, however, lack the training or experience to render a legal opinion. Further, they lack any evidence concerning whether the accused devices were made, used, offered for sale or sold in the United States or imported into the United States. Thus, the experts should be precluded from opining that any of the accused devices infringe the asserted claims.

5. Motion to Limit the Testimony of Michael Shields

During deposition, Power Integrations' expert, Mr. Michael Shields, admitted that he was not an expert with respect to the issues of conception, reduction to practice, or inherency. Therefore, he should be precluded from opining on these subjects.

6. Motion to Exclude Unreliable Third Party Documents

In its exhibit list and expert report, Power Integrations purports to rely upon documents produced by Dell and GE. Despite the fact that Power Integrations has every opportunity to depose these third parties, Power Integrations chose not to do so. Thus, these documents are inadmissible hearsay and have not been

authenticated. The documents – and any testimony concerning these documents – should be excluded.

7. Motion to Limit the Testimony of Klaus Eklund

As a matter of law, Power Integrations must provide independent evidence corroborating the alleged conception, diligence to reduction to practice, and actual reduction to practice of the '075 Patent. To prevent undue prejudice, Dr. Eklund should be precluded from testifying as to any date of conception and reduction to practice until Power Integrations lays a foundation for this independent corroboration.

8. Motion to Exclude Evidence of Copying

Power Integrations should be precluded from arguing that Fairchild "copied" Power Integrations' products. Such evidence is irrelevant to the issue of infringement and will only prejudice the jury. In particular, Power Integrations should be precluded from arguing that Fairchild has "copied" Power Integrations datasheets as there is no allegation of copyright infringement.

9. Motion to Preclude Prior Notice

Power Integrations should be precluded from arguing that it placed Fairchild on either constructive notice or actual notice of infringement before October 20, 2004, or that any knowledge of the patents in suit by Fairchild is germane to damages, validity or infringement.

10. Motion to Preclude Knowledge of Importation.

Except as to specific proven instances of importation, Power Integrations should be precluded from arguing that Fairchild has any general knowledge pertinent to the amount of any of the importation.

## EXHIBIT 17

### Defendants' Miscellaneous Issues

Defendants may raise the following issues at the Pretrial Hearing. This list is without prejudice to Defendants' rights to raise additional issues, if appropriate:

1. Motion in Limine Briefing Schedule

   Fairchild requests that the Court set a briefing schedule on the issue of bifurcation and for the parties' motions in limine.

2. Mediation

   The parties' principals have met once to discuss resolving this litigation and have recently exchanged additional correspondence. Fairchild requests that the Court order the parties to mediation at least three months before trial.

3. Improper Expert Reports

   In the last month, Power Integrations has submitted three untimely expert reports from a previously undisclosed expert. According to the Court's scheduling order, the date to identify experts and exchange expert reports has long since passed. Notwithstanding, in the last several weeks Power Integrations has belatedly produced three separate expert reports on the issue of third party direct infringement. These reports should be excluded.

4. Authentication of Prior Art Patents, Datasheets and Articles

   Fairchild has produced patents, datasheets, and articles that on their face identify their date of publication. These dates should be deemed authentic and non-hearsay.

   Since November, 2005, Fairchild has repeatedly requested that Power Integrations stipulate to the dates of publication. Despite the fact that approximately half of this prior art consists of issued U.S. Patents and Power Integrations' own datasheets, Power Integrations has refused to agree on a single date for a single reference. Power Integrations, however, has no evidence that the dates are not accurate and reliable.

   The Court should deem each prior art reference published – for purposes of 35 U.S.C. § 102 – as of the date on the face of the reference unless Power Integrations can provide specific evidence showing that that date is not accurate. Otherwise, Fairchild will have no choice but to depose multiple third parties to authenticate this prior art.

5. Advisory Verdict on Inequitable Conduct – Fairchild requests an advisory opinion from the jury on the issue of inequitable conduct.

   Fairchild believes that an advisory verdict will assist the Court.

