IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## FAIRCHILD'S PROPOSED JURY INSTRUCTIONS

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403).
Lauren E. Maguire (I.D. #4261)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: May 25, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,                    )
                                             )
                        Plaintiff,           )
                                             )
            v.                               )        C.A. No. 04-1371-JJF
                                             )
FAIRCHILD SEMICONDUCTOR                      )
INTERNATIONAL, INC., and FAIRCHILD           )
SEMICONDUCTOR CORPORATION,                   )
                                             )
                        Defendants.          )

## FAIRCHILD'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403).
Lauren E. Maguire (I.D. #4261)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: May 25, 2006

**INTRODUCTION**

Ladies and gentlemen, you have been selected as jurors in this case. What I will now say is intended to introduce you to the trial and the law that you will apply to evaluate the evidence that you will hear. I will also give you detailed instructions on the law at the end of the trial. All of my instructions are important, and you should consider them together as a whole. Please listen carefully to everything I say.

This is a case about patent infringement. The parties are Power Integrations, the plaintiff, and Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., the defendants. Power Integrations owns United States Patent Numbers 6,249,876, 6,107,851, 6,229,366, and 4,811,075, which you may hear called by the lawyers and witnesses in the case by their last three numbers, the '876, '851, '366, and '075 Patents, or by the last name of the lead inventors, here, Klas Eklund or Balu Balakrishnan. Power Integrations contends that Fairchild infringes the '876, '851, '366, and '075 patents. Fairchild contends that it did not infringe the '876, '851, '366, and '075 patents. Fairchild also contends that the '876, '851, '366, and '075 patents are invalid and unenforceable.

Source: Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004).

**PATENT LAW – GENERAL**

The Federal Judicial Center video will be shown at this time.


Source: <u>Proposed</u> Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004).

**DUTIES AS JURORS**

Now a word about your duties as jurors. Trial by jury is one of the cornerstones of our free society. Faithful performance by you of your duties is vital to the administration of justice.

You have two main duties as jurors. The first is to decide what the facts are based on the evidence that you will see and hear in court. Deciding what the facts are is your job, not mine, and nothing that I will say or do should influence your determination of the facts in any way. In deciding what the facts are, you must not engage in guesswork or speculation. You must not be influenced in any way by any personal feeling of sympathy for, or prejudice against, either side in this case. Each side is entitled to the same fair and impartial consideration.

Your second duty is to take the principles of law that I explain to you and apply them to the facts in reaching your verdict. It is my job to instruct you about the law, and you are bound by the oath you just took to follow my instructions, even if you personally disagree with them. This includes these instructions and the instructions that I will give you during and after the trial. All of my instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Source: <u>Proposed</u> Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004).

## BURDEN OF PROOF

Power Integrations has the burden to prove patent infringement by what is called a preponderance of the evidence. That means Power Integrations has to produce evidence that, when considered in light of all of the facts, leads you to believe that what Power Integrations claims is more likely true than not. To put it differently, if you were to put the Power Integrations' and Fairchild's evidence on the opposite sides of a scale, the evidence supporting Power Integrations's claims would have to make the scales tip somewhat on its side.

In this case, Fairchild argues that Power Integrations' patent is not valid. A patent, however, is presumed to be valid unless proven otherwise. Accordingly, Fairchild has the burden to prove the patent-in-suit is not valid by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a fact is highly probable. The burden to prove a fact by clear and convincing evidence is a heavier burden than the burden to prove that fact by a preponderance of the evidence.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

Source: <u>Proposed</u> Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004).

**EVIDENCE**

The evidence you will consider consists of the sworn testimony of witnesses, the exhibits admitted into evidence, and any facts the parties admit or agree to. Nothing else is evidence. The lawyers' statements and arguments are not evidence; their questions and objections are not evidence. My comments or questions are not evidence. Nothing you see or hear outside the courtroom is evidence.

From time to time it may be the duty of the attorneys to make objections to evidence that should not be presented at this trial under the rules of evidence. It is my duty as the judge to rule on those objections and decide whether you can consider the evidence in question. My decisions about the admission of evidence are governed by rules of law. You must not be influenced by any objection or by my reasons for making an evidentiary ruling. If I sustain an objection or order evidence stricken from the trial, do not speculate about what a witness might have said or what an exhibit might have shown. You must not consider that evidence.

