**3.    INFRINGEMENT**

At the beginning of the trial I gave you some general information about patents and the patent system and a brief overview of the patent laws that relate to this case.  If you would like to review my earlier instructions at any time during your deliberations, they will be available to you in the jury room.

A patent owner may enforce his or her right to exclude others from making, using or selling the patented invention within the United States by filing a lawsuit for patent infringement.  Here, Power Integrations has sued Fairchild, the accused infringer, and has alleged that certain Fairchild power-supply controller chips infringe certain claims of the patents asserted in this case.

If any person makes, uses, sells, offers to sell or imports within the United States, without the patent owner's permission, any product, apparatus or method legally protected by at least one claim of a patent, before the patent expires, that person is said to *infringe* the patent.

There are two ways to infringe a patent.  One may: (1) directly infringe a patent; or (2) induce others to infringe a patent, in which case the inducer is liable for infringement as well as the direct infringer.  Power Integrations has accused Fairchild of both types of infringement in this case.  I will now instruct you on the specific rules you must follow in deciding whether Power Integrations has proven that Fairchild has infringed one or more of the claims of the patent here.

Sources & Comments:

Instruction 3.2, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 3, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003) (Farnan, J.).

## 3.1    INFRINGEMENT – BURDEN OF PROOF

To prove infringement of a patent, Power Integrations must persuade you by a preponderance of the evidence that Fairchild has infringed a claim in the patent.

## 3.2     PATENT CLAIMS

### 3.2.1     PATENT CLAIMS – GENERALLY

Before you can decide whether Fairchild has infringed any of Power Integrations's patents, you will have to understand the patent "claims." The patent claims are the numbered paragraphs at the end of the patent.

The patent claims involved here are claims 1, 17, and 19 of the '876 Patent; claims 1, 2, 4, 10, 11, 13, and 16 of the '851 Patent; claims 1, 2, 9, 10, 14, and 16 of the '366 Patent; and claims 1 and 5 of the '075 Patent.

The claims are "word pictures" intended to define, in words, the boundaries of the invention described and illustrated in the patent.  Only the claims of the patent can be infringed. Neither the specification, which is the written description of the invention, nor the drawings of a patent can be infringed.  Each of the claims must be considered individually, and to show infringement of a given patent by a given product, Power Integrations need only establish that one claim of that patent has been infringed by that product.  However, you will have to decide whether or not infringement has been proved as to each of the asserted claims as set forth on the special verdict form.

Sources & Comments:

Instruction 3.1, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 3.1, 1993 District of Delaware Patent Instructions.

### 3.2.2    THE COURT DETERMINES WHAT PATENT CLAIMS MEAN

When deciding whether each patent is infringed, you must use the definitions in the Court's Claim Construction Order dated March 31, 2006.  You will be provided with a copy of the Order.

Any term not construed by me should be given its ordinary English language meaning.

[Insert Claim Construction Here]

Sources & Comments:

Instruction 4.22, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 3.3.3, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004).

**3.3    PATENT INFRINGEMENT – DIRECT – GENERAL**

Power Integrations has alleged that Fairchild's products directly infringe at least one claim of its patents. I will refer to Fairchild's products as the accused products.

Deciding whether a claim has been directly infringed is a two-step process. First, the meaning of the patent claim is determined as a matter of law. That job is for the Court, and I will tell you shortly what the key terms of the asserted claims mean as a matter of law. In the second step, you must compare each claim as I have interpreted it to each of the accused products to determine whether every element of the claim can be found in that accused product. This element-by-element comparison is your responsibility as the jury for this case.

There are two ways in which a patent claim may be directly infringed. First, a claim may be literally infringed. Second, a claim may be infringed under what is called the "doctrine of equivalents." Next, I will explain each type of direct infringement more completely.

<u>Sources & Comments</u>:

Instruction 3.3, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003) (Farnan, J.); *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 478 (1974); *Filmways Pictures, Inc. v. Marks Polarized Corp.*, 552 F. Supp. 863, 868 (S.D.N.Y. 1982).

### 3.3.1    DIRECT INFRINGEMENT – LITERAL

A patent claim is literally infringed if Fairchild's accused products include all elements in that patent claim. If Fairchild's products omit or lack any element, even a single element recited in a patent claim, Fairchild does not literally infringe that claim. You must determine literal infringement with respect to each patent claim individually and with respect to each product individually. Infringement occurs, however, when any one claim or more than one claim in a patent is infringed.

Sources & Comments:

Instruction 3.3, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 3.3.1, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003) (Farnan, J.); *Dawn Equipment Co. v. Kentucky Farms, Inc.*, 140 F.3d 1009, 1014 (Fed. Cir. 1998) (to show patent infringement, must compare claims to an accused product); *Johns Hopkins Univ. v. CellPro*, 894 F. Supp. 819, 835 (D. Del. 1995) (instructing jury that they must determine infringement for "each product accused").

