IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1371-JJF |
| ) | |
| FAIRCHILD SEMICONDUCTOR ) | |
| INTERNATIONAL, INC., and FAIRCHILD ) | |
| SEMICONDUCTOR CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**INTERSIL CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899-1150
(302) 654-1888

*Attorneys for Intersil Corporation*

*Of Counsel*

Michael W. Shore
Alfonso Garcia Chan
Jeffrey R. Bragalone
Joseph F. DePumpo
SHORE CHAN BRAGALONE LLP
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214.743.4170
214.743.4179 (FAX)

Dated: May 26, 2006
169923.1

TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 2

III. POINTS AND AUTHORITIES ......................................................................................... 4

    A.    THE SUBPOENA IS AN IMPROPER ATTEMPT TO DEPOSE MR. BEASOM A SECOND TIME BY RECHARACTERIZING HIM AS A CORPORATE REPRESENTATIVE ................................. 4

        1. The Subpoena is an Attempt to Circumvent Rule 26 in the Eastern District of Texas Action .................................................................................................... 6

    B.    THE INTERSIL SUBPOENA IS DUPLICATIVE OF THE BEASOM SUBPOENA ......................... 6

    C.    THE REQUESTS CONCERNING THE TEXAS SUIT ARE NOT RELEVANT ............................. 7

    D.    THE REMAINING TOPICS AND DOCUMENT REQUESTS ARE EQUALLY IRRELEVANT ....... 8

    E.    DISCOVERY HAS BEEN CLOSED FOR SIX MONTHS ............................................................ 9

IV. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Chrysler International Corp. v. Chemaly*,
  280 F.3d 1358 (11th Cir. 2002) ............................................................................... 9

*In re Sulfuric Acid Litigation*,
  2005 WL 1994105, *2 (N.D. Ill. 2005) ................................................................... 5

*Melhorn v. New Jersey Transit Rail Operations, Inc.*,
  203 F.R.D. 176 (E.D. Pa. 2001) ........................................................................... 4, 5

*Northeast Women's Center, Inc. v. McMonagle*,
  No. 85-4845, 1987 WL 6665, *6 (E.D. Pa. Fed. 10, 1987) .................................. 4, 5

*Union Carbide Corp. v. Dow Chemical Co.*,
  619 F.Supp. 1036 (D. Del. 1985) ............................................................................ 7

**Statutes**

35 U.S.C.A. §§ 101-103 and 112 (2002) ..................................................................... 8

Fed. R. Civ. P. 26(b)(2) ............................................................................................ 5, 9

Fed. R. Civ. P. 26(d) ................................................................................................. 2, 6

Fed. R. Civ. P. 30(a)(2)(B) ........................................................................................... 5

**Rules**

E.D. Tex. Local Court Rule CV-16 ............................................................................. 6

Intersil Corporation ("Intersil") moves the Court to quash the May 24, 2006 subpoena served on it by Plaintiff Power Integrations, Inc. ("Power Integrations") and for a protective order.

## I. INTRODUCTION

For two days in January 2006, Power Integrations and Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively "Fairchild") deposed former Intersil employees James Beasom, Robert Moore, and John Prentice relating to the dates of conception and reduction to practice of the inventions disclosed in U.S. Patent Nos. 4,823,173 (the "'173 patent") and U.S. Patent No. 5,264,719 (the "'719 patent"). Mr. Beasom is the inventor for the '173 patent and the '719 patent, and Mr. Moore and Mr. Prentice are engineers who previously worked with Mr. Beasom and signed Mr. Beasom's engineering notebook to acknowledge the date of Mr. Beasom's inventions. Those depositions established that one of the patents at issue in this case, U.S. Patent No. 5,313,082 to Klas Eklund (the "Eklund patent"), is invalid because Mr. Beasom's invention date is prior to Mr. Eklund's.

Despite having a full and complete opportunity to depose Mr. Beasom, Power Integrations now seeks his deposition again, under the guise of a subpoena directed to Intersil. As the sole named inventor of the '173 and '719 patents, there is no doubt that Intersil would have designated Mr. Beasom to testify on its behalf as to all issues regarding invention for these patents, including conception, invention date, reduction to practice, testing, and related matters. Power Integrations' attempt to depose Mr. Beasom a second time is particularly egregious given that Intersil's counsel made it abundantly clear when it presented Mr. Beasom that, having declined an opportunity to take the corporate representative deposition of Intersil, neither Mr.

