**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

## NOTICE OF DEPOSITION & SERVICE OF SUBPOENA

**PLEASE TAKE NOTICE** that on the 20th day of January 2006, Plaintiff Power

Integrations, Inc. initiated service of the attached subpoena upon **John Prentice**,

Conexant, 2401 Palm Bay Rd., NE, Bldg. 62, Mail Stop B017, Room B294, Palm Bay,

FL 32905.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff Power Integrations, Inc., by

its counsel, will take the deposition of **John Prentice**, on Thursday, January 26, 2006, at

2:00 p.m., at the Hilton Melbourne Rialto Place, Melbourne, Florida 32901.

The deposition of **John Prentice** will continue from day to day, if necessary, until

completed. The deposition will be taken before a notary public or other officer

authorized by law to administer oaths. All of the deposition testimony will be recorded

by stenographic, audio, and/or audiovisual means.

Dated: January 20, 2006       FISH & RICHARDSON P.C.


By: _Michael R Headley_____

William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50324877.doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| MIDDLE | DISTRICT OF | FLORIDA |
|---|---|---|

POWER INTEGRATIONS, INC., a
Delaware corporation,

    Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION,
a Delaware corporation,

        Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C.A. No. 04-1371 JJF
District of Delaware

TO:     John Prentice
        Conexant
        2401 Palm Bay Rd., NE, Bldg. 62, Mail Stop B017, Room B294
        Palm Bay, FL 32905

☐   YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |
|  |  |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | January 26, 2006; 2:00 p.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date and time specified below (list documents or objects):
Please see Attachment A hereto

| PLACE | DATE AND TIME |
|---|---|
| Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | January 25, 2006; 12:00 p.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff POWER INTEGRATIONS, INC. | January 20, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael R. Headley, Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063; (650) 839-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A**
**TO JOHN PRENTICE SUBPOENA**

**DEFINITIONS**

1. "Prentice," "you," or "your" means John Prentice.

2. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

3. The "Beasom Patents" mean U.S. Patent No. 4,823,173 ("the '173 patent"), U.S. Patent 5,264,719 ("the '719 patent") and all applications, continuations, CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including PCT Applications) and related patents thereof, whether issued, abandoned or pending including, but not limited to, U.S. Patent Application Serial No. 831,834, filed January 7, 1986, U.S. Patent Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed May 24, 1991.

4. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

5. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, concerning, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

## DOCUMENTS REQUESTED

1. All documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

2. Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

3. All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

4. All documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

5. All documents that refer or relate to the Beasom Patents.

6. All documents concerning or constituting communications between you and Fairchild, including Fairchild's attorneys with the firm Orrick, Herrington & Sutcliffe.

50324870.doc

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**BY HAND**

January 20, 2006

John Prentice
Conexant
2401 Palm Bay Rd., NE
Bldg. 62, Mail Stop B017, Room B294
Palm Bay, FL 32905

RECEIVED
JAN 2 3 2006
By

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Re:    Power Integrations Inc. v. Fairchild Semiconductor Int'l
       USDC-D. Del. - C.A. No. 04-1371-JJF



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Mr. Prentice:

I represent Power Integrations in the above-referenced matter and have enclosed a subpoena for documents and testimony that largely tracks the subpoena you have already been sent by Fairchild's lawyers. Please contact me as soon as possible with any questions or concerns, as I will be traveling to Florida on Tuesday for the depositions. Feel free to try me on my cell phone, 650-743-3335, as that might be the best way to coordinate the production of documents and any scheduling issues.

I thank you for your attention to this matter and look forward to meeting you next week.

Sincerely,

Michael Headley

Michael R. Headley

MRH/kww

Enclosures

50324994.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

## NOTICE OF DEPOSITION & SERVICE OF SUBPOENA

**PLEASE TAKE NOTICE** that on the 20th day of January 2006, Plaintiff Power

Integrations, Inc. initiated service of the attached subpoena upon **Bob Moore**, 143

Dickinson St. NE, Palm Bay, Florida 32907.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff Power Integrations, Inc., by

its counsel, will take the deposition of **Bob Moore**, on Friday, January 27, 2006, at 9:00

a.m., at the Hilton Melbourne Rialto Place, Melbourne, Florida 32901.

The deposition of **Bob Moore** will continue from day to day, if necessary, until

completed. The deposition will be taken before a notary public or other officer

authorized by law to administer oaths. All of the deposition testimony will be recorded

by stenographic, audio, and/or audiovisual means.

Dated: January 20, 2006          FISH & RICHARDSON P.C.


