# EXHIBIT F

### Joseph Depumpo

| | |
|---|---|
| **From:** | Jeff Bragalone |
| **Sent:** | Monday, January 23, 2006 6:51 PM |
| **To:** | Michael Headley |
| **Cc:** | Joseph Depumpo |
| **Subject:** | RE: PI-Fairchild: Beasom subpoena & production |

Michael –

As I mentioned in our phone conference this afternoon, your letter from last Friday is incorrect with respect to Mr. Beasom's compliance with the prior subpoena. The documents that I was referring to in our brief call last week are Intersil documents, for which you issued no subpoena. Accordingly, Mr. Beasom complied fully with the subpoena.

Nevertheless, as a courtesy, I will be sending you via email shortly a copy of one document that we intend to disclose to Mr. Beasom to refresh his recollection in preparation for his deposition. If we ultimately encounter any other documents that we believe should be produced, we will do so either at the deposition or, if practical, in advance.

Under the circumstances, I am unable to see how your client has suffered any prejudice, much less such significant prejudice that would warrant a postponement of the depositions. But, if you still believe that we have somehow prejudiced your client such that the deposition of Mr. Beasom should not go forward, please file a motion to that effect and set an immediate hearing with notice to this firm. Otherwise, we expect the depositions to go forward as noticed and subpoenaed, and we will not be amenable to re-producing any of the subpoenaed witnesses absent a Court order.

I trust this clarifies our position. If you have any questions, or would like to speak further, please feel free to give me a call.

– Jeff

**SHORE CHAN**
**BRAGALONE**LLP
ATTORNEYS & COUNSELORS AT LAW

JEFFREY R. BRAGALONE
325 NORTH SAINT PAUL ST.
SUITE 4450
DALLAS, TEXAS 75201
214-593-9125 (DIRECT)
214-593-9110 (FIRM)
214-593-9111 (FAX)

---

**From:** Michael Headley [mailto:Headley@fr.com]
**Sent:** Friday, January 20, 2006 9:05 PM
**To:** Joseph Depumpo; Jeff Bragalone
**Subject:** Re: PI-Fairchild: Beasom subpoena & production

Joe & Jeff,

Please see attached.
Michael R. Headley
Fish & Richardson P.C.

5/26/2006

500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)

This e-mail may contain confidential and privileged information. If you received it in error, please contact the sender and delete all copies.

<<2006 Headley ltr to Bragalone and DePumpo re Beasom subpoena.pdf>>

**EXHIBIT G**

05/09 2006 15:55 FAX 6508395071          FISH & RICHARDSON                          ☐002

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF      DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

    Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION,
a Delaware corporation,

    Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C.A. No. 04-1371 JJF
District of Delaware

TO:    Intersil Corporation,
1001 Murphy Ranch Road, Suite 1,
Milpitas, California

c/o Corporation Trust Company,
1209 Orange St.,
Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition shall be recorded by stenographic, audio, and/or audiovisual means.

| PLACE OF DEPOSITION<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100; Wilmington, DE 19899-1114 | DATE AND TIME<br>May 24, 2006; 9:00 a.m. |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

Please see Attachment A hereto

| PLACE<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100; Wilmington, DE 19899-1114 | DATE AND TIME<br>May 23, 2006; 9:00 a.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*<br>Attorneys for Plaintiff POWER INTEGRATIONS, INC. | DATE<br>May 9, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael R. Headley, Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063; (650) 839-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1] If action is pending in district other than district of issuance, state district under case number.

05/09/2006 15:55 FAX 6508395071          FISH & RICHARDSON                         ☒003

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A
## TO INTERSIL CORPORATION SUBPOENA

### DEFINITIONS

1. "Intersil" means Intersil Corporation and any parent(s), subsidiary(ies), predecessor(s), and successor(s), including, but not limited to, Harris Corporation.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

5. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Intersil's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

6. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

7. The "Beasom Patents" mean U.S. Patent No. 4,823,173 ("the '173 patent"), U.S. Patent 5,264,719 ("the '719 patent"), and/or all applications, continuations, CIPs, divisionals, reexaminations, and reissues thereof, and/or all foreign applications (including PCT Applications) and related patents thereof, whether issued, abandoned or pending including, but not limited to, U.S. Patent Application Serial No. 831,834, filed January 7, 1986, U.S. Patent Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed May 24, 1991.

