IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a :
Delaware corporation, :
 :
       Plaintiff, :
 :
  v. : C.A. No. 04-1371-JJF
 :
FAIRCHILD SEMICONDUCTOR :
INTERNATIONAL, INC., a Delaware:
corporation, and FAIRCHILD :
SEMICONDUCTOR CORPORATION, a :
Delaware corporation, :
 :
      Defendants. :

### MEMORANDUM ORDER

Pending before the Court is a Motion For Partial Summary Judgment Of Limitation On Damages Under 35 U.S.C. § 287 (Failure To Mark) (D.I. 202) filed by Defendants, Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild"). By its Motion, Fairchild contends that Plaintiff, Power Integrations, Inc., has failed to come forward with additional evidence on the issue of marking under 28 U.S.C. § 287(a), and therefore, Fairchild is entitled to partial summary judgment barring Power Integrations from recovering damages incurred prior to October 20, 2004, the date Power Integrations first notified Fairchild of its alleged infringement. In addition, Fairchild requests the Court to preclude Power Integrations from calculating its damages based on market and other conditions occurring prior to October 20, 2004.

In response, Power Integrations contends that Fairchild's summary judgment motion is unnecessary, because the Court previously found, in the context of a discovery dispute between the parties, that Power Integrations' damages are limited to the date Fairchild received actual notice of the alleged infringement. However, Power Integrations contends that pre-suit pricing data is relevant to their damages calculations, and that a full record should be developed on these issues, several of which are fact intensive.

The Court agrees with Fairchild that it is entitled to partial summary judgment precluding Power Integrations from recovering damages prior to October 20, 2004. The Court's previous ruling on this issue was made in the context of a discovery dispute, and Power Integrations sought clarification and/or reconsideration of that ruling, contending that it intended to introduce additional facts on the marking issue. Because Power Integrations failed to introduce those facts, Fairchild has properly moved for summary judgment on this issue. Moreover, Power Integrations now states, in response to Fairchild's Motion, that it "does not intend to assert at trial that it is entitled to collect damages for infringing sales that may have occurred before the date of actual notice." (D.I. 235 at 1-2). Accordingly, the Court concludes that Fairchild is entitled to summary judgment limiting Power Integrations from

recovering damages prior to October 20, 2004, the date Fairchild first received notice of this action.

As for Fairchild's remaining arguments concerning the calculation of damages by Power Integrations, the Court first notes that Fairchild has withdrawn its request for summary judgment regarding the calculation of reasonable royalty. In its Reply Brief, Fairchild acknowledges that there is an issue of fact regarding the date of a hypothetical negotiation for the purpose of establishing reasonable royalty, and therefore, the Court will not consider the issue of reasonable royalty here. However, Fairchild maintains its request for summary judgment precluding Power Integrations from using data prior to October 20, 2004, in its calculation for lost profits and price erosion. Fairchild contends that by using this data, Power Integrations is improperly attempting to collect damages for the period prior to Fairchild's actual notice of alleged infringement in contravention of the marking statute. By way of example, Fairchild points out that Power Integrations' damages expert has calculated $31,000,000 in damages for price erosion occurring between July 3, 2002 and December 31, 2009, a time frame which includes two and half years prior to the date Power Integrations filed its Complaint. In support of its argument, Fairchild directs the Court to Johnson Elec. North America, Inc. v. Mabuchi Motor America Corp., 103 F. Supp. 2d 268, 280 (S.D.N.Y. 2000).

In <u>Johnson</u>, the court concluded that damages calculations based on estimated price erosion occurring prior to the period of actual notice were not valid. Specifically, the court concluded that the plaintiff could not calculate price erosion from the time the alleged infringer entered the market, because the market entry date preceded the date of compliance with the marking statute. In reaching this conclusion, the <u>Johnson</u> court stated that "[p]rice erosion is merely one measure of damages, and thus, to the extent that it occurred prior to compliance with the patent marking statute, cannot be considered." <u>Id.</u>

Power Integrations contends that the <u>Johnson</u> decision is inconsistent with the Federal Circuit's decision in <u>Wang Labs, Inc. v. Toshiba Corp.</u>, 993 F.2d 858, 870 (Fed. Cir. 1993). In <u>Wang</u>, the Federal Circuit discussed the calculation of reasonable royalty and concluded that the date of a hypothetical negotiation should be placed at the date the infringement began and not the date of actual notice under the marking statute. In reaching this conclusion and reversing the hypothetical negotiations date selected by the district court, the Federal Circuit stated, "the court confused limitation on damages due to lack of notice with determination of the time when damages first began to accrue, and it is the latter which is controlling in a hypothetical royalty determination." <u>Id.</u> at 858.

After reviewing the relevant case law, the Court is not

4

persuaded that the <u>Johnson</u> decision is patently inconsistent with <u>Wang</u>, because the <u>Wang</u> court focused on reasonably royalty which is not at issue here. The Court also agrees with the <u>Johnson</u> court that calculations of price erosion should begin with the notice date. Indeed, the Court did not permit Power Integrations to obtain discovery on Fairchild's sales occurring prior to the date of the Complaint, because Power Integrations could not demonstrate those documents were relevant to its damages. Accordingly, the Court will grant Fairchild's request that all actual damages calculations be based on conditions occurring on or after the October 20, 2004 notice date.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion For Partial Summary Judgment Of Limitation On Damages Under 35 U.S.C. § 287 (Failure To Mark) (D.I. 202) is **GRANTED**.

| | |
|---|---|
| June 2, 2006<br>Date | _/s/ Joseph J. Farnan Jr._<br>UNITED STATES DISTRICT JUDGE |