IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a  :
Delaware corporation,        :
                             :
         Plaintiff,          :
                             :
    v.                       :  C.A. No. 04-1371-JJF
                             :
FAIRCHILD SEMICONDUCTOR      :
INTERNATIONAL, INC., a Delaware:
corporation, and FAIRCHILD   :
SEMICONDUCTOR CORPORATION, a :
Delaware corporation,        :
                             :
         Defendants.         :

**MEMORANDUM ORDER**

Pending before the Court are six summary judgment motions filed by Defendants, Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively "Fairchild"): (1) a Motion For Summary Judgment Of Non-Infringement of Claims 17-19 of U.S. Patent No. 6,249,876 (D.I. 204); (2) a Motion For Summary Judgment of Invalidity of Claim 1 of the '876 Patent (D.I. 207); (3) a Motion For Summary Judgment Of Non-infringement Of U.S. Patent No. 4,811,075 (D.I. 210); (4) a Motion For Summary Judgment Of Unenforceability And Invalidity Of U.S. Patent Nos. 6,107,851 and 6,229,366 (D.I. 213); (5) a Motion For Summary Judgment Of Invalidity Of Claims 1 and 5 of U.S. Patent No. 4,811,075 (D.I. 215); and (6) a Motion For Partial Summary Judgment Of Non-infringement (Foreign Sales)

(D.I. 218).[1] In response, Power Integrations has filed a Joint Counterstatement In Response To Six Of Fairchild's Seven Motions For Summary Judgment (D.I. 233), and Fairchild has filed a Reply Brief (D.I. 244).

## I.    STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). The moving party bears the burden of proving that no genuine issue of material fact is in dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10 (1986)).

To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to:

---

[1] The Court notes that Fairchild did not comply with the Court's February 7, 2005 Order requiring it to file a statement certifying that there are no genuine issues of material fact with respect to its Motions.

2

> do more than simply show that there is some
> metaphysical doubt as to the material facts. . . . In
> the language of the Rule, the non-moving party must
> come forward with "specific facts showing that there is
> a genuine issue for trial." . . . Where the record
> taken as a whole could not lead a rational trier of
> fact to find for the non-moving party, there is "no
> genuine issue for trial."

Id. at 586-87. Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, a genuine issue for trial exists only if the record taken as a whole could lead a rational person to conclude that the position of the person with the burden of proof on the disputed issue is correct. Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (citations omitted).

## II.  DISCUSSION

After reviewing the record in the light most favorable to Power Integrations, as the non-moving party, the Court concludes that genuine issues of material fact exist requiring this matter to proceed to trial. Specifically, Fairchild's Motions raise questions of material fact concerning the structure and operation of the accused devices and the understandings of those skilled in the art on such issues as the nature of the accused devices and the teachings of the prior art. In addition, Fairchild's motions implicate such issues as materiality and intent for its allegations of inequitable conduct, date of conception, diligence

and reduction to practice for its other invalidity arguments. Given the factual nature of these inquiries, the Court finds that a full trial on the merits is required.

### III. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' Motion For Summary Judgment Of Non-Infringement of Claims 17-19 of U.S. Patent No. 6,249,876 (D.I. 204) is **DENIED**.

2. Defendants' Motion For Summary Judgment of Invalidity of Claim 1 of the '876 Patent (D.I. 207) is **DENIED**.

3. Defendants' Motion For Summary Judgment Of Non-infringement Of U.S. Patent No. 4,811,075 (D.I. 210) is **DENIED**.

4. Defendants' Motion For Summary Judgment Of Unenforceability And Invalidity Of U.S. Patent Nos. 6,107,851 and 6,229,366 (D.I. 213) is **DENIED**.

5. Defendants' Motion For Summary Judgment Of Invalidity Of Claims 1 and 5 of U.S. Patent No. 4,811,075 (D.I. 215) is **DENIED**.

6. Defendants' Motion For Partial Summary Judgment Of Non-infringement (Foreign Sales) (D.I. 218) is **DENIED**.

June 2, 2006
Date

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE

4