IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>        Defendants. | C.A. No. 04-1371-JJF |

**POWER INTEGRATIONS' OPPOSITION TO INTERSIL'S MOTION TO QUASH AND MOTION FOR A PROTECTIVE ORDER**

Dated: June 12, 2006

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247) (marsden@fr.com)
Sean P. Hayes (#4413) (hayes@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

**TABLE OF CONTENTS**

Page

I. FACTUAL BACKGROUND ................................................................................1

II. ARGUMENT .........................................................................................................2

    A. Intersil's Motion Addresses Issues the Parties Had Already Resolved. ...................................................................................2

    B. The Intersil Discovery Regarding the '719 Patent and License Is Highly Relevant to Issues Central to this Case. ...........................................................................................................4

    C. Fairchild and Intersil's Lack of Cooperation With Production of Documents and Things Related to the '719 Patent Is Responsible for the Current Situation ..............................5

III. CONCLUSION ......................................................................................................6

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Chrysler International Corp. v. Chemaly*,
   280 F.3d 1358 (11th Cir. 2002) ..................................................................................4

*Melhorn v. New Jersey Transit Rail Operations, Inc.*,
   203 F.R.D. 176 (E.D. Pa. 2001)...................................................................................3

*Northeast Women's Center, Inc. v. McMonagle*,
   1987 WL. 6665 (E.D. Pa. Feb. 10, 1987) ...................................................................3

*Ortho Pharm. Corp. v. Genetics Institute, Inc.*,
   52 F.3d 1026 (Fed. Cir. 1995)......................................................................................5

*In re Sulfuric Acid Antitrust Litigation*,
   2005 WL. 1994105 (N.D. Ill. Aug. 19, 2005) .............................................................3

Intersil's motion (D.I. 262, 263) wastes the Court's time on issues the parties have already resolved and ignores Fairchild's lack of cooperation on discovery regarding the Beasom patents which are central to Fairchild's invalidity case. Power Integrations is not seeking "a second bite at the apple," as Intersil would have the Court believe, and if the Intersil subpoena is truly duplicative with respect to documents already produced by Fairchild and/or Intersil (who claim to have entered a common interest agreement with respect to litigation against Power Integrations), Intersil could simply have certified it had no further documents to produce regarding the Beasom patents. Instead, Intersil served blanket objections to producing any documents, nevertheless produced some documents, and simultaneously moved to quash the subpoena and obtain a protective order. Coupled with Fairchild's refusal to produce documents and things related to the Beasom patents, Intersil's contradictory actions suggest Fairchild and Intersil are hiding the ball with respect to the Beasom patents. If the two can cooperate to voluntarily produce documents that aid their case, Intersil can and should also be required to produce other relevant documents that might assist Power Integrations. The Court should deny Intersil's motion and order the discovery.

## I.     FACTUAL BACKGROUND

Fairchild recently took a license to sue Power Integrations on Intersil's U.S. Patent No. 5,246,719 ("the '719 patent") and sued Power Integrations in the Eastern District of Texas on April 11, 2006. [Ex. A[1].] The '719 patent is one of the two Beasom patents central to Fairchild's invalidity defense in the present suit. Fairchild obtained this "right to sue" by way of a license signed on March 30, 2006 [Ex. B], and Fairchild and Intersil amended the license with a supplemental agreement dated May 18, 2006. [Ex. C.] On May 19, Fairchild and Intersil filed an Amended Complaint against Power Integrations. [Ex. D.]

---

[1]  All exhibits referenced hereto are contained in the Declaration of Sean P. Hayes In Support of Power Integrations' Opposition To Intersil's Motion To Quash And Motion For A Protective Order filed concurrently herewith.

To date, Fairchild has obtained and produced documents regarding the Beasom patents with full, voluntary cooperation from Intersil. Shortly after the Texas suit was filed, Fairchild confirmed it could obtain documents from Intersil and would produce them to Power Integrations. [Ex. E.] The following week, Fairchild confirmed it was working with Intersil to produce documents related to the Beasom patents and produced a handful of additional documents. [Ex. F ("Fairchild is working with Intersil to collect any non-privileged documents Intersil may have.").] Even though Fairchild admitted it could obtain and produce documents related to the Beasom patents, Fairchild refused to do so and did not produce any further documents. Power Integrations followed up on several occasions [Exs. G-I], and had local counsel in Texas attempt to obtain the discovery from Fairchild and Intersil's local counsel in Texas in parallel. However, Fairchild and Intersil refused to respond to Power Integrations' repeated efforts to obtain the documents and things regarding the Beasom patents, including the license itself. [Hayes Decl. ¶ 11.] In the face of Fairchild's stonewalling on this critical discovery and the impending pretrial conference in the present case, Power Integrations issued the subpoena to obtain highly relevant documents and things directly from Intersil.

