# Exhibit L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation<br><br>*Plaintiff,*<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation<br><br>*Defendant.* | § § § § § § § § § § § § § § § §<br><br>No. 04-1371-JJF |

## INTERSIL CORPORATION'S OBJECTIONS AND RESPONSES TO SUBPOENA FROM POWER INTERGRATIONS, INC.

To:  Power Integrations, Inc., by and through its attorney Michael R. Headley, Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, California 94063.

Pursuant to Federal Rule of Civil Procedure 45, Intersil Corporation ("Intersil") objects and responds to the Topics for Examination ("Topics") and Document Requests ("Requests") in the May 9, 2006 Subpoena directed to Intersil as follows:

### I.

### General Objections

1.  Intersil objects generally to the Topics and Requests to the extent they seek information and documentation protected, privileged, or otherwise exempt from discovery pursuant to applicable state and federal statutes, the Federal Rules of Civil Procedure, or any other applicable rule, decision or law. Specifically and without limitation, Intersil objects to the disclosure of any information protected by the attorney-client privilege, work product doctrine,

common interest privilege, or any other applicable privilege, doctrine, or exemption that would make the information immune from discovery. Any inadvertent production of such privileged or exempt documents or information shall not constitute a waiver of such privilege or exemption.

2. Intersil objects generally to the Topics and Requests to the extent they seek information or the identification of documents that contain or reflect confidential or proprietary information or trade secrets.

3. Intersil objects generally to the Topics and Requests to the extent they seek to impose upon Intersil obligations beyond those contained in the Federal Rules of Civil Procedure.

4. Intersil objects to the definition of "documents" in the Definitions and Instructions to the extent the definition seeks to expand the meaning of those terms beyond the meaning ascribed to them under the Federal Rules of Civil Procedure and/or Federal Rules of Evidence.

5. Each of the foregoing general objections is incorporated into each of the specific objections and responses below as if fully reproduced therein.

## II.

### Specific Objections and Responses to Topics for Examination

1. Licenses to the Beasom Patents, including the license between Fairchild and Intersil by which Fairchild "secured exclusive rights to assert the ['719] patent against Power Integrations" as referenced in the Fairchild press release attached as Exhibit 1.

**Response:** Intersil objects to this Topic as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to the Topic to the extent it calls for information protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to the Topic as calling for information

constituting or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Topic in that it concerns issues that are subject to jurisdiction of the court in *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, Civil Action No. 2:06-cv-151, in the Eastern District of Texas, and thus the court in that action (the "Texas Court") should determine discoverability of such matters.

2. Communications between Intersil and Fairchild regarding Power Integrations, the Beasom Patents, Fairchild's Delaware lawsuit with Power Integrations, and/or the recently-filed Texas lawsuit against Power Integrations, including, but not limited to, all communications with Fairchild's attorneys with the firm Orrick, Herrington & Sutcliffe.

**Response:** Intersil objects to this Topic as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to the Topic to the extent it calls for information protected from disclosure by the common interest privilege. Intersil also objects to the Topic as calling for information constituting or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Topic in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

3. Documents that refer or relate to the Beasom Patents.

**Response:** Intersil objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome. Intersil further objects to the Topic as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Topic to the extent it calls for information protected from disclosure by the

attorney-client and/or common interest privilege. Intersil also objects to the Topic as calling for information constituting or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Topic as duplicative of information previously provided to Power Integrations.

4. The dates of conception and reduction to practice of the Beasom Patents.

**Response:** Intersil objects to this Topic as calling for information protected from disclosure by the attorney-client privilege. Intersil further objects to this Topic as calling for information constituting or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Topic as duplicative of information previously provided to Power Integrations.

5. Documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

**Response:** Intersil objects to this Topic as calling for information protected from disclosure by the attorney-client privilege. Intersil further objects to this Topic as calling for information constituting or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Topic as duplicative of information previously provided to Power Integrations.

6. Documents corroborating the date of conception and reduction to practice of the Beasom Patents.

**Response:** Intersil objects to the Topic as calling for information protected from disclosure by the attorney-client privilege. Intersil further objects to this Topic as calling for information constituting or reflecting proprietary business information of Intersil. Intersil further objects to this Topic as duplicative of information previously provided to Power Integrations.

7. Documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

**Response:** Intersil objects to the Topic as calling for information protected from disclosure by the attorney-client privilege. Intersil further objects to this Topic as calling for information constituting or reflecting proprietary business information of Intersil. Intersil further objects to this Topic as duplicative of information previously provided to Power Integrations.

8. Any efforts to prove out or test the inventions claimed in the Beasom Patents including, but not limited to, any test wafers, design runs, or other physical things alleged to embody the Beasom Patents.

