# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Suite 1100
919 N. Market Street
p.o. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**William J. Marsden, Jr.**
(302) 778-8401

Email
marsden@fr.com

**VIA ELECTRONIC FILING**

June 14, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:   Motion *in limine* re Fairchild expert testimony beyond expert reports
      *Power Integrations, Inc. v. Fairchild Semiconductor International*
      USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Judge Farnan:

Pursuant to paragraph seven of the Court's order of May 31, 2006, Power Integrations hereby submits this letter brief regarding Fairchild's technical experts' attempts to provide testimony beyond the scope of their expert disclosures. [D.I. 264].

Despite the clear law precluding expert witnesses from testifying beyond the scope of their reports, both of Fairchild's technical experts attempted to do just that, supplementing and/or wholly supplanting the disclosures in their reports when the time came for their depositions. Fairchild's technical process expert, Dr. Peter Gwozdz, provided a "Supplementary" report the evening before his deposition was scheduled to take place that changed his analysis of the Eklund '075 patent disclosures and relied on "new" prior art he did not address in his opening report. Fairchild's circuit expert, Dr. Paul Horowitz, similarly changed his testimony after the Court-ordered cutoff for expert technical disclosures, and he sought to provide an opinion during his deposition that certain prior art references rendered the patents-in-suit obvious, despite having provided only conclusory statements in his report that the limitations were "inherent or would be obvious." Dr. Horowitz also produced revised claim charts the morning of his deposition, after closely reviewing the charts for the first time in preparation for his deposition and realizing that he did not agree with the statements contained in the charts others had prepared for him. Given the clarity of the law on this topic, Power Integrations will not belabor the point; Power Integrations simply asks the Court to apply its well-established rules and prevent Fairchild's experts from testifying beyond the scope of the expert reports served in accordance with the parties' stipulated (and Court-ordered) schedule for expert disclosures.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
June 14, 2006
Page 2

### A. Parties Must Be Limited to Timely Disclosures in Their Experts' Reports.

As the Court noted during the recent pretrial conference of May 31, 2006, the timely disclosure of expert reports is essential to a party's ability to prepare its case for trial. Federal Rule of Civil Procedure 26(a)(2)(B) requires that

> Except as otherwise stipulated or directed by the court, [the disclosure of expert testimony] shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness. The report shall contain <u>a complete statement of all opinions</u> to be expressed <u>and the basis and reasons therefor</u>; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions.

*See Honeywell Int'l Inc. v. Universal Avionics Systems Corp.*, 347 F. Supp. 2d 129, 135 (quoting F.R.C.P. 26(a)(2)(B)) (emphasis added).

When a party does not comply with the provisions governing expert disclosures and attempts to provide expert opinions not contained in timely-served expert reports, the Court has discretion to exclude the testimony under Rule 37, and the Federal Circuit has unequivocally affirmed that new opinions and information disclosed after the disclosure deadline for experts can be stricken for failure to make a complete, timely disclosure. *Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, 109 F.3d 739, 744-45 (Fed. Cir. 1997) (proper for district court to strike untimely expert affidavit and supplemental reports that contained new opinions and information). Indeed, this Court has the power to exclude such untimely expert testimony even when doing so would prevent a party from offering <u>any</u> evidence in support of a particular theory. When excluding expert testimony beyond that contained in the report in *Honeywell*, the Court noted that plaintiff's expert had timely offered only cursory statements regarding infringement under the doctrine of equivalents and therefore excluded <u>any</u> trial testimony on that topic:

> To the extent that Honeywell's expert were to be permitted to testify concerning purported infringement . . . under the doctrine of equivalents, therefore, that testimony would necessarily be limited to the conclusory assertions . . . . [T]hat testimony is insufficient [and] Sandel would be entitled to a directed verdict ….

*Honeywell Int'l*, 347 F. Supp. 2d at 135.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
June 14, 2006
Page 3

### B.   Fairchild Cannot Cure Defects in the Original Reports by Untimely Serving Amended Ones, or by Preparing its Experts to Offer New Opinions at Deposition.

