# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
p.o. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC



**VIA ELECTRONIC FILING**

June 21, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:    Fairchild's Motion *in limine* re alleged expert testimony
       *Power Integrations, Inc. v. Fairchild Semiconductor International*
       USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Judge Farnan:

Pursuant to paragraph seven of the Court's order of May 31, 2006 [D.I. 264] and the parties' stipulated schedule for briefing motions *in limine*, Power Integrations, Inc. ("Power Integrations") hereby submits this letter brief in opposition to Fairchild's motion in limine regarding alleged "expert testimony."  [D.I. 271 ("Fairchild's motion").]

Fairchild's motion continues the shell game Fairchild has been playing regarding the presence of the infringing Fairchild parts in the United States.  Fairchild's pleadings, discovery responses, and witnesses consistently stated that Fairchild's U.S. activities were *de minimis* with respect to the accused parts, but the evidence now proves otherwise.  After Power Integrations pushed for discovery for months, Fairchild finally admitted less than a month ago – in the wake of the H.K. Kim deposition, which the Court ordered over Fairchild's objections – that it manufactured nearly 3,000,000 accused devices in South Portland, Maine during the course of this litigation.  [Ex. A (May 23, 2006 VanderZanden ltr to Headley).]  In light of this striking admission and the rest of the evidence adduced to date, Fairchild has no basis for denying the presence of infringing activity in the U.S.  Moreover, in addition to the manufacture of millions of infringing parts here, many millions more have been incorporated into a wide range of consumer electronic goods such as cell phone chargers, DVD players, and the like, which themselves can be found in the U.S.  Yet Fairchild continues to maintain it has no idea whether any such products contain Fairchild parts.  Faced with this continuing and inexplicable denial, Power Integrations found, disassembled, and established the presence of the infringing Fairchild chips in a variety of consumer electronic devices available for purchase in the U.S.  These are the "expert reports" Fairchild complains about; they merely document, authenticate, and establish a chain of custody regarding infringing Fairchild chips distributed in the United States.  There is no legitimate basis to exclude these documents.

F ISH & R ICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
June 21, 2006
Page 2

### A.  The Documents Generated by Frank Lum Are Not Expert Reports.

Frank Lum is a third party hired by Power Integrations to perform the administrative task of documenting the presence of accused parts in end-products purchased by Power Integrations.  (Bandwidth considerations precluded using one of Power Integrations' own employees to do this work.)  He is not an "expert," has not formed and does not intend to offer any opinions, and therefore has not prepared any expert reports.  Fairchild tries to characterize the documents evidencing Mr. Lum's work as "expert reports" in an effort to exclude them.  Notably, Fairchild never addresses the substance of the alleged "expert reports" in its motion.  A simple comparison of the contents of those documents (attached as Exhibits A-D to Fairchild's motion) to Fairchild's breathless claims of prejudice shows that the documents are not what Fairchild says they are.  The documents contain simple, factual information (photographs, receipts, and the like) with respect to products widely available in the United States that contain infringing Fairchild chips.  Specifically, Mr. Lum received Samsung cell phone chargers and a Magnavox DVD player purchased by Power Integrations, opened up the products, and photographed them, and Power Integrations turned these photos over to Fairchild with production numbers.  The documents plainly show what Fairchild claims to be impossible, or at least ignorant of—the presence of infringing Fairchild parts incorporated into consumer electronics products widely available in the United States.  The fact that these documents are not expert reports in any way, shape, or form, compels the denial of Fairchild's motion.

### B.  Fairchild's Motion Has No Legal Basis and Focuses on Unrelated Matters.

Fairchild's Motion is notably lacking in case law—or any law whatsoever beyond a bare citation to Rule 26—to support the relief sought.  If Fairchild truly believed it were proper to exclude the Lum documents as untimely expert disclosures, it should have cited authority to support its motion.  That Fairchild did not demonstrates the absence of any <u>legal</u> basis for excluding the documents.  The fact that these documents further put the lie to the story Fairchild has been telling Power Integrations and the Court throughout this case is no basis for excluding them.

Fairchild's motion also raises the issue of the Court's order on marking, but marking has nothing to do with these documents.  The documents show that the goods were purchased during the course of this litigation.  They provide concrete evidence that Fairchild's infringing parts come into the United States in droves.  Power Integrations will present other evidence at trial that Fairchild induced these importations and others.  Any suggestion by Fairchild that Power Integrations cannot rely on the documents because they do not, in and of themselves, demonstrate the complete chain of infringement, is simply incorrect.  The case law is clear: infringement can be

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
June 21, 2006
Page 3

proven by circumstantial evidence, *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1362-63 (Fed. Cir. 2006), which abounds in this case.

Fairchild's complaints about further discovery are also misplaced, as Fairchild never asked to depose Mr. Lum or take any additional discovery regarding the documents in question before it filed its motion.  Power Integrations is inquiring with Mr. Lum regarding his availability to sit for deposition, and it has no problem with offering the discovery now that Fairchild has asked for it.  Power Integrations does take exception, though, to the extent of the discovery Fairchild suggests is necessary on this limited issue of a handful of production documents.  [Fairchild motion at 3-4.]  There is no reason for any further expert technical rebuttal testimony, as Mr. Lum has not provided any expert testimony in the first place, and any impact on the parties' damages cases will be minimal.[1]  Power Integrations believes the parties should be able to work out a plan and schedule for the discovery, though, without judicial intervention.

Lastly, Fairchild's motion makes much of the timing of the production in question, but this, too, is a non-sequitur.  Fairchild has produced documents on more than 40 occasions since June 30, 2005.  Fairchild's supplemental productions total more than 340,000 pages, including an additional production of 137 pages of documents—more than the volume of documents about which Fairchild now complains—this past Friday, June 16, 2006.  [*See, e.g.,* Ex. B (Aug. 4, 2005 de Blank ltr to Headley enclosing 175,000 pages of new discovery); Ex. C (May 24, 2006 Schultz ltr to Headley enclosing new production); Ex. D at 2 (June 16, 2006 de Blank ltr to Headley enclosing new production).]  It is particularly ironic that Fairchild produced additional documents two days after moving to preclude Power Integrations from relying on other documents Fairchild deems "untimely."  Fairchild cannot pick and choose when it feels like applying the rules and when to ignore them, particularly in the absence of any demonstrated prejudice.

---

[1] Fairchild's motion in limine was not supposed to address damages issues.  *See* Ex. E (Pretrial Conference Tr.) at 48-49 ("If you throw damages in there, you get a yellow flag for piling on. . . . We've already said that's a different category.").  Nevertheless, because Fairchild raised the issue, Power Integrations notes that the Lum documents are in no way prejudicial to the parties' damages work.  As Fairchild successfully argued for further expert damages discovery and supplemental damages reports at the pretrial conference, damages discovery is clearly not complete.  Damages expert reports can and will be supplemented, so even if there were any prejudice from the Lum documents, the parties and the Court have specifically accommodated it.

Fish & Richardson p.c.

The Honorable Joseph J. Farnan, Jr.
June 21, 2006
Page 4

Power Integrations therefore asks the Court to deny Fairchild's motion.

Respectfully,

*/s/ Sean P. Hayes*

Sean P. Hayes

SPH/mrh

cc: Steven J. Balick, Esquire (via ECF and Hand Delivery)
    G. Hopkins Guy, Esquire (via First Class Mail)
    Bas de Blank, Esquire (via e-mail)

50355917.doc