# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

## 222 DELAWARE AVENUE

P. O. BOX 1150

## WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

June 14, 2006

HAND DELIVERY

**REDACTED PUBLIC
VERSION**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street, Lockbox 27
Wilmington, DE 19801

> Re:    *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., et al.,*
> C.A. No. 04-1371-JJF

Dear Judge Farnan:

Between April 26 and May 15, 2006 – over three months after Power Integrations' final expert report was due – Power Integrations produced four additional reports from a previously undisclosed expert alleging that certain third party cell phone chargers and DVD players imported into the United States incorporated two of the accused Fairchild devices. For the convenience of the Court, copies of these reports are attached as Exhibits A-D. These reports are untimely, irrelevant, and highly prejudicial to Fairchild and appear to be offered only to suggest that some unspecified number of Fairchild's foreign sales are imported into the United States by some unidentified third party. Fairchild respectfully requests that the Court exclude these reports and prohibit Power Integrations and its experts from relying on these reports in any fashion.[1]

## Background.

As set forth in Fairchild's Answer, only a *de minimis* number of the accused devices are made, used, sold, offered for sale, or imported by Fairchild into the United States. DI 8, ¶ 7. The vast majority of accused devices cannot, as a matter of law, infringe Power Integrations' U.S. patents since these devices are manufactured and sold by Fairchild outside of the United States. Without any evidence or support, however, Power Integrations argues that Fairchild induced the importation of these devices into the United States and seeks damages for Fairchild's foreign sales.

Fairchild has never induced others to import the accused products into the United States. Thus, Fairchild repeatedly sought to discover the basis for Power Integrations' allegations.

---

[1]    In its May 31, 2006 Order, the Court permitted each party to brief a single motion in limine (with briefing on the remaining issues to be completed by September 11, 2006). The parties agreed that opening letter briefs would be filed by June 14, 2006 and opposition letter briefs will be filed by June 21, 2006. The parties do not intend to file reply letter briefs unless doing so would be of assistance to the Court.

The Honorable Joseph J. Farnan, Jr.
Page 2 of 4
June 14, 2006

Power Integrations failed to produce any evidence that the accused devices were imported into the United States (let alone, that Fairchild induced this importation) by the June 30, 2005 deadline for the production of documents. *See* DI 17. Similarly, Power Integrations failed to provide any such evidence in response to Fairchild's interrogatories prior to the September 30, 2005 close of fact discovery. *Id.* Indeed, time and again, Power Integrations admitted that there was no evidence that any of the accused devices were imported into the United States. *See e.g.* Exh E (Lund Depo.) 216:11-18; Exh. F (Walker Depo.) 92:4-17; Exh. G (Lelieur Depo.) 24:25-25:4; Exh. H (Bailey Depo.) 128:20-23; and Exh I (Balakrishnan Depo.) 155:11-18.

On the January 10, 2006 deadline, Power Integrations submitted its expert report on damages. While Power Integrations' damages expert, Richard Troxel, argued that he believed that the accused devices were likely imported into the United States, Mr. Troxel's original report failed to cite any evidence of actual importation of the accused devices.[2] Fairchild spent a full day deposing Power Integrations' expert on his original report. At that time, Fairchild specifically asked whether Mr. Troxel had any intention of seeking additional evidence that the accused devices were imported into the United States. Mr. Troxel stated that he had discussed this with Power Integrations' attorneys and believed that it was something that Power Integrations "needed to do" but that there were no plans to seek or provide additional evidence. Exh. J, Troxel Depo., 79:24-80:22.

On May 15, 2006 – 18 days after Mr. Troxel's deposition – Power Integrations produced three additional reports from a previously undisclosed expert or witness alleging that certain third party cell phone chargers and DVD players incorporate two of the accused Fairchild devices. These untimely reports constitute hearsay and there is no evidence that they are relevant in light of Power Integrations' failure to mark its products. Consequently, Fairchild respectfully requests that the Court preclude Power Integrations from relying upon them.

### The Untimely Reports Are From An Undisclosed Expert.

All four reports were submitted by Francis Lum of Luminex Technology. *See* Exhs. A-D. Mr. Lum was never identified during discovery, was never listed as a potential witnesses, and was not included in Power Integrations' Rule 26 Initial Disclosures. Power Integrations never identified Mr. Lum as an expert in this case and never indicated that Mr. Lum would submit a report on any issue. Moreover, Mr. Lum's reports fail to provide the information required by Federal Rule of Civil Procedure 26(a)(2)(B) and fail to provide any indication of Mr. Lum's expertise or background.

Even were Mr. Lum an expert, Mr. Lum's reports are untimely. While the deadline was repeatedly extended, Power Integrations' technical expert reports were due on November 3, 2005 and Power Integrations' expert report on damages was due January 10, 2006.[3] Mr. Lum's

---

[2]    The afternoon before the expert's deposition, Power Integrations produced the first of the four untimely reports. That evening, Mr. Troxel supplemented his expert report to rely upon this untimely "evidence". Fairchild objected to the untimely supplemental report and deposed Mr. Troxel concerning his original report. Given the length of Mr. Troxel's initial expert report, the parties have agreed that his deposition will be continued at least one additional day.

