IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## INTERSIL'S REPLY IN SUPPORT OF ITS
## MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Intersil Corporation*

*Of Counsel*

Michael W. Shore
Alfonso Garcia Chan
Jeffrey R. Bragalone
Joseph F. DePumpo
SHORE CHAN BRAGALONE LLP
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
(214) 593-9110

Dated:  July 3, 2006
170823.1

# **TABLE OF CONTENTS**

Page

I.   Introduction .................................................................................... 1

II.   Argument and Authorities................................................................ 2

    A.  The Intersil/Fairchild License Has Nothing to Do With this Suit................ 2

    B.  The Undisclosed Sections of the License Agreement Are
        Protected by the Common Interest Privilege ............................................. 4

    C.  Power Integrations' Criticism of the Case Law
        Cited by Intersil Is Unfounded.................................................... 6

III.  Conclusion ...................................................................................... 6

# TABLE OF AUTHORITIES

<u>Page</u>

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*
244 F.3ed 189 (1st Cir. 2001) ................................................................ 6

*Duplan Corp. v. Deering Milliken, Inc.,*
397 F.Supp. 1146 (D. S.C. 1974) .......................................................... 5

*F.D.I.C. v. Ogden Corp.,*
202 F.3d 454 (1st Cir. 2000) ................................................................ 4

*Haines v. Liggett Group, Inc.,*
975 F.2d 81 (3rd Cir. 1992) ................................................................. 5

*In re Regents of the University of California,*
101 F.3d 1386 (Fed. Cir. 1996) ........................................................... 5

*In re Sulfuric Acid Antitrust Litigation,*
2005 WL 1994105 (N.D. Ill. Aug 19, 2005) ...................................... 6

*Karsten Mfg. Corp. v. Cleveland Golf Co.,*
242 F.3d 1376 (Fed. Cir. 2001)....................................................... 2, 3

*Matter of Bevill, Bresler & Schulman Asset Management,*
805 F.2d 120 (3rd Cir. 1986) ............................................................... 5

*Melhorn v. New Jersey Transit Rail Operations, Inc.,*
203 F.R.D. 176 (E.D. Pa. 2001) .......................................................... 6

*Northeast Women's Center, Inc. v. McMonagle,*
1987 WL 6665 (E.D. Pa. Feb. 10, 1987) ......................................... 3, 4

*U.S. v. Doe,*
429 F.3d 450 (3rd Cir. 2005) .............................................................. 4

# I.

## INTRODUCTION

Power Integrations' response (D.I. 269) to Intersil's motion to quash and for protective order (D.I. 262) is more noteworthy for what it does not say than for what it says. Indeed, Power Integrations spends less than half a page attempting (and failing) to explain why another deposition of Mr. Beasom (in the guise of Intersil's 30(b)(6) representative) is necessary, or would provide any relevant information. This inability to explain its need for the information sought in its subpoena here, long after the close of fact discovery in this case, speaks volumes and betrays Power Integrations' true purpose: although Power Integrations already has obtained all documents and deposition testimony from Intersil relevant to this suit when it deposed Mr. Beasom and the two engineers who signed Mr. Beasom's engineering notebook acknowledging his invention date, Power Integrations now desires additional discovery relating to the Eastern District of Texas case recently filed against it by Intersil and Fairchild.

Power Integrations' claim of alleged surprise regarding the motion to quash is, at best, exaggerated. In a May 19, 2006 letter, Intersil made clear that agreements between Intersil and Power Integrations regarding production of documents called for by the subpoena were "without prejudice to the right of Intersil to make objections to the subpoena **and to file a motion to quash** . . ." and that "Intersil may want to obtain a ruling from the Court **on its motion to quash** and/or objections prior to the commencement of any oral deposition."[1] Power Integrations' feigned surprise is particularly disingenuous given its statement prior to the motion to quash that it desired to "resolve this matter as efficiently as possible" and its concession that the parties should not "permit it to drag out indefinitely."[2]

---

[1] May 19, 2006 letter from J. Bragalone to M. Headley; Ex. A (emphasis added).
[2] May 22, 2006 letter from M. Headley to J. Bragalone; Ex. B.

