IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>　　　　Defendants. | C.A. No. 04-1371 JJF |

**POWER INTEGRATIONS' OPPOSITION TO FAIRCHILD'S MOTION FOR RECONSIDERATION RE BIFURCATION**

　　　　　　　　　　　　　　　　　　FISH & RICHARDSON P.C.
　　　　　　　　　　　　　　　　　　William J. Marsden, Jr. (#2247) (marsden@fr.com)
　　　　　　　　　　　　　　　　　　Sean P. Hayes (#4413) (hayes@fr.com)
　　　　　　　　　　　　　　　　　　919 N. Market Street, Suite 1100
　　　　　　　　　　　　　　　　　　P.O. Box 1114
　　　　　　　　　　　　　　　　　　Wilmington, DE  19899-1114
　　　　　　　　　　　　　　　　　　Telephone: (302) 652-5070
　　　　　　　　　　　　　　　　　　Facsimile:  (302) 652-0607

　　　　　　　　　　　　　　　　　　Frank E. Scherkenbach
　　　　　　　　　　　　　　　　　　225 Franklin Street
　　　　　　　　　　　　　　　　　　Boston, MA  02110-2804
　　　　　　　　　　　　　　　　　　Telephone: (617) 542-5070
　　　　　　　　　　　　　　　　　　Facsimile:  (617) 542-8906

　　　　　　　　　　　　　　　　　　Howard G. Pollack
　　　　　　　　　　　　　　　　　　Michael R. Headley
　　　　　　　　　　　　　　　　　　500 Arguello Street, Suite 500
　　　　　　　　　　　　　　　　　　Redwood City, CA  94063
　　　　　　　　　　　　　　　　　　Telephone: (650) 839-5070
　　　　　　　　　　　　　　　　　　Facsimile:  (650) 839-5071

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　POWER INTEGRATIONS, INC.

Date:  July 6, 2006

**TABLE OF CONTENTS**

                                                                             **PAGE**

I.    LEGAL STANDARD FOR RECONSIDERATION ............................................1

II.   ARGUMENT.......................................................................................................2

III.  CONCLUSION....................................................................................................6

**TABLE OF AUTHORITIES**

**PAGE**

**CASES**

*Barr Laboratories, Inc. v. Abbott Laboratories*,
   978 F.2d 98 (3d Cir. 1992)..................................................................................................1

*Ciena Corp. v. Corvis Corp.*,
   210 F.R.D. 519 (D. Del. 2002) ..........................................................................................1, 3

*In re Innotron Diagnostics*,
   800 F.2d 1077 (Fed. Cir. 1986).............................................................................................6

*Lucent Technologies, Inc. v. Extreme Networks, Inc.*,
   231 F.R.D. 453 (D. Del. 2005) ..........................................................................................1, 2

*Motorola, Inc. v. Interdigital Technology Corp.*,
   121 F.3d 1461 (Fed. Cir. 1997).............................................................................................2

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   587 F. Supp. 1112 (D. Del. 1984).........................................................................................5

*Stambler v. RSA Security, Inc.*, 123 Fed. Appx. 982, 986 ......................................................4

**STATUTES**

Fed. R. Civ. P. 42(b) ................................................................................................................1

Fairchild asked the Court to bifurcate this case in its pretrial submissions, and Fairchild raised no objection to the Court's bifurcation of infringement and validity at the pretrial conference. The concerns it raises now are therefore both disingenuous and untimely. If done in such a way as to preserve a party's right to jury trial, bifurcating issues for trial is permissible and lies within the discretion of the Court. Here, the Court was well within its broad discretion to bifurcate the instant case into two jury trials (one on infringement, willfulness, and damages; the other on validity), and the concerns Fairchild has raised are either misplaced or easily accommodated. Finally, Fairchild does not even acknowledge, let alone explain how it has satisfied, its heavy burden of justifying reconsideration of a court order. The Court should deny Fairchild's motion.

## I.    LEGAL STANDARD FOR RECONSIDERATION

Federal Rule of Civil Procedure 42(b) provides that

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or of any separate issue or . . . issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

A Court's decision with respect to bifurcation is reviewed for abuse of discretion. *Barr Labs, Inc. v. Abbott Labs.*, 978 F.2d 98, 105 (3d Cir. 1992). Rule 42 provides the Court "broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002) (internal quotations and citations omitted). "In fact, bifurcation of complex patent trials has become common," *id.*, and courts and commentators alike have explored and recommended bifurcating trial of infringement from validity. *Id.* at 520-21.

Motions for reconsideration should be employed "to correct manifest errors of law or fact or to present newly discovered evidence." *Lucent Technologies, Inc. v. Extreme Networks, Inc.*, 231 F.R.D. 453, 455 (D. Del. 2005) (internal quotations and citations omitted). To prevail on a motion for reconsideration, the party requesting

reconsideration "must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citation omitted). "As a general rule, motions for reconsideration should be granted sparingly." *Id.* (internal quotations and citations omitted).

