IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL
POWER INTEGRATIONS TO PROVIDE "PARED DOWN"
INFRINGEMENT CONTENTIONS FOR TRIAL**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403).
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: July 10, 2006
171087.1

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. ("Fairchild") move for an order compelling Power Integrations, Inc. ("PI") to identify the asserted claims, the accused products, and how PI intends to "group" the accused products for trial. This information is necessary for Fairchild to prepare its case for the infringement and damages phase of trial currently set to begin on October 2, 2006.

## I.     INTRODUCTION.

PI currently accuses no less than 38 different Fairchild devices of infringing 18 claims from four different patents. During the May 31, 2006 pretrial conference, PI recognized that it could not proceed to trial on all these issues. Thus, at the Court's prompting, PI agreed to reduce the asserted claims and to "group" the accused devices into no more than three or four sets:

> **Mr. Guy:** We need to raise one other issue, Your Honor, and that has to do with some insufficiency in the pretrial order, Power Integrations' disclosure. There are 38 products that are accused of infringing 18 claims. And just to march through that, Your Honor, I think – and just 18 claims, Your Honor, in three days is huge.
>
> **The Court:** Mr. Scherkenbach has been here before. He knows we're not going to have 38 products.
>
> **Mr. Scherkenbach:**[1] Well, there are *four groups of product*, Your Honor, that statements at face value isn't very helpful. *We will pair down the number of claims further*.
>
> **The Court:** *The claims are going to be paired down.*
>
> **Mr. Scherkenbach:** *The claims will be paired down. The products we'll break down in to only three or four groups.* 38 is not a real meaningful number. I'm not prepared to say we'll drop whole groups of products. I think the case can easily be tried in groups, in fact, the experts on both sides have dealt with them in that way, so it's not a real –
>
> **The Court:** Four categories of products are different than 38 products. 18 claims is 18 claims. That has to be cut back which you're acknowledging.

DI 282, 26:17-27:25 (emphasis added).

Since PI's representations and the Court's comments, Fairchild has repeatedly requested that PI identify (i) the asserted claims, (ii) the Fairchild devices accused of infringing each claim, and (iii) how PI intends to "group" the accused devices at trial. *See* e.g. Exhs. A & B. Fairchild needs this information to prepare its case, identify the appropriate witnesses, and finalize its exhibit list. PI, however, refuses to provide this critical information and, instead, appears determined to ambush Fairchild at trial. This is improper and clearly unfair.

---

[1] In the transcript, Mr. Scherkenbach's comments are mistakenly attributed to Mr. Guy.

## II. PI MUST IDENTIFY AND LIMIT THE ASSERTED CLAIMS.

During the May 31, 2006 pretrial conference, PI stated not once – but twice – that the claims will be "paired down." DI 282, 26:17-27:25. Despite Fairchild's repeated requests, PI refuses to identify the claims it will assert at trial. *See* Exhs. A & B.

There is no excuse for PI's refusal to identify its claims. PI requested a *July* trial. *See* DI 258, ¶¶ 21 and 43. As it is now July, PI must know what claims it will assert. Indeed, PI has admitted it is simply refusing to provide Fairchild with this information. DI 288, p. 5, n. 3.

Given the limited trial time available and what PI contends to be the substantial overlap of the claims, the Court should limit PI to one claim per patent. PI asserts that for each patent-at-issue the same accused products infringe each asserted independent claim for that simple patent (and, thus, limiting PI to one claim per patent will not impact PI's potential remedies). Thus, the Court should compel PI to identify what claim it asserts from each of the four patents.

## II. PI MUST IDENTIFY AND "GROUP" THE ACCUSED PRODUCTS.

Similarly, PI must also identify the accused devices. Fairchild has sought this information throughout the case. Every time Fairchild believes that it understands what devices are at issue, PI changes its mind – adding new accused devices and dropping products that had previously been accused. Indeed, PI has changed its identification of the accused devices nine times since filing its complaint in October 20, 2004 – adding over time 84 devices while dropping 51 devices.[2]

In its most recent expert reports of January 31, 2006, PI has accused 38 different Fairchild products. At the May 31, 2006 pretrial conference, however, PI agreed that it could not compare each of the 38 accused products against the 18 asserted claims. Instead, PI stated that it would organize the accused products into three of four "groups" for purposes of infringement. DI 282,

---

[2] PI initially identified four accused devices in (i) an October 21, 2004 press release. PI changed the accused products in (ii) a January 31, 2005 letter (one product added), (iii) its February 4, 2005 discovery requests (2 products dropped; 43 products added), (iv) its February 10, 2005 electronic search terms (2 products dropped; 1 product added), (v) its verified February 23, 2005 interrogatory responses (22 products dropped; 10 products added), (vi) a June 28, 2005 letter (14 products dropped, 18 products added), (vii) June 30, 2005 supplemental interrogatory response (5 products added), (viii) July 15, 2005 deposition notice (1 product dropped, 2 products added), and (ix) January 31, 2006 expert reports (10 products dropped, four products added)

26:17-27:25. PI has never requested that Fairchild stipulate to any such grouping and PI has never proposed such a grouping to Fairchild. Indeed, PI has refused Fairchild's repeated requests that PI identify these "groups". See Exhs. A & B.

