# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**VIA ELECTRONIC FILING**

July 13, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE 19801



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Re:   Reconsideration of Order of June 2, 2006 regarding damage *calculation* versus *collection [D.I. 265]*; USDC-D. Del. C.A. No. 04-1371 JJF
*Power Integrations, Inc. v. Fairchild Semiconductor International*

Dear Judge Farnan:

Power Integrations submits this reply letter brief to correct some inaccuracies in Fairchild's Answering Brief in Opposition to Power Integrations Motion for Reconsideration of the Court's June 2, 2006 Order (D.I. 290) and to respectfully re-focus the Court on the real issue at hand.

To avoid dealing with the substantive issue of calculation versus collection of damages, Fairchild inaccurately suggests the issue has been addressed in nine briefs. (*Id.* at 2). This is not correct. The marking decision last Fall and Power Integrations' request to reconsider that decision had nothing to do with what is now at issue. The prior decision addressed whether Power Integrations failed to mark its products and, therefore, would be precluded for **recovering** damages for infringement occurring before notice. The issue in this motion, however, is evidentiary – whether Power Integrations must also be forced to pretend that Fairchild did not in fact infringe earlier, and did not in fact erode prices to Power Integrations' detriment in a manner that continues to this day. Until its recent ruling on partial summary judgment, the Court never addressed that issue.

Fairchild's brief is also incorrect when it argues—for the first time—that Fairchild will need further discovery because "Fairchild has not sought or produced damages discovery prior to October 20, 2004." (D.I. 290 at 8). This is inaccurate, as Fairchild produced, and Power Integrations' expert relied on, Fairchild data that predates the filing of the complaint in this case. Accordingly, all necessary pre-notice data for the calculation of post-notice price erosion damages has already been produced. In fact, Fairchild's pending motion for reconsideration of the Court's bifurcation order (D.I. 274) attaches Power Integrations' expert's report as Exhibit A, and that report specifically outlines how it utilizes pre-suit Fairchild financial data. (*Id.* at Ex. A at 45).

Fairchild's assertion that it is not inconsistent to treat price erosion damages in a manner so plainly different from reasonable royalty calculations, *id.* at 5 n. 3, is also incorrect and unsupported. Section 284 provides the basis for all patent infringement damages "to

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
July 13, 2006
Page 2

<u>compensate for the infringement</u>, but in no event less than a reasonable royalty." 35 U.S.C. § 284 (emphasis added). If Fairchild's argument for preventing the use of all evidence of pre-notice activity were correct, its logic would require the same rule limiting the use of pre-suit information for the calculation of a reasonable royalty as for the calculation of lost profits based on price erosion. Fairchild's inability to muster any response at all on this point shows that there is no principled basis for Fairchild's position.

In the end, Fairchild's primary reliance is on manufactured public policy concerns. (D.I. 290 at 6-8). Yet neither Fairchild nor (with all due respect) the Court can rely on "policy concerns" to set aside the statutory mandate and create a de facto rule of evidence where none exists. The damages statute, which says nothing at all about the use of pre-notice evidence, reflects the relevant policies as weighed by Congress. Fairchild has cited nothing in the legislative history to support its different policy argument. As for Fairchild's related fairness argument, that too lacks support. For a host of practical reasons, companies in the semiconductor industry—including Fairchild—generally do not mark their parts, datasheets, or application notes with patent numbers. That fact should not prevent them from being able to prove their full damages for the period after filing of suit. Fairchild's alleged surprise at being sued is equally unpersuasive, as that again is common – for example, Fairchild recently sued Power Integrations in Texas without warning – and Fairchild is a much bigger company than Power Integrations, and is well aware of the realities of litigation.

If allowed to do so, Power Integrations will prove that Fairchild is responsible for Power Integrations' post-notice price erosion. The fact that the Court found Power Integrations' marking insufficient does not change the fact that erosion occurred and that Fairchild caused it. The question Power Integrations has asked the Court to reconsider, therefore, boils down to whether Fairchild should be off the hook, forever, for price erosion it caused, including erosion beyond the notice date, merely because the erosion first began in a period for which the Court has determined Power Integrations cannot recover damages.

Respectfully,

/s/ *John F. Horvath*

John F. Horvath (#4557)

JFH:sb

cc   Clerk of Court (via ECF and hand delivery)
     Steven J. Balick (via ECF and hand delivery)
     G. Hopkins Guy (via e-mail and first class mail)