IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**FAIRCHILD'S ANSWERING BRIEF IN OPPOSITION TO POWER INTEGRATIONS'
MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 2, 2006 ORDER**

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated:  July 13, 2006

The Court should deny Power Integrations' request to reconsider the Court's partial summary judgment order of June 2, 2006, limiting Power Integrations' calculation of actual damages to conditions occurring on or after the October 24, 2004 notice date. Power Integrations has not come forward with any new evidence or legal authority to support its request, or any other basis to justify this Court's reconsideration of its previous ruling. Rather, Power Integrations simply rehashes old arguments previously made in response to Fairchild's prior motions already considered and rejected by the Court. Power Integrations' request, like its previous request for reconsideration of this issue, is a waste of judicial resources. [1]

**Background.**

This is actually Power Integrations' fourth brief on this same issue. Initially, Power Integrations sought to compel damages discovery prior to the filing of its complaint. DI 29. The Court properly rejected this request noting that, since Power Integrations had failed to mark its devices, such discovery was irrelevant. "Thus, any damages recoverable by Power Integrations are limited by Section 287 to the date that Fairchild received actual notice of its alleged infringement, which in this case, is the date of the Complaint." DI 54 (emphasis added).

Power Integrations then sought "reconsideration" of the Court's order. DI 87. In that motion, Power Integrations did not dispute the Court's central holding (that information reflecting economic conditions prior to the filing of Power Integrations' complaint was irrelevant). Instead, Power Integrations promised to provide the Court with "fulsome" evidence that Power Integrations had, indeed, marked its products. DI 87, p. 5. Relying on Power

---

[1]    In its opposition to Fairchild's Motion for Reconsideration (DI 274), Power Integrations argues that Fairchild's Motion is untimely since it was served more than 10 days after the May 31, 2006 pretrial hearing. DI 288, p. 3 n. 2. As an initial matter, Fairchild's Motion was timely since it was filed within 10 days of service of the Court's bifurcation order. *See* Del. L.R. 7.1.5. If, however, the Court agrees with Power Integrations that the 10-day clock for motions reconsideration began with the May 31, 2006 hearing, then Power Integrations' instant

Integrations' representation that "new" evidence would be forthcoming, the Court provided Power Integrations with the opportunity to prove that it had provided constructive notice by marking its products. DI 125. The Court, however, never reconsidered the legal effect should Power Integrations be unable to provide the new evidence or authority – namely, that pre-complaint economic activities are not relevant or discoverable.

Seven months later, Power Integrations failed to provide any evidence – "fulsome" or otherwise – that it had marked its products as required by 35 U.S.C. § 287(a). Therefore, Fairchild moved for partial summary judgment on the issue. DI 229. As Fairchild's motion explained, this issue was particularly significant since Power Integrations' expert purported to claim tens of millions of dollars of damages based on infringement that allegedly occurred prior to the filing of Power Integrations' complaint. Finally (after first moving to compel this information and then making Fairchild respond to a motion for reconsideration of the order denying that request), Power Integrations conceded that it had not marked its products. DI 235. Thus, the Court properly granted Fairchild's motion, precluded Power Integrations from relying on sales or other economic information prior to the filing of its complaint, and held that "all actual damages will be based on conditions occurring on or after the October 20, 2004 notice date." DI 265, p. 5.

Now, Power Integrations, once again, seeks "reconsideration" of the Court's order. This answering brief is the *ninth* brief on the issue but the answer should remain the same – Power Integrations cannot rely on information prior to October 20, 2004 for purposes of assessing its alleged damages. This result is mandated by the plain language of the statute, is consistent with

---

for Reconsideration (which was served one day *after* Fairchild's Motion for Reconsideration) is even less timely.

the case law, is supported by the equities, and is necessary as a practical matter since Fairchild

has not sought nor produced such discovery.

**The Law Is Clear -- Power Integrations Is Not Entitled To Pre-Complaint Damages.**

There is no dispute that Power Integrations (i) chose not to mark its products or their

packaging with the number of the patents-at-issue and (ii) chose not to provide Fairchild with

actual notice of Power Integrations' infringement allegations. Thus, the law is clear – "no

damages shall be recovered by" Power Integrations prior to the filing of its complaint:

> Patentees, and persons making, offering for sale, or selling within the United
> States any patented article for or under them, or importing any patented article
> into the United States, may give notice to the public that the same is patented,
> either by fixing thereon the word "patent" or the abbreviation "pat.", together with
> the number of the patent, or when, from the character of the article, this cannot be
> done, by fixing it, or to the packaging wherein one or more of them is contained, a
> label containing like notice. *In the event of failure so to mark, no damages shall
> be recovered by the patentee in any action for infringement*, except on proof that
> the infringer was notified of the infringement and continued to infringe thereafter,
> in which event damages may be recovered only for infringement occurring after
> such notice....

