IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAIRCHILD SEMICONDUCTOR )<br>INTERNATIONAL, INC., and FAIRCHILD )<br>SEMICONDUCTOR CORPORATION, )<br>)<br>Defendants. ) | C.A. No. 04-1371-JJF |

### DEFENDANTS' MOTION TO STRIKE UNAUTHORIZED REPLY BRIEF

Defendants (collectively, "Fairchild") respectfully request that the Court strike the reply letter brief (D.I. 295) submitted by plaintiff Power Integrations, Inc. ("Power Integrations") in support of its motion for reconsideration (D.I. 290) of this Court's June 2, 2006 Order limiting Power Integrations' calculation of damages to the post-complaint period. The reasons for this motion follow:

1.  Local Rule 7.1.5 does not permit the filing of a reply brief in support of a motion for reconsideration. Indeed, Rule 7.1.5 expressly states that the Court "will determine from the *motion and answer* whether reargument will be granted" (emphasis added).

2.  Yesterday, despite the Rule's clear and unambiguous terms, Power Integrations filed a reply letter brief in support of its motion for reconsideration of this Court's June 2, 2006 Order (D.I. 295; the "Unauthorized Reply"). Shortly after the Unauthorized Reply was filed, Fairchild brought Rule 7.1.5 to Power Integrations' attention and requested that Power Integrations comply with the Rule and withdraw it. *See* Ex. 1.

4.  Although they previously had followed Rule 7.1.5 in connection with their motion for reconsideration of the Court's August 2005 Order denying Power Integrations' motion to compel pre-suit damages discovery, counsel for Power Integrations responded that "[w]e do not interpret Rule 7.1.5 as specifically prohibiting the filing of a reply brief," and refused to

withdraw the Unauthorized Reply. *See* Ex. 2.

5. While Power Integrations' is disappointed by the Court's June 2, 2006 Order, and understandably is desperate to inflate the less than $ 1 million in sales made by Fairchild since the filing of the complaint into $ 35 million in purported price erosion damages, its discontent does not permit Power Integrations' to "thumb its nose" at this Court's rules.

6. Accordingly, Fairchild respectfully requests that the Court enforce Local Rule 7.1.5 by striking Power Integrations' Unauthorized Reply. (A form of Order to that effect is attached as Ex. 3). Alternatively, should the Court wish to consider Power Integrations' Unauthorized Reply, Fairchild respectfully requests the opportunity to address several misstatements in the Unauthorized Reply.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403).
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: July 14, 2006
171257.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2006, the attached **DEFENDANTS' MOTION TO STRIKE UNAUTHORIZED REPLY BRIEF** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 N. Market Street<br>Suite 1100<br>Wilmington, DE 19801 | HAND DELIVERY |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | VIA FEDERAL EXPRESS |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN 55402 | VIA FEDERAL EXPRESS |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
_____
John G. Day