# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

July 14, 2006

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

The Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE 19801

**PUBLIC VERSION**

Facsimile
302 652-0607

Web Site
www.fr.com

Re:  Answer to Defendants' Motion to Compel "Pared Down" Infringement
Contentions *[D.I. 291]*; USDC-D. Del. C.A. No. 04-1371 JJF
*Power Integrations, Inc. v. Fairchild Semiconductor International*



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Dear Judge Farnan:

Fairchild's motion to compel pared down claims [D.I. 291] is unnecessary. It ignores the parties' mutual understanding of what products are at issue and how they should be grouped for purposes of analysis, as evidenced in the parties' expert reports, and Fairchild persists in pressing the motion despite a stipulation offered by Power Integrations further narrowing the number of claims and making explicit the product groupings the parties' experts have mutually used. The motion should be denied.

First, in an effort to arbitrarily and unfairly limit Power Integrations to presenting a single claim from each of the four patents-in-suit at trial, Fairchild has misrepresented the record. [*Id.* at 4.] Fairchild's motion states that Power Integrations "refuses to identify the claims it will assert at trial" [*id.* at 2], that "PI must also identify the accused devices [*id.*], and that it "cannot determine what product 'groups' will ultimately be accused at trial." [*Id.* at 3.] All of these statements are false, as Power Integrations' experts, in their expert reports and for purposes of proving infringement, treated four devices (for the circuit patents) and two nearly identical processes (for the device structure patent) as representative of all of the accused Fairchild products and processes <u>and Fairchild's experts did not challenge the representative groupings in their responsive reports</u>. [*See* Ex. A (Blauschild Infringement Report) at 3, 18-19, 37 and 52; Ex. B (Shields Infringement Report) at 1-3 and 10.] Since the parties' own experts agree on what devices are accused and how they can be grouped, Fairchild's claim of severe prejudice [D.I. 291 at 4] is baseless.

In an effort to avoid troubling the Court with a nonexistent dispute, during the meet and confer process Power Integrations consistently referred Fairchild to the experts' reports when Fairchild feigned ignorance of the claims and devices at issue. [*See* Ex. C (de Blank letter of 6/30/06 to Headley noting "[y]ou suggested that this was set forth in Power Integrations' expert reports").] When that inexplicably failed and Fairchild proceeded with its filing, Power Integrations provided Fairchild with an explicit stipulation that further narrowed the claims at issue (from 18 to 12) and set forth the representative devices in the manner already spelled out in Power Integrations' experts' reports (which, again, Fairchild's experts had accepted). [Ex. D.] Fairchild refused the stipulation. [Ex. E.]

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
July 14, 2006
Page 2

Despite Fairchild's protestations, there is no "ambush" here. Power Integrations is not adding asserted claims or representative devices, and in fact has significantly narrowed its proofs for trial—just as it said it would at the pretrial conference.

Finally, in addition to an absence of factual support, Fairchild's motion notably fails to provide any authority (statutory, case law, local rule, or otherwise) to support the relief it requests. The first phase of this trial (infringement, willfulness and damages) can and should be tried to verdict in no more than one week (12-13 hours per side), using the number of claims and product groupings Power Integrations has committed to. Power Integrations respectfully requests that the Court not further limit the scope of its case.

Respectfully,

John F. Horvath (#4557)

JFH:sb

cc   Clerk of Court (via ECF and hand delivery)
     Steven J. Balick (via ECF and hand delivery)
     G. Hopkins Guy (via e-mail and first class mail)

50360085.doc