# Exhibit C



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

June 30, 2006

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

**VIA FACSIMILE**

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re: <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Michael:

Yesterday, I raised Fairchild's continued concern over Power Integrations' refusal to identify the asserted claims, the accused products, or how it intends to "group" these products for trial. As I explained, these contentions should have been set forth in Power Integrations' portion of the pretrial statement. You refused to identify the asserted claims but agreed to send me an electronic message setting forth Power Integrations' "grouping" of the accused devices.

We never received the promised disclosure and do not understand why Power Integrations continues to refuse to provide this basic information. You suggested that this was set forth in Power Integrations' expert reports. If that is so, there should be no difficulty in Power Integrations conclusively identifying the accused products and how it intends to group them at trial.

Similarly, we do not understand why Power Integrations refuses to disclose the asserted claims. Power Integrations repeatedly stated that it was prepared to go to trial in July and, indeed, requested a July trial date in its portion of the pretrial order. Thus, Power Integrations must know what claims it intends to assert. There is no excuse for Power Integrations to withhold this information.

Power Integrations' refusal to set forth the bases of its infringement allegations is severely prejudicing Fairchild's ability to prepare for trial. Thus, unless this information is provided immediately, Fairchild will move to compel this information and request that the Court limit Power Integrations to one asserted claim per patent.

Sincerely,

Bas de Blank

Bas de Blank

cc: William J. Marsden, Jr.
    Howard G. Pollack

US_WEST:260049530.1



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel 650-614-7400
fax 650-614-7401

WWW.ORRICK.COM

## FAX TRANSMISSION

DATE   June 30, 2006

NO. OF PAGES (INCLUDING COVER SHEET)   2

**FROM**

| name | tel |
|---|---|
| Bas de Blank | 650-614-7343 |

**TO**

| name | company/firm | tel | fax |
|---|---|---|---|
| Michael Headley | FISH & RICHARDSON P.C. |  | 650.839.5071 |

**CC**

| William J. Marsden, Jr. | FISH & RICHARDSON P.C. | | 302.652-0607 |
| Howard G. Pollack | FISH & RICHARDSON P.C. | | 650.839.5071 |

RE   *Power Integrations v. Fairchild Semiconductor et al*

**MESSAGE**

Please see attached.

C-M-A  10414-25/7584                                        Originals Will Follow

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL MIMI SAGMIT AT (650) 614-7451 AS SOON AS POSSIBLE.

notice to recipient
THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS INTENDED TO BE SENT ONLY TO THE STATED ADDRESSEE OF THE TRANSMISSION. IT MAY BE PROTECTED FROM UNAUTHORIZED USE OR DISSEMINATION BY THE ATTORNEY-CLIENT PRIVILEGE, THE ATTORNEY WORK-PRODUCT DOCTRINE, OR ANY OTHER APPLICABLE PRIVILEGE. IF YOU ARE NOT THE STATED ADDRESSEE, YOUR RECEIPT OF THIS TRANSMISSION WAS UNINTENDED AND INADVERTENT, AND YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. YOU ARE ALSO ASKED TO NOTIFY US IMMEDIATELY BY TELEPHONE AND TO RETURN THE ORIGINAL DOCUMENT TO US IMMEDIATELY BY MAIL AT THE ADDRESS ABOVE. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
DOCSSV1:292794.1
10414-25 M2B

# Exhibit D

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

**VIA FACSIMILE, E-MAIL, & U.S. MAIL**
650/614-7401

July 13, 2006

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025



Re:   Power Integrations Inc. v. Fairchild Semiconductor Int'l
      USDC-D. Del. - C.A. No. 04-1371-JJF

AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Dear Bas:

To simplify matters for trial, Power Integrations will further narrow the asserted claims to the following dozen:

'876 - claims 1, 17, and 19;
'851 - claims 1, 2, and 4;
'366 - claims 1, 2, 9, and 14;
'075 - claims 1 and 5.

