IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1371-JJF |
| | ) |
| FAIRCHILD SEMICONDUCTOR | ) |
| INTERNATIONAL, INC., and FAIRCHILD | ) |
| SEMICONDUCTOR CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO COMPEL
DAMAGES DISCOVERY AND TO CONTINUE DAMAGES TRIAL DATE**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: August 3, 2006

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. ("Fairchild") move for an order compelling Power Integrations, Inc. ("PI") to produce documents and provide depositions regarding damages. The Court ordered at the May 31 pretrial conference that documents relating to PI's restatement of its financial reports be produced and depositions of PI taken. PI possesses non-privileged documents which it should produce. However, PI has failed to do so by the agreed deadline. This delay seriously prejudices Fairchild's ability to prepare its damages defense for an October 2 trial. Therefore, Fairchild requests immediate production of the materials sought herein and continuance of the damages phase of trial, currently set for October 2.

## I.   INTRODUCTION.

Both parties' damages experts relied upon PI's annual reports. [DI 282 at 6:23-7:3] After the expert reports were prepared, PI announced that, because of certain irregularities related to stock option grants, there would be a "material" change in it prior financial reporting. [Ex. 1] PI emphasized that the prior reports "should no longer be relied upon" and that it would be necessary to restate its public financial reports back to 1999. [*Id.*] Both PI's Chairman and CFO abruptly resigned in response. [Ex. 2] There is a significant risk that these material changes will affect the damages analysis in this case, including the parties' positions on lost profits, price erosion and reasonably royalty. [DI 282 at 10:22-13:14]

This issue was resolved during the May 31, 2006 pretrial conference. At that time, it was agreed by the parties and ordered by the Court that the damages discovery deadline would be extended until August 18, in order to allow Fairchild to take discovery on PI's restatement of its financial reports. [*Id.* at 49:3-51:8] The August 18 deadline was driven by the assumption that documents would be produced by August 2. [*Id.*] Fairchild was to receive PI's new financial reports and thereafter Fairchild would depose PI's CEO Balu Balakrishnan. [*Id.* at 6:23-8:8, 10:8-13:14, 18:18-20:5, 49:3-51:8] PI agreed to provide this discovery and agreed to the schedule for doing so. [*Id.* at pp. 19:12-18, 49:3-51:8]

After the hearing, Fairchild requested documentation relating to PI's preparation of its financial restatements and sought to schedule related depositions. PI refused to provide any

damages-related discovery until after it produced its final restated reports, which were then due on July 12. [Ex. 3] Fairchild reluctantly agreed since this still provided it with over five weeks before the close of damages discovery. However, in mid-July the restated reports were not forthcoming. Instead, PI told Fairchild that the documents would be produced on August 2 and unilaterally refused to provide any damages discovery before then. [Ex. 4]

On August 2, 2006, PI again failed to produce the promised discovery. Fairchild inquired, and PI finally explained to Fairchild during conversations on August 3 that it had not completed its investigation. [Ex. 5] PI will not provide a firm date by which it will complete this work and refuses completely to produce the material that it currently possesses. [Ex. 6] While PI did not inform Fairchild until August 3, PI issued a press release on July 31 (which it did not provide to Fairchild) announcing that it would not complete its restatements by the August 2 deadline. [Ex. 7] As a result, Nasdaq delisted PI's shares from the Nasdaq Global Market, effective August 2. [*Id.*] There is absolutely no excuse for PI's failure to inform Fairchild that PI would once again fail to provide the Court-ordered damages discovery.

PI's continuing delay seriously prejudices Fairchild's ability to prepare its damages case for trial, currently scheduled for October 2. Accordingly, Fairchild moves to compel the immediate production of the necessary damages information. Further, Fairchild asks the Court to continue the damages trial until Fairchild has an opportunity to review this discovery and to supplement its damages report as appropriate.

## II.  PI MUST PROVIDE THE NECESSARY DAMAGES RELATED DOCUMENTS.

Despite representing at the May 31, 2006 hearing that materials related to its restated financials would be provided to Fairchild well in advance of the August 18 damages discovery deadline, PI has failed to do so. Fairchild requests an order that PI produce the following:

1. All drafts of PI's final restated financial reports which have been prepared to date, and the final restated financial reports when they are available.

2. All documents related to PI's internal investigation of financial irregularities that have been provided to Nasdaq.

3. All documents produced by PI in response to subpoenas from the SEC or DOJ.

-2-

    4. Copies of all recent briefs regarding remedy submitted by PI to the International Trade Commission in the action brought there by PI against System General (Investigation No. 337-TA-541).

