# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
p.o. Box 1114
Wilmington, Delaware
19899-1114

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA ELECTRONIC FILING**

August 10, 2006

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

The Honorable Joseph J. Farnan, Jr.
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE  19801



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    Power Integrations' Opposition to Fairchild's Motion To Compel Damages
       Discovery And To Continue Damages Trial Date
       *Power Integrations, Inc. v. Fairchild Semiconductor International*
       USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Judge Farnan:

Fairchild's motion to compel ("MTC") (D.I. 303) was filed for one reason – to avoid the damages trial ordered to proceed on October 2, 2006.  Relying on pretense and mischaracterizations, Fairchild seeks continuance of the damages trial, and broad additional discovery, based on the wholly unsupported claim that there may be some impact on the damage expert reports and testimony in this case because of Power Integrations' restatement of financial reports on matters unrelated to the damages claimed in this case.

Power Integrations' intended restatement of financial reports is related to the accounting of "**stock option grants**" (see D.I. 303 at 1, Ex. 7), not the restatement of product sales information and financial data relied on by the damages experts in this case (who have already submitted lengthy reports).  Despite repeated requests from Power Integrations (see August 8, 2006 letter from Michael Headley to Bas de Blank attached hereto as Exhibit A), Fairchild's damages expert Dr. Michael Keeley has wholly failed to state, at any time, how restated Power Integrations' financial reports dealing with accounting of stock option grants will have any effect on the damage calculations, testimony or reports already prepared by the parties in this case.  The silence from Dr. Keeley is deafening – especially when Fairchild claims that such revised financials are "critical [and] necessary for Fairchild to prepare its damages case", (D.I. 303 at 3) while failing to give any reason why.  Fairchild's suggestion that the restated Power Integrations' financial reports are "necessary for Fairchild to prepare for trial" (D.I. 303 at 3) is belied by Fairchild's tacit admission that the reports may not even be relevant.  (D.I. 303 at 3)

In contrast to the dearth of explanation from Fairchild's damage expert, plaintiff's damage expert Richard B. Troxel prepared a recent summary report on damages and stated, "*I understand that Power Integrations expects to restate some of its past*

F I S H & R I C H A R D S O N P.C.

The Honorable Joseph J. Farnan, Jr.
August 10, 2006
Page 2

*earnings information in the near term in order to properly account for options expensing, but I do not anticipate that such earning restatements will have any significant effect on my calculations, which are based on product-related revenues and costs.*"  (Referenced in Fnt. 4, p. 4-5 of the Summary Report on Damages from Richard B. Troxel dated August 8, 2006.)  Fairchild and Dr. Keeley have failed to indicate how restated financial reports dealing with expensing stock option grants will have any effect whatsoever on the numbers, calculations, and damage reports already issued in this case.

## FAIRCHILD MISREPRESENTS THE RECORD TO SUPPORT ITS MOTION TO MOVE THE DAMAGES TRIAL

Fairchild also relies on mischaracterization and revisionist history to support its pleas for additional discovery and movement of the damages trial date.

Fairchild suggests that the Court already ordered a fifth day of deposition with Power Integrations' CEO Balu Balakrishnan at the Pre-Trial Conference.  (D.I. 303 at 1) The Court did nothing of the sort.  Fairchild also claims Power Integrations agreed to the fifth day of deposition of Balu Balakrishnan. (D.I. 303 at 1)  Power Integrations did not.  The only order this Court made at the Pre-Trial Conference dealing with damages discovery was that it would cut off as of August 18, 2006.  (D.I. 282 at 48-51)

Power Integrations did agree to produce the restated financial reports once they were prepared by the company, and to determine at that time if any relevant issue required additional discovery on the restated reports.  Power Integrations and Power Integrations' damages expert do not believe that the restated reports will have any significant effect on the damage reports, testimony and evidence in this case.  Power Integrations also provided a schedule to Fairchild for completion of damages discovery in compliance with the August 18, 2006 cutoff. (D.I. at 303, Ex. 7)  Power Integrations has followed this schedule and produced the Troxel Summary Report on August 8, 2006.  To date, Fairchild has refused to provide a date for the Keeley deposition and has refused to agree to the schedule set forth in Exhibit 7.

