# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

**FILED UNDER SEAL**

August 8, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
　for the District of Delaware
844 King Street
Wilmington, DE 19801



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Re:   Fairchild's waiver of privilege in reliance on opinions of counsel
　　　Power Integrations, Inc. v. Fairchild Semiconductor International
　　　USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Judge Farnan:

Power Integrations submits this letter brief to resolve a dispute regarding the scope of waiver due to Fairchild's reliance on opinions of counsel. While Fairchild has produced the opinions themselves and has allowed testimony on the opinions as delivered, including four new opinions produced in July, it is withholding documents on the same subject matter and has instructed its witnesses not to answer questions which are not limited to the opinions themselves. Power Integrations therefore asks the Court to compel Fairchild to (1) produce additional documents and communications relating to the subject matter of its opinions of counsel (both validity and infringement) and (2) permit unobstructed depositions with respect to these same subjects.

I.   **FAIRCHILD WAIVED PRIVILEGE BY RELYING ON THE ADVICE OF COUNSEL AS A DEFENSE TO A CHARGE OF WILLFUL INFRINGEMENT**

Fairchild waived privilege by producing thirteen (13) opinion letters in this case,[1] all of which are addressed to in-house counsel Steve Schott, and twelve of which have been provided to Robert Conrad, Fairchild Executive Vice President and General Manager for Analog Products (the group responsible for the accused Fairchild products). Fairchild does not dispute the fact of waiver. It does, however, seek to use the privilege as both a sword and a shield, by relying on the formal, written opinions but withholding any other documents or communications that might differ from those opinions and thus bear on the reasonableness of Fairchild's reliance on the opinion letters. The applicable law shows that Fairchild's actions are improper. In *Novartis Pharmaceuticals Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 396 (D. Del. 2002), the Court held that "where, as here, a party relies on the advice of counsel defense to a

---

[1] The four most recent Fairchild opinion letters, dated June 6, 2006 and produced to Power Integrations on July 14, 2006, are attached as exhibits A-D.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
August 8, 2006
Page 2

charge of willful infringement, the Court concludes that the party has expressly waived its privilege with respect to attorney-client communications and work product documentation." *Novartis*, 206 F.R.D. at 398. When these privileges have been waived, "everything with respect to the subject matter of counsel's advice is discoverable, despite the protection that is normally afforded to attorney-client communications and work product material." *Id.* Earlier this year, the Federal Circuit confirmed that when a party relies on the advice-of-counsel as a defense to willful infringement, the party waives privilege "with regard to any attorney-client communications relating to the same subject matter." *In re EchoStar Comm. Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. May 1, 2006) (emphasis added). Under these cases, the privilege is waived even with respect to work product communications on the same subject matters as the opinions. *See id.* ("[W]hen EchoStar chose to rely on the advice of in-house counsel, it waived the attorney-client privilege with regard to any attorney-client communications relating to the same subject matter, including communications with counsel other than in-house counsel."). As such, Fairchild has no basis to assert either the attorney-client privilege or work product objections with respect to documents and communications in its possession regarding infringement and/or the validity of Power Integrations' patents-in-suit.

II.   **FAIRCHILD IMPROPERLY WITHHELD NON-PRIVILEGED INFORMATION AFTER THE PRIVILEGE WAIVER**

Fairchild instructed its witnesses not to answer questions regarding the subject matter of the opinion letters and continues to withhold other non-privileged information. The parties staked out their respective positions on the scope of waiver on the record during the deposition of Robert Conrad (who allegedly relied on the opinions). Specifically, Fairchild's lawyers instructed Mr. Conrad not to answer questions regarding whether the substance of discussions with litigation counsel regarding the patents-in-suit differed in any way from the opinion letters Fairchild produced in this case. (Ex. E (Conrad Tr.) at 162-63, 172-73, 179-80, 191.) Fairchild's counsel similarly (and improperly) instructed Gary Dolny with respect to questions regarding his conversations with Fairchild in-house lawyer Steve Schott, allowing Mr. Dolny to provide testimony only as to conversations regarding a specific opinion letter, rather than the subject matter of that letter. (Ex. F (Dolny Tr.) at 34-36.)

Although Power Integrations had reiterated its position in the initial pretrial submissions, Fairchild recently professed ignorance as to the scope of waiver, and Power Integrations therefore reiterated its position, including providing the relevant case law on this issue. (Ex. G (Headley ltr. of 7/21/2006).) The parties met and conferred extensively on this issue, but in the end Fairchild maintains that Power Integrations is only entitled to ask Mr. Conrad a single question: "Have you received any other opinions related to the subject matter of the opinion letter, whether consistent or inconsistent." (Ex. H (Feeman ltr of 7/31/2006, mid-dated as 7/27/2005).) Fairchild similarly refuses to allow Power Integrations to ask the recipient of the opinion letters (Steve Schott) any questions regarding the subject

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
August 8, 2006
Page 3

<u>matter</u> of the opinion letters, instead, limiting the questioning of Mr. Schott to "anything regarding the Woo/Morrill opinions." These limitations are inconsistent with this Court's rulings and the Federal Circuit's decision in *EchoStar*.

In addition, Power Integrations requests the Court to compel Fairchild to produce all relevant documents previously withheld or otherwise not produced which appear to embody or discuss a communication to or from Fairchild concerning whether any of Power Integrations' patents-in-suit is valid and/or infringed by Fairchild. For example, entry 180 on Fairchild's supplemental privilege log is labeled as "legal analysis of competitor's patents and/or products at direction of attorney," and Mr. Schott sent it to Fairchild opinion counsel Phil Woo (among others). (Compare Ex. I (Fairchild Supplemental Privilege Log) with Ex. J (3/9/2004 opinion letter).) Other entries reflect similar communications with Mr. Schott on these topics, including entries 45, 175, 184, 209, 213, 310, 312, 316, 319-320, 322, 327, 329, 336, 340, 342, 355, 362, 364, 367-368, 370-371, 375, 383-386, 388, 390, 393, and 417-420. (Ex. I.) As these documents are clearly directed to the subject matter of the opinion letters Mr. Schott received (and which Fairchild produced), there is no basis for withholding them.

Power Integrations therefore brings this issue to the Court for resolution, as Fairchild's recent production of four new opinion letters and its listing of Mr. Schott as potential trial witnesses require that the depositions of Mr. Conrad, Mr. Schott, and Mr. Morrill[2] go forward.[3]

Very truly yours,

William J. Marsden, Jr.

cc:    Clerk of the Court
       Steven J. Balick, Esq. (By Hand)
       Bas de Blank, Esq. (Via Email)

---

[2] Power Integrations will also proceed with the deposition of Robert Morrill, Fairchild's opinion counsel for the later opinion letters, as Fairchild appears to plan to call Mr. Morrill as a witness at trial.

[3] Power Integrations proposed on numerous occasions that these depositions go forward the week of September 18 to permit the parties to resolve the issue of the scope of waiver in advance, as that timing will not disrupt the pretrial conference or trial schedule, *see, e.g.*, Ex. G, but Fairchild's insistence that the depositions go forward without a ruling may necessitate that these depositions be re-convened. However, as Power Integrations has noted all along, it will not be a problem to review any compelled documents and, if necessary, take any remaining testimony before trial.