IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>        Defendants. | C.A. No. 04-1371 JJF |

**POWER INTEGRATIONS' COMBINED RESPONSE TO (A) DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF MICHAEL C. KEELEY, REBUTTAL EXPERT REPORT ON DAMAGES, AND CONTINUATION OF DAMAGES TRIAL, AND (B) DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL REPORT ON DAMAGES**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247) (marsden@fr.com)
Sean P. Hayes (#4413) (hayes@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
David J. Miclean
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

Date: August 18, 2006

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ...................................................................................................1

II. SUMMARY OF ARGUMENTS .............................................................................5

III. ARGUMENT ...........................................................................................................7

    A. Power Integrations Properly Seeks Damages for Recently Disclosed U.S. Manufacture of the FSD210HD, Which is an Accused Product ...............................................7

    B. Mr. Troxel Properly Provided Alternative Calculations in Light of the Court's Marking Order and Power Integrations' Motion for Reconsideration of that Order ..........................11

    C. Mr. Troxel's Adjustments to His Calculations to Reflect the Setting of the Trial Date Are Fair .......................................................11

    D. Mr. Troxel Properly Opined on the Basis of Worldwide Sales, as that Issue was Not Resolved on Summary Judgment ...............................................................................................12

    E. Mr. Troxel Should be Permitted to Take Account of the ITC Ruling in Power Integrations' case against System General ..................................................................................................12

    F. Mr. Troxel Properly Provided Supplemental Reports Reflecting Newly Disclosed Information and Rulings in the Case ................................................................................................13

IV. CONCLUSION......................................................................................................14

## **TABLE OF AUTHORITIES**

**PAGE**

*Chase Manhattan Mortgage Corp. v. Advanta Corp.*,
   C.A. No. 01-507, 2004 WL. 422681 (KAJ) (D.Del. 2004) (citing *In re Paoli
   R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir.1994)) .............................................. 13

*Newman v. GHS Osteopathic, Inc.*,
   60 F.3d 153 (3d Cir. 1995) ...................................................................................... 13

*Philips Electric N. America Corp. v. Contec Corp.*,
   C.A. No. 02-123-KAJ, 2005 WL.552509 (D. Del. 2005) ............................................ 13

*Praxair, Inc. v. ATMI, Inc.*,
   231 F.R.D. 457 (D. Del. 2005) ................................................................................. 13

## **STATUTES**

FRCP 26(e)(1) ................................................................................................................ 13

Pursuant to the parties' agreement of August 15, 2006,[1] Plaintiff Power Integrations, Inc. ("Power Integrations") responds as follows to (A) Defendants' Motion for Protective Order Regarding Deposition of Michael C. Keeley, Rebuttal Expert Report on Damages, and Continuation of Damages Trial [D.I. 309], and (B) Defendants' Motion to Strike Plaintiff's Second Supplemental Report on Damages [D.I. 314], filed by Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation ("Fairchild").

## I.     INTRODUCTION

Fairchild has recently filed a series of motions – including its August 3, 2006 *Motion to Compel Damages Discovery and to Continue the Damages Trial Date* [D.I. 303] ("Motion to Compel and Continue"), *Defendants' Motion for Protective Order Regarding Deposition of Michael C. Keeley, Rebuttal Expert Report on Damages, and Continuation of Damages Trial* [D.I. 309] ("Motion for Protective Order"), and *Motion to Strike Plaintiff's Second Supplemental Report on Damages* [D.I. 314] ("Motion to Strike") – all intended to avoid the completion of damages discovery and delay the adjudication of damages in this litigation.

Fairchild's pending Motion for Protective Order regarding the deposition and supplemental report of Dr. Keeley (Fairchild's damages expert) is now moot. The parties agreed that Dr. Keeley will provide a supplemental report by September 1, 2006 addressing Mr. Troxel's (Power Integrations' damages expert) August 8, 2006 *Summary Report on Damages* (" Summary Report"),[2] and will be deposed shortly thereafter.[3]

---

[1]    Power Integrations proposed, and the parties agreed, that it would file this combined response to Fairchild's pending motions on this date. *See* Declaration of William J. Marsden, Jr. in Support of Power Integrations, Inc.'s Combined Response To (A) Defendants' Motion for Protective Order Regarding Deposition of Michael C. Keeley, Rebuttal Expert Report on Damages, and Continuation of Damages Trial, and (B) Defendants' Motion to Strike Plaintiff's Second Supplemental Report on Damages ("Marsden Decl."), ¶ 2-3, Exhs. A-B.

