IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC. and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF BAS DE BLANK IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING
DEPOSITION OF MICHAEL C. KEELEY, REBUTTAL EXPERT REPORT
ON DAMAGES, AND CONTINUATION OF DAMAGES TRIAL**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants Fairchild
Semiconductor International, Inc.
and Fairchild Semiconductor Corp.*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: August 18, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a Delaware
corporation,

Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION,
a Delaware corporation,

Defendants.

**REDACTED PUBLIC VERSION**

C.A. No. 04-1371-JJF

## DECLARATION OF BAS DE BLANK IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE DEPOSITION OF MICHAEL C. KEELEY, REBUTTAL EXPERT REPORT ON DAMAGES, AND CONTINUATION OF DAMAGES TRIAL

I, Bas de Blank, the undersigned, declare as follows:

I am an attorney with the firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild"). I am admitted to the Bar of the State of California. I make this declaration in support of Defendants' Motion For Protective Order Re Deposition Of Michael C. Keeley, Rebuttal Expert Report On Damages, And Continuation Of Damages Trial. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

## PI's Restatement Of Its Financial Reports And Associated Events

1.    Attached hereto as Exhibit 1 are true and correct copies of portions of the original damages expert report of Richard Troxel, Power Integration, Inc.'s ("PI") damages expert.

2.    Attached hereto as Exhibit 2 is a true and correct copy of a March 13, 2006, PI press release announcing that it would delay filing its 2005 annual report to "allow for the

completion on an ongoing internal investigation" by a "special committee" related to PI's stock option practices. PI never informed Fairchild of this "ongoing" investigation. Fairchild learned of this through PI's press releases.

3.     Attached hereto as Exhibit 3 are true and correct copies of portions of the transcript of the March 15, 2006 deposition of PI's CEO, Mr. Balu Balakrishnan.

4.     Attached hereto as Exhibit 4 are true and correct copies of portions of the March 17, 2006 damages report of Dr. Michael Keeley, Fairchild's damages expert. This rebuttal report was prepared at great expense to Fairchild.

5.     Attached hereto as Exhibit 5 is a true and correct copy of a March 17, 2006 PI press release stating that PI received a Staff Determination from the NASDAQ indicating that it may be delisted because of its failure to file its annual reports. PI did not inform Fairchild of this development.

6.     On April 27, 2006, Fairchild began the deposition of PI's damages expert, Mr. Troxel. PI did not at that time alert Fairchild to the fact that its financial figures were in question.

7.     Attached hereto as Exhibit 6 is a true and correct copy of a PI release stating that on May 2, 2006, NASDAQ granted PI's request for continued listing on three conditions—that PI (i) provide NASDAQ with information regarding the final results of the investigation by the Special Committee on or before June 7, 2006, (ii) file its Form 10-K for the year ended December 31, 2005 and all required restatements on or before July 12, 2006, and (iii) file its Form 10-Q for the quarter ended March 31, 2006 on or before August 2, 2006. The press release also states that PI's CFO and the Chairmen of its Board had resigned. PI did not inform Fairchild of these developments or provide Fairchild with any indication that the damages discovery PI had produced and upon which both parties were relying was inaccurate.

8.     Attached hereto as Exhibit 7 is a true and correct copy of PI's May 9, 2006 Form 8-K, filed with the Securities and Exchange Commission stating that "material weaknesses" in its internal controls over financial reporting would require it to report "material" additional charges

and that the company would likely have to restate historical financial statements since 1999. PI stated that this would decrease both net income and income from operations. PI did not inform Fairchild of these developments. Fairchild learned of these developments from reviewing PI's press releases.

9.     Attached hereto as Exhibit 8 is a true and correct copy of PI's May 24, 2006 Form 8-K, filed with the Securities and Exchange Commission. The document states that on May 23, 2006, the U.S. Department of Justice issued a grand jury subpoena to PI "requesting that the Company produce documents relating to the granting of stock options from 1995 through the present." The document states that PI would "fully cooperate" with this subpoena. The document announces that PI was the subject of an investigation by the Securities and Exchange Commission and states that PI would cooperate with the SEC.

