# EXHIBIT 15

# EXHIBIT 15

# POWER INTEGRATIONS INC

## FORM 8-K
### (Current report filing)

## Filed 8/1/2006 For Period Ending 7/31/2006

| | |
|---|---|
| Address | 5245 HELLYER AVE |
| | SAN JOSE, California 95138 |
| Telephone | 408-414-9200 |
| CIK | 0000833640 |
| Industry | Semiconductors |
| Sector | Technology |
| Fiscal Year | 12/31 |

Powered By EDGAR Online
http://www.edgar-online.com/
© Copyright 2006. All Rights Reserved.
Distribution and use of this document restricted under EDGAR Online's Terms of Use.

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, DC 20549

---

## FORM 8-K

---

### CURRENT REPORT
### PURSUANT TO SECTION 13 OR 15(d) OF
### THE SECURITIES EXCHANGE ACT OF 1934

**Date of Report (Date of earliest event reported): July 31, 2006**

---

# Power Integrations, Inc.
(Exact name of Registrant as specified in its charter)

---

| **Delaware** | **000-23441** | **94-3065014** |
|:---:|:---:|:---:|
| (State or other jurisdiction of incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

**5245 Hellyer Avenue**
**San Jose, California 95138-1002**
(Address of principal executive offices)

**(408) 414-9200**
(Registrant's telephone number, including area code)

---

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (see General Instruction A.2. below):

☐   Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐   Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐   Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐   Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

**Item 3.01. Notice of Delisting or Failure to Satisfy a Continued Listing Rule or Standard; Transfer of Listing.**

On July 31, 2006, Power Integrations formally notified The Nasdaq Stock Market that it would not be able to file with the Securities and Exchange Commission its Annual Report on Form 10-K for its fiscal year ended December 31, 2005, and its Quarterly Report on Form 10-Q for the first quarter of 2006, by August 2, 2006, as required to continue its listing on the Nasdaq Global Market. The failure originally to timely file these documents with the SEC was a violation of Marketplace Rule 4310(c)(14). The Nasdaq Stock Market had granted Power Integrations an extension to file these documents with the Securities and Exchange Commission until August 2, 2006.

On July 31, 2006, The Nasdaq Stock Market notified Power Integrations that its common stock will be delisted from the Nasdaq Global Market at the opening of the market on August 2, 2006.

Power Integrations announced the impending delisting by press release on July 31, 2006. A copy of the press release is attached as Exhibit 99.1 to this Current Report on Form 8-K.

**Item 7.01 Regulation FD Disclosure.**

On July 31, 2006, the Board of Power Integrations approved the ability of one of its investors to acquire beneficial ownership of Power Integrations' common stock in excess of 15%, to up to 20%, without triggering the provisions of Power Integrations' Rights Agreement (commonly known as a poison pill). There is no assurance that this investor will actually purchase any additional securities.

**Item 9.01 Financial Statements and Exhibits.**

| Exhibit No. | Description |
|---|---|
| 99.1 | Press Release, dated July 31, 2006, Announcing the Impending Delisting of Power Integrations' Common Stock From the Nasdaq Global Market. |

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

Power Integrations, Inc.

By:     /s/ Balu Balakrishman
Name: Balu Balakrishman
Title:   President and Chief Executive Officer

Dated: August 1, 2006

## EXHIBIT INDEX

| Exhibit No. | Description |
| --- | --- |
| 99.1 | Press Release, dated July 31, 2006, Announcing the Impending Delisting of Power Integrations' Common Stock From the Nasdaq Global Market. |

Exhibit 99.1

### Power Integrations Expects Shares to Be Delisted from Nasdaq

### Company to Host Conference Call Today to Discuss Listing Status, Preliminary Second-Quarter Financial Results and Business Outlook

SAN JOSE, Calif.—(BUSINESS WIRE)—July 31, 2006—Power Integrations (Nasdaq: POWI - News ) today announced that it has informed Nasdaq that it does not expect to become current in its SEC filings by the previously announced deadline of August 2, 2006. As a result, the company has been notified by Nasdaq that its shares will be delisted from the Nasdaq Global Market at the opening of the market on August 2.

The company has recently been made aware of new information regarding the potential criteria for determining the accounting treatment for stock options whose grant dates may differ from the originally stated measurement dates. Also, the company has recently been advised to submit its accounting treatment to the SEC for review prior to filing its restated financials. As a result of these and other developments, the company's filings will be delayed beyond the August 2 deadline.

Under Nasdaq Rule 4802(b), the Nasdaq Listing Qualifications Panel is prohibited from allowing the company to remain listed for more than 90 days beyond the Panel's original decision to grant the company a listing extension.

The company expects its shares to begin trading on the Pink Sheets beginning on August 2, under the symbol POWI.PK. The company's shares are currently quoted on the Pink Sheets by two market makers, and additional market makers can immediately begin entering quotes. Investors wishing to trade Power Integrations stock may continue to do so through their brokers.

"We are disappointed that for reasons largely beyond our control, we will not be able to regain compliance with Nasdaq rules in time to avoid delisting," said Balu Balakrishnan, president and CEO of Power Integrations. "We have made every effort to restate our financials and file the necessary reports on a timely basis.

"We will continue doing everything within our power to complete this process as quickly as possible, and we intend to reapply for Nasdaq listing at the earliest possible time," continued Balakrishnan. "More importantly, we will remain focused on executing our strategy and growing our business, as we have done throughout this process. Our preliminary second-quarter results are proof that our business remains on track and that our financial condition is extremely strong."

Conference Call at 2:00 pm PDT Today

Power Integrations management will hold a conference call for members of the investment community today at 2:00 pm Pacific time. Company management will provide an update on its efforts to regain compliance with Nasdaq listing requirements, and will discuss its preliminary financial results for the second quarter of 2006, which are addressed in a separate press release issued this afternoon. Members of the investment community may access the call by dialing (800) 374-0113 from within the U.S. or (706) 758-9607 from abroad. A replay of the call will be available by dialing (800) 642-1687 or (706) 645-9291 and entering passcode 3902365. The call will also be available via a live and archived webcast on the "investor info" section of the company's website, www.powerint.com .

About Power Integrations

Power Integrations, Inc. is the leading supplier of high-voltage analog integrated circuits used in power conversion. The company's breakthrough integrated-circuit technology enables compact, energy-efficient power supplies in a wide range of electronic products, in both AC-DC and DC-DC applications. The company's EcoSmart ® energy-efficiency technology, which dramatically reduces energy waste, has saved consumers and businesses around the world more than an estimated $1.7 billion on their electricity bills since its introduction in 1998. For more information, visit the company's website at www.powerint.com. To receive Power Integrations news releases via e-mail, register at http://www.b2i.us/irpass.asp?BzID=1306&to=ea&s=0

Note Regarding Forward-Looking Statements

This press release contains forward-looking statements involving risk and uncertainty, and actual results could differ from those projected or implied. These forward-looking statements relate to the company's expectation that its shares will be available for trading on the Pink Sheets beginning August 2, 2006, and its intent to reapply for listing on the Nasdaq. These forward-looking statements are based on current information that is, by its nature, subject to change. Forward-looking statements are denoted by the use of such words and phrases as "expect" and "intend," and other words and phrases that look toward future events or performance. Risks that could cause these statements not to come true include the fact that the trading of the company's common stock on the Pink Sheets is outside of the company's control, and many events must occur before the company is able to reapply to have its stock traded on the Nasdaq Global Market, many of which are outside of the company's control. General risk factors associated with the company's business are explained in the company's most recent annual report on Form 10-K, filed with the SEC on March 16, 2005, and its most recent quarterly report on Form 10-Q, filed on November 7, 2005. The company is under no obligation (and expressly disclaims any obligation) to update or alter its forward-looking statements, whether as a result of new information, future events or otherwise.

# EXHIBIT 16


ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

August 2, 2006

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

Power Integrations was to have produced the Court-ordered discovery relating to Power Integrations' restatement of its financial reports no later than today. As you know, Fairchild requires this information before it deposes Mr. Balakrishnan and a 30(b)(6) witness on this issue. Further, as we have explained, based on this discovery and those depositions, Fairchild's damages experts will likely need to supplement his report.

The Court ordered this production on May 31, 2006 but Power Integrations refused to provide it. Power Integrations initially indicated that it would provide its restated financial reports on July 12, 2006 but then unilaterally refused, citing an extension it received from the NASDAQ. While this was not a legitimate excuse, Fairchild accepted Power Integrations express promise to complete this production by August 2, 2006. We do not understand why we have not received these documents.

Power Integrations' continuing failure to provide the discovery ordered by the Court severely prejudices Fairchild. If Power Integrations does not complete its production by August 3, 2006, Fairchild will have no choice but to request that the Court compel this discovery and continue the damages phase of the trial until Fairchild and its experts have had an opportunity to review it. Please confirm that Power Integrations will abide by the Court's order and provide its restated financial reports.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

US_WEST:260067225.1

# EXHIBIT 17

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
650 839-5070

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

Facsimile
650 839-5071

August 3, 2006

Web Site
www.fr.com

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Michael R. Headley
(650) 839-5139

Email
hcadley@fr.com

Re:   Power Integrations Inc. v. Fairchild Semiconductor Int'l
       USDC-D. Del. - C.A. No. 04-1371-JJF



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

I received your letter of August 1 seeking to delay the completion of damages
discovery and to put off the damages trial in this case. There is no reason for any
delay, and Power Integrations will oppose it. Power Integrations has repeatedly set
forth a schedule that allows for the completion of expert damages discovery this
month, as follows:

- Troxel Summary Report – August 8

- Keeley Summary Report – August 16

- Troxel Deposition – August 24

- Keeley Deposition – August 25

We have subpoenaed Dr. Keeley on this schedule and expect the discovery will
proceed accordingly. Mr. Troxel will supplement his report based only on new
information, including Fairchild's U.S. manufacturing activity, the topics in his April
Supplemental Report, and the Court's orders. His Supplemental Report does not
address anything related to Power Integrations earnings restatements, which is not
relevant to any of the damages issues in this case, and the vast majority of his work
will not change.

Given that Fairchild already has deposed Mr. Troxel at length and given the narrow
focus of his supplemental report, there is no reason to believe Fairchild will need five
weeks to respond as you suggest, particularly as Fairchild accepted a three week
schedule for the entire sequence of supplemental damages discovery at the May 31
pretrial conference. In particular, Fairchild has failed to explain why Dr. Keeley
requires any further information at all, let alone how any restatement of Power
Integrations' earnings with respect to stock options could possibly affect Dr. Keeley's
calculations.

FISH & RICHARDSON P.C.

Bas de Blank
August 3, 2006
Page 2


As for the host of new discovery you request in your letter, it will not be forthcoming, as there is no relevance to or need for the materials you have requested regarding the ITC (which does not provide for damages as a remedy) or matters involving the SEC. Indeed, Fairchild's last-minute request for this discovery belies the suggestion that the information is necessary for Dr. Keeley to do his work.

It is abundantly clear that Fairchild has seized on the irrelevant stock option issue as a tool for delaying trial. We are confident the Court will see through this charade, and will consider Fairchild's refusal to engage in the remaining damages discovery to be a violation of the direction it gave at the pretrial conference. If Fairchild refuses to proceed with expert damages discovery, including presenting Dr. Keeley for his first and only deposition on the current schedule, it does so at its own peril, as Power Integrations will move to preclude Fairchild from presenting any testimony from Dr. Keeley at the trial commencing October 2.

Sincerely,

Michael R. Headley

50363856.doc

# EXHIBIT 18

## Ramsey, Gabriel

**From:**  Michael Headley [Headley@fr.com]
**Sent:**  Wednesday, July 26, 2006 11:31 AM
**To:**  VanderZanden, Brian
**Cc:**  de Blank, Bas
**Subject:** RE: PI-Fairchild: documents and testimony re U.S. manufacturing, and expert damages discovery

Dear Brian,

I have yet to receive any production of the documents referenced in your e-mail regarding the Fairchild U.S. manufacturing activity Power Integrations uncovered during the course of this litigation. Fairchild's initial failure to identify this U.S.-based activity, combined with its continued delay in producing documents on the issue, presents a serious breach of Fairchild's discovery obligations, and it is significantly prejudicing Power Integrations' ability to prepare for trial and the 30(b)(6) deposition on this issue. Fairchild's lack of cooperation is also frustrating Power Integrations' damages expert's efforts to revise his report to account for these newly-discovered activities; although we had hoped to wrap up Mr. Troxel's revised damages report by next week, it is clear we will not be able to do so in light of Fairchild's continued refusal to provide the information Mr. Troxel needs to finalize his calculations. Nevertheless, we cannot allow Fairchild to use its own delay as an excuse for throwing off the trial schedule. To that end, we propose the following schedule for the completion of expert damages discovery:

August 8: service of Troxel revised report
August 16: service of Keeley revised report
August 24-25: damages expert depositions in Silicon Valley

This schedule assumes the immediate production of documents regarding Fairchild's U.S. manufacturing activity and takes into account the additional week I offered in response to Bas's earlier request for an extension for expert damages discovery.

I look forward to your response.

Sincerely,

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)

This e-mail may contain confidential and privileged information. If you received it in error, please contact the sender and delete all copies.

---

**From:** VanderZanden, Brian [mailto:bVanderZanden@orrick.com]
**Sent:** Thursday, July 20, 2006 11:08 AM
**To:** Michael Headley
**Cc:** de Blank, Bas
**Subject:** Document search for the Dupuis deposition

Michael,

I write to notify you of an error I made in the letter I sent you on Tuesday afternoon. In that letter, I erroneously stated that Fairchild hoped to produce documents responsive to the U.S. manufacturing program deposition topics no later than that same day, Tuesday, July 18. What I had intended to write was that Fairchild intends to make this production no later that

Tuesday, July 25. As Bas had previously mentioned, we do not any documents to produce at this time, however, we are currently working diligently to collect responsive documents.

I apologize for the confusion and for any inconvenience this error may have caused Power Integrations.

Regards,
Brian

**BRIAN VANDERZANDEN**
*associate*

ORRICK, HERRINGTON & SUTCLIFFE LLP

*tel* 650-614-7629
*fax* 650-614-7401
*email* bvanderzanden@orrick.com

www.orrick.com

---

IRS Circular 230 disclosure:

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

---

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit http://www.orrick.com/

8/8/2006

# EXHIBIT 19



**ORRICK**

August 1, 2006

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

***VIA FACSIMILE***

Michael R. Headley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94036

Re:   Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

We received your subpoena to Dr. Keeley. As we have explained – and as Power Integrations has appeared to agree – this deposition should proceed after Mr. Troxel's deposition is completed. Based on Power Integrations' representation during the May 31, 2006 Pre-Trial Conference that Mr. Troxel did not intend to supplement his report in response to Power Integrations' restatement of its financial reports, on June 8, 2006 we requested a date for this deposition. We have not received a response to this request. Please let us know what dates Mr. Troxel will be available for deposition.

On July 26, 2006 we learned for the first time that Mr. Troxel may supplement his expert report. Please let us know as soon as possible the topics that Mr. Troxel will supplement. While we can, perhaps, understand his need to supplement his report to address Power Integrations' restated earnings, it is not appropriate or timely for Mr. Troxel to supplement his report on other topics. Should he seek to do so, we will move to strike the report.

If, notwithstanding Fairchild's concerns, Mr. Troxel supplements his report, Dr. Keeley will require time to review the supplemental report and formulate a response. The parties had previously stipulated to Dr. Keeley's rebuttal report would be due five weeks after Mr. Troxel's initial report. Thus, if Mr. Troxel supplements his report on August 8, 2006, Dr. Keeley will endeavor to serve a rebuttal report by September 12, 2006 and the experts can thereafter be deposed.

Obviously, the parties cannot begin a trial on damages on October 2, 2006 if expert reports and depositions on this issue are continuing in late September. Unfortunately, Power Integrations' refusal to provide Fairchild with any additional damages related discovery prior to August 2, 2006 and the sudden revelation that Power Integrations' damages expert intends to supplement his report leaves no other outcome.

Therefore, Fairchild will move to postpone the damages trial unless Power Integrations confirms that Mr. Troxel will not supplement his report and that Power Integrations will provide all of the relevant damages related discovery by August 2, 2006. To be clear, this discovery



ORRICK

Michael R. Headley
August 1, 2006
Page 2

includes the restatements of Power Integrations' past financial reports, Power Integrations current quarterly reports, documents concerning Power Integrations' investigation into its restatement (including Power Integrations' responses to the subpoenas it received from the Department of Justice and the Securities and Exchange Commission) and damages related documents from the litigation between Power Integrations and Systems General before the International Trade Commission. After we have received these documents, we will likely need to schedule the deposition of Power Integrations, Mr. Balakrishnan, and possibly other individuals on these topics.

Sincerely,

Bas de Blank (ms)

cc:    William J. Marsden, Jr.
       Howard G. Pollack

# EXHIBIT 20

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

August 3, 2006

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:     Power Integrations Inc. v. Fairchild Semiconductor Int'l
        USDC-D. Del. - C.A. No. 04-1371-JJF



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

I received your letter of August 1 seeking to delay the completion of damages discovery and to put off the damages trial in this case. There is no reason for any delay, and Power Integrations will oppose it. Power Integrations has repeatedly set forth a schedule that allows for the completion of expert damages discovery this month, as follows:

- Troxel Summary Report – August 8

- Keeley Summary Report – August 16

- Troxel Deposition – August 24

- Keeley Deposition – August 25

We have subpoenaed Dr. Keeley on this schedule and expect the discovery will proceed accordingly. Mr. Troxel will supplement his report based only on new information, including Fairchild's U.S. manufacturing activity, the topics in his April Supplemental Report, and the Court's orders. His Supplemental Report does not address anything related to Power Integrations earnings restatements, which is not relevant to any of the damages issues in this case, and the vast majority of his work will not change.

Given that Fairchild already has deposed Mr. Troxel at length and given the narrow focus of his supplemental report, there is no reason to believe Fairchild will need five weeks to respond as you suggest, particularly as Fairchild accepted a three week schedule for the entire sequence of supplemental damages discovery at the May 31 pretrial conference. In particular, Fairchild has failed to explain why Dr. Keeley requires any further information at all, let alone how any restatement of Power Integrations' earnings with respect to stock options could possibly affect Dr. Keeley's calculations.

FISH & RICHARDSON P.C.

Bas de Blank
August 3, 2006
Page 2

As for the host of new discovery you request in your letter, it will not be forthcoming, as there is no relevance to or need for the materials you have requested regarding the ITC (which does not provide for damages as a remedy) or matters involving the SEC. Indeed, Fairchild's last-minute request for this discovery belies the suggestion that the information is necessary for Dr. Keeley to do his work.

It is abundantly clear that Fairchild has seized on the irrelevant stock option issue as a tool for delaying trial. We are confident the Court will see through this charade, and will consider Fairchild's refusal to engage in the remaining damages discovery to be a violation of the direction it gave at the pretrial conference. If Fairchild refuses to proceed with expert damages discovery, including presenting Dr. Keeley for his first and only deposition on the current schedule, it does so at its own peril, as Power Integrations will move to preclude Fairchild from presenting any testimony from Dr. Keeley at the trial commencing October 2.

Sincerely,

Michael R. Headley

50363856.doc

# EXHIBIT 21

# REDACTED

# EXHIBIT 22

**REDACTED**

# EXHIBIT 23

# REDACTED

# EXHIBIT 24

# REDACTED

# EXHIBIT 25

**REDACTED**

# EXHIBIT 26

08/03/2006 09:45 FAX 6508395071        FISH & RICHARDSON        ☑002

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

August 3, 2006

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:   Power Integrations Inc. v. Fairchild Semiconductor Int'l
      USDC-D. Del. - C.A. No. 04-1371-JJF



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Dear Bas:

I received your letter of August 1 seeking to delay the completion of damages discovery and to put off the damages trial in this case. There is no reason for any delay, and Power Integrations will oppose it. Power Integrations has repeatedly set forth a schedule that allows for the completion of expert damages discovery this month, as follows:

- Troxel Summary Report – August 8

- Keeley Summary Report – August 16

- Troxel Deposition – August 24

- Keeley Deposition – August 25

We have subpoenaed Dr. Keeley on this schedule and expect the discovery will proceed accordingly. Mr. Troxel will supplement his report based only on new information, including Fairchild's U.S. manufacturing activity, the topics in his April Supplemental Report, and the Court's orders. His Supplemental Report does not address anything related to Power Integrations earnings restatements, which is not relevant to any of the damages issues in this case, and the vast majority of his work will not change.

Given that Fairchild already has deposed Mr. Troxel at length and given the narrow focus of his supplemental report, there is no reason to believe Fairchild will need five weeks to respond as you suggest, particularly as Fairchild accepted a three week schedule for the entire sequence of supplemental damages discovery at the May 31 pretrial conference. In particular, Fairchild has failed to explain why Dr. Keeley requires any further information at all, let alone how any restatement of Power Integrations' earnings with respect to stock options could possibly affect Dr. Keeley's calculations.

FISH & RICHARDSON P.C.

Bas de Blank
August 3, 2006
Page 2

As for the host of new discovery you request in your letter, it will not be forthcoming, as there is no relevance to or need for the materials you have requested regarding the ITC (which does not provide for damages as a remedy) or matters involving the SEC. Indeed, Fairchild's last-minute request for this discovery belies the suggestion that the information is necessary for Dr. Keeley to do his work.

It is abundantly clear that Fairchild has seized on the irrelevant stock option issue as a tool for delaying trial. We are confident the Court will see through this charade, and will consider Fairchild's refusal to engage in the remaining damages discovery to be a violation of the direction it gave at the pretrial conference. If Fairchild refuses to proceed with expert damages discovery, including presenting Dr. Keeley for his first and only deposition on the current schedule, it does so at its own peril, as Power Integrations will move to preclude Fairchild from presenting any testimony from Dr. Keeley at the trial commencing October 2.

Sincerely,

Michael R. Headley

50363856.doc

# EXHIBIT 27

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

**VIA FACSIMILE & U.S. MAIL**

July 27, 2006

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:     Power Integrations, Inc. v. Fairchild Semiconductor International
        USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Bas:

I have not received any response to my proposal regarding a schedule for completing expert damages discovery next month, but I have enclosed a subpoena and notice of deposition for Dr. Keeley along the lines I proposed. If Fairchild does not offer Dr. Keeley for deposition on the schedule the Court provided at the May 31 pretrial conference (allowing the additional time we have offered in response to your request), we will move to preclude Dr. Keeley from testifying at trial.

Let me know if you have any questions.

Sincerely,

Michael R. Headley

/vfl

Enclosures

50362649.doc

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

<u>AO 88 (Rev. 1/94) Subpoena in a Civil Case</u>

## Issued by the
# UNITED STATES DISTRICT COURT

<u>NORTHERN</u>          DISTRICT OF          <u>CALIFORNIA</u>

POWER INTEGRATIONS, INC., a
Delaware corporation,

    Plaintiff,

    v.                                           **REVISED SUBPOENA IN A CIVIL CASE**

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware corporation, and          CASE NUMBER: [1] C.A. No. 04-1371 JJF
FAIRCHILD SEMICONDUCTOR CORPORATION,          District of Delaware
a Delaware corporation,

    Defendants.

TO:   Michael C. Keeley, Ph.D., 2290 Stockbridge Avenue, Woodside, CA 94062  Tel: (650) 368-7944
    c/o Bas de Blank, Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified in the above case.
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case. The deposition shall be recorded by stenographic, audio, and/or audiovisual means.

| PLACE OF DEPOSITION<br>FISH & RICHARDSON P.C., 500 Arguello St., Ste. 500, Redwood City, CA 94063 | DATE AND TIME<br>August 25, 2006; 9:30 a.m. |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date and time specified below (list documents or objects):

Please see Attachment A hereto

| PLACE<br>FISH & RICHARDSON P.C., 500 Arguello St., Ste. 500, Redwood City, CA 94063 | DATE AND TIME<br>August 16, 2006; 10:00 a.m. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_[signature]_<br>Attorneys for Plaintiff POWER INTEGRATIONS, INC. | DATE<br><br>July 27, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael R. Headley (SBN #220834) FISH & RICHARDSON P.C., 500 Arguello St., Ste. 500, Redwood City, CA 94063
Tel: (650) 839-5070  Fax: (650) 839-5071

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1] If action is pending in district other than district of issuance, state district under case number.

07/27/2006 13:56 FAX 6508395071          FISH & RICHARDSON                    ☑004

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|          | DATE          | PLACE                                                        |
|----------|---------------|-------------------------------------------------------------|
| SERVED   | July 27, 2006 | Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025 |

| SERVED ON (PRINT NAME): Michael C. Keeley, Ph.D., 2290 Stockbridge Avenue, Woodside, CA 94062 Tel: (650) 368-7944 c/o Bas de Blank, Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025 | MANNER OF SERVICE  Facsimile & U.S. Mail |
|---|---|
| SERVED BY (PRINT NAME)  Michael R. Headley | TITLE  Associate |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ July 27, 2006 _____
                        DATE

_Michael Headley_
SIGNATURE OF SERVER

ADDRESS OF SERVER
FISH & RICHARDSON P.C.
500 Arguello St., Ste. 500
Redwood City, CA 94063

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A**
**TO MICHAEL C. KEELEY, PH.D. SUBPOENA**

**DEFINITIONS**

1. "Keeley," "you," or "your" means Michael C. Keeley, Ph.D.

2. "Power Integrations" means Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

5. "Refer to," "Referring to," "Relate to," and "Relating to" mean concerning, constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

## DOCUMENTS REQUESTED

1. All documents that refer or relate to Power Integrations, Power Integrations' patents, Power Integrations' products, Fairchild, Fairchild's products, or this litigation.

2. All notes that refer or relate to Power Integrations, Power Integrations' patents, Power Integrations' products, Fairchild, Fairchild's products, or this litigation.

3. All documents that refer or relate to communications between you and Fairchild, including but not limited to communications with Fairchild's attorneys and any e-mail communications.

4. All documents Fairchild or its attorneys have provided to you.

5. All documents you have provided to Fairchild or its attorneys.

6. All documents considered in preparation of your expert reports and declarations in this matter.

7. Invoices or records that refer or relate to your work for Fairchild in this matter, including but not limited to invoices submitted to Fairchild and documents that refer or relate to payments by Fairchild to you.

50333949.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | |
| Plaintiff, | |
| v. | C.A. No. 04-1371-JJF |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | |
| Defendants. | |

## REVISED NOTICE OF DEPOSITION & SERVICE OF SUBPOENA TO MICHAEL C. KEELEY, PH.D.

TO:    **VIA FACSIMILE & U.S. MAIL**          **VIA FACSIMILE & U.S. MAIL**
Steven J. Balick, Esq.                      G. Hopkins Guy, III
John G. Day, Esquire                        Bas de Blank
Ashby & Geddes                              Orrick, Herrington & Sutcliffe, LLP
222 Delaware Avenue, 17th Floor             1000 Marsh Road
P. O. Box 1150                              Menlo Park, CA 94025
Wilmington, DE 19899

   **PLEASE TAKE NOTICE** that on the 27th day of July, Plaintiff Power Integrations, Inc. served the attached revised subpoena upon **Michael C. Keeley, Ph.D.**, c/o Bas de Blank, Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025.

   **PLEASE TAKE FURTHER NOTICE** that Plaintiff Power Integrations, Inc., by its counsel, will take the deposition of **Michael C. Keeley, Ph.D.**, on Friday, August 25, 2006, at 9:30 a.m., at the offices of Fish & Richardson P.C., located at 500 Arguello Street, Suite 500, Redwood City, CA 94063, or at another time and place to be set by agreement.

The deposition of **Michael C. Keeley, Ph.D.** will be taken before a notary public

or other officer authorized by law to administer oaths. All of the deposition testimony

will be recorded by stenographic, audio, and/or audiovisual means.

Dated: July 27, 2006                    FISH & RICHARDSON P.C.


By: _____

William J. Marsden, Jr. (marsden@fr.com)
Sean P. Hayes (hayes@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50362642.doc

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2006, a true and correct copy of the

attached **REVISED NOTICE OF DEPOSITION & SERVICE OF SUBPOENA TO**

**MICHAEL C. KEELEY** was caused to be served on the attorneys of record at the

following addresses as indicated:

**VIA FACSIMILE & U.S. MAIL**
Steven J. Balick, Esq.
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

Attorneys for Defendant-
Counterclaimant
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

**VIA FACSIMILE & U.S. MAIL**
G. Hopkins Guy, III
Bas de Blank
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

Michael R. Headley

50362642.doc

# EXHIBIT 28



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

August 7, 2006

*VIA FACSIMILE*

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

I write with respect to Power Integrations' failure to provide the damages discovery ordered by the Court and its proposed "schedule" for expert reports and depositions. Neither are acceptable. There is no basis for Mr. Troxel to supplement his report. Should he do so, however, Dr. Keeley will likely have to supplement his report to respond. Even should Mr. Troxel not supplement his report, Dr. Keeley will likely need to supplement his expert report once he has received Power Integrations' restated financial reports. It does not make sense for Dr. Keeley to supplement his report twice or for Power Integrations to depose Dr. Keeley before his report is complete. Therefore, please confirm that Power Integrations will either withdraw the subpoena for Dr. Keeley's August 25, 2006 deposition or, should Power Integrations insist on proceeding on that date, that Power Integrations waives its right to redepose Dr. Keeley when his supplemental report is complete. Unless Power Integrations will agree in writing to one of these options, Fairchild will have no choice but to move for a protective order so that Dr. Keeley can be deposed a single time after his supplemental report is complete.

To put the issue in context, it is important to consider how Power Integrations misled Fairchild and created the situation where it is now impossible to proceed to trial on damages on October 2, 2006.

On January 31, 2006, Power Integrations' damages expert submitted an expert report that expressly relied upon Power Integrations' annual reports. On March 13, 2006, Power Integrations announced that it would delay filing its 2005 annual report to "allow for the completion on an ***ongoing*** internal investigation" by a "special committee" related to Power Integrations' stock option practices. Power Integrations never informed Fairchild of this "ongoing" investigation and, instead, Fairchild only learned of this through Power Integrations' press releases.

On March 15, 2006, Fairchild deposed Mr. Balakrishnan – Power Integrations' CEO and a key figure in its backdating scandal. Mr. Balakrishnan admitted that there was no "special



ORRICK

Michael Headley
June 8, 2006
Page 2

committee" and that the entire investigation was being conducted by Mr. Bala Iyer, a director of Power Integrations. Mr. Balakrishnan stated under oath that Power Integrations did not intend to restate its financial reports.

Relying on Mr. Balakrishnan's testimony and the fact that Power Integrations had not indicated to Fairchild that its reports were unreliable, on March 17, 2006, Fairchild's expert, Dr. Keely, submitted a rebuttal report that also relied upon Power Integrations' annual reports. This rebuttal report was prepared at great expense to Fairchild – an expense that appears wasted since Power Integrations now admits that its underlying financial reports are unreliable. That same day, Power Integrations received a Staff Determination from the NASDAQ indicating that Power Integrations may be delisted because of its failure to file its annual reports. Once again, Power Integrations failed to inform Fairchild of this development.

On May 2, 2006, NASDAQ granted Power Integrations' request for continued listing on three conditions – that Power Integrations (i) provide NASDAQ with information regarding the final results of the investigation by the Special Committee on or before *June 7, 2006*, (ii) file its Form 10-K for the year ended December 31, 2005 and all required restatements on or before *July 12, 2006*, and (iii) file its Form 10-Q for the quarter ended March 31, 2006 on or before *August 2, 2006*. On May 4, 2006, Power Integrations' CFO and the Chairmen of its Board both resigned due to Power Integrations' backdating scandal. Again, Power Integrations failed to provide Fairchild with any indication that the damages discovery Power Integrations had produced and upon which both parties were relying was inaccurate.

On May 9, 2006, Power Integrations filed a Form 8-K with the Securities and Exchange Commission in which Power Integrations admitted that "material weaknesses" in its internal controls over its financial reporting will require Power Integrations to report "material" additional charges and that the company will likely have to restate every historical financial statements since 1999. Power Integrations stated that this would decrease both net income and income from operations – precisely the information relied upon by Power Integrations' expert in his report.

Despite the fact that Power Integrations had determined on May 4, 2006 that its financial reports "should no longer be relied upon", Power Integrations failed to inform Fairchild of this development. Setting aside issues of common courtesy, the Federal Rules required Power Integrations to notify Fairchild that Power Integrations knew that the discovery it had produced was, in fact, inaccurate and unreliable. Power Integrations, however, chose not to do so and Fairchild only learned of this important development when it later reviewed Power Integrations' press releases.

Since Power Integrations knew at least as early as May 4, 2006 that its financial reports were unreliable, Power Integrations must have at least suspected this as of April 27, 2006 – when

US_WEST:260068585.1



**ORRICK**

Michael Headley
June 8, 2006
Page 3

Fairchild began the deposition of Power Integrations' damages expert. Power Integrations, however, failed to alert Fairchild to this fact. Power Integrations' decision will require Fairchild to spend additional time redeposing Mr. Troxel and has needlessly increased Fairchild's expenses in both time and money.

On May 23, 2006, the U.S. Department of Justice issued a grand jury subpoena to Power Integrations "requesting that the Company produce documents relating to the granting of stock options from 1995 through the present" – precisely the information sought by Fairchild. Power Integrations indicated that it would "fully cooperate" with this subpoena. On May 24, 2006, Power Integrations also announced that it was the subject of an investigation by the Securities and Exchange Commission and that Power Integrations would also cooperate with the SEC. Obviously, information provided to the SEC or DOJ is not privileged and must be produced. Despite this, Power Integrations continues to refuse to provide it.

Fairchild raised its concerns about the admitted unreliability of Power Integrations' financial reports during the parties' May 31, 2006 Pre-Trial Hearing. At that time, Power Integrations objected that its internal investigation and the resulting material changes to its financial reports were "irrelevant". The Court dismissed Power Integrations' objections, however, and continued damages discovery on this single issue. Specifically, the Court ordered Power Integrations to provide written discovery and allowed Fairchild to depose Mr. Balakrishnan and Power Integrations.

On May 26, 2006 – five days before the parties' Pre-Trial Hearing – Power Integrations had issued a press release repeating that it will (i) complete its internal investigation by June 7, 2006, (ii) complete its restatement of its historical financial reports by July 12, 2006, and (iii) complete its first quarter, 2006 by August 2, 2006. Relying on this representation, Fairchild agreed to a August 18, 2006 close of discovery.

On June 5, 2006 – a mere five days after Power Integrations had agreed to provide this discovery – Fairchild wrote to schedule the necessary depositions and to remind Power Integrations to provide the June 7, 2006 results of its internal investigation. Like Power Integrations' responses to the SEC and DOJ, these results are clearly not privileged because Power Integrations voluntarily produced them to the NASDAQ.

Power Integrations, however, did not produce this report on June 7, 2006. Instead, on June 22, 2006, Power Integrations refused to provide any discovery until after it provided Fairchild with its restated annual reports. In that letter, you repeated Power Integrations' commitment to provide this information by July 12, 2006 and agreed to produce additional discovery, if necessary, once Fairchild had an opportunity to review Power Integrations' restated financial reports.



**ORRICK**

Michael Headley
June 8, 2006
Page 4

On July 10, 2006 – two days before Fairchild was to receive Power Integrations' restated financial reports – Power Integrations announced in a press release that Power Integrations had requested and received an extension from the NASDAQ and would not provide these reports to the NASDAQ until August 2, 2006. Power Integrations never requested nor received any extension by Fairchild. Indeed, even though you had represented on June 22, 2006 that Power Integrations would provide these restatements by July 12, 2006, Power Integrations did not even inform Fairchild that it had sought an extension from the NASDAQ or that this extension may impact Power Integrations' discovery obligations to Fairchild.

Thus, on July 11, 2006, Fairchild wrote objecting to Power Integrations' continued delay in providing the Court ordered discovery. On July 12, 2006, you agreed to a one week extension of discovery on this issue. In that letter, you acknowledged that Power Integrations would provide all of its restated financial reports and its first quarter, 2006 reports by August 2, 2006.

On August 2, 2006, Power Integrations once again failed to provide Fairchild with any restated financial reports or other discovery. Thus, Fairchild wrote that day to request this long promised information. Receiving no response to that letter, I raised this issue with you in person on August 3, 2006. At that time, you suggested that Fairchild would receive the restated financial reports "shortly". In truth, however, Power Integrations had issued a press release and filed a statement with the SEC that it would be delisted by the NASDAQ because it would not meet the August 2, 2006 extended deadline for submission of its restated financial reports.

In light of your past representations and the Court's order requiring Power Integrations to produce this discovery, Power Integrations' failure to do so is inexplicable. Time and again, Power Integrations would promise the Court, Fairchild, and the public that it would provide restated financial reports by a specific date. Time and again, Power Integrations failed to meet this deadline. In every single case, Fairchild was forced to learn of this through its own investigation because Power Integrations failed to inform Fairchild that it would not meet the agreed to deadlines. This misconduct is inconsistent with Power Integrations' discovery obligations under the Federal Rules and the Court's order at the Pre-Trial Conference. Thus, on August 3, 2006 Fairchild filed a motion to compel this discovery and to continue the damages trial.

Having failed to provide reliable financial information and now refusing to commit to any date by which it will satisfy the Court's order, on July 26, 2006 Power Integrations indicated for the first time that its damages expert would supplement his report yet again on August 8, 2006. Any supplementation other than to address Power Integrations' restated financial reports is untimely and not permitted. Thus, Fairchild requested that Power Integrations explain the basis for its supplemental report.



**ORRICK**

Michael Headley
June 8, 2006
Page 5

On August 4, 2006, Power Integrations indicated that Mr. Troxel would supplement his report "based on new information, including Fairchild's U.S. manufacturing, the topics of his April Supplemental Report, and the Court's orders." None of these, however, is an appropriate basis for supplementation. Specifically, Fairchild has confirmed both through documents and through its 30(b)(6) witness that the only commercial SDG4 product manufactured in the United States was the FSD210HD – a device that is not accused by Power Integrations. Likewise, Mr. Troxel's April Supplemental Report was untimely and Fairchild has and will continue to seek to exclude it. Even were the April report appropriate however, there is no basis for Power Integrations to, again, supplement Mr. Troxel's report on those same issues since Power Integrations had an obligation to submit a complete and accurate report at the time of its original supplementation. Finally, while Power Integrations is vague as to what it means by "Court's orders", we assume you are referring to the Court's decision granting Fairchild's partial motion for summary judgment. If so, that decision was dated June 2, 2006 – over two months ago – and there is no excuse for Power Integrations' delay in submitting a supplemental report if it believed it necessary. Further, Mr. Troxel specifically testified in his April 27, 2006 deposition that he understood that Fairchild contended that damages could not be calculated based on information prior to the filing of Power Integrations' complaint. Knowing this, Mr. Troxel testified that he deliberately decided not to provide any opinion as to the appropriate measure of damages based on this date. Having made this decision, it is not appropriate for Power Integrations and Mr. Troxel to supplement his report less than eight weeks before the damages trial is to begin.

Thus, should Power Integrations chose to improperly supplement Mr. Troxel's report once again, Fairchild will move to strike the report and preclude any such testimony by Mr. Troxel. To preserve its rights, however, Fairchild will also have to supplement Dr. Keeley's expert report to address new issues raised by Mr. Troxel. Fairchild also anticipates that Dr. Keeley will have to supplement his report once Power Integrations finally provides reliable damages discovery. Fairchild will endeavor to complete this supplementation within three weeks after Power Integrations completes its damages production and Fairchild has concluded the related depositions of Power Integrations' past and present employees.

Since Power Integrations has failed to provide any of the required discovery concerning its restatements, however, it is highly unlikely that Dr. Keeley will be able to supplement his report prior to August 25, 2006 – the date Power Integrations noticed his deposition. Consequently, we request that Power Integrations withdraw this subpoena. Once Dr. Keeley has submitted his supplemental report, Fairchild will meet and confer with Power Integrations concerning the date of his deposition. Alternatively, should Power Integrations choose to depose Dr. Keeley on August 25, 2006, Power Integrations must agree in writing that it will not redepose Dr. Keeley after he supplements his report. Should Power Integrations refuse both requests, Fairchild will have no choice but to move for a motion for protective order so that Dr. Keeley will be deposed once after



**ORRICK**

Michael Headley
June 8, 2006
Page 6

his supplemental report is complete.  Please let us know as soon as possible how Power Integrations
chooses to proceed.

Sincerely,

Bas de Blank

cc:     William J. Marsden, Jr.
        Howard G. Pollack

# EXHIBIT 29

08/08/2006 19:38 FAX 6508395071          FISH & RICHARDSON                    002

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

August 8, 2006

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:     Power Integrations Inc. v. Fairchild Semiconductor Int'l
        USDC-D. Del. - C.A. No. 04-1371-JJF



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

I received your six page letter of yesterday regarding the damages case, a letter that does little more than repeat the mischaracterizations you have set forth before as part of Fairchild's continued efforts to delay the case and to avoid trial. This is a patent infringement case; to date, neither you nor your expert have ever indicated how Power Integrations' restated earnings (which deal with when and how to expense options) will in any way affect the damages reports or opinions. Instead, Fairchild continues to hide behind hyperbole to support a pretense – that Dr. Keeley is unable to render opinions, and that everything he has ever said rides on Power Integrations' restated earnings reports. That is subterfuge.

What did impact the damages reports, and what Mr. Troxel has supplemented his report to reflect, is your client's failure to identify over 2.7 million accused parts manufactured in the United States (which you and Mr. VanderZanden both initially admitted were "accused products"), your client's deposition of Shawn Slayton, the ITC infringement decision against System General ("SG" - a company whose products your expert mentioned), and the reports of Mr. Lum, who confirmed what Fairchild continues to ignore – that Fairchild's accused products are imported into the United States by Samsung – Fairchild's biggest customer.

At this point, Fairchild should stop wasting time on sideshows and focus its energy on trial, as we plan to try this case, including the damages case, in accordance with Judge Farnan's orders. To that end, we have provided you with a reasonable schedule to complete damages discovery in preparation for trial. If Fairchild seeks to prevent us from taking Dr. Keeley's deposition, we will ask the Court to preclude Fairchild from presenting any testimony from Dr. Keeley at trial.

Sincerely,

Michael R. Headley

# EXHIBIT 30

# REDACTED