IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : C.A. No. 04-1371-JJF<br>: |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | :<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court is a Motion in Limine (D.I. 272) filed by Plaintiff, Power Integrations, Inc. ("Power Integrations"), requesting the Court to preclude Defendants, Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild") from presenting expert testimony beyond the scope of their technical experts' reports. Specifically, Power Integrations contends that Dr. Peter Gwozdz provided a "Supplementary" expert report the evening before his deposition which changed his analysis of the Eklund '075 patent and relied on "new" prior art that he had not addressed in his opening expert report. Power Integrations also contends that after the Court's discovery cut-off, Dr. Paul Horowitz improperly offered an opinion that certain prior art references rendered the patents-in-suit obvious, even though his expert report contained only conclusory statements about

obviousness. Dr. Horowitz also produced revised claim charts the morning of his deposition, which Power Integrations contends was inappropriate.

Fairchild has filed a Response to Power Integrations' Motion acknowledging that experts generally should not be permitted to testify regarding information not contained in their expert reports. However, Fairchild contends that an exception exists with respect to the testimony of Dr. Gwozdz because (1) Power Integrations withheld the prior art which caused Dr. Gwozdz to have to supplement his report, and (2) Dr. Gwozdz properly responded to arguments raised by Power Integrations' experts and his opinions in this regard were consistent with his expert report. As for Dr. Horowitz, Fairchild contends that Dr. Horowitz' report fully and timely disclosed his opinions and that the charts and notes used by Dr. Horowitz during his deposition narrowed, rather than expanded his expert opinion.

Pursuant to Federal Rule of Evidence 26(a)(2)(B), an expert report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor." Failure to disclose information required by this Rule may result in the exclusion of evidence based on that information, unless the failure to disclose is harmless. Fed. R. Civ. P. 37(c)(1). The determination of whether to exclude evidence is committed to the Court's discretion. In re Paoli R.R. Yard PCB Litig., 35 F.3d

2

717, 749 (3d Cir.1994) (on a motion to exclude proffered expert testimony, the trial court's inquiry is a flexible one, and its decision to admit or exclude expert testimony is reviewed under an "abuse of discretion" standard) (internal citations omitted).

The Court has reviewed the Supplemental Report of Dr. Gwozdz in light of the disclosures in his original expert report and the arguments of the parties and concludes that Dr. Gwozdz Supplemental Expert Report should not be excluded.  Although Fairchild timely requested Power Integrations to supply it with the documents from the Motorola litigation and relevant prior art, it appears that Power Integrations did not comply fully with this request and failed to disclose to Fairchild the "Sun Thesis" and the "Wacyk Reference."  Having failed to properly disclose these references in the first instance, the Court concludes that the Supplemental Report of Dr. Gwozdz addressing these references should not be precluded from evidence.  In addition, the Court is persuaded that Dr. Gwozdz supplemental analysis of the Eklund notes and the '075 analysis is consistent with the opinions he referenced in his original report, and a proper elaboration of those opinions in response to the new testimony offered by Mr. Shields at his deposition which took place two and half months after Fairchild's initial expert report was served.  Further, the Court is not persuaded by Power Integrations' argument that it is prejudiced by Dr. Gwozdz Supplemental Report.  Although Power

Integrations points out that Dr. Gwozdz produced his Supplemental Report the day before his deposition was to be scheduled, Power Integrations fails to mention that Dr. Gwozdz actual deposition was postponed, at the request of Power Integrations, for an additional 18 days after service of his Supplemental Report. In these circumstances, the Court concludes that Power Integrations had ample opportunity to review Dr. Gwozdz Supplemental Report and question him about its contents at his deposition, and therefore, Power Integrations will not be prejudiced by the admission of Dr. Gwozdz Supplemental Report.

As for the "revised" claim charts produced by Dr. Horowitz the morning of his deposition, the Court notes that these "revised" charts consist of Dr. Horowitz's handwritten notes in the margins of the claim charts contained in his original expert report. Dr. Horowitz produced these notes in compliance with Power Integrations' subpoena requesting all his notes and documents. The Court has reviewed the notes made by Dr. Horowitz and concludes that they contain either minor corrections to the claim charts of a typographical nature, or are opinions that are consistent with or narrower than those which were disclosed in the body of his original expert report. For example, Dr. Horowitz's notes strike out invalidity arguments that he no longer wished to advance and corrected designations to certain references. Power Integrations also generally contends that Dr.

4

Horowitz's claim charts do not provide any detailed support for his conclusions regarding invalidity. In the Court's view, however, Dr. Horowitz's original expert report, as well as the attached claim charts, are sufficiently detailed to support his opinions. Accordingly, the Court will deny Power Integrations' motion to exclude the testimony of Dr. Horowitz as it relates to invalidity.

NOW THEREFORE, IT IS HEREBY ORDERED that Power Integrations' Motion In Limine (D.I. 272) to exclude the supplemental report of Dr. Gwozdz and the testimony of Dr. Horowitz as beyond the scope of their expert reports is **DENIED**.

August 22, 2006
Date

UNITED STATES DISTRICT JUDGE