IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 04-1371-JJF |
| | : |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court is a Motion For Reconsideration Re Bifurcation (D.I. 274) filed by Defendants, Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild") requesting the Court to reconsider its June 1, 2006 Order bifurcating the issues of infringement and damages from the issues related to validity. In defense to the claim of willful infringement advanced by Power Integrations, Inc. ("Power Integrations"), Fairchild contends that it will rely upon the legal opinions it received from its counsel that the patents-in-suit are overboard or invalid. Fairchild contends that this will necessarily bring the issue of invalidity before the first jury, and that invalidity and infringement are inextricably intertwined in this case such that many of the same witnesses will be testifying in both trials. Because the issues of infringement and invalidity are not

distinct and separable, Fairchild contends that the bifurcation proposed by the Court will violate its Seventh Amendment right to a jury trial.

Fairchild also contends that the damages theories advanced by Power Integrations are so complex, that it is impossible to consider the question of damages before resolving infringement and invalidity. To this effect, Fairchild points out that Power Integrations seeks different royalty rates for each patent and that these rates change depending on the combination of patents and claims that are found to be valid and infringed. If the issue of invalidity is tried separately from the issue of infringement, Fairchild contends that a third trial on the issue of damages will be necessary. To avoid the need for a third trial, Fairchild suggests that the Court bifurcate the liability issues of infringement and validity from the damages issues, instead of trying damages with infringement and willfulness.

In response, Power Integrations contends that Fairchild waived any objection to the Court's bifurcation Order by failing to object to the Court's ruling concerning bifurcation at the pretrial conference. In this regard, Power Integrations also contends that Fairchild's motion for reconsideration is untimely. In addition, Power Integrations contends that Fairchild has not met any of the standards justifying reconsideration of the Court's Order. As for Fairchild's argument concerning the

overlap between validity and damages, Power Integrations contends that Fairchild's concerns can be easily accommodated by having the first jury determine separate royalties for each of the patents-in-suit and later having the Court subtract the royalties attributable to infringement of a certain patent, if that patent is found to be invalid. Power Integrations also contends that invalidity does not impact the jury's willfulness evaluation, because Fairchild need only demonstrate its state of mind with regard to the invalidity opinions and not that the underlying invalidity opinions are necessarily correct.

As a threshold matter, the Court concludes that Fairchild's motion for reconsideration is not untimely. In pertinent part, Local Rule 7.1.5 provides that "[a] motion for reargument shall be served and filed within 10 days <u>after the filing of the Court's opinion or decision</u>." D. Del. 7.1.5 (emphasis added) Although the Court announced its ruling at the May 31 pretrial conference and signed the order on May 31, it was not entered on the docket until June 1, 2006. See D. Del. L.R. 7.1.5. Accordingly, Fairchild's motion dated June 15, 2006, is timely.

After reviewing the parties' respective arguments on the issue of bifurcation, the Court concludes that reconsideration of its June 1, 2006 Order is not warranted. As part of its inherent trial management authority, the Court has broad discretion to separate issues and claims for trial. <u>Ciena Corp. v. Corvis</u>

3

Corp., 210 F.R.D. 519, 520-521 (D. Del. 2002). In complex patent cases, this Court and others have routinely bifurcated the issues of infringement and validity. Id.

Fairchild relies on the Federal Circuit's decision in In re Innotron Diag., 800 F.2d 1077, 1086 (Fed. Cir. 1986), and this Court's decision in Paine, Webber, Jackson & Curtis, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 587 F. Supp. 1112, 117 (D. Del. 1984) to support its argument that bifurcation is inappropriate in this case, but the Court is not persuaded that those cases support Fairchild's argument. In Innotron, the Federal Circuit recognized that separate jury trials are appropriate where the issues to be tried are "distinct and separable." 800 F.3d at 1086. Similarly, in Paine, the Court recognized that the Seventh Amendment is not violated by "having two juries decide the same evidence, but rather . . . having two juries decide the same essential issues." 587 F. Supp. at 117 (emphasis omitted). Although the infringement and invalidity issues may involve the same evidence, Fairchild has not demonstrated that these issues, as presented in the context of this case, are the same issues such that the Court's decision to bifurcate them violates Fairchild's Seventh Amendment rights. Id. (finding no Seventh Amendment violation in bifurcation of liability and damages and stating that "[t]he fact that some of the same evidence used for one issue may, to a very limited

4

degree, also be used for the other, is wholly beside the point.") (emphasis in original). Additionally, the Federal Circuit has, in an unpublished opinion, found no constitutional error in a trial court's decision to bifurcate infringement and validity. See e.g. Stambler v. RSA Security, Inc., 123 Fed. Appx. 982, 986 (Fed. Cir. Feb. 11, 2005) (concluding that trial court did not abuse its discretion in ordering bifurcation between infringement and validity where there was no evidence that jury was confused and court's instructions to jury were sufficient to prevent confusion).

Fairchild contends that there is a "significant chance" that each jury "would decide the same essential issue -- whether a particular circuit structure meets a specific claim element -- in very different fashions." (D.I. 274 at 6). In the Court's view, Fairchild's contention is speculative. The jury will be instructed regarding claim construction by the Court, and the Court is not persuaded that its claim construction instruction will be applied differently by the two juries. As for Fairchild's argument concerning the complexity of the damages issue in this case, the Court is convinced that any issues concerning damages can be rectified by an appropriate jury verdict form, and the recalculation of damages by the Court, if necessary after the trial on invalidity.

In sum, the Court concludes that Fairchild has not established that reconsideration of the Court's bifurcation order is warranted. Accordingly, the Court will deny Fairchild's Motion For Reconsideration.

NOW THEREFORE, IT IS HEREBY ORDERED that Fairchild's Motion For Reconsideration Re Bifurcation (D.I. 274) is **DENIED**.

August 22, 2006
Date

_____
UNITED STATES DISTRICT JUDGE