IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-1371-JJF |
| | : | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | : : : : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court is a Motion To Compel Damages Discovery And To Continue Damages Trial Date (D.I. 303) filed by Defendants, Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild"). Fairchild contends that Plaintiff, Power Integrations, Inc. ("Power Integrations" or "PI") has repeatedly failed to produce the restatement of its financial reports that the Court ordered produced at the May 31 pretrial conference.  Fairchild contends that the damages experts from both sides have relied on Power Integrations' annual reports and that Power Integrations delay in production has prejudiced Fairchild's ability to prepare its damages case.  In addition, Fairchild requests the Court to order Power Integrations to produce the following additional documents:

> 1. All drafts of PI's final restated financial reports which have been prepared to date, and the final restated financial reports when they are available.

      2.   All documents related to PI's internal investigation of financial irregularities that have been provided to Nasdaq.

      3.   All documents produced by PI in response to subpoenas from the SEC or DOJ.

      4.   Copies of all recent briefs regarding remedy submitted by PI to the International Trade Commission in the action brought there by PI against System General (Investigation No. 337-TA-541).

(D.I. 303 at 2-3). Fairchild contends that these documents are necessary to allow Fairchild to investigate the accuracy of Power Integrations financial data and to prepare its damages case. With regard to the System General investigation in particular, Fairchild contends that PI recently submitted sealed supplemental briefing on remedy and that "PI's discussion of market issues and the harm caused by System General in that briefing are likely to bear on and be inconsistent with PI's allegations that Fairchild is the purported sole cause of harm to PI's market share and pricing." (D.I. 303 at 3). Fairchild also contends that Power Integrations must make its CEO Balu Balakrishnan available for deposition with respect to its restatement of its financial reports as ordered by the Court during the pretrial conference.

In response, Power Integrations contends that Fairchild's motion relies on "pretense and micharacterizations" in order to avoid proceeding with the damages trial scheduled for October 2, 2006. Power Integrations contends that the intended restatement of its financial reports is related to the accounting of stock

option grants, and not any product sales information or financial data relied upon by the damages experts in this case. Power Integrations also contends that Fairchild has been unable to explain how the restated financial reports dealing with stock options or the other requested discovery will impact the damages calculations or testimony already prepared in this case, and therefore, Power Integrations contends that the additional discovery requested by Fairchild is irrelevant.

At the pretrial conference, the Court ordered and Power Integrations agreed to produce revised financial statements to Fairchild when they are available. Power Integrations must comply with this order, and the Court will allow further damages discovery if it is determined, at that time of production, that further discovery is warranted in light of the revised financial statements. At this juncture, Power Integrations continues to represent that its revised statements pertains to stock options, and Fairchild has not demonstrated how revised reports pertaining to stock options will impact its damages case. In addition, Fairchild has not demonstrated the relevance of the additional discovery it seeks. As Power Integrations points out, this case is a patent infringement case and not an SEC investigation or a securities case. Accordingly, the Court will order Power Integrations to supply Fairchild with the revised statements immediately upon their filing with the SEC; however, the Court

will deny the remainder of Fairchild's Motion, including its request to continue the damages trial in this case.

NOW THEREFORE, IT IS HEREBY ORDERED that Fairchild's Motion To Compel Damages Discovery And To Continue Damages Trial Date (D.I. 303) is **DENIED**, except that Power Integrations is ordered to immediately provide Fairchild with its restated financial reports as soon as those reports are filed with the SEC.

August 22, 2006
Date

UNITED STATES DISTRICT JUDGE