IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-1371-JJF |
| | : | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Pending before the Court is a Motion in Limine (D.I. 271) filed by Defendants, Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild") requesting the Court to preclude Plaintiff, Power Integrations, Inc. ("Power Integrations"), from presenting expert reports from a previously undisclosed expert, Francis Lum, alleging that certain third party cell phone chargers and DVD players imported into the United States incorporated two of the accused Fairchild devices. Fairchild contends that these reports are untimely, because they were produced after the close of fact discovery and 18 days after the deposition of Power Integrations' damages expert witnesses. Fairchild also contends that these reports are irrelevant hearsay, because Power Integrations cannot prove that these devices were imported into the United States

after October 20, 2004, and Power Integrations has no evidence that Fairchild induced the importation of these devices.

In response, Power Integrations contends that Mr. Lum is not an expert witness but a third party who was hired to perform the administrative task of documenting the presence of Fairchild's accused products in items imported into the United States by disassembling the items and photographing them. Power Integrations contends that Mr. Lum's reports demonstrate that Fairchild's infringing parts come into the United States. Power Integrations contends that they will introduce further evidence at trial of inducement, and therefore, the reports are relevant circumstantial evidence demonstrating Fairchild's infringement. Power Integrations also contends that it will make Mr. Lum available for deposition and will provide Fairchild with some additional discovery, but that there is no reason for further expert technical rebuttal testimony, because Mr. Lum is not an expert witness.

The Court agrees with Power Integrations that the reports at issue are not expert reports, but reports of a factual nature. However, document production closed in this case on June 30, 2005, and the close of fact discovery relevant to liability was September 30, 2005.[1] (D.I. 17). Although Fairchild repeatedly

---

[1] The Court extended the last day to complete fact witness depositions until November 14, 2005, to accommodate an additional deposition requested by Defendants.

asked Power Integrations to provide it with the basis for its allegations that Fairchild's accused devices were imported into the United States and that Fairchild induced this importation, Power Integrations provided no response prior to the close of these deadlines. Indeed, it appears from Mr. Lum's reports that the orders for the products examined by Mr. Lum were not placed until April 18, 2006, more than six months after the close of fact discovery in this case per the initial Scheduling Order. Further, the depositions of numerous Power Integrations' witnesses demonstrate that Power Integrations had no evidence prior to April 18, 2006, that Fairchild's accused devices were imported into the Untied States. (D.I. 271, Exh. E-I). While it is true that the Court extended damages discovery until August 18, 2006, and Power Integrations produced the reports in question prior to that deadline, the Court finds that the reports at issue are more relevant to liability issues than to damages issues. Power Integrations acknowledges that its reports have little to do with damages stating that "any impact [from Mr. Lum's reports] on the parties' damages cases will be minimal." (D.I. 276 at 3). In these circumstances, the Court is persuaded that the reports are untimely, and therefore, the Court will grant Defendants' Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that Fairchild's Motion in Limine (D.I. 271) requesting the Court to preclude Power

Integrations from presenting Mr. Lum's reports is **GRANTED**.

<u>August 24, 2006</u>     <u>Joseph J Farnan Jr.</u>
    Date         UNITED STATES DISTRICT JUDGE