IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
POWER INTEGRATIONS, INC., a        :
Delaware corporation,              :
                                   :
                Plaintiff,         :
                                   :
        v.                         :   C.A. No. 04-1371-JJF
                                   :
FAIRCHILD SEMICONDUCTOR            :
INTERNATIONAL, INC., a Delaware    :
corporation, and FAIRCHILD         :
SEMICONDUCTOR CORPORATION, a       :
Delaware corporation,              :
                                   :
                Defendants.        :
```

Frank E. Scherkenback, Esquire of FISH & RICHARDSON P.C., Boston, Massachusetts.
Howard G. Pollack, Esquire and Michael R. Headley, Esquire of FISH & RICHARDSON P.C., Redwood City, California.
William J. Marsden, Jr., Esquire of FISH & RICHARDSON, P.C., Wilmington, Delaware.

Attorneys for Plaintiff, Power Integrations, Inc.

Michael W. Shore, Esquire; Alfonso Garcia Chan, Esquire, Jeffrey R. Bragalone, Esquire and Joseph F. DePumpo, Esquire of SHORE CHAN BRAGALONE LLP, Dallas, Texas.
Steven J. Balick, Esquire, John G. Day, Esquire and Tiffany Geyer Lydon, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Non-Party, Intersil Corporation.

**MEMORANDUM OPINION**

August 24, 2006
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is Intersil Corporation's Motion To Quash Subpoena And For Protective Order (D.I. 262). For the reasons discussed, the Court will grant Intersil Corporation's Motion.

I. BACKGROUND

Power Integrations, Inc. ("Power Integrations") filed this patent infringement action against Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation ("Fairchild"). Pursuant to subpoenas issued by Power Integrations in January 2006, Power Integrations and Fairchild deposed former Intersil employees, James Beasom, Robert Moore and John Prentice on topics related to U.S. Patent No. 4,823,173 (the "'173 patent") and U.S. Patent No. 5,264,719 (the "'719 patent") (collectively, "the Beasom patents"). The '173 patent and '719 patent were invented by Mr. Beasom. Mr. Moore and Mr. Prentice worked with Mr. Beasom and signed Mr. Beasom's engineering notebook to acknowledge the date of Mr. Beasom's inventions. Fairchild has asserted the '719 patent as part of its invalidity defense in this litigation.

On April 11, 2006, Fairchild and Intersil Corporation ("Intersil") sued Power Integrations in the Eastern District of Texas alleging infringement of the '719 patent (the "Texas action"). Fairchild obtained the right to sue Power Integrations

1

on the '719 patent through a license agreement with Intersil.

Intersil is not a party to this action. On May 9, 2006, Power Integrations subpoenaed Intersil in this case, listing fifteen topics for examination and seeking the production of documents related to those fifteen topics (the "May 2006 subpoena"). Specifically, Power Integrations seeks information related to (1) the licensing of the Beasom patents to Fairchild by Intersil, (2) communications between Fairchild and Intersil regarding Power Integrations, the Beasom patents, Fairchild's Delaware lawsuit with Power Integrations, and the Texas action against Power Integrations, including all communications with Fairchild's attorneys, (3) documents referring or relating to the Beasom patents, (4) the dates of conception and reduction to practice of the Beasom patents, (5) documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom patents, (6) documents corroborating the date of conception and reduction to practice of the Beasom patents, (7) documents concerning the prosecution of the Beasom patents, (8) efforts to prove out or test the inventions claimed in the Beasom patents, (9) Intersil's commercialization of the inventions claimed in the Beasom patents, (10) the use of the Beasom patents, (11) the markings of the products alleged to embody the Beasom patents, (12) the unit volume of sales of the Intersil products embodying the Beasom

patents, (13) communications between Intersil and Messrs. Beasom, Moore and/or Prentice concerning the Beasom Patents, Power Integrations, Power Integrations' patents, Fairchild, and/or the litigations between Power Integrations and Fairchild; (14) the basis for Intersil's decision to sue Power Integrations in the Texas action, and (15) communications between Intersil and any other person or entity regarding the Texas action. (D.I. 263, Exh. G).

In response to the subpoena, Intersil has produced some documents. However, Intersil seeks to quash the subpoena and obtain a protective order against Power Integrations' deposition of Intersil. The parties have fully briefed Intersil's Motion To Quash, and therefore, the matter is ready for resolution by the Court.

## II. PARTIES' CONTENTIONS

By its Motion To Quash, Intersil contends that Power Integrations is improperly attempting to obtain discovery in the Texas action prior to the Rule 26 Scheduling Conference in that case. Intersil contends that because Mr. Beasom is the sole named inventor of the '173 and '719 patent, "there is no doubt that Intersil would have designated Mr. Beasom to testify on its behalf as to all issues regarding invention for these patents, including conception, invention date, reduction to practice, testing and related matters." (D.I. 263 at 1). Intersil

3

contends that Power Integrations had the opportunity to depose Intersil in January and declined to do so. By issuing the May 2006 subpoenas, Intersil contends that Power Integrations is improperly attempting to depose Mr. Beasom a second time on topics that have already been explored through his deposition in connection with the first subpoena. Intersil also contends that many of the issues listed in the subpoena are matters which are irrelevant to the litigation between Power Integrations and Fairchild in this Court.

In response, Power Integrations contends that Fairchild has produced documents regarding the Beasom patents in the past with the full cooperation of Intersil. However, Power Integrations contends that Fairchild refused to produce further documents since the filing of the Texas action, even though Fairchild represented that it could still obtain the documents from Intersil. Because of Fairchild's alleged "stonewalling" Power Integrations contends that it sought to obtain the documents directly from Intersil through the May 2006 subpoena. In this regard, Power Integrations points out that it never directly subpoenaed Intersil in the past and contends that the documents and things sought by the May 2006 subpoena related to the Beasom patents and the Intersil-Fairchild license are relevant to Power Integrations damages in the form of reasonable royalty rates, Fairchild's invalidity defense, and issues of bias.

4

## III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b)(3), the Court may, on its own initiative or pursuant to a motion for a protective order filed under Rule 26(c), limit discovery if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . ." Fed. R. Civ. P. 26(b)(3). Rule 30(a)(2)(B) requires a party to obtain leave of court before a deponent is deposed for a second time. In the case of nonparty deponents, courts recognize that "[d]iscovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents." See e.g., Northeast Women's Center, Inc. v. McMonagle, 1987 WL 6665, *5 (E.D. Pa. Feb. 10, 1987) (citing Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980)).

Reviewing the information sought by the May 2006 subpoena in light of the circumstances of this case, the Court concludes that Intersil is entitled to an order quashing the subpoena and precluding Power Integrations from taking the deposition of Intersil. Although the May 2006 subpoena is directed at

5

Intersil, the Court is persuaded that the information sought by the subpoena is uniquely related to Mr. Beasom, and that Power Integrations would have been aware that Mr. Beasom would be asked to testify on behalf of Intersil in response to the subpoena. Further, the information sought by the May 2006 subpoena related to the Besom patents is, in many respects, identical to the information sought by Power Integrations in its initial subpoenas directed to Messrs. Beasom, Moore and Prentice, and Power Integrations had the opportunity to obtain this information during its depositions of those individuals in January 2006. (Compare D.I. 263, Exh. G with D.I. 263, Exhs. A & E).

To the extent that the May 2006 subpoena seeks information which is not duplicative of Power Integrations previously issued subpoenas, the Court concludes that the information Power Integrations seeks is irrelevant to this lawsuit. Power Integrations has not explained how the information it seeks with respect to the Texas action is relevant here, and Power Integrations has failed to explain how information related to the commercialization, licensing and marketing of the products embodied by the Beasom patents is relevant to the validity of U.S. Patent No. 5,313,082.[1] Power Integrations has also failed

---

[1] Intersil acknowledges that issues of enablement, conception and reduction to practice of the Beasom patents may be relevant to whether the Beasom patents anticipate or render obvious the '082 patent. As Intersil points out, however, Power Integrations covered these subjects at its prior depositions of

6

to explain how unit volume of sales or marking by Intersil, a non-party to this litigation, is relevant to the issue of Power Integrations alleged damages from Fairchild's alleged infringement. Moreover, the last date to complete fact witness depositions in this case was November 14, 2005[2], and Power Integrations has not demonstrated to the Court sufficient reason why discovery should be reopened at this late date.

In sum, the Court concludes that the May 2006 subpoena is cumulative to and duplicative of the previous subpoenas issued by Power Integrations in this case, and that Power Integrations had ample opportunity to pursue the discovery it now seeks from Intersil when it deposed Intersil's former employees in January 2006. The Court further concludes that the discovery sought by the May 2006 subpoena which is not cumulative is irrelevant to the present litigation. Accordingly, the Court will grant Intersil's request for an order quashing the May 2006 subpoena and precluding Power Integrations from deposing Intersil.

---

Messrs. Beasom, Moore and Prentice.

[2] Pursuant to the original Scheduling Order (D.I. 17) entered in this case, fact discovery was to close on September 30, 2005. By Order dated November 3, 2005 (D.I. 128), the Court extended the deadline for completion of fact witness depositions to November 14, 2005, to accommodate an additional deposition requested by Defendants.

## III. CONCLUSION

For the reasons discussed, the Court will grant the Motion To Quash And For Protective Order filed by Intersil.

An appropriate Order will be entered.