# Fish & Richardson p.c.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
p.o. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

August 24, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:    Reconsideration of Order Regarding Pared Down Claims (D.I. 330)
        USDC-D. Del. - C.A. No. 04-1371 JJF
        *Power Integrations, Inc. v. Fairchild Semiconductor International*



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Dear Judge Farnan:

Power Integrations respectfully submits this letter requesting clarification and reconsideration of the Court's August 22 order (D.I. 330) granting Fairchild's Motion to Compel Power Integrations to Provide "Pared Down" Infringement Contentions For Trial. Power Integrations is, of course, aware of the Court's recent denial of its motion for reconsideration with respect to calculating damages (D.I. 329) and does not make this further request lightly.

Power Integrations is very concerned about the Court's statement that "Power Integrations has failed to comply with the Court's order" and assures the Court it did in fact provide pared down claims, and specified product groups, to Fairchild. Specifically, Power Integrations provided an explicit written agreement to pare down its case to 12 claims and identified the product groupings for trial. (*See* Ex. A.) Power Integrations respectfully believes that letter did what the Court ordered and what Power Integrations agreed to do at the first pretrial conference—narrow its case considerably—and that is why the letter reflecting the reduced claims and groupings was attached to Power Integrations' opposition to Fairchild's Motion to Compel "Pared Down" claims. (D.I. 298 at Ex. D.) Power Integrations apologizes for failing to clearly describe the efforts to pare down for trial both the number of claims and the number of product groupings.

If the Court, despite being aware of Power Integrations' specific efforts to pare down its case for trial, nevertheless chose to further limit the issues for trial, Power Integrations respectfully requests that the Court reconsider that decision for the limited purpose of: (1) allowing Power Integrations to select 7 claims; and (2) permitting four groupings of accused products at trial. Power Integrations need only put on evidence at trial as to a single representative part for each of these four groups.

Power Integrations respectfully believes that being forced to select only one claim per patent and to group the products into three sets (which would not correspond

F ISH & R ICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
August 24, 2006
Page 2


to the way the parties' experts analyzed them) would both prejudice it and potentially confuse the jury. Power Integrations appreciates the Court's consideration of this request.

Respectfully submitted,

*/s/ William J. Marsden, Jr.*

William J. Marsden, Jr.

Cc:   Clerk of Court (via ECF and hand delivery)
      Steven J. Balick (via ECF and hand delivery)
      G. Hopkins Guy (via e-mail and first class mail)