IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>    Defendants. | **REDACTED PUBLIC VERSION**<br><br><br>C.A. No. 04-1371-JJF |

**DEFENDANTS' COMBINED REPLY IN SUPPORT OF (A) DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL REPORT ON DAMAGES (D.I. 314) AND (B) DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND CONTINUATION OF DAMAGES TRIAL (D.I. 309)**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: August 30, 2006

I.  **INTRODUCTION**

Contrary to Power Integrations' assertions in opposition to Defendants' Motion to Strike Plaintiffs' Second Supplemental Report on Damages (D.I. 314; the "Motion to Strike"), Mr. Troxel's supplemental damages report is substantially different from his original submission—including new theories and evidence. It is disingenuous for Power Integrations ("PI") to claim that it has made only a few innocuous revisions; the second supplemental report is nothing short of an ambush. At the May 31 pretrial conference, it was clear that the parties' damages cases were set, with the single exception of REDACTED and completion of discovery on that issue. Revisions based REDACTED were contemplated—but absolutely *not* the wholesale revision of PI's damages theories. But this is exactly what PI has done—start its damages case over from scratch at the eleventh hour. This case has been pending for over a year and a half. PI could and should have put forth all of its damages theories in its January 2006 report, not save them as a surprise tactic only weeks before trial. With trial scheduled to begin in just over five weeks, the Court should strike PI's belated damages submission and hold Power Integrations to the damages report that it has already submitted in January 2006.

With respect to Defendants' Motion for Protective Order Regarding Deposition of Michael C. Keeley, Rebuttal Expert Report on Damages, and Continuation of Damages Trial (D.I. 309; the "Motion for Protective Order"), the landscape has changed significantly since the motion was filed. On August 23, 2006, the Court ordered Power Integrations to "immediately provide Fairchild with its restated financial reports as soon as those reports are filed with the SEC" and stated that "the Court will allow further damages discovery if it is determined, at the time of production, that further discovery is warranted in light of the revised financial statements." [D.I. 331 at 3-4] The parties also have reached an agreement that permits Dr. Keeley some additional time to prepare and serve a rebuttal report and to be deposed. Thus, the only remaining issue is whether sufficient time remains in the schedule for Fairchild to prepare its damages defense before the October 2, 2006 trial date. Fairchild respectfully suggests that

unless Power Integrations REDACTED the Court should continue the damages phase until the December 4, 2006 invalidity trial.

## II. ARGUMENT

### A. The New Material In Mr. Troxel's Report Is Belated And Inappropriate

At the May 31, 2006 pre-trial conference, the Court emphasized the need for the parties to put forth their expert theories by a date certain and to be precluded from changing or adding to those:

> THE COURT: We have expert dates and I know we all get up every day and have a better idea than we had yesterday, but in litigation we really have to tell the expert that there's a date where you can't think anymore. And I'm trying to say this very simply.

[D.I. 282, p. 38] PI has violated this very basic and fair idea. Now, only weeks from trial, it is adding on theories that it is developing for the first time, despite the fact that it had all the resources necessary to do so many months ago. Additionally, PI attempts to add theories of damages that have been rejected by the Court, or which are so contrary to law that they simply cannot stand.

PI's changes to its damages report are not merely simple clarifications. Additionally, PI has had all of the information necessary to make these changes for many months, but has delayed until only weeks before trial. PI correctly states the standard—is Fairchild prejudiced? *See Chase Manhattan Mortgage Corp. v. Advanta Corp.*, C.A. No. 01-507, 2004 WL 422681 at *10 (KAJ) (D.Del. 2004) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir.1994)). The decisive answer is, <u>yes</u>. Preparations have been underway and trial is only a few weeks away, Fairchild cannot be expected to reinvent its defense in response to entirely new assertions and evidence.

PI admits that each of the following categories of new matter have been added to Mr. Troxel's report. Each of these categories are belated and inappropriate. The Court should strike them and Mr. Troxel should not be permitted to opine on them:

**REDACTED**

---

[1] PI's demand for even further discovery at this late date is plainly unreasonable. PI has had over a year to explore the issue if it so desired. It should not be permitted to wait until a few weeks before trial to start its investigation, despite full opportunity to do so months ago.

REDACTED

REDACTED

- **Reference to the outcome of the ITC investigation of System General:**

    REDACTED . However, that case does not involve *any* of the patents at issue in the instant case. [*See* VanderZanden Declaration, Ex. 2] Therefore, REDACTED has absolutely no relevance to this case. Indeed, because there is no overlap between the asserted patents in the two actions, the ITC determination has no effect on the availability of "non-infringing substitutes" (as PI asserts) because none of the System General products have been found to infringe the patents in this case. Therefore, PI has no right to present that evidence in the first place and certainly not at this late date. Moreover, PI has repeatedly refused to give Fairchild any discovery regarding the System General litigation. PI's assertions regarding the System General dispute should be stricken for that reason as well.

**REDACTED**

**REDACTED**

## **CONCLUSION**

For the foregoing reasons, the Court should strike portions of Power Integrations' August 8, 2006 Summary Report on Damages, and continue the damages trial unless

**REDACTED**

                                              ASHBY & GEDDES

                                              /s/ *signature*

                                              Steven J. Balick (I.D. #2114)
                                              John G. Day (I.D. #2403)
                                              Tiffany Geyer Lydon (I.D. #3950)
                                              222 Delaware Avenue, 17th Floor
                                              P.O. Box 1150
                                              Wilmington, DE  19899
                                              (302) 654-1888
                                              sbalick@ashby-geddes.com
                                              jday@ashby-geddes.com
                                              tlydon@ashby-geddes.com

*Of Counsel:*                                      *Attorneys for Defendants*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated:  August 23, 2006
172444.1

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2006, the attached **REDACTED PUBLIC VERSION OF DEFENDANTS' COMBINED REPLY IN SUPPORT OF (A) DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL REPORT ON DAMAGES (D.I. 314) AND (B) DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND CONTINUATION OF DAMAGES TRIAL (D.I. 309)** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 N. Market Street<br>Suite 1100<br>Wilmington, DE  19801 | HAND DELIVERY |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA  02110-2804 | VIA FEDERAL EXPRESS |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN  55402 | VIA FEDERAL EXPRESS |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA  94063 | VIA FEDERAL EXPRESS |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon