IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION, Defendants. | ) | |

**DEFENDANTS' SPECIAL VERDICT FORM**
**(ON INFRINGEMENT AND DAMAGES)**

Defendants hereby respectfully submit their proposed special verdict form on the issues of infringement and damages in the above action.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: September 1, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,

Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION,

Defendants.

C.A. No. 04-1371-JJF

**DEFENDANTS' SPECIAL VERDICT FORM**
**(ON INFRINGEMENT AND DAMAGES)**

We, the jury, unanimously find as follows:

**U.S. PATENT NO. 4,811,075**

1. Do you find by a preponderance of the evidence that any Fairchild device(s) literally practices each and every element of Claims 1 and 5 of the 4,811,075 Patent? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES _____ NO _____

If the answer is "YES", which device(s): ______________________________

2. If you answered "YES" in question 1, do you find by a preponderance of the evidence that Fairchild has made, used, sold, or offered for sale the device(s) identified in response to question 1 in the United States or imported the device(s) identified in response to question 1 into the United States since October 20, 2004?

YES _____ NO _____

If the answer is "YES", identify the device(s) and the quantity of each device(s) that was made, used, sold, or offered for sale in the United States or actually imported into the United States by Fairchild: ______________________________

______________________________________________________________

3. If you answered "YES" to question 2, do you find by clear and convincing evidence that Fairchild's infringement of the claim was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES _____ NO _____

**U.S. PATENT NO. 6,249,876**

4. Do you find by a preponderance of the evidence that any Fairchild device(s) practices each and every element of Claim 1 of the 6,249,876 Patent either literally or under the doctrine of equivalents? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES _____ NO _____

If the answer is "YES", which device(s): ________________________________

5. If you answered "YES" in question 4, do you find by a preponderance of the evidence that Fairchild has made, used, sold, or offered for sale the device(s) identified in response to question 4 in the United States or imported the device(s) identified in response to question 4 into the United States since October 20, 2004?

YES _____ NO _____

If the answer is "YES", identify the device(s) and the quantity of each device(s) that was made, used, sold, or offered for sale in the United States or actually imported into the United States by Fairchild: ______________________________

______________________________________________________________

6. If you answered "YES" to questions 5, do you find by clear and convincing evidence that Fairchild's infringement of the claim was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES _____ NO _____

**U.S. PATENT NO. 6,107,851**

7. Do you find by a preponderance of the evidence that any Fairchild device(s) practices each and every element of Claim 1 of the 6,107,851 Patent either literally or under the doctrine of equivalents? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES _____ NO _____

If the answer is "YES", which device(s): ________________________________

8. If you answered "YES" in question 7, do you find by a preponderance of the evidence that Fairchild has made, used, sold, or offered for sale the device(s) identified in response to question 7 in the United States or imported the device(s) identified in response to question 7 into the United States since October 20, 2004?

YES _____ NO _____

If the answer is "YES", identify the device(s) and the quantity of each device(s) that was made, used, sold, or offered for sale in the United States or actually imported into the United States by Fairchild: ______________________________

______________________________________________________________________

9. If you answered "YES" to questions 8, do you find by clear and convincing evidence that Fairchild's infringement of the claim was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES _____ NO _____

**U.S. PATENT NO. 6,229,366**

10. Do you find by a preponderance of the evidence that any Fairchild device(s) practices each and every element of Claims 9 and 14 of the 6,229,366 Patent either literally or under the doctrine of equivalents? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 14: YES _____ NO _____

11. If you answered "YES" in question 10, do you find by a preponderance of the evidence that Fairchild has made, used, sold, or offered for sale the device(s) identified in response to question 10 in the United States or imported the device(s) identified in response to question 10 into the United States since October 20, 2004?

YES _____ NO _____

If the answer is "YES", identify the device(s) and the quantity of each device(s) that was made, used, sold, or offered for sale in the United States or imported into the United States by Fairchild: ______________________________

______________________________________________________________________

12. If you answered "YES" to question 11, do you find by clear and convincing evidence that Fairchild's infringement of the claim was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES _____ NO _____

**DAMAGES (IF ANY)**

13. If you answered "Yes" to question 3, 5, 8, or 11, do you find by a preponderance of the evidence that Power Integrations suffered actual damages as a result of Fairchild's infringement? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

'075 Patent: YES _____ NO _____

'876 Patent: YES _____ NO _____

'851 Patent: YES _____ NO _____

'366 Patent: YES _____ NO _____

14. If you answered "YES" to question 13, do you find by a preponderance of the evidence that Power Integrations has proven that it would have made additional sales within the United States since October 20, 2004 but for Fairchild's sale of the device(s) identified in response to questions 5 or 8? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES _____ NO _____

If the answer is "YES", identify (1) the Fairchild devices which caused Power Integrations to lose sales, (2) the Power Integrations devices that would have been sold but for the Fairchild sales, and (3) the profit margin for each of the Power Integrations devices for which sales were lost? ______________________________

______________________________________________________________________

***NOTE: Power Integrations admits that it is not entitled to lost profits from lost sales with respect to any infringement of the '366 or '075 Patents.***

15. If you answered "YES" to question 13, do you find by a preponderance of the evidence that Power Integrations has proven that Fairchild's sale or offer for sale of the device(s) identified in response to questions 2, 5, 8, or 11 caused Power Integrations to lower its prices since October 20, 2004? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES _____ NO _____

16. If you answered "YES" to question 15, do you find by a preponderance of the evidence that any loss caused by the lowered price was offset by an increase in volume at the lower price? (A "YES" answer to this question is a finding for Fairchild. A "NO" answer is a finding for Power Integrations.)

YES _____ NO _____

If the answer is "NO", identify (1) the Fairchild devices which caused Power Integrations to lower its prices, (2) the Power Integrations devices for which prices were lowered, (3) the amount by which the price of each device was lowered and (4) the volume of sales. ______________________________

______________________________________________

If the answer is "YES", identify (1) the Fairchild devices which caused Power Integrations to lower its prices, (2) the Power Integrations devices for which prices were lowered, and (3) the amount, if any, of lost profits caused by the lowered prices that was NOT offset by an increase in volume at the lower prices.

______________________________________________

______________________________________________

17. If you answered "YES" to question 13 but answered "NO" to questions 15 and 16, do you find by a preponderance of the evidence that Power Integrations has proven that it is entitled to a reasonable royalty on Fairchild's sale of the device(s) identified in response to questions 2, 5, 8, and/or 11?

YES _____ NO _____

18. If you answered "YES" to question 17, for each Patent(s) found to be infringed, what is the applicable reasonable royalty rate? ______________________________

You must each sign this Verdict Form: Dated: ___________

______________________ (foreperson) ______________________

______________________ ______________________

______________________ ______________________

______________________ ______________________

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September, 2006, the attached **DEFENDANT'S SPECIAL VERDICT FORM (ON INFRINGEMENT AND DAMAGES)** was served upon the below-named counsel of record at the address and in the manner indicated:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
Wilmington, DE 19801

VIA ELECTRONIC MAIL

Frank E. Scherkenbach, Esquire
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

VIA ELECTRONIC MAIL

Michael Kane, Esquire
Fish & Richardson P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402

VIA ELECTRONIC MAIL

Howard G. Pollack, Esquire
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

VIA ELECTRONIC MAIL

*/s/ Steven J. Balick*

Steven J. Balick