# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 6, 2006

The Honorable Joseph J. Farnan, Jr.  VIA ELECTRONIC FILING
United States District Court
844 King Street, Lockbox 27
Wilmington, DE 19801

Re:   *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., et al.,*
      C.A. No. 04-1371-JJF

Dear Judge Farnan:

We write to respond to Power Integrations' letter of yesterday afternoon concerning Fairchild's Motions in Limine (D.I. 358). We respectfully submit that Fairchild's motions are proper, and that adjudication of the issues raised will simplify and streamline the trial.[1]

Fairchild's Motions in Limine ("MILs") do not reargue Fairchild's motions for summary judgment. Instead, Fairchild's MILs properly seek to preclude Power Integrations from introducing specific evidence or advancing arguments that are unsupported by the evidence or are contrary to the law. In contrast, as the Court noted, Fairchild's motions for summary judgment raised questions concerning "the structure and operation of the accused devices and the understanding of those skilled in the art on such issues as the nature of the accused devices and the teachings of the prior art. D.I. 266, p. 3. The topics raised in Fairchild's MILs are proper and appropriate.

Fairchild needed to file 19 motions in limine because Power Integrations refuses to agree to even the most common points of law or evidence. For instance, as the Court has already held, "Power Integrations had no evidence prior to April 18, 2006, that Fairchild's accused devices

---

[1]  Fairchild sincerely apologizes for that fact that its motions were filed 3 hours and 44 minutes after the midnight Friday deadline. However, it is difficult to believe that on Labor Day weekend Power Integrations would have been working on its responses to Fairchild's motions between midnight Friday and 4:40 a.m. Saturday when they were served, so it seems unlikely that Power Integrations was prejudiced by the delay about which it felt compelled to write. Moreover, although Fairchild served its motions on six of Power Integrations' trial counsel via e-mail within an hour of filing, Fairchild's lead counsel did not receive Power Integrations' motions in limine until *hours later*, because Power Integrations did not honor the parties' agreement to serve Fairchild electronically. Notwithstanding the irony of that unmentioned fact, if Power Integrations now feels it needs an extra day to respond, Fairchild has no objection.

The Honorable Joseph J. Farnan, Jr.
September 6, 2006
Page 2

were imported into the United States." (DI 334, p. 3). Despite this, Power Integrations continues to make an $8.5 million damages demand based almost entirely on speculation that some percentage of Fairchild products are imported into the United States. Critically, Power Integrations recently admitted that it has no evidence that *anyone* actually imports these products:

> Q  Are you aware of any direct evidence that any of the accused Fairchild's devices have been imported into the United States between October 20, 2004 and April 18, 2006? . . .
>
> A  *It's not an area that I looked into at all. I have no evidence that there was or wasn't.*

[de Blank Decl., Ex. 3 at 358:15-23; 362:2-4 ("Nobody has asked me to verify whether they have or have not imported them and I do not intend to do so.")]. Even more fundamentally, Power Integrations persists in demanding an additional $32.7 million in damages for devices which are never made, used, offered for sale or sold within the United States, and which Power Integrations concedes are *never* imported into the United States, even by third parties:

> Q. That difference, the $32,690,973 are damages that Power Integrations claims that were not related to parts that were manufactured in the United States, is that correct?
>
> A. That is correct.
>
> Q. And that difference, the $32,690,973, are damages that Power Integrations claims that are not related to parts that are used in the United States by Fairchild?
>
> A. That is correct.
>
> Q. And that difference, the $32,690,973, are damages that Power Integrations claims that are not related to parts that are sold in the United States by Fairchild?
>
> A. That is correct.
>
> Q. And that difference, the $32,690,973, are damages that Power Integrations claims that are not related to parts that were imported into the United States by Fairchild?
>
> A. Yes, that's correct.
>
> * * *
>
> Q. That difference, the $32,690,973, are damages that Power Integrations claims that are not related to parts that have been imported into the United States *by any company*?
>
> A. That's valid, that's correct.

[de Blank Decl., Ex. 3 at 411:21-413:6 (emphasis added)]

These two issues are raised by Fairchild's Motion in Limine Nos. 1 and 2, which seek to exclude this speculation and to prevent the clear prejudice that Fairchild would suffer were such unsupported and unsupportable arguments made.

In addition, these motions in limine address new and different legal issues from those raised during the summary judgment briefing. While claiming a triable issue of fact existed as recently as March, 2006, through the recent August, 2006 deposition and expert report of PI's expert, Mr. Troxel, Power Integrations finally admits no such evidence exists.

> Q. I see. The 18 percent that you assume is imported into the United States, is that importation done by Fairchild?
>
> A. No.
>
> * * *
>
> Q. And are those cell phone chargers into which the Fairchild part has been integrated being imported by Fairchild into the United States?
>
> A. No.

[*Id.*, Ex. 3 at 408:11-14, 409:15-18]

Therefore, Fairchild has moved in limine to preclude Power Integrations from making this factually unsupported and legally incorrect argument – MIL Nos. 1 and 2. Similarly, Power Integrations continues to base its damages calculations on data prior to the filing of the complaint. The Court has repeatedly ruled that this is improper in light of Power Integrations' failure to mark its products, but Power Integrations persists nonetheless. Therefore, Fairchild has no choice but to move in limine on this issue – MIL No. 5.

Power Integrations specifically complains that MILs Nos. 9 and 18 are duplicative of other Fairchild briefs. This is perplexing and untrue. MIL No. 9 seeks to preclude Power Integrations from adding new accused devices – specifically, the FSD210HD – in the few remaining weeks before trial. This was never raised on summary judgment because Power Integrations did not accuse this device before July, 2006. Indeed, Power Integrations moved in limine on this same topic – obviously indicating that Power Integrations agrees that it is appropriate for the Court to decide the issue in limine. MIL No. 18 simply seeks to preclude Power Integrations from offering uncorroborated testimony concerning the conception and reduction to practice of the '075 patent. If Power Integrations can offer independent corroboration (as required by law), the testimony should be permitted. Since Power Integrations has no independent corroboration, however, such testimony should be excluded since it is irrelevant as a matter of law.

Each motion in limine is a direct result of Power Integrations' insistence that it may argue a position that is legally wrong and/or unsupported by admissible evidence. While there is no support for Power Integrations' positions, in many cases the prejudice to Fairchild could not be undone were such improper arguments to be made to the jury.

Fairchild met and conferred with Power Integrations and identified each of these motions in limine days before the motions were filed. Fairchild hoped that Power Integrations would

The Honorable Joseph J. Farnan, Jr.
September 6, 2006
Page 4


stipulate to some or many of these issues and that Fairchild would not be forced to prepare and file so many motions in limine. It is Power Integrations' conduct – not any misconduct by Fairchild – that made these motions necessary.[2]

       Thus, Fairchild respectfully requests that the Court consider each of the motions in limine raised by Fairchild.

                                    Respectfully,

                                    /s/ *Steven J. Balick*

                                  Steven J. Balick

SJB/dmf
172841.1

c:      William J. Marsden, Jr. Esquire (by hand)
        Frank E. Scherkenbach, Esquire (by electronic mail)
        Howard G. Pollack, Esquire (by electronic mail)
        G. Hopkins Guy, III, Esquire (by electronic mail)

---

[2] While Power Integrations mentions three times in its 14-line letter that Fairchild's submission is 60 pages long – presumably because it sounds facially violative of the local rules' 40-page limit for opening briefs – in fairness, Fairchild's filing is not a 60-page brief at all. It is 60 pages of support for 19 motions, combined into a single document in the belief that such a document would be more convenient for the Court than 19 separate filings (every one of which would have been far shorter than the 40-page limit).