# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 8, 2006

The Honorable Joseph J. Farnan, Jr.  **VIA E-FILING**
U.S. District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re:  *Power Integrations, Inc. v. Fairchild Semiconductor International*
C.A. No. 04-1371 JJF

Dear Judge Farnan:

This letter responds to Power Integrations' ("PI") improper motion for reconsideration regarding the Court's August 22 Order (D.I. 330) granting Fairchild's Motion to Compel Power Integrations to Provide "Pared Down" Infringement Contentions For Trial.

PI's motion for reconsideration offers no new facts or law and should be denied. As PI recognizes, this is its second improper motion for reconsideration. In denying the first such motion, the Court observed:

> The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of the motion for reconsideration is not to "rehash arguments already briefed." Dentsply Int'l, Inc. v. Kerr Mfg. Co., 42 F. Supp. 2d 385, 419 (D. Del. 1999). In order to succeed, the party requesting reconsideration must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d at 677. "As a general rule, motions for reconsideration should be granted 'sparingly.'" Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991)

[D.I. 329 at p. 2-3]

The Honorable Joseph J. Farnan, Jr.
September 8, 2006
Page 2


PI offers no new law, attaches the same exhibit that was submitted and available when the Court made its decision,[1] and does not even assert that there is a need to correct a clear error of law or fact or any manifest injustice. Rather, PI simply rehashes exactly the same arguments it briefed on the motion to compel. [*See* D.I. 298]  Therefore, because PI does not meet any of the requirements for a motion for reconsideration, the motion should be denied.

Any modification of the Court's August 22 Order will severely prejudice Fairchild. As Fairchild set forth in the underlying motion to compel, despite this Court's Order at the May 31 pretrial conference that PI was to narrow and make clear to Fairchild the claims, products and product groupings that will be asserted at trial, PI refused to do so and violated the Court's Order. [*See* D.I. 291]  Fairchild did not immediately move to compel but instead repeatedly asked PI to comply. PI continued to refuse to comply or work in good faith to narrow the case. PI now attempts to negotiate with the Court. Fairchild requested negotiation of this issue months ago, in light of the Court's prior order, so that it could prepare for trial. But PI refused to meaningfully discuss the issue and instead forced Fairchild to file the motion to compel. Having done so, it may not now start the process over again. Indeed, by letter of August 29, 2006 PI has *finally* set forth its asserted claims and product groupings. With trial to begin in three weeks, it would be extremely prejudicial to allow PI to change its assertions yet again, at this late date.

PI's motion for reconsideration is wholly improper and lacks any valid basis, therefore Fairchild respectfully requests that it be denied.

Respectfully,

*/s/ John G. Day*

John G. Day

JGD
c:   William J. Marsden, Jr., Esquire
     G. Hopkins Guy, III, Esquire
     Frank E. Scherkenbach, Esquire

172991.1

---

[1] PI admits this in its brief. The exhibit to PI's motion for reconsideration was Exhibit D to its underlying briefing on the motion to compel. [D.I. 298 at Ex. D]