# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

POWER INTEGRATIONS, INCORPORATED,
Plaintiff,                                    **SUBPOENA IN A CIVIL CASE**

V.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND Case Number:[1] 04-1371-JJF
FAIRCHILD SEMICONDUCTOR COPRORATION, Defendants.        District of Delaware

TO: Howard Earhart
    20680 Marion Road
    Saratoga, CA 95070

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025 | DATE AND TIME August 24, 2006 at 9:30 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Documents described in accompanying Schedule A to Subpoena Duces Tecum to Howard Earhart

| PLACE Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025 | DATE AND TIME August 18, 2006 at 9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Bas de Blank | 8/7/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bas de Blank, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025    650.614.7400
Attorney for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE: |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| SIGNATURE OF SERVER |
|---|

| ADDRESS OF SERVER |
|---|

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which t trial is held, or

(iii) requires disclosure of privileged or other protected matter and n exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion information not describing specific events or occurrences in dispute and resulti from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party incur substantial expense to travel more than 100 miles to attend trial, the cou may, to protect a person subject to or affected by the subpoena, quash or modi the subpoena; or, if the party in who behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met witho undue hardship and assures that the person to whom the subpoena is address will be reasonably compensated, the court may order appearance or producti only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produ them as they are kept in the usual course of business or shall organize and lab them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it privileged or subject to protection as trial preparation materials, the claim shall made expressly and shall be supported by a description of the nature of t documents, communications, or things not produced that is sufficient to enable t demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a

Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., AND
FAIRCHILD SEMICONDUCTOR
CORPORATION

Defendant.

C.A. No. 04-1371-JJF

## NOTICE OF DEPOSITION AND SUBPOENA OF HOWARD EARHART PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corporation will take the oral deposition of Howard Earhart, at the offices of Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025, beginning at 9:30 A.M. on August 24, 2006, continuing day to day until complete.

NOTICE IS FURTHER GIVEN THAT the deposition will be recorded stenographically through instant visual display of testimony (real-time), by certified shorthand reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. This deposition will be videotaped.

NOTICE IS FURTHER GIVEN THAT Mr. Earhart is instructed to produce documents, identified in the attached Subpoena, at the offices of Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025, by 9:30 A.M. on August 18, 2006.

Dated:  August 4, 2006

ASHBY & GEDDES

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, DE  19899
Tel: (302) 654-1888

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

OF COUNSEL:

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____

G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
1000 Marsh Road
Menlo Park, CA  94025
Tel: (650) 614-7400

Notice of Subpoena of Howard Earhart
C.A. NO. 04-1371-JJF

1

## ATTACHMENT A

2      Pursuant to Federal Rule of Civil Procedure 45, Defendants Fairchild

3 Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively,

4 "Fairchild") hereby requests that Howard Earhart produce and allow inspection and copying of

5 the following documents and things requested herein at the offices of Orrick, Herrington &

6 Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA  94025, at the date and time specified in the

7 attached subpoena in accordance with the Federal Rules of Civil Procedure (and the following

8 Definitions and Instructions).

9

## DEFINITIONS AND INSTRUCTIONS

10      A.      In responding to the present subpoena duces tecum, you are required to furnish

11 such information as is available to you, including but not limited to information in the possession

12 of your agents, representatives, or any other person or persons acting on your behalf.

13      2.      "Fairchild" as used herein refers to Fairchild Semiconductor International,

14 Inc. and Fairchild Semiconductor Corp.

15      3.      "Power Integrations" as used herein refers to Power Integrations, Inc. and

16 its subsidiaries, divisions, affiliates, successors, predecessors, and any employees, officers,

17 directors, attorneys, agents, associates, or representatives thereof.

18      4.      The terms "person" and "persons" as used herein refers to both natural

19 persons and legal entities, including, without limitation corporations, companies, firms,

20 partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

21 Unless noted otherwise, references to any person, entity or party herein include its, his, or her

22 agents, attorneys, employees, employers, officers, directors, or others acting on behalf of said

23 person, entity, or party.

24      5.      "Document(s)" as used herein is used in its broadest sense and includes,

25 without limitation, the original and all non-identical copies (including drafts and those with any

26 notations) of all "documents," "writings," "recordings," and "photographs" of the types

27 designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal

28 Rules of Evidence, and includes materials in digital forms.  The term "document(s)" includes but

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

NOTICE OF SUBPOENA OF HOWARD EARHART
C.A. No. 04-1371-JJF

1  is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar,

2  newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary,

3  receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit

4  report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index,

5  tape (audio or visual), microfilm, data sheet, e-mail and all other electronic and digital forms of

6  communication, however produced.

7          6.          "Thing" as used herein refers to any physical object other than a

8  "document."

9          7.          "Communication" as used herein refers to any contact, oral or

10 documentary, formal or informal, at any place or under any circumstances whatsoever whereby

11 information of any nature is transmitted or transferred, including, without limitation, a single

12 person seeing or hearing any information by any means.

13         8.          "Concerning" as used herein refers to referring to, relating to, pertaining to,

14 relevant to, material to, embodying, evidencing, affecting, comprising, discussing, dealing with,

15 supporting, contradicting or otherwise considering in any manner whatsoever the subject matter

16 of the inquiry.

17         9.          "Any" and "all" as used herein refer to and include the other; the terms

18 "and" and "or" shall each mean and include the other, and the singular form of any word and the

19 plural form of the word shall each mean and include the other.

20         10.         If you object to the production of any document on the grounds that it is

21 protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

22 privilege, you are requested to identify each document for which the privilege is claimed and give

23 all information required by applicable case law, including but not limited to the following:

24             a.      the name of the writer, sender, or initiator of each copy of the document;

25             b.      the name of the recipient, addressee, or party to whom any copy of the

26                     document was sent;

27             c.      the date of each copy of the document, if any, or an estimate of its date;

28             d.      a statement of the basis for the claim of privilege; and

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

NOTICE OF SUBPOENA OF HOWARD EARHART
C.A. No. 04-1371-JJF

-2-

1        e.     a description of the document sufficient for the Court to rule on the

2              applicability and appropriateness of the claimed privilege.

3              **LIST OF DOCUMENTS TO BE PRODUCED**

4       1.        All documents relating to any restatement of material changes to Power

5  Integrations' financial statements for its fiscal years ended December 31, 2004 and December 31,

6  2005.

7       2.        All documents relating to Power Integrations' internal investigation of

8  company practices related to stock option grants to officers and directors and related matters

9  including, but not limited to, all reports, notes, conclusions, or resolutions of Power Integrations'

10  Board of Directors and its Audit and Compensation Committees.

11       3.        All documents concerning any external investigations of Power

12  Integrations' practices related to stock option grants to officers and directors and related matters

13  including, but not limited to, any investigation or inquiry of Power Integrations by the Securities

14  and Exchange Commission (the "SEC") or the U.S. Attorney's Office for the Northern District of

15  California ("DOJ").

16       4.        All documents concerning the amount and dates of all stock options grants

17  by Power Integrations to each of its employees, officers, and directors, including, but not limited

18  to, Balu Balakrishnan, Bruce Renouard, Derek Bell, Clifford J. Walker, John Tomlin, Howard

19  Earhart, and John Cobb.

20       5.        All documents relating to your departure from Power Integrations,

21  including, but not limited to, documents concerning the decision to leave, when that decision was

22  made, the terms and conditions of your departure, as well as documents relating to any severance

23  package or buyout received.

24

US_WEST:260037136.1

25

26

27

28

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

-3-

NOTICE OF SUBPOENA OF HOWARD EARHART
C.A. No. 04-1371-JJF

# EXHIBIT B

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

POWER INTEGRATIONS, INCORPORATED,
    Plaintiff,       **SUBPOENA IN A CIVIL CASE**
   V.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND Case Number:¹ 04-1371-JJF
FAIRCHILD SEMICONDUCTOR COPRORATION, Defendants.    District of Delaware

TO: John Cobb
  370 Ambar Way
  Menlo Park, CA 94025

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025 | August 23, 2006 at 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Documents described in accompanying Schedule A to Subpoena Duces Tecum to John Cobbt

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025 | August 18, 2006 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

 Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Bas de Blan (signature) | 8/4/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bas de Blank, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025   650.614.7400
Attorney for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE<br>    SERVED: | PLACE |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information containe in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which t trial is held, or

(iii) requires disclosure of privileged or other protected matter and n exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research information not describing specific events or occurrences in dispute and resulti from the expert's study made not at the request of any party, or

(ii) requires disclosure of an unretained expert's opinion information not describing specific events or occurrences in dispute and result from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the cou may, to protect a person subject to or affected by the subpoena, quash or modif the subpoena, or, if the party in who behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met witho undue hardship and assures that the person to whom the subpoena is address will be reasonably compensated, the court may order appearance or producti only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produ them as they are kept in the usual course of business or shall organize and lab them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it privileged or subject to protection as trial preparation materials, the claim shall made expressly and shall be supported by a description of the nature of t documents, communications, or things not produced that is sufficient to enable t demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a

    Plaintiff,

    v.                                                    C.A. No. 04-1371-JJF

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., AND
FAIRCHILD SEMICONDUCTOR
CORPORATION

    Defendant.

## NOTICE OF DEPOSITION AND SUBPOENA OF JOHN COBB PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corporation will take the oral deposition of John Cobb, at the offices of Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025, beginning at 9:30 A.M. on August 23, 2006, continuing day to day until complete.

NOTICE IS FURTHER GIVEN THAT the deposition will be recorded stenographically through instant visual display of testimony (real-time), by certified shorthand reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. This deposition will be videotaped.

NOTICE IS FURTHER GIVEN THAT Mr. Cobb is instructed to produce documents, identified in the attached Subpoena, at the offices of Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025, by 9:30 A.M. on August 18, 2006.

Dated: August 4, 2006

ASHBY & GEDDES

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue
17ᵗʰ Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

OF COUNSEL:

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____

G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400

- 2 -

## ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45, Defendants Fairchild
Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively,
"Fairchild") hereby requests that John Cobb produce and allow inspection and copying of the
following documents and things requested herein at the offices of Orrick, Herrington & Sutcliffe
LLP, 1000 Marsh Road, Menlo Park, CA 94025, at the date and time specified in the attached
subpoena in accordance with the Federal Rules of Civil Procedure (and the following Definitions
and Instructions).

## DEFINITIONS AND INSTRUCTIONS

A.    In responding to the present subpoena duces tecum, you are required to furnish
such information as is available to you, including but not limited to information in the possession
of your agents, representatives, or any other person or persons acting on your behalf.

2.    "Fairchild" as used herein refers to Fairchild Semiconductor International,
Inc. and Fairchild Semiconductor Corp.

3.    "Power Integrations" as used herein refers to Power Integrations, Inc. and
its subsidiaries, divisions, affiliates, successors, predecessors, and any employees, officers,
directors, attorneys, agents, associates, or representatives thereof.

4.    The terms "person" and "persons" as used herein refers to both natural
persons and legal entities, including, without limitation corporations, companies, firms,
partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.
Unless noted otherwise, references to any person, entity or party herein include its, his, or her
agents, attorneys, employees, employers, officers, directors, or others acting on behalf of said
person, entity, or party.

5.    "Document(s)" as used herein is used in its broadest sense and includes,
without limitation, the original and all non-identical copies (including drafts and those with any
notations) of all "documents," "writings," "recordings," and "photographs" of the types
designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal
Rules of Evidence, and includes materials in digital forms. The term "document(s)" includes but

1  is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar,

2  newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary,

3  receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit

4  report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index,

5  tape (audio or visual), microfilm, data sheet, e-mail and all other electronic and digital forms of

6  communication, however produced.

7      6.      "Thing" as used herein refers to any physical object other than a

8  "document."

9      7.      "Communication" as used herein refers to any contact, oral or

10 documentary, formal or informal, at any place or under any circumstances whatsoever whereby

11 information of any nature is transmitted or transferred, including, without limitation, a single

12 person seeing or hearing any information by any means.

13     8.      "Concerning" as used herein refers to referring to, relating to, pertaining to,

14 relevant to, material to, embodying, evidencing, affecting, comprising, discussing, dealing with,

15 supporting, contradicting or otherwise considering in any manner whatsoever the subject matter

16 of the inquiry.

17     9.      "Any" and "all" as used herein refer to and include the other; the terms

18 "and" and "or" shall each mean and include the other, and the singular form of any word and the

19 plural form of the word shall each mean and include the other.

20     10.     If you object to the production of any document on the grounds that it is

21 protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

22 privilege, you are requested to identify each document for which the privilege is claimed and give

23 all information required by applicable case law, including but not limited to the following:

24          a.   the name of the writer, sender, or initiator of each copy of the document;

25          b.   the name of the recipient, addressee, or party to whom any copy of the

26               document was sent;

27          c.   the date of each copy of the document, if any, or an estimate of its date;

28          d.   a statement of the basis for the claim of privilege; and

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

NOTICE OF SUBPOENA OF JOHN COBB
C.A. No. 04-1371-JJF

-2-

e.     a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

### LIST OF DOCUMENTS TO BE PRODUCED

1.     All documents relating to any restatement of material changes to Power Integrations' financial statements for its fiscal years ended December 31, 2004 and December 31, 2005.

2.     All documents relating to Power Integrations' internal investigation of company practices related to stock option grants to officers and directors and related matters including, but not limited to, all reports, notes, conclusions, or resolutions of Power Integrations' Board of Directors and its Audit and Compensation Committees.

3.     All documents concerning any external investigations of Power Integrations' practices related to stock option grants to officers and directors and related matters including, but not limited to, any investigation or inquiry of Power Integrations by the Securities and Exchange Commission (the "SEC") or the U.S. Attorney's Office for the Northern District of California ("DOJ").

4.     All documents concerning the amount and dates of all stock options grants by Power Integrations to each of its employees, officers, and directors, including, but not limited to, Balu Balakrishnan, Bruce Renouard, Derek Bell, Clifford J. Walker, John Tomlin, Howard Earhart, and John Cobb.

5.     All documents relating to your departure from Power Integrations, including, but not limited to, documents concerning the decision to leave, when that decision was made, the terms and conditions of your departure, as well as documents relating to any severance package or buyout received, including, but not limited to, the "Confidential Resignation Agreement and General Release of Claims" between you and Power Integrations.

US_WEST:260042724.2

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

-3-

NOTICE OF SUBPOENA OF JOHN COBB
C.A. No. 04-1371-JJF

# EXHIBIT C

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT D



## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

*tel* 650-614-7400
*fax* 650-614-7401

WWW.ORRICK.COM

May 23, 2006

**Brian H. VanderZanden**
**(650) 614-7629**
bvanderzanden@orrick.com

*VIA MAIL AND FACSIMILE*

Michael R. Headley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94036

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

I write in response to your letter of May 22, 2006. Fairchild has determined that 2,730,000 FSD210HD die were manufactured within the U.S. and shipped to customers in Korea between 10-19-2005 and 3-27-06. No other accused products were manufactured in the U.S., and the FSD210HD die are not currently being manufactured in the U.S. The enclosed CD contains a database of manufacture and ship data for the FSD210HD, which Fairchild will also produce in TIFF format. Fairchild will supplement its response to Interrogatory No. 8 to reflect this information.

Sincerely,

*B. VanderZanden*

Brian H. VanderZanden

Enclosure

BHV:ma5

cc:    William J. Marsden, Jr.
       Howard G. Pollack

US_WEST:260023754.1

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

## POWER INTEGRATIONS' SECOND NOTICE OF DEPOSITION OF FAIRCHILD PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Plaintiff Power Integrations, Inc. ("Power Integrations"), by its counsel,

will take the deposition of Defendants Fairchild Semiconductor Corporation and

Fairchild Semiconductor International, Inc. ("Fairchild") beginning July 26, 2006, at 9:00

a.m., at the offices of Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood

City, CA 94063, or at such other location and time as the parties shall agree, or at such

other time and place as the parties agree upon. The deposition will be taken upon oral

examination before an official authorized by law to administer oaths and will continue

from day to day until completed. Testimony of the witnesses will be stenographically

recorded and may be videotaped.

Fairchild shall identify and designate one or more officers, directors, managing

agents or other knowledgeable persons to testify on its behalf regarding the subject matter

identified in Schedule A. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, the persons designated by Fairchild should be prepared to testify as to such matters known or reasonably available to Fairchild.

Fairchild is requested to provide Power Integrations' counsel, on or before Wednesday, July 12, 2006, a written designation of the names and positions of the officer(s), director(s), managing agent(s) or other person(s) who are most competent to testify concerning the matters set forth in Attachment A, and for each person designated, the matters on which he or she will testify.

Dated: July 10, 2006                    FISH & RICHARDSON P.C.


By: _____
    William J. Marsden, Jr. (#2247)
    Sean P. Hayes (#4413)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE  19899-1114
    Telephone: (302) 652-5070
    Facsimile:  (302) 652-0607

    Frank E. Scherkenbach
    225 Franklin Street
    Boston, Massachusetts 02110-2804
    Telephone: (617) 542-5070
    Facsimile:  (617) 542-8906

    Howard G. Pollack
    Michael R. Headley
    500 Arguello Street, Suite 500
    Redwood City, California 94063
    Telephone: (650) 839-5070
    Facsimile:  (650) 839-5071

    Attorneys for Plaintiff
    POWER INTEGRATIONS, INC.

50359165.doc

2

## SECOND 30(B)(6) NOTICE OF DEPOSITION OF FAIRCHILD

### SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1.    "Power Integrations" means Power Integrations Inc., individually and collectively, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Power Integrations and others acting on behalf of Power Integrations.

2.    "Fairchild" means Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation, individually and collectively, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Fairchild and others acting on behalf of Fairchild.

3.    "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Fairchild's actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence.  Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

4.    "Person" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

5.    "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or assemblage of components/parts (either individually or collectively), which are designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, or under development.

6.    "Any" and "all" shall be construed to mean both any and all.

Fairchild is requested to promptly notify Power Integrations, in writing, of the name, address, telephone number, capacity and job title of each person designated to testify and the matters on which each person will testify.  Fairchild is requested to designate one or more officers, directors, managing agents, employees or other persons most knowledgeable on the following deposition topics:

## DEPOSITION TOPICS

I.    MANUFACTURING IN THE UNITED STATES

TOPIC NO. 44:

The manufacture and arrangements for manufacture of any accused Fairchild product(s) in the United States, including the 2,730,000 FSD210 devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

TOPIC NO. 45:

The distribution, sale, and/or downstream delivery of any accused Fairchild product(s) manufactured in the United States, including the 2,730,000 FSD210 devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

///

///

2

TOPIC NO. 46:

The need for and/or decision to manufacture any accused Fairchild product(s) in the United States, including the 2,730,000 FSD210 devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

TOPIC NO.47:

Documents concerning the manufacture, distribution, sale, and/or downstream delivery of any accused Fairchild product(s) manufactured in the United States, including the 2,730,000 FSD210 devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

TOPIC NO. 48:

Communications with third parties regarding any accused Fairchild product(s) manufactured in the United States, including the 2,730,000 FSD210 devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

TOPIC NO. 49:

The identity of all persons involved in the manufacture, distribution, sale, and/or downstream delivery of any accused Fairchild product(s) manufactured in the United States, including the 2,730,000 FSD210 devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

TOPIC NO. 50:

The identity, location, custody, and control of all documents concerning the topics listed in Topic Nos. 44-48.

50359166.doc

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2006, I served, via facsimile and United States

Postal Service, **POWER INTEGRATIONS' SECOND NOTICE OF DEPOSITION**

**OF FAIRCHILD PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE**

**30(b)(6)** on the following:

G. Hopkins Guy, III                     Attorneys for Defendants
Bas de Blank                            FAIRCHILD SEMICONDUCTOR
Orrick, Herrington & Sutcliffe, LLP     INTERNATIONAL, INC. and
1000 Marsh Road                         FAIRCHILD SEMICONDUCTOR
Menlo Park, CA 94025                    CORPORATION

I hereby certify that on July 10, 2006, I have mailed by United States Postal

Service, the document(s) to the following:

Steven J. Balick, Esq.                  Attorneys for Defendants
John G. Day, Esquire                    FAIRCHILD SEMICONDUCTOR
Ashby & Geddes                          INTERNATIONAL, INC. and
222 Delaware Avenue, 17th Floor         FAIRCHILD SEMICONDUCTOR
P. O. Box 1150                          CORPORATION
Wilmington, DE 19899

Michael R. Headley

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

## POWER INTEGRATIONS' THIRD NOTICE OF DEPOSITION
## OF FAIRCHILD PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Plaintiff Power Integrations, Inc. ("Power Integrations"), by its counsel,

will take the deposition of Defendants Fairchild Semiconductor Corporation and

Fairchild Semiconductor International, Inc. ("Fairchild") beginning July 26, 2006, at 9:00

a.m., at the offices of Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood

City, CA  94063, or at such other location and time as the parties shall agree, or at such

other time and place as the parties agree upon.  The deposition will be taken upon oral

examination before an official authorized by law to administer oaths and will continue

from day to day until completed.  Testimony of the witnesses will be stenographically

recorded and may be videotaped.

Fairchild shall identify and designate one or more officers, directors, managing

agents or other knowledgeable persons to testify on its behalf regarding the subject matter

identified in Schedule A.  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, the persons designated by Fairchild should be prepared to testify as to such matters known or reasonably available to Fairchild.

Fairchild is requested to provide Power Integrations' counsel, on or before Wednesday, July 21, 2006, a written designation of the names and positions of the officer(s), director(s), managing agent(s) or other person(s) who are most competent to testify concerning the matters set forth in Attachment A, and for each person designated, the matters on which he or she will testify.

Dated: July 15, 2006                FISH & RICHARDSON P.C.


By: _____
    William J. Marsden, Jr. (#2247)
    John Horvath (#4457)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Telephone: (302) 652-5070
    Facsimile: (302) 652-0607

    Frank E. Scherkenbach
    225 Franklin Street
    Boston, Massachusetts 02110-2804
    Telephone: (617) 542-5070
    Facsimile: (617) 542-8906

    Howard G. Pollack
    Michael R. Headley
    500 Arguello Street, Suite 500
    Redwood City, California 94063
    Telephone: (650) 839-5070
    Facsimile: (650) 839-5071

    Attorneys for Plaintiff
    POWER INTEGRATIONS, INC.

50359358.doc

2

## THIRD 30(B)(6) NOTICE OF DEPOSITION OF FAIRCHILD

### SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1.     "Power Integrations" means Power Integrations Inc., individually and collectively, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Power Integrations and others acting on behalf of Power Integrations.

2.     "Fairchild" means Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation, individually and collectively, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Fairchild and others acting on behalf of Fairchild.

3.     "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Fairchild's actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence.  Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

4.    "Person" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

5.    "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or assemblage of components/parts (either individually or collectively), which are designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, or under development.

6.    "Any" and "all" shall be construed to mean both any and all.

Fairchild is requested to promptly notify Power Integrations, in writing, of the name, address, telephone number, capacity and job title of each person designated to testify and the matters on which each person will testify.  Fairchild is requested to designate one or more officers, directors, managing agents, employees or other persons most knowledgeable on the following deposition topics:

## DEPOSITION TOPICS

## I.    MANUFACTURING IN THE UNITED STATES AND THE FSD210HD

TOPIC NO. 51:

Fairchild's search for relevant documents concerning the manufacture, arrangements for manufacture, distribution, sale, and/or downstream delivery of any accused Fairchild product(s) manufactured in the United States, including the 2,730,000 FSD210HD devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

TOPIC NO. 52:

The structure, function, and operation of the Fairchild FSD210HD, including the differences, if any, between the FSD210HD and the FSD210 as described during the deposition of K.O. Jang.

50359360.doc

2

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO           3741
CONNECTION TEL               16506147401
CONNECTION ID
ST. TIME           07/15 19:53
USAGE T            02'12
PGS. SENT          7
RESULT             OK
```

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Date    July 15, 2006

To      Bas de Blank
        Orrick, Herrington & Sutcliffe LLP
        1000 Marsh Road
        Menlo Park, CA 94025
        Telephone: (650) 614-7400

Facsimile number    10256-00453531 / (650) 614-7401

From    Michael R. Headley

Re      Power Integrations Inc. v. Fairchild Semiconductor International

Number of pages
including this page    7

Message

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a Delaware
corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION,
a Delaware corporation,

        Defendants.

C.A. No. 04-1371

## DEFENDANTS FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND FAIRCHILD SEMICONDUCTOR CORPORATION'S RESPONSE AND OBJECTIONS TO TOPIC NOS. 44-52 OF POWER INTEGRATIONS, INC.'S SECOND AND THIRD NOTICES OF DEPOSITION

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants Fairchild

Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild")

hereby respond and object to Plaintiff Power Integrations, Inc.'s ("Power Integrations") Second

and Third Notices of Deposition of Fairchild Semiconductor International, Inc. Pursuant to

Federal Rule of Civil Procedure 30(b)(6) ("Notice"). These responses and objections are made

according to the Federal Rules of Civil Procedure and the Local Rules of the United State

District Court for the District of Delaware and are based on information presently available to

Fairchild. These responses and objections made are without prejudice to Fairchild's right to use

or rely on subsequently discovered information or information made more relevant by discovery

received by Power Integrations, positions taken by the parties, or rulings by the Court. These

responses and objections are also made without prejudice to Fairchild's right to respond and

object to Power Integrations' topics prior to or at those depositions.

## GENERAL OBJECTIONS

1.    Fairchild objects to each topic to the extent that it seeks information protected by

the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.    Fairchild objects to the Notice to the extent that it purports to impose a burden or obligation on Fairchild greater than that set forth in the Federal Rules of Civil Procedure, the Delaware Local Rules, and any Orders of the Court.

3.    Fairchild objects to each topic to the extent that it purports to seek damages related information prior to the filing of the Complaint. Fairchild will not provide testimony concerning sales or other damages related issues prior to October 20, 2004.

4.    Fairchild objects that Power Integrations' definition of "Power Integrations" is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information. Further, the definition is vague and ambiguous as Fairchild has no way to determine who Power Integrations' "predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Power Integrations and others acting on behalf of Power Integrations" are. For the purpose of responding to these interrogatories, Fairchild will interpret "Power Integrations" to refer to Plaintiff Power Integrations, Inc.

5.    Fairchild objects that Power Integrations' definition of "Fairchild" is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information, particularly to the extent that it purports to require information not in Fairchild's possession, custody, or control.

6.    Fairchild objects to Power Integrations' definition of "product" as overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information.

7.    Fairchild objects to Power Integrations' use of the term "accused Fairchild product(s)" as being vague and ambiguous, particularly since Fairchild has recently filed a Motion to Compel seeking that Power Integrations define this term. Power Integrations has listed one set of "accused Fairchild product(s)" in Appendix 2 to its damages expert's report, and listed another set of "accused Fairchild product(s)" in a July 13, 2006 letter sent to Bas de Blank.

-2-

Fairchild objects to the latter list, especially to the extent that it includes Fairchild products not listed in the former list, and to the extent that it includes products that have not been accused until the date of that letter. Fairchild therefore does not agree to any definition of "accused Fairchild product(s)" until its Motion is decided. Subject to and without waiving these objections, and for purposes of this discovery only, Fairchild will respond for all products listed on the two lists, which include the following products: FAN7601, FSCM0565R, FSCM0765R, FSD200, FSD200B, FSD210, FSD210B, FSD210H, FSD211, FSD500, FSDH321, FSDH321L, FSDH565, FSDH0165, FSDH0265RL, FSDH0265RN, FSD0265RLB, FSDH0265RNB, FSDL321, FSDL0165RL, FSDL0165RN, FSDL0365RL, FSDL0365RN, FSDL0365RNB, FSDM311, FSDM0265RL, FSDM0265RLB, FSDM0265RN, FSDM0265RNB, FSD0365RLB, FSDM0365RNB, FSDM0565, FSDM0565R, FSDM07653, FSDM07652R, FSD210HD, FSDL321L, FSDH321L, FSD210H, FSD210HD, FSDL321L, FSDL0365RLB, FSDM07652, and FSDH565.

Fairchild incorporates its General Objections into each response set forth below. Fairchild may repeat an objection for emphasis or some other purpose but the failure to repeat a General Objection does not waive any other General Objection to the topic.

## TOPIC NO. 44:

The manufacture and arrangements for manufacture of any accused Fairchild product(s) in the United States, including the 2,730,000 FSD210 devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

## RESPONSE TO TOPIC NO. 44:

Fairchild objects that Topic No. 44 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information about the manufacture of Fairchild products prior to October 20, 2004. The Topic is also vague and ambiguous, particularly with respect to what is meant by "arrangements for manufacture" and "accused Fairchild product(s)."

Subject to the foregoing general and specific objections, Fairchild responds as follows:

- 3 -

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Fairchild will designate a witness on Fairchild's behalf to testify about its manufacture of what Fairchild understands to be the accused products in the United States since the filing of the complaint.

## TOPIC NO. 45:

The distribution, sale, and/or downstream delivery of any accused Fairchild product(s) manufactured in the United States, including the 2,730,000 FSD210 devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

## RESPONSE TO TOPIC NO. 45:

Fairchild objects that Topic No. 45 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information about the distribution and sale of Fairchild products prior to October 20, 2004. The Topic is also vague and ambiguous, particularly with respect to what is meant by "downstream delivery" and "accused Fairchild product(s)."

Subject to the foregoing general and specific objections, Fairchild responds as follows: Pursuant to Federal Rule of Civil Procedure 30(b)(6), Fairchild will designate a witness on Fairchild's behalf to testify about its distribution, sale, and delivery of what Fairchild understands to be the accused products in the United States since the filing of the complaint.

## TOPIC NO. 46:

The need for and/or decision to manufacture any accused Fairchild product(s) in the United States, including the 2,730,000 FSD210 devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

## RESPONSE TO TOPIC NO. 46:

Fairchild objects that Topic No. 46 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information about the manufacture of Fairchild products prior to October 20, 2004. The Topic is also vague and

-4-

ambiguous, particularly with respect to what is meant by "need for" and "accused Fairchild product(s)."

    Subject to the foregoing general and specific objections, Fairchild responds as follows: Pursuant to Federal Rule of Civil Procedure 30(b)(6), Fairchild will designate a witness on Fairchild's behalf to testify about its decision to manufacture what Fairchild understands to be the accused products in the United States since the filing of the complaint.

## TOPIC NO. 47:

    Documents concerning the manufacture, distribution, sale, and/or downstream delivery of any accused Fairchild product(s) manufactured in the United States, including the 2,730,000 FSD210 devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

## RESPONSE TO TOPIC NO. 47:

    Fairchild objects that Topic No. 47 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information about unidentified documents concerning the manufacture, distribution, or sale of Fairchild products prior to October 20, 2004. The Topic is also vague and ambiguous, particularly with respect to what is meant by "downstream delivery" and "accused Fairchild product(s)."

    Subject to the foregoing general and specific objections, Fairchild responds as follows: Pursuant to Federal Rule of Civil Procedure 30(b)(6), Fairchild will designate a witness on Fairchild's behalf to testify about documents concerning the manufacture, distribution, and sale of what Fairchild understands to be the accused products in the United States since the filing of the complaint.

## TOPIC NO. 48:

    Communications with third parties regarding any accused Fairchild products(s) manufactured in the United States, including the 2,730,000 FSD210 devices manufactured in the

United States and shipped to customers in Korea during the course of this litigation.

**RESPONSE TO TOPIC NO. 48:**

Fairchild objects that Topic No. 48 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information about communications concerning the manufacture, distribution, or sale of Fairchild products prior to October 20, 2004. The Topic is also overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent it seeks information concerning all communications with third parties, and not just communications limited to U.S. manufacture, distribution, and sale. The Topic is also vague and ambiguous, particularly with respect to what is meant by "accused Fairchild product(s)." Fairchild further objects to this Topic to the extent that it seeks information protected by any attorney-client or work product privileges.

Subject to the foregoing general and specific objections, Fairchild responds as follows: Pursuant to Federal Rule of Civil Procedure 30(b)(6), Fairchild will designate a witness on Fairchild's behalf to testify about its communications with third parties concerning the manufacture, distribution, and sale of what Fairchild understands to be the accused products in the United States since the filing of the complaint.


**TOPIC NO. 49:**

The identity of all persons involved in the manufacture, distribution, sale, and/or downstream delivery of any accused Fairchild product(s) manufactured in the United States, including the 2,730,000 FSD210 devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

**RESPONSE TO TOPIC NO. 49:**

Fairchild objects that Topic No. 49 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information about documents concerning the manufacture, distribution, or sale of Fairchild products prior to October 20, 2004. The Topic is also overbroad to the extent that it seeks the identity of "all

US_WEST:260058314.1

persons involved." The Topic is also vague and ambiguous, particularly with respect to what is meant by "accused Fairchild product(s)."

Subject to the foregoing general and specific objections, Fairchild responds as follows: Pursuant to Federal Rule of Civil Procedure 30(b)(6), Fairchild will designate a witness on Fairchild's behalf to testify about the identity of persons responsible for the manufacture, distribution, and sale of what Fairchild understands to be the accused products in the United States since the filing of the complaint.

## TOPIC NO. 50:

The identity, location, custody, and control of all documents concerning the topics listed in Topic Nos. 44-48.

## RESPONSE TO TOPIC NO. 50:

Fairchild objects that Topic No. 50 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information about documents concerning the manufacture, distribution, or sale of Fairchild products prior to October 20, 2004. The Topic is further overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information about "all documents." Fairchild also incorporates its specific objections made to Topic Nos. 44-48.

Subject to the foregoing general and specific objections, Fairchild responds as follows: Pursuant to Federal Rule of Civil Procedure 30(b)(6), Fairchild will designate a witness on Fairchild's behalf to testify about the identity, location, custody, and control of documents concerning the manufacture, distribution, and sale of what Fairchild understands to be the accused products in the United States since the filing of the complaint.

## TOPIC NO. 51:

Fairchild's search for relevant documents concerning the manufacture, arrangements for manufacture, distribution, sale, and/or downstream delivery of any accused Fairchild product(s)

- 7 -

manufactured in the United States, including the 2,730,000 FSD210HD devices manufactured in the United States and shipped to customers in Korea during the course of this litigation.

**RESPONSE TO TOPIC NO. 51:**

Fairchild objects that Topic No. 51 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information about documents concerning the manufacture, distribution, or sale of Fairchild products prior to October 20, 2004. The Topic is also vague and ambiguous, particularly with respect to what is meant by "arrangements for manufacture," "downstream delivery," and "accused Fairchild product(s)." Fairchild further objects to this Topic to the extent that it seeks information protected by any attorney-client or work product privileges.

Subject to the foregoing general and specific objections, Fairchild responds as follows: Pursuant to Federal Rule of Civil Procedure 30(b)(6), Fairchild will designate a witness on Fairchild's behalf to testify about its search for relevant documents concerning the manufacture, distribution, and sale of what Fairchild understands to be the accused products in the United States since the filing of the complaint.

**TOPIC NO. 52:**

The structure, function, and operation of the Fairchild FSD210HD, including the differences, if any, between the FSD210HD and the FSD210 as described during the deposition of K.O. Jang.

**RESPONSE TO TOPIC NO. 52:**

Fairchild objects that Topic No. 52 is overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant information to the extent that it seeks information about documents concerning the manufacture, distribution, or sale of Fairchild products prior to October 20, 2004. The Topic is also vague and ambiguous, particularly with respect to what is meant by "as described during the deposition of K.O. Jang." Furthermore, Fairchild objects to this Topic as it involves discovery related to liability, not damages, and the parties agreed at the

- 8 -

Case Management Conference that liability discovery has closed. Therefore, Fairchild will not produce a witness on this Topic.

ASHBY & GEDDES

_____
Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

Of Counsel:

ORRICK, HERRINGTON & SUTCLIFFE LLP
_____
G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: July 24, 2006

- 9 -