# Exhibit A

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a Delaware
corporation,

    Plaintiff,

 vs.                    No. C.A. 04-1371

FAIRCHILD SEMICONDUCTOR INTERNATIONAL,
INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION,
a Delaware corporation,

    Defendants.

_____

VIDEOTAPED DEPOSITION OF SHAWN SLAYTON

San Francisco, California

Friday, March 31, 2006

Reported by:
SUZANNE F. BOSCHETTI
CSR No. 5111

Job No. 3-45930

bcbc87af-1179-4f6c-9643-3489beef61be

Page 82

11:09:20 1    Q  Okay.

11:09:20 2    A  But we should assume that yeah, maybe it's Infineon. Maybe it's ON Semiconductor. Maybe it's STMicroelectronics. You know, the list goes on.

11:09:30 5    Q  Okay. Now, in this report you said you expect Power Integrations to regain share at Samsun when/if the company prevails at Fairchild -- in the Fairchild lawsuit. Does that assume that Power Integrations will get all of the sales that Fairchild currently has if it prevails?

11:09:52 11    A  Yes.

11:09:54 12    Q  Okay. And what is that -- what is that based upon?

11:09:56 14    A  Well, it's based upon the fact that when electronics manufacturers have second -- have a second source, if one of those sources goes away, certainly in the near term they're -- they're not going to qualify -- or they're not going to identify someone to come in and be a second source. The guy who is already there selling parts to them is going to take all the business. That's the assumption.

11:10:24 22    Q  Okay. But now you just said that we had to assume that there was third party suppliers.

11:10:30 24    A  Small, smaller guys. I would imagine that's the case.

Page 83

11:10:32 1    Q  So couldn't we also assume that that third party supplier could help fill that portion of the --

11:10:38 3    A  They may ask that guy to ramp. They may not. But in the near term you're going to go to the guy who's been shipping you the most parts, who is the most reliable vendor who you've dealt with for a very long time. That's been my experience.

11:10:54 8    Q  What do you mean by near term?

11:10:56 9    A  Meaning in the first -- in -- you know, it could take -- to qualify somebody else or to ask somebody to ramp, here's another question or here's another feature then. What if there was, you know, third -- a third and a fourth vendor but they've always only supplied five percent. You can't call that guy and say remember I used to take 5,000 parts a month from you, now I need to take 500,000 parts a month from you. That guy won't be able to deliver. Clearly he won't. It will take him three, six months before he can work that into his supply chain. So in the near term it's going to be the guy who can sell you the most parts as quickly as you need them.

11:11:38 22    Q  Okay. What -- I'm talking about a time frame here. What do you mean by near term? Are you talking about --

11:11:42 25    A  Near term --

Page 84

11:11:44 1    Q  -- six months?

11:11:44 2    A  For me the near term is less than a year.

11:11:48 3    Q  Okay. So when you're writing this, when you mean that Power Integrations may regain share at Samsun, you're meaning that they may regain share in the near term?

11:12:04 7    MS. PITTMAN:  Objection to the extent it assumes facts not in evidence.

11:12:06 9    Go ahead.

11:12:08 10    THE WITNESS:  I'm not qualifying that.

11:12:08 11    BY MR. VANDERZANDEN:

11:12:10 12    Q  Okay.

11:12:12 13    A  Because I don't think I did qualify it in here. I would never qualify that because it's impossible to say if the business is going to ramp and if it's going to go away again. It just doesn't --

11:12:22 17    Q  Okay.

11:12:24 18    A  Yeah.

11:12:30 19    Q  Okay. So was it your opinion, then, if Power Integrations was successful in its lawsuit against Fairchild, they would have the ability to prevent Fairchild from selling its products to Samsun?

11:12:46 23    A  No. It was my opinion that Samsun would no longer wish to purchase parts from Fairchild where it was well understood that those parts infringed on

Page 85

11:12:54 1    another U.S. company.

11:12:56 2    Q  Okay. So it was your opinion that Samsun would no longer want to purchase parts from Fairchild?

11:13:02 4    A  That's correct.

11:13:02 5    Q  Okay.

11:13:02 6    A  That Samsun is not in the habit of purchasing components from vendors where it's been well understood that these parts infringe on another company's intellectual property.

11:13:16 10    Q  Okay. Is that your understanding even for products that Samsun is not shipping into the United States?

11:13:24 13    A  I don't know that for sure.

11:13:28 14    Q  You don't know what for sure?

11:13:30 15    A  I don't know -- I have not verified Samsun's policy regarding purchasing parts that infringe on U.S. -- Samsun's policy for purchasing parts that infringe. If those electronics are destined for places outside the United States, I have not verified their policy. Common sense says that Samsun, a multinational firm, is not going to buy a part and put it into a certain device and then have to mark that device with a skew that this device can only go outside the United States because it has an infringing part, and these electronics can go to the U.S. because they don't have

22  (Pages 82 to 85)

bcbc87af-1179-4f6c-9643-3489beef61be

Page 86

```
11:14:14  1   any infringing parts.  That would be very inefficient.
11:14:16  2   Okay.  You would just get rid of the infringing part.
11:14:20  3       Q   So you're assuming that Samsun would just get
11:14:22  4   rid of the infringing part --
11:14:26  5       A   I am.
11:14:26  6       Q   -- if Power Integrations is successful in its
11:14:28  7   lawsuit against Fairchild?
11:14:30  8       A   For POWI or anyone else.
11:14:30  9       Q   Okay.
11:14:32 10       A   I don't believe Samsun will knowingly purchase
11:14:34 11   its parts that infringe United States intellectual
11:14:34 12   property.
11:14:38 13       Q   Have you ever talked to anyone at Samsun about
11:14:40 14   that?
11:14:40 15       A   No.
11:14:40 16       Q   Has anyone at Power Integrations told you that
11:14:42 17   Samsun would quit buying Fairchild parts?
11:14:46 18       A   No.
11:14:46 19       Q   Are you aware of what percentage of -- of
11:14:50 20   products Samsun ships to the United States?
11:14:52 21       A   Repeat the question.
11:14:54 22       Q   Are you aware of what percentage of products
11:14:58 23   that contain these power ICs that Samsun manufactured
11:15:04 24   and sells go into the United States?
11:15:10 25       A   No, not exactly.  I don't know that.
```

Page 87

```
11:15:12  1       Q   So as far as you know, it could be as low as,
11:15:14  2   say, 25 percent?
11:15:16  3       A   25 percent of --
11:15:20  4       Q   Of all the products that they're selling that
11:15:20  5   have these power ICs in them go into the United States?
11:15:28  6       A   We would have to find out how many cell phones
11:15:30  7   Samsun ships into the United States of that hundred or
11:15:34  8   so million a year that they're producing.
11:15:36  9       Q   Right.
11:15:36 10       A   I don't know that number off the top of my
11:15:38 11   head.  I bet it's a third or more.
11:15:40 12       Q   Okay.  Did you -- did you find that number out
11:15:42 13   when you wrote this report?
11:15:46 14       A   No.
11:15:46 15       Q   Okay.  So you didn't do any independent
11:15:50 16   research other than guessing that it was a third or
11:15:52 17   more?
11:15:56 18       A   Why would that have been important to me?  It
11:15:58 19   was not -- I didn't do that research because it's not
11:16:00 20   important to me.
11:16:00 21       Q   Okay.  So --
11:16:02 22       A   Because I don't write research on Fairchild.
11:16:04 23       Q   Sure.
11:16:04 24       A   Uh-huh.
11:16:06 25       Q   If Samsun -- if the percentage of its products
```

Page 88

```
11:16:08  1   that came into the United States were as low as ten
11:16:12  2   percent, would that have changed the content of this
11:16:16  3   report?
11:16:18  4       A   No.
11:16:18  5       Q   Okay.
11:16:20  6       A   Again, I'm agnostic to the notion of where the
11:16:22  7   parts get shipped.
11:16:24  8       Q   Sure.  Okay.  I'm going to take you to page 9
11:16:48  9   of this report.  You have a statement in there saying
11:17:02 10   that POWI was awarded monetary damages against its --
11:17:10 11   let me start with this sentence here.  It says:
11:17:12 12           ..."prior litigation that POWI initiated
11:17:18 13       against ON Semiconductor (then MOT) in 1999
11:17:22 14       wherein POWI was awarded monetary damages of
11:17:22 15       $32 million.  The 1999 outcome was also a
11:17:26 16       meaningful boon to POWI's competitive
11:17:28 17       positioning in the industry."
11:17:32 18           Where did you get that number of $32 million?
11:17:36 19       A   A press release.  The Power Integrations press
11:17:40 20   release.
11:17:40 21       Q   Okay.  Was it -- when you wrote this report,
11:17:42 22   was it your understanding that Power Integrations
11:17:44 23   collected $32 million from that litigation?
11:17:48 24       A   It was something -- some order of magnitude.
11:17:52 25   Something near there.  I don't know what the exact
```

Page 89

```
11:17:52  1   number was.
11:17:54  2       Q   Okay.  Now, the next sentence you write was:
11:18:00  3           "The 1999 outcome was also a meaningful
11:18:04  4       boon to POWI's competitive positioning in
11:18:06  5       the industry."
11:18:06  6           What does that mean?
11:18:08  7       A   That means that electronics manufacturers were
11:18:10  8   now less inclined to buy Motorola parts, now ON
11:18:20  9   Semiconductor, because the understanding that those
11:18:22 10   parts infringed on Power Integrations' parts.  And
11:18:24 11   that's common practice.
11:18:26 12       Q   Okay.  Is that -- is that true to this day?
11:18:30 13       A   Yeah, ON Semiconductor is not a very meaningful
11:18:32 14   player in this business, to my knowledge, so I think
11:18:36 15   that that -- that persists to this day.
11:18:40 16       Q   Okay.  Do you know whether Power Integrations
11:18:42 17   has any licensing contracts with ON Semiconductor?
11:18:50 18       A   No.
11:18:50 19       Q   Okay.  Do you know whether ON Semiconductor is
11:18:56 20   prevented from manufacturing certain parts?
11:19:02 21       A   No.
11:19:04 22       Q   So where did you get the information that the
11:19:08 23   outcome was a meaningful boon to POWI's competitive
11:19:10 24   positioning?
11:19:12 25       A   Again, that's common sense.  ON Semiconductor
```

23  (Pages 86 to 89)

SARNOFF  COURT  REPORTERS  AND  LEGAL  TECHNOLOGIES
877.955.3855

bcbc87af-1179-4f6c-9643-3489beef61be

# Exhibit B

# CONFIDENTIAL DOCUMENT

# Exhibit C

# CONFIDENTIAL DOCUMENT

# Exhibit D

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

May 11, 2006

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**Michael R. Headley**
(650) 839-5139

Email
headley@fr.com

Re:    <u>Power Integrations Inc. v. Fairchild Semiconductor Int'l</u>
       USDC-D. Del. - C.A. No. 04-1371-JJF



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

This letter concerns the manufacture of the accused devices in this case.  Mr. Kim's recent testimony, in particular his inability to explain documents that show that Fairchild has been manufacturing the accused products at Fairchild's 6" fab in South Portland, Maine since early last year, raise serious concerns with Fairchild's contention that all manufacturing of the accused devices is done in Korea.  In light of these documents and testimony, we expect Fairchild to supplement its interrogatory responses immediately, including at least the response to Interrogatory No. 8.

Please let us know when we can expect to receive such a response; in any event, we expect Fairchild to supplement its response by the close of business on Tuesday, May 16, to permit the parties to address this issue at the pretrial conference if necessary.

Sincerely,

Michael R. Headley

50347890.doc

```
        ********************
   ***   TX REPORT   ***
        ********************


   TRANSMISSION OK

   TX/RX NO              3221
   CONNECTION TEL        256#p00453531#ppp6147401
   CONNECTION ID
   ST. TIME             05/11 14:40
   USAGE T              00'40
   PGS. SENT            2
   RESULT               OK
```

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

**Date**  May 11, 2006

**To**  Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400

**Facsimile number**  10256-00453531 / (650) 614-7401

**From**  Michael R. Headley

**Re**  Power Integrations Inc. v. Fairchild Semiconductor International

**Number of pages
including this page**  2

**Message**

# Exhibit E

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

May 22, 2006

Brian VanderZanden
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:   Power Integrations Inc. v. Fairchild Semiconductor Int'l
      USDC-D. Del. - C.A. No. 04-1371-JJF



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Brian:

I received your three line letter of May 15 stating that you were investigating the manufacture of the accused Fairchild parts in the United States, and I raised the issue again with your colleague Bas de Blank during our phone conference of May 17, but I have yet to hear anything further. This is a serious issue, as it appears as though Fairchild's counsel may have mischaracterized and/or deliberately ignored the state of affairs with respect to Fairchild's manufacture of the accused devices in the United States. In light of this sequence of events, Power Integrations may very well need a 30(b)(6) deposition to get the bottom of the issue, and we intend to raise it at the pretrial conference as I discussed with Mr. de Blank last Wednesday. To that end, please provide us with an update as to the status of your investigation by the close of business tomorrow, in addition to supplementing Fairchild's interrogatory responses accordingly.

Sincerely,

Michael R. Headley

50350032.doc

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              4466
CONNECTION TEL        56#pp00453531#pp6147401#
CONNECTION ID
ST. TIME              05/22 15:20
USAGE T               00'41
PGS. SENT             2
RESULT               OK
```

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

**Date**   May 22, 2006

**To**   Brian VanderZanden
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400

**Facsimile number**   10256-00453531 / (650) 614-7401

**From**   Michael R. Headley

**Re**   Power Integrations, Inc. v. Fairchild Semiconductor International

**Number of pages
including this page**   2

**Message**

# Exhibit F

**Jennifer Pierce**

| | |
|---|---|
| **From:** | Michael Headley |
| **Sent:** | Wednesday, June 07, 2006 10:48 PM |
| **To:** | Brian Vanderzanden (bvanderzanden@orrick.com) |
| **Cc:** | Vickie L. Feeman (vfeeman@Orrick.Com) |
| **Subject:** | Re: PI-Fairchild: U.S. manufacturing discovery |

Brian,

I received your fax last night with Fairchild's Third Supplemental Response to Interrogatory No. 8, but this cannot be the entire universe of information regarding the design/process change that resulted in Fairchild's manufacturing of nearly 3,000,000 units of the accused FSD210 devices in the United States during this litigation.  At the very least, Power Integrations will need documents and a 30(b)(6) deposition on the concerning the design/process change, manufacture, and subsequent distribution/sale of the devices.  Please inquire as to your witnesses' availability for deposition on these issues so that we can get the deposition(s) on calendar in time to wrap up this discovery before the summer gets away from us, and please also confirm that Fairchild will produce all documents and things concerning the design/process change, including information about what happened to the parts manufactured in the United States, by next Friday, June 16, to allow Power Integrations time to review the documents and prepare for deposition.

Power Integrations will continue to evaluate the issues surrounding the U.S. manufacture of the FSD210 products in light of Fairchild's disclosures and will provide a more complete picture of the necessary discovery as Fairchild comes forth with information to permit a full inquiry into this entire sequence of events.

Sincerely,

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)

This e-mail may contain confidential and privileged information. If you received it in error, please contact the sender and delete all copies.

# Exhibit G

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

July 10, 2006

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:    Power Integrations Inc. v. Fairchild Semiconductor Int'l
       USDC-D. Del. - C.A. No. 04-1371-JJF

FR

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Bas:

Your most recent letter regarding the manufacture of nearly 3,000,000 accused
Fairchild FSD210 devices in the United States claims you "do not believe there are
additional documents to produce" concerning "the accused devices manufactured in
Maine since the filing of the complaint." To date, though, Fairchild has produced
only a single printout from some unidentified Fairchild database (and the
corresponding native Excel file) in response to Power Integrations' repeated requests
for documents. Your claim that this one document contains the entire universe of
relevant information is simply not credible, as there must be some documentation for
the millions of Fairchild parts manufactured in the United States, including test and
assembly documents, and e-mails concerning the need for, manufacture, and
subsequent delivery of these parts to third parties (including "Dong Yang" and
"Samsung" as identified in the lone document produced to date). The run cards alone
should measure at least a small stack. Given the seriousness of this issue and
Fairchild's duty to preserve relevant documents during the course of litigation, please
provide immediate confirmation as to whether Fairchild is saying there never were
any documents regarding the manufacture and subsequent distribution/sale of the
devices or that you simply have not been able to locate them. In light of Fairchild's
belated discovery of these additional parts—and only after evidence of same was
brought to your attention by Power Integrations—we are concerned that Fairchild is
again not looking very hard.

Fairchild's failure to locate a 30(b)(6) witness is also disconcerting, as I have
repeatedly asked for a witness to provide testimony on such basic issues as the need
for, manufacture, and subsequent distribution of these products. As we also
discussed, the production of documents would allow us to prepare a thorough
30(b)(6) notice, but I have nevertheless enclosed a 30(b)(6) notice that covers the
basic topics. Once Fairchild produces documents (or confirms it has no documents)
and testimony, Power Integrations may need to take further 30(b)(6) testimony or
follow up regarding additional testimony from others, but we can cross that bridge as
necessary when we reach it.

FISH & RICHARDSON P.C.

Bas de Blank
July 10, 2006
Page 2

It is troubling that this major omission in discovery is being dealt with by Fairchild in
such a cavalier manner.  We have spent long enough going back and forth about these
issues, and we need to reach some resolution.  Please produce any documents on the
U.S. manufacturing and distribution by noon this Thursday, July 13; if there are no
documents, I expect confirmation whether there never were any documents or
whether Fairchild no longer has any documents regarding the U.S. manufacturing and
distribution.  Please also confirm by the close of business Wednesday who Fairchild
will offer with 30(b)(6) testimony and when they might be available for deposition so
that we can work out the schedule for the deposition(s).

I look forward to your response.

Sincerely,

Michael R. Headley

50359164.doc

```
********************
***   TX REPORT   ***
********************


TRANSMISSION OK

TX/RX NO              1097
CONNECTION TEL        256#p00453531#pp6147401#
CONNECTION ID
ST. TIME             07/10 17:19
USAGE T              02'40
PGS. SENT            9
RESULT               OK
```

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

**Date**   July 10, 2006

Facsimile
650 839-5071

**To**   Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

**Facsimile number**   10256-00453531 / (650) 614-7401

Email
headley@fr.com

**From**   Michael R. Headley

**Re**   Power Integrations Inc. v. Fairchild Semiconductor International

**Number of pages including this page**   9

**Message**

# Exhibit H

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

<u>VIA FACSIMILE & U.S. MAIL</u>
650/614-7401

July 15, 2006

Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re: <u>Power Integrations Inc. v. Fairchild Semiconductor Int'l</u>
  USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Bas:

I received your most recent letter regarding Fairchild's manufacture of FSD210HD
devices in the United States and am disappointed that Fairchild continues to give
short shrift to this serious issue. Power Integrations has long sought information
regarding the accused FSD210 family of products, and since we confirmed the U.S.
production program during Mr. Kim's deposition on April 29, we have specifically
asked for documents concerning the manufacture and sale/distribution of the products
on numerous occasions. Despite our numerous requests, we have received <u>one</u>
<u>document</u> concerning the devices and their manufacture in the United States, and
Fairchild has not provided any information regarding what happened to those devices
once they were manufactured.

Your letter suggests we just recently asked for new documents because I mentioned a
few kinds of documents we would expect to have received (run cards and the like),
but this is not true, as Power Integrations has consistently sought the production of <u>all</u>
documents concerning the manufacture and/or sale/distribution of the nearly
3,000,000 devices built on U.S. soil. Fairchild's stonewalling cannot be reconciled
with your claim that "Fairchild has and continues to take seriously all of its discovery
obligations."

We have bent over backwards to accommodate Fairchild's collection and production
of documents regarding the U.S.-based activity, but we have not received any further
production or an explanation for Fairchild's delay in producing documents (much less
an explanation for Fairchild's initial failure to mention the manufacture of these parts
in the United States). As such, I have enclosed another 30(b)(6) notice on this issue,
with a topic specifically directed to Fairchild's efforts to collect and produce
documents. Given Fairchild's various characterizations of the FSD210HD, this
notice also includes a topic calling for an explanation of the product's functionality so
that we can determine whether there are any differences between the FSD210 and
FSD210HD that are meaningful with respect to Power Integrations' circuit patents.
As Fairchild rejected our recent proposal to designate the FSD210 as representative to

FISH & RICHARDSON P.C.

Bas de Blank
July 15, 2006
Page 2

simplify the presentation at trial, we presume you can explain any material differences with "HD" parts.

This new notice can likely be addressed in connection with the prior 30(b)(6) notice on the issue of U.S. manufacturing, and we have therefore noticed the deposition for the same time, but we will work with you on the scheduling if it proves necessary to move the date (provided the parties can complete this discovery in time to finish the damages experts' reports and prepare the case for trial). As for documents, there is no excuse for further delay. If Fairchild does not produce <u>all</u> documents concerning the manufacture and/or distribution/sale of the FSD210HD parts manufactured in the United States by the close of business Wednesday, we will bring this matter to the Court's attention.

Sincerely,

Michael R. Headley

50360359.doc

# Exhibit I

# CONFIDENTIAL DOCUMENT

# Exhibit J

# CONFIDENTIAL DOCUMENT