IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC. and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| Defendants. | ) | |

## DECLARATION OF GABRIEL M. RAMSEY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE

### (VOLUME I OF II)

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for Defendants*
*Fairchild Semiconductor International,*
*Inc. and Fairchild Semiconductor Corp.*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: September 19, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a Delaware
corporation,

              Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION,
a Delaware corporation,

              Defendants.

C.A. No. 04-1371 (JJF)

## DECLARATION OF GABRIEL M. RAMSEY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE

I, Gabriel M. Ramsey, the undersigned, declare as follows:

1.     I am an attorney with the firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild"). I am admitted to the Bar of the State of California. I make this declaration in support of Defendants' Opposition To Motions In Limine. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2.     Attached hereto as Exhibit 1 is a true and correct copy of Power Integrations' May 9, 2006 Form 8-K.

3.     Attached hereto as Exhibit 2 is a true and correct copy of a July 13, 2006 letter from Michael Headley to Bas de Blank.

4.     Attached hereto as Exhibit 3 is a true and correct copy of the Supplemental Rebuttal Report of Dr. Michael Keeley.

5.    Attached hereto as Exhibit 4 is a true and correct copy of February 4, 2005 discovery requests propounded by Power Integrations to Fairchild.

6.    Attached hereto as Exhibit 5 is a true and correct copy of a February 10, 2005 letter from Howard Pollack to Bas de Blank, identifying search terms to be used in the discovery process.

7.    Attached hereto as Exhibit 6 is a true and correct copy of Power Integrations' February 23, 2005 Responses to Fairchild's First Set of Interrogatories.

8.    Attached hereto as Exhibit 7 is a true and correct copy of a June 28, 2005 letter from Gina Steele to Bas de Blank.

9.    Attached hereto as Exhibit 8 is a true and correct copy of Power Integrations' June 30, 2005 Supplemental Responses to Fairchild's First Set of Interrogatories.

10.    Attached hereto as Exhibit 9 is a true and correct copy of a 30(b)(6) deposition notice served by Power Integrations on Fairchild.

11.    Attached hereto as Exhibit 10 are true and correct copies of August 8, 2005 subpoenas served by Power Integrations on third parties.

12.    Attached hereto as Exhibit 11 is a true and correct copy of Fairchild's August 30, 2005 Second Supplemental Responses to Interrogatories.

13.    Attached hereto as Exhibit 12 is a true and correct copy of Power Integrations' September 30, 2005 Second Supplemental Responses to Fairchild's First Set of Interrogatories.

14.    Attached hereto as Exhibit 13 is a true and correct copy of Power Integrations' December 1, 2005 expert report of Robert Blauschild.

15.    Attached hereto as Exhibit 14 is a true and correct copy of Power Integrations' December 1, 2005 expert report of Michael Shields.

16.    Attached hereto as Exhibit 15 are true and correct copies of excerpts of the January 31, 2006 expert report of Richard Troxel (cover page, signature page and Appendix 2).

17.    Attached hereto as Exhibit 16 is a true and correct copy of a June 8, 2006 letter from Bas de Blank to Michael Headley.

- 2 -

18.     Attached hereto as Exhibit 17 is a true and correct copy of a June 30, 2006 letter from Bas de Blank to Michael Headley.

19.     Attached hereto as Exhibit 18 is a true and correct copy of a July 13, 2006 letter from Bas de Blank to Michael Headley.

20.     Attached hereto as Exhibit 19 are true and correct copies of excerpts of the April 29, 2006 deposition transcript of Heung Kyu Kim (pages 76-79).

21.     Attached hereto as Exhibit 20 are true and correct copies of excerpts of the August 3, 2006 deposition transcript of Ronald Dupois (pages 307-311).

22.     Attached hereto as Exhbit 21 is a true and correct copy of Fairchild's Second Set of Interrogatories, Nos. 33-35.

23.     Attached hereto as Exhibit 22 is a true and correct copy of the Rebuttal Expert Report of Gu-Yeon Wei.

24.     Attached hereto as Exhibit 23 are true and correct copies of excerpts of the deposition of Robert Conrad (pages 212, 293-314).

25.     Attached hereto as Exhibit 24 is a true and correct copy of a March 30, 2006 letter from Bas de Blank to Frank Scherkenbach.

26.     Attached hereto as Exhbit 25 is a true and correct copy of an August 11, 2006 letter from Hopkins Guy to Frank Scherkenbach.

27.     Attached hereto as Exhibit 26 are true and correct copies of excerpts from the deposition transcript of Richard Troxel (page 457).


I declare the foregoing is true and correct under penalty of perjury under the laws of the United States of America.

Executed on September 11, 2006 in Menlo Park, California.

_____
Gabriel M. Ramsey
ORRICK, HERRINGTON & SUTCLIFFE LLP

- 3 -

# EXHIBIT 1

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

---

# Form 8-K

---

## CURRENT REPORT
## PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**Date of report (date of earliest event reported): May 5, 2006**

---

# Power Integrations, Inc.
**(Exact name of registrant as specified in its charter)**

---

| Delaware | 0- 23441 | 94-3065014 |
|---|---|---|
| (State or other jurisdiction of incorporation) | (Commission File No.) | (I.R.S. Employer Identification No.) |

**5245 Hellyer Avenue**
**San Jose, California 95138-1002**
**(Address of principal executive offices)**

**Registrant's telephone number, including area code: (408) 414-9200**

---

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (see General Instruction A.2. below):

☐   Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐   Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐   Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐   Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

**Item 4.02 Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.**

(a) Power Integrations, Inc. (the "Company") disclosed on March 13, 2006 that it had created a Special Committee comprised of disinterested members of its Board of Directors (the "Board") to conduct an internal investigation of company practices related to stock option grants to officers and directors, and related matters. The Special Committee is being assisted by independent outside legal counsel and accounting experts. At this time, the Special Committee has not completed its work or reached final conclusions and is continuing its review. The Special Committee has reached a preliminary conclusion that the actual dates of measurement for certain past stock option grants differed from the recorded grant dates for such awards. As a result, the Company expects to record additional non-cash charges for stock-based compensation expenses in prior periods. Based on the Special Committee's preliminary conclusion, the Company expects that such non-cash charges will be material and that the Company may need to restate its historical financial statements for each of the fiscal years 1999 through 2004, and for the first three quarters of the fiscal year ended December 31, 2005. Such charges may also affect future periods. On May 4, 2006, the Audit Committee of the Company's Board concluded that such financial statements and any related reports of its independent registered public accounting firm should no longer be relied upon.

Any such stock-based compensation charges would have the effect of decreasing income from operations, net income and retained earnings figures contained in the Company's historical financial statements. The Company does not expect that the anticipated restatements would have a material impact on its historical revenues, cash position or operating expenses not related to stock options.

The Special Committee discussed with the Company's independent registered public accounting firm the matters disclosed in this Item 4.02 but, as the internal investigation of the Special Committee has not been completed, the independent registered public accounting firm has not yet had an opportunity to consider the preliminary results of the investigation.

Additionally, the Company is evaluating Management's Report on Internal Controls Over Financial Reporting set forth in the Company's Annual Report on Form 10-K for the fiscal year ended December 31, 2004. Although the Company has not yet completed its analysis of the impact of this situation on its internal controls over financial reporting, the Company has determined that it is highly likely that it had a material weakness in internal control over financial reporting as of December 31, 2004 and December 31, 2005. A material weakness is a control deficiency, or a combination of control deficiencies, that results in more than a remote likelihood that a material misstatement of the annual or interim financials will not be prevented or detected. If the Company were to conclude that a material weakness existed, it would expect to receive an adverse opinion on internal control over financial reporting from its independent public accounting firm.

The Company intends to file its Annual Report on Form 10-K for 2005 and any financial statements required to be restated, as well as its Form 10-Q for the quarter ended March 31, 2006, as soon as practicable after the completion of the Special Committee's investigation.

A copy of the press release relating to the foregoing is attached hereto as Exhibit 99.1 and is incorporated in this Item 4.02 by reference.

2

Case 1:04-cv-01371-JJF    Document 973    Filed 09/19/2006

**Item 5.02 Departure of Directors or Principal Officers; Election of Directors; Appointment of Principal Officers.**

On May 4, 2006, Howard Earhart, resigned as the chairman of the Company's Board of Directors. Mr. Earhart was the Company's chief executive officer, and a director, from 1995 through 2002. Also on May 4, 2006, John Cobb resigned as the Company's chief financial officer. In connection with Mr. Earhart's resignation, the size of the Company's Board was reduced from 9 to 8.

On May 8, 2006, the Company announced that Steven J. Sharp, who has served as a director of the Company since 1988, has been elected chairman of the Board of Directors, succeeding Mr. Earhart. A copy of the press release relating to the foregoing is attached hereto as Exhibit 99.2 and is incorporated in this Item 5.02 by reference.

**Item 8.01 Other Events.**

As announced on March 17, 2006, the Company received a Nasdaq Staff Determination stating that the Company is not in compliance with Marketplace Rule 4310(c)(14) because it has not timely filed its report on Form 10-K for the year ended December 31, 2005 and, therefore, that its securities are subject to delisting from the Nasdaq National Market. On March 22, 2006, the Company requested a hearing with Nasdaq to seek an exception to the filing requirement, which hearing was held on April 12, 2006. On May 2, 2006, Nasdaq notified the Company that the exception had been granted, and that it would continue to list the Company's shares on the Nasdaq National Market, provided that the Company (i) provide Nasdaq with information regarding the final results of the investigation by the Special Committee on or before June 7, 2006, (ii) file its Form 10-K for the year ended December 31, 2005 and all required restatements on or before July 12, 2006, and (iii) file its Form 10-Q for the quarter ended March 31, 2006 on or before August 2, 2006. In the event the Company is unable to comply with the terms of the exception, its securities may be delisted.

On April 25, 2006, a shareholder filed a derivative complaint in the US District Court in the Northern District of California, purportedly on behalf of the Company, against certain executives of the Company and certain members of the Company's Board. The complaint alleges, among other things, that the defendants breached their fiduciary duties between 1998 and 2004 by (i) improperly requesting backdated stock option grants, which were intended to, and did, unduly benefit certain defendants at the expense of the Company, (ii) approving such improper requests and improperly backdating the stock option grants, and (iii) knowingly approving the Company's violations of generally accepted accounting principles. The complaint also alleges that the officer defendants were unjustly enriched by their receipt and retention of the backdated stock option grants.

The Company does not intend to file further current reports on Form 8-K describing additional lawsuits, if any, purporting class action status, in either federal or state court, which are based on allegations substantially similar to those contained in the complaint described herein.

3

**Item 9.01 Financial Statement and Exhibits.**

    (d)   Exhibits.

| Exhibit Number | Exhibit Title or Description |
| --- | --- |
| 99.1 | Company Press Release dated May 5, 2006 |
| 99.2 | Company Press Release dated May 8, 2006 |

4

Case 1:04-cv-01371-JJF    Document 372    Filed 09/19/2006    Page 5 of 11

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

Date: May 8, 2006

Power Integrations, Inc.

By: /s/ Balu Balakrishnan
    **Balu Balakrishnan**
    **Chief Executive Officer**

5

## EXHIBIT INDEX

| Exhibit No. | Description |
|---|---|
| 99.1 | Power Integrations Press Release dated May 5, 2006 |
| 99.2 | Power Integrations Press Release dated May 8, 2006 |

Case 4:04-cv-04371-JSW   Document 373   Filed 05/19/2006

EXHIBIT 99.1



**For Immediate Release**

Contact :
Joe Shiffler
Power Integrations, Inc.
(408) 414-8528
jshiffler@powerint.com

### Power Integrations Expects Restatement of Financials Related to Stock-Based Compensation

**SAN JOSE, Calif. – May 5, 2006** – Power Integrations, Inc. (Nasdaq: POWI) disclosed on March 13, 2006 that it had created a special committee comprised of disinterested members of its board of directors to conduct an internal investigation of company practices related to stock option grants to officers and directors, and related matters. The special committee is being assisted by independent outside legal counsel and accounting experts. At this time, the special committee has not completed its work or reached final conclusions and is continuing its review. The special committee has reached a preliminary conclusion that the actual dates of measurement for certain past stock option grants differed from the recorded grant dates for such awards. As a result, the company expects to record additional non-cash charges for stock-based compensation expenses in prior periods. Based on the special committee's preliminary conclusion, the company expects that such non-cash charges will be material and that the company may need to restate its historical financial statements for each of the fiscal years 1999 through 2004, and for the first three quarters of the fiscal year ended December 31, 2005. Such charges may also affect future periods. On May 4, 2006, the audit committee of the company's board of directors concluded that such financial statements and any related reports of its independent registered public accounting firm should no longer be relied upon.

Any such stock-based compensation charges would have the effect of decreasing income from operations, net income and retained earnings figures contained in the company's historical financial statements. The company does not expect that the anticipated restatements would have a material impact on its historical revenues, cash position or operating expenses not related to stock options.

On May 4, 2006, Howard Earhart resigned as the chairman of the company's board of directors, and John Cobb resigned as the company's chief financial officer. The board expects to elect a non-executive chairman from among existing independent directors in the near future, and the company plans to initiate a search for a new chief financial officer immediately.

As announced on March 17, 2006, the company received a Nasdaq Staff Determination stating that the company is not in compliance with Marketplace Rule 4310(c)(14) because it has not timely filed its report on Form 10-K for the year ended December 31, 2005 and, therefore, that its securities are subject to delisting from the Nasdaq National Market. On March 22, 2006, the

*—more—*

Power Integrations Expects Restatement of Financials

company requested a hearing with Nasdaq to seek an exception to the filing requirement, which hearing was held on April 12, 2006. On May 2, 2006, Nasdaq notified the company that the exception had been granted, and that it would continue to list the company's shares on the Nasdaq National Market, provided that the company (i) provide Nasdaq with information regarding the final results of the investigation by the special committee on or before June 7, 2006, (ii) file its Form 10-K for the year ended December 31, 2005 and all required restatements on or before July 12, 2006, and (iii) file its Form 10-Q for the quarter ended March 31, 2006 on or before August 2, 2006. In the event the company is unable to comply with the terms of the exception, its securities may be delisted.

The company intends to file its Form 10-K for 2005 and any financial statements required to be restated, as well as its Form 10-Q for the quarter ended March 31, 2006, as soon as practicable after the completion of the special committee's review.

## Note Regarding Forward-Looking Statements

This press release contains forward-looking statements regarding the company that involve risk and uncertainties. There can be no assurances that forward-looking statements will be achieved, and actual results could differ materially from forecasts and estimates. Important factors that could cause actual results to differ materially include: the results of the review by the special committee of matters relating to the company's stock option grants including, but not limited to, the accuracy of the stated dates of option grants and whether all proper corporate procedures were followed; the impact of any restatement of financial statements of the company or other actions that may be taken or required as a result of such reviews; the inability of the company's inability to file reports with the Securities and Exchange Commission; risks associated with the company's inability to meet Nasdaq requirements for continued listing, including possible delisting; and risks of litigation related to the company's stock option grants or any restatement of the financial statements of the company. Additional risk factors associated with the company's business are explained in the company's annual report on Form 10-K, filed with the SEC on March 16, 2005, and its quarterly report on Form 10-Q, filed on November 7, 2005. The company is under no obligation (and expressly disclaims any obligation) to update or alter its forward-looking statements, whether as a result of new information, future events or otherwise.

*—more—*

**About Power Integrations**

Power Integrations, Inc. is the leading supplier of high-voltage analog integrated circuits used in power conversion. The company's breakthrough technology enables compact, energy-efficient power supplies in a wide range of electronic products, in both AC-DC and DC-DC applications. The company's *EcoSmart* energy-efficiency technology, which dramatically reduces energy waste, has saved consumers and businesses around the world more than an estimated $1.5 billion on their electricity bills since its introduction in 1998. For more information, visit the company's website at *www.powerint.com* . For information on global energy-efficiency standards and *EcoSmart* solutions, visit the Power Integrations Green Room at *www.powerint.com/greenroom* .

# # #

Exhibit 99.2



**For Immediate Release**

**Contact:**

Joe Shiffler
Power Integrations, Inc.
(408) 414-8528
*jshiffler@powerint.com*

### Steve Sharp Elected Non-Executive Chairman of Power Integrations
### Board of Directors

**SAN JOSE, Calif. – May 8, 2006** – Power Integrations (Nasdaq: POWI) today announced that Steven J. Sharp has been elected non-executive chairman of the company's board of directors, succeeding Howard Earhart. Mr. Earhart, the company's chief executive officer from 1995 until 2002, served as non-executive chairman from 2002 until his resignation last week.

Mr. Sharp has served as a director of Power Integrations since the company's inception in 1988, and is also a member of the board's nominating and corporate governance committee. From 1991 until 2002 Mr. Sharp was chairman and CEO of TriQuint Semiconductor, a manufacturer of electronic components for the communications industry. He currently serves as non-executive chairman of TriQuint. In addition, he is vice chair of the Oregon chapter of the American Electronics Association, and heads a private foundation that funds research to find the causes of ADD (attention deficit disorder).

Mr. Sharp is a 45-year veteran of the semiconductor industry and has served in director/officer roles in the formative years of Power Integrations, TriQuint, Megatest (now Teradyne), Crystal Semiconductor (now Cirrus Logic), Silicon Architects (now Synopsys) and Volterra. He qualifies as an independent director of Power Integrations according to Nasdaq and SEC rules.

"I am proud to take on the role of non-executive chairman of Power Integrations," said Mr. Sharp. "I believe that Power Integrations has an extremely bright future as the leader in high-voltage power conversion technology, and I look forward to working with CEO Balu Balakrishnan as he and his management team continue to execute their growth strategy."

**Note Regarding Forward-Looking Statements**

This press release contains forward-looking statements regarding the company's future that involve risk and uncertainties. There can be no assurances that forward-looking statements will be achieved, and actual results could differ materially from forecasts and estimates. Important factors that could cause actual results to differ materially include: the results of the review by the

*–more –*



special committee of matters relating to the company's stock option grants including, but not limited to, the accuracy of the stated dates of option grants and whether all proper corporate procedures were followed; the impact of any restatement of financial statements of the company or other actions that may be taken or required as a result of such reviews; the inability of the company to file reports with the Securities and Exchange Commission; risks associated with the company's inability to meet Nasdaq requirements for continued listing, including possible delisting; and risks of litigation related to the company's stock option grants or any restatement of the financial statements of the company. Additional risk factors associated with the company's business are explained in the company's annual report on Form 10-K, filed with the SEC on March 16, 2005, and its quarterly report on Form 10-Q, filed on November 7, 2005. The company is under no obligation (and expressly disclaims any obligation) to update or alter its forward-looking statements, whether as a result of new information, future events or otherwise.

**About Power Integrations**

Power Integrations, Inc. is the leading supplier of high-voltage analog integrated circuits used in power conversion. The company's breakthrough technology enables compact, energy-efficient power supplies in a wide range of electronic products, in both AC-DC and DC-DC applications. The company's *EcoSmart*® energy-efficiency technology, which dramatically reduces energy waste, has saved consumers and businesses around the world more than an estimated $1.5 billion on their electricity bills since its introduction in 1998. For more information, visit the company's website at *www.powerint.com* . For information on global energy-efficiency standards and *EcoSmart* solutions, visit the Power Integrations Green Room at *www.powerint.com/greenroom* .

### #

*–more –*

# EXHIBIT 2

# REDACTED

# EXHIBIT 3

# REDACTED

# EXHIBIT 4

# REDACTED

# EXHIBIT 5

# REDACTED

# EXHIBIT 6

# REDACTED

# EXHIBIT 7

# REDACTED

# EXHIBIT 8

# REDACTED

# EXHIBIT 9

**REDACTED**

# EXHIBIT 10

# REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2006, the attached **REDACTED**

**PUBLIC VERSION DECLARATION OF GABRIEL M. RAMSEY IN SUPPORT OF**

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE (VOLUME I**

**OF II)** was served upon the below-named counsel of record at the address and in the manner

indicated:


William J. Marsden, Jr., Esquire                     HAND DELIVERY
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
Wilmington, DE  19801

Frank E. Scherkenbach, Esquire                     VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Howard G. Pollack, Esquire                     VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063


*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon