IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a            :
Delaware corporation,                  :
                                       :
            Plaintiff,                 :
                                       :
      v.                               :   C.A. No. 04-1371-JJF
                                       :
FAIRCHILD SEMICONDUCTOR                :
INTERNATIONAL, INC., a Delaware        :
corporation, and FAIRCHILD             :
SEMICONDUCTOR CORPORATION, a           :
Delaware corporation,                  :
                                       :
            Defendants.                :

---

Frank E. Scherkenback, Esquire of FISH & RICHARDSON P.C., Boston, Massachusetts.
Howard G. Pollack, Esquire; David J. Miclean, Esquire and Michael R. Headley, Esquire of FISH & RICHARDSON P.C., Redwood City, California.
William J. Marsden, Jr., Esquire and Sean P. Hayes, Esquire of FISH & RICHARDSON, P.C., Wilmington, Delaware.

Attorneys for Plaintiff.

G. Hopkins Guy, III, Esquire; Vickie L. Freeman, Esquire; Bas de Blank, Esquire and Brian H. VanderZanden, Esquire of ORRICK, HERRINGTON & SUTCLIFFE LLP, Menlo Park, California.
Steven J. Balick, Esquire; John G. Day, Esquire and Tiffany Geyer Lydon, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

September 20, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court are several motions filed by Plaintiff and Defendants. The Court will address each of the Motions in turn.

**I.   Defendants' Motion For Protective Order Regarding Deposition Of Michael C. Keeley, Rebuttal Expert Report On Damages And Continuation Of Damages Trial (D.I. 309)**

By their Motion, Defendants request a protective order (1) quashing Power Integration's notice of deposition of Michael C. Keeley, (2) setting reasonable dates for the submission of Dr. Keeley's rebuttal damages expert report and deposition, and (3) continuing the damages portion of the trial currently set for October 2, 2006. Defendants contend that Plaintiff has not provided any discovery of its restated financial reports and that a revised damages report by Mr. Troxel contains new theories which Plaintiff should not be permitted to assert at this late date.

By e-mail to the Court dated August 21, 2006, the parties informed the Court that they reached an agreement concerning the deposition of Mr. Keeley. However, Defendants continue to press their motion to the extent that it seeks a continuation of the damages trial, particularly in light of the fact that Defendants still have not received Plaintiff's restated financial reports. Defendants also maintain that Mr. Troxel's second supplemental expert report on damages should be stricken.

The Court has addressed the continuation of the damages trial in this case in the context of a previous motion filed by Defendants and will not revisit that decision here. As for Plaintiff's financial reports, the Court addressed that subject at the Pretrial Conference and will also discuss it in the context of a pending motion in limine. Mr. Troxel's second supplemental expert report is the subject of a separate motion filed by Defendants, and therefore, will not be addressed by the Court in the context of this motion. Accordingly, the Court will deny as moot the Motion For Protective Order as it applies to Mr. Keeley's deposition and the deadlines for rebuttal expert reports, and deny the Motion For Protective Order in all remaining aspects.

**II.   MOTIONS IN LIMINE**

    A.   <u>Defendants' Motions In Limine (D.I. 356-1)</u>

        1.   Motion In Limine To Exclude Plaintiff's Claim For Damages Based On Defendants' Non-infringing Foreign Sales And Manufacture Of Products That Never Entered the U.S.

The Court has previously denied Defendants' Motion For Partial Summary Judgment Of Non-Infringement (Foreign Sales) and concludes that the instant motion more closely resembles a second summary judgment motion on that issue than a motion in limine. Accordingly, the Court will deny Defendants' Motion.

       2.      Motion In Limine To Exclude Plaintiff's Claim For Evidence And Damages Based On Third Party Alleged U.S. Importation Of Accused Products

As with the previous Motion, the Court concludes that Defendant's second Motion In Limine is akin to a summary judgment motion. In this case, the jury will decide how many infringing sales and offers for sale took place in the United States based on the evidence submitted by the parties.[1] Accordingly, the Court will deny Defendants' motion.

       3.      Motion In Limine To Preclude Plaintiff From Relying On Decertified Financial Reports

The Court has reviewed the parties' arguments with respect to this issue and concludes that Defendants have not demonstrated sufficient reason to preclude Plaintiff's from relying on the existing financial figures. To the extent that the existing figures may be changed at a later date, the Court can address the issue post-trial. Accordingly, the Court will deny Defendants' motion.

---

[1] For both their first and second motions in limine, Defendants rely on a statement made by the Court in the context of addressing a motion in limine pertaining to the report of Mr. Lum. (D.I. 334). The Court's statement was confined to the context of that dispute and was based solely on the excerpts of depositions provided by Defendants in connection with that motion. Thus, the Court did not intend for its statements to be construed as a commentary on the evidence as a whole or on the broader issue of alleged foreign sales and third party importation presented here.

        4.    Motion In Limine To Exclude Evidence Of Alleged "Price Erosion"

The Court has reviewed the parties' arguments with respect to this issue and concludes that Defendants can address any deficiencies in Mr. Troxel's report through cross-examination. The Court is not persuaded that Plaintiff improperly concealed evidence from Mr. Troxel and disagrees with Defendants' assertion that products introduced by Plaintiff into the market prior to October 20, 2004, cannot provide a basis for damages, when the calculations relevant to those products are attributable to post October 20, 2004 sales. Accordingly, the Court will deny Defendants' Motion.

        5.    Motion In Limine To Exclude All Evidence Of Damages Or Notice Prior To October 20, 2004

The Court has already addressed this issue in previous decisions and finds that further discussion of this issue is unwarranted. The Court will not expand its previous orders to embrace all pre-suit evidence and will not create a blanket presumption against the admission of such pre-suit evidence by requiring proffers that the evidence relates to infringement rather than damages. To the extent that Defendants have a concern about a particular piece of evidence, their concerns can be address at trial or during a side-bar conference. Accordingly, Defendants' motion will be denied.

4

      6.    Motion In Limine To Exclude Sales Reports And Other Documents As Unreliable

The Court has considered the parties' arguments concerning this issue and concludes that the reliability or unreliability of the documents identified by Defendants is a question reserved for the jury. As for Defendants' hearsay objections, the Court notes that Plaintiff contends that the documents fall within a number of exceptions to the hearsay rule. To the extent that Defendants maintain these objections and contend that these hearsay exceptions do not apply, the Court will consider such objections in the context of the trial so that the Court can fully evaluate the foundational evidence relevant to the exhibits. Accordingly, the Court will deny Defendants' motion.

      7.    Motion In Limine To Exclude Legal Opinions On Infringement

The Court has reviewed the parties' arguments with respect to this issue and concludes that Defendants are not entitled to relief. Although claim construction is a question of law, the ultimate question of infringement is a question of fact reserved for the jury. Envirotech Corp. v. Al George, Inc., 730 F.2d 753, 758 (Fed. Cir. 1984). Thus, technical experts are permitted to give their opinions on the question of infringement. See Snellman v. Ricoh Co., 862 F.2d 282, 287 (Fed. Cir. 1988), cert. denied, 491 U.S. 910 (1989). Accordingly, the Court will deny Defendants' Motion.

        8.    Motion In Limine To Exclude Evidence That Defendants Copied Plaintiff's Circuits Or Datasheets

The Court has reviewed the parties' arguments regarding this issue and concludes that the issue of copying presents questions for the jury. As for Defendants concerns regarding jury confusion, the Court concludes that such concerns are slight and likely to be fully ameliorated once the Court instructs the jury as to the applicable law. Accordingly, the Court concludes that Defendants will not be unduly prejudiced by this evidence, and therefore, the Court will deny Defendants' Motion.

        9.    Motion In Limine To Exclude Claims And Evidence Regarding Defendants' FSD210HD Product

Defendants contend that Plaintiff failed to identify the FSD210HD product as an accused device in any of its damages reports prior to August 8, 2006, and in any of its interrogatory responses. Defendants also contend that they identified this device during discovery, even though it was not accused, to be sure that Plaintiff was aware of the device. Defendants also point out that there are no technical reports concerning infringement for this device, and therefore, if Plaintiff is permitted to pursue the device, Defendants contend that discovery will need to be reopened.

Plaintiff contends that Defendants concealed that this device was manufactured in the United States until May 2006. Plaintiff points out that it identified the FSD210 family of

products, and the fact that it did not specifically designate the particular sales suffix is a "semantic" difference. According to Plaintiff there is no relevant difference between the FSD210HD and the other members of the FSD210 family, and Defendants' documents demonstrate that the FSD210HD is a version of the FSD210H product identified by Plaintiff. In addition, Plaintiff contends that Defendants, themselves, referred to the FSD210 as an accused device.

The Court concludes that Plaintiff has sufficiently identified the FSD210HD as an accused product in this litigation in light of their identification of the FSD210 family of products. The FSD210 family of products has been the subject of technical expert reports, and therefore, the Court is persuaded that additional discovery related to the FSD210HD product is not required. Further, Defendants have not demonstrated that there is a significant difference between the FSD210HD device and the other devices in that family, including the FSD210H which was identified by Plaintiff. Accordingly, the Court will deny Defendants' Motion.

        10. **Motion In Limine To Exclude Claims Or Evidence Based On An Alleged "Offer For Sale" Because The Theory Was Not Included In Plaintiff's Damages Report**

Defendants contend that Plaintiff's damages expert did not calculate damages based on an offer to sale, and therefore, this evidence is outside the scope of the expert reports. Defendants

7

also contend that offers to sell that culminated in sales outside the United States should be excluded.

Plaintiff contends that lost profit damages are based on lost sales, and therefore, its damages expert was not required to calculate damages separately for offers for sale. However, Plaintiff contends that its damages expert did consider offers for sale in the context of his price erosion calculations. Plaintiff also contends that evidence of offers to sell infringing products in the United States is evidence that actual sales of infringing products occurred in the United States and evidence of Defendants' intent to induce others to imports and use these products in the United States.

The Court has considered the parties' arguments and concludes that the alleged offers to sale were considered by Dr. Troxel in the context of his price erosion analysis and that the alleged offers for sale are relevant to the issues in this case. Accordingly, the Court will deny Defendants' Motion.

    11. Motion In Limine To Exclude Doctrine Of Equivalents' Arguments With Regard To The '075, '876 And '366 Patent And Limit The Argument With Regard To The '851 Patent

Plaintiff has not asserted the doctrine of equivalents with respect to the '075 patent, and therefore, the Court concludes that the motion is moot to the extent that it pertains to that patent. As for the remaining patents, the Court finds Defendants' motion to be more akin to a motion for summary

judgment than a motion in limine, and the question of the sufficiency of the evidence on the doctrine of equivalents can be taken up after the jury's verdict, if necessary. Accordingly, the Court will deny Defendants' Motion to the extent that it has not already been mooted.

        12.   Motion In Limine To Exclude Evidence Concerning Power Integrations' Earlier Litigation Success Against System General or Motorola

The parties apparently agree that evidence regarding Plaintiff's successes in the Motorola and System General lawsuits is irrelevant to this action, and therefore, the Court will grant Defendants' Motion. As for Plaintiff's argument that they should be able to raise this issue if Defendants "open the door" to the subject, the Court concludes that such an arguments depends entirely on the evidence produced at trial and its context. Accordingly, the Court will address any such issues on a case-by-case basis during the trial.

        13.   Motion In Limine To Preclude Plaintiff's From Introducing Evidence Of Defendants' Prior Claim Construction Positions, Or Evidence Of Who "Won" Or "Lost"

Defendants contend that any reference to their prior claim construction positions or to who "won" or "lost" the claim construction debate are prejudicial to Defendants and confusing to the jury. In response, Plaintiff contends that this evidence is relevant to willfulness. Specifically, Plaintiff contends that Defendants obtained 13 opinions of counsel and their

9

positions have changed several times, including changes based on incorrect claim construction. Plaintiff contends that they are entitled to question the competence of Defendants' opinions and Defendants' reasonable reliance on those opinions.

While the Court agrees that reference to who "won" or "lost" the claim construction debate may not be appropriate to suggest that the Court favors one parties' position over another, the Court concludes that evidence of Defendants' shifting claim constructions is relevant to the reasonableness and competence of the opinions of counsel relied upon by Defendants as a defense to willful infringement. Accordingly, the Court will permit Plaintiff to explore this issue in that limited context, and therefore, Defendants' Motion will be denied.

> 14.  Motion In Limine To Preclude Any Evidence Or Assertion That Opinion Counsel Must Have Construed All Terms To The Claims As Part Of A Proper Analysis

Plaintiff agrees with Defendants that there is no requirement that opinion counsel construe each and every term of a patent for the opinion of counsel to be valid. However, the Court agrees with Plaintiff that the question of whether counsel should have construed a particular claim term in rendering his non-infringement opinion is relevant to the jury's assessment of whether Defendants' reasonably relied on that opinion. Accordingly, the Court will deny Defendants' Motion.

15. Motion In Limine To Preclude Irrelevant And Prejudicial Documents Regarding Power Integrations And its Products

Defendants contend that Plaintiff should be precluded from introducing evidence related to awards that Plaintiff has received for its products and evidence from an e-mail sent by one of Defendants employees' which states that Plaintiff's "system ideas" were "epoch making." Defendants contend that this evidence does not have a nexus to the technology or inventions of the asserted claims, and that Plaintiff has not provided any testimony linking these accolades to the patents-in-suit. Defendants further contend that this evidence is more appropriately reserved for the invalidity trial as evidence of secondary indicia of non-obviousness.

Plaintiff contends that the e-mail from Defendants' employee is relevant evidence of Defendants' intent to copy. Plaintiff also contends that the article discussing the awards Plaintiff has received discusses the features of certain of Plaintiff's products which embody the patented technologies in this case.

The Court has reviewed the documents cited by Defendants and concludes that they are relevant to the patented technology and provide useful background information regarding Power Integrations and the marketplace for power supplies. Further, as Plaintiff points out, the Court will instruct the jury as to the appropriate law, so as to prevent the misuse of the documents by

11

the jury, and therefore, the Court is not persuaded that Defendants will suffer undue prejudice if the Court does not exclude the above-referenced documents from evidence. Accordingly, the Court will deny Defendants' Motion.

        16.    Motion In Limine To Exclude Technical Expert Testimony From Michael Shields On Inherency

Defendants contend that the Court should exclude the testimony of Mr. Shields on the issue of inherency. Specifically, Defendants contend that this testimony exceeds the scope of Mr. Shield's expert report and is beyond his area of expertise. Defendants also contend that Mr. Shields indicated at his deposition that he would not be discussing the subject of inherency.

In response, Plaintiff contends that Defendants have mischaracterized the testimony of Mr. Shields. According to Plaintiff, Mr. Shields indicated that he did not agree with Defendants' definition of inherency, but did not testify that he would not opine on inherency. Plaintiff also contends that Defendants will have ample opportunity to cross-examine and rebut Mr. Shields' testimony.[2]

---

[2] Plaintiff raises an additional issue which they contend is related to Defendants' Motion. Specifically, Plaintiff contends that Defendants "may" argue that Mr. Shields should not be allowed to provide testimony regarding documents that came to light after Mr. Shields provided his rebuttal report and deposition. Plaintiff requests that the Court clarify that its expert, Mr. Shields, will be permitted to respond to the testimony of Defendants' expert, Mr. Gwozdz, whose testimony the

Plaintiff does not address the content of Mr. Shields report in its response to Defendants' Motion In Limine. The Court has reviewed the report and notes that it does not expressly address the concept of inherency. As the Court stated previously, opinions not disclosed by an expert in his report will not be permitted at trial. Accordingly, the Court will exclude the testimony of Mr. Shields as it relates to the concept of inherency, unless Plaintiff can designate the portion of Mr. Shields' report which it contends addresses this topic, and therefore, Defendants' Motion will be granted at this juncture.

17. Motion In Limine To Exclude E-Mails Between GE And Fairchild

Defendants contend that e-mails between themselves and GE should be excluded from evidence, because they are irrelevant. Specifically, Defendants contend that the e-mails were not relied upon by Plaintiff's damages expert and were dated prior to October 20, 2004. Defendants also contend that the e-mails have not been authenticated and are inadmissible hearsay.

---

Court declined to preclude in the context of a previous motion in limine raised by Plaintiff. Because this issue was raised in Plaintiff's response to Defendants' Motions In Limine, the Court does not have Defendants' position with respect to this issue. Also, it appears to the Court that Plaintiffs are anticipating this argument to be raised by Defendants, but it is unclear to the Court whether Defendants are, in fact, pressing this argument. Accordingly, the Court will address this issue during the trial, if it becomes necessary.

Plaintiff contends that the e-mails are not relevant to their damages case, but to show Defendants' intent to induce others to import infringing products into the United States. As for authentication, Plaintiff contends that the documents are Defendants' documents, and therefore, Defendants should be required to authenticate them. Plaintiff also contends that these documents are admissible as admissions of a party-opponent and business records.

The Court has reviewed the parties' arguments and the proffered evidence and concludes that the documents referred to by Defendants have only marginal, if any, relevance to the issues in this case. Accordingly, the Court will grant Defendants' Motion and exclude the e-mail evidence referred to by Defendants.

> 18. Motion In Limine To Exclude Dr. Eklund's Testimony Concerning Conception Or Reduction To Practice Unless Plaintiff Provides And Lays The Foundation Of Independent Evidence Corroborating The Dates

The Court has reviewed the parties' arguments regarding this issue and notes that a related summary judgment motion was denied. The Court further finds that questions concerning conception, reduction to practice and corroboration are factual in nature, and therefore, reserved for the jury. Accordingly, the Court will deny Defendants' Motion.

>    19. Motion In Limine To Exclude Argument Or Evidence Challenging The Publication Dates Of Prior Art References Listed By Defendants

In an effort to facilitate the resolution of the parties' dispute concerning the publication dates of the prior art references, the Court will limit Defendants to 7 prior art references (a number equaling the number of claims asserted in this litigation). Once the references are selected, the parties shall confer to determine whether they can stipulate to the publication dates. Accordingly, Defendants' Motion will be denied at this juncture.

>    B. Plaintiff's Motions In Limine (D.I. 343-1)
>
>    1. Motion In Limine To Preclude Defendants From Referencing Or Introducing Evidence Related To Plaintiff's Restatement Of Earnings, Including Reference to SEC or DOJ Investigations, Civil Suits Against Plaintiff, and Personnel Changes

The Court has reviewed the parties' positions with respect to this issue and agrees with Plaintiff that the evidence sought to be precluded is irrelevant to this case. As the Court has stated previously, this case is not a securities action. Accordingly, the Court will grant Plaintiff's Motion.

>    2. Motion In Limine To Preclude Defendants From Arguing That The FSD210HD Devices Were Not Manufactured In The United States

Because the Court will permit Plaintiff to pursue the FSD210HD as an accused device, the Court will also permit Defendants the opportunity to argue that these devices were not

15

manufactured in the United States, if they have evidence to support that argument. Accordingly, the Court will deny Plaintiff's Motion.

       3.    Motion In Limine To Preclude Testimony From Gu-Yeon Wei, Defendants' expert on copying

Plaintiff contends that Dr. Wei did not speak to those who developed the accused parts and only looked at the circuits and schematics in formulating his opinion on copying. Thus, Plaintiff contends that Dr. Wei's testimony regarding copying is based on speculation. In the Court's view, any deficiencies in the Dr. Wei's opinions, including the measures he took in formulating those opinions, can be addressed by Plaintiff through cross-examination. Accordingly, the Court will deny Plaintiff's Motion.

       4.    Motion In Limine To Preclude Mr. Conrad, Defendants' "reliance" witness, from testifying regarding communications with Defendants' in-house counsel (Steven Schott) regarding infringement or the validity of the patents-in-suit

Plaintiff contends that during his first deposition, Mr. Conrad indicated that he relied only on certain opinion letters of counsel in connection with Fairchild's defense to the charge of willful infringement; however, Mr. Conrad reversed course during a second deposition and referred to conversations he had with Mr. Schott. Plaintiff points out that Mr. Schott was initially listed by Defendants as a trial witness, but that when Plaintiff sought to compel his testimony, Defendants took him off

16

the witness list prompting Plaintiff to withdraw its motion to compel. Plaintiff contends that, to the extent Mr. Conrad refers to conversations he had with Mr. Schott, Defendants are trying to introduce Mr. Schott's testimony through the "back-door" while simultaneously having shielded Mr. Schott from discovery.

Defendants contend that Plaintiff had ample opportunity to explore the state of mind of Mr. Conrad during his two day deposition. Defendants contend that Plaintiff's decision not to depose Mr. Schott is not a basis to limit Mr. Conrad's testimony.

The Court agrees with Defendants that Plaintiff made a tactical decision to forgo the deposition of Mr. Schott, and Defendants should not be penalized by that decision. Accordingly, the Court will deny Plaintiff's Motion.

### III. Defendants' Motion To Strike Plaintiff's Second Supplemental Report On Damages (D.I. 314)

Defendants request the Court to strike the second supplemental expert report of Plaintiff's damages expert, Mr. Troxel, which was served on August 8, 2006. Defendants contend that the report is (1) untimely, (2) accuses a new device, the FSD210HD, that was not previously raised by Plaintiff, (3) contains damages calculations based on conditions occurring before October 20, 2004, (4) adjusts the future lost profits damages sought from 2009 until 2010, (5) improperly contains damages calculations based on worldwide sales, (6) improperly refers to the favorable decision Power Integrations obtained in

the ITC investigation of System General, and (7) contains unfair updated references to the testimony and reports of Mr. Slayton and Mr. Lum.  In addition, Defendants contend that they have not been able to finish deposing Mr. Troxel and that the damages trial should be continued, because Plaintiff's have not yet produced their restated financial reports.

Plaintiff contends that the FSD210HD is a particular version of a product that has been named as an accused product and within a family of products already identified as accused products. Plaintiff contends that the alternative calculations regarding conditions prior to October 20, 2004, are in Mr. Troxel's report, in case the Court grants reconsideration of its ruling on the markings issue as it relates to damages.  Plaintiff also contends that Mr. Troxel has always included a future price erosion analysis for a period of four years from the trial date, and therefore, the extension until 2010 reflects the current trial date.  Plaintiff further contends that the other changes to the expert report are appropriate and consistent with their duty to provide updated reports in response to newly discovered information.

The Court has reviewed the revisions to Mr. Troxel's report and concludes that the report should be redacted to comport with the Court's rulings in this case regarding the testimony of Mr. Lum and the calculation of damages prior to October 20, 2004.

The Court also concludes that the findings of the ITC are irrelevant to this litigation, and thus, those portions of Mr. Troxel's report dealing with the ITC findings should also be redacted. However, the Court will permit damages to be recoverable until 2010, since that is consistent with the period of damages sought by Plaintiff throughout this case and has only changed as a result of the extended trial date. In addition, the Court will allow the report to stand as it pertains to the issue of world-wide sales numbers and the FSD210HD product, which the Court has concluded was properly asserted by Plaintiff as an accused product. Accordingly, Defendants' Motion will be granted-in-part and denied-in-part. Plaintiff's Second Supplemental Expert Report On Damages will be redacted consistently with the Court's rulings in this case.

## CONCLUSION

For the reasons discussed, the Court has made the above rulings with respect to the pending Motions.

An appropriate Order reflecting the Court's rulings will be entered.