IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | : : : |
| Plaintiff, | : : |
| v. | :  C.A. No. 04-1371-JJF |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | : : : : : : |
| Defendants. | : |

O R D E R

At Wilmington, this 20 day of September 2006, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1.  Defendants' Motion For Protective Order Regarding Deposition Of Michael C. Keeley, Rebuttal Expert Report On Damages And Continuation Of Damages Trial (D.I. 309) is **DENIED AS MOOT** to the extent it applies to Mr. Keeley's deposition and **DENIED** in all other respects.

2.  Defendants' Motion In Limine (D.I. 356-1) To Exclude Plaintiff's Claim For Damages Based On Defendants' Non-infringing Foreign Sales And Manufacture Of Products That Never Entered the U.S. is **DENIED**.

3.  Defendants' Motion In Limine To Exclude Plaintiff's Claim For Evidence And Damages Based On Third Party Alleged U.S. Importation Of Accused Products (D.I. 356-2) is **DENIED**.

4.  Defendants' Motion In Limine To Preclude Plaintiff From Relying On Decertified Financial Reports (D.I. 356-3) is **DENIED**.

5.  Defendants' Motion In Limine To Exclude Evidence Of Alleged "Price Erosion" (D.I. 356-4) is **DENIED**.

6.  Defendants' Motion In Limine To Exclude All Evidence Of Damages Or Notice Prior To October 20, 2004 (D.I. 356-5) is **DENIED**.

7.  Defendants' Motion In Limine To Exclude Sales Reports And Other Documents As Unreliable (D.I. 356-6) is **DENIED**.

8.  Defendants' Motion In Limine To Exclude Legal Opinions On Infringement (D.I. 356-7) is **DENIED**.

9.  Defendants' Motion In Limine To Exclude Evidence That Defendants Copied Plaintiff's Circuits Or Datasheets (D.I. 356-8) is **DENIED**.

10. Defendants' Motion In Limine To Exclude Claims And Evidence Regarding Defendants' FSD210HD Product (D.I. 356-9) is **DENIED**.

11. Defendants' Motion In Limine To Exclude Claims Or Evidence Based On An Alleged "Offer For Sale" Because The Theory Was Not Included In Plaintiff's Damages Report (D.I. 356-10) is **DENIED**.

12. Defendants' Motion In Limine To Exclude Doctrine Of Equivalents' Arguments With Regard To The '075, '876 And '366 Patent And Limit The Argument With Regard To The '851 Patent (D.I. 356-11) is **DENIED AS MOOT** as it pertains to the '075 patent, and **DENIED** in all other respects.

13. Defendants' Motion In Limine To Exclude Evidence Concerning Power Integrations' Earlier Litigation Success Against System General or Motorola (D.I. 356-12) is **GRANTED**.

14. Defendants' Motion In Limine To Preclude Plaintiff's From Introducing Evidence Of Defendants' Prior Claim Construction Positions, Or Evidence Of Who "Won" Or "Lost" (D.I. 356-13) is **DENIED**.

15. Defendants' Motion In Limine To Preclude Any Evidence Or Assertion That Opinion Counsel Must Have Construed All Terms To The Claims As Part Of A Proper Analysis (D.I. 356-14) is **DENIED**.

16. Defendants' Motion In Limine To Preclude Irrelevant And Prejudicial Documents Regarding Power Integrations And its Products (D.I. 356-15) is **DENIED**.

17. Defendants' Motion In Limine To Exclude Technical Expert Testimony From Michael Shields On Inherency (D.I. 356-16) is **GRANTED**.

18. Defendants' Motion In Limine To Exclude E-Mails Between GE And Fairchild (D.I. 356-17) is **GRANTED**.

19. Defendants' Motion In Limine To Exclude Dr. Eklund's Testimony Concerning Conception Or Reduction To Practice Unless Plaintiff Provides And Lays The Foundation Of Independent Evidence Corroborating The Dates (D.I. 356-18) is **DENIED**.

20. Defendants' Motion In Limine To Exclude Argument Or Evidence Challenging The Publication Dates Of Prior Art References Listed By Defendants (D.I. 356-19) is **DENIED**.

21. Plaintiff's Motion In Limine To Preclude Defendants From Referencing Or Introducing Evidence Related To Plaintiff's Restatement Of Earnings, Including Reference to SEC or DOJ Investigations, Civil Suits Against Plaintiff, and Personnel Changes (D.I. 343-1) is **GRANTED**.

22. Plaintiff's Motion In Limine To Preclude Defendants From Arguing That The FSD210HD Devices Were Not Manufactured In The United States (D.I. 343-2) is **DENIED**.

23. Plaintiff's Motion In Limine To Preclude Testimony From Gu-Yeon Wei, Defendants' expert on copying (D.I. 343-3) is **DENIED**.

24. Plaintiff's Motion In Limine To Preclude Mr. Conrad, Defendants' "reliance" witness, from testifying regarding communications with Defendants' in-house counsel (Steven Schott) regarding infringement or the validity of the patents-in-suit (D.I. 343-4) is **DENIED**.

25. Defendants' Motion To Strike Plaintiff's Second Supplemental Report On Damages (D.I. 314) is **GRANTED-IN-PART** and

**DENIED-IN-PART**.  Plaintiff's Second Supplemental Report On Damages will be redacted to comport with the Court's rulings in this case.

_____
UNITED STATES DISTRICT JUDGE