IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION,, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION
FOR RECONSIDERATION AND CLARIFICATION**

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (referred to collectively herein as "Fairchild") respectfully move for leave to file a motion for reconsideration and clarification in the above action. The grounds for this motion are as follows:

1.  At the pretrial conference, the Court stated that the parties could file a motion for leave to file one more motion in this action if "there is something that, you know, you get one of those 3:00 in the morning wake-ups and you jump out of bed and it is that important". (9/14/06 Pretrial Conference Tr. (draft), p. 3, lns. 6-11). The motion which the Defendants are seeking leave to file is just such a motion.

2.  In its Memorandum Opinion (D.I. 384), the Court limited Fairchild to 7 prior art references. Because the issue of limiting Fairchild's use of prior art arose for the first time in Power Integrations' Opposition to Fairchild's Motions in Limine, for which the filing of reply

briefs was not permitted, Fairchild has not had the opportunity to be heard on this issue. It wishes to file the attached letter brief (Tab 1) in order to have that opportunity.

3. Fairchild is not seeking unlimited use of prior art for purposes of trial. It is seeking instead a reasonable and workable limitation on prior art that will not "gut" its case.

4. Fairchild respectfully considers the attached request for reconsideration and clarification to be an urgent matter as: (i) it would be a "clear error of law" to exclude prior art without considering whether the exclusion prejudices Fairchild's substantive rights; (ii) exclusion of all but 7 pieces of prior art from Fairchild's invalidity case is prejudicial because it severely limits Fairchild's obviousness defense; (iii) exclusion of all but 7 pieces of prior art from Fairchild's invalidity case is prejudicial because it effectively dismisses two of Fairchild's counterclaims without a basis to warrant such an extreme sanction; (iv) exclusion of all but 7 pieces of prior art from Fairchild's non-infringement case is prejudicial because it conflates the prior art relied on to construe claims for the purposes of non-infringement with the prior art relied upon for proving invalidity; and (v) it introduces prejudicial jury confusion into Fairchild's defense of reliance upon opinion of counsel.

5. In a related issue, Fairchild's proposed request also respectfully seeks clarification of the need for librarian testimony to authenticate the prior art that it intends to rely on in its invalidity case. Fairchild is of the view that no such authentication is required, but given the risk that it would not be able to introduce this evidence if it is mistaken, it urgently needs clarification on this matter. Although this would seem to be only a housekeeping matter, in light of the shortness of time to trial, and the magnitude of the task of obtaining such testimony, Fairchild respectfully seeks clarification on this issue.

5.   Accordingly, Fairchild respectfully requests that the Court enter its proposed order granting it leave to file the attached request reconsideration and clarification.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor, Corp.*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Brian H. VanderZanden
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park
(650) 614-7400

Dated: September 26, 2006
172586.1

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2006, the attached **DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND CLARIFICATION** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 N. Market Street<br>Suite 1100<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 | <u>VIA FEDERAL EXPRESS</u> |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | <u>VIA FEDERAL EXPRESS</u> |

*/s/ John G. Day*
_____
John G. Day