# TAB 1

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 26, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re:  *Power Integrations, Inc. v. Fairchild Semiconductor International*
     C.A. No. 04-1371 JJF

Dear Judge Farnan:

Fairchild respectively submits this letter brief requesting clarification and reconsideration of the Court's September 20 Order and Memorandum Opinion (D.I. 384, 385) denying Defendants' Motion In Limine To Exclude Argument Or Evidence Challenging The Publication Dates Of Prior Art References Listed by Defendants (D.I. 356-19), which limited Fairchild to the use of 7 prior art references at trial.

The issue of limiting Fairchild's use of prior art was first raised by Power Integrations in its Opposition to Fairchild's Motions in Limine. As reply briefs were not permitted, Fairchild has not had any opportunity to be heard on this issue, and wishes to use this letter brief as its opportunity to do so.

Fairchild does not make this motion lightly. As this Court previously has noted, the purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). In order to succeed, the party requesting reconsideration must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d at 677.

Fairchild respectfully suggests that it would be both clearly erroneous as a matter of law and manifestly unjust for the Court to impose upon it the current prior art limitations.

**IT WOULD BE A CLEAR ERROR OF LAW TO EXCLUDE PRIOR ART WITHOUT CONSIDERING WHETHER EXCLUSION PREJUDICES FAIRCHILD'S SUBSTANTIVE RIGHTS**

In reviewing whether prior art is properly excluded, a reviewing court considers whether the exclusion prejudiced the substantive rights of the party denied use of that art. *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1547 (Fed. Cir. 1994) (in considering whether to reverse trial court's decision to exclude prior art at trial, Federal Circuit holds that "in order to show that the

The Honorable Joseph J. Farnan, Jr.
September 26, 2006
Page 2

district court abused its discretion in excluding the prior art evidence, [the defendant] must demonstrate that the exclusion prejudiced its substantive rights.") Here, Fairchild has not had the opportunity even to address the prejudice of the denial; the order to deny Fairchild use of nearly the entirety of its prior art arose by reason of a Power Integrations argument raised for the first time in its opposition to a Motion in Limine, for which no reply is permitted. Indeed, this Court noted in refusing to grant Power Integrations certain requested relief to a different Motion in Limine that:

> "[b]ecause this issue was raised in Power Integrations' response to Defendants' Motions In Limine, *the Court does not have Defendants' position with respect to this issue.*"

D.I. 384, p. 12-13, fn. 2. (Emphasis added.) For the same reason, granting of Power Integrations' request to limit Fairchild's use of prior art to 7 references is also manifestly unjust here.

Nor are any of the other bases relied on by district courts in excluding prior art present here. For example, one basis for excluding prior art is failure to list the art on the 282 statement. *Ferguson Beauregard/Logic Contors, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1347 (Fed. Cir. 2003). Fairchild, in contrast, timely filed its prior art notice in compliance with 35 U.S.C. § 282. Another basis is failure to timely produce these references even though they are properly listed. For example, in *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998), the Federal Circuit held that it was within the district court's discretion to prevent the defendant from using a single prior art reference that had been listed on defendant's 35 U.S.C. § 282 statement because the reference had not been timely produced before the close of fact discovery. This ground for exclusion is also not present here; in this instance all of the listed 282 statement references were produced to Power Integrations before fact discovery closed.

Failure to provide Fairchild with an opportunity to address the prejudice arising from this Court's exclusion of prior art evidence, particularly in light of the complete absence of any other recognized ground for the exclusion of this evidence, would be a clear error of law.

**EXCLUSION OF ALL BUT 7 PIECES OF PRIOR ART FROM FAIRCHILD'S INVALIDITY CASE IS MANIFESTLY UNJUST**

<u>Exclusion of all but 7 pieces of prior art from Fairchild's invalidity case is manifestly unjust because it severely limits Fairchild's Obviousness Defense</u>

As is true in nearly every patent infringement case, prior art is the heart of Fairchild's invalidity defense. Fairchild, as it informed Power Integrations in its interrogatory responses, its expert reports and through expert depositions, relies on this art to invalidate the asserted patents not only by anticipation, but also by obviousness. Although Obviousness prior art necessarily requires more than one piece of prior art per patent, Power Integrations argues that "there is no conceptual reason Power Integrations should be forced to select only one claim per patent to prove infringement . . . while Fairchild remains free to take more than one shot per patent in the validity trial". D.I. 384, p. 26. Power Integrations' position defies logic and equates apples to oranges; reduction of Power Integrations' claims to 7 leaves its damages case fully intact. Reduction of Fairchild's prior art references to 7, by contrast, gravely weakens its invalidity case. All Power Integrations needs is a single infringed and valid claim to cover a product, while a single prior art reference is only enough to invalidate a claim if it anticipates. In effect, the

...

Case 1:04-cv-01371-JJF    Document 389-2    Filed 09/26/2006    Page 4 of 11

The Honorable Joseph J. Farnan, Jr.
September 26, 2006
Page 3

Court's Order strips Fairchild of its obviousness defense. This works extreme prejudice on Fairchild and is a manifest error of law.

Power Integrations' illogical argument is at best one for parallel treatment (although as noted above, the treatment is anything but parallel), but certainly not unfair surprise. Indeed, while Power Integrations noted that "there isn't any [prejudice]" to Fairchild in expanding the number of claims that Power Integrations asserts (D.I. 377, 9/14/06 Pretrial Conference Tr. (draft), at 9), it made no representation that it would be prejudiced if more than 7 prior art references came in, nor did it argue that the prior art could be limited without prejudice to Fairchild.

### The Court's Order Is Also Manifestly Unjust As It Effectively Dismisses Two Of Fairchild's Counterclaims

The Court's choice of 7 prior art references appears to be based on the fact that it limited Power Integrations to 7 asserted claims. Fairchild, however, properly pled invalidity of all claims of the four asserted patents, as well as 35 U.S.C. § 103 obviousness invalidation, and is therefore entitled to adjudication on the merits. By limiting Fairchild to 7 prior art references, the Court's Order essentially dismisses Fairchild's counterclaims of validity on the non-asserted claims, and of non-obviousness on all of the claims.

While it is within the Court's discretion to sanction a party with dismissal of a claim under Federal Rule of Civil Procedure 41(b), the third circuit has held that this sanction should only be used under extreme circumstances:

> As we have often noted, the sanction of dismissal is disfavored absent the most egregious circumstances. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984). We have opined that six important factors must be weighed by a district court in determining whether the harsh sanction of dismissal is justified: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868. In reviewing such a sanction, we look to the manner in which the district court balanced these factors.

*United States v. $ 8,221,877.16 in United States Currency*, 330 F.3d 141, 161-162 (3d Cir. 2003). In balancing these six factors, it is clear that Fairchild has done nothing so egregious as to warrant the essential dismissal of two of its counterclaims.

The law is clear that Fairchild is entitled to counterclaim invalidity of non-asserted claims. It is equally clear that "a defendant who is accused of patent infringement may counterclaim for declaratory judgment on the validity of plaintiff's entire patent and such counterclaim need not be limited to the claims-in-issue." *May v. Carriage, Inc.*, 688 F. Supp. 408, 418 (D. Ind. 1988) ( citing *Altvater v. Freeman*, 319 U.S. 359, 363, 87 L. Ed. 1450, 63 S. Ct. 1115 (1943). This is true even if no claims are being asserted, or if the infringement claims are dismissed. *See U.S. Indus., Inc. v. Norton Co.*, 195 USPQ 303 (N.D.N.Y. 1977) ("withdrawal of the counterclaim of infringement does not affect the continuing substantive claim of invalidity of the patent – an issue with greater public policy considerations than

The Honorable Joseph J. Farnan, Jr.
September 26, 2006
Page 4

infringement"); *see also Akzona, Inc. v. E. I. Du Pont de Nemours & Co.*, 662 F. Supp. 603, 619 (D. Del. 1987)( "In a typical case where the patentee institutes an action for infringement and the alleged infringer counterclaims that the patent is invalid and unenforceable and/or noninfringed, courts will allow the action to go forward on the counterclaim even if the patentee voluntarily dismisses the charge of infringement or stipulates to noninfringement.")

The greater public policy issue here is that the public is entitled to know which claims of the asserted patents are valid. Similarly, Fairchild is entitled to know whether its business activities violate any of Power Integrations' unasserted claims. *May*, 688 F. Supp. at 414, ("[D]efendant is entitled to a declaration of validity on any or all claims of Power Integrations' patent ... This is because defendant has a right to know whether what it is doing violates any valid claim of Power Integrations' patent." (internal quotations omitted)).

Consistent with this policy, the Delaware District Court has held that the patent owner cannot unilaterally remove the validity issue by choosing which claims to assert:

> The Plaintiff has moved to dismiss defendants' counterclaims relating to the validity of unasserted claims. To the extent that motion relates to claims of the [asserted] patent, that motion is denied. The Federal Circuit, in *Shelcore, Inc. v. Durham Industries, Inc.*, 745 F.2d 621 (Fed. Cir. 1984), held that a district court retained jurisdiction over the alleged infringer's declaratory judgment with respect to invalidity. In that case, the patentee had voluntarily dismissed with prejudice certain infringement claims, but had continued to assert infringement of other claims of the same patent. The court held that a patentee could not "unilaterally remove the validity issue because [the infringer's] counterclaim put validity of all the claims in issue." *Id.* at 624. Although the Federal Circuit, in *Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1054-1055 (Fed. Cir. 1995), concluded that a promise by a patentee not to assert patents against an infringer did divest the trial court of jurisdiction over the declaratory judgment because there was no longer a controversy, in that case the patentee withdrew the entire patent from controversy, not just discrete claims. The court finds the distinction substantial.

*Syngenta Seeds, Inc. v. Monsanto Co.*, 2004 U.S. Dist. LEXIS 26907 (D. Del. 2004). By limiting Fairchild to 7 references, the Court's Order essentially has allowed Power Integrations to unilaterally remove an invalidity challenge to the claims it chose not to assert at trial and prevents Fairchild from challenging the validity of all claims of the asserted patents.

The Court's Order also effectively prevents Fairchild from pursuing its counterclaim of invalidity due to obviousness under 35 U.S.C. § 103, as set forth above. Because obviousness generally requires the combination of multiple pieces of prior art, Fairchild will not be able to prove its obviousness case if it is limited to one piece of prior art per asserted claim.

**EXCLUSION OF ALL BUT 7 REFERENCES FROM THIS PHASE IS ALSO PREJUDICIAL ABSENT ADEQUATE PROTECTIONS**

In addition to relying on prior art for its invalidity case, Fairchild also is relying on prior art to assist the trier of fact in construing claims. The latter art, however, is comprised of

The Honorable Joseph J. Farnan, Jr.
September 26, 2006
Page 5

references cited in the prosecution of the patents in suit, while almost all of the art that Fairchild intends to rely on for establishing invalidity of the patents was not cited. Both categories of art were cited in Fairchild's 282 statement. Certainly Power Integrations does not dispute that Fairchild is entitled to rely on the entirety of the art cited in the prosecution record. To argue otherwise not only turns the concept of "unfair surprise" on its head; it forces Fairchild to a Hobson's choice between defending against infringement and defending against invalidity. Fairness and common sense dictate that the prior art references that are intrinsic to the prosecution record not be included in the 7 reference limitation.

A second prejudice that the Court's Order introduces into this phase of the case is the potential for jury confusion concerning Fairchild's willfulness opinion. The art relied on in the willfulness opinion is a factual matter; Fairchild cannot alter what was chosen, nor was its litigation counsel involved in its selection. Further, the significance of this art is not whether it is *in fact invalidating*, but instead the reasonableness of Fairchild in relying on the opinion citing to the art as invalidating. *Central Soya Co. v. Geo. A Hormel & Co.*, 723 F.2d 1573, 1577 (Fed. Cir. 1983). Whereas art cited in litigation is evaluated for whether it invalidates a claim, the proper inquiry of art cited in a willfulness opinion is the state of mind of the person receiving the opinion. *Id.*

The only issue that involves Fairchild's (non-intrinsic) prior art references at the infringement trial are Fairchild's willfulness opinions, which rebut the charge of willful infringement. The opinion letters given to Fairchild's reliance witnesses state that the asserted patents are invalid, and cite particular prior art references as *invalidating* the asserted claims. These prior art references will therefore necessarily be admitted at trial. However, the standards of prior art admissibility in the context of willfulness is entirely different from that of invalidity. Willfulness prior art merely needs to give the reliance witness a good faith belief that the accused products do not infringe.

Power Integrations recognized the distinction between using art for an invalidity case and the significance of the art relied upon in a willfulness opinion, as evidenced by the following quote from a brief it submitted in this action:

> Fairchild also raises concerns with respect to the overlap between invalidity and the jury's evaluation of willful infringement. (D.I. 274 at 3). This concern is misplaced, as the substance of the validity analysis is irrelevant to a proper willfulness inquiry – what matters for willful infringement is the decision maker's state of mind, not the ultimate correctness of any substantive validity analysis. The first jury will not need to be instructed on validity, and there is no need for Power Integrations to go into the detailed bases for the validity opinions to show why any reliance on them was not reasonable during the first trial on infringement, willfulness, and damages.

D.I. 288 at 5 (Power Integrations' Opposition to Fairchild's Motion to Bifurcate).

The difference is significant, but an issue that a jury can easily confuse. If Fairchild is limited to 7 references, even if only in the infringement phase of the case, Power Integrations could mislead the jury by arguing that the reliance on the opinion is misplaced if it includes art that Fairchild does not rely on in advancing its invalidity defense in litigation. Indeed, Power Integrations has already signaled its intention to inject this confusion into this case in an e-mail sent to Fairchild counsel:

The Honorable Joseph J. Farnan, Jr.
September 26, 2006
Page 6

>Second, Fairchild's opinions of counsel rely on invalidity in many places, and if Fairchild does not intend to rely on the same art at trial, Power Integrations is entitled to note the discrepancy in cross-examining Fairchild's witnesses with respect to willfulness.

9/21/06 e-mail from M. Headley to B. de Blank, attached hereto as Exhibit A. Fairchild respectfully asks the Court to prevent Power Integrations from engaging in this mischief; it is a deliberate and improper attempt to use the limitations it sought on prior art to confuse the jury.

**POWER INTEGRATIONS HAS NO BASIS TO CHALLENGE THE PUBLICATION DATES OF FAIRCHILD'S 282 STATEMENT REFERENCES**

The prior art references on Fairchild's 282 Statement include United States patents, learned treatises, Power Integrations' own publications, and documents that have been authenticated by a party deponent. As such, their publication dates, printed on the documents themselves, cannot be challenged as inadmissible. For example, United States patents are domestic public documents bearing the seal of the United States of America, and are therefore self-authenticating documents under F.R.E. 902. Articles from respected journals such as IEEE publications qualify as learned treatises under F.R.E. 803(18). Power Integrations' published records constitute, at a minimum, records of regularly conducted activity under F.R.E. 803(8).

Despite the firm foundation of the documents listed in Fairchild's 282 Statement, Power Integrations intends to challenge their publication dates. These documents were produced during fact discovery, they were used as deposition exhibits, and they were relied upon during summary judgment motions. Furthermore, Fairchild asked Power Integrations if it would challenge any of the publication dates of these documents as far back as November, 2005. (D.I. 356-18.) Power Integrations cannot now, on the eve of trial, choose to challenge all of the publication dates of these documents without any further justification. If Power Integrations does wish to challenge any particular date, however, Fairchild is more than agreeable to work to resolve any dispute after the infringement trial has finished, provided Power Integrations give some justification as to why the publication dates should not be admissible.

If, however, the Court rules that the publication dates are not admissible, and does not consent to defer this issue until after the end of the infringement trial, Fairchild will need to obtain librarian testimony to authenticate each of these prior art references. Given the short time between now and trial, Fairchild respectfully requests clarification from the Court regarding this issue, namely: (i) whether Fairchild must authenticate these references with librarian testimony; and/or (ii) whether this issue can be resolved after the conclusion of the infringement and damages phases of the trial.

The Honorable Joseph J. Farnan, Jr.
September 26, 2006
Page 7

**FAIRCHILD PROPOSES LIMITING ITSELF TO 7 PRIOR ART REFERENCES FOR THE INFRINGEMENT PHASE BUT RESPECTFULLY REQUESTS DEFERRAL OF ANY DECISION TO LIMIT THE NUMBER OF REFERENCES FOR THE INVALIDITY PHASE OF TRIAL UNTIL THE CONCLUSION OF THE FIRST PHASE**

      Fairchild is seeking leave to request clarification and reconsideration now to comply with the timing requirement in Delaware Local Rule 7.1.5 and to preserve its right to appeal. Fairchild respectfully proposes that the Court defer the issue of how many prior art references can be introduced in the invalidity phase of the trial until some time after the infringement phase is over. With respect to the infringement phase, Fairchild respectfully requests that it be permitted to select 7 pieces of extrinsic prior art, with no restriction on the number of intrinsic prior art references (i.e. cited in the file history of the patents in suit) that it may use during this phase of the action.

      Fairchild also respectfully requests that Power Integrations be instructed that it cannot affirmatively use the prior art limitations it argued for to call into question Fairchild's opinions of counsel.

      Lastly, Fairchild requests clarification from the Court regarding the need to obtain librarian testimony to authenticate the publications that it intends to rely on for its invalidity case.

                        Respectfully,

                          /s/ *John Day*

                        John G. Day (I.D. 2403)

JGD: nml
Attachment
173583.1

c:    William J. Marsden, Jr. Esquire (by hand)
      Frank E. Scherkenbach, Esquire (by electronic mail)
      Howard G. Pollack, Esquire (by electronic mail)
      G. Hopkins Guy, III, Esquire (by electronic mail)

# TAB A

Case 1:04-cv-01371-JJF    Document 389-2    Filed 09/26/2006    Page 9 of 11

## NLopez

**From:** Michael Headley [Headley@fr.com]
**Sent:** Thursday, September 21, 2006 9:07 PM
**To:** de Blank, Bas
**Cc:** VanderZanden, Brian; Ramsey, Gabriel
**Subject:** RE: PI-Fairchild: upshot of order on FCS MILs

Bas,

Your e-mail suggests that Fairchild intends to ignore the Court's order to pare down the list of art to seven references while at the same time you demand that Power Integrations immediately comply with a different portion of the same order. That is not acceptable. The Court's orders do not contemplate a staggered timeframe for compliance, nor do they suggest the parties can change the claims or prior art references after the first trial. Moreover, the list of prior art references is relevant to the first trial for at least two reasons. First, the art may bear on the scope of equivalents, and we are entitled to know which art Fairchild is relying on for that purpose. Second, Fairchild's opinions of counsel rely on invalidity in many places, and if Fairchild does not intend to rely on the same art at trial, Power Integrations is entitled to note the discrepancy in cross-examining Fairchild's witnesses with respect to willfulness. Additionally, per the Court's order, the parties need to work to resolve any dispute with respect to the dates of the seven references, and we need to do so (and to eliminate the dozens of superfluous exhibits on Fairchild's list) before we file our final exhibit lists this Monday.

Please let me know by noon Friday whether Fairchild will reconsider its position and provide the list of seven references at the same time Power Integrations provides a redacted version of Mr. Troxel's Summary Report (as noted before, we are willing to exchange these materials first thing Monday morning if any sooner would be too difficult from your end). If not, Power Integrations intends to raise this issue with the Court.

Sincerely,

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)
*************************************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*************************************************************************************************

**From:** de Blank, Bas [mailto:basdeblank@orrick.com]
**Sent:** Thursday, September 21, 2006 11:16 AM
**To:** Michael Headley
**Cc:** VanderZanden, Brian; Ramsey, Gabriel
**Subject:** RE: PI-Fairchild: upshot of order on FCS MILs

Michael,

    Thank you, we will expect the redacted version of Mr. Troxel's report by 5:00 p.m. Friday. With respect to the prior art, the selection of references will be impacted by the jury's decision as to which, if any, of the asserted claims are infringed. Further, we may file a timely motion for clarification or reconsideration. Consequently, we will identify the prior art pursuant to whatever schedule is set by the Court.

Bas de Blank
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA  94025
650-614-7343 (phone)
650-614-7401 (fax)

9/26/2006