# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

## VIA ECF AND HAND DELIVERY

September 28, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:    Power Integrations, Inc. v. Fairchild Semiconductor International
       USDC-D. Del. – C.A. No. 04-1371 JJF

Dear Judge Farnan:

Power Integrations respectfully submits this letter brief in response to Fairchild's motion for reconsideration of the Court's order requiring Fairchild to pare down its prior art list (D.I. 389).  The Court properly decided to limit the number of prior art references Fairchild can assert at trial in its September 20, 2006 Order & Memorandum (D.I. 384, 385).  Fairchild has not made any showing that the Order subjects it to manifest injustice, particularly in light of Fairchild's own strenuous arguments for limiting Power Integrations' infringement case, and the Court should not revisit the Order.

First and foremost, Fairchild wrongly asserts that Power Integrations never raised the issue of limiting Fairchild's number of prior art references before opposing Fairchild's nineteenth motion *in limine*.   Power Integrations raised this issue months ago, as early as May, when it asked Fairchild to identify the narrowed subset of art it intended to assert at trial out of the more than 100 references disclosed during discovery.  In doing so, Power Integrations noted that much of the art was either never addressed by Fairchild's experts or no longer relevant in light of the Court's claim constructions, which rendered the bulk of Fairchild's art irrelevant.  (*See* Exs. A and B.)  Fairchild nevertheless refused to pare down its list of references at that time.  Power Integrations then raised the issue again in its September 1, 2006 pretrial submissions, asking the Court to compel Fairchild to narrow and identify the references it truly intended to rely on at trial.  (D.I. 343 at Ex. 16, Misc. Issue No. 2.)  Fairchild did not respond.  Power Integrations then raised the issue again during the pretrial conference.  (D.I. 377 at 9-10.)  Therefore, Fairchild's argument that because "reply briefs were not permitted, Fairchild has not had any opportunity to be heard on this issue" is baseless.  (D.I. 389 at 1.)

Fairchild's argument regarding its absolute right to contest the validity of all of the non-asserted claims of the patents in suit is a red herring.  The Court has not forever

The Honorable Joseph J. Farnan, Jr.
September 28, 2006
Page 2

precluded Power Integrations from asserting more claims in the future, and therefore
has not forever precluded Fairchild from challenging the validity of those additional
asserted claims should they ever be raised at a later point in time.  For the purpose of
the present trials, however, Fairchild has already limited its expert testimony
regarding infringement and invalidity to the asserted claims.  Thus, Fairchild has no
real intention of challenging the validity of each of the non-asserted claims and is
only using this argument as a pretext to challenge the Court's Order limiting the
number of prior art references.

Moreover, throughout the pretrial process, Fairchild argued repeatedly about the
benefits of limiting Power Integrations' infringement case and claimed prejudice to
Fairchild in the absence of such a limitation.  (D.I. 356.)  In response, the Court
ultimately limited Power Integrations to proceeding on seven claims in these two
trials.  The rationale for selecting a limited number of claims for trial applies with
equal force to the prior art issue, and Fairchild has made no showing that narrowing
the issues for trial constitutes an abuse of the Court's inherent discretion to manage
this case.  In addition, now that Fairchild has succeeded in its strategy of limiting
Power Integrations' case, it would be unfair for Fairchild to escape the operation of
the same logic to its own case.

As for Fairchild's claims of prejudice,  Fairchild does not provide any showing that it
needs more than seven references to address its obviousness defenses[1].  It did not
because it cannot.  Fairchild's opinion letters rely on only two alleged invalidity
references for all four of the patents-in-suit.  (D.I. 307 at Ex. A and Ex. D.)
Fairchild's assertion that it needs 80 references for trial is therefore suspect on its
face.  In the absence of specific evidence, the Court should not give any weight to
Fairchild's claims that it will suffer a "manifest injustice" by being limited to seven
references.  As Fairchild correctly points out it its letter brief, the party requesting
reconsideration bears the burden of proof  on this issue, *see Max's Seafood Café by
Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), and Fairchild has
clearly failed to meet that burden.[2]

Fairchild's arguments regarding the authentication and publication dates of prior art
misstate Power Integrations' position.  Power Integrations does not intend to force

---

[1] To the extent Fairchild suggests it needs more references because obviousness
cannot be predicated on a single reference, Fairchild is wrong.  *See B.F. Goodrich
Co. v. Aircraft Braking Sys. Corp.*, 72 F.3d 1577, 1582 (Fed. Cir. 1996) (noting that
obviousness can be based on a single prior art reference so long as there is "a
suggestion or motivation to modify the teachings of that reference.").

[2] Fairchild's argument that the prior art is necessary "to assist the trier of fact in
construing claims" is similarly misplaced. (D.I. 389 at 4.)  Claim construction is not
a jury issue and the Court has already construed the claims.  As such, so no further
clarification is needed.

The Honorable Joseph J. Farnan, Jr.
September 28, 2006
Page 3

Fairchild to prove what is not contested, and Power Integrations does not intend to challenge the publication dates of all of the prior art references cited by Fairchild. As Power Integrations has always explained, though, it is unduly burdensome for Power Integrations to evaluate the prior art issues for more than 80 pieces of art given that the vast majority of the art is inapposite and will never see the light of day. As contemplated in the Court's order, Power Integrations will work with Fairchild to stipulate to the publication dates as appropriate once Fairchild has sufficiently narrowed its list.

Fairchild's suggestion that the limitation on prior art references applies only to the first trial on infringement and not to the second trial on validity similarly makes no sense and is not a fair reading of the Court's Order. The Court's Order on motions *in limine* clearly limits Fairchild to seven prior art references (D.I. 384 at 15) without reference to a particular phase of trial.

Moreover, if Fairchild in fact chooses to rely on references for the invalidity trial that are different than those its opinion counsel relied on, Power Integrations is entitled to point out to the first jury that Fairchild has taken an inconsistent position and chosen to disregard the references used by its own opinion counsel, and the jury is entitled to give the inconsistency the weight it believes appropriate.[3]  Indeed, Fairchild would not even be able to make its present request for "clarification" had this case not been bifurcated. It is clear from Fairchild's request for the Court to delay resolution of this issue "until some time after the infringement phase is over" (D.I. 389 at 7) that Fairchild intends to try to benefit from the bifurcation in a way that hides from both juries the inconsistencies in its positions. That is neither fair nor, we submit, what the Court intended.

Respectfully,

*/s/ William J. Marsden, Jr.*

William J. Marsden, Jr.
Enclosure
cc:    Clerk of Court (w/enclosure)
         Steven J. Balick, Esquire (By Hand)
         Bas de Blank, Esquire (By Hand)

---

[3] This does not mean, as Fairchild suggests, that the prior art will necessarily be admitted in the first trial in the context of willfulness. As Fairchild itself acknowledges in its letter brief, the substance of the art relied on by opinion counsel is not ordinarily relevant to willfulness, and in this case Power Integrations does not intend to address the prior art in the context of willfulness.