# Exhibit A

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

May 22, 2006

Brian VanderZanden
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:  Power Integrations Inc. v. Fairchild Semiconductor Int'l
     USDC-D. Del. - C.A. No. 04-1371-JJF

Dear Brian:

I received your letter of last week regarding a stipulation for prior art dates, but Fairchild's proposal again contains the same flaw as the previous draft: the list includes a wide range of material that will not be used at trial. Power Integrations cannot be expected to bear the burden of addressing Fairchild's list of more than 75 references simply because Fairchild is unable (or unwilling) to pare its list to a reasonable size at this point.

Sincerely,

Michael R. Headley

50350025.doc

# Exhibit B

Case 1:04-cv-01371-JJF    Document 395-2    Filed 09/28/2006    Page 3 of 4

# Kim Kilby

| | |
|---|---|
| **From:** | Michael Headley |
| **Sent:** | Tuesday, May 02, 2006 6:06 PM |
| **To:** | Brian Vanderzanden (bvanderzanden@orrick.com) |
| **Subject:** | Re: PI-Fairchild: prior art dates |

Brian,

I received your letter of today regarding Fairchild's proposal with respect to stipulating to the dates of publication for various prior art references. Again, your letter misrepresents the nature of our discussions with respect to alleged prior art and attempts to divert the parties' attention with a raft of art that will never be addressed at trial. I am writing to correct the record and, I hope, to put the parties on track toward a meaningful discussion of the issue.

First and foremost, your stipulation includes a wide range of art that is not relevant for trial, including art not addressed in Fairchild's experts' reports and art related to positions Fairchild appears to have abandoned. It is clear that Fairchild will not rely on 106 pieces of art at trial; it is equally clear that the parties will be able to stipulate to the dates of publication for many references. To keep the parties from wasting time with unnecessary matters, please let us know what art Fairchild truly intends to rely on at trial, and we will let you know which dates of publication we can accept.

Second, your letter incorrectly suggests that Fairchild sent Power Integrations a stipulation in November, when in fact the first of the various (and increasingly lengthy) versions of Fairchild's proposed prior art stipulation arrived in April. Although I raised problems with the dates for various references Fairchild raised in its expert reports in November with Mr. de Blank, he did not get back to me at that time. Power Integrations cannot be blamed for Fairchild's delay in addressing the issues I raised at that time.

Third, the wording of the stipulation is not acceptable to Power Integrations. If we are to stipulate to the publication dates for various references, we will stipulate that "(reference) was published as of (date)." As phrased, your stipulation suggests additional weight be given to references with respect to section 102.

I look forward to your response.

Sincerely,

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)

This e-mail may contain confidential and privileged information. If you received it in error, please contact the sender and delete all copies.

1