IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br> v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>   Defendants. | C.A. No. 04-1371 JJF |

**PRELIMINARY JURY INSTRUCTIONS**

## INTRODUCTION

Ladies and gentlemen, you have been selected as jurors in this case. What I will now say is intended to introduce you to the trial and the law that you will apply to the evidence that you will hear. I will give you more detailed instructions on the law at the end of the trial. All of my instructions are important, and you should consider them together as a whole. Please listen carefully to everything I say.

This is a case about patent infringement. The parties are Power Integrations, the plaintiff, and Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., the defendants. Power Integrations owns United States Patent Numbers 6,249,876, 6,107,851, 6,229,366, and 4,811,075, which you may hear called by the lawyers and witnesses in the case by their last three numbers, the '876, '851, '366, and '075 patents, or by the last name of the lead inventors, here, Klas Eklund or Balu Balakrishnan. Power Integrations contends that Fairchild infringes the '876, '851, '366, and '075 patents. Fairchild contends that it did not infringe the '876, '851, '366, and '075 patents. Fairchild also does not believe it willfully infringed the asserted patents because it believes the patents are not infringed or invalid, but you are not determining the validity of the patents in this case.

Source:

*Uniform Jury Instr. For Patent Cases in the D. Del*

## PATENT LAW – GENERAL

      The Federal Judicial Center video will be shown at this time.

<u>Source</u>:

*Uniform Jury Instr. For Patent Cases in the D. Del*

## DUTIES AS JURORS

Now a word about your duties as jurors. Trial by jury is one of the cornerstones of our free society. Faithful performance by you of your duties is vital to the administration of justice.

You have two main duties as jurors. The first is to decide what the facts are from the evidence that you will see and hear in court. Deciding what the facts are is your job, not mine, and nothing that I will say or do should influence your view of the facts in any way. In deciding what the facts are, you must not engage in guesswork or speculation. You must not be influenced in any way by any personal feeling of sympathy for, or prejudice against, either side in this case. Each side is entitled to the same fair and impartial consideration.

Your second duty is to take the law that I give you and apply it to the facts. It is my job to instruct you about the law, and you are bound by the oath you just took to follow my instructions, even if you personally disagree with them. That includes these instructions and the instructions that I will give you during and after the trial. All of my instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Source:

*Uniform Jury Instr. For Patent Cases in the D. Del*

**BURDEN OF PROOF**

Power Integrations has the burden to prove patent infringement by what is called a preponderance of the evidence. That means Power Integrations has to produce evidence that, when considered in light of all of the facts, leads you to believe that what Power Integrations claims is more likely true than not. To put it differently, if you were to put the Power Integrations' evidence and Fairchild's evidence on the opposite sides of a scale, the evidence supporting Power Integrations' claims would have to make the scales tip somewhat on Power Integrations' side.

Some of you may have heard the phrase " proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

Source:

*Uniform Jury Instr. For Patent Cases in the D. Del*

**EVIDENCE**

The evidence you will consider consists of the sworn testimony of witnesses, the exhibits admitted into evidence, and any facts the parties admit or agree to. Nothing else is evidence. The lawyers' statements and arguments are not evidence; their questions and objections are not evidence. My comments or questions are not evidence. Nothing you see or hear outside the courtroom is evidence.

From time to time it may be the duty of the attorneys to make objections to evidence that should not be presented at this trial under the rules of evidence. It is my duty as the judge to rule on those objections and decide whether you can consider the evidence in question. My decisions about the admission of evidence are governed by rules of law. You must not be influenced by any objection or by my reasons for making an evidentiary ruling. If I sustain an objection or order evidence stricken from the trial, do not speculate about what a witness might have said or what an exhibit might have shown. You must not consider that evidence.

Use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Make your decisions about the trial based only on the evidence, as I have defined it here, and nothing else.

Source:

*Uniform Jury Instr. For Patent Cases in the D. Del*

**WITNESSES - CONFLICTS IN TESTIMONY**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. For example, you may be guided by the appearance and demeanor of the witnesses as they testified and the witnesses' apparent fairness in giving their testimony. Other factors may include evidence to the contrary of the testimony given or evidence that at some other time the witness said or did something (or failed to say or do something) that was different from the testimony the witness gave at trial. You may also consider any bias or interest the witness may have in the outcome of these proceedings.

You should remember that a simple mistake does not necessarily mean that the witness is not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness makes a misstatement, you must consider whether it is simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

If you find the testimony in this case to be in conflict, it will be your duty at the end of the case to reconcile the conflicts if you can. If you cannot do so, it is your duty to disregard that portion of the testimony that you, in your judgment, deem not worthy of credit.

Lastly, the number of witnesses presented is not important; concentrate on how believable the witnesses are and how much weight you believe their testimony deserves.

Source:

*Uniform Jury Instr. For Patent Cases in the D. Del*

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

In this trial, the parties may present "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness that, if you believe the testimony, directly proves a fact. For example, if a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of facts and circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Source:

*Uniform Jury Instr. For Patent Cases in the D. Del*

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field, called an expert witness, is permitted to state an opinion on those technical matters.

The value of this kind of testimony depends upon the qualifications and skill of the witness, the sources of the witness's information, and the reasons supplied for any opinions given. You should consider this kind of testimony like all other testimony you hear and weigh it by the same tests. However, as with any other witness, you are not required to accept any expert's opinions. It will be up to you to decide whether to rely upon them.

Source:

*Uniform Jury Instr. For Patent Cases in the D. Del*

## GENERAL INSTRUCTION

Until this case is submitted to you for your deliberation, you are to keep an open mind and not decide any issue in this case. You also must not discuss this case with anyone, remain within hearing of anyone discussing it, or read any news article that discusses it. After this case has been submitted to you, you must discuss this case only in the jury room when all members of the jury are present.

It is important that you wait until all the evidence is received and you have heard my instructions on the rules of law before you deliberate among yourselves. The only evidence you may consider will be the evidence presented at trial. Because of this, you should not attempt to gather any information on your own that you think might be helpful. Do not do any outside reading on this case and do not in any other way try to learn about the case outside the courtroom.

The reason for these rules, as I am certain you will understand, is that you must decide this case solely on the evidence presented at the trial.

Source:

*Uniform Jury Instr. For Patent Cases in the D. Del*

**COURSE OF THE TRIAL**

    The case will now begin.

    First, Power Integrations may make an opening statement outlining its case. Then Fairchild may make an opening statement outlining its case. Neither side is required to make an opening statement. Opening statements are not evidence; their only purpose is to help you understand what the evidence will be.

    Next, the parties will present their evidence. Power Integrations will first introduce the evidence that it believes will support its claims. When Power Integrations is finished, Fairchild will introduce evidence to defend against Power Integrations' claims. Power Integrations then has the opportunity to offer rebuttal evidence.

    After you have heard all of the evidence, I will instruct you on the law that you must apply in this case. Then each side may make a closing argument, although no one is required to do so. The closing arguments are not evidence; their only purpose is to give each side the opportunity to summarize its case and to help you understand the evidence it has presented.

    Finally, after the closing arguments, you will deliberate and arrive at your verdict.

<u>Source</u>:

*Uniform Jury Instr. For Patent Cases in the D. Del*

## GLOSSARY OF PATENT TERMS

| | |
|---|---|
| <u>Assignment</u> | Transfer of ownership rights in a patent or patent application from one person or company to another. |
| <u>Claims</u> | That part of a patent which defines the metes and bounds of the invention. These are found at the end of the patent specification in the form of numbered paragraphs. |
| <u>Written Description</u> | That part of the patent specification which explains how the invention works and usually includes a drawing. |
| <u>File wrapper/File history</u> | The written record of proceedings in the Patent Office including the original patent application and subsequent communications between the Patent Office and applicant. |
| <u>Patent Application</u> | The initial papers filed in the United States Patent and Trademark Office (patent Office or PTO) by an applicant. These typically include a specification, drawings and the oath (Declaration) of applicant. |
| <u>Patent Examiners</u> | Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention. |
| <u>Prior Art</u> | Any information which is used to describe public, technical knowledge prior to the invention by applicant or more than a year prior to his/her application. |
| <u>References</u> | Any item of prior art (publication or patent) used to determine patentability. |
| <u>Specification</u> | That part of the patent application or patent which describes the invention and concludes with one or more claims. |

<u>Source</u>:

*Uniform Jury Instr. For Patent Cases in the D. Del*