```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE
```

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | : |
| Plaintiff, | : |
| v. | : C.A. No. 04-1371-JJF |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | : |
| Defendants. | : |

## MEMORANDUM ORDER

On October 4, 2006, during trial in this action, Defendants submitted a letter (D.I. 403) requesting the Court to provide a claim construction for two terms in the '075 patent: (1) "MOS transistor" and (2) "within the substrate." Plaintiff filed an opposition letter. For the reasons discussed, the Court concludes that the relevant terms have already been construed, and the interpretation now urged by Defendants is unwarranted.

### I. The Parties' Contentions

Defendants contend that during prosecution, Plaintiff disavowed coverage of DMOS devices for purposes of the '075 patent. Defendants contend that the accused Fairchild devices are DMOS devices, as that term was understood when the patents were filed. Thus, Defendants suggest that an interpretation of the term "MOS transistor" which expressly excludes DMOS devices is appropriate.

Defendants also contend that the phrase "within the substrate" should be construed to mean "within the physical material on which a transistor or microcircuit is fabricated and not within subsequently doped regions." Defendants contend that this interpretation is appropriate because Plaintiff distinguished the '075 patent over the Colak reference by adding the phrase "within the substrate." According to Defendants, the patent applicant added the phrase "within the substrate" to overcome the DMOS structure disclosed in Colak, which depicted the source entirely within a subsequently doped channel region rather than "within the substrate." Defendants contend that construction of these phrases is necessary at this time to avoid "the clear and extreme prejudice that will occur without a construction of the phrases 'MOS transistor' and 'within the substrate.'" (D.I. 403 at 1).

In response to Defendants' request, Plaintiff contends that Defendants' letter is an attempt to seek reconsideration of the Court's claim construction rulings, and Defendants have not demonstrated the factors necessary to support reconsideration. Plaintiff contends that the Court has already provided a claim construction for the terms "DMOS transistor" and "substrate." Plaintiff also contends that it is asserting only literal infringement of the '075 patent and not infringement under the doctrine of equivalents, and therefore, the issues of equivalence

2

and prosecution history estoppel are moot.

## II. DISCUSSION

In its claim construction Memorandum Opinion, the Court addressed the DMOS issue raised by Defendants and provided a claim construction for the terms "MOS transistor" and "substrate." At that time, the Court considered the DMOS-related issue to be relevant to equivalence and prosecution history estoppel, and therefore, the Court was not persuaded that the DMOS issue was properly before it.

However, by their letter, Defendants have raised the DMOS issue again. Plaintiff has not alleged infringement under the doctrine of equivalents with respect to the '075 patent and has only pursued its infringement allegations based on literal infringement. Therefore, the Court finds any DMOS issues related to equivalence are moot.

As for prosecution history estoppel, the Court of Appeals for the Federal Circuit has recognized that prosecution history estoppel is irrelevant to literal infringement. See Fromson v. Advance Offset Plate, Inc., 720 F.2d 1565, 1571 (Fed. Cir. 1983). To the extent that Defendants rely on the doctrine of prosecution disclaimer, the Court concludes that the doctrine does not apply here. Like the doctrine of prosecution history estoppel, prosecution disclaimer requires "the alleged disavowing statements to be so clear as to show reasonable clarity and

3

deliberateness, . . . and so unmistakable as to be unambiguous evidence of disclaimer." Omega Engineering, Inc. v. Raytek Corp., 334 F.3d 1314, 1325-1326 (Fed. Cir. 2003). In this case, the Court is not persuaded that Plaintiff's statements distinguishing Colak were sufficiently clear and unambiguous to amount to a disclaimer of all DMOS devices. In the Court's view, Plaintiff's statements were only relevant to distinguish the type of DMOS device shown in Colak, and not all DMOS devices. Indeed, the specification expressly notes that the invention can be embodied in either an MOS or DMOS structure. '075 patent, col. 3:6-9. Accordingly, the Court declines to import DMOS limitations into its claim construction by reinterpreting the term "MOS transistor" and defining the term "within a substrate" in the manner suggested by Defendants.[1]

In sum, the Court has provided a claim construction for the terms "MOS transistor" and "substrate," and the Court concludes that revisiting its interpretation of those terms is not warranted. Accordingly, the Court will deny Defendants' request for new and/or additional claim construction rulings.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendants' letter (D.I. 403) request for new and/or additional claim construction

---

[1] As the Court has noted, the term "substrate" has already been defined, and the Court is not persuaded that the term "within" requires special construction beyond its ordinary meaning.

4

rulings is **DENIED**.

__October 5, 2006__
    Date

_____
UNITED STATES DISTRICT JUDGE