# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 6, 2006

The Honorable Joseph J. Farnan, Jr.
U.S. District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Power Integrations, Inc. v. Fairchild Semiconductor International,*
C.A. No. 04-1371 JJF

Dear Judge Farnan:

Fairchild respectfully submits this letter brief requesting that Defendants' Exhibits DX-517, 520 and 521 (the "Exhibits") (emails from Power Integrations' attorneys to LECG concerning Power Integrations' alleged damages) be admitted as evidence in this case. Those emails show that Power Integrations deliberately withheld from Mr. Troxel, its own damages expert, Power Integrations information that directly contradicted the assumptions underlying Mr. Troxel's claim of damages due to price erosion. Specifically, Mr. Troxel testified that Power Integrations told him that Power Integrations was unable to raise prices while, in fact, Power Integrations had provided LECG with charts indicating that Power Integrations not only could – but had – raised its average prices in many instances.

The Exhibits should be admitted pursuant to Federal Rule of Evidence 804(b)(3) as an admission by Power Integrations made through its agents, the firm of Fish & Richardson. The Exhibits make clear that Power Integrations was withholding from its damages expert information that directly contradicted his damages calculations. Moreover, these Exhibits demonstrate that Power Integrations understood the significance of this information since it provided it to its damages consultants, LECG and specifically instructed them not to forward it to Mr. Troxel.

The Exhibits are admissible under Federal Rule of Evidence 705, which provides, in relevant part, that an "expert may in any event be required to disclose the underlying facts or data [relating to his opinion] on cross-examination." Although the emails undermine, rather than support, Mr. Troxel's opinion, that is no reason to bar their admission. On the contrary, admitting them serves the core purpose of Rule 705's provision for the admission of otherwise inadmissible underlying information – to allow the jury to determine the credibility and weight to be accorded the expert opinion testimony presented to it. The rule is defeated if only evidence supporting the opinion is admitted.

The Fourth Circuit, reversing a judgment for failure to admit evidence that the expert had not relied on but which militated against his conclusions, explained this principle:

> Full examination of the underpinnings of an expert's opinion is permitted

The Honorable Joseph J. Farnan, Jr.
October 6, 2006
Page 2

> because the expert, like all witnesses, puts his credibility in issue by taking the stand. ***Jackson's polygraph result is relevant to Rollins' credibility because Rollins must have necessarily discounted it to reach the opinion he stated in court.*** ... Counsel should have been permitted to fully explore the bases of Rollins' opinion, including inquiry about Jackson's polygraph result. ***Rule 703 creates a shield by which a party may enjoy the benefit of inadmissible evidence by wrapping it in an expert's opinion; Rule 705 is the cross-examiner's sword, and, within very broad limits, he may wield it as he likes.***

*United States v. A & S Council Oil Co.*, 947 F.2d 1128, 1135 (4th Cir. 1991) (emphasis added). Similarly, here, the emails at issue contain stern instructions that no documents should pass from LECG to Mr. Troxel, showing that Mr. Troxel should not have relied on LECG's findings or the limited information provided to him by Power Integrations. Just like the hearsay polygraph result in *A & S Council Oil*, evidence of what Mr. Troxel did *not* rely on must be admitted to balance the (otherwise equally inadmissible) evidence of what he did rely on.

As the Fourth Circuit explained, Rule 703 allows a party to enjoy the benefit of inadmissible hearsay "by wrapping it in an expert's opinion." *Id.* Rule 705 balances that exception to normal limitations on admissibility by allowing the opposing party to bring into evidence, through cross-examination, of all "underlying facts or data" that bear on how an expert arrived at his opinion. This includes hearsay evidence not relied upon by the expert that tends to refute his analysis. *Id.* That is exactly what the three emails at issue are. They show that in arriving at the conclusion that PI could not raise its prices, Mr. Troxel did not consider LECG's contrary findings. It would be an incorrect application of Rules 703 and 705 to allow all of the hearsay evidence supporting Mr. Troxel's opinion testimony into evidence but to exclude only these two emails.

Fairchild respectfully requests that the Court admit Defendants' Exhibits DX-517, DX-520 and DX-521 as substantive evidence.

             Respectfully,

             /s/ *John G. Day*

             John G. Day

JGD: nml
173938.1

cc: William J. Marsden, Jr. Esquire (by hand delivery)
   Frank E. Scherkenbach, Esquire (by hand delivery)
   Howard G. Pollack, Esquire (by hand delivery)
   G. Hopkins Guy, III, Esquire (by hand delivery)