# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

October 6, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
   For the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   Power Integrations, Inc. v. Fairchild Semiconductor International
      USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Judge Farnan:

Power Integrations moves pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, for judgment as a matter of law that Fairchild literally infringes Claim 1 of the '851 patent. The Court must grant judgment as a matter of law if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Here, it is not a question of sufficiency. Fairchild failed to put forth any evidence to refute Power Integrations' showing that Fairchild's accused products literally infringe claim 1 of the '851 Patent. Thus, no reasonable jury could conclude that Fairchild does not literally infringe Claim 1 of the '851 patent.

Literal infringement exists when each and every element of the asserted claim is present in the accused device. *Acco Brands, Inc. v. Micro Security Devices, Inc.*, 346 F.3d 1075, 1080 (Fed. Cir. 2003) (citation omitted). Power Integrations established the presence of every claim 1 element via at least the testimony of Power Integrations' infringement expert, Mr. Blauschild, and the schematics for Fairchild's accused parts [PX241].

Mr. Blauschild opined that Fairchild's accused products literally infringe claim 1 of the '851 Patent. [483:13-22 and 487:4-6] Mr. Blauschild also stepped through his analysis using Fairchild's schematics and showed the presence of every claim 1 element in the accused products. [483:23 to 487:6; PX241]
Fairchild failed to put forth any evidence – exhibit, testimony, or otherwise – refuting Power Integrations' showing that the accused parts literally infringe claim 1 of the '851 Patent. Fairchild's non-infringement expert, Dr. Horowitz, admitted on cross-examination that he provided no non-infringement opinion concerning claim 1 of the '851 Patent. Specifically, Dr. Horowitz admitted that he had no opinion on whether the elements of claim 1 of the '851 Patent are literally present in the accused parts:

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
October 6, 2006
Page 2

    20      You have not provided any opinion
    21  here today that these elements of Claim 1 are
    22  not literally present in the Fairchild accused
    23  devices; correct?
    24     A. I did not provide any such
    1  opinion.

[Trial Transcript at 1102:20 to 1103:1]

Instead, Dr. Horowitz stated that his only opinion was that the accused parts practice what is taught in the Martin prior art reference. This is not a defense to literal infringement, as a matter of black letter law. *Nazomi Communications, Inc. v. ARM Holdings, PLC*, 403 F.3d 1364, 1371 (Fed. Cir. 2005) (warning that "practicing the prior art" is not a viable defense against a claim of literal infringement and quoting *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995) ("Literal infringement exists if each of the limitations of the asserted claim(s) read on, that is, are found in, the accused device. Questions of obviousness [or anticipation] in light of the prior art go to validity of the claims, not to whether an accused device infringes.")).

Thus, no reasonable jury could conclude that Fairchild does not literally infringe claim 1 of the '851 patent. Power Integrations respectfully requests that the Court grant its motion for judgment as a matter of law and hold that Fairchild's FSD200 series of products literally infringe claim 1 of the '851 Patent.

Respectfully,

/s/ *William J. Marsden, Jr.*

William J. Marsden, Jr.

WJM/kxk

cc:    Steven J. Balick, Esq. (By Email)
        Bas de Blank, Esq. (By Email)