# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

October 10, 2006

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the
  District of Delaware
844 King Street
Wilmington, DE 19801

Re:   Power Integrations, Inc. v. Fairchild Semiconductor International
      USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Judge Farnan:

Power Integrations respectfully opposes Fairchild's request to admit into evidence Defendants' Exhibits DX-517, 520, and 521 (D.I. 410) (e-mails from Power Integrations' attorneys to the expert consulting firm LECG) on the grounds that the Federal Rules of Evidence prohibit admitting extrinsic evidence to impeach a witness, and on the grounds that any possible probative value is far outweighed by the risk of prejudice to Power Integrations.

The admissibility of evidence to attack a witness' character is governed by F.R.E. 608(b). The general rule is that a party may ask questions on cross-examination that are probative of the truthfulness or untruthfulness of a witness, but may not introduce extrinsic evidence to support those attacks. *Id*. Fairchild completely ignores F.R.E. 608(b) in its motion, instead focusing on whether or not the exhibits are hearsay under F.R.E. 804, and whether or not they are admissible as facts underlying the expert's opinion under F.R.E. 705. Because Fairchild's motion fails to address the very foundation of Power Integrations' objection – namely, that extrinsic evidence cannot be admitted to impeach a witness – Fairchild's motion should be denied.

Even if the Court goes beyond this threshold issue of admissibility, Fairchild's reliance on F.R.E. 705 is misplaced. It is true that an expert may be required to disclose the facts underlying his opinion's on cross-examination. Fairchild's own motion, however, is premised on its mistaken belief that Mr. Troxel should have relied upon these e-mails but **did not do so** because they were allegedly withheld by attorneys for Power Integrations.[1] Even accepting Fairchild's skewed presentation of the facts, F.R.E. 705 provides no path for the admission of these e-mails because the e-mails were not relied upon by Mr. Troxel in forming his opinions.



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

---

[1] In his testimony, Mr. Troxel made clear that he did not rely on these e-mails and did not believe they were relevant to his analysis. *See* Trial Tr. 849:17-852:11.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
October 10, 2006
Page 2

This situation is very different than *United States v. A & S Council Oil Co.*, 947 F.2d 1128 (4th Cir. 1991), the only case Fairchild cites in support of its motion. In *A&S Council*, the Fourth Circuit concluded that the government expert "necessarily discounted [polygraph results] to reach the opinion he stated in court," namely his opinion that a witness was competent to testify despite failing the polygraph test. *Id.* at 1135. The court held that the defendant was entitled to cross-examine the expert on why he discounted the polygraph results during his analysis.[2] Here, however, Mr. Troxel did not analyze the e-mails in question, and relied upon other information to support his conclusion that Power Integrations could not raise prices to current customers. Fairchild had an opportunity to cross-examine Mr. Troxel on that underlying data, precisely as contemplated by F.R.E. 705, and also had the opportunity to introduce its own rebuttal evidence through its damages expert Dr. Keeley. There is thus no risk of prejudice to Fairchild if these e-mails are not admitted into evidence.

There is, however, a serious risk of prejudice to Power Integrations should these e-mails be admitted. The jury may fail to appreciate why the attorney-client privilege is necessary, or why the waiver of that privilege (such as through disclosure to expert witnesses) is protected so zealously by attorneys. There is a significant risk that the jury would attach an undue importance to the instructions of Power Integrations' attorneys to keep the information in these e-mails confidential, which would unduly prejudice Power Integrations. As above, the probative value of these e-mails is slight, given that both parties' expert witnesses provided other testimony and evidence concerning future price erosion, and thus in addition to being excluded under F.R.E. 608(b) these e-mails should also be excluded under F.R.E. 403.

Respectfully,

William J. Marsden, Jr.

50376703.doc

cc:    John Day, Esq. (via ECF & electronic mail)
       G. Hopkins Guy, Esq. (via electronic mail)

---

[2] The introduction of exculpatory evidence in criminal trials such as *A&S Council* also implicates Constitutional concerns that are simply not present in the instant case.