# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

November 15, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:   Reconsideration of Order Regarding Pared Down Claims (D.I. 330)
      USDC-D. Del. - C.A. No. 04-1371 JJF
      *Power Integrations, Inc. v. Fairchild Semiconductor International*



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Dear Judge Farnan:

Power Integrations respectfully submits this letter to address a few issues in advance of the upcoming trial on Fairchild's invalidity and unenforceability claims and defenses with respect to the four Power Integrations patents the jury found willfully infringed last month.  The parties jointly submitted a letter last week regarding potential dates for a brief pretrial conference in advance of the December 4 trial, and this letter sets forth the primary issues Power Integrations would have the Court address at any such conference.

1. **Trial time**.  Power Integrations believes the issues for the upcoming trial are well-contained and that the parties can present their evidence with approximately 9 hours per side in a 3-day trial.  However, the Court's ruling on Fairchild's pending motion (issue #2 below) will significantly impact the amount of time the parties need at trial.

2. **Fairchild's Motion to add prior art and new contentions**.  Fairchild filed a motion seeking reconsideration of the Court's orders limiting the scope of prior art for trial (D.I. 423), and Power Integrations opposed this motion on several grounds (D.I. 425), including that the motion (1) does not set forth any undue prejudice to justify broadening the scope of trial; (2) sets forth at least fifteen new contentions beyond the scope of Fairchild's experts' reports; and (3) identifies new exhibits, including documents Fairchild produced for the first time in the weeks since the conclusion of the first trial.  In addition, Fairchild has suggested in draft pretrial papers that it will raise still more new invalidity contentions at the trial.  Power Integrations requests that the Court clarify and limit the scope of invalidity proofs at trial.

3. **Inequitable conduct evidence – timing**.  In the Pretrial Order filed on September 5, 2006, the parties stipulated that "Any testimony of a witness to be used with respect to the issue of inequitable conduct shall be taken

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
November 15, 2006
Page 2

(or submitted by designation) the same day the witness testifies, only it shall be taken (or submitted) separately, outside the presence of the jury, in a manner and at a time as the Court may direct." (D.I. 360 at ¶ 39.) Nevertheless, Fairchild now appears to be suggesting that the Court conduct an entirely separate proceeding on the issue of inequitable conduct. Power Integrations objects to complicating this case with an additional proceeding and asks that the Court resolve the issue.

4. **Inequitable conduct evidence - procedure.** Power Integrations also seeks clarification with respect to the handling of inequitable conduct evidence and asks that the Court rule that Fairchild cannot elicit or otherwise provide testimony regarding inequitable conduct in front of the jury, including any reference to whether the inventors submitted art to the patent office. Power Integrations does not believe this will present any departure from standard practice as the Court will address inequitable conduct outside the presence of the jury, but Power Integrations raises the issue out of an abundance of caution given the prejudice from any such action by Fairchild.

5. **Reference to the first trial**. The Court has indicated that it will instruct the new jury on the findings in the first case, and Power Integrations asks that the Court clarify what will be said, when and how it will be said, and what limits the Court will place on references to the first trial (including the manner in which this impacts the introduction of testimony from the first trial by designation). Power Integrations has enclosed a proposed general instruction regarding the case and the outcome of the first trial to assist the Court in framing the issue for the Jury. *See* Ex. A.

6. **Jury questionnaire**. Power Integrations proposes the parties use the same questionnaire from the first trial for the second jury panel.

7. **Responding to Fairchild expert testimony provided after the exchange of reports**. Power Integrations previously asked that the Court clarify it would permit Power Integrations' expert Mike Shields to address at trial contentions that Fairchild's process technology expert provided after Mr. Shields had been deposed, addressing new documents Fairchild obtained and testimony that was obtained after the parties exchanged expert reports. (D.I. 363 at 22-23.) The Court deferred ruling on the issue at that time. *See* D.I. 384 at 12-13 n.2. Power Integrations therefore asks the Court to resolve this issue to permit the parties to finalize their plans for trial.

8. **Use of exhibits from the first trial**. Fairchild raised a concern in the first trial about the re-use of exhibits in the second trial, and to remove the

F ISH & R ICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
November 15, 2006
Page 3

>obstacle to the progress of the first trial Power Integrations accepted Fairchild's proposal that "the fact that exhibits are admitted in this first trial (on infringement and damages issues) does not mean that the same exhibits will necessarily be admitted in the second trial." Power Integrations has no intention of wasting time with unnecessary exhibits from the first trial, but Power Integrations would ask that the Court clarify the treatment at the second trial of documents admitted into evidence at the first trial.

Power Integrations has also provided, as Exhibits B and C hereto, a revised verdict form and witness list (identifying witness order, subject matter, and projected times). Power Integrations is also preparing a revised set of jury instructions but has not yet had the opportunity to meet and confer with Fairchild regarding jury instructions. Once the parties meet and confer, Power Integrations will file a complete set of proposed instructions to permit the Court to address any outstanding disputes.

Respectfully submitted,

*/s/ William J. Marsden, Jr.*

William J. Marsden, Jr.

cc:   Clerk of Court (via ECF and hand delivery)
      Steven J. Balick (via ECF and hand delivery)
      G. Hopkins Guy (via e-mail and first class mail)

50383999.doc