# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 15, 2006

The Honorable Joseph J. Farnan, Jr.  
United States District Court  
844 King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re: *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., et al.,*  
C.A. No. 04-1371-JJF

Dear Judge Farnan:

Since November 10, 2006, Fairchild has sought to meet and confer with Power Integrations to identify the issues to be discussed during the pretrial conference. Fairchild provided Power Integrations with the list of issues it intends to raise and drafts of its positions. Fairchild requested that the parties meet and confer to resolve these issues or, at the very least, submit a joint statement to the Court incorporating each parties' position.

Unfortunately, Power Integrations refused to meet and confer and, instead, filed a letter with the Court (DI 427) that was not first provided to Fairchild and did not incorporate Fairchild's positions. For the convenience of the Court, Fairchild hereby identifies all such issues and includes the positions of both parties:

1) **The duration of the trial and the order of presentation.**

   **Fairchild** – As the party bearing the burden of proof by clear and convincing evidence, Fairchild should present its case first and provide a rebuttal to Power Integrations' evidence, if appropriate. Given the need for the jury to understand and address seven claims from four different patents, Fairchild believes that the Court should allocate 50 hours (25 hours per side) for the invalidity trial. Power Integrations' proposal of nine hours per side gives each party barely an hour per claim after allowing time for opening statements and miscellaneous arguments. This time limit would substantially prejudice Fairchild and effectively prevent it from presenting its case. If the Court elects to have the party present their inequitable conduct case during this trial, Fairchild expects that its time estimate will need to be increased to accommodate the additional witnesses and evidence.

   **Power Integrations** – Power Integrations believes the issues for the upcoming trial are well-contained and that the parties can present their evidence with approximately 9 hours

The Honorable Joseph J. Farnan, Jr.
November 15, 2006
Page 2

per side in a 3-day trial. However, the Court's ruling on Fairchild's pending motion (issue #2 below) will significantly impact the amount of time the parties need at trial.

2) **The identification of the prior art upon which Fairchild may rely.**

**Fairchild** – Fairchild objects to the Court's limit on the number of prior art references upon which Fairchild may rely as highly prejudicial and effectively creating a punitive restriction on its invalidity case. Without waiving that objection, as set forth in Fairchild's pending motion, Fairchild has requested that the Court permit Fairchild to rely upon eleven (11) prior art references to demonstrate that the asserted claims are invalid.

**Power Integrations** – Fairchild filed a motion seeking reconsideration of the Court's orders limiting the scope of prior art for trial (D.I. 423), and Power Integrations opposed this motion on several grounds (D.I. 425), including that the motion (1) does not set forth any undue prejudice to justify broadening the scope of trial; (2) sets forth at least fifteen new contentions beyond the scope of Fairchild's experts' reports; and (3) identifies new exhibits, including documents Fairchild produced for the first time in the weeks since the conclusion of the first trial. In addition, Fairchild has suggested in draft pretrial papers that it will raise still more new invalidity contentions at the trial. Power Integrations requests that the Court clarify and limit the scope of invalidity proofs at trial.

3) **The scheduling of the post-trial hearing on equitable issues.**

**Fairchild** – In the Pretrial Order filed on September 1, 2006, the parties agreed that the Court would direct the "time" and "manner" in which it would hear evidence of Power Integrations' inequitable conduct. Fairchild understands that this will occur outside the presence of the jury and requests the Court set a hearing and briefing schedule to consider various equitable issues after the completion of the invalidity trial. Fairchild does not object to the presentation of this evidence outside the presence of the jury during the invalidity trial but expects that this will necessitate additional time and additional witnesses during the invalidity trial.

**Power Integrations** – In the Pretrial Order filed on September 1, 2006, the parties stipulated that "Any testimony of a witness to be used with respect to the issue of inequitable conduct shall be taken (or submitted by designation) the same day the witness testifies, only it shall be taken (or submitted) separately, outside the presence of the jury, in a manner and at a time as the Court may direct." *(See* 39.) Nevertheless, Fairchild now appears to be suggesting that the Court conduct an entirely separate proceeding on the issue of inequitable conduct. Power Integrations objects to complicating this case with an additional proceeding and asks that the Court resolve the issue.

The Honorable Joseph J. Farnan, Jr.
November 15, 2006
Page 3

4) **Treatment of invalidity evidence also relevant to inequitable conduct.**

**Fairchild** – Fairchild understands that the jury will not be provided with evidence germane only to Power Integrations' inequitable conduct. To avoid any chance of confusion on this issue, Fairchild has requested that the Court schedule an evidentiary hearing to consider facts uniquely relevant to inequitable conduct. There is clear overlap, however, between the issues of invalidity and inequitable conduct and Fairchild expects to present evidence that prior art invalidates the asserted claims. Further, Fairchild expects to present evidence in its invalidity case that prior art was not considered by the Examiner, since whether the Examiner reviewed the prior art is relevant to the issue of invalidity. Fairchild also intends to offer evidence of whether Power Integrations was in possession of the prior art as it bears on the materiality of the reference in the invalidity case. Fairchild does not intend to present evidence in the invalidity trial concerning Power Integrations' deceptive intent related to the withheld art or that its failure to produce the art to the Examiner was intentional. This evidence will be provided at the hearing on the issue of inequitable conduct.

**Power Integrations** – Power Integrations also seeks clarification with respect to the handling of inequitable conduct evidence and asks that the Court rule that Fairchild cannot elicit or otherwise provide testimony regarding inequitable conduct in front of the jury, including any reference to whether the inventors submitted art to patent office. Power Integrations does not believe this will present any departure from standard practice as the Court will address inequitable conduct outside the presence of the jury, but Power Integrations raises the issue out of an abundance of caution given the prejudice from any such action by Fairchild.

5) **Whether reference to the infringement trial, or the testimony of witnesses in that trial, should be permitted.**

**Fairchild** – The jury should not be instructed about the previous trial or its outcome. At most, the jury should be instructed about infringement, willfulness, or damages no more than the jury in the infringement stage was instructed about invalidity – namely, that those issues will be handled by a different jury and should not impact this jury's decision. As to prior testimony during the infringement trial, neither party should be permitted to disavow a position advanced during the first trial that was accepted by the jury.

**Power Integrations** – The Court has indicated that it will instruct the new jury on the findings in the first case, and Power Integrations asks that the Court clarify what will be said, when and how it will be said, and what limits the Court will place on references to the first trial (including the manner in which this impacts the introduction of testimony from the first trial by designation). Power Integrations has enclosed a proposed general

The Honorable Joseph J. Farnan, Jr.
November 15, 2006
Page 4

instruction regarding the case and the outcome of the first trial to assist the Court in framing the issue for the Jury.

6) **Scope of testimony of Michael Shields**

**Fairchild** – On September 20, 2006, the Court granted Fairchild's Motion In Limine to Exclude Technical Expert Testimony from Michael Shields on Inherency. (DI 385, ¶ 17). In its Memorandum Order, the Court explained its reasoning:

> The Court has reviewed [Mr. Shields'] report and notes that it does not expressly address the concept of inherency. As the Court has stated previously, opinions not disclosed by an expert in his report will not be permitted at trial. Accordingly, the Court will exclude the testimony of Mr. Shields as it relates to the concept of inherency, unless Plaintiff can designate the portion of Mr. Shields' report which it contends addresses this topic, and therefore, Defendants' Motion will be granted at this juncture.

Since Mr. Shields' report does not address the issue of inherency, the Court properly precluded such testimony by him.

**Power Integrations** – Power Integrations previously asked that the Court clarify it would permit Power Integrations' expert Mike Shields to address at trial contentions that Fairchild's process technology expert provided after Mr. Shields had been deposed, addressing new documents Fairchild obtained and testimony that was obtained after the parties exchanged expert reports. The Court deferred ruling on the issue at that time. See D.I. 384 at 12-13 n.2. Power Integrations therefore asks the Court to resolve this issue to permit the parties to finalize their plans for trial.

7) **Use of exhibits from the first trial.**

**Fairchild** – Power Integrations lead counsel agreed "that the fact that exhibits are admitted in this first trial (on infringement and damages issues) does not mean that the same exhibits will necessarily be admitted in the second trial (on invalidity). Specifically, [Power Integrations] recognized that Fairchild maintains its objections that Power Integrations cannot use Mr. Ekland's notes or related material to establish any date of invention of the '075 patent. [Power Integrations] agreed not to argue in the second trial, as a basis for admission, that the exhibits had previously been admitted in the first trial." Fairchild expects Power Integrations to honor is agreement.

**Power Integrations** – Fairchild raised a concern in the first trial about the re-use of exhibits in the second trial, and to remove the obstacle to the progress of the first trial

The Honorable Joseph J. Farnan, Jr.
November 15, 2006
Page 5

      Power Integrations accepted Fairchild's proposal that "the fact that exhibits are admitted in this first trial (on infringement and damages issues) does not mean that the same exhibits will necessarily be admitted in the second trial." Power Integrations has no intention of wasting time with unnecessary exhibits from the first trial, but Power Integrations would ask that the Court clarify the treatment at the second trial of documents admitted into evidence at the first trial.

      Fairchild has enclosed its list of witnesses and its estimate of the time required for the invalidity trial as Exhibit A. If the Court chooses to have the parties also present evidence concerning inequitable conduct during this trial, Fairchild expects that it will need additional time and present testimony from additional witnesses. Finally, Fairchild has enclosed its proposed verdict form as Exhibit B.

Respectfully,

*/s/ John G. Day*

John G. Day

JGD/dmf
Attachments
175218.1

c:    William J. Marsden, Jr. Esquire (by hand)
      Frank E. Scherkenbach, Esquire (via electronic mail)
      Howard G. Pollack, Esquire (via electronic mail)
      G. Hopkins Guy, III, Esquire (via electronic mail)