# Exhibit O

Case 1:04-cv-01371-JJF    Document 433-19    Filed 11/21/2006    Page 1 of 3

```
 1                              VOLUME: I
 2                              PAGES: 1 to 214
 3                              EXHIBITS: See Index
 4
 5         UNITED STATES DISTRICT COURT
 6            DISTRICT OF MASSACHUSETTS
 7  - - - - - - - - - - - - - - - - - -x
 8  POWER INTEGRATIONS, INC., a
 9  Delaware corporation
10            Plaintiff
11     v.                    C.A. No. 04-1371 JJF
12
13  FAIRCHILD SEMICONDUCTOR
14  INTERNATIONAL, INC., a Delaware
15  corporation, and FAIRCHILD
16  SEMICONDUCTOR CORPORATION, a
17  Delaware corporation
18            Defendants
19  - - - - - - - - - - - - - - - - - -x
20       VIDEOTAPED DEPOSITION of PAUL HOROWITZ
21            Saturday, February 4, 2006
22                  9:20 a.m.
23
24       Michelle Keegan, Court Reporter
```

Page 134

1  wanted to make sure that those were entered into the
2  opinion.
3      When there's 16 other things -- one can
4  count them here -- going into that little detail for
5  each of these would have involved many pages of
6  report and many, many hours of time that was not
7  really available to me.
8      I thought that mentioning them and
9  saying that they had these features, which I'm
10 willing to support with additional answers when
11 asked, was the best I could do given those
12 constraints.
13     I should add that these additional ones,
14 although it's simply a long laundry list, was not
15 simply concocted because I looked through grade
16 sheets and said, Maybe this one has this, maybe that
17 one. I looked at each one of these in sufficient
18 detail to ensure that it had these features.
19     Q. Since we're on paragraph 66 of your report,
20 Exhibit 3, you also mention at the end of this
21 paragraph the Keller article and the SMP 4260. And
22 you state here that they anticipate claim 1 if the
23 soft-start element is not construed as means plus
24 function.

Page 135

1      So do I take it that if the soft-start
2  element is construed as means plus function, you
3  would not say that the Keller or SMP 240
4  anticipates?
5      A. Well, of course, I didn't explicitly state
6  that negative, but my understanding of means plus
7  function, that a digital implementation may well be
8  sufficiently different that it wouldn't come under
9  that claim limitation. So I only made the stronger
10 statement here.
11     Q. So I take it that in providing the analysis
12 of the Keller article and the SMP 240, 260 data
13 sheets in your claim chart, which begins at the page
14 you've marked D-15 of Exhibit 6, that this analysis
15 presumes that soft-start circuit is not a means plus
16 function limitation, correct?
17     A. Well, I suppose it would depend upon what
18 the court -- Let's say the court rules a soft-start
19 circuit element to be a means plus function but does
20 not include the ramp generator circuitry within the
21 structure, then it may well be that the 240, 260
22 would read on it. So the claim chart is silent as
23 to what would happen in that situation.
24     Q. Right. Exactly. So I just want to make

Page 136

1  sure I'm clear for what it is that you've provided
2  as your opinion in the chart as of the time that you
3  prepared it. And I'm reading -- I believe -- I
4  thought I was reading in your chart that you were
5  asserting that Keller anticipated claim 1 of the
6  '366 patent. And I'm trying to read that in light
7  of what you said in paragraph 66.
8      A. Okay. Well, that's not a question yet.
9      Q. So would it be correct that because you said
10 that Keller would anticipate if the soft-start
11 element is not construed as means plus function,
12 that in the further detail -- that was a presumption
13 that you were making in that further detail?
14     A. If it's not means plus function, then this
15 is all cool. If it's means plus function, it
16 depends on what the corresponding structure is ruled
17 by the court to be.
18     And I haven't specifically discussed
19 that because one would have to say, Well, if the
20 function generator part doesn't matter, the ramp
21 generator, then it can be different; but if it is
22 included, then I think that structure and way of
23 doing it is sufficiently different that it would not
24 come under the limitation. That has not been done

Page 137

1  here. What's here is what's here.
2      Q. Okay. And I'm just trying to make sure I
3  understand what is here because in other places you
4  have provided alternatives: if this, then this; if
5  this, then that.
6      I think I understood that last answer to
7  say that, at least with regard to that Keller
8  article, you didn't provide a discussion of that
9  alternative in your claim chart?
10     A. I didn't specifically say means plus
11 function, not means plus function. The statement
12 might well apply to means plus function depending
13 upon how the means plus function ruling comes down.
14 That is, I haven't excluded this as applying.
15     How's that?
16     Q. Okay. Fair enough. I'd like to refer you
17 to paragraph 99 of Exhibit 3, your initial report.
18 And this is in the section related to the '851
19 patent now.
20     So again, in paragraph 99 you provide a
21 list of potential prior art you believe is relevant
22 to the invalidity or the validity of the '851
23 patent, claim 1, correct?
24     A. Yes. This does, of course, follow the