IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION,  a Delaware corporation,<br><br>        Defendants. | C.A. No. 04-1371 JJF |

**POWER INTEGRATIONS' RESPONSE TO FAIRCHILD'S SUPPLEMENTAL
BRIEF RE PRIOR ART REFERENCES AND INVALIDITY CONTENTIONS**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247) (marsden@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA  02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA  94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

Date:  November 27, 2006

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION .................................................................................................1

II.   ARGUMENT .......................................................................................................3

    A.    Fairchild's New Invalidity Contentions on the Circuit
        Patents are Not Disclosed in Dr. Horowitz's Report. ................................3

        1.    Martin, Wang, and Habetler..........................................................6

                a.    Fairchild's Expert Did Not Opine That
                      Martin, Wang, or Habetler Anticipates
                      Claims 1 and 4 of the '851 Patent or
                      Claim 14 of the '366 patent, Nor Did He
                      Address the Myriad Obviousness
                      Contentions Fairchild Now Seeks to
                      Present at Trial. ................................................................6

                b.    Fairchild's Expert Did Not Opine That
                      Martin, Wang, or Habetler Renders
                      Claim 1 of the '876 Patent Obvious................................10

        2.    Fairchild's Arguments on the TEA2262 Are
            Also New and Unsupported in Dr. Horowitz's
            Report.........................................................................................12

        3.    SMP240/260 ...............................................................................13

        4.    SMP211........................................................................................15

    B.    Fairchild Should Not Be Permitted to Address New
        Materials and New Contentions With Respect to the
        Beasom '173 Patent. ................................................................................16

        1.    The New Documents and Things Fairchild Has
            Produced in the Past Six Weeks Are Untimely,
            Were Not Discussed in Expert Reports, and
            Should Not Be Part of the Upcoming Trial. ...............................17

        2.    Fairchild's Process Technology Expert Should
            Not Be Permitted to Address the Sirsi '236
            Patent Not Discussed in His Expert Reports................................18

III.  CONCLUSION...................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

**<u>CASES</u>**

*Honeywell Int'l, Inc. v. Universal Avionics Systems Corp.,*
  289 F. Supp. 2d 493 (D. Del. 2003) ................................................................. 13


**<u>STATUTES</u>**

Fed. R. Civ. P. 26(a)(2)(B) ............................................................................... 11

## I.      INTRODUCTION

In the weeks since the first trial, Fairchild has raised more than two dozen new

invalidity contentions not previously disclosed in expert reports and produced several

new documents and things that Fairchild says it intends to rely on at the upcoming

validity trial.  Fairchild's claim that these new theories and evidence were disclosed in its

expert reports does not withstand even the slightest scrutiny.  The Court should preclude

Fairchild from recasting the trial at this stage; to allow the late-disclosed materials and

contentions would severely prejudice Power Integrations' ability to prepare to respond to

Fairchild's invalidity case at trial.

The Court has explained the standard for judging the scope of an expert report:

> If it's not literally in there, I don't allow it. … I don't know how
> else you can read the rules and allow for an orderly patent trial if you can,
> by implication, by inference draw from an expert's report.  Which then
> why would we have all that discovery separate and apart, reports,
> depositions, and allow somebody to come and say, Well, you could have,
> you know, extrapolated this opinion from the report.

(D.I. 416 (Trial Tr. 10/02/06) at 88:1-17.)  The Court applied that standard to Power

Integrations in excluding testimony of its expert in the rulings on motions in limine in the

first trial (D.I. 384 at 12-13), and Power Integrations simply asks the Court to apply that

standard here.  If the standard is applied, it will be plain that Fairchild's proposed

contentions must be excluded.

Fairchild has had three opportunities to point to specific passages in its experts'

reports that allegedly literally set forth the invalidity contentions in Fairchild's briefing

on prior art, and Fairchild has failed to do so at each turn.  Instead, Fairchild's "support"

for the new contentions relies on (1) paragraphs in reports that are expressly based on

rejected claim constructions and thus irrelevant to the issues to be tried; (2) vague and

unsubstantiated allegations of obviousness that, if taken to the logical (but absurd)

conclusion from Fairchild's arguments could be asserted to "disclose" literally thousands

of separate contentions; (3) deposition testimony (including testimony where Fairchild's

expert admitted he did not address the presently disputed issues in his report); and (4) claim charts that Fairchild's expert explicitly rejected when he crossed out portions of the charts just prior to his deposition. The latter issue is particularly troubling, as Fairchild's circuit expert Dr. Horowitz testified in deposition that he did not write the claim charts served with his expert report and that he crossed out several of the contentions in those charts when he read them just prior to his deposition. Fairchild, however, is now trying to resurrect some of the same contentions expressly rejected by its expert.

It should not be difficult for the Court to compare the contentions at hand to Fairchild's expert reports, despite Fairchild's rhetoric and purposefully muddling the issue of what <u>contentions</u> Fairchild's experts offered. By rearranging its arguments on a reference-by-reference basis, Fairchild continues to misunderstand the point: it does not matter whether the references are merely mentioned in expert reports—experts must explicitly identify their <u>contentions</u> based on the prior art to provide adequate notice and compliance with Rule 26. Fairchild's efforts to provide new <u>contentions</u> is pure sandbagging, and the Court should put an end to it.[1]

Fairchild also misses the point with its arguments regarding the semiconductor process technology patent at issue. Power Integrations has already made clear that it does not object to Fairchild presenting an invalidity theory at trial based on the Beasom '173 patent. Power Integrations does, however, object to Fairchild's efforts to do so by (1) relying on documents and things produced after the conclusion of the first trial and (2) having its process technology witness, Dr. Peter Gwozdz, testify with respect to documents and things that are not discussed in his expert reports (including documents and things produced after the conclusion of the first trial). Because the Court will not find any reference to the Sirsi patent or the new Harris/Intersil documents Fairchild has

---

[1] To keep the briefing parallel, Power Integrations responds to Fairchild's supplemental brief in the order in which Fairchild has set forth the various references, but Power Integrations addresses the specific <u>contentions</u> within that framework to demonstrate the lack of support in Fairchild's experts' reports.

produced since the conclusion of the first trial in Dr. Gwozdz's report, Dr. Gwozdz should not be permitted to address them.  Moreover, independent of the issue of the expert report, because Fairchild did not provide the new Beasom-related materials during discovery, it should not be permitted to use them for any purpose at trial.

Fairchild's brief also spends considerable time re-hashing its baseless inequitable conduct allegations, but those issues are irrelevant to the scope of Fairchild's expert reports.  This smoke cannot obscure the plain fact that Fairchild's expert reports simply do not identify at all, let alone provide detail sufficient to satisfy Rule 26, the majority of the contentions Fairchild presently asserts, and Fairchild's supplemental brief fails to establish otherwise.  Fairchild's efforts to assert these previously undisclosed contentions at this stage clearly prejudice Power Integrations because Power Integrations has no way of knowing what Fairchild's experts will say in front of the jury to support the new contentions or what Fairchild intends to do with the new documents and things produced since the conclusion of the first trial.

## II.     ARGUMENT

### A.     Fairchild's New Invalidity Contentions on the Circuit Patents are Not Disclosed in Dr. Horowitz's Report.

Fairchild's expert on circuit technology, Dr. Paul Horowitz, provided an expert report identifying a number of references and invalidity theories (D.I. 426, Ex. K.),[2] but he did not identify the majority of the invalidity contentions Fairchild now says it will present at trial with respect to the three circuit patents in this case.  Power Integrations specifically recited these new contentions in its previous brief, but Fairchild has failed to demonstrate where the specific contentions were literally set forth in Dr. Horowitz's

---

[2]     Most of the relevant exhibits were submitted with the Declaration of William J. Marsden, Jr. in support of Power Integrations' previous brief on this issue (D.I. 426), or with the Declaration of Gabriel Ramsey in Support of Fairchild's Supplemental Brief (D.I. 435), so Power Integrations has cross-referenced those exhibits to spare the Court the extra paper and comply with the ECF guidelines.  The remaining exhibits are attached to the Supplemental Declaration of William J. Marsden, Jr., filed concurrently herewith.

report in any of its briefing, including its latest supplemental brief (D.I. 434). Instead, Fairchild continues to argue that the mere <u>mention</u> of a reference in a report is enough to provide notice of any potential invalidity contention based on the reference, despite the failure to identify a specific obviousness combination or to explain how the reference allegedly anticipates the claims at issue. Fairchild's arguments are incorrect.

Fairchild appears unwilling to engage with respect to the specific <u>contentions</u> Power Integrations identified in previous briefing, and Fairchild continues to change its position with respect to the contentions it will present at trial, raising no fewer than nine additional new contentions in its latest brief. To assist the Court, Power Integrations again includes the list of specific new contentions:

### New Invalidity Contentions Regarding the '851 Patent

1. Martin allegedly anticipates claim 1 of the '851 patent;

2. Martin and the SMP211 allegedly render claim 1 of the '851 patent obvious;

3. Martin and the SMP240/260 and the SMP211 and/or the TEA2262 allegedly render claim 4 of the '851 patent obvious;

4. Wang allegedly anticipates claim 1 of the '851 patent;

5. Wang and the SMP211 allegedly render claim 1 of the '851 patent obvious;

6. Wang and the SMP240/260 and the SMP211 and/or the TEA2262 allegedly render claim 4 of the '851 patent obvious;

7. Habetler allegedly anticipates claim 1 of the '851 patent;

8. Habetler and the SMP211 allegedly render claim 1 of the '851 patent obvious;

9. Habetler and the SMP240/260 and the SMP211 and/or the TEA2262 allegedly render claim 4 of the '851 patent obvious.

### New Invalidity Contentions Regarding the '366 Patent

10. The SMP240/260 allegedly anticipates claim 9 of the '366 patent;

11. TEA2262 allegedly anticipates claims 9 and 14 of the '366 patent;

12. The SMP3 allegedly renders claim 9 of the '366 patent obvious;[3]

13. Martin and the SMP240/260 and the SMP211 and/or the TEA2262 allegedly render claim 14 of the '366 patent obvious;

14. Wang and the SMP240/260 and the SMP211 and/or the TEA2262 allegedly render claim 14 of the '366 patent obvious;

15. Habetler and the SMP240/260 and the SMP211 and/or the TEA2262 allegedly render claim 14 of the '366 patent obvious.

**Additional New Invalidity Contentions Regarding the '851 Patent**

16. Martin allegedly anticipates claim 4 of the '851 patent;

17. Wang allegedly anticipates claim 4 of the '851 patent;

18. Habetler allegedly anticipates claim 4 of the '851 patent;

**Additional New Invalidity Contentions Regarding the '366 Patent**

19. Martin allegedly anticipates claim 14 of the '366 patent;

20. Wang allegedly anticipates claim 14 of the '366 patent;

21. Habetler allegedly anticipates claim 14 of the '366 patent;

22. The SMP240/260 allegedly renders claim 14 of the '366 patent obvious;

**Additional New Invalidity Contentions Regarding the '876 Patent**

23. Martin allegedly renders claim 1 of the '876 patent obvious;

24. Wang allegedly renders claim 1 of the '876 patent obvious;

25. Habetler allegedly renders claim 1 of the '876 patent obvious.

---

[3] Based on the arguments in its supplemental brief, Fairchild appears to have dropped one of the new contentions (# 12)—that claim 9 of the '366 patent is obvious in view of the SMP3. *See* D.I. 434 at 7. Nevertheless, Power Integrations has maintained the list of new contentions to prevent any confusion between the multiple briefs on this issue and to prevent Fairchild from re-introducing that new contention at trial.

None of Fairchild's submissions point to express language setting forth these contentions in a timely filed expert report. Simply reading the relevant portions of Dr. Horowitz's report establishes that he did not even imply such contentions, let alone literally provide identification and supporting analysis for these contentions. Power Integrations therefore has no way to know what Dr. Horowitz might say on these subjects. For example, Power Integrations has no way of knowing what portions of the prior art Dr. Horowitz believes teach each element of any particular claim for the new anticipation contentions. Certainly there are no claim charts included with the report addressing these newly raised anticipation contentions. Even more difficult are the obviousness contentions, as there is no way to know which pieces of the multiple references Dr. Horowitz might rely upon to correspond to the elements of the asserted claims or how he will allege one of skill in the art might be motivated to combine (and alter) them to obtain the claimed inventions. Absent an order excluding these new contentions (and any others not expressly set forth in Fairchild's experts' reports), there will be clear prejudice to Power Integrations in the upcoming trial.

### 1.     Martin, Wang, and Habetler.

Fairchild's brief identifies a host of new invalidity contentions regarding the Martin, Wang, and Habetler references, none of which were literally provided in Dr. Horowitz's expert report.

#### a.     Fairchild's Expert Did Not Opine That Martin, Wang, or Habetler Anticipates Claims 1 and 4 of the '851 Patent or Claim 14 of the '366 patent, Nor Did He Address the Myriad Obviousness Contentions Fairchild Now Seeks to Present at Trial.

Fairchild seeks to present new theories that the Martin, Wang, and Habetler references "anticipate" claims 1 and 4 of the '851 patent and claim 14 of the '366 patent (new contentions # 1, 4, 7, 16-21; *see* D.I. 434 at 2-3), but there is not a single word about anticipation in anything Fairchild cites to support the contentions. Fairchild refers (in order) to paragraphs 103-104, paragraphs 43, 48, and 49, paragraphs 108-110,

paragraphs 66, 67, and 69, and finally paragraph 89, but none of these paragraphs state that Martin, Wang, or Habetler <u>by itself</u> anticipates any of the claims in question. As noted above, there certainly are no claim charts providing an element-by-element analysis of such anticipation contentions.[4] As such, Fairchild's expert should be precluded from offering any opinion based on anticipation for the '851 claims in light of Martin, Wang, or Habetler. Power Integrations can only presume that Fairchild has thrown up these objectively baseless anticipation contentions as sacrificial lambs, hoping the Court will "split the baby" by throwing these out but allowing others. The Court should not reward this gamesmanship and should hold Fairchild to the literal terms of the reports.

Fairchild also overreaches with obviousness contentions regarding Martin, Wang, and Habetler (new contentions # 2-3, 5-6, 8-9, 13-15).[5] As in the prior round of briefing, Fairchild seeks to rely on paragraphs 103 (with ellipses) and 104 for "support" in Dr. Horowitz's expert report (*id.*), but there are two fundamental flaws with these assertions. First, paragraph 102 (not quoted by Fairchild) makes clear that the discussion in paragraph 103 only applies if "frequency variation circuit" is construed as a means-plus-function element—a proposed Fairchild construction rejected by the Court—rendering any opinion based on that construction irrelevant to the issues for trial.[6] Second, even if relevant, paragraph 103 on its face identifies <u>a single combination</u> of Martin plus *the Hardin patent*, a patent not even on Fairchild's supplemented list of references (and conveniently removed with ellipses from the quote in Fairchild's brief). And while paragraph 104 makes further vague allegations of obviousness and mentions six

---

[4]    The only claim charts offered related to these references are limited to contentions concerning the '876 patent.

[5]    The lack of explicit contentions regarding claim 4 of the '851 patent is also fatal to Fairchild's new claim that combinations with Martin, Wang, and Habetler render claim 14 of the '366 patent obvious (# 13-15 above), as Fairchild's brief notes that Dr. Horowitz "deferred his analysis of claim 14 of the '366 patent, to 'group it with' his discussion of claim 4 of the '851 patent." (D.I. 434 at 3.)

[6]    Where Dr. Horowitz believed his opinions applied equally under multiple, alternate constructions, he expressly said so. Conversely, where the terms of the opinion are limited on their face to a particular construction, Power Integrations concluded, as should the Court, that such a contention depended on that particular construction.

7

references (none of which is the SMP211, SMP260 or TEA2262), during the portion of Dr. Horowitz's deposition Fairchild cites (D.I. 434 at 2), Power Integrations established that the Hardin + Martin obviousness combination is the <u>only</u> one expressly set forth in the report, including the claim charts. (Ex. R at 142:7-20.)[7] But Fairchild is not raising the Hardin + Martin contention now, instead seeking to present combinations of Martin, Wang, and Habetler with the SMP211, SMP260 and TEA2262, none of which are discussed anywhere in paragraphs 102-104 of the report Fairchild presently relies upon.[8] The contentions asserted with regard to the obviousness of claim 1 based on Martin, Wang, or Habetler in combination with the SMP211 (# 2, 5, and 8 above) must be excluded.

Fairchild also refers to paragraph 110 of Dr. Horowitz's report with respect to claim 4 of the '851 patent, but, as with paragraphs 102-103 discussed above, that paragraph <u>by its express words</u> applies to the rejected claim construction that frequency variation circuit is means-plus-function. As such, the cited paragraph is totally irrelevant to the contentions Fairchild now wants to make.

Fairchild's new obviousness contentions, which include combinations of up to four references, point out clearly the absurdity with Fairchild's suggestion that the <u>mention</u> of references provides enough disclosure to support an opinion of obviousness based on any particular combination of the references. In the first sentence of the first full paragraph on page 3 of Fairchild's brief, Fairchild argues that claim 4 of the '851 patent is invalid based on the language of paragraphs 108-110 and 103-104. Putting

---

[7]    One of the purposes of an expert deposition, contrary to Fairchild's rhetoric, is to clarify what *is not* in an expert's report so as to clarify and limit what opinions will be offered at trial. Fairchild seems to think that the purpose of an expert deposition is to give the expert opportunity to expand his report or an exercise whereby an expert must be questioned on every conceivable opinion that might have been included in his report but wasn't.

[8]    As discussed in greater detail below, Dr. Horowitz's annotated claim chart for the SMP240/260 rejected the contention that the device was even relevant to claim 14 of the '366 patent, and thus claim 4 of the '851 patent, and there is no claim chart for the SMP240/260 related to the '851 patent.

aside for the moment the problems with those paragraphs' reliance on rejected claim constructions, the simple math of the various combinations refutes Fairchild's argument that these paragraphs literally disclose the contentions in question.

- Paragraph 110 contains a single sentence, and it points to a vague combination of the teachings of paragraphs 103-104 and the "soft start" of paragraphs 62-70 for its assertion that claim 4 is obvious.

- Paragraphs 103-104 provide an explicit two reference combination (Martin + Hardin) and note (without any detailed analysis) that other potential combinations might include Ferrario, Wang, Habetler, and Hoekstra.  Assuming only two-reference combinations, these paragraphs would set forth 30 (6 x 5) combinations in Fairchild's view (none of which is asserted here).

- Paragraph 62-70 contain a minimum total of 27 references (grouping references related to particular "series" of alleged prior art products), bringing the possible number of three-reference combinations with the teaching of paragraphs 103-104 to 810 (30 x 27).

- Fairchild's assertion that there are also potential four-reference obviousness combinations brings to total number to 21,060 (810 x 26).

- Even if you start with the assumption that one of the references identified in paragraph 104 is enough (which is Fairchild's present contention but is contrary to the express language of the paragraph), there would be 4,212 combinations theoretically identified in the one-sentence of paragraph 110. (6 x 27 x 26)

Fairchild is necessarily arguing that each of these thousands of potential combinations is an explicit contention in Dr. Horowitz's report, because Fairchild's entire argument is that the new contentions were "disclosed" in the five sentences of paragraphs 110 and 103-104 that result in the thousands of potential combinations noted above!  It

cannot be that the mere mention of a reference in a portion of a report provides enough notice that the reference might be used *in any combination* of references. It is equally absurd to suggest Power Integrations should have deposed Fairchild's expert on each and every one of these potential combinations when they are not explicitly analyzed, let alone specifically identified, in the report. For Fairchild to argue as it does that its present assertion of three combinations of references (# 3, 6 and 9 above), out of the literally thousands of implied possibilities, were adequately disclosed is simply frivolous. Even more absurd is the suggestion that there was sufficient analysis in the report to explain what portions of the art should be combined or how such a combination of art would be motivated and accomplished by one of skill in the art.

Fairchild also argues that Dr. Horowitz's discussion of Martin, Wang, and Habetler with regard to the '876 patent is "equally relevant" to the '851 and '366 patents (D.I. 434 at 3), but that assertion has no basis in the expert report. The claims of the '876 patent are completely different from those of the '851 and '366 patents, and there is nothing in Dr. Horowitz's report that suggests, let alone literally states, that the discussion regarding the '876 patent is relevant to the analysis of the '851 or '366 patents (which came before the discussion of the '876 patent in the report). Fairchild's new assertion that the discussion of the '876 patent is "equally relevant" is just attorney argument, an improper effort to put words in its expert's mouth that could have been— but were not—in the expert report. Accordingly, all of the contentions asserted by Fairchild to apply Martin, Wang or Habetler to the '851 and '366 patent must be excluded.

### b. Fairchild's Expert Did Not Opine That Martin, Wang, or Habetler Renders Claim 1 of the '876 Patent Obvious.

As noted above, Dr. Horowitz did discuss Martin, Wang, and Habetler with respect to claim 1 of the '876 patent in his report, but nowhere in that discussion did Dr. Horowitz state or provide any analysis that the references render claim 1 of the '876

patent obvious (new contentions # 23-25). Instead, Dr. Horowitz's analysis was limited to anticipation for claim 1 of the '876 patent. (*See* Ex. A at ¶¶ 136-38.) Moreover, although Dr. Horowitz's claim charts for these references bear a heading "Anticipated or Rendered Obvious," they expressly discuss obviousness where they intend to do so, and the obviousness analysis is limited to the discussion of claims 17-19 of the '876 patent. (*Id.* at Ex. F.) The difference in Dr. Horowitz's presentation of contentions is clear on its face.

Fairchild's only obviousness contention regarding claim 1 of the '876 patent lies in paragraph 139 of the body of the report, and in that paragraph Dr. Horowitz raised vague obviousness contentions that require combinations of a number of references not on Fairchild's list. (*See id.* at ¶ 139.) In paragraph 139, Dr. Horowitz doesn't come close to suggesting that any of the three primary references standing alone supports an obviousness contention, nor does he provide anything to suggest that one of ordinary skill would have found it obvious to remove the EPROM from these devices and to alter their teaching in a way that renders obvious claim 1 of the '876 patent.

Fairchild also seeks to rely on new theories Dr. Horowitz first raised during his deposition, but the rules are clear: an expert report must contain "a complete statement of all opinions to be expressed and the basis and reasons therefor," Fed. R. Civ. P. 26(a)(2)(B), and experts cannot re-write their reports at their depositions. The whole purpose of the deposition questioning Fairchild now seeks to rely upon was to establish— and it did establish—which theories are expressly <u>not</u> set forth in Dr. Horowitz's report.

The excerpts Fairchild now cites to suggest it provided support for the new theory regarding claim 1 of the '876 patent (D.I. 434 at 2 (citing Horowitz Tr. at 140:21-144:13)) contain a discussion of Dr. Horowitz's positions *on a different patent*—the '851 patent, specifically paragraphs 103-104 of his report—rendering them inapposite to the issue of what Dr. Horowitz's report says about the '876 patent. Because Dr. Horowitz did not provide any analysis that the Martin, Wang, or Habetler references by themselves

11

render obvious claim 1 of the '876 patent, Fairchild should not be permitted to present these new theories at trial.

### 2.   Fairchild's Arguments on the TEA2262 Are Also New and Unsupported in Dr. Horowitz's Report.

Fairchild seeks to present a number of new contentions regarding the TEA2262 beyond the scope of Dr. Horowitz's expert report (# 3, 6, 9, 11, and 13-15 above), and these efforts are improper for several reasons.  First and foremost, as noted above, Dr. Horowitz did not address these multiple-reference obviousness combinations of Martin/Wang/Habetler, the TEA2262, the SMP211 and the SMP240/260 in his report (new contentions 3, 6, 9, 13-15).  Nothing in the TEA2262 claim charts for the '851 patent or the paragraphs Fairchild cites in its brief even hints of a combination with Martin/Wang/Habetler.[9]

Fairchild's position is even worse with respect to the '366 patent, as Dr. Horowitz's report does not contain any specific contentions that the '366 patent is invalid in view of the TEA2262.  Fairchild now seeks to rely on the claim chart attached to its <u>interrogatory responses</u> to support a theory that the TEA2262 invalidates the '366 patent (D.I. 434 at 4), but that proves Power Integrations' point, as Dr. Horowitz clearly knew about that contention and claim chart but chose <u>not</u> to adopt it in his report.

Fairchild says that Dr. Horowitz's deposition testimony "removed any possible confusion" regarding his theories regarding the '366 patent (D.I. 434 at 4), but the purpose of that portion of the deposition questioning was to explicitly establish (and did establish) that Dr. Horowitz *did not include* any contention about the TEA2262 and the '366 patent in his report.  When pressed on the fact that the TEA2262 was not addressed in his expert report's treatment of the '366 patent, Dr. Horowitz admitted it was not.  (Ex. R at 81:15-20.)  That admission should be determinative, and clearly supports preclusion,

---

[9]   The only contention disclosed in Dr. Horowitz's report is that the TEA2262 allegedly anticipates claims 1 and 4 of the '851 patent, and Power Integrations does not object to Fairchild making that contention at trial.

as the rule is clear that an expert cannot leave theories out of a report and later make them up during a deposition. *Honeywell Int'l, Inc. v. Universal Avionics Systems Corp.*, 289 F. Supp. 2d 493, 499-500 (D. Del. 2003).

Fairchild also seeks to treat the TEA2262 and the TEA2260 as the same "reference" for trial, but they are clearly different. They have different part numbers and functionalities, and Dr. Horowitz provided separate claim charts for the two devices in addressing the '851 patent in his report. (D.I. 426, Ex. E.) Dr. Horowitz's own treatment of the TEA2260 and TEA2262 as distinct references plainly demonstrates the impropriety of Fairchild's current efforts. Accordingly, Fairchild's new contentions based on the TEA2262 (# 3, 6, 9, 11, 13-15 above) must be excluded.

### 3.     SMP240/260

Fairchild's arguments concerning the SMP240/260 are particularly egregious. Fairchild's lawyers apparently drafted Dr. Horowitz's claim charts for him, including the theory that the SMP240/260 invalidated claim 14 of the '366 patent. (Ex. R (Horowitz Tr.) at 56:5-57:14, 103:18-105:10.) When Dr. Horowitz actually read the claim charts in preparing for his deposition, he rejected that contention in no uncertain terms, crossing out the specific paragraph in a claim chart turned over to Power Integrations' counsel on the eve of his deposition. (*Id.*; D.I. 426, Ex. N at 3.) Now, Fairchild's lawyers seek to resurrect the self-same invalidity theory for trial (contention #22). They also seem to have attempted to hide Dr. Horowitz's rejection of this theory from the Court by providing the original claim chart with their brief instead of the updated chart Dr. Horowitz later provided. (*Compare id.* with D.I. 435, Ex. 31.) Because Dr. Horowitz expressly rejected the contention that the SMP240/260 was even relevant to claim 14 of the '366 patent, all of Fairchild's new contentions asserting invalidity of claim 14 – or claim 4 of the '851 patent – based alone or in part on the SMP240/260 (# 3, 6, 9, 13-15 and 22) must be excluded.[10]

---

[10] *See also* the discussion the discussion of Martin, Wang and Habetler above.

Fairchild's present contention that Dr. Horowitz should be allowed to opine that the SMP240/260 anticipates claim 9 of the '366 patent under the Court's constructions (contention #10 above) is equally disingenuous. As an initial matter, Fairchild admits that the body of Dr. Horowitz's report only analyzed claim 9 under the theory that the soft start circuit element "was <u>not</u> construed as means plus function" (D.I. 434 at 5 (emphasis added)), a contention the Court rejected during claim construction. Nevertheless, Fairchild goes on to assert that Dr. Horowitz's claim chart for the SMP240/260 required a means-plus-function construction. (*Id.*) This assertion (underlined no less) is utterly baseless. The chart says nothing about requiring a means-plus-function construction for the term soft start circuit, and the body of the report says the opposite is true. Moreover, these charts are the charts Dr. Horowitz edited and rejected in part prior to his deposition, and Dr. Horowitz explicitly stated during his deposition that to the extent the charts were inconsistent with the body of his report, the body should control. (Ex. R at 57:1-14.) Dr. Horowitz also admitted during his deposition that his report contained no opinion on the impact of the SMP240/260 on the '366 patent in light of the construction of "soft start circuit" the Court ultimately adopted. (*Id.* at 134:19-137:1 ("That has not been done here.").) The fact that Dr. Horowitz later tried to waffle by arguing "I haven't excluded this as applying" (*id.* at 137:14) confirms that Dr. Horowitz did not literally set forth in his report the contention Fairchild now seeks to press at trial. Given the evidence on this point, it is frivolous for Fairchild to assert now that the claim chart can support a contention that directly contradicts the opinion Dr. Horowitz did set forth in his report.

Moreover, Fairchild's "reliance" on the jury's conclusions in the first trial, the specifics of which are mere speculation, is outlandish. It defies common sense to suggest that Fairchild's expert can make up new opinions he expressly said he did not have (even at the time of his deposition) because the jury found against Fairchild in the first trial. If Fairchild wishes to present contradictory theories at the upcoming trial that nevertheless

14

find support in its experts' reports, it can do so (subject to the obvious risk of impeachment), but the theory that Fairchild's experts should be able to flip flop without any grounding in any report is ridiculous.  In any event, based on the express terms of Dr. Horowitz's report, the annotations on the claim charts provided just before his deposition, and the discussion at Dr. Horowitz's deposition, Fairchild's proposed contentions on the SMP240/260 should be excluded entirely.

>    **4.    SMP211**

Fairchild's arguments in its briefing with respect to the SMP211 contentions simply confirm Power Integrations' position.  Power Integrations has never suggested that Dr. Horowitz had no theories regarding the SMP211—he clearly did—but the contentions in his report and claim charts are completely different from what Fairchild now seeks to argue at trial.  Fairchild admits that Dr. Horowitz's only original contention was that the SMP211 allegedly "anticipated" claim 1 of the '851 patent.  (D.I. 434 at 6.)  But, not surprisingly, Fairchild dropped that contention when the Court rejected the claim constructions it was based on and stated in the claim construction memorandum that the claims expressly excluded prior art Figure 1 and the SMP211.[11]  Indeed, nothing in Dr. Horowitz's treatment of the SMP211 can be read to literally contend that the SMP211 could be combined with Martin, Wang or Habetler (new contentions # 2-3, 5-6, 8-9, 13-15).

Fairchild wants to present a theory that the SMP211 renders claim 1 of the '851 patent obvious in combination with Martin, Wang, or Habetler (new contentions # 2, 5, 8; *see* D.I. 423 at 5; D.I. 434 at 6), but these references are not mentioned in the report together in the same paragraph, let alone in the same sentence or in the vicinity of the word "obvious."  Fairchild again suggests that paragraphs 102-103 of Dr. Horowitz's report provide support for these obviousness combinations, but they contain no mention

_____

[11]    The Court also denied Fairchild's motion for summary judgment that the SMP211 anticipates these claims.  (D.I. 266.)

of the SMP211, and as noted above those paragraphs are based on a rejected claim construction. The only thing identified in paragraphs 102-103 is a combination of the Martin article with the Hardin patent – a contention Fairchild is not asserting.

Fairchild also mentions a theory that claim 4 of the '851 patent is obvious in view of the SMP211 and the TEA2262, supposedly based on Dr. Horowitz's notes in the revised claim charts he provided just before his deposition (D.I. 434 at 6). Even assuming that such a late addition were proper (it is not), a combination of the SMP211 and the TEA2262 is not the contention Fairchild now seeks to press. Instead, Fairchild asserts in its pretrial papers that the SMP211 + Martin/Wang/Habetler + SMP240/260 and/or TEA2262 renders obvious claim 4 of the '851 patent and claim 14 of the '366 patent (new contentions # 3, 6, 9, 13-15). The cited "support" for these contentions, paragraphs 110, 89, and 69 of Dr. Horowitz's report, contain no mention of these theories. The only express assertions regarding the SMP211 in those paragraphs (in paragraph 69) relates to two rejected constructions of the "soft start circuit" element. (*See* D.I. 426, Ex. A at ¶ 69.) If Dr. Horowitz truly believed these combinations with Martin, Wang, and/or Habetler were possible, he should have added them when he was fixing the errors he perceived in the original claim charts prepared for him. He did not, and it is far too late now for such wholesale revision of invalidity theories.

### B.    Fairchild Should Not Be Permitted to Address New Materials and New Contentions With Respect to the Beasom '173 Patent.

Fairchild's arguments completely miss the mark regarding the Beasom '173 patent alleged to invalidate Power Integrations' '075 ("PTOP") patent. Power Integrations' complaint with respect to the Beasom art is simple: Power Integrations opposes Fairchild's untimely efforts to introduce new contentions and documents allegedly related to the Beasom patent at this stage, including several documents and things Fairchild has produced since the conclusion of the first trial. (*See* D.I. 426, Exs. D-F.) There is no question that these materials are untimely, and the prejudice in

16

permitting Fairchild to rely on materials not produced during discovery and not relied

upon by the parties' experts is clear.

> **1.    The New Documents and Things Fairchild Has Produced in the Past Six Weeks Are Untimely, Were Not Discussed in Expert Reports, and Should Not Be Part of the Upcoming Trial.**

Since the conclusion of the first trial on October 6, and as noted in Power

Integrations previous brief, Fairchild has produced several rounds of new documents and

things allegedly related to the Beasom '173 patent.  Fairchild now seeks to rely on these

new chips, probe data, wafers, bond diagrams, and magnified photographs (DX544,

DX545,[12] DX546, DX547, and DX548), even though (tellingly) none of these documents

are on the exhibit list Fairchild filed in this case.  (*See* D.I. 401 (ending with exhibit

number DX540).)  Fairchild's only response is to argue in a footnote that Fairchild

should not be prejudiced by Intersil's late production and/or "refusal" to produce the

documents.  (D.I. 434 at 16 n.8.)

Fairchild's claim that it had no control over the documents, and will therefore be

unfairly prejudiced by their exclusion, is unfounded.[13]  Fairchild could have moved to

compel Intersil to produce them in a timely manner and did not.  Instead, Fairchild and

Intersil's shared counsel moved to quash Power Integrations' attempt to get the

information from Intersil directly, arguing that "Power Integrations has already received

the information requested in the Intersil subpoena" (D.I. 263 at 7) and that any further

discovery Power Integrations was seeking "has no legitimate use in the present suit."  (*Id.*

---

[12]    DX545 contains four new documents  (I000424, I000429, I000434, and I000443) mixed together with a re-ordered set of papers provided and marked as Exhibit 10 during Mr. Beasom's deposition.  *Compare* D.I. 435, Ex. 23 with Ex. 15.  Power Integrations does not object to the introduction of the pages used during Mr. Beasom's deposition, but the four new pages should be excluded.

[13]    As noted before, Fairchild and Intersil claim to have a joint defense agreement, have worked together to produce other documents and testimony in this case, and sued Power Integrations together in the Eastern District of Texas on a patent that is a continuation of the Beasom '173 patent in question.  *See* D.I. 425 at 6-7.

at 6.)  It is pure hypocrisy for the same lawyers to argue now that these same materials are highly relevant and essential to Fairchild's case, and should therefore be admitted.

Fairchild's argument that Mr. Beasom "testified" about these new materials (D.I. 434 at 16-17) is similarly frivolous.  Testimony that the witness thinks there might be some other documents or evidence somewhere—just not in the room at the deposition— does not provide a full and fair opportunity to depose the witness on the substance of the alleged materials.  Indeed, it is unclear what technology is built on the wafer and chips, let alone how, when, or where that technology was built.  The representations of counsel for Fairchild are not testimony and do not establish otherwise.[14]  In addition, counsel for Fairchild wrongly represents that "DX545 is a cleaner copy of the same notes as DX132" (D.I. 434 at 15) when, in fact, DX545 includes four new pages, including (at I000429) an entirely new type of document entitled "probe data."

The prejudice to Power Integrations is clear:  Power Integrations has no mechanism to discover, prior to trial, what these newly produced documents and things represent, let alone to consider them properly in the full context of expert and fact discovery.  Admission of these untimely documents and things would be highly improper under the circumstances, and these documents and thing should therefore be excluded.

**2.    Fairchild's Process Technology Expert Should Not Be Permitted to Address the Sirsi '236 Patent Not Discussed in His Expert Reports.**

Fairchild's first brief on the issue of prior art included the cryptic statement that "Fairchild will also refer to U.S. Patent No. 4,283,236 ("Sirsi")" in its treatment of Beasom '173 patent.  (*See* D.I. 423 at 8.)  As with the other new documents and contentions raised in Fairchild's motion, Fairchild's process technology expert, Dr. Peter Gwozdz, did not discuss the Sirsi '236 patent in either of his reports addressing validity

---

[14]  Similarly, counsel for Fairchild represented at the pre-trial conference that the newly produced bond diagram is merely a full version of previously produced details of bond diagrams.  *See* D.I. 436 at 12-13.  This alleged fact is not evident from inspections, though it could have been readily established at deposition had the materials been produced in a timely manner during discovery.

issues.  (*See* D.I. 426, Exs. I-J.)  As with the documents and things produced since the conclusion of the first trial, Dr. Gwozdz should be precluded from addressing the Sirsi patent at trial.[15]

## III.    CONCLUSION

Fairchild's gamesmanship is frustrating Power Integrations' efforts to prepare for trial.  Fairchild has not provided any justification for presenting untimely materials or contentions to the jury, and despite the volume of paper Fairchild has filed with the Court, this issue is very straightforward:  Fairchild's expert reports did not literally address the materials and contentions addressed above in their reports.  The Court should, therefore, preclude Fairchild from presenting expert testimony on the new invalidity contentions for the first time at trial.  The Court should similarly bar Fairchild from using documents and things produced for the first time after the completion of the first trial in any manner, as these disclosures are untimely and prejudicial.

Dated:  November 27, 2006          FISH & RICHARDSON P.C.

By:    */s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA  94063
Telephone: (650) 839-5070

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

---

[15]    As noted in Power Integrations' previous brief, Power Integrations also disagrees with Fairchild's unsupported statement that the Sirsi patent is incorporated by reference in its entirety in the '173 specification, but Fairchild's expert's failure to address the issue renders the point moot.

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2006, I served by hand and electronically filed with the Clerk of Court **POWER INTEGRATIONS' RESPONSE TO FAIRCHILD'S SUPPLEMENTAL BRIEF RE PRIOR ART REFERENCES AND INVALIDITY CONTENTIONS** using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| **BY HAND** | Attorneys for Defendant- |
| Steven J. Balick, Esq. | Counterclaimant |
| John G. Day, Esquire | FAIRCHILD SEMICONDUCTOR |
| Ashby & Geddes | INTERNATIONAL, INC. and |
| 222 Delaware Avenue, 17th Floor | FAIRCHILD SEMICONDUCTOR |
| P. O. Box 1150 | CORPORATION |
| Wilmington, DE 19899 | |

I hereby certify that on November 27, 2006, I have mailed by email and Federal Express, the document(s) to the following non-registered participants:

| | |
|---|---|
| G. Hopkins Guy, III | Attorneys for Defendants |
| Bas de Blank | FAIRCHILD SEMICONDUCTOR |
| Orrick, Herrington & Sutcliffe, LLP | INTERNATIONAL, INC. and |
| 1000 Marsh Road | FAIRCHILD SEMICONDUCTOR |
| Menlo Park, CA  94025 | CORPORATION |

 */s/ William J. Marsden, Jr.*
William J. Marsden, Jr.

50385469.doc