# EXHIBIT 1



# SGS-THOMSON MICROELECTRONICS

# TEA2262

## SWITCH MODE POWER SUPPLY CONTROLLER

- POSITIVE AND NEGATIVE OUTPUT CURRENT UP TO 1A
- LOW START-UP CURRENT
- DIRECT DRIVE OF THE MOS POWER TRANSISTOR
- TWO LEVELS TRANSISTOR CURRENT LIMITATION
- DOUBLE PULSE SUPPRESSION
- SOFT-STARTING
- UNDER AND OVERVOLTAGE LOCK-OUT
- AUTOMATIC STAND-BY MODE
- LARGE POWER RANGE CAPABILITY IN STAND-BY (Burst mode)
- INTERNAL PWM SIGNAL GENERATOR



DIP16
(Plastic Package)

ORDER CODE : TEA2262

### DESCRIPTION

The TEA2262 is a monolithic integrated circuit for the use in primary part of an off-line switching mode power supply using a MOS power transistor.

All functions required for SMPS control under normal operating, transient or abnormal conditions are provided.

The capability of working according to the "master-slave" concept, or according to the "primary regulation" mode makes the TEA2262 very flexible and easy to use. This is particularly true for TV receivers where the IC provides an attractive and low cost solution (no need of stand-by auxiliary power supply).

## PIN CONNECTIONS



| | | | |
|---|---|---|---|
| TRANSFORMER DEMAGNETIZATION SENSING INPUT | IS 1 | 16 Vcc | POWER SUPPLY |
| SECONDARY PULSES INPUT | IN 2 | 15 V+ | POSITIVE OUTPUT STAGE SUPPLY |
| POWER TRANSISTOR CURRENT LIMITATION INPUT | Imax 3 | 14 OUT | POWER OUTPUT |
| GROUND | GND 4 | 13 GND | GROUND |
| GROUND | GND 5 | 12 GND | GROUND |
| ERROR AMPLIFIER INPUT (INVERTING) | E 6 | 11 R0 | OSCILLATOR RESISTOR |
| ERROR AMPLIFIER OUTPUT | S 7 | 10 C0 | OSCILLATOR CAPACITOR |
| OVERLOAD INTEGRATION CAPACITOR | C2 8 | 9 C1 | SOFT-START CAPACITOR |

Case No. 04-1371-JJF
DEFT Exhibit No. DX 35
Date Entered _____
Signature _____

FCS1686647

**TEA2262**

## BLOCK DIAGRAM

SGS-THOMSON MICROELECTRONICS

FCS1686648

**TEA2262**

## ABSOLUTE MAXIMUM RATINGS

| Symbol | Parameter | | Value | Unit |
|--------|-----------|--|-------|------|
| $V_{CC}$ | Power Supply | V16-V4, 5, 12, 13 | 20 | V |
| V+ | Output Stage Power Supply | V15-V4, 5, 12, 13 | 20 | V |
| $I_{OUT}+$ | Positive Output Current (source current) | | 1.5 | A |
| $I_{OUT}-$ | Negative Output Current (sink current) | | 1.5 | A |
| $T_j$ | Operating Junction Temperature | | 150 | °C |
| $T_{stg}$ | Storage Temperature | | -40, +150 | °C |

## THERMAL DATA

| Symbol | Parameter | Value | Unit |
|--------|-----------|-------|------|
| $R_{th\,(j-c)}$ | Junction-case Thermal Resistance | 15 | °C/W |
| $R_{th\,(j-a)}$* | Junction-ambient Thermal Resistance | 50 | °C/W |

* Soldered on a 35µm, 40cm² board copper area

**Figure 1 : Maximum Power Dissipation**



## RECOMMENDED OPERATING CONDITIONS

| Symbol | Parameter | Min. | Typ. | Max. | Unit |
|--------|-----------|------|------|------|------|
| $V_{CC}$ | Power Supply | $V_{CC}$ stop | 12 | $V_{CC}$ max | V |
| $I_{OUT}+$ | Positive Output Current (source current) | | | 1 | A |
| $I_{OUT}-$ | Negative Output Current (sink current) | | | 1 | A |
| $I_{OUT}+$ | Average Positive Output Current | | | 0.3 | A |
| $I_{OUT}-$ | Average Negative Output Current | | | 0.3 | A |
| $f_{oper}$ | Operating Frequency | 10 | | 150 | kHz |
| $V_{IN}$ | Input Pulses Amplitude (Pin 2) | 1.5 | 2.5 | 4.5 | V |
| $R_{OSC}$ | Oscillator Resistor Range | 10 | | 100 | kΩ |
| $C_{OSC}$ | Oscillator Capacitor Range | 0.33 | | 4.7 | nF |
| C1 | Soft-starting Capacitor Range | 0.047 | 1 | | µF |
| C2 | Overload Integration Capacitor | 0.047 | 1 | | µF |
| C2/C1 | Ratio C2/C1 (C2 must be ≥ C1) | 1 | | | |
| $T_{amb}$ | Operating Ambient Temperature | -20 | | 70 | °C |

FCS1686649

**TEA2262**

## ELECTRICAL CHARACTERISTICS ($T_{amb} = 25°C$, $V_{CC} = 12V$, unless otherwise specified)

| Symbol | Parameter | Min. | Typ. | Max. | Unit |
|---|---|---|---|---|---|
| **POWER SUPPLY** | | | | | |
| $V_{CC(start)}$ | Starting Voltage ($V_{CC}$ increasing) | 9.5 | 11.8 | 13 | V |
| $V_{CC(stop)}$ | Stopping Voltage ($V_{CC}$ decreasing) | 7 | 8.5 | 9.5 | V |
| Hyst $V_{CC}$ | Hysteresis ($V_{CC(start)} - V_{CC(stop)}$) | 2.7 | 3.3 | 3.7 | V |
| $I_{CC(start)}$ | Starting Current ($V_{CC} = 9V$) | | 0.5 | | mA |
| $I_{CC}$ | Supply Current ($V_{CC} = 12V$) | | 6.5 | | mA |
| $V_{CC(max)}$ | Overvoltage Threshold on $V_{CC}$ | 15 | 15.7 | | V |
| $I_{CC(over)}$ | Supply Current after Overvoltage Detection ($V_{CC} = 17V$) | | 35 | | mA |
| **OSCILLATOR / PWM SECTION** | | | | | |
| $\dfrac{\Delta F}{F}$ | Accuracy ($R_{OSC} = 68k\Omega$, $C_{OSC} = 1nF$) | | 10 | | % |
| $t_{ON}$ max | Maximum Duty Cycle in Primary Regulation Mode | 50 | 60 | 70 | % |
| **ERROR AMPLIFIER SECTION** | | | | | |
| $A_{VO}$ | Open Loop Gain | | 75 | | dB |
| $F_{ug}$ | Unity Gain Frequency | | 550 | | kHz |
| $I_{SC}$ | Short Circuit Output Current (Pin 7 connected to ground) | | 2 | | mA |
| $I_{BE}$ | E Input Bias Current (Pin 6) | | 0.08 | | µA |
| $V_{REF}$ | Internal Voltage Reference (connected to error amplifier input and not directly accessible) | 2.34 | 2.49 | 2.64 | V |
| **INPUT SECTION** | | | | | |
| $V_{IN}$ | IN Input Threshold (Pin 2) | 0.6 | 0.85 | 1.2 | V |
| $V_{IS}$ | IS Input Threshold (Pin 1) | | 0.15 | | V |
| $I_{BIN}$ | IN Input Bias Current | | 0.3 | | µA |
| $I_{BIS}$ | IS Input Bias Current | | 0.4 | | µA |
| **CURRENT LIMITATION SECTION** | | | | | |
| $V_{IM1}$ | First Current Limitation Threshold | 550 | 600 | 650 | mV |
| $V_{IM2}$ | Second Current Limitation Threshold | 780 | 840 | 900 | mV |
| $\Delta V_{IM}$ | Thresholds Difference $V_{IM2} - V_{IM1}$ | 190 | 240 | 280 | mV |
| $V_{C2}$ | Lock-out Threshold on Pin C2 | 2.25 | 2.55 | 2.85 | V |
| $I_{DC2}$ | Capacitor C2 Discharge Current | | 10 | | µA |
| $I_{CC2}$ | Capacitor C2 Charge Current | | 45 | | µA |
| $I_{BH(max)}$ | Maximum Input Bias Current (Pin 3) | | 0.2 | | µA |

**SGS-THOMSON MICROELECTRONICS**

FCS1686650

**TEA2262**

## SIMPLIFIED APPLICATION DIAGRAMS

### Figure 1 : Master-slave Concept



$P_1$ : Output voltage adjustement in normal mode
$P_2$ : Output voltage adjustment in stand-by

### Figure 2 : Secondary Regulation (with optocoupler)



P : Output voltage adjustement

SGS-THOMSON
MICROELECTRONICS

FCS1686651

TEA2262

## GENERAL DESCRIPTION

The TEA2262 is an off-line switch mode power supply controller. The synchronization function and the specific operation in stand-by mode make it well adapted to video applications such as TV sets, VCRs, monitors, etc...

The TEA2262 can be used in two types of architectures :
- Master/slave architecture. In this case, the TEA2262 drives the power transistor according to the pulse width modulated signals generated by the secondary located master circuit. A pulse transformer provides the feedback (see Figure 1).
- Conventional architecture with linear feedback signal (feedback sources : optocoupler or transformer winding) (see Figure 2).

Using the TEA2262, the stand-by auxiliary power supply, often realized with a small but costly 50Hz transformer, is no longer necessary. The burst mode operation of the TEA2262 makes possible the control of very low output power (down to less than 1W) with the main power transformer.

When used in a master/slave architecture, the TEA2262 and also the power transistor turn-off can be easily synchronized with the line transformer. The switching noise cannot disturb the picture in this case.

As an S.M.P.S. controller, the TEA2262 features the following functions :
- Power supply start-up (with soft-start)
- PWM generator
- Direct power transistor drive ($\pm$1A)
- Safety functions : pulse by pulse current limitation, output power limitation, over and under voltage lock-out.

## S.M.P.S. OPERATING DESCRIPTION
## Starting Mode - Stand By Mode

Power for circuit supply is taken from the mains through a high value resistor before starting. As long as $V_{CC}$ of the TEA2262 is below $V_{CC}$ start, the quiescent current is very low (typically 0.5mA) and the electrolytic capacitor across $V_{CC}$ is linearly charged. When $V_{CC}$ reaches $V_{CC}$ start (typically 11.8V), the circuit starts, generating output pulses with a soft-starting. Then the SMPS goes into the stand-by mode and the output voltage is a percentage of the nominal output voltage (eg. 80%).

During starting phase, in order to avoid transformer magnetization (specially at high frequency), the frequency oscillator is divided by four.

At switch-on, $C_0$ charging current is divided by four. It recover its normal value when the voltage on soft-start capacitor reach 2.5V.

The current also recover its standard value when the soft-start capacitor is discharged because of a burst operating mode (starting in stand-by).

In other words, the charging current will become and stay at its normal value, as soon as one of the following events occurs :
- $V_{C1}$ reach 2.5V
- $C_1$ is discharged by burst operating mode

For this the TEA2262 contains all the functions required for primary mode regulation : a fixed frequency oscillator, a voltage reference, an error amplifier and a pulse width modulator (PWM).

For transmission of low power with a good efficiency in stand-by, an automatic burst generation system is used, in order to avoid audible noise.

### Normal Mode (secondary regulation)

The normal operating of the TV set is obtained by sending to the TEA2262 regulation pulses generated by a regulator located in the secondary side of the power supply (TEA5170 for example).

This architecture uses the "Master-slave Concept", advantages of which are now well-known especially the very high efficiency in stand-by mode, and the accurate regulation in normal mode.

Stand-by mode or normal mode are obtained by supplying or not the secondary regulator. This can be ordonnered for exemple by a microprocessor in relation with the remote control unit.

Regulation pulses are applied to the TEA2262 through a small pulse-transformer to the IN input (pin 2). This input is sensitive to positive square pulses. The typical threshold of this input is 0.85V.

The frequency of pulses coming from the secondary regulator can be lower or higher than the frequency of the starting oscillator.

The TEA2262 has no soft-starting system when it receives pulses from the secondary. The soft-starting has to be located in the secondary regulator.

Due to the principle of the primary regulation, pulses generated by the starting system automatically disappear when the voltage delivered by the SMPS increases.

**SGS-THOMSON**
MICROELECTRONICS

FCS1686652

TEA2262

**Stand-by Mode - Normal Mode Transition**

During the transition there are simultaneously pulses coming from the primary and secondary regulators.

These signals are not synchronized and some care has to be taken to ensure the safety of the switching power transistor.

A very sure and simple way consist in checking the transformer demagnetization state.

- A primary pulse is taken in account only if the transformer is demagnetized after a conduction of the power transistor required by the secondary regulator.
- A secondary pulse is taken in account only if the transformer is demagnetized after a conduction of the power transistor required by the primary regulator.

With this arrangement the switching safety area of the power transistor is respected and there is no risk of transformer magnetization.

The magnetization state of the transformer is checked by sensing the voltage across a winding of the transformer (generally the same which supplies the TEA2262). This is made by connecting a resistor between this winding and the demagnetization sensing input of the circuit (pin 1).

**SECURITY FUNCTIONS (see flow-chart below)**

- **Undervoltage detection.** This protection works in association with the starting device "$V_{CC}$ switch" (see paragraph Starting-mode - standby mode). If $V_{CC}$ is lower than $V_{CC}$stop (typically 8.5V) output pulses are inhibited, in order to avoid wrong operation of the power supply or bad power transistor drive.

- **Overvoltage detection.** If $V_{CC}$ exceeds $V_{CC}$max (typically 15.7V) output pulses are inhibited and the external capacitor $C_2$ is charged as long as

$V_{CC}$ is higher than $V_{CC}$ stop. Restarting of the power supply is obtained by reducing $V_{CC}$ below $V_{CC}$stop except if the voltage across $C_2$ reaches $V_{C2}$ (typically 2.55V) (refer to "Restart of the power supply" paragraph). In this last case, the circuit is definitively stopped.

- **Current limitation of the power transistor.** The current is measured by a shunt resistor. A double threshold system is used :

  - When the first threshold ($V_{IM1}$) is reached, the conduction of the power transistor is stopped until the end of the period : a new conduction signal is needed to obtain conduction again.
  - Furthermore as long as the first threshold is reached (it means during several periods), an external capacitor $C_2$ is charged. When the voltage across the capacitor reaches $V_{C2}$ (typically 2.55V) the output is inhibited. This is called the "repetitive overload protection". If the overload disappears before $V_{C2}$ is reached, $C_2$ is discharged, so transient overloads are tolerated.
  - Second current limitation threshold ($V_{IM2}$). When this threshold is reached the output of the circuit is immediately inhibited. This protection is helpfull in case of hard overload for example to avoid the magnetization of the transformer.

- **Restart of the power supply.** After stopping due to $V_{IM2}$, $V_{CC}$Max or $V_{CC}$stop triggering, restart of the power supply can be obtained by the normal operating of the "$V_{CC}$ switch" $V_{CC}$ switch sequency from $V_{CC}$stop to $V_{CC}$start. After stopping due to $V_{C2}$ threshold reaching, the circuit is definitively stopped. In this case it is necessary to reduce $V_{CC}$ below approximately 5V to reset the circuit. From a practical point of view, it means that the power supply has to be temporarily disconnected from any power source to get the restart.

SGS-THOMSON
MICROELECTRONICS

FCS1686653

**TEA2262**

## SECURITY FLOW-CHART



SGS-THOMSON

FCS1686654

**TEA2262**

## PACKAGE MECHANICAL DATA
### 16 PINS - PLASTIC DIP



| Dimensions | Millimeters | | | Inches | | |
|---|---|---|---|---|---|---|
| | Min. | Typ. | Max. | Min. | Typ. | Max. |
| a1 | 0.51 | | | 0.020 | | |
| B | 0.77 | | 1.65 | 0.030 | | 0.065 |
| b | | 0.5 | | | 0.020 | |
| b1 | | 0.25 | | | 0.010 | |
| D | | | 20 | | | 0.787 |
| E | | 8.5 | | | 0.335 | |
| e | | 2.54 | | | 0.100 | |
| e3 | | 17.78 | | | 0.700 | |
| F | | | 7.1 | | | 0.280 |
| I | | | 5.1 | | | 0.201 |
| L | | 3.3 | | | 0.130 | |
| Z | | | 1.27 | | | 0.050 |

Information furnished is believed to be accurate and reliable. However, SGS-THOMSON Microelectronics assumes no responsibility for the consequences of use of such information nor for any infringement of patents or other rights of third parties which may result from its use. No licence is granted by implication or otherwise under any patent or patent rights of SGS-THOMSON Microelectronics. Specifications mentioned in this publication are subject to change without notice. This publication supersedes and replaces all information previously supplied. SGS-THOMSON Microelectronics products are not authorized for use as critical components in life support devices or systems without express written approval of SGS-THOMSON Microelectronics.

© 199 SGS-THOMSON Microelectronics - All Rights Reserved

Purchase of I²C Components of SGS-THOMSON Microelectronics, conveys a license under the Philips I²C Patent. Rights to use these components in a I²C system, is granted provided that the system conforms to the I²C Standard Specifications as defined by Philips.

**SGS-THOMSON Microelectronics GROUP OF COMPANIES**

Australia - Brazil - Canada - China - France - Germany - Hong Kong - Italy - Japan - Korea - Malaysia - Malta - Morocco
The Netherlands - Singapore - Spain - Sweden - Switzerland - Taiwan - Thailand - United Kingdom - U.S.A.

FCS1686655

# EXHIBIT 2

# REDACTED

# EXHIBIT 3

**REDACTED**

# EXHIBIT 4

**REDACTED**

# EXHIBIT 5

# REDACTED

# EXHIBIT 6

# REDACTED

# EXHIBIT 7

# REDACTED

# EXHIBIT 8

**REDACTED**

# EXHIBIT 9

# United States Patent [19]

Beasom

[11]  Patent Number:  **4,823,173**

[45]  Date of Patent:  **Apr. 18, 1989**

[54]  **HIGH VOLTAGE LATERAL MOS STRUCTURE WITH DEPLETED TOP GATE REGION**

[75]  Inventor:  James D. Beasom, Melbourne Village, Fla.

[73]  Assignee:  Harris Corporation, Melbourne, Fla.

[21]  Appl. No.:  831,384

[22]  Filed:  Jan. 7, 1986

[51]  Int. Cl.⁴ .............................. H01L 29/80

[52]  U.S. Cl. ........................ 357/22; 357/23.8; 357/35

[58]  Field of Search ............. 357/23.8, 22 E, 22 F, 357/22 G, 35

[56]  **References Cited**

**U.S. PATENT DOCUMENTS**

| | | | |
|---|---|---|---|
| 4,270,137 | 5/1981 | Coe | 357/23.4 |
| 4,300,150 | 11/1981 | Colak | 357/13 |
| 4,344,080 | 8/1982 | Tihanyi | 357/23.8 |
| 4,394,674 | 7/1983 | Sakuma et al. | 357/23.8 |
| 4,409,606 | 10/1983 | Wagenaar et al. | 357/23.8 |
| 4,422,089 | 12/1983 | Vaes et al. | 357/22 F |

4,485,392 11/1984 Singer ..................... 357/22 F

**OTHER PUBLICATIONS**

H. Vaes et al., "High-Voltage, High Current Lateral Devices", 1980 IEDM Conf. Proc., Dec. 8–10, 1980, pp. 87–90.

Primary Examiner—Joseph E. Clawson, Jr.
Attorney, Agent, or Firm—William A. Troner; Charles C. Krawczyk

[57]  **ABSTRACT**

The present invention provides an improved lateral drift region for both bipolar and MOS devices where improved breakdown voltage and low ON resistance are desired. A top gate of the same conductivity type as the device region with which it is associated is provided along the surface of the substrate and overlying the lateral drift region. In an MOS device, the extremity of the lateral drift region curves up to the substrate surface beyond the extremity of the top gate to thereby provide contact between the JFET channel and the MOS channel.

**19 Claims, 3 Drawing Sheets**



Case No. 04-1371-JJF
DEFT Exhibit No. DX 541
Date Entered _____
Signature _____

FCS0525249



FIG. I



FIG. 2



FIG. 3



FIG. 4



FIG. 5a



FIG. 5b

FCS0525251



FIG. 6



FIG. 7



FIG. 8

FIG. 9

4,823,173

1

# HIGH VOLTAGE LATERAL MOS STRUCTURE WITH DEPLETED TOP GATE REGION

## FIELD OF THE INVENTION

The present invention relates to lateral semiconductor devices and an improved method of making lateral semiconductor devices. More specifically, the invention relates to high voltage lateral devices with reduced ON resistance and a method of making such devices.

Previous high voltage lateral devices include both MOS devices and bipolar transistors. For example, FIG. 1 illustrates a known structure which can be used as a high voltage lateral MOS device. This device is known as a lateral drift region MOS device and is dependent upon the drain body junction 15 as the basic high voltage junction of the device. The drift region 17 is a P region along the top surface of the N[31] substrate 11 and is located so as to lie adjacent the P−− drain region 12. The drift region 17 is used to connect the high voltage drain 12 to the gate 16 and source 14. The two contacts, drain contact 12$_c$ and body contact 11$_c$ are shown for completeness. In the operation of this circuit, the gate 16 and source 14 never assume large voltages relative to the body 11. The drift region 17 serves as a JFET channel with the portion 11$_a$ of body region 11 underlying the channel acting as a JFET gate. The JFET channel 17 is designed to totally deplete when the drain 12 is reverse biased to a voltage less than the voltage necessary to reach critical field in the channel to body depletion layer. This design preserves the effective high breakdown voltage of drain body junction 15. Also, the source 14 and gate 16 (over the gate oxide 13) are safely shielded from the high drain body voltage by the pinched off JFET channel 17.

The resistance of the lateral drift region JFET channel 17 is in series with the resistance of the MOS channel 11$_b$, consequently the total channel resistance of the device is the sum of these two individual resistances. The JFET channel, which must be quite long to sustain high drain body voltages, is often the larger of the two resistance terms. Thus it is desirable to find ways to reduce the resistance of the drift region so that devices of a given size can be made with smaller channel resistance.

FIG. 2 shows a known structure which can be used as a lateral bipolar transistor. Another illustration of such a device is contained in FIG. 7 of U.S. Pat. No. 4,283,236 issued Aug. 11, 1981. Referring to FIG. 2, an N− substrate 11, has an N type emitter shield 121 formed therein and P+ emitter 122 and collector 124 located as shown. Additionally, a P− drift region 123 is provided along the surface of the substrate between the collector 124 and the emitter shield 121. In this device, the total collector resistance is equal to the sum of the resistance across the drift region 125 plus the resistance of the P+ collector between the drift region and the collector contact. In order to provide devices of equal size having a lower collector resistance, it is desirable to find ways to reduce the resistance of the drift region.

In the operation of this device, the drift region extends the collector to the edge of the emitter shield, 121, so that the base width is just that small distance between the adjacent edges of the emitter, 121, and the drift region, therefore providing improved frequency response.

At high base collector voltages the drift region, 123, depletes by JFET action with the N-base, 11, and N

2

shield, 121, which is part of the base, acting as gate before critical field is reached just as for the MOS of FIG. 1. This preserves the high breakdown of the structure.

## SUMMARY OF THE INVENTION

The present invention provides a structure having a reduced channel resistance and a process capable of efficiently obtaining the structure of the invention. The reduction in channel resistance is accomplished by providing a top gate which is located between the lateral drift region of the prior art and the surface of the channel region and which may be in contact with the high voltage device region. This top gate allows the total channel doping to be increased because the top gate to channel depletion layer holds some additional channel charge when reverse biased in addition to that held by the bottom gate to channel depletion layer of the prior art structure. The ionized channel impurity atoms associated with this additional channel charge causes the reduction in channel resistance.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a cross section of a known MOS device having typical ON resistance.

FIG. 2 is a cross section of a known bipolar transistor having typical collector resistance.

FIG. 3 is a cross section of an MOS device including the improved drift region and top gate of the invention.

FIG. 4 illustrates optimized process steps for obtaining the desired shape of the top gate and drift region of the invention.

FIGS. 5a and 5b are respectively a top view and is a cutaway perspective view of the body contact extending through the top gate and drift region of the invention.

FIG. 6 is a cross section of a bipolar device made in accordance with one aspect of the invention.

FIG. 7 is a cross section of a bipolar device made in accordance with another aspect of the invention.

FIG. 8 is a cross section of a bipolar device made in accordance with a preferred aspect of the invention.

FIG. 9 is a cross section of an MOS device, including the lateral drift region and top gate of the invention, in a preferred embodiment.

## DETAILED DESCRIPTION OF THE INVENTION

The present invention is described herein with reference to the drawings for both MOS and bipolar applications. FIG. 3 shows an MOS device where P+ drain contact 12$_d$ is formed in P−− type drain 12, P+ source 14 is formed in the N− body 11 and N+ body contact 11$_c$ is provided in the N− body 11. The MOS channel region 11$_b$ is in the N− body 11 below the MOS gate 16. The N type top gate 21 is provided along the surface 11$_c$ of the body 11 above the P type drift region 17 which acts as a JFET channel. The lateral edge or peripheral edge of both the top gate 21 and drift region 17 extend to the drain body junction 15 and preferably terminate at the junction 15. It is noted that situations may exist where the doping level in the top gate may be sufficiently high so as to render it desirable to provide a shorter top gate having a lateral extension which stops short of contacting the junction 15. In this case care should be taken to insure that any non-depleted portion of the top gate does not result in a breakdown of the top

FCS0525253

4,823,173

3

gate to drift region junction. Proper doping of the top gate will generally be a sufficient preventative step. Dashed line $21_p$ designates the peripheral edge of top gate 21 in an embodiment where the top gate does not extend all the way to the junction 15.

The structure of FIG. 3 provides reduced ON resistance in the JFET channel relative to the prior art lateral drift MOS device as shown in FIG. 1. The reduction in ON resistance is accomplished by providing a structure which can accommodate increased drift region doping without suffering from reduced body to drain breakdown. This is possible because of the provision of the top gate 21. The top gate to channel depletion layer which holds some channel charge when reverse biased, is in addition to the channel charge held by the bottom gate to channel depletion layer of the prior art. This additional channel charge, in the form of ionized channel impurity atoms, results in the reduction in channel resistance. It is possible to provide more than twice the doping level previously acceptable due to the additional ability to hold channel change. Thus, for a drift region having a doping of $1 \times 10^{12}$ boron atoms per square centimeter over the drift region surface in a bottom gate arrangement, the present invention will permit $2 \times 10^{12}$ boron atoms per square centimeter. Thus, the ON resistance will be only half the ON resistance of the prior arrangement.

In order to optimize performance of the structure of the invention, the top gate 21 must be designed differently than an ordinary JFET gate. Top gate 21 should become totally depleted at a body to drain voltage of less than the breakdown voltage of the top gate to drain junction $15_b$. Since top gate 21 is connected to body 11, the voltage at the top gate to drain junction $15_c$ will equal the voltage of the body to drain junction 15 voltage and the top gate to drain breakdown voltage should be greater than the voltage at which the top gate 21 becomes totally depleted. Additionally, the top gate 21 should totally deplete before the body 11 to channel 17 depletion layer reaches the top gate 21 to channel 17 depletion layer to thereby assure that a large top gate 17 to drain 12 voltage is not developed by punch-through action from the body 11. An ordinary JFET gate never totally depletes regardless of operating conditions.

In addition to the above described characteristics of the device of the invention, it is also desirable to insure that the channel of the JFET drift region contacts the inversion layer MOS surface channel. This can be accomplished as shown in FIG. 4 where an implant mask 50 having a tapered edge 51 is provided over the body 11. An implant aperture 52 is provided in mask 50 at the location where the P drift region 17 and top gate 21 are to be formed. The aperture 52 is shown as exposing the protective oxide 53. Ion implantation is not substantially effected by the oxide 53 due to the oxide thickness of only about 0.1–0.2 micrometers, yet the oxide provides surface passivation for the underlying body 11.

The drift region 17 is ion implanted and because of the graduated thickness of the implant mask 50 (along the edge 51) the depth of the implanted drift region 17 is graduated or tapered. In the illustration, a fairly good rounding of the drift region 17 occurs at the peripheral edges or extremities $17_a$, $17_b$ of the region 17. The curved extremity $17_a$ is of interest because at this location the channel of the JFET drift region 17 contacts the surface $11_a$ of body 11 beyond the end $21_a$ of top gate 21 and is desirably beneath the gate 16 of the MOS device. The top gate 21 may be ion implanted into the

4

drift region using the implant mask 50 but at an energy level which results in a shallower ion penetration. This tapered profile, particularly if curved, provides improved performance.

In a variation of this method a diffusion process can be used to bring the JFET channel into contact with the surface $11_a$ of body 11, and hence insure that the JFET channel will contact the inversion layer MOS surface channel. The lateral drift region 17 and top gate 21 are diffused into the body 11 after initial introduction by ion implant. The doping levels and diffusion times are chosen such that the extremity $17_a$ of drift region 17 diffuses beyond the end $21_a$ of the top gate 21 and so that the end $17_a$ reaches the surface $11_a$ of body 11. In practice, this approach can be facilitated by choosing a top gate dopant which has a lower diffusion coefficient than that of the drift region dopant.

The formation of the drift region and top gate may be conveniently carried out by forming a mask over the gate oxide which is present in a lateral MOS application. The MOS gate may be utilized as one delineating edge of the implant for the drift region and top gate and a thick oxide portion surrounding a thinner oxide portion may form the remainder of the implant mask. The thinner oxide portion shall be located such that it extends from beneath the MOS gate to the drain and preferably overlaps the drain. The implant mask 50 illustrated in FIG. 4 is shown as having thin oxide portion 53 being surrounded by the implant mask 50. If the MOS gate 16 shown in dashed lines were used as a portion of the mask 50, the edge of the drift region and top gate would be self aligned with the MOS gate as shown in dashed lines. Then, when diffused, the drift region will extend laterally to a point beneath the MOS gate while the top gate may be formed such that there is little or no lateral overlap with the MOS gate. The extent of lateral diffusion of the top gate is dependent upon the dopant material and processing temperatures following top gate implant. It is noted that there is a separation between the drift region and the source. This separation zone is the location where the MOS channel is located.

The top gate 21 will perform as previously described if it is tied to the body 11. Thus, the top gate 21 and the body which operates as the bottom gate of the JFET channel will be at equal potential. According to the invention, this may be accomplished in a particularly effective manner if the drift region 17 is widened to overlap with the body contact region $11_c$. This is shown in FIG. $5_a$ which shows the overlapping of the top gate 21 and the body contact $11_c$ at overlap regions $21_c$, $21_d$. In order for this arrangement to be effective, it is necessary that the body contact $11_c$ have a higher dopant concentration than the JFET channel (or drift region) 17 as shown in FIG. $5_b$ to insure that the body contact $11_c$ forms a continuous region horizontally and/or vertically through the JFET channel and to the body region 11 from the top gate, 21.

FIG. $5_b$ shows a cross section of the structure of FIG. $5_a$ taken along dashed line A—A. The body 11 is provided with body contact $11_c$ which is located such that the top gate 21 and drift region 17 can be conveniently extended to overlap the body contact $11_c$. The depth of body contact $11_c$ may be made greater than the depth of region 17 such that a portion of the body contact $11_c$ extends below region 17 and provides contact portion $21_c$ where the top gate 21 is in contact with body

FCS0525254

4,823,173

5

contact $11_c$. Thus, so long as the body contact doping concentration in region $21_b$ is sufficiently high to overcome the opposite doping in region 17, then a good connection of uniform conductivity type will be provided between the top gate 21 and the body 11. It is also noted that the body contact $11_c$ extends laterally beyond the end of both of the top gate 21 and the drift region 17. The lateral extension of the contact $11_c$ will also provide a structure which results in a good connection of uniform conductivity type from the top gate 21 to the body 11, again, provided that the doping of body contact $11_c$ converts region $21_b$.

Another area where the present invention finds application is in lateral bipolar transistors which employ a lateral drift region. The known structure of FIG. 2 may be improved by providing an N type top gate 126 as shown in FIG. 6. In this arrangement the top gate 126 extends from the collector 124 to the emitter shield 121 along the surface of body 11. The operation of this device is enhanced by the same phenomenon as the lateral drift region of the previously described MOS device. As the base 11 becomes positive relative to the collector 124, the top gate to drift region depletion layer facilitates pinch-off of the drift region. However, as the base 11 becomes more negative the top gate 126 contributes additional surface exposure to the drift region 123 resulting in lower collector resistance.

FIG. 7 shows an improvement over the arrangement shown in FIG. 6. In FIG. 7 the drift region 123 does not extend all the way over to the emitter shield 121. The curved end $123_a$ of the drift region 123 contacts the top surface of body 11. It is noted that in this arrangement, the emitter shield 121 may be omitted.

An additional improvement shown in FIG. 7 is the use of a deep diffusion to form the collector 124 resulting in a significantly increased breakdown voltage. The deep diffusion step may be the same step used for forming the emitter, in which case the collector 124 shown in FIG. 6 would be deeper, or a separate collector implant and diffusion step may be employed and the collector contact 127 may then be formed simultaneously with the formation of the emitter 122. This improvement in junction breakdown voltage is equally obtainable, for example, at the body to drain junction in the MOS devices described previously.

A further extension of the invention which may be used to increase base to collector breakdown voltage for a PNP device is shown in FIG. 8. In addition to the provision of the N type top gate $126_a$ over the P− drift region $123_a$, the top gate and drift region are enlarged to surround the collector 124 and a curved edge $123_a$ is provided at the periphery of the enlarged portion $123_b$ of the drift region. This enlarged portion is designated by reference numerals $123_b$ for the drift region and $126_b$ for the top gate. The collector 124 to base 11 breakdown voltage is increased relative to alternative arrangements because of mitigation of the breakdown reduction due to the junction curvature. The top gate $126_c$ extends to the emitter shield 121 as does the drift region $123_c$. The P+ emitter 122 is formed in the N+ type emitter shield.

FIG. 9 illustrates an extension of the invention with respect to a P channel MOS device similar to the improvement described with respect to the bipolar device shown in FIG. 8. For the MOS device, the P+ drain 12 is surrounded by the P− drift region 17 and N type top gate 21. Around the entire periphery of the drift region there is a curved portion $17_a$ which rounds up to the

6

surface of the N− substrate 11 to insure that the JFET channel in the drift region 17 contacts the MOS channel $11_b$ under the MOS gate 16. The drift region 17 extends outward from the entire perimeter of the drain 12. This arrangement mitigates the breakdown reduction due to junction curvature. The P+ source 14 and N+ body contact $11_c$ are shown as is the dielectric 13 which serves as the gate oxide 13 beneath the MOS gate 16.

In both the arrangements shown in FIG. 8 and FIG. 9, the planar diode breakdown improvement created by the drift region acting as a surface layer of the same conductivity type as the collector in FIG. 8 and drain in FIG. 9 and extending out from the perimeter of the collector and drain can be implemented by a single series of process steps. According to the invention, a common set of process steps produces both a suitable breakdown improvement layer and an improved drift region. The breakdown improvement layer is a two layer component.

While the present invention has been described with respect to several preferred manners of implementing the invention, it is to be understood that the claims appended hereto are intended to cover the invention in its broadest sense and are not to be limited to the specific implementations disclosed.

What is claimed is:

1. In a semiconductor device of the type including a lateral drift region of a first conductivity type formed in a body region, said drift region serving as a JFET channel, the improvement comprising:

a top gate of a semiconductor material electrically connected to said body region and having a second conductivity type over said drift region to cause depletion of said drift region rom the top upon application of a reverse bias voltage to said device,

wherein said top gate laterally abuts a device region to form a junction and has a surface area doping density such that said top gate becomes totally depleted at a reverse bias voltage below the reverse breakdown voltage of the top gate to device region junction, and

wherein said top gate has a surface are a doping density such that it becomes totally depleted at a reverse bias voltage less than the reverse bias voltage at which said drift region becomes depleted.

2. A semiconductor device as claim 1 wherein said drift region as a tapered peripheral edge.

3. A semiconductor device as claimed in claim 2 wherein said top gate has a lateral expanse bounded by said drift region.

4. A semiconductor device as claimed in claim 3 wherein said top gate has a tapered peripheral edge.

5. A semiconductor device comprising:

a semiconductor body of a first conductivity type;

a first device region of a second conductivity type formed in said body;

a second device region of said second conductivity type formed in said body and separated from said first device region;

a drift region of said second conductivity type formed in said body between said first and second device regions, separated from said second device region by a separation zone and in contact with said first device region, said drift region having a first side adjacent said body;

a top gate of said first conductivity type adjacent a substantial portion of a second side of said drift region and electrically connected to said body;

FCS0525255

4,823,173

7

wherein said top gate and semiconductor body operable as a top and bottom gate respectively of a JFET channel formed by said drift region;

said top gate having a surface area doping density such that it becomes totally depleted at a body to first device region voltage below the voltage at which the body to drift region depletion layer in said first side of said drift region reaches the top gate to drift region depletion layer in said second side of said drift region.

6. A semiconductor device as claimed in claim 5 wherein said first device region is a drain of a lateral drift region MOS device;

said semiconductor device further comprising an MOS gate located over said separation zone and overlapping a portion of said drift region.

7. A semiconductor device as claimed in claim 5 wherein said first device region is a collector of a lateral bipolar transistor and wherein said separation zone comprises an emitter shield region of said first conductivity type.

8. A semiconductor device as claimed in claim 5 wherein said drift region and top gate are in contact with said first device region about the entire periphery of said first device region.

9. A lateral MOS structure comprising a semiconductor body of a first conductivity type, source and drain regions of a second conductivity type forming respective source and drain junctions with said body, and a drift region of said second conductivity type, said drift region forming a JFET channel in said body controlled by said semiconductor body which body operates as a JFET gate such that upon application of a reverse bias to said body to drain junction said drift regions becomes depleted, and

a top gate of said first conductivity type formed in said drift region and being electrically connected to said body, said top gate having a surface area doping density such that it becomes totally depleted below a body to drain voltage at which said drift region becomes depleted.

10. A lateral MOS structure as claimed in claim 9 wherein:

said top gate is laterally spaced from said drain.

11. A lateral MOS structure as claimed in claim 9 wherein:

a body contact of said first conductivity type is formed in said body and said top gate overlaps said body contact, said body contact having an impurity concentration higher than the impurity concentration of said drift region.

12. A lateral MOS structure as claimed in claim 9 wherein:

8

said drift region and said top gate extend laterally around the entire surface intersection of the drain to body junction to reduce the surface field and thereby increase breakdown voltage of the drain to body junction.

13. A lateral MOS structure as claimed in claim 9 wherein:

said top gate totally depletes below a body to drain voltage at which said drift region totally depletes.

14. A lateral MOS structure as claimed in claim 9 wherein:

said top gate is formed by an ion implant, and said top gate has a tapered peripheral edge.

15. A lateral MOS structure as claimed in claim 14 wherein:

said drift region is formed by an ion implant and said drift region has a tapered peripheral edge.

16. A diode structure comprising:

a first semiconductor body of a first conductivity type contained within a semiconductor region of a second conductivity type and forming a diode junction therewith, said semiconductor region having a first dopant concentration,

a second body of said first conductivity type contained within said semiconductor region and having a second dopant concentration greater than said first dopant concentration, said second body surrounding the lateral perimeter of said first body and shutting said first body;

said second body forming a JFET channel controlled by said semiconductor region which region operates as a JFET gate such that upon application of a reverse bias to said region to first body junction said second body becomes depleted, and

a top gate of said second conductivity type formed within said second body and being electrically connected to said first semiconductor region, said top gate having a dopant concentration such that upon application of said reverse bias, said top gate becomes totally depleted before said second body becomes depleted.

17. In a diode structure as claimed in claim 16, the improvement comprising:

a tapered peripheral edge for said top gate.

18. In a diode structure as claimed in claim 17, the improvement comprising:

forming said tapered peripheral edge by implanting said top gate using an implant mask with a tapered edge.

19. In a diode structure as claimed in claim 16, the improvement comprising:

forming a tapered peripheral edge for said second body by implanting said second body using an implant mask with a tapered edge.

* * * * *

FCS0525256

# EXHIBIT 10

# REGULAR UTILITY

Form PTO-436
(Rev. 8/78)

4823173

| SERIAL NUMBER (series of 1978) | PATENT DATE | PATENT NUMBER |
|---|---|---|
| 831384 | APR 18 1989 | 4823173 |

| SERIAL NUMBER | FILING DATE | CLASS | SUBCLASS | GROUP ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 06/831,384 | 01/07/86 | 357 | 22 | 253 JRC | Clawson |

**APPLICANTS**

JAMES D. BEASON, MELBOURNE VILLA, FL.

**CONTINUING DATA******************** NONE
VERIFIED

**FOREIGN/PCT APPLICATIONS*********** NONE
VERIFIED

FOREIGN FILING LICENSE GRANTED 04/03/86

| Foreign priority claimed ☐ yes ☒ no | STATE OR COUNTRY | SHEETS DRWGS | TOTAL CLAIMS | INDEP CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|
| 35 USC 119 conditions met ☐ yes ☐ no | FL | 5 | 25 | 3 | $ 434.00 | SE-395 |

**ADDRESS**

THOMAS N. TWOMEY
SECTOR PATENT COUNSEL
HARRIS SEMICONDUCTOR
P. O. BOX 883
MELBOURNE, FL. 32901-0101

**TITLE**

HIGH VOLTAGE LATERAL MOS STRUCTURE WITH DEPLETED TOP GATE REGION

U.S. DEPT of COMM.—Pat. & TM Office — PTO-436L (rev. 10-78)

| PARTS OF APPLICATION FILED SEPARATELY | PREPARED FOR ISSUE |
|---|---|

EXAMINED AND PASSED FOR ISSUE
JOSEPH E. CLAWSON JR.
EXAMINER
GROUP ART UNIT 253

| SHEETS DRWGS | FIGURES DRWGS | CLAIMS | CLASS | SUBCLASS |
|---|---|---|---|---|
| 3 | 10 | 19 | 357 | 22 |

Estimate of printed pages

Issue fee due (est.)

560

Notice of allowance and issue fee due (est.)

Case No. 04-1371-JJF
DEFT Exhibit No. DX 66
Date Entered _____
Signature _____

FCS1688778

C31384

PATENT APPLICATION SERIAL NO. _____

**U.S. DEPARTMENT OF COMMERCE**
**PATENT AND TRADEMARK OFFICE**
**FEE RECORD SHEET**

| 20162 | 02/26/86 | 831384 | 08-0870 | 020 | 101 | 340.00CH |
| 20163 | 02/26/86 | 831384 | 08-0870 | 020 | 102 | 34.00CH |
| 20164 | 02/26/86 | 831384 | 08-0870 | 020 | 103 | 60.00CH |

FCS1688779



831384

Case SE-395

<u>APPLICATION TRANSMITTAL LETTER</u>

IN THE UNITED STATES PATENT
AND TRADEMARK OFFICE

THE COMMISSIONER OF PATENTS AND TRADEMARKS

WASHINGTON, D.C.  20231

SIR:  Transmitted herewith for filing are the following parts of the
patent application of Inventor(s):

James D. Beasom

For:  A High Voltage Lateral MOS Structure

Serial No.:
Filed:

[X ] specification and claim(s)

[5 ] sheet of drawing.

[X ] An assignment of the invention to HARRIS CORPORATION.

[  ] A certified copy of a _____ application.

[  ] Associate Power of Attorney.

[X ] Declaration and Power of Attorney.

00010

**FCS1688780**

Claims as filed

|  | Number filed | Number extra | Rate | Fee |
|---|---|---|---|---|
| Total claims | 25 | - 20 = __5__ | $10.00 | $ 50.00 |
| Independent claims | 4 | - 3 = __1__ | $30.00 | $30.00 |
|  |  | Basic Filing Fee: |  | $300.00 |
|  |  | Total Filing Fee: |  | $380.00 |

[X] Please charge my Deposit Account No. __08-0870__ in the amount of $ __380.00__ . A duplicate copy of this sheet is enclosed.

[X] The Commissioner is hereby authorized to charge any additional fees which may be required, or credit any overpayment to Account No. __08-0870__ . A duplicate copy of this sheet is enclosed.

[ ] A check in the amount of _____ to cover the filing fee is enclosed.

Please address all correspondence to:    THOMAS N. TWOMEY
                                         Sector Patent Counsel
                                         Harris Semiconductor
                                         P.O. Box 883
                                         M/S 53-055
                                         Melbourne, Florida 32901

Sincerely,

*Thomas N. Twomey*

THOMAS N. TWOMEY
Sector Patent Counsel

Reg. No.: 28,916
Phone:  (305) 729-4508
00010

FCS1688781

831384

Attorney Docket SE-395

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

INVENTOR:  James D. BEASOM

INVENTION:  A HIGH VOLTAGE LATERAL MOS STRUCTURE

SPECIFICATION

To All Whom It May Concern:

Be it known that I, James D. Beasom, citizen of the United States of America, residing at 506 S. Wildwood Drive, Melbourne Village, Florida, 32904, have invented certain new and useful improvements in

A HIGH VOLTAGE LATERAL MOS STRUCTURE

of which the following is a specification.

- 1 -

FCS1688782

Attorney Docket SE-395

## FIELD OF THE INVENTION

The present invention relates to lateral semiconductor devices and an improved method of making lateral semiconductor devices. More specifically, the invention relates to high voltage lateral devices with reduced ON resistance and a method of making such devices.

Previous high voltage lateral devices include both MOS devices and bipolar transistors. For example, Fig. 1 illustrates a known structure which can be used as a high voltage lateral MOS device. This device is known as a lateral drift region MOS device and is dependent upon the drain body junction 15 as the basic high voltage junction of the device. The drift region 17 is a P region along the top surface of the N⁻ substrate 11 and is located so as to lie adjacent the P⁻ drain region 12. The drift region 17 is used to connect the high voltage drain 12 to the gate 16 and source 14. The two contacts, drain contact 12ₐ and body contact 11𝒸 are shown for completeness. In the operation of this circuit, the gate 16 and source 14 never assume large voltages relative to the body 11. The drift region 17 serves as a JFET channel with the portion 11ₐ of body region 11 underlying the channel acting as a JFET gate. The JFET channel 17 is designed to totally deplete when the drain 12 is reverse biased to a voltage less than the voltage necessary to reach critical field in the channel to body

- 2 -

FCS1688783

Attorney Docket SE-395

depletion layer. This design preserves the effective high breakdown voltage of drain body junction 15. Also, the source 14 and gate 16 (over the gate oxide 13) are safely shielded from the high drain body voltage by the pinched off JFET channel 17.

The resistance of the lateral drift region JFET channel 17 is in series with the resistance of the MOS channel $11_b$, consequently the total channel resistance of the device is the sum of these two individual resistances. The JFET channel, which must be quite long to sustain high drain body voltages, is often the larger of the two resistance terms. Thus it is desirable to find ways to reduce the resistance of the drift region so that devices of a given size can be made with smaller channel resistance.

Fig. 2 shows a known structure which can be used as a lateral bipolar transistor. Another illustration of such a device is contained in Fig. 7 of U.S. Patent NO. 4,283,236 issued August 11, 1981. Referring to Fig. 2, an N⁻ substrate 11, has an N type emitter shield 121 formed therein and P+ emitter 122 and collector 124 located as shown. Additionally, a P⁻ drift region 123 is provided along the surface of the substrate between the collector 124 and the emitter shield 121. In this device, the total collector resistance is equal to the sum of the resistance across the drift

- 3 -

FCS1688784

Attorney Docket SE-395

region 125 plus the resistance of the P⁺ collector between the drift region and the collector contact. In order to provide devices of equal size having a lower collector resistance, it is desirable to find ways to reduce the resistance of the drift region.

In the operation of this device, the drift region extends the collector to the edge of the emitter shield, 121, so that the base width is just that small distance between the adjacent edges of the emitter, 121, and the drift region, therefore providing improved frequency response.

At high base collector voltages the drift region, 123, depletes by JFET action with the N-base, 11, and N shield, 121, which is part of the base, acting as gate before critical field is reached just as for the MOS of Figure 1. This preserves the high breakdown of the structure.

- 4 -

FCS1688785

Attorney Docket SE-395

## SUMMARY OF THE INVENTION

The present invention provides a structure having a reduced channel resistance and a process capable of efficiently obtaining the structure of the invention. The reduction in channel resistance is accomplished by providing a top gate which is located between the lateral drift region of the prior art and the surface of the channel region and which may be in contact with the high voltage device region. This top gate allows the total channel doping to be increased because the top gate to channel depletion layer holds some additional channel charge when reverse biased in addition to that held by the bottom gate to channel depletion layer of the prior art structure. The ionized channel impurity atoms associated with this additional channel charge causes the reduction in channel resistance.

- 5 -

**FCS1688786**

Attorney Docket SE-395

DRCl

P

BRIEF DESCRIPTION OF THE DRAWINGS

Fig. 1 is a cross section of a known MOS device having typical ON resistance.

Fig. 2 is a cross section of a known bipolar transistor having typical collector resistance.

Fig. 3 is a cross section of an MOS device including the improved drift region and top gate of the invention.

Fig. 4 illustrates optimized process steps for obtaining the desired shape of the top gate and drift region of the invention.

Figs. 5a and 5b are respectively a top view and is a cutaway perspective view of the body contact extending through the top gate and drift region of the invention.

Fig. 6 is a cross section of a bipolar device made in accordance with one aspect of the invention.

Fig. 7 is a cross section of a bipolar device made in accordance with another aspect of the invention.

- 6 -

FCS1688787

Attorney Docket SE-395

Fig. 8 is a cross section of a bipolar device made in accordance with a preferred aspect of the invention.

Fig. 9 is a cross section of an MOS device, including the lateral drift region and top gate of the invention, in a preferred embodiment.

- 7 -

FCS1688788

Attorney Docket SE-395

## DETAILED DESCRIPTION OF THE INVENTION

The present invention is described herein with reference to the drawings for both MOS and bipolar applications. Fig. 3 shows an MOS device where P+ drain contact $12_a$ is formed in P- type drain 12, P+ source 14 is formed in the N- body 11 and N+ body contact $11_c$ is provided in the N- body 11. The MOS channel region $11_b$ is in the N- body 11 below the MOS gate 16. The N type top gate 21 is provided along the surface $11_s$ of the body 11 above the P type drift region 17 which acts as a JFET channel. The lateral edge or peripheral edge of both the top gate 21 and drift region 17 extend to the drain body junction 15 and preferably terminate at the junction 15. It is noted that situations may exist where the doping level in the top gate may be sufficiently high so as to render it desirable to provide a shorter top gate having a lateral extension which stops short of contacting the junction 15. In this case care should be taken to insure that any non-depleted portion of the top gate does not result in a breakdown of the top gate to drift region junction. Proper doping of the top gate will generally be a sufficient preventative step. Dashed line $21_p$ designates the peripheral edge of top gate 21 in an embodiment where the top gate does not extend all the way to the junction 15.

The structure of Figure 3 provides reduced ON resistance in the JFET channel relative to the prior art lateral drift MOS device as shown in Fig.

- 8 -

FCS1688789

Attorney Docket SE-395

1. The reduction in ON resistance is accomplished by providing a structure which can accommodate increased drift region doping without suffering from reduced body to drain breakdown. This is possible because of the provision of the top gate 21. The top gate to channel depletion layer which holds some channel charge when reverse biased, is in addition to the channel charge held by the bottom gate to channel depletion layer of the prior art. This additional channel charge, in the form of ionized channel impurity atoms, results in the reduction in channel resistance. It is possible to provide more than twice the doping level previously acceptable due to the additional ability to hold channel change. Thus, for a drift region having a doping of $1 \times 10^{12}$ boron atoms per square centimeter over the drift region surface in a bottom gate arrangement, the present invention will permit $2 \times 10^{12}$ boron atoms per square centimeter. Thus, the ON resistance will be only half the ON resistance of the prior arrangement.

In order to optimize performance of the structure of the invention, the top gate 21 must be designed differently than an ordinary JFET gate. Top gate 21 should become totally depleted at a body to drain voltage of less than the breakdown voltage of the top gate to drain junction $15_a$. Since top gate 21 is connected to body 11, the voltage at the top gate to drain junction $15_a$ will equal the voltage of the body to drain junction 15 voltage and the top gate to drain breakdown voltage should be greater than the voltage at which top gate 21 becomes totally depleted. Additionally,

- 9 -

FCS1688790

Attorney Docket SE-395

the top gate 21 should totally deplete before the body 11 to channel 17 depletion layer reaches the top gate 21 to channel 17 depletion layer to thereby assure that a large top gate 17 to drain 12 voltage is not developed by punch-through action from the body 11. An ordinary JFET gate never totally depletes regardless of operating conditions.

In addition to the above described characteristics of the device of the invention, it is also desirable to insure that the channel of the JFET drift region contacts the inversion layer MOS surface channel. This can be accomplished as shown in Fig. 4 where an implant mask 50 having a tapered edge 51 is provided over the body 11. An implant aperture 52 is provided in mask 50 at the location where the P drift region 17 and top gate 21 are to be formed. The aperture 52 is shown as exposing the protective oxide 53. Ion implantation is not substantially effected by the oxide 53 due to the oxide thickness of only about 0.1-0.2 micrometers, yet the oxide provides surface passivation for the underlying body 11.

The drift region 17 is ion implanted and because of the graduated thickness of the implant mask 50 (along the edge 51) the depth of the implanted drift region 17 is graduated or tapered. In the illustration, a fairly good rounding of the drift region 17 occurs at the peripheral edges or extremities $17_a$, $17_b$ of the region 17. The curved extremity $17_a$ is of

- 10 -

FCS1688791

Attorney Docket SE-395

interest because at this location the channel of the JFET drift region 17 contacts the surface $11_s$ of body 11 beyond the end $21_a$ of top gate 21 and is desirably beneath the gate 16 of the MOS device. The top gate 21 may be ion implanted using the implant mask 50 but at an energy level which results in a shallower ion penetration. This tapered profile, particularly if curved, provides improved performance.

In a variation of this method a diffusion process can be used to bring the JFET channel into contact with the surface $11_s$ of body 11, and hence insure that the JFET channel will contact the inversion layer MOS surface channel. The lateral drift region 17 and top gate 21 are diffused after initial introduction by ion implant. The doping levels and diffusion times are chosen such that the extremity $17_a$ of drift region 17 diffuses beyond the end $21_a$ of the top gate 21 and so that the end $17_a$ reaches the surface $11_s$ of body 11. In practice, this approach can be facilitated by choosing a top gate dopant which has a lower diffusion coefficient than that of the drift region dopant.

The formation of the drift region and top gate may be conveniently carried out by forming a mask over the gate oxide which is present in a lateral MOS application. The MOS gate may be utilized as one delineating edge of the implant for the drift region and top gate and a thick oxide portion surrounding a thinner oxide portion may form the remainder of the implant

- 11 -

FCS1688792

Attorney Docket SE-395

mask. The thinner oxide portion shall be located such that it extends from
beneath the MOS gate to the drain and preferably overlaps the drain. The
implant mask 50 illustrated in figure 4 is shown as having thin oxide
portion 53 being surrounded by the implant mask 50. If the MOS gate 16
shown in dashed lines were used as a portion of the mask 50, the edge of
the drift region and top gate would be self aligned with the MOS gate as
shown in dashed lines. Then, when diffused, the drift region will extend
laterally to a point beneath the MOS gate while the top gate may be formed
such that there is little or no lateral overlap with the MOS gate. The
extent of lateral diffusion of the top gate is dependent upon the dopant
material and processing temperatures following top gate implant. It is
noted that there is a separation between the drift region and the source.
This separation zone is the location where the MOS channel is located.

The top gate 21 will perform as previously described if it is tied to the
body 11. Thus, the top gate 21 and the body which operates as the bottom
gate of the JFET channel will be at equal potential. According to the
invention, this may be accomplished in a particularly effective manner if
the drift region 17 is widened to overlap with the body contact region $11_c$.
This is shown in Fig. $5_a$ which shows the overlapping of the top gate 21 and
the body contact $11_c$ at overlap regions $21_c$, $21_d$. In order for this
arrangement to be effective, it is necessary that the body contact $11_c$ have
a higher dopant concentration than the JFET channel (or drift region) 17 as

- 12 -

FCS1688793

Attorney Docket SE-395

shown in Fig. $5_b$ to insure that the body contact $11_c$ forms a continuous region horizontally and/or vertically through the JFET channel and to the body region 11 from the top gate, 21.

Figure $5_b$ shows a cross section of the structure of Figure $5_a$ taken along dashed line A-A. The body 11 is provided with body contact $11_c$ which is located such that the top gate 21 and drift region 17 can be conveniently extended to overlap the body contact $11_c$. The depth of body contact $11_c$ may be made greater than the depth of region 17 such that a portion of the body contact $11_c$ extends below region 17 and provides contact with the body 11. This arrangement provides a contact portion $21_c$ where the top gate 21 is in contact with body contact $11_c$. Thus, so long as the body contact doping concentration in region $21_b$ is sufficiently high to overcome the opposite doping in region 17, then a good connection of uniform conductivity type will be provided between the top gate 21 and the body 11. It is also noted that the body contact $11_c$ extends laterally beyond the end of both of the top gate 21 and the drift region 17. The lateral extension of the contact $11_c$ will also provide a structure which results in a good connection of uniform conductivity type from the top gate 21 to the body 11, again, provided that the doping of body contact $11_c$ converts region $21_b$.

Another area where the present invention finds application is in lateral bipolar transistors which employ a lateral drift region. The known structure of Fig. 2 may be improved by providing an N type top gate 126 as

- 13 -

FCS1688794

Attorney Docket SE-395

shown in Fig. 6. In this arrangement the top gate 126 extends from the collector 124 to the emitter shield 121 along the surface of body 11. The operation of this device is enhanced by the same phenomenon as the lateral drift region of the previously described MOS device. As the base 11 becomes positive relative to the collector 124, the top gate to drift region depletion layer facilitates pinch-off of the drift region. However, as the base 11 becomes more negative the top gate 126 contributes additional surface exposure to the drift region 123 resulting in lower collector resistance.

Fig. 7 shows an improvement over the arrangement shown in Fig. 6. In Fig. 7 the drift region 123 does not extend all the way over to the emitter shield 121. The curved end 123$_a$ of the drift region 123 contacts the top surface of body 11. It is noted that in this arrangement, the emitter shield 121 may be omitted.

An additional improvement shown in Fig. 7 is the use of a deep diffusion to form the collector 124 resulting in a significantly increased breakdown voltage. The deep diffusion step may be the same step used for forming the emitter, in which case the collector 124 shown in Fig. 6 would be deeper, or a separate collector implant and diffusion step may be employed and the collector contact 127 may then be formed simultaneously with the formation of the emitter 122. This improvement in junction breakdown voltage is

- 14 -

FCS1688795

Attorney Docket SE-395

equally obtainable, for example, at the body to drain junction in the MOS
devices described previously.

A further extension of the invention which may be used to increase base to
collector breakdown voltage for a PNP device is shown in Fig. 8.  In
addition to the provision of the N type top gate $126_a$ over the $P^-$ drift
region $123_a$, the top gate and drift region are enlarged to surround the
collector 124 and a curved edge $123_e$ is provided at the periphery of the
enlarged portion $123_b$ of the drift region.  This enlarged portion is
designated by reference numerals $123_b$ for the drift region and $126_b$ for the
top gate.  The collector 124 to base 11 breakdown voltage is increased
relative to alternative arrangements because of mitigation of the breakdown
reduction due to the junction curvature.  The top gate $126_a$ extends to the
emitter shield 121 as does the drift region $123_a$.  The $P^+$ emitter 122 is
formed in the $N^+$ type emitter shield.

Fig. 9 illustrates an extension of the invention with respect to a P
channel MOS device similar to the improvement described with respect to the
bipolar device shown in Fig. 8.  For the MOS device, the $P^+$ drain 12 is
surrounded by the $P^-$ drift region 17 and N type top gate 21.  Around the
entire periphery of the drift region there is a curved portion $17_e$ which
rounds up to the surface of the $N^-$ substrate 11 to insure that the JFET

- 15 -

FCS1688796

Attorney Docket SE-395

channel in the drift region 17 contacts the MOS channel $11_b$ under the MOS gate 16. The drift region 17 extends outward from the entire perimeter of the drain 12. This arrangement mitigates the breakdown reduction due to junction curvature. The $P^+$ source 14 and $N^+$ body contact $11_c$ are shown as is the dielectric 13 which serves as the gate oxide $13_g$ beneath the MOS gate 16.

In both the arrangements shown in Fig. 8 and Fig. 9, the planar diode breakdown improvement created by the drift region acting as a surface layer of the same conductivity type as the collector in Fig. 8 and drain in Fig. 9 and extending out from the perimeter of the collector and drain can be implemented by a single series of process steps. According to the invention, a common set of process steps produces both a suitable breakdown improvement layer and an improved drift region. The breakdown improvement layer is a two layer component.

While the present invention has been described with respect to several preferred manners of implementing the invention, it is to be understood that the claims appended hereto are intended to cover the invention in its broadest sense and are not to be limited to the specific implementations disclosed.

- 16 -

CM what is claimed is.

**FCS1688797**

Attorney Docket SE-395

WHAT IS CLAIMED IS:

1. In a semiconductor device of the type including a drift region of a first conductivity type, the improvement comprising:

   providing a top gate of a second conductivity type over said drift region to cause depletion of said drift region from both top and bottom upon application of a reverse bias voltage to said device.

2. A semiconductor device as claimed in claim 1, wherein said top gate abutts a device region and said top gate becomes depleted at a reverse bias voltage below the reverse breakdown voltage of the top gate to device region junction.

3. A semiconductor device as claimed in claim 2 wherein said top gate becomes depleted at a reverse bias voltage less than the reverse bias voltage at which said drift region becomes depleted.

4. A semiconductor device as claimed in claim 1 wherein said drift region has a tapered peripheral edge.

5. A semiconductor device as claimed in claim 1 wherein said top gate has a lateral expanse bounded by said drift region.

- 17 -

**FCS1688798**

Attorney Docket SE-395

8. A semiconductor device as claimed in claim 7 wherein said top gate has a tapered peripheral edge.

7. A semiconductor device comprising:

a semiconductor body of a first conductivity type;

a first device region of a second conductivity type formed in said body;

a second device region of said second conductivity type formed in said body and separated from said first device region;

a drift region of said second conductivity type formed in said body between said first and second device regions, separated from said second device region by a separation zone and in contact with said first device region, said drift region having a first side adjacent said body;

a top gate of said first conductivity type adjacent a substantial portion of a second side of said drift region;

- 18 -

FCS1688799

Attorney Docket SE-395

said top gate becoming depleted at a body to first device region voltage below the voltage at which the body to drift region depletion layer in said first side of said drift region reaches the top gate to drift region depletion layer in said second side of said drift region.

8. A semiconductor device as claimed in claim 7 wherein said first device region is a drain of a lateral drift region MOS device;

said semiconductor device further comprising an MOS gate located over said separation zone and overlapping a portion of said drift region.

9. A semiconductor device as claimed in claim 5 wherein said first device region is a collector of a lateral bipolar transistor and wherein said separation zone comprises an emitter shield region of said first conductivity type.

10. A semiconductor device as claimed in claim 5 wherein said drift region and top gate are in contact with said first device region about the entire periphery of said first device region.

- 19 -

FCS1688800

Attorney Docket SE-395

11. In a lateral MOS structure comprising a semiconductor body of a first
    conductivity type, source and drain regions of a second conductivity
    type, and a drift region of said second conductivity type, said drift
    region forming a JFET channel controlled by said semiconductor body
    which body operates as a JFET gate such that upon application of a
    reverse bias to said body to drain junction said drift region becomes
    depleted, the improvement comprising:

    a top gate of said first conductivity type formed over said drift
    region.

12. A lateral MOS structure as claimed in claim 11 wherein:

    said top gate becomes depleted below a body to drain voltage at
    which the body to channel depletion layer reaches the top gate to
    channel depletion layer.

13. A lateral MOS structure as claimed in claim 11 wherein:

    said drift region is formed in said semiconductor body along a top
    surface of said semiconductor body and said top gate is formed in
    said drift region along said top surface such that said drift
    region is between said top gate and said semiconductor body.

- 20 -

FCS1688801

Attorney Docket SE-395

14. A lateral MOS structure as claimed in claim 13 wherein:

said drift region extends from said body to said top gate.

15. A lateral MOS structure as claimed in claim 11 wherein:

said top gate is laterally spaced from said drain.

16. A lateral MOS structure as claimed in claim 11 wherein:

a body contact of said first conductivity type is formed in said body and said top gate overlaps said body contact, said body contact having an impurity concentration higher than the impurity concentration of said drift region.

17. A lateral MOS structure as claimed in claim 11 wherein:

said drift region and said top gate extend laterally around the entire surface intersection of the drain to body junction to reduce the surface field and thereby increase breakdown voltage of the drain to body junction.

- 21 -

FCS1688802

Attorney Docket SE-395

~~13~~
~~18.~~ A lateral MOS structure as claimed in claim ~~17~~ 12 or 9 wherein:

said top gate totally depletes below a body to drain voltage at which said drift region totally depletes.

~~14~~
~~18.~~ A lateral MOS structure as claimed in claim ~~17~~ 12 or 9 wherein:

said top gate is formed by an ion implant, and said top gate has a tapered peripheral edge.

~~15~~
~~20.~~ A lateral MOS structure as claimed in claim ~~19~~ 14 wherein:

said drift region is formed by an ion implant and said drift region has a tapered peripheral edge.

~~21.~~ A lateral MOS structure as claimed in claim ~~17~~ 12 or 9 wherein:

said top gate becomes depleted at a body to drain voltage below the breakdown voltage of the junction of said top gate to said drain region.

- 22 -

FCS1688803

Attorney Docket SE-395

22. In a diode structure comprising a first semiconductor body of a first conductivity type in a semiconductor region of a second conductivity type, and a second body of said second conductivity type completely surrounding the perimeter of said first body and adjacent thereto;

said second body forming a JFET channel controlled by said semiconductor region which region operates as a JFET gate such that upon application of a reverse bias to said region to first body junction said second body becomes depleted, the improvement comprising:

a top gate of said second conductivity type formed over said second body.

23. In a diode structure as claimed in claim 22, the improvement comprising:

a tapered peripheral edge for said top gate.

24. In a diode structure as claimed in claim 23, the improvement comprising:

forming said tapered peripheral edge by implanting said top gate using an implant mask with a tapered edge.

- 23 -

**FCS1688804**

Attorney Docket SE-395

19
~~25~~. In a diode structure as claimed in claim ~~22~~ 16, the improvement
comprising:

forming a tapered peripheral edge for said second body by
implanting said second body using an implant mask with a tapered
edge.

- 24 -

FCS1688805

Attorney Docket SE-395

## ABSTRACT OF THE DISCLOSURE

The present invention provides an improved lateral drift region for both bipolar and MOS devices where improved breakdown voltage and low ON resistance are desired. A top gate of the same conductivity type as the device region with which it is associated is provided along the surface of the substrate and overlying the lateral drift region. In an MOS device, the extremity of the lateral drift region curves up to the substrate surface beyond the extremity of the top gate to thereby provide contact between the JFET channel and the MOS channel.

- 25 -

FCS1688806

Attorney's Docket No. _____

## COMBINED DECLARATION AND POWER OF ATTORNEY

### (ORIGINAL, DESIGN, NATIONAL STAGE OF PCT OR CIP APPLICATION)

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name, I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

A High Voltage Lateral MOS Structure

the specification of which: *(complete (a), (b) or (c) for type of application)*

### REGULAR OR DESIGN APPLICATION

(a) [X] is attached hereto.

(b) [ ] was filed on _____ as Application Serial No. _____
and was amended on _____ *(if applicable)*.

### PCT FILED APPLICATION ENTERING NATIONAL STAGE

(c) [ ] was described and claimed in International Application No. _____ filed on _____ and as amended on _____ *(if any)*.

### ACKNOWLEDGEMENT OF REVIEW OF PAPERS AND DUTY OF CANDOR

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations. § 1.56(a).

[ ] In compliance with this duty there is attached an information disclosure statement. 37 CFR 1.97.

### PRIORITY CLAIM

I hereby claim foreign priority benefits under Title 35, United States Code, § 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed.

(Declaration and Power of Attorney—page 1 of 3)

FCS1688807

*(complete (d) or (e))*

(d) [X] no such applications have been filed.

(e) [ ] such applications have been filed as follows:

### EARLIEST FOREIGN APPLICATION(S), IF ANY FILED WITHIN 12 MONTHS (6 MONTHS FOR DESIGN) PRIOR TO SAID APPLICATION

| Country | Application No. | Date of filing (day, month, year) | Date of issue (day, month, year) | Priority Claimed |
|---------|----------------|-----------------------------------|----------------------------------|------------------|
| | | | | [ ] YES    NO [ ] |
| | | | | [ ] YES    NO [ ] |
| | | | | [ ] YES    NO [ ] |

### ALL FOREIGN APPLICATION(S), IF ANY FILED MORE THAN 12 MONTHS (6 MONTHS FOR DESIGN) PRIOR TO SAID APPLICATION

### CONTINUATION-IN-PART

*(complete this part only if this is a continuation-in-part application)*

I hereby claim the benefit under Title 35, United States Code, § 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, § 1.56(a), which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| (Application Serial No.) | (Filing Date) | (Status) (patented, pending, abandoned) |
|--------------------------|---------------|------------------------------------------|
| (Application Serial No.) | (Filing Date) | (Status) (patented, pending, abandoned) |

### POWER OF ATTORNEY

As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith. (*List name and registration number*)
Thomas N. Twomey, Reg. No. 29,016 and Les J. Hart, Reg. No. 25,462, both having a mailing address of P.O. Box 883, Melbourne, Fl 32901-0101, and Charles C. Krawczyk, Reg. No. 22,453, having a mailing address of 1025 West Nasa Blvd., Melbourne, Fl 32919.

*(Declaration and Power of Attorney—page 2 of 3)*

**FCS1688808**

SEND CORRESPONDENCE TO
Thomas N. Twomey
Sector Patent Counsel
Harris Semiconductor
PO Box 883
Melbourne, FL  32901-0101

DIRECT TELEPHONE CALLS TO:
(name and telephone number)

305-729-4508

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Full name of sole or first inventor ____James D. Beason____

Inventor's signature ____James D Beason____

Date ____2/4/86____  Country of Citizenship  U. S. A.

Residence ____506 S. Wildwood Drive, Melbourne Village, Florida 32904____

Post Office Address ____506 S. Wildwood Drive, Melbourne Village, FL  32904____

Full name of second joint inventor, if any _____

Inventor's signature _____

Date _____  Country of Citizenship _____

Residence _____

Post Office Address _____

CHECK PROPER BOX(ES) FOR ANY ADDED PAGE(S) FORMING A PART OF THIS DECLARATION

☐  Signature for third and subsequent joint inventors. Number of pages added _____

☐  Signature by administrator(trix), executor(trix) or legal representative for deceased or incapacitated inventor. Number of pages added _____

☐  Signature for inventor who refuses to sign or cannot be reached by person authorized under 37 CFR 1.47. Number of pages added _____

(Declaration and Power of Attorney—page 3 of 3)

FCS1688809



FIGURE I

FIGURE 2

FCS1688810



FIGURE 3

FIGURE 4

FCS1688811



831384

FIGURE 5a

21d

21

11c

A ————————— A

21c

FIGURE 5b

21b  21c  21

11c

17

FCS1688812



831384

FIGURE 6

FIGURE 7

FCS1688813



FIGURE 8

831384

027159

FIGURE 9

FCS1688814



Print Of Drawing
As Original Filed

231384

FIGURE 1

FIGURE 2

FCS1688815



Print Of Drawing
As Original Filed

FIGURE 3

FIGURE 4

FCS1688816



Print Of Drawing
As Original Filed

831384

IGURE 6

121  122  123  126  125  124

N    p+         125    p+

II    N⁻

GURE 7

121  122      126      127

N    p+              p    p+
                        124

123a    123    II

N⁻



Print Of Drawing
As Original Filed

831384

FIGURE 8

027159

FIGURE 9

FCS1688819

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/631,984 | 01/07/96 | BEACON | |

THOMAS N. TWOMEY
SECTOR PATENT COUNSEL
HARRIS SEMICONDUCTOR
P. O. BOX 883
MELBOURNE, FL 32901-0101

| EXAMINER |
|---|
| GLANHON ONYU |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2501 | 2 |

DATE MAILED: 09/25/96

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I**   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:
1. ☑ Notice of References Cited by Examiner, PTO-892.
2. ☑ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449
4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474
6. ☐ _____

**Part II**   SUMMARY OF ACTION

1. ☑ Claims _1 - 25_ _____ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _1 - 25_ _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____ has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7 - 82)                                EXAMINER'S ACTION

**FCS1688820**

Serial No. 831,384
Art Unit 253                                    -2-

The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 102 that form the basis for the
rejections under this section made in this Office
action:

A person shall be entitled to a patent unless—

(a) the invention was known or used by others in
this country, or patented or described in a printed
publication in this or a foreign country, before
the invention thereof by the applicant for patent.

(b) the invention was patented or described in a
printed publication in this or a foreign country or
in public use or on sale in this country, more than
one year prior to the date of application for
patent in the United States.

(e) the invention was described in a patent granted
on an application for patent by another filed in
the United States before the invention thereof by
the applicant for patent, or on an international
application by another who has fulfilled the
requirements of paragraphs (1), (2), and (4) of
section 371(c) of this title before the invention
thereof by the applicant for patent.

(g) before the applicant's invention thereof the
invention was made in this country by another who
had not abandoned, suppressed, or concealed it. In
determining priority of invention there shall be
considered not only the respective dates of concep-
tion and reduction to practice of the invention,
but also the reasonable diligence of one who was
first to conceive and last to reduce to practice,
from a time prior to conception by the other.

The following is a quotation of 35 U.S.C. 103 which
forms the basis for all obviousness rejections set forth
in this Office action:

A patent may not be obtained though the invention
is not identically disclosed or described as set
forth in section 102 of this title, if the dif-
ferences between the subject matter sought to be
patented and the prior art are such that the sub-
ject matter as a whole would have been obvious at
the time the invention was made to a person having
ordinary skill in the art to which said subject
matter pertains. Patentability shall not be nega-
tived by the manner in which the invention was
made.

Subject matter developed by another person, which
qualifies as prior art only under subsection (f)
and (g) of section 102 of this title, shall not
preclude patentability under this section where the
subject matter and the claimed invention were, at

**FCS1688821**

Serial No. 831,384
Art Unit 253                                                    -3-

the time the invention was made, owned by the same
person or subject to an obligation of assignment to
the same person.

The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 112 that form the basis for the
rejections under this section made in this Office
action:

1.  The specification shall contain a written
description of the invention, and of the manner and pro-
cess of making and using it, in such full, clear, con-
cise, and exact terms as to enable any person skilled in
the art to which it pertains, or with which it is most
nearly connected, to make and use the same and shall set
forth the best mode contemplated by the inventor of
carrying out his invention.

2.  The specification shall conclude with one of
more claims particularly pointing out and distinctly
claiming the subject matter which the applicant regards
as his invention.

Claims 1-25 are rejected under 35 U.S.C. 112, first
and second paragraphs, as the claimed invention is not
described in such full, clear, concise and exact terms
as to enable any person skilled in the art to make and
use the same, and/or for failing to particularly point
out and distinctly claim the subject matter which appli-
cant regards as the invention.  Applicant's use of the
term "gate" is apparently not known to the semiconductor
art.  In the art a "gate" is a metal electrode or highly
doped region which is biased to produce a depletion
region of the semiconductor which is called the
"channel.."  It is unknown in the semiconductor art for
an operation where the "gate becomes depleted.".  A com-
mon gate material is aluminum.  How, exactly, does
applicant intend for aluminum to "become depleted"?
What utility is had for such a "depleted gate"?  The
specification is unclear.  Further, "of the top gate to

**FCS1688822**

Serial No. 831,384
Art Unit 253

-4-

device region junction" in claim 2 is a non-sequitur. Since no boundaries are clearly defined, the "peripheral edge" is unclear. The "body contact" of claim 16 has unclear support in the specification. In claim 22, it is not clear if "a semiconductor region" is the same thing as the "a second body" or not. If not, what distinguishes one from the other? Not clear.

Note that a "product by process" claim is directed to the product per se, no matter how actually made, In re Hirao, 190 USPQ 15 at 17 (footnote 3). See also In re Brown, 173 USPQ 685; In re Luck, 177 USPQ 523; In re Fessmann, 180 USPQ 324; In re Avery, 186 USPQ 161; In re Wertheim, 191 USPQ 90 (209 USPQ 554 does not deal with this issue); and In re Marosi et al, 218 USPQ 289, all of which make it clear that it is the patentability of the final product per se which must be determined in a "product by process" claim, and not the patentability of the process, and that, as here, an old or obvious product produced by a new method is not patentable as a product, whether claimed in "product by Process" claims or not. Note that applicant has the burden of proof in such cases, as the above caselaw makes clear.

Further, "a drift region" by itself is unclear; all semiconductor regions and materials have thermally generated carries "drift" through them. With "adjacent", it is not clear if "contact" is meant or not.

Claims 1-6, as they can be understood, are rejected under 35 U.S.C. 102(a), (b), (e) and/or (g) as anticipated by or, in the alternative, under 35 U.S.C. 103 as obvious over the Vaes et al. patent. While the claims are not entirely clear, the RESURF structure they appear to be attempting to claim appear to be met by the Vaes et al. patent. Any interpretation of the claims is felt at least obvious over the Vaes et al. patent.

FCS1688823

Serial No. 831,384                        -5-
Art Unit 253

Claims 7, 8, and 11-25, as they can be understood,
are rejected under 35 U.S.C. 102 (a), (b), (e) and/or
(g) as anticipated by or, in the alternative, under 35
U.S.C. 103 as obvious over Colak.  Here Colak shows an
upper field-shaping region 30b and a lower field-shaping
region 30a.  As the claims can be understood, they are
met by Colak.  Any interpretation of the claims is felt
at least obvious over Colak.

Claims 9 and 10, as they can be understood, are
rejected under 35 U.S.C. 103 as being unpatentable over
Colak as applied to claim 7 above, and further in view
of the Vaes et al. patent.  The Vaes et al. patent
teaches that the same field-shaping considerations
needed for a lateral bipolar transistor are the same as
that for a lateral MOS design.  It would be obvious from
use Colak's field-shaping means in a lateral bipolar
transistor.

Coe shows the equivalency, of the simple drift
extension 6 in Figure 1 and having a coextensive drift
region, as at Figure 2.

Tihanyi shows another example of the process of
ion-implantation used to form various regions in a high
voltage field effect transistor.

Sakuma et al. show another example of a high
voltage transistor where the drift region is annular to
the drain and is surrounded by the source region.

Wagenaar et al. and Singer both show other examples
of field-shaping means and are similar to Colak and Vaes
et al.

FCS1688824

Serial No. 831,384
Art Unit 253                                      -6-


The Vaes et al. article is similar to that of the
patent.

All the above references are considered pertinent
to the disclosed subject matter.


J. Clawson/wb

(703)-557-4822

9/19/86

*Joseph E. Clawson*
JOSEPH E. CLAWSON II
EXAMINER
GROUP ART UNIT 253

FCS1688825

PTO - 948
(Rev. 8 -82)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

ATTACHMENT TO
PAPER NUMBER  **2**

S.N.  **831384**

GROUP

## NOTICE OF PATENT DRAWINGS OBJECTION

Drawing Corrections and/or new drawings may only be
submitted in the manner set forth in the attached letter,
"Information on How to Effect Drawing Changes" PTO-1474.

A. ☑ The drawings, filed on **2-7-86**, are objected to as informal for reason(s)
checked below:

1. ☐ Lines Pale.

2. ☐ Paper Poor.

3. ☐ Numerals Poor.

4. ☑ Lines Rough ~~and Blurred~~

5. ☐ Shade Lines Required.

6. ☐ Figures Must be Numbered.

7. ☐ Heading Space Required.

8. ☐ Figures Must Not be Connected.

9. ☐ Criss-Cross Hatching Objectionable.

10. ☐ Double-Line Hatching Objectionable.

11. ☐ Parts in Section Must Be Hatched.

12. ☐ Solid Black Objectionable.

13. ☐ Figure Legends Placed Incorrectly.

14. ☐ Mounted Photographs.

15. ☐ Extraneous Matter Objectionable.
[37 CFR 1.84 (1)]

16. ☑ Paper Undersized; either 8½" x 14",
or 21.0 cm. x 29.7 cm. required.

17. ☐ Proper A4 Margins Required:
☐ TOP 2.5 cm.   ☐ RIGHT 1.5 cm.
☐ LEFT 2.5 cm.   ☐ BOTTOM 1.0 cm.

18. ☐ Other:

B. ☑ The drawings, submitted on **2-7-86**, are so informal they cannot be
corrected. New drawings are required. Submission of the new drawings MUST be
made in accordance with the attached letter.

FCS1688826

TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. | GROUP ART UNIT | ATTACHMENT TO PAPER NUMBER |
|---|---|---|---|---|
| | **NOTICE OF REFERENCES CITED** | 831,384 | 953 | 2 |
| | APPLICANT(S) | | *BEASON* | |

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| A | 4270137 | 5-81 | COE | 357 | 23.4 | |
| B | 4300151 | 11-81 | COCAK | 357 | 13 | |
| C | 4344080 | 8-82 | TIHANYI | 357 | 23.8 | |
| D | 4394674 | 7-83 | SAKUMA ETR | 357 | 23.F | |
| E | 4409606 | 10-83 | WAGENAAR ETR | 357 | 23.8 | |
| F | 4422089 | 12-83 | VAES ETR | 357 | 23.F | |
| G | 4485392 | 11-84 | SINTEK | 357 | 23.F | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | |
| M | | | | | | | | |
| N | | | | | | | | |
| O | | | | | | | | |
| P | | | | | | | | |
| Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | B. VAES ETR, "HIGH-VOLTAGE, HIGH CURRENT LATERAL DEVICES" 1980 IEDM CONF PROC, DEC. 8-10, 1980, pp. 87-90. |
| S | |
| T | |
| U | |

| EXAMINER | DATE | |
|---|---|---|
| JOSEPH CLAWSON | 9-18-86 | |

*A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

**FCS1688827**



**⊞ HARRIS**

*λΡ 253*

*# 3*
*ρ2*
*4-7-87*

Case SE-395

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED

APR 06 1987

GROUP 250

In re Patent Application:
Applicant:                   James D. Beason
Serial No.:                  831,384
Filed:                       January 7, 1986
For:                         HIGH VOLTAGE LATERAL MOS STRUCTURE
Group Art Unit:              253
Examiner:                    Joseph E. Clawson, Jr.

Honorable Commissioner of
Patents and Trademarks
Washington, D.C.  20231

<u>PETITION FOR EXTENTION OF TIME</u>

Pursuant to 37 C.F.R. 1.136, Applicant petitions for extension of time
for filing the amendment attached herewith for the above-identified
application.  The amendment was due within the shortened statutory
time perion ending on December 25, 1986.  Please charge the fee of
$390.00 for the three month extension of time to the deposit account
of Harris Corporation, Deposit Account No. 08-0870.

The Commissioner is hereby authorized to charge any additional
required fees pr credot any overpayment to the above account. An
additional copy of this sheet is attached.

                              Respectfully Submitted,

                              *Thomas N. Twomey*
                              Thomas N. Twomey
                              Reg. No. 28,916
                              (305) 729-4508
    S 20583  04/03/87  831384         08-0870  020  117      390.00CH

HARRIS CORPORATION    SEMICONDUCTOR SECTOR    P.O. BOX 883    MELBOURNE, FLORIDA 32901

**FCS1688828**

HARRIS

MAIL
MAR 28 1987

Case SE-395

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED

In re Patent Application:

APR 06 1987

Applicant:                James D. Beasom

Serial No.:               831,384                          GROUP 250

Filed:                    January 7, 1986

For:                      HIGH VOLTAGE LATERAL MOS STRUCTURE

Group Art Unit:           253

Examiner:                 Joseph E. Clawson, Jr.

Honorable Commissioner of
Patents and Trademarks
Washington, D.C. 20231

Sir:              LETTER OF TRANSMITTAL

For:     ✓  an Amendment for filing and,

         ✓  a Petition for Extension of Time.

         ___  A check in the amount of $_____ is enclosed.

         X    The Commissioner is hereby authorized to charge the above-noted
              and any additional fees which may be required, or credit any
              overpayment to Account No. 08-0870. A duplicate copy of this
              sheet is enclosed.

Date of Signature

Signature

Registered Representative

Name of appli... nt, assignee, or

THOMAS N. Twomey

3/8/87

I hereby certify that this correspondence is being deposited
with the United States Postal Service as first class
envelope addressed to: Commissioner of Patents and Trade-
marks, Washington, D.C. 20231, on __3/8/87__.

(Date of Deposit)

*Thomas N. Twomey*
THOMAS N. TWOMEY
Sector Patent Counsel
Reg. No.: 28,916
Phone:   (305) 729-4508

HARRIS CORPORATION   SEMICONDUCTOR SECTOR   P.O. BOX 883   MELBOURNE, FLORIDA 32901

FCS1688829



Attorney Docket SE-396

4/a
SL
4-7-87

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application:
Applicant:                  James D. Beasom          RECEIVED
                                                     APR 06 1987
Serial No.:                 831,384                  GROUP 250
Filed:                      1/7/86
For:                        High Voltage Lateral MOS Structure

Group Art Unit:             253
Examiner:                   Joseph E. Clawson, Jr.


                            AMENDMENT


Honorable Commissioner of
Patents and Trademarks
Washington, D.C.  20231


    Sir:


The following amendments and remarks are respectfully submitted in response
to the Office Action mailed Sept. 25, 1986 in connection with the
above-identified application.


                              - 1 -


FCS1688830

Attorney Docket SE-395

IN THE SPECIFICATION:
Please amend the Specification as follows:


Page 11, line 4, following "ion implanted" please insert -- into the drift region --.


Page 11, line 10, following "top gate 21 are diffused" please insert -- into the body 11--.


IN THE CLAIMS:


Please cancel Claims 1, 2, 11, 13, 14, and 21 without prejudice or disclaimer of the subject matter thereof.


Please amend the Claims as follows:


Please rewrite claims 3 and 12 as follows:

3. (amended) In a [A] *dielectrically isolated* semiconductor device [as claimed in claim 2] of the type including a lateral drift region of a first conductivity type, said drift region serving as a JFET channel, the improvement comprising:

- 2 -

**FCS1688831**

Attorney Docket SE-395

providing a top gate of a semiconductor material having a second
conductivity type over said drift region to cause depletion of said
drift region from both top ~~and bottom~~ upon application of a reverse
bias voltage to said device,
wherein said top gate laterally abutts a device region to form a
junction and said top gate becomes depleted at a reverse bias voltage
below the reverse breakdown voltage of the top gate to device region
junction, and
wherein said top gate becomes depleted at a reverse bias voltage less
than [then] the reverse bias voltage at which said drift region becomes
depleted.

12. (amended) A lateral MOS structure [as claimed in claim 11 wherein:]
comprising a semiconductor body of a first conductivity type, source and
drain regions of a second conductivity type forming respective source and
drain junctions with said body; and a drift region of said second
conductivity type, said drift region forming a JFET channel in said body
controlled by said semiconductor body which body operates as a JFET gate
such that upon application of a reverse bias to said body to drain junction
said drift region becomes depleted, and

- 3 -

FCS1688832

Attorney Docket SE-395

a top gate of said first conductivity type formed in said drift region, said

top gate [becomes] becoming depleted below a body to drain voltage at which

[the] said drift region becomes depleted.

Please amend claims 19 and 21 as follows:

Claim 19, first line, delete "11" and in its place insert --12--.

Claim 21, first line, delete "11" and in its place insert --12--.

Please rewrite claim 22 as follows:

22. (amended) [In] A diode structure comprising:

a first semiconductor body of a first conductivity type contained within

[in] a semiconductor region of a second conductivity type and forming a

diode junction therewith, said semiconductor region having a first

dopant concentration, [and]

a second body of said [second] first conductivity type contained within

said semiconductor region and having a second dopant concentration greater

- 4 -

**FCS1688833**

Attorney Docket SE-395

than said first dopant concentration, said second body [completely]surrounding the lateral perimeter of said first body and abutting said first body [adjacent thereto];

said second body forming a JFET channel controlled by said semiconductor region which region operates as a JFET gate such that upon application of a reverse bias to said region to first body junction said second body becomes depleted, [the improvement comprising:] and

a top gate of said second conductivity type formed [over] within said second body, said top gate having a dopant concentration such that upon application of said reverse bias, said top gate becomes depleted before said second body becomes depleted.

REMARKS

Claims 1-25 were rejected under 35 U.S.C. sec. 112, first and second paragraphs, based on the following points.

- 5 -

FCS1688834

Attorney Docket SE-395

1) The Examiner states that it is unknown in the semiconductor art for an operation where the "gate becomes depleted." Additionally, the Examiner stated, applicant's use of the term "gate" is apparently unknown in the semiconductor art.

It is acknowledged that applicant's use of the term "gate" goes beyond its most common usage, as pointed out by the Examiner. However, applicant submits that the structure described in the application operates to cause depletion of a channel-type region (the drift region), just as does a conventional gate, and as such, reference to this structure as a gate might actually cause less confusion than would be caused by selection of a previously unknown term. It is noted that applicant has uniformly called the new structure a "top gate" which is believed to provide enough information, particularly in view of the descriptions in the specification of applicant's structure, to permit one of ordinary skill in the art to understand that which applicant is describing. Still further, applicant has amended the claims to specify that the top gate is of a semiconductor material since, as pointed out by the Examiner, depletion of a metal gate is not intended.

The Examiner has inquired as to the utility of a depleted top gate. (While it appears that this question may have been directed to the aluminum gate mentioned by the Examiner, and applicant, as stated below

- 6 -

FCS1688835

Attorney Docket SE-395

does not intend to claim metal top gates, the following explanation is provided.) The depletion of a top gate is significant in that its depletion assures that a large top gate to drain voltage is not developed by punch-through action from the body. This is mentioned in the specification at the top of page 10. The reason this is desired during extreme reverse bias conditions is that the invention is directed to a structure which can withstand extreme reverse bias yet have a low ON-resistance. By depleting the top gate during extreme reverse bias conditions the breakdown voltage of the drain junction is maximized.

Applicant has also amended the specification at page 11 to expressly indicate that the top gate is formed of the semiconductor material of the starting materials, a fact which can be ascertained by reading the specification but which was not previously expressly stated. This amendment does not add new matter since the process description clearly indicates that the top gate is formed in the substrate by impurity introduction, a step which obviously could only be accomplished if the top gate is being formed in the substrate.

2) The Examiner has identified a non-sequitur in claim 2. Notwithstanding that claim 2 has been cancelled, this defect has been corrected by providing an antecedent basis for the recited junction and

- 7 -

**FCS1688836**

Attorney Docket SE-395

peripheral edge in the claim language which now appears in the rewritten claim 3.

3) The Examiner has indicated that the "body contact" called for in claim 16 does not have clear support in the specification. The Examiner's attention is directed to the Specification at page 12, near the bottom of the page where Applicant has described what is meant by a body contact. It is respectfully submitted that the body contact called for in claim 16 is similar in type to the body contact 11c described commencing at the bottom of page 12 of the specification. This description expressly states that the body contact and top gate overlap and that the dopant concentration in the body contact is higher than that in the the drift region (the concentration in the body contact overcomes the dopant in region 17) and clearly communicates to one of ordinary skill in the semiconductor art that the conductivity type of the body contact is of the "first conductivity type" called for in the claim. It would be well understood that a "body contact" is of the same conductivity type as the body. Applicant submits that the disclosure is sufficient to enable one of ordinary skill in the art to understand the body contact as called for in the claims.

4) The Examiner has questioned the clarity of claim 22 regarding the description of the "semiconductor region" and the "second body" and

- 8 -

FCS1688837

Attorney Docket SE-395

their relationship. This claim has been amended to clarify that the recited claim elements are generally like those shown in figure 9, where the first body is like the drain 12, the semiconductor region is like the substrate 11, the second body is like the region 17 and the top gate is like the top gate 21. The claim as rewritten defines the structure in a manner which can be more readily understood.

5) The Examiner has indicated that "drift region" and "adjacent" are unclear. The claims have been amended to more completely define the characteristics which result in a drift region. With respect to the term adjacent, the Examiner is correct that adjacent may mean either that there is or is not necessarily contact. The first definition of "adjacent" in Webster's Ninth New Collegiate Dictionary, Merriam-Webster Inc., Springfield, Massachusetts, 1984 reads: "not distant : NEARBY... [the definition goes on to explain]...ADJACENT may or may not imply contact but always implies absence of anything of the same kind in between...." It is applicant's intention that the claim shall cover structures where there is contact as well as those where the two regions are near one another, where such a structure is otherwise capable of meeting the claim limitations. It is submitted that, for instance, top gate operation may be achieved even if a thin dielectric is interposed between the drift region and the top gate of the structure of claim 7. While this option was not contemplated at

- 9 -

FCS1688838

Attorney Docket SE-395

the time of filing, it does not appear necessary to expressly disclaim this obvious variation of the disclosed embodiments of the invention.

Claims 1-6 were rejected under 35 U.S.C. sec. 102(a), (b), (e) and/or (g) or in the alternative under 35 U.S.C. sec. 103 over the Vaes patent. The Examiner stated that "the RESURF structure [the claims] appear to be attempting to claim appear to be met by the Vaes et al. patent."

It is submitted that the claims, as amended, patentably distinguish over Vaes et al. All claims presented in the application specify that the top gate becomes depleted before the underlying drift region. Vaes does not disclose or suggest this relationship. It is desirable to insure that the top gate depletes prior to the depletion of the adjoining drift region in order that depletion of the top gate may be reliably achieved. If the drift region were to become depleted prior to the depletion of the top gate, there would be no remaining charge in the drift region for field line termination except through the ends of the top gate, such as into the abutting device region.

Another distinction between my device and that of Vaes arises from the fact that he uses the substrate to device region PN junction beneath the device (the bottom part of the isolation junction as a necessary part of his invention. In all cases, the substrate (P) to adjacent overlying

- 1C -

FCS1688839

Attorney Docket SE-395

device island region (N) PN junction acts to deplete a part of that N
island region (which must be totally depleted for proper operation of his
devices).

The present invention works without limitation on the isolation. It may
be used with no isolation as for a discrete device or a self-isolated MOS
process. It can also be used with isolation methods which do not use PN
junctions for isolation such as dielectric isolation.

One significant limitation which arises from using the isolation junction
as an active part of the breakdown voltage improvement structure is punch
through from the substrate (P) to device region (P) in the isolated island
(N) when there is a large device region to substrate voltage. Vaes
recognises the problem in col. 2 l. 6-13 and col. 2 l. 30-31 where he states
that one of his objectives is to reduce the problem. In the devices of
the present invention, the problem is completely eliminated resulting in a
significant improvement in flexability of circuit application of devices
made in accordance with it compared to those made according to Vaes. The
present invention provides a reliable solution to the problem of punch
through at high voltages which solution is not mentioned in the known
prior art. Reconsideration of the rejection(s) over Vaes et al is
respectfully requested.

- 11 -

FCS1688840

Attorney Docket SE-395

Claims 7,8, and 11- 25 were rejected under 35 U.S.C. sec. 102(a), (b), (e) and/or (g) or in the alternative under 35 U.S.C. sec. 103 over Colak. The Examiner stated that Colak shows an upper field shaping region 30b and lower field shaping region 30a.

Applicant respectfully submits that the claims are neither anticipated nor rendered obvious by Colak. Nothing in Colak shows first and second device regions of a second conductivity type in a body of a first conductivity type. In Colak, layer 12 appears to be an epitaxial layer in which the device regions are formed. This epitaxial region, as shown in figure 4 is of the same conductivity type as the device regions 14 and 20. Further, the claims call for the drift region to be formed in the body while Colak forms the epitaxial layer on the body. If Colak is deemed to show that the epi layer is the body, then the device regions are not formed in a body of the opposite conductivity type while if the epi layer is not deemed to be the body, then the device regions are not formed in the body. Thus, Colak does not anticipate the claims. Further, the differences in structure between Colak and the claimed structure render it difficult to understand how an obviousness assertion can be made in view of the amended claims. It is not seen how Colak discloses or suggests that any top gate becomes depleted at a lower reverse bias voltage than the drift region, a feature now called for in each of the claims presently presented in the application.

- 12 -

FCS1688841

Attorney Docket SE-395

Claims 9 and 10 were rejected under 35 U.S.C. sec. 103 over Colak in view of Vaes. For the reasons explained hereinabove, it is submitted that these references do not suggest that the top gate will become depleted at a lower reverse bias voltage than is required to totally deplete the drift region.

The independent claims presented for reconsideration 3, 7, 12, and 22 each call for depletion of the top gate at a reverse bias voltage below the reverse bias voltage required to totally deplete the drift region. Applicant has pointed out that the references do not disclose this feature of the invention and does not find any suggestion of this feature of the invention in the references.

The remaining claims are dependent on the independent claims addressed hereinabove and are believed to be allowable therewith. Reconsideration and allowance of the present application are respectfully requested in view of the amended claims, and the explanations provided herein regarding the differences between the prior art and the invention.

- 13 -

FCS1688842

Attorney Docket SE-395

Please charge any additional fees or credit any overpayments to the deposit account of Harris Corporation, Account Number 08-0870. An additional copy of this sheet is attached.

Respectfully submitted,

*Thomas N. Twomey*

Thomas N. Twomey
Reg. No. 28,916
(305) 729-4508

- 14 -

FCS1688843



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 067831,384 | 01/07/86 | BEASOM | SE-39S |

┌
THOMAS N. TWOMEY
SECTOR PATENT COUNSEL
HARRIS SEMICONDUCTOR
P. O. BOX 883
MELBOURNE, FL 32901-0101

| EXAMINER |
|---|
| CLARKSON JR, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 253 | 5 |

DATE MAILED:
07/10/87

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined    ☒ Responsive to communication filed on _3-23-87_    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _3_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice of Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _3-10, 12, 15-20, 22-25_ are pending in the application.

Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims _1, 2, 11, 13/14, 21_ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _3-10, 12, 15-20, 22-25_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____ has been ☐ approved; ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7-82)    EXAMINER'S ACTION

**FCS1688844**

Serial No. 831,384                              -2-

Art Unit   253


   The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 102 that form the basis for the
rejections under this section made in this Office
action:

   A person shall be entitled to a patent unless—

   (a) the invention was known or used by others in
this country, or patented or described in a printed
publication in this or a foreign country, before
the invention thereof by the applicant for patent.

   (b) the invention was patented or described in a
printed publication in this or a foreign country or
in public use or on sale in this country, more than
one year prior to the date of application for
patent in the United States.

   (e) the invention was described in a patent granted
on an application for patent by another filed in
the United States before the invention thereof by
the applicant for patent, or on an international
application by another who has fulfilled the
requirements of paragraphs (1), (2), and (4) of
section 371(c) of this title before the invention
thereof by the applicant for patent.

   (g) before the applicant's invention thereof the
invention was made in this country by another who
had not abandoned, suppressed, or concealed it. In
determining priority of invention there shall be
considered not only the respective dates of concep-
tion and reduction to practice of the invention,
but also the reasonable diligence of one who was
first to conceive and last to reduce to practice,
from a time prior to conception by the other.

   The following is a quotation of 35 U.S.C. 103 which
forms the basis for all obviousness rejections set forth
in this Office action:

   A patent may not be obtained though the invention
is not identically disclosed or described as set
forth in section 102 of this title, if the dif-
ferences between the subject matter sought to be
patented and the prior art are such that the sub-
ject matter as a whole would have been obvious at
the time the invention was made to a person having
ordinary skill in the art to which said subject
matter pertains. Patentability shall not be nega-
tived by the manner in which the invention was
made.

   Subject matter developed by another person, which
qualifies as prior art only under subsection (f)
and (g) of section 102 of this title, shall not
preclude patentability under this section where the

FCS1688845

Serial No. 831,384                              -3-

Art Unit   253

subject matter and the claimed invention were, at
the time the invention was made, owned by the same
person or subject to an obligation of assignment to
the same person.

The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 112 that form the basis for the
rejections under this section made in this Office
action:

2.  The specification shall conclude with one or
more claims particularly pointing out and distinctly
claiming the subject matter which the applicant regards
as his invention.

Claims 3-6, as now amended, are rejected under 35
U.S.C. 112, second paragraph, as being indefinite for
failing to particularly point out and distinctly claim
the subject matter which applicant regards as the inven-
tion. The claims have now been amended to read that the
"top gate" causes depletion of the drift region not only
on the top but "both top and bottom ". There are no
recited structures or means which would clearly produce
this desired effect. The claims are thus unclear at
this point. Applicant's clarification of the other
terms and their meaning, and the amendments to the
claims therein, have been helpful and greatly appre-
ciated by the Examiner.

Claims 3-6, 12 and 15-20 as now amended, and claims
7-10 are rejected under 35 U.S.C. 103 as being unpaten-
table over Colak and Singer of record considered
together. Colak shows a lateral transistor with a drift
region and also shows a reduced surface field region 30b
of opposite conductivity contacting the main region 20
and additionally drawing a buried field control region
30a. It is well known that a lightly doped semiconduc-

FCS1688846

Serial No. 831,384                                    -4-
Art Unit   253

tor region can be "depleted" of its free carriers more
easily than a more highly doped semiconductor region.
While Colak does not expressly provide absolute or
relative doping values for all of his regions, Singer
shows that such surface field reducing regions such as
his region 20 may be more lightly doped than the drift
region in which they reside (4x10$^{14}$ vs. 5x10$^{14}$). It
would be obvious to one of ordinary skill in the art to
use Singer's doping levels in Colak's device since they
are both concerned with the same RESURF problems.

Claims 22-25, as now amended, are rejected under 35
U.S.C. 103 as being unpatentable over Colak and Singer
as applied to claim 3 above, and further in view of the
Vaes et al literature article, of record. Vaes et al
show, e.g. at Figures 7 and 9 that both upper and lower
RESURF regions ("gate") are adjacent the drift region
and more lightly doped than the drift region. Also, a
circularly symmetric device would be obvious to one of
ordinary skill in the art. It would be obvious to use
such teachings of the Vaes et al article in Colak and
Singer, all of record.

Since claims 7-10 have been given a new ground of
rejection based upon Applicant's explanation of his
invention, a further discussion of applicant's Remarks
will be held in abeyance until he has had an opportunity
to respond to this action.

FCS1688847

Serial No. 831,384                    -5-

Art Unit   253


      Any inquiry concerning this communication should be
directed to J. Clawson at telephone number 703-557-4822.


J. Clawson/gd

6-23-87

JOSEPH E. CLAWSON Jr.
EXAMINER
GROUP ART UNIT 253

FCS1688848

4₽ 253

**HARRIS**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

# 6
pdr
12-16-87

In re Patent Application:

| Applicant: | JAMES D. BEASOM |
| Serial No.: | 831,384 |
| Filed: | 1/07/86 |
| For: | HIGH VOLTAGE LATERAL MOS STRUCTURE |
| Group Art Unit: | 253 |
| Examiner: | J. E. Clawson, Jr. |

RECEIVED
Dec 14 9 05 AM '87
U.S. PATENT AND
TRADEMARK OFFICE

HONORABLE COMMISSIONER OF
PATENTS AND TRADEMARKS
WASHINGTON, D.C. 20231

PETITION FOR EXTENSION OF TIME

Pursuant to 37 CFR §1.136, applicant petitions for extension of time for filing the amendment attached herewith for the above-identified application. The amendment was due within the shortened statutory time period ending on October 30, 1987. Please charge the fee of $170.00 for the 2 month extension to the deposit account of Harris Corporation 08-0870.

The Commissioner is hereby authorized to charge any additional required fees or credit any overpayment to the above account. An additional copy of this sheet is attached.

Respectfully submitted,

William A. Troner
Reg. No. 32,316

Phone (305) 729-4508

016/D

S 20608  12/10/87  831384        08-0870 .020  114    170-00CH

HARRIS CORPORATION   SEMICONDUCTOR SECTOR   P.O. BOX 883   MELBOURNE, FLORIDA 32901

FCS1688849



**HARRIS**

Attorney Docket SE-395

COMMISSIONER OF PATENTS AND TRADEMARKS

In re Patent Application:
Applicant:                    JAMES D. BEASOM
Serial No.:                   831,384
Filed:                        1/07/86
For:                          HIGH VOLTAGE LATERAL MOS STRUCTURE
Group Art Unit:               253
Examiner:                     J. E. Clawson, Jr.

CERTIFICATE OF MAILING 37 C.F.R. 1.8(a)

I hereby certify that the attached Petition for Extension of Time is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

COMMISSIONER OF PATENTS AND TRADEMARKS

WASHINGTON, DC 20231

on the date indicated below.

DATE: December 1, 1987        BY:

                              _Diana Desjardins_
                              Diana Desjardins
                              Secretary to
                              William A. Troner
                              Reg. No. 32,316
                              (305) 729-4511

HARRIS CORPORATION   SEMICONDUCTOR SECTOR   P.O. BOX 883   MELBOURNE, FLORIDA 32901

FCS1688850



**HARRIS**

#7

Attorney Docket SE-395

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application:
Applicant:                JAMES D. BEASOM
Serial No.:               831,384
Filed:                    1/07/86
For:                      HIGH VOLTAGE LATERAL MOS STRUCTURE
Group Art Unit:           253
Examiner:                 J. E. Clawson, Jr.

<u>AMENDMENT TRANSMITTAL LETTER</u>

RECEIVED
DEC 14 9 07 AM '87
U.S. PATENT AND
TRADEMARK OFFICE

Honorable Commissioner of
 Patents and Trademarks
Washington, D.C.  20231

Sir:

Transmitted herewith is an Amendment to an Office Action for filing and the

filing fee is calculated below:

HARRIS CORPORATION   SEMICONDUCTOR SECTOR   P.O. BOX 883   MELBOURNE, FLORIDA 32901

FCS1688851

Ser. No. 22,316

| | No. After Amendment | | Highest No. Prev. Filed | No. Extra | Rate | Fee |
|---|---|---|---|---|---|---|
| Total claims | 19 | - * | 20 = | 0 | X $12 | $ 0 |
| Independent claims | 04 | - ** | 04 = | 0 | X $34 | $ 0. |
| | | | | | TOTAL: | $ 0 |

\* If less than 20, enter 20
\*\* If less than 3, enter 3

_____ A check in the amount of $_____ is enclosed.

_X_  The Commissioner is hereby authorized to charge the above-noted and any additional fees which may be required, or credit any overpayment to Account No. _08-0870_. A duplicate copy of this sheet is enclosed.

WILLIAM A. TKORER

Reg. No.: 32,316
Phone:    (305) 729-4511

WAT/DO

HARRIS CORPORATION    SEMICONDUCTOR SECTOR    P.O. BOX 883    MELBOURNE, FLORIDA 32901

Patent Attorney

Attorney Docket SE-395



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application:
Applicant:                      JAMES D. BEASON
Serial No.:                     831,384
Filed:                          1/07/86
For:                            HIGH VOLTAGE LATERAL MOS STRUCTURE
Group Art Unit:                 253
Examiner:                       J. E. Clawson, Jr.

<u>AMENDMENT</u>

Honorable Commissioner of
   Patents and Trademarks
Washington, D.C. 20231

Sir:

The following amendments and remarks are respectfully submitted in response to the Office Action mailed 7/10/87 in connection with the above-identified application.

- 1 -

**FCS1688853**

Attorney Docket SE-395

IN THE CLAIMS:

Please amend the following claims as follows:

Claim 3, line 1, after "A" insert --dielectrically isolated--;

Line 6, after "both" insert --the--;

after "top" delete "and bottom".

Claim 7 (Once Amended)

A semiconductor device comprising:

a semiconductor body of a first conductivity type;

a first device region of a second conductivity type formed in said body;

a second device region of said second conductivity type formed in said body and separated from said first device region;

a drift region of said second conductivity type formed in said body between said first and second device regions, separated from said second device region by a separation zone and in contact with said first device region, said drift region having a first side adjacent said body;

- 2 -

FCS1688854

Attorney Docket SE-395

a top gate of said first conductivity type adjacent a substantial portion of a second side of said drift region;

wherein said top gate and semiconductor body operate as a top and bottom gate respectively of a JFET channel formed by said drift region;

said top gate becoming depleted at a body to first device region voltage below the voltage at which the body to drift region depletion layer in said first side of said drift region reaches the top gate to drift region depletion layer in said second side of said drift region.

Claim 12, line 3, change "conducitvity" to --conductivity--.

Claim 15, line 1, change "11" to --12--.

Claim 16, line 1, change "11" to --12--.

Claim 17, line 1, change "11" to --12--.

Claim 18, line 1, change "11" to --12--.

- 3 -

FCS1688855

Attorney Docket SE-395

REMARKS:

Claims 3-6 were rejected under 35 USC §112, second paragraph. Independent Claim 3 has been amended to obviate the rejection. Specifically, claim 3 has been amended to clarify that the top gate causes depletion of the drift region from the top upon application of a reverse bias voltage.

Claims 3-10, 12, 15-20 were rejected under 35 USC §103 as being unpatentable over Colak and Singer. Claims 22-25 were rejected under 35 USC §103 over Colack, Singer and the Vaes et al article. These rejections are respectfully traversed.

The present invention relates to high voltage lateral devices having reduced ON resistance. In a preferred embodiment, this reduced ON resistance is translated into reduction in channel resistance, which is accomplished by the addition of a top gate located between a lateral drift region and the surface of the channel region. Both the top gate and drift region are formed in the semiconductor body.

- 4 -

FCS1688856

Attorney Docket SE-395

The art of record discloses various RESURF mechanisms formed in a device where the layer designed for depletion, e.g. the buried layer, also functions as part of the isolation mechanism for the device itself. As a result, the substrates in these devices must assume the most negative voltage in the devices to provide the isolation junction. This bias reduces the ability to reduce the punch through from the device regions to the substrate because it does not permit the body of the device to work in conjunction with the top gate as a JFET such that the JFET channel, e.g. the drift region, can be effectively biased. The present invention, as now claimed, does not require the substrate or body to be biased as such because the substrate or body does not participate as part of the isolation mechanism. As a result, the present invention can more effectively provide high voltage protection without increasing resistance of the channel path.

In veiw of the interview discussion and the foregoing amendments and remarks, favorable consideration upon all the claims in the application is respectfully requested. In the event that there are any questions concerning this Amendment or the Application in general, a telephone call to the undersigned would be greatly appreciated.

- 5 -

FCS1688857

Attorney Docket SE-395

Please charge any additional fees or credit any overpayments to the deposit
account of Harris Corporation, Account Number 08-0870. An additional copy
of this sheet is attached.

Respectfully submitted,

William A. Troner
Registration No. 32,316
(305) 729-4511

WAT/DD

- 6 -

FCS1688858

Attorney Docket SE-395

Please charge any additional fees or credit any overpayments to the deposit account of Harris Corporation, Account Number 08-0870.  An additional copy of this sheet is attached.

Respectfully submitted,

William A. Troner
Registration No. 32,316
(305) 729-4511

WAT/DO

- 6 -

FCS1688859



**HARRIS**

Attorney Docket SE-395

COMMISSIONER OF PATENTS AND TRADEMARKS

In re Patent Application:
Applicant:              JAMES D. BEASOM
Serial No.:             831,384
Filed:                  1/07/86
For:                    HIGH VOLTAGE LATERAL MOS STRUCTURE
Group Art Unit:         253
Examiner:               J. E. Clawson, Jr.

CERTIFICATE OF MAILING 37 C.F.R. 1.8(a)

I hereby certify that the attached Amendment to an Office Action is
being deposited with the United States Postal Service as first class mail
in an envelope addressed to:

        COMMISSIONER OF PATENTS AND TRADEMARKS

        WASHINGTON, DC 20231

on the date indicated below.

DATE: December 1, 1987    BY:

                                    Diana Desjardins
                                    Secretary to
                                    William A. Troner
                                    Reg. No. 32,316
                                    (305) 729-4511
HARRIS CORPORATION.  SEMICONDUCTOR SECTOR  P.O. BOX 883   MELBOURNE, FLORIDA 32901.

FCS1688860



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/831,384 | 01/07/86 | BEASOM          J | SE-395 |

THOMAS N. TWOMEY
SECTOR PATENT COUNSEL
HARRIS SEMICONDUCTOR
P. O. BOX 883
MELBOURNE, FL 32901-0101

| EXAMINER |
|---|
| CLAWSON JR. J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 253 | 8 |

DATE MAILED: 03/08/88

This is a communication from the examiner in charge of your application.

**COMMISSIONER OF PATENTS AND TRADEMARKS**

☐ This application has been examined    ☒ Responsive to communication filed on _12-3-87_    ☒ This action is made final.

A shortened statutory period for response to this action is set to expire _3_ month(s), _____ days from the date of this letter.
Failure to respond within this period for response will cause the application to become abandoned. - 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449    4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _3-10, 12, 15-20, 22-25_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims _1, 2, 11, 13, 14, 21_ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _3-10, 12, 15-20, 22-25_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

FCS1688861

Serial No. 831,384                          -2-

Art Unit   253

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless—

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

(g) before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it. In determining priority of invention there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Subject matter developed by another person, which qualifies as prior art only under subsection (f) and (g) of section 102 of this title, shall not

FCS1688862

Serial No. 831,384                          -3-

Art Unit   253

 

preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 112 that form the basis for the rejections under this section made in this Office action:

1.  The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

2.  The specification shall conclude with one of more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claims 3-6, as now amended, are rejected under 35 USC 112, paragraph 1, as lacking sufficient supporting disclosure to enable anyone skilled in the art to be able to make and use the same, and appear to be directed toward new matter.  The claims have all now been amended to read "a dielectrically isolated semiconductor device", but there is apparently a lack of supporting disclosure to enable anyone skilled in the art to be able to make and use the same, and such is apparently new matter.

Claims 3-10, 12 and 15-20, as now amended, and as they can be understood in light of the enabling disclosure, are rejected under 35 U.S.C. 103 as being unpatentable over Colak and Singer of record considered together.  Colak shows a lateral transistor with a drift region and also shows a reduced surface field region 30b

FCS1688863

Serial No. 831,38    -4-

Art Unit    253

of opposite conductivity contacting the main region 20
and additionally drawing a buried field control region
30a. It is well known that a lightly doped
semiconductor region can be "depleted" of its free
carriers more easily than a more highly doped semicon-
ductor region. While Colak does not expressly provided
absolute or relative doping values for all of his
regions, Singer shows that such surface field reducing
regions such as his region 20 may be more lightly doped
than the drift region in which they reside ($4x10^{14}$ vs.
$5x10^{14}$). It would be obvious to one of ordinary skill
in the art to use Singer's doping levels in Colak's
device according to his teachings since they are both
concerned with the same RESURF problems.

Claims 22-25 stand rejected under 35 U.S.C. 103 as
being unpatentable over Colak and Singer as applied to
claim 3 above, and further in view of the Vaes et al
literature article, of record. Vaes et al show, e.g. at
Figures 7 and 9 that both upper and lower RESURF regions
("gate") are adjacent the drift region and more lightly
doped than the drift region. Also, a circularly sym-
metric device is a common design and would be obvious to
use to one of ordinary skill in the art. It would be
obvious to use such teachings of the Vaes et al article
in Colak and Singer, all of record, due to the greater
device control.

It is argued, page 4 of the Remarks of Paper No. 7,
that the invention derives from "the addition of a top

FCS1688864

Serial No. 831,384                              -5-

Art Unit   253


gate...". However, top gates such as described are

well-known in the semiconductor art. The further asser-

tion that "Both the top gate and the drift region are

formed in the semiconductor body", but both Singer and

Vaes et al show this inventional construction.

    It is further argued that in the invention "the

substrate or body does not participate as part of the

isolation mechanism...". However, there does not appear

to be any workable "isolation mechanism" disclosed.

    Applicant's arguments filed December 3, 1987, have

been fully considered but they are not deemed to be per-

suasive.

    THIS ACTION IS MADE FINAL. Applicant is reminded of
the extension of time policy as set forth in 37 CFR
1.136(a). The practice of automatically extending the
shortened statutory period an additional month upon the
filing of a timely first response to a final rejection
has been discontinued by the Office. See 1021 TMOG 35.

    A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS
FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE
OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED
WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL
ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER
THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD,
THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE
DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION
FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM
THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT
WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN
SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

    This action is a final rejection and is intended to

close the prosecution of this application. Applicant's

response to this action is limited either to an appeal

to the Board of Appeals or to an amendment complying

with the requirements set forth below.

FCS1688865

Serial No. 831,384                    -6-

Art Unit   253


    If applicant should desire to appeal any rejection
made by the examiner, a Notice of Appeal must be filed
within the period for response identifying the rejected
claim or claims appealed. The Notice of Appeal must be
accompanied by the required appeal fee of appropriate
amount.

    If applicant should desire to file an amendment,
entry of a proposed amendment after final rejection
cannot be made as a matter of right unless it merely
cancels claims or complies with a formal requirement
made earlier. Amendments touching the merits of the
application which otherwise might not be proper may be
admitted upon a showing of good and sufficient reasons
why they are necessary and why they were not presented
earlier.

    The filing of an amendment after final rejection,
whether or not it is entered, does not stop the running
of the statutory period for response to the final rejec-
tion unless the examiner holds the claims to be in con-
dition for allowance. Accordingly, if a Notice of Appeal
has not been filed properly within the period for
response or any extension of the period obtained under
either 37 CFR 1.136(a) or (b), the application will
become abandoned.


                                    _Joseph E. Clawson Jr._
                                    JOSEPH E. CLAWSON JR.
                                    EXAMINER
J. Clawson/gd                       GROUP ART UNIT 253

(703)557-4822

2-29-88


                                                    **FCS1688866**

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 831384 | | | |

| EXAMINER | |
|---|---|
| ART UNIT | PAPER NUMBER |
| | 9 |

DATE MAILED: 10-4-88

### EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, attorney, agent) representing applicant:

(1) W. TRONER _____ (3) _____

(2) J. BEASON _____ (4) _____

Date of interview   8-2-88

Type:   ☒ Telephonic    ☐ Personal (copy is given to applicant).

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.

Agreement   ☒ was reached with respect to some or all of the claims in question.   ☐ was not reached.

Claims discussed   3

Identification of prior art discussed:   SINGER, COLAK

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:

THE EXR SUGGESTED SEVERAL WAYS OF
INCORPORATING WHAT APPLICANT CONSIDERS
TOBE HIS INVENTION IN THE CLAIMS,
SPECIFICALLY THE GUMMEL NUMBER OF HIS
REGION 21 AND ITS CONNECTION TO THE
BARY 11.

JOSEPH E. CLAWSON JR.
GROUP ART UNIT 253

(A fuller necessary description and any available copy of amendments that the examiner agreed would render the claims patentable, or when no copy of the amendments is available, a summary thereof, is attached.)

☒ It is not necessary for applicant to supplement the information on this form or to submit a separate record of the substance of the interview.

APPLICANTS, ATTORNEYS AND AGENTS ARE REMINDED OF THEIR RESPONSIBILITY TO SUPPLEMENT THIS RECORD WITH AN INDICATION OF THE SUBSTANCE OF THE INTERVIEW AS REQUIRED BY 37 CFR 1.133(b) AND SECTION 713.04 OF THE MANUAL OF PATENT EXAMINING PROCEDURE. (See reverse side for text of Section 713.04.)

PTOL-413 (rev. 9/78)

ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

FCS1688867

*MP. 253*



Attorney Docket SE-395

CORRES. AND MAIL

# BOX AF

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

#10
Reg Ext
FJ
9-14-88

RECEIVED
Sep 13 3 25 PM '88
OFFICE. GROUP 250

In re Patent Application:
Applicant:                          JAMES D. BEASOM
Serial No.:                         831,384
Filed:                              1/07/86
For:                                HIGH VOLTAGE LATERAL MOS STRUCTURE
Group Art Unit:                     253
Examiner:                           J. E. Clawson, Jr.

Commissioner of Patents and Trademarks
Washington, D. C.  20231

## PETITION FOR EXTENSION OF TIME

Pursuant to 37 CFR §1.136, applicant petitions for extension of time for filing the amendment attached herewith for the above-identified application. The amendment was due within the shortened statutory time period ending on June 8, 1988. Please charge the fee of $390.00 for the 3 month extension to the deposit account of Harris Corporation 08-0870.

The Commissioner is hereby authorized to charge any additional required fees or credit any overpayment to the above account. An additional copy of this sheet is attached.

Respectfully submitted,

William A. Troner
Registration No. 32,316
(407) 729-4511

034/D

N 10427  09/13/88 831384      08-0870 010 117    390.00CH

HARRIS CORPORATION   SEMICONDUCTOR SECTOR   P.O. BOX 883   MELBOURNE, FLORIDA 32901

**FCS1688868**

Attorney Docket SE-395CIPX

*HP. 253*

250
25x
9-20-88
120
Clauson
253

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application:
Applicant(s):                JAMES D. BEASOM
Serial No.:                  *1-7-80*
Filed:                       *831384*
For:                         A HIGH-VOLTAGE LATERAL
                             SEMICONDUCTOR DEVICE

Group Art Unit:
Examiner:

Commissioner of Patents and Trademarks
Washington, D. C.   20231

PETITION FOR EXTENSION OF TIME

Sir:

   Pursuant to 37 CFR §1.136, applicant petitions for extension of time
for filing the continuation in part attached herewith for the
above-identified application. The continuation in part was due within the
shortened statutory time period ending on June 8, 1988. Please charge the
fee of $390.00 for the 3 month extension to the deposit account of Harris
Corporation 08-0870.

   The Commissioner is hereby authorized to charge any additional
required fees or credit any overpayment to the above account. An
additional copy of this sheet is attached.

N 10242  09/13/88  831384      08-0870 010 117     390.00CH
                               Respectfully submitted,

                               *William A. Troxell*

                               William A. Troxell
                               Registration No. 32,316
                               (407) 729-4511

034/0

HARRIS CORPORATION,  SEMICONDUCTOR SECTOR   P.O. BOX 883   MELBOURNE, FLORIDA 32901

RECEIVED
Sep 16: 10:30 AM '88
OFFICE: GROUP 250

FCS1688869

 **HARRIS**

Attorney Docket SE-395CIPX

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

INVENTOR: JAMES D. BEASOM

INVENTION: A HIGH VOLTAGE LATERAL SEMICONDUCTOR DEVICE

CERTIFICATE OF MAILING BY EXPRESS MAIL

Sir:

This will certify that the enclosed patent application for the above

identified invention is being mailed via EXPRESS MAIL on the date indicated

below to the Commissioner of Patents and Trademarks, Washington, DC 20231,

in an envelope having an Express Mail Label Number: 23069666.

Date Mailed: September 1, 1988

By: _William A. Troner_

William A. Troner

Registration No. 32,316

(407) 729-4511

033/D HARRIS CORPORATION   SEMICONDUCTOR SECTOR   P.O. BOX 883   MELBOURNE, FLORIDA 32901

FCS1688870

**HARRIS**

MAIL ROOM
32 SEP 9 1988
PAT & TRADE MARK OFF

Attorney Docket SE-395

CORRES. AND MAIL
**BOX AF**
COMMISSIONER OF PATENT & TRADEMARKS

In re Patent Application

| | |
|---|---|
| Applicant: | JAMES D. BEASOM |
| Serial No.: | 831,384 |
| Filed: | 1/07/86 |
| For: | HIGH VOLTAGE LATERAL MOS STRUCTURE |
| Group Art Unit: | 253 |
| Examiner: | J. E. Clawson, Jr. |

CERTIFICATE OF MAILING 37 C.F.R. 1.8(a)

I hereby certify that the attached Petition for Extension of Time is
being deposited with the United States Postal Service as first class mail
in an envelope addressed to:

COMMISSIONER OF PATENTS AND TRADEMARKS
WASHINGTON, DC 20231

on the date indicated below.

DATE: September 8, 1988

BY:

William A. Troner

William A. Troner
Registration No. 32,316
(407) 729-4511

033/D

HARRIS CORPORATION.  SEMICONDUCTOR SECTOR  P.O. BOX 883  MELBOURNE, FLORIDA 32901.

FCS1688871



CORRES. AND MAIL

# BOX AF



Attorney Docket SE-395

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application:
Applicant:                    JAMES D. BEASON
Serial No.:                   831,384
Filed:                        1/07/86
For:                          HIGH VOLTAGE LATERAL MOS STRUCTURE
Group Art Unit:               253
Examiner:                     J. E. Clawson, Jr.

Commissioner of Patents and Trademarks
Washington, D.C. 20231

AMENDMENT TRANSMITTAL LETTER

Sir:

Transmitted herewith is an Amendment to a Final Office Action for filing and
the filing fee is calculated below:

FCS1688872

|  | No. After Amendment | Highest No. Prev. Filed | No. Extra | Rate | Fee |
|---|---|---|---|---|---|
| Total claims | 19 | * 20= | 0 | X $12 | $ -0- |
| Independent claims | 04 | * 04= | 0 | X $34 | $ -0- |
|  |  |  |  | TOTAL: | $ -0- |

\* If less than 20, enter 20
\*\* If less than 3, enter 3

_____ A check in the amount of $ _____ is enclosed.

  X    The Commissioner is hereby authorized to charge the above-noted and any additional fees which may be required, or credit any overpayment to Account No. 08-0870. A duplicate copy of this sheet is enclosed.

WILLIAM A. TRONER
Patent Counsel
Registration No. 32,316
(407) 729-4511

032/D

HARRIS CORPORATION    SEMICONDUCTOR SECTOR    P.O. BOX 883    MELBOURNE, FLORIDA 32901

FCS1688873



**HARRIS**

CORRES. AND MAIL
Attorney Docket SE-395

# BOX AF

COMMISSIONER OF PATENTS AND TRADEMARKS

In re Patent Application
Applicant:                    JAMES D. BEASOM
Serial No.:                   831,384
Filed:                        1/07/86
For:                          HIGH VOLTAGE LATERAL MOS STRUCTURE
Group Art Unit:               253
Examiner:                     J. E. Clawson, Jr.

CERTIFICATE OF MAILING 37 C.F.R. 1.8(a)

I hereby certify that the attached Amendment to a Final Office Action
is being deposited with the United States Postal Service as first class
mail in an envelope addressed to:

COMMISSIONER OF PATENTS AND TRADEMARKS
WASHINGTON, DC  20231

on the date indicated below.

DATE: _September 8, 1988_                BY: _William A. Troner_

                                         William A. Troner
                                         Registration No. 32,316.
                                         (407) 729-4511

033/0

HARRIS CORPORATION   SEMICONDUCTOR SECTOR   P.O. BOX 883 , MELBOURNE, FLORIDA 32901

**FCS1688874**

Attorney Docket SE-395

CORRES. AND MAIL

BOX AF

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application:
Applicant:                      JAMES D. BEASOM
Serial No.:                     831,384
Filed:                          1/07/86
For:                            HIGH VOLTAGE LATERAL MOS STRUCTURE
Group Art Unit:                 253
Examiner:                       J. E. Clawson, Jr.

Commissioner of Patents and Trademarks
Washington, D. C.    20231

PROPOSED AMENDMENT UNDER 37 C.F.R. §1.116

Sir:

The following proposed amendments and remarks are respectfully submitted in
response to the Final Office Action mailed March 8, 1988, in connection with
the above-identified application.

- 1 -

FCS1688875

Attorney Docket SE-395

IN THE CLAIMS:

Please amend the following Claims as follows:

(Thrice Amended) In a [dielectrically isolated] semiconductor device of
the type including a lateral drift region of a first conductivity type
formed in a body region, said drift region serving as a JFET channel,
the improvement comprising:

[providing] a top gate of a semiconductor material electrically
connected to said body region and having a second conductivity type
over said drift region to cause depletion of said drift region from
the top upon application of a reverse bias voltage to said device,

wherein said top gate laterally abuts a device region to form a
junction and has a surface area doping density such that said top
gate becomes totally depleted at a reverse bias voltage below the
reverse breakdown voltage of the top gate to device region junction,
and

wherein said top gate has a surface area doping density such that it
becomes totally depleted at a reverse bias voltage less than the
reverse bias voltage at which said drift region becomes depleted.

- 2 -

FCS1688876

Attorney Docket SE-395

5.
~~7~~. (Twice Amended) A semiconductor device comprising:

a semiconductor body of a first conductivity type;

a first device region of a second conductivity type formed in said body;

a second device region of said second conductivity type formed in said body and separated from said first device region;

a drift region of said second conductivity type formed in said body between said first and second device regions, separated from said second device region by a separation zone and in contact with said first device region, said drift region having a first side adjacent said body;

a top gate of said first conductivity type adjacent a substantial portion of a second side of said drift region and electrically connected to said body;

wherein said top gate and semiconductor body operate as a top and bottom gate respectively of a JFET channel formed by said drift region;

- 3 -

FCS1688877

Attorney Docket SE-395

said top gate having a surface area doping density such that it
becomes [becoming] totally depleted at a body to first device region
voltage below the voltage at which the body to drift region
depletion layer in said first side of said drift region reaches the
top gate to drift region depletion layer in said second side of said
drift region.

12. (Twice Amended)  A lateral MOS structure comprising a semiconductor body
of a first conductivity type, source and drain regions of a second
conductivity type forming respective source and drain junctions with
said body, and a drift region of said second conductivity type, said
drift region forming a JFET channel in said body controlled by said
semiconductor body which body operates as a JFET gate such that upon
application of a reverse bias to said body to drain junction said drift
region becomes depleted, and

a top gate of said first conductivity type formed in said drift region
and being electrically connected to said body, said top gate having a
surface area doping density such that it becomes [becoming] totally
depleted below a body to drain voltage at which said drift region
becomes depleted.

- 4 -

FCS1688878

Attorney Docket SE-395

22. (Twice Amended) A diode structure comprising:

a first semiconductor body of a first conductivity type contained within a semiconductor region of a second conductivity type and forming a diode junction therewith, said semiconductor region having a first dopant concentration,

a second body of said first conductivity type contained within said semiconductor region and having a second dopant concentration greater than said first dopant concentration, said second body surrounding the lateral perimeter of said first body and abutting said first body;

said second body forming a JFET channel controlled by said semiconductor region which region operates as a JFET gate such that upon application of a reverse bias to said region to first body junction said second body becomes depleted, and

a top gate of said second conductivity type formed within said second body and being electrically connected to said first semiconductor region, said top gate having a dopant concentration such that upon application of said reverse bias, said top gate becomes totally depleted before said second body becomes depleted.

- 5 -

FCS1688879

Attorney Docket SE-395

REMARKS:

The Examiner in charge, Mr. Clawson, is thanked for the time and courtesies extended to the Applicant and Applicant's Counsel during the telephone interview of August 2, 1988. The substance of the interview, as detailed below, was very helpful in the preparation of this response.

Claims 3-10, 12, and 15-20 were rejected under 35 USC §103 as being unpatentable over Colak and Singer. These rejections are respectfully traversed in view of the above proposed amendments and the remarks below.

The present invention relates to a high voltage lateral device having a reduced ON resistance. In a preferred embodiment, this reduced ON resistance is translated into reduction in channel resistance, which is accomplished by the addition of a top gate located between a lateral drift region and the surface of the channel region. Both the top gate and drift region are formed in a semiconductor body region, with the drift region serving as a JFET channel and the top gate and body region operating as a top and bottom gate respectively of the JFET channel drift region.

The invention as now claimed teaches that the top gate has a surface area doping density such that it becomes totally depleted at a reverse bias voltage below the reverse breakdown voltage of the top gate to device region junction, as well as becoming totally depleted at a reverse bias voltage

- 6 -

FCS1688880

Attorney Docket SE-395

less than the reverse bias voltage at which the drift region becomes depleted (see the last paragraph on page 9). In order to accomplish the above, the claimed invention further provides that the top gate is tied to the body region such that, upon reverse bias of the major PN junction between the device region and the body, the top gate is also reversed biased with respect to the device region.

Applicant respectfully submits that the invention as now claimed in amended claims 3, 7, 12 and 22 is not rendered obvious in by Colak or Singer. Neither Colak nor Singer teaches having an electrical connection between the semiconductor body and the top layer of their devices. Rather, because of the nonspecificity in these references as to the connection of the top layer, it is unknown whether or not these layers could be actually at a floating potential. Thus, Colak and Singer neither show nor suggest the structural features of the invention. Additionally, neither reference indicates that the surface area doping density should be such as to require total depletion of the respective top layers under the conditions claimed in the present invention. Thus, neither Colak nor Singer shows nor suggests the invention as presently claimed in claims 3-10, 12, and 15-20.

Claims 22-25 were rejected under 35 USC §103 as being unpatentable over Colak and Singer in view of Vaes et al. In addition to the reasons explained above, it is submitted that these three references do not suggest

- 7 -

FCS1688881

Attorney Docket SE-395

that the top gate will become totally depleted at a lower reverse bias voltage than is required to totally deplete the drift region. Therefore, reconsideration of the rejections over these references is respectfully requested.

The Section 112 rejection has been noted and claim 3 amended to obviate this rejection. In view of the interview discussion and the foregoing amendments and remarks, favorable consideration upon the claims remaining in the application is respectfully requested. In the event that there are any questions concerning this Amendment or the Application in general, a telephone call to the undersigned would be appreciated.

Please charge any additional fees or credit any overpayments to the deposit account of Harris Corporation, Account Number 08-0870. An additional copy of this sheet is attached.

Respectfully submitted,

William A. Troner
Registration No. 32,316
(407) 729-4511

WAT/DD

- 8 -

**FCS1688882**

Attorney Docket SE-395

that the top gate will become totally depleted at a lower reverse bias
voltage than is required to totally deplete the drift region. Therefore,
reconsideration of the rejections over these references is respectfully
requested.

The Section 112 rejection has been noted and claim 3 amended to obviate this
rejection. In view of the interview discussion and the foregoing amendments
and remarks, favorable consideration upon the claims remaining in the
application is respectfully requested. In the event that there are any
questions concerning this Amendment or the Application in general, a
telephone call to the undersigned would be appreciated.

Please charge any additional fees or credit any overpayments to the deposit
account of Harris Corporation, Account Number 08-0870. An additional copy
of this sheet is attached.

Respectfully submitted,

William A. Tromer
Registration No. 32,316
(407) 729-4511

WAT/DD

- 8 -

**FCS1688883**

P. 253

CORRES. AND MAIL

# BOX AF

Attorney Docket SE-395

#12
Notice of
Appeal
FJ
9-14-88

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application:
Applicant:                    JAMES D. BEASOM

Serial No.:                   831,384

Filed:                        1/07/86

For:                          HIGH VOLTAGE LATERAL MOS STRUCTURE

Group Art Unit:               253

Examiner:                     J. E. Clawson, Jr.

RECEIVED
Sep 13  3 25 PM '88
OFFICE GROUP 250.

Commissioner of Patents and Trademarks
Washington, D. C.   20231

NOTICE OF APPEAL

Sir:

Applicant hereby appeals to the Board of Appeals from the decision
mailed March 14, 1988, of the Primary Examiner rejecting Claims 1-16.

Please charge the Deposit Account of Harris Corporation, Account Number
08-0870, in the amount of $130.00. A duplicate copy of this sheet is
attached.

It is respectfully requested that, if necessary to effect a timely
response, this paper be considered as a Petition for an Extension of Time
sufficient to effect a timely response and shortages in other fees, be
charged, or any overpayment in fees be credited to the Account of Harris
Corporation, Deposit Account No. 08-0870.

Respectfully submitted,

William A. Troner

William A. Troner
Registration No. 32,316
(407) 729-4508

043/D

.N 10428  09/13/88 831384      08-0870 010 119     130.00CH

FCS1688884



**HARRIS**

CORRES. AND MAIL

# BOX AF

Attorney Docket SE-395

### COMMISSIONER OF PATENTS AND TRADEMARKS

In re Patent Application
Applicant:                          JAMES D. BEASOM
Serial No.:                         831,384
Filed:                              1/07/86
For:                                HIGH VOLTAGE LATERAL MOS STRUCTURE
Group Art Unit:                     253
Examiner:                           J. E. Clawson, Jr.

### CERTIFICATE OF MAILING 37 C.F.R. 1.8(a)

I hereby certify that the attached Notice of Appeal is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

COMMISSIONER OF PATENTS AND TRADEMARKS
WASHINGTON, DC 20231

on the date indicated below.

DATE:
*September 8, 1988*

BY:
*William A. Troner*
William A. Troner
Registration No. 32,316
(407) 729-4511

033/D

HARRIS CORPORATION   SEMICONDUCTOR SECTOR   P.O. BOX 883   MELBOURNE, FLORIDA 32901

FCS1688885

UNITED STATE    PARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 06/831,384 | 01/07/86 | BEASOM | J | SE-375 |

```
THOMAS N. TWOMEY
SECTOR PATENT COUNSEL
HARRIS SEMICONDUCTOR
P. O. BOX 883
MELBOURNE, FL 32901-0101
```

| EXAMINER |
|---|
| CLAWSON JR, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 253 | 13 |

DATE MAILED:

10/04/88

## NOTICE OF ALLOWABILITY

PART I.

1. ☒ This communication is responsive to *AMEND 9-9-88*
2. ☒ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance and Issue Fee Due or other appropriate communication will be sent in due course.
3. ☒ The allowed claims are *3-10,12,15-20,22-25*
4. ☐ The drawings filed on _____ are acceptable.
5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [...] been received. [...] not been received. [...] been filed in parent application Serial No. _____ filed on _____
6. ☐ Note the attached Examiner's Amendment.
7. ☐ Note the attached Examiner Interview Summary Record, PTOL-413.
8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.
9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.
10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

PART II.

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.
2. ☒ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.
   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____. CORRECTION IS REQUIRED.
   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.
   d. ☒ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, and SERIAL NUMBER.

Attachments:
— Examiner's Amendment
— Examiner Interview Summary Record, PTOL-413
— Reasons for Allowance
— Notice of References Cited, PTO-892
— Information Disclosure Citation, PTO-1449

— Notice of Informal Application, PTO-152
— Notice of Patent Drawings, PTO-948
— Listing of Bonded Draftsmen
— Other

*Joseph E. Clawson Jr.*
JOSEPH, E. CLAWSON JR.
EXAMINER
GROUP ART UNIT 253

PTOL-37 (REV. 2-85)    USCOMM-DC-85-5744

**FCS1688886**

PTOL-85 (REV 4-86)

UNITED STATES DEPARTMENT OF COMMERCE
Patent  d Trademark Office

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

## NOTICE OF ALLOWANCE
## AND ISSUE FEE DUE

THOMAS H. THOMEY
SECTOR PATENT COUNSEL
HARRIS SEMICONDUCTOR
P. O. BOX 883
MELBOURNE, FL 32901-0101

All communications regarding this
application should give the serial
number, date of filing, name of
applicant, and batch number.

Please direct all communications
to the Attention of "OFFICE OF
PUBLICATIONS" unless advised
to the contrary.

The application identified below has been examined and found allowable
for issuance of Letters Patent. PROSECUTION ON THE MERITS IS CLOSED.

| SC/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 06/831,384 | 01/07/86 | 019 | CLAWSON JR, J | 253 | 10/04/88 |

First Named Applicant: BEASOM,                    JAMES D.

TITLE OF INVENTION: HIGH VOLTAGE LATERAL MOS STRUCTURE WITH DEPLETED TOP GATE REGION
(AS AMENDED)

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| SE-295 | 357-022.000 | M82 | UTILITY | NO | $560.00 | 01/04/89 |

The amount of the issue fee is specified in 37 C.F.R. 1.18. If the applicant qualified for and has filed a verified statement of small entity status in accordance with 37 C.F.R. 1.27, the issue fee is one-half the amount for non-small entities. The issue fee due printed above reflects applicant's status as of the time of mailing this notice. A verified statement of small entity status may be filed prior to or with payment of the issue fee. However, in accordance with 37 C.F.R. 1.28, failure to establish status as a small entity prior to or with payment of the issue fee precludes payment of the issue fee in the amount so established for small entities and precludes a refund of any portion thereof paid prior to establishing status as a small entity.

THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE as indicated above. The application shall otherwise be regarded as ABANDONED. The issue fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office. Where an authorization to charge the issue fee to a deposit account has been filed before the mailing of the notice of allowance, the issue fee is charged to the deposit account at the time of mailing of this notice in accordance with 37 C.F.R. 1.311. If the issue fee has been so charged, it is indicated above.

In order to minimize delays in the issuance of a patent based on this application, this Notice may have been mailed prior to completion of final processing. The nature and/or extent of the remaining revision or processing requirements may cause slight delays of the patent. In addition, if prosecution is to be reopened, this Notice of Allowance will be vacated and the appropriate Office action will follow in due course. If the issue fee has already been paid and prosecution is reopened, the applicant may request a refund or request that the fee be credited to a deposit account. However, applicant may request that the previously submitted issue fee be applied. If abandoned, applicant may request refund or credit to a deposit account.

In the case of each patent issuing without an assignment, the complete post office address of the inventor(s) will be printed in the patent heading and in the Official Gazette. If the inventor's address is now different from the address which appears in the application, please fill in the information in the spaces provided on PTOL-85b above. If there are address changes for more than two inventors, enter the additional addresses on the reverse side of this form.

The appropriate spaces in the ASSIGNMENT DATA section of PTOL-85b must be completed in all cases. If it is desired to have the patent issue to an assignee, an assignment must have been previously submitted to the Patent and Trademark Office or must be submitted not later than the date of payment of the issue fee as required by 37 C.F.R. 1.334. Where there is an assignment, the assignee's name and address must be provided on the PTOL-85b to ensure its inclusion in the printed patent.

Advance orders for 10 or more printed copies of the prospective patent can be made by completing the information in Section 4 of PTOL-85b and submitting payment therewith. If use of a deposit account is being authorized for payment, PTOL-85c should also be forwarded. The order must be for at least 10 copies and must accompany the issue fee. The copies ordered will be sent only to the address specified in section 1 or 1A of PTOL-85b.

☑ Note attached communication from the Examiner.

☐ This notice is issued in view of
applicant's communication filed _____

PATENT AND TRADEMARK OFFICE COPY

IMPORTANT REMINDER

Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. See 37 CFR 1.20 (e) – (j).

FCS1688887



**HARRIS**

Cp 953,
#14
Imp
2/2/89

'88 AM -3 P '12  Attorney Docket SE-395

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Patent Application

410
DRAFTING
BRANCH

| | |
|---|---|
| Applicant: | JAMES D. BEASOM |
| Serial No.: | 831,384 |
| Filed: | 1/07/86 |
| For: | HIGH VOLTAGE LATERAL MOS STRUCTURE |
| Group Art Unit: | 253 |
| Examiner: | J. E. Clawson, Jr. |

Commissioner of Patents and Trademarks
Washington, D. C.  20231
Attention:  Official Draftsman

### LETTER OF TRANSMITTAL - FORMAL DRAWINGS

Sir:

Enclosed herewith for filing are the formal drawings for the subject application.  The art unit number, serial number and number of drawing sheets is written on the reverse side of each drawing.

The Commissioner is hereby authorized to charge any fees to Deposit Acct. No. 08-0870.  An additional copy of this sheet is enclosed.

Respectfully submitted,

William A. Troner
Registration No. 32,316
(407) 729-4511

035/D

HARRIS CORPORATION   SEMICONDUCTOR SECTOR   P.O. BOX 883   MELBOURNE, FLORIDA 32901

FCS1688888



**HARRIS**

Attorney Docket SE-395

COMMISSIONER OF PATENTS AND TRADEMARKS

In re Patent Application
Applicant:              JAMES D. BEASOM
Serial No.:             831,384
Filed:                  1/07/86
For:                    HIGH VOLTAGE LATERAL MOS STRUCTURE
Group Art Unit:         253
Examiner:               J. E. Clawson, Jr.

CERTIFICATE OF MAILING 37 C.F.R. 1.8(a)

I hereby certify that the attached Transmittal of Formal Drawings is
being deposited with the United States Postal Service as first class mail
in an envelope addressed to:
COMMISSIONER OF PATENTS AND TRADEMARKS
WASHINGTON, DC 20231
on the date indicated below.

DATE:                           BY:
December 20, 1988                    William A. Troner
                                     Reg. No 32,316
                                     (407) 729-4511

035/D

HARRIS CORPORATION. SEMICONDUCTOR SECTOR  P.O. BOX 883  MELBOURNE, FLORIDA 32901.

**FCS1688889**

831384

U.S. Patent    Apr. 18, 1989    Sheet 1 of 3    4,823,173



FIG. 1

FIG. 2

FIG. 3

FCS1688890



FIG. 4

FIG. 5a

FIG. 5b

FCS1688891



FIG. 6

FIG. 7

FIG. 8

FIG. 9

FCS1688892

ISSUE FEE TRANSMITTAL

U.S. Department of Commerce
Patent and Trademark Office

s provided in lieu of a formal transmittal and should be used for transmitting the Issue Fee. Sections 1A through 4 must be appropriate.

**MAILING INSTRUCTIONS**

All further correspondence including the Issue Fee Receipt, the Patent, and advanced orders will be mailed to the address entered in section 1 on PTOL-85c, unless you direct otherwise by specifying the appropriate name and address in 1A below. (Note: See box 5 below for correspondence concerning maintenance fee payments.)

**2A.** The COMMISSIONER OF PATENTS AND TRADE-MARKS is requested to apply the Issue Fee to the application identified below.

(Signature of party in interest of record)    (Date)

*William Actioner / December 19, 1988*

Note: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

additional changes are on reverse side.

| SC/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 6/831,384 | 01/07/86 | 017 | CLAWSON, JR. J | 253 | 10/04/88 |

BEASOM, JAMES D.

HIGH VOLTAGE LATERAL MOS STRUCTURE WITH DEPLETED TOP GATE REGION (AS AMENDED)

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 95-395 | 357-023.000 | M82 | UTILITY | NO | $560.00 | 01/04/89 |

**1A.** Further correspondence to be mailed to the following:

**2B.** For printing on the patent front page, list the names of not more than 3 registered patent attorneys or agents OR, alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will be printed.

1  William A. Troner
2  Charles C. Krawczyk
3  _____

DO NOT USE THIS SPACE

| P 30328 | 12/30/88 | 831384 | | 08-0870 | 030 | 142 | 560.00CH | |
| P 30329 | 12/30/88 | 831384 | | 08-0870 | 030 | 501 | 15.00CH | |

**3. ASSIGNMENT DATA** (print or type)

**A.** (1) ☐ This application is NOT assigned.
(2) ☒ Assignment previously submitted to the Patent and Trademark Office.
(3) ☐ Assignment submitted herewith.

**B.** For Printing On The Patent: (Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data below is only appropriate when an assignment has been previously submitted to the PTO or is submitted herewith. Completion of this form is NOT a substitute for filing of an assignment as required by 37 C.F.R. 1.334).

(1) NAME OF ASSIGNEE:  Harris Corporation

(2) ADDRESS: (City & State or Country)  Melbourne, Florida

(3) STATE OF INCORPORATION, IF ASSIGNEE IS A CORPORATION:  Delaware

**4.** The following fees are enclosed:
☐ Issue fee   ☐ Advanced order   ☐ Assignment recording

The following fees should be charged to deposit acc. no.  08-0870
(PTOL-85c or additional copy of PTOL-85b must be enclosed)

☒ Issue fee           ☐ Assignment recording
☒ Advanced order      ☐ Any additional fees due

Number of advanced order copies requested.  10
(must be for 10 or more copies)

**5.** All correspondence relating to maintenance fees will be addressed to the correspondence address unless a separate "Fee Address" is provided in section 1A (37 C.F.R. 1.363). A "Fee Address" may be submitted by the owner of record with the payment of the issue fee or thereafter by using form PTO-1537.

TRANSMIT THIS FORM WITH FEE

**FCS1688893**



**HARRIS**

Attorney Docket SE-395

COMMISSIONER OF PATENTS AND TRADEMARKS

In re Patent Application

| | |
|---|---|
| Applicant: | JAMES D. BEASON |
| Serial No.: | 831,364 |
| Filed: | 1/07/86 |
| For: | HIGH VOLTAGE LATERAL MOS STRUCTURE |
| Group Art Unit: | 253 |
| Examiner: | J. E. Clawson, Jr. |

CERTIFICATE OF MAILING 37 C.F.R. 1.8(a)

I hereby certify that the attached Issue Fee Transmittal is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

BOX ISSUE FEES
COMMISSIONER OF PATENTS AND TRADEMARKS
WASHINGTON, DC 20231

on the date indicated below.

Formal Drawings have been sent under separate cover to the Commissioner of Patents and Trademarks.

DATE:
December 22, 1988

BY:
William A. Troner

William A. Troner
Reg. No 32,316
(407) 729-4511

033/D

HARRIS CORPORATION  SEMICONDUCTOR SECTOR  P.O. BOX 883  MELBOURNE, FLORIDA 32901

FCS1688894

| PATENT NUMBER | ORIGINAL CLASSIFICATION | | |
| --- | --- | --- | --- |
| | CLASS 357 | SUBCLASS 22 | |
| APPLICATION SERIAL NUMBER 831,384 | CROSS REFERENCE(S) | | |
| | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | |
| APPLICANT'S NAME (PLEASE PRINT) BEPSOM | 357 | 23,8 | 35 |
| | | | |
| IF REISSUE, ORIGINAL PATENT NUMBER | | | |
| | | | |
| INTERNATIONAL CLASSIFICATION (INT. CL. 4) | | | |
| H b 1 L   29 / 80 | GROUP ART UNIT 253 | ASSISTANT EXAMINER (PLEASE STAMP OR PRINT FULL NAME) | |
| | | PRIMARY EXAMINER (PLEASE STAMP OR PRINT FULL NAME) JOSEPH E. CLAWSON JR. | |

PTO-270
(10-84)

ISSUE CLASSIFICATION SLIP

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

FCS1688895

FORM PTO-875
(Rev. 3-83)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

SERIAL NO. *831384*  FILING DATE *1-7-86*

**PATENT APPLICATION FEE DETERMINATION RECORD**

APPLICANT (FIRST NAMED) *James D. Benson*

## CLAIMS AS FILED - PART I

| FOR: | NO. FILED | NO. EXTRA | | SMALL ENTITY | | | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| | | | | RATE | FEE | OR | RATE | FEE |
| BASIC FEE | | | | | *170 | OR | | *340 |
| TOTAL CLAIMS | *25* –20= | *5* | | x6 | $ | OR | x12 | *60* |
| INDEP. CLAIMS | *4* –3= | *1* | | x17 | $ | OR | x34 | *34* |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT | | | | x55 | $ | OR | x110 | *0* |
| | | | | TOTAL | $ | OR | TOTAL | *434* |

* If the difference in col. 1 is less than zero, enter "0" in col. 2

## CLAIMS AS AMENDED - PART II

| AMENDMENT A | | (1) CLAIMS REMAINING AFTER AMENDMENT | | (2) HIGHEST NO. PREVIOUSLY PAID FOR | (3) PRESENT EXTRA | | SMALL ENTITY | | | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
| | TOTAL | *19* | MINUS | *25* | | | x6 | $ | | x10= | $ |
| | INDEP. | *4* | MINUS | *4* | | | x15 | $ | | x30= | $ |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | | | x50 | $ | | x100= | $ |
| | | | | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

| AMENDMENT B | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL | *19* | MINUS | *25* | | | x6 | $ | | x10= | $ |
| | INDEP. | *4* | MINUS | *4* | | | x15 | $ | | x30= | $ |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | | | x50 | $ | | x100= | $ |
| | | | | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

| AMENDMENT C | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL | *19* | MINUS | *25* | | | x6 | $ | | x10= | $ |
| | INDEP. | *4* | MINUS | *4* | | | x16 | $ | | x30= | $ |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | | | x50 | $ | | x100= | $ |
| | | | | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

* If the entry in Col. 1 is less than the entry in Col. 2, write "0" in Col. 3.
** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest No. Previously Paid For" (Total or Indep.) is the highest number found in the appropriate box in Col. 1.

FCS1688896

PTO-1130
(Rev. 2-82)

PALM III APPLICATION FILE DATA CODING SHEET

U.S. DEPARTMENT OF COMMERCE—PATENT & TM OFFICE

**831,384**

FORMAT NO. 2 Serial No. | TYPE APPL.
06 | I7

FORMAT NO. 3 — ATTORNEY DOCKET NUMBER (½ space)
51E-385

FILING DATE
Month 10 Day 01 Year 96

SPECIAL HANDLING

GROUP ART UNIT
2514 2218

CLASS
2015

SHEETS OF DRAWINGS

ASG'T

TOTAL CLAIMS
17 1212

INDEPENDENT CLAIMS
005

SMALL ENTRY

FILING FEE RECEIVED
0

SECURITY FOREIGN LICENSE
N I7

DATE

PREPARED BY

FORMAT NO. 4 Applicant's Name & Address — □ APPL. PAPERS □ CODING SHEET

FORMAT NO. 5 Title of Invention — □ APPL. PAPERS □ CODING SHEET

FORMAT NO. 6 & 7 Correspondence — □ APPL. PAPERS □ CODING SHEET

FORMAT NO. 8

CONTINUITY CODE | PARENT APPLICATION SERIAL NUMBER | STATUS CODE | PARENT FILING DATE | PARENT PATENT NUMBER

| | RECORD 8 0 1 | 0 | | |
| | RECORD 8 0 2 | 0 | | |
| | RECORD 8 0 3 | 0 | | |
| | RECORD 8 0 4 | 0 | | |
| | RECORD 8 0 5 | 0 | | |
| | RECORD 8 0 6 | 0 | | |
| | RECORD 8 0 7 | 0 | | |
| | RECORD 8 0 8 | 0 | | |
| | RECORD 8 0 9 | 0 | | |
| | RECORD 8 1 0 | 0 | | |

□ MORE ON SUPPLEMENTAL CODING SHEET

FORMAT NO. 9

COUNTRY CODE | PCT/FOREIGN APPLICATION SERIAL NUMBER | FILING DATE

| RECORD 9 0 1 |
| RECORD 9 0 2 |
| RECORD 9 0 3 |
| RECORD 9 0 4 |
| RECORD 9 0 5 |
| RECORD 9 0 6 |
| RECORD 9 0 7 |
| RECORD 9 0 8 |
| RECORD 9 0 9 |
| RECORD 9 1 0 |

FOREIGN PRIORITY CLAIMED?
□ YES
□ NO

□ APPLICATION PAPERS

□ MORE ON SUPPLEMENTAL CODING SHEET

FCS1688897



FCS1688898

831384

093

RECEIVED
APR 14 1996
GROUP 150

| Entered | | CONTENTS | |
|---|---|---|---|
| | 1. | Applications | papers |
| | 2. | My (3 mo) | Sept 25, 1986 W.A. 9/20 |
| 4/7 | 3. | Reg Ext (march) 23 1987 gr 3 mos |
| 4/7 | 4. | Amdt A (march 23, 1987 |
| | 5. | 2nd My (3 mo) July 10 1987 os |
| 12/17 | 6. | Reg Ext Dec 8, 1987 gr 2 mos |
| " | 7. | Amdt B Dec 3, 1987 |
| 3/19 | 8. | FR (3 mo) Mar 9, 1988 |
| | 9. | PTOL 413 (9-2-88) |
| 9-14 | 10. | Reg Ext Sept 9 1988 gr 3 mos |
| " | 11. | Amdt C (E) Sept 9 1988 |
| " | 12. | Notice of Appeal Sept 9 1988 |
| | 13. | PTOL 37 (1) Oct 4, 1988 os 10/3 |
| | 14. | Formal Dwgs (3 shts) 12/27/88 |
| | 15. | |
| | 16. | |
| | 17. | |
| | 18. | |
| | 19. | |
| | 20. | |
| | 21. | |
| | 22. | |
| | 23. | |
| | 24. | |
| | 25. | |
| | 26. | |
| | 27. | |
| | 28. | |
| | 29. | |
| | 30. | |
| | 31. | |
| | 32. | |

FCS1688899