# EXHIBIT 17

# REDACTED

# EXHIBIT 18

# REDACTED

# EXHIBIT 19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC.<br><br>Defendant. | C.A. No. 04-1371-JJF<br><br>**NOTICE OF SUBPOENA OF JAMES<br>D. BEASOM PURSUANT TO<br>FEDERAL RULE OF CIVIL<br>PROCEDURE 45** |

TO PLAINTIFF POWER INTEGRATIONS, INC. AND ITS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of

Civil Procedure, Defendant Fairchild Semiconductor International, Inc. will take the oral

deposition of James D. Beasom, at the offices of King Reporting Service, 14 Suntree Place,

Suite 101, Melbourne, Florida  32940, beginning at 9:30 A.M. on September 30, 2005,

continuing day to day until complete.

NOTICE IS FURTHER GIVEN THAT the deposition will be recorded

stenographically through instant visual display of testimony (real-time), by certified

shorthand reporter and notary public or such other person authorized to administer oaths

under the laws of the United States, and shall continue from day to day until completed.

This deposition will be videotaped.

NOTICE IS FURTHER GIVEN THAT Mr. Beasom is instructed to produce

documents, identified in the attached Subpoena, at the offices of King Reporting Service, 14

Suntree Place, Suite 101, Melbourne, Florida  32940 on September 30, 2005.

Dated:  September 13, 2005

ASHBY & GEDDES

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, DE  19899
Tel: (302) 654-1888

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

OF COUNSEL:

ORRICK, HERRINGTON & SUTCLIFFE LLP

G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
1000 Marsh Road
Menlo Park, CA  94025
Tel: (650) 614-7400

1                                       **ATTACHMENT A**

2            Pursuant to Federal Rule of Civil Procedure 45, Defendants Fairchild

3 Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively,

4 "Fairchild") hereby requests that James D. Beasom produce and allow inspection and copying of

5 the following documents and things requested herein at the law offices of Orrick, Herrington &

6 Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, California 94025, at the date and time specified in

7 the attached subpoena in accordance with the Federal Rules of Civil Procedure (and the following

8 Definitions and Instructions).

9                          **DEFINITIONS AND INSTRUCTIONS**

10         A.       In responding to the present subpoena duces tecum, you are required to furnish

11 such information as is available to you, including but not limited to information in the possession

12 of your agents, representatives, or any other person or persons acting on your behalf.

13         B.       The "Beasom Patents" shall be understood to mean U.S. Patent No. 4,823,173 (the

14 "'173 Patent"), U.S. Patent No. 5,264,719 (the "'719 Patent") and all applications, continuations,

15 CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including

16 PCT Applications) and related patents thereof, whether issued, abandoned or pending including,

17 but not limited to, U.S. Patent Application Serial No. 831,384, filed January 7, 1986, U.S. Patent

18 Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No.

19 705,509, filed May 24, 1991.

20         C.       The terms "writings," "recordings," or "documents" as used herein are used in

21 their broadest sense and include, without limitation, the original and all non-identical copies

22 (including those with any notations of the following items: agreements and contracts;

23 assignments; licenses; correspondence; reports, notes and memoranda; summaries, daytimers,

24 calendars, minutes, notes and records of telephone conversations, meetings and conferences;

25 reports and/or summaries of investigations; opinions and reports of experts and consultants;

26 statements of persons having knowledge of relevant facts; cablegrams and telex messages;

27 patents, registrations of service or trademarks, copyrights, and applications for each of them;

28 opinions of counsel; sales records, including purchase orders, order acknowledgments and

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

1    invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets,

2    catalogs, sales literature and sales promotion material; advertisements; world-wide web and/or

3    internet postings; trade letters, notices and announcements, and press releases; specification

4    sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche,

5    photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic

6    diagrams, timing diagrams, pictures, photographs; all data or information stored on computer

7    readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes,

8    cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, all code

9    listings including comments, code files, electronic mail; and all writings as that term is defined by

10   Rule 1001 of the Federal Rules of Evidence. The terms "writings," "recordings," or "documents"

11   refer to all writings, recordings or documents of which you have knowledge, and all writings

12   which are in the possession, custody or control of you, your agents, attorneys, officers,

13   employees, or other representatives.

14        D.    "Any" shall be understood to include and encompass "all."  As used herein, the

15   singular shall always include the plural and the present tense shall also include the past tense.

16   The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to

17   bring within the scope of this request all documents or things that might otherwise be construed to

18   be outside its scope.

19        E.    "Concerning" means relating to, evidencing, mentioning, discussing, constituting,

20   contradicting, supporting, referring to, or in any other way dealing with the subject matter

21   described in the request in which the term appears.

22        F.    If you object to the production of any document on the grounds that it is protected

23   from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege,

24   you are requested to identify each document for which the privilege is claimed and give all

25   information required by applicable case law, including but not limited to the following:

26             a.    the name of the writer, sender, or initiator of each copy of the document;

27             b.    the name of the recipient, addressee, or party to whom any copy of the

28                   document was sent;

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

c.    the date of each copy of the document, if any, or an estimate of its date;

d.    a statement of the basis for the claim of privilege; and

e.    a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

## LIST OF DOCUMENTS TO BE PRODUCED

1.    All documents concerning the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

2.    Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

3.    All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

4.    All documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

-3-

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### MIDDLE  DISTRICT OF  FLORIDA

POWER INTEGRATIONS, INCORPORATED,
   Plaintiff,
                V.
FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND
FAIRCHILD SEMICONDUCTOR COPRORATION, Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1371-JJF

District of Delaware

TO: James D. Beasom
    506 S Wildwood Ln,
    Melbourne FL  32904-2562

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>King Reporting Service, 14 Suntree Place, Suite 101, Melbourne, Florida  32940 | DATE AND TIME<br>September 30, 2005 at 9:30am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
   Documents described in Schedule A to Subpoena Duces Tecum to James D. Beasom

| PLACE<br>King Reporting Service, 14 Suntree Place, Suite 101, Melbourne, Florida  32940 | DATE AND TIME<br>September 30, 2005 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>September 13, 2005 |
|---|---|
| *Bas de Blank* | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bas de Blank, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA  94025    650.614.7400
Attorney for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | | PLACE |
|------|---|-------|
| **SERVED:** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information containe in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which t trial is held, or

(iii) requires disclosure of privileged or other protected matter and n exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential researc development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion information not describing specific events or occurrences in dispute and resulti from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party incur substantial expense to travel more than 100 miles to attend trial, the cou may, to protect a person subject to or affected by the subpoena, quash or modi the subpoena, or, if the party in who behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met witho undue hardship and assures that the person to whom the subpoena is address will be reasonably compensated, the court may order appearance or producti only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produ them as they are kept in the usual course of business or shall organize and lab them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it privileged or subject to protection as trial preparation materials, the claim shall made expressly and shall be supported by a description of the nature of t documents, communications, or things not produced that is sufficient to enable t demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

*Attorney or Party without Attorney:*
**ORRICK, HERRINGTON & SUTCLIFFE, LLP**
1000 MARSH ROAD
Menlo Park, CA 94025
*Telephone No:* 650-614-7400    *FAX No:* 650-614-7301
**WWW.ORRICK.COM**
*Attorney for:* Defendant

*For Court Use Only*

*Ref. No. or File No.:*
FAIRCHILD SEMICONDUCTOR

*Insert name of Court, and Judicial District and Branch Court:*
United States District Court, Middle District Of Florida

*Plaintiff:* POWER INTEGRATIONS, INCORPORATED
*Defendant:* FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC.; ET AL

| **PROOF OF SERVICE SUBPOENA IN A CIVIL** | *Hearing Date:* Fri, Sep. 30, 2005 | *Time:* 9:30AM | *Dept/Div:* | *Case Number:* 04-1371-JJF |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE; NOTICE OF SUBPOENA OF JAMES D. BEASOM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

3. a. *Party served:*      JAMES D. BEASOM
    b. *Person served:*     party in item 3.a.

4. *Address where the party was served:*      506 S. WILDWOOD LN.
         MELBOURNE, FL 32904

5. *I served the party:*
    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Sep. 15, 2005 (2) at: 6:30PM
    b. I received this subpena for service on:     Tuesday, September 13, 2005

6. *Witness fees were offered or demanded, and paid:*     $69.00

7. *Person Who Served Papers:*
    a. JOSEPH CARRANO

         ★ A & A LEGAL SERVICE ★

1541 Bayshore Hwy.
Burlingame, CA 94010-1602
(650) 697-9431
GENERAL@AALEGALSERVICE.COM
Fax (650) 697-4646

       Recoverable Cost Per CCP 1033.5(a)(4)(B)
    d. *The Fee for Service was:*
    e. I am:
         (1)   Independent Contractor

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Fri, Sep. 16, 2005

Judicial Council form POS-010
Rule 982.9.(a)(23) Rev Jan 1, 2004

PROOF OF SERVICE
SUBPOENA IN A CIVIL

*(signature)* (JOSEPH CARRANO)

6147460.24577

# EXHIBIT 20

# REDACTED

# EXHIBIT 21

**REDACTED**

# EXHIBIT 22

# REDACTED

# EXHIBIT 23

# REDACTED

# EXHIBIT 24

# REDACTED

# EXHIBIT 25

# REDACTED