# Fish & Richardson p.c.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

P.O. Box 1114
Wilmington, Delaware
19899-1114

901 Market Street
Suite 400
Wilmington, Delaware
19801

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

November 28, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:   *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., et al.*
      USDC-D. Del., C.A. No. 04-1371 JJF



BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Dear Judge Farnan:

We write in response to the Court's request to address the possible impact on this case of *KSR Intern. Co. v. Teleflex, Inc.*, ___ S. Ct. ___, 2006 WL 3257150 (Mem), U.S., which is currently before the U.S. Supreme Court and which involves the question of whether a motivation to combine references is a prerequisite to an obviousness determination.  Power Integrations does not believe the *KSR* outcome will have any impact on the issues to be tried in the upcoming trial.

For three of the four patents at issue (`876, `851 and `366), Power Integrations does not believe Fairchild has properly raised or identified in its expert reports any of the obviousness contentions it suggests it intends to assert at trial.  *See* our November 13 and November 27 briefing on the subject (D.I. Nos. 425, 426, 437 and 438).  Therefore, obviousness is not an issue for those three patents. Power Integrations does agree, however, that obviousness has fairly been raised with regard to the '075 patent and, thus, is an issue that will be tried.

To the extent Fairchild presents obviousness contentions at trial, Power Integrations' understanding is that the *KSR* case deals with the issue of whether the "motivation to combine" rubric of Federal Circuit case law properly requires a predicate showing of such a motivation in order to support a conclusion that a patent claim is obvious.  Power Integrations believes the asserted combinations of prior art presently put forth by Fairchild -- even those contentions for the patents other than the '075, which Power Integrations believes are untimely and therefore should not be allowed in the validity trial -- do not disclose all of the limitations of any asserted claim even when a motivation to combine them is presumed.  Accordingly, Power Integrations does not intend to make motivation to combine an issue at trial, regardless of which specific obviousness contentions Fairchild is allowed to raise.  Because of this, even if the outcome of the *KSR* case modifies the Section 103 analysis with regard to the motivation to combine "requirement," it would have no impact on the specific obviousness issues in this case.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
November 28, 2006
Page 2

Moreover, to the extent that evidence concerning motivation to combine is raised (by Fairchild) during the trial at all, and the Court believes it raises some concern, a properly worded jury interrogatory can be used to determine if such evidence was considered determinative to the jury on any particular patent claim, thus avoiding the need for any subsequent proceedings should *KSR* work a change in the law. To make such a possibility even less likely, Power Integrations would agree to the Court removing the jury instruction regarding motivation to combine from the proposed jury instructions altogether, as it plays no role in this particular case.

Finally, even if the standard for obviousness under Section 103 were modified by the Supreme Court in its *KSR* decision, it is unclear whether such a modification would be given retroactive effect to cases pending before the decision was made. Thus, even by its own terms, the decision may have no impact on the present dispute.

Respectfully,

William J. Marsden, Jr.
(#2247)

WJM/kxk

Enclosure
cc:   Clerk of Court (via ECF and hand delivery)
      G. Hopkins Guy, Esq. (via e-mail and first class mail)
      Steven J. Balick, Esq. (via ECF and hand delivery)

80039479.doc