IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, : : : Plaintiff, : : v. : : FAIRCHILD SEMICONDUCTOR : INTERNATIONAL, INC., a Delaware: corporation, and FAIRCHILD : SEMICONDUCTOR CORPORATION, a : Delaware corporation, : : Defendants. : | C.A. No. 04-1371-JJF |

**MEMORANDUM ORDER**

On Thursday, November 30, 2006, the Court conducted a teleconference with the parties in the above-captioned action. At the Court's request, the parties previously submitted letters addressing the possible impact on this case of KSR Intern. Co. v. Teleflex, Inc., ___ S. Ct. ___, 2006 WL 3257150 (Mem), U.S., which is currently before the United States Supreme Court. Also relevant to the issues discussed by the Court during the teleconference is Defendants' request to use eleven prior art references during the validity phase of the trial.[1]

After reviewing the parties' submissions and their respective arguments regarding both Defendants' Motion and the KSR case, the Court concludes that an approximate five month stay

---

[1] Defendants' request was conveyed to the Court in the context of an Opening Brief that was not linked to any motion pending on the Court's docket. For purposes of this decision, the Court will refer to the Opening Brief (D.I. 423) as the Motion.

of the validity trial is warranted in the interests of achieving an efficient and effective resolution of this case. In the Court's view, this stay will not work any undue prejudice to Plaintiff. The Court is further persuaded that the stay will provide the parties and the Court with the opportunity to have the benefit of a decision from the Supreme Court on the issue of obviousness, which permeates the validity contentions in this case. However, if the Supreme Court has not reached its decision in the KSR case by the time of the rescheduled trial date, the Court will move forward with the rescheduled trial using modified jury interrogatories and/or instructions, as well as other appropriate measures intended to minimize any post-trial or appellate impact of the Supreme Court's decision in KSR on the issues in this case.

As for Defendants' request to use additional prior art references during the validity trial in this matter, the Court concludes that Defendants may rely on eleven (11) prior art references to support its invalidity contentions. In reaching this conclusion, the Court finds that Plaintiff had some notice of the prior art upon which Defendants intend to rely either through Dr. Horowitz's reports or through interrogatories and other submissions by Defendants. However, the Court agrees with Plaintiff that Dr. Horowitz's expert report lacks a detailed discussion and/or application of that prior art in light of the

factors to be considered in an obviousness inquiry. To cure this deficiency and prevent any undue prejudice to Plaintiff, the Court will require Defendants to submit a supplemental expert report by Dr. Horowitz detailing his obviousness analysis in light of the prior art references by December 29, 2006. In addition, Dr. Horowitz will be subject to further deposition by Plaintiff, and Plaintiff will be permitted the opportunity to submit a rebuttal expert report followed by Defendants' deposition of Plaintiff's expert. To the extent that this additional discovery is ordered, the Court finds that the stay of the trial will remove any prejudice to Plaintiff by providing it with full notice and an opportunity to prepare for the invalidity contentions raised by Defendants.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The trial scheduled for Monday, December 4, 2006, is **CANCELED**.

2. Trial is rescheduled to commence on **Monday, May 7, 2007** at **9:30 a.m.** The Trial Management Order dated November 21, 2006, remains in effect.

3. Defendants request (D.I. 423) to use additional prior art references during the validity trial in this matter is **GRANTED**.

4. Defendants shall submit a supplemental report of their expert witness, Dr. Horowitz, no later than **Friday, December 29,**

3

2006.

    5.   Depositions of Dr. Horowitz and the expert selected by Plaintiff for rebuttal shall be completed by **Friday, March 23, 2007.**

<u>  November 30, 2006  </u>
      Date

/s/ Joseph J. Farnan, Jr.
UNITED STATES DISTRICT JUDGE