IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| | ) | **REDACTED PUBLIC** |
| FAIRCHILD SEMICONDUCTOR | ) | **VERSION** |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' REQUEST TO USE
ELEVEN PRIOR ART REFERENCES DURING THE INVALIDITY PHASE OF TRIAL**</u>

Pursuant to the Court's request at the November 20, 2006 pretrial conference, Defendant
Fairchild submits the instant supplemental brief in support of its request to use eleven prior art
references in the invalidity phase of trial. As set forth below, Fairchild's expert contentions and
prior disclosure regarding each of these prior art references was provided in detail to PI and has
been known by PI throughout this case. There is simply no surprise. For the reasons set forth
herein, Fairchild's contentions regarding each of these eleven references should be permitted.

I.      **FAIRCHILD'S PRIOR ART AND INVALIDITY CONTENTIONS REGARDING
        THE "CIRCUIT PATENTS" ARE NOT NEW.**

In his opening expert report, Fairchild's expert, Dr. Paul Horowitz,

**REDACTED**

[Ramsey Decl., Ex. 3 (Expert Report of Paul Horowitz on Invalidity of U.S. Patents No.
6,107,851, 6,229,366, and 6,249,876 – Nov. 30, 2005 ("Horowitz Invalidity Report")) pp. 6-11.]

**REDACTED**

(1) U.S. Patent No. 4,638,417 ("Martin") [Horowitz Invalidity Report, ¶ 44]; (2) Wang and

Sander's article ("Wang") [*Id.*, ¶ 48]; (3) Habetler and Divan article ("Habetler"), [*Id.*, ¶ 49]; (4) SMP240/260, [*Id.*, ¶ 38]; (5) SMP3, [*Id.*, ¶ 39]; (6) SMP211, [*Id.*, ¶ 53] and (7) TEA2262, [*Id.* ¶¶ 41, 54]. PI thus has been on notice of each of these invalidating references, and their applicability to the claimed frequency variation and soft start circuits, since at least November 30, 2005.

### A.     Martin, Wang, and Habetler

Fairchild intends to use each of Martin, Wang and Habetler to establish that claim 1 of the '876 patent is anticipated or rendered obvious. In his expert report, Dr. Horowitz

**REDACTED**

. [Ramsey Decl., Ex. 3 (Horowitz Invalidity Report), ¶¶ 134-138, Exhibit F (claim charts attached separately as Ramsey Decl., Exs. 16, 19 and 21)]. Regarding the obviousness of claim 1, Dr. Horowitz                               **REDACTED**

**REDACTED**

... [Ramsey Decl., Ex. 3 (Horowitz Invalidity Report), ¶ 139]. During his deposition, Dr. Horowitz

[Ramsey Decl., Ex. 5 at 140:21-144:13].

Fairchild further intends to use Martin, Wang and Habetler to show that claims 1 and 4 of the '851 patent and claim 14 of the '366 patent are anticipated or obvious. In its previous motion to strike this contention, PI stated                 **REDACTED**

and footnote 37. [DI 425 at p. 13] This is simply and objectively false. Dr. Horowitz

**REDACTED**

**REDACTED**

**REDACTED**

[Ramsey Decl., Ex. 3 (Horowitz Invalidity Report), ¶¶ 103, 104 (emphasis added); *see also* ¶¶ 43, 48 and 49].

Moreover, claim 4 of the '851 patent depends on claim 1 and thus,          **REDACTED**

[Ramsey Decl., Ex. 3 (Horowitz Invalidity Report), ¶¶ 108-110].  Dr. Horowitz further

**REDACTED**

[*Id.* at ¶110, *see also,* ¶ 66, 67, 69]

**REDACTED**

[Ramsey Decl., Ex. 3 (Horowitz Invalidity Report), ¶ 89].

tin,

**REDACTED**

**REDACTED**

**B.    TEA2260/2262**

Fairchild intends to use the TEA2262 to show that each of claims 1 and 4 of the '851 patent and 9 and 14 of the '366 patent are anticipated.  Fairchild's contentions with respect to the TEA2262 are not new.                **REDACTED**

    Ramsey Decl., Exs. 4 (6/30/05 Interrogatory Responses, Ex. B), 27-28 (

**REDACTED**

Accordingly, none of Fairchild's contentions regarding the TEA2262 reference are new, and Fairchild should not be precluded from presenting any of those contentions at trial.

**C.    SMP240/260**

Fairchild intends to use the SMP240/260 to demonstrate that claim 9 of the '366 patent is anticipated and that claim 14 of the '366 patent and claim 4 of the '851 patent are obvious, and that PI's failure to provide this prior art to the Patent Office constitutes inequitable conduct. Fairchild's contentions regarding the SMP240/260 are not new.  Indeed, PI's knowledge of and failure to disclose the SMP240 and 260 devices was particularly described in Fairchild's

inequitable conduct allegations, contained in its First Amended Answer and Counterclaims. [Ramsey Decl., Ex. 26.] Thus, there can be no possible doubt that PI has long known that Fairchild believes that the SMP240/260 invalidate the claims of the '366 and '851 Patents.

**REDACTED**

[Ramsey Decl., Ex. 5 at 134:19-137:15].

**REDACTED**

·es

---

[1] Finally, any suggestion by Power Integrations that Fairchild should have included additional details about the SMP240/260 in its expert report must be rejected in light of the fact that PI had improperly withheld schematics, datasheets, and other details concerning these devices from Fairchild until November 21, 2005 – almost five months after all such documents were to be produced. Indeed, the Court granted Fairchild's motion to compel additional deposition time with PI's witnesses because of PI's failure to produce this evidence. These depositions were not completed until March 2006 – months after the expert reports were submitted. It is the height of hypocrisy for PI to rely upon its failure to meet its discovery obligations to argue that Fairchild should be precluded from proving that the SMP240/260 invalidates the asserted claims.

**REDACTED**

### D.     SMP211

Fairchild contends that the SMP211 device renders claims 1 and 4 of the '851 patent obvious in light of the Martin, Wang and Habetler references, and that PI committed inequitable conduct in not disclosing this art to the patent office. These contentions are not new. To begin, the SMP211 is a PI device, cited by PI in its prior art Figure 1 of the '366 and '851 patents. Indeed, PI's knowledge of and failure to disclose critical details of the SMP211 is detailed in Fairchild's First Amended Answer and Counterclaims. [Ramsey Decl., Ex. 26.] PI, thus, has long been aware of the content and applicability of the SMP211.

**REDACTED**

z

### E.     SMP3

Fairchild contends that the SMP3 device anticipates claim 9 of the '366 patent and that PI committed inequitable conduct in not disclosing this art to the patent office. Again, these contentions are not new. The SMP3 is a PI device, which PI failed to disclose to the Patent Office. Indeed, Fairchild set forth detailed contentions regarding PI's knowledge of and failure to disclose the SMP3 as a basis for its inequitable conduct claim, in the First Amended Answer and Counterclaims. [Ramsey Decl., Ex. 26.] PI has been fully on notice of Fairchild's contentions regarding the SMP3.


**REDACTED**


The following chart summarizes Fairchild's disclosure of its contentions in its expert reports and other submissions:

| | |
|---|---|
| U.S. Patent No. 4,638,417 ("Martin") | |
| Wang and Sander's article ("Wang") | **REDACTED** |
| Habetler and Divan article ("Habetler") | |
| SMP240/260 | |



## II.    FAIRCHILD'S PRIOR ART AND INVALIDITY CONTENTIONS REGARDING THE '075 PATENT ARE NOT NEW.

REDACTED

REDACTED

A.    **The Beasom '173 Patented Invention—Prior Art Under §102(e)**

The Beasom invention has been one of the primary invalidating references to the '075
patent since the beginning of this case.[3]  The Beasom invention is prior art under §102(e) and
(g).  PI admits that it "has expected the Beasom reference to be at issue in the validity trial all
along . . ." [DI 425 at nn. 5, 4.]  The Beasom §102(e) prior art is the Beasom '173 Patent itself.
The Beasom §102(g) prior art is supported by

]

**REDACTED**

*Beasom U.S. Patent No. 4,823,173.*[4]  The Beasom patent—U.S. Patent No. 4,823,173
(the "'173 Patent")—has been central to Fairchild's invalidity theories.  The Beasom '173 patent
represents prior art under §102(e), meaning that its filing date is some 15 months before the
filing date of the '075 patent *and* that it issued as a U.S. Patent.  *See* 35 U.S.C. §102(e).  As PI
recognizes, the patent "is and has been at issue throughout the case." [DI 425 at p. 5]

**REDACTED**

[*See e.g.* Decl., Exs. 7 (Gwozdz Report, ¶¶35-51, Dec. 1, 2005 (claim
chart       parately as Ramsey Decl., Ex. 34)), 8  (Gwozdz Supplemental Report, ¶¶26-28,
Feb. 23, 2006), 4 (Supp. Response to PI's First Set of Interrogatories, at Ex. B, June 30, 2005),
18 at 16:25-17:7.]  Power Integrations has been aware of Fairchild's contentions regarding the
Beasom '173 Patent for over a year and a half.

*Supporting Documentation Establishing Dates of Conception and Reduction to Practice*

**REDACTED**

---

[3] Beasom worked for Harris Corporation and developed the same invention claimed as Claim 1 of the '075 Patent
months before Power Integration.
[4] The Beasom '173 patent is listed as Defendants' trial exhibit DX541. *See* Ramsey Decl., Ex. 9.

9

**REDACTED**

(Gwozdz Supplemental Report, ¶¶2, 16-28), 7 (Gwozdz Expert Report, ¶¶68-79)]

Highlighting this point is the fact that PI, in its own expert submissions and contentions does not offer an opinion regarding every exhibit offered on the conception and reduction to practice by Mr. Eklund.  Indeed, the ·          **REDACTED**

**REDACTED**

---

[6] *Id.* at ¶51.
[7] *See* Ramsey Decl., Ex. 2 (PI Trial Exhibit List, listing these documents).



**REDACTED**

None of this material was addressed in PI's expert report, but rather only produced during the deposition of Mr. Eklund, with little opportunity to examine the witness.  Thus, PI obviously does not believe that it is constrained to .     **REDACTED**

**REDACTED**

**REDACTED**



**REDACTED**

**REDACTED**

REDACTED

REDACTED

**REDACTED**

**B.    The Ludikhuize And Wacyk Articles**

The Court should permit Fairchild to assert the Ludikhuize reference.  Fairchild's

December 1, 2005                              **REDACTED**

                              [Ramsey Decl., Ex. 7 (Gwozdz Report, ¶¶52-56, Ex. F)]

                              **REDACTED**

---

[9] *See id.*

. [Ramsey Decl., Ex. 26]  PI has

been fully on notice of this reference.

**REDACTED**

## III.    CONCLUSION

For all of the foregoing reasons, Fairchild respectfully requests that it be permitted to rely

upon each of these eleven prior art references and contentions currently challenged by PI. They

have been fully disclosed to PI and are critical to Fairchild's invalidity case.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403).
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

18

G. Hopkins Guy, III
Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: November 21, 2006
175412.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2006, the attached **REDACTED**

**PUBLIC VERSION OF SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS'**

**REQUEST TO USE ELEVEN PRIOR ART REFERENCES DURING THE INVALIDITY**

**PHASE OF TRIAL** was served upon the below-named counsel of record at the address and in

the manner indicated:

William J. Marsden, Jr., Esquire                                    HAND DELIVERY
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE  19801

Frank E. Scherkenbach, Esquire                              VIA FEDERAL EXPRESS
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Howard G. Pollack, Esquire                                     VIA FEDERAL EXPRESS
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063


                                                    /s/ Lauren E. Maguire
                                                    _____
                                                    Lauren E. Maguire