IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>        Defendants. | C.A. No. 04-1371 JJF<br><br>DATE: March 2, 2007<br><br>TIME: 10:00 a.m. |

**POWER INTEGRATIONS' BRIEF IN SUPPORT OF ITS MOTION TO PRECLUDE USE BY FAIRCHILD OF ADDITIONAL INVALIDITY MATERIALS FIRST DISCLOSED AFTER THE CLOSE OF DISCOVERY, AND AFTER THE INITIAL TRIAL**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

DATED: February 7, 2007

**TABLE OF CONTENTS**

<u>Page</u>

I.    INTRODUCTION ........................................................................................................... 1

II.   SUMMARY OF ARGUMENT ..................................................................................... 1

III.  FACTUAL BACKGROUND ......................................................................................... 1

IV.   ARGUMENT ................................................................................................................... 3

      A.    Fairchild Actively Assisted Intersil in Delaying the Production of the New Materials During Discovery and Should Be Precluded from Now Relying on Them or Arguing Prejudice Based on Their Exclusion ......................... 3

      B.    The New Materials Produced After the Conclusion of the First Trial Are Untimely and Should Be Excluded. ............................................................. 5

      C.    Admitting the New Materials Will Prejudice Power Integrations with Unnecessary Delays and Undue Cost. ......................................................... 6

V.    CONCLUSION ................................................................................................................ 7

I.   **INTRODUCTION**

Plaintiff Power Integrations, Inc. ("Power Integrations") seeks an order from this Court precluding Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation ("Fairchild") from utilizing untimely produced materials at trial. Specifically, this Court should exclude the materials produced after the conclusion of the first trial in the case, which have been marked in Fairchild's revised exhibit list as DX544, DX546, DX547, DX548, and new pages I424, I434, I443, and I429 of DX545 (collectively "new materials").[1]

II.  **SUMMARY OF ARGUMENT**

Fairchild should be precluded from using evidence produced following the completion of discovery and of the first trial in this case, especially given Fairchild's concerted efforts to prevent Power Integrations from uncovering and testing this very evidence during the discovery period. Specifically, the Court should exclude the evidence because: (1) Fairchild's production of the documents after the close of the first trial is untimely; (2) Fairchild actively participated in blocking discovery of the evidence when it was initially requested and is estopped from asserting prejudice; and (3) admission of the new materials would be highly prejudicial to Power Integrations and add undue cost and delay to the pending trial. Any one of these reasons alone is sufficient for this Court to grant Power Integrations' motion to preclude the new materials.

III. **FACTUAL BACKGROUND**

Power Integrations sued Fairchild for patent infringement on October 20, 2004. During discovery, Power Integrations sought information from Fairchild and third-parties Intersil Corporation and James Beasom, the named inventor of alleged prior art patent number 4,823,173 ("the '173 patent"), which is assigned to Intersil. Fairchild and Intersil

---

[1] Power Integrations previously cross-moved to exclude these materials in the context of Fairchild's motion to increase the number of prior art references from 7 to 11 for the validity trial, but the Court did not rule on that cross-motion. Fairchild's recent suggestion that its prior motion was not directed to the number of references but rather to these late-produced documents has no basis.

produced those documents then perceived to be helpful to their case, but as discovery closed and the first trial approached it became apparent to Power Integrations that Fairchild and Intersil were holding back other information related to Beasom's work. Therefore, Power Integrations subpoenaed Intersil directly to obtain complete discovery into the facts and circumstances surrounding the Beasom '173 patent and what Fairchild alleged was Mr. Beasom's prior invention of the claimed subject matter. (*See* D.I. 262.)

Power Integrations' subpoena requested that Intersil turn over, *inter alia*, "all documents corroborating the date of conception and reduction to practice of the Beasom Patents" and "all documents that refer or relate to any effort to prove out or test the inventions claimed in the Beasom Patents, including, but not limited to, any test wafers, design runs, or other physical things alleged to embody the Beasom Patents." (*Id.* at 6, ¶¶ 6, 8.) Intersil moved to quash the subpoena.[2] (D.I. 263.) In briefing the motion to quash, Intersil's lawyers—who also represent Fairchild in this case—specifically stated that "Power Integrations has already received the information requested in the Intersil subpoena" and that any additional discovery being sought "has no legitimate use in the present suit." (*Id.* at 6-7.) This Court thereafter quashed the subpoena. (D.I. 335, 337.)[3]

The infringement and damages trial in this case concluded on October 6, 2006 with a finding that Fairchild willfully infringed all four asserted Power Integrations patents. Following the damages phase of the trial, with a validity trial now certain, Fairchild for the first time produced several rounds of new documents and things which allegedly relate to the Beasom '173 patent. (*See* D.I. 426, Exs. D-F.) Fairchild claims

---

[2] Fairchild and Intersil share the same counsel and have a joint defense agreement directed to the '173 patent and its continuation patent. They have also worked closely together in this case and have jointly sued Power Integrations in the Eastern District of Texas on a patent that is a continuation of the Beasom '173 patent in question. *See* D.I. 425 at 6-7.

[3] This Court also granted a separate Fairchild motion to preclude the use by Power Integrations of material produced after the discovery cutoff in this case, *see* D.I. 271 – despite the fact that both parties had fully investigated the materials in question, including by taking deposition testimony about the documents from a knowledgeable person. *See id.*

2

that the evidence was not previously discovered because it had "no control" over how "Intersil . . . responded to [the] discovery" requests. (D.I. 434 at 16 n.8.) Fairchild also contends that it "should not be prejudiced by the decisions of these independent third-parties." (*Id.*) As such, Fairchild seeks to rely on the new information, which includes new chips, probe data, wafers, bond diagrams, and magnified photographs allegedly related to the '173 patent (DX544, DX545,[4] DX546, DX547, and DX548, respectively). None of these items was on the comprehensive exhibit list Fairchild filed before the first trial in this case. (*See* D.I. 401 (ending with exhibit number DX540).)

## IV.   ARGUMENT

Fairchild's request to utilize the Beasom materials first produced after trial should be rejected out of hand. The evidence should have been produced many months earlier, during discovery and at a time when Power Integrations could have tested the evidence, were it not for the express actions of Fairchild's counsel, serving in the capacity of Intersil's counsel, in successfully quashing Power Integrations' subpoena for these very documents and things. There is no question that these materials are untimely, they have not been relied upon by the experts of either side, and the Court should thus exclude them from use in this case.

### A.   Fairchild Actively Assisted Intersil in Delaying the Production of the New Materials During Discovery and Should Be Precluded from Now Relying on Them or Arguing Prejudice Based on Their Exclusion.

Fairchild should be estopped from relying on new materials it successfully argued against producing earlier in the case. On May 9, 2006, Power Integrations subpoenaed Intersil to turn over, *inter alia*, "all documents corroborating the date of conception and reduction to practice of the Beasom Patents" and "all documents that refer or relate to any

---

[4] Fairchild has argued that DX545 is "a cleaner copy of the same notes as DX132" *see* D.I. 434 at 15, but it is not. Instead, DX545 contains four new pages—I000424, I000429, I000434, and I000443—mixed together with a re-ordered set of papers which had previously been provided to Power Integrations. These new pages include an entirely new type of document entitled "probe data." *Compare* D.I. 435, Ex. 23 *with* D.I. 438, Ex. 15.

3

effort to prove out or test the inventions claimed in the Beasom Patents, including, but not limited to, any test wafers, design runs, or other physical things alleged to embody the Beasom Patents." (D.I. 262 at 6, ¶¶ 6, 8.) Instead of producing the very documents Fairchild now seeks to use at the validity trial, Fairchild's counsel[5] actively worked to block access to the new materials, filing a motion to quash the subpoena on May 26, 2006. (D.I. 263.) To support its motion, Fairchild and Intersil's shared counsel stated that "Power Integrations has already received the information requested in the Intersil subpoena" and that any additional discovery being sought "has no legitimate use in the present suit." (*Id.* at 6-7.) The Court relied on Fairchild's counsel's representations and quashed the subpoena, concluding that the information Power Integrations sought had already been disclosed or was "irrelevant to this lawsuit." (D.I. 335 at 6-7.) That ruling is the law of the case, and the doctrine of judicial estoppel similarly "precludes a party from asserting a position in a proceeding that is inconsistent with a previously asserted position." *Waldorf v. Shuta*, 142 F.3d 601, 615-16 (3d Cir.1998). Therefore, the same attorneys who once argued that any further discovery "ha[d] no legitimate use in the present suit" should not be permitted to argue now that the very same material is highly relevant and essential to Fairchild's case, and the Court should preclude Fairchild from relying on the new materials at the upcoming trial.

      Moreover, if the new materials were truly essential to Fairchild's case, <u>Fairchild</u> could have moved to compel Intersil to produce the documents in a timely manner, or indeed could have cooperated with Power Integrations in seeking the information (including by joining its motion to compel). Instead, Fairchild worked with Intersil to ensure that the documents would not then be discovered by quashing Power Integrations' subpoena. No party should be permitted to actively assist in preventing discovery and then, when it later serves its interests, to turn around and argue that the information is

---

[5]   Intersil in fact had other counsel, *see* D.I. 277 (order granting pro hac vice motions), yet it was Fairchild and Intersil's shared counsel who filed the motion to quash.

4

now <u>essential</u> to its case.  Instead, the balance of equities weighs heavily in favor of precluding use of the new materials at trial.

Moreover, Fairchild's claim that it had "*no control*" over how "Intersil . . . responded to [the] discovery" requests and that it should not be "prejudiced by the decisions of . . . *independent* third-parties" is unfounded, and it misrepresents the facts of this case. (D.I. 434 at 16 n.8. (emphasis added).)  Intersil is not an independent third-party; as noted above, Fairchild and Intersil worked together to quash the subpoena directed to the very evidence that Fairchild now seeks to introduce.  Additionally, at the time the motion to quash was filed, Fairchild and Intersil had a joint defense agreement in place.  Fairchild and Intersil had also jointly initiated a patent infringement suit—on a patent that is a continuation of the Beasom '173 patent, to which the new materials allegedly relate—against Power Integrations in the U.S. District Court for the Eastern District of Texas.  (*See* D.I. 270, Ex. A at 1 (listing filing date as Apr. 11, 2006).)  The amount of collusion between Fairchild and Intersil demonstrates that Fairchild has at least some control over the materials in question and that that Fairchild's claim of "independence" is simply not true.  Fairchild should thus be estopped from claiming prejudice, and this Court should preclude the use of the new materials at trial.

  **B.**  **The New Materials Produced After the Conclusion of the First Trial Are Untimely and Should Be Excluded.**

Even if this Court does not find that estoppel prevents Fairchild from introducing the new materials, the materials should be precluded because they are untimely.  Most litigants can agree that fact discovery is closed once the trial begins; Fairchild seems to be the exception.  Fairchild claims it should be exempt from the rules of discovery because the new materials are "highly relevant," but Fairchild's claim that the materials are "highly relevant" does not make the allegation true.  Fairchild's actions demonstrate that the information was not "highly relevant," as its counsel alleged that discovery aimed at the very same materials was irrelevant and duplicative.  (*See* D.I. 263.)  And

5

Fairchild's experts, including its '075 patent validity expert Dr. Gwozdz, never reviewed or relied on the materials. Under these circumstances, admission of these untimely documents would be highly improper.

Equity also argues in favor of excluding the new materials. This Court previously rejected an attempt by Power Integrations to introduce additional evidence following the close of discovery. (*See* D.I. 334.) Here, Fairchild seeks to introduce additional evidence following the close of fact discovery, after the depositions of all Fairchild and Intersil-related witnesses have already taken place. Fairchild's attempt to argue that Mr. Beasom did in fact "testify" to the existence of the new evidence is a desperate attempt to convince this Court that a molehill is in fact a mountain. (*See* D.I. 434 at 16-17.) Mr. Beasom testified that there might be other documents or wafers somewhere but that he was not certain of their provenance or current status.[6] The deposition did not reveal how, when, or where these materials might be produced, and Fairchild did not produce them before trial. And of course Power Integrations had no opportunity to examine Mr. Beasom on these new materials, since they had not been produced at the time of his deposition. This Court should preclude Fairchild from doing the very same thing it succeeded in preventing Power Integrations from doing—introducing new evidence following the close of fact discovery and completion of depositions. (*See* D.I. 271 (letter brief to Court seeking exclusion of Frank Lum's documents); D.I. 334 (order granting same).)

      **C.    Admitting the New Materials Will Prejudice Power Integrations with Unnecessary Delays and Undue Cost.**

Even if this Court determines both that Fairchild should not be estopped from introducing the evidence and that their untimely production is forgivable, this Court should nonetheless preclude the new evidence because its admission would be highly

---

[6] "I didn't actually pull the wafers out and do measurements to verify that they were what I thought there was. So, there is a slight chance that it would turn out they're not the wafers I think." D.I. 431, Ex. 18 (Beasom Tr.) at 45:12-16.

6

prejudicial to Power Integrations. If the new materials are not excluded, Power Integrations will need to re-open fact discovery in order to take further depositions of James Beasom, Robert Moore, and John Prentice, and Power Integrations will also need to take additional discovery from Intersil, including a 30(b)(6) deposition as requested in the quashed subpoena. If fact discovery is reopened, there will be considerable additional cost and potential delay. The delay of the validity trial already has harmed Power Integrations, as Fairchild continues to infringe unabated.

Equally troubling as the cost and delay of re-opening discovery is Fairchild and Intersil's lack of candor to this Court with respect to the new materials. The documents and things produced after the conclusion of the first trial confirm that Intersil and Fairchild's counsel simply were not straightforward with the Court when they asserted, in the motion to quash, that all relevant Intersil materials in fact had been produced. (*See* D.I. 263 (stating that "Power Integrations has already received the information requested in the Intersil subpoena.").) Based on the timing of the disclosure of the new materials, there is a real and verifiable concern that Intersil and Fairchild have selectively produced documents in this case in an effort to obtain a strategic advantage.

To save the parties the trouble of re-opening fact discovery and attempting to determine what Intersil and Fairchild disclosed (and when and why the materials were disclosed selectively), the Court should simply exclude any Intersil or Beasom-related materials produced after the first trial and allow the parties to proceed on the evidence the parties had as of the time the first trial began. This is the only solution that respects the Court's schedule and orders while being fair to Power Integrations.

## V.     CONCLUSION

This Court should preclude Fairchild from relying on the materials allegedly related to Intersil and the Beasom '173 patent that Fairchild has produced since the conclusion of the first trial.

Dated:  February 7, 2007   FISH & RICHARDSON P.C.


By: /s/ *William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

8

# CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2007, I electronically filed with the Clerk of Court **POWER INTEGRATIONS' BRIEF IN SUPPORT OF ITS MOTION TO PRECLUDE USE BY FAIRCHILD OF ADDITIONAL INVALIDITY MATERIALS FIRST DISCLOSED AFTER THE CLOSE OF DISCOVERY, AND AFTER THE INITIAL TRIAL** using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent as indicated:

| | |
|---|---|
| **BY HAND DELIVERY**<br>Steven J. Balick<br>John G. Day<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION, and third party<br>INTERSIL CORPORATION |
| **BY E-MAIL AND FIRST CLASS MAIL**<br>G. Hopkins Guy, III<br>Gabriel Ramsey<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

/s/ *William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)

50398482.doc