IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>        Defendants. | C.A. No. 04-1371-JJF<br><br>DATE: March 2, 2007<br><br>TIME: 10:00 a.m. |

**POWER INTEGRATIONS' BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO REPLY TO FAIRCHILD'S SUPPLEMENTARY EXPERT REPORT OF DR. PETER GWOZDZ**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

DATED: February 8, 2007

**TABLE OF CONTENTS**

<u>Page</u>

I. SUMMARY OF ARGUMENT ................................................................................... 1
II. FACTUAL BACKGROUND ................................................................................... 1
III. ARGUMENT ........................................................................................................... 3
IV. CONCLUSION ........................................................................................................ 5

Plaintiff Power Integrations, Inc. ("Power Integrations") seeks leave for its process technical expert, Michael Shields, to respond to untimely contentions first raised by the process technical expert of Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation ("Fairchild"), Dr. Peter Gwozdz, after Mr. Shields provided his timely reports and sat for his deposition.

## I.    SUMMARY OF ARGUMENT

Power Integrations' expert should be permitted to respond to untimely contentions raised by Fairchild's technical expert. The basis for the Court's initial order precluding Mr. Shields from providing such rebuttal testimony (the then-impending trial date) has changed, and there is no prejudice to Fairchild in Mr. Shields's supplemental testimony given the time remaining before trial. Moreover, Fairchild's argument that it should be permitted to supplement its own expert's report before the June validity trial but that Power Integrations' expert should not be permitted to do so is plainly inconsistent and unfair.

## II.    FACTUAL BACKGROUND

Pursuant to the Court's scheduling orders in this case, fact discovery closed in 2005, and the parties stipulated that opening technical expert reports would be served by December 1, 2005, with rebuttal expert reports served by January 10, 2006. Despite these deadlines, on January 23, 2006, Fairchild and closely-aligned third party Intersil Corporation began producing documents allegedly relating to U.S. Patent No. 4,823,173 ("the Beasom '173 patent"), which is assigned to Intersil and which Fairchild's expert has asserted to be prior art to Power Integrations U.S. Patent No. 4, 811,075 ("the '075 Patent"). (*See* D.I. 364, Ex. K.) Following that production, and the production of additional materials, Intersil produced James Beasom and two other former Intersil employees for deposition on the same subject matter as the documents they produced after the cutoff for technical expert disclosures.

Power Integrations' process technology expert, Mike Shields, provided his disclosures in accordance with the stipulated schedule, and Mr. Shields sat for his deposition on February 16, 2006. A week after Mr. Shields was deposed, Fairchild's technical expert provided another report addressing new arguments concerning the validity of Power Integrations' '075 patent (including the impact of documents related to Mr. Beasom's work at Intersil), an issue on which Fairchild bears the burden, and for which Dr. Gwozdz was to have provided his opinions by December 1, 2005. (*See* D.I. 426, Ex. J.)

Power Integrations sought permission to respond to Fairchild's untimely expert report before the first trial, but the Court deferred ruling on the issue at that time, noting that it was unclear whether Fairchild would object to Mr. Shields responding to the contentions first raised in Dr. Gwozdz's Supplementary Report. (D.I. 384 at 12-13 n.2.) Before the originally scheduled validity trial, Power Integrations again raised the issue of Mr. Shields responding to Dr. Gwozdz's supplementary report. (D.I. 427 at 2.) During the November 20, 2006 pretrial conference, Fairchild argued "expert reports should be solid at this point. We shouldn't be supplementing them, and we shouldn't be requiring the parties to further depose expert witnesses two weeks before trial." (D.I. 436 at 52:7-12.) The Court thereafter stated that it would not permit Mr. Shields to supplement his report to respond to the Supplementary Report of Dr. Gwozdz. (*Id.* at 52:13-17.)

Ten days later, though, the Court issued an order putting off the trial in light of the pending Supreme Court decision in *KSR v. Teleflex*. In that same order, the Court granted a request by Fairchild to supplement its technical expert's work with another report. (D.I. 446.) Given the new trial schedule and the order permitting Fairchild to supplement its own expert's report, Power Integrations immediately raised the issue of supplementing Mr. Shields's testimony with Fairchild, particularly as the basis for not allowing Mr. Shields to supplement his testimony, the impending trial date, was no

2

longer present. (Marsden Decl., Ex. A.)[1] Despite the fact that Fairchild was in the process of supplementing its own expert's report, Fairchild objected to any supplementation by Mr. Shields. (Marsden Decl., Ex. B.) Power Integrations therefore seeks leave to respond to Fairchild's untimely expert disclosures at the upcoming validity trial in the manner set forth in the attached Supplemental Expert Report of Mike Shields (Marsden Decl., Ex. C.).

### III.    ARGUMENT

Power Integrations seeks leave for Power Integrations' process expert Mike Shields to address materials at the upcoming validity trial that Fairchild did not produce before Mr. Shields's initial expert reports were served. Fairchild argues that Power Integrations' process technology expert should not be allowed to provide any testimony regarding documents that came to light after Mr. Shields provided his rebuttal report (such as Mr. Beasom's notes), and that he should not be able to give opinions on validity issues first raised by Fairchild's process expert after Mr. Shields provided both his rebuttal report and his deposition testimony (again, mostly relating to Mr. Beasom's notes), but Fairchild's position is unreasonable and contrary to its own supplementation of expert disclosures.

The Beasom notes that form the primary basis for Fairchild's expert's Supplementary Report were produced by Intersil starting on January 23, 2006 (*see* D.I. 364, Ex. K), over a week after the technical experts provided their rebuttal reports in this case. As such, Mr. Shields did not have an opportunity to address them in his timely-served reports. Fairchild's expert, Dr. Gwozdz, likewise did not address the Beasom notes in either of the two expert reports he served in accordance with the Court's schedule. However, after the notes were produced by Intersil (in close cooperation with

---

[1] Unless otherwise noted, all references to "(Marsden Decl., Ex. __)" are attached to the accompanying Declaration of William J. Marsden, Jr., in Support of Power Integrations' Brief in Support of its Motion for Leave to Reply to Fairchild's Supplementary Expert Report of Dr. Peter Gwozdz.

3

Fairchild), and after Mr. Shields was deposed, Dr. Gwozdz provided a third, "Supplementary" report addressing these notes on February 23, 2006. Because of this sequence of events, Mr. Shields did not have the opportunity to address the Beasom disclosures.

Although the Court ultimately determined it would allow Fairchild to introduce testimony concerning the untimely invalidity contentions of Dr. Gwozdz, there was no way to predict at the time of Fairchild's untimely "Supplementary" disclosure that Power Integrations would need to serve another expert rebuttal report to respond to issues first raised after Power Integrations' expert had already offered opinions in a timely manner and had been deposed. Nevertheless, now that the Court has permitted Fairchild's untimely expert disclosure and pushed off the trial, Mr. Shields has provided a brief Supplemental Report (attached as Marsden Decl., Ex. C) responding to Dr. Gwozdz's untimely contentions.

Despite Fairchild's objection to the supplemental report of Mr. Shields, there is no prejudice to Fairchild in addressing Mr. Shields's 6-page Supplemental Report. First, the report only responds to contentions Fairchild itself raised in an untimely manner (on issues for which Fairchild bears the ultimate burden of proof). Second, Fairchild has months before the validity trial to digest Mr. Shields's brief Supplemental Report in preparation for trial. Lastly, Fairchild has been permitted to supplement its own expert disclosures in light of the new June trial date, and it is plainly inconsistent for Fairchild to adopt a hard-line approach to Mr. Shields's supplemental rebuttal testimony. Given the straightforward contentions set forth in Mr. Shields' Supplemental Report and the timing and sequence of events in this case, the Court should permit Mr. Shields to address these matters at the upcoming validity trial.

4

## IV.    CONCLUSION

Therefore, Power Integrations seeks leave for its expert Michael Shields to respond to the untimely expert testimony in Dr. Gwozdz's Supplementary Report as set forth in Mr. Shields's brief Supplemental Report.

Dated:  February 8, 2007            FISH & RICHARDSON P.C.


By: /s/ *William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

5

# CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2007, I electronically filed with the Clerk of Court **POWER INTEGRATIONS' BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO REPLY TO FAIRCHILD'S SUPPLEMENTARY EXPERT REPORT OF DR. PETER GWOZDZ** using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent as indicated:

| | |
|---|---|
| **BY HAND DELIVERY**<br>Steven J. Balick<br>John G. Day<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION, and third party<br>INTERSIL CORPORATION |
| **BY E-MAIL AND FIRST CLASS MAIL**<br>G. Hopkins Guy, III<br>Gabriel Ramsey<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

/s/ *William J. Marsden, Jr.*
William J. Marsden, Jr.

50398653.doc