IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., and FAIRCHILD
SEMICONDUCTOR CORPORATION,

        Defendants.

**REDACTED PUBLIC
VERSION**

C.A. No.  04-1371-JJF

**CONSOLIDATED ANSWERING BRIEF IN RESPONSE TO POWER INTEGRATIONS'
MOTION TO PRECLUDE USE BY FAIRCHILD OF ADDITIONAL INVALIDITY
MATERIALS (D.I. 456) AND MOTION FOR LEAVE TO REPLY TO FAIRCHILD'S
SUPPLEMENTARY EXPERT REPORT OF DR. PETER GWOZDZ (D.I. 460)**

ASHBY & GEDDES
Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*
*FAIRCHILD SEMICONDUCTOR*
*INTERNATIONAL, INC. and FAIRCHILD*
*SEMICONDUCTOR CORP.*

*Of Counsel:*

G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: February 22, 2007
178091.1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ..................................................................................1

II.  BACKGROUND ................................................................................2

   A.  The Beasom Exhibits Are Proper ...............................................2

      1.  The Court already ruled that Fairchild could rely upon the Beasom Exhibits ....................................................................2

      2.  Power Integrations did not subpoena the Beasom Exhibits from Mr. Beasom ..................................................3

      3.  Power Integrations purposefully chose not to seek timely discovery from Intersil...........................................................4

      4.  The Court properly quashed Power Integrations' untimely Intersil subpoena ...................................................................4

      5.  Fairchild produced the Beasom Exhibits as soon as possible..............5

   B.  The February 6, 2007 Shields Report Is Untimely ...........................5

      1.  The Court already ruled that Power Integrations could not supplement Mr. Shields' report ....................................6

      2.  Power Integrations purposefully delayed supplementing the Shields' Report ...................................................................7

III.  ARGUMENT.....................................................................................8

   A.  The Court's Prior Order To Permit Fairchild To Rely Upon The Beasom Evidence Was Correct .......................................8

      1.  The Court already determined that Fairchild may rely upon the Beasom Exhibits.................................................8

      2.  Fairchild is not estopped from relying upon the Beasom Exhibits ...................................................................9

   B.  The Court should Continue T Preclude Power Integrations From Serving "Supplemental Expert Reports ...............................9

i

      1.     It is fundamentally unfair and highly prejudicial for Power Integrations to reopen expert reports and discovery....................10

      2.     The new Shields' Report is untimely......................................11

      3.     Dr. Horowitz' timely supplemental report on the circuit patents does not provide a basis for Mr. Shields' untimely report on the process patent..............................................12

IV.     CONCLUSION.......................................................................................14

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") oppose Power Integrations' Motions to preclude Fairchild from relying on evidence proving that the '075 Patent is invalid and to permit Power Integrations to submit an additional and untimely expert report from Michael Shields. DI 456 & 460. Since Power Integrations' motions are interrelated and will be heard on the same day, Fairchild submits a single, consolidated opposition for the convenience of the Court.

## I.    INTRODUCTION

Power Integrations' '075 Patent is clearly invalid in light of U.S. Patent No. 5,264,719 issued to James Beasom (the "Beasom Patent"). The Court has already expressly ruled that Fairchild can rely upon this prior art and the supporting evidence. *See* DI 446, p. 3. Now, in a last ditch attempt to save its patent, Power Integrations has filed one motion repeating the same previously rejected arguments seeking to exclude this exhibit evidence and a second motion seeking permission for its process expert, Michael Shields, to submit a new report with entirely new opinions concerning the invalidity of the '075 Patent. As previously ordered by the Court, this additional expert report is inappropriate and untimely. *See* DI 436, 52:13-17.

Specifically, Power Integrations seeks to exclude Fairchild exhibits DX 544, portions of DX545, and DX546-548 (the "Beasom Exhibits"). This evidence establishes that Mr. Beasom conceived and reduced to practice his invention before Power Integrations' '075 Patent and, thus, that patent is invalid. The Beasom Exhibits were under the control of non-party Intersil Corporation and were immediately produced to Power Integrations as soon as they were provided to Fairchild. In response to a prior Power Integrations motion, the Court already considered and rejected identical arguments that the Beasom Exhibits were untimely and that Fairchild should be precluded from relying upon them.

Ironically, at the same time that Power Integrations claims that the Beasom Exhibits must be excluded as untimely, Power Integrations seeks to "supplement" the report of its process

expert, Michael Shields.[1]

Mr. Shields' Supplemental Report provides opinions on entirely new subjects, such as which of Mr. Beasom and Mr. Eklund was first to complete their inventions. Any new opinion is inappropriate at this stage of the case but this is particularly inappropriate since Mr. Shields testified under oath during his deposition not only that he had no intention of supplementing his report but affirmatively stated that he could not offer any opinion whatsoever on this issue. The new Report also provides new opinions on prior art and other evidence that has been in Power Integrations' possession for over a year.

The Court has already expressly prohibited Power Integrations from supplementing Mr. Shields' report. Power Integrations' further delay simply renders the proposed supplement still more untimely and prejudicial.

## II.    BACKGROUND

### A.    The Beasom Exhibits Are Proper.

Power Integrations disputes that the prior art Beasom patent teaches the invention claimed in the '075 Patent. The Beasom Exhibits include test chips, wafers, bond diagrams, notes and run cards that show that Mr. Beasom was in full possession of his invention prior to Mr. Eklund's conception of the '075 Patent.

### 1.    The Court already ruled that Fairchild could rely upon the Beasom Exhibits.

On November 3, 2006, Fairchild requested leave to rely on 11 specific prior art references. DI 423. Among these was the prior art Beasom Patent, which Power Integrations conceded "is and has been at issue throughout the case". DI 425, p. 5. Power Integrations, however, disputes that the Beasom invention was prior to the '075 Patent. Thus, in its Motion for Leave to rely upon the Beasom patent, Fairchild specifically stated that "Fairchild will rely upon Mr. Beasom's notebooks, test wafers, and test results (**Exhs. DX-66, -128, -129, -130, -131, -132, -541, -542, -543, -544, -545, -546, -547, -548**.)" DI 423, pp. 7-8 (emph. in original).

---

[1]    Since this new Report does not address the Beasom Exhibits, Power Integrations' request for a supplemental report is separate from its motion to exclude the Beasom Exhibits.

This unambiguously includes the Beasom Exhibits that Power Integrations now seeks to exclude.

In response, Power Integrations objected to Fairchild's reliance on the Beasom Exhibits. *See*, DI 425, pp. 5-7. Indeed, Power Integrations made *exactly* the same arguments that it raises in its recent Motion. *Id.* ("no excuse for Fairchild's delay" (p. 5), "Fairchild and Intersil claim to have a joint defense agreement" (p. 5), "Fairchild's and Intersil's counsel moved to quash an earlier Power Integrations subpoena" (p. 6), *etc.*).

The Court considered all of Power Integrations' arguments and granted Fairchild's motion, permitting Fairchild to rely upon the Beasom Patent and Beasom Exhibits. DI 446, p. 3 ("Defendants request (D.I. 423) to use additional prior art references during the validity trial in this matter is **GRANTED**.") (emphasis in original). The Court explained its reasoning by noting that "Plaintiff had some notice of the prior art upon which Defendants intend to rely… through interrogatories and other submissions by Defendants." *Id.*, p. 2.

The Court's Order permitting Fairchild to rely upon the Beasom Exhibits was dated November 30, 2006. Thus, pursuant to Delaware Local Rule 7.1.5, Power Integrations was required to seek reconsideration no later than December 14, 2006. Power Integrations did not do so. Instead, Power Integrations delayed almost 10 weeks before filing the instant Motion, which simply regurgitated the arguments already considered and rejected by the Court.

## 2. Power Integrations did not subpoena the Beasom Exhibits from Mr. Beasom.

Throughout its Motion, Power Integrations complains that the Beasom Exhibits were improperly withheld. This is untrue. Power Integrations received all of the discovery it sought and to which it was entitled.

On September 13, 2005, Fairchild subpoenaed deposition testimony and documents from Mr. Beasom as an individual. Exh. A. Three days later, Power Integrations also subpoenaed Mr. Beasom personally, but the only documents sought by Power Integrations were "documents and things produced or provided to Orrick, Herrington & Sutcliffe LLP in response to the subpoena dated September 13, 2005, attached hereto as Exhibit A." Exh. B.

The parties agreed to reschedule Mr. Beasom's deposition to accommodate his schedule. Consequently, Fairchild served an amended deposition notice and new subpoena. Exh. C. Power Integrations, however, still did not subpoena documents from Mr. Beasom. Instead, Power Integrations simply served an amended notice rescheduling the deposition but not seeking any documents.[2] Exh. D.

Thus, Mr. Beasom fully complied with Power Integrations' document subpoena by providing to Power Integrations the same documents that were produced to Fairchild's attorneys. Power Integrations deposed Mr. Beasom (as well as Messrs. Prentice and Moore who corroborated Mr. Beasom's testimony) and had a full and fair opportunity to seek whatever discovery they believed necessary from Mr. Beasom.

### 3.   Power Integrations purposefully chose not to seek timely discovery from Intersil.

On September 13, 2005, Fairchild subpoenaed documents from Intersil. Exh. G. Power Integrations chose not to subpoena Intersil, presumably because Power Integrations' attorneys had recently represented Intersil and were concerned about a conflict of interest. Exh. H.

During his January 26, 2006 deposition, Mr. Beasom stated that Intersil may possess additional materials. *See* Exh. I, Beasom Depo., 45:7-47:10. Despite this, Power Integrations did not subpoena or otherwise seek these documents from Intersil.

On April 11, 2006, Fairchild filed suit in the Eastern District of Texas alleging that Power Integrations infringed Mr. Beasom's patent. Only thereafter, on May 9, 2006, did Power Integrations issue its one and only subpoena to Intersil. Exh. J.

### 4.   The Court properly quashed Power Integrations' untimely Intersil subpoena.

The Court granted Intersil's motion and quashed Power Integrations' belated subpoena since (i) Power Integrations sought discovery only relevant to the newly filed Texas case and (ii)

---

[2]     Power Integrations' decision not to subpoena documents from Mr. Beasom appears calculated. Indeed, *that same day* Power Integrations took the opposite course and subpoenaed additional documents from Messrs. Prentice and Moore, two witnesses corroborating Mr. Beasom's development of his prior art devices. *See* Exhs. E and F.

the discovery sought should have been obtained from Messrs. Beasom, Prentice, and Moore when Power Integrations deposed them months earlier. *See* DI 335, p. 6. None of this has changed and Power Integrations has given no reason why the Court's decision was wrong.

Instead, Power Integrations now alleges that Fairchild is responsible for Power Integrations' failure to seek timely discovery from Intersil. This simply is not true. Fairchild was not a party to Intersil's motion to quash and Fairchild did not file any brief on the issue.[3]

### 5. Fairchild produced the Beasom Exhibits as soon as possible.

Throughout the case, both parties have continued to produce documents and discovery as they became available. Indeed, Power Integrations produced almost 68,000 pages *after* the close of document production.

The Beasom Exhibits are no different. Fairchild learned that these exhibits were still in the possession of non-party Intersil around October 17, 2006 and secured their production by October 23, 2007, at which time they were immediately produced to Power Integrations. *See* Exhs. N and O. Thus, the specific exhibits of which Power Integrations complains were produced over 15 weeks before Power Integrations filed its most recent motion to exclude them and over seven months before the invalidity trial.

### B. The February 6, 2007 Shields Report is Untimely.

On February 6, 2007, Power Integrations submitted an entirely new report from its process expert, Michael Shields. While this report concerned the invalidity of the '075 patent, *it did not address the Beasom Exhibits*. Thus, the appropriateness of this untimely report is an entirely separate issue from Fairchild's reliance on the Beasom Exhibits.

Instead, Mr. Shields' new report concerns inventor notebooks and other evidence that was timely produced to Power Integrations. Specifically, "in forming my opinions for this report" Mr. Shields purports to have considered four pieces of information, the most recent of

---

[3]    Intersil's local counsel, the law firm of Ashby & Geddes, also serves as Fairchild's local counsel in this case. While Intersil's briefs were filed by Ashby & Geddes – as required by the Delaware Local Rules – they were signed on behalf of lead counsel for Intersil (the firm of Shore, Chan, Bragalone LLP), not counsel for Fairchild (Orrick, Herrington & Sutcliffe).

which Power Integrations has had in it possession for almost a year before the new report:

| Material Considered | Produced to Power Integrations |
|---|---|
| Supplementary Expert Report of Dr. Peter S. Gwozdz | February 23, 2006 |
| Exhs to Dr. Gwozdz' Supplementary Report | Prior to October 14, 2005[4] |
| References cited in Dr. Gwozdz' Supplementary Report | Prior to 1999[5] |
| James Beasom patent disclosure forms (FCS1691462-73) | April 24, 2006 |

Had such materials truly warranted supplementing Mr. Shields' report, there is no excuse for Power Integrations' delay.

### 1.    The Court already ruled that Power Integrations could not supplement Mr. Shields' report.

Power Integrations concedes that the Court already has held that Power Integrations may not file a supplemental Shields report. Motion (DI 461), pp. 1 and 2. Despite this, Power Integrations chose to do so in violation of the Court's Order. This is reason enough to deny Power Integrations' Motion.

On November 20, 2006, the Court held that Power Integrations was not permitted to supplement Mr. Shields' invalidity report:

> THE COURT: All right. *I'm not going to allow the supplement.* I'm going to hold both parties, as I did with Fairchild, on the initial issue here. *And that should put it to rest.*

*See* DI 436, 52:13-17 (emphasis added). Power Integrations did not seek reconsideration of this

---

[4]    There was only one substantive "exhibit" to Dr. Gwozdz' Supplementary Report – a reproduction of figure 1 from the prior art Wakaumi article. This article was used in Mr. Eklund's deposition on October 14, 2005 and produced before then. The remaining "exhibits" were simply an update on the cases in which Dr. Gwozdz has testified and a list of materials he reviewed.

[5]    While Mr. Shields is vague as to what "references" he is referring, presumably he intends the Sun Dissertation and the Wacyk reference that were addressed in Dr. Gwozdz Supplemental Report. As the Court determined, these documents were in Power Integrations' possession long before this case began and were improperly withheld from Fairchild. Indeed, the Court permitted Dr. Gwozdz to supplement his expert report, in part, because of Power Integrations' failure to produce this evidence. *See* DI 327, p. 3 ("Having failed to properly disclose these references in the first instance, the Court concludes that the Supplemental Report of Dr. Gwozdz addressing these references should not be precluded from evidence.").

order as required by the Delaware Local Rules but, rather than "put it to rest" as instructed by the Court. Power Integrations simply ignored the Court's order and served a supplemental Shields Report over a year after the deadline for such reports.

### 2. Power Integrations purposefully delayed supplementing the Shields' Report.

Power Integrations' report on the invalidity of the '075 patent was due on January 10, *2006* and Power Integrations timely submitted such a report.

On January 26, 2006, Fairchild and Power Integrations deposed Mr. Beasom. Prior to that deposition, Mr. Beasom produced inventor notebooks and other materials concerning his work at Intersil. Power Integrations received and reviewed this information in advance of the deposition and questioned Mr. Beasom extensively about it during his deposition.

Power Integrations did not file a supplemental report after receiving Mr. Beasom's inventor notebook or even after conducting Mr. Beasom's deposition.[6] Fairchild then deposed Mr. Shields about his opinions on February 16, 2006.

### REDACTED

Exh. K,

Thus, the parties prepared for trial. The parties submitted their Joint Pretrial Order and completed the first trial on infringement and damages without Power Integrations filing a

---

[6] In contrast, to address new opinions disclosed for the first time in Mr. Shields' deposition, Fairchild filed a supplemental report from its process expert, Dr. Gwozdz, one week later. The Court determined that this supplemental report was timely and appropriate. DI 327.

supplemental Shields Report. Indeed, the parties prepared for and were within two court days of starting the invalidity trial without Power Integrations supplementing this report.

After the Court stayed the invalidity trial, Power Integrations wrote and stated its intention to supplement the Shields Report "on the same schedule provided for Dr. Horowitz's supplement (*i.e. by December 29*)."[7] Exh. L (emphasis added). Since Power Integrations had not sought and the Court had not provided leave for Power Integrations to file such a report, Fairchild immediately objected. Exh. M.

Power Integrations failed to serve its proposed supplemental report on December 29, 2006 (or, indeed, respond to Fairchild's letter in any fashion). Thus, Fairchild assumed that Power Integrations agreed that such a report was inappropriate. Fairchild was startled when Power Integrations submitted an entirely new report over a month later on February 6, 2007.

## III.    ARGUMENT

### A.    The Court's Prior Order To Permit Fairchild To Rely Upon The Beasom Evidence Was Correct.

The Beasom Exhibits prove that Power Integrations' '075 Patent is invalid. Unable to rebut this highly probative and clearly relevant evidence, Power Integrations again seeks simply to exclude it. The Court has rejected Power Integrations' argument once and should do so again.

#### 1.    The Court already determined that Fairchild may rely upon the Beasom Exhibits.

As part of its briefing concerning the prior art upon which it would rely, Fairchild expressly stated that Mr. Beasom's prior art patent anticipated the asserted claims of the '075 Patent. Further, to remove any ambiguity, Fairchild expressly stated that it would rely upon the Beasom Exhibits to corroborate Mr. Beasom's earlier invention. DI 423, pp. 7-8.

In response, Power Integrations conceded that the Beasom Patent "is and has been at issue throughout the case" but argued that the Beasom Exhibits should be excluded. DI 425, p. 5. Power Integrations' arguments were precisely the same as it raises now. The Court considered

---

[7]    This date – between the Christmas and New Year holidays – was difficult for Fairchild, its expert, and its attorneys. Despite that, Fairchild ensured that the report was submitted on the schedule set by the Court.

the matter and granted Fairchild's motion to rely upon the Beasom Patent and Exhibits. DI 446.

The Delaware Local Rules required Power Integrations to seek reconsideration of this decision within 10 days.[8] Del. L.R. 7.1.5. The Court's order was filed on December 1, 2006 but Power Integrations did not file its instant motion until February 8, 2007 – 69 days later. For this reason alone, Power Integrations' motion should be denied as untimely.

### 2.    Fairchild is not estopped from relying upon the Beasom Exhibits.

Power Integrations argues that Fairchild should be "estopped" from relying upon the Beasom exhibits. Motion, pp. 3-5. This is both factually and legally wrong.

As a factual matter, despite Power Integrations' argument to the contrary, neither Fairchild nor its lead counsel participated in the briefing after which the Court quashed Power Integrations' untimely subpoena to Intersil. While Fairchild's local counsel also happens to represent Intersil, he was acting for Intersil – not Fairchild – with respect to this issue. Indeed, he clearly signed each brief as "Attorneys for Intersil" and not Fairchild. *See* DI 262.

Power Integrations also fails to provide support for its novel legal argument that actions taken by a third party or a local counsel can serve to estop a party from relying upon admissible evidence of invalidity. Fairchild has no control over Intersil and there is no dispute that Fairchild turned over documents from Intersil to Power Integrations as soon as they were provided to Fairchild. There is no basis to estop Fairchild from relying upon the Beasom Exhibits.

### B.    The Court Should Continue to Preclude Power Integrations From Serving "Supplemental" Expert Reports.

Although it addresses the invalidity of the '075 Patent, Mr. Shields' untimely Report is entirely unrelated to the Beasom Exhibits. Indeed, the new Shields Report does not even address Fairchild Exhibits DX554-548. Instead, it raises entirely new invalidity arguments that should have been disclosed over a year ago and certainly before Mr. Shields' deposition.

---

[8]    Indeed, Power Integrations argued that a motion for reconsideration filed by Fairchild should be denied because it was filed after more than 10 days. *See* DI 288, p. 3, n. 2. While the Court dismissed this objection because Power Integrations had miscounted the number of days (DI 328, p. 3), this is a clear recognition by Power Integrations that motions for reconsideration filed after more than 10 days are untimely and should be denied out of hand.

**1.    It is fundamentally unfair and highly prejudicial for Power Integrations to reopen expert reports and discovery.**

Power Integrations argues that there is "no harm, no foul" in supplementing the Shields report because it is almost four months until the invalidity trial. Motion, p. 2. This is precisely the argument Fairchild made almost four months prior to the infringement trial with respect to the noninfringement and invalidity reports:

> **Mr. Guy:**    Your Honor, we can certainly set a date this summer in which everything will be final and we have the other discovery to do. I just want to make sure that to the extent the expert has provided testimony on something, that we can make sure it's in, we'll go back and make sure if any supplement report is due we can probably do it by the end of June, first of July and give them plenty of time.

DI 282, 39:11-29. At that time, Power Integrations vociferously objected to any effort to supplement or update the reports (even in response to the Court's claim construction order):

> **Mr. Scherkenbach:**  We do [have a problem with that] because the deposition has happened. It's done and over with. This is actually one of the motions in limine. Not that I expect the Court to even look at them at this point, but there's a particular person they have in mind who substantially changed his opinions at deposition and without supplementing the report and we were told, well, you've had a chance to ask questions, ask him questions at deposition, that's too bad.
>
> *So what I'm sure they'd now love to do is have a date in the future that they can put it in a report. I guess we'll depose him again. We object to that. That's over. It's a very limited window to do damages expert reports — discovery, excuse me, reports are done. Finish those, a bit of clean up and that should be that.*

*Id.*, 39:35-40:23 (emphasis added). In response, the Court made clear that Fairchild could not supplement its non-infringement reports to address new evidence or theories:

> **The Court:**    I'll tell you what that motion in limine gets you a decision, then you'll know whether you can – see, one of the things, if what I'm hearing is factual, if the witness changed at the deposition what the opinions of the report were, that's an egregious violation of the scheduling order because how would you ever prepare for a deposition except from the report, and then when you showed up if there were new opinions that weren't in the report, what would be the sense of a deposition?

*Id.*, 40:41-41:15.

Having successfully argued that the Court should preclude supplemental expert reports in advance of the infringement trial, it is highly unfair and extremely prejudicial for Power Integrations to seek to provide entirely new invalidity arguments before the invalidity trial.

2.     **The new Shields' Report is untimely.**

Power Integrations' invalidity report was due on January 10, *2006*. There is no explanation – let alone, excuse – for why Power Integrations delayed over a year before submitting its latest Shields Report on February 6, *2007*.

Rather than acknowledge this delay, Power Integrations argues that it could not have addressed the Beasom inventor disclosures in its initial report because these documents were not produced by non-parties Beasom and Intersil until January 23, 2006. As an initial matter, any delay in production was due, in part, to Power Integrations' failure to seek any documents from Intersil or unique documents from Mr. Beasom.

More fundamentally, however, there is no dispute that Power Integrations received Mr. Beasom's inventor notebooks prior to Mr. Beasom's January 26, 2006 deposition. Indeed, Power Integrations deposed Mr. Beasom about these documents and they are not subject to Power Integrations' Motion to exclude the Beasom Exhibits. Despite this, Mr. Shields apparently felt that there was no need to supplement his report before his February 16, 2006 deposition

**REDACTED**

Exh. K,                                              . Thus, the new Shields Supplemental Expert Report deals entirely with evidence that was in Mr. Shields' possession prior to his February 16, 2006 deposition but which he refused to offer an opinion on.

As late as December 2006, Power Integrations still did not believe it necessary to supplement the Shields report. Indeed, the parties were within two court days of starting the invalidity trial before it was continued by the Court and Power Integrations did not serve a supplemental report.

After the invalidity trial was stayed, Power Integrations stated that it would supplement the Shields report "by December 29", 2006. Exh. L. Power Integrations never suggested that there was any connection between the basis for the stay – the Supreme Court's pending *KSR* decision – and the need for yet another expert report. Indeed, Power Integrations withheld the report or any details of what it would supplement. Thus, Fairchild promptly objected. Exh. M.

Power Integrations neither supplemented the Shields report on December 29 nor responded to Fairchild's letter. Thus, Fairchild considered the matter closed. On February 6, 2007, however, Power Integrations served a supplemental report. This report is inexcusably late:

- Almost 13 months after the invalidity report was due on January 10, 2006.
- Over a year after receiving the Beasom inventor notebooks and documents on January 23, 2006.
- Over a year after deposing Mr. Beasom on January 26, 2006 on the subject of the Supplemental report
- Over 11 months after Mr. Shield's deposition was concluded on February 16, 2006.
- Over 11 months after Dr. Gwozdz's supplemental report – the report allegedly requiring the new response from Mr. Shields – was served on February 23, 2006.
- Over eight months after successfully arguing on May 31, 2006 that expert reports should not be updated to address new discovery or theories. *See* DI 282, pp. 39:11-41:15.
- Over five months after the Court held on August 22, 2006 that Dr. Gwozdz supplemental expert report was appropriate and timely.
- Over two months after the Court denied Power Integrations' permission to supplement Mr. Shields' report on November 30, 2006.
- Almost two months after the invalidity trial was to have been concluded around December 7, 2006.
- Over five weeks after the December 29, 2006 deadline for Dr. Horowitz's report.

Thus, Mr. Shields' untimely supplemental report should be stricken.

### 3. Dr. Horowitz's timely supplemental report on the circuit patents does not provide a basis for Mr. Shields' untimely report on the process patent.

Finally, Power Integrations seeks to excuse its untimely and inappropriate supplemental report by pointing out that Fairchild complied with the Court's order by serving another report from its circuit expert, Dr. Horowitz. This is the proverbial "apples to oranges" comparison.

On December 29, 2006, Fairchild submitted a supplemental report concerning the invalidity of the three circuit patents. Throughout its Motion, Power Integrations misleadingly argues that Fairchild sought permission to supplement Dr. Horowitz Report in this fashion. *See* Motion, pp. 1 and 4. That simply is not true.

As the Court may recall, after the Court limited the prior art upon which Fairchild could rely, Power Integrations further sought to limit Fairchild's invalidity defenses by arguing that Dr. Horowitz had not sufficiently disclosed the bases of his opinions that the prior art invalidated the

asserted claims. DI 425. In response, Fairchild identified precisely where in Dr. Horowitz's expert report each opinion was disclosed. DI 434. The Court held that "Plaintiff had some notice of the prior art upon which Defendants intend to rely either through Dr. Horowitz's reports or through interrogatories or other submissions by Defendants" but that "Dr. Horowitz's expert report lacks a detailed discussion and/or application of that prior art in light of the factors to be considered in an obviousness inquiry" and ordered Fairchild to supplement Dr. Horowitz's report by December 29, 2006.[9] DI 446, pp. 2-3. To be clear, Fairchild *never* requested leave to supplement its expert report. To the contrary, Fairchild always argued that the information was sufficiently disclosed in the existing reports. *See e.g.* DI 434.

Thus, Dr. Horowitz's December report, at the Court's direction, simply provided a more detailed explanation of what was always his opinion – that the circuit patents are invalid in light of the identified prior art. In contrast, Mr. Shields' Supplemental Report contradicts his sworn deposition testimony and greatly expands his invalidity opinions by providing entirely new *arguments* – namely, that Mr. Beasom was not in possession of his invention prior to the conception and reduction to practice of the '075 patent.

**REDACTED**

Exh. K,                                        A year later, Mr. Shields changed his

mind and now opines that "Mr. Beasom was not the first to invent the subject matter of claim 1

---

[9]     The Court also permitted Power Integrations' circuit expert, Mr. Blauschild, to supplement his report. The Court did not find any supplementation necessary with respect to the process patents. *See* DI 446, pp. 3-4.

of ht '075 Patent." DI 462, Exh. C, Supp. Shields Report p. 3. This new argument may require additional discovery and still more reports for Fairchild to address.

The Court's decision to require Fairchild to serve an additional invalidity report concerning the circuit patents does not provide a basis for Power Integrations to argue entirely new invalidity theories concerning the process patent.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Power Integrations' motions. Fairchild should continue to be permitted to rely upon DX554-548 and Power Integrations should continue to be precluded from supplementing the expert report of Michael Shields.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*
*FAIRCHILD SEMICONDUCTOR*
*INTERNATIONAL, INC. and FAIRCHILD*
*SEMICONDUCTOR CORP.*

*Of Counsel:*

G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: February 22, 2007
178091.1

- 14 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a

    Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC.

    Defendant.

C.A. No. 04-1371-JJF

**NOTICE OF SUBPOENA OF JAMES
D. BEASOM PURSUANT TO
FEDERAL RULE OF CIVIL
PROCEDURE 45**

TO PLAINTIFF POWER INTEGRATIONS, INC. AND ITS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Fairchild Semiconductor International, Inc. will take the oral deposition of James D. Beasom, at the offices of King Reporting Service, 14 Suntree Place, Suite 101, Melbourne, Florida 32940, beginning at 9:30 A.M. on September 30, 2005, continuing day to day until complete.

NOTICE IS FURTHER GIVEN THAT the deposition will be recorded stenographically through instant visual display of testimony (real-time), by certified shorthand reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. This deposition will be videotaped.

NOTICE IS FURTHER GIVEN THAT Mr. Beasom is instructed to produce documents, identified in the attached Subpoena, at the offices of King Reporting Service, 14 Suntree Place, Suite 101, Melbourne, Florida 32940 on September 30, 2005.

Dated: September 13, 2005

ASHBY & GEDDES

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, DE  19899
Tel: (302) 654-1888

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

OF COUNSEL:

ORRICK, HERRINGTON & SUTCLIFFE LLP

Bas de Blank

G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
1000 Marsh Road
Menlo Park, CA  94025
Tel: (650) 614-7400

**ATTACHMENT A**

1    Pursuant to Federal Rule of Civil Procedure 45, Defendants Fairchild

2   Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively,

3   "Fairchild") hereby requests that James D. Beasom produce and allow inspection and copying of

4   the following documents and things requested herein at the law offices of Orrick, Herrington &

5   Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, California 94025, at the date and time specified in

6   the attached subpoena in accordance with the Federal Rules of Civil Procedure (and the following

7   Definitions and Instructions).

**DEFINITIONS AND INSTRUCTIONS**

8        A.    In responding to the present subpoena duces tecum, you are required to furnish

9   such information as is available to you, including but not limited to information in the possession

10  of your agents, representatives, or any other person or persons acting on your behalf.

11       B.    The "Beasom Patents" shall be understood to mean U.S. Patent No. 4,823,173 (the

12  "'173 Patent"), U.S. Patent No. 5,264,719 (the "'719 Patent") and all applications, continuations,

13  CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including

14  PCT Applications) and related patents thereof, whether issued, abandoned or pending including,

15  but not limited to, U.S. Patent Application Serial No. 831,384, filed January 7, 1986, U.S. Patent

16  Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No.

17  705,509, filed May 24, 1991.

18       C.    The terms "writings," "recordings," or "documents" as used herein are used in

19  their broadest sense and include, without limitation, the original and all non-identical copies

20  (including those with any notations of the following items: agreements and contracts;

21  assignments; licenses; correspondence; reports, notes and memoranda; summaries, daytimers,

22  calendars, minutes, notes and records of telephone conversations, meetings and conferences;

23  reports and/or summaries of investigations; opinions and reports of experts and consultants;

24  statements of persons having knowledge of relevant facts; cablegrams and telex messages;

25  patents, registrations of service or trademarks, copyrights, and applications for each of them;

26  opinions of counsel; sales records, including purchase orders, order acknowledgments and

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

1  invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets,

2  catalogs, sales literature and sales promotion material; advertisements; world-wide web and/or

3  internet postings; trade letters, notices and announcements, and press releases; specification

4  sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche,

5  photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic

6  diagrams, timing diagrams, pictures, photographs; all data or information stored on computer

7  readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes,

8  cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, all code

9  listings including comments, code files, electronic mail; and all writings as that term is defined by

10  Rule 1001 of the Federal Rules of Evidence. The terms "writings," "recordings," or "documents"

11  refer to all writings, recordings or documents of which you have knowledge, and all writings

12  which are in the possession, custody or control of you, your agents, attorneys, officers,

13  employees, or other representatives.

14      D.      "Any" shall be understood to include and encompass "all." As used herein, the

15  singular shall always include the plural and the present tense shall also include the past tense.

16  The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to

17  bring within the scope of this request all documents or things that might otherwise be construed to

18  be outside its scope.

19      E.      "Concerning" means relating to, evidencing, mentioning, discussing, constituting,

20  contradicting, supporting, referring to, or in any other way dealing with the subject matter

21  described in the request in which the term appears.

22      F.      If you object to the production of any document on the grounds that it is protected

23  from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege,

24  you are requested to identify each document for which the privilege is claimed and give all

25  information required by applicable case law, including but not limited to the following:

26          a.      the name of the writer, sender, or initiator of each copy of the document;

27          b.      the name of the recipient, addressee, or party to whom any copy of the

28              document was sent;

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

-2-

c.  the date of each copy of the document, if any, or an estimate of its date;

d.  a statement of the basis for the claim of privilege; and

e.  a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

## LIST OF DOCUMENTS TO BE PRODUCED

1.  All documents concerning the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

2.  Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

3.  All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

4.  All documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

-3-

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF FLORIDA

POWER INTEGRATIONS, INCORPORATED,
Plaintiff,

v.

**SUBPOENA IN A CIVIL CASE**

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND Case Number:[1] 04-1371-JJF
FAIRCHILD SEMICONDUCTOR COPRORATION, Defendants.

District of Delaware

TO: James D. Beasom
506 S Wildwood Ln,
Melbourne FL 32904-2562

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| King Reporting Service, 14 Suntree Place, Suite 101, Melbourne, Florida 32940 | September 30, 2005 at 9:30am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Documents described in Schedule A to Subpoena Duces Tecum to James D. Beasom

| PLACE | DATE AND TIME |
|---|---|
| King Reporting Service, 14 Suntree Place, Suite 101, Melbourne, Florida 32940 | September 30, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Bas de Blank* | September 13, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bas de Blank, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025    650.614.7400
Attorney for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information containe
in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which t trial is held, or

(iii) requires disclosure of privileged or other protected matter and n exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential researc development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion information not describing specific events or occurrences in dispute and resulti from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party incur substantial expense to travel more than 100 miles to attend trial, the cou may, to protect a person subject to or affected by the subpoena, quash or modi the subpoena, or, if the party in who behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met witho undue hardship and assures that the person to whom the subpoena is address will be reasonably compensated, the court may order appearance or producti only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produ them as they are kept in the usual course of business or shall organize and lab them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it privileged or subject to protection as trial preparation materials, the claim shall made expressly and shall be supported by a description of the nature of t documents, communications, or things not produced that is sufficient to enable t demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

| *Attorney or Party without Attorney:* | *For Court Use Only* |
|---|---|
| ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>1000 MARSH ROAD<br>Menlo Park, CA 94025<br>*Telephone No:* 650-614-7400   *FAX No:* 650-614-7301<br>WWW.ORRICK.COM | |

| *Attorney for:* Defendant | *Ref. No. or File No.:* |
|---|---|
| | FAIRCHILD SEMICONDUCTOR |

*Insert name of Court, and Judicial District and Branch Court:*
United States District Court, Middle District Of Florida

*Plaintiff:* POWER INTEGRATIONS, INCORPORATED

*Defendant:* FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC.; ET AL

| PROOF OF SERVICE<br>SUBPOENA IN A CIVIL | *Hearing Date:*<br>Fri, Sep. 30, 2005 | *Time:*<br>9:30AM | *Dept/Div:* | *Case Number:*<br>04-1371-JJF |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE; NOTICE OF SUBPOENA OF JAMES D. BEASOM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

3. a. *Party served:*          JAMES D. BEASOM
   b. *Person served:*         party in item 3.a.

4. *Address where the party was served:*   506 S. WILDWOOD LN.
                                           MELBOURNE, FL 32904

5. *I served the party:*
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Sep. 15, 2005 (2) at: 6:30PM
   b. *I received this subpoena for service on:*   Tuesday, September 13, 2005

6. *Witness fees were offered or demanded, and paid:*   $69.00

7. *Person Who Served Papers:*                                      *Recoverable Cost Per CCP 1033.5(a)(1)(B)*
   a. JOSEPH CARRANO
                                                          d. *The Fee for Service was:*

   **★ A & A LEGAL SERVICE ★**                            e. I am:

                                                              (i)   Independent Contractor

   1541 Bayshore Hwy.      GENERAL@AALEGALSERVICE.COM
   Burlingame, CA 94010-1602      Fax (650) 697-4840
   (650) 697-4431

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Fri, Sep. 16, 2005

   Judicial Council Form POS-010                                    PROOF OF SERVICE           (JOSEPH CARRANO)
   Rule 982.9.(a)&(b) Rev. Jan. 1, 2004                            SUBPOENA IN A CIVIL                              6147400.24337

# EXHIBIT B

# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Date**   September 16, 2005

**To**   Duo Chen
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400

**Facsimile number**   (650) 614-7401

**From**   William Marsden

**Re**   Power Integrations Inc. v. Fairchild Semiconductor International
10256-004LL1

**Number of pages
including this page**

**Message**

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential
information. If you have received this facsimile in error, please immediately call us collect at
302 652-5070 to arrange for its return. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371-JJF

## NOTICE OF DEPOSITION & SERVICE OF SUBPOENA

**PLEASE TAKE NOTICE** that on the 16th day of September 2005, Plaintiff

Power Integrations, Inc. initiated service of the attached subpoena upon **James D.**

**Beasom**, 506 S. Wildwood Lane, Melbourne, Florida 32904-2562, c/o World Class

Investigations and Process Express, 818 E. New Haven Avenue, Suite 2B, Melbourne,

Florida 32901.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to stipulation, Plaintiff

Power Integrations, Inc., by its counsel, will take the deposition of **James D. Beasom**, on

Friday, September 30, 2005, at 9:30 a.m., at King Reporting Service, 14 Suntree Place,

Suite 101, Melbourne, Florida 32940.

The deposition of **James D. Beasom** will continue from day to day, if necessary,

until completed. The deposition will be taken before a notary public or other officer

authorized by law to administer oaths. All of the deposition testimony will be recorded

by stenographic, audio, and/or audiovisual means.

Dated:  September 16, 2005

FISH & RICHARDSON P.C.

By:

William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Gina M. Steele
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50301437.doc

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2005, I electronically filed a NOTICE OF

DEPOSITION & SERVICE OF SUBPOENA with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE 19899

I hereby certify that on September 16, 2005, I have sent via U.S. Mail and

facsimile to the following non-registered participant:

Bas de Blank
Duo Chen
Orrick, Herrington, Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

William J. Marsden, Jr.

50301437.doc

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_____MIDDLE_____ DISTRICT OF _____FLORIDA_____

POWER INTEGRATIONS, INC., a Delaware
corporation,

**SUBPOENA IN A CIVIL CASE**

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL,
INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION, a
Delaware corporation,

Case Number:[1] C.A. No. 04-1371
District of Delaware

TO:  James D. Beasom
     506 S Wildwood Lane
     Melbourne, Florida 32904-2562

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| King Reporting Service, 14 Suntree Place, #101, Melbourne, Florida 32940 | September 30, 2005 9:30am |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

All documents and things produced or provided to Orrick, Herrington & Sutcliffe LLP in response to the subpoena dated
September 13, 2005, attached hereto as Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| King Reporting Service, 14 Suntree Place, #101, Melbourne, Florida 32940 | September 30, 2005 9:30am |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Michael R. Headley (CA Bar #229643, Admitted Pro Hac Vice-USDC D. Del.), Attorneys for Plaintiff | September 16, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Fish & Richardson, P.C., 500 Arguello St., #500, Redwood City, CA 94063
(650) 839-5070

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and, impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2005-Sep-19  04:50pm  From-Fish&Richardson    302 652 0607    T-506  P.007/019  F-194



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,                    )
                                             )
                    Plaintiff,               )
                                             )
            v.                               )       C.A. No. 04-1371-JJF
                                             )
FAIRCHILD SEMICONDUCTOR                      )
INTERNATIONAL, INC., and FAIRCHILD           )
SEMICONDUCTOR CORPORATION,                   )
                                             )
                    Defendants.              )

## NOTICE OF SUBPOENA DIRECTED TO JAMES D. BEASOM

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil

Procedure, defendant Fairchild Semiconductor International, Inc. will serve the attached

subpoena *duces tecum* upon James D. Beasom, 506 S Wildwood Ln, Melbourne, Florida, 32904.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888

*Attorneys for Defendants*

Of Counsel:

G. Hopkins Guy, III
Bas de Blank
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: September 13, 2005
161336.1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

## MIDDLE  DISTRICT OF  FLORIDA

POWER INTEGRATIONS, INCORPORATED,
                Plaintiff,                                          **SUBPOENA IN A CIVIL CASE**
        V.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND Case Number:[1] 04-1371-JJF
FAIRCHILD SEMICONDUCTOR COPRORATION, Defendants.            District of Delaware

TO:  James D. Beasom
     506 S Wildwood Ln,
     Melbourne FL 32904-2562

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| King Reporting Service, 14 Suntree Place, Suite 101, Melbourne, Florida  32940 | September 30, 2005 at 9:30am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Documents described in Schedule A to Subpoena Duces Tecum to James D. Beasom

| PLACE | DATE AND TIME |
|---|---|
| King Reporting Service, 14 Suntree Place, Suite 101, Melbourne, Florida  32940 | September 30, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Bas de Blank* | September 13, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bas de Blank, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025    650.614.7400
Attorney for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it privileged or subject to protection as trial preparation materials, the claim shall made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

2005-Sep-19 04:51pm   From-Fish&Richardson                302 652 0607          T-508  P.012/013  F-464

# ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45, Defendants Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively, "Fairchild") hereby requests that James D. Beasom produce and allow inspection and copying of the following documents and things requested herein at the law offices of Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, California 94025, at the date and time specified in the attached subpoena in accordance with the Federal Rules of Civil Procedure (and the following Definitions and Instructions).

## DEFINITIONS AND INSTRUCTIONS

A.  In responding to the present subpoena duces tecum, you are required to furnish such information as is available to you, including but not limited to information in the possession of your agents, representatives, or any other person or persons acting on your behalf.

B.  The "Beasom Patents" shall be understood to mean U.S. Patent No. 4,823,173 (the "'173 Patent"), U.S. Patent No. 5,264,719 (the "'719 Patent") and all applications, continuations, CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including PCT Applications) and related patents thereof, whether issued, abandoned or pending including, but not limited to, U.S. Patent Application Serial No. 831,384, filed January 7, 1986, U.S. Patent Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed May 24, 1991.

C.  The terms "writings," "recordings," or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all non-identical copies (including those with any notations of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, daytimers, calendars, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams and telex messages; patents, registrations of service or trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments and

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

2005-Sep-16 04:52pm  From-Fish&Richardson                         302 652 0607      T-509  P.013/015  F-194

1  invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets,

2  catalogs, sales literature and sales promotion material; advertisements; world-wide web and/or

3  internet postings; trade letters, notices and announcements, and press releases; specification

4  sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche,

5  photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic

6  diagrams, timing diagrams, pictures, photographs; all data or information stored on computer

7  readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes,

8  cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, all code

9  listings including comments, code files, electronic mail; and all writings as that term is defined by

10  Rule 1001 of the Federal Rules of Evidence. The terms "writings," "recordings," or "documents"

11  refer to all writings, recordings or documents of which you have knowledge, and all writings

12  which are in the possession, custody or control of you, your agents, attorneys, officers,

13  employees, or other representatives.

14       D.    "Any" shall be understood to include and encompass "all." As used herein, the

15  singular shall always include the plural and the present tense shall also include the past tense.

16  The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to

17  bring within the scope of this request all documents or things that might otherwise be construed to

18  be outside its scope.

19       E.    "Concerning" means relating to, evidencing, mentioning, discussing, constituting,

20  contradicting, supporting, referring to, or in any other way dealing with the subject matter

21  described in the request in which the term appears.

22       F.    If you object to the production of any document on the grounds that it is protected

23  from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege,

24  you are requested to identify each document for which the privilege is claimed and give all

25  information required by applicable case law, including but not limited to the following:

26       a.    the name of the writer, sender, or initiator of each copy of the document;

27       b.    the name of the recipient, addressee, or party to whom any copy of the

28       document was sent;

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

-2-

c.    the date of each copy of the document, if any, or an estimate of its date;

d.    a statement of the basis for the claim of privilege; and

e.    a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

## LIST OF DOCUMENTS TO BE PRODUCED

1.    All documents concerning the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

2.    Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

3.    All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

4.    All documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

-3-

NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2005, the attached **NOTICE OF**

**SUBPOENA DIRECTED TO JAMES D. BEASOM** was served upon the below-named

counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson P.C.<br>919 N. Market Street<br>Suite 1100<br>P.O. Box 1114<br>Wilmington, DE  19899 | **HAND DELIVERY** |
| Frank E. Scherkenbach, Esquire<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA  02110-2804 | **VIA FEDERAL EXPRESS** |
| Michael Kane, Esquire<br>Fish & Richardson P.C.<br>60 South Sixth Street<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN  55402 | **VIA FEDERAL EXPRESS** |
| Howard G. Pollack, Esquire<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA  94063 | **VIA FEDERAL EXPRESS** |
| Andre G. Bouchard, Esquire<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE  19801 | **HAND DELIVERY** |

John G. Day

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a

Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC.

Defendant.

C.A. No. 04-1371-JJF

**AMENDED NOTICE OF SUBPOENA
OF JAMES D. BEASOM PURSUANT
TO FEDERAL RULE OF CIVIL
PROCEDURE 45**

TO PLAINTIFF POWER INTEGRATIONS, INC. AND ITS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of
Civil Procedure, Defendant Fairchild Semiconductor International, Inc. will take the oral
deposition of James D. Beasom, at the Hilton Melbourne Rialto Place, 200 Rialto Blvd,
Melbourne, FL 32901, beginning at 9:00 A.M. on January 26, 2006, continuing day to day
until complete.

NOTICE IS FURTHER GIVEN THAT the deposition will be recorded
stenographically through instant visual display of testimony (real-time), by certified
shorthand reporter and notary public or such other person authorized to administer oaths
under the laws of the United States, and shall continue from day to day until completed.
This deposition will be videotaped.

NOTICE IS FURTHER GIVEN THAT Mr. Beasom is instructed to produce
documents, identified in the attached Subpoena, at the Hilton Melbourne Rialto Place, 200
Rialto Blvd, Melbourne, FL 32901 on January 26, 2006.

Dated:  January 18, 2006

ASHBY & GEDDES

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, DE  19899
Tel: (302) 654-1888

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

OF COUNSEL:

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____

G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
1000 Marsh Road
Menlo Park, CA  94025
Tel: (650) 614-7400

## ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45, Defendants Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively, "Fairchild") hereby requests that James D. Beasom produce and allow inspection and copying of the following documents and things requested herein at the Hilton Melbourne Rialto Place, 200 Rialto Blvd, Melbourne, FL 32901, at the date and time specified in the attached subpoena in accordance with the Federal Rules of Civil Procedure (and the following Definitions and Instructions).

## DEFINITIONS AND INSTRUCTIONS

A.      In responding to the present subpoena duces tecum, you are required to furnish such information as is available to you, including but not limited to information in the possession of your agents, representatives, or any other person or persons acting on your behalf.

B.      The "Beasom Patents" shall be understood to mean U.S. Patent No. 4,823,173 (the "'173 Patent"), U.S. Patent No. 5,264,719 (the "'719 Patent") (copies of which are attached hereto as Exhibits A and B) and all applications, continuations, CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including PCT Applications) and related patents thereof, whether issued, abandoned or pending including, but not limited to, U.S. Patent Application Serial No. 831,384, filed January 7, 1986, U.S. Patent Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed May 24, 1991.

C.      The terms "writings," "recordings," or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all non-identical copies (including those with any notations of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, daytimers, calendars, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams and telex messages; patents, registrations of service or trademarks, copyrights, and applications for each of them;

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

AMENDED NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

1   opinions of counsel; sales records, including purchase orders, order acknowledgments and

2   invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets,

3   catalogs, sales literature and sales promotion material; advertisements; world-wide web and/or

4   internet postings; trade letters, notices and announcements, and press releases; specification

5   sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche,

6   photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic

7   diagrams, timing diagrams, pictures, photographs; all data or information stored on computer

8   readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes,

9   cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, all code

10   listings including comments, code files, electronic mail; and all writings as that term is defined by

11   Rule 1001 of the Federal Rules of Evidence. The terms "writings," "recordings," or "documents"

12   refer to all writings, recordings or documents of which you have knowledge, and all writings

13   which are in the possession, custody or control of you, your agents, attorneys, officers,

14   employees, or other representatives.

15        D.   "Any" shall be understood to include and encompass "all." As used herein, the

16   singular shall always include the plural and the present tense shall also include the past tense.

17   The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to

18   bring within the scope of this request all documents or things that might otherwise be construed to

19   be outside its scope.

20        E.   "Concerning" means relating to, evidencing, mentioning, discussing, constituting,

21   contradicting, supporting, referring to, or in any other way dealing with the subject matter

22   described in the request in which the term appears.

23        F.   If you object to the production of any document on the grounds that it is protected

24   from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege,

25   you are requested to identify each document for which the privilege is claimed and give all

26   information required by applicable case law, including but not limited to the following:

27        a.   the name of the writer, sender, or initiator of each copy of the document;

28        b.   the name of the recipient, addressee, or party to whom any copy of the

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

AMENDED NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

-2-

1                document was sent;

2      c.     the date of each copy of the document, if any, or an estimate of its date;

3      d.     a statement of the basis for the claim of privilege; and

4      e.     a description of the document sufficient for the Court to rule on the

5                applicability and appropriateness of the claimed privilege.

6                **LIST OF DOCUMENTS TO BE PRODUCED**

7      1.        All documents concerning the conception or reduction to practice of the

8 inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks,

9 engineering notebooks, specifications, correspondence, and invention disclosure statements

10 concerning the Beasom Patents.

11      2.        Documents sufficient to identify the dates of conception and reduction to

12 practice of the Beasom Patents.

13      3.        All documents corroborating the date of conception and reduction to

14 practice of the Beasom Patents.

15      4.        All documents concerning the prosecution of the Beasom Patents

16 including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications,

17 draft responses and amendments, invention disclosure statements, and documents associated with

18 any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom

19 Patents.

20

21

22

23

24

25

26

27

28

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:417118.1
10414-25 BV2/BV2

-3-

AMENDED NOTICE OF SUBPOENA OF JAMES D. BEASOM
C.A. No. 04-1371-JJF

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF FLORIDA

POWER INTEGRATIONS, INCORPORATED,
        Plaintiff,

        V.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND
FAIRCHILD SEMICONDUCTOR COPRORATION, Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1371-JJF

District of Delaware

TO: James D. Beasom
    506 South Wildwood Ln,
    Melbourne FL 32904-2562

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | January 26, 2006 at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    Documents described in accompanying Schedule A to Amended Subpoena Duces Tecum to James D. Beasom

| PLACE | DATE AND TIME |
|---|---|
| Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | January 26, 2006 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | January 18, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bas de Blank, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025    650.614.7400
Attorney for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT D

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Date    January 20, 2006

To    Bas de Blank
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400

Facsimile number    10256-00453531 / (650) 614-7401

To    Joe DePumpo
Shore Chan
Republic Center
325 North Saint Paul Street
44th Floor
Dallas, TX 75201
Telephone: (214) 593-9135

Facsimile number    10256-00453531 / (214) 743-4179

From    Kimberly Woo
Assisting Michael R. Headley

Re    Power Integrations, Inc. v. Fairchild Semiconductor International

Number of pages
including this page    3

Message    Please see attached. Hard copy to follow by mail.

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 650 839-5070 to arrange for its return. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

       Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

       Defendants.

C.A. No. 04-1371-JJF

## AMENDED NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to stipulation and Federal Rule of Civil

Procedure 45, Plaintiff Power Integrations, Inc., by its counsel, will take the deposition of

**James D. Beasom**, on Thursday, January 26, 2006, at 9:00 a.m., at the Hilton Melbourne

Rialto Place, Melbourne, Florida 32901.

The deposition of **James D. Beasom** will continue from day to day, if necessary,

until completed. The deposition will be taken before a notary public or other officer

authorized by law to administer oaths. All of the deposition testimony will be recorded

by stenographic, audio, and/or audiovisual means.

Dated: January 20, 2006          FISH & RICHARDSON P.C.


By: _____
    William J. Marsden, Jr. (#2247)
    Sean P. Hayes (#4413)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Telephone: (302) 652-5070
    Facsimile: (302) 652-0607

    Frank E. Scherkenbach
    225 Franklin Street
    Boston, Massachusetts 02110-2804
    Telephone: (617) 542-5070
    Facsimile: (617) 542-8906

    Howard G. Pollack
    Michael R. Headley
    500 Arguello Street, Suite 500
    Redwood City, California 94063
    Telephone: (650) 839-5070
    Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50325055.doc

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

Defendants.

C.A. No. 04-1371-JJF

## NOTICE OF DEPOSITION & SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that on the 20th day of January 2006, Plaintiff Power

Integrations, Inc. initiated service of the attached subpoena upon John Prentice,

Conexant, 2401 Palm Bay Rd., NE, Bldg. 62, Mail Stop B017, Room B294, Palm Bay,

FL 32905.

PLEASE TAKE FURTHER NOTICE that Plaintiff Power Integrations, Inc., by

its counsel, will take the deposition of John Prentice, on Thursday, January 26, 2006, at

2:00 p.m., at the Hilton Melbourne Rialto Place, Melbourne, Florida 32901.

The deposition of John Prentice will continue from day to day, if necessary, until

completed. The deposition will be taken before a notary public or other officer

authorized by law to administer oaths. All of the deposition testimony will be recorded

by stenographic, audio, and/or audiovisual means.



Dated: January 20, 2006          FISH & RICHARDSON P.C.

By: _____
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50324877.doc

<u>AO 88 (Rev. 1/94) Subpoena in a Civil Case</u>

## Issued by the
# UNITED STATES DISTRICT COURT

<u>MIDDLE</u>         DISTRICT OF         <u>FLORIDA</u>

POWER INTEGRATIONS, INC., a
Delaware corporation,

    Plaintiff,

    v.                                                    **SUBPOENA IN A CIVIL CASE**

FAIRCHILD SEMICONDUCTOR                   CASE NUMBER: † C.A. No. 04-1371 JJF
INTERNATIONAL, INC., a Delaware corporation, and    District of Delaware
FAIRCHILD SEMICONDUCTOR CORPORATION,
a Delaware corporation,

    Defendants.

TO:   John Prentice
      Conexant
      2401 Palm Bay Rd., NE, Bldg. 62, Mail Stop B017, Room B294
      Palm Bay, FL 32905

☐    YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION<br>Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | DATE AND TIME<br>January 26, 2006; 2:00 p.m. |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date and time specified below (list documents or objects):
Please see Attachment A hereto

| PLACE<br>Hilton Melbourne Rialto Place, 200 Rialto Place, Melbourne, Florida 32901 | DATE AND TIME<br>January 25, 2006; 12:00 p.m. |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorneys for Plaintiff POWER INTEGRATIONS, INC. | January 20, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael R. Headley, Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA  94063; (650) 839-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

† If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
        DATE                               SIGNATURE OF SERVER


                                          ADDRESS OF SERVER


Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A**
**TO JOHN PRENTICE SUBPOENA**

**DEFINITIONS**

1. "Prentice," "you," or "your" means John Prentice.

2. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

3. The "Beasom Patents" mean U.S. Patent No. 4,823,173 ("the '173 patent"), U.S. Patent 5,264,719 ("the '719 patent") and all applications, continuations, CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including PCT Applications) and related patents thereof, whether issued, abandoned or pending including, but not limited to, U.S. Patent Application Serial No. 831,834, filed January 7, 1986, U.S. Patent Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed May 24, 1991.

4. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

5. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, concerning, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

## DOCUMENTS REQUESTED

1. All documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

2. Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

3. All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

4. All documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

5. All documents that refer or relate to the Beasom Patents.

6. All documents concerning or constituting communications between you and Fairchild, including Fairchild's attorneys with the firm Orrick, Herrington & Sutcliffe.

50324870.doc

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

          Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

          Defendants.

C.A. No. 04-1371-JJF

## NOTICE OF DEPOSITION & SERVICE OF SUBPOENA

      **PLEASE TAKE NOTICE** that on the 20th day of January 2006, Plaintiff Power

Integrations, Inc. initiated service of the attached subpoena upon **Bob Moore**, 143

Dickinson St. NE, Palm Bay, Florida 32907.

      **PLEASE TAKE FURTHER NOTICE** that Plaintiff Power Integrations, Inc., by

its counsel, will take the deposition of **Bob Moore**, on Friday, January 27, 2006, at 9:00

a.m., at the Hilton Melbourne Rialto Place, Melbourne, Florida 32901.

      The deposition of **Bob Moore** will continue from day to day, if necessary, until

completed. The deposition will be taken before a notary public or other officer

authorized by law to administer oaths. All of the deposition testimony will be recorded

by stenographic, audio, and/or audiovisual means.



Dated: January 20, 2006          FISH & RICHARDSON P.C.


By: _____
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50324874.doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| MIDDLE | DISTRICT OF | FLORIDA |

POWER INTEGRATIONS, INC., a
Delaware corporation,

      Plaintiff,

      v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION,
a Delaware corporation,

      Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] C.A. No. 04-1371 JJF
District of Delaware

TO:   Bob Moore
      143 Dickinson St. NE
      Palm Bay, FL 32907

☐   YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | January 27, 2006; 9:00 a.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
Please see Attachment A hereto

| PLACE | DATE AND TIME |
|---|---|
| Hilton Melbourne Rialto Place, 200 Rialto Blvd., Melbourne, Florida 32901 | January 25, 2006; 12:00 p.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorneys for Plaintiff POWER INTEGRATIONS, INC. | January 20, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael R. Headley, Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063; (650) 839-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A**
**TO BOB MOORE SUBPOENA**

**DEFINITIONS**

1.  "Moore," "you," or "your" means Bob Moore.

2.  "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation
    and Fairchild Semiconductor International, Inc., and their wholly-owned
    subsidiary and Korean corporation Fairchild Semiconductor Korea, including
    without limitation all of their corporate locations, and all predecessors,
    successors, assigns and affiliates, and all past or present directors, officers, agents,
    representatives, employees, consultants, and attorneys.

3.  The "Beasom Patents" mean U.S. Patent No. 4,823,173 ("the '173 patent"), U.S.
    Patent 5,264,719 ("the '719 patent") and all applications, continuations, CIPs,
    divisionals, reexaminations, and reissues thereof, and all foreign applications
    (including PCT Applications) and related patents thereof, whether issued,
    abandoned or pending including, but not limited to, U.S. Patent Application Serial
    No. 831,834, filed January 7, 1986, U.S. Patent Application Serial No, 242,405,
    filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed
    May 24, 1991.

4.  "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34,
    and includes all tangible things, all originals (or, if originals are not available,
    identical copies thereof), all non-identical copies of a document, all drafts of final
    documents, all other written, printed, or recorded matter of any kind, and all other
    data compilations from which information can be obtained and translated if
    necessary, that are or have been in your actual or constructive custody,
    possession, or control, regardless of the medium on which they are produced,
    reproduced, or stored (including without limitation computer programs and files
    containing any requested information), and any recording or writing, as these
    terms are defined in Rule 1001, Federal Rules of Evidence, as well as any
    electronic documents including electronic mail, voice mail, and text messaging.
    Any document bearing marks, including without limitation, initials, stamped
    initials, comments, or notations not a part of the original text or photographic
    reproduction thereof, is a separate document. Any translation of a document is a
    separate document.

5.  "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting,
    concerning, pertaining to, mentioning, commenting on, connected with,
    discussing, describing, identifying, analyzing, explaining, showing, reflecting,
    dealing with, comprising, consisting of, containing, resulting from, or regarding a
    particular subject in whole or in part, either directly or indirectly.

## DOCUMENTS REQUESTED

1. All documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

2. Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

3. All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

4. All documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

5. All documents that refer or relate to the Beasom Patents.

6. All documents concerning or constituting communications between you and Fairchild, including Fairchild's attorneys with the firm Orrick, Herrington & Sutcliffe.

50324868.doc

2

# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a

Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC.

Defendant.

C.A. No. 04-1371-JJF

**NOTICE OF SUBPOENA OF
INTERSIL CORPORATION
PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 45**

TO PLAINTIFF POWER INTEGRATIONS, INC. AND ITS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of

Civil Procedure, Defendant Fairchild Semiconductor International, Inc. will take the oral

deposition of Intersil Corporation, at the offices of Orrick, Herrington & Sutcliffe LLP, 1000

Marsh Park, Menlo Park, CA 94025, beginning at 9:30 A.M. on September 29, 2005,

continuing day to day until complete.

NOTICE IS FURTHER GIVEN THAT the deposition will be recorded

stenographically through instant visual display of testimony (real-time), by certified

shorthand reporter and notary public or such other person authorized to administer oaths

under the laws of the United States, and shall continue from day to day until completed.

This deposition will be videotaped.

NOTICE IS FURTHER GIVEN THAT Intersil Corporation is instructed to

produce documents, identified in the attached Subpoena, at the offices of Orrick, Herrington

& Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025, on September 29, 2005.

DOCSSV1:424825.1
10414-25 M2B/M2B

Notice of Subpoena of Intersil Corp.
C.A. No. 04-1371-JJF

Dated: September 13, 2005

ASHBY & GEDDES

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

OF COUNSEL:

ORRICK, HERRINGTON & SUTCLIFFE LLP

_Bas de Blank_

G. Hopkins Guy, III (#124811)
Bas de Blank (#191487)
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400

- 2 -
DOCSSV1:4248
25.1

Notice of Subpoena of Intersil Corp.
C.A. No. 04-1371-JJF

## ATTACHMENT A

1  Pursuant to Federal Rule of Civil Procedure 45, Defendants Fairchild

2  Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively,

3  "Fairchild") hereby requests that Intersil Corporation produce and allow inspection and copying

4  of the following documents and things requested herein at the law offices of Orrick, Herrington &

5  Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, California 94025, at the date and time specified in

6  the attached subpoena in accordance with the Federal Rules of Civil Procedure (and the following

7  Definitions and Instructions).

## DEFINITIONS AND INSTRUCTIONS

A.     In responding to the present subpoena duces tecum, you are required to furnish

such information as is available to you, including but not limited to information in the possession

of your agents, representatives, or any other person or persons acting on your behalf.

B.     The "Beasom Patents" shall be understood to mean U.S. Patent No. 4,823,173 (the

"'173 Patent"), U.S. Patent No. 5,264,719 (the "'719 Patent") and all applications, continuations,

CIPs, divisionals, reexaminations, and reissues thereof, and all foreign applications (including

PCT Applications) and related patents thereof, whether issued, abandoned or pending including,

but not limited to, U.S. Patent Application Serial No. 831,384, filed January 7, 1986, U.S. Patent

Application Serial No. 242,405, filed September 8, 1988, and U.S. Patent Application Serial No.

705,509, filed May 24, 1991.

C.     The terms "writings," "recordings," or "documents" as used herein are used in

their broadest sense and include, without limitation, the original and all non-identical copies

(including those with any notations of the following items: agreements and contracts;

assignments; licenses; correspondence; reports, notes and memoranda; summaries, daytimers,

calendars, minutes, notes and records of telephone conversations, meetings and conferences;

reports and/or summaries of investigations; opinions and reports of experts and consultants;

statements of persons having knowledge of relevant facts; cablegrams and telex messages;

patents, registrations of service or trademarks, copyrights, and applications for each of them;

opinions of counsel; sales records, including purchase orders, order acknowledgments and

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:424825.1
10414-25 M2B/M2B

NOTICE OF SUBPOENA OF INTERSIL CORP.
C.A. No. 04-1371-JJF

1    invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets,

2    catalogs, sales literature and sales promotion material; advertisements; world-wide web and/or

3    internet postings; trade letters, notices and announcements, and press releases; specification

4    sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche,

5    photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic

6    diagrams, timing diagrams, pictures, photographs; all data or information stored on computer

7    readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes,

8    cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, all code

9    listings including comments, code files, electronic mail; and all writings as that term is defined by

10   Rule 1001 of the Federal Rules of Evidence. The terms "writings," "recordings," or "documents"

11   refer to all writings, recordings or documents of which you have knowledge, and all writings

12   which are in the possession, custody or control of you, your agents, attorneys, officers,

13   employees, or other representatives.

14       D.      "Any" shall be understood to include and encompass "all." As used herein, the

15   singular shall always include the plural and the present tense shall also include the past tense.

16   The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to

17   bring within the scope of this request all documents or things that might otherwise be construed to

18   be outside its scope.

19       E.      "Concerning" means relating to, evidencing, mentioning, discussing, constituting,

20   contradicting, supporting, referring to, or in any other way dealing with the subject matter

21   described in the request in which the term appears.

22       F.      If you object to the production of any document on the grounds that it is protected

23   from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege,

24   you are requested to identify each document for which the privilege is claimed and give all

25   information required by applicable case law, including but not limited to the following:

26           a.      the name of the writer, sender, or initiator of each copy of the document;

27           b.      the name of the recipient, addressee, or party to whom any copy of the

28                   document was sent;

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:424825.1
10414-25 M2B/M2B

NOTICE OF SUBPOENA OF INTERSIL CORP.
C.A. No. 04-1371-JJF

1    c.    the date of each copy of the document, if any, or an estimate of its date;

2    d.    a statement of the basis for the claim of privilege; and

3    e.    a description of the document sufficient for the Court to rule on the

4          applicability and appropriateness of the claimed privilege.

5    **LIST OF DOCUMENTS TO BE PRODUCED**

6    1.    All documents concerning the conception or reduction to practice of the

7    inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks,

8    engineering notebooks, specifications, correspondence, and invention disclosure statements

9    concerning the Beasom Patents.

10   2.    Documents sufficient to identify the dates of conception and reduction to

11   practice of the Beasom Patents.

12   3.    All documents corroborating the date of conception and reduction to

13   practice of the Beasom Patents.

14   4.    All documents concerning the prosecution of the Beasom Patents

15   including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications,

16   draft responses and amendments, invention disclosure statements, and documents associated with

17   any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom

18   Patents.

19

20

21

22

23

24

25

26

27

28

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

DOCSSV1:424825.1
10414-25 M2B/M2B

-3-

NOTICE OF SUBPOENA OF INTERSIL CORP.
C.A. No. 04-1371-JJF

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN  DISTRICT OF  CALIFORNIA

POWER INTEGRATIONS, INCORPORATED,
Plaintiff,
V.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. AND
FAIRCHILD SEMICONDUCTOR COPRORATION, Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1371-JJF

District of Delaware

TO: Intersil Corporation
1001 Murphy Ranch Road
Milpitas, CA  95035

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Documents described in Schedule A to Subpoena Duces Tecum to James D. Beasom

| PLACE Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA  94025 | DATE AND TIME September 30, 2005 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Bas de Blank* | DATE September 13, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bas de Blank, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA  94025     650.614.7400
Attorney for Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | | PLACE | |
| SERVED: | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which t trial is held, or

(iii) requires disclosure of privileged or other protected matter and n exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential researc development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion information not describing specific events or occurrences in dispute and resulti from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party incur substantial expense to travel more than 100 miles to attend trial, the cou may, to protect a person subject to or affected by the subpoena, quash or modi the subpoena, or, if the party in who behalf the subpoena is issued shows' substantial need for the testimony or material that cannot be otherwise met witho undue hardship and assures that the person to whom the subpoena is address will be reasonably compensated, the court may order appearance or producti only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produ them as they are kept in the usual course of business or shall organize and lab them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it privileged or subject to protection as trial preparation materials, the claim shall made expressly and shall be supported by a description of the nature of t documents, communications, or things not produced that is sufficient to enable t demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>1000 MARSH ROAD<br>Menlo Park, CA 94025<br>*Telephone No:* 650-614-7400   *FAX No:* 650-614-7301<br>WWW.ORRICK.COM<br>*Attorney for:* Defendant | *For Court Use Only* |
| *Ref. No. or File No.:* | |

*Insert name of Court, and Judicial District and Branch Court:*
United States District Court, Northern District Of California

*Plaintiff:* POWER INTEGRATIONS, INCORPORATED

*Defendant:* FAIRCHILD SEMICONDUCTOR; ET AL

| PROOF OF SERVICE<br>SUBPOENA IN A CIVIL | *Hearing Date:*<br>Fri, Sep. 30, 2005 | *Time:* | *Dept/Div:* | *Case Number:*<br>04-1371-JJF |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE; NOTICE OF SUBPOENA OF INTERSIL CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45.

3. a. *Party served:*                INTERSIL CORPORATION/CUSTODIAN OF RECORDS
   b. *Person served:*            PAT DUTRAY, RECEPTIONIST AUTHORIZED TO ACCEPT

4. *Address where the party was served:*      1001 MURPHY RANCH ROAD
                                             MILPITAS, CA 95035

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Tue., Sep. 13, 2005 (2) at: 4:07PM
   b. *I received this subpena for service on:*      Tuesday, September 13, 2005

6. *Witness fees were offered or demanded, and paid:*     **$74.61**

7. *Person Who Served Papers:*                                Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. VIRGILIO G. RONDOLO



     d. *The Fee for Service was:*

     e.   I am: (3) registered California process server
            (i)   Employee

1541 Bayshore Hwy.    GENERAL@AALEGALSERVICE.COM           (ii)   *Registration No.:*     285
Burlingame, CA 94010-1602     Fax (650) 697-4640         (iii)   *County:*              San Mateo
(650) 697-9431                                          (iv)   *Expiration Date:*    Tue, Feb. 07, 2006

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Wed, Sep. 14, 2005

Judicial Council form POS-010                     PROOF OF SERVICE                    (VIRGILIO G. RONDOLO)    6147400.24535
Rule 982.9.(a)&(b) Rev July 1, 2004              SUBPOENA IN A CIVIL

# EXHIBIT H

REDACTED                    REDACTED


REDACTED

**From:** Bernkopf, Paul [mailto:pbernkop@intersil.com]
**Sent:** Wednesday, October 05, 2005 9:00 AM
**To:** Frank Scherkenbach
**Cc:** Joseph Depumpo; Michael Headley
**Subject:** RE: Beasom Supboena

Frank,

I too am nonplussed - but by your surprise to Intersil's position.  As you recall, recently, your firm and you, personally, pressed Intersil for a broad conflict waiver.

Intersil is now only seeks to preserve its legal rights as it did when Intersil refused your firm's earlier demand for the broad conflict waiver.

You may feel free to call me directly to discuss this matter.  However, any revision to Intersil's position must be set forth in an express, writing by another Intersil officer or me, or by Intersil outside counsel.

Thank you.

Regards,

Paul

-----Original Message-----
**From:** Frank Scherkenbach [mailto:Scherkenbach@fr.com]
**Sent:** Tuesday, October 04, 2005 6:06 PM
**To:** Bernkopf, Paul
**Cc:** jdepumpo@shorechan.com; Frank Scherkenbach; Michael Headley
**Subject:** FW: Beasom Supboena

Paul --

I was surprised to receive the message below from your counsel.  I'd like to talk to you directly about this, as it is definitely a mole hill that should not become a mountain.  Please let me know a good time to call you tomorrow (Wednesday) or some other time this week. Alternatively, if I should take Mr. Depumpo's message as an indication that you want me to deal with him rather than returning your call (thank you, by the way, for returning mine), I will deal with Mr. Depumpo instead.

Frank

---

**From:** Joseph Depumpo [mailto:jdepumpo@ShoreChan.com]
**Sent:** Monday, October 03, 2005 10:03 PM
**To:** Frank Scherkenbach
**Subject:** Beasom Supboena

Dear Mr. Scherkenbach:

My firm represents Intersil Corporation. Your client Power Integrations, Inc. recently served a subpoena on an Intersil employee named James Beasom in connection with *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., et al.*, Case No. 04-1371-JJF in the United States District Court for the District of Delaware. I have been dealing with Michael Headley in your Redwood City, California office in responding to the subpoena.

Intersil has advised us that you and your firm have represented Intersil in the recent past. Although Intersil has not yet determined whether the matters are substantially related or whether an actual conflict exists, please be advised that Intersil reserves all rights to assert the existence of a conflict and to take all appropriate action, including a motion for disqualification of Fish and Richardson, should Intersil ultimately conclude that a conflict exists.

Please let me know if you have any questions.

Regards,

Joe DePumpo

# EXHIBIT I

# REDACTED

# EXHIBIT J

05/03 2006 15:55 FAX 6506325071          FISH & RICHARDSON                    ☒002

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

　　　　Plaintiff,

　　v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware corporation, and
FAIRCHILD SEMICONDUCTOR CORPORATION,
a Delaware corporation,

　　　　Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C.A. No. 04-1371 JJF
District of Delaware

TO:　Intersil Corporation,
　　　1001 Murphy Ranch Road, Suite 1,
　　　Milpitas, California
　　　c/o Corporation Trust Company,
　　　1209 Orange St.,
　　　Wilmington, DE 19801

☐　YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒　YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition shall be recorded by stenographic, audio, and/or audiovisual means.

| PLACE OF DEPOSITION Fish & Richardson P.C. 919 N. Market Street, Suite 1100, Wilmington, DE 19899-1114 | DATE AND TIME May 24, 2006; 9:00 a.m. |
| --- | --- |

☒　YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

Please see Attachment A hereto

| PLACE Fish & Richardson P.C. 919 N. Market Street, Suite 1100, Wilmington, DE 19899-1114 | DATE AND TIME May 23, 2006; 9:00 a.m. |
| --- | --- |

☐　YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorneys for Plaintiff POWER INTEGRATIONS, INC. | DATE May 9, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael R. Headley, Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063; (650) 839-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1]  If action is pending in district other than district of issuance, state district under case number.

05/09/2006 15:55 FAX 6508395071        FISH & RICHARDSON        ☒093

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A
## TO INTERSIL CORPORATION SUBPOENA

### DEFINITIONS

1. "Intersil" means Intersil Corporation and any parent(s), subsidiary(ies), predecessor(s), and successor(s), including, but not limited to, Harris Corporation.

2. "Power Integrations" mean Power Integrations, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns and affiliates as well as all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint venture or partnership with Power Integrations.

3. "Fairchild" means Delaware corporations Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc., and their wholly-owned subsidiary and Korean corporation Fairchild Semiconductor Korea, including without limitation all of their corporate locations, and all predecessors, successors, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

4. "Person" and "Entity" mean any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

5. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Intersil's actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, voice mail, and text messaging. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. Any translation of a document is a separate document.

6. "Refer to," "Referring to," "Relate to," and "Relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

7. The "Beasom Patents" mean U.S. Patent No. 4,823,173 ("the '173 patent"), U.S. Patent 5,264,719 ("the '719 patent"), and/or all applications, continuations, CIPs, divisionals, reexaminations, and reissues thereof, and/or all foreign applications (including PCT Applications) and related patents thereof, whether issued, abandoned or pending including, but not limited to, U.S. Patent Application Serial No. 831,834, filed January 7, 1986, U.S. Patent Application Serial No. 242,485, filed September 8, 1988, and U.S. Patent Application Serial No. 705,509, filed May 24, 1991.

## TOPICS FOR EXAMINATION

1. Licenses to the Beasom Patents, including the license between Fairchild and Intersil by which Fairchild "secured exclusive rights to assert the ['719] patent against Power Integrations" as referenced in the Fairchild press release attached as Exhibit 1.

2. Communications between Intersil and Fairchild regarding Power Integrations, the Beasom patents, Fairchild's Delaware lawsuit with Power Integrations, and/or the recently-filed Texas lawsuit against Power Integrations, including, but not limited to, all communications with Fairchild's attorneys with the firm Orrick, Herrington & Sutcliffe.

3. Documents that refer or relate to the Beasom Patents.

4. The dates of conception and reduction to practice of the Beasom Patents.

5. Documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom Patents including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

6. Documents corroborating the date of conception and reduction to practice of the Beasom Patents.

7. Documents concerning the prosecution of the Beasom Patents including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

8. Any efforts to prove out or test the inventions claimed in the Beasom Patents including, but not limited to, any test wafers, design runs, or other physical things alleged to embody the Beasom Patents.

9. Intersil's commercialization of the inventions claimed in the Beasom Patents including, but not limited to, any products alleged to embody the Beasom Patents and any documents or things related to products alleged to embody the Beasom Patents.

2

10. The use of the Beasom patents, including, but not limited to, the Intersil product(s) alleged to embody the Beasom Patents as identified in response to Topic No. 9.

11. Marking, pursuant to 35 U.S.C. § 287, of the product(s) alleged to embody the Beasom Patents as identified in response to Topic No. 9 with the number of any Intersil patent including, but not limited to, the Beasom Patents.

12. The unit volume of sales of the Intersil product(s) alleged to embody the Beasom Patents as identified in response to Topic No. 9.

13. Communications between Intersil and James Beasom, Robert Moore, and/or John Prentice concerning the Beasom Patents, Power Integrations, Power Integrations' patents, Fairchild, and/or the litigations between Power Integrations and Fairchild.

14. The basis for Intersil's decision to sue Power Integrations in the Eastern District of Texas on April 11, 2006, cause number 2-06CV-151 including, but not limited to, the scope of any pre-suit activities to determine whether Power Integrations infringes the Beasom Patents.

15. Communications between Intersil and any other person or entity regarding the suit filed against Power Integrations in the Eastern District of Texas on April 11, 2006, cause number 2-06CV-151.

## DOCUMENTS REQUESTED

1. All licenses to the Beasom Patents, including, but not limited to, the license between Fairchild and Intersil by which Fairchild "secured exclusive rights to assert the patent against Power Integrations," as referenced in the Fairchild press release attached as Exhibit 1.

2. All documents concerning or constituting communications between Intersil and Fairchild regarding Power Integrations, Power Integrations' patents, the Beasom Patents, Fairchild's Delaware lawsuit with Power Integrations, and/or the recently-filed Texas lawsuit against Power Integrations, including, but not limited to, communications with Fairchild's attorneys with the firm Orrick, Herrington & Sutcliffe.

3. All documents that refer or relate to the Beasom Patents.

4. Documents sufficient to identify the dates of conception and reduction to practice of the Beasom Patents.

5. All documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom Patents, including, but not limited to, all inventor notebooks, engineering notebooks, specifications, correspondence, and invention disclosure statements concerning the Beasom Patents.

3

6. All documents corroborating the date of conception and reduction to practice of the Beasom Patents.

7. All documents concerning the prosecution of the Beasom Patents, including, but not limited to, copies of all prosecution files, notes, notebooks, draft applications, draft responses and amendments, invention disclosure statements, and documents associated with any continuation, continuation-in-part, divisional, reexamination, and/or reissue of the Beasom Patents.

8. All documents that refer or relate to any efforts to prove out or test the inventions claimed in the Beasom Patents, including, but not limited to, any test wafers, design runs, or other physical things alleged to embody the Beasom Patents.

9. All documents that refer or relate to the commercialization of the inventions claimed in the Beasom Patents, including, but not limited to, any products alleged to embody the Beasom Patents and any documents or things related to products alleged to embody the Beasom Patents.

10. Documents sufficient to show the use of the Beasom patents (e.g., parts lists or board level schematics) in any Intersil product(s), including, but not limited to, the product(s) identified in response to Request No. 9.

11. Documents sufficient to show the marking of any product(s) with the number of any Beasom Patent, including, but not limited to, the product(s) identified in response to Request No. 9.

12. Documents sufficient to show the unit volume of sales of the product(s) alleged to embody the Beasom Patents identified in response to Request No. 9.

13. Two representative samples of each product alleged to embody the Beasom Patents as identified in response to Request No. 9.

14. Documents reflecting or discussing communications between Intersil and James Beasom, Robert Moore, and/or John Prentice concerning the Beasom Patents, Power Integrations, Power Integrations' patents, Fairchild, Fairchild's Delaware lawsuit with Power Integrations, and/or the recently-filed Texas lawsuit against Power Integrations.

15. Documents reflecting or discussing communications between Intersil and any other person or entity regarding the suit filed against Power Integrations in the Eastern District of Texas on April 11, 2006, cause number 2-06-CV-151.

50343547.doc

4

# EXHIBIT K

# REDACTED

# EXHIBIT L

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

| | |
|---|---|
| **Date** | December 8, 2006 |
| **To** | Brian H. VanderZanden<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>Telephone: (650) 614-7400 |
| **Facsimile number** | 10256-00453531 / (650) 614-7401 |
| **From** | Michael R. Headley |
| **Re** | Power Integrations, Inc. v. Fairchild Semiconductor International<br>USDC-D. Del. C.A. No. 04-1371 JJF |
| **Number of pages including this page** | 2 |
| **Message** | . |

Original letter will follow by mail.

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 650 839-5070 to arrange for its return. Thank you.

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Michael R. Headley
(650) 839-5139

Email
headley@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE & U.S. MAIL**
650/614-7401

December 8, 2006

Brian VanderZanden
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:   Power Integrations Inc. v. Fairchild Semiconductor Int'l
      USDC-D. Del. – C.A. No. 04-1371-JJF



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Brian:

In light of the Court's modified trial schedule and order permitting Fairchild to supplement its expert Paul Horowitz's report, Power Integrations will be supplementing Mike Shields's report to address new matter first raised in Peter Gwozdz's Supplementary Expert Report. We intend to do so on the same schedule provided for Dr. Horowitz's supplement (i.e. by December 29), and given the timing, there can be no prejudice to Fairchild. Nevertheless, I wanted to write to confirm that Fairchild has no objection to the supplement. If Fairchild does object, please let us know as soon as possible so that we may resolve the issue with the Court.

On a related note, we would like to try to get Dr. Horowitz's deposition on calendar for January before his schedule is filled, so please let us know his availability.

Sincerely,

Michael R. Headley

50291027.doc

# EXHIBIT M



## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

December 12, 2006

*VIA FACSIMILE*

Bas de Blank
(650) 614-7343
basdeblank@orrick.com

Michael Headley
Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94036

Re:    <u>Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)</u>

Dear Michael:

I write in response to your letter of December 8, 2006 in which you indicated that Power Integrations would seek to serve another report concerning the '075 patent from its process expert, Michael Shields. As you know, the Court was very clear in its order that only the circuit experts were to submit additional reports. DI 446. There is absolutely no justification for Power Integrations to reopen expert discovery concerning the process patent and Fairchild strongly objects to any additional reports by Power Integrations on this topic. This appears to be nothing more than an end run around the Fairchild's motions in limine, the previous orders of the Court, and the parties' joint pretrial order.

With respect to Dr. Horowitz's deposition, in order for us to determine possible dates we need to know when Mr. Blauschild will submit his rebuttal report concerning the circuit patents as this deadline appears to have been inadvertently omitted from the Court's order. We propose that Mr. Blauschild's report be submitted by January 19, 2007 – three weeks after Dr. Horowitz's report – and that Mr. Blauschild's and Dr. Horowitz's depositions be scheduled for February and March, 2007. Please let us know whether you agree and we can begin to identify possible dates.

Sincerely,

Bas de Blank

cc:    William J. Marsden, Jr.
       Howard G. Pollack

OHS West:260140593.1

# EXHIBIT N

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

Brian H. VanderZanden
(650) 614-7629
bvanderzanden@orrick.com

October 17, 2006

*VIA ELECTRONIC MAIL*

Howard G. Pollack
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94036

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Howard:

We have learned that non-party Intersil has additional materials corroborating James Beasom's conception and reduction to practice of his '173 patent. These materials include prototype wafers, packaged prototype chips, and travelers and bond diagrams describing the process conditions of the prototypes. As soon as we obtain these materials, we will produce or make them available to Power Integrations.

Sincerely,

Brian H. VanderZanden

BHV:ma5

cc:    William J. Marsden, Jr.
       Frank E. Scherkenbach

OHS West:260107058.1

# EXHIBIT O



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

October 24, 2006

Brian H. VanderZanden
(650) 614-7629
bvanderzanden@orrick.com

**VIA FEDERAL EXPRESS**

Howard G. Pollack
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94036

Re:    Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Howard:

Please see the enclosed CD which contains documents received from third party Intersil. The documents Bates labeled I-000415-420 contain pages from Mr. Beasom's notebook, which has previously been produced. The previous version cut off the bottom of some of the pages, so these pages are being re-produced to ensure that the parties have a complete copy of the notebook.   The documents Bates labeled I-000421-451 contain documentation and test data relating to Mr. Beasom's prototype test wafers.

Sincerely,

*B. Vander Zanden*

Brian H. VanderZanden

BHV:ma5

Enclosure

cc:    William J. Marsden, Jr.
       Frank E. Scherkenbach

OHS West:260113827.1