# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**William J. Marsden, Jr.**
302 778-8401

Email
marsden@fr.com

**VIA ECF AND HAND DELIVERY**

March 9, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *Power Integrations, Inc. v. Fairchild Semiconductor Int'l*
      USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Judge Farnan:

Power Integrations, Inc. submits this letter pursuant to this Court's order to keep it informed of the status of Power Integrations' earnings restatements. Attached is Power Integrations' 2005 Annual Report on Form 10-K, which was filed with the SEC and released to the public yesterday. (Tab A.) Richard Troxel, Power Integrations' damages expert, had an opportunity to review the restatements, and he has determined that the restatements have no impact on his testimony or conclusions with respect to a proper damages award. Given the *de minimis* nature of the impact of the restatements on even the small amount of underlying financial data Mr. Troxel relied on, there is no reason to think the Jury's verdict would have been affected in any way either.

As the Court will recall, Mr. Troxel's testimony involved, and the Jury awarded Power Integrations, damages for lost profits, price erosion, and a reasonable royalty. To the extent Mr. Troxel relied on Power Integrations' financials, his calculations are not impacted by the restated earnings, because his testimony was based largely on the prices at which Power Integrations sold its products (net revenue), the cost of those products to Power Integrations (cost of revenue), and/or the difference between those two numbers (gross profit). The incoming revenue stream is in no way impacted by the restatements—customers paid what they paid for various Power Integrations products—and the restatements' impact on the cost of revenue was on the order of a few tenths of a percent (0.006 change for 2004 and 0.003 change for 2002). This *de minimis* change in cost of revenue, the only even arguably relevant number, demonstrates that the restatements have no material impact on Mr. Troxel's testimony or the outcome of the trial.

Power Integrations anticipates Fairchild may disagree, and may seek re-trial of the damages issues decided by the Jury. However, a trial court should only grant a new trial if newly discovered evidence: "(1) [is] material and not merely cumulative; (2) could not have been discovered before trial through the exercise of reasonable

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
March 9, 2007
Page 2

diligence; and (3) would probably have changed the outcome of the trial." *Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) (citing *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)). A party requesting such relief "bears a heavy burden, which requires more than a showing of the potential significance of the new evidence" in order to succeed on a motion for a new trial. *Bohus*, 950 F.2d at 930 (internal quotations and citations omitted). Given the *de minimis* nature of the changes in the relevant figures, Fairchild cannot meet that heavy burden.

As such, the earnings restatements present no basis for setting aside the Jury's verdict or revisiting the damages award in this case.

Respectfully,

*/s/ William J. Marsden, Jr.*

William J. Marsden, Jr.

Attachment

cc:   Clerk of Court (w/attachment via ECF)
      Steven J. Balick, Esquire (By Hand)
      G. Hopkins Guy, III, Esquire (By Federal Express)