IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

        Plaintiff,

       v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation,

        Defendants.

C.A. No. 04-1371 JJF

DATE: April 13, 2007

TIME: 10:00 a.m.



**POWER INTEGRATIONS' BRIEF IN SUPPORT OF ITS MOTION TO DE-
DESIGNATE DX-483, A FAIRCHILD DOCUMENT USED IN OPEN COURT
DURING THE FIRST TRIAL**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

DATED: March 16, 2007

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ............................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................ 1

III. ARGUMENT ................................................................................................... 3

  A.  Fairchild's Use of the '366 Opinion Letter (DX-483) in Open Court, Failure to Object to Its Admission into Evidence, and the Plain Language of Paragraph Nine of the Protective Order All Demonstrate that Fairchild Has Waived Any Confidentiality. ............................................................................................. 4

  B.  Fairchild's Lawyers' Inconsistent Positions Are Highly Relevant. ......................... 6

IV. CONCLUSION ................................................................................................ 6

TABLE OF AUTHORITIES

## CASES

*Littlejohn v. BIC Corp.*,
   851 F.2d 673 (3d Cir. 1988)...................................................................4, 6

*National Polymer Products v. Borg-Warner Corp.*,
   641 F.2d 418 (6th Cir.1981) ...............................................................4, 5

I.    **INTRODUCTION**

   Plaintiff Power Integrations, Inc. ("Power Integrations") seeks an order from this Court de-designating trial exhibit DX-483 ("the '366 opinion letter") from its original classification as Highly Confidential under the protective order entered in this case. Power Integrations was forced to bring this motion because Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation's (collectively "Fairchild") refused Power Integrations' request to de-designate the letter. Power Integrations seeks the de-designation so that the letter can be submitted to the U.S. Patent and Trademark Office ("PTO") for the limited purpose of addressing issues raised by Fairchild's request that the PTO reexamine Power Integrations' '366 patent. In its request for reexamination (and its current contentions before this Court), Fairchild argues that the alleged prior art "TEA2262" device supports its contention that the '366 patent is invalid. In contrast, the '366 opinion letter from Fairchild's counsel clearly and unequivocally concludes the exact opposite. Therefore, the letter is highly relevant to the PTO's reexamination of the '366 patent in view of the TEA2262. Because the '366 opinion letter has already been used in open court and admitted into evidence without objection or any effort on the part of Fairchild to maintain its confidentiality, there is no basis for Fairchild's refusal to de-designate the letter, and Power Integrations' motion should be granted.

II.    **FACTUAL BACKGROUND**

   Power Integrations sued Fairchild for patent infringement on October 20, 2004, and the parties thereafter agreed upon a form of Protective Order ("Order"), which this Court signed and entered on March 16, 2005. (D.I. 26.) The Order allows either party to designate documents as either "Confidential" or "Highly Confidential." (*Id.* at ¶¶ 1, 5.) However, the Order specifically excludes from being designated as Confidential "any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission or fault of the

Receiving Party."[1]  (*Id.* at ¶ 8(b).)  The designation listed on each document remains effective "[u]ntil a determination by the Court," (*id.* at ¶ 9), but once challenged the burden lies with the designating party to establish the propriety of the confidentiality designation.  (*Id.*)

Fairchild produced several successive sets of opinion letters from Sidley Austin, LLP during the course of this case, including the June 6, 2006 '366 opinion letter that is the subject of this motion, and designated each of them Highly Confidential under the Protective Order.  (*See, e.g.,* Ex. A (DX-483, FCS1693053-57).)  The '366 opinion letter in question, DX-483, discusses, among other things, the implication of the SGS-Thompson TEA2262 datasheet with respect to Power Integrations' '366 patent.

At the first trial in this case, the opinion letter was discussed in open court when Power Integrations cross-examined Mr. Robert Conrad, Fairchild's Executive Vice President and General Manager of the Analog Products Group.  (Oct. 4, 2006 Trial Tr. at 918:3-919:9.)  Mr. Robert Morrill, one of Fairchild's witnesses and author of the '366 opinion letter, also discussed the opinion letter in open court.  (Oct. 5, 2006 Trial Tr. at 1296-1304 (explaining he had twelve opinion letters in front of him and proceeding to discuss them with counsel.)  Fairchild did not object or seek to treat the opinion letter as Highly Confidential by asking the Court to clear the courtroom during either Mr. Conrad's or Mr. Morrill's testimony.  (*Compare id.* (demonstrating no attempt to clear courtroom when opinion letters were discussed with Morrill) and Oct. 4, 2006 Trial Tr. at 918:3-919:9 (demonstrating no attempt to clear courtroom when DX-483 was discussed with Conrad) *with* Oct. 4, 2006 Trial Tr. at 666:17-23 (clearing the courtroom following Power Integrations' request to keep confidential the exhibits and testimony about to be given); *see also* Oct. 5, 2006 Trial Tr. at 1225:3-7 (reminding counsel that it is their

---

1.  The definition of "Highly Confidential" requires a predicate finding that the information is "Confidential."  (D.I. 26 at ¶ 5(a)).  Thus, any document that cannot be designated as "Confidential," pursuant to paragraph eight of the PO, cannot be designated as "Highly Confidential."

responsibility to ask for the courtroom to be cleared when Confidential information will be presented).) Moreover, when the opinion letter was formally admitted into evidence as DX-483, Fairchild did not object or assert that its admission into the public record was to be limited by some claim of confidentiality. (Oct. 5, 2006 Trial Tr. 1223:20-1224:17.)

Following the conclusion of the first trial, Fairchild filed an *ex parte* reexamination request regarding the '366 patent with the PTO. (*See* Ex. B.) As part of the request, Fairchild contended that the TEA2262 datasheet was invalidating prior art because it allegedly disclosed the soft start functionality of the '366 patent. (*See id.* at 3.) In stark contrast, Fairchild's opinion counsel had previously concluded that the

REDACTED

[2] (Ex. A at 3.) The conflicting opinion from Fairchild's counsel is highly relevant to the request for reexamination, and for that reason Power Integrations sought Fairchild's permission to de-designate the letter. (Ex. C.) Fairchild refused (Ex. D), and despite Power Integrations' renewed efforts and an explanation of Power Integrations' position (Ex. E), Fairchild would not agree to de-designate the letter. (Ex. F.) Because Fairchild would not voluntarily de-designate DX-483, Power Integrations filed this motion.

## III.  ARGUMENT

This Court should find that DX-483 is not confidential under the Protective Order entered in this case for either of two independent reasons. First, Third Circuit precedent requires information disclosed in open court to be treated as public information. Second, Fairchild should not be permitted to take wholly inconsistent positions, relying on

---

[2]  Because the issue of the letter's confidentiality has not yet been decided by the Court, the inclusion of this passage has led Power Integrations to file its brief under seal out of an abundance of caution, but we do not believe it requires such classification under the law and the terms of the Protective Order.

opinions that state in no uncertain terms that the TEA2262 is <u>not</u> invalidating prior art in front of this Court and then arguing the opposite to the PTO in its pending reexamination request. Fairchild's counsel's inconsistent positions with respect to the TEA2262 and the '366 patent are highly relevant to Fairchild's request that the PTO reexamine the '366 patent, and Power Integrations therefore seeks to have it de-designated so it can be submitted to the PTO.

**A.    Fairchild's Use of the '366 Opinion Letter (DX-483) in Open Court, Failure to Object to Its Admission into Evidence, and the Plain Language of Paragraph Nine of the Protective Order All Demonstrate that Fairchild Has Waived Any Confidentiality.**

Fairchild's trial exhibit DX-483 should not be afforded any continued confidential treatment under the Protective Order based on its use and discussion at trial. The Third Circuit has held that "the release of information in open court 'is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'" *Littlejohn v. BIC Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) (quoting *Nat'l Polymer Prods. v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir.1981)). Even if the entire document is not read aloud, the mere reference to confidential information can constitute publication of the material. *See id.* at 679 n.12, 680 (citing *Matter of Continental Ill. Sec. Litig.*, 732 F.2d 1302, 1312-13 (7th Cir. 1984)). Moreover, the failure to object to the admission of evidence is sufficient to find the confidential nature of the information has been waived. *Id.* Finally, where a protective order requires information designated as confidential to remain so designated until further order of the court, "[t]he admission of . . . trial exhibits into the trial record absent a seal constitute[s] such an order." *Id.* at 680 n.17.[3]

---

[3]    In view of this clear and controlling precedent, Power Integrations believes the Court has already ordered the de-designation of the exhibit and that Power Integrations would be authorized to submit the letter to the Patent Office without further action by the Court. However, given the importance of protective orders, the risks associated with the inadvertent disclosure of truly confidential material, and an abundance of caution, Power Integrations felt it appropriate to seek unambiguous instructions from the Court.

Here, DX-483 was used and discussed in open court on multiple occasions, and it was admitted into the evidentiary record without objection. That use and admission constitutes a publication of the information. In *Littlejohn*, the Third Circuit noted that the defendant "failed to assert its interest at trial when the plaintiff referred to and discussed portions of the confidential exhibits with her experts." *Id.* at 680. Similarly, Fairchild made no effort to limit the information's disclosure by clearing the courtroom or requesting that information remain confidential at trial, either during *its own* affirmative use of the exhibit or during Power Integrations cross-examination. Just as the defendant in *Littlejohn* failed to take any steps to protect disclosure of allegedly confidential documents and was found to have waived any argument that the documents remained confidential, *id.*, Fairchild's failure to undertake steps at trial operated as a waiver of any rights it has to restrict the future use of DX-483.

Furthermore, the court in *Littlejohn* found a waiver of confidentiality with respect to documents even though only "specific portions" of the documents the expert relied upon were "briefly discussed in open court." *Id.* at 680. Here, although the full document was never read into the record, its existence was disclosed and its contents discussed in open court—just as in *Littlejohn*. For example, Mr. Conrad discussed the contents of DX-483 and his reliance upon it,[4] (Oct. 4, 2006 Trial Tr. at 918:17—919:9), and Mr. Morrill discussed the preparation of the letters and showed them to the jury. (Oct. 5, 2006 Trial Tr. at 1296-1304; Oct. 6, 2006 Trial Tr. at 1386-1417.) As such, the documents were sufficiently referenced and discussed to constitute publication in open court.

Moreover, DX-483 was on Fairchild's exhibit list (D.I. 401), and when Power Integrations moved to admit DX-483 into evidence, Fairchild did not object, and the

---

4.  Mr. Conrad testified about the contents of DX-483, specifically noting Fairchild's counsel's change in opinion from the previous letter. Trial Tr. at 918:3-21. Mr. Conrad also discussed the specifics of the opinion and its evaluation of specific claim terms from the patent. *Id.* at 919:7-9.

5

Court granted the motion. (Oct. 5, 2006 Trial Tr. at 1223:20—1225:22.) This is precisely what happened in *Littlejohn*, and the Third Circuit concluded that the failure to object to the information being admitted into evidence constituted waiver of the confidential designation. 851 F.2d at 679-80. Fairchild's failure to object to the admission of DX-483 into evidence thus constitutes a waiver of the Highly Confidential designation, and this Court should formally de-designate the document for all purposes.

B.   **Fairchild's Lawyers' Inconsistent Positions Are Highly Relevant.**

Following an adverse jury verdict, Fairchild filed a request for reexamination of the '366 patent with the PTO, arguing that the TEA2262 raised a substantial new question regarding patentability. (Ex. B.) The Fairchild opinion letter admitted into evidence during the first trial, though, concludes REDACTED

(Ex. A at 3.) The inconsistent letter is thus highly relevant to Fairchild's request for reexamination, and Power Integrations therefore asks the Court to de-designate this one letter to permit Power Integrations to submit it to the PTO.[5]

IV.   **CONCLUSION**

The Court should de-designate Fairchild trial exhibit DX-483 from its current Highly Confidential classification so that Power Integrations can provide the opinion of Fairchild's lawyers to the PTO in connection with Fairchild's request to reexamine the '366 patent.

---

[5]   To the extent the Court determines that the portion of the '366 opinion letter addressing the alleged non-infringement of Fairchild's devices should still be afforded some confidentiality despite its use in open court, Power Integrations asks that the Court de-designate the portions of the letter concerning validity issues, specifically the discussion of the TEA2262, to allow Power Integrations to submit that information to the PTO.

Dated:  March 16, 2007          FISH & RICHARDSON P.C.


By: _____
    William J. Marsden, Jr. (#2247)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE  19899-1114
    Telephone:  (302) 652-5070
    Facsimile:  (302) 652-0607

    Frank E. Scherkenbach
    225 Franklin Street
    Boston, MA 02110-2804
    Telephone:  (617) 542-5070
    Facsimile:  (617) 542-8906

    Howard G. Pollack
    Michael R. Headley
    500 Arguello Street, Suite 500
    Redwood City, CA 94063
    Telephone:  (650) 839-5070
    Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.