IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, <br><br> Defendants. | C.A. No. 04-1371 JJF <br><br> DATE:  April 13, 2007 <br><br> TIME:  10:00 a.m. |

**POWER INTEGRATIONS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DE-DESIGNATE DX-483, A FAIRCHILD DOCUMENT USED IN OPEN COURT DURING THE FIRST TRIAL**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

DATED:  April 6, 2007

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation's (collectively "Fairchild") seek to prevent Plaintiff Power Integrations, Inc. ("Power Integrations") from providing an opinion letter Fairchild relied on in open court to the U.S. Patent and Trademark Office ("PTO") for consideration in evaluating a request for reexamination of the '366 patent filed by Fairchild. The opinion is highly relevant to the PTO's inquiry because it contradicts arguments Fairchild made in requesting reexamination and would effectively end the PTO's inquiry if the PTO agrees with this Court's claim constructions. Nevertheless, Fairchild's opposition brief (DI. 472) makes clear its desire to game the system by relying on its lawyers' opinion in open court to defend against a charge of willful infringement while simultaneously seeking to prevent Power Integrations from using the opinion to respond to arguments Fairchild made before the PTO. Because there is no dispute that Fairchild used the opinion letter in open court without taking any steps to maintain the alleged confidentiality of the document, Power Integrations' motion should be granted.

Fairchild's selective submission of materials to the PTO regarding Power Integrations' '366 patent (and continued efforts to prevent Power Integrations from submitting DX-483 to the PTO to expose that selectivity) prejudices Power Integrations' ability to provide the PTO with complete information on which to evaluate the merits of Fairchild's claim that the art raises a substantial new question of patentability. Fairchild's request for reexamination provided the art on which it relies and this court's claim construction, but failed to disclose that Fairchild's own opinion counsel concluded that the art is not invalidating under that claim construction. If the PTO is provided with this material admission by Fairchild, and agrees with this court's claim constructions (which were made on a record that included full briefing and a hearing), it could not reasonably find a substantial new question of patentability based on the art Fairchild has presented. Fairchild should not be permitted to get to that point by telling the PTO only half of the story and actively preventing Power Integrations from providing the whole

truth, particularly when the information in DX-483 shows that Fairchild's invalidity arguments regarding the TEA2262 do not apply under the Court's constructions.

Fairchild repeatedly suggests that Power Integrations has not challenged the alleged confidentiality of DX-483, but Power Integrations' motion and brief do just that. There is nothing confidential about DX-483 or Fairchild's theories— Fairchild cannot seriously contend that an invalidity opinion based on publicly available documents and the Court's claim construction order contains anything confidential, and Fairchild presented the entirety of its non-infringement case in open court. Even if the Court determines the portion of the letter addressing the non-infringement theory is still confidential (despite Fairchild's presentation of the theory in open court and the Jury's rejection of the theory), Power Integrations has already stated a willingness to accept the de-designation of only the validity portions of DX-483 for submission to the PTO. (*See* D.I. 470 at 6 n.5.) At the very least, the Court should de-designate the validity portions of DX-483, which rely solely on publicly available information in reaching the conclusion that the TEA2262 does not invalidate the '366 patent.

Fairchild also suggests that Power Integrations should be required to submit all of Fairchild's opinion letters to the PTO and not just DX-483, but that argument does not support Fairchild's position that DX-483 is entitled to any confidential treatment. Power Integrations would be happy to submit all of Fairchild's opinion letters to the PTO, but Power Integrations has not sought such a broad declassification of the letters because only DX-483 contains a position that is inconsistent with the arguments Fairchild presented in its reexamination requests. Power Integrations believes the inconsistent Fairchild opinion in DX-483 is the only one that would assist with the PTO's evaluation, but Power Integrations is willing to submit all of the letters if the Court would de-designate all of them in light of Fairchild's feigned concern with the submission of DX-483 by itself.

Fairchild's arguments for a broad waiver of confidentiality with respect to every exhibit admitted at trial are not responsive and misguided. As noted above, Fairchild presented a complete non-infringement defense in open court—including the discussion and admission of Fairchild's opinion letters, the schematics for its parts, and numerous documents Fairchild initially designated confidential under the terms of the Protective Order—and Fairchild took no steps to maintain the confidentiality of any of these materials. Power Integrations, in contrast, took steps to preserve the confidentiality of certain information, including requesting that the courtroom be closed for the discussion of the details of Power Integrations' financial information. *See* Oct. 4, 2006 Trial Tr. at 666:17-23 (D.I. 420). Given the different approaches the parties took in the treatment of their respective materials, Fairchild's argument on this point is misplaced.[1]

The Court should therefore find that DX-483 is not confidential under the Protective Order entered in this case and permit Power Integrations to provide the inconsistent opinion of Fairchild's lawyers to the PTO in connection with Fairchild's request to reexamine the '366 patent.

---

[1] If Fairchild were to bring a motion to de-designate exhibits moved into evidence by Power Integrations at trial, despite Power Integrations' efforts to clear the courtroom and maintain confidentiality of certain limited information, Power Integrations would object, but Fairchild has filed no such motion.

3

Dated: April 6, 2007						FISH & RICHARDSON P.C.


							By:  */s/ William J. Marsden, Jr.*
							      William J. Marsden, Jr. (#2247)
							      919 N. Market Street, Suite 1100
							      P.O. Box 1114
							      Wilmington, DE 19899-1114
							      Telephone: (302) 652-5070
							      Facsimile: (302) 652-0607

							      Frank E. Scherkenbach
							      225 Franklin Street
							      Boston, MA 02110-2804
							      Telephone: (617) 542-5070
							      Facsimile: (617) 542-8906

							      Howard G. Pollack
							      Michael R. Headley
							      500 Arguello Street, Suite 500
							      Redwood City, CA 94063
							      Telephone: (650) 839-5070
							      Facsimile: (650) 839-5071

							Attorneys for Plaintiff
							POWER INTEGRATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2007, I electronically filed with the Clerk of **POWER INTEGRATIONS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DE-DESIGNATE FAIRCHILD'S OPINION LETTER WHICH WAS UTILIZED IN OPEN COURT DURING THE INITIAL TRIAL** using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent as indicated:

| | |
|---|---|
| **BY HAND DELIVERY**<br>Steven J. Balick<br>John G. Day<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION, and third party<br>INTERSIL CORPORATION |
| **BY E-MAIL AND FIRST CLASS MAIL**<br>G. Hopkins Guy, III<br>Gabriel Ramsey<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

　　　　　　　　　　　　　　　　　　　　　*/s/ William J. Marsden, Jr.*
　　　　　　　　　　　　　　　　　　　　　William J. Marsden, Jr. (#2247)

80043717.doc