IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | **REDACTED** |
| | ) | **PUBLIC VERSION** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTIONS IN LIMINE RE INVALIDITY TRIAL

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & STUCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: May 9, 2007
180385.1

# TABLE OF CONTENTS

**Page**

I.    MOTION IN LIMINE NO. 1:

## REDACTED

    1.    The Legal Standards For Determining "Invention" ................................... 1




## REDACTED




II.   MOTION IN LIMINE NO. 2:  POWER INTEGRATIONS SHOULD BE
      PRECLUDED FROM ARGUING POSITIONS CONTRARY TO THE
      COURT'S AND THE JURY'S DECISIONS IN THE INFRINGEMENT TRIAL ........ 10

    A.    The Court Has Recognized That It Would Be Improper for the Invalidity
            Jury to Interpret the Claims Differently from the Infringement Jury ................. 10

    B.    Power Integrations Is Poised to Argue That the Invalidity Jury Should
            Apply the Court's Construction Differently than the Infringement Jury ............. 11

    C.    Neither Party Should Refer to the Previous Trial in Any Fashion ...................... 12

III.  CONCLUSION ........................................................................................................... 13

# TABLE OF AUTHORITIES
(continued)

Page

## FEDERAL CASES

*Acco Brands, Inc.* v. *ABA Locks Mfr.*,
2005 U.S. Dist. LEXIS 14511 (E.D. Tex. 2005) ...................................................................2

*Amazon.com, Inc.* v. *Barnesandnoble.com, Inc.*,
239 F.3d 1343 (Fed. Cir. 2001) ..............................................................................10, 11

*DSU Med. Corp.* v. *JMS Co., Ltd.*,
296 F. Supp. 2d 1140 (N.D. Cal. 2003) ..............................................................6, 9, 10

*Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) ..............................................................................................6

*Hahn* v. *Wong*,
892 F.2d 1028 (Fed. Cir. 1989) ......................................................................3, 5, 9

*Kumho Tire Co., Ltd.* v. *Carmichael*,
526 U.S. 137 (1999) ..............................................................................................6

*Mahurkar* v. *C.R. Bard, Inc.*,
79 F.3d 1572 (Fed. Cir. 1996) ................................................................................3

*Panduit Corp.* v. *Stalin Bros. Fibre Works, Inc.*,
575 F.2d 1152, 197 U.S.P.Q. 726 (6th Cir. 1978) ..................................................6

*RCA Corp.* v. *Data General Corp.*,
887 F.2d 1056 (Fed. Cir. 1989) ..............................................................................3

*Ralston Purina* v. *Far-Mar*,
586 F. Supp. 1176 (D. Kan. 1984) ......................................................................3, 9

*Stern* v. *Trs. of Columbia Univ.*,
434 F.3d 1375 (Fed. Cir. 2006) ......................................................................3, 5, 9

*Tech. Licensing Corp.* v. *Gennum Corp.*,
2004 U.S. Dist. LEXIS 10604 (N.D. Cal. 2004) ....................................................6

*Tracinda Corp.* v. *DaimlerChrysler AG*,
362 F. Supp. 2d 487 (D. Del. 2005) ......................................................................6

## TABLE OF AUTHORITIES
(continued)

**Page**

*Zimmer Tech., Inc.* v. *Howmedica Osteonics Corp.*,
    2007 U.S. Dist. LEXIS 12518 (N.D. Ind. 2007) ........................................................2

## FEDERAL STATUTES

35 U.S.C. §102(e) ........................................................................................................2

35 U.S.C. §102(g) ........................................................................................................2

37 C.F.R. §1.131 ..........................................................................................................2

Fed. R. Civ. P 26(a)(2)(B) ...........................................................................................7

Fed. R. Civ. P 26(a)(2)(B), 37(c)(1) ............................................................................8

Fed. R. Evid. 403 .........................................................................................................9

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") respectfully move in limine to preclude Plaintiff Power Integrations, Inc. ("Power Integrations") and its witnesses from taking positions that are inconsistent with the evidence, prohibited by the law, and prejudicial to Fairchild.

## I.    MOTION IN LIMINE NO. 1:    REDACTED

Fairchild will present evidence at trial demonstrating that Power Integration's '075 patent is anticipated by U.S. Patent No. 4,823,173 ("'173 patent"), granted to James D. Beasom. Fairchild will also present evidence demonstrating that Mr. Beasom was the first to invent the subject matter of claims 1 and 5 of the '075 patent. Power Integrations admits that each element of the '075 patent is disclosed in the '173 patent, and that Beasom filed his application for the '173 patent 15 months before Klas Eklund filed his '075 application.

**REDACTED**

### 1.    The Legal Standards For Determining "Invention".

The term "invention," as it is used in patent law when determining priority, has a very

specific meaning:  that an inventor has not only conceived of an invention but also has diligently reduced the invention to practice.

**REDACTED**

Pursuant to both 35 U.S.C. §102(e) and §102(g), a patent may be invalid based on prior "invention." The legal framework for defining "invention" under these provisions of the Patent Act is set forth below:

**"Invention" Under § 102(g):**  This section provides that another person's prior "invention" invalidates a patent:

> In determining priority of invention under this subsection, there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

35 U.S.C. §102(g); *Zimmer Tech., Inc. v. Howmedica Osteonics Corp.*, 2007 U.S. Dist. LEXIS 12518, *32 (N.D. Ind. 2007) ("An invention occurs when there has been both conception and reduction to practice").  As Section 102(g) plainly states, determining which inventor was the first to invent the subject matter of the '075 patent requires consideration of conception, reduction to practice, and diligence.

**"Invention" Under § 102(e):**  This section provides that an applicant's patent is invalid if "before the invention by the applicant," a different patent or patent application describes the invention.  For the applicant to establish "invention" under Section 102(e), it must establish "reduction to practice prior to the effective date of the reference, or conception of the invention prior to the effective date of the reference coupled with due diligence from prior to said date to a subsequent reduction to practice or to the filing of the application."  37 CFR §1.131; *Acco Brands, Inc. v. ABA Locks Mfr.*, 2005 U.S. Dist. LEXIS 14511, *7-8 (E.D. Tex. 2005) ("To prove an earlier invention date, the plaintiff must show two acts: conception and reduction to practice.").  Thus, like Section 102(g), "invention" under Section 102(e) requires a determination of conception, reduction to practice and diligence.

**"Conception":** To have "conceived" of an invention, an inventor must have formed "a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice." *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996).

**"Reduction to Practice":** Reduction to practice follows conception. Actual reduction to practice means an actual embodiment including all elements of the claim had been built. *RCA Corp. v. Data General Corp.*, 887 F.2d 1056, 1061 (Fed. Cir. 1989). To show actual reduction to practice, an inventor must demonstrate that the invention is suitable for its intended purpose. *Mahurkar*, 79 F.3d at 1577.

**"Diligence":** Where a party is first to conceive but second to reduce to practice, that party must demonstrate reasonable diligence toward reduction to practice from a date just prior to the other party's conception to its reduction to practice. *Mahurkar*, 79 F.3d at 1577.

**"Corroboration":** It is settled that an inventor's uncorroborated testimony and documents cannot establish earlier conception or reduction to practice for purposes of determining "invention." Rather, it has been observed by the Federal Circuit that "[t]he inventor . . . must provide independent corroborating evidence in addition to his own statements and documents." *Hahn v. Wong*, 892 F.2d 1028, 1032 (Fed. Cir. 1989). Further:

> Since corroboration must be independent of the inventor, the inventor's notebooks unsigned by witnesses do not suffice since they are simply documents which he produced... and are merely self-serving declarations by the inventors....

*Ralston Purina v. Far-Mar*, 586 F. Supp. 1176 (D. Kan. 1984) *aff'd in part & rev'd*, 772 F.2d 1570 (Fed. Cir. 1985). "Regardless of the contents of the notebooks, unwitnessed laboratory notebooks on their own are insufficient to support his claim [of conception, and therefore] of co-inventorship." *Stern v. Trs. of Columbia Univ.*, 434 F.3d 1375, 1378 (Fed. Cir. 2006).


**REDACTED**


3

**REDACTED**

Importantly, "invention" under §§ 102(g) and 102(e) requires reduction to practice.

**REDACTED**

**REDACTED**

        As set forth above, Federal Circuit law holds that proof of prior "invention" requires corroborated evidence of conception, reduction to practice, and diligence. *See Hahn*, 892 F.2d at 1032;. *Stern*, 434 F.3d at 1378.

**REDACTED**

**REDACTED**

Federal Rule of Evidence 702 provides that expert testimony is admissible only if "the testimony is the product of reliable principles and methods," and "the witness has applied the principles and methods reliably to the facts of the case." It is settled that the Court acts as a "gatekeeper" regarding what expert testimony is presented to a jury, in order to ensure that admitted expert testimony or evidence "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999); *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 494 (D. Del. 2005) (Farnan, J.). A proponent of expert testimony must prove its admissibility by a preponderance of the evidence. *See Daubert*, 509 U.S. at 592 (admissibility of expert testimony "should be established by a preponderance of proof")

Where the testimony of an expert is not grounded on accepted legal principles, it must be excluded pursuant to Federal Rule of Evidence 702. *See Tech. Licensing Corp. v. Gennum Corp.*, 2004 U.S. Dist. LEXIS 10604, *11-12, 28, 31 (N.D. Cal. 2004) (court is empowered to review "legal methodology underlying the expert's opinion"; excluding opinion where "analysis and methodology sails into unchartered waters with Federal Circuit law nowhere in sight"); *DSU Med. Corp. v. JMS Co., Ltd.*, 296 F. Supp. 2d 1140, 1156 (N.D. Cal. 2003) (expert testimony inadmissible at trial because the proffered methodology was not grounded on established legal principles); *Panduit Corp. v. Stalin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1163, 197 USPQ 726, 735 (6th Cir. 1978) ("[R]eliance on [expert's] testimony... [was] clearly erroneous. That testimony was in substantial conflict with case law established in this circuit and elsewhere.").

**REDACTED**

**REDACTED**

Accordingly, it would be unfair and prejudicial to allow him to testify about such matters at trial.

**REDACTED**

*See* Fed. R. Civ. P 26(a)(2)(B) ("all" expert opinions to be contained in expert report), 37(c)(1) (a "party that without substantial justification fails to disclose information required by Rule 26(a)… is not… permitted to use as evidence at a trial… any witness or information not so disclosed."). Throughout this case, the Court has emphasized that experts may not testify as to opinions not disclosed in their expert reports.

**REDACTED**

7

**REDACTED**

**REDACTED**

The prejudice would outweigh the probative value.  *See* Fed. R.

Evid. 403.  Moreover, as discussed, expert testimony not grounded in established legal principles should be excluded.  *See DSU Med. Corp.*, 296 F. Supp. 2d at 1156.  Accordingly, any testimony by Mr. Shield's regarding alleged "conception" should be excluded.  *Id.*

**REDACTED**

II.    **MOTION IN LIMINE NO. 2:  POWER INTEGRATIONS SHOULD BE PRECLUDED FROM ARGUING POSITIONS CONTRARY TO THE COURT'S AND THE JURY'S DECISIONS IN THE INFRINGEMENT TRIAL.**

Power Integrations seeks to take unfair advantage of the Court's decision to bifurcate the invalidity and infringement trials.  To find infringement, Power Integrations successfully argued for a broad application of the Court's construction of soft start circuit and other claims terms. Power Integrations now intends to argue that the invalidity jury should narrowly apply the Court's construction of these same terms and, thus, find Power Integrations' claims valid.  Most insidiously, Power Integrations intends to "impeach" Fairchild's expert for adopting the broad application advocated by Power Integrations and accepted by the infringement jury.  The Court should preclude such gamesmanship and prohibit any reference to the earlier infringement trial.

A.    **The Court Has Recognized That It Would Be Improper for the Invalidity Jury to Interpret the Claims Differently from the Infringement Jury.**

Over Fairchild's objections, the Court bifurcated the issues of infringement and invalidity.  As set forth in its Motion for Reconsideration, Fairchild was concerned that the infringement jury would mistakenly apply the Court's claim construction differently from the invalidity jury.  *See* DI 274.  "Because the claims of a patent measure the invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement analyses."  *Amazon.com, Inc. v. Barnesandnoble.com, Inc.* 239 F.3d 1343, 1351 (Fed. Cir. 2001).

The Court, however, relied upon Power Integrations' argument that "there is no reason to believe... that the two juries will either apply different constructions or apply the same ones inconsistently" (DI 288, p. 6) and determined that bifurcation was appropriate:

> Fairchild contends that there is a "significant chance" that each jury "would decide the same essential issue – whether a particular circuit structure meets a specific claim element – in very different fashions." In the Court's view, Fairchild's contention is speculative. The jury will be instructed regarding claim construction by the Court, and the Court is not persuaded that its claim construction instruction will be applied differently by the two juries.

DI 328, p. 5. Having successfully argued for a broad interpretation of the Court's claim construction during the infringement trial, Power Integrations now intends to argue for a narrow interpretation for purposes of invalidity. This is improper and should be prohibited.

### B.    Power Integrations Is Poised to Argue That the Invalidity Jury Should Apply the Court's Construction Differently than the Infringement Jury.

Unfortunately, Fairchild's concern that Power Integrations will seek to have the separate juries apply the Court's claim construction differently is no longer speculative. Power Integrations has made clear that it intends to question Fairchild's expert and suggest that opinions he advanced, that were rejected by the infringement jury, should now be adopted by the invalidity jury.

Specifically, during the infringement trial, Dr. Horowitz offered his opinion that the soft start element as construed by the Court required a low frequency oscillator and other structural components shown in Figures 3, 6, and 9 and described in the portions of the specification identified by the Court in its claim construction order.[1] Throughout the first trial, Power Integrations argued that these structural components were not required.

There is no dispute that the accused Fairchild devices found to infringe Power Integrations' patents during the first trial lack a second, low frequency oscillator and other components depicted in the patent figures. Consistent with the jury's determination, Power

---

[1]    The Court construed "soft start circuit" as a means-plus-function element. DI 232, p.3. The Court indicated that the corresponding structure was shown in Figures 3, 6, and 9 of that patent and described in several columns of the specification, but did not identify the specific structures required to infringe or anticipate this element. *Id.*

Integrations' own position, and his supplemental expert report, Dr. Horowitz intends to testify that prior art invalidates the soft start claims even though it does not include a second, low frequency oscillator or other structural components absent from the Fairchild devices.

Power Integrations has indicated that it intends to "impeach" Dr. Horowitz with the fact that the first jury rejected his understanding of the Court's claim construction and determined that the Fairchild products infringed. Apparently it is Power Integrations' position that Dr. Horowitz should urge the second jury to apply the Court's claim construction differently than the manner in which the first jury applied it. This is completely improper, highly prejudicial, and a violation of the Court's order that no reference be made to the earlier trial or its outcome. Given the fact that Dr. Horowitz now applies Power Integrations' understanding of the Court's construction of the soft start element, there are only two possible reasons why Power Integrations would seek to bring up the fact that Dr. Horowitz previously believed that the Court's construction required a second, low frequency oscillator. Either, (i) Power Integrations is seeking to confuse the invalidity jury as to the scope of the soft start element with the hope that they will narrowly interpret that element to require a second, low frequency oscillator or (ii) Power Integrations is attempting to "back door" prohibited information concerning the infringement trial and its outcome. Neither possibility is permitted.

### C.     Neither Party Should Refer to the Previous Trial in Any Fashion.

To minimize the risk of inconsistent determinations by different juries, the Court should prohibit both Fairchild and Power Integrations from referring to the first trial or its outcome in any fashion. This should specifically include a prohibition against "impeaching" an expert with their opinions from the first trial.[2]

Moreover, the invalidity jury should not be told about the earlier trial or verdict. While Power Integrations has repeatedly insisted that the second jury should be informed of the finding

---

[2]     If a witness must be impeached with factual (non-opinion) statements made during the first trial, the parties and their witnesses should be directed to refer to it as an "earlier proceeding" and not to suggest that there was another trial.

of infringement, Power Integrations has failed to articulate how this information is even remotely relevant to the question of the validity of the Power Integrations patents. Such evidence should thus be excluded under Federal Rule of Evidence 402. More than simply irrelevant, however, informing the invalidity jury about the finding of infringement is highly prejudicial to Fairchild and will, in fact, defeat the purpose of bifurcation. The evidence should be precluded for this reason, as well. Federal Rule of Evidence 403. Indeed, if the issue of infringement arises in any fashion (and it should not since it is not relevant to a determination of invalidity), the jury can be instructed at the end of the trial that infringement is not an issue before them and will be decided by another jury – precisely the same instruction the first jury was given about invalidity.

Therefore, Fairchild respectfully requests that the Court order that the invalidity jury not be informed of the fact that an infringement trial occurred or the outcome of that trial.

## III.    <u>CONCLUSION.</u>

For the foregoing reasons, Fairchild respectfully requests that the Court grant Defendants' Motions in Limine.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & STUCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: May 9, 2007
180385.1

# EXHIBIT A

**REDACTED**

# EXHIBIT B

# REDACTED

# EXHIBIT C

# REDACTED