# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**REDACTED**

May 11, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court
  For the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   Power Integrations' Motions *in limine*
      Power Integrations, Inc. v. Fairchild Semiconductor International
      USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Judge Farnan:

Power Integrations submits this letter brief to present and attempt to resolve five discrete issues in anticipation of the trial set to begin in this action on June 4, 2007. Specifically, Power Integrations moves *in limine* to:

(1) preclude any reference at trial to the reexamination of Power Integrations' circuit patents;

(2) preclude Fairchild expert Dr. Paul Horowitz from relying on alleged "implied" findings by the jury in the first trial which contradict the Court's claim constructions;

(3) obtain a more definite statement regarding Fairchild's invalidity contentions;

(4) exclude the Intersil materials Fairchild produced since the conclusion of the first trial, because they have not been authenticated, lack foundation, and are hearsay;

(5) preclude any testimony from Gu-Yeon Wei, Fairchild's purported "expert on copying."

## I.   FAIRCHILD SHOULD NOT BE ALLOWED TO INTRODUCE IRRELEVANT AND PREJUDICIAL EVIDENCE RELATED TO THE REEXAMINATION OF POWER INTEGRATIONS' PATENTS.

Fairchild has indicated that it intends to introduce its reexamination requests and the PTO's grant of reexam on three of the patents-in-suit during the upcoming trial. Those requests are irrelevant and unduly prejudicial to Power Integrations for several reasons, including that different legal standards apply in the Patent Office and that there has been no substantive office action by the Patent Office in any of the reexam proceedings. As the Federal Circuit has noted, "the grant of a request for

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
May 11, 2007
Page 2

reexamination, although surely evidence that the criterion for reexamination has been met (i.e., that a 'substantial new question of patentability' has been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity." *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996). In light of this, Courts faced with this exact question routinely exclude mention of reexamination. *See Amphenol T & M Antennas Inc. v. Centurion Int'l Inc.*, 69 U.S.P.Q. 2d 1798, 1800 (N.D. Ill. 2002) ("[T]elling the jury that the patent has been called into question by the Patent Office may significantly influence the jury's application of the presumption of validity and significantly prejudice [the patentee]. The prejudicial potential of this evidence far outweighs any probative value it might have. *See* Fed. R. Evid. 403."). In this case, Power Integrations strongly believes that the prior art raised in reexamination, and the prior art Fairchild will attempt to rely on at trial, does not come close to teaching the claimed inventions and, therefore, the reexamination will result, as do the majority of reexaminations, in the patentability of Power Integrations' claims being confirmed.

Power Integrations has discussed this matter with Fairchild, but Fairchild maintains that it should be permitted to raise the issue at trial, and Fairchild has included three documents from the incomplete reexamination proceedings on its exhibit list (DX601, DX602, and DX603). Power Integrations therefore seeks an order under Federal Rules of Evidence 402 and 403 preventing Fairchild from offering evidence at trial, or raising in any manner, the reexamination of Power Integrations' patents or the standards governing reexamination, including but not limited to any introduction of such materials allegedly as "impeachment" evidence.

II. **FAIRCHILD'S CIRCUIT EXPERT, DR. PAUL HOROWITZ, SHOULD NOT BE PERMITTED TO PROVIDE TESTIMONY BASED ON ANY IMPLIED JURY FINDINGS THAT CONTRADICT THE COURT'S CLAIM CONSTRUCTIONS.**

Fairchild's expert on circuit technology, Dr. Paul Horowitz, testified recently in deposition that he will apply, in the validity trial, claim constructions different than those provided by the Court and different from what he himself advocated in the first trial. According to Dr. Horowitz's latest theory, REDACTED

This issue is particularly significant with respect to the "soft start circuit" limitation in Power Integrations' '366 patent,[1] where Dr. Horowitz apparently intends to testify that even though he previously acknowledged that the structures shown in Figure 3 of the patent within the box labeled "soft start" are required under the Court's means-plus-function construction of the term (Ex. B (Trial

---

[1] This issue is not limited to the '366 patent, however, because Power Integrations believes that Dr. Horowitz will also present inconsistent opinions regarding the '876 patent as well.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
May 11, 2007
Page 3

Tr.) D.I. 419 at 1086-88),

**REDACTED**

Dr. Horowitz's new position presumes the jury construed the claims in a manner contrary to the Court's instruction, because the Court specifically directed the Jury to Figure 3 of the patent (among other things) for the corresponding structure for the "soft start circuit" limitation. (Ex. B (Trial Tr.) D.I. 420 at 1655.) As Power Integrations' expert Mr. Blauschild explained at trial, and consistent with Dr. Horowitz's own testimony, Figure 3 of the '366 patent shows the soft start circuit (box 410) includes a latch (450), a comparator (460), and an AND gate (455). (*Id.*, D.I. 417 at 489-90.)[2] Dr. Horowitz's new argument **REDACTED** presumption that jurors follow instructions and apply them correctly. Dr. Horowitz's new position also ignores a legitimate (and in fact the only logical) explanation for the first verdict – that the jury agreed with both Dr. Horowitz and Mr. Blauschild that the soft start circuit includes the structures inside the "soft start" block in the figure, but then disagreed with Dr. Horowitz and agreed instead with Mr. Blauschild that the required structures were, in fact, present in the accused products. If Fairchild believes there was insufficient evidence for the jury to have so found, its proper course is a motion for a judgment as a matter of law, not to seek a tactical advantage in "applying" and perpetuating the perceived "error" in the validity proceeding.

Any testimony from Dr. Horowitz based on a different "implied" or "presumed" claim construction would be improper and likely to confuse the jury in the second case or, worse yet, suggest to the second jury that it is free to disregard the Court's claim constructions in the manner Dr. Horowitz incorrectly asserts the first jury did. Power Integrations therefore seeks an order precluding Fairchild and its expert Dr. Horowitz from arguing or insinuating that the first jury must have made implied findings contrary to the Court's constructions.

Fairchild and Dr. Horowitz are so unwilling to accept the first jury's rejection of their non-infringement positions that they have brought their own motion *in limine* on this same subject. (*See* D.I. 478.) Fairchild's motion is based on the fiction that Power

---

[2] It was Dr. Horowitz who incorrectly asserted at the first trial that *additional* structures outside the soft start block, for example a low frequency oscillator, were also required by the claim. Fairchild now seeks to use that straw-man as its centerpiece of its own motion *in limine* because there was no such oscillator structure in its products – a fact never contested by Power Integrations. Fairchild should not be allowed to use the fact that the jury rejected Fairchild's own expert's clearly erroneous argument as a basis to assert that the jury ignored or misapplied the Court's construction.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
May 11, 2007
Page 4

Integrations "intends" to argue a "new" position "contrary" to the jury's finding of infringement. By its motion, Fairchild seeks free reign to allow its expert to change his opinions without concern that the new opinions will be impeached as inconsistent with his own prior sworn testimony. Power Integrations will file its opposition to Fairchild's motion shortly and will address the issues more fully therein. Nevertheless, because the issue is related to Power Integrations' motion, we note here that Power Integrations will present the same recitation of the claimed structure at the upcoming validity trial that its expert presented during the first trial, namely that the claimed circuit includes the structures shown inside the "soft start" box in the figure.[3]

### III. THE COURT SHOULD PREVENT FAIRCHILD FROM BURYING ITS INTENDED PROOFS AMONG MORE THAN THREE DOZEN POTENTIAL INVALIDITY THEORIES ITS EXPERTS HAVE SET FORTH IN THEIR REPORTS.

Fairchild has buried the contentions it intends to present at trial among the more than 40 invalidity contentions set forth in Fairchild's expert reports. Fairchild's circuit expert Dr. Horowitz alone has identified no fewer than 30 invalidity contentions. These numbers vastly exceed the number of claims Power Integrations originally asserted in this case and which Fairchild, after stridently objecting to the burden of responding, succeeded in having the Court order reduced to the seven claims eventually tried. As with Fairchild's prior effort to raise more than 80 prior art references, Power Integrations does not have meaningful notice of Fairchild's intended proofs, without which Power Integrations cannot structure its answering case. When asked during his recent deposition whether he intended to opine on all of the 30+ opinions set out in his supplemental report at trial, Dr. Horowitz

REDACTED

However, with four days allotted for trial, it is clear that Fairchild will not introduce testimony on anywhere near the number of contentions it has enumerated to date, and Power Integrations therefore seeks an order compelling Fairchild to identify the specific contentions it intends to address at trial sufficiently in advance so as to enable Power Integrations to prepare its response.

---

[3] The Court will appreciate that the only structure specifically mentioned in Fairchild's motion is the low frequency oscillator, even though Fairchild makes a vague reference to "other structural components" several times. The real issue is not the low frequency oscillator. Power Integrations has never asserted the claim required any structures beyond the three shown inside the "soft start" block in the figures. Dr. Horowitz, on the other hand, needs to change his previous testimony to argue now that the soft start circuit does not require the specific structural components inside the soft start box, because those structures are not found in Fairchild's proposed prior art. Therefore, Fairchild's invocation of the low frequency oscillator is just misdirection.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
May 11, 2007
Page 5

IV. **THE COURT SHOULD PREVENT FAIRCHILD FROM INTRODUCING INTERSIL MATERIALS PRODUCED SINCE THE CONCLUSION OF THE FIRST TRIAL BECAUSE THE NEW DOCUMENTS AND THINGS HAVE NOT BEEN AUTHENTICATED, LACK FOUNDATION, AND ARE HEARSAY.**

Following the conclusion of the first trial, and contrary to the representations that there was no further documentation in the context of Intersil's successful motion to quash Power Integrations' subpoena, Fairchild belatedly identified and produced new Intersil documents and things which it now intends to rely on in the validity trial. These new documents and things include new chips, probe data, wafers, bond diagrams, and magnified photographs allegedly related to the Beasom '173 patent (Fairchild trial exhibit numbers DX544, DX546, DX547, DX548, and new pages I424, I434, I443, and I429 of DX545), none of which were present when Intersil produced materials during discovery. None of these items was on the exhibit list Fairchild filed before the first trial in this case (*see* D.I. 401 (ending with exhibit number DX540)). Power Integrations previously moved to exclude these documents (D.I. 456) but the Court deferred ruling on the issue when it was presented at the March 2 Motion Day and invited Power Integrations to raise the issue in a motion *in limine*. (Ex. C (3/2/07 Hearing Tr.) D.I. 465 at 11-12.)

Power Integrations has since inspected the new Intersil documents, but that inspection raised many more questions than it answered. In short, Power Integrations has no idea where these materials came from or what they are, and neither Fairchild nor Intersil would explain the materials or their intended use at trial during Power Integrations' inspection. Given that Power Integrations was not able to depose the relevant Intersil fact witnesses (including trial witness James Beasom) about these new materials, and given the lack of authentication or indication as to the status, authenticity, chain of custody, or provenance of these materials, Power Integrations asks the Court to exclude them from the upcoming trial under Rules 106, 901, 802, and 403.

V. **THE COURT SHOULD PREVENT FAIRCHILD'S BACKUP TECHNICAL EXPERT, GU-YEON WEI, FROM PROVIDING ANY TESTIMONY IN THIS CASE**

Fairchild has included its purported "expert on copying," Gu-Yeon Wei, on its most recent revision of its witness list, but Dr. Wei cannot provide any testimony on "copying" that will assist the finder of fact in this matter. Although the Court denied a similar motion *in limine* before the first trial, the testimony during the first trial showed that Dr. Wei has no first-hand knowledge of any facts relevant to Fairchild's copying of the claimed inventions, as he freely admitted he has no knowledge of and did not consider Fairchild's process of designing the infringing products in forming his "opinion" on copying. (*See* Ex. B (Trial Tr.) at 1165-67.) As such, Dr. Wei's

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
May 11, 2007
Page 6

opinion cannot meet the standards for admissibility of expert testimony. Further, in concluding that Fairchild willfully infringed, the jury in the first trial implicitly found that Fairchild copied Power Integrations' inventions. Thus, allowing Fairchild to put on evidence to the contrary, especially evidence not directly probative of the question, would undermine the first jury's verdict.

In addition, the prejudice to Power Integrations in allowing the Wei testimony is different and greater in the upcoming trial than in the previous proceeding on infringement. This is true because Dr. Wei's "opinion" on copying includes statements about the alleged "similarities" between Power Integrations patented inventions and the prior art—clearly an improper back-door attempt to bolster Fairchild's invalidity case. But Dr. Wei never provided an expert report on validity, and he cannot, therefore, address this issue at trial. Dr. Wei's proposed testimony on the prior art, and his completely baseless assertion that one "could argue" that Power Integrations "copied" the prior art, are thus very likely to confuse the jury, who will interpret his comments as directed to validity. Therefore, pursuant to F.R.E. 402 and 403, the Court should prevent Fairchild from wasting time at trial and potentially confusing the jury with Dr. Wei's testimony.

Respectfully,

/s/ William J. Marsden, Jr.

William J. Marsden, Jr.
Enclosures

WJM/kxk

cc:   Clerk of Court
      Steven J. Balick, Esq. (By Hand)
      Bas de Blank, Esq. (By Federal Express)

50415419.doc