# Exhibit B



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401

WWW.ORRICK.COM

May 16, 2007

Brian H. VanderZanden
(650) 614-7629
bvanderzanden@orrick.com

*VIA E-MAIL*

Michael R. Headley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94036

Re:     Power Integrations v. Fairchild Semiconductor et al. (CA 04-1371 JJF)

Dear Michael:

We just today received your letter of May 14 and the enclosed 266-page document production, documents purportedly to have recently been discovered by Klas Eklund. These documents should have previously been produced by Power Integrations, at least in advance of Mr. Eklund's October 14, 2005 deposition.  As we are now less than three weeks from the start of trial, this new production is exceedingly untimely, and prejudices Fairchild's ability to prepare its case for trial.

Your letter incorrectly states that Fairchild received "most of these documents in some form in earlier productions."  Upon initial review, however, it appears that we have not seen the majority of these documents before, and count only 41 pages out of 266 as being duplicative of prior productions.

These documents raise numerous questions.  Please provide Power Integrations' response to each of the following questions:

  1.  Does Power Integrations intend to rely upon any of the documents in this production at trial?  If so, which ones?

  2.  How were these documents discovered by Mr. Eklund?

  3.  Why were these documents not produced earlier?

  4.  Where were these documents located when discovered by Mr. Eklund?



**ORRICK**

Michael R. Headley
May 16, 2007
Page 2

    5.  Were these documents part of a larger group of documents that Power Integrations has chosen not to produce?

    6.  Is Mr. Eklund in the possession of any other documents from the time prior to the filing date of the '075 patent, including from the time he worked at AMD?

Moreover, Fairchild will need to depose Mr. Eklund in light of this recent production. In order to have enough preparation time in advance of trial, we will need to take his deposition sometime next week. Please let me know what days Mr. Eklund is available. If Power Integrations is unwilling to make Mr. Eklund available, Fairchild will be forced to move to exclude all of his testimony at trial, whether live or by deposition.

Furthermore, many of the documents in this new production are difficult to read, and many appear to have significant portions of text obscured, possibly cut off while copied. Please provide us with better copies of these documents immediately. Additionally, we must demand to be permitted to inspect the original versions of the entire document production.

Finally, I note that the newly-produced versions of the six Eklund pages Power Integrations hopes to rely upon to show invention of the '075 patent deviate significantly from earlier produced versions of these documents (i.e. PX-29 and PX-30). For example, the second page of PX-30 includes the number "2" in the upper right hand corner. Significantly, that number is missing from the newly produced version of that document. It is therefore apparent that the version identified as PX-30 was modified so as to allow Power Integrations to claim an earlier invention date. This discrepancy, as well as others, completely cast the authenticity of any versions of these documents into doubt. We must therefore demand that you agree not to rely upon any version of PX-29 or PX-30 at trial.

In light of the immediacy caused by Power Integrations' untimely production, I must demand a response to the issues raised in this letter by the end of business tomorrow.

Sincerely,

Brian H. VanderZanden
OHS West:260234199.1