# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 24, 2007

The Honorable Joseph J. Farnan, Jr.　　　　　　　　　　　　VIA ELECTRONIC FILING
United States District Court
844 King Street
Wilmington, DE 19801

  Re: *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., et al.,*
    C.A. No. 04-1371-JJF

Dear Judge Farnan:

  We hesitate to burden the Court with another letter in this matter, but feel compelled to advise the Court about two significant omissions in the text of Power Integrations' May 23, 2007 letter to the Court requesting reconsideration of Your Honor's Order concerning the continuance of the validity trial in this action. First, in advising the Court that Mr. Eklund has now become available for deposition "within the window that Fairchild previously requested," Power Integrations conveniently fails to mention that the deposition they now propose would be in Sweden this coming Sunday, and not this week in the United States, as Fairchild in fact originally requested. Second, Power Integrations also fails to advise the Court that, shortly after the issuance of the Court's May 22nd Order, it proposed to Fairchild that the parties agree to hold the validity trial during either the week of August 6th or the week of August 13th. (Exhibit 1). It was not until after Fairchild interrupted its trial preparations and spent the bulk of that evening and the next morning contacting all of its potential witnesses to inquire about their availability for trial during those two weeks in August that Power Integrations first advised Fairchild that Mr. Eklund suddenly had become available. Since Fairchild accepted Power Integrations' original offer, and declined to undertake the Herculean effort that would have been required to prepare for and take Mr. Eklund's deposition in Stockholm on four days notice, we were surprised to discover that Power Integrations had reneged on its original offer by writing to the Court to request reconsideration of the Court's May 22nd Order. It is worthy to note that Power Integrations has now written twice to ask the Court to proceed with trial on June 4th, without once offering any explanation for its last minute production of documents from its inventor, or addressing the specific examples of prejudice that Fairchild offered in its emergency email. This silence, coupled with Power Integrations' request that the Court determine the trial date without further submissions concerning the significance of the withheld documents and the prejudice caused by their belated production, speaks volumes.

                   Respectfully,

                   *John G. Day*

                   John G. Day

The Honorable Joseph J. Farnan, Jr.
May 24, 2007
Page 2

JGD/nml
Attachment
180879.1

c:  William J. Marsden, Jr. Esquire (by hand)
    Frank E. Scherkenbach, Esquire (via electronic mail)
    Howard G. Pollack, Esquire (via electronic mail)
    G. Hopkins Guy, III, Esquire (via electronic mail)

# EXHIBIT 1

**From:** Howard Pollack [mailto:pollack@fr.com]
**Sent:** Tuesday, May 22, 2007 5:11 PM
**To:** Guy, Hopkins; de Blank, Bas
**Cc:** Michael Headley; Frank Scherkenbach; William Marsden
**Subject:** PI / Fairchild trial

Dear Hop and Bas,

We tried to reach you by phone to discuss the issue but were unable, so we are following up via e-mail. In light of the judge's order of today's date, and our presumption that you will not agree to proceed with trial as currently scheduled given that we cannot produce Klas Eklund for deposition before June 3, we provide the following alternative proposal. First, we will agree to make Dr. Eklund available for deposition the week of June 4 and to take the deposition of James Beasom the week of June 18 (or another time in June that works for all concerned). In view of this, the parties would also jointly propose that the Court reschedule the trial for either the week of August 6 or the week of August 13, subject to the Court's availability. This is around the 8 week maximum continuance the Court suggested in the order. In addition, in view of this extension, we ask Fairchild to agree to try inequitable conduct to the bench the same week we proceed with the jury trial per the Court's previous discussion of the procedure for taking testimony on inequitable conduct outside the presence of the jury.

Please let us know if you are amenable to this proposal as soon as possible so that we can notify

the Court.

Sincerely,

Howard

Howard G. Pollack
Managing Principal
~ Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: 650-839-5070
Fax: 650-839-5071
pollack@fr.com

*******************************************************************************:

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*******************************************************************************:

5/24/2007