IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | **REDACTED**<br><br>C.A. No. 04-1371 JJF<br><br>**CONFIDENTIAL – FILED UNDER SEAL** |

## POWER INTEGRATIONS' OPPOSITION TO FAIRCHILD'S THIRD SET OF MOTIONS *IN LIMINE*

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247) (marsden@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
Jonathan Lamberson
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

Date: May 23, 2007

## TABLE OF CONTENTS

**PAGE**

I.  INTRODUCTION ....................................................................................................1

II. ANSWER TO FAIRCHILD MIL NO. 1: FAIRCHILD'S MOTION TO PRECLUDE POWER INTEGRATIONS' PROCESS TECHNOLOGY EXPERT FROM ADDRESSING THE TECHNICAL DOCUMENTARY RECORD IS UNFOUNDED. ....................................................................................................1

III. ANSWER TO FAIRCHILD MIL NO. 2: FAIRCHILD'S MOTION TO PRECLUDE ANY REFERENCE TO THE FIRST TRIAL IS IMPROPER AND SHOULD BE DENIED. ............................4

IV. CONCLUSION........................................................................................................8

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*,
    229 F.3d 1120 (Fed. Cir. 2000)...........................................................................7

*Mahurkar v. C.R. Bard, Inc.*,
    79 F.3d 1572 (Fed. Cir. 1996)..........................................................................2, 4

**OTHER AUTHORITIES**

Scwhartz, Herbert F., *Patent Law and Practice* 78-79
    (5th ed. Washington, D.C.: BNA Books) (2006).................................................2

Plaintiff Power Integrations, Inc. ("Power Integrations") hereby opposes the third set of motions *in limine* (D.I. 478) submitted by defendants Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corp. ("Fairchild").

## I. INTRODUCTION

As with Fairchild's earlier motions *in limine*, filed September 1, 2006 (D.I. 356), the instant motions improperly argue and reargue summary judgment motions, raise *Daubert*-like challenges without properly applying the *Daubert* test, and would confuse rather than clarify the proofs for trial. For these reasons, and for the reasons identified below and in the voluminous briefing both parties have already submitted on these issues, Fairchild's motions *in limine* should be denied.

## II. ANSWER TO FAIRCHILD MIL NO. 1: FAIRCHILD'S MOTION TO PRECLUDE POWER INTEGRATIONS' PROCESS TECHNOLOGY EXPERT FROM ADDRESSING THE TECHNICAL DOCUMENTARY RECORD IS UNFOUNDED.

Fairchild's motion to preclude Power Integrations' technical expert on semiconductor processing technology from providing any testimony at the upcoming trial regarding the documentary record of Dr. Klas Eklund's early work on the '075 patent presents a further attempt to re-argue its unsuccessful motion for summary judgment. (*See* D.I. 266, Order Denying Defendants' Motion for Summary Judgment of Invalidity of Claims 1 and 5 of U.S. Patent No. 4,811,075.) And as with Fairchild's earlier motion *in limine* to exclude testimony on this issue (*see* D.I. 384 at 14), Fairchild puts forward no new arguments and fails even to discuss the standards necessary for urging what in effect is reconsideration of its failed motion for summary judgment. The Court should again reject Fairchild's efforts to reargue the same issue with the instant motion *in limine*.

The law governing priority challenges under U.S. patent law is straightforward, even if the facts underlying such challenges are often not so clear:

> With all of the evidence from both sides before the jury, [the defendant] must persuade the jury by clear and convincing evidence that its version of the facts is true. In other words, [the defendant] must persuade the jury that [the patentee] did not invent prior to publication of the [alleged prior

art]. This is because (1) he did not conceive and reduce his invention to practice before the publication date and (2) he did not conceive and thereafter proceed with reasonable diligence as required to his filing date. If [the defendant] fails to meet this burden, the [alleged prior art] is not prior art under section 102(a).

*Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1578 (Fed. Cir. 1996); *see also* Schwartz, Patent Law and Practice, 5th Ed. at 78-79. In other words, the burden is on Fairchild, as the challenger, to prove by clear and convincing evidence that its prior invention story is true.

At the upcoming trial, Power Integrations' technical expert Michael Shields will provide straightforward technical testimony regarding Dr. Eklund's early work: Mr. Shields will testify that Dr. Eklund's documents show all the elements of the claimed invention before any documents written by Mr. Beasom show those elements. In his initial Rebuttal Report, Mr. Shields walked through what he believed would be understood by a person of ordinary skill in the art from Dr. Eklund's early notes, comparing that disclosure against the claimed invention. (*See* D.I. 478 Ex. C at ¶¶ 49-64.) Mr. Shields concluded that "the descriptions and diagrams in these early notes reflect all limitations of the asserted claims of the '075 patent" (*id.* at ¶ 51) and noted that Dr. Eklund's early notes have "a remarkable correspondence to the final claims of the '075 patent." (*Id.* ¶ 64.)

Then, in response to Fairchild's expert's Supplemental Report and Fairchild's subsequent production of further documents from Intersil/Beasom, Mr. Shields noted:

> Mr. Beasom's notes and drawings do not show all of the elements of the '075 Patent before Dr. Eklund's conception and recordation of the claimed invention.

**REDACTED**

2

**REDACTED**

(D.I. 478 Ex. A at ¶¶ 4-5.) All of this testimony interpreting the disclosure of the documents of record relies on Mr. Shields's particular technical expertise, which Fairchild has not challenged, and the testimony goes directly to the issue of what a person of ordinary skill would understand from the documentary record.

Fairchild's process expert will similarly address his understanding of the technical details of Dr. Eklund's and Mr. Beasom's documents. The jury will, once informed by the Court's instructions of the applicable legal standards, then weigh the evidence and draw its own conclusions regarding who was first to invent. Nevertheless, Fairchild suggests that Mr. Shields should not be permitted to provide *any* testimony regarding the technical documentary record because Fairchild takes exception to the fact that Mr. Shields will not also address certain other issues such as diligence or reduction to practice.

Fairchild's argument is a non-sequitur. Whether a party could have an expert on diligence or reduction to practice,[1] there is certainly no requirement that a party do so. Power Integrations will present other testimonial and documentary evidence on diligence and reduction to practice. The fact that Mr. Shields has not been asked to offer an expert opinion on those issues has no bearing on whether he should be precluded from offering the opinions he has formed (and timely disclosed) on the separate issue of conception.

The only potential issue of concern relates to testimony beyond the scope of expert reports, an issue for which the Court has explicitly spelled out the standards and how they will be applied at trial on several occasions. The excerpts from Mr. Shields's reports set forth above show that he can, consistent with the Court's directives, testify on

---

[1] The relevant evidence on these questions will be the evidence showing what Dr. Eklund and Mr. Beasom actually did in the relevant time frame, which will come from the documents and the testimony of the percipient witnesses, not from "experts" who have no personal knowledge of these events.

3

conception as Power Integrations proposes. If interpreted as a challenge to the scope of permissible trial testimony given an expert report, Fairchild's motion is at best premature. Again, the Court has made clear what the procedure and remedies are if an expert crosses the line.

Because Fairchild must ultimately provide "clear and convincing evidence that its version of the facts is true," *Mahurkar*, 79 F.3d at 1578, the present motion appears to be an effort by Fairchild to try to lower its hurdle by seeking to exclude admissible evidence which makes its task difficult. The Court should reject Fairchild's efforts and deny the instant motion.

### III. ANSWER TO FAIRCHILD MIL NO. 2: FAIRCHILD'S MOTION TO PRECLUDE ANY REFERENCE TO THE FIRST TRIAL IS IMPROPER AND SHOULD BE DENIED.

Fairchild and Dr. Horowitz are so unwilling to accept the first jury's rejection of their non-infringement positions that they now incorrectly suggest that Power Integrations "intends" to argue a "new" position "contrary" to the jury's findings of infringement. In reality, by its motion, Fairchild seeks free reign to have its experts change their opinions in testimony before the validity jury without concern that the new opinions will be impeached as inconsistent with the prior sworn testimony given in this very Court before the previous jury. There is simply no basis for allowing Fairchild's experts (or any witness) to flip flop on their testimony—opinion or otherwise—without being subject to proper impeachment on cross-examination, and the Court should therefore deny Fairchild's motion *in limine*.

As previewed in Power Integrations' second motion *in limine* (D.I. 479 No. 2), Fairchild's witness, Dr. Paul Horowitz, apparently intends to apply claim constructions that are substantially different from those adopted by the Court and provided to the first jury, and which are different from those he advocated in the first trial. According to Dr. Horowitz's latest theory,

**REDACTED**

Dr. Horowitz apparently intends to state at the upcoming trial that, even though he previously testified that the structures shown in Figure 3 of the patent within the box labeled "soft start" are required under the Court's means-plus-function construction of the term (D.I. 479 Ex. B (Trial Tr.) at 1086-88),

**REDACTED**

Dr. Horowitz's new position incorrectly presumes the jury construed the claims in a manner contrary to the Court's instructions. The Court specifically directed the jury to Figure 3 of the patent (among other things) for the corresponding structure for the "soft start circuit" limitation. (D.I. 479 Ex. B (Trial Tr.) D.I. 420 at 1655.) As Power Integrations' expert Mr. Blauschild explained at trial, and consistent with Dr. Horowitz's own testimony, Figure 3 of the '366 patent shows the soft start circuit (box 410) as including a latch (450), a comparator (460), and an AND gate (455). (*Id.* at 489-90.)[2] Dr. Horowitz's new argument

runs contrary to the presumption that jurors follow instructions correctly. Dr. Horowitz's new position also ignores a legitimate (and in fact the only logical) explanation for the first verdict – that the jury agreed with both Dr. Horowitz and Mr. Blauschild that the soft start circuit includes the structures inside the

---

[2] It was Dr. Horowitz who incorrectly asserted at the first trial that *additional* structures outside the soft start block, for example a second low frequency oscillator, were also required by the claim. Fairchild now seeks to use its own straw-man as the centerpiece of its motion *in limine* because there was no such second oscillator structure in its products – a fact never contested by Power Integrations. Fairchild should not be allowed to use it's own expert's clearly erroneous non-infringement argument as a basis to assert that the jury ignored or misapplied the Court's construction.

5

"soft start" block in the figure, but then agreed with Mr. Blauschild and disagreed with Dr. Horowitz that the required structures were, in fact, present in the accused products.[3] In other words, the genesis of Fairchild's motion is the premise that Dr. Horowitz cannot be wrong. The first jury has emphatically decided otherwise, and Dr. Horowitz must respect its findings in testifying the second time around.

Power Integrations need not, and will not, discuss "infringement" or the prior jury verdict in cross-examining Dr. Horowitz, should he testify that certain structures are allegedly not required to be present in the prior art in order for the prior art to invalidate the claims. Power Integrations can simply remind Dr. Horowitz that he testified previously under oath to something contrary. Because Fairchild believes Dr. Horowitz's only response to this impeachment is to raise his improper theory about the prior jury disregarding the proper claim construction, Fairchild seeks to prevent him from being placed in that position. But Fairchild made its own bed by taking extreme positions, and having its experts so advocate. Fairchild must either accept the consequences of taking inconsistent positions in the second trial, or it can choose not to raise invalidity positions that open its expert up to this type of impeachment on cross-examination.

Though clearly motivated by the predicament in which Dr. Horowitz finds himself, Fairchild's motion goes even further, and does not limit its request to Dr. Horowitz. Rather, Fairchild seeks preclusion of any mention of the prior trial "or its outcome" in any way, no matter what the circumstances. At the end of its motion, Fairchild ultimately points out the lengths to which it will go in an attempt to hide its

---

[3] The Court will also appreciate that the only structure specifically mentioned in Fairchild's motion is the straw-man low frequency oscillator, even though Fairchild makes a vague reference to "other structural components" several times. But the issue is not and never has been the low frequency oscillator, because Power Integrations never asserted the claim required any structures beyond the three shown inside the "soft start" block in the patent figures. Dr. Horowitz, on the other hand, needs to change his previous testimony to argue now that the soft start circuit does not even require the specific structural components inside the "soft start" box, because those structures are not found in Fairchild's proposed prior art. Therefore, Fairchild's invocation of the low frequency oscillator masks the real issue.

poor strategic decisions, when it absurdly suggests that the second jury should be positively misled about the issue of infringement. After conceding that the parties should be permitted to impeach fact witnesses with prior inconsistent statements made during "an earlier proceeding" (D.I. 478 at 12 n.2) – a concession that cannot be squared with its contention that experts cannot be similarly impeached with inconsistent opinions – Fairchild goes on to suggest that the Court instruct the jury that infringement "*will be decided* by another jury." (*Id.* at 13 (emphasis added).) Because the issue of infringement has already been decided—albeit not to Fairchild's liking—the instruction Fairchild seeks would clearly be improper and prejudicial to Power Integrations.

With this further, overreaching request, Fairchild telegraphs its intention to try to keep information from the jury regardless of its relevance to the validity issues, and regardless of whether Fairchild itself opens the door to this information, because the disclosure would allegedly improperly reveal the existence of a prior jury verdict. For example, the commercial success of products incorporating the patented inventions, including Fairchild's products, is a relevant objective indicia of non-obviousness. *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1130 (Fed. Cir. 2000) ("[T]he success of an infringing product is considered to be evidence of the commercial success of the claimed invention." (citing *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1579 (Fed. Cir. 1997))). Power Integrations need not raise the prior finding of infringement to assert that the commercial success of Fairchild's products supports a conclusion that Power Integrations' patents are not obvious, but if Fairchild's witnesses challenge the assertion that Fairchild's products incorporate the patented features, Power Integrations must be allowed to impeach them, and Power Integrations believes it can do so without referring to a "jury trial" or "verdict of infringement."[4]

---

[4] The situation is directly analogous to a witness advocating a position that is contrary to the Court's claim construction. Certainly such testimony could be impeached by pointing out that the claim had already been construed by the Court in a particular manner, citing to the claim construction order. Testimony that contradicts the finding of infringement should be equally impeachable by reference to a "finding" in a prior

7

Because Fairchild has advocated an extreme position with respect to the first trial that has no legal support, and because the relief Fairchild seeks would be unfairly prejudicial to Power Integrations by unduly limiting its ability to cross-examine Fairchild's witnesses, the Court should deny Fairchild's motion and permit Power Integrations to cross-examine Fairchild's witnesses, including its experts, if and when the testimony they offer during the validity trial contradicts their prior testimony or if their testimony is inconsistent with the Court's prior rulings or the findings of the jury in the first trial.

## IV. CONCLUSION

The Court should deny Fairchild's motions *in limine* and refuse to place improper limitations on Power Integrations' evidence and its ability to examine witnesses at trial.

Dated: May 23, 2007         FISH & RICHARDSON P.C.

By: /s/ William J. Marsden, Jr.
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070

Howard G. Pollack
Michael R. Headley
Jonathan Lamberson
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

---

proceeding that all of the elements of a claim were found to be incorporated in Fairchild's accused products.

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2007, **POWER INTEGRATIONS' OPPOSITION TO FAIRCHILD'S THIRD SET OF MOTIONS *IN LIMINE*** was served upon the following in the manner indicated:

| | |
|---|---|
| **VIA HAND DELIVERY**<br>Steven J. Balick, Esq.<br>John G. Day, Esq.<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendant-Counterclaimant<br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR CORPORATION |
| **VIA E-MAIL AND FIRST CLASS MAIL**<br>G. Hopkins Guy, III<br>Bas de Blank<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR CORPORATION |

/s/ William J. Marsden, Jr.

50417506.doc