IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | **REDACTED** |
| | ) | **PUBLIC VERSION** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ANSWERING BRIEF IN RESPONSE TO
PLAINTIFF'S MOTIONS IN LIMINE RE INVALIDITY TRIAL**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403).
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & STUCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: May 25, 3007
180958.1

## TABLE OF CONTENTS

Page

I.  THE PATENT OFFICE'S REEXAMINATION OF THE POWER INTEGRATIONS PATENTS IS RELEVANT AND ADMISSIBLE ............................. 1
    A.  The Reexamination is relevant to the invalidity trial ............................. 1
    B.  The Reexamination is relevant to the hearing on inequitable conduct ................. 3
II. POWER INTEGRATIONS SHOULD BE PRECLUDED FROM ARGUING POSITIONS CONTRARY TO THE COURT'S AND THE JURY'S DECISIONS IN THE INFRINGEMENT TRIAL ............................. 3
III. FAIRCHILD HAS FULLY SET FORTH ITS INVALIDITY THEORIES ............................. 5
IV. THE BEASOM EXHIBITS ARE ADMISSIBLE ............................. 6
V.  DR. WEI'S TESTIMONY IS APPROPRIATE ............................. 6
VI. CONCLUSION ............................. 7

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

KSR Int'l Co. v. Teleflex, Inc.,
   127 S. Ct. 1727 (2007) .................................................................................................. 2, 4

Liquid Dynamics Corp. v. Vaughan Co.,
   449 F.3d 1209 (Fed. Cir. 2006) ........................................................................................ 7

United States v. Tse,
   375 F.3d 148 (1st Cir. 2004) ............................................................................................ 1

### FEDERAL STATUTES

Fed. R. Evid. 401 ..................................................................................................................... 1

Fed. R. Evid. 402 ..................................................................................................................... 1

Fed. R. Evid. 403 ..................................................................................................................... 1

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") hereby respond to Plaintiff Power Integrations, Inc. ("Power Integrations") Motions in Limine. DI 479. As set forth below, the Court should deny each of Power Integrations' Motions.

## I.  THE PATENT OFFICE'S REEXAMINATION OF THE POWER INTEGRATIONS PATENTS IS RELEVANT AND ADMISSIBLE.

The Patent Office granted reexamination of Power Integrations' three circuit patents based on the same prior art upon which Fairchild relies here. This prior art was not previously provided to the Patent Office by Power Integrations and was not cumulative of any prior art previously considered. *See* Exhs. A-C. In the Patent Office vernacular, it presents a "substantial new question" concerning the patentability of Power Integrations' alleged inventions. *Id.*

### A.  The Reexamination is relevant to the invalidity trial.

The Patent Office's grant of reexaminations is relevant to the invalidity of the circuit patents. In deciding to reexamine the Power Integrations patents, the Patent Office considered the same prior art that will be presented to the invalidity jury and determined that this art (i) presented a "substantial new question of patentability" and (ii) was "not cumulative" of any references that were before the Patent Office during the prosecution of Power Integrations' patents. *See* Exhs. A-C. Since the Patent Office's decision to grant reexamination has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," the grants of reexamination are relevant and presumptively admissible. *See* Fed. R. Evid. 401 and 402.

For the Court to exclude evidence of the Reexaminations, Power Integrations must prove that the relevance of this evidence is "***substantially outweighed***" by unfair prejudice or the like. Fed. R. Evid. 403 (emphasis added). "The burden under Rule 403 is on the party opposing admission, who must show that the probative value 'is substantially outweighed by the danger of unfair prejudice.'" *United States v. Tse*, 375 F.3d 148, 164 (1st Cir. 2004). Power Integrations' motion not only fails to meet this burden – it does not articulate ***any*** allegedly "unfair prejudice".

1

In fact, the relevance of this evidence dwarfs any speculative prejudice since it directly contradicts the opinions of Power Integrations' expert. Critically, Power Integrations and its expert have argued that this same prior art is immaterial and "merely cumulative" of art already before the Patent Office. The Patent Office, however, has now determined that this is not true:

**REDACTED**

Thus, Fairchild must be permitted to cross-examine Power Integrations' witnesses about the grant of reexamination since this evidence impeaches his testimony.

Evidence of the Reexaminations is also necessary for the jury to understand and evaluate the Patent Office's original decision to grant the Power Integrations patents. Indeed, the unanimous Supreme Court recently called into question whether a presumption of validity is even appropriate where, as here, the invalidating references were not provided to the Patent Office during the prosecution of the underlying patents:

> We need not reach the question whether the failure to disclose Asano during the prosecution of Engelgau voids the presumption of validity given issued patens, for claim 4 is obvious despite the presumption. *We nevertheless think it appropriate to note that the rationale underlying the presumption – that the PTO, in its expertise, has approved the claim – seems much diminished here.*

*KSR Int'l Co. v. Teleflex, Inc.*, 127 S.Ct. 1727, 1745 (2007) (emphasis added).

In *KSR*, the Supreme Court indicated that the presumption of validity "seems much diminished" when the prior art was not before the Patent Office. *KSR*, 127 S. Ct. at 1745. Here, the facts are even more compelling because not only was the prior art not before the Patent

---

[1] The Keller article discussed in the grant of reexamination describes the prior art SMP240/SMP260 devices.

2

Office but *the Patent Office specifically determined that this prior art is "not cumulative to any written discussion on the record of the teachings of the prior art [and] were not previously considered nor addressed during a prior examination."* Exhs. A-C. The jury must be permitted to consider this evidence in determining whether Fairchild has rebutted the presumption of validity and met its burden of proving that the asserted claims are invalid. To exclude these directly relevant statements by the Patent Office would permit Power Integrations to falsely argue that the jury should defer to the Patent Office's original grant and need not critically review the prior art. Any possibility of confusion by the jury can be addressed through an appropriate jury instruction, if necessary.

### B. The Reexamination is relevant to the hearing on inequitable conduct.

The Reexaminations are particularly relevant to the issue of inequitable conduct. Power Integrations withheld evidence of its own prior art devices during the prosecution of its patents. Now that that prior art is before the Patent Office, the Patent Office agrees that it is not cumulative and presents a substantial new question of patentability. This is clear evidence that it would have been considered relevant by a reasonable Examiner and should have been disclosed by Power Integrations.

Power Integrations' concerns about prejudice do not apply to the issue of inequitable conduct since this evidence will be presented outside the presence of the jury. Therefore, the Court should, at a minimum, permit Fairchild to introduce evidence of the Reexamination during the hearing on inequitable conduct.

## II. POWER INTEGRATIONS SHOULD BE PRECLUDED FROM ARGUING POSITIONS CONTRARY TO THE COURT'S AND THE JURY'S DECISIONS IN THE INFRINGEMENT TRIAL.

**REDACTED**

**REDACTED**

**REDACTED**

### III. FAIRCHILD HAS FULLY SET FORTH ITS INVALIDITY THEORIES.

Power Integrations' suggestion that Fairchild is somehow "burying" its invalidity theories is absurd. The Court has limited Fairchild to 11 prior art references and Fairchild has fully disclosed its invalidity theories in its discovery responses and expert reports. Moreover, Power Integrations has deposed Fairchild's two technical experts a total of four times about these issues.

Power Integrations' Motion appears premised on the Court's decision to limit Fairchild's invalidity case to 9.5 hours:

> With four days allotted for trial, it is clear that Fairchild will not introduce testimony on anywhere near the number of contentions it has enumerated to date....

Motion, p. 4. Power Integrations' current position is ironic, to say the least, since it was Power Integrations that insisted that "there is no question this case can be tried in three days" (less time than the Court allotted). DI 436, p. 35. Having successfully convinced the Court to limit the invalidity trial by arguing that 9.5 hours was more sufficient, it is wrong for Power Integrations now to argue that Fairchild must abandon meritorious defenses because it will lack time to present them.

Therefore, Fairchild respectfully requests that the Court deny Power Integrations' motion in limine. Further, given Power Integrations' recognition that 9.5 hours does not provide either party with adequate time to present their case, Fairchild requests that the Court allow at least the

5

12 hours per side it permitted Power Integrations during the infringement trial.

## IV. THE BEASOM EXHIBITS ARE ADMISSIBLE.

Having failed to exclude the Beasom exhibits on all other grounds (*see* DI 465), Power Integrations now challenges their authenticity. This is surprising since Power Integrations' expert inspected the exhibits and conceded that "I have no reason to doubt their authenticity. Exh. G, Shields Depo, 331:13-333:4.

Only after Power Integrations' recent production of 225 pages of Dr. Eklund's documents and Fairchild's demand for Dr. Eklund's deposition did Power Integrations request to depose Mr. Beasom about the authenticity of these exhibits. While Power Integrations had previously questioned Mr. Beasom about these documents in his first deposition and despite the untimely nature of Power Integrations' request (made approximately seven months after the exhibits were produced by Intersil), Fairchild immediately agreed to produce Mr. Beasom for a deposition on the limited topic of the authenticity of the Beasom exhibits in order to resolve this issue once and for all.[2] While Power Integrations reserves its right to refile its motion in limine if the deposition does not establish the authenticity of the Beasom exhibits, Power Integrations has agreed to withdraw its motion in limine with respect to the authenticity of the Beasom documents pending a deposition of Mr. Beasom on this single topic. Exh. E.

## V. DR. WEI'S TESTIMONY IS APPROPRIATE.

---

[2]  Alternatively, Fairchild can submit a declaration from Mr. Beasom establishing the authenticity of the exhibits. This would obviate the need for an additional deposition since Power Integrations could then cross-examine Mr. Beasom about the declaration at trial.

6

**REDACTED**

VI. <u>**CONCLUSION.**</u>

For the foregoing reasons, Fairchild respectfully requests that the Court deny Power Integrations' Motions in Limine.

---
3

**REDACTED**

7

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403).
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & STUCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: May 25, 3007
180958.1