IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | **REDACTED** |
| Plaintiff, | ) | **PUBLIC VERSION** |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
OF DR. KLAS EKLUND FOR FORENSIC TESTING**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & STUCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: June 20, 2007
181696.1

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") respectfully move to compel Plaintiff Power Integrations, Inc. ("Power Integrations") to produce for forensic testing the notes of Dr. Klas Eklund.

I.  **INTRODUCTION**

On May 16, 2007, only a few weeks before the scheduled trial on invalidity of U.S. Patent 4,872,075 ("'075 patent"), Power Integrations produced new versions of the same engineering notes of Klas Eklund that it intends to rely upon to prove the alleged date of conception of the '075 patent. This late production is entirely Power Integrations' responsibility.

**REDACTED**
Certainly these documents could have and should have been produced earlier in the case, giving Fairchild notice of the issues and the need to proceed with forensic testing. Instead, Power Integrations produced the documents on the eve of trial, and rather than do everything in its power to help lessen the prejudice caused by that delay, it is resisting forensic inspection of Dr. Eklund's notes.

The newly produced versions raise substantial questions as to the reliability of the notes and call into question the previously produced versions of these documents. Accordingly, Fairchild was forced to seek a continuance of its scheduled trial on invalidity of the '075 patent, in order to investigate the matter. As set forth in its Memorandum regarding the proposed trial date, Fairchild now needs the discovery prompted by these late-produced documents, including the deposition of Klas Eklund and the forensic testing of his documents. [*See* D.I. 491]

Dr. Eklund appeared for deposition on June 7. His testimony raises further questions regarding the veracity and reliability of the notes, reinforcing Fairchild's need for forensic testing. However, Power Integrations refuses to provide any of the previously produced versions of the notes for testing, instead stating that it will permit inspection of the newly produced versions only. This is unfair and prejudicial to Fairchild. The newly produced versions and Dr. Eklund's recent deposition testimony raise substantial questions as to *all* versions of the

1

documents. Fairchild should be permitted to conduct forensic testing of each version of Dr. Eklund's notes.

Power Integrations should not be allowed to withhold production of documents which raise significant questions, produce them on the eve of trial after discovery is long over, and then self-servingly prevent investigation of those questions. The parties have proposed trial dates as early as mid-August. Fairchild is attempting to move as quickly as possible to complete the necessary testing and any resulting expert reports in advance of the rescheduled trial. Under these circumstances, Power Integrations should not be permitted to stonewall and delay. Fairchild respectfully requests that the Court order that the Eklund documents be made available promptly for testing.

## II. ARGUMENT

### A. The New Versions Of The Documents And Dr. Eklund's Testimony Raise Substantial Questions Regarding All Versions Of The Notes, Raising The Need For Forensic Testing

Both the newly produced versions of Dr. Eklund's notes and his recent deposition testimony raise questions regarding each version of the Eklund notes, including the versions labeled as trial exhibits PX29, PX30, PX37 and Bates-labeled KE1466 and KE1447-KE1449.

#### 1. **REDACTED**

The newly produced version of trial exhibit PX29—Bates-labeled KE001447-KE001449— **REDACTED**

[*See* D.I. 491 at pp. 4-5] In particular, newly produced KE001447-KE001449 corresponds to the first three pages of the four-page document PX29, produced earlier in this case.

**REDACTED**

2

**REDACTED**

This calls into question the dating of PX29.

**REDACTED**

Fairchild and its forensic expert were not aware of this practice prior to Power Integrations' belated May 16 production, and had no reason to investigate or question the relative dating of the first and second pages of PX30 until that point.

**REDACTED**

2. <u>Dr. Eklund's Newly Produced "One-Page" Version Of PX30 Raises Questions As To The Dating Of All Versions Of His Notes.</u>

On May 16, for the first time in this case, Dr. Eklund produced a "one-page" version of PX30 (Bates-labeled KE1466). This is notable because PX30, relied upon by Power Integrations, is a two-page document.

**REDACTED**

**REDACTED**  The existence of this single page version calls into question whether PX30 was originally a two-page document and calls into question whether those two pages share a common date as Power Integrations argues. Fairchild and its forensic expert were not aware that there was a "one-page" version of this document prior to Power Integrations' belated May 16 production, and were not aware of the questions raised by this document until that point. Forensic analysis of PX30, PX37 and KE1466 is necessary in order to determine the dating of these documents and whether the two pages of PX30 and PX37 were actually separate documents that were later inappropriately combined by Dr. Eklund and made to appear that they shared a date.

> 3.  **The "One-Page" Version Of PX30 Does Not Contain The Page Numbers Which Are Contained In PX30, Raising Questions As To The Dating Of All Versions Of Dr. Eklund's Notes.**

**REDACTED**

However, newly produced document KE001466, which corresponds to the purported "second" page of PX30, does not contain any page number "2." This suggests that it was not originally paired with the "first" page of PX30, and that the pages were combined and numbered at a later time. Indeed, newly produced KE1466 contains a single set of 3 hole punches, while PX30 bears *two* sets of 3 hole punches. This suggests that KE1466 was an earlier version of the document and that PX30 was a later version to which page numbers were added.

**REDACTED**

This all raises serious questions as to whether the pages of PX30 and the last two pages of PX37 were separate documents which were later numbered to appear as a single document.

4

Prior to the May 16 production, Fairchild and its forensic expert were not aware of this one-page version and the issue that it raises. In light of this new version, forensic analysis of PX30, PX37 and KE1466 are necessary in order to determine the dating of these documents and whether they are really separate documents.

4.                                         **REDACTED**

**REDACTED**

Fairchild must be permitted to

5

explore this issue through forensic testing.

### B. Substantial New Questions Have Been Raised Since Fairchild's Expert Reviewed Eklund's Documents Earlier In The Case.

Power Integrations initially produced only the version of the notes designated as its trial exhibit PX37. That was the only version produced through the bulk of the case and was the version used by Power Integrations at the first trial. Several months after the first trial, Power Integrations produced PX30. The copies produced by Power Integrations were very poor and it was unclear whether the last two pages of PX37 and the new PX30 were generated from each other, or were different documents altogether. The page numbers "1" and "2" in PX30 were not visible on the copy of PX37 produced by Power Integrations. In particular, in PX37 the corner of page "2" had apparently been folded over during copying, obscuring any date or page number in the corner. [*See* D.I. 491 at pp. 9-10] Power Integrations' counsel led Fairchild to believe that PX37 was simply a copy of PX30 made for purposes of this litigation. [Ex. 1 (11/29/06 Letter from Headley)] In order to test that representation, Fairchild's forensic expert conducted a visual review. Fairchild concluded that no further testing was necessary at that time.

Power Integrations now refuses to provide any documents for forensic testing except the newly produced KE1466 and KE1447-KE1449, asserting that Fairchild's expert had the opportunity to look at the previously produced versions of documents. This is entirely unfair. As discussed, the new production and testimony of Dr. Eklund raise a whole host of issues regarding *all versions* of the documents. These issues were simply not before Fairchild or its expert at that time, thus there was no reason to explore them. It is disingenuous for Power Integrations to conceal documents until the eve of trial, and then argue that Fairchild's expert somehow should have been aware of the issues that they raise months earlier.

**REDACTED**

6

Power Integrations' counsel has persistently obscured the fact that there are three distinct original versions of these critical notes, repeatedly suggesting that the various produced versions were simply different copies of a common original that were created for the case.

**REDACTED**

In the interests of justice, Fairchild should be permitted to explore the differences between the newly produced documents and the documents relied upon by Power Integrations throughout the case. Simply put, the documents withheld until the eve of trial cast doubt upon and raise questions as to every version and require testing of every version. It is unfair for Power Integrations to withhold evidence until the last minute and then resist full exploration of the questions that it raises.

C. **Proposed Testing**

Fairchild wishes to proceed with its invalidity case as soon as possible, but must first obtain the necessary forensic discovery, in order to avoid the prejudice flowing from Power Integrations' late production of these key notes. Fairchild will proceed promptly with the requested testing and any resulting expert report in order to avoid delay and ensure that trial proceeds as soon as possible.

Testing will include visual analysis, photographing, infrared testing, ESDA testing (which analyzes impressions on the page), microscopic inspection, and punch sampling (which entails taking approximately 8 hole punch samples from each page of the documents, each approximately the size of a period). Fairchild hopes to avoid the necessity of punch sampling in the top right corner of PX30, and will instead initially conduct infrared and other non-chemical testing of that area, to preserve the originals as much as possible. However, if necessary, Fairchild respectfully requests the right to conduct punch sampling and chemical analysis of that portion of the page as its analysis proceeds.

### III.   CONCLUSION.

For the foregoing reasons, Fairchild respectfully requests that the Court grant Defendants' Motion to Compel, and order Power Integrations to make available for forensic testing all versions of the notes of Dr. Klas Eklund, including the documents designated as trial exhibits PX-29, PX-30, PX37 and the documents Bates-labeled KE001466 and KE001447-KE001449.

ASHBY & GEDDES

/s/ Steven J. Balick

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403).
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

8

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & STUCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: June 20, 2007
181696.1

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

I hereby certify that prior to filing the attached **Defendants' Motion to Compel Production of Documents of Dr. Klas Eklund for Forensic Testing**, defense counsel sought Power Integrations' consent to the requested relief, but no agreement could be reached.

/s/ *Steven J. Balick*

Steven J. Balick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1371-JJF |
| | ) |
| FAIRCHILD SEMICONDUCTOR | ) |
| INTERNATIONAL, INC., and FAIRCHILD | ) |
| SEMICONDUCTOR CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This ____ day of _____, 2007, defendants having filed a motion to compel forensic testing of documents of Dr. Klas Eklund, and the Court, after considering the positions of the parties, having concluded that good grounds exist for the requested relief; now therefore,

IT IS HEREBY ORDERED that defendants' motion is granted.

_____
United States District Judge