# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 4, 2007

The Honorable Joseph J. Farnan, Jr.      VIA ELECTRONIC FILING
United States District Court
844 King Street
Wilmington, DE 19801

Re: *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., et al.,*
C.A. No. 04-1371-JJF

Dear Judge Farnan:

We write in advance of the pretrial conference scheduled for September 12, 2007 in the above matter to bring to the Court's attention the Federal Circuit's recent, unanimous *en banc* decision *In re Seagate Technology, LLC*, Misc. Docket No. 840 (Fed. Cir. August 20, 2007) (attached at Tab 1). *Seagate* represents a sea change in willfulness law, validates the arguments that Fairchild made in opposition to the manner in which the instant case has been bifurcated, and may render the scheduled September 17, 2007 invalidity trial in this matter a nullity.

In *Seagate*, the Federal Circuit changed the law related to willful infringement: "We overrule the standard set out in *Underwater Devices* and hold that proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness." *In re Seagate,* Misc. Docket No. 830, slip op. at 12 (Fed. Cir. Aug. 20, 2007). This new, ***objective*** recklessness inquiry is entirely inconsistent with the ***subjective*** question presented to the jury during the infringement trial in this matter – namely, whether "Fairchild had no reasonable, good faith basis for concluding that it did not infringe Power Integrations' patents." Trial Transcript, p. 1668. The Federal Circuit has unequivocally rejected the subjective standard applied in the infringement trial in this case, holding that "the state of mind of the accused infringer is not relevant to this objective inquiry." *Seagate*, slip op. at 12.

The Federal Circuit also made clear that the issue of willfulness must be tried *together* with the issues of infringement and invalidity so that the jury can determine – in light of all of the evidence – whether the accused infringer has acted in an "objectively reckless" manner:

The Honorable Joseph J. Farnan, Jr.
September 4, 2007
Page 2

> To establish willful infringement a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted ***infringement of a valid patent***.  The state of mind of the accused infringer is not relevant to this objective inquiry.  If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*Id.*, slip op. at 12 (emphasis added).  In view of *Seagate*, it is necessary for the same jury to consider infringement, invalidity, and willfulness since "a substantial question about invalidity or infringement is likely sufficient… [to avoid] a charge of willfulness based on post-filing conduct." *Seagate*, slip op. at 17.

Thus, *Seagate* confirms that bifurcation of the issues of infringement and willfulness from invalidity (as occurred in this matter) is inappropriate since willfulness depends on "evidence that the infringer acted despite an objectively high likelihood that its actions constituted ***infringement of a valid patent*….**" *Seagate*, slip op. at 12 (emphasis added).  Here, however, the Court specifically instructed Fairchild that it could not argue in the first trial that Power Integrations' patents were invalid.  *See* Trial Transcript, p. 1498 ("Court:  For purposes of this trial, Fairchild can infringe an invalid patent, because we're only talking about infringement at this trial.").[1]

Consequently, unless the Court were to set aside the jury's finding of willfulness, the issue must be retried together with infringement and invalidity.[2]  Fairchild promptly informed Power Integrations of the *Seagate* decision and requested that Power Integrations either dismiss its allegations of willfulness or consent to retry the issue of willfulness together with infringement and invalidity, but Power Integrations refused.  To avoid wasting the Court's and the parties' time and resources in preparing for and going forward with a separate invalidity trial which would be a nullity as to any claim not found to be invalid, Fairchild respectfully requests that the Court schedule a status conference at its earliest convenience to address the impact of *Seagate* on the September 17, 2007 invalidity trial and on the previous jury's willfulness finding during the infringement trial in this matter.

---

[1] Fairchild was limited to presenting evidence of its subjective good faith and was not permitted to present the jury with additional objective evidence concerning the invalidity of the asserted claims.

[2] *Seagate* also confirms that it would appropriate for the Court to set aside the finding of willful infringement.  Power Integrations did not mark its products with its patent numbers, notify Fairchild of its alleged infringement prior to the filing of the complaint, include allegations of willfulness in its original complaint, or seek a preliminary injunction.  As the Federal Circuit noted, "a patentee who does not attempt to stop an accused infringer's activities… should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Seagate*, slip op. at 17.

The Honorable Joseph J. Farnan, Jr.
September 4, 2007
Page 3

                Respectfully,

                *John G. Day*

                John G. Day

JGD/nml
Attachment
183838.1

c: William J. Marsden, Jr. Esquire (by hand and electronic mail; w/attachment)
  Frank E. Scherkenbach, Esquire (via electronic mail; w/attachment)
  Howard G. Pollack, Esquire (via electronic mail; w/attachment)
  G. Hopkins Guy, III, Esquire (via electronic mail; w/attachment)