# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**William J. Marsden, Jr.**
302 778-8401

Email
marsden@fr.com

**VIA ECF**

September 5, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:   *Power Integrations, Inc. v. Fairchild Semiconductor International*
       USDC-D. Del. – C.A. No. 04-1371 JJF

Dear Judge Farnan:

We write in response to Fairchild's letter to the Court of September 4, 2007 regarding the Federal Circuit's recent *In re Seagate* opinion (D.I. 514).

Fairchild's letter claims that *Seagate* "validates the arguments that Fairchild made in opposition to the manner in which the instant case has been bifurcated" by allegedly holding that "it is necessary for the same jury to consider infringement, invalidity and willfulness."  Fairchild further argues that, "unless the Court were to set aside the jury's finding of willfulness, the issue must be retried together with infringement and invalidity." (*Id.*)  Finally, Fairchild suggests the invalidity trial "would be a nullity as to any claim not found to be invalid" and requests a status conference "to address the impact of *Seagate* on the September 17, 2007 invalidity trial and on the previous jury's willfulness finding during the infringement trial in this matter." (*Id.*)  As explained below, Fairchild's characterization of *Seagate* and the purported impact on this case is baseless.

As an initial matter, if the issue Fairchild belatedly raises in its letter were truly of the gravity Fairchild suggests, Fairchild should have filed a properly noticed motion, with supporting authority.  Fairchild first informed Power Integrations of its view of the purported impact of the *Seagate* decision in a letter on August 24, 2007 (Ex. A), and Power Integrations responded to Fairchild on the next business day, August 27, as demanded (Ex. B), but in the eight days that have passed since that response, Fairchild evidently had no time to prepare a proper motion to which Power Integrations can respond and which the Court can then assess.  Fairchild's decision instead to file a belated, conclusory two-page letter belies its true purpose, which is to further delay these proceedings.

September 5, 2007
Page 2

Beyond the problems with Fairchild's delay in and manner of raising the issue, Fairchild has failed to support its arguments with legal authority.  For example, it is not at all clear how a subsequent change in the law should *ipso facto* result in the dismissal of a prior jury's finding that Fairchild willfully infringed all four of the patents-in-suit, or how *Seagate* can effectively preclude bifurcation of issues in a patent trial when it suggests the opposite.  These and a host of other reasons show that Fairchild's arguments with respect to *Seagate* are misplaced.

First, it is not clear that *Seagate* applies retroactively, and Fairchild has not submitted any authority or analysis for the proposition that it does.

Second, even assuming *Seagate's* modified willfulness formulation were applied retroactively, Fairchild would face a high burden in persuading the Court that it necessitated setting aside a prior jury verdict.  "[A] court should grant a motion for a new trial only when allowing a verdict to stand would result in a miscarriage of justice.  In other words, a court should not disturb a verdict unless the verdict, on the record, cries out to be overturned or shocks the court's conscience."  *Tristrata Techs., Inc. v. ICN Pharma., Inc.*, 313 F. Supp. 2d 405, 407-08 (D. Del. 2004) (internal quotations and citations omitted).  "The decision of whether to grant a new trial lies solely within the discretion of the district court," *id.* (citation omitted), but Fairchild has not made any showing that would support the request for a new trial.

Third, on its face, *Seagate* simply does not address, let alone support, Fairchild's argument that, henceforth, and apparently in every patent case, "it is necessary for the same jury to consider infringement, invalidity, and willfulness."  (D.I. 514 at 2.)  Fairchild's argument is tantamount to an assertion that *Seagate* implicitly overruled decades of precedent affording district courts' broad discretion to bifurcate issues for trial, and abrogated the inherent authority of trial courts to separate issues and claims for trial as appropriate on the facts of each individual case.  In fact, *Seagate* plainly suggests otherwise.  *See* slip op. at 8-9 (noting that bifurcation can be used to avoid requiring an accused infringer to choose between asserting privilege as to opinions of counsel, thereby risking being found a willful infringer, or waiving privilege, and risking prejudice on the question of liability).

Fairchild's related assertion that *Seagate* "validates" its arguments for bifurcation made in connection with the first trial is similarly wrong.  Fairchild now argues that *Seagate* requires infringement, invalidity, and willfulness be tried together, but it was <u>Fairchild</u> that suggested bifurcation in the first instance, arguing that willfulness should be tried separately from both infringement and invalidity.  (*See* Ex. C (Exhibit 17 to the First Pre-Trial Order, Fairchild Miscellaneous Issue No. 6 ("willfulness should be tried to a second jury")).)  Fairchild now says *Seagate* prevents the sort of bifurcation which Fairchild itself previously advocated.

September 5, 2007
Page 3

Fourth, in arguing that the jury verdict of willful infringement in this case must be set aside, Fairchild states that it was not permitted to argue in the first trial that Power Integrations' patents were invalid. (D.I. 514 at 2.) But Fairchild had the opportunity to, and did, present evidence in support of its position that it could not have willfully infringed the patents-in-suit because it believed they were invalid, and Fairchild can only suggest otherwise by selectively quoting the trial transcript. (*Id.*) In fact, the sentences immediately following the one Fairchild quotes in its letter show that the Court did permit Fairchild to rely on its asserted belief that the patents were not valid as a defense to the charge of willful infringement:

> **The Court:** For purposes of this trial, Fairchild can infringe an invalid patent, because we're only talking about infringement in this trial.
>
> Now whether Fairchild can willfully infringe an invalid patent is the question of fact for the jury. I'm going to listen — so in my view, what Fairchild would argue — and let me say this, we now have a validity, the role of validity in this case in an instruction which says to the jury, you're not to consider that in any way except in the context of willfulness.
>
> I'm going to listen to the closing arguments, and if there is an argument that you can't infringe an invalid patent, which in fairness is either directly or by inference arguing to the jury that Fairchild can't be guilty of infringing on this case, I'll clear that up real easily with my — I'll add a jury instruction that makes that clear.
>
> If Fairchild merely argues that they can't willfully infringe because of their belief that the patents are invalid, then I think we have the proper jury instructions, it's the proper argument in this case and there is no problem, but you can't argue that you don't infringe in this case because the patents were invalid.

(Ex. D (Trial Transcript) at 1498:10-1499:14.) Indeed, during the pretrial conference held on November 20, 2006, both Fairchild and the Court acknowledged that the jury did consider Fairchild's prior art contentions in the context of the willfulness case. (Ex. E (11/20/06 transcript) at 14-15 (Mr. Guy noting that the first trial "dealt with willful infringement, and we had to put on certain pieces of art that were initially known."); *id.* at 29 (The Court noting in response to Power Integrations' counsel's statement that the first jury did hear about validity "Yeah. Well, I thought that in the first trial they did hear a lot about, both in the context of willfulness and to some degree in spillover about validity."). Fairchild therefore clearly had its opportunity to, and did, present evidence in support of its position that it could not have willfully infringed the patents-in-suit because it believed they were invalid.

September 5, 2007
Page 4

Fifth, and perhaps most importantly, even if *Seagate* does apply retroactively to this case, there is no basis on the merits for setting aside the jury's verdict of willful infringement. Fairchild has not provided any analysis, with citation to the record, suggesting the evidence from the first trial does not support a verdict under the standard set forth in *Seagate*. There is only argument. In fact, the evidence adduced at trial was more than sufficient to support a finding of Fairchild's "objective recklessness" with respect to infringing a valid patent, and Power Integrations will make that showing if the Court deems it necessary in considering Fairchild's letter request. Thus, even if the new willfulness standard applied retrospectively in this case, the evidence adduced at trial, including evidence of Fairchild's copying, was more than sufficient to support a finding of Fairchild's "objective recklessness" with respect to infringement.

In sum, *Seagate* should have no impact in this case, either on the validity trial scheduled to begin September 17 or on the prior trial in which Fairchild was found to be a willful infringer, and there is no urgent need for yet another status conference or "emergency" hearing before the currently scheduled pretrial conference on September 12. Power Integrations is ready to try this case. Nevertheless, should the Court wish to discuss the issue further, Power Integrations is available at the Court's convenience to do so.

Respectfully,

*/s/ William J. Marsden, Jr.*

William J. Marsden, Jr.

Attachments

cc:   Steven J. Balick, Esquire (By Electronic Mail and By Hand)
      G. Hopkins Guy, III, Esquire (By Electronic Mail and Federal Express)

80048915.doc