IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371 JJF |

# **[PROPOSED] JOINT PRETRIAL ORDER**

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| William J. Marsden, Jr. (#2247)<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>(302) 652-5070 | Steven J. Balick (#2114)<br>John G. Day (#2403)<br>Lauren E. Maguire (#4261)<br>ASHBY & GEDDES<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801<br>(302) 654-1888 |
| Frank E. Scherkenbach<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804<br>(617) 542-5070 | G. Hopkins Guy, III (#124811)<br>Vickie L. Feeman (#177487)<br>Bas de Blank (#191487)<br>Gabriel M. Ramsey (#209218)<br>Brian H. VanderZanden (#233134)<br>Orrick, Herrington & Sutcliffe<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>(650) 614-7400 |
| Howard G. Pollack<br>Tamara Fraizer<br>Michael R. Headley<br>Jonathan J. Lamberson<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>(650) 839-5070 | |

Dated: September 6, 2007

# POWER INTEGRATIONS-FAIRCHILD

# JOINT PRE-TRIAL ORDER

## TABLE OF CONTENTS

I.    NATURE OF THE ACTION AND PLEADINGS

II.    BASIS FOR FEDERAL JURISDICTION

III.    STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF

        Joint    --    Exhibit 1

IV.    ISSUES OF FACT THAT REMAIN TO BE LITIGATED AND EXPECTED PROOFS

        Power Integrations  --  Exhibit 2
        Fairchild  --  Exhibit 3A & 3B

V.    ISSUES OF LAW THAT REMAIN TO BE LITIGATED

        Power Integrations  --  Exhibit 4
        Fairchild  --  Exhibit 5

VI.    EXHIBITS

        Power Integrations  --  Exhibit 6
        Fairchild  --  Exhibit 7

VII.    WITNESSES

        Power Integrations  --  Exhibit 8
        Fairchild  --  Exhibit 9

VIII.    OPINION TESTIMONY

        Power Integrations  --  Exhibit 10
        Fairchild  --  Exhibit 9

IX.    DISCOVERY DESIGNATIONS

        Power Integrations  --  Exhibit 12 & 14
        Fairchild  --  Exhibit 13 & 15

X.    MISCELLANEOUS ISSUES AND MOTIONS IN LIMINE

        Power Integrations  --  Exhibit 16
        Fairchild  --  Exhibit 17

XI.    VOIR DIRE

XII.    SETTLEMENT STATUS

XIII.    JURY INSTRUCTIONS

XIV.   VERDICT FORM

XV.    OTHER MATTERS

XVI.   TRIAL TIME

XVII.  JURORS

XVIII. PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS

On May 31, 2006, counsel for Plaintiff Power Integrations, Inc. ("Power Integrations") and Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively "Fairchild") attended a pre-trial conference before this Court.  After discussion of certain matters as reflected in the transcript of that conference, the Court set trial on the issues of infringement, willfulness and damages for October 2, 2006, and a second trial (if necessary) on the issue of validity for December 4, 2006.  The parties tried the issues of infringement, willfulness and damages in October, 2006, and the Jury found that Fairchild willfully infringed all four asserted Power Integrations patents and awarded Power Integrations $33,981,781 in damages.  The Court subsequently scheduled the validity trial for September 17, 2007.  In preparation for that trial, the Court hereby orders the following matters:

I.      **NATURE OF THE ACTION AND PLEADINGS (DEL. L.R. 16.4(D)(1)).**

1.      On October 20, 2004, Power Integrations filed a complaint for infringement of U.S. Patent Nos. 6,249,876 B1 ("the '876 patent"), 6,107,851 ("the '851 patent"), 6,229,366 B1 ("the '366 patent"), and 4,811,075 ("the '075 patent") (collectively the "Patents-in-suit") against Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively "Fairchild"), Civil Action No. 04-1371 JJF.  (D.I. 1)

2.      On December 9, 2004, Fairchild filed an Answer to that complaint denying Power Integrations' allegations of infringement, asserting various affirmative defenses, and filing a counterclaim for declaratory relief that the Patents-in-suit are invalid and not infringed by Fairchild. (D.I. 8)

3.      On December 29, 2004, Power Integrations replied to Fairchild's counterclaims (D.I. 9).

4.      On June 30, 2005, the parties filed a stipulation permitting Power Integrations to file a First Amended Complaint, in which Power Integrations added a claim of willful infringement.  Fairchild filed an Answer and Counterclaims to Power

1

Integrations' First Amended Complaint on July 11, 2005. Power Integrations filed an Answer to Fairchild's Counterclaims on August 1, 2005 (D.I. 33, 39, 41).

5.     On February 23, 2006, the parties filed a stipulation permitting Fairchild to file an Amended Answer, in which Fairchild asserted inequitable conduct with respect to the Power Integrations Patents-in-Suit. Power Integrations responded to the counterclaims in Fairchild's Amended Answer on March 15, 2006 (D.I. 197, 201).

6.     The Court held a claim construction hearing on February 2, 2006. It issued a *Markman* ruling on March 31, 2006 (D.I. 231, 232).

7.     For purposes of trial, and as ordered by the Court on August 22, 2006 and September 8, 2006, Fairchild is asserting that Claim 1 of the '876 patent, Claims 1 and 4 of the '851 patent, Claims 9 and 14 of the '366 patent, and Claims 1 and 5 of the '075 patent are invalid and unenforceable.

8.     With respect to the pleadings,

- Power Integrations does not seek to amend the pleadings at this time, and it is advised that Fairchild does not have any specific proposal to amend the pleadings at this time. In light of Fairchild's failure to disclose its contentions and intended proofs on several issues as noted elsewhere in this order, Power Integrations reserves the right to object to any new theories and proofs offered by Fairchild in the guise of conforming the pleadings to the evidence.
- Fairchild proposes that although neither party intends to seek an amendment to the pleadings at this time, the parties should be permitted to amend the pleadings to conform them to the evidence, if necessary.

II.    **BASIS FOR FEDERAL JURISDICTION (DEL. L.R. 16.4(D)(2)).**

9.     Plaintiff Power Integrations, Inc. is a Delaware corporation having its principal place of business in San Jose, California.

10.    Defendant Fairchild Semiconductor International, Inc. is a Delaware corporation having its principal place of business in Portland, Maine.

11.     Defendant Fairchild Semiconductor Corporation is a Delaware corporation having its principal place of business in Portland, Maine.

12.     The Court has subject matter jurisdiction over the Complaint and Counterclaims pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).  Neither party disputes personal jurisdiction or venue.

### III.  STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF (DEL. L.R. 16.4(D)(3)).

13.     The parties admit the facts stated in Exhibit 1.

### IV.  ISSUES OF FACT THAT REMAIN TO BE LITIGATED AND EXPECTED PROOFS (DEL. L.R. 16.4(D)(4), (8-10)).

14.     Power Integrations' statement of issues of fact that remain to be litigated, including the amount of damages, is attached as Exhibit 2.

15.     Fairchild's statement of issues of fact that remain to be litigated pursuant to DEL. L.R. 16.4(D)(4) is attached as Exhibit 3A.  Fairchild's statement of what it intends to provide as proof in support of its claims and defenses pursuant to DEL. L.R. 16.4(D)(8-10) is attached as Exhibit 3B.

### V.  ISSUES OF LAW THAT REMAIN TO BE LITIGATED (DEL. L.R. 16.4(D)(5)).

16.     Power Integrations' Statement of Issues of Law is attached as Exhibit 4.

17.     Fairchild's Statement of Issues of Law is attached as Exhibit 5.

### VI.  EXHIBITS (DEL. L.R. 16.4(D)(6)).

18.     Power Integrations' list of pre-marked exhibits to be offered at trial is filed and attached hereto as Exhibit 6.

19.     Fairchild's list of pre-marked exhibits to be offered at trial is filed and attached hereto as Exhibit 7.

20.     The parties will meet and confer in a further effort to refine and shorten their exhibit lists and to resolve objections without the Court's intervention.  Final exhibit lists, along with the identification of the sponsoring witnesses, will be provided to the

Court on Tuesday, September 11, 2007. Each party's objections to the other party's exhibits will be noted in each final exhibit list, and any exhibit identified in any party's final exhibit list that is not objected to is deemed to be admissible, except that relevance, hearsay, and F.R.E. 105 and 403 objections are preserved. The parties stipulate to the authenticity of all exhibits in the final, filed exhibit lists with the exception of those identified (with specific reasons for the failure to so stipulate).

21. The parties will offer as exhibits at trial one or more of the exhibits set forth on their respective final exhibit lists. These lists will include the exhibit number to be used at trial and a description sufficient to identify the exhibit, *i.e.*, by production number or citation. These exhibit lists may include exhibits and potential rebuttal exhibits that may not necessarily be introduced into evidence. In its direct case, a party may offer any exhibit appearing on either party's exhibit list.

22. To the extent it has not already done so, each party shall provide to the other party, for delivery on Tuesday, September 11, 2007, a copy of its exhibits with exhibit labels or make available for inspection any unique exhibits.

23. With respect to demonstrative exhibits other than those used for closing argument, the parties shall exchange color representations of final demonstrative exhibits and physical exhibits to be used at trial, labeled with the exhibit or demonstrative number, by 12:00 noon three calendar days before trial is scheduled to begin. The parties' objections to demonstrative exhibits, if any, shall be exchanged by 12:00 noon two days later, and shall be preserved for trial. This paragraph shall not apply to demonstrative exhibits created during testimony at trial, which nothing in this Order precludes. Exchange of large boards is not required, and these demonstrative exhibits may be exchanged on 8½" x 11" paper. Demonstratives which merely show or display an exhibit on the parties' exhibit lists, and which contain no additional markings or alterations, need not be exchanged.

4

24. By request at least 24 hours in advance, each party shall permit the other party to inspect any and all physical exhibits on September 15 or September 16, 2007 at the location of the producing party, provided that the inspecting party agrees not to alter any such physical exhibit in any manner.

25. Unless agreed to otherwise, each party will provide to the other party a written list of exhibits (and a copy of any demonstrative exhibits), by exhibit number and witness(es) for whom the exhibit will be used, that it intends to use on direct examination in court, by 7:00 p.m. on the trial day preceding the day on which the exhibits and/or demonstratives are intended to be used and the witnesses are intended to be called. The parties will meet and confer on any objections by 9:30 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed exhibit and/or demonstrative. The parties hereby agree that, once confirmed, the exhibits and demonstratives to be used in direct examination may not change absent good cause.

26. Legible photocopies of United States patents and the content of PTO file histories may be offered and received in evidence in lieu of certified copies thereof. The parties stipulate that, as to patents previously identified, the dates of filing and issuance shall be deemed to be shown on the face of the patent, subject to the right of the party against whom it is offered to adduce evidence to the contrary.

27. Legible photocopies of printed publications (with agreed upon English translations thereof) may be offered and received in evidence in lieu of originals thereof.

28. The parties stipulate that a duplicate of any document or photograph may be marked for identification, and, if otherwise admissible, offered and received into evidence with the same force and effect as the original, subject to any and all objections as could be made to the original, and on condition that the original of any such duplicate, if within the custody or control of a party, be available for inspection at the trial upon reasonable notice.

29. Any documents or deposition or portion thereof, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment, or rehabilitation.

### VII. WITNESSES (DEL. L.R. 16.4(D)(7)).

30. Witnesses that appeared live at the first trial will be available at the second trial if requested by either party.

31. Power Integrations' list of witness names, addresses, testimony subject matter, and expected length of testimony, for all witnesses, in the order the witnesses are expected to be called at trial, and whether those witness will be called live at trial or introduced by designation of deposition or trial testimony, is attached hereto as Exhibit 8.

32. Fairchild's list of witness names, addresses, testimony subject matter, and expert specialties, for all witnesses, and whether those witness will be called live at trial or introduced by designation of deposition or trial testimony, is attached hereto as Exhibit 9.

33. Each party will provide the other party a list of witnesses it intends to produce live at the trial twelve (12) days before the start of trial. No party shall be required to present live testimony from any witness on its list of live witnesses.

34. Each party will provide the other party with a list, in order of presentation, of witnesses whom it intends to call on direct examination by 7:00 p.m. two nights before those witnesses are intended to testify in court (designating whether each is live or by designation).

35. Each party will provide a final list of witnesses (again designating whether live or by designation) that it intends to call to testify by 7:00 p.m. the trial day before the day the witness is expected to testify. For live witnesses, the notice shall include a list of exhibits and demonstratives to be used with each witness as provided in paragraph 25. No deviations from this notice shall be permitted except by agreement of the parties or for good cause shown.

36. With respect to the issue of inequitable conduct,

- Power Integrations proposes the following: Consistent with the Court's usual practice and its ruling at the November 20, 2006 pretrial conference in this case, any live testimony of a witness offered on the issue of inequitable conduct shall be taken at the end of the trial day outside the presence of the jury on the same day the witness testifies before the jury. Contrary to Fairchild's suggestion, there is no reason to believe the evidence regarding Fairchild's inequitable conduct defense will take six hours, although Fairchild's continued refusal to identify the specific inequitable conduct contentions it intends to rely upon at trial prevents the Court and Power Integrations from evaluating Fairchild's claims. The Court should require Fairchild to fully disclose its inequitable conduct contentions before trial begins, particularly in light of Fairchild's attempt to raise dozens of new references less than two weeks before trial with no explanation as to how the references would each have been important to the Patent Examiner and not cumulative of the art already before the PTO.

- Fairchild proposes the following: The Court should schedule a separate hearing on the issue on inequitable conduct. Fairchild's inequitable conduct contentions are fully set forth in Exhibits 3A, 3B and 5 to this pretrial order. This hearing will likely require at least six hours and will involve different prior art and issues than will be set forth in the invalidity trial. Because the Court has ordered that testimony solely relevant to the issue of inequitable conduct must be presented outside the presence of the jury, a separate hearing is necessary. It does not appear possible to present this evidence in the evenings after the witnesses have testified since the invalidity trial may conclude in approximately three days (the first evening is not possible since the witnesses will not have testified and the last evening will be devoted to a discussion of the jury instructions). Further, the outcome of the invalidity trial may moot the inequitable conduct hearing, or at

7

least portions of it.  Thus, Fairchild requests that the Court schedule a separate hearing after the invalidity trial is complete.

37. No witness called by a party in support of its direct case shall be permitted to testify at trial unless identified in this Order or unless the Court determines that in the interests of justice such witness should be called.

38. The cross-examination of a witness shall not be limited by the scope of the witness's direct testimony.  Instead, the witness can be examined on any issue relevant to the issues being tried to the jury.

## VIII. OPINION TESTIMONY

39. Power Integrations' list of expert witnesses and a brief statement of anticipated subject matter is attached as Exhibit 10.

40. Fairchild's list of expert witnesses and a brief statement of expertise is included in Exhibit 9.  For both parties, the anticipated subject matter was set forth in the expert reports of the expert witnesses.

## IX. DISCOVERY DESIGNATIONS

41. A list of Power Integrations' deposition designations, with objections and counter-designations, is filed and attached hereto as Exhibit 12.

42. A list of Fairchild's deposition designations, with objections and counter-designations, is filed and attached hereto as Exhibit 13.

43. The parties will continue to meet and confer in an effort to refine and shorten these lists and to resolve objections and counter-designations without the Court's intervention.  Neither party may use any deposition testimony not included in Exhibits 12 and 13 in support of its direct case, absent good cause shown.

44. Power Integrations' designations of Fairchild's interrogatory responses and responses to requests for admission, and Fairchild's objections thereto, are attached hereto as Exhibit 14.

45. Fairchild's designations of Power Integrations' interrogatory responses and responses to requests for admission, and Power Integrations' objections thereto, are attached hereto as Exhibit 15.

46. Unless otherwise agreed during trial, each party will provide the other party a list of final deposition designations (from the previously designated testimony) that it intends to introduce by 7:00 p.m. three days before the designations are intended to be used in court. New deposition designations may not be added without good cause. The other party will provide counter-designations and objections by 7:00 p.m. two days before the designations are intended to be used in court. Such counter-designations may only include previously identified counter-designations of deposition testimony previously designated by the other party. The parties will meet and confer on any objections by 7:00 p.m. the evening before the designations are intended to be used in court and will present any unresolved issues to the Court the morning of the proposed use of the disputed testimony. The parties hereby agree that, once confirmed, the deposition designations may not change absent good cause.

47. The manner of using counter-designations at trial shall be in the same manner (video versus read deposition transcripts) as that used for the designation sought to be rebutted, such that all designations, counter-designations, and cross-designations will be played or read to the jury, as the case may be, as one consecutive segment in the order the testimony appears in the transcript. If a party offers video testimony, that party shall be responsible for including video portions of counter-designated testimony that is designated as described in this section. If a party does not offer video testimony, that party need not offer video of the other party's counter-designations.

**X.    MISCELLANEOUS ISSUES AND MOTIONS IN LIMINE**

48. A list and brief discussion of miscellaneous issues and motions *in limine* that Power Integrations asks the Court to address is set forth in Exhibit 16.

49. A list and brief discussion of miscellaneous issues and motions *in limine* that Fairchild asks the Court to address is set forth in Exhibit 17.

## XI. VOIR DIRE (DEL. L.R. 47.1(A)).

50. The parties' proposed Voir Dire will be filed by September 7, 2007.

## XII. SETTLEMENT STATUS (DEL. L.R. 16.4(D)(12).

51. The parties have not reached any agreement that would resolve this matter.

## XIII. JURY INSTRUCTIONS (DEL. L.R. 51.1)

52. The parties' proposed Jury Instructions will be filed by September 7, 2007. The parties will work to narrow any disputes with respect to particular instructions before trial, and where there is a dispute as to an instruction, the parties will provide their objections and authority to the Court.

## XIV. VERDICT FORM (DEL. L.R. 51.1(C))

53. The parties' proposed Verdict Forms will be filed by September 7, 2007.

## XV. OTHER MATTERS (DEL. L.R. 16.4(D)(13)

54. Discovery is complete.

55. Counsel shall be permitted to move, and the Court will admit if appropriate, evidence on the morning following use of the evidence.

### A. Jury Notes

56. The parties agree that the jurors be permitted to take handwritten notes during the presentations of the parties and that jurors be permitted to bring these notebooks and handwritten notes into the deliberation room. The parties further propose that the jurors be instructed not to share the notebooks with each other (though they can discuss the contents of their notes) and that the notebooks be collected and destroyed after the verdict without review.

### B. Transition Statements

57. As an aid to the jury, the parties request that they be permitted to offer brief transition statements to introduce witnesses and identify the issues on which the

witness is expected to testify. With the exception of closing arguments, neither party will be allowed at any time to argue or comment on the evidence.

### C.    Handling of Confidential Information at Trial

58.    The parties' request that trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open. If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom should be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate one corporate representative who may remain in the courtroom throughout the entirety of trial. Each party must notify the opposing party of the identity of this corporate representative before trial.

59.    Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial. Prior to that time, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval. Counsel for the parties shall be responsible for supplying the envelopes and labels necessary for any materials placed under seal.

### D.    Exclusion of Witnesses

60.    The parties request pursuant to Fed. R. Evid. 615 that the Court prevent fact witnesses from hearing the testimony of other witnesses. The parties further request that in accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative. The parties further request that expert witnesses not be excluded for either fact or expert testimony.

### E.    Set-up of Electronic and Computer Devices

61.    The parties request that the Court grant access to the Courtroom on the day before trial for the purposes of setting up electronic and computer devices.

## XVI. TRIAL TIME

62. With respect to trial time:

- Fairchild proposes the following: The court originally allocated 9.5 hours in court trial time for opening statement, direct and cross examinations, and argument on evidence issues. (*See* 11/21/06 Trial Management Order). Since then, both parties have retained forensic experts to investigate the notes of Dr. Klas Eklund (including Power Integrations' late-produced documents) and provide opinions regarding those documents. Fairchild will be prejudiced if it is not provided adequate time to present the testimony of this additional witness. Fairchild proposes that each side be allocated 11 hours of court trial time. Fairchild makes this request without waiving its argument that even 11 is inadequate considering the complexity of case, number of asserted claims and scope of the prior art.

- Power Integrations notes that it specifically raised the issue of trial time in the context of the July 16, 2007 hearing on forensic consultants, at which point the Court reiterated that the previously allocated trial time "seems reasonable to me" (Tr. at 16:11-18), and Fairchild raised no concern with the trial time at that point. Moreover, Power Integrations has moved *in limine* to limit the topics on which Fairchild's forensic expert may offer testimony and opinions. Therefore, Power Integrations does not believe any additional time is needed to present the forensic evidence, but to the extent the Court is inclined to do so, Power Integrations submits that another half hour of time per side (bringing the total to 10 hours) would be adequate and would ensure the case is tried in the four days the court has allocated for trial.

## XVII. JURORS

63. The jury will consist of eight (8) jurors, all of whom shall deliberate if still able to do so by the time of deliberations, provided that there shall be a minimum of six (6) jurors who deliberate and render a verdict.

## XVIII. PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS (DEL. L.R. (16.4(D)(14)).

64. This Order shall control the subsequent course of trial, unless modified by the Court to prevent manifest injustice.

**SO ORDERED:**

Date: _____

_____
United States District Judge

JOINTLY SUBMITTED BY:

| ASHBY & GEDDES | FISH & RICHARDSON P.C. |
|---|---|
| By  /s/ John G. Day  | By  /s/ William J. Marsden, Jr.  |
| Steven J. Balick (#2114) | William J. Marsden, Jr. (#2247) |
| John G. Day (#2403) | 919 N. Market Street, Suite 1100 |
| Lauren E. Maguire (#4261) | P.O. Box 1114 |
| 500 Delaware Avenue, 8th Floor | Wilmington, DE 19899-1114 |
| Wilmington, DE 19801 | Telephone: (302) 652-5070 |
| Telephone: 302-654-1888 | |
| | Frank E. Scherkenbach |
| G. Hopkins Guy, III (#124811) | 225 Franklin Street |
| Vickie L. Feeman (#177487) | Boston, MA 02110-2804 |
| Bas de Blank (#191487) | Telephone: (617) 542-5070 |
| Brian H. VanderZanden (#233134) | |
| Gabriel M. Ramsey (#209218) | Howard G. Pollack |
| Orrick, Herrington & Sutcliffe | Tamara Fraizer |
| 1000 Marsh Road | Michael R. Headley |
| Menlo Park, CA 94025 | Jonathan J. Lamberson |
| Telephone: (650) 614-7400 | 500 Arguello Street, Suite 500 |
| | Redwood City, CA 94063 |
| | Telephone: (650) 839-5070 |
| Attorneys for Defendants | Attorneys for Plaintiff |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION | POWER INTEGRATIONS, INC. |

Dated: September 6, 2007

13