**Power Integrations v. Fairchild**

**Exhibit 2**

**Power Integrations' Statement of Issues of Fact Remaining to be Litigated and Expected Proof**

Power Integrations expects that it will present the below listed issues of fact at trial. Further details of these proofs have been explained at length in Power Integrations' interrogatory responses, expert reports, and by the experts in their depositions.

To the extent that any issues of law set forth in Exhibit 4 of the Joint Pretrial Order may be considered issues of fact, Power Integrations incorporates those portions of Exhibit 4 by reference. These issues of fact may change based on the Court's decisions on certain motions *in limine*.

**I.     Power Integrations' Statement of Issues of Fact**

    **A.     Validity of Power Integrations' Patents**

The following specific factual issues with respect to the validity of Power Integrations' Patents remain to be determined at trial:

    1. Whether any asserted Claims of the '876 patent, the '851 patent, the '366 patent, or the '075 patent are anticipated by the prior art.

    2. What the level of ordinary skill in the art was at the time of the invention of the Patents-in-Suit.

    3. The content and scope of the prior art asserted by Fairchild as rendering the inventions of the asserted Claims of the '876 patent, the '851 patent, the '366 patent, and the '075 patent obvious.

    4. The differences between the asserted Claims of the '876 patent, the '851 patent, the '366 patent, and the '075 patent and the prior art asserted by Fairchild as rendering those patents obvious.

    5. Whether any of the following objective evidence of non-obviousness tends to show that the asserted Claims of the '876 patent, the '851 patent, the '366 patent, or the '075 patent are not obvious, the extent of any proffered objective evidence of non-obviousness, and whether a nexus exists between the evidence and the claimed inventions:

        a.     Commercial success of products covered by the patent in suit;
        b.     A long felt, unmet need in the art that was satisfied by the invention;
        c.     The failure of others to make the invention;

      d. Copying of the invention by others in the field;
      e. Initial skepticism of the invention by others in the field; and
      f. Praise of the invention by the infringer or others in the field.

6. Where Fairchild is relying on a combination of references to assert invalidity under 35 U.S.C. §103, whether there is a suggestion to combine the references.

7. Whether there is a suggestion or motivation in the prior art to modify the prior art asserted by Fairchild to arrive at the invention claimed in the patents-in-suit.

8. Whether the '075 patent is enabled.

## II. Power Integrations' Statement of Intended Proof

Power Integrations will offer the following proof at trial:

### A. Background

1. The founding and business of Power Integrations.

2. The invention of the patents-in-suit.

3. The development and commercialization of the patented technology by Power Integrations.

### B. Validity of Power Integrations' Patents

1. Proof that rebuts Fairchild's assertion that any Claim of the patents-in-suit is anticipated by the prior art.

2. Proof that rebuts Fairchild's assertion that any Claim of the patents-in-suit would have been obvious to one of ordinary skill in the art in light of the prior art, including objective indicia of non-obviousness.

3. Proof that rebuts Fairchild's assertion that any Claim of the patents-in-suit is not enabled.

4. Proof that rebuts Fairchild's assertion that any Claim of the patents-in-suit is indefinite.

### C. Enforceability of Power Integrations' Patents

1. Proof that rebuts Fairchild's assertion that any art not submitted to the Patent Office, or any statement made during the prosecution of the patents-in-suit, was material to the patentability of any of the claimed inventions.

2. Proof that rebuts Fairchild's assertion that any art not submitted to the Patent Office was withheld, or any statement made during the prosecution of the patents-in-suit was made, with an intent to deceive the Patent Office.