# EXHIBIT 5

## Defendants' Statement of Issues of Law That Remain to be Litigated

Defendants Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc. (collectively, "Fairchild") expect to present the below listed issues of law at the invalidity trial. To the extent that any issues of fact set forth in Exhibit 3A of the Joint Pretrial Order may be considered issues of law, Fairchild incorporates those portions of Exhibit 3A by reference.

Defendants Fairchild Semiconductor Corporation and Fairchild Semiconductor International, Inc. have provided exemplary legal citation in support of each issue of law. Defendants expressly reserve the right to cite additional legal support, if appropriate.

A.        **Issues of Law.**

   1.   Qualifications of Power Integrations' expert witnesses and foundation of Power Integrations' experts' opinions.

        Federal Rule of Evidence 702.

   2.   Whether the opinions offered by Power Integrations' experts are speculative and should be barred.

        Federal Rule of Evidence 702
        *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).
        *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).
        *Oddi v. Ford Motor Co.*, 234 F.3d 136, 145 (3d Cir. 2000).

   3.   Whether the addition of new matter during the prosecution of the '075 Patent means that the priority date for claims 1 and 5 of the '075 Patent is other than the date of filing of the application leading to the '075 Patent.

        35 U.S.C. § 112.
        *Biogen, Inc. v. Berlex Laboratories, Inc.*, 318 F.3d 1132, 1140 (Fed. Cir. 2003).
        *Moba, B.V. v. Diamond Automation, Inc.,* 325 F.3d 1306, 1319(Fed. Cir. 2003).
        *Amgen Inc. v. Hoechst Marion Roussel Inc.,* 314 F.3d 1313, 1330 (Fed. Cir. 2003).
        *University of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916 (Fed. Cir. 2004).

   4.   Whether Power Integrations has met its burden of producing evidence independent of the inventor corroborating the conception and reduction to practice of the invention claimed in claims 1 and 5 of the '075 Patent.

        35 U.S.C. § 102(e) and (g)
        *Burroughs Wellcome Co. v. Barr Lab.*, 40 F.3d 1223 (Fed. Cir. 1994).
        *Cooper v. Goldfarb*, 154 F.3d 1321 (Fed. Cir. 1998).
        *Hahn v. Wong*, 892 F.2d 1028 (Fed. Cir. 1989).
        *Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367 (Fed. Cir. 1986).
        *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157 (Fed. Cir. Feb. 2006).
        *Mycogen Plant Sciences, Inc. v. Monsanto Co.*, 252 F.3d 1306 (Fed. Cir. 2001).
        *Price v. Symsek*, 998 F.2d 1187 (Fed. Cir. 1993).
        *Ralston Purina Co. v. Far-Mar-Co., Inc.* 586 F.Supp. 1176 (D. Kan. 1984).
        *Reese v. Hurst*, 661 F.2d 1222 (C.C.P.A. 1981).
        *Singh v. Brake*, 222 F.3d 1362 (Fed. Cir. 2000).

*Stern v. Trs. of Columbia Univ.*, 434 F.3d 1375 (Fed. Cir. 2006).

     5.    Whether Fairchild has met its burden of producing evidence independent of the inventor corroborating the conception and reduction to practice of the invention claimed in U.S. Patent No. 4,823,173.

> 35 U.S.C. § 102(e) and (g)
> *Burroughs Wellcome Co. v. Barr Lab.*, 40 F.3d 1223 (Fed. Cir. 1994).
> *Cooper v. Goldfarb*, 154 F.3d 1321 (Fed. Cir. 1998).
> *Hahn v. Wong*, 892 F.2d 1028 (Fed. Cir. 1989).
> *Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367 (Fed. Cir. 1986).
> *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157 (Fed. Cir. Feb. 2006).
> *Mycogen Plant Sciences, Inc. v. Monsanto Co.*, 252 F.3d 1306 (Fed. Cir. 2001).
> *Price v. Symsek*, 998 F.2d 1187 (Fed. Cir. 1993).
> *Ralston Purina Co. v. Far-Mar-Co., Inc.* 586 F.Supp. 1176 (D. Kan. 1984).
> *Reese v. Hurst*, 661 F.2d 1222 (C.C.P.A. 1981).
> *Singh v. Brake*, 222 F.3d 1362 (Fed. Cir. 2000).
> *Stern v. Trs. of Columbia Univ.*, 434 F.3d 1375 (Fed. Cir. 2006).

     6.    For any legal issue raised in Fairchild's motions in limine that was not granted by the Court, whether the evidence or argument should be excluded.

Fairchild expects to present additional issues of law during any hearing before the Court on equitable issues such as Power Integrations' inequitable conduct, whether an injunction is appropriate, whether any damages should be increased, and whether this case is exceptional. Fairchild will revise identification once the Court schedules such a hearing and identifies the issues to be considered.