**EXHIBIT 17**

<u>Defendants' Miscellaneous Issues and Motions in Limine</u>

The parties have agreed to the following:

1.      Fairchild can use any of the following exhibits during its opening statement: DX-99, DX-101, DX-103, DX-105, DX-130, DX-131, PX-52, DX-541, DX-74, DX-83, and DX-76.

2.      Bruce Renouard shall not testify concerning Fairchild's alleged copying of the Power Integrations' patents.

Defendants may raise the following issues at the Pretrial Hearing.  This list is without prejudice to Defendants' rights to raise additional issues, if appropriate:

1.      *In re Seagate* requires that any jury considering the issue of willfulness also determine the issues of infringement and invalidity.

        As set forth in Fairchild's letter to the Court (D.I. 514), Fairchild continues to object to the bifurcation of trial into different phases for invalidity, infringement and willful infringement, particularly in light of the Federal Circuit's opinion in *In re Seagate Technology, LLC*, Misc. Docket No. 830 (Fed. Cir. August 20, 2007).

2.      Power Integrations' continuing late production (two Power Integrations patents).

        The Court previously continued the invalidity trial based on Power Integrations' untimely production of documents.  On August 31, 2007, and after Fairchild filed its Motions in Limine, Power Integrations produced additional documents (PIF 145130 – 145146).  Fairchild respectfully requests that Power Integrations be precluded from using these untimely documents at trial.

3.      Effect of the Supreme Court's decision in *KSR* on the presumption of validity.

        In *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007), the unanimous Supreme Court noted that the rationale underlying the presumption of validity "seems much diminished" where the references were not considered by the Patent Office. Since the *KSR* decision is so new, Fairchild requests clarification from the Court as to whether and to what degree the presumption of validity applies.

4.      Order of evidence on forensic testing of Dr. Eklund's documents.

        Fairchild's forensic expert Erich Speckin will testify in Fairchild's opening case on invalidity.  It is clear that Fairchild has the burden of proof by clear and convincing evidence on the issue of invalidity.  The testimony of Mr. Speckin is part of that case.  Accordingly, presentation of Mr. Speckin's testimony during Fairchild's opening case is appropriate.

5.      Intersil documents.

        Power Integrations' assertion that Intersil documents purportedly relevant to this case are yet to be produced is incorrect.  Power Integrations' counsel concocted

this assertion in a letter to counsel in the last few weeks.  Intersil's counsel wrote to Power Integrations' counsel on August 31, 2007 pointing out the mischaracterization:  "First, I did not tell you that Intersil 'has approximately ten boxes of documents related to Mr. Beasom's and Intersil's work regarding the '719 patent.'" [8/31/07 Letter from J. DePumpo to M. Headley]  The letter continues to point out that the document requests propounded by Power Integrations in the co-pending case C.A. No. 07-187-JJF cover a broader array of issues than are relevant to the instant case.  Power Integrations' attempt to raise in the pre-trial conference discovery issues in the separate, co-pending 07-187 case is entirely inappropriate.

Defendants have filed the following Motions in Limine:

1.      Improper Expert Reports

        Power Integrations' expert, Michael Shields, issued a report concerning the "invention" of the '075 Patent.  During his deposition, Mr. Shields confirmed that he had no understanding of the legal requirements of an "invention" and, instead, was relying upon his common understanding of the world.   Moreover, Mr. Shields stated that he had no opinion on the issues of conception, reduction to practice, or diligence with respect to the '075 Patent – the elements required to prove invention.  Therefore, Fairchild respectfully requests that Mr. Shields be precluded from offering any testimony concerning the relative dates or sufficiency of the evidence concerning the invention, conception, reduction to practice, or diligence of the '075 or Beasom Patents.

2.      Positions Contrary to the Court and Jury's Decisions in the Infringement Trial

        The Court bifurcated the issues of infringement and invalidity.  At the time, Fairchild objected to this bifurcation because common issues should be decided by a single jury.  Because the claims must be construed the same in both trials, the first jury's finding of infringement necessarily impacts how the second jury should consider the prior art (for instance, since the first jury determined that a low frequency oscillator is not required to find infringement of the means-plus-function soft start element, it cannot be necessary to prove that the claim is invalid).  Power Integrations, however, appears intent on "impeaching" Fairchild's witnesses with the fact that their opinions were rejected by the first jury.  Therefore, Fairchild respectfully requests that the Court preclude Power Integrations from raising positions or opinions taken by Fairchild or its witnesses in the first trial that were rejected by that jury.

3.      Certain Power Integrations Documents

        Power Integrations relies upon two key documents in attempting to prove the conception date of its '075 Patent.  These documents are highly prejudicial, as Power Integrations does not have the originals, and instead has produced various altered versions.  Furthermore, the condition of the documents make it impossible to be certain of the date of their creation.  Therefore, Fairchild respectfully requests that the Court preclude Power Integrations from using these exhibits at trial.

4.      Testimony From The '075 Patent's Inventor

Power Integrations will attempt to prove the invention date of the '075 Patent through the uncorroborated testimony of its inventor, Klas Eklund. None of the documents that Mr. Eklund claims support his alleged date of conception have ever been witnessed by another person. As uncorroborated inventor testimony cannot prove an earlier invention date of a patent, Fairchild respectfully requests that the Court preclude Power Integrations from offering testimony from Mr. Eklund at trial concerning the date of invention of the '075 Patent.

5.    Prior Judicial Opinions Concerning Erich J. Speckin

Fairchild will offer testimony from its forensics expert, Erich J. Speckin, concerning the authenticity of certain Power Integrations exhibits. As an experienced expert, Mr. Speckin has testified at trial many times. Nonetheless, Power Integrations intends to discredit Mr. Speckin by relying upon three judicial opinions concerning his work. These judicial opinions, however, are irrelevant, prejudicial hearsay that did not involve any of the methods Mr. Speckin used to arrive at his opinion in the present litigation. Therefore, Fairchild respectfully requests that Power Integrations be precluded from using these judicial opinions at trial.