IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a Delaware
corporation,

               Plaintiff,

     v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, and FAIRCHILD
SEMICONDUCTOR CORPORATION,
a Delaware corporation,

               Defendants.

C.A. No. 04-1371-JJF

**REDACTED
PUBLIC VERSION**

## DEFENDANT FAIRCHILD'S MOTIONS *IN LIMINE* NOS. 1-5 REGARDING THE INVALIDITY TRIAL

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Gabriel M. Ramsey
ORRICK, HERRINGTON & STUCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: August 31, 2007

# TABLE OF CONTENTS

I.      MOTION IN LIMINE NO 1:     **REDACTED**

        ...............................................................................................1

II.     MOTION IN LIMINE NO 2:  POWER INTEGRATIONS SHOULD BE
        PRECLUDED FROM ARGUING POSITIONS CONTRARY TO THE
        COURT'S AND THE JURY'S DECISIONS IN THE INFRINGEMENT TRIAL............1

III.    MOTION IN LIMINE NO. 3:  POWER INTEGRATIONS SHOULD BE
        PRECLUDED FROM OFFERING EXHIBITS PX29, PX30, PX37, KE1466
        AND KE1447-KE1449...................................................................1

        A.      Background.........................................................................1

                1.      PX30 And The Recently Produced KE1466..........................2
                        a.      PX30 – "First" Page.......................................2
                        b.      PX30 – "Second" Page ....................................3
                        c.      KE1466 ........................................................3
                2.      PX29 And The Recently Produced KE1447-KE1449..............4
                        a.      PX29 ...........................................................4
                        b.      KE1447-KE1449...........................................5
                3.      None Of The Proffered Exhibits Were Signed Or Witnessed .........5

        B.      All Versions Of PX29 And PX30 Should Be Excluded Under The Best Evidence
                Rule....................................................................................6

                1.      The Copies Of The Eklund Notes Should Be Excluded Under Federal
                        Rule Of Evidence 1002.....................................................6
                2.      The Copies Of The Eklund Notes Should Be Excluded Under The Federal
                        Circuit's Corroboration Rule ..............................................9

        C.      All Versions Of PX29 And PX30 Should Be Excluded Under Federal Rules Of
                Evidence 403 And 901 ...........................................................10

IV.     MOTION IN LIMINE NO 4:  THE TESTIMONY OF DR. EKLUND SHOULD
        BE EXCLUDED BASED ON LACK OF CORROBORATION.............................11

V.      MOTION IN LIMINE NO. 5:  POWER INTEGRATIONS SHOULD BE
        PRECLUDED FROM REFERRING TO OR QUOTING PRIOR JUDICIAL
        OPINIONS INVOLVING ERICH J. SPECKIN ........................................11

        A.      Power Integrations Should Be Precluded From Quoting Irrelevant, Prejudicial,
                Hearsay Statements From *Re Estate Of Wang Teh Huei*.......................12

        B.      Power Integrations Should Be Precluded From Quoting Irrelevant, Prejudicial,
                Hearsay Statements From *EEOC v. Ethan Allen, Inc.* And *Adrian v. Lafler* ........15

# TABLE OF AUTHORITIES

## CASES

*Adrian v. Lafler,*
  299 F. Supp. 2d 754 (E.D. Mich. 2004).................................................................12, 15

*Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.,*
  1995 U.S. Dist. LEXIS 22335 (N.D. Cal. 1994) ...................................................11

*Cartier v. Jackson,*
  59 F.3d 1046 (10th Cir. 1995) ...............................................................................11

*EEOC v. Ethan Allen, Inc.,*
  259 F. Supp. 2d 625 (N.D. Ohio 2003)...............................................................12, 15

*Hahn v. Wong,*
  892 F.2d 1028 (Fed. Cir. 1989)............................................................................9, 10

*Hairston v. Washington Metro. Area Transit Auth,*
  1997 U.S. Dist. LEXIS 5188 (D.D.C. 1997) .......................................................15

*Int'l Land Acquisitions, Inc. v. Fausto,*
  39 Fed. Appx. 751 (3d Cir. 2002) .........................................................................12

*Linear Tech. Corp. v. Micrel, Inc.,*
  275 F.3d 1040 (Fed. Cir. 2001).............................................................................11

*Nina Kung v. Wang Din Shin,*
  2005 WL 168717 (Court of Final Appeal, Hong Kong 2005)...........................13

*Nipper v. Snipes,*
  7 F.3d 415 (4th Cir. 1993) .................................................................................12, 15

*Opals on Ice Lingerie v. Body Lines, Inc.,*
  320 F.3d 362 (2d Cir. 2003)...................................................................................8

*Pro Bono Invs., Inc. v. Gerry,*
  2005 U.S. Dist. LEXIS 22240 (S.D.N.Y. 2005)...................................................8

*Ralston Purina Co. v. Far-Mar, Inc.*
  586 F. Supp. 1176 (D. Kan 1984)........................................................................10

*Re Estate of Wang Teh Huei.*
  2002 WL 1341762 (Court of First Instance, Hong Kong 2002)...................11, 12

*Seiler v. Lucasfilm,*
  613 F. Supp. 1253 (N.D. Cal. 1984) ........................................................8, 9

*Sellmayer Packing Co. v. Commissioner,*
  146 F.2d 707 (4th Cir. 1944) ...................................................................8

*Siegal v. American Honda Motor Co.,*
  921 F.2d 15 (1st Cir. 1990) .....................................................................11

*Stern v. Trs. of Columbia Univ.,*
  434 F.3d 1375 (Fed. Cir. 2006) ..............................................................10

*Trustees of Univ. of Pennsylvania v. Lexington Ins. Co.,*
  815 F.2d 890, 905 (3d Cir. 1987) ...........................................................12

*United States ex rel Magid v. Wilderman,*
  2004 U.S. Dist. LEXIS 17494 (E.D. Pa. 2004) .......................................9

*United States v. Chu Kong Yin,*
  935 F.2d 990 (9th Cir. 1991) ..................................................................12

*United States v. Jackson,*
  488 F. Supp. 2d 866 (D. Neb. 2007) .......................................................11

## STATUTES AND RULES

Federal Rule of Evidence 402 ........................................................................14, 15
Federal Rule of Evidence 403 ...................................................1, 10, 11, 14, 15
Federal Rule of Evidence 802 ........................................................................12, 15
Federal Rule of Evidence 901 ........................................................................10, 11
Federal Rule of Evidence 1001 ..............................................................................6
Federal Rule of Evidence 1002 .........................................................................1, 6
Federal Rule of Evidence 1003 .........................................................................6, 8
Federal Rule of Evidence 1004 ..............................................................................8

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") respectfully requests that the Court grant its motions *in limine* number 1 through 5.

## I.    MOTION IN LIMINE NO. 1:    REDACTED

Fairchild's Motion In Limine No. 1,    **REDACTED**

, was filed on May 9, 2007, as D.I. 478, and is currently pending before the Court.

## II.    MOTION IN LIMINE NO. 2:  POWER INTEGRATIONS SHOULD BE PRECLUDED FROM ARGUING POSITIONS CONTRARY TO THE COURT'S AND THE JURY'S DECISIONS IN THE INFRINGEMENT TRIAL

Fairchild's Motion In Limine No. 2, seeking that Power Integrations be precluded from arguing positions contrary to the Court's and the jury's decisions in the infringement trial, was filed on May 9, 2007, as D.I. 478, and is currently pending before the Court.

## III.    MOTION IN LIMINE NO. 3:  POWER INTEGRATIONS SHOULD BE PRECLUDED FROM OFFERING EXHIBITS PX29, PX30, PX37, KE1466 AND KE1447-KE1449.

Fairchild moves *in limine* to exclude Power Integrations' trial exhibits PX29, PX30, PX37 and similar documents labeled KE1466 and KE1447-KE1449.

**REDACTED** [1]

### A.    Background

The dispute between Power Integrations and Fairchild as to who first "conceived" of the invention of the '075 patent is central to the instant case. Power Integrations asserts that two sets of Klas Eklund's photocopied notes—labeled as trial exhibits PX29 and PX30—in combination allegedly show Klas Eklund's conception of the invention of the '075 patent. Originals have never been produced. Power Integrations also offers as trial exhibit PX37 a version improperly

combining the pages of PX29 and PX30. Power Integrations' own technical expert admits that neither PX29 nor PX30 alone shows the invention of the '075 patent. Rather, Power Integrations must combine PX29 and PX30 in order to make its arguments regarding alleged conception. Critically, PX37 was never a single document during the relevant period.

**REDACTED**

1.    **PX30 And The Recently Produced KE1466**

      a.    **PX30 – "First" Page**

**REDACTED**

2

REDACTED

b.    <u>PX30 – "Second" Page</u>

REDACTED

c.    <u>KE1466</u>

REDACTED

On May 16, 2007—just over two weeks before the scheduled June 2007 trial—Power

Integrations produced KE1466, which was buried in the middle of 266 additional pages of

Eklund's notes.

**REDACTED**

    2.       **PX29 And The Recently Produced KE1447-KE1449**

           a.     **PX29**

**REDACTED**

b.    <u>KE1447-KE1449</u>

**REDACTED**

KE1447-KE1449 is a three page document. [Ex. 5 (KE1447-KE1449)]

**REDACTED**

[Ex. 5]    **REDACTED**

The comment is not found on the corresponding page of PX29. [Ex. 4]

**REDACTED**

3.    <u>None Of The Proffered Exhibits Were Signed Or Witnessed</u>

**REDACTED**

**REDACTED**

**B.**   **All Versions Of PX29 And PX30 Should Be Excluded Under The Best Evidence Rule**

   **1.**   **The Copies Of The Eklund Notes Should Be Excluded Under Federal Rule Of Evidence 1002**

The Federal Rules of Evidence set forth the "best evidence rule" concerning written documents. *See* Fed. R. Evid. 1001 (rule applies to "writings"). Federal Rule of Evidence 1002 provides, in general, that an original document is required to prove its contents:

> To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

Fed. R. Evid. 1002. Further, the rule states circumstances when a "duplicate" document is admissible:

> A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

Fed. R. Evid. 1003.

   In the instant case,    **REDACTED**

   However, none of these so-called copies are in fact "duplicates" of the original. Because only copies have been provided, there is no way to establish the dates of the originals.    **REDACTED**    Therefore, Power Integrations' trial exhibits PX29, PX30 and PX37 violate the best evidence rule and those copies may not be offered to prove the contents of the originals.

**REDACTED**

**REDACTED**

Thus

there are serious questions as to authenticity.          **REDACTED**

Moreover, the forensic evidence indicates that pages 1 and 2 of PX30 were not always

together as a single document, but later attached to each other.

**REDACTED**

Similarly, the forensic evidence indicates that the fourth page of PX29 was not always

with the first three pages, but was added at a later time and made to look as though it shared a

common date with the first three pages.

**REDACTED**

**REDACTED**

These circumstances seriously call into question the reliability of the "copies" of the Eklund documents, and establish the extreme unfairness and prejudice which will result if Power Integrations is permitted to rely on altered photocopies in lieu of the originals or actual "duplicates" of the originals. Accordingly, because there is absolutely no way to authenticate the offered documents as true and correct duplicates of the originals, the best evidence rule should apply and the copies of the Eklund documents should be excluded at trial. *See Opals on Ice Lingerie v. Body Lines, Inc.*, 320 F.3d 362, 371 (2d Cir. 2003) (copy of parties' agreement was inadmissible under Fed. R. Evid. 1003(1), because defendant raised genuine question regarding authenticity of copy proffered by plaintiff; different copies were produced and original agreement could not be produced); *Pro Bono Invs., Inc. v. Gerry*, 2005 U.S. Dist. LEXIS 22240, *13-14 (S.D.N.Y. 2005) (document excluded under FRE 1003 where there were genuine issues regarding the accuracy of the purported copy)

**REDACTED**

This is inadequate to carry Power Integrations' burden. *See Sellmayer Packing Co. v. Commissioner*, 146 F.2d 707, 710 (4th Cir. 1944) (propounding party "must go further than to show it is doubtful whether or not the document exists"); *Seiler v. Lucasfilm*, 613 F. Supp. 1253, 1260 (N.D. Cal. 1984) ("The burden of proving loss or destruction under Rule 1004 is on the

proponent of the evidence.").[1]


**REDACTED**


Therefore, the best evidence rule should be applied and the altered photocopies of the Eklund notes proffered by Power Integrations should be excluded. *See Seiler v. Lucasfilm*, 808 F.2d 1316, 1319-1321 (9th Cir. 1986) (where claim that originals were destroyed was inherently unbelievable, copies were excluded).

2.    **The Copies Of The Eklund Notes Should Be Excluded Under The Federal Circuit's Corroboration Rule**

The best evidence rule is particularly important in the context of patent priority disputes. In fact, the Federal Circuit has developed an analogous "corroboration" rule limiting evidence of invention. It is settled that an inventor's uncorroborated testimony and documents cannot provide a basis for earlier conception or reduction to practice, for purposes of determining "invention." It has been observed by the Federal Circuit that "[t]he inventor, however, must provide independent corroborating evidence in addition to his own statements and documents." *Hahn v. Wong*, 892 F.2d 1028, 1032 (Fed. Cir. 1989). Further:

> Since corroboration must be independent of the inventor, the inventor's notebooks unsigned by witnesses do not suffice since they are simply documents which he produced. . . and are merely self-serving declarations by the inventors. . . .

---

[1] Dr. Eklund's uncertainty regarding the status of the originals also indicates that he has not made a reasonable, unsuccessful and diligent search for it. Accordingly, Power Integrations could not possibly avail itself of the exception of FRE 1004. *See United States ex rel. Magid v. Wilderman*, 2004 U.S. Dist. LEXIS 17494, *13-14 (E.D. Pa. 2004) (proof of reasonable, unsuccessful and diligent search for original required).

*Ralston Purina Co. v. Far-Mar., Inc.*, 586 F. Supp. 1176 (D. Kan. 1984) *aff'd in part & rev'd*, 772 F.2d 1570 (Fed. Cir. 1985). "Regardless of the contents of the notebooks, unwitnessed laboratory notebooks on their own are insufficient to support his claim [of conception, and therefore] of co-inventorship." *Stern v. Trs. of Columbia Univ.*, 434 F.3d 1375, 1378 (Fed. Cir. 2006). As the Federal Circuit has bluntly put it: "The purpose of the rule requiring corroboration is to prevent fraud." *Hahn v. Wong*, 892 F.2d at 1033.

In this case, Power Integrations is attempting to circumvent this established Federal Circuit principle. Indeed, when faced with a challenge to Dr. Eklund's bare testimony regarding the purported date of invention, Power Integrations responded by saying that his testimony is purportedly corroborated by his written materials—the exhibits challenged here. [Opp. to Motion in Limine No. 18 (D.I. 363)] Yet, now that the serious questions as to the provenance and substance of the notes have arisen, Power Integrations asserts conversely that the notes are purportedly corroborated by Dr. Eklund's testimony. [Ex. 11 (Lyter Report, ¶19)] Power Integrations cannot have it both ways. The unreliable, altered photocopies of the Eklund notes are entirely uncorroborated (as is Dr. Eklund's testimony) and should therefore be excluded.

### C.    All Versions Of PX29 And PX30 Should Be Excluded Under Federal Rules Of Evidence 403 And 901

Evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403.

**REDACTED**

the probative value of these documents is low and the risk of unfair prejudice to Fairchild and misleading the jury is very high. Indeed, Power Integrations cannot authenticate the copies of the Eklund notes as required by Federal Rule of Evidence 901.

**REDACTED**

Accordingly, all versions of PX29 and PX30 should be excluded under FRE 403 and

FRE 901. *See e.g. Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, 1995 U.S. Dist. LEXIS 22335, 5-7 (N.D. Cal. 1995) (excluding notebook under FRE 403); *Linear Tech. Corp. v. Micrel, Inc.*, 275 F.3d 1040, 1056 (Fed. Cir. 2001) (letters regarding products at issue in patent dispute properly excluded under FRE 901 where there were problems with indicia of reliability); *Cartier v. Jackson*, 59 F.3d 1046, 1049 (10th Cir. 1995) (court within discretion in excluding under FRE 403 a recording that had been changed so much that it did not "fairly and accurately depict" original recording); *Siegal v. American Honda Motor Co.*, 921 F.2d 15, 16 (1st Cir. 1990) (allegedly defective device excluded under FRE 901 as neither authentic nor relevant to show defective condition since it had been altered after accident precluding restoration to original conditions); *United States v. Jackson*, 488 F. Supp. 2d 866, 871 (D. Neb. 2007) (altered version of chatroom transcript inadmissible under FRE 901)

## IV.    MOTION IN LIMINE NO. 4:  THE TESTIMONY OF DR. EKLUND SHOULD BE EXCLUDED BASED ON LACK OF CORROBORATION

As discussed in motion in limine number 3, the Eklund documents must be excluded. Once the unreliable photocopies are excluded, there will be no corroboration for Dr. Eklund's testimony regarding the date of invention.   Accordingly, under the Federal Circuit principles regarding corroboration of invention discussed above, once the inadmissible Eklund documents are excluded Dr. Eklund's testimony on the subject of invention dates and purported priority of invention must be excluded as well.

## V.    MOTION IN LIMINE NO. 5:  POWER INTEGRATIONS SHOULD BE PRECLUDED FROM REFERRING TO OR QUOTING PRIOR JUDICIAL OPINIONS INVOLVING ERICH J. SPECKIN

Fairchild moves *in limine* to :

### REDACTED

In particular, Power Integrations intends to use quotations of statements by the court, witnesses and third-parties from:  (1) *Re Estate of Wang Teh Huei*, 2002 WL1341762 (Court of First Instance, Hong Kong, 2002); (2) *EEOC v. Ethan Allen, Inc.*, 259 F. Supp. 2d 625

(N.D. Ohio 2003); and (3) *Adrian v. Laffler*, 299 F. Supp. 2d 754 (E.D. Mich. 2004). Power Integrations should be precluded from offering such statements.

### A.    <u>Power Integrations Should Be Precluded From Quoting Irrelevant, Prejudicial, Hearsay Statements From *Re Estate of Wang Teh Huei*</u>

In *Re Estate of Wang Teh Huei*, 2002 WL 1341762 (2002), a matter before the Court of First Instance of Hong Kong, Mr. Speckin offered opinions regarding controversial ink dating procedures called the "accelerated aging method" and the dye-ratio method. [*Id.* at ¶¶18.8-18.17] The foregoing methods are not at issue in the instant case. The trial court rejected Mr. Speckin's opinions, setting forth pejorative statements regarding his methodologies, "qualifications" and "integrity" [*Id.* at ¶¶29.1-29.32 ]

REDACTED

This attempt must be rejected under the Federal Rules of Evidence.

First, statements set forth in the opinion are inadmissible hearsay under Federal Rule of Evidence 802, and are subject to no hearsay exceptions. Indeed, the opinion does not constitute Mr. Speckin's prior testimony or statements. Rather, the opinion constitutes the court's description of Mr. Speckin's and others' testimony, the contents of documentary evidence and the proceedings. It is settled that such court opinions and descriptions of a court record are inadmissible hearsay. *Trustees of University of Pennsylvania v. Lexington Ins. Co.*, 815 F.2d 890, 905 (3d Cir. 1987) (excluding judicial findings of fact excluded as inadmissible hearsay); *Nipper v. Snipes*, 7 F.3d 415, 417-418 (4th Cir. 1993) (same); *Int'l Land Acquisitions, Inc. v. Fausto*, 39 Fed. Appx. 751, 756-757 (3d Cir. 2002) (statements within court opinion constitutes inadmissible "double hearsay"); *United States v. Chu Kong Yin*, 935 F.2d 990, 996 (9th Cir. 1991) (descriptions of prior convictions set forth in Hong Kong government document were inadmissible hearsay; statements fell within "the classic definition of hearsay" as they "contain information as to which the declarant is not present and thus cannot be cross-examined.").

Other U.S. courts have specifically precluded the use of quotations from the *Wang*

12

opinion during cross-examination of Mr. Speckin. For example, a California state court granted such a motion, observing that while Mr. Speckin's prior testimony was certainly admissible for cross-examination, quotations from the Hong Kong opinion were not:

> [COUNSEL]: Your Honor, can I just make sure that I'm clear in the understanding, that with regard to Mr. Sp[eckin] and the Hong Kong judgment, that the motion has been granted with regards to not permitting U.S.C. to raise – in other words, to quote a Hong Kong judge, or to ask Mr. Sp[eckin], isn't it true the Hong Kong judge said?
>
> THE COURT: That's correct. Let me make myself clear on that. To the extent that it is a fair cross-examination question, didn't you testify in this case and say A, B, and C – and I don't know that it is – and assuming that's a fair question, yes, that can be asked. To the extent that you're talking about, didn't a judge rule that you weren't qualified, or call into question your method, that may not be raised.

[Ex. 7 at p. 107:2-9, 108:10-16 (March 7, 2003 Transcript of Proceedings in *Sargon Enterprises, Inc. v. Univ. of Southern California* (Cal. Superior Court, BC209992)]

The rationale for the hearsay rule is that the out of court statements may be unreliable and the opposing party had no opportunity to cross-examine the out of court declarant. These risks are particularly high in this case. Indeed, in reviewing the *Wang* opinion, the Hong Kong Court of Final Appeal criticized the trial judge for "copying verbatim almost the whole of the appellant's submissions" regarding Mr. Speckin. *Nina Kung v. Wang Din Shin*, 2005 WL 1687117 at ¶¶452 (2005). This practice was so prevalent that the Court of Final Appeal found that "[l]egitimate concerns as to whether [the trial judge] did bring an independent mind to his judicial function do arise in the present case." *Kung*, 2005 WL 1687117 at ¶¶452-455. The foregoing emphasizes the unacceptable risks of allowing Power Integrations to rely on quotations from the *Wang* opinion.[2]

---

[2] The unreliability of the opinion's text is underscored by the fact that statements in it are demonstrably incorrect. For example, the opinion states that Mr. Speckin had purportedly misrepresented that he was a member of a particular professional organization. In fact, he *was* a member as is evidenced by the attached documents. [*See* Ex. 8]

Moreover, the outrageously pejorative statements regarding Mr. Speckin's qualifications and integrity are belied by the fact that he has served as an expert in many cases, as has been recognized by Power Integrations' own expert. [*See* Ex. at 261:16-262:4]  Indeed, Mr. Speckin has been appointed by judges in Michigan, California, Maine, Florida and Australia to perform examinations at the request of the court. [*See* Ex. 9 (CV)]  In the instant case, even Power Integrations' own expert agrees that Mr. Speckin is qualified to act as an expert on the matters at issue:

**REDACTED**

In light of the questionable nature of the statements in the *Wang* opinion, the hearsay rule should apply with its full force and Power Integrations should be precluded from referring to it or quoting from it during cross-examination of Mr. Speckin.

Second, statements in the *Wang* opinion should be excluded under Federal Rules of Evidence 402 and 403.  First, there can be no dispute that the "accelerated aging method" and dye-ratio method at issue in the *Wang* case have not been used in the instant case.  Thus, the criticism of Mr. Speckin's methodology in the *Wang* case is entirely irrelevant and would only serve to confuse the jury.  Further, the hearsay statements in the *Wang* opinion are highly prejudicial, purporting to characterize alleged deficiencies in Mr. Speckin's testimony, qualifications and integrity.  Fairchild is unable to cross-examine the Hong Kong trial judge or any of the witnesses or authors of documents described in the opinion.

Thus, Fairchild would be extremely prejudiced if Power Integrations were permitted to read excerpts from the opinion during cross-examination.  Given the lack of relevance and the

high risk of prejudice, misleading the jury and confusing the issues, Power Integrations should be precluded from referring to the opinion. *See Nipper v. Snipes*, 7 F.3d 415, 417-418 (4th Cir. 1993) (excluding judicial findings of fact excluded under FRE 403; judicial findings of fact "would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice"); *Hairston v. Washington Metro. Area Transit Auth.*, 1997 U.S. Dist. LEXIS 5188, *5-6 (D.D.C. 1997)

**B.      Power Integrations Should Be Precluded From Quoting Irrelevant, Prejudicial, Hearsay Statements From *EEOC v. Ethan Allen, Inc.* And *Adrian v. Lafler.***

It appears that Power Integrations will attempt to use quotations from court opinions in the matters *EEOC v. Ethan Allen, Inc.*, 259 F. Supp. 2d 625 (N.D. Ohio 2003) and *Adrian v. Lafler*, 299 F. Supp. 2d 754 (E.D. Mich. 2004) as well. In the *EEOC* case, the court rejected opinions by Mr. Speckin regarding ink dating procedures called the "accelerated aging method" and "relative ink age comparison tests." *Id.* at 626-630, 632. In *Adrian v. Lafler*, a federal district court observed that in an underlying state court action, Mr. Speckin had conducted infrared testing of grease and provided opinions in that regard. *Id.* at 758.

As with the *Wang* case, statements by the courts in the *EEOC* and *Lafler* matters constitute inadmissible hearsay and should be excluded on that basis. Fed. R. Evid. 802. Moreover, there is no dispute that the instant case does not involve any of the disputed testing methods involved in the *EEOC* or *Lafler* matters. Thus, quotations from those opinions are irrelevant and should be excluded under Federal Rules of Evidence 402 and 403. Further, quotation of the hearsay statements in these opinions will pose a high risk of unfair prejudice. For example, the *EEOC* court quoted some of the pejorative hearsay statements set forth in the *Wang* opinion and *Adrian* case noted that the trial court had misgivings regarding the qualification of Mr. Speckin regarding dating of grease (which is obviously not at issue here). Because of the lack of relevance and high risk of confusing the jury and causing unfair prejudice to Fairchild, Power Integrations should be precluded from referring to the courts' statements

pursuant to Federal Rule of Evidence 403.

## VI.    <u>CONCLUSION.</u>

For the foregoing reasons, Fairchild respectfully requests that the Court grant

Defendants' Motions in Limine Nos. 1 through 5.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*
*Fairchild Semiconductor International,*
*Inc. and Fairchild Semiconductor*
*Corporation*

*Of Counsel:*

ORRICK, HERRINGTON & SUTCLIFFE LLP
G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Gabriel M. Ramsey
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated:  August 31, 2007

183793.1

# EXHIBIT 1

# REDACTED

# EXHIBIT 2

# REDACTED

# EXHIBIT 3

# REDACTED

# EXHIBIT 4

# REDACTED

# EXHIBIT 5

# REDACTED

# EXHIBIT 6

# REDACTED

# EXHIBIT 7

030703-USC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 38              HON. MARVIN M. LAGER, JUDGE

SARGON ENTERPRISES, INC.,          )
                                   )
                    PLAINTIFFS,    )
                                   )
         VS.                       )  BC 205 992
                                   )
UNIVERSITY OF SOUTHERN CALIFORNIA, )
                                   )
                    DEFENDANTS.    )
  _____   )


REPORTER'S DAILY TRANSCRIPT OF PROCEEDINGS

MARCH 7, 2003

AFTERNOON SESSION


APPEARANCES:

FOR THE PLAINTIFF:       LEWIS, BRISBOIS, BISGAARD
                         BY:  DEBORAH F. SIRIAS
                              DANIEL DECARLO
                         221 NO. FIGUEROA ST., SUITE 12100
                         LOS ANGELES, CA  90012
                         TEL.:  (213) 250-1800
                         FAX:   (213) 250-7900
                         WWW.LBBSLAW.COM

FOR THE DEFENDANT:       REED, SMITH, CROSBY, HEAFEY
                         BY:  BARRY J. THOMPSON
                              PHILIP DREWRY

                    Page 1

030703-USC

18  IS NOT PROPOSED, SO THAT'S MOOT.

19          THE REASONABLE VALUE OF EMPLOYEE TIME.  HERE,

20  WE'RE TALKING ABOUT ONLY SARGON LAZAROF, AND I UNDERSTAND

21  ONLY AS TO THOSE MATTERS THAT HE WAS OBLIGED TO CONDUCT

22  UNDER THE CONTRACT; CORRECT?

23          MR. DECARLO:  THAT'S CORRECT, YOUR HONOR.

24          THE COURT:  AS TO THAT. DENIED.

25          WITH RESPECT TO THE DONATION, I DON'T THINK

26  THAT'S RELEVANT.  I THINK YOU HAVE AN INTEGRATED CONTRACT

27  THIS POINT; MEANING, HOW MUCH THE STUDY WILL COST.  I DO

28  SEE HOW THE DONATION CAN LOGICALLY BE OFFERED IN EVIDENCE

COPYING RESTRICTED PER GOVERNMENT CODE 69954(D)

1          MOTION TO EXCLUDE THE TESTIMONY OF THE EXPERT

2  AT THIS MOMENT, DENIED.  OBVIOUSLY, THE FOUNDATIONAL NEED

3  TO BE LAID FOR HIS TESTIMONY.  HE'LL HAVE TO QUALIFY AS A

4  EXPERT.

5          I DO NOT ANTICIPATE THAT YOU WILL MOVE TO HAV

Page 11

030703-USC

6    HIM QUALIFIED AS AN EXPERT IN THE PRESENCE OF THE JURY, B

UT

7    WILL MERELY FINISH YOUR EXAMINATION OF HIM. IF THERE'S A

8    REQUEST FOR VOIR DIRE PRIOR TO HIS OFFERING AN OPINION, I

AM

9    LIKELY TO GRANT IT. AND AT THE CONCLUSION OF THAT VOIR

10    DIRE, I MAY EXCLUDE HIM.

11         I WILL NOT, OF COURSE, TAKE COGNIZANCE OF THE

12    FACT THAT A HONG KONG JUDGE HAS DETERMINED THERE IS

13    SOMETHING THE MATTER WITH THE MANNER IN WHICH HE UNDERTAK

ES

14    HIS EXPERT EVALUATION.

15         IN GENERAL, HANDWRITING EXPERTS AID THE TRIER

OF

16    FACT, BUT DO NOT DO SO ON A SUBJECT BEYOND THEIR ABILITY

TO

17    COMPREHEND, AS DISTINGUISHED FROM, FOR EXAMPLE, CERTAIN

18    TYPES OF CHEMIST OR PEOPLE UNDERTAKING TEST. I UNDERSTAN

D

19    THERE'S AN INK EVALUATION HERE, BUT I DO HAVE THESE THOUG

HTS

20    IN MIND.

21         NOW, THEN, THERE'S A MOTION TO EXCLUDE

22    IRRELEVANT AND/OR PREJUDICIAL MATERIAL, WHICH IS REALLY 3

2

23    SMALL MOTIONS. LET ME SEE IF I CAN QUICKLY RUN THROUGH

24    THEM.

25         MR. DECARLO: YOUR HONOR IS THAT NUMBER 7?

Page 12

030703-USC

10        MS. SIRIAS:  RIGHT.

11        THE COURT:  WHAT IF, FOR EXAMPLE, THE JURY WERE TO

12    SAY, ZERO FOR MONTE CARLO, ZERO FOR EVERYTHING, EXCEPT THE

13    TIME.  AND FOR THE TIME, WE'RE GOING TO AWARD AN AMOUNT,

14    WHICH IS LESS THAN THE CONTRACT PRICE.

15        MR. THOMPSON:  MM-HMM.

16        THE COURT:  ISN'T THAT ADMISSIBLE?

17        MR. THOMPSON:  I WOULD IMAGINE THAT MAY BE.

18        THE COURT:  I THINK WHAT WE COME DOWN TO IS HAVING TO

19    BE CAREFUL IN CRAFTING THE VERDICT FORM.

20        MR. THOMPSON:  CAN I RAISE ANOTHER ISSUE THAT JUST

21    OCCURRED TO ME THAT IS REALLY BOTHERING ME?  AND THAT IS,

22    HOW WERE WE SUPPOSED TO FACTOR ALL THESE INTO OUR 998 BACK

23    TWO YEARS AGO, WHEN NONE OF THESE DAMAGES WERE EVER

24    DISCLOSED TO US.

25            AND WE MADE A 998 OFFER BASED ON DAMAGES THAT

26    THEY HAD GIVEN US, THAT WERE TOTALLY DIFFERENT FROM WHAT

27    WE'RE SEEING NOW.

28        THE COURT:  I THINK IT'S AN ISSUE THAT HAS TO BE

COPYING RESTRICTED PER GOVERNMENT CODE 69954(D)

51

030703-USC

22    THINK THAT TO THE EXTENT YOU WANT TO SHOW HIM AN ORIGINAL

23    DOCUMENT THAT HAS A NAME ON IT, YOU'LL TAKE A PIECE OF WH

ITE

24    TAPE, AND YOU'LL PUT IT OVER EVERYTHING, EXCEPT THE FIRST

25    INITIAL OR SOMETHING OF THAT SORT, AND THE CONFIDENTIALIT

Y

26    WILL BE PROTECTED.  OBVIOUSLY, I WANT TO PRESERVE THE

27    CONFIDENTIALITY OF PATIENTS, BUT I DON'T THINK IT'S PROBL

EM

28    DOING THAT.

          COPYING RESTRICTED PER GOVERNMENT CODE 69954(D)

69

1          MR. THOMPSON:  OKAY.

2          MR. DECARLO:  YOUR HONOR, CAN I JUST MAKE SURE THAT

3    I'M CLEAR IN THE UNDERSTANDING, THAT WITH REGARD TO

4    MR. SPIKANE AND THE HONG KONG JUDGMENT, THAT THE MOTION H

AS

5    BEEN GRANTED WITH REGARDS TO NOT PERMITTING U.S.C. TO

6    RAISE -- IN OTHER WORDS, TO QUOTE A HONG KONG JUDGE, OR T

O

7    ASK MR. SPIKANE, ISN'T IT TRUE THE HONG KONG JUDGE SAID?

8          THE COURT:  THAT'S CORRECT.  LET ME MAKE MYSELF CLE

AR

9    ON THAT.

Page 107

030703-USC

10       TO THE EXTENT THAT IT IS A FAIR

11   CROSS-EXAMINATION QUESTION, DIDN'T YOU TESTIFY IN THIS CASE

12   AND SAY A, B, AND C -- AND I DON'T KNOW THAT IT IS -- AND

13   ASSUMING THAT'S A FAIR QUESTION, YES, THAT CAN BE ASKED.

14            TO THE EXTENT THAT YOU'RE TALKING ABOUT, DIDN'T

15   A JUDGE RULE THAT YOU WEREN'T QUALIFIED, OR CALL INTO

16   QUESTION YOUR METHOD, THAT MAY NOT BE RAISED.

17            MR. DECARLO:  THANK YOU, YOUR HONOR.

18            THE COURT:  IS THERE ANYTHING ELSE THAT I NEED TO DO?

19            MR. THOMPSON:  I DON'T THINK SO.

20            MS. SIRIAS:  9:30 ON MONDAY.

21            THE COURT:  SEE YOU THEN.  ALL RIGHT.  ARE WE GOING TO

22   GO ON MONDAY, COUNSEL, ON YOUR BEST ESTIMATES?

23            MS. SIRIAS:  I'M STILL WILLING TO SETTLE IT.

24            THE COURT:  WHAT DO YOU THINK?

25            MR. THOMPSON:  WE'RE READY TO GO.

26            THE COURT:  JURY WILL BE ORDERED FOR 10:00 O'CLOCK ON

27   MONDAY MORNING.  DON'T PLACE THE ORDER UNTIL -- YOU CAN

28   ALERT THE JURY ROOM.  I DON'T WANT THE JURORS ACTUALLY

COPYING RESTRICTED PER GOVERNMENT CODE 69954(D)

# EXHIBIT 8

# REDACTED

# EXHIBIT 9

**Erich J. Speckin**

Education:

    -Purdue University at age 15 to study engineering

    -Albion College at age 17 to study biology and pre-medical

    -Michigan State University graduated with a degree in Chemistry

Forensic Training:

    -Two year residency with Leonard A. Speckin in the examination of questioned documents

    -One year residency with Brunelle Forensic Laboratories in the identification and dating of inks

Over 10 scientific papers authored or co-authored including:

    -The Obverse-Reverse Intersection of Lines

    -Chemical Removal of Magic Marker on Photocopied Documents

    -An Independent Assessment of Ink Age determination by a Private Examiner

    -The Detection of Mastic on Plastic

    -Interpretation of Ink Age Testing Using Rate and Percent of Extraction

    -Case Study of Accelerated Ink Age Determination

Speckin Resume'
Page 2

Invited Speaker:

-Michigan State University

-American Trial Lawyers Association

-International Association of Questioned Document Examiners

-Medical Legal Consultants

-National Association of Document Examiners

-Canadian Society of Forensic Sciences

-American Academy of Forensic Sciences

-American Society of Questioned Document Examiners

-Midwestern Association of Forensic Scientists

-Southwestern Association of Forensic Document Examiners

-Medical Defense Attorneys Meetings

-Wayne County Nursing Consultants

-Various Insurance and Private Investigators Associations

-Nevada State Bar Association

-Gesellschaft fur Forensische Schriftuntersuchung E.V. (GFS) in Hamburg,
    Germany

Testified in cases in Federal Court, Circuit Court, District Court, Union Arbitrations, licensing matters, depositions, and the State Board of Canvassers in Michigan, Pennsylvania, Delaware, Missouri, Georgia, Louisiana, North Carolina, Oregon, New York, Illinois, Indiana, Ohio, New Jersey, Oklahoma, California, Kansas, Washington D.C., Virginia, West Virginia, South Carolina, Florida, Arizona and Washington. Also in Vancouver, British Columbia Supreme Court, Mexico, and Hong Kong.

I have been appointed by judges in Michigan, California, Maine, Florida and Australia to perform examinations at the request of the court.

Speckin Resume'
Page 3

I have also been retained by the Embassy of Uruguay, Florida Department of Law Enforcement, Michigan Attorney Generals Office, Department of Natural Resources, The State Board of Canvassers, Health Care Fraud Division, Federal Defenders Office, National Labor Relations Board as well as many local, county, state, and federal offices.

Other clients include General Motors, Ford Motor Company, Chrysler, Honda, NationsBank, National Collegiate Athletic Association, National Basketball Association, National Hockey League Players Association, as well as many others.

I have performed examinations in over 1500 cases and presented sworn testimony in several states on several levels over 100 times; also worked cases from four continents and many countries.

National Media Appearances including:

- Wall Street Journal (front page)

- America's Most Wanted

- The Learning Channel (Medical Detectives)

Professional Memberships:

-Society of Forensic Ink Analysts (Board of Directors & President)

-Midwestern Association of Forensic Sciences

-American Society of Testing and Materials

Peer reviewed scientific publications including:

- Technical Report with Case Studies on the Accelerated Aging of Writing Inks, 1998 International Journal of Forensic Document Examination,

- Chapter in Encyclopedia of Crime & Punishment, 2001 Textbook

- Impression by Traced Forgery, 2001 American Society of Questioned Document Examiners (co-author)

# EXHIBIT 10

# REDACTED

# EXHIBIT 11

# REDACTED