IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | **REDACTED** |
| | ) | **PUBLIC VERSION** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1371-JJF |
| | ) | |
| FAIRCHILD SEMICONDUCTOR | ) | |
| INTERNATIONAL, INC., and FAIRCHILD | ) | |
| SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO
POWER INTEGRATIONS, INC.'S MOTIONS IN LIMINE**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
*Attorneys for Defendants*

*Of Counsel:*
G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Gabriel M. Ramsey
Orrick, Herrington & Stucliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated: September 7, 2007

# TABLE OF CONTENTS

I.      OPPOSITION TO MOTION IN LIMINE NO. 1:  THE PATENT OFFICE'S
        REEXAMINATION OF THE POWER INTEGRATIONS PATENTS IS
        RELEVANT AND ADMISSIBLE..................................................................................1

        A.      The Reexamination is relevant to the invalidity trial.................................1
        B.      The Reexamination is relevant to the hearing on inequitable conduct ...................3

II.     OPPOSITION TO MOTION IN LIMINE NO. 2:  POWER INTEGRATIONS
        SHOULD BE PRECLUDED FROM ARGUING POSITIONS CONTRARY TO
        THE COURT'S AND THE JURY'S DECISIONS IN THE INFRINGEMENT
        TRIAL..........................................................................................................................4

III.    OPPOSITION TO MOTION IN LIMINE NO. 3:  FAIRCHILD HAS FULLY
        SET FORTH ITS INVALIDITY THEORIES.................................................................5

IV.     OPPOSITION TO MOTION IN LIMINE NO. 4:  THE BEASOM EXHIBITS
        ARE ADMISSIBLE.......................................................................................................6

V.      OPPOSITION TO MOTION IN LIMINE NO. 5:  DR. WEI'S TESTIMONY IS
        APPROPRIATE.............................................................................................................6

VI.     OPPOSITION TO MOTION IN LIMINE NO. 6:  DR. HOROWITZ SHOULD
        BE PERMITTED TO TESTIFY FULLY ABOUT THE TEA2262 ...................................7

VII.    OPPOSITION TO MOTION IN LIMINE NO. 7..............................................................9

VIII.   CONCLUSION............................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*United States v. Tse,*
    375 F.3d 148 (1st Cir. 2004) ...................................................................................2

*KSR Int'l v. Teleflex, Inc.,*
    127 S. Ct. 1727 (2007) ..................................................................................2, 3

*Liquid Dynamics Corp. v. Vaughan Co.,*
    449 F.3d 1209 (Fed. Cir. 2006) ...............................................................................7

*Union Carbide Chems & Plastics Tech. v. Shell Oil Co.,*
    308 F.3d 1167 (Fed. Cir. 2002) ...............................................................................8

*Syngenta Seeds, Inc. v. Monsanto Co,*
    404 F. Supp. 2d 594 (D. Del. 2005) .........................................................................9

*Lemelson v. General Mills, Inc.,*
    1987 U.S. Dist. LEXIS 6581 (N.D. Ill. 1987) .......................................................10

## STATUTES AND RULES

Federal Rule of Evidence 401 ....................................................................................1
Federal Rule of Evidence 402 ....................................................................................1
Federal Rule of Evidence 403 ....................................................................................1

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") respectfully request that the Court deny Power Integrations' motions *in limine*. Fairchild's oppositions to Power Integrations' motions *in limine* numbers 1 through 5 are set forth at D.I. 488 and as further submitted below.

## I.    OPPOSITION TO MOTION IN LIMINE NO. 1:  THE PATENT OFFICE'S REEXAMINATION OF THE POWER INTEGRATIONS PATENTS IS RELEVANT AND ADMISSIBLE.

The Patent Office granted reexamination of Power Integrations' three circuit patents based on the same prior art upon which Fairchild relies here.  This prior art was not previously provided to the Patent Office by Power Integrations and was not cumulative of any prior art previously considered.  [*See* Exhs. 1-3 (Reexaminations)].  In the Patent Office vernacular, it presents a "substantial new question" concerning the patentability of Power Integrations' alleged inventions.  [*Id.*]

### A.    The Reexamination is relevant to the invalidity trial.

The Patent Office's grant of reexaminations is relevant to the invalidity of the circuit patents.  In deciding to reexamine the Power Integrations patents, the Patent Office considered the same prior art that will be presented to the invalidity jury and determined that this art (i) presented a "substantial new question of patentability" and (ii) was "not cumulative" of any references that were before the Patent Office during the prosecution of Power Integrations' patents.  [*See* Exhs. 1-3]  Since the Patent Office's decision to grant reexamination has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," the grants of reexamination are relevant and presumptively admissible.  *See* Fed. R. Evid. 401 and 402.

For the Court to exclude evidence of the Reexaminations, Power Integrations must prove that the relevance of this evidence is "***substantially outweighed***" by unfair prejudice or the like.  Fed. R. Evid. 403 (emphasis added).  "The burden under Rule 403 is on the party opposing admission, who must show that the probative value 'is substantially outweighed by the danger of

unfair prejudice.'" *United States v. Tse*, 375 F.3d 148, 164 (1st Cir. 2004). Power Integrations'
motion not only fails to meet this burden – it does not articulate *any* allegedly "unfair prejudice".

In fact, the relevance of this evidence dwarfs any speculative prejudice since it directly
contradicts the opinions of Power Integrations' expert. Critically, Power Integrations and its
expert have argued that                **REDACTED**

The Patent Office, however, has now determined that this is not true:

| Power Integrations' Expert | Patent Office |
|---|---|
| **REDACTED** | "***Such teachings are not cumulative*** to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts."[1]<br><br>[Exh. 2, '366 Reexam, p. 7 (emph. added)]. |

Thus, Fairchild must be permitted to cross-examine Power Integrations' witnesses about the
grant of reexamination since this evidence impeaches his testimony.

Evidence of the Reexaminations is also necessary for the jury to understand and evaluate
the Patent Office's original decision to grant the Power Integrations patents. Indeed, the
unanimous Supreme Court recently called into question whether a presumption of validity is
even appropriate where, as here, the invalidating references were not provided to the Patent
Office during the prosecution of the underlying patents:

> We need not reach the question whether the failure to disclose Asano during the
> prosecution of Engelgau voids the presumption of validity given issued patents,
> for claim 4 is obvious despite the presumption. *We nevertheless think it*
> *appropriate to note that the rationale underlying the presumption – that the*
> *PTO, in its expertise, has approved the claim – seems much diminished here.*

*KSR Int'l Co. v. Teleflex, Inc.*, 127 S.Ct. 1727, 1745 (2007) (emphasis added).

In *KSR*, the Supreme Court indicated that the presumption of validity "seems much

---

[1]     The Keller article discussed in the grant of reexamination describes the prior art
SMP240/SMP260 devices.

diminished" when the prior art was not before the Patent Office. *KSR*, 127 S. Ct. at 1745. Here, the facts are even more compelling because not only was the prior art not before the Patent Office but *the Patent Office specifically determined that this prior art is "not cumulative to any written discussion on the record of the teachings of the prior art [and] were not previously considered nor addressed during a prior examination."* [Exhs. 1-3]. The jury must be permitted to consider this important evidence in determining whether Fairchild has rebutted the presumption of validity and met its burden of proving that the asserted claims are invalid. To exclude these directly relevant statements by the Patent Office would permit Power Integrations to falsely argue that the jury should defer to the Patent Office's original grant and need not critically review the prior art. Any possibility of confusion by the jury can be addressed through an appropriate jury instruction, if necessary.

Critically, Power Integrations will undoubtedly argue to the jury that the Patent Office's issuance of the circuit patents affords them the presumption of validity due to the office's technical and legal expertise. Power Integrations will also argue that the examiners perform searches for prior art, review the applications, reject claims, and only after thorough consideration lasting one and a half to three years does the Patent Office actually issue the patents. To allow these arguments on the presumption of validity, while barring Fairchild from presenting clear evidence contradicting that presumption, prejudices Fairchild in the extreme.

**B.    The Reexamination is relevant to the hearing on inequitable conduct.**

The Reexaminations are particularly relevant to the issue of inequitable conduct. Power Integrations withheld evidence of its own prior art devices during the prosecution of its patents. Now that that prior art is before the Patent Office, the Patent Office agrees that it is not cumulative and presents a substantial new question of patentability. This is clear evidence that it would have been considered relevant by a reasonable Examiner and should have been disclosed by Power Integrations.

Power Integrations' concerns about prejudice do not apply to the issue of inequitable conduct since this evidence will be presented outside the presence of the jury. Therefore, the

3

Court should, at a minimum, permit Fairchild to introduce evidence of the Reexamination during the hearing on inequitable conduct.

## II.    OPPOSITION TO MOTION IN LIMINE NO. 2:  POWER INTEGRATIONS SHOULD BE PRECLUDED FROM ARGUING POSITIONS CONTRARY TO THE COURT'S AND THE JURY'S DECISIONS IN THE INFRINGEMENT TRIAL.

Dr. Horowitz did not suggest in the first trial – and will not argue in the invalidity trial – that the jury should disregard the Court's claim construction.  Instead, Dr. Horowitz relied upon that claim construction to argue    **REDACTED**            **REDACTED**

Power Integrations' motion is simply an attempt to provide the invalidity jury with prejudicial information about the first trial in direct contravention of the Court's orders.  To prevent this, Fairchild has moved in limine to prohibit any reference by either party to the first trial or its outcome.  [D.I. 478]

The Court construed the "soft start circuit" element as a means-plus-function claim.  D.I. 232, p. 3.  The Court determined that the corresponding structure is shown in Figures 3, 6, and 9 of the '366 patent and described in several columns in the specification.  [*Id.*]  Those Figures and the cited portions of the specification describe a second, low frequency oscillator as a necessary component of the soft start circuitry.  [*See* Exh. 5 ('366 Patent) Figs. 3, 6, and 9 and 6:35-7:18]

Relying upon the Court's claim construction, Dr. Horowitz testified that    **REDACTED**

**REDACTED**

[*See* Motion, p. 3, n. 2.]  Despite this, the first jury determined that Fairchild's devices infringed the soft start claims.  The only way for the jury to reach this result is for it to have interpreted the Court's claim construction of the "soft start circuit" so as not to require a second, low frequency oscillator.

The invalidity jury must interpret the soft start circuit claim in the same fashion. Therefore, Dr. Horowitz    **REDACTED**

Dr. Horowitz will do so but it is completely inappropriate and highly prejudicial for Power Integrations    **REDACTED**

**REDACTED**

This issue has already been raised in the context of "back door" attempts to improperly influence the second jury with the findings of the first:

> **Mr. Guy:**    If the response is, well, yes, there was an issue in that case, and in that case the position – the opposite position was taken, and now that appears to be the prevailing position, and so all we're doing is taking the prevailing position from the first trial.
>
> If that is a way to force a witness to back door this issue, we don't really see why that impeachment should come in, particularly if all we're doing is adopting the prior position.
>
> **The Court:**    *I agree with you, and that wouldn't be innocent. That would be an effort to influence this jury on the issues.*

[D.I. 436, p. 32 (emphasis added)]

To prevent such gamesmanship, the Court should prohibit either party from making any reference to the infringement trial, its outcome, or to "impeach" an expert witness with opinions given during the previous trial. This will provide Power Integrations with the remedy it claims to seek –    **REDACTED**    – while, at the same time, preventing the invalidity jury from being prejudiced by the outcome of the first trial. If Power Integrations is truly concerned that Dr. Horowitz will    **REDACTED**

, Power Integrations would still be free to question Dr. Horowitz about the Court's claim construction without reference to the first trial.

**III.    OPPOSITION TO MOTION IN LIMINE NO. 3: FAIRCHILD HAS FULLY SET FORTH ITS INVALIDITY THEORIES.**

Power Integrations' suggestion that Fairchild is somehow "burying" its invalidity theories is absurd. The Court has limited Fairchild to 11 prior art references and Fairchild has fully disclosed its invalidity theories in its discovery responses and expert reports. Moreover, Power Integrations has deposed Fairchild's two technical experts a total of four times about these issues.

Power Integrations' Motion appears premised on the Court's decision to limit Fairchild's

invalidity case to 9.5 hours:

> With four days allotted for trial, it is clear that Fairchild will not introduce
> testimony on anywhere near the number of contentions it has enumerated to
> date....

[Motion, p. 4]  Power Integrations' current position is ironic, to say the least, since it was Power

Integrations that insisted that "there is no question this case can be tried in three days" (less time

than the Court allotted). [D.I. 436, p. 35]  Having successfully convinced the Court to limit the

invalidity trial by arguing that 9.5 hours was more than sufficient, it is wrong for Power

Integrations now to argue that Fairchild must abandon meritorious defenses because it will lack

time to present them.

Therefore, Fairchild respectfully requests that the Court deny Power Integrations' motion

in limine.  Further, given Power Integrations' recognition that 9.5 hours does not provide either

party with adequate time to present its case, Fairchild respectfully requests that the Court allow

at least the 12 hours per side it permitted Power Integrations during the infringement trial.

## IV.   OPPOSITION TO MOTION IN LIMINE NO. 4:  THE BEASOM EXHIBITS ARE ADMISSIBLE

Power Integrations previously moved to exclude the materials of Jim Beasom.  Power

Integrations has now withdrawn that motion, and thus the admissibility of the Beasom materials

is unchallenged, specifically defendants' trial exhibits DX130, DX544, DX546, DX547, DX548,

DX545.

## V.   OPPOSITION TO MOTION IN LIMINE NO. 5:  DR. WEI'S TESTIMONY IS APPROPRIATE

Dr. Wei, one of Fairchild's technical experts, studied the accused Fairchild devices and

the relevant evidence and concluded                      **REDACTED**

        **REDACTED**                  [Exh.6 (Wei Report) ¶ 1]  This opinion is

relevant to the issue of invalidity since Power Integrations intends to argue that

        **REDACTED**                            Indeed, the Court has already

denied Power Integrations' motion in limine on this issue.[2]  [*See* D.I. 385, p. 4]

Power Integrations objects to Dr. Wei's testimony because Power Integrations' claims

**REDACTED**

Power Integrations

witnesses, however, have no direct knowledge, either.  Thus, Fairchild would agree to an order

prohibiting either party from introducing evidence or testimony on the issue of copying.  It is,

however, unsupportable and extremely unfair for Power Integrations to seek to exclude Dr.

Wei's expert opinion while relying upon the speculation of its own witnesses.

More troubling, Power Integrations asserts that "the jury in first trial implicitly found that

Fairchild copied Power Integrations' inventions".  [Motion, p. 6]  This is simply incorrect – the

jury's determination of willfulness is based on the totality of the circumstances and is not

evidence that Fairchild "copied" Power Integrations' alleged inventions.  *See Liquid Dynamics*

*Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) ("A finding of willful infringement

is made after considering the totality of the circumstances.").  Because the jury's determination

of willfulness could be due to any of a number of factors entirely unrelated to the alleged

"copying", the Court should preclude Power Integrations from informing the invalidity jury

about the finding of willfulness or falsely suggesting that an earlier jury had determined that

Fairchild "copied" Power Integrations' alleged inventions.

VI.     **OPPOSITION TO MOTION IN LIMINE NO. 6:  DR. HOROWITZ SHOULD BE**
        **PERMITTED TO TESTIFY FULLY ABOUT THE TEA2262.**

Unable to dispute that the TEA2262 is prior art and that Dr. Horowitz

Power Integrations now seeks to preclude

**REDACTED**

Dr. Horowitz from                                                    Power Integrations'

motion should be denied.

---

2

**REDACTED**

7

Power Integrations has been aware that the TEA2262 invalidates claims of the '851

Patent for almost two years. In his November 30, 2005 expert report, Dr. Horowitz

**REDACTED**

[Exh. 7 (Horowitz

Report), ¶¶ 54 and 100] Indeed, as part of his report, Dr. Horowitz

**REDACTED**    [*Id.*

(Horowitz Report) at Exh. E]

Pursuant to the Court's Order (DI 446), Dr. Horowitz supplemented his report on

December 29, 2006. [Exh. 8 (Horowitz Supp. Report). Once again, Dr. Horowitz

**REDACTED**

To remove any possible doubt, Dr. Horowitz

**REDACTED**

Thereafter, Power Integrations

**REDACTED**

deposed Dr. Horowitz at length

Since Dr. Horowitz's opinions have been fully disclosed to Power Integrations, Power

Integrations' Motion in Limine should be denied. Moreover, Power Integrations' Motion is

legally incorrect. Power Integrations relies upon *Union Carbide Chems. & Plastics Tech. v.*

*Shell Oil Co.* to argue that Dr. Horowitz must provide corroborated evidence of earlier invention.

While that case makes clear that corroboration of earlier invention is required pursuant to 35

U.S.C. § *102(g)* (*id.*, 308 F.3d 1167, 1189-1190 (Fed. Cir. 2002), the TEA2262 is prior art

pursuant to 35 U.S.C. § *102(b)* since "the invention was patented or described in a printed

8

publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."

## VII.    OPPOSITION TO MOTION IN LIMINE NO. 7

James Beasom is a fact witness. He invented key prior art and is aware of *facts* regarding whether his own invention practiced the invention described in the '075 Patent. There is nothing inappropriate about his testimony in this regard, and Power Integrations' motion should be denied. *See Syngenta Seeds, Inc. v. Monsanto Co.*, 404 F. Supp. 2d 594, 604 (D. Del. 2005) (admission of fact witness testimony "about what he invented" is appropriate; does not constitute expert testimony)

Similarly, Mr. Beasom will testify about *facts* concerning his personal knowledge of the substance of prior art materials from the 1980s,                **REDACTED**

          **REDACTED**               . Critically, Mr. Beasom

                Mr. Beasom had filed his patent application some 15 months <u>before</u> the earliest filing date for the Power Integrations '075 patent. In accord with this view and the substantially earlier filing date, Mr. Beasom submitted a claim in one of his patent applications and informed the patent office that, while not identically copied, the claim was "considered to be generic to the invention defined in claim 1 of U.S. Patent No. 4,811,075 to Eklund." [Ex. 9 ('719 Pros. History, DX542 at FCS1688900, FCS1688986-987, FCS1688999-000)] The claims are nearly identical:

| '719 Patent – Claim 8 [Ex. 10] | '075 Patent – Claim 1 [Ex. 11] |
|---|---|
| 8. A high voltage MOS transistor comprising: | 1. A high voltage MOS transistor comprising: |
| a semiconductor substrate of a first conductivity type having a surface, | a semiconductor substrate of a first conductivity type having a surface |
| a pair of laterally spaced source and drain pockets of semiconductor material of a second | a pair of laterally spaced pockets of semiconductor material of a second |

9

| | |
|---|---|
| conductivity type within the substrate and adjoining the substrate surface, | conductivity type within the substrate and adjoining the substrate surface, |
| | a source contact connected to one pocket, |
| | a drain contact connected to the other pocket, |
| an extended drain region of the second conductivity type extending laterally each way from said drain pocket to surface-adjoining positions, | an extended drain region of the second conductivity type extending laterally each way from the drain contact pocket to surface-adjoining positions, |
| a surface adjoining, top layer of material of the first conductivity type on top of an intermediate portion of the extended drain region between the drain pocket and the surface-adjoining positions, | a surface adjoining layer of material of the first conductivity type on top of an intermediate portion of the extended drain region between the drain contact pocket and the surface-adjoining positions, |
| said top layer of material and said substrate being subject to application of a reverse-bias voltage, | said top layer of material and said substrate being subject to application of a reverse-bias voltage, |
| an insulating layer on the surface of the substrate and covering at least that portion between the source pocket and the nearest surface-adjoining position of the extended drain region, and | an insulating layer on the surface of the substrate and covering at least that portion between the source contact pocket and the nearest surface-adjoining position of the extended drain region, and |
| a gate electrode on the insulating layer and electrically isolated from the substrate region thereunder which forms a channel laterally between the source pocket and the nearest surface-adjoining position of the extended drain region, said gate electrode controlling by field-effect the flow of current thereunder through the channel. | a gate electrode on the insulating layer and electrically isolated from the substrate region thereunder which forms a channel laterally between the source contact pocket and the nearest surface-adjoining position of the extended drain region, said gate electrode controlling by field-effect the flow of current thereunder through the channel. |

The patent office then awarded the nearly identical, or "generic," claim to Mr. Beasom.
Mr. Beasom must be permitted to testify regarding these events during the prosecution of his
own patent application and that each and every of claim 1 of the '075 Eklund patent was present
in his earlier patent application, as well as his personal knowledge of the prior art. *See Lemelson
v. General Mills, Inc.*, 1987 U.S. Dist. LEXIS 6581, *3-4 (N.D. Ill. 1987) (witness was a "fact

witness," not expert, where he would offer testimony about "nature and content of the prior art as he knew it")

## VIII.  <u>CONCLUSION.</u>

For the foregoing reasons, Fairchild respectfully requests that the Court deny Power Integrations' motions *in limine*.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*
*Fairchild Semiconductor International,*
*Inc. and Fairchild Semiconductor*
*Corporation*

*Of Counsel*:

ORRICK, HERRINGTON & SUTCLIFFE LLP
G. Hopkins Guy, III (#124811)
Vickie L. Feeman (#177487)
Bas de Blank (#191487)
Gabriel M. Ramsey (#209218)
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated:  September 7, 2007

183930.v1

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2007, the attached

**DEFENDANTS'OPPOSITION TO POWER INTEGRATIONS, INC.'S MOTIONS IN**

**LIMINE** was served upon the below-named counsel of record at the address and in the manner

indicated:


William J. Marsden, Jr., Esquire                          HAND DELIVERY
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE  19801

Frank E. Scherkenbach, Esquire                       VIA ELECTRONIC MAIL
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804

Howard G. Pollack, Esquire                            VIA ELECTRONIC MAIL
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063



*/s/ Steven J. Balick*
_____
Steven J. Balick