# EXHIBIT 1



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,324 | 11/09/2006 | 6107851 | 10414-25 | 6695 |

7590    12/19/2006

BRADLEY J. BEREZNAK, EQS.
BLAKELEY, SOKOLOFF, TAYLOR, ZAFMAN LLP.
12400 WILSHIRE BOULEVARD
SEVENTH FLOOR
LOS ANGELES, CA 90025

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 12/19/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

Case No. 04-1371-JJF
**DEFT** Exhibit No. DX 601
Date Entered _____
Signature _____

PTO-90C (Rev. 10/03)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

12/19/06

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

SANJEET K. DUTTA

ORRICK, HERRINGTON & SUTCLIFFE LLP

1000 MARSH ROAD

MENLO PARK, CA 94025

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO  90/008324
PATENT NO.  6,107,851
ART UNI  3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a replly has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| | Control No. | Patent Under Reexamination |
|---|---|---|
| ***Order Granting / Denying Request For Ex Parte Reexamination*** | 90/008,324 | 6107851 |
| | Examiner | Art Unit |
| | Margaret Rubin | 3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>09 November 2006</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,   b)☒ PTO/SB/08,   c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

    RESPONSE TIMES ARE SET AS FOLLOWS:

    For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

    For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

    This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

    In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐ by Treasury check or,

    b) ☐ by credit to Deposit Account No. _____, or

    c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Margaret Rubin
Primary Examiner
Art Unit: 3992

cc:Requester ( if third party requester )

Application/Control Number: 90/008,324                                         Page 2
Art Unit: 3992

## DECISION GRANTING *EX PARTE* REEXAMINATION

### Information Submissions

Information Submissions in *Ex Parte* Proceedings are bound by 37 CFR § 1.555 which incorporates 37 CFR § 1.98(a). Establishing a publication date for non-patent literature is among the requirements of 37 CFR § 1.98(a). Insofar as Requester has not provided the same for citation CE, this reference has not been considered and has been lined through on the information disclosure statement. Furthermore, it appears as if Requester made a typographical error in transcribing the title of citation CB and page numbers were not supplied for citations CC and CD. Corrections have been made by the Office on PTO form 1449.

### Summary

Substantial new questions of patentability affecting claims 1, 2, 4, 7, 9, 10, 11, 13, 16 and 17 of United States Patent No.

Application/Control Number: 90/008,324  Page 3
Art Unit: 3992

6,107,851 (hereafter "the base patent") are raised by the following references[1]:

---

[1] An SNQ is not raised by LM3101 Secondary-Side PWM Controller; National Semiconductor, cite "CE" of the IDS, because Requester has not established that a publication date for the document. Thus, whether it qualifies as prior art under 35 USC 102 is unknown.

Application/Control Number: 90/008,324                                    Page 4
Art Unit: 3992

1.) SGS-Thomson TEA 2262 Datasheet, "Switch Mode Power Supply Controller", pp 1-9, (April 1996) (hereafter, "TEA 2262");

2.) SGS-Thomson TEA 2260/TEA2261, Datasheet Application Note 376, "High Performance Driver Circuits for S.M.P.S." pp. 1-33 (June 1994) (hereafter, "TEA 2260/2261");

3.) PWM Power Supply IC; 85-265 VAC Input Isolated, Regulated DC Output, Power Integrations SMP211 Datasheet (January 1996) (hereafter, "SMP 211");

4.) U.S. Patent No. 4,638,417 to Martin;

5.) "Programmed Pulsewidth Modulated Waveforms for Electromagnetic Interference Mitigation in DC-DC Converters"; IEEE Transactions on Power Electronics, Vol. 8, No.4 (October 1993) by A.C. Wang and S.R. Sanders, pp. 596-605 (hereafter "Wang");

6.) U.S. Patent No. 5,498,995 to Szepesi et al., (hereafter "Szepesi"); and

7.) "Off-Line Power Integrated Circuit for International Rated 60-watt Power Supplies" by Richard Keller, Applied Power Electronics Conference and Exposition, February 1992 (pp. 505-512) (hereafter, "Keller").

Application/Control Number: 90/008,324                                    Page 5
Art Unit: 3992

**Issues Raised by Requester**

Although the merits of the rejections suggested in the request are not decided herein, it is noted that the Requester proposes that the references supplied raise substantial new questions of patentability when viewed in the following manner:

1.) Claims 1, 2, 4, 7, 9, 10, 11, 13, 16 and 17 are rejected under 35 U.S.C. §§102(a)(b) as anticipated by TEA 2262;

2.) Claims 1, 2, 4, 7, 9, 10, 11, 13, 16, and 17 are rejected under 35 U.S.C. §§102(a)(b) as anticipated by SMP211 in light of the admitted prior art of the patent;

3.) Claims 1, 2, 7, 9, 10, 11, 16, and 17 are rejected under 35 U.S.C. §§102(a)(b) as anticipated by Martin;

4.) Claims 1, 2, 7, 9, 10, 11, 16, and 17 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Martin in view of SMP211;

5.) Claims 4 and 13 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Martin in view of Keller;

6.) Claims 1, 2, 7, 9, 10, 11, 16, and 17 are rejected under 35 U.S.C. §§102(a)(b) as anticipated by Wang;

Application/Control Number: 90/008,324                                    Page 6
Art Unit: 3992

7.) Claims 4 and 13 are rejected under 35 U.S.C. §103(a) as being unpatentable over Wang in view of Keller; and

8.) Claims 1, 2, 7, 9, 10, 11, 16, and 17 are rejected under 35 U.S.C. §§102(a)(b) as anticipated by Szepesi.

**Background**

The base patent issued from United States Patent Application No. 09/080,774 (hereafter "the base application"). Although Office records of the prosecution history of the base application are not currently available and will not be available in a timely manner for purposes of deciding this request, insofar as Requester has provided papers from the prosecution history, they have been reviewed to determine what claim limitations were deemed patentable. It is noted that a statement regarding allowable subject matter dated December 13, 1999 cited "a PWM switch comprising an osilator [sic] for generating a maximum duty cycle signal and a singnal [sic] with a frequency range dependent on a frequency variation circuit as recited in claim 1." It is noted that there are two independent claims within the base patent: claims 1 and 11. Neither of them include recitation of a signal with a frequency range dependent on a frequency variation circuit. In addition, claim 11 does not

Application/Control Number: 90/008,324                                       Page 7
Art Unit: 3992

require a PWM switch. Lastly, from the records supplied by Requester, it appears as if a Statement of Reasons for Allowance was not made when the base application was allowed.

In summary, the prosecution history does not provide a clear record of the reasons the base patent was allowed.

**Issues**

TEA 2262 and TEA 2260/2261

It is agreed that TEA 2262 and TEA 2260/2261 raise an SNQ for claims 1 and 11. Insofar as Requester has grouped these references together for presentation, they have been evaluated together herein. (That said, these references could not fairly be treated as a single publication for purposes of making a rejection under 35 USC 102 as suggested by Requester.) More particularly, Requester has provided plausible item-matching for a number of limitations of claims 1 and 11 on pages 10-15 and 20-26, respectively, of the request. In view of the fact that the prosecution history does not provide a clear record of the reasons the base patent was allowed, the teachings presented in the request cannot be judged as merely cumulative. By raising an SNQ with regard to the independent claims, an SNQ is also raised

Application/Control Number: 90/008,324  Page 8
Art Unit: 3992

for the dependent claims 2, 4, 7, 9, 10, 13, 16 and 17 which come freighted with the limitations of the claims from which they stem.

Such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

SMP211

It is agreed that SMP 211 raises an SNQ for claims 1 and 11. More particularly, Requester has provided plausible item-matching for a number of limitations of claims 1 and 11 on pages 31-34 and 39-42, respectively, of the request. In view of the fact that the prosecution history does not provide a clear record of the reasons the base patent was allowed, the teachings presented in the request cannot be judged as merely cumulative. By raising an SNQ with regard to the independent claims, an SNQ is also raised for claims 2, 4, 7, 9, 10, 11, 13, 16 and 17 which come freighted with the limitations of the claims from which they stem.

Application/Control Number: 90/008,324                                      Page 9
Art Unit: 3992

Such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

<u>Martin</u>

It is agreed that Martin raises an SNQ for claims 1 and 11. More particularly, Requester has provided plausible item-matching for a number of limitations of claims 1 and 11 on pages 46-49 and 55-59, respectively, of the request. In view of the fact that the prosecution history does not provide a clear record of the reasons the base patent was allowed, the teachings presented in the request cannot be judged as merely cumulative. By raising an SNQ with regard to the independent claims, an SNQ is also raised for claims 2, 4, 7, 9, 10, 13, 16 and 17 which come freighted with the limitations of the claims from which they stem.

Such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination

Application/Control Number: 90/008,324                                    Page 10
Art Unit: 3992

and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

Keller

It is agreed that Keller raises an SNQ for claims 4 and 13. More particularly, Requester has provided plausible item-matching for a number of limitations of claims 4 and 13 at least on pages 50-51 and 59-60, respectively, of the request. In view of the fact that the prosecution history does not provide a clear record of the reasons the base patent was allowed, the teachings presented in the request cannot be judged as merely cumulative.

Such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

Wang

It is agreed that Wang raises an SNQ for claims 1 and 11. More particularly, Requester has provided plausible item-

Application/Control Number: 90/008,324                                    Page 11
Art Unit: 3992

matching for a number of limitations of claims 1 and 11 on pages 67-70 and 75-79, respectively, of the request. In view of the fact that the prosecution history does not provide a clear record of the reasons the base patent was allowed, the teachings presented in the request cannot be judged as merely cumulative. By raising an SNQ with regard to the independent claims, an SNQ is also raised for claims 2, 4, 7, 9, 10, 11, 13, 16 and 17 which come freighted with the limitations of the claims from which they stem.

    Such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

    Szepesi

    It is agreed that Szepesi raises an SNQ for claims 1 and 11. More particularly, Requester has provided plausible item-matching for a number of limitations of claims 1 and 11 on pages 84-89 and 94-100, respectively, of the request. In view of the fact that the prosecution history does not provide a clear record of the reasons the base patent was allowed, the teachings

Application/Control Number: 90/008,324                                   Page 12
Art Unit: 3992

presented in the request cannot be judged as merely cumulative. By raising an SNQ with regard to the independent claims, an SNQ is also raised for claims 2, 4, 7, 9, 10, 11, 13, 16 and 17 which come freighted with the limitations of the claims from which they stem.

Such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

### Conclusion

Since Requester did not request reexamination of claims 3, 5, 6, 8, 12, 14, 15 and 18 and did not assert the existence of a substantial new question of patentability (SNQ) for such claims, these claims will not be reexamined unless at the discretion of the Office.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires

Application/Control Number: 90/008,324                                    Page 13
Art Unit: 3992

that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No 6,107,851 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

Please mail any communications to:

Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450
Alexandria VA   22313-1450


Please FAX any communications to:
(571) 273-9900
Central Reexamination Unit

Application/Control Number: 90/008,324  Page 14
Art Unit: 3992

Please hand-deliver any communications to:

Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA  22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

---
Margaret Rubin
Primary Examiner
Central Reexamination Unit 3992
(571) 272-1756

conferees:

Please type a plus sign (+) in this box ⊞

PTO/SB/08A (10-96)
Approved for use through 10/31/99. OMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (use as many sheets as necessary) | Patent Number | 6,107,851 |
| | Issue Date | June 19, 2001 |
| | First Named Inventor | Balu Balakirshnan |
| | Group Art Unit | 3992 |
| Sheet  1  of  1 | Examiner Name | Rubin |
| | Attorney Docket Number | |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No.[1] | U.S. Patent Document Number | Kind Code[2] | Name of Patentee or Applicant of Cited Document | Date of Patent of Cited Documents MM-DD-YYYY |
|---|---|---|---|---|---|
| MR | AA | 4,638,417 | | Hubert C. Martin, Jr., et al. | January 20, 1987 |
| MR | AB | 5,498,995 | | Thomas Szepesi | March 12, 1996 |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials | Cite No.[1] | Office[3] | Number[4] | Kind Code[5] | Name of Patentee or Applicant of Cited Document | Date of Publications of Cited Documents MM-DD-YYYY | T[6] |
|---|---|---|---|---|---|---|---|
| | BA | | | | | | |
| | | | | | | | |

### OTHER PRIOR ART - NON PATENT LITERATURE DOCUMENTS

| Examiner Initials | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| MR | CA | SGS-Thomson Microelectronics TEA 2262; Switch Mode Power Supply Controller; pages 1-9; April 1996 | |
| MR | CB | SGS-Thomson Microelecronics TEA 2262/2260/TEA2261; High Performance Driver Circuits for S.M.P.S; pages 1-33; June 1994 | |
| MR | CC | PWM Power Supply IC; 85-265 VAC Input Isolated, Regulated DC Output; Power Integrations SMP211 Datasheet (January 1996) ("SMP 211")   pp 2-46 to 2-58 and pp 5-1 to 5-6 | |
| MR | CD | "Programmed Pulsewidth Modulated Waveforms for Electromagnetic Interference Mitigation in DC-DC Converters; IEEE Transactions on Power Electronics, Vol. 8, No. 4 (Oct 1993) A.C. Wang, S.R. Sanders  pp 596-605 | |
| | CE | ~~LM3101 Secondary-Side PWM Controller; National Semiconductor; Szepesi~~ | |
| MR | CF | Off-Line Power Integrated Circuit For International Rated 60 Watt Power Supplies; Richard Keller, Power Integrations Inc. Page 505-512, IEEE 1992 | |

| Examiner Signature | OHS West:260122431.1 | Date Considered | 12/8/06 |
|---|---|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1]unique citation designation number. [2]See attached Kinds of U.S. Patent Documents. [3]Enter Office that issued the document, by the two-letter code (WIPO Standard ST.)). [4]For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent documents. [5]Kind of document by the appropriate symbols as indicated on the document under WIPO standard ST. 16 if possible. [6]Applicant is to place a check mark here if English language Translation is attached.

Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS, SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.