# EXHIBIT 2

 UNITED STATES PATENT AND TRADEMARK OFFICE



Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

SANJEET K. DUTTA

ORRICK HERRINGTON & SUTCLIFFE LLP

1000 MARSH ROAD

MENLO PARK, CA 94025

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO 90/008327
PATENT NO. 6,229,366
ART UNI 3993

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a replly has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

Case No. <u>04-1371-JJF</u>
DEFT Exhibit No. <u>DX 602</u>
Date Entered _____
Signature _____



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,327 | 11/09/2006 | 6229366 | 10414-25 | 7730 |

7590    01/22/2007

James Y. Go
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP
12400 Wilshire Blvd.
Seventh Floor
Los Angeles, CA 90025-1026

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 01/22/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| **Order Granting / Denying Request For Ex Parte Reexamination** | Control No.<br>90/008,327 | Patent Under Reexamination<br>6229366 |
|---|---|---|
| | Examiner<br>Margaret Rubin | Art Unit<br>3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>09 November 2006</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,    b)☒ PTO/SB/08,    c)☐ Other: _____

1. ☒  The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐  The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Margaret Rubin
Primary Examiner
Art Unit: 3992

cc:Requester ( if third party requester )
U S Patent and Trademark Office
PTOL-471 (Rev. 08-06)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 20070103

Application/Control Number: 90/008,327                                    Page 2
Art Unit: 3992

## DECISION GRANTING *EX PARTE* REEXAMINATION

### Information Submissions

Information Submissions in *Ex Parte* Proceedings are bound by 37 CFR § 1.555 which incorporates 37 CFR § 1.98(a). It appears as if Requester made typographical errors in transcribing the title of citation CB and the date of citation CC. Further, page numbers were not supplied for citations CB, CC and CD. Corrections have been made by the Office on PTO form 1449.

### Summary

Substantial new questions of patentability affecting claims 1, 2, 8, 9, 10, 14, 16 and 18 of United States Patent No. 6,229,366 (hereafter "the base patent") are raised by the following references:

Application/Control Number: 90/008,327 Page 3
Art Unit: 3992

1.) SGS-Thomson "TEA2262, Switch Mode Power Supply Controller" pp. 1-9 (April 1996) (hereafter, "TEA2262");

2.) U.S. Patent No. 4,638,417 to Martin;

3.) "Programmed Pulsewidth Modulated Waveforms for Electromagnetic Interference Mitigation in DC-DC Converters"; IEEE Transactions on Power Electronics, Vol. 8, No.4 (October 1993) by A.C. Wang and S.R. Sanders, pp. 596-605 (hereafter "Wang");

4.) Unitrode UCC 3800/1/2/3/4/5 biCMOS Current Mode Control IC's, Bill Andreycak, pp. 9-344 – 9-361 (1994) ("U-133") and

5.) "Off-Line Power Integrated Circuit for International Rated 60-watt Power Supplies" by Richard Keller, Applied Power Electronics Conference and Exposition, February 1992 (pp. 505-512) (hereafter, "Keller").

Application/Control Number: 90/008,327 Page 4
Art Unit: 3992

## Issues Raised by Requester

Although the merits of the rejections suggested in the request are not decided herein, it is noted that the Requester proposes that the references supplied raise substantial new questions of patentability when viewed in the following manner:

1.) "Claims 1, 2, 8, 9, 10, 14, 16 and 18 are rejected under 35 U.S.C. §§102(a)(b) as anticipated by TEA2262";

2.) "Claims 1, 2, 8, 9, 10, 16 and 18 are rejected under 35 U.S.C. §§102(a)(b) as anticipated by Keller";

3.) "Claim 14 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Keller in view of Martin or, alternatively, in view of Wang"; and

4.) "Claims 1, 2, 8, 9, 10, 16, and 18 are rejected under 35 U.S.C. §§102(a)(b) as being anticipated U-133."

## Background

The base patent issued from United States Patent Application No. 09/573,081 (hereafter "the base application").

Application/Control Number: 90/008,327 Page 5
Art Unit: 3992

The base application was allowed in the first Office action. It is noted that a statement regarding allowable subject matter mailed December 13, 2000 cited "a pulse width modulation circuit comprising a switching transistor wherein the switching transistor can be driven into a non-conducting state by a maximum duty cycle signal, a drive circuit, or a soft start circuit." It is noted that there are two independent claims within the base patent: claims 1 and 9. Neither of them include recitation of a switching transistor. In addition, claim 9 does not require a pulse width modulation circuit, or a maximum duty cycle signal. Lastly, claim 1, for instance, requires that a switch allows a signal to be transmitted between first or second terminals in accordance with a drive signal. The drive signal is provided "according to said maximum duty cycle signal" and a signal from the soft start circuit instructs the drive circuit "to disable said drive signal during at least a portion of said on-state of said maximum duty cycle." Assuming that the switch recited in claim 1 correlates with the switching transistor of the before mentioned reasons for allowance, the reasons for allowance describes different causal relationships between recited elements. In a similar fashion, the causal relationship between recited elements of claim 9 differs from the description included in the reasons for allowance.

Application/Control Number: 90/008,327                                Page 6
Art Unit: 3992

In summary, the prosecution history does not provide a clear record of the reasons the base patent was allowed.

TEA 2262

It is agreed that TEA 2262 raises an SNQ for claims 1 and 9. More particularly, Requester has provided plausible item-matching for a number of limitations of claims 1 and 9 on pages 8-12 and 15-18, respectively, of the request. In view of the fact that the prosecution history does not provide a clear record of the reasons the base patent was allowed, the teachings presented in the request cannot be judged as merely cumulative. By raising an SNQ with regard to independent claims 1 and 9, an SNQ is also raised for the dependent claims 2, 8, 10, 14, 16 and 18 which come freighted with the limitations of the claims from which they stem.

Such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

Application/Control Number: 90/008,327                                Page 7
Art Unit: 3992

### Keller

It is agreed that Keller raises an SNQ for claims 1 and 9. More particularly, Requester has provided plausible item-matching for a number of limitations of claims 1 and 9 on pages 24-25 and 29-31, respectively, of the request. In view of the fact that the prosecution history does not provide a clear record of the reasons the base patent was allowed, the teachings presented in the request cannot be judged as merely cumulative. By raising an SNQ with regard to independent claims 1 and 9, an SNQ is also raised for the dependent claims 2, 8, 10, 16 and 18 which come freighted with the limitations of the claims from which they stem.

Such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

### Martin and Wang

It is agreed that Martin and Wang raise an SNQ for claim 14. More particularly, Requester has provided plausible item-

matching for a number of limitations of claim 14 on pages 32-35, respectively, of the request. In view of the fact that the prosecution history does not provide a clear record of the reasons the base patent was allowed, the teachings presented in the request cannot be judged as merely cumulative.

Such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

U-133

It is agreed that U-133 raises an SNQ for claims 1 and 9. More particularly, Requester has provided plausible item-matching for a number of limitations of claims 1 and 9 on pages 41-42 and 44-45, respectively, of the request. In view of the fact that the prosecution history does not provide a clear record of the reasons the base patent was allowed, the teachings presented in the request cannot be judged as merely cumulative. By raising an SNQ with regard to independent claims 1 and 9, an SNQ is also raised for the dependent claims 2, 8, 10, 16, and 18

Application/Control Number: 90/008,327                                              Page 9
Art Unit: 3992

which come freighted with the limitations of the claims from which they stem.

Such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

## Conclusion

Since Requester did not request reexamination of claims 3-7, 11-13, 15 and 17 and did not assert the existence of a substantial new question of patentability (SNQ) for such claims, these claims will not be reexamined unless at the discretion of the Office.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in

Application/Control Number: 90/008,327　　　　　　　　　　　　　　Page 10
Art Unit: 3992

*ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

　　The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No 6,229,366 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.


Please mail any communications to:

Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450
Alexandria VA   22313-1450



Please FAX any communications to:
(571) 273-9900
Central Reexamination Unit

Application/Control Number: 90/008,327                                        Page 11
Art Unit: 3992

Please hand-deliver any communications to:

Customer Service Window
Attn:  Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA  22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

_____
Margaret Rubin
Primary Examiner
Central Reexamination Unit 3992
(571) 272-1756

conferees:

71338...U.S PTO
Please type a plus sign (+) in this box ☐☒

PTO/SB/08A (10-96)
Approved for use through 10/31/99 OMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

11/09/06
Substitute for form 1449A/PTO

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (use as many sheets as necessary) | Complete if Known 11/09/06 |  |
|---|---|---|
|  | Patent Number | 6,229,366 |
|  | Issue Date | May 8, 2001 |
|  | First Named Inventor | Balu Balakirshnan |
|  | Group Art Unit | 3992 |
|  | Examiner Name | Rubin |
| Sheet  1  of  1 | Attorney Docket Number |  |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No.[1] | U.S. Patent Document Number | Kind Code[2] | Name of Patentee or Applicant of Cited Document | Date of Patent of Cited Documents MM-DD-YYYY |
|---|---|---|---|---|---|
| MR | AA | 4,638,417 |  | Hubert C. Martin, Jr. | 01/20/1987 |
|  | AB |  |  |  |  |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials | Cite No.[1] | Foreign Patent Document Office[3] | Number[4] | Kind Code[5] | Name of Patentee or Applicant of Cited Document | Date of Publications of Cited Documents MM-DD-YYYY | T[6] |
|---|---|---|---|---|---|---|---|
|  | BA |  |  |  |  |  |  |

### OTHER PRIOR ART - NON PATENT LITERATURE DOCUMENTS

| Examiner Initials | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| MR | CA | SGS-Thompson datasheet entitled "TEA2262, Switch Mode Power supply Controller," pp. 1-9 (April 1996) ("TEA2262"). |  |
| MR | CB | R. Keller, "Power Integrations" "Off-Line Power Integrated Circuit for International Rated 60-Watt Power Supplies," (February 23-27, 1992) Keller  pp 505 - 512 |  |
| MR | CC | "Programmed Pulsewidth Modulated Waveforms For Electromagnetic Interferences Mitigation In DC-DC Converters", IEEE Transactions on Power Electronics, Vol. 8, No. 4 (October 193) 1993 A.C. Wang and S.R. Sanders ("Wang"). pp 596 - 605 |  |
| MR | CD | Unitrode UCC 3800/1/2/3/4/5 biCMOS Current Mode Control IC's (1994) ("U-133") pp 9-344 - 9-361 |  |

Bill Andreycak

| Examiner Signature | M Rubin | Date Considered | 1/3/07 |
|---|---|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Unique citation designation number. [2] See attached Kinds of U.S. Patent Documents. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.)). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent documents. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.