# EXHIBIT 3

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,326 | 11/09/2006 | 6249876 | 10414-25 | 7651 |

7590     12/21/2006

Bradley J. Bereznak, Esq.
BLAKELY SOKOLOFF TAYLOR & ZAFMAN. LLP
12400 Wilshire Blvd.
Seventh Floor
Los Angeles, CA  90025

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 12/21/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

Case No. 04-1371-JJF
**DEFT** Exhibit No. DX 603
Date Entered _____
Signature _____

PTO-90C (Rev. 10/03)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 90/008,326 | 6249876 | |
| | Examiner | Art Unit | |
| | Margaret Rubin | 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>09 November 2006</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO/SB/08,    c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐  by Treasury check or,

    b) ☐  by credit to Deposit Account No. _____,  or

    c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Margaret  Rubin
Primary Examiner
Art Unit: 3992

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 20061218

Application/Control Number: 90/008,326                     Page 2
Art Unit: 3992

## DECISION GRANTING *EX PARTE* REEXAMINATION

### Summary

Substantial new questions of patentability affecting claims 1 and 17-19 of United States Patent No. 6,249,876 (hereafter "the base patent") are raised by the following references:

1.) Acoustic Noise Reduction in Sinusoidal PWM Drives Using A Randomly Modulated Carrier", IEEE Transactions on Power Electronics, Vol. 6, No. 3, p.356-363 (published July 1991) by T.G. Habetler and D. M. Divan (hereafter "Habetler");

2.) U.S. Patent No. 4,638,417 to Martin; and

3.) "Programmed Pulsewidth Modulated Waveforms for Electromagnetic Interference Mitigation in DC-DC Converters"; IEEE Transactions on Power Electronics, Vol. 8, No.4 (October 1993) by A.C. Wang and S.R. Sanders, pp. 596-605 (hereafter "Wang").

### Issues Raised by Requester

Application/Control Number: 90/008,326                     Page 3
Art Unit: 3992

Although the merits of the rejections suggested in the request are not decided herein, it is noted that the Requester proposes that the references supplied raise substantial new questions of patentability when viewed in the following manner:

1.) Claim 1 is anticipated by Martin;

2.) Claims 1, 17, 18, and 19 are anticipated by Habetler; and

3.) Claim 1 is anticipated by Wang.

## Background

The base patent issued from United States Patent Application No. 09/192,959 (hereafter "the base application"). It is noted that the non-final rejection dated October 16, 2000 states that claims 1-10 included allowable subject matter but reasons therefor were not provided. Further, the Notice of Allowance mailed January 20, 2001 did not include a Statement of Reasons for Allowance.

In summary, the prosecution history does not provide a clear record of the reasons the base patent was allowed.

Application/Control Number: 90/008,326                          Page 4
Art Unit: 3992

**Issues**

Martin

It is agreed that Martin raises an SNQ for claim 1. More
particularly, Requester has provided plausible item-matching for
a number of limitations of claim 1 on pages 7-10 of the request.
In view of the fact that the prosecution history does not
provide a clear record of the reasons the base patent was
allowed, the teachings presented in the request cannot be judged
as merely cumulative.

Such teachings are not cumulative to any written discussion
on the record of the teachings of the prior art, were not
previously considered nor addressed during a prior examination
and the same question of patentability was not the subject of a
final holding of invalidity by Federal Courts.

Wang

It is agreed that Wang raises an SNQ for claim 1. More
particularly, Requester has provided plausible item-matching for
a number of limitations of claim 1 on pages 21-23 of the
request. In view of the fact that the prosecution history does

Application/Control Number: 90/008,326                    Page 5
Art Unit: 3992

not provide a clear record of the reasons the base patent was
allowed, the teachings presented in the request cannot be judged
as merely cumulative.

Such teachings are not cumulative to any written discussion
on the record of the teachings of the prior art, were not
previously considered nor addressed during a prior examination
and the same question of patentability was not the subject of a
final holding of invalidity by Federal Courts.


Habetler


It is agreed that Habetler raises an SNQ for claim 1, 17,
18, and 19.  More particularly, Requester has provided plausible
item-matching for a number of limitations of claim 1 and 17 on
pages 12-16 of the request.  In view of the fact that the
prosecution history does not provide a clear record of the
reasons the base patent was allowed, the teachings presented in
the request cannot be judged as merely cumulative. By raising an
SNQ with regard to independent claim 17, an SNQ is also raised
for the dependent claims 18-19 which come freighted with the
limitations of the claim from which they stem.

Application/Control Number: 90/008,326                    Page 6
Art Unit: 3992

Such teachings are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination and the same question of patentability was not the subject of a final holding of invalidity by Federal Courts.

## Conclusion

Since Requester did not request reexamination of claims 2-16 and 20-32 and did not assert the existence of a substantial new question of patentability (SNQ) for such claims, these claims will not be reexamined unless at the discretion of the Office.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

Application/Control Number: 90/008,326                          Page 7
Art Unit: 3992

    The patent owner is reminded of the continuing
responsibility under 37 CFR 1.565(a) to apprise the Office of
any litigation activity, or other prior or concurrent
proceeding, involving Patent No 6,249,876 throughout the course
of this reexamination proceeding. The third party requester is
also reminded of the ability to similarly apprise the Office of
any such activity or proceeding throughout the course of this
reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.


Please mail any communications to:

Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450
Alexandria VA   22313-1450


Please FAX any communications to:
(571) 273-9900
Central Reexamination Unit

Application/Control Number: 90/008,326                    Page 8
Art Unit: 3992


Please hand-deliver any communications to:

Customer Service Window
Attn:  Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA  22314




Any inquiry concerning this communication or earlier
communications from the Reexamination Legal Advisor or Examiner,
or as to the status of this proceeding, should be directed to
the Central Reexamination Unit at telephone number (571) 272-
7705.

Margaret Rubin
Primary Examiner
Central Reexamination Unit 3992
(571) 272-1756

conferees:

BEST AVAILABLE COPY

Please type a plus sign (+) in this box [+][⊠]

71338  U.S. PTO

PTO/SB/08A (10-96)
Approved for use through 10/31/99. OMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

71338  U.S. PTO

449A/PTO

11/09/06

## INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(use as many sheets as necessary)*

| Sheet | 1 | of | 1 |
|-------|---|----|----|

| Complete if Known | 11/09/06 |
|---|---|
| Patent Number | 6,249,876 |
| Issue Date | June 19, 2001 |
| First Named Inventor | Balu Balakirshnan |
| Group Art Unit | 3992 |
| Examiner Name | Rubin |
| Attorney Docket Number | 10414-25 |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No.[1] | U.S. Patent Document | | Name of Patentee or Applicant of Cited Document | Date of Patent of Cited Documents MM-DD-YYYY |
|---|---|---|---|---|---|
| | | Number | Kind Code[2] | | |
| MR | AA | 4,638,417 | | Hubert C. Martin, Jr. ,et al. | January 20, 1987 |
| | AB | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials | Cite No.[1] | Foreign Patent Document | | | Name of Patentee or Applicant of Cited Document | Date of Publications of Cited Documents MM-DD-YYYY | T[6] |
|---|---|---|---|---|---|---|---|
| | | Office[3] | Number[4] | Kind Code[5] | | | |
| | BA | | | | | | |

### OTHER PRIOR ART - NON PATENT LITERATURE DOCUMENTS

| Examiner Initials' | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| MR | CA | Programmed Pulsewidth Modulated Waveforms For Electromagnetic Interference Mitigation In DC-DC Converters", IEEE Transactions on Power Electronics, Vol. 8, No. 4 (published October 1993) by A.C. Wang and S. R. Sanders ("Wang and Sanders")   Pages 596-605 | |
| MR | CB | Acoustic Noise Reduction In Sinusoidal PWM Drives Using A Randomly Modulated Carrier", IEEE Transactions on Power Electronics, Vol. 6, No. 3, p. 356 (published July 1991) by T.G. Habetler and D.M. Divan ("Habetler and Divan")   through p.363 | |
| | CC | | |

| Examiner Signature | MR | Date Considered | 12/18/06 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

Unique citation designation number. [2]See attached Kinds of U.S. Patent Documents. [3]Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4]For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent documents. [5]Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6]Applicant is to place a check mark here if English language Translation is attached.

Burden Hour Statement:  This form is estimated to take 2.0 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS, SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.