# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

September 14, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:   Power Integrations, Inc. v. Fairchild Semiconductor International
      USDC-D. Del. - C.A. No. 04-1371 JJF

Dear Judge Farnan:

Power Integrations submits this letter brief in response to the Court's invitation to the
parties during the pretrial hearing on September 12, 2007, to address what
preliminary instruction should be given to the jury regarding the finding of
infringement at the first trial in this matter, and whether the Supreme Court's opinion
in *KSR International Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007), alters the statutory
presumption of validity so as to require an instruction that the presumption is
"weakened."

## 1. The Jury Must Be Told That Fairchild's Parts Infringe The Asserted Patents

Fairchild asserts that all four of Power Integrations' patents are invalid as obvious.
The Supreme Court recently re-affirmed that as part of the obviousness inquiry, the
jury must consider any relevant "secondary considerations" of non-obviousness.
*KSR*, 127 S. Ct. at 1734.  Secondary considerations include "copying by others," and
the commercial success of products embodying the patents in suit.  *Syntex (U.S.A.)
LLC v. Apotex, Inc.*, 407 F.3d 1371, 1378 (Fed. Cir. 2005).  The reason that these
factors are relevant is that if others copy the asserted patents, there is a greater
likelihood that the technology in those patents is not obvious.  Similarly, if products
embodying the patents have achieved widespread commercial success, this is yet
another indication that the patented technology is not obvious.

In order to properly consider these secondary considerations, however, the jury in this
case must be instructed that Fairchild's products infringe.  The patentee bears the
burden of establishing a "nexus" or connection between secondary considerations and
the patented invention.  *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d
1387, 1392 (Fed. Cir. 1988).  In other words, in order for the commercial success of
*Fairchild's* products to be relevant, Power Integrations would need to show that those
products embody the patents in suit.  In order for Fairchild's copying to be relevant,
Power Integrations would need to show Fairchild ultimately incorporated Power

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
September 14, 2007
Page 2

Integrations' patents into its products.  In this case, Power Integrations has already
met its burden to prove infringement resulting in a jury verdict in its favor on all
asserted claims.  Without being instructed that Fairchild's products infringe Power
Integrations patents, however, Power Integrations would need to prove that these
products infringe anew to meet this nexus requirement.

This Court previously recognized that requiring either party to re-litigate the same
issues in this second trial might violate the Seventh Amendment.  *See Power
Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc*., 2006 U.S. Dist. LEXIS
59620 at *6 (D. Del. August 22, 2006) (noting that the Seventh Amendment prohibits
"having two juries decide the same essential issues").  This is why the Court has
stated repeatedly that the jury in this case will be instructed to assume that Fairchild
infringes the asserted patents:

> The second jury ought to hear that the person accusing the patent
> of being invalid has been found to infringe.  That's all they need to
> know.  These defendants were found to infringe and they claim
> that the patents are invalid, so you're going to get to decide
> whether the patents are invalid.  And, again, in my mind I've
> reasoned that that's a real fair way to try a patent case.
> [D.I. 282 (5/31/2006 Pretrial Hearing Tr., p. 16).]

Both parties proceeded with bifurcation based on this understanding of how the
second case would be tried.  Later, at the November 20, 2006 pre-trial conference, the
Court again stated:

> So the way I have handled this and **the way it will be handled in
> this case** is that for the purposes of infringement, as being in any
> manner a concern in this trial, the jury will simply be told that this
> is a validity trial and they're to assume, without any inference to be
> drawn, that the patents are infringed.
> [D.I. 436 (11/20/2006 Pretrial Hearing Tr., p. 27) (emphasis
> added).]

Now, after almost  a year has gone by, Fairchild is again raising an issue that the
Court has decided at least twice before.  As the Court said in May and again in
November of 2006, this is a fair way to try a patent case, and in fact it is necessary
that this second jury be instructed that Fairchild's products infringe Power
Integrations' patents, so that Power Integrations can put in its evidence of secondary
considerations without re-trying the issue of infringement to this second jury, and in
order to avoid a second jury deciding some of the same essential issues as the first
jury.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
September 14, 2007
Page 3

## 2. The *KSR* Decision Does Not Alter The Statutory Presumption Of Validity

In *KSR*, the Supreme Court was faced with the question of whether the Federal Circuit's rigid application of the Teaching-Suggestion-Motivation ("TSM") test was consistent with previous Supreme Court decisions concerning obviousness. 127 S. Ct. at 1734-35. The Court held that it was not, and stated that a "motivation to combine" is just one of many factors that a Court or jury should consider in making a decision on obviousness, not a necessary or required factor. *Id.* at 1741.

The presumption of validity has absolutely nothing to do with the Teaching-Suggestion-Motivation test, and has nothing to do with the Supreme Court's holding in *KSR*. The presumption of validity is created by statute: "A patent **shall be presumed valid**. Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim." 35 U.S.C. § 282. This is a different section of the patent code than obviousness (35 U.S.C. § 103), and the Supreme Court did not address § 282 in *KSR*, much less overrule it.[1]

Nothing in the Supreme Court's decision comes close to altering this statutorily-created presumption. Fairchild's only argument that it does alter this presumption comes from dicta at the end of *KSR*, where the Court explicitly states it is *not deciding* this issue: "We *need not reach the question* whether the failure to disclose [a piece of prior art] during the prosecution of [the patent in suit] voids the presumption of validity given to issued patents, for claim 4 is obvious despite the presumption. We nevertheless think it appropriate to note that the rationale underlying the presumption – that the PTO, in its expertise, has approved the claim – seems much diminished here." 127 S. Ct. at 1745.

The fact that the Court felt it "appropriate to note" something may be interesting to Supreme Court pundits, but it has nothing to do with the question of whether the Court overturned a separate section of the patent code that was not before it – a section of the patent code that clearly establishes a presumption of validity for all

---

[1] In fact the Supreme Court noted in *KSR* that, "By direction of 35 U.S.C. § 282, an issued patent is presumed valid." 127 S. Ct. 1737.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
September 14, 2007
Page 4


issued patents.  The statutory presumption of validity in 35 U.S.C. § 282 still exists, and the jury in this case should be instructed appropriately.[2]


Very truly yours,

William J. Marsden, Jr.
(#2247)

---

[2] Even in the cases Fairchild will likely cite in its letter brief, the Federal Circuit has held that the fact that art was not before the PTO has, "no effect on the presumption [of validity] or on who has the burden of proof [by clear and convincing evidence]." *See American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359-60 (Fed. Cir. 1984).