IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| POWER INTEGRATIONS, INC., a<br>Delaware corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-1371-JJF |
| | : | |
| FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC., a Delaware<br>corporation, and FAIRCHILD<br>SEMICONDUCTOR CORPORATION, a<br>Delaware corporation, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court are two sets of Motions In Limine
filed by Plaintiff Power Integrations, Inc. ("Power
Integrations"):  a letter motion discussing six issues (D.I.
511), and a separate Motion To Preclude Admission Of Certain
Evidence Related To Fairchild's Forensic Testing (D.I. 509).
Also pending are two sets of Motions In Limine filed by
Defendants, Fairchild Semiconductor International, Inc. and
Fairchild Semiconductor Corporation (collectively, "Fairchild"):
Defendants' Motion In Limine Re Invalidity Trial (D.I. 478) and
Defendant Fairchild's Motions In Limine Nos. 1-5 Regarding The
Invalidity Trial (D.I. 513).  The Court will address each of the
motions in turn.

I.    **Power Integrations' Motions In Limine**

     A.   <u>Letter Motion In Limine</u> (D.I. 511)

          1.   Motion to preclude any reference at trial to the reexamination of Power Integrations' circuit patents

At the Pretrial Conference held on September 12, 2007, the Court granted Power Integrations' motion to preclude any reference at trial to the reexamination of Power Integrations' circuit patents with respect to the invalidity trial before the jury and denied the motion as it pertains to the bench trial on inequitable conduct.  The Court concludes that the potential prejudice to Power Integrations of having the jury hear that the patents have been called for review by the PTO outweighs the probative value of the evidence.  However, the Court concludes that this risk of prejudice does not exist with respect to the bench trial.

          2.   Motion to preclude Fairchild's expert Dr. Paul Horowitz from relying on alleged "implied" findings by the jury in the first trial which contradict the Court's claim construction

Power Integrations next seeks to preclude Fairchild's expert, Dr. Horowitz, from applying claim constructions which are different than those provided by the Court and different from those Dr. Horowitz advocated during the first trial.  Power Integrations' motion overlaps with Fairchild's motion to preclude Power Integrations from arguing positions contrary to the Court's and the jury's decisions in the infringement trial.  (D.I. 478,

2

Motion In Limine No. 2.)

The Court separated the infringement and validity issues for trial in this case, trying the issues to separate juries. The Court's intention is to not allow the first infringement trial to overlap with and/or inappropriately affect the invalidity trial. As for the Court's claim construction, the parties are bound by the construction previously provided by the Court. Accordingly, Power Integrations' motion will be granted to the extent that Dr. Horowitz's testimony might differ from the claim construction rendered by the Court, and Fairchild's motion will be granted to the extent that it seeks to preclude both parties from referring to the first trial or its outcome, including the impeachment of witnesses based upon their opinions at the first trial.

> 3.    Motion to obtain a more definite statement
>       regarding Fairchild's invalidity contentions

For the reasons discussed on the record during the Pretrial Conference, the Court has denied Power Integrations motion for a more definite statement. (Tr. 4:20-5:10.)

> 4.    [Withdrawn]

> 5.    Motion to preclude any testimony from Gu-Yeon Wei,
>       Fairchild's purported "expert on copying"

Power Integrations requests the Court to preclude any testimony from Dr. Wei concerning copying, because Dr. Wei has no first hand knowledge of any relevant facts, and therefore, his testimony cannot meet the standards for admissibility of expert

3

testimony.  In addition, Power Integrations contends that Dr.
Wei's testimony will undermine the first jury's verdict of
willful infringement, which Power Integrations contends includes
an implicit finding of copying.  In response, Fairchild contends
that Dr. Wei's testimony is appropriate to rebut Power
Integrations' arguments concerning copying as a secondary
indicium of non-obviousness.

The Court will deny Power Integrations' motion to preclude
Dr. Wei's testimony.  As the Court concluded in its prior rulings
concerning Dr. Wei's testimony (D.I. 384 at 17), any deficiencies
in his testimony may be explored on cross-examination.

> 6.  Motion to preclude Dr. Horowitz from relying on
>     alleged "prior art" not disclosed in his expert
>     report which lacks foundation, including
>     specifically "demonstration materials" Fairchild
>     manufactured during litigation purporting to
>     exhibit a mode of operation of an integrated
>     circuit not known before this case

Power Integrations seeks to preclude Dr. Horowitz's
testimony concerning the "discontinuous burst mode" operation of
the '851 patent on the grounds that his testimony is not
contained in his expert report.  Power Integrations also seeks to
preclude Fairchild from introducing through Dr. Horowitz certain
demonstration materials created after Dr. Horowitz served his
expert report.

In response, Fairchild contends that Dr. Horowitz's opinions
have been fully disclosed to Power Integrations.  Fairchild also

contends that Dr. Horowitz made his test equipment available to Power Integrations which inspected the equipment prior to Dr. Horowitz's deposition.  Fairchild contends that Dr. Horowitz tested the devices after he rendered his supplemental reports to confirm how the device actually operates.

The Court concludes that Dr. Horowitz is limited to that which is contained in his expert reports.  Tests and devices constructed after Dr. Horowitz's expert reports were rendered are not admissible.  Accordingly, the Court will grant Power Integrations' motion to preclude Dr. Horowitz from introducing testimony or evidence beyond the scope of his supplemental expert report.

> 7.    Motion to preclude expert testimony from James Beasom

Power Integrations also seeks to preclude Fairchild from introducing the testimony of James Beasom as an expert.  Power Integrations contends that Mr. Beasom is a fact witness, and therefore, he should not be permitted to testify that the '173 patent anticipates the '075 patent, in the absence of any expert reports or designation of Mr. Beasom as an expert.

Fairchild contends that Mr. Beasom invented key prior art and is aware of facts regarding whether his own invention practiced the '075 patent.  Fairchild also contends that Mr. Beasom will testify about facts concerning his personal knowledge about the prior art.

Fairchild acknowledges that Mr. Beasom is designated as a fact witness, and therefore, the Court concludes that his testimony is properly limited to factual matters.  Power Integrations may renew this objection as necessary during trial if it appears that Mr. Beasom's testimony exceeds fact testimony. Accordingly, Power Integrations motion is granted to the extent that it seeks to limit Mr. Beasom testimony to factual issues.

B.    Motion To Preclude Admission Of Certain Evidence Related To Fairchild's Forensic Testing (D.I. 509)

By its Motion, Power Integrations requests the Court to exclude under Daubert certain testimony of Erich J. Speckin, Fairchild's expert in the area of forensic document analysis. Power Integrations contends that Mr. Speckin's testimony lacks foundation, consists of conclusory legal opinions, is unreliable and will not assist the trier of fact.  Specifically, Power Integrations seeks to exclude opinions "based on observations about photocopies of original documents, including such things as the number and placement of staple holes and punch holes."  (D.I. 509 at 1.)  Power Integrations contends that these concerns are irrelevant to the question of whether the underlying documents were created on the dates written on them and contends that Mr. Speckin's opinions are not based on scientific principles, objective test procedures or analyses.  Power Integrations also contends that elsewhere in his report, Mr. Speckin notes that "no evidence was found that could allow me to determine the date that

6

the original documents were written." (Id. at 2, citations omitted). Thus, Power Integrations contends that his testimony has no bearing on Fairchild's burden of proving that someone other than Dr. Eklund was the first to conceive of the claimed invention. In addition, Power Integrations contends that Mr. Speckin should not be permitted to testify as to his beliefs regarding the weight which should be given to certain evidence.

Fairchild contends that Mr. Speckin's testimony is based on reliable testing methods and hypotheses recognized in the field of forensic document examination. Fairchild also contends that Power Integrations' arguments concerning Mr. Speckin's testimony go to the weight to be afforded the testimony, rather than its admissibility.

An expert may offer scientific, technical, or other specialized testimony only if that testimony is (1) based upon sufficient facts or data; (2) the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. In addition to the requirements set forth in Rule 702, the Supreme Court also directed district courts, in Daubert v. Merrell Dow Pharmaceuticals, Inc., to perform a "gatekeeping" function by determining the reliability of expert testimony. The Daubert decision instructs courts to flexibly consider a number of factors, including but not limited to: (1) whether the theory or

technique has been tested; (2) whether the technique or theory has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) the general acceptance of the theory.  Daubert, 509 U.S. at 593-94; see also In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742 n. 8 (3d Cir. 1994). In applying these factors, a court must "solely focus on the principles and methodology, not on the conclusions they generate."  Daubert, 509 U.S. at 595.

The Court concludes that Mr. Speckin's testimony comports with the requirements of Rule 702 and Daubert.  To the extent Power Integrations raises concerns about Mr. Speckin's testimony, those concerns may be adequately addressed during cross-examination.  Accordingly, the Court will deny Power Integrations' motion to exclude certain testimony of Mr. Speckin.

## II.  Fairchild's Motions In Limine

A.  Defendants' Motions In Limine Re Invalidity Trial (D.I. 478)

1.  Motion to preclude Power Integrations' expert Michael Shields from offering any opinion on "priority" of invention

Fairchild contends that Mr. Shields should be precluded from testifying regarding priority of the invention, dates of conception, dates of reduction to practice, diligence in reduction to practice and corroboration of conception or reduction to practice, because Mr. Shields does not apply the correct legal standards.  Specifically, Fairchild contends that

Mr. Shields did not consider such issues as diligence, corroboration or reduction to practice. Fairchild also contends that Mr. Shields' testimony is beyond the scope of his expert report.

In response, Power Integrations contends that Mr. Shields was not asked to opine on issues like diligence and reduction to practice, and he should not be precluded from testifying regarding his opinions concerning conception and what the technical documents disclose because he did not formulate opinions on issues he was not asked to consider. Power Integrations also contends that objections to testimony beyond the scope of an expert's report can be raised at trial, if necessary.

Fairchild may raise any perceived deficiencies in Mr. Shields' testimony on cross-examination. The Court will not grant in limine relief concerning Fairchild's argument that Mr. Shields' testimony exceeds the scope of his expert report. Such objections will be considered during the course of trial or post-trial, if necessary. Accordingly, the Court will deny Fairchild's Motion.

> 2.    Motion to preclude Power Integrations from arguing positions contrary to the Court's and the jury's decisions in the infringement trial

The Court has ruled on this Motion in the context of Power Integrations' Motion to preclude Fairchild's expert Dr. Paul

9

Horowitz from relying on alleged "implied" findings by the jury in the first trial which contradict the Court's claim construction.

      B.    <u>Defendant Fairchild's Motions In Limine Nos. 1-5 Regarding The Invalidity Trial</u> (D.I. 513)

          1.    Motion to preclude Power Integrations' expert Michael Shields from offering any opinion on "priority" of invention

This Motion has been addressed in the context of Defendants' first set of Motions In Limine (D.I. 478).

          2.    Motion to preclude Power Integrations from arguing positions contrary to the Court's and the jury's decisions in the infringement trial

This Motion has also been addressed previously in the context of both Defendants' first set of Motions In Limine (D.I. 478) and Power Integrations related Motion In Limine (D.I. 511-2).

          3.    Motion to preclude Power Integrations from offering exhibits PX29, PX30, PX 37, KE1466 and KE1447-1449

Fairchild next requests the Court to exclude photocopies of Klas Eklund's notes under the "best evidence rule" and the "corroboration rule." Fairchild also contends that the documents should be excluded because they were not authenticated in accordance with Fed. R. Evid. 901 and the probative value of the documents is outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury under Fed. R.

Evid. 403. Fairchild contends that originals of the Eklund notes have never been produced and there are questions about the authenticity of the documents because they have been altered.

Pursuant to Fed. R. Evid. 1003, duplicates are admissible to the same extent as an original document unless (1) a genuine question concerning the authenticity of the document is raised, or (2) it would be unfair in the circumstances of the case to admit the original. In addition, an original is not required if the original document has ben lost or destroyed, unless the loss or destruction was in bad faith. Fed. R. Evid. 1004.

In this case, Dr. Eklund has testified that his original laboratory notebook was stolen, and he has been unable to locate any other original documents. The Court finds no evidence of bad faith, and the Court concludes that the photocopied documents are admissible. Questions concerning whether the photocopies accurately reflect the contents of the original document are within the province of the jury. Fed. R. Evid. 1008. Moreover, the Court does not find the admission of the evidence to be outweighed by the Rule 403 concerns raised by Fairchild.

As for the "corroboration requirement," the Court does not read the Federal Circuit's corroboration requirement to necessarily require the exclusion of evidence. Corroboration should be viewed in light of all the evidence in the record. Price v. Symsek, 988 F.2d 1187, 1195 (Fed. Cir. 1993) ("An

evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached.")  Accordingly, the Court will deny Fairchild's Motion.

        4.    Motion to exclude the testimony of Dr. Eklund based on lack of corroboration

Although Fairchild raises lack of corroboration as a separate Motion, this ground is fully addressed in the context of Motion In Limine No. 3.  Accordingly, Fairchild's motion will be denied.

        5.    Motion to preclude Power Integrations from referring to or quoting prior judicial opinions involving Erich J. Speckin

Fairchild next requests the Court to preclude Power Integrations from quoting statements made in prior judicial opinions concerning Mr. Speckin.  Fairchild contends that the opinions are irrelevant in that they deal with different issues, inadmissible hearsay, and/or prejudicial within the meaning of Rule 403.

Power Integrations agrees not to use prior judicial statements to impeach Mr. Speckin so long as Fairchild is likewise precluded from using such hearsay judicial statements to impeach its expert witness.  However, Power Integrations contends that it should remain free to impeach Mr. Speckin with his own statements made in other cases.

The Court will grant Fairchild's motion to the extent that it seeks to preclude Power Integrations from using prior judicial

statements to impeach Mr. Speckin.  Indeed, both parties will be
so constrained.  However, a witnesses own prior statements are
properly used as impeachment, except to the extent discussed by
the Court in the context of precluding reference to the prior
infringement trial in this matter.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    Power Integrations letter motions in limine (D.I. 511)
are **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth above.

2.    Power Integrations Motion To Preclude Admission Of
Certain Evidence Related To Fairchild's Forensic Testing (D.I.
509) is **DENIED**.

3.    Fairchild's Motions In Limine Re Invalidity Trial are
**GRANTED IN PART** and **DENIED IN PART** as set forth above.

4.    Defendant Fairchild's Motions In Limine Nos. 1-5
Regarding The Invalidity Trial are **GRANTED IN PART AND DENIED IN
PART** as set forth above.

September 14, 2006
        Date

UNITED STATES DISTRICT JUDGE

13