# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 14, 2007

The Honorable Joseph J. Farnan, Jr.  
United States District Court  
844 King Street  
Wilmington, DE  19801

VIA ELECTRONIC FILING
and ELECTRONIC MAIL

Re: *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., et al.,*
C.A. No. 04-1371-JJF

Dear Judge Farnan:

At the September 12, 2007 pretrial conference, Your Honor asked the parties to submit a letter pointing out, in bullet points, each parties' contentions concerning the following topics: 1) whether the presumption of validity is diminished where Fairchild relies on prior art that was not before the patent office in light of the U.S. Supreme Court's *KSR v. Teleflex* decision, and 2) how the jury should be instructed on the subject of infringement. Fairchild submits its arguments as follows:

## I. PRESUMPTION OF VALIDITY

- **The Court should instruct the jury that:**

    The presumption is much diminished where Fairchild shows Power Integrations failed to disclose prior art to the patent office, or where Fairchild relies on prior art that was not before the patent office during that patent's prosecution.

- In *KSR*, a unanimous Supreme Court called into question the presumption of validity in cases involving prior art not considered by the PTO. *KSR v. Teleflex*, 127 S.Ct. 1727, 1745 (2007). Although the Court recognized that it was not necessary to address the presumption since the claim at issue was invalid regardless, the Court nonetheless felt compelled to note that rationale underlying the presumption "seems much diminished" where the prior art at issue was not before the PTO:

    We need not reach the question of whether the failure to disclose [asserted prior art] during the prosecution of [the patent in suit] voids the presumption of validity given to issued patents, for claim 4 is

The Honorable Joseph J. Farnan, Jr.
September 14, 2007
Page 2

> obvious despite the presumption. We nevertheless think it appropriate to note that the rationale underlying the presumption – that the PTO, in its expertise, has approved the claim – seems much diminished here.

*KSR*, 127 S.Ct. at 1745.

- Even before the Supreme Court's decision in *KSR*, the Federal Circuit had long acknowledged that the burden of showing invalidity may be "more...easily carried" through the presentation of prior art that the PTO did not consider during prosecution. *See, e.g., Applied Materials v. Advanced Semiconductor Materials Am., Inc.*, 98 F.3d 1563, 1569 (Fed. Cir. 1996) ("The presentation of evidence that was not before the examiner does not change the presumption of validity, although the burden may be more or less easily carried because of the additional evidence."). Indeed, as Power Integrations' counsel pointed out:

> There is law to the effect that if the art the challenger relies on was not, in fact, cited, was not, in fact, considered, it's easier to over come the presumption, that's true, fine. And they can make that showing to the jury. They can make the showing that the art was or was not cited. They can make the argument that therefore the presumption is easy to overcome, but it's a very different thing saying that either there is no presumption or that the presumption itself if somehow weakened.

Transcript from September 12, 2007 Pretrial Conference, p. 26.

- The Supreme Court's guidance in *KSR* promotes a common sense approach to the presumption. The rationale underlying the presumption of validity is based on the assumption that the patent office properly considered all of the prior art before issuing the patent. *Applied Materials v. Advanced Semiconductor Materials Am., Inc.*, 98 F.3d 1563, 1569 (Fed. Cir. 1996) ("The presumption of validity is based on the presumption of administrative correctness of actions of the agency charged with examination of patentability."). When that assumption is wrong – for example when, as here, the examiner did not have the relevant prior art – the rationale is "much diminished."

- Where the rationale that creates the presumption is diminished, then the presumption itself must likewise be diminished because there is no longer sufficient support for the full presumption. A presumption sets a bar that the other side must overcome to prove its case. When the support for that bar is reduced, the height of the bar must also be lowered. Instructing the jury any other way would cause undue prejudice.

- In the instant case, Fairchild is relying on prior art that was not before the patent examiner, and, in fact, that Power Integrations failed to provide to the patent office. Indeed, the PTO, in instituting reexamination proceedings for the patents-in-suit, has

The Honorable Joseph J. Farnan, Jr.
September 14, 2007
Page 3

determined that: (1) the prior art upon which Fairchild depends was not cumulative of the prior art that was before the patent examiner during prosecution of the patents-in-suit, and (2) the previously undisclosed prior art creates a substantial new question as to the patentability of the claimed inventions. Accordingly, the rationale underlying the presumption is much diminished in this case, and the presumption itself is thus necessarily also diminished. Fairchild will be unduly prejudiced if the jury is not instructed that the bar to proving invalidity of the patents-in-suit has been reduced in this situation.

## II. ASSUMPTION OF INFRINGEMENT

- **The Court should instruct the jury that:**

    > Because this is a validity trial, you will not consider the issue of infringement. The issue of infringement has no role in this case whatsoever.

- **Any Probative Value Of Instructing The Jury To Assume Infringement Is Outweighed By The Substantial Harm To Fairchild.**

    o Whether to instruct the jury to assume infringement is essentially an issue regarding the admissibility of the prior jury's finding of infringement. In determining whether to admit this "evidence," the Court thus should weigh the probative value of the assumption against the prejudice it will cause Fairchild.

    o To begin, the prior jury's finding is of minimal probative value because it is not a final decision, and Fairchild has not yet had the opportunity to fully and fairly litigate this issue.

    o Further, infringement is at best marginally relevant only to secondary considerations of non-obviousness, which themselves are of minimal persuasive value in this case.

    o In contrast, the prejudice such a pronouncement of guilt will cause Fairchild is extreme and incurable, particularly where, as here, the prior jury's finding of infringement is not final.

    o Because the probative value of this "evidence" is greatly outweighed by the substantial harm it will cause, it would be an abuse of discretion to instruct the jury to assume that Fairchild infringes Power Integrations' patents.

- **Infringement Is Of No Relevance To Any Issue In The Validity Trial.**

    o Infringement has no relevance whatsoever to anticipation.

The Honorable Joseph J. Farnan, Jr.
September 14, 2007
Page 4

- o Infringement is not probative of copying. To show copying, Power Integrations must show that Fairchild copied an embodiment of the invention, in other words, that there is a one-to-one correspondence between Fairchild's products and an embodiment of the disclosed invention. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1366 (Fed. Cir. 2001) (evidence that defendant copied plaintiff's product is legally irrelevant absent a finding that the product was an embodiment of the patented invention). The prior jury did not make findings that Fairchild copied embodiments of Power Integrations' patented inventions, but rather only determined that the accused products practiced the asserted claims. Its finding of infringement is irrelevant to the issue of copying. Indeed, there are significant differences between Fairchild's products and the embodiments disclosed in the patent that would prevent a finding of copying in this case, despite the first jury's finding that those same products practice the asserted claims. Nonetheless, instructing the jury to assume infringement would create a very grave risk that the jury would improperly assume copying as well.

- o Infringement is not probative of commercial success. In order to use the commercial success of Fairchild's products as a secondary consideration of non-obviousness, Power Integrations must show a nexus between such success and an embodiment disclosed in the patent. *T. Eaton & Co. v. Atlantic Paste & Glue Co.*, 106 F.3d 1563, 1571 (Fed. Cir. 1997) (the patentee must show that the commercial success of the product "derives from the claimed invention **and** is attributable to something disclosed in the patent that was not readily available in the prior art") (emphasis added). The prior jury did not find a nexus between any commercial success of Fairchild's products and a disclosed embodiment. The jury's finding of infringement is thus irrelevant to the issue of commercial success. Similar to copying, however, instructing the jury to assume infringement creates a substantial risk that the jury will also assume a nexus between any commercial success of Fairchild's products and the disclosed embodiments.

- o Secondary considerations are factors that a jury "may" consider in assessing obviousness. *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1734 (U.S. 2007). "The existence of such evidence, however, does not control the obviousness determination." *See e.g., Richardson-Vicks, inc. v. The Upjohn Co.*, 122 F.3d 1476, 1483 (Fed. Cir. 1997) (holding that substantial evidence of unexpected results and commercial success did **not** overcome clear and convincing evidence that the patented subject matter was obvious).

- **Instructing The Jury To Assume Infringement Would Be Highly Prejudicial To Fairchild.**

  - o Such an instruction is tantamount to instructing the jury that Fairchild is guilty and Power Integrations is innocent. Combined with the presumption of validity, it creates a nearly insurmountable barrier to Fairchild's invalidity claims.

The Honorable Joseph J. Farnan, Jr.
September 14, 2007
Page 5

- o Such an instruction is extremely unfair because Fairchild has not yet had the opportunity to fully and fairly litigate the issue of infringement. In fact, Fairchild believes that decision was wrong and intends to file a JMOL motion challenging the jury's findings. The prior jury's finding of infringement thus does not provide a proper basis for precluding this jury from deciding the issues before it. *Block v. United States Int'l Trade Com*, 777 F.2d 1568, 1571-1572 (Fed. Cir. 1985) ("A determination is conclusive in a subsequent action between the same parties only when the 'issue of fact or law is actually litigated and determined by a valid and final judgment.")

- o Such an instruction violates Fairchild's Seventh Amendment right to a jury trial and Fourteenth Amendment right to due process by depriving it of the opportunity to fully and fairly litigate the issues of copying and commercial success because the jury is likely to erroneously infer these issues from the assumption of infringement.

- **Declining To Instruct The Jury To Assume Infringement Would Not Cause Any Additional Seventh Amendment Concerns.**

  - o As Fairchild has argued throughout this case, the Seventh Amendment prohibits having two juries decide the same essential issues. *See Paine, Webber, Jackson & Curtis, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 587 F.Supp. 1112, 1116 (D. Del. 1984) ("separate trials only violate he Seventh Amendment when they involve *both* overlapping issues *and* different juries.") (emphasis in original); *see also id.* at 1117 ("The prohibition is not against having two juries review the same *evidence*, but rather against having two juries *decide* the same *essential issues*.") (emphasis in original).

  - o As discussed above, the jury's finding of infringement in the prior trial is not essential to the current jury's determination of validity. Accordingly, there is no additional Seventh Amendment concern with declining Power Integrations' request to instruct the jury to assume such a finding.

Respectfully,

/s/ Lauren E. Maguire

Lauren E. Maguire

LEM/nml
184156.1

c:  William J. Marsden, Jr. Esquire (by hand)
    Frank E. Scherkenbach, Esquire (via electronic mail)
    Howard G. Pollack, Esquire (via electronic mail)
    G. Hopkins Guy, III, Esquire (via electronic mail)