# ASHBY & GEDDES

### ATTORNEYS AND COUNSELLORS AT LAW

### 500 DELAWARE AVENUE

### P. O. BOX 1150

### WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 18, 2007

The Honorable Joseph J. Farnan, Jr.                    VIA ELECTRONIC FILING
United States District Court
844 King Street
Wilmington, DE  19801

> Re:  *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., et al.,*
> *C.A. No. 04-1371-JJF*

Dear Judge Farnan:

At the September 12, 2007 pretrial conference, Your Honor permitted the parties to submit a letter brief regarding jury instructions in light of the Supreme Court's *KSR v. Teleflex* decision. Fairchild submits its arguments as follows:

## I.  PRESUMPTION OF VALIDITY:  Jury Instr. IV.1

Fairchild requests that the Court instruct the jury that:

> **The presumption is much diminished where Fairchild shows Power
> Integrations failed to disclose prior art to the patent office, or where Fairchild
> relies on prior art that was not before the patent office during that patent's
> prosecution.**

Power Integrations has included the presumption of validity in **JI I.3 Burden of Proof,** as well as in **JI IV.1 Presumption of Validity.**  Accordingly, Fairchild requests that the above be inserted into both instructions.

In *KSR*, a unanimous Supreme Court called into question the presumption of validity in cases involving prior art not considered by the PTO.  127 S.Ct. 1727, 1745 (2007).  Although the Supreme Court recognized that it was not necessary to address the presumption since the claim at issue was invalid regardless, the Supreme Court nonetheless felt compelled to note that the rationale underlying the presumption "seems much diminished" where the prior art at issue was not before the PTO:

> We need not reach the question of whether the failure to disclose
> [asserted prior art] during the prosecution of [the patent in suit] voids

The Honorable Joseph J. Farnan, Jr.
September 18, 2007
Page 2

> the presumption of validity given to issued patents, for claim 4 is
> obvious despite the presumption.  We nevertheless think it
> appropriate to note that the rationale underlying the presumption –
> that the PTO, in its expertise, has approved the claim – seems much
> diminished here."

> *KSR*, 127 S.Ct. at 1745.

The Supreme Court's guidance in *KSR* promotes a common sense approach to the
presumption.  The rationale underlying the presumption of validity is based on the assumption
that the patent office properly considered all of the prior art before issuing the patent.  *Applied
Materials v. Advanced Semiconductor Materials Am., Inc.*, 98 F.3d 1563, 1569 (Fed. Cir. 1996)
("The presumption of validity is based on the presumption of administrative correctness of
actions of the agency charged with examination of patentability.")  When that assumption is
wrong – for example when, as here, the examiner did not have the relevant prior art – the
rationale is "much diminished."

Where the rationale that creates the presumption is diminished, then the presumption
itself must likewise be diminished because there is no longer sufficient support for the full
presumption.  A presumption sets a bar that the other side must overcome to prove its case.
When the support for that bar is reduced, the height of the bar must also be lowered.  Instructing
the jury any other way would cause undue prejudice.

In the instant case, Fairchild is relying on prior art that was not before the patent
examiner, and, in fact, that Power Integrations failed to provide to the patent office.  Indeed, the
PTO, in instituting reexamination proceedings for the patents-in-suit, has determined that:  (1)
the prior art upon which Fairchild depends was not cumulative of the prior art that was before the
patent examiner during prosecution of the patents- in suit, and (2) the previously undisclosed
prior art creates a substantial new question as to the patentability of the claimed inventions.
Accordingly, the rationale underlying the presumption is much diminished in this case, and the
presumption itself is thus necessarily also diminished.  Fairchild will be unduly prejudiced if the
jury is not instructed that the bar to proving invalidity of the patents-in-suit has been reduced in
this situation.

The Honorable Joseph J. Farnan, Jr.
September 18, 2007
Page 3

## II.  BURDEN OF PROOF:  Jury Instr. I.3

In addition to the requested instruction regarding the Presumption of Validity, or as an alternative to that instruction, Fairchild requests that the Court provide the following instruction:

**The burden of showing invalidity is easier to overcome where Fairchild relies on prior art that was not before the patent examiner during the patent's prosecution.**

Even before the Supreme Court's decision in *KSR*, the Federal Circuit had long acknowledged that the burden of showing invalidity may be "more...easily carried" through the presentation of prior art that the PTO did not consider during prosecution.  *See, e.g., Applied Materials v. Advanced Semiconductor Materials Am., Inc.*, 98 F.3d 1563, 1569 (Fed. Cir. 1996) ("The presentation of evidence that was not before the examiner does not change the presumption of validity, although the burden may be more or less easily carried because of the additional evidence").  Indeed, as Power Integrations' counsel pointed out:

> There is law to the effect that if the art the challenger relies on was not, in fact, cited, was not, in fact, considered, it's easier to over come the presumption, that's true, fine.  And they can make that showing to the jury.  They can make the showing that the art was or was not cited. They can make the argument that therefore the presumption is easy to overcome, but it's a very different thing saying that either there is no presumption or that the presumption itself if somehow weakened.

Transcript from September 12, 2007 Pretrial Conference, p. 26.

Fairchild requests that this instruction be inserted in **JI 1.3 Burden of Proof,** as well as in **JI IV.1 Presumption of Validity** as both instructions address the burden of proof.

## III.  SUMMARY OF PATENT ISSUES:  Jury Instr. II.4  (Infr. Issue)

In accordance with its ruling on September 17, 2007, regarding the Preliminary Jury Instructions, Fairchild requests that the Court instruct the jury that:

**Because this is a validity trial, you will not consider the issue of infringement.  The issue of infringement has no role in this case whatsoever.**

This issue was fully briefed in Fairchild's letter brief submitted on September 14, 2007.

The Honorable Joseph J. Farnan, Jr.
September 18, 2007
Page 4

## IV.  OBVIOUSNESS INSTRUCTION:  Jury Instr. IV.9

Fairchild requests that the Court instruct the jury that:

**In order to be patentable, an invention must not have been obvious to a person of ordinary skill in the art at the time the invention was made.  The issue is not whether the claimed invention would be obvious today to you, as a layperson, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made.  I will explain to you what a person of ordinary skill in the art is later on in these instructions.**

**In determining obviousness or non-obviousness of the subject matter of each of the asserted claims, you should take the following steps:**

**1.      Determine the scope and content of the prior art relied upon by Fairchild;**

**2.      Identify the differences, if any, between each asserted claim of the patents-in-suit and the prior art;**

**3.      Determine the level of ordinary skill in the pertinent art at the time the invention of the patent-in-suit was made;**

**In determining whether the subject matter of a patent claim is obvious, neither the particular motivation nor the avowed purpose of the patent owner controls.  Rather, modifications or combinations that are within the grasp of a person of ordinary skill may be obvious if they yield predictable results.**

**To determine whether a person of ordinary skill would be capable of modifying or combining prior art in the manner claimed, you should take account of the inferences and creative steps that a person of ordinary skill in the art would employ.  Common sense teaches that to persons of ordinary skill and creativity, familiar items may have obvious uses beyond their primary purposes and that a person of ordinary skill will be able to fit the teachings of multiple pieces of prior art together like pieces of a puzzle.**

**In determining whether the results of a modification or combination of prior art are predictable, you should consider whether it yields no more than one would expect from such a variation or arrangement, or whether each known element continues to perform the same functions it was known to perform.**

**You may also consider whether there was a reason to modify or combine known elements.  Any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for modifying or**

The Honorable Joseph J. Farnan, Jr.
September 18, 2007
Page 5

> **combining elements in the manner claimed. For example, design incentives or trends and other market forces may prompt variations or combinations of prior art.**

In *KSR v. Teleflex*, the Supreme Court dramatically reshaped the obviousness inquiry, rejecting the Federal Circuit's rigid application of its "teaching, suggestion, or motivation" test and setting forth detailed guidance as to the scope of the proper inquiry. 127 S.Ct. at 1734, 1739. According to the Supreme Court, the Federal Circuit's approach of rigidly mandating a teaching, suggestion or motivation to combine was not in accord with the fundamental principal underlying the doctrine of obviousness:

> For over a half century, the Court has held that a 'patent for a combination which only unites old elements with no change in their respective functions . . . obviously withdraws what is already known into the field of its monopoly and diminishes the resources available to skillful men.'

*Id.* at 1739 (internal cites omitted).

The primary inquiry for determining whether a modification or combination of prior art is obvious thus should promote the goal of protecting the resources available to those of skill in the art. It is essentially a two-fold inquiry. First, the trier of fact should consider whether a person of ordinary creativity and skill would be capable of making the claimed modification or combination. *See id.* at 1740-42. In other words, would the modification or combination be within the grasp of a person of ordinary skill and creativity. *Id.* at 1742. The Supreme Court recognized that persons skilled in the art do not need a specific teaching to be capable of combining or modifying known elements. Instead, the trier of fact should "take account of the inferences and creative steps that a person of ordinary skill in the art would employ." *Id.* at 1741. This involves looking at a person of ordinary skill not as an "automaton," who only knows and rigidly applies what is actually documented in print, but rather as "a person of ordinary creativity" who is capable of modifying and combining known techniques in obvious ways. *Id.* at 1742. To persons of ordinary skill and creativity "familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle" despite the lack of a specific teaching. *Id.*

Second, the trier of fact should consider whether the result of such a modification or combinations would have been predictable. If the results are predictable, then the combination or modification is likely to be obvious. *Id.* at 1739-40 ("The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results"; "when a patent claims a structure already known in the prior art that is altered by the mere substitution of one element for another known in the field, the combination must do more than yield a predictable result"; "If a person of ordinary skill can implement a predictable

The Honorable Joseph J. Farnan, Jr.
September 18, 2007
Page 6

variation, § 103 likely bars its patentability). On the other hand, if a combination or modification achieves an "unexpected and fruitful" result, it is less likely to be obvious. *Id.* at 1740.

The trier of fact may also consider whether there was an "apparent reason to combine the known elements in the fashion claimed by the patent at issue." *Id.* at 1741. This inquiry, however, should not be confused with the Federal Circuit's rigidly applied "teaching, suggestion or motivation" test. *Id.* Rather, "any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed." *Id* at 1742. Such reasons often will not be found in published articles or patents, but rather will arise from market forces or design incentives and trends. *Id.* at 1740 ("design incentives and other market forces can prompt variations."); *Id.* at 1741 ("it often may be the case that market demand, rather than scientific literature, will drive design trends"); *Id.* at 1742 ("When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp.").

## V. DIFFERENCES OVER THE PRIOR ART: Jury Instr. IV.9.2

Power Integrations has requested a "Differences Over The Prior Art" instruction. Fairchild respectfully submits that such a request is no longer appropriate in light of *KSR v. Teleflex.* Indeed, as described above, the obviousness inquiry set forth by the Supreme Court in *KSR* will often focus on whether one of ordinary skill and creativity would have been capable of implementing a particular variation or modification to the prior art. In those instances, the inquiry may focus on differences between the prior art and the claimed invention. Power Integrations' instruction, which states that "[t]he test is whether the claimed invention as a whole would have been obvious after considering all of the prior art," will be confusing to the jury and prejudicial to Fairchild.

## VI. LEVEL OF ORDINARY SKILL: Jury Instr. IV.9.3

Fairchild requests that the Court instruct the jury as follows:

**Next, you are to determine the level of ordinary skill in the art to which the claimed inventions pertain at the time the claimed inventions were made. A person of ordinary skill is not the inventor, but rather a hypothetical person who is presumed to be aware of all the prior art at the time of the invention. <u>A person of ordinary skill is also a person of ordinary creativity, not an automaton.</u> Factors to be considered in determining the level of ordinary skill in the pertinent art include the educational level of the inventors, the types of problems encountered in the art, the prior art patents and publications, the activities of**

The Honorable Joseph J. Farnan, Jr.
September 18, 2007
Page 7

**others and prior art solutions to the problems encountered by the inventors, the sophistication of the technology and the education of others working in the field.**

The dispute between the parties involves the phrase underlined above: "a person of ordinary skill is also a person of ordinary creativity, not an automaton." This language is a direct quote from *KSR v. Teleflex*, 127 S. Ct. at 1742. In *KSR*, the Supreme Court made it clear that a person of ordinary skill is not only presumed to be aware of all the prior art at the time of the invention, as set forth in the model instruction, but also is also presumed to be a person of ordinary creativity. *Id.* This is important as it frames the obviousness inquiry as discussed more fully above. If this language is not added to the instruction, the jury could presume that one of skill is limited to actual knowledge, which would cause undue prejudice to Fairchild in this case. Based on Fairchild's invalidity contentions, a reasonable jury could conclude that certain of the asserted claims would be obvious to one of ordinary skill and creativity in the art.

Fairchild further requests that the Court instruct the jury as to the undisputed level of skill in the art in this case. Such an instruction will help clarify the issue of ordinary skill for the jury. Absent such detail, the jury might not fully comprehend the level of ordinary skill in the art, creating a risk of prejudice to Fairchild

## VII. REASON TO COMBINE: Jury Instr. IV.9.4

Power Integrations has requested a "Reason to Combine" instruction to replace the prior instruction on "Motivation to Combine." Fairchild respectfully requests that the Court decline Power Integrations' request because any instruction that the trier of fact may consider such evidence in determining obviousness is best dealt with as one factor for consideration in the obviousness inquiry, rather than as a separate instruction. Fairchild fully included such considerations in its obviousness instruction above.

## VIII. HINDSIGHT: Jury Instr. IV.9.5

Fairchild requests that the Court instruct the jury as follows:

**The question of obviousness is simple to ask but difficult to answer. A person of ordinary skill in the art is presumed to have knowledge of the relevant prior art at the time of the patentee's invention. If you find the available prior art shows each of the elements of the claims in suit, you must determine whether it would then have been obvious to a person of ordinary skill in the art to combine or modify these elements in the same manner as the claims in suit.**

The Honorable Joseph J. Farnan, Jr.
September 18, 2007
Page 8

> **The difficulty that attaches to all honest attempts to answer this question can be attributed to the strong temptation to rely on hindsight while undertaking this evaluation.  It is wrong to use the patent-in-suit as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit.  <u>A person of ordinary skill, however, will be able to fit the teachings of multiple prior art references together like pieces of a puzzle.</u>**

The parties dispute Fairchild's inclusion of the underlined language "A person of ordinary skill, however, will be able to fit the teachings of multiple prior art references together like pieces of a puzzle."  This language is a direct quote from *KSR v. Teleflex*, 127 S. Ct. at 1742.  Without this language, the jury might mistakenly believe, based on this instruction, that it is inappropriate to combine the teachings of multiple references together.

Fairchild also objects to Power Integrations' inclusion of the following statement: "Rather, you must cast your mind back to the time of the invention and consider only the thinking of one of ordinary skill in the art, guided only by the prior art and what was known in the field."  This instruction is not in accord with *KSR v. Teleflex*, where the Supreme Court specifically stated that "the analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ."  127 S. Ct. at 1741.

Respectfully,

*/s/ Lauren E. Maguire*

Lauren E. Maguire

LEM/nml
184234.1

c:    William J. Marsden, Jr. Esquire (by hand)
      Frank E. Scherkenbach, Esquire (via electronic mail)
      Howard G. Pollack, Esquire (via electronic mail)
      G. Hopkins Guy, III, Esquire (via electronic mail)