# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**VIA ECF AND HAND DELIVERY**

September 19, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:   Power Integrations, Inc. v. Fairchild Semiconductor International
      USDC-D. Del. – C.A. No. 04-1371 JJF

Dear Judge Farnan:

Power Integrations respectfully submits this letter brief in response to the points raised by Fairchild in its letter brief filed September 18, 2007 (D.I. 549), addressing the applicability of *KSR v. Teleflex* to the jury instructions in this case.

As it did before trial, Fairchild greatly overstates the holding of *KSR*. The holding in *KSR* is narrow: the Supreme Court decided that a rigid application of the "motivation to combine" test is contrary to precedent. Instead, motivation to combine is just one of many factors courts should consider when making an obviousness determination. The Supreme Court did not, however, change the presumption of validity, nor did it abandon any of the other *Graham* factors for non-obviousness, including differences over the prior art and secondary considerations of non-obviousness. Fairchild's efforts to import additional restrictions into the jury instructions are improper, and should be rejected.

1. **The Supreme Court's Opinion In *KSR* Is Limited To Motivation To Combine**

In *KSR*, the Supreme Court was faced with the question of whether the Federal Circuit's rigid application of the Teaching-Suggestion-Motivation ("TSM") test was consistent with Supreme Court precedent. *Id*. at 1734-35. The District Court in *KSR* granted summary judgment of obviousness, but the Federal Circuit reversed, relying principally on its TSM test in holding that the District Court failed to make a finding that a skilled artisan would have been motivated to combine the teachings of the prior art. *Id*. at 1738.

The Supreme Court rejected this rigid application of the TSM test: "We begin by rejecting the rigid approach of the Court of Appeals. Throughout this Court's engagement with the question of obviousness, our cases have set forth an expansive and flexible approach inconsistent with the way the Court of Appeals applied its TSM

The Honorable Joseph J. Farnan, Jr.
September 19, 2007
Page 2

test here." *Id*. at 1739. Importantly, the Supreme Court confirmed that motivation to combine can be one factor to consider when making an obviousness determination: "it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does. This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *Id*. at 1741. A rigid application of the motivation to combine test, however, was faulted by the Court: "Helpful insights . . . need not become rigid and mandatory formulas; and when it is so applied, the TSM test is incompatible with our precedents." *Id*.

The Federal Circuit has recognized in decisions after *KSR* that there is nothing inherently inconsistent with looking at motivation to combine when making an obviousness determination:

> While the *KSR* Court rejected a rigid application of the teaching, suggestion, or motivation ("TSM") test in an obviousness inquiry, the Court acknowledged the importance of identifying "a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does" in an obviousness determination. *KSR*, 127 S. Ct. at 1731. Moreover, the Court indicated that there is "no necessary inconsistency between the idea underlying the TSM test and the *Graham* analysis." *Id*. As long as the test is not applied as a "rigid and mandatory" formula, that test can provide "helpful insight" to an obviousness inquiry. *Id*.

*Takeda Chem. Indus. v. Alphapharm Pty., Ltd*., 2007 U.S. App. LEXIS 15349, at *12-13 (Fed. Cir. June 28, 2007). In other words, motivation to combine is one of many factors that courts should consider when determining if an invention is or is not obvious, so long as that motivation is not elevated to a rigid requirement.

2.  **Power Integrations Proposes Only A Few Minor Changes to the Delaware Model Patent Instructions In Light Of *KSR***

The *KSR* opinion requires only small changes to the Delaware Model Patent Jury Instructions. The Delaware Model Patent Rules, for example, contained an instruction on motivation to combine that reads in part, "The suggestion or motivation to combine and the expectation of success **must** be found in either: the prior art itself, the knowledge of persons of ordinary skill in the art, or, in some cases, the nature of the problem to be solved." Delaware Model Instruction 4.8.4 (emphasis added). In order to reflect the more permissive inquiry in *KSR*, Power Integrations proposes modifying this language as follows: "Among the factors you **may** consider in determining whether multiple prior art references render a patent obvious are whether there was some apparent reason combine or modify the references and whether the

The Honorable Joseph J. Farnan, Jr.
September 19, 2007
Page 3

combination would be reasonably likely to achieve the goal of the invention." PI Proposed Instruction IV.9.4 (emphasis added). This new instruction follows the holding in *KSR* and Federal Circuit cases after *KSR*, which state that motivation to combine may be relevant, but is not a required factor for the jury to decide before making its obviousness decision.

Similarly, Power Integrations proposes adding the following to the standard obviousness instruction: "In addition, you **may** consider whether there was an apparent reason to combine or modify the prior art references in the fashion claimed by the patent at issue, but in doing so, you must guard against slipping into the use of hindsight." PI Proposed Instruction IV.9 (emphasis added). Again, this is consistent with *KSR*, including its admonition that, "a factfinder should be aware, of course, of the distortion caused by hindsight bias and must caution against arguments reliant upon ex post reasoning," so long as this is not raised to the level of a "rigid preventative rule." *Id*. at 1742.

### 3.      Fairchild's Proposals Reflect An Incorrect Reading Of *KSR*

Fairchild proposes a number of modifications to the standard patent instructions that are simply not warranted under any reading of *KSR*.

#### A.      The Presumption Of Validity Is Not Diminished

First, Fairchild proposes removing the standard jury instruction on the presumption of validity from several instructions, including Instructions I.3 (Burden of Proof) and IV.1 (Presumption of Validity).

Power Integrations believes the Court already decided this issue in its favor in the context of the preliminary jury instruction, and this issue was largely addressed in Power Integrations' letter brief to the Court regarding the preliminary instructions. (D.I. 540.) As noted previously, the presumption of validity has absolutely nothing to do with the Teaching-Suggestion-Motivation test, and has nothing to do with the Supreme Court's holding in *KSR*. The presumption of validity is created by statute: "A patent shall be presumed valid. Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim." 35 U.S.C. § 282. This is a different section of the patent code than obviousness (35 U.S.C. § 103), and the Supreme Court did not address § 282 in *KSR*, much less overrule it.

Nothing in the Supreme Court's decision alters this statutorily-created presumption. Fairchild's only argument that it does alter this presumption comes from dicta at the end of *KSR*, in which the Court explicitly stated it was *not deciding* this issue: "We *need not reach the question* whether the failure to disclose [a piece of prior art] during the prosecution of [the patent in suit] voids the presumption of validity given

The Honorable Joseph J. Farnan, Jr.
September 19, 2007
Page 4

to issued patents, for claim 4 is obvious despite the presumption. We nevertheless think it appropriate to note that the rationale underlying the presumption – that the PTO, in its expertise, has approved the claim – seems much diminished here." 127 S. Ct. at 1745 (emphasis added).

The fact that the Court felt it "appropriate to note" something may be interesting to Supreme Court pundits, but it has nothing to do with the question of whether the Court overturned a separate section of the patent code that was not before it – a section of the patent code that clearly establishes a presumption of validity for all issued patents. The statutory presumption of validity in 35 U.S.C. § 282 still exists, and the jury in this case should be instructed appropriately.

The Federal Circuit case Fairchild relies on similarly does not "diminish" or "weaken" the presumption of validity. In *Applied Materials v. Advanced Semiconductor Materials Am., Inc*., 98 F.3d 1563 (Fed. Cir. 1996), the Federal Circuit expressly noted that, "[t]he presentation at trial of evidence that was not before the PTO *does not change the presumption of validity*." *Id*. at 1569 (emphasis added). Additional evidence may make any burden easier to overcome as a practical matter, but that does not mean that the burden itself is changed in any way. Fairchild is free to argue that it is relying on art that was not before the Patent Office. It is not, however, free to change the statutorily created presumption of validity or burden of proof, and the Court should adopt Power Integrations' proposed instructions.

### B.     Differences Over The Prior Art Is Still A Factor For Obviousness

Fairchild proposes eliminating the "Differences Over The Prior Art" instruction (PI Proposed Instruction IV.9.2). This is baffling, because *KSR* itself states that, "under § 103, the scope and content of the prior art are to be determined; **differences between the prior art and the claims at issue are to be ascertained**; and the level of ordinary skill in the pertinent art resolved." *Id*. at 1734 (emphasis added). These are the so-called *Graham* factors for obviousness, first articulated in *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966). The Court in *KSR* expressly relied upon *Graham*, making clear that these remain the touchstone of any obviousness analysis. Fairchild's effort to abandon this model instruction should be rejected.

### C.     Motivation To Combine Is One Of Many Factors The Jury Should Be Able To Consider In Making Its Obviousness Determination

As noted above, the central holding of *KSR* is that motivation to combine is one of many factors that can be considered in making an obviousness determination. "It can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does." 127 S. Ct. at 1741. Rather than accepting this holding, Fairchild proposes eliminating any instruction on motivation to combine beyond a brief mention in the lengthy, general obviousness instruction Fairchild has cobbled together, whose many

The Honorable Joseph J. Farnan, Jr.
September 19, 2007
Page 5

flaws are addressed above and in Power Integrations' previous briefing on the preliminary jury instruction.  (*See* D.I. 540.)  This is extreme, and is not warranted by *KSR*.  It has also been rejected by Federal Circuit cases after *KSR*, which make clear that motivation to combine is one of many factors courts should consider in determining obviousness.  *See Takeda Chem. Indus.*, 2007 U.S. App. LEXIS 15349 at *12-13.  As noted above, Power Integrations' proposed modifications to the model rules are small, making motivation to combine permissive rather than mandatory, accurately reflecting the holding of *KSR*.  They should be adopted by the Court.

4.     **Quoting Lengthy Passages Of *KSR* In The Jury instructions Will Not Help The Trier Of Fact**

The remainder of Fairchild's proposed modifications consist of efforts to import lengthy passages of dicta from *KSR* into the jury instructions.  This can only confuse the trier of fact.  For example, Fairchild proposes instructing the jury that a person of ordinary skill in the art can, "fit the teachings of multiple prior art references together like pieces of a puzzle."  Fairchild Proposed Instruction IV.9.5.  This is directly contrary to the preceding sentence of the instruction, which states that, "it is wrong to use the patent-in-suit as a guide through the maze of prior art references."  *Id*.  It is also inconsistent with *KSR*, which states, "a factfinder should be aware . . . of the distortion caused by hindsight bias and must caution against arguments reliant upon ex post reasoning."  *KSR*, 127 S. Ct. at 1742.

There are many Federal Circuit and Supreme Court cases that could be quoted at length in jury instructions.  Quoting these cases out of context will only confuse the jury.  This Court should instead use the standard Delaware Model Patent Jury Instructions, making changes only where appropriate in light of the holding of *KSR*, and reject Fairchild's efforts to import new requirements and lengthy dicta into the jury instructions.  Because Power Integrations' instructions accurately reflect the changes necessary in light of *KSR*, Fairchild's proposed instructions should be rejected.

Respectfully,


*/s/ William J. Marsden, Jr.*

William J. Marsden, Jr.
(#2247)

cc:    Steven J. Balick, Esquire (VIA ECF)
       G. Hopkins Guy, III, Esquire (By Electronic Mail)