IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, : : : | |
| Plaintiff, : : | |
| v. : | C.A. No. 04-1371-JJF |
| : | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, : : : : : : | |
| Defendants. : | |

**MEMORANDUM ORDER**

At the Pretrial Conference in the above-captioned matter, the Court requested the parties to submit letter briefs regarding jury instructions. Specifically, the Court asked the parties to address whether the statutory presumption of validity is weakened as a result of the Supreme Court's decision in KSR v. Teleflex, 127 S. Ct. 1727 (2007), and whether the jury should be instructed that Fairchild has been found to infringe the patents in suit.

The Court has considered the Supreme Court's decision in KSR in light of the parties' arguments (D.I. 540, 542, 549[1]), and concludes that it does not alter the statutory presumption of

---

[1] Fairchild filed a second letter regarding jury instructions reiterating all the arguments made in the first letter and adding additional arguments concerning the jury instructions related to obviousnessness, differences over the prior art, the level of ordinary skill, reason to combine, and hindsight. Power Integrations has responded to this letter. The Court will resolve issues related to the remaining jury instructions at the Prayer Conference.

validity. Indeed, the Supreme Court expressly stated that it was not addressing the question of whether a failure to disclose prior art during the prosecution voids the presumption of validity given to issued patents. 127 S. Ct. at 1745 ("We need not reach the question whether the failure to disclose Asano during the prosecution of Engelgau voids the presumption of validity given to the issued patents, for claim 4 is obvious despite the presumption."). In dicta following that statement, the Supreme Court noted that the "rationale underlying the presumption - that the PTO, in its expertise, has approved the claim - seems much diminished here." Id. (emphasis added). The Supreme Court's statement makes it plain that its comments were limited to the facts of the case before it, and thus, were not intended to affect the state of the presumption as a whole.

To the extent that Fairchild wishes to make an argument to the jury that, on the facts of this case, the prior art was not disclosed, and therefore, the presumption of validity is more easily overcome, the Court concludes that such argument would be appropriate. Indeed, Power Integrations acknowledged the propriety of such an argument at the Pretrial Conference in light of existing Federal Circuit precedent. (D.I. 538 at 6-20.) However, the Court will not provide the jury with any instruction altering the presumption of validity or the burden of proof, because the Court does not read KSR to have changed the state of

the existing law in that regard.

As for the question of what, if anything, the jury should be instructed regarding infringement, the Court has previously concluded in the context of the parties' motions in limine that the jury should not be informed of the first trial or its outcome. Accordingly, the Court will offer no instruction on infringement.

It is SO ORDERED.

_September 20, 2007_
DATE

_____
UNITED STATES DISTRICT JUDGE