IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>　　　　Defendants. | C.A. No. 04-1371-JJF<br><br>**REDACTED** |

**POWER INTEGRATIONS' BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT OF NO INEQUITABLE CONDUCT RE U.S. PATENT NO. 6,249,876**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247) (marsden@fr.com)
Kyle Wagner Compton (#4693) (kcompton@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

Dated: October 24, 2007

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT.........................................................................................................1

    A. There Was No Public Disclosure of the '851 Patent Until February of 1999, Three Months After Power Integrations Filed the Application for the '876 Patent................................................2

    B. There is No Evidence of Inequitable Conduct...........................................3

III. CONCLUSION.......................................................................................................4

## TABLE OF AUTHORITIES

**CASES**   **PAGE**

*Sensonics Inc. v. Aerosonic Corp.*,
   81 F.3d 1566 (Fed. Cir. 1996) ............................................................................ 2

**STATUTES**

35 U.S.C. § 102(a) ............................................................................................. 1

Federal Rule of Civil Procedure 52 .................................................................... 1

I.  **INTRODUCTION**

On February 23, 2006, Fairchild filed its Amended Answer and Counterclaims (D.I. 198.) alleging, among other things, that Power Integrations' U.S. Patent No. 6,249,876 ("the '876 patent") was unenforceable due to inequitable conduct. Fairchild's sole basis for this allegation, pleaded "on information and belief," was the assertion that Power Integrations had made a public disclosure of the invention described in Power Integrations' U.S. Patent No. 6,107,851 ("the '851 patent") on September 2, 1997, and that the alleged public disclosure would be prior art to the '876 patent pursuant to 35 U.S.C. § 102(a). (D.I. 198 at ¶ 87).

During the pre-trial proceedings leading up to the September 17, 2007 validity trial in this matter, Fairchild did not include this contention in its list of issues or expected proofs. (D.I. 518.) Nor did Fairchild present any evidence or elicit any testimony, in either the validity trial or the inequitable portion of the trial, from any witness relating to the alleged prior public disclosure or the allegation of inequitable conduct based on that alleged disclosure. Indeed, Dr. Horowitz explicitly acknowledged that he had no opinions as to any alleged inequitable conduct related to the '876 patent. (Ex. 1 (9/24/07 Trial Tr.) at 160:22-161:2.)[1]

This complete absence of proof regarding the alleged unenforceability of the '876 patent is easily explained – the alleged public disclosure never happened. There is simply no evidence to support Fairchild's allegation and, in fact, the un-contradicted evidence from the sworn testimony of Mr. Balakrishnan establishes that no September 2, 1997 public disclosure occurred. Given this absence of evidence, Fairchild has not met and cannot meet its burden to prove inequitable conduct of the '876 patent by clear and convincing evidence, and Power Integrations is entitled to judgment accordingly under Federal Rule of Civil Procedure 52.

II.  **ARGUMENT**

In order to meet its burden to establish inequitable conduct on the facts of this case, Fairchild must provide clear and convincing evidence of two things: (1) that there was a failure

---

[1] All exhibit citations refer to the accompanying Declaration of Kyle Wagner Compton, unless noted otherwise.

1

by Power Integrations' inventors and/or attorneys to disclose prior art that was material to the patentability of one or more claims of the application leading to the '876 patent, and (2) that the failure to disclose this material prior art was made with the intent to deceive the Patent Office. *See Sensonics Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1571 (Fed. Cir. 1996). Because the sole "prior art" alleged by Fairchild never existed, Fairchild's contention that there was inequitable conduct in the prosecution of the '876 patent must be rejected.

    **A.**    **There Was No Public Disclosure of the '851 Patent Until February of 1999, Three Months After Power Integrations Filed the Application for the '876 Patent**

The invention disclosure form related to the invention embodied in the '851 patent is in evidence as PX-326. This form states that, with regard to the invention described, the "DATE OF DISCLOSURE TO OTHERS *IN THE COMPANY*" was "9-2-97". (Ex. 2 (PX-326) at PIF63314 (emphasis added).) During his deposition, one of the inventors of the '851 patent, Leif Lund, confirmed that the individuals listed on this disclosure form were all employees of Power Integrations. (Ex. 3 (8/15/05 Lund Tr.) at 55:10-57:4.) Thus, any suggestion that the "disclosure" of the invention on September 2, 1997 was to the public is simply wrong, and there is no evidence to support it.

Mr. Balakrishnan, another inventor on the '851 patent and Power Integrations' corporate designee pursuant to Rule 30(b)(6) on the subject of the first disclosure, confirmed that products embodying the '851 patent[2] were not disclosed to the public

**REDACTED**

---

[2] As explained in the '851 invention disclosure form (PX-326), the first embodiment of the invention was incorporated into what Power Integrations originally referred to as "TopSwitch-III". *See* Ex. 2 (PX-326) at PIF63315. Power Integrations later referred to this product as the "TopSwitch-FX," as discussed during the trial. Ex. 6 (10/2/2006 Trial Tr.) at 277:20-278:5.

[3]

**REDACTED**

In other words, as of the time the '876 invention disclosure form was prepared in August of 1998, Power Integrations had not publicly disclosed the earlier '851 invention.

**REDACTED**

        In fact, as Mr. Balakrishnan testified, there was no actual disclosure even as of the May 18, 1998 filing date of the application for the '851 patent, and therefore certainly no disclosure on the September 2, 1997 date asserted by Fairchild. (*Id.*) Fairchild has identified no evidence in its Amended Answer or responses to Power Integrations' discovery requests that contradicts this sworn testimony.[4]

        Fairchild's entire argument rests instead on the fact that

**REDACTED**

Fairchild has not identified any such evidence in this case.

**B.**    **There is No Evidence of Inequitable Conduct**

        As explained above, there was no public disclosure of the '851 invention on the September 2, 1997 date alleged by Fairchild, or indeed on any date prior to the filing of the '876

---

[4]  Indeed, Fairchild never questioned the other inventors on the '851 and '876 patents, Mr. Lund and Mr. Djenguerian, regarding this alleged disclosure.

3

patent application. As such, the "prior art" asserted by Fairchild as the basis of its inequitable conduct contention with respect to the '876 patent does not and never did exist. Fairchild has not claimed that any other alleged prior art to the '876 patent was "withheld" from the Patent Office.[5] Accordingly, Fairchild cannot meet its burden to prove by clear and convincing evidence that material prior art was not disclosed to the Patent Office during prosecution of the '876 patent, and Power Integrations is entitled to entry of judgment that no inequitable conduct occurred regarding the '876 patent.[6]

### III. CONCLUSION

Fairchild cannot meet its burden to prove inequitable conduct with respect to the '876 patent, and judgment should be entered in favor of Power Integrations on this claim forthwith. Power Integrations has filed this motion at the earliest possible time to ensure there is no delay in addressing Power Integrations' other post-trial motions, particularly in view of Fairchild's argument that its not yet adjudicated inequitable conduct claims allegedly prevent resolution of essentially all other post-trial issues. (*See* Ex. 8 (Guy ltr to Pollack of 10/19/2007).) Because there can be no question of inequitable conduct as to the '876 patent, and because Fairchild's willful infringement of the '876 patent alone provides sufficient grounds to support the entry of a permanent injunction and the other post-trial relief Power Integrations seeks, Power Integrations respectfully moves the Court to enter final judgment that the '876 patent is valid, infringed, and enforceable as soon as possible.[7]

---

[5] Power Integrations raised the lack of evidentiary support for Fairchild's inequitable conduct claim regarding the '876 patent with Fairchild, *see* Ex. 7 (Headley ltr. of 10/18/2007), but Fairchild has stated that it intends to pursue the claim, although it has not identified any evidence to justify maintaining the claim. *See* Ex. 8 (Guy ltr to Pollack of 10/19/2007).

[6] Because there was no withholding of material prior art, the Court need not reach the second requirement of proof of an intent to deceive. In view of the extensive testimony of Mr. Balakrishnan cited above, however, there is also no evidence of any intent to deceive the Patent Office.

[7] Of course, Power Integrations believes that its other three asserted patents are also free of any inequitable conduct. The number and scope of the allegations raised by Fairchild on those patents, however, and Power Integrations' inability at this time to know which, if any, of these many contentions Fairchild intends even to press, makes it difficult for Power Integrations to engage on these issues until Fairchild frames them in its opening brief.

4

| | |
|---|---|
| Dated: October 24, 2007 | FISH & RICHARDSON P.C.<br><br>By: /s/ *signature*<br>William J. Marsden, Jr. (#2247)<br>Kyle Wagner Compton (#4693)<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>Telephone: (302) 652-5070<br>Email: marsden@fr.com<br>Email: kcompton@fr.com<br><br>Frank E. Scherkenbach<br>225 Franklin Street<br>Boston, MA 02110-2804<br>Telephone: (617) 542-5070<br><br>Howard G. Pollack<br>Michael Headley<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Telephone: (650) 839-5070<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**POWER INTEGRATIONS, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2007, I electronically filed with the Clerk of Court POWER INTEGRATIONS' BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT OF NO INEQUITABLE CONDUCT RE U.S. PATENT NO. 6,249,876 using CM/ECF which will send electronic notification of such filing(s) to the following counsel.

| | |
|---|---|
| **BY HAND DELIVERY**<br>Steven J. Balick<br>John G. Day<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION, and third party<br>INTERSIL CORPORATION |
| **BY E-MAIL AND FEDERAL EXPRESS**<br>G. Hopkins Guy, III<br>Bas de Blank<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

/s/ Kyle Wagner Compton
Kyle Wagner Compton

50444674.doc