IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371-JJF |

**FAIRCHILD'S MOTION TO STRIKE THE DECLARATIONS
ACCOMPANYING POWER INTEGRATIONS'
MOTION FOR A PERMANENT INJUNCTION**

I.  **INTRODUCTION**

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") move to strike two declarations submitted by Plaintiff Power Integrations, Inc. ("PI") in support of its motion for a permanent injunction - the two-page declaration of one of its technical experts, Robert Blauschild, and the two-page declaration of its Vice President of Worldwide Sales, Bruce Renouard. The parties have met and conferred in an attempt to reach agreement on this issue, but have been unable to do so.

PI relies upon the Blauschild declaration in an attempt to enjoin 26 previously un-accused Fairchild products. PI, however, refuses to provide Fairchild with any discovery concerning Mr. Blauschild's declaration, preventing Fairchild from challenging the conclusory nature of PI's assertion. Indeed, Fairchild does not know even such basic information as which claims are allegedly infringed, or whether the declarant analyzed any details of the newly accused products.

PI has likewise refused to allow discovery regarding Mr. Renouard's conclusory declaration or the two documents attached to it. Without further discovery, it is particularly

1

necessary to strike this declaration because the attached exhibits are inadmissible hearsay.

Both declarations on their face are based on inadmissible hearsay or simply lack support. Until PI provides meaningful discovery, the conclusory declarations of Robert Blauschild and Bruce Renouard should be stricken from the record.

## II.     ARGUMENT

PI's motion for a permanent injunction seeks to enjoin not only the Fairchild products found to infringe at trial, but also "new products specifically identified by Power Integrations' technical expert." D.I. 565, p. 21. In support of its motion, PI submitted short, conclusory declarations from Robert Blauschild and Bruce Renouard. D.I. 568, D.I. 567.

Fairchild requested that PI provide discovery relating to the two declarations, so that Fairchild could evaluate the merits of PI's assertion. Ex. A (10/30/07 de Blank letter to Pollack and Headley). PI, however, refuses to provide discovery, instead maintaining that Fairchild's publicly available datasheets provide a sufficient basis to enjoin the 26 newly-accused products. Ex. B (11/5/07 letter from Headley to de Blank). Unable to reach any agreement, Fairchild brought the present motion.

### A.     The Declaration Of Robert Blauschild Should Be Stricken From The Record

Robert Blauschild is PI's expert witness on U.S. Patent Nos. 6,229,366, 6,249,876, and 6,107,851 (the "circuit patents.") D.I. 568, ¶1. Mr. Blauschild's declaration in support of PI's Motion for Permanent Injunction states that based on his review of some unidentified information, 26 previously un-accused Fairchild products "infringe one or more of the asserted claims of the '366, '851 and/or '876 patents...." D.I. 568, ¶5. PI, however, has refused to provide Fairchild with any discovery on this issue, preventing Fairchild from challenging the basis for Mr. Blauschild's and PI's assertion. Ex. B (11/5/07 letter from Headley to de Blank).

Fairchild cannot meaningfully respond to the new allegations raised in Mr. Blauschild's declaration without understanding the basis for his assertions. See, Tristrata Tech., Inc. v. INC Pharms., Inc., 314 F. Supp. 2d 356, 359 (D. Del. 2004) (granting Tristrata's motion to strike a declaration, in part, because "Tristrata [] had no opportunity to test the reliability of the

2

statements in the [] Declaration through discovery or cross-examination.") At a minimum, Fairchild is entitled to know which claims of which patents Mr. Blauschild alleges are infringed by these new products, how each product allegedly practices such claims, and how each product is not "colorably different" from the Fairchild products found to infringe. Fairchild is also entitled to know what materials Mr. Blauschild considered (and did not consider) in reaching his new opinion. Without such basic information, Mr. Blauschild's declaration is meaningless and entirely conclusory.

By refusing to provide relevant discovery, PI is severely prejudicing Fairchild's ability to respond meaningfully to its allegations. Mr. Blauschild's declaration, therefore, should be stricken from the record.

### B. The Declaration Of Bruce Renouard Should Be Stricken From The Record

Bruce Renouard is the Vice President of Worldwide Sales for PI. D.I. 567, ¶1. PI attaches two documents to his declaration. Id. PI, however, refuses to allow discovery regarding Mr. Renouard's declaration or the attached exhibits. Thus, the Renouard declaration should also be stricken. Tristata, 314 F. Supp. 2d at 359.

The first document attached to Mr. Renouard's declaration, a document that Mr. Renouard claims to have received "from a Fairchild engineer who requested an interview for a position at Power Integrations," is irrelevant to PI's motion for a permanent injunction. Id. ¶ 2. This document is entitled "Korean Charger Market," and purports to contain projected sales or shipment information for several companies, including PI, Fairchild, and others. Id. Significantly, ***PI never relies upon the Korean Charger Market document, or Mr. Renouard's statements concerning that document, in its Motion for Permanent Injunction***. It is therefore unclear why PI attaches it to Mr. Renourd's declaration in the first place. It serves no purpose other than to attempt to embarrass Fairchild by informing it that one of its employees has interviewed at PI and has possibly disclosed confidential information in the process.

At the very least, this document is hearsay, as it constitutes an out of court statement and is being offered for the truth of the matter being asserted. Fed. R. Evid. 801, 802. Moreover,

3

because PI has refused to provide any discovery relating to this document, Fairchild has no way to determine the meaning or accuracy of its contents or to challenge its authenticity. It is not clear who created this document (Fairchild, PI, or someone else), how it was created, when it was created, or the context in which it was created – for instance, whether the unnamed "Fairchild engineer" had any basis to project future sales for PI, Fairchild, RC, STM and "others".

The second document attached to Mr. Renourd's declaration, a purported copy of a June 22, 2007 weekly PI sales report, is rife with hearsay. D.I. 567 ¶ 3. This document was created by PI's Korean sales team, and purports to recount a conversation one of PI's customers had with one of PI's competitors. D.I. 567 ¶ 3. No PI employee was present during this alleged conversation. Mr. Renouard was not present for any of these conversations. This document is hearsay upon hearsay upon hearsay, and is therefore inadmissible. Fed. R. Evid. 801, 802. Even if PI could establish that a business record exception applies, that would cure only one level of hearsay. The document would still contain two levels of hearsay.

Despite the questionable nature of the contents of the weekly sales report, PI refuses to withdraw it. Fairchild cannot examine the veracity of its contents, determine the context in which it was created, or determine who specifically the alleged statements. If the competitor's statements are relevant to the issue of an injunction, Fairchild is entitled to obtain discovery relating to the actual conversation between the customer and alleged competitor.

As both documents relied upon by Mr. Renouard in his declaration are irrelevant, prejudicial, and based on hearsay, Mr. Renourad's declaration should be stricken from the record.

### III.   CONCLUSION

The Court should strike from the record the declarations of Robert Blauschild and Bruce Renouard in support of PI's Motion for a Permanent Injunction.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

---

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
Tiffany Geyer Lydon (I.D. 3950)
Lauren E. Maguire (I.D. 4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants
Fairchild Semiconductor International,
Inc. and Fairchild Semiconductor
Corporation*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: November 8, 2007
185728.1