I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter to each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| (Application Serial No.) | (Filing Date) | (Status: patented, pending, abandoned) |
|---|---|---|
| (Application Serial No.) | (Filing Date) | (Status: patented, pending, abandoned) |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Full name of
sole or first inventor:   KLAS H. EKLUND

Inventor's Signature:   _____   Date: 4/17/87

Residence:   243 Mistletoe Road
             Los Gatos, California  95030  CA

Citizenship:   Finland

                           243 Mistletoe Road
Post Office Address:   Los Gatos, California  95030

PIF 00029

041994

Applicant or Patentee:      KLAS H. EKLUND        Attorney's
Serial or Patent No.: _____      Docket No.: 520-01
Filed or Issued: _____
For:      HIGH VOLTAGE MOS TRANSISTORS

### VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS
### (37 CFR 1.9(f) and 1.27(c) – INDEPENDENT INVENTOR

As a below named inventor, I hereby declare that I qualify as an independent inventor
as defined in 37 CFR 1.9(c) for purposes of paying reduced fees under section 41(a)
and (b) of Title 35, United States Code, to the Patent and Trademark Office with
regard to the invention entitled     HIGH VOLTAGE MOS TRANSISTORS
described in

    [X]   the specification filed herewith
    [ ]   application serial no. _____ , filed _____
    [ ]   patent no. _____ , issued _____

I have not assigned, granted, conveyed or licensed and am under no obligation under
contract or law to assign, grant, convey or license, any rights in the invention to
any person who could not be classified as an independent inventor under 37 CFR 1.9(c)
if that person had made the invention, or to any concern which would not qualify as a
small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR
1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or
licensed or am under an obligation under contract or law to assign, grant, convey, or
license any rights in the invention is listed below:

    [x]   no such person, concern, or organization
    [ ]   persons, concerns or organizations listed below*

    *NOTE: Separate verified statements are required from each named
    person, concern or organization having rights to the invention averring
    to their status as small entities. (37 CFR 1.27)

FULL NAME     n/a
ADDRESS _____
    [ ] INDIVIDUAL     [ ] SMALL BUSINESS CONCERN     [ ] NONPROFIT ORGANIZATION

FULL NAME     n/a
ADDRESS _____
    [ ] INDIVIDUAL     [ ] SMALL BUSINESS CONCERN     [ ] NONPROFIT ORGANIZATION

FULL NAME     n/a
ADDRESS _____
    [ ] INDIVIDUAL     [ ] SMALL BUSINESS CONCERN     [ ] NONPROFIT ORGANIZATION

I acknowledge the duty to file, in this application or patent, notification of any
change in status resulting in loss of entitlement to small entity status prior to
paying, or at the time of paying, the earliest of the issue fee or any maintenance
fee due after the date on which status as a small entity is no longer appropriate.
(37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and
that all statements made on information and belief are believed to be true; and
further that these statements were made with the knowledge that willful false
statements and the like so made are punishable by fine or imprisonment, or both,
under section 1001 of Title 18 of the United States Code, and that such willful false
statements may jeopardize the validity of the application, any patent issuing
thereon, or any patent to which this verified statement is directed.

KLAS H. EKLUND
NAME OF INVENTOR          NAME OF INVENTOR          NAME OF INVENTOR

_____    _____    _____
Signature of Inventor       Signature of Inventor       Signature of Inventor
4/17/87
_____    _____    _____
Date                Date                Date

PIF 00030

041994

KLAS H. EKLUND

SS-520-01



Fig. 1

Fig. 2

Fig. 3

PIF 00031



Group 250

041994

KLAS H. EKLUND

SS-520-01

Fig-4

Fig-5

PIF 00032



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/041,994 | 04/29/87 | ERLUND | |

```
  ┌THOMAS E. SCHATZEL                    ┐
   3211 SCOTT BLVD., STE. 201
   SANTA CLARA, CA 95054-3093
  └                                      ┘
```

| EXAMINER |
|---|
| JACKSON |

| ART UNIT | PAPER NUMBER |
|---|---|
| 253 | 2 |

DATE MAILED: 12/07/97

This is a communication from the examiner in charge of your application.
**COMMISSIONER OF PATENTS AND TRADEMARKS**

☐ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made Final.

A shortened statutory period for response to this action is set to expire ___2___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENTS ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.   2. ☒ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.   4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474   6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _1 ~ 18_ are pending in the application.

Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1 ~ 18_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable;
☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additions or substitute sheet(s) of drawings, filed on _____
has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However,
the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are
corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO
EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
☐ been filed in parent application, serial no. _____ ; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7-82)    EXAMINER'S ACTION

PIF 00033

Serial No. 041,994                    -2-
Art Unit     253

On page 9 line 28 "72" should be —73—.

Claims 1, 2, 4-7, 16 are rejected under 35 U.S.C. 112, first and second paragraphs, as the claimed invention is not described in such full, clear, concise and exact terms as to enable any person skilled in the art to make and use the same, and/or for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The structure of claim 1 is indefinite. The language "being united in one structure" is vague and indefinite and does not clearly or concretely define the structure of applicant's invention. The terms "insulated gate FET" and "double sided JFET" are also broad and do not define applicant's invention. Claim 2 is confusing since lines 14-17 mimic lines 17-20. The other claims are rejected for dependence on 1 or 2.

The specification is objected to as failing to provide proper antecedent basis for the claimed subject matter. See 37 CFR 1.75(d)(1) and MPEP 608.01(o). Correction of the following is required: there is no proper antecedent in the specification for the process descriptions of claims 11, 13, 14, 17.

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless—.

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international

PIF 00034

Serial No. 041,994                    -3-

Art Unit      253

application by another who has fulfilled the
requirements of paragraphs (1), (2), and (4) of
section 371(c) of this title before the invention
thereof by the applicant for patent.

Claims 1-3, 5-9, 11, 12, 16 rejected under 35
U.S.C. 102(e) as anticipated by or, in the alternative,
under 35 U.S.C. 103 as obvious over Colak.

Colak shows a DMOS device wherein layer 16 may per-
form the function of a JFET gate "on top of" an extended
drain region 14 in the embodiment of figs. 2B or 2C.
Substrate layer 12 may act as the other gate of the
JFET. Clearly claim 1 does not distinguish over Colak.
Note that mere labels as "JFET" do not structurally
distinguish the claims over Colak since the structure of
Colak may be labeled an IGFET in series with a double
sided JFET as shown above. Claim 2 also does not
distinguish over Colak since the claimed structure is
shown in Colak and the intended use language "whereby
current flow..." in claim 2 does not structurally
distinguish over Colak and furthermore Colak's device
may perform the same intended function. See In re
Pearson 181 USPQ 642 or Ex parte Minks 169 USPQ 120 on
statements of intended use in claims drawn to structure
as we have here. Similarly claim 3 does not distinguish
over Colak. Claim 5 is a product by process claim which
does not structurally distinguish applicant's final pro-
duct over Colak.

A "product by process" claim is directed to the
product per se, no matter how actually made, In re
Hirao, 190 USPQ 15 at 17 (footnote 3). See also In re
Brown, 173 USPQ 685; In re Luck, 177 USPQ 523; In re

PIF 00035

Serial No. 041,994                    -4-

Art Unit    253

Fessmann, 189 USPQ 324; In re Avery, 186 USPQ 161; In re Wertheim, 191 USPQ 90 (209 USPQ 554 does not deal with this issue); and In re Marosi et al, 218 USPQ 289, all of which make it clear that it is the patentability of the final product per se which must be determined in a "product by process" claim, and not the patentability of the process, and that, as here, an old or obvious product produced by a new method is not patentable as a product, whether claimed in "product by Process" claims or not. Note that applicant has the burden of proof in such cases, as the above caselaw makes clear.

Claim 6 also is undistinguishing over Colak since the thickness of layer 16 is a design variable and 1 micron thickness would not be unobvious to one of ordinary skill in view of Colak. Similarly, in re claim 7 a dopant density of greater than $5 \times 10^{16}/cc$ would not be unobvious for the doping density of layer 16 of Colak. Claims 8, 9 also are obvious over Colak. Claims 11, 12 are product by process claims which also do not distinguish the final product over Colak. Claim 16 also does not distinguish over Colak as "floating" is vague and undistinguishing.

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Subject matter developed by another person, which qualifies as prior art only under subsection (f) and (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at

PIF 00036

Serial No. 041,994                                    -5-

Art Unit    253

the time the invention was made, owned by the same
person or subject to an obligation of assignment to
the same person.

Claims 4, 10, 13-15, 17 and 18 rejected under 35
U.S.C. 103 as being unpatentable over Colak in view of
Thomas.

Thomas shows the obvious of providing low voltage
and high voltage devices on the same substrate. It
would be obvious from Thomas to practice Colak as CMOS
or with other devices. Claim 4 is hence obvious. In re
claims 10, 13, 15 "well" regions are also obvious from
Thomas. Claims 14, 17 also are product by process
claims which do not distinguish the final product over
the suggestions of the references on final structure.
Claim 18 also does not distinguish over the suggestions
of Colak in view of Thomas.

Any inquiry concerning this communication should be
directed to J. Jackson at telephone number 703-557-4824.

Jackson/EW
12-2-87

SUPERVISORY PATENT EXAMINER
GROUP ART UNIT 253

PIF 00037

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892 REV. 3-78 | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 041994 | GROUP ART UNIT 253 | ATTACHMENT TO PAPER NUMBER 2 |
|---|---|---|---|---|

NOTICE OF REFERENCES CITED

APPLICANT(S): Eklund.

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| A | 4626879 | 12/86 | Colak | 357 | 23.8 | 12/82 |
| B | 4628371 | 12/86 | Thomas | 357 | 23.8 | 9/85 |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |
| F | | | | | | |
| G | | | | | | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT DATE | PG. SPEC. DWG. |
|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | |
| M | | | | | | | | |
| N | | | | | | | | |
| O | | | | | | | | |
| P | | | | | | | | |
| Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER J. Jackson | DATE 11/87 |
|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

PIF 00038

PTO-948
(Rev. 8-82)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

ATTACHMENT TO
PAPER NUMBER    2

GROUP 250

O.R.   41991

## NOTICE OF PATENT DRAWINGS OBJECTION

*Drawing Corrections and/or new drawings may only be
submitted in the manner set forth in the attached letter,
"Information on How to Effect Drawing Changes" PTO-1474.*

A. ☑ The drawings, filed on _1/24/89_ , are objected to as informal for reason(s)
checked below:

1. ☐ Lines Pale.

2. ☐ Paper Poor.

3. ☒ Numerals Poor.

4. ☒ Lines Rough and Blurred.
   FIG 1-5

5. ☐ Shade Lines Required.

6. ☐ Figures Must be Numbered.

7. ☐ Heading Space Required.

8. ☐ Figures Must Not be Connected.

9. ☐ Criss-Cross Hatching Objectionable.

10. ☐ Double-Line Hatching Objectionable.

11. ☐ Parts in Section Must Be Hatched.

12. ☒ Solid black Objectionable.

13. ☐ Figure Legends Placed Incorrectly.

14. ☐ Mounted Photographs.

15. ☒ Extraneous Matter Objectionable.
    [37 CFR 1.84 (I)]
    BORDER LINES

16. ☐ Paper Undersized; either 8½" x 14",
    or 21.0 cm x 29.7 cm required.

17. ☐ Proper A4 Margins Required:
    ☐ TOP 2.5 cm.    ☐ RIGHT 1.5 cm.
    ☐ LEFT 2.5 cm.   ☐ BOTTOM 1.0 cm.

18. ☐ Other:

B. ☒ The drawings, submitted on _1/24/89_ , are so informal they cannot be
corrected. New drawings are required. Submission of the new drawings MUST be
made in accordance with the attached letter.

PIF 00039



PATENT

RECEIVED

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Klas H. Eklund                Group Art Unit: 253

Serial No.: 07/041,994                    Examiner: J. Jackson

Filed    : 04-24-87                       Attorneys Docket No.:
                                          88-520-01

For      : HIGH VOLTAGE MOS TRANSISTORS

COMMISSIONER OF PATENTS              Date of this Paper:
   & TRADEMARKS
Washington, D.C. 20231                    April 7, 1988

## AMENDMENT

In response to the U.S. Patent Office Action mailed December 7,
1987 (Paper No. 2), please amend this application as follows:

In the Specification

Page 1, line 26, change "of" to --on--;

Page 9, line 15, insert the following paragraph:

--It should be noted that the term "substrate" refers to the
physical material on which a microcircuit is fabricated. If a
transistor is fabricated on a well of n or p type material within a
primary substrate of opposite type material, the well material can be
considered a secondary substrate. Similarly, if a transistor is
fabricated on an epitaxial layer or epi-island that merely supports and
insulates the transistor, the epitaxial layer or epi-island can be
considered a secondary substrate. An epi-island is a portion of an
epitaxial layer of one conductivity type that is isolated from the
remaining portion of the epitaxial layer by diffusion pockets of an
opposite conductivity type. When complimentary transistors are formed
on the same chip, the well in which one complimentary transistor is
embedded is formed by the same diffusion as the extended drain region
for the other transistor.--

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to the
Commissioner of Patents and Trademarks, Wash-
ington, D.C. 20231, on    4-7-88
                          Date of Deposit

Thomas E. Schatzel
                          Signature   4/7/88

PIF 00040

Page 9, line 28, change "72" to —73—.

In the Claims

Cancel claims 1-5 and 8-18.

Add new claims 19-23 as follows:

19.  A high voltage MOS transistor comprising:

a semiconductor substrate of a first conductivity type having a surface,

a pair of laterally spaced pockets of semiconductor material of a second conductivity type within the substrate and adjoining the substrate surface,

a source contact connected to one pocket,

a drain contact connected to the other pocket,

an extended drain region of the second conductivity type extending laterally each way from the drain contact pocket to surface-adjoining positions,

a layer of material of the first conductivity type on top of an intermediate portion of the extended drain region between the drain contact pocket and the surface-adjoining positions,

said top layer of material and said substrate being subject to application of a reverse-bias voltage,

an insulating layer on the surface of the substrate and covering at least that portion between the source contact pocket and the nearest surface-adjoining position of the extended drain region, and

a gate electrode on the insulating layer and electrically isolated from the region thereunder which forms a channel laterally between the source contact pocket and the nearest surface-adjoining position of the extended drain region, said gate electrode controlling by field-effect the flow of current thereunder through the channel.

26. The high voltage MOS transistor of claim 19 having one channel conductivity type in combination with a complementary high voltage MOS transistor of an opposite channel conductivity type combined on the same chip and isolated from each other.

27. The high voltage MOS transistor of claim 19 combined on the same chip with a low voltage CMOS implemented device.

28. The combination of claim 27 further including, a complementary high voltage MOS transistor, and a complementary low voltage CMOS implemented device on the same chip and isolated from each other.

29. A high voltage MOS transistor comprising:

a semiconductor substrate of a first conductivity type having a surface,

a pair of laterally spaced pockets of semiconductor material of a second conductivity type within the substrate and adjoining the substrate surface,

a source contact connected to one pocket,

an extended source region of the second conductivity type extending laterally each way from the source contact pocket to surface-adjoining positions,

a layer of material of the first conductivity type on top of an intermediate portion of the extended source region between the surface-adjoining positions,

said top layer and said substrate being subject to application of a reverse-bias voltage,

a drain contact connected to the other pocket,

PIF 00042

i) an extended drain region of the second conductivity type extending laterally each way from the drain contact pocket to surface-adjoining positions,

a layer of material of the first conductivity type on top of an intermediate portion of the extended drain region between the drain contact pocket and the surface-adjoining positions,

said top layer of material and said substrate being subject to application of a reverse-bias voltage,

an insulating layer on the surface of the substrate and covering at least that portion between the nearest surface-adjoining positions of the extended source region and the extended drain region, and

a gate electrode on the insulating layer and electrically isolated from the region thereunder which forms a channel laterally between the nearest surface-adjoining positions of the extended source region and the extended drain region, said gate electrode controlling by field-effect the current flow thereunder through the channel.

Amend the claims as follows:

Claim 6, line 1, change "5" to --19--; and

Claim 7, line 1, change "5" to --19--.

## REMARKS

The specification has been amended to correct minor errors and to provide an antecedent basis in the specification for epitaxial layer and epi-island mentioned in former claims 11 and 13.

This invention relates to high voltage, metal oxide semiconductor transistors of the field effect type. There is a need for more efficient transistors which can be made as either discrete or integrated devices of either n-channel or p-channel conductivity. The

PIF 00043

integrated devices should be easily combined with low voltage (five
volt) control logic on the same chip. Devices of opposite conductivity
should be combinable in a complimentary manner on the same chip. Such
transistors, with modifications, should be capable of source-follower
applications.

    The applicant has disclosed a novel and unobvious high voltage MOS
transistor having a low threshold voltage that is compatible with five
volt control logic and a low ON-resistance. This transistor can be
made as either discrete or integrated devices of either n-channel or
p-channel conductivity. The high voltage MOS transistors can be
modified for source-follower applications by providing both extended
source regions and extended drain regions. These transistors are
formed on a substrate of a first conductivity type having a surface. A
pair of laterally spaced pockets of semiconductor material of a second
conductivity type are provided within the substrate and adjoining the
substrate surface. A source contact is connected to one pocket and a
drain contact is connected to the other pocket. An extended drain
region of a second conductivity type extends laterally each way from
the drain pocket to surface-adjoining positions. A layer of material
of the first conductivity type is provided on top of an intermediate
portion of the extended drain region between the drain contact pocket
and the surface-adjoining positions. The top layer of material and the
substrate are subject to application of a reverse-bias voltage. None
of the cited references show such structure.

    Colak, U.S. Patent No. 4,626,879, shows a DMOS transistor suitable
for source follower applications. This device has a substrate with
three epitaxial layers formed thereon. A surface-adjoining channel
region is diffused into the epitaxial layers and a source region is
diffused into the channel diffusion above the channel region. A drain
region is diffused into the top epitaxial layer. An extended drain

PIF 00044

region is formed from a portion of the top epitaxial layer between the drain region and the channel region. The top and bottom epitaxial layers are interconnected, and the bottom layer may operate as a parallel extended drain region between the connection points. The intermediate epitaxial layer may operate as an extended drain region in a dual-gate/dual-drain structure wherein all three epitaxial layers contribute to device conductivity for achieving optimum normalized "ON" resistance.

Thomas, U.S. Patent No. 4,628,341 shows an integrated circuit structure that includes both low-voltage n-channel and p-channel MOS transistors and high voltage n-channel and p-channel MOS transistors.

The claims are now clearly distinguished from the cited references. New claim 19 recites "an extended drain region of the second conductivity type extending laterally each way from the drain contact pocket to surface-adjoining positions, a layer of material of the first conductivity type on top of an intermediate portion of the extended drain region between the drain contact pocket and the surface-adjoining positions". When high voltage n-channel and p-channel devices are combined on the same chip with low voltage control logic, this structure isolates the devices from each other. Claim 19 also provides for a pair of laterally spaced source and drain contact pockets within the substrate as is customary for conventional MOS transistors and is thus, distinguished from DMOS devices which require a higher threshold voltage. The structure of claim 19 enables a lower threshold voltage, compatibility with five volt control logic, and eliminates the need for an additional power supply and interface circuit.

Claims 20-22 and claims 6-7 depend directly or indirectly from claim 19 and thus, can be distinguished for the same reasons as claim 19.

PIF 00045

Claim 23 is directed to the transistor, shown in Fig. 5 of the drawings, that has been modified for source-follower applications by providing both extended source and drain regions. Top layers cover intermediate portions of the extended source and drain regions. The top layers and substrate are subject to application of a reverse-bias voltage.

Accordingly, claims 6-7 and 20-23 are patentably distinct from the cited references and allowance of these claims is requested.

If the Examiner is of the opinion that a telephone conference with applicant's attorney would expedite matters, such a conference is invited.

Respectfully submitted,

Reg. No. 22,611                    By _Schatzel_
                                      Thomas E. Schatzel

LAW OFFICES OF THOMAS E. SCHATZEL
A Professional Corporation
3211 Scott Boulevard, Suite 201
Santa Clara, California  95054
Telephone:  (408) 727-7077

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail to an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on 4-7-88

Thomas E. Schatzel
_Schatzel_ 4/7/88

PIF 00046

# *5.00 - 216 - *4253

PATENT

Case Docket No. CSS-020-01

Date: April 7, 1988

In re application of: Klas H. Eklund

Serial No.: 07/041,994

Filed: April 24, 1987

For: HIGH VOLTAGE MOS TRANSISTORS

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Sir:

Transmitted herewith is an Amendment in the above-identified application.

☐ No additional fee is required.    ☒ Two Month Extension Fee Enclosed.
                                        ($85.00)

☐ Additional fee calculated as follows:

### CLAIMS AS AMENDED

| | Claims remaining after amendment | | Highest number previously paid for | Present extra | Rate | Addtnl. Fee |
|---|---|---|---|---|---|---|
| Total Claims | _____ | Minus | _____ | * | x $12.00 | = _____ |
| Indep. Claims | _____ | Minus | _____ | * | x $34.00 | = _____ |

Additional Fee Due $ _____

☒ A verified statement claiming small entity status.  ☒  has been filed;
   _____ is attached. The fee due is fifty percentum of the above.

Fee Due $ _____

☒ A check in the amount of $ 85.00 _____ is attached. (Two Month Extension I

☒ Any additional fees may be charged to Deposit Account No. 19-0310. A duplicate
   of this transmittal is attached.

Respectfully submitted,

By: _____
    Reg. No.: 22,617

Attorney For Applicant
040 04/13/88 041994

Law Offices of THOMAS E. SCHATZEL
A Professional Corporation
3211 Scott Boulevard Suite 201
Santa Clara, CA 95054
(408) 727-7077

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Wash-
ington, D.C. 20231, on _____ (date of deposit)

Thomas E. Schatzel
_____
(Signature)    (Date)

PIF 00047

Serial No.: 07/041,994
Filed:      )4-24-87
Attnys. Docket No.: SS-520-01                    PATENT

CONDITIONAL PETITION FOR EXTENSION OF TIME

If any extension of time for this response is required
applicant requests that this be considered a petition
therefor.

Status

This application is on behalf of:

____  other than a small entity

                    ____  verified statement attached

   X   small entity

                    X   verified statement already
                        filed

Payment of fees

   X   The Commissioner is hereby authorized to charge any
       additional fees as set forth in 37 C.F.R. 1.16 and 1.17
       which may be required or credit any overpayment to Account
       No. 19-0310.  A duplicate of this transmittal is attached.

                        also
NOTE:  Please _____  charge issues fees under 37 C.F.R. 1.18
                 X  do not

to Account No. 19-0310.

Reg. No.  22,611                    _____
                                    Attorney for Applicant


Telephone: (408) 727-7077          Law Offices of Thomas E. Schatzel
                                   A Professional Corporation
                                   3211 Scott Boulevard, Suite 201
                                   Santa Clara, California 95054

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to
Commissioner of Patents and Trademarks, Wash-
ington, D.C. 20231, on  8-7-88
                        [Date of Deposit]
Thomas E. Schatzel

_____  9/7/88
[Signature]              [Date]

PIF 00048



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/041,994 | 04/24/87 | EKLUND | K | SS-520-01 |

THOMAS E. SCHATZEL
3211 SCOTT BLVD., STE. 201
SANTA CLARA, CA 95054-3093

| EXAMINER |
|---|
| JACKSON JR, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 253 | 4 |

DATE MAILED: 06/17/88

This is a communication from the examiner in charge of your application.
**COMMISSIONER OF PATENTS AND TRADEMARKS**

☒ This application has been examined  ☒ Responsive to communication filed on 4/11/88  ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _3_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.  35 U.S.C. 133

**Part I**    THE FOLLOWING ATTACHMENTS ARE PART OF THIS ACTION:

1. ☒ Notice of References Cited by Examiner, PTO-892.   2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.   4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474   6. ☐ _____

**Part II**    SUMMARY OF ACTION

1. ☒ Claims _6,1, A-23_ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _6,7, 19-23_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7-82)          EXAMINER'S ACTION          PIF 00049

Serial No. 041,994                    -2-

Art Unit 253

The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 102 that form the basis for the
rejections under this section made in this Office
action:

A person shall be entitled to a patent unless—

(e) the invention was described in a patent granted
on an application for patent by another filed in
the United States before the invention thereof by
the applicant for patent, or on an international
application by another who has fulfilled the
requirements of paragraphs (1), (2), and (4) of
section 371(c) of this title before the invention
thereof by the applicant for patent.

Claims 19, 6, 7 are rejected under 35 U.S.C. 102

(e) as anticipated by or, in the alternative, under 35

U.S.C. 103 as obvious over Colak.

Claim 19 still does not distinguish over Colak.

See figures 1, 2B and 2C of Colak where 22 and 24 define

"pockets", layers 18 and 14 form an "extended drain"

which extends to the surface "each way" from the drain

contact 24, layer 16 defines a layer of material of

first conductivity type "on top of" extended drain layer

14, and layer 16 and substrate 12 are subject to appli-

cation of a reverse bias voltage during operation of the

device. Note that layer 16 is connected to the source

and the substrate is reverse biased through SS. Thus

claim 19 does not distinguish over Colak. Claim 5 is

undistinguishing since Colak teaches a layer 16

thickness of 2 micron for 400 V operation, however, for

lower voltage operation design layer 16 would be

thinner, and 1 micron thickness is thus an obvious

design variant to the artist. Similarly, to the

artist, the design of claim 7 is obvious in view of

Colak who teaches $10^{16}/cm^3$ for layer 16.

PIF 00050

Serial No. 041,994                     -3-

Art Unit 253

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Subject matter developed by another person, which qualifies as prior art only under subsection (f) and (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Claims 20-23 are rejected under 35 U.S.C. 103 as being unpatentable over Colak in view of Thomas.

As stated in the previous rejection, Thomas shows that high voltage fet devices (as Colak) are advantageously formed complementary and also integrated with low voltage devices. Hence claims 20-22 are obvious.

Claim 23 is rejected under 35 U.S.C. 103 as being unpatentable over Sze.

Colak teaches punch through and avalanche protection layer 16 for a DMOS device. To one of ordinary skill it would have been obvious to practice the teachings of Colak in other MOS devices as ordinary fets as shown in Sze. Note figures 3, 51 or 52 of Sze where the source or drain are structurally similar and their function is dependent on the particular voltage applied. Hence, to the artist it would be obvious to apply the

PIF 00051

Serial No. 041,994                          -4-

Art Unit 253


teachings of Colak to symmetrical ordinary fets as shown

in Sze to provide higher voltage operation.

    Applicant's arguments filed April 11, 1988 have

been fully considered but they are not deemed to be per-

suasive.

    Applicant's argument that Colak does not show a

drain "extending laterally each way" from the drain is

not convincing as shown in the above rejection.

    Clearly there is drain material 18 on each side of

pocket 24.

    Applicant's amendment necessitated the new grounds
of rejection.  Accordingly, THIS ACTION IS MADE FINAL.
See MPEP 706.07(a).

    Applicant is reminded of the extension of time
policy set forth in 37 CFR 1.136(a).  The practice of
automatically extending the shortened statutory period
an additional month upon the filing of a timely first
response to a final rejection has been discontinued by
the Office.  See 1021 THOG 35.

    A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS
FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE
OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED
WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL
ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER
THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD,
THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE
DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION
FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM
THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT
WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN
SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

    Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to J. Jackson whose telephone number is (703)
557-4824.

    Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3311.


J. Jackson:klw

6-15-88

(703) 557-4824

SUPERVISORY PATENT EXAMINER
GROUP ART UNIT 253

PIF 00052

TO SEPARATE, M** D TOP AND BOTTOM EDGES, SNAP-APART AND C 'CARD CARBON

| FORM PTO-892 (REV. 2-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE NOTICE OF REFERENCES CITED | SERIAL NO. 09/1894 | GROUP ART UNIT 253 | ATTACHMENT TO PAPER NUMBER 4 |
|---|---|---|---|---|
| | | APPLICANT(S) Ehlund | | |

## U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| A | | | | | | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |
| F | | | | | | |
| G | | | | | | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG. |
|---|---|---|---|---|---|---|---|
| L | | | | | | | |
| M | | | | | | | |
| N | | | | | | | |
| O | | | | | | | |
| P | | | | | | | |
| Q | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | Sze, Physics of Semiconductor Devices Wiley & Sons N.Y. ©1981 pp 731-738, 786-791 |
| S | |
| T | |
| U | |

| EXAMINER J. Jackson | DATE 6/88 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

PIF 00053



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 87/041,994 | 04/24/87 | EKLUND          K | 86-520-01 |

THOMAS E. SCHATZEL
3211 SCOTT BLVD., STE. 201
SANTA CLARA, CA 95054-3093

| EXAMINER |
|---|
| JACKSON JR., J |
| ART UNIT | PAPER NUMBER |
| 259 | 5 |
| DATE MAILED: |

### EXAMINER INTERVIEW SUMMARY RECORD

08/11/88

All participants (applicant, applicant's representative, PTO personnel):

(1) Jack Edwards (3) Klas A. Eklund

(2) Thomas E. Schatzel (4) Jerome Jackson

Date of Interview 10 August 1988

Type: ☒ Telephonic  ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No. If yes, brief description_____

Agreement ☒ was reached with respect to some or all of the claims in question. ☐ was not reached.

Claims discussed: all

Identification of prior art discussed: Colak

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: New amendments to the claims to be submitted distinguishing applicant's channel structure and surface adjoining layer 27 over Colak.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1—7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

*Jerome Jackson Jr.*
Examiner's Signature

PTOL-413 (rev. 1-84)

### ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

PIF 00054

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Klas H. Eklund            Group Art Unit: 253

Serial No.: 07/041,994                Examiner: J. Jackson, Jr.

Filed    : April 24, 1987             Attorneys Docket No.:
                                      SS-528-01

For      : HIGH VOLTAGE MOS TRANSISTORS


ATTENTION: BOX A.F.

COMMISSIONER OF PATENTS               Date of this Paper:
    & TRADEMARKS
Washington, D.C.  20231                Augnst 12, 1988


AMENDMENT AFTER FINAL

   In response to the U.S. Patent Office Action mailed June 17, 1988
(Paper No. 4), please amend this application as follows:

In the Claims

   Claim 19, line 12, before "layer" insert --surface adjoining--;

             line 22, before "region" insert --substrate--.

   Claim 20, line 2,  change "complimentary" to --complementary--.

   Claim 22, line 2,  change "complimentary" to --complementary--;

             line 3,  change "complimentary" to --complementary--.

   Claim 23, line 9,  delete "a";

             line 10, change "position" to --positions--;

             line 11, before "layer" insert --surface adjoining--;

             line 18, delete "a";

             line 20, before "layer" insert --surface adjoining--;

             line 30, before "region" insert --substrate--.


-1-

PIF 00055

REMARKS

The applicant appreciates the telephone interview on August 10, 1988, courteously granted by the Examiner.

Claim 19, as amended, now provides for an extended drain region of the second conductivity type extending laterally each way from the drain contact pocket to surface-adjoining positions and a surface adjoining layer of material of the first conductivity type on top of an intermediate portion of the extended drain region between the drain contact pocket and the surface-adjoining positions. The layer 16 of Colak is not surface-adjoining but is buried under layer 18. There is no layer of material of the first conductivity type on top of layer 18. Colak's layer 16 extends from beneath the drain contact pocket 24 to the channel region 20, and thus, is not between the drain contact pocket and the surface adjoining positions of the extended drain region.

Claim 19 also provides for the top layer of material and the substrate being subject to application of a reverse-bias voltage. Thus, the top layer and the substrate act as gates for controlling current flow through the extended drain region between the surface adjoining positions and the drain contact pocket. This structure can be considered a double-sided, junction-gate field-effect transistor (JFET). Colak shows a layer 14 intermediate a layer 16 and a substrate 12 that are subject to application of a reverse-bias voltage. Though this structure of Colak could be considered a double-sided JFET, layer 16 is not surface-adjoining as defined in claim 19. Colak's double-sided JFET is buried under layer 18 which is connected in parallel with layer 14 by semiconductor zones 16c, 16d. Layer 16 also acts as a gate for layer 18 so that layers 16 and 18 could be considered a single-sided JFET. Thus, the extended drain of Colak includes the single-sided JFET connected in parallel with the double-

-2-

PIF 00056

sided JFET thereunder. Both the extended drain structure of claim 19
and Colak's drain structure have relatively high voltage capability.
However, it is desirable to control the high voltage with relatively
low voltage.

Claim 19 further provides for a substrate having a surface, an
insulating layer on the surface of the substrate covering at least that
portion between the source contact pocket and the nearest surface-
adjoining position of the extended drain region, and a gate electrode
on the insulating layer electrically isolated from the substrate region
thereunder which forms a channel laterally between the source contact
pocket and the nearest surface-adjoining position of the extended drain
region. Thus, claim 19 is limited to a MOS or MOSFET structure, while
Colak shows a D-MOS device. The MOSFET structure has a lower threshold
voltage than a D-MOS device (0.7 volts compared to two - four volts for
the D-MOS device) and thus, is directly compatible with five volt
logic. D-MOS devices usually require an additional power supply of ten
to fifteen volts for driving the gate. The MOSFET structure has less
on-resistance and thus, further reduces the total on-resistance of the
combined structure (MOSFET plus double-sided JFET).

Claim 19 is directed to the structural combination of a
double-sided JFET and a MOSFET so that a high voltage transistor can be
controlled with relatively low voltage. Thus, claim 19 is patentably
distinct over Colak.

Claims 20-22 and claims 6-7 depend directly or indirectly from
claim 19 and are thus patentably distinct from Colak for the same
reasons as claim 19. While Thomas shows that high voltage FET devices
are advantageously formed complementary and also integrated with low
voltage devices, claims 20-22 are limited to transistors having the
structure as defined in claim 19. This structure facilitates isolation
of complementary high voltage devices and low voltage, C-MOS

-3-

PIF 00057

implemented devices on the same chip. Isolation of the epitaxial layers shown by Colak from corresponding layers of a complementary device would be difficult.

Claims 6 and 7 include further limitations on the depth of the top layer and the doping density thereof. The depth is one-half or less than that disclosed by Colak for layer 16 and the doping density is at least five times greater. Furthermore, Colak's layer 16 is not similarly situated as the top layer of claim 19, and thus, is not comparable. Thus, claims 6 and 7 are patentably distinct from Colak for the same reasons as claim 19 and for the further limitations therein.

Claim 23 is directed to the transistor 63, shown in Fig. 5, that is suitable for source follower applications. This claim contains limitations similar to claim 19 for the MOSFET structure and the double-sided JFET about the drain contact pocket. It further includes structural limitations for a double-sided JFET about the source contact pocket. While the book by Sze discloses MOSFET structures having sources and drains that are similar to each other, such sources and drains are not similar to the double-sided JFET structures disclosed by the applicant and specifically claimed structurally in claim 23. Thus, claim 23 is patentably distinguished from Sze.

Should the Examiner be of the opinion that a telephone conference with applicant's attorney would be beneficial, he is invited to contact the undersigned at the number set out below.

Respectfully submitted,

By _____
         Thomas E. Schatzel

Reg. No. 22,611

LAW OFFICES OF THOMAS E. SCHATZEL,
A Professional Corporation
3211 Scott Boulevard, Suite 201
Santa Clara, California 95054
Telephone: (408) 727-7077

-4-

PIF 00058

PATENT

HAND CARRIED TO PTO                     Case Docket No. SS-520-01

                                        Date  August 12, 1988

In re application of:  Klas H. Eklund

Serial No.:            07/041,994

Filed:                 April 24, 1987

For:                   HIGH VOLTAGE MOS TRANSISTORS

ATTN: BOX A.F.
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C.  20231

Sir:

    Transmitted herewith is an Amendment After Final for the above
    application.

[X]  No additional fee is required.

[ ]  Additional fee calculated as follows:

| | | | CLAIMS AS AMENDED | | | |
|---|---|---|---|---|---|---|
| | Claims remaining after amendment | | Highest number previously paid for | Present extra | Rate | Addtnl. Fee |
| Total Claims | _____ | Minus | _____ = | _____ x | $12.00 | = _____ |
| Indep. Claims | _____ | Minus | _____ = | _____ x | $34.00 | = _____ |

                                              Additional Fee Due  $ _____

[X]  A verified statement claiming small entity status  __x__  has been filed;
     _____ is attached. The fee due is fifty percent of the above.

                                                  Fee Due  $ _____

[ ]  A check in the amount of $ _____ is attached.

[X]  Any additional fees may be charged to Deposit Account No. 19-0310.  A duplicate
    of this transmittal is attached.

                          Respectfully submitted,

                        By _____
                        Reg. No.: 22,611

             Attorney For Applicant

Law Offices of THOMAS R. SCHATZEL
A Professional Corporation
3211 Scott Boulevard Suite 201
Santa Clara, CA  95054
(408) 727-7077

PIF 00059

PATENT

CONDITIONAL PETITION FOR EXTENSION OF TIME

If any extension of time for this response is required applicant requests that this be considered a petition therefor.

Status

. This application is on behalf of:

___ other than a small entity

_____ · verified statement attached

__x__ small entity

__x__ verified statement already filed

Payment of fees

__X__ The Commissioner is hereby authorized to charge any additional fees as set forth in 37 C.F.R. 1.16 and 1.17 which may be required or credit any overpayment to Account No. 19-0310. A duplicate of this transmittal is attached.

NOTE: Please _____ also charge issues fees under 37 C.F.R. 1.18
               __X__ do not
to Account No. 19-0310.

Reg. No. __22,611__

Attorney for Applicant

Telephone: (408) 727-7077        Law Offices of Thomas E. Schatzel
                                 A Professional Corporation
                                 3211 Scott Boulevard, Suite 201
                                 Santa Clara, California 95054

PIF 00060



UNITED STATE'  'PARTMENT OF COMMERCE
Patent and Trade.  .nt Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/041,994 | 04/24/87 | FIGLIND | K    SG-520-01 |

```
┌─                                        ─┐
  THOMAS E. SCHATZEL
  3211 SCOTT BLVD., STE. 201
  SANTA CLARA, CA 95054-3093
└─                                        ─┘
```

| EXAMINER |
|---|
| JACKSON JR., J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 253 | 7 |

DATE MAILED:    5-25-88
                88/16/89

## NOTICE OF ALLOWABILITY

PART I.

1. ☒ This communication is responsive to _Amend B 3/15/88_

2. ☒ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.

3. ☒ The allowed claims are _6, 7, 19-23_

4. ☐ The drawings filed on _____ are acceptable.

5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [_] been received. [_] not been received. [_] been filed in parent application Serial No. _____ filed on _____

6. ☐ Note the attached Examiner's Amendment.

7. ☐ Note the attached Examiner Interview Summary Record, PTOL-413.

8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.

9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.

10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

PART II.

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

2. ☒ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.

   a. ☒ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _3_. CORRECTION IS REQUIRED.

   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.

   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.

   d. ☐ Formal drawings are now REQUIRED.

Any response to this letter should include, in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments
- Examiner's Amendment
- Examiner Interview Summary Record, PTOL-413
- Reasons for Allowance
- Notice of References Cited, PTO-892
- Information Disclosure Citation, PTO-1449
- Notice of Informal Application, PTO-152
- Notice re Patent Drawings, PTO-948
- Listing of Bonded Surfaces
- Other

_90_

SUPERVISORY ____
GROUP ART ___

PTOL-37 (REV. 5-85)

PTOL-85 (REV #3)



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

## NOTICE OF ALLOWANCE
## AND ISSUE FEE DUE

THOMAS E. SCHATZEL
3211 SCOTT BLVD., STE. 201
SANTA CLARA, CA 95054-3093

All communications regarding this
application should give the serial
number, date of filing, name of
applicant, and batch number.

Please direct all communications
to the Attention of "OFFICE OF
PUBLICATIONS" unless advised
to the contrary.

The application identified below has been examined and found allowable
for issuance of Letters Patent. PROSECUTION ON THE MERITS IS CLOSED.

| SC/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/991,994 | 04/29/87 | 007 | JACKSON JR, J | 253 | 08/25/98 |

First Named Applicant: EKLUND, KLAS H.

TITLE OF INVENTION: HIGH VOLTAGE MOS TRANSISTORS

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 98-520-01 | 357-046.000 | L66 | UTILITY | YES | $280.00 | 11/25/98 |

The amount of the issue fee is specified in 37 C.F.R. 1.18. If the applicant qualified for and has filed a verified statement of small-entity status in accordance with 37 C.F.R. 1.27, the issue fee is one-half the amount for non-small entities. This issue fee due printed above reflects payment of statue as of the time of mailing this notice. A verified statement of small entity status may be filed prior to or with payment of the issue fee. However, in accordance with 37 C.F.R. 1.28, failure to establish status as a small entity prior to or with payment of the issue fee precludes payment of the issue fee in the amount so established by small entities and precludes a refund of any portion thereof paid prior to establishing status as a small entity.

THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE as indicated above. The application shall otherwise be regarded as ABANDONED. The issue fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office. Where an authorization to charge the issue fee to a deposit account has been filed before the mailing of the notice of allowance, the issue fee to be charged to the deposit account at the time of mailing of this notice in accordance with 37 C.F.R. 1.311. If the issue fee has been so charged, it is indicated above.

In order to reinstate delays in the issuance of a patent, based on this application, this Notice may have been mailed prior to completion of final processing. The nature and/or extent of the remaining matters in processing requirements may cause slight delays of the patent. In addition, if prosecution is to be reopened, this Notice of Allowance will be vacated and the appropriate Office action will follow in due course. If the issue fee has already been paid and prosecution is reopened, the applicant may request a refund or request that the fee be credited to a deposit account. However, applicant may request that the previously submitted issue fee be applied. If abandoned, applicant may request refund or credit to a deposit account.

In the case of each patent issuing without an assignment, the complete post office address of the inventor(s) will be printed in the patent heading and in the Official Gazette. If the inventor's address is now different from the address which appears in the application, please fill in the information in the spaces provided on PTOL-85b enclosed. If there are address changes for more than two inventors, enter the additional addresses on the reverse side of the PTOL-85b.

The appropriate spaces in the ASSIGNMENT DATA section of PTOL-85b must be completed in all cases. If it is desired to have the patent issue to an assignee, an assignment must have been previously submitted to the Patent and Trademark Office or must be submitted not later than the date of payment of the issue fee as required by 37 C.F.R. 1.334. Where there is an assignment, the assignee's name and address must be provided on the PTOL-85b as ensure its inclusion in the printed patent.

Advance orders for 10 or more printed copies of the prospective patent can be made by completion of Section 4 of PTOL-85b and submitting payment therewith. If two of a deposit account is being authorized for payment, PTOL-85c should also be forwarded. The order must be for at least 10 copies and must accompany the issue fee. The copies ordered will be sent only to the address specified in section 1 or 3A of PTOL-85b.

☒ Note attached communication from the Examiner.

☐ This notice is issued in view of _____
applicant's communication filed.

**IMPORTANT REMINDER:**
Patents issuing on applications filed on or after Dec. 12,
1980 may require payment of maintenance fees. See 37 CFR
1.20 (e)—(i).

PATENT AND TRADEMARK OFFICE COPY

PIF 00062

357  46

KLAS H.EKLUND
SS-520-01

uce of Allowance:  08/25/88
ue Batch No.    :  156
ial No.         :  07/041,994
Filed           :  04/24/87

# U.S. Patent    Mar. 7, 1989    Sheet 1 of 2    4,811,075



Fig.1

Fig.2

Fig.3

SS-520-01        Filed        04/24/87

U.S. Patent        Mar. 7, 1989        Sheet 2 of 2        4,811,075



Fig.4



Fig.5

PIF 00064



Patent

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant : Eklund, Klas H.        Issue Batch No.: L66

Filed    : 04/24/87            Allowance Date 08/25/88

Examiner : Jackson Jr.,          Serial No.  : 07/041,994

Group Art Unit : 253

Atty Docket No.: SS-520-01

For      : "HIGH VOLTAGE MOS TRANSISTORS"

Box Issue Fees
COMMISSIONER OF PATENTS
AND TRADEMARKS
Washington, D. C.  20231

Date of This Paper

October 19, 1988

FORMAL DRAWING TRANSMITTAL

    Transmitted herewith are formal drawings for the above
identified application as requested in the Notice of Allowance,
Paper No. 7, mailed August 25, 1988.  Corrections have been made as
requested by the Examiner.  Applicant respectfully requests that the
formal drawings be filed.

                          Respectfully submitted,

                      By: _____
                          Thomas E. Schatzel
                          Reg. No. 22,614

Attorney for Applicant

LAW OFFICES OF THOMAS E. SCHATZEL
A Professional Corporation
3211 Scott Boulevard, Suite 201
Santa Clara, CA  95054-3093

    Telephone:  (408) 727-7077

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Wash-
ington, D.C. 20231, on 10/19/88

Thomas E. Schatzel

| | | |
|---|---|---|
| Applicant or Patentee: | Klas H. Eklund | Attorney's |
| Serial or Patent No.: | 07/041,994 | Docket No. 66-520-01 |
| Filed or Issued: | 04/24/87 | |
| For: | "HIGH VOLTAGE MOS TRANSISTORS" | |

VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS
(37 CFR 1.9(f) & 1.27(c)) - SMALL BUSINESS CONCERN                #9

I hereby declare that I am

[ ] the owner of the small business concern identified below:

[x] an official of the small business concern empowered to act on behalf of the concern
identified below:

NAME OF CONCERN        POWER INTEGRATIONS, INC.
ADDRESS OF CONCERN     411 Clyde Avenue
                       Mountain View, CA  94043

I hereby declare that the above identified small business concern qualifies as a small
business concern as defined in 13 CFR 121.3-18, and reproduced in 37 CFR 1.9(d), for purposes
of paying reduced fees under section 41(a) and (b) of Title 35, United States Code, in that
the number of employees of the concern, including those of its affiliates, does not exceed
500 persons.  For purposes of this statement, (1) the number of employees of the business
concern is the average over the previous fiscal year of the concern of the persons employed
on a full-time, part-time or temporary basis during each of the pay periods of the fiscal
year, and (2) concerns are affiliates of each other when either, directly or indirectly, one
concern controls or has the power to control the other, or a third party or parties controls
or has the power to control both.

I hereby declare that rights under contract or law have been conveyed to and remain with the
small business concern identified above with regard to the invention, entitled "HIGH
         VOLTAGE MOS TRANSISTORS"                                        by inventor(s)
                  Klas N. Eklund
described in

[ ] the specification filed herewith
[x] application serial no.  07/041,994        , filed  April 24, 1987
[ ] patent no. _____, issued _____

If the rights held by the above identified small business concern are not exclusive, each
individual, concern or organization having rights to the invention is listed below* and no
rights to the invention are held by any person, other than the inventor, who could not
qualify as a small business concern under 37 CFR 1.9(d) or by any concern which would not
qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37
CFR 1.9(e).  *NOTE:  Separate verified statements are required from each named person,
concern or organization having rights to the invention averring to their status as small
entities. (37 CFR 1.27)

NAME        N/A
ADDRESS

    [ ] INDIVIDUAL      [ ] SMALL BUSINESS CONCERN      [ ] NONPROFIT ORGANIZATION

NAME        N/A
ADDRESS

    [ ] INDIVIDUAL      [ ] SMALL BUSINESS CONCERN      [ ] NONPROFIT ORGANIZATION

I acknowledge the duty to file, in this application or patent, notification of any change in
status resulting in loss of entitlement to small entity status prior to paying, or at the
time of paying, the earliest of the issue fee or any maintenance fee due after the date on
which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all
statements made on information and belief are believed to be true; and further that these
statements were made with the knowledge that willful false statements and the like so made
are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United
States Code, and that such willful false statements may jeopardize the validity of the
application, any patent issuing thereon, or any patent to which this verified statement is
directed.

NAME OF PERSON SIGNING        Klas N. Eklund
TITLE OF PERSON OTHER THAN OWNER    Vice President, Engineering
ADDRESS OF PERSON SIGNING     Power Integrations, Inc., 411 Clyde Avenue,
                              Mountain View, California  94043
SIGNATURE _____        DATE _____

PIF 00066

PTO-FB (REV 1-88)

ISSUE FEE TRANSMITTAL

This form is part of a formal transmittal and should be used for transmitting the Issue Fe... Seriph's designated below...
complete...

| | | |
|---|---|---|
| INVENTOR ADDRESS | | SC/SERIAL NO. |
| INVENTOR's name | | |
| Street Address | | |
| City, State and ZIP Code | | |
| CO-INVENTOR'S NAME | | |
| Street Address | | |
| City, State and ZIP Code | | |

☐ Check if address changes are on reverse side

**MAIL INSTRUCTIONS**

All further correspondence including the Issue Fee Receipt the Patent, and advanced order will be mailed to the address entered in section 1 or (PTOL-85, unless you direct otherwise by specifying the correspondence and address in 1A below. (Note: See box 1 below for correspondence concerning maintenance fee payment.)

2A. The COMMISSIONER OF PATENTS AND TRADE-MARKS is requested to apply the Issue Fee to the application identified below.

Rahasut    10/19/88

Note: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

| SC/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/041/994 | 04/29/87 | 007 | JACKSON JR, J | 253 | 08/25/88 |

First Named Applicant: ENLUND, KLAS H.

TITLE OF INVENTION: HIGH VOLTAGE MOS TRANSISTORS

| ATTY'S DOCKET NO. | CLASS/SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 88-026-41 | 357-046.6DM | L44 | UTILITY | YES | $200.00 | 11/25/88 |

1A. Further correspondence to be mailed to the following:

Law Offices of THOMAS E. SCHATZEL
A Professional Corporation
3211 Scott Boulevard, Suite 201
Santa Clara, California 95054

2B. For printing on the patent front page, list the names of not more than 3 registered patent attorneys or agents OR, alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will printed.

1 LAW OFFICES OF
2 THOMAS E. SCHATZEL
3 A Prof. Corporation

DO NOT USE THIS SPACE

040  10/28/88  041994      1 262  / 200.00 CK
040  10/28/88  041994      1 501   15.00 CK

3. ASSIGNMENT DATA (print or type)

A. ☐ This application is NOT assigned.
   ☐ Assignment previously submitted to the Patent and Trademark Office.
   ☒ Assignment submitted herewith.

B. For Printing On The Patent: (Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data below is only appropriate when an assignment has been previously submitted to the PTO or is submitted herewith. Completion of this form is NOT a substitute for filing of an assignment as required by 37 C.F.R. 1.334).

(1) NAME OF ASSIGNEE:
   POWER INTEGRATIONS, INC.

(2) ADDRESS (City & State or Country):
   MOUNTAIN VIEW, California 94043

(3) STATE OF INCORPORATION, IF ASSIGNEE IS A CORPORATION:
   California

4. The following fees are enclosed: CK. # 11177
   ☒ Issue fee   ☒ Advanced order   ☐ Assignment recording

The following fees should be charged to deposit acc. no. 19-0310

(PTOL-85c or additional copy of PTOL-85b must be enclosed)
☐ Issue fee                    ☐ Assignment recording
☐ Advanced order               ☒ Any additional fees due

Number of advanced order copies requested ____ 10 ____
(must be for 10 or more copies)

5. All correspondence relating to maintenance fees will be addressed to the correspondence address unless a separate "Fee Address" is provided to the Patent and Trademark Office (37 C.F.R. 1.363). A "Fee Address" may be submitted by the owner of record with the payment of the issue fee or thereafter by using form PTO-1627.

TRANSMIT THIS FORM WITH FEE

PIF 00067



Patent

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant : Eklund, Klas H. | Issue Batch No.: 166 |
| Filed : 04/24/87 | Allowance Date : 08/25/88 |
| Examiner : Jackson Jr., J. | Serial No. : 07/041,994 |
| Group Art Unit : 253 | |
| Atty Docket No.: SS-520-01 | |
| For : "HIGH VOLTAGE MOS TRANSISTORS". | |

Box Issue Fees
COMMISSIONER OF PATENTS
AND TRADEMARKS
Washington, D. C. 20231

Date of This Paper

**October 19, 1988**

### PAYMENT OF ISSUE FEE (37 CFR 1.311)

1.  Applicant hereby pays the issue fee.

2.  Fee (37 CFR 1.10(a))

    Application status is:

    ___X___ small entity—                    fee $ 280.00

    ____X____ Verified Statement attached

    _____ Verified Statement filed

    _____ other than small entity—    fee $ 560.00.

3.  Payment of fee

    ___X___ Enclosed please find check 11177  for  $302.00 *

    _____ Charge Deposit Account 19-0310 the sum

    of $ _____ .  A duplicate of this request

    is attached.

    * Includes Advance Order and Assignment Recordal Fee

Respectfully submitted,

Thomas E. Schatzel
Reg. No.: 22,611

Attorney for Applicant

Law Offices of THOMAS E. SCHATZEL,
A Professional Corporation
3211 Scott Boulevard, Suite 201
Santa Clara, CA  95054-3093
 Telephone:  (408) 727-7077

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Wash-
ington, D.C. 20231, on __10/19/88__

Thomas E J Schatzel

PIF 00068

Atty. Docket No.: SS-510-01  #70

## POWER OF ATTORNEY BY ASSIGNEE

The undersigned, as Assignee of the entire right, title, and interest in and to the subject matter which is described and claimed and for which a patent is sought on the invention entitled:

### HIGH VOLTAGE MOS TRANSISTORS

the specification of which

☐ is attached hereto;

☒ was filed on _____April 24, 1987_____ as Application Serial No. __07/041,994__ and was amended on __04/11/88; 08/15/88__ ;
(if applicable)

Assignment recorded on _____ at Reel/Frame _____
(if applicable)

hereby elects to control the prosecution of this application and hereby appoints the following attorneys(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office in connection therewith:

Thomas E. Schatzel        Reg. No. 22,611

Address all correspondence to:

LAW OFFICES OF THOMAS E. SCHATZEL
A Professional Corporation
3211 Scott Boulevard, Suite 201
Santa Clara, California  95054-3093

Address all telephone calls to Thomas E. Schatzel at telephone No. (408) 727-7077.

Assignee hereby petitions and requests that this file be closed to the inventor(s), or representative(s) thereof.

POWER INTEGRATIONS, INC.

Dated: __10/18/88__          by _____

Klaus H. Eklund

Title: Vice President, Engineering

POWER INTEGRATIONS, INC.
411 Clyde Avenue
Mountain View, California  94043

PIF 00069



**U.S. DEPARTMENT OF COMMERCE**
Patent and Trademark Office

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

253    4/24/87    04,994    Paper No. 11

Klas H. Eklund

*Hi Voltage MOS Transistors*

3 JAN 1989

This is in response to the communication re the Power of Attorney filed _____ 10/24/88

assignee.

1. ☐ The power of attorney to you in this application has been revoked by the applicant.

2. ☐ In view of the notice in this application of the death of _____
his power of attorney is terminated.

3. ☒ The power of attorney to you in this application has been accepted by the Commissioner of Patents & Trademarks.

_____
For Bruce, Operator

4. ☐ The assignee in this application has intervened and appointed an attorney of his own selection. Further correspondence will be held with said attorney. (Rule 36, Rules of Practice.)

5. ☐ The revocation of the power of attorney to _____ has been
entered and said attorney has been notified. Further correspondence will be addressed to you.

6. ☐ On _____ the applicant appointed _____
as additional attorney in this application. Further correspondence will continue to be addressed to you as
specified in the new power of attorney.

7. ☐ On _____ the applicant appointed _____
as additional attorney in this application. Further correspondence will be addressed to said attorney. MPEP 403.02

8. ☐ The complete power of attorney to you in this application has been revoked by the attorney of record.

*Thomas E. Schatzel*

Law Offices of Thomas E.
Schatzel
A Professional Corp.
7901 Scott Blvd., Ste 201
Santa Clara, CA 95054-3913

*L. Elliott*

RETAIN THIS COPY IN THE APPLICATION FILE    Copy A

FORM PTOL-308 (REV.8/78)

PIF 00070

THOMAS E. SCHATZEL
16400 LARK AVENUE, STE. 300
LOS GATOS, CA 95032          .20-01

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Patent No:  4,811,075

Granted:  03/07/89

Inventor(s):  Klas H. Eklund

PATENT MAINTENANCE
DIVISION

Box: Patent Address Change
Commissioner of Patents and Trademarks
Washington, D.C. 20231

ENTERED BY PMD (12)

CHANGE OF CORRESPONDENCE ADDRESS IN PATENT

Please

1. Change the address of the attorney(s) of record to:    Thomas E. Schatzel, Esq.
                                                           LAW OFFICES OF
                                                           THOMAS E. SCHATZEL
                                                           A PROFESSIONAL CORPORATION
                                                           16400 LARK AVENUE, SUITE 300
                                                           LOS GATOS, CA  95032

2. Change the correspondence address of the patent owner to:

It is certified that the person whose signature appears below has the authority to change
the correspondence address for the patent.

Date:  05/03/93

LAW OFFICES OF
THOMAS E. SCHATZEL
A PROFESSIONAL CORPORATION
16400 LARK AVENUE, SUITE 300
LOS GATOS, CA  95032

(Signature)          THOMAS E. SCHATZEL

☐ Inventor(s)
☐ Assignee of complete interest
☒ Attorney or agent of record

Tel. No.:  (408) 358-7739

Reg. No.:  22,611
(if applicable)

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Wash-
ington, D.C. 20231, on      05/03/93
                            (Date of Deposit)

Thomas E. Schatzel

(Change of Correspondence Address in Patent [12-6])

PIF 00071

PATENT APPLICATION SERIAL NO. 041994

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

050 04/30/87 041994                    1 291      170.00 CK

PIF 00072

Form PTO-875
REV. I-83

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

SERIAL NO. 041994

FILING DATE April 24, 198?

**PATENT APPLICATION FEE DETERMINATION RECORD**

APPLICANT STATE NUMBER

Klas H. Eklund

### CLAIMS AS FILED - PART I

| FOR: | NO. FILED | NO. EXTRA | | SMALL ENTITY RATE | FEE | OR | OTHER THAN A SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | $170 | | OR | $340 | |
| TOTAL CLAIMS | 18 | -20= | 0 | x12= | $ | OR | x$24= | $ |
| INDEP. CLAIMS | 3 | -3= | 0 | x17= | $ | OR | x$34= | $ |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT | | | | x55= | $ | OR | x$190= | $ |
| * If the difference in col. 1 is less than zero, enter "0" in col. 3 | | | | TOTAL | $170 | | TOTAL | $ |

### CLAIMS AS AMENDED - PART II

| AMENDMENT A | | (1) CLAIMS REMAINING AFTER AMENDMENT | (2) HIGHEST NO. PREVIOUSLY PAID FOR | (3) PRESENT EXTRA | SMALL ENTITY RATE | ADDIT. FEE | OR | OTHER THAN A SMALL ENTITY RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|
| | TOTAL | 62 | MINUS | 20 | | x10= | $ | OR | x10= | $ |
| | INDEP. | | MINUS | 3 | | x20= | $ | OR | x20= | $ |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | +100= | $ | OR | +100= | $ |
| | | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

| AMENDMENT B | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|
| | TOTAL | 72 | MINUS | 20 | | x10= | $ | OR | x10= | $ |
| | INDEP. | | MINUS | 3 | | x10= | $ | OR | x20= | $ |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | +100= | $ | OR | +100= | $ |
| | | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

| AMENDMENT C | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|
| | TOTAL | | MINUS | | | x10= | $ | OR | x10= | $ |
| | INDEP. | | MINUS | | | x10= | $ | OR | x20= | $ |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | +100= | $ | OR | +100= | $ |
| | | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

* If the entry in Col. 1 is less than the entry in Col. 2, write "0" in Col. 3.
** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest No. Previously Paid For" (Total or Indep.) is the highest number found in the appropriate box in Col. 1.

PIF 00073

U.S. DEPARTMENT OF COMMERCE—PATENT & TM OFFICE

PALM III APPLICATION FILE DATA CODING SHEET

FORMAT NO. 3

FORMAT NO. 8

FORMAT NO. 9



INDEX OF CLAIMS

PIF 00075



## SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 357 | 23.8 23.4 46 | 7/87 | JJ |
| 357 | 22 | 8/88 | JJ |

## SEARCH NOTES

| | Date | Exmr. |
|---|---|---|
| | | |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 357 | 23.4 23.8 46 22 | 8/88 | JJ |

PIF 00076

# PX 19



Case No. 04-1371-JJF

**PX-19**

Date Entered: _____

By: _____

*With their high input impedance, fast switching, and low losses, power MOSFETs simplify the design of off-line switching-mode power supplies. One controller IC can drive the FETs directly.*

# Power MOSFETs take the load off switching supply design

Until recently, switching power supplies were fabricated primarily with fast bipolar devices. Now, the advent of the power MOSFET is making possible switching-mode supplies that are simpler, smaller, less expensive, more efficient, and in particular easier to design.

A MOSFET can be driven directly from an IC switching-mode controller-regulator chip without intervening power amplification. Moreover, it lends itself to the trouble-free design of a family of supplies by requiring only minor adjustments in drive circuitry when changing from one output voltage and current rating to another. A bipolar power device, on the other hand, may require not only greatly different component values but also a totally different drive-circuit for differently read members of the same power supply family.

The power MOSFET simplifies supply design primarily because of its high input impedance. This factor makes possible a full-power output with very low drive current. Thus a single driver-circuit configuration can easily drive one or more power MOSFETs having a wide range of output power capability to produce a family of regulated supplies. In contrast, a supply using bipolar transistors would generally require different driver circuits for different power levels, because the bipolar transistor's power output

Brian Pelly, Vice President, Worldwide Application Engineering International Rectifier Corp.
233 Kansas St.
El Segundo, Calif. 90245
Stan Deadinger, Manager of Advanced Product Development
Silicon General Inc.
11651 Monarch St.
Garden Grove, Calif. 92641

is a direct function of its base drive.

However, though the power MOSFET's gate consumes virtually no current under steady-state conditions, it does require power while switching on and off, because the gate-to-drain and gate-to-source self-capacitance must be charged and discharged fast enough to obtain the desired switching speed. The drive circuit must therefore have a sufficiently low output impedance to supply the required charging and discharging current. But even under those conditions, a MOSFET's drive circuit needs negligible average current when compared with an equivalent bipolar unit (Fig. 1).

Also, a switching supply built with a power

# COMPONENTS SPECIAL

MOSFET is simpler than one using a bipolar transistor because the MOSFET does not exhibit the secondary breakdown characteristic of a bipolar transistor, which limits its power rating at high collector-emitter voltages and requires protection circuits. In addition, a bipolar device's negative temperature coefficient can result in thermal runaway: localized current hogging can cause excessively high current in one small area of the chip, called a hot spot, and start the device on the road to self-destruction. The power MOSFET, however, has a positive temperature coefficient of its on-resistance, which prevents such runaway. Furthermore, the positive coefficient tends to effect an even distribution of current throughout the chip. Thus the device's full rated current at maximum rated

PIF 08766

## Components Special: Power MOSFETs



1. A bipolar transistor used in a switching regulator circuit requires significantly greater drive power than a comparably rated MOSFET. Waveforms are shown for a bipolar device (top) and a MOSFET (bottom), each switching 2.5 A and 270 V at 100 kHz. The vertical scales are 500 mA/division and 100 mA/division, respectively.



2. Because switching losses are lower, the total losses in a power MOSFET are less than those in a similar bipolar device. These include both input drive requirements and saturation (on) losses.

voltage can generally be made the most of.

A further advantage of the power MOSFET is its high forward transconductance, which increases with increasing current, enabling it to handle high peak current. A bipolar device, in contrast, has a lower beta at high current and may actually pull out of saturation at the maximum load current, causing greater than expected dissipation.

### Higher switching speeds

The power MOSFET also switches faster than comparably rated bipolar transistors. That makes possible operation at a higher switching frequency. The higher speeds are possible because a MOSFET is not affected by minority-carrier delays that are inherent in the operation of bipolar devices. Instead, the switching time of a MOSFET is determined primarily by self-capacitance and circuit inductance. Typical switching times for power MOSFETs are 30 to 50 ns for devices rated at 400 V and 20 A peak; minimum switching speeds can be much faster, with 10 ns easily achievable. These speeds are about 10 times faster than those readily available from similarly rated bipolar transistors. High switching speeds enable a switching-mode power supply to use smaller magnetic elements, filter capacitors, and EMI filters, permitting the construction of a smaller supply—often at lower cost.

Though higher speeds are an easily understood advantage of MOSFETs, their better efficiency needs some explanation: A MOSFET's usually higher on-state voltage drop might indicate greater overall power loss than that exhibited by comparable bipolar devices. However, that is generally not the case, because the total dissipation, which includes both the loss in the on-resistance and the switching losses, must be considered.

Switching loss in a bipolar transistor is generally the major loss component. It is much higher than the switching loss in a MOSFET. Therefore, although the on-resistance loss may be high at dc at high switching frequencies, the total dissipation of the power MOSFET will at some frequency become less than that of a bipolar device.

The bipolar transistor also requires appreciable base drive, which means added dissipation in the external drive circuits. In addition, the bipolar unit always needs a snubber circuit (collector-emitter diode) to shape the dynamic load line and keep it within the safe operating area when switching.

A comparison of the losses associated with the power MOSFET and an equivalent power bipolar device is a key factor in the choice of which to use and at what frequency. A comparison between the two types, both operating at 270 V and 2.5 A is





3. A complete resetting high-filtered to track regulator chip, pulse width of t The power outp changing in a li

4. An efficient, comp directly off the ac p power MOSFET, a sw

PIF 08767



3. A complete forward converter power supply rectifies the ac power line and applies the resulting high-voltage dc to a power MOSFET, oscillator whose output is rectified and filtered to produce a dc output. Regulation is provided by the pulse-width modulator-regulator chip, which compares the output voltage with an internal reference and varies the pulse width of the signal driving the power MOSFET to maintain a constant output voltage. The power output capability of the supply may be increased or decreased merely by changing to a MOSFET with greater or less power-handling capability.

4. An efficient, compact off-line switching regulator power supply (one that can operate directly off the ac power line) capable of putting out 20 A at 5 V can be built with a single power MOSFET, a switching regulator chip, and a few passive components.

PIF 08768

### Components Special: Power MOSFETs

shown in Fig. 2. It takes into account the on-state saturation loss, the drive circuit power, and the switching losses of both devices and clearly indicates the superior efficiency of the MOSFET.

To see the efficiency and simplicity of switching-mode supply design using MOSFETs, consider the circuit shown in Fig. 3. In this off-line forward converter, the 115-V power line is rectified and filtered to supply about 180 V dc to the MOSFET switch. Drive-current for the power MOSFET is furnished directly by a pulse-width modulator-regulator that runs freely at 100 kHz. The secondary of the transformer is rectified and filtered to provide a nominal +5-V output. This voltage is also used as negative feedback and is applied to the error input of the modulator-regulator. The latter compares the +5-V input with an internal reference voltage and develops a difference voltage that controls the pulse width of the 100-kHz signal applied to the MOSFET through an isolating drive transformer. If the +5-V output of the supply changes, the pulse width of the power MOSFET drive signal changes in the opposite direction in order to keep the output of the supply constant.

The reservoir capacitor determines the amount of brownout protection provided by the supply, that is, how long the supply will maintain its output during its input power momentarily disappear due to a power-line transient.

#### All control functions

Figure 4 shows a detailed circuit diagram of a 100-W, +5-V, off-line supply using a power MOSFET switch operating at 100 kHz. Tables 1 and 2 summarize the supply's performance, giving the measured efficiency, typical input voltages, and load while the supply is switching at 100 and 200 kHz. The efficiency is virtually the same at both frequencies, indicating that the power MOSFET is still running below its maximum operating frequency. Changing from 100 to 200 kHz requires only reducing the timing resistor, $R_a$, of the SG3526 from 6.2 to 2 kΩ.

The typical performance of a power MOSFET in such a circuit is shown in the oscillograms (Fig. 5). Based on these oscillograms, it can be estimated that the energy dissipated at turn-on is about 0.0022 mJ, whereas at turn-off it is almost an order of magnitude greater—0.016 mJ. The difference occurs because the transformer leakage reactance slows the rate of rise of current at turn-on, minimizing the turn-on energy and stores energy that is subsequently dissipated during turn-off.

The total switching power dissipated by the MOSFET at 100 kHz is 1.9 W. That relatively low figure affords a switching efficiency of over 98%.

| Table 1. How the 100-W off-line switching power supply performs | |
|---|---|
| Minimum input voltage | 95 V rms, 50–400 Hz |
| Maximum input voltage | 130 V rms, 50–400 Hz |
| Output voltage | +5 V dc |
| Dc output voltage regulation for all conditions of output current and input voltage | ±0.5% |
| Maximum output ripple voltage | 50 mV pk-pk |
| Transient response for a step change of 10-A load current | 100 mV, settling within 250 μs |
| Full load efficiency | 70% |





5. In the circuit of Fig. 4 the drain-current rise time of the power mosfet (left top) is about 300 ns, and it is limited by transformer inductance. Leakage reactance slows the turn-on current. On the other hand, the drain voltage (left bottom) takes about 200 ns to stabilize. Cycle-by-cycle waveforms of drain current and drain voltage are shown at right top and bottom, respectively.

A single IC, the forms all the control output capability to FET directly without contains a temperature ence, a sawtooth or pulse-width modulation logic, and two (Fig. 6). Also on the DIP, are protective f undervoltage lockout ble pulse inhibition, metering, adjustable vision for symmetry.

One of the totem-p 13) drives the power capacitor $C_a$, transfo other output (pin 16) output can continuous well as providing a c

| Table 2. |  |  |
|---|---|---|
|  | Chip source voltage |  |
| 100 kHz | 160 V |  |
| 200 kHz | 160 V |  |



6. The SG1526, part of the p pulse-width modulator and i used for single-ended or pu transformerless and transfor

PIF 08769

A single IC, the Silicon General SG3526, performs all the control functions and has sufficient output capability to drive an IRF720 power MOSFET directly without a buffer stage in between. It contains a temperature-compensated voltage reference, a sawtooth oscillator, an error amplifier, a pulse-width modulator, pulse metering and steering logic, and two low-impedance power drivers (Fig. 6). Also on the chip, which comes in an 18-pin DIP, are protective features, such as soft start and undervoltage lockout, digital current limiting, double pulse inhibition, a data latch for single pulse metering, adjustable dead-time circuitry, and provision for symmetry correction inputs.

One of the totem-pole outputs of the SG3526 (pin 13) drives the power MOSFET's gate by means of capacitor $C_a$, transformer $T_2$, and resistor $R_g$. The other output (pin 16) is unused and left open. Either output can continuously sink and source 100 mA, as well as providing an output current of 200 mA peak.

This capability is more than adequate for any MOSFET switch capable of an output of up to 250 W.

Among the important features of the SG3526 is the undervoltage lockout circuit, which protects the device and the associated power MOSFET from an inadequate supply voltage. If the dc voltage is too low, the circuit disables the output drivers and holds the Reset pin low. That prevents spurious output pulses after the supply is turned on: during the time the control circuits are stabilizing, the circuit also holds the soft-start timing capacitor in a discharged state; the soft-start circuit in turn protects the power MOSFET and rectifier diodes from any possible high current surges. □

| How useful? | Circle |
|---|---|
| Immediate design application | 547 |
| Within the next year | 548 |
| Not applicable | 549 |

| | Dc source voltage | Dc source current | Dc power input | Dc output voltage | Dc output current | Dc power output | Efficiency |
|---|---|---|---|---|---|---|---|
| 100 kHz | 160 V | 0.832 A | 133.12 W | 5.03 V | 19.88 A | 100 W | 75.1% |
| 200 kHz | 160 V | 0.834 A | 133.44 W | 5.03 V | 19.78 A | 100 W | 74.9% |

Table 2. Comparing the supply's characteristics at 100 and 200 kHz



6. The SG3526, part of the power supply shown in Fig. 4, combines the functions of a pulse-width modulator and a regulator for fixed-frequency switching supplies. It can be used for single-ended or push-pull regulators of positive and negative polarity, both transformerless and transformer-coupled.

PIF 08770

# PX 29

Klas. H. Eklund. 9/28-84

Increasing the operating voltage
of a MOS transistor. by cascading a
JFET (a pinch resistor) which for $V \geq V_p$
takes up the increased voltage.

Example:

An n-well c-MOS process. where
the n-well forms the JFET.
The top gate p is formed by the
field implant

n-channel.          JFET or pinch resistor.
                    (p top gate connected to
                                substrate)

S      G      D                    D
n+          n+            p            n+ p

                    N-well

$p^-$ - substrate.


JFET channel.

$V_p$ = . 5V.
$N_\Delta$ = $10^{16}$        }  ⇒  S/□ ≈ 2kΩ/□
d    = 1μm.
$V_B$ > 100 V.

Case No. 04-1371-JJF

**PX-29**

Date Entered: _____

By: _____

2

Transistor example;

   An 80 volt transistor for 200 mA.
   $V_{sat} \leq 1V.$

- MOS transistor size. (CS-5). $S/\sigma \approx 2k\sigma/\sigma$.
  $V = 0.5V.$
      $=$ 150 x 200 $\mu m^2$

- JFET size.    channel length = 5 $\mu m$.    $V = 0.5V$.
                total length = 20 $\mu m$.
           = 500 x 200 $\mu m^2$

$\Rightarrow$ total size.    130,000 $\mu m^2$.

to compare with a similar size
bipolar transistor. Which is. 180,000 $\mu m^2$.


Breakdown voltage.

   The p top gate implants will reduce the
surface field so nearly the theoretical
breakdown for a plane junction will
be achieved.

   The doping in the $p^-$ substrate is
typically $\approx 8 \times 10^{14}$   $\Rightarrow$   $V_B \approx 400V.$

size compensn. with. MOS. high voltage high current transistor.

- <u>D-MOS vertical transistor.</u>

$$\left.\begin{array}{l}1\,A.\\ V_{on}=1V.\\ V_B=100V.\end{array}\right\} \Rightarrow A = 1\,mm.$$

( IEDM -83. Optimum Design of Power MOSFETS)

<u>Scaling to 200 mA.</u>

$$\Rightarrow A = \underline{200.000\,\mu m^2.}$$

to compare with $\underline{130.000\,\mu m^2.}$

So the lateral device seems to be very good, even in comparison with a vertical D-MOS device

- <u>D-MOS lateral transistor in combination with</u> <u>C-MOS logic.</u>

$0.5\,A.$      ( IEDM -83. A highly reliable
$V_{on} - 15V.$      16 output high voltage LMOS/CMOS logic )
$V_B - 400v.$

$A = 16\,mm^2.$

Scaling to 200 mA. and $V_{on} = 1V.$  $\Rightarrow$

$$A = \frac{16 \times 15.}{2.5} = \underline{96\,mm^2.}$$

to compare with $\underline{0.13\,mm^2}$ for the proposed lateral device.
( For 400v. the channel length of the JFET. should also be increased from 5µm.

4.

The same concept may be used
for a p-channel transistor used as
a pull up device. see figure below!



In this case one has to use a thicker
gate oxide which will increase Ron
for the p-channel device but this will
be about compensated by the high
voltage on the drain. So this device
should be about as efficient as the
proposed n-channel device.

# PX 30



Case No. 04-1371-JJF

**PX-30**

Date Entered: _____

By: _____

High voltage MOS device

P-channel with n-well chain protected from pinch border

Peter H. Eklund

S = 2, 3, 4, 6, 8
X = 2 (p-channel field implant)

# PX 50

# REDACTED

# PX 56