IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371 JJF |

**POWER INTEGRATIONS' BRIEF IN OPPOSITION TO FAIRCHILD'S MOTION TO STRIKE THE DECLARATIONS ACCOMPANYING POWER INTEGRATIONS' POST-TRIAL BRIEFING**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Email: marsden@fr.com

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070

Howard G. Pollack
Michael Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.

Dated: November 27, 2007

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT..........................................................................................................1

    A. Fairchild's own case law demonstrates the Court can rely on the Blauschild and Renouard Declarations. ......................................................2

    B. The Blauschild Declaration Should Not Be Stricken. ................................3

    C. The Renouard Declaration Should Not Be Stricken. .................................6

III. CONCLUSION.......................................................................................................7

## TABLE OF AUTHORITIES

**CASES**            **PAGE**

*Advanced Cardiovascular Systems Inc. v. Medtronic, Inc.*,
    265 F.3d 1294 (Fed. Cir. 2001)..........................................................................................2

*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*,
    781 F.2d 198 (Fed. Cir. 1986)............................................................................................2

*Tracinda Corp. v. DaimlerChrysler AG*,
    362 F. Supp. 2d 487 (D. Del. 2005).........................................................................3, 4, 6, 7

*Tristrata Tech., Inc. v. ICN Pharms., Inc.*,
    314 F. Supp. 2d 356 (D. Del. 2004).................................................................................2, 4

### STATUTES

Fed. R. Civ. P. 26(a)(2).................................................................................................................3

Federal Rules of Evidence 401......................................................................................................6

Federal Rules of Evidence 803(3).................................................................................................6

Federal Rules of Evidence 803(6).................................................................................................6

Federal Rules of Evidence 807.....................................................................................................7

I. **INTRODUCTION**

Plaintiff Power Integrations, Inc. ("Power Integrations") sued defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") for infringement of four U.S. patents on October 20, 2004. On October 10, 2006, a jury found that Fairchild willfully infringed all four asserted patents. On September 21, 2007, all four of Power Integrations' asserted patents were found to be valid. Power Integrations then moved for entry of a permanent injunction and for an accounting on October 17 and 22, 2007, respectively. (D.I. 564 and D.I. 570.)

In support of its motions, Power Integrations submitted two declarations: the declaration of Robert Blauschild dated October 5, 2007 (the "Blauschild Declaration", D.I. 568), and the declaration of Bruce Renouard dated October 16, 2007 (the "Renouard Declaration", D.I. 567). The Blauschild Declaration addresses recently-introduced Fairchild products, concluding from the review of publicly available data sheets that those products are substantially the same, in respects relevant to the patent claims, as the Fairchild products found to infringe Power Integrations' patents. Power Integrations has asked Fairchild for the schematics for these parts, but to date Fairchild refuses to produce them, instead demanding immediate discovery from Mr. Blauschild and filing the instant motion to strike. The Renouard Declaration addresses two business records—one directed to market information related to Fairchild's continued sale of infringing products since the verdict of infringement, and the other relating to the effect of Fairchild's ongoing willful infringement on the perception of Power Integrations' patents in the marketplace.

On November 8, 2007, Fairchild moved to strike the Blauschild and Renouard Declarations, contending they are prejudicial, irrelevant, and/or based on hearsay. As discussed below, Fairchild's objections are improper and Fairchild's Motion to Strike should be denied.

II. **ARGUMENT**

Fairchild has continued to sell its infringing Green FPS products since the jury found it to be a willful infringer. When Power Integrations asked Fairchild to provide updated sales figures

and schematics for "new" parts that appear to infringe in the same manner as the products adjudged to infringe, Fairchild refused. As a result, Power Integrations submitted declarations in support of its post-trial motions for an injunction and an accounting to address the best evidence available to Power Integrations regarding Fairchild's post-verdict activities. Despite Power Integrations' repeated requests for the relevant information uniquely in Fairchild's possession, Fairchild has responded by stonewalling and moving to strike the declarations, ignoring case law that explains that the Court can rely on materials outside the trial record in the context of the instant equitable proceedings. Moreover, if Fairchild's new products truly do not infringe, Fairchild could easily explain as much in its responsive briefing (and provide the schematics as evidence to back up the claim); the fact that Fairchild does not even hint in its motion that the "new" products differ in any material way from those found to infringe speaks volumes. Because Fairchild's position finds no legal support and suggests that Fairchild is attempting once again to hide its continued infringement, the Court should deny Fairchild's motion to strike.

A. **Fairchild's own case law demonstrates the Court can rely on the Blauschild and Renouard Declarations.**

The lone case Fairchild cites in its motion explains why the Court can rely on the relevant information in the Blauschild and Renouard Declarations for purposes of post-trial briefing on equitable issues. Fairchild relies on *Tristrata Tech., Inc. v. ICN Pharms., Inc.*, 314 F. Supp. 2d 356 (D. Del. 2004), but *Tristrata* acknowledges that the Court can rely on evidence outside the trial record in the context of post-trial briefing, citing *Advanced Cardiovascular Systems Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1311 (Fed. Cir. 2001) and *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986). *Tristrata*, 314 F. Supp. 2d at 358, n.1. In both *Advanced Cardiovascular Systems* and *S.C. Johnson & Son*, the Federal Circuit explicitly found that Courts can rely on factors beyond the trial record in the context of post-trial briefing, particularly for things "a jury is not in the best position to assess." *Advanced Cardiovascular Systems*, 265 F.3d at 1311; *S.C. Johnson & Son*, 781 F.2d at 201. Here, both declarations address Fairchild's continued actions since the verdict of willful infringement, and the Renouard

2

declaration further addresses the response in the market to Fairchild's continued infringing activity in view of the passage of time and the verdict of infringement. Given that the jury was not in a position to evaluate these matters, the Court can properly rely on them under Fairchild's own cited authority. Moreover, the exclusion of such evidence would present an extreme sanction normally reserved for instances of willful deception or flagrant disregard of a court order. *See Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del. 2005) (quotations omitted). Fairchild has made no showing warranting the sanction of excluding evidence, particularly where the evidence confirms the need for an injunction and an accounting to address Fairchild's continued willful infringement of Power Integrations' patents.

To the extent Power Integrations' submissions prejudice Fairchild—and Power Integrations does not believe that exposing Fairchild's continued infringement and the harm it has caused Power Integrations in the marketplace works any "prejudice" on Fairchild—the harm is of Fairchild's own making, and less drastic measures can and should be employed to alleviate any alleged prejudice to Fairchild. *See Tracinda*, 362 F. Supp. 2d at 497 ("[I]n the context of a bench trial, evidence should not be excluded . . . on the grounds that it is unfairly prejudicial, because the Court is capable of assessing the probative value of the [evidence] and excluding any arguably improper inferences."). This is particularly true where, as here, the evidence adduced is relevant to events that occurred *after* the close of discovery. Fairchild is free to introduce its own affirmative evidence (such as its own counter-declarations) to rebut the Blauschild and Renouard Declarations, but Fairchild chose instead to file its draconian and unsupported motion to strike. Accordingly, Fairchild's motion to strike should be denied.

**B.     The Blauschild Declaration Should Not Be Stricken.**

Robert Blauschild's Declaration (D.I. 568) in support of Power Integrations' Motion for a Permanent Injunction should not be stricken. Mr. Blauschild testified extensively at trial regarding Fairchild's infringement of the patents-in-suit, and he provided written reports disclosing the bases for his opinions pursuant to Fed. R. Civ. P. 26(a)(2). Mr. Blauschild's

3

Declaration supplements his prior expert report for new Fairchild parts that appear to infringe in the exact same manner as the parts adjudged to infringe.

Based on an inspection of publicly-available data sheets, Mr. Blauschild has identified additional Fairchild products introduced after the close of discovery that are substantially similar to products already found to infringe Power Integrations' patents. (*See* D.I. 568 at ¶¶ 3-5.) The opinions set forth in Mr. Blauschild's Declaration are consistent with and not materially different from the opinions set forth in his expert reports and trial testimony. Accordingly, Mr. Blauschild's expert report was not materially changed by the inclusion of additional products. This Court has declined to strike supplemental expert testimony and updated exhibits in an analogous situation where an expert supplemented the analysis contained in his expert report to account for comparable transactions that occurred after he had submitted his original report. *See Tracinda*, 362 F. Supp. 2d at 505-511. The Court in *Tracinda* noted with approval that the supplement employed the same types of examples and underlying analysis of the original report:

> Because [the expert's] testimony was consistent with and not materially different from the opinions contained in his expert report, the Court finds no justification for excluding his testimony. Further, the updates made to [an expert report exhibit] were from public sources and were consistent with the types of examples contained in the original exhibit to the [expert] report. In this regard, the Court concludes that the report was not materially changed by the use of additional, newer transactions, because those additions changed nothing regarding the underlying analysis and only served to make the report more current.

*Id.* at 507.

Fairchild further argues that the Blauschild Declaration should be stricken because Fairchild has not obtained discovery or had the opportunity to depose Mr. Blauschild (D.I. 593 at 2-3 (citing *Tristrata*)), but the facts in *Tristrata* are entirely dissimilar. The *Tristrata* Court considered a motion to strike a post-trial declaration purporting to establish, for the first time, that an adjudicated infringer had a long-held, good-faith belief that the asserted patents were invalid. *Id.* at 357-58. The Court in *Tristrata* granted the motion to strike, noting that the adjudicated infringer had never previously raised (in discovery responses or otherwise) a defense to willfulness based on a belief that the patents were invalid. *Id.* at 358-59. Here, the Blauschild

4

Declaration introduces nothing like that sort of information. Like the expert testimony at issue in *Tracinda*, the Blauschild Declaration applies the same analysis, employing the same types of evidence, and rendering the same sort of opinion found in Mr. Blauschild's original expert report. Far from introducing an entirely new theory that was never subject to discovery, deposition, or cross examination, the Blauschild Declaration merely updates his analysis to account for recently introduced Fairchild products – an analysis that Fairchild sought unsuccessfully to challenge at trial.

Fairchild's complaint that Power Integrations has failed to provide adequate discovery is remarkable, given that Fairchild has refused to produce schematics for the new parts that appear to infringe, despite Power Integrations' repeated requests. Accordingly, the Blauschild Declaration relies on the only available evidence of those products' structure and function — public data sheets downloaded from Fairchild's website. Those data sheets show the same block diagrams and descriptions as the parts adjudged to infringe, as Mr. Blauschild states in his Declaration. Even though the data sheets come from Fairchild's own website, Power Integrations has produced them to Fairchild. (*See* D.I. 593 (FCS motion) at Exhibit B (November 5, 2007 letter from Headley to de Blank).) Any deposition at this point would be a waste of time, as Fairchild has still not produced the schematics for the new parts. The only thing a deposition might reveal at this stage is what is already set forth in the Blauschild Declaration—that, based on the inclusion in the newer data sheets of the same block diagrams for the infringing features as the data sheets for the parts already adjudged to infringe, Fairchild's newer products also infringe in the same manner.

Moreover, contrary to Fairchild's allegations, the Blauschild Declaration clearly states the bases for his conclusions, and Power Integrations has produced the information that Mr. Blauschild relied upon in reaching his conclusions. If Fairchild contends that its new parts do not infringe, it is free to present counter-evidence (based on the schematics for those parts or otherwise). Fairchild should present any rebuttal evidence it has instead of filing wasteful motions to strike.

### C.     The Renouard Declaration Should Not Be Stricken.

Bruce Renouard's Declaration (D.I. 567) should not be stricken—contrary to Fairchild's mischaracterization, the Renouard Declaration is not hearsay, as it merely authenticates business records relevant to Power Integrations' Motions that fall within the hearsay exception of Federal Rule of Evidence 803(6).[1] Exhibit A to the Renouard Declaration is a business record created by Fairchild itself, which evidences Fairchild's belief as to the number of infringing FSD210 parts it expects to sell to Samsung in 2007. Fairchild argues that Power Integrations does not rely on Exhibit A to the Renouard Declaration, but it is cited in Power Integrations' Motion for Accounting — not for the truth of the sales volume reported, but for the non-hearsay purpose of demonstrating the need for an accounting to assess the volume of Fairchild's continued infringing sales. (*See* D.I. 571 at 6.)

Exhibit B to the Renouard Declaration is also admissible as a Power Integrations business record — a weekly report of the type introduced and used at trial. The referenced text in the weekly report concerns the perception of Power Integrations' patent rights in light of its protracted litigation with Fairchild, a statement relevant to the state of mind of Power Integrations' customers that falls within the hearsay exception of Federal Rule of Evidence 803(3). Further, the statement is not offered to prove the truth of the matter asserted — that another competitor (BCD Semiconductor) is infringing Power Integrations' patents — but rather to show a general attitude in the industry that Power Integrations' enforcement of its patents is not viewed by competitors as a sufficiently imminent threat to dissuade them from infringing.[2]

---

[1] Power Integrations notes that the rules of evidence do not necessarily apply in the same manner in the context of equitable proceedings as during jury trials, as set forth above, but the present analysis responds to Fairchild's complaints as framed anyway.

[2] *Compare Tracinda*, 362 F. Supp. 2d at 512:
> Pursuant to Federal Rule of Evidence 805, "[h]earsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Kerkorian's statement to Aljian and Aljian's repetition of that statement to Koch is admissible under the exception provided for in Rule 803(3) as a "statement of the declarant's then existing state of mind." As for Koch's statement to Valde about what Aljian said about Kerkorian's views, the Court concludes that statement is admissible because it is not hearsay. Defendants have not offered the statement to prove the truth of the matter asserted as required by the definition

Fairchild further objects to the Renouard Declaration on grounds of irrelevance and prejudice, but it fails to explain why the Renouard Declaration is irrelevant to the analyses for which it is cited in Power Integrations' motions. With respect to relevance, though, the evidence presented in the Renouard Declaration has a tendency to make the existence of facts that are of consequence more probable, and thus is relevant to Power Integrations' motions, consistent with Federal Rule of Evidence 401. With respect to prejudice, as noted above, prejudice is not a proper ground for exclusion of evidence in an equitable proceeding such as Power Integrations' motions for a permanent injunction and for an accounting. *See Tracinda*, 362 F. Supp. 2d at 497.

Finally, because the Renouard Declaration and its Exhibits are more probative on the points for which they are offered than any other evidence readily procurable by Power Integrations, the interests of justice would be served by admitting that evidence under the residual hearsay exception provided under Federal Rule of Evidence 807. Accordingly, Fairchild's motion to strike the Renouard Declaration should be denied.

### III.   CONCLUSION

Because the Blauschild and Renouard declarations are not hearsay, are not unduly prejudicial, and present the sort of evidence the Court can rely on under Fairchild's own cited authority, the Court should deny Fairchild's motion and give the Blauschild and Renouard declarations the weight it believes they are entitled to in the evaluation of Power Integrations' post-trial motions.

---

of hearsay in Rule 801(c), i.e. that Tracinda was interested at a 20% premium, but only to show Tracinda's enthusiasm for the merger before learning about any corporate governance terms and its potential fear that too high a premium would preclude the transaction from being completed.

7

| | |
|---|---|
| Dated: November 27, 2007 | FISH & RICHARDSON P.C.<br><br>By: /s/ William J. Marsden, Jr.<br>William J. Marsden, Jr. (#2247)<br>Kyle Wagner Compton (#4693)<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>Telephone: (302) 652-5070<br>Email: marsden@fr.com<br>Email: kcompton@fr.com<br><br>Frank E. Scherkenbach<br>225 Franklin Street<br>Boston, MA 02110-2804<br>Telephone: (617) 542-5070<br><br>Howard G. Pollack<br>Michael Headley<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Telephone: (650) 839-5070<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**POWER INTEGRATIONS, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2007, I electronically filed with the Clerk of Court POWER INTEGRATIONS' BRIEF IN OPPOSITION TO FAIRCHILD'S MOTION TO STRIKE THE DECLARATIONS ACCOMPANYING POWER INTEGRATIONS' POST-TRIAL BRIEFING using CM/ECF which will send electronic notification of such filing(s) to the following counsel.

**BY HAND DELIVERY**
Steven J. Balick
John G. Day
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE 19899

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION, and third party
INTERSIL CORPORATION

**BY E-MAIL AND FEDERAL EXPRESS**
G. Hopkins Guy, III
Bas de Blank
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

_/s/ William J. Marsden, Jr._
William J. Marsden, Jr.

80052129.doc