IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1371-JJF |
| | ) |
| FAIRCHILD SEMICONDUCTOR | ) |
| INTERNATIONAL, INC., and FAIRCHILD | ) |
| SEMICONDUCTOR CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**FAIRCHILD'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE THE DECLARATIONS ACCOMPANYING POWER INTEGRATIONS' MOTION FOR A PERMANENT INJUNCTION**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801
Telephone: 302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants
Fairchild Semiconductor International, Inc.
and Fairchild Semiconductor Corporation*

*Of Counsel:*

ORRICK, HERRINGTON & SUTCLIFFE LLP
G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Gabriel M. Ramsey
Brian H. VanderZanden
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: November 30, 2007

186320.v1

I. **INTRODUCTION**

Power Integrations' ("PI") Motion for a Permanent Injunction seeks to enjoin not only the Fairchild products found to infringe at trial, but also 26 newly-accused Fairchild products. D.I. 565 at 21. PI's only support that these products should be enjoined is a conclusory declaration from its expert, Robert Blauschild (the "Blauschild Declaration", D.I. 567). This declaration fails to provide such basic information as which claims are allegedly infringed or how each element is supposedly practiced by the newly accused devices. Thus, Fairchild sought discovery from PI, including the opportunity to depose Mr. Blauschild about his declaration. PI absolutely refused to provide Fairchild with any such discovery. Therefore, the Court should strike the Blauschild Declaration from the record.

Rather than provide the necessary discovery, PI seeks to shift the burden to Fairchild to prove that the newly accused devices do not infringe. This is legally incorrect. The case law plainly requires that PI must prove by clear and convincing evidence that the newly-accused products infringe. This is especially true here, where the majority of the newly accused devices were specifically designed by Fairchild to avoid the asserted claims.

With respect to the Declaration of Bruce Renouard (the "Renouard Declaration", D.I. 568), PI fails to prove that the two exhibits attached to it are anything other than inadmissible hearsay. The arguments in PI's Opposition should be rejected, and the Renouard Declaration should be stricken from the record.

II. **ARGUMENT**

    A. **The Declaration Of Robert Blauschild Should Be Stricken From The Record**

In its Opposition to Fairchild's Motion to Strike the Declarations of Robert Blauschild and Bruce Renouard ("Opposition", D.I. 602), PI continues to refuse to provide Fairchild with discovery concerning its new infringement allegations. D.I. 602 at 5; Ex. A (e-mail from Howard Pollack to Hopkins Guy). Since PI denies Fairchild the "opportunity to test the reliability of the statements in the ... Declaration through discovery or cross examination," the

1

Blauschild Declaration should be stricken. Tristrata Tech., Inc. v. INC Pharms., Inc., 314 F. Supp. 2d 356, 359 (D. Del. 2004).

Discovery is particularly necessary with respect to the Blauschild Declaration because PI fails to provide such basic information as which claims are asserted, or how the accused products practice each element. In its Opposition, PI concedes that "[a]ny deposition at this point would be a waste of time" because all of the available information is set forth in the Blauschild Declaration. D.I. 602 at 5. Taking PI at its word, this means that PI does not know what claims are allegedly infringed, and has no basis to argue that every element is met. For this reason, the declaration should be stricken.

Rather than provide the necessary discovery, PI argues that Fairchild bears the burden of proving that the newly-accused Fairchild products should not be enjoined. See D.I. 602 at 2. This is incorrect. To show infringement, PI "must prove by clear and convincing evidence that the modified device falls within the admitted or adjudicated scope of the claims." Arbek Mfg. v. Moazzam, 55 F.3d 1567, 1569 (Fed. Cir. 1995) (internal quotation omitted). PI cannot do this because most of the newly-accused products were designed specifically to avoid infringement. For this reason, the Blauschild Declaration should be stricken from the record. Arbek Mfg., 55 F.3d at 1570 ("The modifying party generally deserves the opportunity to litigate the infringement question at a new trial, 'particularly if expert and other testimony subject to cross-examination would be helpful or necessary.'")

PI argues that the Blauschild Declaration should not be stricken because it is "consistent with and not materially different from" the opinions set forth in Mr. Blauschild's prior expert reports and trial testimony. D.I. 602 at 4. This is simply not true. The Blauschild Declaration concerns 26 newly-accused products, none of which were previously accused, and most of which were specifically designed to avoid the claims of the asserted PI patents.

PI's reliance upon this Court's holding in Tracinda Corp. v. DaimlerChrysler AG is entirely misplaced. 362 F. Supp. 2d 487 (D. Del. 2005). The holding in Tracinda arose out of an evidentiary hearing that was conducted during a bench trial in an action alleging violations of

2

securities laws, common law fraud, and conspiracy in connection with a corporate merger. 362 F. Supp. 2d 487. During the trial, the plaintiff moved to exclude portions of the defendant's expert testimony on the grounds that it was outside the scope of the expert report. Id. at 505-506. An appendix to the expert's report that listed transactions had been updated to include more recent transactions that were announce after the date of the initial report. Id. at 507. Based upon all of the data in the updated appendix, the expert testified that "there is no such thing as a set control premium," as a general proposition in a mergers context. Id. The Court held that the updates to the report were permissible because the expert's additions did not effect the underlying analysis of the report; the expert would have been able to make that assertion whether the appendix had been updated or not. Id. The new evidence in the Blauschild Declaration, in contrast, contains allegations concerning entirely new products that were never accused, many of which were designed around the asserted patents. The allegations in the Blauschild Declaration are in no way analogous to the updated appendix in Tracinda.

### B. PI's Assertion That The Exhibits To The Renouard Declaration Are Being Offered For Non-Hearsay Purposes Must Be Rejected.

Fairchild explained in its Motion to Strike that both of the exhibits attached to the Renouard Declaration are hearsay and should be stricken from the record. In response, PI claims that the statements in those exhibits are not being offered for the truth of the matter asserted, but are instead being offered for unrelated, non-hearsay purposes. Because this is plainly untrue, the Renouard Declaration, and its exhibits, should be stricken from the record.

#### 1. PI Fails To Establish That Exhibit A To The Renouard Declaration Is Non-Hearsay

PI filed the Renouard Declaration as a "Declaration re: Motion for Permanent Injunction" on the Court's docket. PI now concedes that Exhibit A to the Renouard Declaration is in no way relevant to its Motion Permanent Injunction, and asserts that it is instead relevant to its Motion for an Accounting. D.I. 602 at 6. For this reason alone, Exhibit A should be stricken.

In a deliberate effort to save its admittedly improper document, PI now argues that Exhibit A is offered "not for the truth of the sales volume reported, but for the non-hearsay

3

purpose of demonstrating the need for an accounting to assess the volume of Fairchild's continued infringing sales." D.I. 602 at 6. This is directly contradicted by PI's Motion for an Accounting, which cites Exhibit A for the proposition that "Power Integrations has learned that Fairchild expects to ship 50,000,000 units of the infringing FSD210 chip to Samsung's manufacturing subcontractors alone in 2007." D.I. 571 at 6. PI cites Exhibit A for the truth of the matter asserted - that Fairchild allegedly plans to ship these purported units to Samsung's manufacturing subcontractors. PI's assertion that it is used for some "non-hearsay purpose" must be rejected.

Moreover, PI for the first time in its Opposition asserts that Exhibit A is a "business record created by Fairchild." D.I. 602 at 6. This assertion cannot be supported by the Renouard Declaration, which states only that the document was received from a Fairchild engineer. D.I. 567 at 1. Indeed, Exhibit A does not indicate that it is a Fairchild document, or that it was created as a business record. Without deposing Mr. Renouard, there is no way to know what the document is or the circumstances under which it was obtained. For instance, it could have been created by the un-named "Fairchild engineer" in his own capacity to further his chance of employment at PI, it could have been created by one of the other competitors listed, or it could have been created by PI.

### 2. PI Fails To Establish That Exhibit B To The Renouard Declaration Is Non-Hearsay

Again conceding the hearsay nature of the document, PI argues that Exhibit B to the Renouard Declaration "is not offered to prove the truth of the matter asserted – that another competitor (BCD Semiconductor) is infringing Power Integrations' patents – but rather to show a general attitude in the industry that Power Integrations' enforcement of its patents is not viewed by competitors as a sufficiently imminent threat to dissuade them from infringing." D.I. 571 at 6. Exhibit B contains the statement that "[PI competitor BCD Semiconductor] thinks[s] that it will not be impact[ed] seriously since they learned that [the] Fairchild case has been taken about 3 years." D.I. 567 ¶3. PI cites this paragraph in its Motion for Permanent Injunction for the

4

assertion that "[a]nother competitor, observing the profits Fairchild has made from its willful infringement and the length of time it has taken to resolve the issue of Fairchild's infringement, has decided that the immediate upside profits outweigh any potential risk of being held accountable for infringing Power Integrations' patents." D.I. 565 at 13. Again, PI is citing this document for the truth of the matter asserted - that Fairchild's infringement, and the three-year length of litigation, is encouraging BCD Semiconductor to infringe PI's patents.

Additionally, PI asks the Court to admit Exhibit B under the Rule 807 residual hearsay exception because "the Renouard Declaration and its Exhibits are more probative on the points for which they are offered than any other evidence readily procurable by Power Integrations...." D.I. 571 at 7. PI has not shown, however, that it could not obtain similar evidence from some other, more reliable, readily procurable source. PI's argument that the residual hearsay exception should apply, therefore, must be rejected, and Exhibit B should be stricken from the record.

### III. CONCLUSION

For the foregoing reasons, Fairchild respectfully requests that the Court reject the arguments raised in PI's Opposition and strike the Blauschild and Renouard declarations from the record.

                                    ASHBY & GEDDES

                                    */s/ John G. Day*

                                    Steven J. Balick (I.D. #2114)
                                    John G. Day (I.D. #2403)
                                    Lauren E. Maguire (I.D. #4261)
                                    500 Delaware Avenue, 8th Floor
                                    P.O. Box 1150
                                    Wilmington, DE 19899
                                    (302) 654-1888

                                    *Attorneys for Defendants
                                    Fairchild Semiconductor International,
                                    Inc. and Fairchild Semiconductor
                                    Corporation*

5

*Of Counsel:*

ORRICK, HERRINGTON & SUTCLIFFE LLP
G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Gabriel M. Ramsey
Brian H. VanderZanden
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400


Dated:  November 30, 2007
186320.v1