# EXHIBIT A

**From:** Howard Pollack [pollack@fr.com]
**Sent:** Tuesday, October 23, 2007 4:07 PM
**To:** Guy, Hopkins; Michael Headley
**Cc:** de Blank, Bas; William Marsden
**Subject:** RE: PI-Fairchild: proposed schedule for post-trial briefing

Hopkins,

We do not agree that "discovery" on this issue is a "two-way street." Fairchild is in possession of the relevant materials to support your representations that there has been a design around. You either choose to provide that support or not. Power Integrations' reverse engineering in this context is work product and we see no reason to produce it. Nor do we believe any depositions are necessary in order to resolve these issues.

Regards,

Howard

---

**From:** Guy, Hopkins [mailto:hopguy@orrick.com]
**Sent:** Tuesday, October 23, 2007 11:34 AM
**To:** Michael Headley
**Cc:** de Blank, Bas; Howard Pollack
**Subject:** RE: PI-Fairchild: proposed schedule for post-trial briefing

Thank you.

We will take this up with local counsel and Fairchild.

As for the documentation that you request regarding the schematics for the new products, any discovery at this time will need to be a two-way street. Are you agreeing to produce all documentation that Mr. Blauschild has relied or seen related to the new Fairchild products including all reverse engineering? Do you agree to allow a deposition at some appropriate time of anyone submitting a declaration in support of your motion for permanent injunction related to the new Fairchild products? We need to know this before we agree to provide additional discovery to Power Integrations at this point.

Hopkins

---

**From:** Michael Headley [mailto:Headley@fr.com]
**Sent:** Tuesday, October 23, 2007 11:26 AM
**To:** Guy, Hopkins
**Cc:** de Blank, Bas; Howard Pollack
**Subject:** Re: PI-Fairchild: proposed schedule for post-trial briefing

Hop,

Per our call today, Power Integrations proposes an overall schedule for the resolution of post-trial briefing in this case with the following deadlines:

Nov. 5: Fairchild opening briefing on inequitable conduct ("IC")
Nov. 9: Fairchild oppositions to PI motion for accounting, motion for injunction, and motion for judgment of no inequitable conduct regarding the '876

Nov. 16: Pl reply briefs re its motions
Nov. 21: Pl opposition brief re inequitable conduct
Nov. 23: Fairchild JMOL briefs
Dec. 5: Fairchild reply brief re IC
Dec. 14: Pl oppositions to Fairchild JMOLs
Jan. 4: Fairchild replies re JMOLs
Jan 14: hearing this week.

Please let us know your response by Thursday at noon so that we can raise this issue with the Court if need be.

Also, please send us the documents you mentioned regarding Fairchild's activities following the infringement verdict as soon as possible, including the letters to customers regarding Fairchild no longer indemnifying them for use of the infringing products. We also reiterate our request for the schematics for the parts we have identified as not being colorably different from those adjudged to infringe, particularly given your statement today that you have no doubt the products are in fact more than colorably different in some way that is meaningful to the patents-in-suit. If our review of the schematics supports your assertion for any of the parts in question, we will certainly reconsider our request for an injunction as to the part(s).

I look forward to your response.

Sincerely,
Michael

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)
************************************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

************************************************************************************************