IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371 JJF |

**PLAINTIFF POWER INTEGRATIONS' MOTION FOR
PRE-JUDGMENT INTEREST**

**I.    INTRODUCTION**

At the time Power Integrations filed suit, Fairchild was selling infringing power supply controller products. Throughout the three years of this litigation, Fairchild has continued to sell products covered by Power Integrations' patents without compensating Power Integrations for this infringing activity. After repeated delays, all of which were requested by Fairchild, Power Integrations has finally prevailed in establishing that its patents are valid and that it is entitled to damages for Fairchild's infringement. The damages award will not fully compensate Power Integrations, however, unless it takes into account the long span of time that has elapsed since Power Integrations first filed suit. Power Integrations respectfully requests that the Court award pre-judgment interest on the jury damages award to more fully compensate Power Integrations for the delay in receiving payment from Fairchild.

District courts have discretion when determining both whether and how to award pre-judgment interest. The case law is clear, however, that interest should routinely be awarded, that

a decision not to award interest should be the exception rather than the rule, and that pre-judgment interest is appropriate to compensate for the long delay between the start of infringing activity and the collection of money damages. In this case, Fairchild has taken every possible opportunity to avoid the day when it will be forced to account for its infringement. This Court should compensate Power Integrations for this delay by awarding reasonable interest on the jury damages award.

## II.   NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Power Integrations, Inc. ("Power Integrations") filed this patent infringement lawsuit against Defendants Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively, "Fairchild") on October 20, 2004. In October of 2006, Power Integrations and Fairchild tried the issues of infringement, damages, and willfulness to a jury. The jury determined that Fairchild willfully infringed all four asserted Power Integrations patents. (D.I. 415.) The jury also determined that Power Integrations suffered actual damages as a result of Fairchild's infringement and awarded total damages of $33,981,781 for Power Integrations' lost profits, price erosion, and a reasonable royalty. (*Id.*) In September of 2007, Power Integrations and Fairchild tried the issue of validity, and the jury rejected Fairchild's defense that the asserted claims of Power Integrations' patents were invalid. (D.I. 555.)

## III.  STATEMENT OF LAW

Prejudgment interest should generally be awarded absent some justification for withholding such an award. *See General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). The amount of interest on a damages judgment is fixed by the court. 35 U.S.C. § 284. A trial court has broad discretion in making this determination, but the withholding of pre-judgment interest is the exception, not the rule, and a denial of pre-judgment interest must bear some relation to the reasons for awarding pre-judgment interest. *Lummus Industries, Inc. v.*

2

*D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988). The trial court has discretion to determine the appropriate methodology for calculating pre-judgment interest. *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 556-57 (Fed. Cir. 1984). Prejudgment interest should ordinarily be granted on awards of lost profits as well as awards of a reasonable royalty. *Id.* at 555.

## IV. ARGUMENT

Power Integrations is entitled to pre-judgment interest. As noted above, pre-judgment interest should generally be awarded absent some compelling justification for withholding such an award, *Devex*, 461 U.S. at 567, and courts in this district routinely award pre-judgment interest following a verdict of patent infringement. *See, e.g., Novozymes A/S v. Genencor Int'l, Inc.*, 474 F. Supp.2d 592, 609 (D. Del. 2007) (Jordan, J.); *IMX, Inc. v. Lendingtree, LLC*, 469 F. Supp.2d 203, 227 (D. Del. 2007) (Robinson, J.); *Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp.2d 456, 471 (D. Del. 2006) (Farnan, J.). These three cases all reflect awards of pre-judgment interest to the patent holder to compensate for the lapse of time between filing suit and the entry of judgment. In this case, Power Integrations filed suit over three years ago, but Power Integrations has yet to receive any compensation from Fairchild, and Power Integrations is entitled to reasonable interest on the damages that have accrued since it filed suit.

There are very few exceptions where an award of pre-judgment interest is not proper. Denial of pre-judgment interest is generally limited to specific circumstances where the patentee either delayed in filing suit or delayed in resolving the litigation. *See Novozymes*, 474 F.Supp.2d at 609. None of these exceptions are present in this case. Power Integrations promptly filed suit against Fairchild after confirming that Fairchild infringed, and at all times Power Integrations has attempted to push this litigation forward to a swift resolution.

The method for computing pre-judgment interest is within the discretion of this Court. Power Integrations' damages expert, Mr. Richard Troxel, has prepared a declaration with proposed calculations in order to assist the Court in setting the proper amount of pre-judgment interest.[1] As described in that declaration, Mr. Troxel has used the one-year constant maturity Treasury yield as the proper interest rate in making his calculation. (Troxel Decl. Ex. A at ¶ 242.) As he explains, this rate is not only reasonable, it is the same rate that is used for post-judgment interest calculations. *See id.*; *see also* 28 U.S.C. § 1961. Mr. Troxel uses compound interest collected on a specified schedule. (Troxel Decl. Ex. A at ¶ 244-47.) Both the use of the Treasury rate and the use of compound interest are common in pre-judgment interest awards. *See Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 829 (Fed. Cir. 1989). Mr. Troxel started his interest calculations on the date when this suit was filed, which the Court has determined is the proper date for damages to begin. (Troxel Decl. Ex. C4.) Mr. Troxel made his calculation assuming that judgment will be entered on December 31, 2007, but he also provided a mechanism for this Court to adjust this award should it enter judgment on a later date.[2] This calculation methodology yields a total interest award of $1,746,326, which includes interest on both the reasonable royalty awarded by the jury, as well as the past lost-profits award. (Troxel Dec. Ex. B.) This calculation does not include any interest on the award of future lost profits. (*See id.*) Power Integrations believes that Mr. Troxel's calculation is reasonable, and asks that the Court adopt this methodology in setting the amount of pre-judgment interest in this case.

---

[1] The Declaration of Richard B. Troxel Regarding Prejudgment Interest ("Troxel Decl.") has been filed contemporaneously with this brief.

[2] For example, to the extent damages calculations are updated based on 2007 sales data as a result of an accounting, the same methodology for calculating prejudgment interest would apply.

## V.  CONCLUSION

The computation of pre-judgment interest is necessary to fully compensate Power Integrations for Fairchild's infringement. When this Court enters final judgment, it should also enter an award of pre-judgment interest calculated using the methodology proposed by Power Integrations.

Dated: December 3, 2007           FISH & RICHARDSON P.C.

By: /s/ William J. Marsden, Jr.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton ( #4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Email:  marsden@fr.com

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070

Howard G. Pollack
Michael Headley
Jonathan Lamberson
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2007, I electronically filed with the Clerk of Court Plaintiff Power Integrations' Motion for Pre-Judgment Interest using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via the method indicated below:

| | |
|---|---|
| **BY EMAIL AND BY HAND**<br>John G. Day, Esquire<br>Steven J. Balick, Esq.<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |
| **BY EMAIL AND FEDERAL EXPRESS**<br>G. Hopkins Guy, III<br>Bas de Blank<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

/s/ Kyle Wagner Compton
Kyle Wagner Compton

80052389.doc