# TAB 6

Official Gazette Notice

Pilot Concerning Public Submission
Of Peer Reviewed Prior Art

I. Introduction

As part of the efforts of the United States Patent and Trademark Office (Office) to implement its Strategic Plan, the Office is pleased to announce a pilot to determine the extent to which the organized submission of documents together with comments by the public will provide useful prior art for examiners. Advances in Internet-based methods of collaboration have produced both technological and business models that have greatly increased productivity in the American economy. Recently a group of academic and business professionals have proposed a collaborative, online process in which members of the public pool together their knowledge and locate potential prior art. This pilot will test whether such collaboration can effectively locate prior art that might not otherwise be located by the Office during the typical examination process.

A limited number of volunteer applicants who filed or will be filing applications in the computer arts will have the opportunity to consent to the placement of their published applications into this pilot. Collaborative review will be conducted on the peer-to-patent website. Peer-to-Patent is a non-Office website developed by the peer-to-patent Community Patent Review Project (CPRP) of the Institute for Information Law and Policy at NY Law School for this pilot. These applications will be analyzed by members of the public, who, in an organized manner using Internet Peer Review techniques, will determine the (up to) ten best documents, which will be submitted to the Office under a waiver of certain sections of both 37 CFR §§ 1.99 and 1.291.

The volunteer applicants must consent to have comments submitted with each of the documents explaining how the documents relate to the disclosed invention as defined by the claims. The goal of this pilot is to test whether the organized collection and submission of documents together with comments by the public will produce better examination results by presenting prior art known by the public to the examiner early in

the prosecution, specifically before the first Office action. This pilot program is expected to begin on June 15, 2007, and end on June 16, 2008 (with submissions accepted from Peer-to-Patent until October 17, 2008), or after 250 participating applications have been submitted to the Office, which ever occurs first. Results will be compiled by the Office and published in a report on the effectiveness of this public submission process. As the Office will be approving applications for participation with the pilot, requests to participate will be dismissed as moot after the close of the pilot.

The Office reserves the right to discontinue this pilot program if continuation is not in the best interests of the Office.

II. Cooperation with New York Law School's Institute for Information Law and Policy

The New York Law School's Institute for Information Law and Policy will manage the public aspects of the pilot and run the Peer-to-Patent website located at www.peertopatent.org. More information on this initiative can be found at http://dotank.nyls.edu/communitypatent. [These links to non-Federal Government Web sites do not imply endorsement of this particular organization or the content on these sites]. Peer-to-Patent will be responsible for the management of the Internet based review process by the public that will result in the submission of a list of up to ten (10) documents as described below. The Office did not establish Peer-to-Patent or the Community Patent Review Project, and will not set the membership or agenda, nor assume authority or control over Peer-to-Patent or the Community Patent Review Project. The Office and the Community Patent Review Project are independent entities, and are not agents of each other. Neither party is authorized or empowered to act on behalf of the other with regard to any contract, warranty or representation as to any matter, and neither party will be bound by the acts or conduct of the other.

The Office will provide Peer-to-Patent with published patent application data to aid in the administration of the pilot.

III. Overview and Discussion of the Process

Official Gazette Notice

The Office is authorized to engage in this pilot under 35 U.S.C. § 2(b)(11), which provides that the USPTO "may conduct programs, studies, or exchange of items or services regarding domestic and international intellectual property law and the effectiveness of intellectual property protection domestically and throughout the world."

To facilitate this pilot, notwithstanding any provision of Title 37 of the Code of Federal Regulations, the Office for certain (i.e. accepted) applications will accept submissions from Peer-to-Patent that:

    (1) are received by the Office within 18 weeks, corresponding to a period of four (4) months and two weeks from the date of the publication of the application. A submission form that is located at: http://www.uspto.gov/web/patents/peerpriorartpilot/submission.pdf must accompany the submission.

    (2) are limited to ten (10) or fewer documents for consideration as prior art by the Office during the examination process and accompanying comments. Only comments regarding the relevance of the submitted document as prior art will be considered. Other comments, such as a comment on the applicability of 35 USC § 112, will not be considered; these comments will be either redacted or discarded in their entirety by the Office.

In order to facilitate the operation of the pilot program and to collect an adequate sample of data from which to make an effective quantitative evaluation, this pilot program will initially be restricted to applications assigned to Technology Center 2100. With the exception of the provisions of the limited waiver of 37 CFR §§ 1.99 and 1.291, the examination process for these applications will be performed in a normal manner following established methods. However, participating applications will be advanced out of turn for examination, for the initial examination on the merits, so the results of the pilot can be reviewed in a short time frame. Participating applications must have been filed under 35 USC § 111(a) or have entered the national phase under 35 USC § 371.

Official Gazette Notice

Effective June 15, 2007, the Office will waive aspects of 37 CFR §§ 1.99 and 1.291 for submissions presented under and meeting the conditions of this program. All other submissions made under either 37 CFR § 1.99 or § 1.291 will not be affected, even those submitted by non-participating individuals for one of the volunteer applications. This pilot program does not affect any procedures permitted under 37 CFR §§ 1.99 and 1.291, nor does it contradict 35 USC § 122 as applicants must provide express written consent to the inclusion of the explanation submitted by Peer-to-Patent coordinators regarding how the prior art documents relate to the disclosed invention as defined by the claims.

    Existing § 1.99 permits third-party submissions that satisfy rule requirements including fees, service, timing and format requirements.  (§ 1.99(d)).

    Existing § 1.291 permits public protests that satisfy rule requirements including service, timing, written consent, and format requirements. See 37 CFR §§ 1.99 and 1.291 for details.

A. Requirements and Conditions Applicable to Applicants

For the purposes of this pilot, the existing requirements of 37 CFR §§ 1.99 and 1.291 will be waived for submissions that comply with the following conditions:

(1) Applicant will submit to the Office a written consent as specified below for a specific application to participate in the program, with the consent naming the real party in interest for the application.

    (a) The Office will accept no more than 15 total written consents (corresponding to 15 total separate applications) from an Applicant, Applicant's assignee (to include subsidiaries), or Applicant's affiliates. Patent applications that participate in the peer review process, but are not granted advancement of examination for any reason (e.g. because they do not receive at least one document submitted as a potential reference) will not be counted against the 15 total for any one applicant, and will be redocketed to the order of examination they would have held if the application had not partially participated in the peer review project.

    (b) In addition, to ensure a representative sample of participants, the USPTO will reserve 15% of participation slots for small entities as defined by 37 C.F.R. § 1.27.

Official Gazette Notice

This percentage approximates the percentage of applicants within Technology Center 2100 that are small entities.

(2) Timing. There are two restrictions involved, the timing of the consent, and the posting capacity of the Peer-to-Patent website.

(a) The consent is timely. As described in detail below in the section labeled "Timing Considerations," the timing of the publication of the application must occur during the pilot and provide a period no less than three (3) months and no more than four (4) months for posting (and evaluation) at the Peer-to-Patent website.

(b) The actual timing of the posting of the applications may vary due to capacity limitations of the Peer-to-Patent website.

(3) The consent includes an express written authorization for the Peer-to-Patent submission to the Office to include comments describing the relevance of the document to the disclosed invention as defined by the claims. Applicants will be required to use an Office-prepared consent form located at:
http://www.uspto.gov/web/patents/peerpriorartpilot/consent.pdf.

(4) The Application must not have previously been filed for Accelerated Examination (see 1308 Off. Gaz. Pat. Office 112 (July 18, 2006).

(5) The Application is not an international application filed under the Patent Cooperation Treaty prior to entry into the national phase under 35 USC § 371.

The Office will determine if the consent and associated application meet all of the Office requirements for this pilot. If so, the Office will notify Applicant and the Peer-to-Patent coordinators of the inclusion of the application for the pilot. If the consent and application do not meet all requirements or the pilot has ended, the applicant will be notified of the decision not to include the application in the pilot.

Official Gazette Notice

B. Requirements and Conditions Applicable to the Third-Party Submitter

After an application has been accepted into the pilot and has been posted at the Peer-to-Patent website for the appropriate period, the third-party submissions (the peer review consisting of prior art and comments) will be forwarded by Peer-to-Patent to the Office, and must comply with the following conditions:

    (1) The submission forwarded by Peer-to-Patent must be received by the Office within 18 weeks, corresponding to a period of four (4) months and two weeks from the date of the publication of the application. It is expected that this period will allow sufficient time to complete the Internet-based Peer process.

    (2) The submission may include up to ten (10) documents for consideration as prior art by the Office during the examination process and accompanying comments. Only comments regarding the relevance of the submitted document as prior art will be considered. Other comments, such as a comment on the applicability of 35 USC § 112, will not be considered; these comments will be either redacted or discarded in their entirety by the Office.

    (3) Each submission will be accompanied by the form that is located at: http://www.uspto.gov/web/patents/peerpriorartpilot/submission.pdf.


C. Examination by the Office

    (1) Applications that successfully complete the posting and review process as outlined above with at least one prior art reference document (including a compliant submission from Peer-to-Patent) will receive advancement of examination for the first Office action on the merits, "to expedite the business of the Office" (see 37 CFR § 1.102(a)) so the results of the study can be obtained in a shorter time. The application will receive a first action using the Office's usual procedures, with the examiner reviewing the submission as well as all documents produced from the normal Office search. Data will be maintained on the use of the documents submitted under the program and summary statistics will be publicly available. Examiners will consider all documents and comments submitted by the peer review process and will give those documents and comments the weight the examiner deems appropriate. Examiners will

only consider comments regarding the application of the submitted document as prior art. Other comments, such as a comment on the applicability of 35 U.S.C. § 112, will not be considered. These comments will be either redacted or discarded in their entirety by the Office.

(2) Further prosecution of the applications submitted under this program will continue in the conventional manner.

IV. Program Administration

Various details in the administration of this program and the processing of applications submitted there under will be considered and resolved as they arise. The Office will endeavor to conduct the pilot in a manner that will elicit the best data for evaluation of the effectiveness of the submitted documents, consistent with the proper prosecution of the participating applications. For example, an Applicant may be notified by the Office of any defects found in the consent, and shall receive an opportunity to correct the defects. Similarly, the Peer-to-Patent coordinators may be notified by the Office of any defects found in the submission, and shall receive an opportunity to correct the defects.

V. Timing Considerations

The following examples illustrate some of the timing considerations for which Applicants should be aware:

Example 1: Application Previously Filed and Expected to Publish During Pilot.

Applications previously filed and having an expected date of publication during the pilot period are eligible for participation. For example, an application previously filed during the month of December 2005, and filed with no benefit claim under 35 U.S.C. § 120 has a projected publication date sometime during the month of June 2007. In this situation, Applicant may volunteer for inclusion in the pilot. Provided the application is assigned to TC 2100 and was not filed under Accelerated Examination, and provided the Peer-to-Patent website has sufficient capacity for posting and evaluation of the application, the Office would accept the application as eligible for participation in the pilot.

Official Gazette Notice

Example 2:  Application Requires Request for Early Publication so as to Publish During Pilot.

Applications either previously filed or filed during the pilot period which do not have a projected publication date during the pilot may become eligible for participation provided Applicant files a Request for Early Publication (or voluntary publication, if the application was filed prior to 11/29/2000) so as to induce publication during the pilot period.  For example, Applicant might file an application during the month of July 2007, along with the filing of a Request for Early Publication.  This application would have a projected date of publication sometime during the month of November 2007.  In this situation, Applicant may volunteer for inclusion in the pilot.  Provided the application is assigned to TC 2100 and was not filed under Accelerated Examination, and provided the Peer-to-Patent website has sufficient capacity for posting and evaluation of the application, the Office would accept the application as eligible for participation in the pilot.

Example 3:  Application Previously Published.

An application previously published is ineligible for the pilot unless the application was published within one month of the start of the pilot program, because the submission by the Peer-to-Patent coordinators must be received by the Office within four (4) months and two weeks of the application's date of publication.

VI.  Other Conditions Not Imposed by the Office

Participation in this pilot program may be subject to further conditions as indicated by the Peer-to-Patent coordinators, who are responsible for the prior art submission.  The Office has no responsibility for these further restrictions.

For instance, in the timing consideration examples provided above, an application may be accepted for the pilot, yet is not available for posting on the Peer-to-Patent website because the website is handling its maximum capacity of current participants.

Official Gazette Notice

## VII. Additional Information

For further information on this pilot, please email **PeerReviewPilot2007@USPTO.gov** or contact Jack Harvey, Director, Technology Center 2100 at Jack.Harvey@USPTO.gov. General inquiries on the Community Patent Review Project may be addressed to **info@peertopatent.org**.

Date:                                               _____
                                                    John J. Doll
                                                    Commissioner for Patents