# Exhibit U



ORRICK

June 28, 2005

Sarah M. Schultz
(650) 614-7673
sschultz@orrick.com

***VIA HAND DELIVERY***

Ms. Gina Steele
Fish & Richardson, P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Re: Power Integrations v. Fairchild

Dear Ms. Steele:

Enclosed please find 2 CDs of Fairchild produced documents, Bates labeled FCS0528165 – FCS0540598 and FCS0540599 – FCS0542605. Also enclosed please find a hard drive of Fairchild produced documents, which includes Bates labeled documents FCS0542606 – FCS1175180. The enclosed may contain confidential or highly confidential documents pursuant to the Protective Order.

Please contact Bas de Blank if you have any questions. Thank you.

Very truly yours,

Sarah M. Schultz,
Legal Assistant

CC: Bas de Blank, Esq.

Enclosures

# Exhibit V



June 29, 2005

Sarah M. Schultz
(650) 614-7673
sschultz@orrick.com

***VIA HAND DELIVERY***

Ms. Gina Steele
Fish & Richardson, P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Re: Power Integrations v. Fairchild

Dear Ms. Steele:

Enclosed please find one hard drive of Fairchild produced documents, which includes Bates labeled documents FCS1175181 – FCS1350167. The enclosed may contain confidential or highly confidential documents pursuant to the Protective Order.

Please contact Bas de Blank if you have any questions. Thank you.

Very truly yours,

Sarah M. Schultz,
Legal Assistant

CC: Bas de Blank, Esq.

Enclosures

# Exhibit W

Yahoo! My Yahoo! Mail

Search the Web

YAHOO! FINANCE Sign In New User? Sign Up

Finance Home - Help

Home Investing News & Commentary Retirement & Planning Banking & Credit Loans Taxes

Special Editions Columnists Personal Finance Investing Ideas Markets Company Finances Providers

Get Quotes GO Symbol Lookup | Finance Search

SCHWAB ACTIVE TRADER GO $7 Trades Scottrade

Press Release

Source: Fairchild Semiconductor

# Fairchild Semiconductor Files Patent Infringement Lawsuit Against Power Integrations, Inc.

Tuesday April 11, 12:36 pm ET

SOUTH PORTLAND, Maine--(BUSINESS WIRE)--April 11, 2006--Fairchild Semiconductor (NYSE: FCS - News) announced today that it has filed a patent infringement lawsuit against Power Integrations, Inc. in the United States District Court for the Eastern District of Texas.

ADVERTISEMENT

Cameras MP3 Players Shoes

Cell Phones Handbags Laptops

The lawsuit asserts infringement of U.S. Patent No. 5,264,719 by Power Integrations' pulse width modulation (PWM) products. Fairchild intends to take all possible steps to seek a court order to stop Power Integrations from making, using, selling, offering for sale or importing the infringing products into the United States and to obtain monetary damages for Power Integrations' infringing activities.

Fairchild and Power Integrations have been in litigation since 2004 in the United States District Court for the District of Delaware. This lawsuit is a separate action filed in the United States District Court for the Eastern District of Texas.

"What Power Integrations has not been able to achieve in the marketplace, they have sought to achieve in the court room. We are forced to respond in kind. However, in our case, Fairchild is asserting a patent that pre-dates Power Integrations' patents by at least fifteen months," said Tom Beaver, Fairchild's executive vice president for Worldwide Sales and Marketing. "We believe Power Integrations' products are infringing the '719 patent. We will take all possible steps to bring Power Integrations' infringement to a stop and to be made whole for the damages they are inflicting."

Intersil Corporation owns U.S. Patent No. 5,264,719, for High Voltage Lateral Semiconductor Devices, and is a co-plaintiff with Fairchild in the lawsuit. Fairchild has held license rights under the patent since 2001 and more recently secured exclusive rights to assert the patent against Power Integrations.

About Fairchild Semiconductor:

Related Qu

FCS 11-Apr 1:1

18.8 18.6 18.4 18.2 18.0 10am 12pm

FCS 18.23 -

View Detailed

Delayed 20 m

Providers - Disc

Related News

- MagnaChip Name Executive as SVP Sales - PR Newswire (
- Fairchild Semicon Announces Confer First Quarter 2006 Results - Business Wi
- UPDATE - RESEA ALERT-Credit Suis Micro, 3 others - at (Wed Apr 5)
- Fairchild Semicon 2.0 Switch with Inc Highest 8kV ESD Ideal for Port Isola Portables - Business

- By industry: Semic Integrated Circuits

Last Updated
YOUR STOCKS RIGHT
AT YOUR FINGERTIPS
GET IT NOW - FREE

Top Stor

- Vioxx Plaintiff Gets to Appeal - AP (11:22

Fairchild Semiconductor (NYSE: FCS - News) is the leading global supplier of high-performance power products critical to today's leading electronic applications in the computing, communications, consumer, industrial and automotive segments. As The Power Franchise®, Fairchild offers the industry's broadest portfolio of components that optimize system power. Fairchild's 9,000 employees design, manufacture and market power, analog & mixed signal, interface, logic, and optoelectronics products. Please contact us on the web at www.fairchildsemi.com.

*Contact:*

Fairchild Semiconductor:
Fran Harrison, 207-775-8576
Corporate Communications
Fax: 207-775-8161
fran.harrison@fairchildsemi.com
or
Agency Contact:
CHEN PR
Julianne Greenwood, 781-672-3137
Fax: 781-466-8989
jgreenwood@chenpr.com

---

Source: Fairchild Semiconductor

- Gas Costs Expect
  High This Summer
- Stocks Slide on Hi
  Prices - AP (12:38 pm)
- Skilling Denies Sp
  Conspiracy - AP (11:

- Most-emailed artic
- Most-viewed articl

**RSS Fee**

Add headlines to you personalized My Yal
( About My Yahoo! and

FCS Headlines

Semiconductor - Integi Headlines

More Finance RSS Fe

Email Story  Set News Alert    Print Story

Search News

Sponsor Results

Homeowners - Don't Miss Out
$145,000 mortgage for $484 per month. Refinance while rates are still low.
www.lowermybills.com

2.75% Fixed Student Loan Consolidation
70% lower student loan payments - fixed rate, no fees, qualify in one minute.
www.nextstudent.com

Donate Now - Food Saves Lives
Your donation of $30 will provide $240 worth of food in East Africa. Help now.
www.worldvision.org

(What's This?)

Copyright © 2006 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2006 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

# Exhibit X

**From:**          Michael Headley
**Sent:**          Friday, November 18, 2005 4:07 PM
**To:**            'de Blank, Bas'
**Subject:**       Re: PI-Fairchild: Fairchild's 7602 and 500 series products

Bas,

This e-mail furthers our discussions of the past few months with respect to the Fairchild FAN7602 and FSD500 series parts.  When we discussed this issue again on Tuesday, I reiterated that Fairchild's witnesses and documents said that the parts were being released this year or that they had already been sold, but you continued to refuse Power Integrations efforts to take discovery related to these parts.  Specifically, you reiterated that Fairchild would not produce schematics or other information regarding these parts or stipulate that these parts had the same functionality contained in other parts already accused of infringement, which would allow the parties to treat them in a representative manner and save the trouble of analyzing them separately if they do in fact incorporate the same functionality as other accused products.

If Fairchild does not permit Power Integrations to take discovery on these parts or stipulate that the parts can be treated as "represented" by other parts, and it turns out that Fairchild sells (or has sold) the parts before the conclusion of this case, Power Integrations will bring Fairchild's failure to participate in discovery to the Court's attention.  As such, please confirm your position, and the status of these parts, in writing so that we can resolve this issue and move forward with other matters.

Sincerely,

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)

This e-mail may contain confidential and privileged information. If you received it in error, please contact the sender and delete all copies.

# Exhibit Y

FAIRCHILD
SEMICONDUCTOR®
日本語 한국어 简体中文
Careers | Sitemap | Home
Search:
Go
Google
DATASHEETS, SAMPLES, BUY
TECHNICAL INFORMATION
APPLICATIONS
DESIGN CENTER
SUPPORT
COMPANY
INVESTORS
MY FAIRCHILD

# Fairchild Semiconductor Says Lawsuit is Not Over and it Expects to Ultimately Prevail Against Power Integrations

**Second Phase of Patent Infringement Lawsuit Has Yet to Come**

October 10, 2006 – *South Portland, Maine* – Fairchild Semiconductor announced Tuesday that it continues to believe it will prevail in the patent infringement lawsuit brought against the company by Power Integrations, despite a jury verdict to the contrary in the first of three phases of trial in the case.

The company also said it will continue offering its full line of pulse-width modulation (PWM) products.

The company announced that it was disappointed by the jury's verdict in the first phase, but that it has yet to present all of its defenses to Power Integrations' claims. The company believes that Power Integrations' patent claims are invalid, and its invalidity defenses have yet to be heard by a jury.

The trial in the case has been divided into three phases. The first phase, held last week, was on infringement, the willfulness of any infringement, and damages. The second phase, scheduled to begin Dec. 4 before a different jury, will be on the validity of the Power Integrations patents being asserted. Unenforceability will be handled in a final phase before the court. Fairchild believes it has identified inventions and publications, known as prior art, that pre-date the Power Integrations patents and that Fairchild believes would invalidate the Power Integrations patents.

A jury in the first phase found Tuesday that Fairchild willfully infringed four patents asserted by Power Integrations and awarded approximately $34 million in damages. For Power Integrations to prevail in the case and receive a judgment and injunction against Fairchild, the patents found to be infringed must also be found to be valid and enforceable in the remaining phases of trial scheduled for December. Final resolution of the matter is not expected until 2007.

**To learn more contact:**

Corporate Communications:
Fran Harrison
207-775-8576
Fran.harrison@fairchildsemi.com

Public Relations Firm:
Barbara Ewen
CHEN PR
781-466-8282
bewen@chenpr.com

**About Fairchild Semiconductor:**
Fairchild Semiconductor (NYSE: FCS) is the leading global supplier of high-performance power products critical to today's leading electronic applications in the computing, communications, consumer, industrial and automotive segments. As The Power Franchise®, Fairchild offers the industry's broadest portfolio of components that optimize system power. Fairchild's 9,000 employees design, manufacture and market power, analog & mixed signal, interface, logic, and optoelectronics products. Please contact us on the web at www.fairchildsemi.com.

Fairchild Semiconductor Says Lawsuit is Not Over and it Expects to Ultimately Prevail Against Power Integrations- Fairchild Semiconductor

**Special Note on Forward-Looking Statements:**

This press release contains forward-looking statements that are based on management's assumptions and expectations and that involve risk and uncertainty. Forward-looking statements usually, but do not always, contain forward-looking terminology such as "we believe," "we expect," or "we anticipate," or refer to management's expectations about the future performance of Fairchild Semiconductor or the industries and markets we serve. Many factors could cause actual results to differ materially from those expressed in forward-looking statements. Although we believe we have invalidity defenses to the Power Integrations patents found to have been infringed by Fairchild products in this case, the results of litigation are difficult to predict and no assurances can be given that Fairchild will ultimately prevail in this case. Our intellectual property and other risk factors are discussed in the company's quarterly and annual reports filed with the Securities and Exchange Commission (SEC) and available at the Investor Relations section of Fairchild Semiconductor's web site at investor.fairchildsemi.com or the SEC's web site at www.sec.gov.

the
power®
franchise

© 2007 Fairchild Semiconductor

Products | Design Center | Support | Company News | Investors | My Fairchild | Contact Us | Site Index | Privacy Policy | Site Terms & Conditions | Standard Terms & Conditions of Sale

Last updated: May 17, 2007

http://www.fairchildsemi.com/news/2006/0610/Power_Integrations_101006.html (2 of 2)10/6/2007 6:18:08 PM

# Exhibit Z

Fairchild Semiconductor to Continue to Fight Following Patent Verdict- Fairchild Semiconductor

Case 1:04-cv-01371-JJF Document 624-5 Filed 12/10/2007 Page 14 of 21

FAIRCHILD SEMICONDUCTOR®

Careers | Sitemap | Home

日本語 한국어 简体中文

Search: Go Google

DATASHEETS, SAMPLES, BUY | TECHNICAL INFORMATION | APPLICATIONS | DESIGN CENTER | SUPPORT | COMPANY | INVESTORS | MY FAIRCHILD

Login | Login Help | New User Registration | View Shopping Cart

Home >> Company >> Press Room >>

# Fairchild Semiconductor to Continue to Fight Following Patent Verdict

*San Jose, California* – September 21, 2007 – Fairchild Semiconductor (NYSE: FCS) said it will keep fighting following Friday's setback in its longstanding patent dispute with Power Integrations.

Meanwhile, the enforceability phase of the litigation is continuing before the judge in the case and is expected to be completed on Monday. Rulings from that phase of the litigation may take several weeks and may overturn parts of the jury verdict.

Late Friday, a jury for the U.S. District Court for the District of Delaware found four Power Integrations patents asserted in the lawsuit are valid. Fairchild said the verdict finding was incorrect and disappointing, and said it was planning to contest those findings and several other errors the company says have been made during the litigation that began in 2004. The company will begin this process soon, with a series of motions it expects to file in coming days and weeks and, if necessary, on appeal.

Fairchild has already released a new generation of advanced pulse-width modulation (PWM) controllers and related products that replace the products that are accused in the lawsuit.

Fairchild is also suing Power Integrations for patent infringement in a separate lawsuit.

The company said one aspect of an earlier verdict, which found Fairchild had willfully infringed the Power Integrations patents, should be dismissed or put to a new trial because of an August 20 higher court ruling that overturned a quarter-century of precedent related to willful patent infringement. And the company said it would request a reduction in the level of damages awarded in an earlier round of the litigation because of errors in the way damages were calculated. Fairchild said it would also contest several decisions made by the court over the course of the three-year-old dispute, including the division of the trial into several phases, rulings construing the claims of the patents involved, and limitations on the evidence Fairchild was permitted to present.

**To learn more contact:**

Fairchild Semiconductor:
Patti Olson
Corporate Communications
(800) 341-0392 X 8728
Fax: (207) 775-8161
Email: patti.olson@fairchildsemi.com

Agency Contact:
Marsha Lisak , Senior Account Executive
WelComm, Inc.
(805) 223-2311 | Fax: (858) 279-5400
Email: marsha@welcomm.com

**About Fairchild Semiconductor:**
Fairchild Semiconductor (NYSE: FCS) is the global leader in power analog and power discrete technologies delivering energy-efficient solutions for all electronic systems. Recognized as The Power Franchise®, Fairchild provides leading-edge silicon and packaging technologies, manufacturing strength and system expertise. In 2007, Fairchild celebrates its "50/10" anniversary, commemorating 10

http://www.fairchildsemi.com/news/2007/0709/PR_PI_0907.html (1 of 2)9/22/2007 3:07:02 PM

Fairchild Semiconductor to Continue to Fight Following Patent Verdict- Fairchild Semiconductor

years as a new company and 50 years in the industry. Known as the "Father of Silicon Valley," Fairchild developed the planar transistor in 1958 – and with it a new industry. Today, Fairchild is an application-driven, solution-based semiconductor supplier providing online design tools and design centers worldwide as part of its comprehensive Global Power ResourceSM. Please contact us on the web at www.fairchildsemi.com.

**Special Note on Forward-Looking Statements**

Some of the paragraphs above contain forward-looking statements that are based on management's assumptions and expectations and that involve risk and uncertainty. All statements in this release, other than statements or characterizations of historical fact, are forward-looking statements. Forward-looking statements usually, but do not always, contain forward-looking terminology such as "we believe," "we expect," or "we anticipate," or refer to management's expectations about Fairchild's future performance. Many factors could cause actual results to differ materially from those expressed in forward-looking statements. Important factors that may cause such a difference for Fairchild Semiconductor in connection with the company's litigation with Power Integrations include, but are not limited to, the company's ability to prevail in the enforceability phase of the litigation, the company's ability to prevail in post-trial motions and possibly on appeal, and the risks associated with litigation in general, including the costs and time that must be devoted to litigation, the potential diversion of attention of management and key employees that may result from being engaged in litigation, and the possibility of adverse results. Risk factors affecting the company generally, including those related to intellectual property and litigation, are discussed in the company's quarterly and annual reports filed with the Securities and Exchange Commission (SEC) and available at the Investor Relations section of Fairchild Semiconductor's web site at investor.fairchildsemi.com or the SEC's web site at www.sec.gov.

the
power®
franchise

© 2007 Fairchild Semiconductor

Products | Design Center | Support | Company News | Investors | My Fairchild | Contact Us | Site Index | Privacy Policy | Site Terms & Conditions | Standard Terms & Conditions of Sale

Last updated: September 21, 2007

http://www.fairchildsemi.com/news/2007/0709/PR_PI_0907.html (2 of 2)9/22/2007 3:07:02 PM

# Exhibit AA

# REDACTED
# IN ITS ENTIRETY

# Exhibit BB

*Fairchild Semiconductor International, et al. v. Power Integrations, Inc.*

---

*Trial Volume 1*

*September 17, 2007*

---

*Hawkins Reporting Service*
*715 N King Street*
*Suite 3*
*Wilmington, DE 19801*
*(302) 658-6697*

*Original File POWERI~1.TXT, 185 Pages*
*Min-U-Script® File ID: 2981502682*

**Word Index included with this Min-U-Script®**

inventor has assigned the patent to can enforce the patent against anyone who uses the invention without permission. We call such unlawful use infringement.

But the PTO and its examiners do not decide infringement issues. If there is a dispute about infringement, it is brought to the

Page 89

court to decide. Sometimes in a court case, you are also asked to decide about validity, that is whether the patent should have been allowed at all by the PTO.

A party accused of infringement is entitled to challenge whether the asserted patent claims are sufficiently knew or nonobvious in light of the prior art, or whether other requirements of patentability have been met.

In other words, a defense to an infringement lawsuit is that the patent in question is invalid. You may wonder why it is that you would be asked to consider such things when the patent has already been reviewed by a Government examiner. There are several reasons for this.

First, there may be facts or arguments that the examiner did not consider such as prior art that was not located by the PTO or provided by the applicant. Another reason may be the failure by the applicant to disclose the best way of making or using the invention, which is another requirement for

Page 90

getting a patent.

In addition, there is, of course, the possibility that mistakes were made or important information overlooked. Examiners have a lot of work to do and no process is perfect.

Also, unlike a Court proceeding, prosecution of a patent application takes place in private without input from people who might later be accused of infringement.

So, it is important that we provide a chance for someone who is accused of infringement to challenge the patent in Court. In deciding issues of infringement and validity, it is your job to decide the facts of the case. The judge will instruct you about the law, which may include the meaning of certain words or phrases contained in the patent.

But it is up to you as exclusive judges of the facts to apply the facts as you find them to the law and decide the questions of infringement and validity in the case before you. To prove infringement, the patent holder must persuade you that it is more likely than

Page 91

not that the patent has been infringed.

To prove that the patent is invalid, the law requires a higher standard of proof, since the PTO is presumed to have done its job correctly. The party accused of infringement must persuade you that it is highly probable that the patent is invalid.

Good luck with your task and thank you for your service.

(Conclusion of video.)

**THE COURT:** May I see counsel at side-bar for one minute?

(Beginning of conference held at side-bar:)

**THE COURT:** We communicated to you during the recess about the instruction?

**MR. GUY:** Yes.

**THE COURT:** And I think we had a little confusion in my office in this case. You as the plaintiff.

**MR. GUY:** Yes.

**THE COURT:** And you're the defendant.

**MR. SCHERKENBACH:** Yes.

Page 92

**THE COURT:** So it's Fairchild versus Power Integrations. The instruction I am going to give to the jury is I'm taking — I don't agree with the diminished presumption, so this is coming out. But it is Fairchild's proposal.

**MR. SCHERKENBACH:** Okay.

**MR. GUY:** Okay.

**MR. SCHERKENBACH:** Okay. So it's going to stop it there.

**MR. GUY:** That's the instruction. We can certainly raise that in opening?

**THE COURT:** Oh, yeah. I just wanted to show you what I was going to read, so you wouldn't get caught by surprise, because I think there was some communication about who was the plaintiff, who was the defendant.

And when I was reading, and it's really a modified — neither of you really submitted this one. It's a modified —

**MR. SCHERKENBACH:** So you won't be saying anything further about infringement?

**THE COURT:** Infringement is done. Right.

Page 93

All we're going to be talking about is I'm just going to read this and let you open. And I'm going to tell them about, at the end of the case, about the presumption of validity.

You're going to tell them about it in the opening. I tell them about clear and convincing evidence.

**MR. GUY:** All right.

**MR. SCHERKENBACH:** Okay.

**THE COURT:** Okay.

**MR. GUY:** But you are changing the style of the case? You're going to announce the case as Fairchild —

**THE COURT:** I'm to going to say it's Fairchild versus Power Integrations. Otherwise, they'll wonder why, and you carry the burden.

**MR. GUY:** Yes.

**THE COURT:** All right.

(Conclusion of conference held at side-bar:)

**THE COURT:** Members of the jury, as in this case as you heard in the opening and

Page 94

you met attorneys, this is a patent case. This case involves Fairchild claiming that the patents of Power Integrations are invalid.

We've played the patent video. Now, the only issue you're to consider in this case is whether Fairchild meets its burden of proving by clear and convincing evidence that any of the asserted claims of Power Integrations' four patents are invalid. I showed you the entire video and I know it talked about infringement, but I want you to understand that's not an issue in this trial. This trial is a validity trial, Fairchild versus Power Integrations, and the parties aren't going to be discussing infringement at all.

I presented the whole video so you would have the context of the Federal Judicial Center's explanation of patents, but this is a trial about validity only. Okay?

And the lawyers will tell you more about that as they give their opening statements.

**MR. GUY:** Thank you, Your Honor. Good afternoon, ladies and

Page 95

gentlemen. My name is Hopkins Guy, and I represent Fairchild Semiconductor.

This case is Fairchild Semiconductor versus Power Integrations. I want to begin by first thanking you as citizens of this country recognizing that one of your duties is to serve on this jury, so I certainly do appreciate your time. I understand it's an interruption to your work and your family life, so I appreciate that and appreci-

ate you meeting your duty under the U.S. Constitution.

I would like to introduce if I can the other people who are here from Fairchild with me. I would like to introduce Bob Conrad, he's executive vice-president of Fairchild Semiconductor. With me also is John Day and Bas de Blank, Vicky Feeman and Gabriel Ramsey. They certainly put a lot of work into this case, I hope you will sit back and enjoy it. I know it is an imposition.

I want you to understand that this is a case that will involve some technology. At the same time, we have some experts here that will attempt to explain the technology to you

Page 96

and will show you in this case of Fairchild versus Power Integrations that we will prove by clear and convincing evidence that the four patents we have in this case are, in fact, invalid. And it is not every claim of the patents, we have seven claims in this case, ladies and gentlemen.

Now, as the Judge has already told you, this is a patent validity case. This is a case that is going to involve the issue of whether the Power Integrations' patents are, in fact, valid. Should they have gotten the patent on what they claim is their invention.

The U.S. constitution empowers juries to make this final decision. It is not something that the patent office necessarily had the last word on. In fact, the evidence will show in many cases that Power Integrations was not the first to invent. I'm going to begin to show you some slides up here, I hope everybody can see that. You will probably, you know, you will see a lot of slides in this case, so we're trying to put those together so you can follow the issues and that we can present the case in

Page 97

the best possible way for you to understand everything.

Power Integrations will prove — I'm sorry, Fairchild will prove that Power Integrations' patents are, in fact, invalid. This is because Power Integrations has in a number of cases attempted to patent other people's invention. In other words, there were inventions that existed back in what we call the prior art and they're now claiming them as their own. So in situation after situation we're going to show you that the invention existed before, that it was not owned by Power Integrations, and that they're now claiming it.

In some situations we'll also show you that Power Integrations is attempting to patent what it had already given to the public. There is a one-year window, a one-year grace period in which you can put something as part of your bargain with the government in which you heard in the video in which you can attempt to claim it as a patent.

But there are other situations in which if you put something out there, if you

Page 98

publish it, if you sell products for more than that year, in the case we're going to show you in terms of six years in some cases, it's been out in the public domain, that is prior art as well.

Now, we're going to ask you to use your common sense in this case, and in a lot of situations. You are already know a lot about the patent system because you already know that it's only the first person who invent that actually gets the patent. You already know that. If you're the second or the third or the fourth, you don't get the patent. So we will show you that Power Integrations was, in fact, not the first to get the patent. Not the first to invent.

In the video, there was a brief passing description of the U.S. Constitution. The U.S. Constitution empowers juries to decide this important matter. This is a matter that is given to U.S. juries.

In each case we're going to show you evidence, ladies and gentlemen, that the patent office did not have. And by that I mean

Page 99

that when the patent was being prosecuted, and you saw that examiner with that big stack, you saw in there, you need a shopping cart to carry all those files, you saw that in the video.

Ladies and gentlemen, in that shopping cart for this case, the prior art that we have in this case was not there. It was not before the patent office. The examiner could not do a complete job, could not make a determination as to whether or not the patent should be granted.

The other thing is that you will be the first to consider some of this evidence the patent office doesn't consider at all. The patent office cannot conduct trials. The patent office cannot subpoena evidence, ladies and gentlemen, and ask witnesses to appear. The patent office cannot sit there and ask competing inventors to come and testify the way that you will see this.

In addition, you heard that it was a private process. It's a secret process. Fairchild was never given the opportunity under U.S. law to be involved in that. It was a

Page 100

secret process between Power Integrations' attorneys on the one hand and the patent office. That's what took place. Fairchild is finally having their first opportunity to challenge these patents and we're challenging them today.

In every case we're going to show you, ladies and gentlemen, we're going to show you new evidence that the Patent Office did not have.

That's important, because there's something called the presumption of validity. You're going to hear about that.

Power Integrations is going to suggest that, yes, patents are presumed valid, but that's simply the beginning or initial point that you start with.

After we are able to show that there is additional prior art that the Patent Office never had, the presumption of validity is much diminished where the prior art references mentioned here were not considered by the Patent Office in issuing the Power Integrations patents.

In every case, ladies and

Page 101

gentlemen, Fairchild will rely on prior art never considered by the Patent Office. In some cases, we're going to be relying upon other U.S. patents.

But the patent office is a huge place. You saw all those files and records.

In some situations, the examiner who is examining the Power Integrations patent was completely oblivious, did not know that there were other patents that had gone through to the Patent Office on the same invention.

Let me give you a little bit of background on Fairchild. Fairchild is celebrating their 50th anniversary this year. They were founded in 1957 in Silicon Valley, California.

They were part of the second industrial revolution. It's called the computer age or the electronic age.

They were one of the very first companies in Silicon Valley in California.

They were instrumental in the birth of Silicon Valley. They were one of the original companies.

Page 102

And they were one of the first