IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1371-JJF |
| ) | |
| FAIRCHILD SEMICONDUCTOR ) | |
| INTERNATIONAL, INC., and FAIRCHILD ) | |
| SEMICONDUCTOR CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS FAIRCHILD SEMICONDUCTOR INTERNATIONAL,
INC. AND FAIRCHILD SEMICONDUCTOR CORPORATION'S
ANSWERING BRIEF IN OPPOSITION TO POWER INTEGRATIONS'
<u>MOTION FOR AN ACCOUNTING</u>**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue
Wilmington, Delaware 19801
Telephone: 302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Gabriel M. Ramsey
Brian H. VanderZanden
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: December 21, 2007
186864.1

## TABLE OF CONTENTS

Page

I. INTRODUCTION. ................................................................................................................ 1

II. ARGUMENT. ....................................................................................................................... 1

    A. Power Integrations Did Not Seek And Is Not Entitled To An Accounting. ........... 1

        1. This Court has previously rejected Power Integrations' arguments. ......... 2

        2. Power Integrations waived its right to an accounting by not seeking one in its Amended Complaint or Final Joint Pretrial Order. .................... 3

        3. Fairchild opposes any post-trial accounting. ............................................. 4

    B. Any Accounting Must Be Limited to Fairchild's U.S. Activities.......................... 6

III. CONCLUSION. .................................................................................................................... 6

i

I.  **INTRODUCTION.**

Plaintiff Power Integrations, Inc. ("Power Integrations") demands an accounting of additional damages above and beyond those determined by the jury. Power Integrations, however, did not seek an accounting in either its Complaint or its Amended Complaint or in the parties' Joint Final Pretrial Order. As this Court has repeatedly held, this constitutes a waiver of any right to an accounting. *Tristrata Tech., Inc. v. ICN Pharms., Inc.*, 2004 U.S. Dist. LEXIS 6559 at *6 (D. Del. 2004) ("In sum, the Court concludes that Tristrata waived its right to request an accounting by not including it in its Pretrial Order."); *see also Lucent Tech., Inc. v. Newbridge Networks Corp.*, 168 F.Supp.2d 269 (D. Del. 2001). Contrary to Power Integrations' repeated statements, Fairchild never consented to an improper accounting.

An accounting is inappropriate because Power Integrations chose to rely upon speculative damages from its expert, including a projection of Fairchild's future sales of the products found to infringe. The jury awarded damages based on this evidence. Having made the calculated decision to request such damages from the jury, Power Integrations cannot now seek to increase them through an accounting.

Should the Court nevertheless order an accounting, it should be limited to those products determined to infringe that were made, used, offered for sale, or sold by Fairchild within the United States or imported by Fairchild into the United States. Power Integrations is not entitled to damages or an accounting for activities that occurred entirely outside the United States.

II.  **ARGUMENT.**

A.  **Power Integrations Did Not Seek And Is Not Entitled To An Accounting.**

Over a year after seeking – and receiving – an award of damages resulting from Fairchild's infringement of the asserted patents, Power Integrations now seeks an "accounting" to increase the amount it allegedly is owed. On essentially identical facts, this Court has previously expressly rejected such a demand. *See Lucent*, 168 F.Supp.2d 269. Indeed, the cases are so similar – with the Court rejecting the precise arguments and authority now relied upon by Power Integrations – that Power Integrations' demand for an accounting borders on the frivolous.

1

1.  **This Court has previously rejected Power Integrations' arguments.**

In *Lucent,* this Court considered *precisely* the situation at hand and denied an accounting. *See Lucent*, 168 F.Supp.2d 269. There, as here, after a trial and finding of willful infringement, the patentee filed post-trial motions seeking enhanced damages, a permanent injunction, attorneys fees, and prejudgment interest. *Compare Lucent*, 168 F.Supp.2d at 271 *with* D.I. 564, 610, and 607 (Power Integrations' Motions for Permanent Injunction, Enhanced Damages and Attorney Fees, and Prejudgment Interest). In its Motion, Power Integrations parrots the factual arguments made by Lucent and rejected by this Court:

| Lucent's Rejected Factual Argument | Power Integrations' Factual Argument |
|---|---|
| "According to Lucent, the jury's damages award is the 'exact dollar figure sought by Lucent for Newbridge's infringing sales… through January 31, 1999."<br>*Lucent*, 168 F.Supp.2d at 272. | "The jury in the first trial was asked to determine whether lost profits should be awarded and the jury agreed, adopting the calculations and the exact damages amounts provide by Power Integrations' damages expert."<br>D.I. 571, p. 6 |
| "Lucent contends that since that date, Newbridge [the defendant] has continued to actively market its infringing products in the United States, including one new potentially infringing product."<br>*Lucent*, 168 F.Supp.2d at 272. | "Notwithstanding that verdict, Fairchild continued to sell the adjudged infringing products, and even expanded the sales volume and the number of different infringing products it sells."<br>D.I. 571, pp. 2-3 |

Power Integrations also makes the same legal argument rejected by this Court in *Lucent*:

| Lucent's Rejected Legal Argument | Power Integrations' Legal Argument |
|---|---|
| "In support of its argument, Lucent directs the Court to several cases for the proposition that 'courts routinely order accountings to update a jury's damages award to the time of final judgment.'"<br>*Lucent*, 168 F.Supp.2d at 272. | "'Courts routinely grant motions for further accounting where the jury did not consider certain periods of infringing.'"<br>D.I. 571, p. 6 |

In fact, to support this erroneous proposition, Power Integrations cites the same cases that this Court rejected in its *Lucent* decision – namely, *Stryker Corp. v. Davol, Inc.* 75 F.Supp.3d 746, 747 (W.D. Mich. 1999), *Maxwell v. J. Baker, Inc.*, 879 F.Supp 1008 (D. Minn. 1995), *Oscar Mayer Foods Corp. v. Conagra, Inc.*, 869 F.Supp. 656 (W.D. Wis. 1994), *Padco, Inc. v. Newell*

2

*Cos.*, 1988 U.S. Dist. LEXIS 17384, 1988 WL 187504 (E.D. Wis. 1988), and *Alpex Computer Corp. v. Nintendo Co.*, 1994 WL 681752 (S.D.N.Y Dec. 5, 1994). *See* D.I. 571, pp. 3-4. In *Lucent*, this Court considered <u>*each*</u> of these cases and "[was] not persuaded that the aforementioned cases are dispositive." *Lucent*, 168 F.Supp.2d at 272. As in *Lucent*, Power Integrations fails to cite any case that requires an accounting under these circumstances.[1]

Rather than cite a single case where a Court ordered an accounting on similar facts, Power Integrations' Motion refers to "the principal" that Power Integrations is entitled to adequate damages. *See* 35 U.S.C. § 284. Power Integrations was awarded over $33 million – almost 100% of the damages its sought from the jury – which can hardly be considered inadequate. Nothing in the cases cited by Power Integrations requires this Court to increase Power Integrations' damages through an accounting.

        2.    **Power Integrations waived its right to an accounting by not seeking one in its Amended Complaint or Final Joint Pretrial Order.**

Power Integrations did not seek an accounting in either its Amended Complaint [D.I. 35] or the parties' Final Joint Pretrial Order [D.I. 351]. In *Lucent*, the Court properly held that this was dispositive and denied a request for an accounting absent such notice:

> Lucent did not request an accounting in the Final Joint Pretrial Order or in the Amended Complaint. Lucent also did not specify that it sought corresponding damages for a given period of time in the Final Joint Pretrial Order. Given Lucent's lack of clarity regarding the damages it sought to pursue, its failure to preserve its request for an accounting in either the Amended Complaint or the Final Joint Pre-Trial Order, the fact that Newbridge opposes an accounting, and the lack of any case law supporting an accounting in these circumstances, the Court declines to grant Lucent's request for an adjustment of damages.

*Lucent*, 168 F.Supp.2d at 273. Since *Lucent*, this Court has confirmed that failure to seek an accounting in the Final Joint Pre-Trial Order "was a wavier of [patentee's] right to an accounting." *Tristrata*, 2004 U.S. Dist. LEXIS 6559 at *4.

---

[1] Power Integrations' Motion also relies upon *Itron, Inc. v. Benghiat*, 2003 U.S. Dist. LEXIS 15039, 2003 WL 22037710 (D. Minn. Aug. 29, 2003) and *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 2001 U.S. Dist. LEXIS 23416 at *56-64 (D. Nev. Aug. 1, 2001). D.I. 571, pp. 3-4. On essentially identical facts, this Court was "not persuaded" that these cases require an accounting. *Tristrata*, 2004 U.S. Dist. LEXIS 6559 at *5-6.

3

Instead of seeking an accounting, Power Integrations' Statement of Issues of Fact Remaining to be Litigated and Expected Proof (Exhibit 2 to the parties' Final Joint Pretrial Order) identified only three "specific factual issues with respect to damages [that] remain to be determined at trial":

1. Whether Power Integrations was damaged by any alleged infringement by Fairchild.
2. What is the proper measure of any damages due to Power Integrations as a result of any infringement by Fairchild?
3. What is the amount of any damage to Power Integrations resulting from Fairchild's infringement?

D.I. 351 (Final Joint Pretrial Order). Exh. B, p. 3. Noticeably absent is any request by Power Integrations for an accounting.

"Consistent with this Order, the jury was asked to assess the amount of damages, if any, that [Power Integrations] was entitled to receive." *Lucent*, 168 F.Supp.2d at 272.

> If you answered "YES" to question 12 [that Power Integrations suffered actual damages], state the type and amount of damages your find Power Integrations to have proven by a preponderance of the evidence.

D.I. 415 (Verdict). Again, Power Integrations did not seek an accounting for future damages.

### 3. **Fairchild opposes any post-trial accounting**.

Since Power Integrations failed to seek an accounting in either its Amended Complaint or the parties' Joint Final Pretrial Order, Power Integrations waived its right to demand one. *Tristrata*, 2004 U.S. Dist. LEXIS 6559 at *6. Thus, as set forth in *Lucent*, the only issue is whether Fairchild agrees to an accounting or opposes that request. *See Lucent*, 168 F.Supp.2d at 272. Throughout its Motion, Power Integrations blithely states that "the parties agree that Power Integrations is entitled to an accounting...." *See* D.I., p. 5. To be absolutely clear, **_Fairchild has never agreed – and does not now agree – that Power Integrations in entitled to an accounting._**

Fairchild's alleged "agreement" to an accounting is based on a single, out of context statement from Fairchild's attorney. Instead of seeking a post-verdict accounting as it now claims, during the September 19, 2006 pretrial conference Power Integrations raised a "very small miscellaneous issue", which was "getting actual sales numbers for '06". D.I. 377 (9/14/06

4

Pretrial Conference, 11:24-12:3). Fairchild had already produced sales data through the discovery period, but Power Integrations sought additional discovery of Fairchild sales through the date of the damages trial. Power Integrations' statement that "we obviously don't want to go to trial on inaccurate data" (*id.*, 12:9-11) made clear it was referring only to discovery related to damages through the date of the damages trial, and Power Integrations did nothing to suggest that it would seek an accounting for damages ***after*** the jury's decision.

In response to this limited request, Mr. Guy correctly noted that the Court had the power to order an accounting for these ***pretrial*** damages (from the close of discovery through the damages trial) "if there is a need for accounting at a later time". D.I. 377 (9/14/06 Pretrial Hearing, 16:23-17:2). In doing so, Mr. Guy certainly did not concede that a post-verdict accounting (that Power Integrations had never sought) was appropriate.

Instead, Power Integrations relied upon its own "estimate" of sales and damages through trial. At the 2006 damages trial, "Power Integrations damages expert made estimates based on the data he did have and projected the damages amount up to the date of trial." D.I. 571, p. 1. As this Court has made clear, if a patentee chooses to rely upon an estimate rather than actual figures, it cannot later request an accounting:

> If, as Tristrata now contends, it believed that the jury had insufficient information by which to return a non-speculative award including these damages, the Court would have expected Tristrata to have requested an accounting of these sales in its Pretrial Order and only submitted the question of whether Viquin infringed its patents to the jury.

*Tristrata*, 2004 U.S. Dist. LEXIS 6559 at *5. Power Integrations' deliberate decision to proceed with its estimated 2006 damages rather than seek a post-trial accounting was a deliberate waiver of its right to such an accounting.[2] Power Integrations agrees and makes clear that it does not seek to replace these speculative 2006 damages that it estimated with an accounting. *Id.*, p. 1 ("Power Integrations is not seeking additional or different damages for the pretrial period…").

---

[2] Courts have determined that in such circumstances, a post-trial accounting is unnecessary since the estimated damages are sufficient. *See Med. Instr. and Diagnostic Corp. v. Elekta AB*, 2002 U.S. Dist. LEXIS 26812 at *16 (S.D. Cal. 2002).

5

Thus, the evidence is clear – Power Integrations fully appreciated the need to request a future accounting, understood how to do so, and chose, instead, to "estimate" only these **_pre_**-trial, 2006 damages rather than seek a **_post_**-trial accounting. Having done so and having failed to request an accounting in either its Amended Complaint of the parties' Final Joint Pretrial Order, Power Integrations knowingly waived its right to an accounting and cannot now seek to increase its damages yet again.

B.     **Any Accounting Must Be Limited to Fairchild's U.S. Activities.**

During the damages trial, Power Integrations sought and was awarded damages based on Fairchild's "worldwide" activities – namely, devices that were manufactured and sold in Korea and never imported into the United States by Fairchild or anyone else. *See* D.I. 613. As fully set forth in Fairchild's pending post-trial brief, such extra-territorial damages are improper as a matter of law. *Id.* Quite simply, Fairchild's foreign activities cannot infringe a United States patent since, as the Supreme Court recently held, "it is the general rule under United States patent law that no infringement occurs when a patented product is made and sold in another country." *Microsoft Corp. v. AT&T Corp.*, 127 S. Ct. 1746, 1750 (2007).

Thus, were the Court to order an accounting, it must be limited to the accused devices found to have infringed and that were made, used, offer for sale or sold in the United States or imported into the United States by Fairchild.[3] 35 U.S.C. § 271. Anything else would lead to what the Federal Circuit has described as the "horror of giving extraterritorial effect to United States patent protection." *Paper Converting Machine Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 17 (Fed. Cir. 1984).

---

[3]    In its other post-trial motions, Power Integrations has sought to expand the scope of this case to include new Fairchild products that were not found to infringe. *See* D.I. 564. As set forth in Power Integrations' Proposed Order, Power Integrations has properly limited the proposed accounting to "the adjudged infringing products" and has not sought an accounting for devices not found to infringe. D.I. 570

6

III. **CONCLUSION.**

For the foregoing reasons, Fairchild respectfully requests that the Court deny Power Integrations' demand for a post-trial accounting of additional damages.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. 2114)
John G. Day (I.D. 2403)
Lauren E. Maguire (I.D. 4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC. and
FAIRCHILD SEMICONDUCTOR
CORPORATION

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Gabriel M. Ramsey
Brian H. VanderZanden
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: December 21, 2007
186864.1