IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371 JJF |

**PLAINTIFF POWER INTEGRATIONS INC.'S REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION FOR PRE-JUDGMENT INTEREST</u>**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Email: marsden@fr.com
Email: kcompton@fr.com

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070

Howard G. Pollack
Michael Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

Dated: January 16, 2008

# TABLE OF AUTHORITIES

**PAGE**

*Crystal Semiconductor Corp. v. Tritech Microelectronics International, Inc.*,
  246 F.3d 1336 (Fed. Cir. 2001) ............................................................................ 2, 5

*General Motors* v. Devex *Corp.*,
  461 U.S. 648 (1983) ............................................................................................ passim

*Gyromat Corp. v. Champion Spark Plug Co.*,
  735 F.2d 549 (Fed. Cir. 1984) .................................................................................. 2

*Lummus Industries, Inc. v. D.M. & E. Corp.*,
  862 F.2d 267 (Fed. Cir. 1988) .................................................................................. 2

*Tristrata Tech., Inc. v. Mary Kay, Inc.*,
  423 F. Supp. 2d 456 (D. Del. 2006) ......................................................................... 2

Fairchild does not contest that Power Integrations is entitled to an award of prejudgment interest. [D.I. 631 at 1.] Fairchild also agrees that the methodology for calculating pretrial interest proposed in Power Integrations' Motion for Pre-Judgment Interest [D.I. 607] and the accompanying Declaration of Richard B. Troxel [D.I. 608] is appropriate.[1] Fairchild disputes only "whether Fairchild should be charged interest for the over three month delay caused by Power Integrations' failure to produce documents," referring to the continuance of the validity trial from June 4, 2007 to September 17, 2007. [D.I. 631 at 2.][2] Fairchild's proposed limitation on prejudgment interest is without merit, and should be rejected.

Prejudgment interest awards are not normally limited. The U.S. Supreme Court, in *General Motors Corp. v. Devex Corp.*, held that "[t]he standard governing the award of prejudgment interest under § 284 should be consistent with Congress' overriding purpose of affording patent owners complete compensation." 461 U.S. 648, 655 (1983). The Court repeatedly stated that "prejudgment interest should ordinarily be awarded," *id.* at 655, 656, 657,

---

[1] Fairchild states that Mr. Troxel made a typographical error in calculating applicable interest rates for November and December 2007, noting that the actual one-year constant maturity Treasury yield for November 2007 was 3.5%, and not 4.1%. D.I. 631 at 1, n.2. The reported figure was not a typographical error, it was an estimate based on the previous month's 4.1% yield. The same estimate was used for December 2007. Mr. Troxel's calculations were based on hypothetical entry of judgment on December 31, 2007, *see* D.I. 806 at 4, and thus required projection of yields that were not reported as of November 30, 2007 — the date when Mr. Troxel completed and executed his Declaration. Mr. Troxel's calculations were intended to provide a methodology for use by the Court to calculate prejudgment interest at an appropriate future date, not to provide a definitive final number. The Federal Reserve URL was provided to enable the Court to obtain actual yields for use in the proposed methodology as they become available, just as Fairchild obtained the actual yield for November 2007 when it became available in December 2007. The Court is encouraged to refer to the same web page for the actual yield for December 2007 now that it is available—3.26%—and for any further months during which interest accrues.

[2] Fairchild also argues in a footnote that Power Integrations should only be entitled to interest on a reduced damages award, *see* D.I. 631 at 1, n.1, re-asserting the arguments set forth in Fairchild's motion for judgment as a matter of law regarding damages. *See* D.I. 613. Those arguments have no bearing on the issue at hand. The Court should, of course, award prejudgment interest on the actual damages included in the final judgment against Fairchild, taking into account any adjustments the Court makes to the jury award, including, for example, any accounting.

and the Federal Circuit has recognized this to be "the governing principle" in this area. *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 555 (Fed. Cir. 1984).

*General Motors* itself provides only a single example of a case where prejudgment interest may appropriately be limited: "where the patent owner has been responsible for undue delay in prosecuting the lawsuit." 461 U.S. at 657. Such cases are rare. The Federal Circuit, interpreting *General Motors*, has held that "[i]t is clear . . . that the withholding of prejudgment interest based on delay is the exception, not the rule." *Lummus Industries, Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988). Further, as this Court has recognized, even a patent owner's undue delay in prosecuting a lawsuit will not support a denial of prejudgment interest unless that delay causes prejudice to the defendant. *Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456, 471 (D. Del. 2006) (citing *Lummus*, 862 F.2d at 275). Prejudice warranting limitation of a prejudgment interest award is found in egregious cases where a patentee's delay in bringing an infringement suit caused the infringer to incur additional liability, such as when the patentee unnecessarily delays filing suit in the first place. *See e.g. Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1362 (Fed. Cir. 2001) ("[Patentee's] two year delay in initiating the present suit caused the damages owed by [defendants] to escalate. The record contains sufficient evidence for the district court to determine that [patentee's] delay was self-serving and resulted in prejudice to the defendants. Thus, the district court acted within its discretion in denying [patentee] prejudgment interest." (emphasis added)). Fairchild has incurred no such prejudice here, as Fairchild was already an adjudged infringer when it sought the three month continuance in question, and its proposed limitation on prejudgment interest should be rejected.

2

In support of its proposed limitation on prejudgment interest, Fairchild cites only general authority for the proposition that "courts have discretion to limit [prejudgment interest] awards where there is 'some justification' for doing so," which might include cases "where the patent owner has been responsible for undue delay in prosecuting the lawsuit". [D.I. 631 at 2 (quoting *General Motors*, 461 U.S. at 656-7).] Fairchild emphasizes the "some justification" language in *General Motors* to suggest that any justification for limiting prejudgment interest might be sufficient, but in fact, as discussed above, such limitations are rare and imposed only in egregious circumstances. Fairchild cites no legal authority for the proposition that entitlement to prejudgment interest should be pro-rated according to supposed responsibility for apportioned delays in the course of litigation, and Power Integrations is aware of no case in which such a pro-rata award has been employed.

Finding no support for its proposed limitation on prejudgment interest in the relevant case law, Fairchild relies upon a single sentence from the Court's Memorandum Order addressing one of Fairchild's many requests for continuation of the trial date:

> Because this request arises from the production of documents that Power Integrations was required to produce long ago, I find that any delay in the upcoming trial is chargeable to the lapse in performance by Power Integrations.

[D.I. 483 at 1.] Although the Court's Order pertained only to continuation of the validity trial, and did not address Fairchild's ongoing infringement, damages, or prejudgment interest, Fairchild relies on the Order to suggest that "Fairchild should not be required by [sic] pay interest for the delay 'chargeable' to Power Integrations." [D.I. 631 at 3 (internal quotes in original).] Fairchild's reliance on the cited language to limit Power Integrations' entitlement to an award of prejudgment interest is overreaching, given the narrow scope of the Order from which it is excised and in light of Fairchild's vexatious conduct throughout this litigation as set

3

forth more fully in Power Integrations briefs in support of its motion for a declaration that this case is exceptional, treble damages, and attorneys' fees.[3]

The brief continuance of the validity trial did not prejudice Fairchild in any way, let alone in an egregious manner that caused Fairchild to incur greater liability for its adjudged willful infringement. Fairchild was not prejudiced in the preparation of its invalidity case—Fairchild did not rely on any document in the validity trial that differed *in substance* from those that had already been produced long before Power Integrations' May 14, 2007 production.[4] Power Integrations objected to Fairchild's requested continuance on this very basis — that the May 14, 2007 production of mis-filed and duplicative documents did not raise any new substantive issues in light of the other relevant documents that had already been produced. Moreover, the June 4, 2007 trial date that Fairchild complains of was itself delayed as a result of Fairchild's request for continuance from an earlier December 4, 2006 trial date to May 7, 2007 [*see* D.I. 450 (11/30/2006 Hearing Tr.)], which Power Integrations opposed, and a further continuance, at Fairchild's request, from May 7, 2007 to June 4, 2007. [D.I. 449.] Fairchild even sought further continuance of the September 17, 2007 trial date which it now argues was unduly and prejudicially delayed. [*See* D.I. 514.] Because Fairchild's numerous requests for continuance

---

[3] *Compare* D.I. 384, Memorandum Opinion at 3, n.1:

> For both their first and second motions in limine, Defendants rely on a statement made by the Court in the context of addressing a motion in limine pertaining to the report of Mr. Lum. (D.I. 334). The Court's statement was confined to the context of that dispute and was based solely on the excerpts of depositions provided by Defendants in connection with that motion. Thus, the Court did not intend for its statements to be construed as a commentary on the evidence as a whole or on the broader issue of alleged foreign sales and third party importation presented here.

[4] Fairchild's desperate effort to suggest document tampering, based on such things as staple holes and trash marks on various photocopies of documents, had nothing to do with what the documents showed regarding Dr. Eklund's work on the invention, and was properly rejected by the jury.

4

present no cognizable prejudice to Fairchild, there is no justification for limiting the award of prejudgment interest to Power Integrations.

Moreover, the Court should reject Fairchild's proposed limitation on prejudgment interest as inequitable. By this request, Fairchild attempts to shift blame for its continued willful infringement. Fairchild was adjudged a willful infringer on October 10, 2006 — more than six months before the continuation Fairchild now argues is chargeable to Power Integrations. [D.I. 415.] Fairchild did not cease its infringing activities at that time, however — Fairchild continued infringing Power Integrations' patents through the continuation, and through the delayed validity trial. Indeed, Fairchild continued to infringe even after Power Integrations' patents were found valid, and continues to infringe even now. In those cases where the patentee is denied prejudgment interest, courts often note that the patentee should not recover additional damages from a delay in initiating suit that, through no fault of the infringer, increased the infringer's damages. *See, e.g., Crystal Semiconductor*, 246 F.3d at 1362 (noting that patentee's delay in alerting infringer to potential patent infringement was deliberate litigation strategy and served only to increase the infringer's damages through no fault of the infringer). That rationale, however, is inapplicable to the present situation. Here, the complained of delay occurred *after* a jury found Fairchild to be a willful infringer of Power Integrations' patents. Thus, the increased damages are directly the fault of Fairchild's continued infringement.

Fairchild has made no attempt to limit the harm that it knowingly caused and continues to knowingly cause Power Integrations, yet it seeks to avoid the consequences of its own behavior by assigning blame to Power Integrations — ironically, while conceding that the purpose of prejudgment interest is "to make the patent owner whole." [D.I. 631 at 2 (quoting *General Motors*, 461 U.S. at 648).] Even more ironic is Fairchild's conclusion that failure to limit Power

5

Integrations' entitlement to prejudgment interest "would penalize Fairchild for Power Integrations' misconduct," characterizing such an outcome as "perverse." [*Id.* at 3.] Far from having been penalized, Fairchild has benefited from the multiple continuances it sought and obtained, profiting handsomely from the continued sale of products found to infringe Power Integrations' patents for almost one year before the validity of the patents was confirmed in the second trial.

Because Fairchild disputes neither Power Integrations' entitlement to interest, nor its proposed method for calculating interest, the Court should award prejudgment interest calculated in the agreed-upon manner for the period from the filing of the Complaint in this action through the Court's entry of final judgment.

Dated: January 16, 2008                FISH & RICHARDSON P.C.


By: *Kyle Wagner Compton*
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Email: marsden@fr.com
Email: kcompton@fr.com

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070

Howard G. Pollack
Michael Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2008, I electronically filed with the Clerk of Court PLAINTIFF POWER INTEGRATIONS INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PRE-JUDGMENT INTEREST using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.

| | |
|---|---|
| **BY HAND AND ELECTRONIC MAIL**<br>John G. Day, Esq.<br>Steven J. Balick, Esq.<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |
| **BY HAND AND ELECTRONIC MAIL**<br>G. Hopkins Guy, III, Esq.<br>Bas de Blank, Esq.<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

/s/ *Kyle Wagner Compton*
Kyle Wagner Compton

80054309.doc