IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371 JJF |

**PLAINTIFF POWER INTEGRATION, INC.'S REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION FOR AN ACCOUNTING</u>**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Email: marsden@fr.com
Email: kcompton@fr.com

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070

Howard G. Pollack
Michael Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

Dated: January 16, 2008

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION .................................................................................................1

II. ARGUMENT........................................................................................................1

III. CONCLUSION.....................................................................................................7

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*General Motors Corp. v. Devex Corp.*,
    461 U.S. 648 (1983)..................................................................................................3, 4

*Lucent Techs., Inc. v. Newbridge Networks Corp.*,
    168 F. Supp. 2d 181 (D. Del. 2001).............................................................................2, 5

*Lucent Techs., Inc. v. Newbridge Networks Corp.*,
    168 F. Supp. 2d 269 (D. Del. 2001).............................................................................4, 5

*Tristrata Technology, Inc. v. ICN Pharmaceuticals, Inc.*,
    2004 WL 76935 (D. Del. Apr. 7, 2004)..................................................................2, 4, 5


**STATUTES**

    35 U.S.C. § 284.................................................................................................................6

I.  **INTRODUCTION**

An accounting is proper and necessary in this case to adequately compensate Power Integrations for Fairchild's admitted ongoing infringement for more than a year after the jury verdict of infringement and damages. Moreover, Fairchild conceded the fundamental point that an accounting would be appropriate and should be bound by its previous concession. Specifically, Fairchild's counsel told the Court in no uncertain terms that "[i]f there is a need for accounting at a later time that can occur and the Court certainly has the power to do that." [D.I. 572 at Ex. 1 (9/14/2006 Pretrial Conference Tr.) at 16:23-17:2 (emphasis added).] Given this clear concession, which reflected the understanding of all involved that Power Integrations was seeking an accounting for *all* of Fairchild's actual infringing sales, Power Integrations certainly did not waive its entitlement to an accounting. The Court should reject Fairchild's post-hoc efforts to avoid liability for its ongoing infringement and follow the routine practice of requiring an adjudged infringer to account for damages between the time of the original verdict and the entry of an injunction preventing future infringement.

II.  **ARGUMENT**

As an initial matter, Power Integrations is not seeking double-recovery for damages it already asked the Jury to decide, as Fairchild would have the Court believe. [*See* D.I. 630 at 5.] Nor did Power Integrations choose, as Fairchild suggests, "to estimate only the[] pre-trial, 2006 damages rather than seek a post-trial accounting." [*Id.* at 6.] After Fairchild refused to provide updated sales figures, Power Integrations' damages expert was forced by this refusal to rely on projections for Fairchild's infringing sales through October 20, 2006, the expected trial date. [*See* D.I. 418 (Trial Tr. 10/4/06) at 794:11-14, 806:5-9.] It would not have been possible for Power Integrations to ask the Jury to award damages for Fairchild's sales beyond that point, which had not yet occurred, and that does not mean that Power Integrations waived its right to an

accounting for Fairchild's continued infringement after that date. In fact, Fairchild admits that Power Integrations did not merely seek "the amount of any damages to Power Integrations resulting from Fairchild's infringement" in the Pretrial Order, but also a basis for measurement of the proper damages award for Fairchild's infringement: "What is the proper measure of any damages due to Power Integrations as a result of any infringement by Fairchild?" [D.I. 630 at 4 (citing 9/1/06 pretrial order, Exhibit 2 at 3 (emphasis added)).][1] It simply does not follow that Power Integrations' efforts to provide an accurate snapshot of the infringing activity through the date of trial has any bearing on Power Integrations' ability to recover damages for Fairchild's infringing sales after trial.

Indeed, there was no way to predict that Fairchild would continue to sell the infringing parts (and parts not colorably different) for such an extended length of time following the October 2006 judgment of willful infringement, let alone what the amount of any continuing sales might be. At that time, the parties were prepared to begin the validity trial in December 2006, but Fairchild subsequently asked the Court to push back the trial date on several occasions: first from December 4, 2006 to May 7, 2007, then from May 2007 to June 2007, and then again from June 2007 to the eventual September 17, 2007 date on which the validity trial ultimately began. [See D.I. 450; D.I. 449; D.I. 483.][2] Fairchild's argument ignores its full year of expanded infringing activity following the judgment of infringement, and brazenly requests that it be let off the hook completely for that infringement. Alternatively, to the extent Fairchild is suggesting that Power Integrations should be forced to file a new lawsuit to collect these post-

---

[1] In contrast, the patentee in *Lucent* identified "the assessment of damages" as the issue to be tried, 168 F. Supp. 2d at 272, and the patentee in *Tristrata* asked the jury to determine "[w]hat were [defendant's] sales of [infringing products] between 1996 and 2003?" 2004 WL 769357, at *1.

[2] Fairchild sought further delay again on the eve of the recent trial, see D.I. 514, but the Court declined the invitation to delay these proceedings any further. D.I. 517.

2

trial damages, such an inefficient procedure makes no sense at all and would only further prejudice Power Integrations while rewarding Fairchild's obvious strategy of delaying these proceedings in every way possible so it can continue to reap the benefits of continued infringement in the marketplace.

First, unforeseen delay, including delay based on the Supreme Court's oral arguments in *KSR v. Teleflex* which Fairchild argued required a continuance of several months, should not provide Fairchild with a "get out of jail free" card. When Fairchild sought delay in view of *KSR*, Power Integrations requested that the Court issue a preliminary injunction to stop Fairchild's further infringement [*see* D.I. 450 (11/30/2006 Hearing Transcript) at 11:7-13:14, 16:1-17:21], but the Court declined to grant Power Integrations an injunction at that time. Fairchild thereafter deliberately chose to continue infringing and, indeed, expanded the scope of its activity -- infringement that must be accounted for in the Court's ultimate award of damages if Power Integrations is to be afforded the "full compensation for 'any damages' [it] suffered as a result of the infringement," to which it is entitled. *See General Motors*, 461 U.S. 648, 654-55 (1983).

Although Fairchild knew at the time of the first trial that Power Integrations was seeking an accounting for all infringing sales, and that such an accounting would be proper at the appropriate time, Fairchild now attempts to artificially limit Mr. Guy's concession to a concession that an accounting would be proper only for **pre**-trial sales. There is no basis to parse Mr. Guy's concession in this way – Fairchild's clear intent in arguing this issue to the Court was to force Power Integrations to go to trial with actual sales data only through December 31, 2005 and with estimates for the period in 2006 up through trial,[3] and in doing so he explicitly recognized that an accounting for later sales was proper. [D.I. 572 at Ex. 1 (9/14/2006 Pretrial

---

[3] Fairchild's steadfast refusal to provide updated sales figures strongly suggests that its infringing sales have increased significantly since its last production of sales data.

3

Conference Tr.) at 16:19-17:2.] At no point did Mr. Guy say that the accounting should be limited to pre-trial sales. [*See id.*][4] Given that courts routinely grant accountings for post-verdict activity, there was then and is now no reason to believe his statement was so limited.

Fairchild's reliance on *Lucent* and *Tristrata* is misplaced. As explained in Power Integrations' opening brief, the Court in *Lucent* distinguished a number of cases where the parties agreed that an accounting was appropriate in denying the patentee's motion for adjustment of damages in that case. *Lucent Techs., Inc. v. Newbridge Networks Corp.*, 168 F. Supp. 2d 269, 272-73 (D. Del. 2001). Here, like the cases distinguished in *Lucent*, Fairchild agreed before it was adjudged a willful infringer that an accounting for potential later-accruing damages would be appropriate. The Court should not let Fairchild avoid an accounting now based on an artificially constrained reading of its prior and clear concession, particularly in light of the Court's denial of Power Integrations' request for a preliminary injunction after the first trial, which would have prevented the very infringing sales for which Fairchild now seeks to avoid an accounting. The decision in *Tristrata* is also distinguishable—in *Tristrata*, the Court declined to order an accounting because the requested accounting covered the same infringing sales the patentee had asked the jury to consider in calculating damages. *Tristrata Technology, Inc. v. ICN Pharmaceuticals, Inc.*, 2004 WL 769357, at *1-2 (D. Del. Apr. 7, 2004). Here, Power Integrations seeks only to recover for Fairchild's infringing sales since October 20, 2006, the date through which the jury awarded damages for Fairchild's infringement. Given Fairchild's acknowledgment that an accounting was proper and the fact that Power Integrations

---

[4] Nor does Fairchild address the obvious inconsistency between (i) its argument that what it conceded at the time was that an accounting for pre-trial sales would be proper, and (ii) its present argument that such an accounting would be an improper attempt at double recovery.

is not seeking a double recovery for sales the jury already has considered, Fairchild's cited authorities are inapposite.

Nor do the cases Fairchild cites deal with the special situation presented in this case, where there was an unforeseen delay of over a year after an infringement and damages verdict and the adjudged infringer *continued its infringing conduct unabated.* In both *Tristrata* and *Lucent,* the juries' determination of damages could have been followed immediately by an injunction, as the cases involved simultaneous jury verdicts of patent infringement, damages, and validity. *Tristrata*, 2004 WL 769357 at *1; *Lucent*, 168 F. Supp. 2d at 271 (referencing earlier order on post-trial issues); *Lucent Techs., Inc. v. Newbridge Networks Corp.*, 168 F. Supp. 2d 181, 188-89 (D. Del. 2001) (earlier order noting "[a] three week jury trial was held on all issues presented by the parties, except certain equitable defenses."). Here, however, Power Integrations provided its damages proofs to the jury in October of 2006, but its ultimate entitlement to collect damages was resolved only after a second jury found all of Power Integrations' patents-in-suit valid on September 21, 2007. Furthermore, the Court declined to entertain a motion for preliminary injunction following the first trial. [D.I. 450 (November 30, 2006 Hearing Transcript) at 11:7-13:14, 16:1-17:21.] Under these circumstances, it would not be just or equitable to find that Power Integrations waived its right to collect damages for Fairchild's continued infringement.[5]

Second, Fairchild's implicit argument that Power Integrations must file another action to recover for this period of post-verdict infringement is absurd. At this point, juries have found the

---

[5] If final judgment had been entered when originally contemplated, Power Integrations believes an injunction would have issued precluding further infringement. Even in cases where an injunction is stayed, or refused, Courts require the posting of bonds or other compulsory payments for continued sales; adjudicated infringers are never simply allowed to continue to infringe with no consequences, as Fairchild argues it should be allowed to do here.

circuitry in Fairchild's products to infringe, rejected Fairchild's challenges to the validity of the patents, and established the proper method for calculating damages attributable to Fairchild's infringing sales. Fairchild has admittedly continued to sell products that use the same infringing circuitry. If Power Integrations were to file a new complaint tomorrow based on Fairchild's post-trial activity, collateral estoppel would prevent re-litigation of these issues and compel judgment in Power Integrations' favor. The only issue left would be the simple arithmetic calculation of damages for Fairchild's sales since October 20, 2006 – in other words, an accounting. Fairchild's implicit suggestion that such a new action is the only appropriate means for Power Integrations to recover for Fairchild's continued infringement elevates form over substance, as the hypothetical "new" proceeding would be nothing more than the accounting Power Integrations currently seeks. It also ignores the fact that Courts routinely award accountings to "compensate for the infringement" as provided under 35 U.S.C. § 284, precisely for the reason that requiring new lawsuits to be brought would be a meaningless exercise and unduly increase the burden on the Court and all the parties.

Fairchild's answering brief also incorrectly seeks to limit the scope of the accounting by re-arguing the points set forth in its JMOL motion regarding damages and asserting that Power Integrations improperly seeks to expand its recovery for additional non-infringing products. [D.I. 630 at 6.] The Court should reject these arguments as well. As explained in Power Integrations' opposition to Fairchild's JMOL motion regarding damages [D.I. 646], Fairchild's "worldwide damages" argument ignores the substantial evidence that Fairchild's specific infringing acts directly caused the damages the jury awarded to Power Integrations and the Court should order an accounting in accordance with that verdict. Fairchild's argument regarding "new" parts is also misguided. As explained more fully in Power Integrations' reply brief

regarding its request for an injunction, Fairchild has now conceded that several of the "new" parts Power Integrations identified as infringing are, in fact, not colorably different from those adjudged to infringe. Specifically, Fairchild now admits that the FSCM0465R, FAN7602, FSDH0x70RNB series, FSDM0x70RNB series, and FSDM101, all identified by Power Integrations' expert in connection with the motion for injunction, are not colorably different from the parts held to infringe. [D.I. 640 at 4 n. 5; D.I. 641 (Conrad Decl., Ex. C, Schedule 1).] Power Integrations has provided what it believes to be a complete list of the infringing parts, and parts that Fairchild has now conceded are not colorably different, in an amended proposed injunction order, a copy of which is attached, at Tab 1, as an Appendix to this brief, and Power Integrations requests that the Court order an accounting for sales of all of these parts since October 20, 2006.

## III.   CONCLUSION

Because an accounting is routinely granted to address post-verdict infringement in patent cases, and Fairchild conceded as much when it acknowledged that an accounting would be proper in this case at the appropriate time, Power Integrations did not waive its right to this basic remedy for Fairchild's continued infringement. This is the appropriate time for that accounting, and the Court should order Fairchild to produce all relevant sales information and should conduct an accounting to calculate the damages owed to Power Integrations for all of Fairchild's sales of adjudged infringing products (and those not colorably different) since October 20, 2006.

Dated: January 16, 2008                    FISH & RICHARDSON P.C.


By: *Kyle Wagner Compton*
    William J. Marsden, Jr. (#2247)
    Kyle Wagner Compton (#4693)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE  19899-1114
    Telephone: (302) 652-5070
    Email:  marsden@fr.com
    Email:  kcompton@fr.com

    Frank E. Scherkenbach
    225 Franklin Street
    Boston, MA 02110-2804
    Telephone: (617) 542-5070

    Howard G. Pollack
    Michael Headley
    500 Arguello Street, Suite 500
    Redwood City, CA 94063
    Telephone: (650) 839-5070

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2008, I electronically filed with the Clerk of Court PLAINTIFF POWER INTEGRATION, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR AN ACCOUNTING using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.

| | |
|---|---|
| **BY HAND AND ELECTRONIC MAIL**<br>John G. Day, Esq.<br>Steven J. Balick, Esq.<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |
| **BY HAND AND ELECTRONIC MAIL**<br>G. Hopkins Guy, III, Esq.<br>Bas de Blank, Esq.<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025 | Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC. and<br>FAIRCHILD SEMICONDUCTOR<br>CORPORATION |

*/s/ Kyle Wagner Compton*
Kyle Wagner Compton

80054310.doc