# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

February 6, 2008

**REDACTED
PUBLIC VERSION**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

Re:  *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., et al.,*
C.A. No. 04-1371-JJF

Dear Judge Farnan:

　　We write on Fairchild's behalf in response to Power Integrations' January 29, 2008 letter to the Court (D.I. 677) enclosing a **REDACTED** Although Power Integrations claims that the Dyson Letter supports its post-trial motions for permanent injunction and an accounting in this matter, the Dyson Letter— **REDACTED** that appears to have prompted Dyson to send it—actually demonstrate just the opposite: that Fairchild has taken substantial efforts to prevent any further infringement of Power Integrations' patents-in-suit, that Fairchild's customers and even downstream third-party purchasers like Dyson also are taking substantial efforts to prevent any further infringement, and that such efforts have borne fruit.

**REDACTED**

　　Two weeks after receiving the Fairchild Notice, Dyson sent the Dyson Letter to advise Power Integrations that

**REDACTED**

The Honorable Joseph J. Farnan, Jr.
February 6, 2008
Page 2

**REDACTED**

When viewed in context, the Dyson Letter (like the Fairchild Notice that appears to have prompted it) in no way supports Power Integrations' request for an injunction. Rather, the Dyson Letter and Fairchild Notice demonstrate that:

**REDACTED**

                                        Respectfully,

                                        *John G. Day*

                                        John G. Day

JGD/nml
187928.1

c:    William J. Marsden, Jr. Esquire (by hand)
      Frank E. Scherkenbach, Esquire (via electronic mail)
      Howard G. Pollack, Esquire (via electronic mail)
      G. Hopkins Guy, III, Esquire (via electronic mail)

---

[1]    Put into perspective, an assumption that all 18,000 Dyson units contain infringing Fairchild components that cost 25 cents per component yields total damages of $675.00 at the 15% royalty rate applied by the jury in this matter.

# EXHIBIT 1

**REDACTED**