```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a       :
Delaware corporation,             :
                                  :
              Plaintiff,          :
                                  :
       v.                         :   C.A. No. 04-1371-JJF
                                  :
FAIRCHILD SEMICONDUCTOR           :
INTERNATIONAL, INC., a Delaware:
corporation, and FAIRCHILD        :
SEMICONDUCTOR CORPORATION, a      :
Delaware corporation,             :
                                  :
              Defendants.         :
```

Frank E. Scherkenbach, Esquire of FISH & RICHARDSON P.C., Boston,
Massachusetts.
Howard G. Pollack, Esquire and Michael R. Headley, Esquire of
FISH & RICHARDSON P.C., Redwood City, California.
William J. Marsden, Jr., Esquire and Kyle Wagner Compton, Esquire
of FISH & RICHARDSON P.C., Wilmington, Delaware.

Attorneys for Plaintiff.

G. Hopkins Guy, III, Esquire; Vickie L. Feeman, Esquire; Bas de
Blank, Esquire; Gabriel M. Ramsey, Esquire and Brian H.
VanderZanden, Esquire of ORRICK, HERRINGTON & SUTCLIFFE LLP,
Menlo Park, California.
Steven J. Balick, Esquire; John G. Day, Esquire and Lauren E.
Maguire, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Defendants.

**MEMORANDUM OPINION**

November ⎵, 2008
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is a Motion For Judgment As A Matter Of Law Or New Trial Regarding Invalidity Of U.S. Patent No. 4,811,075 (D.I. 616) filed by Defendants, Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild"). For the reasons discussed, the Court will deny Fairchild's Motion.

## BACKGROUND

The background relevant to this action has been set forth by the Court in previous decisions rendered in this case. (D.I. 231, 683). By way of summary, a jury returned a verdict in favor of Power Integrations on the issues of infringement, willful infringement, and damages, awarding Power Integrations slightly less than $34 million. A second, different jury also returned a verdict in favor of Power Integrations on the validity of the patents-in-suit. Inequitable conduct was tried before the Court, and the Court concluded that Fairchild failed to establish that the patents were unenforceable due to inequitable conduct. (D.I. 683, 684).

## DISCUSSION

## I. Fairchild's Motion For Judgment As A Matter Of Law

### A. Legal Standard

To prevail on a renewed motion for judgment as a matter of law following a jury trial, the moving party "'must show that the

jury's findings, presumed or express are not supported by substantial evidence or, if they were, that the legal conclusions implied [by] the jury's verdict cannot in law be supported by those findings.'" Pannu v. Iolab Corp., 155 F.3d 1344, 1348 (Fed. Cir. 1998) (quoting Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 893 (Fed. Cir. 1984)); accord Price v. Delaware Department of Correction, 40 F. Supp. 2d 544, 549 (D. Del. 1999). In assessing the sufficiency of the evidence, the court must give the non-moving party, "as [the] verdict winner, the benefit of all logical inferences that could be drawn from the evidence presented, resolve all conflicts in the evidence in his favor, and in general, view the record in the light most favorable to him." Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1348 (3d Cir. 1991), reh'g en banc denied, 1991 U.S. App. LEXIS 16758 (3d Cir. 1991); Perkin-Elmer Corp, 732 F.2d at 893.

The court may not evaluate the credibility of the witnesses, may not weigh the evidence, and may not substitute its view of the evidence for the jury's view. Price, 40 F. Supp. 2d at 550. Rather, the court must determine whether the evidence reasonably supports the jury's verdict. Dawn Equip. Co. v. Kentucky Farms, Inc., 140 F.3d 1009, 1014 (Fed. Cir. 1998). Motions for judgment as a matter of law are granted "sparingly" and only in those circumstances in which "the record is critically deficient of the

minimum quantum of evidence in support of the verdict." Johnson v. Campbell, 332 F.3d 199, 204 (3d Cir. 2003). Thus, stated succinctly, the Court must determine "whether, viewing the evidence in the light most favorable to the verdict, a reasonable jury could have found for the prevailing party." Id.

B. Whether Fairchild Is Entitled To Judgment As A Matter Of Law That Claim 1 Of The '075 Patent Is Anticipated Under 35 U.S.C. § 102(e)

By its Motion, Fairchild contends that claim 1 of the '075 patent is anticipated under Section 102(e) by U.S. Patent No. 4,823,173 (the "'173 patent" or the "Beasom patent") invented by James Beasom. Fairchild contends that Power Integrations did not offer sufficient evidence to establish that Dr. Eklund conceived of and reduced to practice the invention claimed in the '075 patent before the filing date of the '173 patent. Because Power Integrations concedes that claim 1 of the '075 patent is contained in the earlier filed '173 patent, Fairchild contends that the '075 patent is anticipated as a matter of law under Section 102(e).

In pertinent part, 35 U.S.C. § 102(e) provides that "[a] person shall be entitled to a patent unless . . . the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States

before the invention by the applicant for patent . . . ."
Anticipation under 35 U.S.C. § 102(e) requires that "each and
every element as set forth in the claim is found, either
expressly or inherently described, in a single prior art
reference." Verdegaal Bros., Inc. v. Union Oil Co., 814 F.2d
628, 631 (Fed. Cir. 1987). To establish that a patent is prior
art under Section 102(e), it must be filed before the "invention
by the applicant for patent." 35 U.S.C. § 102(e). The Supreme
Court has explained that the use of the word "invention" in
Section 102(e) refers to "conception" and does not require a
subsequent reduction to practice:

> The primary meaning of the word "invention" in the
> Patent Act unquestionably refers to the inventor's
> conception rather than to a physical embodiment of that
> idea. The statute does not contain any express
> requirement that an invention must be reduced to
> practice before it can be patented. Neither the
> statutory definition of the term in § 100 nor the basic
> conditions for obtaining a patent set forth in § 101
> make any mention of "reduction to practice."

Pfaff v. Wells Electronics, Inc., 525 U.S. 55, 60-61 (1998).[1]
Rather, the Supreme Court has expressed the view that the concept
of reduction to practice is relevant to a Section 102(g)

---

[1]     The Court acknowledges that the Supreme Court's remarks
in Pfaff may be considered dicta insofar as the decision was
rooted in the application of § 102(b); however, the Court finds
the Supreme Court's remarks to be persuasive insofar as they are
rooted in a statutory analysis and comparison of the various
subsections of § 102(b).

anticipation inquiry.²

As with all invalidity arguments, anticipation under

Section 102(e) must be shown by clear and convincing evidence.

However, for purposes of establishing prior art under Section

102(e), there is a rebuttable presumption that the filing date

of a patent is its invention date. Ecolochem, Inc. v. Southern

Calif. Edison Co., 227 F.3d 1361, 1371 (Fed. Cir. 2000). To

overcome this presumption, the patentee bears the burden of

_____

²     Citing Space Systems/Loral v. Lockheed Martin Corp.,
271 F.3d 1076, 1080 (Fed. Cir. 2001), Fairchild contends that the
Federal Circuit has explicitly rejected the argument that under
Pfaff "conception alone" is sufficient to constitute invention,
and urges the Court to consider reduction to practice.  The Court
acknowledges that in Pfaff, the Supreme Court also indicated that
an invention must be "ready for patenting;" however, the Supreme
Court did not equate this phrase with actual reduction to
practice as Fairchild contends.  Rather, the Supreme Court
considered the concept as part of the conception requirement that
an invention be substantially complete, and as discussed infra,
the Court concludes that the evidence is sufficient to establish
that Dr. Eklund was first to conceive of the claimed invention.
Moreover, even if Fairchild's argument is correct that "ready for
patenting" should be equated with "reduction to practice," the
Court would be hesitant, absent guidance from the Federal
Circuit, to conclude that this requires actual reduction to
practice, in light of the well-established case law that priority
does not require an actual earlier reduction to practice, but can
be established by showing an earlier conception followed by
diligence in reduction to practice.  Mahurkar, 79 F.3d at 1578
("Where a party is first to conceive but second to reduce to
practice, that party must demonstrate reasonable diligence toward
reduction to practice from a date just prior to the other party's
conception to its reduction to practice.").  As discussed in the
context of its § 102(g) analysis, the Court concludes that the
jury's verdict is supported by sufficient evidence of diligence
toward reduction to practice such that the '075 patent has
priority over the '173 patent.

6

producing evidence supporting an invention date earlier than the ostensible prior art reference.  Mahurkar v. C.R. Bard, Inc., 79 F.3d 1572, 1576-1579 (Fed. Cir. 1996); Spectralytics v. Cordis Corp., -- F. Supp. 2d ---, 2008 WL 4216343, *12-14 (D. Minn. Sept. 16, 2008) (discussing the application of Mahurkar and the questions it raises).  This burden, however, is a burden of production not a burden of persuasion, meaning that the patentee need not persuade the fact-finder of the invention date. Spectralytics, 2008 WL 4216343 at *12.  Rather, the burden of proof remains on the defendant to establish by clear and convincing evidence that the patentee's invention date does not precede the date of the ostensible prior art reference.  Id.

     Power Integrations does not dispute that claim 1 of the '075 patent is contained in the Beasom patent.  Thus, the only question remaining for the Court is whether sufficient evidence exists to support the jury's verdict that Dr. Eklund conceived of the invention claimed in claim 1 of the '075 patent prior to the 1986 filing date of Mr. Beasom's '173 patent.  Reviewing the evidence in the light most favorable to Power Integrations as the nonmovant, the Court concludes that a sufficient evidentiary basis exists to support the jury's implicit finding that Dr. Eklund conceived of the '075 patent before the filing date of the '173 patent.  "To have conceived of an invention, an inventor must have formed in his or her mind 'a definite and

permanent idea of the complete and operative invention, as it is hereafter to be applied in practice.'" Burroughs Wellcome Co. v. Barr Labs., Inc., 40 F.3d 1223, 1228, 32 USPQ2d 1915, 1919 (Fed. Cir. 1994), cert. denied, --- U.S. ----, 116 S. Ct. 771 (1996) (citations omitted). An inventor's testimony, standing alone, is insufficient proof of prior conception. Rather, oral testimony of an inventor must be corroborated by other evidence. Adequate corroboration is determined by applying a "rule of reason" analysis. Price, 988 F.2d at 1195. Under a rule of reason analysis, "[a]n evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached." Id. Physical exhibits do not require corroboration because "[t]he trier of fact can conclude for itself what documents show, aided by testimony as to what the exhibit would mean to one skilled in the art." Id.

In this case, Power Integrations offered the testimony of Dr. Eklund corroborated by his inventor notes from September 1984 and January 1985, the testimony of Jan Brunnberg who witnessed a version of Dr. Eklund's original notes showing substantially the same subject matter, and the testimony of Mr. Shields to further explain what the documents mean to one skilled in the art. (PX 29; PX 30; Tr. 9/20/07 at 1096:17-1098:23, 1112:15-1114:16, 1116:8-1120:24, 1247:5-1255:2; Tr. 9/21/07 at 1376:23-1382:13). Fairchild contends that Dr.

8

Eklund's notes are insufficient to corroborate his testimony because there is no corroborating testimony that the notes should be read together. However, "[t]here is no particular formula that an inventor must follow in providing corroboration of his testimony of conception." Singh v. Brake, 222 F.3d 1362, 1367 (Fed. Cir. 2000). In this case, the jury certainly could reasonably have accepted the testimony of Mr. Shields coupled with that of Dr. Eklund, that one skilled in the art would have recognized that the notes are related, and in fact, refer to the same invention, with one set of notes providing more details regarding implementation than the other. (Tr. 9/21/097 at 1380:4-10; Tr. 9/20/07 at 1112:15-1113:6).

Fairchild also discredits Dr. Eklund's notes on the basis that the date of certain pages was punched out. However, Power Integrations offered sufficient forensic evidence to corroborate Dr. Eklund's testimony that the documents were contemporaneous in time, including the testimony of Dr. Lyter, regarding ink samples and impressions on the documents which confirmed Dr. Eklund's testimony. (Tr. 9/20/07 at 1216:1-1226:16).

Fairchild also attempts to discredit the testimony of Jan Brunnberg, contending that he did not understand what he was signing when he witnessed Dr. Eklund's notebooks. However, the cases upon which Fairchild relies primarily concern corroboration of the reduction to practice and not corroboration

regarding the date of conception. Moreover, Dr. Brunnberg testified that he independently recognized Dr. Eklund's invention and mentioned by name certain key features that he remembered about the invention. (Tr. 9/20/07 at 1247:5-1253:22, 1091:13-1092:9, 1108:19-1109:13). In the Court's view, Fairchild's argument goes to the weight to be afforded to Mr. Brunnberg's testimony and does not, in light of Dr. Eklund's testimony and the corroborative documents, equate with the conclusion that, as a matter of law, Mr. Beasom was the first to conceive of the alleged invention.

In sum, the Court concludes that Fairchild's attacks on the evidence presented at trial go to the weight of the evidence offered, and the Court may not, in reviewing a motion for judgment as a matter of law, undertake to independently weigh the evidence. That function was reserved for the jury, and the Court cannot conclude that the evidence in favor of Power Integrations was so woefully deficient as to require reversal of the jury's verdict. Accordingly, the Court concludes that Fairchild has not established that the '075 patent is anticipated under Section 102(e) as a matter of law.

C.    Whether Fairchild Is Entitled To Judgment As A Matter Of Law That Claim 1 Of The '075 Patent Is Anticipated Under 35 U.S.C. § 102(g)

Fairchild also contends that it is entitled to judgment as a matter of law that the '075 patent is invalid as anticipated

under Section 102(g). In support of its argument, Fairchild
contends that the evidence demonstrates that Mr. Besom conceived
of the invention claimed in the '075 patent by April 1984, as
evidenced by his witnessed lab notes, and reduced that invention
to practice prior to Dr. Eklund.

In pertinent part, 35 U.S.C. § 102(g) provides:

A person shall be entitled to a patent unless . .
. before such person's invention thereof, the
invention was made in this country by another inventor
who had not abandoned, suppressed, or concealed it.
In determining priority of invention under this
subsection, there shall be considered not only the
respective dates of conception and reduction to
practice of the invention, but also the reasonable
diligence of one who was first to conceive and last to
reduce to practice, from a time prior to conception by
the other.

35 U.S.C. 102(g)(2). To establish anticipation under Section
102(g), the party challenging validity must establish by clear
and convincing evidence that the potentially invalidating patent
or invention (1) qualifies as prior art; (2) was not abandoned,
suppressed or concealed; and (3) is identical to the claimed
invention or process.

Where priority of invention is in dispute, the Federal
Circuit has interpreted Section 102(g) to provide that
"'priority of invention goes to the first party to reduce an
invention to practice unless the other party can show that it
was the first to conceive the invention and that it exercised
reasonable diligence in later reducing that invention to

11

practice.'"  Z4 Technologies, Inc. v. Microsoft Corp., 507 F.3d
1340, 1352 (Fed. Cir. 2007).  The party challenging validity
must establish prior invention by clear and convincing evidence.

        After reviewing the evidence in the light most favorable to
Power Integrations as the verdict winner, the Court concludes
that a sufficient evidentiary basis exists to support the jury's
finding that the '173 patent does not anticipate the '075
patent.  As discussed in the context of anticipation under
Section 102(e), the Court concludes that sufficient evidence
exists from which a reasonable jury could conclude that Dr.
Eklund conceived of the claimed invention by 1985, prior to the
filing date of the '173 patent.  However, Fairchild contends
that it has established by clear and convincing evidence that
Mr. Beasom conceived of the completed invention by April 1984,
even earlier than the filing date of the '173 patent.  In
support of its argument, Fairchild directs the Court to Mr.
Beasom's 1984 laboratory notebook entry, which Fairchild
contends contains a detailed description of his high voltage MOS
device.  Fairchild also directs the Court to the testimony of
its expert, Dr. Gwozdz, to establish that Mr. Beasom's drawings
contain each element of claim 1 of the '075 patent.

        Reviewing the evidence in the light most favorable to Power
Integrations, however, the Court cannot conclude that Fairchild
has established by clear and convincing evidence, as a matter of

                                                                12

law, that Mr. Beasom conceived of the claimed invention in 1984.
On cross-examination, Mr. Beasom admitted that the structure to
which Fairchild refers is not Mr. Beasom's invention, but a
known prior art structure. (Tr. 9/18/07 265:21-266:8). Mr.
Beasom also admitted that his 1984 notebook entry does not show
the extended drain region going both ways to surface adjoining
positions as required by the patent (Tr. 9/18/07 at 268:23-
271:18), and the absence of these features was confirmed by the
documents, as well as by Mr. Shields' testimony. (DX 130 at 62-
65; DX 558; Tr. 9/21/07 at 1382:14-1383:19). In the Court's
view, this testimony is sufficient to allow the jury to discount
Fairchild's argument that Mr. Beasom conceived of the complete
invention prior to Dr. Eklund.

Fairchild also contends that the evidence clearly and
convincingly establishes that Mr. Beasom was the first to reduce
to practice the invention claimed in the '075 patent. However,
Mr. Beasom's reduction to practice is not relevant in light of
the Court's conclusion that the evidence supports a finding that
Dr. Eklund was the first to conceive of the invention claimed in
the '075 patent, so long as there is also evidence supporting a
finding that Dr. Eklund demonstrated reasonable diligence toward
reduction to practice. Pfaff, 525 U.S. at 61 ("[A]ssuming
diligence on the part of the applicant, it is normally the first
inventor to conceive, rather than the first to reduce to

practice, who establishes the right to the patent."). In this case, the Court concludes that ample evidence was adduced at trial to support the finding, implicit in the jury's verdict, that Dr. Eklund exercised reasonable diligence in reducing his invention to practice. This evidence includes documents and testimony concerning Dr. Eklund's work on various implementations of his invention at AMD (PX 29-30, 39-41, 47, 404, 406, 12; Tr. 9/20/07 at 1120:17-1134:24) and his additional work and the building of test devices and prototypes at Data General (PX 44-48; Tr. 9/20/07 at 1141:21-1151:4). Power Integrations also offered evidence concerning Dr. Eklund's departure from Data General to form Power Integrations in order to pursue his invention and raise capital for its commercialization. (Tr. 9/20/07 at 1267:13-1268:21, 1272:9-1273:13, 1275:16-24, 1279:5-1281:15, 1282:8-17; see also 1149:24-1151:4, 1152:3-1153:15, 1156:6-13). Dr. Eklund's efforts to commercialize his invention also included a letter of recommendation from Dr. James Plummer, the current Dean of Stanford University School of Engineering, opining that Dr. Eklund's invention would provide a 2-3 times improvement over existing technologies. (PX 51). Viewing this evidence in the light most favorable to Power Integrations, as the verdict winner, the Court cannot conclude that Fairchild is entitled to judgment as a matter of law on its Section 102(g) invalidity

14

claim.

D.     Whether Fairchild Is Entitled To Judgment As A Matter
       That Claims 1 And 5 Of The '075 Patent Are Obvious

Fairchild also contends that it is entitled to judgment as

a matter of law that the '075 patent is obvious in light of Mr.

Beasom's 1984 notebook[3] and the article by Ludikhuize, High

Voltage DMOS and PMOS in Analog ICs, IEEE (1982) (the

"Ludikhuize reference" or "Ludikhuize"). Fairchild contends

that the Ludikhuize reference contains the features Power

Integrations contends are missing from the Beasom patent, namely

the p-top layer, the extended drain extending each way, and the

surface adjoining positions on each side of the drain pocket.

Relying on Dr. Gwozdz testimony, Fairchild contends that one of

ordinary skill in the art would have known to combine the

teachings of Mr. Besom's notebook with the Ludikhuize reference

to arrive at the invention described in claim 1 of the '075

patent. Fairchild also contends that claim 5 is obvious because

the only additional element in claim 5 is the combination of the

---

[3]     Power Integrations disputes the use of the Beasom
notebook as prior art in a Section 103 obviousness challenge,
because the notebook was not publicly disclosed. However, §
102(g) prior art does not "contain a 'known to the art'
requirement apart from the requirement of no abandonment,
suppression or concealment," E.I. DuPont de Nemours & Co. v.
Phillips Petroleum Co., 849 F.2d 1430, 1437 (Fed. Cir. 1988).
Power Integrations has agreed not to advance an argument based on
abandonment, suppression or concealment in this case, and
therefore, the Court concludes that the Beasom notebook may
properly be considered as prior art for purposes of obviousness.
(D.I. 671, Exh. 1).

high voltage device of claim 1 on the same chip with a low voltage CMOS device. Thus, Fairchild contends that claim 5 is obvious based upon its claim 1 arguments, as well as an additional argument based on the combination of the Wakaumi and Wacyk references.

In pertinent part, 35 U.S.C. § 103 provides that a patent may not be obtained "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious to a person having ordinary skill in the art." 35 U.S.C. § 103. Specifically, the trier of fact must consider four issues: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed subject matter and the prior art; and (4) secondary considerations of non-obviousness, such as commercial success, long felt but unsolved need, failure of others, and acquiescence of others in the industry that the patent is valid, and unexpected results. Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966)(the "Graham factors"). Because an issued patent is presumed valid, the party seeking to challenge the validity of a patent based on obviousness must demonstrate by clear and convincing evidence that the invention described in the patent would have been obvious to a person of ordinary skill in the art at the time the invention was made. Pfizer, Inc. v. Apotex,

Inc., 480 F.3d 1348, 1359-60 (Fed. Cir.2007).

After reviewing the evidence adduced at trial, the Court concludes that the jury's verdict is supported by substantial evidence. As trier of fact, the jury was responsible for weighing the Graham factors. Fairchild urges the Court to overlook the evidence of secondary indicia of nonobviousness in light of their showing on the scope and content of the prior art and the differences between the prior art and the claimed invention. In the Court's view, however, this requires a reweighing of the evidence, which is unsupported on this record in light of the substantial evidence regarding the secondary considerations of non-obviousness. This evidence includes evidence of Fairchild's copying of the claimed invention, the invention's commercial success and improvement over existing technologies, and the acclaim received by Dr. Eklund from others in the field for his invention.[4]  (Tr. 9/20/07 at 1152:18-

---

[4]     Fairchild directs the Court to Leapfrog Enters v. Fisher-Price, Inc., 485 F.3d 1157, 1162 (Fed. Cir. 2007) and Newell Cos. v. Kenney Mfg. Co., 864 F.2d 757, 768 (Fed. Cir. 1988) for the proposition that evidence of secondary considerations of nonobviousness are inadequate to overcome a strong prima facie case of obviousness. While the Federal Circuit recognized that secondary considerations do not control the obviousness conclusion, the bottom line of both of these cases was that the Federal Circuit determined that the district court's decision on obviousness should not be disturbed and that the district court did not erroneously fail to consider the secondary indicia of nonobviousness in reaching their respective conclusions of invalidity. Here, the Court takes a similar approach deciding that the jury's verdict, which rests on the weighing of the Graham factors, should not be disturbed in light

1153:15, 1156:6-13, 959:13-960:5, 964:22-965:12; Tr. 9/19/07 at
878:5-879:7). In addition, the Court notes that Fairchild's
obviousness argument hinges on the testimony of Dr. Gwozdz that
one of ordinary skill in the art would have known to combine the
teachings of Mr. Beasom's notebook with certain prior art
references like Ludikhuize and Wakaumi; however, the jury was
free to reject or discount his testimony in light of the
evidence brought out during cross-examination, as well as Mr.
Shields testimony regarding the substantial differences between
the cited prior art and the '075 patent.[5] Accordingly, on this
record, the Court cannot conclude that the jury's verdict was
erroneous as a matter of law, and therefore, the Court will deny
Fairchild Motion For Judgment As A Matter Of Law regarding the
obviousness of claim 1 of the '075 patent.

---

of the evidence adduced at trial.

[5] The differences between prior art like the Ludikhuize
reference and the claimed invention were brought out by Power
Integrations witnesses, as well as by Fairchild's witness. (Tr.
9/19/07 at 563:22-564:6; Tr. 9/21/07 at 1388:13-23). Moreover,
the fact that Mr. Beasom did not even believe that Ludikhuize or
Wakaumi were relevant enough to his work to warrant disclosing
them to the Patent and Trademark Office is certainly testimony
the jury could have considered in determining the scope and
content of the prior art, as well as whether Dr. Gwozdz testimony
that it was obvious to combine these references with Mr. Beasom's
notes was credible. Accordingly, this additional testimony and
the inferences drawn therefrom in the light most favorable to
Power Integrations supports the jury's verdict that the '075
patent is not obvious.

18

## II.   Fairchild's Motion For A New Trial

### A.   Legal Standard

In pertinent part, Federal Rule of Civil Procedure 59(a)

provides:

> A new trial may be granted to all or any of the
> parties and on all or part of the issues in an action
> in which there has been a trial by jury, for any of
> the reasons for which new trials have heretofore been
> granted in actions at law in the courts of the United
> States.

Fed. R. Civ. P. 59(a).  Among the most common reasons for

granting a new trial are the following: (1) the jury's verdict

is against the clear weight of the evidence, and a new trial

must be granted to prevent a miscarriage of justice; (2) newly

discovered evidence exists that would likely alter the outcome

of the trial; (3) improper conduct by an attorney or the court

unfairly influenced the verdict; or (4) the jury's verdict was

facially inconsistent.   Zarow-Smith v. New Jersey Transit Rail

Operations, 953 F. Supp. 581, 584 (D.N.J. 1997) (citations

omitted).

The decision to grant or deny a new trial is committed to

the sound discretion of the district court.   Allied Chemical

Corp. v. Darflon, Inc., 449 U.S. 33, 36 (1980); Olefins Trading,

Inc. v. Han Yang Chem Corp., 9 F.3d 282 (1993) (reviewing

district court's grant or denial of new trial motion under

deferential "abuse of discretion" standard).   However, where the

ground for a new trial is that the jury's verdict was against

the great weight of the evidence, the court should proceed cautiously, because such a ruling would necessarily substitute the court's judgment for that of the jury. Klein v. Hollings, 992 F.2d 1285, 1290 (3d Cir. 1993). Although the standard for grant of a new trial is less rigorous than the standard for grant of judgment as a matter of law in that the court need not view the evidence in the light most favorable to the verdict winner, a new trial should only be granted where "a miscarriage of justice would result if the verdict were to stand," the verdict "cries out to be overturned," or where the verdict "shocks our conscience." Williamson, 926 F.2d at 1352; see also Price, 40 F. Supp. 2d at 550.

B.  Whether Fairchild Is Entitled To A New Trial Based On Alleged Surprises In The Testimony Of Mr. Shields At Trial

Fairchild contends that it is entitled to a new trial because Mr. Shields advanced at trial two theories that were not disclosed in his expert report. Specifically, Fairchild contends that Mr. Shields testified for the first time at the invalidity trial that (1) the surface adjoining layer element of the '075 patent was missing from Mr. Beasom's notes and requires two surface adjoining layers, one on each side of the drain contact pocket, and (2) the extended drain in Mr. Beasom's notes did not go to multiple surface adjoining positions. Stated another way, Fairchild contends that Mr. Shields was improperly

20

asserting for the first time at trial that "the claim required a P-TOP and a surface adjoining position on one side of the drain contact pocket and another P-TOP and surface adjoining position on the other side of the pocket." (D.I. 616 at 29). Fairchild contends that it was prejudiced by these new theories, and therefore, a new trial is warranted.

Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert's report to "contain a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information considered by the witness in forming the opinions." Fed. R. Civ. P. 26(a)(2)(B). In determining whether an expert's testimony has exceeded the scope of his or her report, the Court has not required verbatim consistency with the report, but has allowed testimony which is consistent with the report and is a reasonable synthesis and/or elaboration of the opinions contained in the expert's report. Boehringer Ingelheim Intern. GMBH v. Barr Laboratories, Inc., 2008 WL 2756127, *3 (D. Del. July 15, 2008); Forest Labs, Inc. v. Ivax Pharms., Inc., 237 F.R.D. 106, 113 (D. Del. 2006). In this regard, the Court examines whether the objecting party had sufficient notice of the testimony based upon the contents of the report and the elaborations made during expert discovery and deposition. If an expert's testimony was not sufficiently disclosed in an expert's report as required by Federal Rule of

21

Civil Procedure 26, the objecting party must also demonstrate that it suffered undue prejudice before the Court determines that a new trial is required.

After reviewing Mr. Shields supplemental expert report, which was the only report that reasonably could have taken into account Mr. Beasom's notes since they were not produced when Mr. Shields served his first two expert reports on infringement and validity, the Court concludes that Fairchild was on adequate notice of Mr. Shields' opinion that Mr. Beasom's notes were missing the claimed "extended drain region" going both ways to "surface adjoining positions." (D.I. 616, Exh. 3 at ¶¶ 4-6). In addition, the Court does not understand Mr. Shields' trial testimony to be inconsistent with this premise, even though the precise wording of his testimony may have differed from the wording used in the expert report. Accordingly, the Court concludes that Fairchild has not demonstrated that a new trial is warranted on the basis of Mr. Shields' testimony.

C.    Whether Fairchild Is Entitled To A New Trial Based On The Jury Instruction Regarding "Corroboration"

Fairchild also contends that the Court's jury instruction on "corroboration" of invention was erroneous as a matter of law, because the instruction states only that corroboration of conception is required. Fairchild contends that Federal Circuit precedent requires conception, reduction to practice and diligence toward reduction to practice to all be corroborated.

As a result of this instruction, Fairchild contends that it was prejudiced because Power Integrations was not required to corroborate any reduction to practice or diligence by Dr. Eklund.

Where a motion for a new trial is based on an alleged legal error in the jury instructions, the Court must determine "whether an error was in fact committed, and (2) whether that error was so prejudicial that [the] denial of a new trial would be inconsistent with substantial justice." Lafate v. Chase Manhattan Bank (USA), 123 F. Supp. 2d 773, 785 (D. Del. 2000) (citations omitted). In making these determinations, the court should examine the jury instructions as a whole and should not scrutinize specific instructions in a vacuum. Id. Overall, the jury instructions must fairly and adequately apprise the jury of the issues and the applicable law. Tigg Corp. v. Dow Corning, Corp., 962 F.2d 1119, 1123 (3d Cir. 1992).

A jury verdict should not be overturned where the error in the jury instruction was harmless. An error is harmless if "it is highly probably that the error did not affect the outcome of the case." Forrest v. Beloit Corp., 424 F.3d 344, 349 (3d Cir. 2005). Stated another way, a new trial is not required, if in light of the record as a whole, it is highly probably that the jury would have returned the same verdict. Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 357-58 (3d Cir.1999).

In this case, the Court instructed the jury on

Corroboration as follows:

> Conception must be corroborated by evidence that
> shows the inventor disclosed to others his complete
> thought expressed in such clear terms as to enable
> those skilled in the art to make the invention.
> However, there is no single formula that must be
> followed in proving corroboration. Rather, the
> sufficiency of corroborative evidence is determined by
> the 'rule of reason.' Accordingly, you must make a
> reasonable analysis of all the pertinent evidence to
> determine whether the inventor's testimony is
> credible. Conception by an inventor, for the purposes
> of establishing priority, cannot be proved solely by
> an inventor's unsupported testimony; it must be
> supported by evidence of disclosure to others, or of
> an embodiment of the invention in some clearly
> perceptible form, such as drawings or models, with
> sufficient proof of identity in point of time.

(D.I. 562 at 34). While the instruction on corroboration is an

accurate statement of the law regarding corroboration and its

application to conception of the invention, the Court

acknowledges that the instruction may have been too narrowly

worded in that it did not specifically explain that reduction to

practice and diligence cannot be established solely by an

inventor's oral testimony absent corroboration. See, e.g.,

Brown v. Barbacid, 436 F.3d 1376, 1380 (Fed. Cir. 2006)

(recognizing that diligence requires corroboration, but holding

that "[u]nlike the legal rigor of conception and reduction to

practice, diligence and its corroboration may be shown by a

variety of activities" and noting that there is "no rule

requiring a specific kind of activity in determining whether the

applicant was reasonably diligent in proceeding toward an actual
or constructive reduction to practice"). However, viewing the
instruction in the context of the charge as a whole and in light
of the substantial evidence in the record demonstrating and
corroborating Dr. Eklund's prior conception and diligence toward
reduction to practice of the claimed invention, the Court
concludes that such error is harmless. Accordingly, the Court
concludes that Fairchild has not demonstrated that a new trial
on the validity of the '075 patent is required.

## CONCLUSION

For the reasons discussed, the Court will deny Fairchild's
Motion For Judgment As A Matter Of Law Or New Trial Regarding
Invalidity Of U.S. Patent No. 4,811,075.

An appropriate Order will be entered.