```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE
```

POWER INTEGRATIONS, INC., a  :
Delaware corporation,        :
                             :
        Plaintiff,            :
                             :
    v.                       :   C.A. No. 04-1371-JJF
                             :
FAIRCHILD SEMICONDUCTOR      :
INTERNATIONAL, INC., a Delaware:
corporation, and FAIRCHILD   :
SEMICONDUCTOR CORPORATION, a :
Delaware corporation,        :
                             :
        Defendants.           :

Frank E. Scherkenbach, Esquire of FISH & RICHARDSON P.C., Boston, Massachusetts.
Howard G. Pollack, Esquire and Michael R. Headley, Esquire of FISH & RICHARDSON P.C., Redwood City, California.
William J. Marsden, Jr., Esquire and Kyle Wagner Compton, Esquire of FISH & RICHARDSON P.C., Wilmington, Delaware.

Attorneys for Plaintiff.

G. Hopkins Guy, III, Esquire; Vickie L. Feeman, Esquire; Bas de Blank, Esquire, Gabriel M. Ramsey, Esquire and Brian H. VanderZanden, Esquire of ORRICK, HERRINGTON & SUTCLIFFE LLP, Menlo Park, California.
Steven J. Balick, Esquire; John G. Day, Esquire and Lauren E. Maguire, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Defendants.

**MEMORANDUM OPINION**

November 7, 2008
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion For Judgment As A Matter Of Law Concerning Noninfringement And Invalidity Of U.S. Patent No. 6,249,876 (D.I. 614) filed by Defendants, Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild"). For the reasons discussed, the Court will deny Fairchild's Motion.

## BACKGROUND

The background relevant to this action has been set forth by the Court in previous decisions rendered in this case. (D.I. 231, 683). By way of summary, a jury returned a verdict in favor of Power Integrations, Inc. ("Power Integrations") on the issues of infringement, willful infringement, and damages, awarding Power Integrations slightly less than $34 million. A second, different jury also returned a verdict in favor of Power Integrations on the validity of the patents-in-suit. Inequitable conduct was tried before the Court, and the Court concluded that Fairchild failed to establish that the patents were unenforceable due to inequitable conduct. (D.I. 683, 684).

## STANDARD OF REVIEW

To prevail on a renewed motion for judgment as a matter of law following a jury trial, the moving party "'must show that the jury's findings, presumed or express are not supported by substantial evidence or, if they were, that the legal conclusions

1

implied [by] the jury's verdict cannot in law be supported by those findings.'" Pannu v. Iolab Corp., 155 F.3d 1344, 1348 (Fed. Cir. 1998) (citations omitted). In assessing the sufficiency of the evidence, the court must give the non-moving party, "as [the] verdict winner, the benefit of all logical inferences that could be drawn from the evidence presented, resolve all conflicts in the evidence in his favor, and in general, view the record in the light most favorable to him." Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1348 (3d Cir.), reh'g en banc denied, 1991 U.S. App. LEXIS 16758 (3d Cir. 1991); Perkin-Elmer Corp, 732 F.2d at 893.

The court may not evaluate the credibility of the witnesses, may not weigh the evidence, and may not substitute its view of the evidence for the jury's view. Price, 40 F. Supp. 2d at 550. Rather, the court must determine whether the evidence reasonably supports the jury's verdict. Dawn Equip. Co. v. Kentucky Farms, Inc., 140 F.3d 1009, 1014 (Fed. Cir. 1998). In sum, the Court must determine, viewing the evidence in the light most favorable to the verdict, whether a reasonable jury could have found for the prevailing party.

## DISCUSSION

### I. Whether Fairchild Is Entitled To Judgment As A Matter Of Law That Its Accused Products Do Not Infringe The '876 Patent

By its Motion, Fairchild contends that Power Integrations failed to offer sufficient evidence to support the jury's verdict

2

that Fairchild's accused products infringe claim 1 of United States Patent No. 6,249,876 (the "'876 patent"). Specifically, Fairchild contends that Power Integrations did not establish that the accused products met the preamble limitation of claim 1 of the '876 patent, which requires "varying the switching frequency of a switch mode power supply about a target frequency in order to reduce electromagnetic interference" (the "frequency jittering limitation"). (D.I. 232 at ¶ 8). In raising this argument, Fairchild focuses on the "about a target frequency" language and contends that no evidence was elicited to demonstrate that this limitation in the preamble was met. Accordingly, Fairchild contends that no reasonable jury could find that Fairchild's accused products infringe, and therefore, Fairchild is entitled to a judgment of noninfringement as a matter of law with respect to claim 1 of the '876 patent.

  A patent is infringed when a person "without authority makes, uses or sells any patented invention, within the United States during the term of the patent . . . ." 35 U.S.C. § 271(a). A patent owner may prove infringement under either of two theories: literal infringement or the doctrine of equivalents. Literal infringement occurs where each element of at least one claim of the patent is found in the alleged infringer's product. <u>Panduit Corp. v. Dennison Mfg. Co.</u>, 836 F.2d 1329, 1330 n. 1 (Fed. Cir. 1987). An accused product that

does not literally infringe upon the express terms of the patent may nonetheless be found to infringe if there is equivalence between the elements of the accused product and the claimed elements of the patented invention. See generally Warner-Jenkinson, 520 U.S. 17 (1997). For there to be infringement under the doctrine of equivalents, the accused product or process must embody every element of a claim, either literally or by an equivalent. Id. at 41. Thus, the mere showing that an accused device is equivalent overall to the claimed invention is insufficient to establish infringement under the doctrine of equivalents. The party asserting infringement under either theory has the burden of proof and must meet its burden by a preponderance of the evidence. SmithKline Diagnostics, Inc. v. Helena Lab. Corp., 859 F.2d 878, 889 (Fed. Cir. 1988) (citations omitted).

    Infringement is a two step inquiry. Step one requires a court to construe the disputed terms of the patent at issue. Construction of the claims is a question of law subject to de novo review. See Cybor Corp. v. FAS Techs., 138 F.3d 1448, 1454 (Fed. Cir. 1998). Step two requires the fact-finder to compare the accused products with the properly construed claims of the patent. This second step is a question of fact. See Bai v. L & L Wings, Inc., 160 F.3d 1350, 1353 (Fed. Cir. 1998).

Fairchild contends that this case is analogous to Rohm & Haas Co. v. Brotech Corp., No. 90-109-JJF, slip op. at 22 (D. Del. June 30, 1995) (Farnan, J.), in which this Court concluded that infringement had not been established where the testimony regarding infringement was general and conclusory and the plaintiff argued that the defendant had essentially conceded a claim element was met by not contesting its presence in the accused device. Rejecting plaintiff's argument as an attempt to shift the burden of proof on infringement, the Court explained:

> Finally, Rohm and Haas' argument that Golden and Brodie did not enumerate this element as one that was inconsistent with the accused products, and thereby admitted that the accused products satisfy this element is nothing more than an attempt by Rohm and Haas to convolute its burden of proof. Rohm and Haas had the burden of proving infringement by a preponderance of the evidence. It cannot meet this burden by asking [defendant] Brotech to disprove those elements Brotech believes are not met.

Id. at 23.

In the Court's view, the underlying principle of the Rohm & Hass case is the appropriate legal standard. Fairchild's failure to contest the presence of a particular claim element in its accused devices is not a tacit admission that the element is present. Rather, the burden of establishing infringement remains at all times with Power Integrations. However, unlike Rohm & Haas which was tried to the Court, this case was tried to a jury, and the Court is in the procedural posture of reviewing the jury's verdict post-trial, rather than weighing and assessing the

evidence itself as the fact-finder.

While the Court believes this case present a close question[1], the Court cannot conclude that Power Integrations failed to put forth the minimum quantum of evidence required to support the jury's verdict of infringement, when the evidence and all reasonable inferences drawn from it are viewed in the light most favorable to Power Integrations as the prevailing party. In explaining the purpose of the '876 patent, Mr. Blauschild expressly acknowledged verbatim the Court's claim construction of the preamble and went on to apply that construction in his analysis of the accused devices using such terms as "jitter," "jittering," "jitter circuit," and "jittering circuit." (Tr. 10/3/06 at 453:10-455:1).

As Fairchild points out, Mr. Blauschild did not expressly refer back to the preamble of the claim or the target frequency element of the preamble after his initial recognition of the Court's claim construction. However, reviewing Mr. Blauschild's

---

[1] The Court appreciates Fairchild's argument that because Mr. Blauschild referred to three claim elements in his analysis he ignored the preamble in his infringement analysis. However, the Court must consider the evidence as a whole, which includes Mr. Blauschild's express acknowledgment of the preamble and his testimony that he applied the Court's construction of the preamble for purposes of defining frequency jittering throughout his infringement analysis. (Tr. 10/3/06 at 453:10-455:1). This is an assertion that the jury was entitled to rely upon and use as context for Mr. Blauschild's entire testimony, and the Court cannot, on post-trial review, substitute its view of the evidence for that of the jury's.

testimony as a whole and in context, the Court is persuaded that a reasonable jury following his testimony concerning the presence of the claimed jittering or jittering circuit in the accused devices would understand his testimony to be evidence that the preamble limitations were met in the accused devices.[2]  (Tr. 10/3/06 at 462:23-464:3, 471:2-472:13, 473:4-14, 476:7-23).

Mr. Blauschild also directed the jury to documentary evidence which supports the preamble's limitation.  For example, Mr. Blauschild used Figure 2 of the patent to explain how the frequency moves up and down from the lowest frequency to the highest and back down again.  (Tr. 10/3/06 at 458:11-459:12; PD 425).  This figure shows a target frequency line across the middle of the graph.  (PX 1 at PIF 0032).  Mr. Blauschild then directed the jury to various Fairchild data sheets, which describe the variation of the frequency and how the frequency of Fairchild's devices varied about a target frequency.  (Tr. 10/3/06 at 460:12-461:4; PD-427 (referring to PX-143), 471:2-22;

---

[2]   The Court also notes that Mr. Blauschild opined that all the limitations of the claim were met in the accused devices. (Tr. 10/3/06 at 459:24-460:5, 464:21-465:1, 470:8-12).  Fairchild contends that this conclusory opinion is insufficient as a matter of law to support a finding of infringement; however, as the Federal Circuit noted in Rohm & Haas, an expert is entitled to opine on the ultimate issues in a case without giving the basis for his opinion and the fact-finder is free to accept or reject that opinion. Rohm & Haas Co. v. Brotech, Corp., 127 F.3d 1089, 1092 (Fed. Cir. 1997).  Moreover, in this case, Mr. Blauschild did not provide a bare opinion as to infringement, but supported his opinion with additional analysis as set forth above.

PD 444 (referring to PX 237); PD 427 (referring to Fig. 14 of PX-143); PD 449a (referring to Fig. 11 of PX 237)). Mr. Blauschild also provided the jury with a side-by-side comparison of Figure 2 of the '876 patent and a figure prepared by Fairchild's designer, Mr. Jang, which showed how Fairchild's devices varied their frequency above and below a target frequency, which is also represented by a line across the middle of the graph in a depiction comparable to that displayed in Figure 2 of the '876 patent. (Tr. 10/3/06 at 469:15-470:7; PD 443 (referring to PX 254 at FCS0099601)). In light of this testimony and given the narrow review the Court undertakes post-trial on a jury's verdict, the Court cannot conclude that Fairchild is entitled to judgment as a matter of law that claim 1 of the '876 patent is not infringed.

II. **Whether Fairchild Is Entitled To Judgment As A Matter Of Law That The '876 Patent Is Obvious In Light Of The Martin Patent**

Fairchild also contends that the jury's verdict that claim 1 of the '876 patent is not obvious in light of the Martin patent is unsupportable as a matter of law in light of the Supreme Court's decision in KSR v. Teleflex, 127 S. Ct. 1727 (2007). Specifically, Fairchild contends that claim 1 is a "predictable variation" of the circuit disclosed in the Martin patent, because it would have been obvious to one skilled in the art to remove the ROM memory.

Reviewing the evidence in the light most favorable to Power Integrations as the prevailing party, the Court concludes that Fairchild is not entitled to judgment as a matter of law. The evidence in this case concerning the Martin patent consists of the views of two experts, Fairchild's Dr. Horowitz and Power Integrations' Mr. Blauschild. Mr. Blauschild disagreed with the testimony of Dr. Horowitz and opined that the use of memory in the Martin patent was essential to the invention and that one skilled in the art believed a memory based circuit was necessary to solve the EMI problem.[3] (Tr. 9/20/07 at 1069:5-1071:8, 1035:3-1037:7, 1062:5-1064:9). Thus, Mr. Blauschild opined that the Martin patent actually taught away from the removal of the ROM memory. The jury was certainly free to credit Mr. Blauschild's testimony over the testimony of Dr. Horowitz, and the Court may not re-weigh the jury's credibility determinations post-trial. Accordingly, the Court concludes that the jury's verdict against Fairchild on the invalidity of the '876 patent is reasonably supported by the evidence, and therefore, the Court will deny Fairchild's Motion.

As for Fairchild's argument regarding error in the jury instructions, the Court notes at the outset that judgment as a

---

[3]  Mr. Blauschild's testimony was further bolstered by Dr. Horowitz's admission on cross-examination that all of the prior art he found during this litigation included a memory device in the circuit. (Tr. 9/19/07 at 840:1-19).

9

matter of law is not the appropriate remedy for such errors. Rather, prejudicial errors in jury instructions are remedied by a new trial, and Fairchild makes no request for a new trial in its Motion. Moreover, the Court addressed Fairchild's argument that KSR weakened the statutory presumption of validity in the case of undisclosed prior art in a decision prior to trial, see Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 2007 WL 2893391 (D. Del. Sept. 20, 2007), and the Court is not persuaded that its prior decision was erroneous. See Z4 Technologies, Inc. v. Microsoft Corp., 507 F.3d 1340, 1354 (Fed. Cir. 2007) (concluding that the district court did not abuse its discretion in declining to give a jury instruction that a defendant's burden of establishing invalidity is more easily carried when the references on which the assertion is based were not considered by the examiner during prosecution).

In this case, the Court utilized the Delaware Model Jury Instructions rooted in the Graham factors and modified that instruction to take into account the Supreme Court's rejection in KSR of the rigid approach to obviousness that was required by the "teaching, suggestion or motivation" test in the prior art. Specifically, the Court changed its jury instruction to reflect that the teaching, suggestion and motivation consideration is not a requirement, but a factor that the jury "may consider" in its obviousness determination. The Court acknowledges that other

courts have significantly modified jury instructions in the wake of KSR, and the PTO has also made some changes in their guidelines. However, the precise wording of jury instructions is left to the discretion of the Court[4], and absent further guidance from the Federal Circuit, the Court does not conclude that its jury instructions in this case are a misstatement of the law. Accordingly, the Court concludes that Fairchild is not entitled to judgment as a matter of law on the issue of obviousness.

## CONCLUSION

For the reasons discussed, the Court will deny Fairchild's Motion For Judgment As A Matter Of Law Concerning Noninfringement And Invalidity Of U.S. Patent No. 6,249,876.

An appropriate Order will be entered.

---

[4] United States v. Flores, 454 F.3d 149, 161 (3d Cir. 2006).