6.      Bifurcation of Trial – For the convenience of the jury, and to avoid confusion, the Court should bifurcate the trial of the case.

>The Court should first try the issue of direct infringement and the invalidity of the patents. After the completion of the direct infringement and invalidity phase, the issues whether Fairchild induced infringement, the amount of damages (if any), and whether Fairchild's alleged infringement was willful should be tried to a second jury.

>Bifurcating the case in this manner will greatly simply and reduce the issues for the jury. Power Integrations has asserted 18 claims from four patents against 38 different accused devices. Power Integrations' damages theories are even more complicated – the measure of damages depends on the specific combination of accused device and asserted patents. For instance, Power Integrations is seeking combinations of lost profits, price erosion, future price erosion, and a reasonable royalty depending on what products infringe which claims. If the issues of invalidity and infringement are tried first, it is likely that damages will not even need to be addressed and, if they are, the issues will be simplified. Finally, damage related issues should be bifurcated since the parties are still continuing fact and expert damage-related discovery.

>Trying all issues together of whether 38 products infringe any of the 18 asserted claims, the invalidity of the 18 asserted claims, and the measure and theory of damages would be unnecessarily complicated for a single jury.

7.      Summary Judgment Motions – Fairchild requests that the Court schedule a hearing for Fairchild's pending motions for summary judgment.

>The parties agree that Fairchild's Motion for Summary Judgment re Limitation of Damages (Marking) does not raise any dispute of fact and is purely a question of law that directly affects the measure of damages.

>Further, as set forth in Fairchild's pending motion for summary judgment re non-infringement of the '075 Patent, in view of the Court's claim construction Power Integrations no longer asserts that Fairchild infringes the '075 Patent under the doctrine of equivalents.

>Since Power Integrations has submitted a responsive brief that raised issues of law in response to each of the pending motions, briefing on these motions should be deemed complete and the Court should schedule a hearing.

8.      Damages Discovery

>Damages discovery has not been completed. Fairchild has not concluded its deposition of Power Integrations' expert and Power Integrations has yet to begin to depose Fairchild's expert. Further, Fairchild will provide Power Integrations with a 30(b)(6) witness concerning the manufacture of the accused devices in the United States since October 20, 2004. Also, as set forth above, Power Integrations has produced a number of untimely expert reports that are potentially relevant to damages. This may require either or both parties to supplement their damages reports.

9. Power Integrations' Financial Reports Are Unreliable

   Both parties' damages experts relied upon Power Integrations' SEC filings and annual reports. Recently, Power Integrations has publicly stated that these reports are not reliable and that all of its reports from 1999-2005 may be restated. Furthermore, Power Integrations has not filed an annual report for 2005. According to Power Integrations' press releases, an on-going investigation is currently being conducted into their policies and practices regarding stock option grants and back dating of those grants. The seriousness of the issue is underscored by the recent resignations of both the Chairman of the Board and Chief Financial Officer of Power Integrations. Fairchild previously sought this discovery on this issue and was told that there was no plan to restate Power Integrations' financial results. Fairchild will need additional discovery – specifically, continuing the deposition of Balu Balakrishnan – on this issue to determine whether it will need to supplement its damages report.

10. Additional Litigation Between the Parties

    Fairchild wishes to advise the Court that there is additional litigation between the parties pending in the Eastern District of Texas. This litigation involves additional parties, Intersil Americas, Inc. and Intersil Corporation, which are not parties to this action. Fairchild sees no reason why this Texas litigation should delay resolution of this matter.

## Defendants' Motions in Limine

Defendants may make the following motions in limine. Defendants note that damages discovery is continuing and Plaintiff has not provided its exhibit list, deposition designations, or an adequate statement of proof. Therefore, Defendants reserve the right to identify additional motions in limine, if appropriate:

1. Motion to Exclude Untimely Reports from an Undisclosed Expert

   As set forth above, Power Integrations has recently produced a series of expert reports from Mr. Lum, a previously undisclosed expert. These reports are untimely and should be excluded.

2. Motion to Limit the Testimony to Power Integrations' Damages Expert

   Fairchild has yet to complete the deposition of Mr. Troxel so the list of topics for which he should be precluded from testifying may change. At present, Fairchild identifies the following topics:

   Mr. Troxel should be precluded from opining on damages due to devices manufactured and sold abroad absent evidence that these specific devices are later imported into the United States.

   Mr. Troxel should be precluded from speculating on the number of devices imported into the United States that incorporate Fairchild devices manufactured and sold abroad. Specifically, Mr. Troxel should be precluded from relying on speculative and unreliable reports concerning

the percentage of unrelated devices that may have been imported into the United States at select times.

Mr. Troxel should be precluded from relying upon the untimely report of Power Integrations' undisclosed expert alleging third party direct infringement.

In light of Power Integrations' failure to mark its products, Mr. Troxel should be precluded from testifying about sales and prices prior to October 20, 2004.

Mr. Troxel should be precluded from relying on Power Integrations' "sales reports" as these documents are admittedly unreliable and speculative.

Mr. Troxel should be precluded from speculating about "future lost profits", especially concerning damages allegedly owed after the asserted patents have expired.

Mr. Troxel should be precluded from opining about "lost sales" when Power Integrations simply chose to sell a cheaper product in place of its more expensive device.

3. Motion to Exclude Admittedly Unreliable Evidence

Power Integrations purports to rely upon "weekly reports" from its sales force. These reports contain hearsay within hearsay and lack foundation. Moreover, Power Integrations' Vice President of Sales, the officer in charge of these reports, testified that they are unreliable. Therefore, the reports – and any testimony or evidence based on the reports – should be excluded.

4. Motion to Limit the Testimony of Power Integrations' Experts

During deposition and in their reports, Power Integrations' experts opine that Fairchild's devices infringe the asserted claims. These technical experts, however, lack the training or experience to render a legal opinion. Further, they lack any evidence concerning whether the accused devices were made, used, offered for sale or sold in the United States or imported into the United States. Thus, the experts should be precluded from opining that any of the accused devices infringe the asserted claims.

5. Motion to Limit the Testimony of Michael Shields

During deposition, Power Integrations' expert, Mr. Michael Shields, admitted that he was not an expert with respect to the issues of conception, reduction to practice, or inherency. Therefore, he should be precluded from opining on these subjects.

6. Motion to Exclude Unreliable Third Party Documents

In its exhibit list and expert report, Power Integrations purports to rely upon documents produced by Dell and GE. Despite the fact that Power Integrations has every opportunity to depose these third parties, Power Integrations chose not to do so. Thus, these documents are inadmissible hearsay and have not been

authenticated. The documents – and any testimony concerning these documents – should be excluded.

7. Motion to Limit the Testimony of Klaus Eklund

As a matter of law, Power Integrations must provide independent evidence corroborating the alleged conception, diligence to reduction to practice, and actual reduction to practice of the '075 Patent. To prevent undue prejudice, Dr. Eklund should be precluded from testifying as to any date of conception and reduction to practice until Power Integrations lays a foundation for this independent corroboration.

8. Motion to Exclude Evidence of Copying

Power Integrations should be precluded from arguing that Fairchild "copied" Power Integrations' products. Such evidence is irrelevant to the issue of infringement and will only prejudice the jury. In particular, Power Integrations should be precluded from arguing that Fairchild has "copied" Power Integrations datasheets as there is no allegation of copyright infringement.

9. Motion to Preclude Prior Notice

Power Integrations should be precluded from arguing that it placed Fairchild on either constructive notice or actual notice of infringement before October 20, 2004, or that any knowledge of the patents in suit by Fairchild is germane to damages, validity or infringement.

10. Motion to Preclude Knowledge of Importation.

Except as to specific proven instances of importation, Power Integrations should be precluded from arguing that Fairchild has any general knowledge pertinent to the amount of any of the importation.