Use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Make your decisions about the trial based only on the evidence, as I have defined it here, and nothing else.

Source: Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004).

**WITNESSES – CONFLICTS IN TESTIMONY**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. For example, you may be guided by the appearance and demeanor of the witnesses as they testified and the witnesses' apparent fairness in giving their testimony. Other factors which may influence your evaluation of a witness' credibility include the existence of evidence that is inconsistent with the testimony given or evidence that at some other time the witness said or did something (or failed to say or do something) that was different from the testimony the witness gave at trial. You may also consider any bias or interest the witness may have in the outcome of these proceedings.

You should remember that a simple mistake does not necessarily mean that the witness is not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness makes a misstatement, you must consider whether it is simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

If you find the testimony in this case to be in conflict, it will be your duty at the end of the case to reconcile the conflicts if you can. If you cannot do so, it is your duty to disregard that portion of the testimony that you, in your judgment, consider not to be worthy of credit.

Lastly, the number of witnesses presented is not important; concentrate on how believable the witnesses are and how much weight you believe their testimony deserves.

Source: <u>Proposed</u> Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

In this trial, the parties may present "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness that, if you believe the testimony, directly proves a fact. For example, if a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of facts and circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Source: Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004).

**EXPERT WITNESSES**

When scientific, technical or other specialized knowledge may be helpful to the jury, a person who has special knowledge, skill, education, training or experience in that technical field, called an expert witness, is permitted to state an opinion on those matters.

The value of this kind of testimony depends upon the qualifications and skill of the witness, the sources of the witness's information, and the reasons supplied for any opinions given. You should consider this kind of testimony like all other testimony you hear and weigh it by the same tests. However, as with any other witness, you are not required to accept any expert's opinions. It will be up to you to decide whether to rely upon them.

Source: <u>Proposed</u> Uniform Jury Instructions For Patent Cases In The United States District Court For The District <u>Of</u> Delaware (2004).

**GENERAL INSTRUCTION**

Until this case is submitted to you for your deliberation, you are to keep an open mind and not decide any issue in this case. You also must not discuss this case with anyone, remain within hearing of anyone discussing it, or read, watch, or listen to any discussion of the case in any news or entertainment media. After this case has been submitted to you, you must discuss this case only in the jury room when all members of the jury are present.

It is important that you wait until all the evidence is received and you have heard my instructions on the applicable rules of law before you deliberate among yourselves. The only evidence you may consider will be the evidence presented at trial. Because of this, you should not attempt to gather any information on your own that you think might be helpful. Do not do any outside reading on this case and do not in any other way try to learn about the case outside the courtroom.

The reason for these rules, as I am certain you will understand, is that you must decide this case solely on the evidence presented at the trial.

Source: <u>Proposed</u> Uniform Jury Instructions For Patent Cases In The United States District Court For The District <u>Of</u> Delaware (2004).

**COURSE OF THE TRIAL**

The case will now begin.

First, Power Integrations may make an opening statement outlining its case. Then Fairchild may make an opening statement outlining its case. Neither side is required to make an opening statement. Opening statements are not evidence; their only purpose is to help you understand what the evidence will be.

Next, the parties will present their evidence. Power Integrations will first introduce the evidence that it believes will support its claims. When Power Integrations is finished, Fairchild will introduce evidence to defend against Power Integrations' claims. Power Integrations then has the opportunity to offer rebuttal evidence.

After you have heard all of the evidence, I will instruct you on the law that you must apply in this case. Then each side may make a closing argument, although no one is required to do so. The closing arguments are not evidence; their only purpose is to give each side the opportunity to summarize its case and to help you understand the evidence it has presented.

Finally, after the closing arguments, you will deliberate and arrive at your verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## FAIRCHILD'S PROPOSED FINAL JURY INSTRUCTIONS

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403).
Lauren E. Maguire (I.D. #4261)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: May 25, 2006

1.    **GENERAL INSTRUCTIONS**

**1.1    INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

You will have a written copy of these instructions with you in the jury room for your reference during your deliberations.

You will also have a verdict form, which will list the interrogatories, or questions, that you must answer to decide this case.

Sources & Comments:

Instruction 1.1, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 1.1, 1993 District of Delaware Patent Instructions.

## 1.2    JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, Fairchild is liable.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Sources & Comments:

Instruction 1.2, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 1.2, 1993 District of Delaware Patent Instructions.

## 1.3    BURDENS OF PROOF

Power Integrations has the burden to prove its claims of patent infringement and its claims of damages by a preponderance of the evidence.  That means Power Integrations must produce evidence that, when considered in light of all of the facts, leads you to believe that what Power Integrations claims is more likely true than not.  To put it differently, if you were to put Power Integrations' and Fairchild's evidence on the opposite sides of a scale, the evidence supporting Power Integrations' claims would have to make the scales tip somewhat on its side.  If Power Integrations fails to meet this burden, your verdict must be for Fairchild.

In this case, Fairchild is urging that Power Integrations' patents are invalid and unenforceable. Fairchild has the burden to prove that any patent is not valid or is unenforceable by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a fact is highly probable.  Proof by clear and convincing evidence is thus a higher burden then proof by a preponderance of the evidence.

There is another defense that has been asserted by Fairchild that only needs to be proved by a preponderance of the evidence, namely, patent misuse.  If Fuji meets its burden of proof on that defense, this may limit Power Integrations' relief or preclude relief altogether, as I will describe to you later when I explain that defense.

In addition, Power Integrations must prove its claims of willful infringement by clear and convincing evidence and not by a preponderance of the evidence, the standard that applies to Power Integrations' other claims in this case.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should, therefore, completely put it out of your mind in considering whether or not either party has met its burden of proof in this case.

Sources & Comments:

*Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003) (Farnan, J.); Instruction 1.3, 1993 District of Delaware Patent Instructions; Instruction 1.3, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004).

## 1.4    EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you have seen or heard outside of Court influence your decision in any way.

Do not let any witness' nationality or ethnic heritage, or failure to speak the English language, influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, deposition transcript testimony that has been played or read to you, the exhibits that I allowed into evidence, any stipulations that the attorneys agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyer's statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. Any of my comments or questions that I may have asked the lawyers are not evidence.

Similarly, no inferences should be drawn from an attorney's objections or my rulings on those objections. Remember that it is the attorney's duty to object to evidence that the attorney thinks is not admissible. My rulings do not indicate any opinion I may hold about the credibility of the evidence that was objected to.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the attorneys wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I may have struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

17

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Sources & Comments:

Instruction 1.4, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.).

## 1.5    CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

<u>Sources & Comments</u>:

Instruction 1.5, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.).

## 1.6    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him or her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

<u>Sources & Comments</u>:

Instruction 1.6, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.).

**1.7    CREDIBILITY OF WITNESSES**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and whether it concerns an important fact or an unimportant detail.

Sources & Comments:

Instruction 1.7, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.).

**1.8     NUMBER OF WITNESSES**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

<u>Sources & Comments</u>:

Instruction 1.8, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.).

## 1.9    EXPERT WITNESSES

You have heard testimony from several expert witnesses.  When knowledge of technical subject matter might be helpful to the jury, a person who has special training or experience in that technical field who is called an expert witness - is permitted to state his or her opinion on the technical aspects of the case.

You should also take into account the expert's actual experience in the field, such as whether he has worked in the technology area to which he is testifying.  Even though the person rendering the opinion may have been admitted as an expert, you may weigh his level of expertise in determining the reliability his opinion.

You are not required, however, to accept that opinion.  As with any other witness, it is up to you to decide how much weight to give the opinion in light of all the evidence in the case.

Sources & Comments:

Instruction 1.9, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.).

## 1.10    DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of a deposition transcript or the playing of video tape excerpts from a deposition.  This testimony is entitled to the same consideration you would give it had the witness personally appeared in court.

<u>Sources & Comments</u>:

Instruction 1.10, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.).

## 1.11   DEMONSTRATIVE EXHIBITS

During the course of the trial, you have seen many exhibits. Many of these exhibits were admitted as evidence. You will have these admitted exhibits in the jury room for your deliberations. The remainder of the exhibits (including charts and animations) were offered to help illustrate the testimony of the various witnesses.  These illustrative exhibits, called "demonstrative exhibits," have not been admitted, are not evidence, and should not be considered as evidence. Rather, it is the underlying testimony of the witness that you heard when you saw the demonstrative exhibits that is the evidence in this case.

Sources & Comments:

Instruction in *Kyphon Inc. v. Disc-O-Tech Medical Technologies Ltd., and DISC Orthopaedic Technologies, Inc.*, C.A. No. 04-204-JJF, D. Del.

## 2.     THE PARTIES AND THEIR CONTENTIONS

## 2.1     THE PARTIES

The plaintiff in this case is Power Integrations, Inc. The defendants are Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc. I will refer to plaintiff as "Power Integrations." I will refer to defendants as "Fairchild."

## 2.2    POWER INTEGRATIONS' CONTENTIONS

Power Integrations contends that Fairchild has infringed, and continues to infringe, various claims of Power Integrations' patents by making, using, selling, offering for sale, and marketing certain integrated circuits, or "chips," for use in power supplies. Specifically, Power Integrations charges that Fairchild has infringed, and continues to infringe, claims 1, 17, and 19 of U.S. Patent 6,249,876; claims 1, 2, 4, 10, 11, 13, and 16 of U.S. Patent 6,107,851; claims 1, 2, 9, 10, 14, and 16 of U.S. Patent 6,229,366; and claims 1 and 5 of U.S. Patent 4,811,075. I will refer to these four patents collectively as the "patents-in-suit," or individually by the last three numbers of the patents.

Power Integrations contends that Fairchild's power supply controller chips, infringe Power Integrations patented high-voltage transistors and, when used as directed by Fairchild, practice Power Integrations' patented methods.

## 2.3    FAIRCHILD'S CONTENTIONS

Fairchild contends that Power Integrations has not proven that the patents-in-suit are infringed and denies that its power-supply controller chips infringe the patents-in-suit. Accordingly, Fairchild contends that it is not liable for direct infringement or inducing infringement.

Fairchild also contends that the asserted claims of the patents-in-suit are invalid for one or more of the following reasons:

(1)    The asserted claims are invalid over the prior art because they are anticipated and/or obvious over the prior art.

(2)    The asserted claims are also invalid because someone else invented the claimed invention(s) before the patentee.

(3)    The asserted claims are also invalid because the invention(s) was/were put on sale and/or disclosed or known to the public more than a year prior to the filing date of the patents,

(4)    The asserted claims are also invalid because they do not enable a person of ordinary skill in the art to practice the invention without undue experimentation.

Fairchild also contends that the Power Integrations patents are unenforceable against Fairchild due to (i) Power Integrations' inequitable conduct before the Patent Office during the patent examination process and due to (ii) Power Integrations' misuse of its patents in attempting to extend the scope of the patent grant beyond the bounds provided by law.

## 2.4    SUMMARY OF PATENT ISSUES

In this case, you must decide several things according to the instructions that I shall give you. They include:

1.    Whether Power Integrations has proven by a preponderance of the evidence that any of Fairchild's accused products infringe any of the asserted claims of the patents-in-suit.

2.    Whether Fairchild has proven by clear and convincing evidence that any of the asserted claims of the patents-in-suit are invalid on grounds including anticipation, obviousness, prior invention by another, public sale or disclosure more than a year prior to filing for a patent, or failure to enable a person of skill in the art to practice the invention.

3.    Whether Fairchild has proven by clear and convincing evidence its defense of unenforceability due to inequitable conduct before the Patent Office.

4.    Whether Fairchild has proven by a preponderance of the evidence its defense of unenforceability due to patent misuse.

5.    If you find any of the claims of the patents-in-suit are valid, infringed and enforceable, the amount of damages Power Integrations has proven is due to it by a preponderance of the evidence.