### 3.3.2  OPEN-ENDED OR "COMPRISING" CLAIMS

Many of the asserted claims of the patents use the transitional phrase, "comprising."

"Comprising" means "including" or "containing."  In patent claims, "comprising" means that the

claims are "open-ended."

Based on this explanation, if you find that Fairchild's products include all of the

components in any of Power Integrations' patent claims, the fact that they may also include an

additional component is irrelevant.  The presence of additional components in the accused

products does not mean that the products do not infringe a patent claim.  For example, a claim to

a table *comprising* a tabletop, legs and glue would be infringed by a table that includes those

elements, even if the table also includes additional elements such as wheels on the table's legs.

Sources & Comments:

Instruction 3.10, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*,
C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 3.3.3, Proposed Uniform Jury Instructions
For Patent Cases In The United States District Court For The District Of Delaware (2004); *Tristrata
Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003)
(Farnan, J.); Instruction 3.11, 1993 District of Delaware Patent Instructions; *A.B. Dick Co. v.
Burroughs Corp.*, 713 F.2d 700, 703 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 1042 (1984);
*Mannesmann Demag Corp. v. Engineered Metal Prods. Co.*, 793 F.2d 1279 (Fed. Cir. 1986);
*Moleculon Research Corp. v. CBS, Inc.*, 792 F.2d 1261, 1271 (Fed. Cir. 1986).

### 3.3.7  MEANS-PLUS-FUNCTION CLAIMS

Some claims in the patents-in-suit define an element of the invention as a "means" for performing a certain function.

For there to be infringement of a claim element containing such a "means-plus-function" limitation, two things must be true.  First, the accused device must include a structure that performs the identical function as specified in the claim element.  Second, the accused device must employ means that is identical to, or an equivalent of, the structures, material, or acts described in the patent specification for performing that function of the means.

Sources & Comments:

Instruction 3.14, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 3.14, 1993 District of Delaware Patent Instructions.

### 3.10  PATENT CLAIMS – DEPENDENT AND INDEPENDENT

There are two different types of claims in the patents-in-suit.  The first type is called an independent claim.  An independent claim does not refer to any other claim of the patent.  An independent claim is read separately to determine its scope.

On the other hand, a dependent claim refers to at least one other previous claim in the patent and thus incorporates whatever that previous claim or claims say.  Accordingly, to determine what a dependent claim covers, you must read both the dependant claim and the previous claim or claims to which it refers.

For example, Claim 1 of the '876 Patent is an independent claim, as is Claim 17 of the '876 Patent.  You know this because these claims mention no other claim.  Accordingly, the words of these claims are read by themselves in order to determine what the claims cover.

The other independent claims are Claims 1 and 11 of the '851 Patent, Claims 1 and 9 of the '366 Patent, and Claim 1 of the '075 Patent.

Claim 19 of the '876 Patent, on the other hand, is a dependent claim.  Claim 19 is dependent upon Claim 17 of the same patent.  Accordingly, the words of Claims 17 and 19 must be read together in order to determine what the dependent claim, Claim 19, covers.

The other dependent claims are Claims 2, 4, 10, 13 and 16 of the '851 Patent, Claims 2, 10, 14, and 16 of the '366 Patent, and Claim 5 of the '075 Patent.

If you find that an independent claim is not infringed, then you must find that the dependent claim is not infringed. For example, if you find that Claim 17 of the '876 Patent is not infringed, then you must find that Claim 19 is not infringed.

Sources & Comments:

Instruction 3.12, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.).

**3.4    DIRECT INFRINGEMENT – DOCTRINE OF EQUIVALENTS**

If you do not find literal infringement you may consider infringement under the "doctrine of equivalents." I have referred to the "doctrine of equivalents" before. Now it is time to explain this term. You may find that Fairchild's product or method infringes a claim, even if not all of the physical components or method steps of the claim are present in Fairchild's product or method. You may find infringement in such circumstances if the physical components or method steps of Fairchild's product or method are equivalent to that claimed in at least one of Power Integrations' patent claims. This is called the doctrine of equivalents.

Application of the doctrine of equivalents is the exception, however, not the rule. Patent claims must be clear enough so that the public has fair notice of what was patented. Notice permits other parties to avoid actions which infringe the patent and to design around the patent. On the other hand, the patent owner should not be deprived of the benefits of his patent by competitors who appropriate the essence of an invention while barely avoiding the literal language of the patent claims.

The test to determine equivalence under the doctrine of equivalents is whether Fairchild's product or method and components or steps perform substantially the same function in substantially the same way to produce substantially the same result compared to Power Integrations' claimed product or method and components or steps.

It is not a requirement under doctrine of equivalents infringement that those of ordinary skill in the art knew of the equivalent when the patent application was filed or when the patent issued. The question of whether Fairchild's product or method and its components or method steps are equivalent to that defined in Power Integrations' claims is to be determined as of the time of the alleged infringement.

The doctrine of equivalents does not apply to your analysis of the '075 Patent, as Power Integrations has agreed that Fairchild does not infringe the '075 Patent under the doctrine of equivalents.

Sources & Comments:

Instruction 3.9, 1993 District of Delaware Patent Instructions, and cases cited therein: *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 607-610, *reh'g denied*, 340 U.S. 845 (1950); *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538, 20 U.S.P.Q.2d 1456, 1458 (Fed. Cir. 1991); *Moeller v. Ionetics, Inc.*, 794 F.2d 653, 229 U.S.P.Q. 992, 995 (Fed. Cir. 1986); *Atlas Powder Co. v. E. I. DuPont de Nemours & Co.*, 750 F.2d 1569, 1581, 224 U.S.P.Q. 409 (Fed. Cir. 1984).

### 3.4.1    SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS IS NOT PERMITTED

There are three situations wherein resort to the doctrine of equivalents to find infringement is not permitted.

First, resort to the doctrine of equivalents to find infringement is not permitted if you find that the Fairchild is merely practicing what was in the prior art prior to the patented invention or that which would have been obvious in light of what was in the prior art. This is because a patent owner should not obtain, under the doctrine of equivalents, coverage which he could not have lawfully obtained from the Patent Office. Accordingly, to find infringement under the doctrine of equivalents you must find that the patent owner has proven that he could have obtained from the Patent Office a hypothetical patent claim, similar to the asserted claim, but broad enough to literally cover the accused product or method.

Second, resort to the doctrine of equivalents to find infringement is not permitted if you find that the patent owner is trying to recapture that which he gave up in the Patent Office to distinguish the invention from what was in the public domain prior to his invention. As you have already heard, during prosecution of the patent, arguments and amendments are often made in an attempt to convince the Patent Examiner and the Patent Office that the claimed invention is entitled to a patent in view of the prior art before the Examiner. The applicant, in other words, may amend his patent claims or submit arguments in order to define or narrow the meaning of the claims so that they are distinguished from the prior art.   If the inventor, when he was in the process of obtaining one of the Power Integrations patents, limited a claim in some way in order to argue that it was different from what was in the public domain, then he is not now free to assert a broader view of his invention by broadening the claims through the doctrine of equivalents in an effort to recapture that which he surrendered.

Sometimes patent claims, however, are amended, not to avoid what was in the public domain, but to clarify indefinite or ambiguous terms. If you find that an amendment was made to clarify a claim for that sort of reason and not in an effort to avoid what was in the public domain, the doctrine of equivalents can still be applied.

Third, you may not find infringement under the doctrine of equivalents if even one limitation of a claim or its equivalent is missing from the accused device. Thus, if you determine that a finding of infringement under the doctrine of equivalents would entirely eliminate a particular claimed element, then you should not find infringement under the doctrine of equivalents.

Sources & Comments:

Instruction 3.10, 1993 District of Delaware Patent Instructions (*first two exceptions*); Instruction 3.5, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004) (*third exception*); Prosecution History Estoppel Instruction, *American Intellectual Property Law Association Model Jury Instructions* (1998); *Wilson Sporting Goods v. David Geoffrey & Assocs.*, 904 F.2d 677, 685, 14 U.S.P.Q.2d 1942, 1948-9 (Fed. Cir.), *cert. denied*, 111 S. Ct. 537 (1990) (*first exception*); *Hughes Aircraft Co. v. United States*, 717 F.2d 1351, 1362-63, 219 U.S.P.Q. 473 (Fed. Cir. 1983); *Bayer Aktiengesellschaft v. Duphar International Research B.V.*, 738 F.2d 1237, 1243, 222 U.S.P.Q. 649 (Fed. Cir. 1984); *Moeller v. Ionetics*, 794 F.2d 653, 229 U.S.P.Q. 992, 996 (Fed. Cir. 1986); *Mannesmann Demag Corp. v. Engineered Metal Products Co.*, 793 F.2d 1279, 230 U.S.P.Q. 45, 48 (Fed. Cir. 1986); *Graham v. John Deere Co.*, 383 U.S. 1, 33-34, 148 U.S.P.Q. 459 (1966); *McGill, Inc. v. John Zink Co.*, 736 F.2d 666, 673 (Fed. Cir.), *cert. denied*, 469 U.S. 1037 (1984); *Kinzenbaw v. Deere & Co.*, 741 F.2d 383, 389, 222 U.S.P.Q. 929 (Fed. Cir. 1984), *cert. denied*, 470 U.S. 1004 (1985); *Coleco Industries, Inc. v. ITC*, 573 F.2d 1247, 197 U.S.P.Q. 472 (C.C.P.A. 1978); *Caterpillar Tractor Co. v. Berco, S.p.A.*, 714 F.2d 1110, 1115, 219 U.S.P.Q. 185 (Fed. Cir. 1983) (*second exception*); *Corning Inc. v. SRU Biosystems*, 400 F. Supp. 2d 653, 658-59 (D. Del. 2005) (Farnan, J.) (*third exception*).

## 3.8    INDIRECT INFRINGEMENT – INDUCING PATENT INFRINGEMENT

A patent claim may cover the importation into the United States or sale in the United States of a particular product or apparatus which would not infringe the patent if it were sold or manufactured outside the United States, because the U.S. patent laws do not apply outside the United States.

Fairchild would be an infringer if it actively and knowingly aided and abetted someone else to import into the United States or sell in the United States the products covered by the claims of the patents-in-suit. This is called inducing infringement.

You must decide whether Fairchild induced another to infringe Power Integrations' patents by providing, for example, labels, advertising or other sales methods, instructions and directions to perform the infringing act. These materials are only relevant to infringement if provided in connection with an infringing act by another. Providing labels, advertising, instructions and the like is not inducement by itself – a related infringing act must be shown.

Fairchild cannot be liable for inducing infringement unless a patent claim is directly infringed. Therefore, Power Integrations must also prove by a preponderance of the evidence that there is direct infringement by persons allegedly induced by Fairchild to infringe. The only direct infringement alleged to show inducement in this case is importation into the United States and/or sale in the United States of Fairchild products that were originally purchased abroad. Thus, to prove that Fairchild induced infringement, Power Integrations must show that some other person or company imported or sold infringing Fairchild product from overseas into the United States. As I explained to you before, direct infringement must be shown separately for each accused product.

Sources & Comments:

Instruction 3.5, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 3.6, 1993 District of Delaware Patent Instructions.

## 3.12   WILLFUL INFRINGEMENT

Power Integrations contends that Fairchild has willfully infringed the patent claims.

When a person becomes aware that a patent may have relevance to their activities, that person has a duty to exercise due care and investigate whether or not their activities infringe any valid claim of the patent. If that person does not do so and infringes the patent claims, then the infringement is willful. Although Power Integrations must prove infringement by a preponderance of the evidence, Power Integrations must prove that Fairchild willfully infringed by the higher burden of clear and convincing evidence.

To establish willful infringement, Power Integrations must prove two things with clear and convincing evidence:

> 1.    Fairchild was aware of the patent.

> 2.    Fairchild acted without having a reasonable good faith belief that the patent was invalid or that the patent was not infringed.

To determine whether Fairchild acted with a reasonable good faith belief or whether Fairchild willfully infringed the patent, you must consider all of the facts, including the strength of the defenses raised by Fairchild in this trial and the following factors:

> 1.    In designing the product accused of infringement, whether Fairchild intentionally copied Power Integrations's invention or a product made by Power Integrations that is covered by the patent, or whether Fairchild instead tried to "design around" the patent by designing a product that Fairchild believed did not infringe the patent claims. Evidence of copying is evidence of willful infringement; on the other hand, evidence of a good faith effort to "design around" the claims is evidence that the infringement was not willful.

> 2.    When Fairchild became aware of the patent, whether Fairchild formed a good faith belief that the patent was invalid or that the patent was not infringed, including whether

44

Fairchild obtained and followed the advice of a competent lawyer. Although the absence of an opinion of counsel does not require you to find willfulness, the obtaining and following of counsel's advice may be evidence that infringement was not willful.

Keep in mind that a determination by you that Fairchild has infringed the patent does not automatically mean that the infringement was willful. As I have explained, the infringement is not willful if Fairchild had a good faith belief that it did not infringe or that the patent was invalid, and if its belief was reasonable under all the circumstances.

Sources & Comments:

Instruction 3.13, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004), slightly modified from *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003) (Farnan, J.); *Eaton Corp. v. Parker-Hannifin Corp.*, 292 F. Supp. 2d 555, 569 (D. Del. 2003); *Johns Hopkins Univ. v. CellPro*, 894 F. Supp. 819, 843 (D. Del. 1995).

4.    **VALIDITY**

Fairchild contends that several claims of the patents-in-suit are invalid for failure to satisfy the legal requirements of patentability. In particular, Fairchild contends that the asserted claims are invalid for lack of enablement, anticipation by prior public knowledge, prior public use, prior invention by another, prior publication, and prior sale, and obviousness,. I will now instruct you on each of these defenses.

## 4.1    PRESUMPTION OF VALIDITY

The granting of a patent by the Patent Office carries with it the presumption that the patent's subject matter is new, useful and constitutes an advance that was not, at the time the invention was made, obvious to one of ordinary skill in the art. The law presumes, in the absence of clear and convincing evidence to the contrary, that the Patent Office acted correctly in issuing the patent. Nevertheless, once the validity of a patent has been put at issue, it is the responsibility of the jury to review what the Patent Office has done consistent with these instructions on the law.

Fairchild has the burden of proving invalidity of each claim by clear and convincing evidence.

Sources & Comments:

Instruction 4.1, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004); 35 U.S.C. § 282; *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003) (Farnan, J.).

**4.3    ENABLEMENT**

Fairchild contends that the '075 and '876 Patents are invalid because in each, the patent specification lacked an enabling disclosure.

Patent law requires that the disclosure or written description portion of a patent be sufficiently detailed to enable those skilled in the art to practice the invention. The purpose of this requirement is to ensure that the public, in exchange for the patent rights given to the inventor, obtains from the inventor a full disclosure of how to carry out the invention.

If the inventor failed to provide an enabling disclosure, the patent is invalid. To meet this requirement, the patent disclosure must allow a person of ordinary skill in the art to practice the invention without undue experimentation. However, because descriptions in patents are addressed to those skilled in the art to which the invention pertains, an applicant for a patent need not expressly include information that is commonly understood by persons skilled in the art.

The enablement defense does not require an intent to withhold; all that is required is a failure to teach how to practice the invention. In other words, if a person of ordinary skill in the art could not carry out the invention without undue experimentation, the patent is invalid.

A specification need not contain a working example so long as the patent discloses enough information to enable a person of ordinary skill in the art to practice the invention without undue experimentation.

Sources & Comments:

Instruction 4.2, 1993 District of Delaware Patent Instructions; *National Recovery Technologies, Inc. v. Magnetic Separation Systems, Inc.*, 166 F.3d 1190, 1196 (Fed. Cir. 1999); *White Consol. Indus., Inc. v. Vega Servo-Control, Inc.*, 713 F.2d 788, 791 (Fed. Cir. 1983).

## 4.5    ANTICIPATION – GENERALLY

Fairchild contends that the inventions covered by some claims of the patents-in-suit are invalid because they are not new. A person cannot obtain a patent on an invention if someone else has already made the same invention. If the invention is not new, we say that it was "anticipated" by the prior art. Prior art is the legal term used to describe what others had done in the field before the invention was made, and may include things such as articles or other patents. It is not necessary that the prior art has been available to every member of the public. It must have been available, without restriction, to that segment of the public most likely to make use of the prior art's contents.

An invention that is "anticipated" by the prior art is not entitled to patent protection. To prove that an invention is "anticipated," Fairchild must prove by clear and convincing evidence that a single piece of prior art describes or discloses all of the elements of the claimed invention.

<u>Sources & Comments</u>:

Instruction 4.5, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 4.5, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003); 35 U.S.C. § 102; *Schering Corp. v. Geneva Pharma., Inc.*, 339 F.3d 1373, 1378 (Fed. Cir. 2003); *Dow Chemical Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1339 (Fed. Cir. 2001); *Mycogen Plant Science v. Monsanto Co.*, 243 F.3d 1316, 1336 (Fed. Cir. 2001); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000); *In re Coordinated Pretrial Proceedings In Antibiotic Antitrust Actions*, 498 F. Supp. 28, 35-36 (E.D. Pa. 1980); *Honeywell International, Inc. v. Hamilton Sundstrand Corp.*, C.A. No. 99-309-GMS (Feb. 15, 2001); *IPPV Enters., LLC v. Echostar Communications Corp.*, C.A. No. 99-577-RRM (Jul. 12, 2001); *Monsanto Co. v. Mycogen Plant Science*, C.A. No. 96-133-RRM (June 26, 1998); District of Delaware Uniform Jury Instructions (1993); Draft FCBA Instructions 3.2.2.

### 4.5.1    PRIOR PUBLIC KNOWLEDGE

Fairchild contends that some claims of the patents in suit were anticipated because the

invention defined in those claims was publicly known or used by others in the United States before

the date of invention, which is presumed to be the date the patent application was filed, but that date

is to be determined by you, the jury, and there is a separate instruction providing guidance on that

date.

A patent claim is invalid if the invention recited in that claim was publicly known or used by

others in the United States before the patent applicant invented it.  If this is true, you must find the

patent invalid.

<u>Sources & Comments</u>:

Instruction 4.5.1, Proposed Uniform Jury Instructions For Patent Cases In The United States District
Court For The District Of Delaware (2004); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A.
No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003) (Farnan, J.); 35 U.S.C. § 102; *Kistler Instrumente
AG. v. United States*, 628 F.2d 1303, 1308 (Fed. Cir. 1980); *Eaton v. Rockwell*, C.A. No. 97-421-
JJF (June 30, 1998) (Farnan, J.).

### 4.5.2  PRIOR PUBLIC USE

Fairchild contends that some claims of the patents-in-suit were anticipated because the invention defined in those claims was publicly used one year prior to the filing date of the patent.

A public use by any person, who is under no limitation, restriction or obligation of secrecy by the inventor, may invalidate the patents-in-suit if it occurred one year or more prior to the filing date of the patent.

An invention is publicly used by another when it is made accessible to any member of the public other than the inventor or a person under an obligation of secrecy imposed by the inventor.

Sources & Comments:

Instruction 4.4, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.).

### 4.5.3   PRIOR INVENTION BY ANOTHER INVENTOR

Fairchild contends that the Claim 1 of the '075 Patent is invalid because James Beasom, the

named inventor on U.S. Patent 4,823,173 ("the Beasom '173 Patent") invented the invention before

Klas Eklund, the named inventor on the '075 Patent.

In the United States, a patent is awarded to the first inventor.  Therefore, Claim 1 of the '075

Patent is invalid if: (i) the invention defined by that claim was invented by Mr. Beasom in the

United States before it was invented by Mr. Eklund; and (ii) Mr. Beasom did not abandon, suppress

or conceal the invention.

As a general rule, the first person to reduce an invention to practice is said to be the first

inventor.  An invention is reduced to practice either when a patent application is filed with an

enabling disclosure or when the invention is actually made and is shown to work for its intended

purpose.  Thus, the first person to file a patent application with an enabling disclosure is presumed

to be the first person to reduce the invention to practice.  If another person reduces to practice an

invention before the inventor on the patent, then the invention reduced to practice by the other

person generally will be prior art.

There is, however, an exception to this general rule.  Someone who was first to conceive of

an invention but reduced it to practice after someone else will be the first inventor if he or she was

the first to conceive of the invention and he or she exercised reasonable diligence in reducing the

invention to practice from a time just before the other person's conception.  Conception of an

invention occurs when the inventor has formed a definite and permanent idea of how to make and

use every aspect of the patented invention, and all that is required is that it be made, without the

need for any further inventive effort.  An idea is defined and permanent when the inventor has a

specific, settled idea or a particular solution to the problem at hand, not just a general goal or

research plan he hopes to pursue. Where a party seeks to show conception through oral testimony of an inventor, corroboration of this evidence is required.

A party abandons, suppresses or conceals the invention if, after reducing the invention to practice, the party unreasonably delays making the invention public, selling it or otherwise using it for a commercial purpose or delays filing for a US patent.

There is no particular length of delay that is per se unreasonable. You must decide whether, under the facts before you, any delay between the reduction to practice and public disclosure was reasonable or excused. In making this determination, you should consider the length of the delay period, the existence and nature of any activity during the delay period, or the lack of activity during the delay period. If there was a lack of activity, consider the cause of the resumption of activity.

<u>Sources & Comments:</u>

Instruction 4.5.3, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003) (Farnan, J.); 35 U.S.C. §§ 102, 151; *Dow Chemical Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1342 (Fed. Cir. 2001); *Singh v. Brake*, 222 F.3d 1362 (Fed. Cir. 2000); *Checkpoint Systems, Inc. v. U.S. Intern. Trade Comm'n*, 54 F.3d 756, 761-63 (Fed. Cir. 1995); *Eaton v. Rockwell*, C.A. No. 97-421-JJF (June 30, 1998); *Arigenetics v. Monsanto, et al.,* C.A. No. 96-505-RRM (Jan. 30, 1998);

#### 4.5.3.1  CORROBORATION

Where a party seeks to show earlier conception, reduction to practice, or diligence in reduction to practice of the invention by the oral testimony or unwitnessed documents of the inventor, independent corroboration of the inventor's testimony or documents is required.  This means that evidence of the inventor's earlier conception, reduction to practice or diligence must not consist of the inventor's uncorroborated statements and unwitnessed documents.  There must be corroborating evidence which also shows that inventor disclosed to some other person the inventor's complete invention expressed in such clear terms as to enable those skilled in the art to make the invention.  The independent corroborating evidence may not consist of the inventor's unwitnessed notebooks or other documents, but may consist of testimony of a witness, other than the inventor, to the conception.  The corroborating evidence may also consist of evidence of surrounding facts and circumstances independent of information received from the inventor. There is no single formula that must be followed in proving corroboration.  Rather, you must make a reasonable analysis of all the pertinent evidence to determine whether the inventor's testimony is credible, bearing in mind that the purpose of corroboration is to prevent fraud by providing independent confirmation of the inventor's testimony.

If the documents and oral testimony of the inventor are not corroborated by independent evidence, you may not consider the inventor's uncorroborated testimony or unwitnessed documents.

Sources & Comments:

*Price v. Symsek*, 988 F.2d 1187, 1194-95 (Fed. Cir. 1993); *Cooper v. Goldfarb*, 154 F.3d 1321, 1330 (Fed. Cir. 1998); *Hahn v. Wong*, 892 F.2d 1028, 1032 (Fed. Cir. 1989); *Kridl v. McCormick*, 105 F.3d 1446, 1449-50 (Fed. Cir. 1997); *Stern v. Trustees of Columbia Univ.*, 434 F.3d 1375, 1378 (Fed. Cir. 2006).

## 4.5.3.2 REDUCTION TO PRACTICE

To constitute a prior invention, a reduction to practice must meet all the limitations of the patent claim. Since Claim 1 of the '075 Patent is entitled to a presumption of validity, for anticipation by prior invention, this claim, with all its limitations, must be compared separately to the prior-art embodiment that is allegedly reduced to practice.

"Reduction to practice" may be established in two ways. Reduction to practice may be established by a "constructive" reduction to practice or an "actual" reduction to practice.

A constructive reduction to practice occurs when a patent application describing the claimed invention is filed with the United States Patent and Trademark Office. The Beasom '173 patent application is a constructive reduction to practice of the inventions disclosed in it.

An actual reduction to practice of a claimed invention occurs when the inventor or persons working at his/her direction construct a physical embodiment meeting each and every limitation of the claimed invention that is shown to work for its intended purpose. For any actual reduction to practice of Claim 1 of the '075 Patent, you must determine whether the invention that was reduced to practice actually meets all limitations of Claim 1 of the '075 Patent. This is true for any actual reduction to practice by either of the two inventors – Mr. Eklund or Mr. Beasom.

Sources & Comments:

Reduction to Practice Instruction, *Syngenta Seeds, Inc. v. Monsanto Co., et al.*, C.A. No. 02-1331-SLR (D. Del. 2004).

## 4.5.3.3 DILIGENCE IN REDUCTION TO PRACTICE

Priority of invention is usually awarded to the person who first reduces to practice an invention. However, there is an exception to this rule. When a person is first to conceive of the invention, but second to reduce to practice, that person will be the first inventor if that person was reasonably diligent during the critical period. If, applying the previous instructions, you find that either Mr. Beasom or Mr. Eklund was the first to conceive the invention of Claim 1 of the '075 Patent, but the second to reduce it to practice, you must determine whether he was also reasonably diligent.

The critical period for the diligence of such a party starts just prior to the second party's conception date and continues through the first party's reduction to practice. Lapses in diligence before the second party's conception (i.e., before the critical period) are irrelevant. Diligence during the critical period means that the inventor's work on the invention, and the work of others at the direction of the inventor, must be reasonably continuous for the critical period in light of all the circumstances until the inventor either actually or constructively reduces to practice the invention. Constant effort is not required to establish diligence, nor is it necessary to show that an inventor spent all of his/her time working on the invention. Rather, an inventor must simply have engaged in reasonably continuous activity such that the invention's conception and reduction to practice are substantially one continuous act. As with conception and reduction to practice, corroboration of the inventor's testimony or unwitnessed documents recording diligence is also required.

Sources & Comments:

Diligence Instruction, *Syngenta Seeds, Inc. v. Monsanto Co., et al.*, C.A. No. 02-1331-SLR (D. Del. 2004); *Monsanto Co. v. Mycogen Plant Science, Inc.*, 61 F. Supp. 2d 133, 180 (D. Del. 1999).

#### 4.5.4    PRIOR PUBLICATION

Fairchild contends that some claims of the patents-in-suit were anticipated because the invention defined in each such claim was described in a prior publication, such as an article or another patent.  A patent claim may be anticipated and invalid if the entire invention defined by that claim was described in a printed publication either: (i) before the patentee made his invention; or (ii) more than one year before the effective filing date of the patentee's patent application.

For a printed publication to anticipate the claims of the patent, Fairchild must show that the printed publication, when read by a person of ordinary skill in the art, expressly or inherently embodies or discloses each element of the patent claim.  The disclosure must be complete enough to enable one of ordinary skill in the art to practice the invention, without undue experimentation.  In determining whether the disclosure is enabling, you should take into account what would have been within the knowledge of a person of ordinary skill in the art at the time, and you may consider expert testimony and other publications that shed light on the knowledge such a person would have had at that time.

In deciding whether a single item of prior art anticipates a patent claim you should consider both what is expressly disclosed or embodied in the particular item of prior art, and also what is inherently present.

Sources & Comments:

Instruction 4.6, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 4.5.4, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003); 35 U.S.C. § 102; *Northern Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 936-37 (Fed. Cir. 1990); *Honeywell International, Inc. v. Hamilton Sundstrand Corp.*, C.A. No. 99-309-GMS (Feb. 15, 2001); *Baxter International, Inc. v. Cobe Laboratories, Inc.*, 88 F.3d 1054 (Fed. Cir. 1996).

### 4.5.5   PRIOR UNITED STATES PATENT APPLICATION

Fairchild contends that Claim 1 of the '075 Patent, was anticipated because the invention defined in that claim was embodied in the prior patent application that issued as the Beasom '173 Patent. A patent may be found invalid if the claimed invention was described in a patent granted on an application as filed by another in the United States before the date the invention was made by Power Integrations in the United States. The application for the Beasom '173 Patent was filed on January 7, 1986, approximately 15 months before the application for the Eklund '075 Patent was filed, on April 24, 1987.

In order for the '075 Patent to be anticipated by the application that issued as the Beasom '173 Patent, Fairchild must prove that the Beasom '173 Patent describes or discloses to one of ordinary skill in the art the elements of Claim 1 of the '075 Patent.

Fairchild contends that the Beasom '173 Patent expressly discloses contacts to the source and drain regions because it incorporates by reference Figure 7 of U.S. Patent 4,283,236, which shows such contacts. A patent incorporates material by reference if it identifies the material with detailed particularity, clearly indicates where that material is found in the source, and cites to and specifically identifies the content of the material in a way that demonstrates the intent to make the content part of the specification. To incorporate by reference, a patent need not use the words "incorporate by reference." Power Integrations admits that all other elements of Claim 1 of the '075 Patent are present in the Beasom '173 Patent.

Even if you find that contacts to the source and drain regions are not expressly present, Fairchild contends that contacts to the source and drain regions are inherently present in the Beasom '173 Patent. Something is inherent in an item of prior art if it is necessarily present in what is described in the prior art reference and it would be recognized by persons of ordinary skill in the art. A gap in a prior art reference may be filled by referring to other evidence that describes the missing

58

descriptive matter that is necessarily present in the reference, and to show that the missing matter

would be so recognized by persons of ordinary skill in the art.

<u>Sources & Comments</u>:

Instruction 4.6, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004); 35 U.S.C. § 102; *Baxter International, Inc. v. Cobe Laboratories, Inc.*, 88 F.3d 1054 (Fed. Cir. 1996); *Glaxo Wellcome v. Genentech*, C.A. No. 99-335-RRM (D. Del. May 2, 2001); *In re Robertson*, 169 F.3d 743, 49 USPQ2d 1949 (Fed. Cir. 1999) (see also *Transclean Corp. v. Bridgewood Serv. Inc.*, 290 F.3d 1346, 62 USPQ2d 1865, 1871 (Fed. Cir. 2002) (inherency); *Southern Clay Products, Inc. v. United Catalysts, Inc.*, 43 Fed. Appx. 379, 383-84 (Fed. Cir. 2002) (incorporation by reference).

### 4.5.6   PRIOR "ON SALE" PRODUCTS

The claims of the patents-in-suit are invalid if you find that the subject matter claimed in the patents was "on sale" one year or more before the effective filing date of the patents. Power Integrations' SMP3, SMP211, SMP240 and SMP 260 products were on sale at least a year before the filing dates of the '366, the '851 and the '876 Patents. These Power Integrations products are therefore prior art to the '366, '851 and '876 Patents.

To prove anticipation (or obviousness), Fairchild must show that these products anticipate (or render obvious) the claims of the '366, '851 and '876 Patents that Fairchild asserts are invalid.

Sources & Comments:

Instruction 4.8, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.).

**4.6    OBVIOUSNESS**

In order to be patentable, an invention must not be obvious to a person of ordinary skill in the art at the time the invention was made.  The issue is not whether the claimed invention would be obvious to you as a layperson, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made.

To determine obviousness or non-obviousness of the claimed subject matter of each of the patents in suit, you should take the following steps:

1.    Determine the scope and content of the prior art relied upon by Fairchild.

2.    Identify the difference, if any, between each claim of the patents in suit and the prior art.

3.    Determine the level of ordinary skill in the pertinent art at the time the invention of each of the patents in suit was made.

4.    Consider objective factors of non-obviousness, which I will describe to you in detail later.

Against this background, you must then decide whether the claimed subject matter would have been either obvious or non-obvious to a person of ordinary skill in the pertinent art.

Sources & Comments:

Instruction 4.10, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 4.8, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003) (Farnan, J.); *see, e.g., Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662-63 (Fed. Cir. 2000); *Arkie Lures v. Gene Lerew Tackle, Inc.*, 119 F.3d 953, 957 (Fed. Cir. 1997).

### 4.6.1   OBVIOUSNESS – SCOPE AND CONTENT OF THE PRIOR ART

As I just instructed you, in arriving at your decision on the issue of whether or not the

claimed invention is obvious to one of ordinary skill in the art, you must first determine the scope

and content of the prior art.  This means that you must determine what prior art is reasonably

pertinent to the particular problem the inventor faced.  Prior art is reasonably pertinent if it is in the

same field as the claimed invention or is from another field that a person of ordinary skill would

look to in trying to solve the problem the named inventor was trying to solve.  Prior art includes the

following:

1.    Patents that issued a year or more before the filing date of the patent
in suit;

2.    Patents having a publication date a year or more before the filing date
of the patent in suit;

3.    U.S. Patents that have a filing date a year or more before the filing
date of the patent in suit;

4.    Anything in public use or on sale in the United States a year or more
before the filing date of the patent in suit;

5.    Anything that was publicly known or used by others in this country
before the date of invention of the patent; and

6.    Anything that was made or built or any process that was used in this
country by another person before the date of invention of the patent, where the thing
made or built or the process used was not abandoned, suppressed or concealed.

Sources & Comments:

Instruction 4.11, *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd., et al.*, C.A. No. 03-241 (D. Del. 2004) (Farnan, J.); Instruction 4.8.1, Proposed Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (2004); *Tristrata*

*Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003) (Farnan, J.); *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 864 (Fed. Cir. 1993);.