Beasom nor any other Intersil witness would be presented for additional depositions on these issues.

The Intersil subpoena seeks Intersil's deposition on fifteen topics and calls for documents from fifteen document categories, all of which relate to the '173 and '719 patents. Incredibly, many of the deposition topics and document requests are <u>identical</u> to the requests in the subpoena for Mr. Beasom's January 2006 deposition. The remaining deposition topics and document requests have nothing to do with whether Mr. Beasom's invention date precedes Mr. Eklund's, and instead concern a license of the '173 and '719 patents from Intersil to Fairchild and a lawsuit filed in April 2006 by Intersil and Fairchild against Power Integrations in the Eastern District of Texas for infringement of the '173 and '719 patents. It is plainly obvious that Power Integrations' real objective in seeking Intersil's deposition in this case is to obtain discovery in the Texas case prior to the Rule 26 Scheduling Conference – a blatant violation of Rule 26(d).[1]

## II. FACTUAL BACKGROUND

In September 2005, Fairchild served deposition and document subpoenas directed to Intersil and Mr. Beasom, and Power Integrations served a deposition and document subpoena, but directed its subpoena solely to Mr. Beasom.[2] Fairchild subsequently withdrew its subpoenas after being advised that the dates in the subpoenas were not convenient.[3] Although Power Integrations refused to withdraw its subpoena, it agreed to postpone Mr. Beasom's deposition to a more convenient date.[4]

---

[1] Federal Rule of Civil Procedure 26(d) provides in part that, "[e]xcept in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."
[2] Fairchild and Power Integrations subpoenas, Ex. A.
[3] September 22, 2005 letter from J. DePumpo to M. Headley and B. deBlank, Ex. B.
[4] September 22, 2005 e-mail from M. Headley to J. DePumpo, Ex. C.

---

On January 26, 2006, Mr. Beasom and Mr. Prentice were presented for their depositions, and on January 27, 2006, Mr. Moore was presented for his deposition. Mr. Beasom's deposition lasted almost seven hours and Mr. Prentice's and Mr. Moore's depositions each lasted over an hour.[5] Power Integrations' and Fairchild's attorneys attended each deposition and questioned the witnesses at length.[6] Further, before the depositions, Power Integrations and Fairchild issued new subpoenas for the depositions.[7] Intersil's counsel unequivocally advised Power Integrations' counsel prior to the depositions that Intersil "would not be amenable to re-producing any of the subpoenaed witnesses absent a court order."[8]

On May 9, 2006, Power Integrations served the present subpoena on Intersil seeking Intersil's deposition on May 24, 2006 at Power Integration's counsel's office in Wilmington, Delaware.[9] All but one of the deposition topics in the subpoena expressly refer to the "Beasom Patents," which are defined in the subpoena as the '173 and '719 patents and their related patents and applications.[10] The May 9, 2006 subpoena also called for Intersil to produce fifteen categories of documents the day before the deposition (*i.e.*, May 23, 2006) at Power Integrations' counsel's Delaware office.[11] Like the deposition topics, all but one of the document requests expressly refer to the Beasom Patents. In fact, most of the document requests closely track a corresponding deposition topic.

---

[5] Beasom, Moore, and Prentice Dep., Ex. D.
[6] *Id.*
[7] Fairchild and Power Integrations subpoenas, App. at E.
[8] January 23, 2006 e-mail from J. Bragalone to M. Headley, Ex. F.
[9] Power Integrations subpoena, Ex. G.
[10] The complete definition in the subpoena states that: "The 'Beasom Patents' mean U.S. Patent No. 4,823,173 ("the '173 Patent"), U.S. Patent 5,264,719 ('the '719 patent'), and/or all applications, continuations, CIPs, divisionals, reexaminations, and reissues thereof, and/or all foreign applications (including PCT Applications) and related patents thereof, whether issued, abandoned or pending including, but not limited to, U.S. Patent Application Serial No. 831,834, filed January 7, 1986, U.S. Patent Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed May 24, 1991."
[11] *Id.*

Shortly after service of the subpoena, the parties agreed to move the return date for the document portion of the subpoena to Friday, May 26, 2006, and agreed that the deposition portion of the subpoena would be deferred until Power Integrations reviewed the documents Intersil would produce on May 26, 2006.[12]

### III. POINTS AND AUTHORITIES

A.  THE SUBPOENA IS AN IMPROPER ATTEMPT TO DEPOSE MR. BEASOM A SECOND TIME BY RECHARACTERIZING HIM AS A CORPORATE REPRESENTATIVE

While the subpoena does not specifically request a second deposition of Mr. Beasom, it does require, in the guise of a corporate subpoena, information uniquely in his possession. Intersil, as a third-party non-litigant, should not be subject to such harassment. The subpoena requests information that Power Integrations has already had a full and fair opportunity to examine Mr. Beasom about in his previous deposition.

Courts routinely prevent litigant's attempts to obtain such "a second bite at the apple." In *Melhorn v. New Jersey Transit Rail Operations, Inc.,* the court required a showing of good cause before allowing a subpoena to be issued for a second deposition.[13] In that case, New Jersey Transit Rail Operations attempted to secure a second deposition of Melhorn, an injured ex-employee, claiming that the deposition was necessary to more fully explore Melhorn's injuries. The court reasoned that New Jersey Transit was free to explore those issues at trial and held that there was no reason to subject Melhorn to a second deposition.[14]

Further, even greater protection against invasive discovery is provided when the target is a nonparty. In *Northeast Women's Center, Inc. v. McMonagle,* defendants sought records of

---

[12] May 22, 2006 letter from J. Bragalone to M. Headley, Ex. H.
[13] *Melhorn v. New Jersey Transit Rail Operations, Inc.*, 203 F.R.D. 176, 180 (E.D. Pa. 2001).
[14] *Id.*

nonparties that were overly burdensome.[15] The court set forth the important principle that, "While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty deponent is the target of discovery. Discovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents."[16] Intersil is a nonparty and to subject it to a second deposition on matters that are irrelevant, or that Power Integrations has already had a full opportunity to discuss with the patents' inventors, is overly burdensome and amounts to harassment.

Intersil made it clear to Power Integrations that the witnesses previously made available, including Intersil, would not be re-produced for depositions.[17] Power Integrations had the opportunity to issue a subpoena and depose Intersil at that time, but made the strategic decision to forego the opportunity to conduct such a deposition. Intersil's position is fully consistent with the mandate of Federal Rule of Civil Procedure 30(a)(2)(B) requiring leave of court prior to deposing a party that has already been deposed in a case.[18] Courts require strict compliance with Rule 30(a)(2)(B), even when a party attempts to take a second deposition of a 30(b)(6) witness.[19]

---

[15] *Northeast Women's Center, Inc. v. McMonagle*, No. 85-4845, 1987 WL 6665, *6 (E.D. Pa. Fed. 10, 1987).
[16] *Id.*
[17] January 23, 2006, e-mail from J. Bragalone to M. Headley, Ex. F.
[18] *Melhorn v. New Jersey Transit Rail Operations, Inc.*, 203 F.R.D. 176, 180 (E.D.Pa. Apr 03, 2001) ("Fed. R. Civ. P. 30(a)(2)(B) states that leave of court must be granted before a deponent may be deposed more than once … Fed. R. Civ. P. 26(b)(2) gives courts the power to limit discovery methods upon a finding that: (i) the discovery is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive; (ii) the person seeking discovery has had ample opportunity already to obtain the information sought; or (iii) the burden or expense of taking the discovery outweighs its likely benefit…Absent some showing of need or good reason for doing so, a deponent should not be required to appear for a second deposition."); Fed. R. Civ. P. 30(a)(2)(B).
[19] *In re Sulfuric Acid Litigation*, 2005 WL 1994105, *2 (N.D. Ill. 2005) (stating that "the language of Rule 30(a)(2)(B) is neither vague nor fluid" in concluding that a subpoena for a second deposition, even of a 30(b)(6) corporate entity, obtained without leave of court was invalid).

1.  **The Subpoena is an Attempt to Circumvent Rule 26 in the Eastern District of Texas Action**

The Intersil subpoena is an attempt to solicit information that has no legitimate use in the present suit and is impermissibly filed in an attempt to begin discovery in the Eastern District of Texas suit before a scheduling conference has occurred. Federal Rule of Civil Procedure 26(d) plainly states that, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[20] Further, Local Court Rule CV-16 of the Eastern District of Texas requires parties to a lawsuit, within sixty days of the appearance of the first defendant, to conduct a scheduling conference pursuant to Federal Rules of Civil Procedure 16 and 26.[21] Power Integrations will have ample time to conduct discovery in the Texas case, but should be required to follow the rules to do so.

B.  **THE INTERSIL SUBPOENA IS DUPLICATIVE OF THE BEASOM SUBPOENA**

Examining the Intersil subpoena and the Beasom subpoena side-by-side shows that four of the deposition topics and document requests in the Intersil subpoena are virtually identical to the four document requests in the Beasom subpoena. Specifically, Request 1 in the Beasom subpoena corresponds with topic and request 5 in the Intersil subpoena, which asks for documents that refer or relate to conception and reduction to practice of the Beasom patents.[22] Request 2 in the Beasom subpoena and topic and request 4 in the Intersil subpoena all ask for the dates of conception and reduction to practice of the Beasom patents.[23] Request 3 in the Beasom subpoena corresponds with topics and requests 6 and 8 in the Intersil subpoena, which all request documents corroborating reduction to practice of the Beasom patents.[24] Finally, request 4 in the

---

[20] Fed. R. Civ. P. 26(d).
[21] E.D. Tex. Local Court Rule CV-16.
[22] *Id.*
[23] Power Integrations subpoena, Ex. G.
[24] *Id.*

Beasom subpoena corresponds with topic and request 7 in the Intersil subpoena, and asks for documents about the prosecution of the Beasom patents.[25]

Clearly, Power Integrations has already received the information requested in the Intersil subpoena when it conducted discovery pursuant to the Beasom subpoena. Because the information requested by this subpoena is cumulative and duplicative, this court should enter a protective order in favor of Intersil.

### C.   THE REQUESTS CONCERNING THE TEXAS SUIT ARE NOT RELEVANT

Despite the lack of connection between this action and the Texas suit, deposition topics 1, 2 and 13-15 and document requests 1, 2, 14 and 15 in the Intersil subpoena request information about the Texas suit.[26] Deposition topics and document requests 1 and 2 ask for information which, besides being privileged, relates to the license for the Beasom patents and communications between Fairchild and Intersil regarding strategy in the litigation against Power Integrations. It is well established that "[i]n the context of patent proceedings, work product immunity has been afforded to: preliminary drafts of legal documents, license agreements and/or assignments."[27] In this case, Intersil has produced a copy of the license agreement between Intersil and Fairchild with the pertinent license terms, including the license fee, unredacted.[28] Topic 13 and request 14 concern communication between Intersil and its employees about the Beasom patents and Power Integrations. Topic 14 asks about the basis for the decisions of Intersil to sue Power Integrations in the Eastern District of Texas. Topic and request 15 relate to

---

[25] *Id.*
[26] Power Integrations subpoena, Ex. G.
[27] *Union Carbide Corp. v. Dow Chemical Co.*, 619 F.Supp. 1036, 1050 (D. Del. 1985).
[28] Pursuant to an agreement between counsel, terms related to the grant of the license were produced in unredacted form. Other portions of the document, which deal with strategy considerations in the litigation against Power Integrations and the interrelationships between the parties to the common interest agreement, are properly redacted as privileged communications made in anticipation of litigation.

---

INTERSIL CORPORATION'S BRIEF IN SUPPORT OF ITS                                Page 7
MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

communications between Intersil and others about the Eastern District of Texas suit. None of these inquiries are the least bit relevant to the present action.

### D. THE REMAINING TOPICS AND DOCUMENT REQUESTS ARE EQUALLY IRRELEVANT

The remaining deposition topics and document requests, *i.e.*, topics and requests 9-12, concern commercialization of the inventions disclosed in the Beasom patents. Topic and request 9 ask about commercialization of the inventions embodied in the Beasom patents. Topic and request number 10 inquire about use of the Beasom patents by Intersil. Topic and request 11 involve marking of products that embody the Beasom patents. Topic and request 12 seek information about unit volume sales of inventions embodied in the Beasom patents.

The Beasom patents are relevant in this action solely on the issue of whether the Eklund patent is valid. Validity will generally hinge on issues such as whether the Beasom patents anticipate the Eklund patent or render it obvious either alone or in combination with other prior art.[29] While issues of enablement as well as conception and reduction to practice may be relevant,[30] topics such as commercialization of the invention, licensing, and marketing have absolutely no bearing on whether the Beasom patents invalidate the Eklund patent. Were Intersil a party, then its unit volume of sales or marking might conceivably be relevant to the issue of damages; however, Intersil is not a party to this action. Intersil should not be subjected to a deposition aimed at uncovering information that is not related to the present suit, and designed only to give Power Integrations an improper advantage in separate, unrelated litigation. The Court should issue an order protecting Intersil from this harassment. Further, the Federal Rules of Civil Procedure clearly state that a court may limit discovery methods upon a finding that the

---

[29] See generally 35 U.S.C.A. §§ 101-103 and 112 (2002).
[30] Each of these issues was covered at length in the prior depositions of Messrs. Beasom, Moore, and Prentice.

discovery is obtainable from some other source that is more convenient, less burdensome, or less expensive.[31]

### E. DISCOVERY HAS BEEN CLOSED FOR SIX MONTHS

Despite the multifarious problems with the Intersil subpoena as discussed above, discovery of fact witnesses has been closed in the present suit since November 14, 2005.[32] Apparently depositions have been conducted by both parties outside of the discovery period by agreement, however, the only witness discovery that remains open is for expert damages witnesses.[33] As can clearly be seen from the deposition topics and document requests in the subpoena, Intersil is not being deposed as an expert damage witness.[34]

The instant situation is analogous to the case of *Chrysler International Corp. v. Chemaly*.[35] In that case, Chrysler attempted to depose a South African business owner by letter of request.[36] The district court judge issued a protective order for the business owner and the 11th Circuit affirmed.[37] The court found that, *inter alia*, Chrysler filed the letter of request about 15 months after the lawsuit was filed and the letter of request was executed three days after the discovery period had ended.[38]

If anything, the Intersil subpoena is even more egregious than the letter of request in *Chrysler* as the instant lawsuit was filed more than a year and a half ago and the subpoena was executed six months, not three days, after discovery was closed. Intersil asks this court to follow the lead of *Chrysler* in entering a protective order against this late filed subpoena.

---

[31] Fed. R. Civ. P. 26(b)(2).
[32] Amended Scheduling Order at 1, November 6, 2005.
[33] Stipulated Amendment to Scheduling Order at 1, March 7, 2006.
[34] Power Integrations subpoena, Ex. G.
[35] *Chrysler International Corp. v. Chemaly*, 280 F.3d 1358 (11th Cir. 2002).
[36] *Id.* at 1359.
[37] *Id.*
[38] *Id.* at 1360.

## IV. CONCLUSION

For the reasons stated above, Intersil respectfully requests that the Intersil subpoena be quashed, and that the court to enter a protective order prohibiting the deposition of Intersil.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. 4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Intersil Corporation*

*Of Counsel*

Michael W. Shore
Alfonso Garcia Chan
Jeffrey R. Bragalone
Joseph F. DePumpo
SHORE CHAN BRAGALONE LLP
Republic Center
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
(214) 743-4170

Dated:  May 26, 2006
169923.1

---

INTERSIL CORPORATION'S BRIEF IN SUPPORT OF ITS                                    Page 10
MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of May, 2006, the attached **INTERSIL CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 N. Market Street<br>Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899 | HAND DELIVERY |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | VIA FEDERAL EXPRESS |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN 55402 | VIA FEDERAL EXPRESS |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | VIA FEDERAL EXPRESS |
| G. Hopkins Guy, III<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
_____
John G. Day