By: _____
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50324874.doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| MIDDLE | DISTRICT OF | FLORIDA |

POWER INTEGRATIONS, INC., a
Delaware corporation,

       Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION,
a Delaware corporation,

       Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] C.A. No. 04-1371 JJF
District of Delaware

TO:   Bob Moore
      143 Dickinson St. NE
      Palm Bay, FL 32907

☐    YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | January 27, 2006; 9:00 a.m. |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
Please see Attachment A hereto

| PLACE | DATE AND TIME |
|---|---|
| Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | January 25, 2006; 12:00 p.m. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ Attorneys for Plaintiff POWER INTEGRATIONS, INC. | January 20, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael R. Headley, Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063; (650) 839-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**ATTACHMENT A**
**TO BOB MOORE SUBPOENA**

**DEFINITIONS**

1. "Moore," "you," or "your" means Bob Moore.

2. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

3. The "Beasom Patents" mean U.S. Patent No. 4,823,173 ("the '173 patent"), U.S. Patent 5,264,719 ("the '719 patent") and all applications, continuations, CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including PCT Applications) and related patents thereof, whether issued, abandoned or pending including, but not limited to, U.S. Patent Application Serial No. 831,834, filed January 7, 1986, U.S. Patent Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed May 24, 1991.

4. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

5. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, concerning, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

### DOCUMENTS REQUESTED

1. All documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

2. Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

3. All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

4. All documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

5. All documents that refer or relate to the Beasom Patents.

6. All documents concerning or constituting communications between you and Fairchild, including Fairchild's attorneys with the firm Orrick, Herrington & Sutcliffe.

50324868.doc

2

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**BY HAND**

January 20, 2006

Bob Moore
143 Dickinson St. NE
Palm Bay, FL 32907



Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Re:    Power Integrations Inc. v. Fairchild Semiconductor Int'l
       USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Mr. Moore:

I represent Power Integrations in the above-referenced matter and have enclosed a subpoena for documents and testimony that largely tracks the subpoena you have already been sent by Fairchild's lawyers. Please contact me as soon as possible with any questions or concerns, as I will be traveling to Florida on Tuesday for the depositions. Feel free to try me on my cell phone, 650-743-3335, as that might be the best way to coordinate the production of documents and any scheduling issues.

I thank you for your attention to this matter and look forward to meeting you next week.

Sincerely,

Michael R. Headley

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

50324995.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

## AMENDED NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to stipulation and Federal Rule of Civil Procedure 45, Plaintiff Power Integrations, Inc., by its counsel, will take the deposition of **James D. Beasom**, on Thursday, January 26, 2006, at 9:00 a.m., at the Hilton Melbourne Rialto Place, Melbourne, Florida 32901.

The deposition of **James D. Beasom** will continue from day to day, if necessary, until completed. The deposition will be taken before a notary public or other officer authorized by law to administer oaths. All of the deposition testimony will be recorded by stenographic, audio, and/or audiovisual means.

Dated:  January 20, 2006                    FISH & RICHARDSON P.C.


By: _____
    William J. Marsden, Jr. (#2247)
    Sean P. Hayes (#4413)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE  19899-1114
    Telephone: (302) 652-5070
    Facsimile:  (302) 652-0607

    Frank E. Scherkenbach
    225 Franklin Street
    Boston, Massachusetts 02110-2804
    Telephone: (617) 542-5070
    Facsimile:  (617) 542-8906

    Howard G. Pollack
    Michael R. Headley
    500 Arguello Street, Suite 500
    Redwood City, California 94063
    Telephone: (650) 839-5070
    Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50325055.doc

*1/23/506*

IN THE UNITED STATES DISTRICT COURT          *4:10pm*
FOR THE DISTRICT OF DELAWARE

*BBC ORC #19*
POWER INTEGRATIONS, INC.,                )          *18th Circuit*
                                         )
                Plaintiff,               )
                                         )
        v.                               )          C.A. No. 04-1371-JJF
                                         )
FAIRCHILD SEMICONDUCTOR                   )
INTERNATIONAL, INC., and FAIRCHILD       )
SEMICONDUCTOR CORPORATION,               )
                                         )
                Defendants.              )

### NOTICE OF DEPOSITION AND SUBPOENA OF BOB MOORE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Fairchild Semiconductor International, Inc. will take the oral deposition of Bob Moore, at the Hilton Melbourne Rialto Place, 200 Rialto Blvd, Melbourne, FL 32901, beginning at 9:00 A.M. on January 27, 2006, continuing day to day until complete.

NOTICE IS FURTHER GIVEN THAT the deposition will be recorded stenographically through instant visual display of testimony (real-time), by certified shorthand reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. This deposition will be videotaped.

NOTICE IS FURTHER GIVEN THAT Mr. Moore is instructed to produce documents, identified in the attached Subpoena, at the Hilton Melbourne Rialto Place, 200 Rialto Blvd, Melbourne, FL 32901 on January 27, 2006.

NOTICE IS FURTHER GIVEN THAT pursuant to the Federal Rules of Civil Procedure, Defendant Fairchild Semiconductor International, Inc. will serve upon Bob Moore a Subpoena in a Civil Case. Attached hereto as Exhibit A is a true and correct copy of that Subpoena.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*
*Fairchild Semiconductor International, Inc.*
*and Fairchild Semiconductor Corporation*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400

Dated: January 19, 2006
165782.1

- 2 -

## ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45, Defendants Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively, "Fairchild") hereby requests that Bob Moore produce and allow inspection and copying of the following documents and things requested herein at the Hilton Melbourne Rialto Place, 200 Rialto Blvd, Melbourne, FL 32901, at the date and time specified in the attached subpoena in accordance with the Federal Rules of Civil Procedure (and the following Definitions and Instructions).

## DEFINITIONS AND INSTRUCTIONS

A.    In responding to the present subpoena duces tecum, you are required to furnish such information as is available to you, including but not limited to information in the possession of your agents, representatives, or any other person or persons acting on your behalf.

B.    The "Beasom Patents" shall be understood to mean U.S. Patent No. 4,823,173 (the "'173 Patent"), U.S. Patent No. 5,264,719 (the "'719 Patent") (copies of which are attached hereto as Exhibits B and C) and all applications, continuations, CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including PCT Applications) and related patents thereof, whether issued, abandoned or pending including, but not limited to, U.S. Patent Application Serial No. 831,384, filed January 7, 1986, U.S. Patent Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed May 24, 1991.

C.    The terms "writings," "recordings," or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all non-identical copies (including those with any notations) of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, daytimers, calendars, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams and telex messages; patents, registrations of service or trademarks, copyrights, and applications for each of them;

1    opinions of counsel; sales records, including purchase orders, order acknowledgments and

2    invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets,

3    catalogs, sales literature and sales promotion material; advertisements; world-wide web and/or

4    internet postings; trade letters, notices and announcements, and press releases; specification

5    sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche,

6    photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic

7    diagrams, timing diagrams, pictures, photographs; all data or information stored on computer

8    readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes,

9    cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, all code

10   listings including comments, code files, electronic mail; and all writings as that term is defined by

11   Rule 1001 of the Federal Rules of Evidence. The terms "writings," "recordings," or "documents"

12   refer to all writings, recordings or documents of which you have knowledge, and all writings

13   which are in the possession, custody or control of you, your agents, attorneys, officers,

14   employees, or other representatives.

15        D.    "Any" shall be understood to include and encompass "all." As used herein, the

16   singular shall always include the plural and the present tense shall also include the past tense.

17   The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to

18   bring within the scope of this request all documents or things that might otherwise be construed to

19   be outside its scope.

20        E.    "Concerning" means relating to, evidencing, mentioning, discussing, constituting,

21   contradicting, supporting, referring to, or in any other way dealing with the subject matter

22   described in the request in which the term appears.

23        F.    If you object to the production of any document on the grounds that it is protected

24   from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege,

25   you are requested to identify each document for which the privilege is claimed and give all

26   information required by applicable case law, including but not limited to the following:

27              a.    the name of the writer, sender, or initiator of each copy of the document;

28              b.    the name of the recipient, addressee, or party to whom any copy of the

-2-

1        document was sent;

2        c.    the date of each copy of the document, if any, or an estimate of its date;

3        d.    a statement of the basis for the claim of privilege; and

4        e.    a description of the document sufficient for the Court to rule on the

5              applicability and appropriateness of the claimed privilege.

6                        **LIST OF DOCUMENTS TO BE PRODUCED**

7        1.        All documents concerning the conception or reduction to practice of the

8    inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks,

9    engineering notebooks, specifications, correspondence, and invention disclosure statements

10   concerning the Beasom Patents.

11       2.        Documents sufficient to identify the dates of conception and reduction to

12   practice of the Beasom Patents.

13       3.        All documents corroborating the date of conception and reduction to

14   practice of the Beasom Patents.

15       4.        All documents concerning the prosecution of the Beasom Patents

16   including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications,

17   draft responses and amendments, invention disclosure statements, and documents associated with

18   any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom

19   Patents.

20

21

22

23

24

25

26

27

28

-3-

# EXHIBIT A

OAO 88 (Rev 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

POWER INTEGRATIONS, INCORPORATED,
           **Plaintiff,**          **SUBPOENA IN A CIVIL CASE**

        **V.**

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND Case Number:[1] 04-1371-JJF
FAIRCHILD SEMICONDUCTOR COPRORATION, Defendants.          District of Delaware

TO: Bob Moore
    143 Dickinson St. NE
    Palm Bay, FL 32907

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | DATE AND TIME January 27, 2006 at 9:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    Documents described in accompanying Schedule A to Subpoena Duces Tecum to Bob Moore

| PLACE Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | DATE AND TIME January 27, 2006 at 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE January 18, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bas de Blank, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025    650.614.7400
Attorney for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |
| SERVED: | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American Legalnet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty as appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

JAN-24-06 TUE 17:52 MCS Data Services          4077285644          P.11

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE          DISTRICT OF          FLORIDA

POWER INTEGRATIONS, INC., a
Delaware corporation,

    Plaintiff

      v.                          **SUBPOENA IN A CIVIL CASE**

FAIRCHILD SEMICONDUCTOR                   CASE NUMBER: [1] C.A. No. 04-1371 JJF
INTERNATIONAL, INC., a Delaware corporation, and   District of Delaware by: Alison M. Strachan
FAIRCHILD SEMICONDUCTOR CORPORATION,
a Delaware corporation,              Process Server: _____ Merc

    Defendants.           Served on: _Theresa Marv_____

TO:   Bob Moore                 Date: _1/24/06_  Time: _8:30 a_
      143 Dickinson St. NE
      Palm Bay, FL 32907

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | January 27, 2006; 9:00 a.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date and time specified below (list documents or objects):
Please see Attachment A hereto

| PLACE | DATE AND TIME |
|---|---|
| Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | January 25, 2006; 12:00 p.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff POWER INTEGRATIONS, INC. | January 20, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael R. Headley, Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063; (650) 839-5070 .

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1]   If action is pending in district other than district of issuance, state district under case number.

SS # 69472

P. 04

## ATTACHMENT A
## TO BOB MOORE SUBPOENA

### DEFINITIONS

1. *"Moore," "you," or "your"* means Bob Moore.

2. *"Fairchild"* means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

3. The *"Beasom Patents"* mean U.S. Patent No. 4,823,173 ("the '173 patent"), U.S. Patent 5,264,719 ("the '719 patent") and all applications, continuations, CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including PCT Applications) and related patents thereof, whether issued, abandoned or pending including, but not limited to, U.S. Patent Application Serial No. 821,834, filed January 7, 1986, U.S. Patent Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed May 24, 1991.

4. *"Document"* incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

5. *"Refer to," "Referring to," "Relate to," and "Relating to"* mean constituting, concerning, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

## DOCUMENTS REQUESTED

1. All documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

2. Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

3. All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

4. All documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

5. All documents that refer or relate to the Beasom Patents.

6. All documents concerning or constituting communications between you and Fairchild, including Fairchild's attorneys with the firm Orrick, Herrington & Sutcliffe.

50324868.doc

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.                                              C.A. No. 04-1371-JJF

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

## NOTICE OF DEPOSITION & SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that on the 20th day of January 2006, Plaintiff Power
Integrations, Inc. initiated service of the attached subpoena upon Bob Moore, 143
Dickinson St. NE, Palm Bay, Florida 32907.

PLEASE TAKE FURTHER NOTICE that Plaintiff Power Integrations, Inc., by
its counsel, will take the deposition of Bob Moore, on Friday, January 27, 2006, at 9:00
a.m., at the Hilton Melbourne Rialto Place, Melbourne, Florida 32901.

The deposition of Bob Moore will continue from day to day, if necessary, until
completed. The deposition will be taken before a notary public or other officer
authorized by law to administer oaths. All of the deposition testimony will be recorded
by stenographic, audio, and/or audiovisual means.

Dated: January 20, 2006          FISH & RICHARDSON P.C.


By: _____
    William J. Marsden, Jr. (#2247)
    Sean P. Hayes (#4413)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Telephone: (302) 652-5070
    Facsimile: (302) 652-0607

    Frank E. Scherkenbach
    225 Franklin Street
    Boston, Massachusetts 02110-2804
    Telephone: (617) 542-5070
    Facsimile: (617) 542-8906

    Howard G. Pollack
    Michael R. Headley
    500 Arguello Street, Suite 500
    Redwood City, California 94063
    Telephone: (650) 839-5070
    Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50324874.doc

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1817-1930

W.K. Richardson
1847-1951

**BY HAND**

Telephone
650 839-5070

January 20, 2005

Facsimile
650 839-5071

Bob Moore
143 Dickinson St. NB
Palm Bay, FL 32907

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Re: Power Integrations Inc. v. Fairchild Semiconductor Int'l
USDC-D. Del. - C.A. No. 04-1371-JJF

Email
headley@fr.com

Dear Mr. Moore:

I represent Power Integrations in the above-referenced matter and have enclosed a subpoena for documents and testimony that largely tracks the subpoena you have already been sent by Fairchild's lawyers. Please contact me as soon as possible with any questions or concerns, as I will be traveling to Florida on Tuesday for the depositions. Feel free to try me on my cell phone, 650-743-3335, as that might be the best way to coordinate the production of documents and any scheduling issues.

I thank you for your attention to this matter and look forward to meeting you next week.

Sincerely,

Michael R. Headley

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

50324995.doc