## TOPICS FOR EXAMINATION

1. Licenses to the Beasom Patents, including the license between Fairchild and Intersil by which Fairchild "secured exclusive rights to assert the ['719] patent against Power Integrations" as referenced in the Fairchild press release attached as Exhibit 1.

2. Communications between Intersil and Fairchild regarding Power Integrations, the Beasom patents, Fairchild's Delaware lawsuit with Power Integrations, and/or the recently-filed Texas lawsuit against Power Integrations, including, but not limited to, all communications with Fairchild's attorneys with the firm Orrick, Herrington & Sutcliffe.

3. Documents that refer or relate to the Beasom Patents.

4. The dates of conception and reduction to practice of the Beasom Patents.

5. Documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

6. Documents corroborating the date of conception and reduction to practice of the Beasom Patents.

7. Documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

8. Any efforts to prove out or test the inventions claimed in the Beasom Patents including, but not limited to, any test wafers, design runs, or other physical things alleged to embody the Beasom Patents.

9. Intersil's commercialization of the inventions claimed in the Beasom Patents including, but not limited to, any products alleged to embody the Beasom Patents and any documents or things related to products alleged to embody the Beasom Patents.

10. The use of the Beasom patents, including, but not limited to, the Intersil product(s) alleged to embody the Beasom Patents as identified in response to Topic No. 9.

11. Marking, pursuant to 35 U.S.C. § 287, of the product(s) alleged to embody the Beasom Patents as identified in response to Topic No. 9 with the number of any Intersil patent including, but not limited to, the Beasom Patents.

12. The unit volume of sales of the Intersil product(s) alleged to embody the Beasom Patents as identified in response to Topic No. 9.

13. Communications between Intersil and James Beasom, Robert Moore, and/or John Prentice concerning the Beasom Patents, Power Integrations, Power Integrations' patents, Fairchild, and/or the litigations between Power Integrations and Fairchild.

14. The basis for Intersil's decision to sue Power Integrations in the Eastern District of Texas on April 11, 2006, cause number 2-06CV-151 including, but not limited to, the scope of any pre-suit activities to determine whether Power Integrations infringes the Beasom Patents.

15. Communications between Intersil and any other person or entity regarding the suit filed against Power Integrations in the Eastern District of Texas on April 11, 2006, cause number 2-06CV-151.

## DOCUMENTS REQUESTED

1. All licenses to the Beasom Patents, including, but not limited to, the license between Fairchild and Intersil by which Fairchild "secured exclusive rights to assert the patent against Power Integrations," as referenced in the Fairchild press release attached as Exhibit 1.

2. All documents concerning or constituting communications between Intersil and Fairchild regarding Power Integrations, Power Integrations' patents, the Beasom Patents, Fairchild's Delaware lawsuit with Power Integrations, and/or the recently-filed Texas lawsuit against Power Integrations, including, but not limited to, communications with Fairchild's attorneys with the firm Orrick, Herrington & Sutcliffe.

3. All documents that refer or relate to the Beasom Patents.

4. Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

5. All documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom Patents, including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

05/09/2006 15:58 FAX 6508395071          FISH & RICHARDSON                              ☒007

6. All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

7. All documents concerning the prosecution of the Beasom Patents, including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

8. All documents that refer or relate to any efforts to prove out or test the inventions claimed in the Beasom Patents, including, but not limited to, any test wafers, design runs, or other physical things alleged to embody the Beasom Patents.

9. All documents that refer or relate to the commercialization of the inventions claimed in the Beasom Patents, including, but not limited to, any products alleged to embody the Beasom Patents and any documents or things related to products alleged to embody the Beasom Patents.

10. Documents sufficient to show the use of the Beasom patents (e.g., parts lists or board level schematics) in any Intersil product(s), including, but not limited to, the product(s) identified in response to Request No. 9.

11. Documents sufficient to show the marking of any product(s) with the number of any Beasom Patent, including, but not limited to, the product(s) identified in response to Request No. 9.

12. Documents sufficient to show the unit volume of sales of the product(s) alleged to embody the Beasom Patents identified in response to Request No. 9.

13. Two representative samples of each product alleged to embody the Beasom Patents as identified in response to Request No. 9.

14. Documents reflecting or discussing communications between Intersil and James Beasom, Robert Moore, and/or John Prentice concerning the Beasom Patents, Power Integrations, Power Integrations' patents, Fairchild, Fairchild's Delaware lawsuit with Power Integrations, and/or the recently-filed Texas lawsuit against Power Integrations.

15. Documents reflecting or discussing communications between Intersil and any other person or entity regarding the suit filed against Power Integrations in the Eastern District of Texas on April 11, 2006, cause number 2-06-CV-151.

50343547.doc

05/09/2006 15:58 FAX 6508395071           FISH & RICHARDSON                      ☑008

# Exhibit 1

Yahoo!  My Yahoo!  Mail                                           Search the Web
                                                          Finance Home - Help
YAHOO! FINANCE  Sign In
                New User? Sign Up

Home  Investing  News & Commentary  Retirement & Planning  Banking & Credit  Loans  Taxes
Special Editions  Columnists  Personal Finance  Investing Ideas  Markets  Company Finances  Providers

                    Get Quotes [        ]  [GO]  Symbol Lookup | Finance Search

Press Release                                          Source: Fairchild Semiconductor

# Fairchild Semiconductor Files Patent Infringement Lawsuit Against Power Integrations, Inc.

Tuesday April 11, 12:36 pm ET

SOUTH PORTLAND, Maine--(BUSINESS WIRE)--April 11, 2006--Fairchild Semiconductor (NYSE: FCS - News) announced today that it has filed a patent infringement lawsuit against Power Integrations, Inc. in the United States District Court for the Eastern District of Texas.

ADVERTISEMENT

Today the average worker **retires at 62,** four years earlier than his grandfather did.

**Will you be ready?**
Find out with a FREE Retirement Planning Guide.

The lawsuit asserts infringement of U.S. Patent No. 5,264,719 by Power Integrations' pulse width modulation (PWM) products. Fairchild intends to take all possible steps to seek a court order to stop Power Integrations from making, using, selling, offering for sale or importing the infringing products into the United States and to obtain monetary damages for Power Integrations' infringing activities.

Fairchild and Power Integrations have been in litigation since 2004 in the United States District Court for the District of Delaware. This lawsuit is a separate action filed in the United States District Court for the Eastern District of Texas.

"What Power Integrations has not been able to achieve in the marketplace, they have sought to achieve in the court room. We are forced to respond in kind. However, in our case, Fairchild is asserting a patent that pre-dates Power Integrations' patents by at least fifteen months," said Tom Beaver, Fairchild's executive vice president for Worldwide Sales and Marketing. "We believe Power Integrations' products are infringing the '719 patent. We will take all possible steps to bring Power Integrations' infringement to a stop and to be made whole for the damages they are inflicting."

Intersil Corporation owns U.S. Patent No. 5,264,719, for High Voltage Lateral Semiconductor Devices, and is a co-plaintiff with Fairchild in the lawsuit. Fairchild has held license rights under the patent since 2001 and more recently secured exclusive rights to assert the patent against Power Integrations.

About Fairchild Semiconductor:

Related Quotes
FCS 9-May 12:5
21.8
21.6
21.4
21.2
21.0
20.8
     10am    12pm
FCS    21.18
View Detailed
Delayed 20
Providers - Dis

Related News
- Fairchild Semicon
  Industry-Leading
  Optimize Bandwid
  Reduce Power Co
  Video Designs - Bu
  (11:00 am)
- FAIRCHILD
  SEMICONDUCTO
  INTERNATIONAL
  SEC form 8-K, Ent
  Material Definitive
  Change in D - EDGA
  (Fri May 5)
- CORRECTING an
  REPLACING Fair
  Semiconductor Se
  Executives to Spe
  Financial Conferer
  Wire (Thu Apr 27)
- Fairchild Semicon
  Introduces New St
  for Full-Switching
  6kW Motor Drive
  Business Wire (Tue Apr

- By industry: Semic
  Integrated Circuits

Case 1:04-cv-01371-JJF   Document 263-5   Filed 05/26/2006   Page 13 of 16

05/09/2006 15:59 FAX 6508395071        FISH & RICHARDSON                     ☒010
Fairchild Semiconductor Files Patent Infringement Lawsuit Against Power Integrations, I...   Page 2 of 2

Fairchild Semiconductor (NYSE: FCS - News) is the leading global supplier of high-performance power products critical to today's leading electronic applications in the computing, communications, consumer, industrial and automotive segments. As The Power Franchise®, Fairchild offers the industry's broadest portfolio of components that optimize system power. Fairchild's 9,000 employees design, manufacture and market power, analog & mixed signal, interface, logic, and optoelectronics products. Please contact us on the web at www.fairchildsemi.com.



Contact:

Fairchild Semiconductor:
Fran Harrison, 207-775-8576
Corporate Communications
Fax: 207-775-8161
fran.harrison@fairchildsemi.com
or
Agency Contact:
CHEN PR
Julianne Greenwood, 781-672-3137
Fax: 781-466-8989
jgreenwood@chenpr.com

Source: Fairchild Semiconductor

**Top Stor**
- US Airways 1Q Pr Following Merger -
- AOL Laying Off Ak Employees - AP (12:
- Stocks Trade Mos GM Upgrade - AP (1
- More Accounting N Fannie Mae - AP (12

• Most-emailed artic
• Most-viewed articl

✉ Email Story    📢 Set News Alert    🖨 Print Story




**RSS Fee**
Add headlines to you personalized My Yal ( About My Yahoo! and

FCS Headlines

Semiconductor - Integ Headlines

More Finance RSS Fe

**Sponsor Results**

Credit Card Applications
Get approved online in 60 seconds. Compare over 50 credit card offers from Visa, MasterCard, Discover and American Express. Featuring 0% APRs, no fees, cash back, air miles, and much more.
www.creditcard321.com

Credit Card: Links
Choose and apply for credit cards online. No annual fee, cash back, airline, gas rebate credit cards and more.
www.credit-card-specials.com

Credit Cards - Apply Online
Choose from a large selection of credit cards with rewards and benefits - cards with 0% intro rate, low APR, cash back, airline miles, free gasoline, online approval, secured cards and more.
www.creditcardscenter.com
(What's This?)

Copyright © 2006 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2006 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

# EXHIBIT H

# SHORECHAN BRAGALONE LLP

Jeffrey R. Bragalone
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214-593-9125 Telephone
214-593-9111 Facsimile
jbragalone@shorechan.com

May 22, 2006

**VIA FACSIMILE 650.839.5071**

Mr. Michael R. Headley
Fish & Richardson, P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063

Re: *Power Integrations, Inc. v. Fairchild Semiconductor International, et al.*, CA No. 04-1371 JJF in the United States District Court for the District of Delaware; **Subpoena Dated May 9, 2006 to Intersil Corporation**

Dear Michael:

To clarify our agreement, and in response to your letter today, Intersil, subject to appropriate confidentiality designations, will be able to produce on May 26, 2006 an unredacted copy of the license document(s) to Fairchild relating to the '719 patent. To the extent that there are documents related to the license to Fairchild, Intersil will also produce those on May 26, 2006; of course, Intersil reserves the right to object to the production of any related, responsive documents that are privileged. Based on this commitment, the return date for the document portion of the subpoena is extended to **Friday, May 26, 2006**. We have agreed that, in lieu of production of documents in Delaware, a copy of any documents that Intersil produces will be delivered to your Redwood City, California office. Please note that Intersil also does not intend to re-produce identical copies of documents that were already produced to Power Integrations in connection with Mr. Beasom's deposition in this matter.

With respect to the portion of the subpoena that requires the appearance of a witness in Delaware on May 24, 2006, your letter today confirms that Power Integrations will defer the deposition noticed for Wednesday, May 24, 2006 pending your review of the documents that Intersil will produce on May 26, 2006. We agree that, as set forth in my prior letter, the extension of the deposition from May 24, 2006 is without prejudice to the rights of any party.



Mr. Michael R. Headley
May 22, 2006
Page 2

    I believe this letter clarifies the agreement as you requested. Accordingly, please let me have your written confirmation of this agreement within the hour.

Sincerely,

Jeffrey R. Bragalone

cc:    G. Hopkins Guy, III, Esq.