## II. ARGUMENT

### A. Intersil's Motion Addresses Issues the Parties Had Already Resolved.

Intersil's motion came as a complete surprise to counsel for Power Integrations, and Intersil's main argument—that the subpoena is an "attempt to depose Mr. Beasom a second time"—ignores the parties' written agreement to put off <u>any</u> deposition under the subpoena for the time being. [Ex. J ("[W]e agreed that Power Integrations will defer any oral deposition pending your review of the documents produced. To the extent that Power Integrations still desires to take an oral deposition after your review of the documents, we will confer again regarding an available date and a suitable location for the deposition."); Ex. K.] Despite these agreements and discussions, Intersil now suggests urgent intervention is needed to prevent wasteful discovery. It is not. Intersil's

motion to quash is premature, was filed improperly without conferring with Power Integrations' counsel, and does nothing more than waste paper and judicial resources.

Further, Intersil's legal arguments on the topic of a potential deposition are inapposite. Intersil cites a portion of *Northeast Women's Center, Inc. v. McMonagle*, 1987 WL 6665 (E.D. Pa. Feb. 10, 1987), concerning discovery of third party confidential medical records (D.I. 263 at 5 n.15), but the court in *Northeast Women's Center* actually allowed third party discovery to go forward on several issues and only limited discovery of highly confidential materials which bore no relevance to the issues at hand. *Northeast Women's Center*, 1987 WL 6665 at *4-6. Here, by way of contrast, Power Integrations seeks discovery that is directly relevant to several issues in the present case, as documents and things related to the Beasom patents and Intersil-Fairchild license bear on damages (reasonable royalty rates), Fairchild's invalidity defense (i.e. corroboration), and bias issues.

Intersil also cites *Melhorn* and *Sulfuric Acid* to support its allegation that Power Integrations is somehow improperly requesting a second deposition, but these cases are equally inapposite because they involve situations where a party was, in fact, seeking to take a redundant deposition. (D.I. 263 at 5 (citing *In re Sulfuric Acid Antitrust Litigation*, 2005 WL 1994105 (N.D. Ill. Aug. 19, 2005); *Melhorn v. New Jersey Transit Rail Operations, Inc.*, 203 F.R.D. 176 (E.D. Pa. 2001)).) In the present case, it is undisputed that Power Integrations has <u>never</u> deposed Intersil. Intersil's arguments regarding the *Melhorn* and *Sulfuric Acid* cases also avoid any reference to Intersil's new license with Fairchild and suit against Power Integrations, all of which have come to light in the past three months. Now that Intersil has entered a license that has terms and coverage relevant to damages, validity, and bias issues, Power Integrations has a right to related discovery. Because Fairchild refused to cooperate with discovery despite agreeing to do so [Ex. F], Power Integrations had no choice but to obtain the discovery directly from Intersil.

3

Finally, in its attempt to paint Power Integrations request as "egregious," Intersil cites to a case with dissimilar facts, *Chrysler International Corp.* (D.I. 263 at 9.) In *Chrysler* (a case from the 11th Circuit, not the 3rd Circuit), Chrysler took a deposition after the court entered a protective order, the court then prevented the use of the deposition at trial, and the appellate court affirmed the district court's decision to do so. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360, 1362 (11th Cir. 2002). No such facts are present here. Moreover, the deposition in *Chrysler* covered facts and circumstances from Chrysler's original claims, *Id.* at 1359, not evidence regarding new developments such as the Fairchild-Intersil partnership and license in the present case. The Court should see through Intersil's complaints and permit Power Integrations to obtain full and complete discovery of the facts and circumstances regarding the Beasom patents and the recent, evolving Fairchild-Intersil dealings.

### B. The Intersil Discovery Regarding the '719 Patent and License Is Highly Relevant to Issues Central to this Case.

The new Intersil-Fairchild license on the '719 patent, dated March 30, 2006 and supplemented May 18, 2006, illustrates that the requested discovery is highly relevant to Power Integrations' case. [Exs. B, C.] Power Integrations' subpoena seeks documents and things related to the '719 patent license, as the license terms, rates, and fees are highly relevant to the damages calculations in the present case. In light of the markedly similar coverage of the '719 patent claims to Power Integrations' asserted '075 patent – indeed, Fairchild contends the coverage of at least certain claims in the two patents is coextensive – Intersil's covered products are also relevant, and any test wafers or other embodiments of the Beasom patents could bear on the value of the patents and corroboration of the alleged Beasom invention dates. The Intersil-Fairchild license terms are also relevant to potential bias of witnesses presented by Fairchild and Intersil in the present case, in particular the $1,500,000 Fairchild paid for the license to sue Power

4

Integrations (in addition to a 50% share in the outcome of the Texas litigation).[2]  [Ex. B.] Intersil's blanket objections [Ex. L] and motion are therefore misplaced.

        **C.**    **Fairchild and Intersil's Lack of Cooperation With Production of Documents and Things Related to the '719 Patent Is Responsible for the Current Situation.**

Fairchild and Intersil's lack of cooperation with Power Integrations is to blame for the motion at hand.  Power Integrations needs to get to the bottom of the issues regarding the Intersil '719 patent to prepare for trial.  After suing on the '719 patent, Fairchild agreed it could and would obtain and produce relevant documents [Ex. F], but it did not do so.  Moreover, Intersil and Power Integrations came to an explicit agreement that Intersil would produce documents regarding the Beasom patents. [Ex. K.]  Intersil did produce over 700 pages of documents, and yet it still pursued the instant relief, apparently to avoid producing all relevant information.  Intersil cites *Union Carbide*, a case dealing with work product immunity, to excuse its behavior.  (D.I.263 at 7.)  But *Union Carbide* merely indicates there may be some protection for **drafts** of licenses, not the final, signed license between Fairchild and Intersil.  One of the most important pieces of information missing here is a complete set of the license agreements between Fairchild and Intersil; Power Integrations should not have to be content with the Swiss cheese versions that Intersil, after great wrangling and delay, ultimately produced.  [Ex. B.]

On the license issue and others, Power Integrations exhausted every avenue to obtain the discovery in question before subpoenaing Intersil.  Power Integrations repeatedly sought documents and things regarding the '719 patent from Fairchild and later by contacting Intersil's local counsel in Texas, but Fairchild would not produce documents and things and Intersil's local counsel would not even return Power

---

[2]    The lack of exclusivity of Fairchild's rights under the license – Fairchild has bought a naked right to sue Power Integrations – precludes Fairchild's standing altogether in the Texas case, and shows that case is merely a ham-handed effort to harass Power Integrations into settling the present suit.  *See, e.g., Ortho Pharm. Corp. v. Genetics Inst., Inc.,* 52 F.3d 1026, 1031 (Fed. Cir. 1995) ("A holder of such a nonexclusive license suffers no legal injury from infringement and, thus, has no standing to bring suit or even join in a suit with the patentee.").

Integrations' counsel's phone calls. [Ex. G-I; Hayes Decl. ¶ 11.] When it became clear that both Fairchild and Intersil were not going to cooperate with discovery, the subpoena issued. Intersil at least tacitly admitted that the subpoena was proper by producing some but not all relevant documents in response. [Ex. K; Ex. M.] If either Fairchild or Intersil would simply produce the rest of the relevant documents and things concerning the Beasom patents, the instant motion and subpoena could be immediately resolved.

### III.  CONCLUSION

The Court should deny Intersil's motion to quash and order Intersil to produce information responsive to Power Integrations' subpoena.

Dated:  June 12, 2006                FISH & RICHARDSON P.C.


By:  */s/ Sean P. Hayes*
William J. Marsden, Jr. (#2247)
(marsden@fr.com)
Sean P. Hayes (#4413)
(hayes@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2006, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendant-Counterclaimant<br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION and INTERSIL CORPORATION |

I hereby certify that on June 12, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| G. Hopkins Guy, III<br>Bas de Blank<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION |
| Michael W. Shore<br>Alfonso Garcia Chan<br>Jeffrey Bragalone<br>Joseph F. DePumpo<br>Shore Chan Bragalone LLP<br>325 N. St. Paul Street, Suite 4450<br>Dallas, TX 75201 | Attorneys for Intersil Corporation |

    /s/ Sean P. Hayes
Sean P. Hayes (hayes@fr.com)

80034012.doc