**Response:** Intersil objects to the Topic as calling for information protected from disclosure by the attorney-client privilege. Intersil further objects to this Topic as calling for

information constituting or reflecting proprietary business information of Intersil. Intersil further objects to this Topic as duplicative of information previously provided to Power Integrations.

9. Intersil's commercialization of the inventions claimed in the Beasom Patents including, but not limited to, any products alleged to embody the Beasom Patents and any documents or things related to products alleged to embody the Beasom Patents.

**Response**: Intersil objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome. Intersil further objects to the Topic as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Topic to the extent it calls for information protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to the Topic as calling for information constituting or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Topic in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

10. The use of the Beasom Patents, including, but not limited to, the Intersil product(s) alleged to embody the Beasom Patents as identified in response to Topic No. 9.

**Response**: Intersil objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome. Intersil further objects to the Topic as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Topic to the extent it calls for information protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to the Topic as calling for information constituting or reflecting confidential or proprietary business information of Intersil.

Intersil further objects to this Topic in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

11. Marking, pursuant to 35 U.S.C. § 287, of the product(s) alleged to embody the Beasom Patents as identified in response to Topic No. 9 with the number of any Intersil patent including, but not limited to, the Beasom Patents.

**Response:** Intersil objects to this Topic as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Topic to the extent it calls for information protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to the Topic as calling for information constituting or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Topic in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

12. The unit volume of sales of the Intersil product(s) alleged to embody the Beasom Patents as identified in response to Topic No. 9.

**Response:** Intersil objects to this Topic as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Topic to the extent it calls for information protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to the Topic as calling for information constituting or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Topic in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

13. Communications between Intersil and James Beasom, Robert Moore, and/or John Prentice concerning the Beasom Patents, Power Integrations, Power Integrations' patents, Fairchild, and/or the litigations between Power Integrations and Fairchild.

**Response:** Intersil objects to the Topic as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Topic to the extent it calls for information protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to the Topic as calling for information constituting or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Topic as duplicative of information previously provided to Power Integrations. Intersil further objects to this Topic in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

14. The basis for Intersil's decision to sue Power Integrations in the Eastern District of Texas on April 11, 2006, cause number 2-06CV-151 including, but not limited to, the scope of any pre-suit activities to determine whether Power Integrations infringes the Beasom Patents.

**Response:** Intersil objects to this Topic as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Topic to the extent it calls for information protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to the Topic as calling for information constituting or reflecting confidential or proprietary business information of Intersil. Intersil

INTERSIL CORPORATION'S OBJECTIONS AND RESPONSES
TO SUBPOENA FROM POWER INTERGRATIONS, INC.

Page 8

further objects to this Topic in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

15. Communications between Intersil and any other person or entity regarding the suit filed against Power Integrations in the Eastern District of Texas on April 11, 2006, cause number 2-06CV-151.

**Response:** Intersil objects to this Topic as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Topic to the extent it calls for information protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to the Topic as calling for information constituting or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Topic in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

## II.

### Specific Objections and Responses to Document Requests

1. All documents concerning the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but no limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

**Response:** Intersil objects to this Request as calling for the production of documents protected from disclosure by the attorney-client privilege. Intersil further objects to this Request

as calling for documents containing or reflecting proprietary business information of Intersil. Intersil further objects to this Request as duplicative of previous requests by Power Integrations.

2.  All documents concerning or constituting communications between Intersil and Fairchild regarding Power Integrations, Power Integrations' patents, the Beasom Patents, Fairchild's Delaware lawsuit with Power Integrations, and/or the recently filed Texas lawsuit against Power Integrations, including, but not limited to, communications with Fairchild's attorneys with the firm Orrick, Herrington & Sutcliffe.

**Response:** Intersil objects to this Request as calling for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Request to the extent it calls for information protected from disclosure by the common interest privilege. Intersil also objects to this Request as calling for documents constituting or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Request in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

3.  All documents that refer or relate to the Beasom Patents.

**Response:** Intersil objects to this Request as vague, ambiguous, overly broad, and unduly burdensome. Intersil further objects to this Request as calling for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Request to the extent it calls for documents protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to this Request as calling for documents containing or reflecting confidential or proprietary business

information of Intersil. Intersil further objects to this Request as duplicative of previous requests by Power Integrations.

4. Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

**Response:** Intersil objects to this Request as calling for the production of documents protected from disclosure by the attorney-client privilege. Intersil further objects to this Request as calling for documents containing or reflecting proprietary business information of Intersil. Intersil further objects to this Request as duplicative of previous requests by Power Integrations.

5. All documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom Patents, including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

**Response:** Intersil objects to this Request as calling for the production of documents protected from disclosure by the attorney-client privilege. Intersil further objects to this Request as calling for documents containing or reflecting proprietary business information of Intersil. Intersil further objects to this Request as duplicative of previous requests by Power Integrations.

6. All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

**Response:** Intersil objects to this Request as calling for the production of documents protected from disclosure by the attorney-client privilege. Intersil further objects to this Request

as calling for documents containing or reflecting proprietary business information of Intersil. Intersil further objects to this Request as duplicative of previous requests by Power Integrations.

7. All documents concerning the prosecution of the Beasom Patents, including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

**Response:** Intersil objects to this Request as calling for the production of documents protected from disclosure by the attorney-client privilege. Intersil further objects to this Request as calling for documents containing or reflecting proprietary business information of Intersil. Intersil further objects to this Request as duplicative of previous requests by Power Integrations.

8. All documents that refer or relate to any efforts to prove out or test the inventions claimed in the Beasom Patents, including, but not limited to, any test wafers, design runs, or other physical things alleged to embody the Beasom Patents.

**Response:** Intersil objects to this Request as calling for the production of documents protected from disclosure by the attorney-client privilege. Intersil further objects to this Request as calling for documents containing or reflecting proprietary business information of Intersil. Intersil further objects to this Request as duplicative of previous requests by Power Integrations.

9. All documents that refer or relate to the commercialization of the inventions claimed in the Beasom Patents, including, but not limited to, any products alleged to embody the

Beasom Patents and any documents or things related to products alleged to embody the Beasom Patents.

**Response:** Intersil objects to this Request as vague, ambiguous, overly broad, and unduly burdensome. Intersil further objects to this Request as calling for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Request to the extent it calls for documents protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to this Request as calling for documents containing or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Request in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

10. Documents sufficient to show the use of the Beasom patents (e.g., parts lists or board level schematics) in any Intersil product(s), including, but not limited to, the product(s) identified in response to Request No. 9.

**Response:** Intersil objects to this Request as vague, ambiguous, overly broad, and unduly burdensome. Intersil further objects to this Request as calling for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Request to the extent it calls for documents protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to this Request as calling for documents containing or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Request in that it concerns issues that are

subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

11.   Documents sufficient to show the marking of any product(s) with the number of any Beasom Patent, including, but not limited to, the product(s) identified in response to Request No. 9.

**Response:**  Intersil objects to this Request as calling for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Request to the extent it calls for documents protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to this Request as calling for documents containing or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Request in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

12.   Documents sufficient to show the unit volume of sales of the product(s) alleged to embody the Beasom Patents identified in response to Request No. 9.

**Response:**  Intersil objects to this Request as calling for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Request to the extent it calls for documents protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to this Request as calling for documents containing or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Request in that it concerns issues that are subject to

jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

13. Two representative samples of each product alleged to embody the Beasom Patents as identified in response to Request No. 9.

**Response:** Intersil objects to this Request as calling for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Request in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

14. Documents reflecting or discussing communications between Intersil and James Beasom, Robert Moore, and/or John Prentice concerning the Beasom Patents, Power Integrations, Power Integrations' patents, Fairchild, Fairchild's Delaware lawsuit with Power Integrations, and/or the recently-filed Texas lawsuit against Power Integrations.

**Response:** Intersil objects to this Request as calling for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Request to the extent it calls for information protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to this Request as calling for documents containing or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Request in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

15.     Documents reflecting or discussing communications between Intersil and any other person or entity regarding the suit filed against Power Integrations in the Eastern District of Texas on April 11, 2006, cause number 2-06-CV-151.

**Response:** Intersil objects to this Request as calling for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Intersil further objects to this Request to the extent it calls for information protected from disclosure by the attorney-client and/or common interest privilege. Intersil also objects to this Request as calling for documents containing or reflecting confidential or proprietary business information of Intersil. Intersil further objects to this Request in that it concerns issues that are subject to jurisdiction of the Texas Court and thus the Texas Court should determine discoverability of such matters.

SHORE CHAN BRAGALONE LLP

_____

Michael W. Shore
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Jeffrey R. Bragalone
State Bar No. 02855775
Joseph F. DePumpo
State Bar No. 00787355
Shore Chan LLP
Republic Center
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214.743.4170
214.743.4179 (FAX)

**ATTORNEYS FOR INTERSIL CORPORATION**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel via e-mail and U.S. Mail on this 26th day of May 2006:

Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

G. Hopkins Guy, III
Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

_____
Joseph F. DePumpo

INTERSIL CORPORATION'S OBJECTIONS AND RESPONSES
TO SUBPOENA FROM POWER INTERGRATIONS, INC.

Page 17