Fairchild's process expert, Dr. Peter Gwozdz, served a "Supplementary" expert report the day before his deposition was to take place. [Ex. A[1]]. In this "Supplementary" report, Dr. Gwozdz raised two sorts of new arguments, both of which should have been addressed in his opening report. First, Dr. Gwozdz's Supplementary Report relied on art from the 1970s-1980s that he could have found before serving his initial report. [*Id.* at ¶¶ 34-41.] Second, Dr. Gwozdz changed his position with respect to what he believed was taught in the notes of Klas Eklund, inventor of the Power Integrations '075 patent.[2] [*Id.* at ¶¶ 6-8.] Because Dr. Gwozdz admitted the "new" art was not provided to him by counsel until after he served his initial reports [Ex. B at 104:7-109:14] and he had, in fact, addressed Klas Eklund's notes in his initial report [Ex B at 97:15-98:2; 98:15-24 ("I had read it, and it had not -- the significance had not registered with me.")], the Court should prevent Dr. Gwozdz from offering these new theories at trial.

Fairchild's expert Dr. Paul Horowitz similarly seeks to put forth opinions on obviousness not supported in his opening expert report, including opinions expressed in claim charts first produced the morning of his deposition. Dr. Horowitz's opening report provided conclusory statements in claim charts that the prior art "anticipates or renders obvious" the claims of Power Integrations' three circuit patents. [Ex. C]. At his deposition, though, Dr. Horowitz admitted he had no opinion on inherency despite the cursory statements in the claim charts attached to his opening expert report and instead intended to testify that the claims were obvious. [Ex. D at 55:19-58:4.] When asked to identify any analysis of the issue of obviousness in his initial report, though, Dr. Horowitz resorted to vague statements in the form of catch-all provisions regarding obviousness, rather than any concrete analysis of why the claims of the patents-in-suit would have been obvious to a person of ordinary skill in the art. [*Id.* at 192:5-15 ("I have a statement somewhere later saying that -- as I do in paragraph 120, for instance, that if you don't buy my anticipation argument, then let me try an obviousness argument on you.").] At times, Dr. Horowitz admitted that he did not have any direct support for the conclusions in the report. [*Id.* at 97:8-18; 119:10-13 ("Am I correct in understanding there's no detailed support in the claim chart for that conclusion, right? A: That's correct."); 192:5-15.] The conclusory testimony in Dr.

---

[1] All exhibit citations refer to the accompanying Declaration of Tara D. Elliott.
[2] Fairchild's primary defense on the '075 is invalidity based on alleged prior invention by an individual then at Harris Corporation and now at Intersil. Thus, the content of Dr. Eklund's own hand-written notes evidencing conception is a core issue in this case.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
June 14, 2006
Page 4


Horowitz's report on obviousness cannot support a finding of obviousness; as in *Honeywell*, the Court should preclude Dr. Horowitz from providing any such conclusory testimony at trial.

Dr. Horowitz also attempted to supplement the opinions in his report at his deposition with new arguments in the form of hand-marked revisions to the claim charts attached to his original report. [Ex. E]. When Power Integrations counsel inquired as to the basis for Dr. Horowitz's new claim charts and testimony, Dr. Horowitz noted that he did not write his own claim charts and had instead signed off on others' work that he later could not support. [Ex. D at 55:19-56:11; 57:16-58:4]. Dr. Horowitz explained that he first reviewed the claim charts closely and made revisions in the days leading up to his deposition despite having signed off on his expert report on November 30, 2005. [*Id.* at 55:19-56:11; 57:16-58:4; 103:1-11 ("[T]he claim charts were a little bit of a blend of charts that had been prepared earlier in connection with this action and some that I had worked on, some that Dr. Wie worked on. And it seemed prudent to go through these before today to see if there were missing things or misstated things or overstated things. And this is the result of one pass through them to accomplish that.").]

Fairchild's actions do not comport with the orderly discovery process contemplated by this Court's orders or the Federal Rules of Civil Procedure, and Fairchild cannot justify its experts' untimely disclosures of new opinions. Power Integrations therefore respectfully asks the Court (1) to preclude Dr. Horowitz from offering any testimony regarding obviousness or the new claim charts first produced the morning of his deposition and (2) to preclude Dr. Gwozdz from offering any testimony regarding prior art and documents he had or could have had at the time he served his initial expert reports, specifically including new testimony about the content or meaning of Dr. Eklund's conception notes.

Respectfully,

*[signature]*
William J. Marsden, Jr.

WJM/mrh

cc: G. Hopkins Guy, Esquire (via First Class Mail)
    Steven J. Balick, Esquire (via ECF and Hand Delivery)

80034086.DOC