[3]    The Court originally ordered that expert reports on the issues for which each party bears the burden of proof (such as whether the accused devices were imported into the United States and whether Fairchild induced this importation) were due on October 10, 2005. DI 17. Because Power Integrations could not produce its witnesses for deposition prior to the close of fact discovery, the deadline for technical expert reports was extended to November 21, 2005 and the

The Honorable Joseph J. Farnan, Jr.
Page 3 of 4
June 14, 2006

reports were submitted months after these deadlines – after the close of fact discovery, after Fairchild submitted its expert reports, after Fairchild moved for summary judgment on the issue, and after Power Integrations' damages expert was deposed. Indeed, from the reports it appears that Power Integrations did not even place the order for the third party devices until April 18, 2006 – six weeks after Fairchild submitted its expert report on damages and over a month after Fairchild filed its motion for summary judgment on the issue of foreign sales. *See* Exh. A, p. 3 (packing slip).

At the pretrial hearing, it appeared that Power Integrations conceded that Mr. Lum was not an expert and that his reports were not intended to be expert reports.[4] If so, the reports are even more untimely. Document production closed on June 30, 2005 – almost 11 months before Power Integrations produced the Lum reports. Power Integrations experts should be precluded from relying on these untimely reports.

## The Untimely Reports Are Irrelevant And Confusing.

Mr. Lum's reports – and any reliance upon them by Power Integrations' experts – should be precluded since they are not relevant to any issue in this case. On June 2, 2006, the Court granted Fairchild's motion for summary judgment and held that Fairchild is not liable for sales that occurred prior to October 20, 2004. DI 265. While Mr. Lum's reports postdate the filing of Power Integrations' complaint, there is no evidence as to when the Fairchild devices identified in the reports were, themselves, imported into the United States. Without being able to prove that the devices identified in Mr. Lum's report were imported after October 20, 2004, the report is irrelevant and can only confuse the jury by suggesting that devices imported prior to October 20, 2004 are somehow relevant to this case.

*Further, Mr. Lum's reports do not address the central issue of whether Fairchild induced this importation. Without evidence of such inducement, whether some unspecified third party may or may not have imported an accused device into the United States at some unknown time is irrelevant.*

## Fairchild Would Be Prejudiced Were It Necessary To Reopen Discovery.

Mr. Lum's reports are highly prejudicial to Fairchild. Trial on the issues of infringement and damages is presently set to begin on October 2, 2006. DI 264. Damages discovery has already been extended until August 18, 2006 in light of the admitted unreliability of Power Integrations' financial reports. *Id.* Mr. Lum's reports, however, relate to the issue of liability (whether the accused devices are imported into the United States and whether Fairchild induced this importation), not solely damages. It is highly unfair for Power Integrations to seek to reopen liability discovery at this late date.

Should the Court allow Mr. Lum's untimely reports, Fairchild would also be required to reopen liability discovery. At a minimum, Fairchild would need to depose Mr. Lum and depose Power Integrations concerning Mr. Lum's reports. Depending on the outcome of those depositions, Fairchild may need additional discovery and to submit an expert report to rebut Mr. Lum's opinions. Further, Mr. Troxel may, once again, seek to supplement his report to rely upon

---

deadline for Power Integrations' damages expert report was extended to January 10, 2006.  DI 128.
[4]     The transcript from the pretrial conference has not yet been prepared.  Fairchild will provide a citation for Power Integrations' concession when the transcript becomes available.

The Honorable Joseph J. Farnan, Jr.
Page 4 of 4
June 14, 2006

the three most recent Lum reports.[5]  This will require even more time to complete Mr. Troxel's deposition and may require Fairchild's damages expert to supplement his rebuttal report.

        Therefore, Fairchild respectfully requests that the Court exclude Mr. Lum's reports and preclude Power Integrations and its experts from referring or relying upon those reports at trial

                                        Respectfully,

                                        /s/ *Lauren E. Maguire*

                                        Lauren E. Maguire (I.D. #4261)

LEM: nml
Enclosures
170437.1

cc:     Clerk of the Court (by hand; w/encl.)
        Sean P. Hayes, Esquire (by hand and electronic mail; w/encl.)
        Frank E. Scherkenbach, Esquire (by electronic mail; w/encl.)
        Howard G. Pollack, Esquire (by electronic mail; w/encl.)
        G. Hopkins Guy, III, Esquire (by electronic mail w/ encl.)

---

[5]      Mr. Troxel's initial report did not refer to any of Mr. Lum's reports.  On April 26, 2006, Mr. Troxel supplemented his report and referred to the first Lum report.  Neither Mr. Troxel's initial nor supplemental report refer in any way to the three most recent Lum reports.

# EXHIBIT A

# REDACTED

# EXHIBIT B

**REDACTED**

# EXHIBIT C

**REDACTED**

# EXHIBIT D

# REDACTED

# EXHIBIT E

**REDACTED**

# EXHIBIT F

# REDACTED

# EXHIBIT G

**REDACTED**

# EXHIBIT H

**REDACTED**

# EXHIBIT I

# REDACTED

# EXHIBIT J

# REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2006, the attached **REDACTED LETTER TO THE HONORABLE JOSEPH J. FARNAN, JR. FROM LAUREN E. MAGUIRE REGARDING FAIRCHILD'S FIRST MOTION IN LIMINE** was served upon the below-named counsel of record at the address and in the manner indicated:

William J. Marsden, Jr., Esquire                    HAND DELIVERY
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE  19899

Frank E. Scherkenbach, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Michael Kane, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN  55402

Howard G. Pollack, Esquire                    VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063


*/s/ Lauren E. Maguire*
_____
Lauren E. Maguire