Finally, Power Integrations' Opposition grossly mischaracterizes the nature of Intersil's objections to Power Integrations' requests for production and deposition topics.[3] While some of Intersil's objections are based on the fact that many of the document requests and deposition topics in the subpoena are duplicative of those in the earlier Beasom subpoena, the thrust of Intersil's objections is that the majority of the requests and topics are simply not relevant to the present case, and to the extent they bear on any suit, they would bear only on issues already before the Eastern District of Texas.

## II.

## ARGUMENT AND AUTHORITIES

### A. THE INTERSIL/FAIRCHILD LICENSE HAS NOTHING TO DO WITH THIS SUIT

Power Integrations spends less than a page attempting to convince the Court that discovery regarding Intersil's license to Fairchild of U.S. Patent No. 4,823,173 (the "'173 patent") and U.S. Patent No. 5,264,719 (the "'719 patent") (collectively, the "Beasom patents") is relevant to this suit. This is hardly surprising because, as Power Integrations knows full well, the licensing status of alleged invalidating prior art is completely irrelevant to the question of whether the art anticipates the claims of the patent in suit. Indeed, Fairchild asserted the Beasom patents in its invalidity defense to Power Integration's infringement allegations regarding U.S. Patent No. 5,313,082 to Klas Eklund (the "Eklund patent") long before it obtained a license to the patents. Power Integrations' argument that "license terms, rates, and fees are highly relevant to the damages calculations in the present case"[4] also strains credulity. Damages calculations have nothing to do with establishing the validity or invalidity of a patent.[5] While issues relating

---

[3] Power Integrations' Opposition to Intersil's Motion to Quash and for Protective Order at 1. ("[I]f the Intersil subpoena is truly duplicative . . . Intersil could simply have certified it had no further documents to produce.").
[4] Power Integrations' Opposition to Intersil's Motion to Quash and Motion for a Protective Order at 3.
[5] *See e.g., Karsten Mfg. Corp. v. Cleveland Golf Co.*, 242 F.3d 1376, 1383 (Fed. Cir. 2001).

to the license conceivably might have some bearing on damages *in the Texas litigation* (where infringement of the Beasom patent is at issue), such matters are wholly irrelevant to the present case (where it is not).

Information regarding Intersil products covered by the Beasom patents is equally irrelevant to this case. Power Integrations alleges that information regarding such products relates to the value of the patents, and thus is somehow relevant to this action.[6] But, again, the value of the Beasom patents has no bearing on the present case, as a patent's "value" is not an element of proving or disproving whether a patent anticipates the claims of the patent in suit.[7]

Power Integrations also argues that the license terms "are relevant to potential bias of witnesses presented by Fairchild and Intersil in the present case."[8] But Power Integrations fails to demonstrate any linkage between the testimony of Mr. Beasom (a *former* employee of Intersil who has absolutely no interest in either the license from his former employer to Fairchild or in this litigation) and any claim of bias. Mr. Beasom and the engineers who witnessed his invention disclosure are not employed by Intersil, were not employed by Intersil at the time of their depositions, and their depositions occurred well before the Intersil/Fairchild license agreement. The fact that Mr. Beasom has no continuing interest in the patent was well known to Power Integrations before it made its specious claim of bias; not only are the assignment documents relating to the Beasom patents a matter of public record, Intersil even produced a full copy of the assignments to Power Integrations.

Finally, Power Integrations criticizes Intersil's reference to *Northeast Women's Center, Inc. v. McMonagle,*[9] pointing out that "the court in *Northeast Women's Center* actually allowed

---

[6] Power Integrations' Opposition to Intersil's Motion to Quash and Motion for a Protective Order at 4.
[7] *Karsten,* 242 F.3d at 1383.
[8] *Id.* at 4.
[9] *Northeast Women's Center, Inc. v. McMonagle,* 1987 WL 6665 (E.D. Pa. Feb. 10, 1987).

third party discovery to go forward on several issues and only limited discovery of highly confidential materials which bore no relevance on the issues at hand."[10]  Here, however, Power Integrations is not seeking any discovery bearing relevance on the issue in the present case: the invalidity of the Eklund patent.

**B.    THE UNDISCLOSED SECTIONS OF THE LICENSE AGREEMENT ARE PROTECTED BY THE COMMON INTEREST PRIVILEGE**

Power Integrations also complains that Intersil has produced a version of the Patent License Agreement between Intersil and Fairchild that has certain privileged information removed.[11]  But a review of the produced license agreement shows that the consideration for the license and the rights granted pursuant to the license are disclosed in full.[12]

The actual license terms of the patent license agreement between Fairchild and Intersil already have been produced to Power Integrations (subject to appropriate confidentiality designations).  But the private negotiations and agreements between the two parties and their counsel giving rise to the license have not been produced, as they are clearly protected by the common interest privilege.  According to the Third Circuit, "[t]he common interest privilege allows for two clients to discuss their affairs with a lawyer, protected by the attorney-client privilege, so long as they have an 'identical (or nearly identical) legal interest as opposed to a merely similar interest.'"[13]  There can be no question that the parties have identical (or nearly identical) interests, as the entire transaction was entered into with the purpose, and ultimately the result, of forming a licensing agreement and common interest litigation strategy between Fairchild and Intersil regarding the now-filed suit in the Eastern District of Texas.

---

[10] Power Integrations' Opposition to Intersil's Motion to Quash and Motion for a Protective Order at 3.
[11] Power Integrations' Opposition to Intersil's Motion to Quash and Motion for a Protective Order at 5.
[12] Patent License Agreement; Ex. C. [submitted under seal]
[13] *U.S. v. Doe*, 429 F.3d 450, 453 (3rd Cir. 2005) (citing *F.D.I.C. v. Ogden Corp.*, 202 F.3d 454, 461 (1st Cir. 2000)).

The Third Circuit Court of Appeals has set out a three-part test to determine eligibility for the common interest privilege: "the party asserting the privilege must show that (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived."[14]  The license agreement between Fairchild and Intersil meets all three requirements of this test.  First, it is undisputed that the agreement was made as part of a common litigation defense/prosecution effort between Fairchild and Intersil against Power Integrations; that effort has culminated with the filing of the Eastern District of Texas Action.  Second, the agreement was made for the express purpose of a common litigation strategy against Power Integrations.  Indeed, the patent license agreement explicitly reflects in Paragraph 5 that it is covered by a prior March 12, 2001 Joint Defense and Confidentiality Agreement.[15]  Moreover, the privileged statements regarding the parties' various responsibilities in the Texas litigation and their litigation strategies are designed to further that interest.  Finally, Fairchild and Intersil have been resolute in their assertion that the redacted portions of the license agreement are privileged and Power Integrations can point to no express waiver of such privilege.[16]

Power Integrations has no legitimate purpose in seeking production of the privileged sections of the license agreement, and its attempt to obtain the privileged portions of the license agreement constitutes an impermissible fishing expedition.

---

[14] *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 94 (3rd Cir. 1992) (citing *Matter of Bevill, Bresler & Schulman Asset Management*, 805 F.2d 120, 126 (3rd Cir. 1986); *See also Duplan Corp. v. Deering Milliken, Inc.*, 397 F.Supp. 1146, 117 (D. S.C. 1974)).
[15] Exhibit C at ¶5 [submitted under seal].
[16] *See also, In re Regents of the University of California*, 101 F.3d 1386, 1390 (Fed. Cir. 1996) (concluding that common interest privilege existed between patentee-university "seeking valid and enforceable patens to support royalty income" and nonexclusive licensee "seeking valid and enforceable patents to support commercial activity" because "valid and enforceable patents . . . are in the interest of both parties."

C.    **POWER INTEGRATIONS' CRITICISM OF THE CASE LAW CITED BY INTERSIL IS UNFOUNDED**

Regardless of how Power Integrations chooses to describe the target of its subpoena, the practical result of the subpoena will be a second deposition of Mr. Beasom. Thus, Power Integrations attempt to distinguish *Melhorn*[17] and *Sulfuric Acid*[18] on the grounds that the subpoena is directed to Intersil – not Mr. Beasom – is disingenuous. Further, Power Integration's criticism of these cases flatly ignores the Court's acknowledgement in *Sulfuric Acid* that the rule requiring leave before taking a second deposition of a witness is equally applicable to Rule 30(b)(6) depositions.[19]

Finally, Power Integrations never addresses why it should be permitted to take any further depositions in this matter. The deadline for such discovery has long since passed, there is no agreement among the parties to permit this belated discovery, and Power Integrations already had ample opportunity to depose Intersil and its current and former employees on any topics that might actually relate to the matters pending before this Honorable Court.

## III.

## CONCLUSION

For the reasons stated above and in Intersil's Motion to Quash and for Protective Order, Intersil respectfully requests that the Power Integrations' subpoena directed to Intersil be quashed, and that the court enter a protective order prohibiting the further deposition of Intersil.

---

[17] *Melhorn v. New Jersey Transit Rail Operations, Inc.*, 203 F.R.D. 176 (E.D. Pa. 2001).
[18] *In re Sulfuric Acid Antitrust Litigation*, 2005 WL 1994105 (N.D. Ill. Aug 19, 2005)
[19] *Id.* at *5. ("The First Circuit's decision in *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001) makes clear that prior judicial approval is required for multiple depositions, whether they be of corporations or individuals.").

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Intersil Corporation*

*Of Counsel*

Michael W. Shore
Alfonso Garcia Chan
Jeffrey R. Bragalone
Joseph F. DePumpo
SHORE CHAN BRAGALONE LLP
Republic Center
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
(214) 743.4170
(214) 743.4179 (Fax)

Dated:  June 26, 2006
170823.1

# EXHIBIT A



SHORECHAN
BRAGALONE LLP

Jeffrey R. Bragalone
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214-593-9125 Telephone
214-593-9111 Facsimile
jbragalone@shorechan.com

May 19, 2006

**VIA FACSIMILE**

Mr. Michael R. Headley
Fish & Richardson, P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063

    Re: *Power Integrations, Inc. v. Fairchild Semiconductor International, et al.,*
      CA No. 04-1371 JJF in the United States District Court for the District of
      Delaware; **Subpoena Dated May 9, 2006 to Intersil Corporation**

Dear Michael:

   Thank you for conferring with me today regarding the above-referenced
subpoena. Pursuant to our agreement, the return date for the document portion of the
subpoena is extended to **Friday, May 26, 2006.** We have agreed that, in lieu of
production of documents in Delaware, a copy of any documents that Intersil produces
will be delivered to your Redwood City, California office. I anticipate that, subject to
appropriate confidentiality designations, Intersil will be able to produce to you by the
May 26, 2006 certain documents to which Intersil does not object. However, in the
event that Intersil will not be able to produce to you by Friday the 26th the documents to
which Intersil does not interpose an objection, I have agreed to notify you of that fact
and furnish an alternate date by **noon** (your time) on **Monday, May 22, 2006.**

   With respect to the portion of the subpoena that requires the appearance of a
witness in Delaware on May 24, 2006, we agreed that Power Integrations will defer any
oral deposition pending your review of the documents produced.

   To the extent that Power Integrations still desires to take an oral deposition after
your review of the documents, we will confer again regarding an available date and a
suitable location for the deposition. Also, since Jim Beasom has already been deposed
in the referenced matter, it may be feasible, as an alternative, to designate portions of
his transcript as the "corporate testimony" of Intersil. We also agreed that agreements
that we reached are without prejudice to the right of Intersil to make objections to the
subpoena and to file a motion to quash, and that any objections and/or motions to quash



Mr. Michael R. Headley
May 19, 2006
Page 2

related to the subpoena will be filed and served by the revised return date of May 26, 2006. Please note that, as I mentioned in the call today, Intersil may want to obtain a ruling from the Court on its motion to quash and/or objections prior to the commencement of any oral deposition.

Please let me know immediately if you believe that this letter has inadvertently omitted any of the agreements that we reached today, and thank you again for your cooperation in this matter.

Sincerely,

Jeffrey R. Bragalone

cc:     G. Hopkins Guy, III, Esq.

# EXHIBIT B

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

**VIA FACSIMILE & U.S. MAIL**
214-593-9111

Telephone
650 839-5070

May 22, 2006

Facsimile
650 839-5071

Jeffrey R. Bragalone
Shore Chan
Republic Center
325 North Saint Paul St., Suite 4450
Dallas, TX 75201

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Re:    Power Integrations Inc. v. Fairchild Semiconductor Int'l
       USDC-D. Del. - C.A. No. 04-1371-JJF

**FR**

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Jeff:

I received your letter late in the day Friday following our discussion of earlier that day, and I am writing to correct a significant inaccuracy in that letter. We did not reach any agreement on Friday extending the response date for the subpoena to Intersil because you were unable to provide any firm commitment to produce documents, in particular the Fairchild-Intersil license(s) related to the enforcement of the '719 patent. Your letter suggests otherwise, but again it fails to provide a date certain for production. Per our discussion, if you confirm today by noon that you will deliver an unredacted copy of the Fairchild-Intersil licenses (and any other documents or things responsive to the Intersil subpoena) by noon Friday, Power Integrations will extend the return date for the Intersil subpoena to this Friday, May 26. We will accept production of any documents and things responsive to the subpoena in our Silicon Valley office.

Per our discussion, Power Integrations agrees, without prejudice to either party, to defer the deposition scheduled for this Wednesday pending our review of the Intersil production. However, this agreement is contingent on Intersil's cooperation in the identification and production of responsive documents and things in the near term. We, too, wish to resolve this matter as efficiently as possible, and we cannot permit it to drag out indefinitely.

I look forward to your response.

Sincerely,

Michael R. Headley

cc: G. Hopkins Guy, III
50349900.doc

05/22/2006 09:56 FAX 6508395071          FISH & RICHARDSON                    ☒001

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

|  |  |
|---|---|
| Date | May 22, 2006 |
| To | Jeffrey R. Bragalone |
|  | Shore Chan Bragalone LLP |
|  | Republic Center |
|  | 325 North Saint Paul St., Suite 4450 |
|  | Dallas, TX 75201 |
|  | Telephone: (214) 593-9110 |
| Facsimile number | 10256-00453531 / (214) 593-9111 |
| To | |
|  | G. Hopkins Guy, III |
|  | Orrick, Herrington & Sutcliffe LLP |
|  | Telephone: (650) 614-7400 |
| Facsimile number | 10256-00453531 / (650) 614-7401 |
| From | Michael R. Headley |
| Re | Power Integrations, Inc. v. Fairchild Semiconductor International |
| Number of pages Including this page | 2 |
| Message | |

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 650 839-5070 to arrange for its return. Thank you.

# EXHIBIT C

# REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July, 2006, the attached **REDACTED PUBLIC VERSION OF INTERSIL'S REPLY IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER** was served upon the below-named counsel of record at the address and in the manner indicated:


William J. Marsden, Jr., Esquire                    HAND DELIVERY
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE  19899

Frank E. Scherkenbach, Esquire                    VIA ELECTRONIC MAIL
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Michael Kane, Esquire                    VIA ELECTRONIC MAIL
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN  55402

Howard G. Pollack, Esquire                    VIA ELECTRONIC MAIL
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

G. Hopkins Guy, III                    VIA ELECTRONIC MAIL
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA  94025


*/s/ John G. Day*
_____
John G. Day