## II.  ARGUMENT

Fairchild itself sought to have this case bifurcated (Ex. A[1] (Joint Pretrial Order Ex. 17) at Misc. Issue #6), and Fairchild raised no objection regarding the bifurcation of infringement from validity at the pretrial conference when the Court made its ruling on the record. (Ex. B (Pretrial Conference Tr.) at 16-26.)  As such, Fairchild *per se* waived the opportunity to challenge the Court's bifurcation order. *See, e.g., Motorola, Inc. v. Interdigital Technology Corp.*, 121 F.3d 1461 (Fed. Cir. 1997) ("This court has no legal warrant to correct a party's litigation errors or to review questions not preserved for appeal.") (citations omitted).  The fact that Fairchild did not object when the Court explained its bifurcation order at the pretrial conference also goes directly to the strength of the present objections; if there were any real problems with the Court's bifurcation order, Fairchild would have said so at that time.  As explained below, Fairchild's belated objections are not well-taken.

As a preliminary matter, Fairchild's motion should fail because Fairchild has failed to address the proper standard for reconsideration.  As noted above, a party seeking reconsideration must show one of three things: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice. *Lucent Technologies, Inc.*, 231 F.R.D. at 455 (citation omitted).  Fairchild has not shown any of these three standards are met, and Fairchild's failure to address the appropriate legal

---

[1]  All citations are to the accompanying Declaration of Sean P. Hayes unless noted otherwise.

2

standard only compounds its failure to object to the bifurcation of validity and infringement issues at the pretrial conference.[2]  Given Fairchild's numerous omissions, the Court should deny the instant motion.

Turning to the merits of the objections, Fairchild overreaches when it argues that separate trials on infringement and validity would violate the Seventh Amendment.  First and foremost, the Court is well-versed in patent litigation and aware that bifurcation is common in patent cases.  *See, e.g., Ciena Corp.*, 210 F.R.D. at 520-21.  Indeed, Fairchild itself sought such bifurcation in its pretrial submissions.  (Ex. A (Joint Pretrial Order Ex. 17) at Misc. Issue #6).  Fairchild does not explain why its proposal for bifurcation avoids Constitutional problems, while the Court's differing allocation of the issues between trials is flawed. These plain facts prevent Fairchild from establishing an abuse of discretion or constitutional error in the Court's bifurcation order.

To help its tenuous constitutional claim, Fairchild makes the remarkable – and false – allegation that Power Integrations agrees there is a potential problem. Fairchild's own citations show that Power Integrations never "conceded that the Constitutional guarantee of a jury trial . . . presented a significant impediment to the Court's two-jury approach," as Fairchild would have the Court believe.  (D.I. 274 at 2).  Counsel's <u>wondering aloud as to whether one could even make a constitutional argument</u> is a far cry from making such an argument, and is further still from raising an objection to the bifurcation of validity from infringement on constitutional grounds, which Power Integrations did not.  Nor, importantly, did Fairchild.  Power Integrations has no constitutional concern with the bifurcation order, and Fairchild's silence on this point at

---

[2]  Power Integrations also disagrees with Fairchild's statement that its motion is timely, D.I. 274 at 1 n.1, and believes the instant motion is procedurally improper.  The Court made a clear ruling regarding bifurcation on the record at the pretrial conference on May 31, 2006, including setting the dates for the different trials, and Fairchild did not object to the Court's manner of separating validity and infringement issues at that time. [Ex. B at 16-26].  That same day, the Court signed an order confirming the trial dates it set during the pretrial conference. [D.I. 264].  Fairchild then waited until June 15 to bring the instant motion, more than the 10 days allotted under Delaware Local Rule 7.1.5 to move for reconsideration, and its motion is therefore untimely.

3

the time the ruling was made by itself provides more than an ample basis for denying the instant motion.

If the Court does address the constitutionality of the bifurcation order, it need not look far for comfort, as Fairchild has not cited a single case to support the proposition that the bifurcation of infringement from validity violates the Seventh Amendment. This absence of authority speaks volumes; in fact, in an unpublished opinion, the Federal Circuit has found no constitutional error in a trial court's (Judge Robinson's) bifurcation of infringement from validity. *Stambler v. RSA Security, Inc.*, 123 Fed. Appx. 982, 986 (Fed. Cir. Feb. 11, 2005). So long as the second jury is informed of the outcome of the first case, as the Court indicated would happen here and as Power Integrations confirmed would remove any basis on which it might otherwise object to the bifurcation proposed by the Court, there is no plausible basis for raising Seventh Amendment concerns.

Rather than constitutional concerns, what appears to be motivating Fairchild's motion for reconsideration is the same argument it tried to make at the pretrial conference regarding the number of claims and accused devices. For example, Fairchild's motion repeatedly refers to an alleged "refusal" to "inform Fairchild of the accused devices." (*E.g.* D.I. 274 at 1.) As elsewhere, however, Fairchild's assertion does not square with the record here and overreaches. Power Integrations noted at the pretrial conference "the case can easily be tried in groups [of accused products], in fact, the experts on both sides have dealt with them in that way." (D.I. 274 at 2.) Fairchild does not dispute that the parties' experts have in fact done what Power Integrations represented to be true at the pretrial conference – they addressed the accused devices in groups. In fact, Fairchild itself grouped the accused devices into six categories in its pretrial submissions. (Ex. C (Joint Pretrial Order Ex. 3A) at ¶¶ 6-11). Fairchild therefore knows precisely how the products will be grouped for the purposes of infringement analysis, as well as which

4

products are asserted against which groups.[3]  As such, any confusion regarding the claims and devices at issue on the part of Fairchild is feigned.

Fairchild also spends a great deal of time (and attaches a large number of exhibits) regarding damages issues (D.I. 274 at 4-6, Exs. A-E), but here again Fairchild overreaches.  After the evidence comes in and it is time to instruct the jury, any potential that a differing validity outcome might affect a damages scenario that is in fact presented to the jury can be taken care of at that time, in the verdict form.  Even accepting Fairchild's parade of horribles at face value, the worst case would be that the jury might need to determine separate royalties for the three patented technologies at issue.  This is not a particularly difficult or burdensome task.  In the event that any infringed patent was then later found to be invalid, the Court could simply subtract the royalties attributable to that infringement.  This simple, common-sense accommodation of the later validity trial is a far cry from the dire portrait Fairchild's motion seeks to paint, and it does not present a basis for revisiting the Court's bifurcation order.

Fairchild also raises concerns with respect to the overlap between invalidity and the jury's evaluation of willful infringement.  (D.I. 274 at 3).  This concern is misplaced, as the substance of the validity analysis is irrelevant to a proper willfulness inquiry – what matters for willful infringement is the decision maker's state of mind, not the ultimate correctness of any substantive validity analysis.  The first jury will not need to be instructed on validity, and there is no need for Power Integrations to go into the detailed bases for the validity opinions to show why any reliance on them was not reasonable during the first trial on infringement, willfulness, and damages.  Fairchild's case law makes clear that the fact that the same evidence might play some role in both trials "is wholly beside the point."  *Paine, Webber, Jackson & Curtis, Inc. v. Merrill*

---

[3] Power Integrations dropped a number of claims in the period leading up to the first pretrial conference.  What Power Integrations committed to do at the hearing, and will do, is further narrow the number of claims.  Power Integrations is not, however, obligated to do so on Fairchild's arbitrary schedule.

5

*Lynch, Pierce, Fenner & Smith*, Inc., 587 F. Supp. 1112, 1117 (D. Del. 1984) (finding no Seventh Amendment violation in bifurcation); *In re Innotron Diagnostics*, 800 F.2d 1077, 1086 (Fed. Cir. 1986) (citing *Paine Webber* and finding no Seventh Amendment violation in bifurcation). Moreover, Fairchild's argument on this point contradicts its own argument made to support its request that liability should be split from damages and willfulness (D.I. 274 at 4-6). In that scenario, too, according to Fairchild's logic, validity would be at issue in both trials because of the presence of opinions of counsel that rely on invalidity. Clearly, Fairchild is less concerned with principle and consistency than strategy.

Finally, Fairchild's argument regarding the alleged overlap between infringement and validity is easily dismissed. Although both juries will use the same claim constructions, those constructions will come from the Court. There is no reason to believe, as Fairchild suggests, that the two juries will either apply different constructions or apply the same ones inconsistently. Fairchild's argument regarding the duplication of expert and party witness testimony is also a non-issue. All of the experts are being paid by the parties, and the other witnesses are under the parties' control. There is simply no witness inconvenience that the Court needs to be concerned about by trying the issues as currently bifurcated.

## III.     CONCLUSION

The Court should deny Fairchild's motion for reconsideration of the Court's bifurcation order.

Dated: July 5, 2006    FISH & RICHARDSON P.C.

By: */s/ Sean P. Hayes*
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2006, I served by hand and electronically filed with the Clerk of Court POWER INTEGRATIONS' OPPOSITION TO FAIRCHILD'S MOTION FOR RECONSIDERATION RE BIFURCATION using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendant-<br>Counterclaimant<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

I hereby certify that on July 5, 2006, I have mailed by Federal Express, the document(s) to the following non-registered participants:

| | |
|---|---|
| G. Hopkins Guy, III<br>Bas de Blank<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Sean P. Hayes
　　　　　　　　　　　　　　　　　　　　　　　Sean P. Hayes (hayes@fr.com)

50356014.doc