In its response to Fairchild's motion for reconsideration of the Court's bifurcation order, PI states that Fairchild's confusion is "feigned" since Fairchild listed six groups of products in its portion of the pretrial order. DI 288, pp. 4-5. Far from clarifying the situation, PI's comment heightens Fairchild's confusion. First, the six "groups" set forth by Fairchild in the pre-trial order is more than the three or four groups PI stated it would use at trial so Fairchild has no idea which groups will be accused. Second, Fairchild's "groups" were simply all the products Fairchild understood to be accused of each claim; the products were not grouped together based on their design or operation. Since these are not representative groups, Fairchild assumes that this is not how PI intends to try the case, but if it is then it is all the more important for Fairchild to understand and be able to object in a timely manner.

Fairchild cannot determine what product "groups" will ultimately be accused at trial. Presumably, however, PI is suggesting that the parties try a single, representative device and if that device is found to infringe, then all of the devices in that class are deemed infringing (and, likewise, if the representative device is found not to infringe, none of the accused devices infringe). If so, then it is all the more important that PI identify what it believes the appropriate "groups" to be so that Fairchild can consider PI's proposal and select which device from each group will be treated as the representative device.

While refusing to identify the "groups" of accused devices, PI suggests that its grouping is set forth in its expert reports. As an initial matter, even were this true PI should commit to this grouping so that Fairchild can prepare for trial. Moreover, PI's expert reports disclose at least seven distinct "groups" of products – not the "three or four groups" PI intends to present at trial:

**Possible "Groups" Accused of Infringing Claims of the '876 Patent:**
    **Group I** – FSD200, FSD200B, FSD210, FSD210B, FSD210H, FSD211, FSCM0565R, FSCM0765R, FSD500 – Exh. C (Blauschild Report) p. 18.
    **Group II** – FSDL0365RN, FSDM0365RN, FSDL321, FSDH321, FSDL0165RN, FSDM0265RN, FSDH0265RN, FSDL0165RL, FSDM0265RL, FSDH0265RL, FSDL0365RL, FSDM0365RL – Exh. C (Blauschild

      Report) p. 19.

         **Group III** –FSDM0265RNB, FSLD0365RNB, FSDM0365RNB – Exh. C (Blauschild Report) p. 19.

         **Group IV** FSCM0765 – Exh. C (Blauschild Report) p. 3.

    **Possible "Groups" Accused of Infringing Claims of the '851 Patent:**

         **Group V** –FSD200, FSD200B, FSD210, FSD210B, FSD210H, FSD211 – Exh. C (Blauschild Report) p. 37.

    **Possible "Groups" Accused of Infringing Claims of the '366 Patent:**

         **Group V** – *id.* products – Exh. C (Blauschild Report) p. 52.

         **Group III** – *id.* products – Exh. C (Blauschild Report) p. 52.

         **Group VI** FSCM0765– FSDM311 – Exh. C (Blauschild Report) p. 52.

    **Possible "Groups" Accused of Infringing Claims of the '075 Patent:**

         **Groups VII-???** – While the Shields expert report does not identify any accused products or group of accused products, PI's damages report indicates that PI is accused 35 different devices of infringement. *Compare* Exhs. D (Shields Report) and E (Troxel Report, Appendix 2).

## III. FAIRCHILD IS PREJUDICED BY PI'S REFUSAL TO PROVIDE ITS INFRINGEMENT CONTENTIONS.

PI's failure to promptly provide Fairchild its specific contentions severely prejudices Fairchild's ability to prepare its case. For instance, Fairchild cannot finalize its witness list, exhibit list, or deposition designations until it knows what claims are asserted and what products are accused. Similarly, Fairchild cannot focus its defenses until it understands how PI intends to group the accused products for purposes of infringement.

Recently, PI admitted that it will reduce the number of asserted claims, but simply refuses to tell Fairchild what claims will be at issue. DI 288, p. 5, n. 3. The Court made clear that there are to be no "surprises" in this case and such game playing should be rejected. DI 282, p. 4:29. There is no justification for PI's continued refusal to provide basic information about its infringement contentions. The Court should compel PI to identify a single asserted claim for each patent, the accused products, and how it intends to group these products for purposes of infringement.

## IV. CONCLUSION.

Fairchild requests that the Court order PI to identify on or before July 31, 2006: (i) a single asserted claim from each of the four patents-at-issue, (ii) the devices accused of infringing each asserted claims, and (iii) how PI intends to group these devices for purposes of trial.

- 5 -

          ASHBY & GEDDES

          /s/ *John G. Day*

          _____
          Steven J. Balick (I.D. #2114)
          John G. Day (I.D. #2403).
          Lauren E. Maguire (I.D. #4261)
          222 Delaware Avenue, 17th Floor
          P.O. Box 1150
          Wilmington, DE  19899
          302-654-1888

          *Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: July 7, 2006
171087.1

# EXHIBIT A



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

June 8, 2006

**VIA FACSIMILE**

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:   <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Michael:

During the parties' May 31, 2006 pretrial conference, Power Integrations agreed to reduce the number of asserted claims. Power Integrations also indicated that it intended to group the accused devices into four sets for purposes of infringement. Despite Fairchild's repeated requests, however, Power Integrations has refused to provide this information. Obviously, Fairchild is entitled to know what claims Power Integrations is asserting, what devices Power Integrations is accusing, and how Power Integrations intends to present its case.

Please identify the specific claims that Power Integrations intends to assert, the specific theory of infringement for each individual claim (*i.e.* literal or doctrine of equivalents? Direct or inducement?), the devices accused of infringing each asserted claims, and how Power Integrations intends to group these devices at trial. If Power Integrations intends to argue that Fairchild induced the infringement of others, please specify the particular direct infringer as well as the Fairchild act that allegedly induced that direct infringement.

Please provide this information no later than noon on Wednesday, June 14, 2006 — two weeks after the parties' pretrial conference. Should Power Integrations continue to refuse to provide Fairchild with the necessary details of Power Integrations case, Fairchild will seek to compel this information and/or preclude Power Integrations from advancing any theory of infringement for which such details have not been provided. Please do not hesitate to call should you have any question.

Sincerely,

Bas de Blank
Bas de Blank

cc:   William J. Marsden, Jr.
      Howard G. Pollack

# EXHIBIT B



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel +1-650-614-7400
fax +1-650-614-7401
www.orrick.com

June 30, 2006

**VIA FACSIMILE**

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:  Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

Yesterday, I raised Fairchild's continued concern over Power Integrations' refusal to identify the asserted claims, the accused products, or how it intends to "group" these products for trial. As I explained, these contentions should have been set forth in Power Integrations' portion of the pretrial statement. You refused to identify the asserted claims but agreed to send me an electronic message setting forth Power Integrations' "grouping" of the accused devices.

We never received the promised disclosure and do not understand why Power Integrations continues to refuse to provide this basic information. You suggested that this was set forth in Power Integrations' expert reports. If that is so, there should be no difficulty in Power Integrations conclusively identifying the accused products and how it intends to group them at trial.

Similarly, we do not understand why Power Integrations refuses to disclose the asserted claims. Power Integrations repeatedly stated that it was prepared to go to trial in July and, indeed, requested a July trial date in its portion of the pretrial order. Thus, Power Integrations must know what claims it intends to assert. There is no excuse for Power Integrations to withhold this information.

Power Integrations' refusal to set forth the bases of its infringement allegations is severely prejudicing Fairchild's ability to prepare for trial. Thus, unless this information is provided immediately, Fairchild will move to compel this information and request that the Court limit Power Integrations to one asserted claim per patent.

Sincerely,

Bas de Blank

cc:  William J. Marsden, Jr.
     Howard G. Pollack

US_WEST:260049530.1

# EXHIBIT C

# REDACTED

# EXHIBIT D

**REDACTED**

# EXHIBIT E

**REDACTED**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2006, the attached **REDACTED PUBLIC VERSION OF DEFENDANTS' MOTION TO COMPEL POWER INTEGRATIONS TO PROVIDE "PARED DOWN" INFRINGEMENT CONTENTIONS FOR TRIAL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 N. Market Street<br>Suite 1100<br>Wilmington, DE 19801 | HAND DELIVERY |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | VIA FEDERAL EXPRESS |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN 55402 | VIA FEDERAL EXPRESS |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | VIA FEDERAL EXPRESS |

/s/ John G. Day
_____
John G. Day