35 U.S.C. § 287(a) (emphases added).

Section 287(a) limits price erosion to erosion that has occurred after the filing of the

complaint. Power Integrations, however, ignores this bright-line rule and argues that Fairchild is

liable for any difference between the original price of Power Integrations' devices (which, in

some cases, dates back to 2001 -- three years before Power Integrations filed its complaint and

*over one year before Fairchild began selling the accused devices*. *Compare* Exh. A (Troxel

Exh. F-6, p. 1 [Feb. 2001 baseline for TNY255] *with* Exh. B (Troxel Report, ¶ 149 [July 2002

date of alleged first infringement]).

Power Integrations' argument was specifically rejected in *Johnson Electric North*

*America, Inc. v. Mabuchi Motor America Corp.*:

> Price erosion is merely one measure of damages and thus, to the extent that it
> occurred prior to compliance with the patent marking statute, cannot be
> considered.
>
> In sum, [plaintiff] cannot recover any damages, including those for price erosion,
> for the acts committed prior to July 15, 1988, when Mabuchi gave Johnson notice
> of infringement. That [plaintiff's expert]'s damages calculus is heavily weighted
> by the factor of estimated price erosion during earlier periods alone destroys the
> validity of his conclusions. The effect on the price of micro-motors of
> [defendant]'s presence in the market from 1985 through 1988 is simply irrelevant
> to the measure of damages in this case.

*Johnson*, 103 F. Supp. 2d 268, 281 (S.D.N.Y. 2000). Power Integrations has provided no

rational basis for challenging this decision. As explained fully in Fairchild's briefs in support of

its motion, the *Johnson Electric* decision is in accord with the plain language of the statute, and

promotes the policy goals underlying § 287(a). *See* DI 229, pp. 12-13. That statute allows

damages only for infringement occurring ***after*** notice. Any alleged erosion of prices prior to

notice clearly was not caused by post-notice infringement and recovery of such erosion is, thus,

prohibited by the statute. To permit recovery of such pre-notice damage would undermine the

statute's goal of promoting notice of patent protection.

In its Motion, Power Integrations argues that the Court must (i) "calculate total damages

caused by infringement" (even though Power Integrations admits that these are not recoverable),

(ii) "determine the date of notice (or marking)" (which Power Integrations admits it failed to

provide or do), and (iii) allow recovery of all damages after the date of notice. DI 275, p. 3.

Power Integrations provides no support for this convoluted "three-step" process for determining

damages.

None of the cases cited by Power Integrations addressed the limitations imposed for a

patentee's failure to mark its products. ***Indeed, these cases did not even involve Section 287***.

For instance, the nineteenth century Supreme Court decision predated the marking statute. *See*

*Yale Lock Manu. Co. v. Sargent*, 117 U.S. 536 (1886). In *Lam* and *Brooktree*, there was no

marking issue and the Federal Circuit did not consider how a patentee's failure to mark would limit its damages. *See Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056 (Fed. Cir. 1893) and *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555 (Fed. Cir. 1992). Indeed, the only case cited by Power Integrations that even considered the issue of marking found that, in that specific case, "because the '899 patent only claims methods, the notice provisions of § 287(a) do not apply to it."[2] *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.* 246 F.3d 1336, 1353 (Fed. Cir. 2001). Thus, the limitation on damages required by § 287, and the public policy underlying the statute were not at issue in those cases. Further, those cases were previously cited by Power Integrations in its opposition to Fairchild's motion and were already considered by the Court in rendering its decision.

Accordingly, the cases cited by Power Integrations do not provide any basis for this Court to reconsider its June 2 Order. None of these cases support Power Integrations' argument that it is entitled to calculate damages based on price data prior to the filing of its complaint. To the contrary, the Federal Circuit has clearly held that § 287(a) limits pre-complaint damages "however measured." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1440 (Fed. Cir. 1998) ("The statutory history establishes that the marking requirement has always applied, and continues to apply, to… recovery of damages, ***however measured***, under § 284.") (emphasis added).[3]

---

[2]    Here, there is no dispute that § 287 applies since the asserted patents all include system claims.

[3]    It is not inconsistent to deny recovery of price erosion occurring prior to notice, yet to permit use of pre-notice facts to determine the appropriate reasonable royalty because the policies underlying the two measures of damages are different. This was discussed fully in Fairchild's reply brief in support of its motion. DI 245 at 5-7.

## It Would Be Unfair To Reward Power Integrations' Failure With Additional Damages.

The Court's June 2 Order limiting Power Integrations' calculation of actual damages to conditions occurring after the date Power Integrations gave Fairchild notice of its patents was proper and, in fact, necessary to effectuate the public policy underlying the notice statute. The limitation on pre-notice damages in § 287 promotes the statute's goal of providing competitors with constructive notice of patent protection so that they can make informed decisions regarding the development and sale of competing products.

As set forth in Fairchild's Motion for Summary Judgment, Power Integrations deliberately chose not to give Fairchild actual or constructive notice of its patents.[4] DI 229, pp. 5-9. Instead, although it "suspected" for years that Fairchild infringed its patents, Power Integrations remained silent until it determined that it was strategically beneficial to file suit. *Id.*, pp. 7-9. Power Integrations quietly waited while Fairchild established its products in the market and alleged damages accrued, including the erosion of its prices, and then, without even first contacting Fairchild, ambushed it with this lawsuit. *Id.*, pp. 5-9.

Power Integrations admitted that there was no way that Fairchild could have determined that Power Integrations' products practiced patents such as the '075 Patent without reverse engineering those products. DI 229, p. 9. Despite that, Power Integrations chose not to mark its products *and to this day still fails to mark its products*. Power Integrations' strategy – to rack up potential damages from unsuspecting competitors – is clear, improper, and prohibited by § 287(a).

The problem with Power Integrations' argument is made clear by the facts of the case. Power Integrations seeks to inflate less than $1 million in sales made by Fairchild since the filing

---

[4] Since Power Integrations did not dispute these facts in its opposition (DI 235), they should be deemed admitted.

of the complaint into over $35 million in price erosion damages. Power Integrations performs this magic by holding Fairchild responsible for alleged erosion that occurred years before Power Integrations elected to file its complaint.



Power Integrations' demand of $35 million in past and "future" price erosion damages is calculated based on prices from 2001 – more than a year before any alleged infringement and three and a half years before the complaint was filed -- because when Power Integrations uses the prices as of the filing of its complaint the real damages are trivial.

While the statutory prohibition is clear and unequivocal, the equities also strongly support prohibiting Power Integrations from taking advantage of alleged price erosion occurring

during the period in which it purposefully chose to remain silent and not provide notice of its patents or allegations of infringement to Fairchild. DI 203 at 3-7; DI 245 at 1. Had Power Integrations taken the simple step of either marking its products with its patent numbers or providing Fairchild with actual notice of its allegations, it would have been entitled to such damages. Given Power Integrations' deliberate failure to take such simple steps, it would be grossly unfair to subject Fairchild to damages incurred prior to the date it was given notice of the patents. It would also undermine the statute's policy of encouraging patentees to provide competitors with notice of patent protection.

## Fairchild Has Not Sought Or Produced Damages Discovery Prior To October 20, 2004.

In its Motion, Power Integrations suggests that "no further discovery" would be required were the Court to suddenly permit pre-notice sales to be considered. This is simply not true. As the Court correctly stated in its June 2 Order, discovery of pre-notice sales has never been permitted because Power Integrations failed to mark its products. Consequently, Fairchild has not sought such discovery from Power Integrations, has not challenged Power Integrations' irrelevant calculations, and has not searched for or produced potentially contradictory evidence.

To be clear, the only reason that Fairchild has not challenged the accuracy of Power Integrations' self-serving sales data is because the Court had ruled that such discovery was irrelevant and that such data could not be considered. Were the Court to reverse course as Power Integrations requests and pre-notices sales were suddenly relevant, Fairchild would need discovery from Power Integrations concerning such sales, would need to depose Power Integrations' witnesses about this discovery, and would need to supplement its expert report to address this issue. None of this could be completed before a damages trial in October, 2006.[5]

---

[5]    Fairchild continues to believe that the Court should try the issue of damages only after infringement and invalidity have been resolved. *See* DI 274. Even were the Court to grant

Accordingly, it would be improper to allow Power Integrations to present a calculation

purportedly based on pre-complaint sales to the jury or as a line item on the verdict form.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated:  July 6, 2006

---

Fairchild's Motion and try damages in December 2006, it should still not permit Power
Integrations to introduce evidence or opinion testimony concerning alleged infringement prior to
the filing of the complaint since such activity is irrelevant.

# EXHIBIT A

REDACTED

# EXHIBIT B

# REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2006, the attached **REDACTED PUBLIC VERSION OF FAIRCHILD'S ANSWERING BRIEF IN OPPOSITION TO POWER INTEGRATIONS' MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 2, 2006 ORDER** was served upon the below-named counsel of record at the address and in the manner indicated:

William J. Marsden, Jr., Esquire                          HAND DELIVERY
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
Wilmington, DE  19801

Frank E. Scherkenbach, Esquire                          VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Michael Kane, Esquire                          VIA FEDERAL EXPRESS
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN  55402

Howard G. Pollack, Esquire                          VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

*/s/ John G. Day*
_____
John G. Day