To summarize what is provided in Power Integrations' experts' infringement reports, I note that the following is a complete list of accused devices for the three circuit patents:

FSD200; FSD200B; FSD210; FSD210B; FSD210H; FSD210HD; FSD211; FSD500; FSDL321; FSDL321L; FSDH321; FSDH321L; FSDL0165RN; FSDM0265RN; FSDM0265RNB; FSDH0265RN; FSDL0365RN; FSDL0365RNB; FSDM0365RN; FSDM0365RNB; FSDL0165RL; FSDM0265RL; FSDH0265RL; FSDL0365RL; FSDM0365RL; FSDM311; FSCM0565R; and the FSCM0765R.

Power Integrations' circuit expert addressed these products in a representative manner, specifically, that four parts (the FSD210, FSDL0365RN, FSDL0365RNB, and the FSDM311) are representative of all of these accused devices.  More particularly, based on the evidence obtained during fact and expert discovery, Power Integrations believes, that for the purposes of infringement, these 4 parts are representative of all the accused parts as follows:

> The FSD210 is representative of the FSD200, FSD200B, FSD210, FSD210B, FSD210H, FSD210HD, FSD211 and FSD500 with regard to infringement of the '851 and '366 patents (plus the FSCM0565R and FSCM0765R with regard to the '876 patent).

FISH & RICHARDSON P.C.

Bas de Blank
July 13, 2006
Page 2

>    The FSDL0365RN is representative of the FSDL321, FSDH321, FSDL0165RN, FSDM0265RN, FSDH0265RN, FSDL0365RN, FSDM0365RN, FSDL321L, FSDH321L, FSDL0165RL, FSDM0265RL, FSDH0265RL, FSDL0365RL, and FSDM0365RL.
>
>    The FSDL0365RNB is representative of the FSDM0265RNB, FSDL0365RNB, and FSDM0365RNB for purposes of infringement.
>
>    The FSDM311 stands alone.

Power Integrations asks that Fairchild stipulate that these parts are representative as set forth above for purposes of infringement, as Power Integration's expert treated them in his reports, to simplify the trial presentation and to remove any doubts regarding proofs regarding materially identical parts. To this end we also note that Fairchild's experts did not dispute the treatment of these parts as representative during this case.

Also as explained in Power Integrations' expert reports, the patents are asserted as follows:

'851 patent – against FSD210 as representative;
'876 patent – against FSD210 as representative, FSDL0365RN as representative, and FSDL0365RNB as representative;
'366 patent – against FSD210 as representative, FSDL0365RNB as representative, and FSDM311.

The following is a complete list of the accused devices for the '075 patent:

FSD200; FSD200B; FSD210; FSD210B; FSD210H; FSD210HD; FSD211; FSD500; FSDL321; FSDL321L; FSDH321; FSDH321L; FSDL0165RN; FSDM0265RN; FSDM0265RNB; FSDH0265RN; FSDH0265RNB; FSDL0365RN; FSDL0365RNB; FSDM0365RN; FSDM0365RNB; FSDL0165RL; FSDM0265RL; FSDM0265RLB; FSDH0265RL; FSDH0265RLB; FSDL0365RL; FSDL0365RLB; FSDM0365RL; FSDM0365RLB; FSDM311; FSDM0565; FSDM07652; FSDH565; FSDH0165; the FAN7601 series.

Given the nature of the patent, Power Integrations' expert addressed infringement of the '075 patent with respect to the process used to manufacture the accused devices, specifically the SDG3 or SDG4 process and their 75V or ~700V transistors device structures, but that does not impact the list of accused products.

Power Integrations further asks that Fairchild stipulate that the parts listed above are made with the SDG3 and/or SDG4 processes. The proofs at trial will focus on the

FISH & RICHARDSON P.C.

Bas de Blank
July 13, 2006
Page 3

process information as was done by both sides' experts during the case. The requested stipulation will simplify the trial presentation and remove any doubts regarding the effect of the proofs regarding the processes on the products sold by Fairchild.

While Fairchild is considering this proposal, Power Integrations asks that Fairchild extend the deadline to respond to Fairchild's Motion to Compel "Pared Down" claims to Tuesday, July 18, to permit the parties to work out the particulars of the stipulation.

Regardless of your position as to the stipulation, let me know your position on the extension by the end of the day, and we can work out the drafting of the formal stipulation thereafter.

Sincerely,

Michael R. Headley

50359973.doc

# Exhibit E

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

July 12, 2006

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

**VIA FACSIMILE**

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re: <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Michael:

I write in response to your letter of today's date. While Power Integrations has slightly reduced from 18 to 12 the number of asserted claims, this is insufficient given the number of accused groups of products. Power Integrations continues to assert six independent claims and six dependant claims against an ever changing set of Fairchild devices. Clearly, it is not possible for the parties to proceed to trial on so many issues.

At the May 31, 2006 Pre-Trial Hearing, Mr. Scherkenbach – Power Integrations' lead attorney – represented that Power Integrations would group the accused devices into no more than "three or four groups". Transcript, 27:3-17. Since then, Fairchild has repeatedly requested that Power Integrations identify these allegedly representative groups.

Over six weeks after the hearing, Power Integrations finally identifies the accused "groups" of products and requests, for the first time, that Fairchild stipulate to these groupings. Rather than limit itself to the "three or four groups" promised by Mr. Scherkenbach, you have identified six different groups. Given the 12 asserted claims, this works out to at least 25 different infringement scenarios. There is no way that all of these can be addressed in the trial time proposed by the Court.

Most troubling, however, is that Power Integrations has, yet again, changed its accused products. While Fairchild appreciates and accepts that Power Integrations has reduced the number of products accused of infringing the '075 Patent, we cannot permit Power Integrations to accuse new products at this late stage. Specifically, Power Integrations has not previously accused – and cannot now add – the FSD210HD, FSDL321L, or FSDH321L of infringing any of the circuit patents. Similarly, Power Integrations has not accused – and cannot now add – the FSD210H, FSD210HD, FSDL321L, FSDL0365RLB, or FSDM07652 of infringing the '075 Patent.

Since Power Integrations has yet to properly identify the asserted claims or identify the "three or four groups" of products that it intends to accuse, Fairchild cannot agree to Power Integrations' stipulation as proposed. Fairchild will, however, continue to evaluate Power Integrations' proposal and may suggest ways of narrowing it further. Moreover, we cannot agree to

US_WEST:260155539.1



## ORRICK

Michael Headley
July 12, 2006
Page 2

an extension for Power Integrations to respond to Fairchild's pending motion to compel an identification of the asserted claims, accused products, or how Power Integrations intends to group these products at trial. Fairchild has sought this information for months, it is essential to Fairchild's case, and Power Integrations' continued refusal to provide is a ongoing source of prejudice to Fairchild.

Sincerely,

Bas de Blank

cc: William J. Marsden, Jr.
Howard G. Pollack

US_WEST:260055539.1



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

# ORRICK

## FAX TRANSMISSION

DATE  July 13, 2006

NO. OF PAGES (INCLUDING COVER SHEET)  **3**

**FROM**

| name | tel |
|---|---|
| Bas de Blank | 650-614-7323 |

**TO**

| name | company/firm | tel | Fax |
|---|---|---|---|
| Michael Headley | FISH & RICHARDSON P.C. | | 650.839.5071 |

**CC**

| William J. Marsden, Jr. | FISH & RICHARDSON P.C. | | 302.652-0607 |
| Howard Pollack | FISH & RICHARDSON P.C. | | 650.839.5071 |

RE  *Power Integrations v. Fairchild Semiconductor et al*

**MESSAGE**

Please see attached.

C-M-A  10414-25 (7584)

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL MIMI SAGMIT AT (650) 614-7451 AS SOON AS POSSIBLE.

notice to recipient
THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS INTENDED TO BE SENT ONLY TO THE STATED ADDRESSEE OF THE TRANSMISSION. IT MAY BE PROTECTED FROM UNAUTHORIZED USE OR DISSEMINATION BY THE ATTORNEY-CLIENT PRIVILEGE, THE ATTORNEY WORK-PRODUCT DOCTRINE, OR ANY OTHER APPLICABLE PRIVILEGE. IF YOU ARE NOT THE STATED ADDRESSEE, YOUR RECEIPT OF THIS TRANSMISSION WAS UNINTENDED AND INADVERTENT, AND YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. YOU ARE ALSO ASKED TO NOTIFY US IMMEDIATELY BY TELEPHONE AND TO RETURN THE ORIGINAL DOCUMENT TO US IMMEDIATELY BY MAIL AT THE ADDRESS ABOVE. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

US_WEST:23040364.1
10414-25