Each of these categories of documents provides critical information necessary for Fairchild to prepare its damages case. With respect to the first category, PI agreed at the May 31 hearing to provide its restated financials by a date certain. Given PI's delay in doing so and the resultant prejudice to Fairchild, PI must produce whatever final or draft restated reports it has in its possession at this time, in order to enable Fairchild to fairly assess the effect on the parties' damages positions. PI also must provide all final reports when they become available. PI's continued delay in providing restated reports causes Fairchild great concern regarding the accuracy of the PI financial data underlying both parties' expert reports on damages. Accordingly, good cause exists to compel production of drafts of the reports, as well as all related material provided to the Nasdaq, SEC or DOJ. Obviously, such information is not privileged and is necessary for Fairchild to investigate the accuracy of PI's financial data. Regarding the final category of materials, Fairchild has discovered that in PI's ITC action against System General regarding the same PI products at issue here, PI recently submitted, under seal, supplemental briefing regarding remedy. [Ex. 8] PI's discussion of market issues and the harm caused by System General in that briefing are likely to bear on and be inconsistent with PI's allegations that Fairchild is the purported sole cause of harm to PI's market share and pricing.

PI will likely attempt to argue that this material is not relevant. However, neither Fairchild nor the Court can assess the relevance of the documents until they are actually provided and depositions are taken. Indeed, PI made this same irrelevance argument at the May 31 hearing. However, over that argument, the Court ordered further damages discovery. All of the requested documents are responsive to document requests 33, 34, 131, 137-138, 140, 142-143, 148, 149 and 177. [Exs. 9, 10] The materials are necessary for Fairchild to prepare for trial and, with respect to the restated financial reports, were ordered produced on May 31. Good cause exists for production of this information and Fairchild respectfully requests that the Court enter an order directing PI to immediately do so.

II. **AFTER PRODUCING THE FOREGOING DOCUMENTS, PI MUST MAKE WITNESSES AVAILABLE FOR DEPOSITION.**

As ordered at the May 31 pretrial conference, PI must make its CEO Balu Balakrishnan available for deposition with respect to PI's restatement of its financial reports. Further, PI should be ordered to make available a corporate designee to testify on behalf of the company.[1] PI also must provide adequate time between the production of the documents and the depositions to allow Fairchild to adequately prepare for the depositions. Accordingly, Fairchild respectfully requests that the Court order Balu Balakrishnan and a FRCP 30(b)(6) designee of PI to appear for deposition two weeks after production is complete.

III. **THE DAMAGES TRIAL SHOULD BE CONTINUED.[2]**

Because PI is unable or refuses to produce the foregoing requested documents and deponents, the damages portion of the trial currently scheduled for October 2 should be continued until a later date. Fairchild should not be penalized for PI's financial irregularities or the time it is taking PI to restate its financial reports. Given that PI missed the August 2 deadline and has provided no indication as to when this discovery will be produced, it will be impossible before the October 2 trial for Fairchild to receive and analyze the documents, take the depositions of Mr. Balakrishnan and PI, supplement its damages report and for PI to supplement its rebuttal report if it chooses. Fairchild must be allowed to do these things. PI demands tens of millions of dollars from Fairchild. To allow the damages phase to proceed to trial on information that is admitted by PI to be incorrect and unreliable, and to deprive Fairchild the chance to investigate the facts and obtain expert opinions based on accurate data, would be extremely prejudicial. Thus, the trial date should be continued.

IV. **CONCLUSION.**

Fairchild requests that the Court order PI to immediately produce the documents and depositions sought herein, and to continue the damages portion of the trial.

---

[1] Of course, if PI designates Mr. Balakrishnan as the 30(b)(6) witness, only one deposition will be required.
[2] Fairchild has moved for reconsideration of the Court's decision to bifurcate the case and try infringement and damages together. [DI 274]. PI's failure to provide damages discovery provides an additional basis to continue the damages trial

                                  ASHBY & GEDDES

                                  /s/ *signature*

                                  Steven J. Balick (I.D. #2114)
                                  John G. Day (I.D. #2403)
                                  Lauren E. Maguire (I.D. #4261)
                                  222 Delaware Avenue, 17th Floor
                                  P.O. Box 1150
                                  Wilmington, DE 19899
                                  302-654-1888
                                  sbalick@ashby-geddes.com
                                  jday@ashby-geddes.com
                                  lmaguire@ashby-geddes.com

                                  *Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400


Dated: August 3, 2006

171861.1

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2006, the attached **DEFENDANTS' MOTION TO COMPEL DAMAGES DISCOVERY AND TO CONTINUE DAMAGES TRIAL DATE** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 N. Market Street<br>Suite 1100<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | **VIA FEDERAL EXPRESS** |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN 55402 | **VIA FEDERAL EXPRESS** |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | **VIA FEDERAL EXPRESS** |

*/s/ John G. Day*

John G. Day