Fairchild's expert Dr. Michael Keeley has already issued a 71 page damages report with 18 exhibits.  Dr. Keeley's only reliance on Power Integrations' public financial reports (10K's) relates to a description of Power Integrations' business, statements about competitors, lists of competitors and one chart on general revenue.[1]  Dr. Keeley has already received substantial consolidated financial reports from Power Integrations on sales information and product related revenue and costs,  which are relevant to the damages analysis. Dr. Keeley does not (as suggested by Fairchild (D.I. 303 at 1)) rely on  Power Integrations' 10K's for his analysis of lost profits, price

---

[1]  Referenced in Dr. Michael Keeley's expert report (Fnt. 32, Fnt. 103, Ex. 9 and Ex. 17).

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
August 10, 2006
Page 3

erosion and reasonable royalty damages.  It is sophistry for Fairchild to suggest that restated financial reports dealing with the expensing of stock option grants is going to change the product related financial numbers relied on by Dr. Keeley in his 71 page report.  That is why there is no statement or declaration from Dr. Keeley in connection with this motion.  That is also why the motion to continue the damages trial date should not be granted.

## THE COURT SHOULD DENY FAIRCHILD'S OMNIBUS REQUEST FOR IRRELEVANT DOCUMENTS

This is a patent case, not an SEC investigation.  The relevant financial documents are the sales, pricing and product related cost of goods and revenue information.  This information has already been supplied to Dr. Keeley and Fairchild, and is not the subject of the Power Integrations' restated financial reports.  Though Power Integrations has agreed to produce the restated financial reports when they are prepared, Fairchild now wants drafts of the restated financial reports, documents related to Power Integrations' internal investigation of stock option grants, documents regarding Power Integrations' production to the SEC and Department of Justice, and all briefs on remedies submitted by Power Integrations to the ITC in connection with the case against infringing chips manufactured by Systems General Corporation. (D.I. 303 at 2-3)  Fairchild also seeks additional depositions, of Power Integrations' CEO and a 30(b)(6) witness, on documents it acknowledges may not even be relevant to the damages case.  The motion should be denied.

Fairchild seizes on the restated Power Integrations' financial reports as an opportunity to conduct a fishing expedition into internal and SEC investigations regarding the propriety of Power Integrations' accounting for stock option grants.  Fairchild's broad request for documents (see Categories 1-3 at D.I. 303 at 2-3) and demand for depositions on documents is a subterfuge for its real goal – avoidance of the damages trial in this case.  As set forth in Fairchild's own exhibit to this motion (D.I. 303, Ex. 1), the investigation and restatement of Power Integrations' financial reports relates to stock option grants – "*and the company does not expect that the anticipated restatements would have a material impact on its historical revenues, cash position or operating expenses not related to stock options.*"

As to Category 4 of the documents requested by Fairchild relating to the ITC case against infringer System General Corporation, Fairchild speculates that Power Integrations may have said something in its remedy briefing that is "likely to bear on and be inconsistent with Power Integrations allegations that Fairchild is the purported sole cause of harm to Power Integrations' market share and pricing."  (D.I. 303 at 3)  Fairchild is correct that the *System General* case is relevant, but only because System General has now been determined to be an infringer and therefore Fairchild cannot point to System General's products as potentially acceptable non-infringing

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
August 10, 2006
Page 4

substitutes, as alleged by Dr. Keeley in his damages report.[2]  Mr. Troxel supplemented his damages report in part to take account of this important new fact. As for what Power Integrations actually said on the subject of remedy in the ITC, there is no mystery – the publicly available versions of Power Integrations' filings are available on the ITC's "EDIS" system at the following links:

http://edisweb.usitc.gov/edismirror/337-41/Violation/259683/294471/843/7956f3.pdf;
http://edisweb.usitc.gov/edismirror/337- 1/Violation/259685/294473/83d/7956ed.pdf.

The Court can see for itself that there is no basis for Fairchild's speculation, because the ITC remedy briefing related to issues of "downstream products" and public interest having no relevance to the calculation of damages in the instant case.

**<u>CONCLUSION</u>**

Power Integrations respectfully requests the Court deny this motion in its entirety, so the parties can continue their preparation for the October 2 trial.

Very truly yours,

*/s/ William J. Marsden, Jr.*

William J. Marsden, Jr.

WJM/dma

cc:  G. Hopkins Guy, Esq. (via First Class Mail)
    Steven J. Balick, Esq. (via ECF and Hand Delivery)

50365373.doc

---

[2]  The Administrative Law Judge in the *System General* matter found that System General infringed several Power Integrations' patents not at issue here, and that the patents were not invalid or unenforceable.  The full Commission decided not to review the Administrative Law Judge determination on the merits.