[2]    Mr. Troxel's August 8, 2006 Summary Report on Damages is attached as Exhibit A to Defendants' Motion to Strike. The portions in yellow were highlighted by Defendants to indicate what they contend is the new content. Portions that are not

Fairchild's Motion to Compel and Continue, which sought to delay the damages trial in light of Power Integrations' anticipated earnings restatements, was previously addressed by Power Integrations' letter to the Court of August 10, 2006. Thus, only Fairchild's Motion to Strike Mr. Troxel's Summary Report in which Fairchild claims prejudice to Fairchild's damage case, remains to be addressed here.

Initially, Fairchild's claim of prejudice rings hollow given its agreement to take Mr. Troxel's further deposition on the Summary Report, and given that Dr. Keeley will provide a responsive supplemental report and appear for his own deposition thereafter. Because Dr. Keeley will be able to respond to Mr. Troxel's Summary Report and deposition, and appear himself for deposition in a timely manner, there is no prejudice to Fairchild and no need to strike any portion of Mr. Troxel's Summary Report. Both parties will be able to present – and should be permitted to present – complete and updated expert testimony at the trial on damages in October. Fairchild should not be permitted to strike and exclude relevant updated facts simply because they are adverse to Fairchild – especially where those facts relate to issues raised in the original damages reports served by Dr. Keeley and Mr. Troxel, or are facts concealed by Fairchild regarding the U.S. manufacture of accused parts.

Fairchild nonetheless moves to strike "portions" of Mr. Troxel's Summary Report as untimely and prejudicial. Specifically, Fairchild seeks to exclude:

- Alternative damages calculations based on conditions occurring before October 20, 2004

- Adjustments to the period for future lost profits damages based on the setting of the trial date

- Damages calculations based on "worldwide sales"

- Reference to the outcome of the ITC investigation of System General

---

[3] highlighted were admittedly present in Mr. Troxel's previous supplemental report of April 26, 2006, attached as Exhibit D to Defendants' Motion to Strike. *See* Marsden Decl., ¶ 4-6, Exhs. C-E.

2

- Updated references to the testimony and reports of Mr. Slayton and Mr. Lum
- Inclusion of Fairchild's recently disclosed U.S. manufacturing and sales of the FSD210HD

Fairchild's alleged improprieties in the Summary Report are entirely without basis.  Fairchild claims that Power Integrations cannot include alternative or updated damages calculations reflecting orders of the court and damages accrued since the original report (and up to trial), cannot reference the deposition testimony of a financial expert taken by Fairchild whose reports on Power Integrations are repeatedly referred to in the original reports prepared by Mr. Troxel and Dr. Keeley, cannot reference the discovery by Mr. Lum of the accused devices in U.S.-bought products of which Fairchild has denied knowledge, cannot acknowledge a recent ITC ruling of infringement relating to a competitor of Fairchild that Dr. Keeley cited as an example of a non-infringing substitute product, and – most incredibly – cannot calculate damages based on the U.S. manufacture and sale of almost 3 million Fairchild products (the FSD201HD) where Fairchild concealed the U.S. manufacture and sale of the parts until May 2006. Fairchild's Motion to Strike, if granted, would preclude proper rebuttal testimony on facts discovered after preparation of the initial damage reports on issues contained in those original reports.  To strike portions of the Summary Report as requested by Fairchild would require the parties to shield the truth from the court and jury – a result both unjust and unfair.

The Court extended the deadline for damages discovery in this action to give the parties "a clear chance to get some information," noting that "damages are an important issue here" and acknowledging that "we have some time."[4]  Fairchild's claim that Power Integrations was only allowed to supplement its damages report to (i) reduce the damages numbers in light of the Court's marking order or (ii) reflect its restated earnings, is

---

[4] Marsden Decl. ¶ 7, Exh. F at 15:1-5; 16:1-2.

3

without basis and misrepresents the decisions and discussions at the pretrial conference held on May 31, 2006.[5] Fairchild itself advised the Court at the pre-trial conference in May 2006 that there were three reasons to extend the damages discovery deadline: (1) the ensuing deposition on the "manufacturing" issue involving the FSD210HD product, (2) the ensuing deposition of Mr. Lum regarding the importation of accused products, and (3) the anticipated restated earnings.[6] Some but not all of the discovery was had: Power Integrations has not yet produced its restated earnings because they are not yet ready;[7] Mr. Lum's deposition was completed; while Fairchild's production of documents and a 30(b)(6) witness on the manufacturing issue involving the FSD210HD was wholly inadequate and is/will be the subject of a separate motion to compel.[8]

      Despite Fairchild's stonewalling on their production of evidence on the FSD219HD manufacturing issues, Power Integrations timely and properly presented its short (ten page) Summary Report on damages prepared by Mr. Troxel, plus tables, that took into account the Court's ruling, the setting of the trial date, and damages-related discovery that occurred after Mr. Troxel's initial expert report. There are no "new theories" in the Summary Report. It merely takes account of new factual information relevant to issues raised in the initial expert reports and updates for trial the various tables that had been previously prepared, as is proper and necessary. Mr. Troxel's Summary Report was timely provided to Fairchild – who will take Mr. Troxel's deposition, and then have time to provide a responsive supplemental report, and present Dr. Keeley for his own deposition. Fairchild will not be prejudiced by the Troxel Summary Report. Accordingly, Fairchild's motion to strike should be denied.

---

[5] Motion to Strike, at page 1.
[6] Marsden Decl. ¶ 7, Exh. F at 6:9 – 7:17.
[7] Marsden Decl. ¶ 8, Exh. G.
[8] *See* Motion to Strike, Exh. J; Marsden Decl. ¶ 16-17, Exhs. O-P.

## II.  SUMMARY OF ARGUMENTS

• Fairchild says Power Integrations ignores the Court's order that all damages calculations be based on conditions occurring on or after the October 20, 2004 notice date. But Power Integrations sought reconsideration of this ruling by its letter to the Court of June 16, 2006. [D.I. 275] It therefore has properly provided alternative calculations – one based on conditions occurring on or after that date, the other relying on conditions before that date – so that its expert could opine appropriately whatever the Court's decision on that motion.

• Fairchild says Power Integrations improperly changed the period over which it seeks future lost profits. But the trial date is now set for October 2006. Mr. Troxel merely adjusted his four year period for future damages to start at the close of trial rather than the date of his initial damages report – a period of about ten months. Thus, Power Integrations reasonably adjusted the period over which these damages accrue by about ten months.

• Fairchild says Power Integrations improperly seeks damages on "worldwide sales." But Fairchild's motion for summary judgment on this very issue [D.I. 218] was denied by the Court's order of June 2, 2006. Power Integrations will demonstrate at trial that these so-called "worldwide sales" are in fact sales and imports in the U.S. Mr. Troxel is therefore justified in relying upon these sales in his Summary Report; indeed, he was required to do so in order to preserve the issue for trial.

• Fairchild says that Power Integrations improperly "opines" on a pending ITC investigation. In fact, Fairchild's expert relied upon this investigation, and publicly available rulings in that case which have since demonstrated that his reliance was misplaced.[9] Mr. Troxel should be permitted to acknowledge the actual outcome of the ITC investigation which was contrary to what Dr. Keeley opined in his original report.

---

[9]  Marsden Decl. ¶ 24, Exh. W at page 40.

5

- Fairchild says that Mr. Troxel's previously prepared supplemental report of April 26, 2006 ("April Report")[10] is "inappropriate" and it, as well as the Summary Report, should be stricken. But Mr. Troxel's April Report merely updated Mr. Troxel's original report to reflect facts about product imports obtained by Mr. Lum and Fairchild's own deposition of analyst Shawn Slayton of S.G. Cowen Co., taken after Mr. Troxel's original report was filed. Mr. Troxel's Summary Report further updates the April Report with additional new facts – all relating to the issues raised in Mr. Troxel's original report – including more information from Mr. Lum, whose deposition was held after the pre-trial conference. There is no basis to exclude this relevant, later-arising evidence.

- Fairchild claims that Mr. Troxel cannot base his damages calculation on the manufacture and sales of the FSD210HD because it is not an "accused device." But Power Integrations has identified the FSD210 family as among the accused products[11] and Fairchild has acknowledged, in interrogatory responses and letters,[12] that the FSD210HD is an accused device. It is Fairchild who concealed the fact of U.S. manufacture of the FSD210HD until May 2006.[13] Fairchild cannot now conveniently hide the FSD210HD – which was manufactured in both the U.S. and abroad in large numbers – even if Power Integrations failed to specify it per se as one of the particular versions of the accused FSD210H products.[14] Fairchild's untimely recent admission, by interrogatory response dated June 6, 2006 that 2.73 million FSD210HD die were manufactured within the U.S. (which contradicts an earlier representation that the part was not manufactured in the U.S.), alone fully justifies Mr. Troxel's adjustment to his damages calculations to include these sales.

---

[10] Mr. Troxel's original report was provided January 31, 2006. He also provided a supplemental report on April 26, 2006 (Motion to Strike, Exh. D), in addition to his Summary Report of August 8, 2006.
[11] *See* Power Integrations' interrogatories and responses to interrogatories, Motion to Strike Exh. M at ¶ 12, Exh. K at page 4.
[12] Marsden Decl. ¶ 9-12, Exh. H-J.
[13] Marsden Decl. ¶ 7, Exh. F at 9:5-23; Marsden Decl. ¶ 14-15, Exhs. M-N.
[14] Marsden Decl. ¶ 12-13, Exh. K-L.

**III.    ARGUMENT**

Power Integrations has complied with all of its duties and responsibilities in disclosing the opinions of its damages expert, Mr. Richard Troxel. The Summary Report at issue here was timely provided prior to the close of damages discovery and Mr. Troxel will be deposed on August 25, 2006. The Summary Report properly updated Mr. Troxel's previously prepared tables to account for the scheduling of the trial and the U.S. manufacturing data for the FSD210HD. It properly updated statements about accused products imported into the U.S. (in light of additional facts from Mr. Lum) and the Power Integrations case against System General (in light of the ITC's recent ruling). Fairchild's damages expert will have the opportunity to provide a responsive supplemental report on September 1, 2006, and sit for deposition the following week. Thus, Fairchild will not be prejudiced by the Summary Report of Mr. Troxel. There is, accordingly, no basis to strike any portion of Mr. Troxel's April Report or his Summary Report of August 2006, and Fairchild's Motion to Strike should be denied in its entirety.

    **A.    Power Integrations Properly Seeks Damages for Recently Disclosed U.S. Manufacture of the FSD210HD, Which is an Accused Product**

After Power Integrations first raised questions in April 2006, Fairchild reluctantly admitted, in May, that FSD210HD die were manufactured in the U.S. (Marsden Decl. ¶ 9, Exh. H.) Power Integrations has been vigorously pursuing discovery on this issue ever since. (Motion to Strike, Exh. J; Marsden Decl. ¶ 14-17, 25, Exh. M-P, X.) It is critical, however, to Fairchild's strategy of denying that anything relevant occurs in the U.S. that the jury never hear about the FSD210HD. Fairchild – while initially acknowledging the FSD210HD as an accused device – has recently seized upon Power Integrations' failure to list this particular sales designation suffix in its interrogatory papers and technical expert reports, and claims that the device is not therefore "accused". To credit Fairchild's argument as even semantic would be charitable. There is absolutely no difference between the FSD210HD and any other member of the FSD210 family that is relevant to

7

this case, and Fairchild itself realizes, and has acknowledged, that the FSD210HD is an accused device.

First and foremost, Power Integrations did identify the FSD210 as among the accused devices in this case. It did so in its definition of the accused devices provided with its interrogatories, (Motion to Strike Exh. M at ¶ 12), and in its interrogatory responses, (Exh. K at 4.) Its expert, Mr. Blauschild, identified the FSD210 family of products, as well as the FSD210H subgroup in that family. (Motion to Strike, Exh. P at 3.) Counsel for Power Integrations also specifically identified the FSD210HD as an accused device by letter dated July 13, 2006. (Marsden Decl. ¶ 19, Exh. R.)

Fairchild has also treated the FSD210HD as an accused device. It identified the FSD210HD as an accused device in its interrogatory responses. (Motion to Strike, Exh. N at 12.) It also initially characterized the FSD210HD as an accused product in its letters. For example, it admitted, by letter of May 23, 2006, that 2.73 million FSD210HD die "but no other accused products" were manufactured in the U.S., in Maine. (Marsden Decl. ¶ 9, Exh. H.) As late as June 30, 2006, Fairchild referred to documents concerning the manufacture of the FSD210HD as "documents concerning the accused devices manufactured in Maine." (Marsden Decl. ¶ 10, Exh. I.) In addition, on June 6, 2006, Fairchild updated its response to Power Integrations' interrogatory number 8, which calls for the identification of entities involved in the manufacture of the "Accused Products." Fairchild responded by acknowledging the manufacture in the U.S. of 2.73 million FSD210HD die. (Marsden Decl. ¶ 11, Exh. J.) In the face of these admissions, it is incredible that Fairchild now claims the FSD210HD is not an accused device and seeks to strike portions of Mr. Troxel's Summary Report concerning same.

Similar inconsistency pervades Fairchild's assertions regarding discovery on the FSD210HD. On the one hand, in a recent 30(b)(6) deposition on the subject of Fairchild's manufacturing and sales of the FSD210HD in the U.S., Fairchild failed to produce a witness prepared to fully testify on the device. (Marsden Decl. ¶ 16-17, Exh.

8

O-P.)  At the same time, in its Motion to Strike, Fairchild claims that the FSD210HD was "fully disclosed by Fairchild," but then almost immediately states that "no discovery of the FSD210HD schematics, datasheets, or other technical information has occurred." (Motion to Strike at 2.)

Puzzled by these contradictory statements, and given the presence of FSD210HD technical documents in Fairchild's production, counsel for Power Integrations asked counsel for Fairchild to confirm whether there were, in fact, additional technical documents for the FSD210HD – including specifically a datasheet or set of schematics specific to the FSD210HD – and whether the FSD210HD is different from the FSD210 in any way relevant to the parties' infringement positions.  (Marsden Decl. ¶ 12, Exh. K.) Counsel for Fairchild responded only to reiterate its assertion that the FSD210HD is not an accused device.  (Marsden Decl. ¶ 13, Exh. L.)  That, in Power Integrations' view, answers the question.

In fact, the documents that have been produced support only one conclusion: that the FSD201HD is a version of the FSD210H, which in turn is within the accused FSD210 family of devices.  Therefore, the FSD210HD is and always has been accused of infringing all four patents in suit.

First, there is no dispute that all chips made using Fairchild's SDG4 process are accused of infringing the '075 patent.  (Marsden Decl. ¶ 18, Exh. Q at 1-3.)  The FSD210HD was and is made using the SDG4 process; indeed, the FSD210HD was the very part used to qualify the SDG4 process in Portland, Maine when the process was transferred there from Korea in 2005.  (Marsden Decl. ¶ 20, Exh. S at 44:9-45:14; 78:15-79:3; 100:25-101:9; 108:7-11; 108:24-109:5; 118:6-19; 126:8-127:9.)  Publicly available engineering change notifications[15] likewise identify the FSD210HD as the part that was

---

[15] Google is a useful tool.  Power Integrations got these documents off of the internet, because Fairchild has to send them to its customers.  Fairchild produced only one of these documents in this case.

9

used to qualify the SDG4 process in the U.S. (Marsden Decl. ¶ 21, Exh. T.) Thus, there has never been any question that the FSD210HD is accused of infringing the '075 patent.

      Second, Fairchild's own documents also show the FSD210HD is merely a particular version of the FSD210H. An internal Fairchild document that relates to the SDG4 transfer implicitly treats the FSD210HD as an FSD210H product. (Marsden Decl. ¶ 22, Exh. U.) This internal Fairchild document lists products to be used to qualify the new or revised process and notes that FSIDs must match the PeopleSoft system. *Id.* Under the heading of "FSID," the entry reads "FSD210H" – even though there is no dispute that the part being referred to was specifically the FSD210HD. *Id.* Other documents make explicit that the FSD210HD is simply the "D version" of the FSD210H. (Marsden Decl. ¶ 23, Exh. V.) The first page of this R&D Specification (FCS 103135) explicitly indicates that the sales code FSD210HD is the "D version" of the FSD210, as does the explanation of marking layouts on pages FCS 103141-42: "FSD210HD (D version); Sales Code: FSD210HD." In fact, this document shows that the entire FSD210 family shares the same R&D specification, which is one of the reasons that Power Integrations accused the entire FSD210 family, regardless of the suffix of the products in that family.

      Power Integrations' expert provided opinions specific to the products for which Fairchild produced specific datasheets and/or schematics, including the FSD210 and FSD210H. (Motion to Strike, Exh. J.) Because Fairchild has not produced a datasheet or schematic for the FSD210HD, and none appears to exist, Power Integrations' technical expert did not separately call out the "D" version of the FSD210H part. But the FSD210HD is clearly an accused device. For that reason, and because Fairchild did not disclose until May 23, 2006 that it manufactured and sold over 2.7 million FSD210HD die in the U.S., Mr. Troxel should be permitted to update his damages calculations to account for these sales.

### B. Mr. Troxel Properly Provided Alternative Calculations in Light of the Court's Marking Order and Power Integrations' Motion for Reconsideration of that Order

Mr. Troxel has included calculations in his Summary Report that, according to the Court's order, do not use any pre-October 20, 2004 data in any way. However, Power Integrations has moved for reconsideration of the Court's ruling on this point [D.I. 275]. Because it is possible that the Court will reverse its decision, Mr. Troxel also included calculations that rely upon pre-October 20, 2004 price decreases to assess the quantum of damages occurring after October 20, 2004. There is nothing improper about the presentation of such alternatives. Indeed, the disclosure of these alternatives is necessary to ensure that Mr. Troxel will be able to opine in accordance with whatever the Court's final decision is on this issue.

### C. Mr. Troxel's Adjustments to His Calculations to Reflect the Setting of the Trial Date Are Fair

Mr. Troxel has always included a future price erosion period of four years from trial in his damage calculations. His original report was based on a trial date in December 2005, and thus calculated those damages post December 2005. In preparation for trial, and because we now know the trial dates, Mr. Troxel updated the period over which future price erosion damages accrue by taking the same four year period and applying that to the current trial schedule, which is set to be completed in December 2006. Mr. Troxel also estimated the Fairchild sales numbers for 2006 since Fairchild failed to provide actual updated sales numbers. Fairchild's damage expert Dr. Keeley has full opportunity to thoroughly review and comment on Mr. Troxel's calculations in his own supplemental report due September 1, 2006, and in his deposition thereafter. There is no inconsistency in Mr. Troxel's damage calculations, no prejudice to Fairchild, and no basis for striking the calculations from Mr. Troxel's Summary Report.

### D. Mr. Troxel Properly Opined on the Basis of Worldwide Sales, as that Issue was Not Resolved on Summary Judgment

Mr. Troxel calculated damages based on "worldwide sales" because Power Integrations maintains that these sales are properly accounted for as U.S. sales and/or indicative of a percentage of U.S. imports. Indeed, Fairchild's motion for summary judgment on this very issue [D.I. 218] was denied by the Court's order of June 2, 2006. Although Fairchild may argue otherwise at trial, Power Integrations expects to demonstrate that these so-called "worldwide sales" are in fact sales made in the U.S., because employees in Portland, Maine approve and direct the relevant activities. Worldwide sales numbers can also be used to calculate a percentage of imports to the U.S. The jury may disagree, but it is entirely appropriate for Mr. Troxel to rely upon these sales in his Summary Report in order to preserve the ability to present these calculations at trial.

### E. Mr. Troxel Should be Permitted to Take Account of the ITC Ruling in Power Integrations' case against System General

Fairchild seeks to strike the three paragraphs of Mr. Troxel's Summary Report that refer to the ITC's decision of June 30, 2006, determining that System General's power supply controllers infringe several of Power Integrations' patents. Mr. Troxel expresses the opinion, based on this recent outcome, that System Generals' power supplies cannot be considered non-infringing substitutes. He does so because Fairchild's expert, Dr. Keeley, had opined that "System General should not have been excluded as a potential competitor, as its products have not been proven to be infringing the patents in-suit and thus cannot be assumed out of the market." (Marsden Decl. ¶ 24, Exh. W.) Mr. Troxel should be permitted to acknowledge the actual outcome in the ITC and state his contrary opinion. (*See* Marsden Decl. ¶ 25, Exh. X.)

### F.      Mr. Troxel Properly Provided Supplemental Reports Reflecting Newly Disclosed Information and Rulings in the Case

Rule 26(e) provides that "[a] party is under a duty to supplement at appropriate intervals its disclosures under [Rule 26(a)] if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  FRCP 26(e)(1).  Indeed, Rule 37 provides sanctions for those who do not comply with the supplementation requirements of Rule 26(e) and "is designed to provide a strong inducement for disclosure of Rule 26(a) material."  *Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153, 156 (3d Cir. 1995) (internal quotations omitted).

In short, in order to introduce any updated damages calculations at trial or newly discovered facts affecting the damages opinions, without prejudice to Fairchild, Power Integrations would arguably have a duty to timely supplement its expert damages report, (within the schedule set by the Court, to consider new information or rulings.)  *Philips Elec. N. America Corp. v. Contec Corp.,* C.A. No. 02-123-KAJ, 2005 WL552509 at *5 (D. Del. 2005) ("It was [defendant's] obligation … to supplement its expert report if its view of the damages issue was somehow changed by my ruling.").

The touchstone for determining whether to exclude allegedly untimely expert reports is whether the party opposing their admission is prejudiced.  *See Chase Manhattan Mortgage Corp. v. Advanta Corp.*, C.A. No. 01-507, 2004 WL 422681 at *10 (KAJ) (D.Del. 2004) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir.1994)).  Supplementation of an expert report after the due date is not in and of itself prejudicial.  (*Id.*) (finding no prejudice due to supplemental reports filed after the deadline for submission of expert reports where the opposing party had ample opportunity to depose the experts about the supplemental reports); c.f. *Praxair, Inc. v. ATMI, Inc.,* 231 F.R.D. 457, 463-64 (D. Del. 2005) (finding prejudice due to supplemental report filed close to a month after the close of expert discovery and one

13

month before trial, where the scheduling order did not allow for such supplementation and there was no justification for the delay).

Here, Power Integrations has timely supplemented its original expert report – prior to the close of damage discovery on August 18, 2006 – to address additional discovery, including production of reports and data, and the depositions of Mr. Lum and Fairchild, and rulings that occurred since the original report was served on January 31, 2006. In particular, Mr. Troxel updated his original report in light of new information made available in this case, including new information about U.S. manufacture of the FSD210HD, a new ruling in Power Integrations' ITC action against System General, and new facts relating to the presence of accused parts in the U.S. uncovered by Mr. Lum. Mr. Troxel's April Report similarly updated his original report to reflect then new information from Mr. Lum, and Fairchild's own deposition of Mr. Shawn Slayton, taken after Mr. Troxel's original report was filed. Power Integrations is also presenting its damages expert for further deposition, by stipulation of the parties, on August 25, 2006.

Thus, Power Integrations has complied with all of its duties and responsibilities in disclosing and updating the opinions of its damages expert, Mr. Richard Troxel. Fairchild will, moreover, be permitted to further depose Mr. Troxel and to file its own responsive supplemental report. Accordingly, Fairchild will not be prejudiced by any of the disclosures in Mr. Troxel's reports, which should therefore not be stricken.

## IV.    CONCLUSION

For the reasons discussed herein, Fairchild's Motion for Protective Order should be denied as moot and Fairchild's Motion to Strike should be denied in its entirety.

Dated: August 18, 2006					FISH & RICHARDSON P.C.


							By:	*/s/ William J. Marsden, Jr.*
								William J. Marsden, Jr. (#2247)
								Sean P. Hayes (#4413)
								919 N. Market Street, Suite 1100
								P.O. Box 1114
								Wilmington, DE  19899-1114
								Telephone: (302) 652-5070
								Facsimile:  (302) 652-0607

								Frank E. Scherkenbach
								225 Franklin Street
								Boston, MA 02110-2804
								Telephone: (617) 542-5070
								Facsimile:  (617) 542-8906

								Howard G. Pollack
								David J. Miclean
								Michael R. Headley
								500 Arguello Street, Suite 500
								Redwood City, CA  94063
								Telephone: (650) 839-5070
								Facsimile:  (650) 839-5071


								Attorneys for Plaintiff
								POWER INTEGRATIONS, INC.

50366902.doc

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2006, I served by hand and electronically filed with the Clerk of Court POWER INTEGRATIONS' COMBINED RESPONSE TO (A) DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF MICHAEL C. KEELEY, REBUTTAL EXPERT REPORT ON DAMAGES, AND CONTINUATION OF DAMAGES TRIAL, AND (B) DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL REPORT ON DAMAGES using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendant-Counterclaimant<br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR CORPORATION |

I hereby certify that on August 18, 2006, I have mailed by email and Federal Express, the document(s) to the following non-registered participants:

| | |
|---|---|
| G. Hopkins Guy, III<br>Bas de Blank<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR CORPORATION |

  /s/ William J. Marsden, Jr.  
  William J. Marsden, Jr.

50366902.doc