10.     Attached hereto as Exhibit 9 is a true and correct copy of a May 26, 2006 Form 8-K and press release stating that PI will (i) complete its internal investigation by June 7, 2006, (ii) complete its restatement of its historical financial reports by July 12, 2006, and (iii) complete its first quarter, 2006 by August 2, 2006.

11.     Fairchild raised its concerns about the admitted unreliability of PI's financial reports during the parties' May 31, 2006 pretrial hearing. [DI 282 at pp. 6:23-8:8, 10:8-13:14, 18:18-20:5, 49:3-51:8] At that time, PI objected that its internal investigation and the resulting material changes to its financial reports were not "relevant." [*Id.* at p. 10:8-14] The Court dismissed PI's objections, however, and continued damages discovery on this issue. Specifically, the Court ordered, PI to provide written discovery and allowed Fairchild to take deposition testimony on the matter. [*Id.* at pp. 19:12-18, 49:3-51:8] PI agreed to do so, and based on PI's representation that all of its restated and final financial figures would be available by August 2, 2006, Fairchild agreed to an August 18, 2006 close of damages discovery. [*Id.* at pp. 49:3-51:8]

- 3 -

12.    Attached hereto as Exhibit 10 is a true and correct copy of a June 8, 2006 letter from Fairchild to PI asking to schedule depositions and reminding PI to provide the June 7, 2006 results of its internal investigation.

13.    PI did not produce the results of any internal investigation.  Attached hereto as Exhibit 11 is a true and correct copy of a June 22, 2006 letter, from PI to Fairchild, in which PI refuses to provide any discovery until after it provided Fairchild with its restated annual reports and repeating its commitment to provide information by July 12, 2006 and to produce additional discovery, if necessary, once Fairchild had an opportunity to review PI's restated financial reports.

14.    Attached hereto as Exhibit 12 is a true and correct copy of a July 10, 2006 PI press release announcing that PI had requested and received an extension from the NASDAQ and would not provide reports to the NASDAQ until August 2, 2006.

15.    PI never requested nor received any extension by Fairchild regarding production of financial reports and did not inform Fairchild that it had sought an extension from the NASDAQ or that this extension may impact PI's discovery obligations to Fairchild.

16.    Attached hereto as Exhibit 13 is a true and correct copy of a July 11, 2006 letter from Fairchild to PI, objecting to PI's continued delay in providing the Court ordered discovery.

17.    Attached hereto as Exhibit 14 is a true and correct copy of a July 12, 2006 letter from PI to Fairchild, agreeing to a one-week extension of discovery and acknowledging that PI would provide all of its restated financial reports and its first quarter, 2006 reports by August 2, 2006.

18.    Fairchild reluctantly agreed since this still provided it with over five weeks before the close of damages discovery.

19.    Attached hereto as Exhibit 15 is a true and correct copy of a July 31, 2006 PI press release and August 1, 2006 Form 8-K announcing that PI would not complete its restatements by the August 2 deadline and stating that NASDAQ delisted PI's shares from the

- 4 -

NASDAQ Global Market. PI did not provide the press release to Fairchild or otherwise inform Fairchild of these developments.

20.     PI did not provide Fairchild with restated financial reports or any other discovery on August 2, 2006. Attached hereto as Exhibit 16 is a true and correct copy of an August 2, 2006 letter from Fairchild to PI inquiring as to the status of discovery.

21.     Fairchild received no response to the August 2 letter. Therefore, I raised and discussed this issue with PI's counsel in person on August 3, 2006. At that time, PI's counsel suggested that Fairchild would receive the restated financial reports "shortly," but did not provide a firm date by which the work would be completed.

22.     Attached hereto as Exhibit 17 is a true and correct copy of an August 3, 2006 letter from PI to Fairchild, refusing to produce certain material in its possession regarding restatement of its financial reports.

23.     On August 3, 2006 Fairchild filed a motion to compel discovery related to PI's restatement of its financial report and to continue the damages trial. This motion can be found at DI 304.

**PI's Belated Revision Of Its Expert Report**

24.     Attached hereto as Exhibit 18 is a true and correct copy of a July 26, 2006 email from PI's counsel indicating for the first time that PI's damages expert, Mr. Troxel, would supplement his report on August 8, 2006.

25.     Attached hereto as Exhibit 19 is a true and correct copy of an August 1, 2006 letter from Fairchild to PI requesting that PI explain the basis for its supplemental damages report.

26.     Attached hereto as Exhibit 20 is a true and correct copy of an August 3, 2006 letter from PI to Fairchild stating that Mr. Troxel would supplement his report "based on new information, including Fairchild's U.S. manufacturing, the topics of his April Supplemental Report, and the Court's orders."

OHS West:260070685.1
10414-25 GMR/GMR

27.    Attached hereto as Exhibit 21 is a true and correct copy of the August 8, 2006 revised "Summary Report on Damages" by Mr. Troxel, without exhibits.

28.    Attached hereto as Exhibit 22 are true and correct copies of portions of the rough transcript of the August 3, 2006 deposition of Fairchild's 30(b)(6) witness, Mr. Ronald Dupois.

29.    The REDACTED product has not been accused of infringement by PI or its experts. True and correct copies of exemplary documents establishing this fact are attached hereto as Exhibit 23.

30.    Attached hereto as Exhibit 24 are true and correct copies of portions of Fairchild's responses to interrogatories, served on August 30, 2005.

31.    Attached hereto as Exhibit 25 are true and correct copies of portions of the transcript of the April 27, 2006 deposition of Mr. Troxel.

**PI's Demand For Dr. Keeley's Rebuttal Report And Deposition**

32.    Attached hereto as Exhibit 26 is a true and correct copy of an August 3, 2006 letter from PI to Fairchild demanding that by August 16 Fairchild submit Dr. Keeley's rebuttal report to Mr. Troxel's August 8 revised report.

33.    Attached hereto as Exhibit 27 is a true and correct copy of the subpoena and notice of deposition to Dr. Keeley, noticing the deposition for August 25, 2006.

34.    Attached hereto as Exhibit 28 is a true and correct copy of an August 7, 2006 letter from Fairchild to PI informing PI that it has no right to submit any revised expert report, requesting that PI provide critical damages discovery and requesting that PI withdraw its subpoena to Dr. Keeley and work with Fairchild to reasonably schedule Dr. Keeley's rebuttal report and deposition.

35.    Attached hereto as Exhibit 29 is a true and correct copy of an August 8, 2006 letter from PI to Fairchild refusing to agree to any of the foregoing.

36.    Attached hereto as Exhibit 30 are true and correct copies of portions of PI's responses to interrogatories, served on September 30, 2005.

- 6 -

I declare the foregoing is true and correct under penalty of perjury under the laws of the United States of America.

Executed on August 11, 2006 in Menlo Park, California.

_____

Bas de Blank

ORRICK, HERRINGTON & SUTCLIFFE LLP

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2006, the attached **REDACTED PUBLIC VERSION OF DECLARATION OF BAS DE BLANK IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF MICHAEL C. KEELEY, REBUTTAL EXPERT REPORT ON DAMAGES, AND CONTINUATION OF DAMAGES TRIAL** was served upon the below-named counsel of record at the address and in the manner indicated:

William J. Marsden, Jr., Esquire                           <u>HAND DELIVERY</u>
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
Wilmington, DE  19801

Frank E. Scherkenbach, Esquire                            <u>VIA FEDERAL EXPRESS</u>
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Michael Kane, Esquire                                     <u>VIA FEDERAL EXPRESS</u>
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN  55402

Howard G. Pollack, Esquire                                <u>VIA FEDERAL EXPRESS</u>
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon