IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a : 
Delaware corporation, :
                              :
         Plaintiff, :
                              :
           v. : C.A. No. 04-1371-JJF
                              :
FAIRCHILD SEMICONDUCTOR :
INTERNATIONAL, INC., a Delaware:
corporation, and FAIRCHILD :
SEMICONDUCTOR CORPORATION, a :
Delaware corporation, :
                              :
         Defendants. :

---

Frank E. Scherkenbach, Esquire of FISH & RICHARDSON P.C., Boston, Massachusetts.
Howard G. Pollack, Esquire and Michael R. Headley, Esquire of FISH & RICHARDSON P.C., Redwood City, California.
William J. Marsden, Jr., Esquire and Kyle Wagner Compton, Esquire of FISH & RICHARDSON P.C., Wilmington, Delaware.

Attorneys for Plaintiff.

G. Hopkins Guy, III, Esquire; Vickie L. Feeman, Esquire; Bas de Blank, Esquire; Gabriel M. Ramsey, Esquire and Brian H. VanderZanden, Esquire of ORRICK, HERRINGTON & SUTCLIFFE LLP, Menlo Park, California.
Steven J. Balick, Esquire; John G. Day, Esquire and Lauren E. Maguire, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Defendants.

---

**O P I N I O N**

December 12, 2008
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion For New Trial On All Issues In Light Of In Re Seagate And Inseparability Of Willfulness, Infringement And Validity (D.I. 615) filed by Defendants, Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild"). For the reasons discussed, the Court will grant Fairchild's Motion to the extent it seeks a new trial on willful infringement and deny the Motion to the extent it seeks a new trial on all issues.

I.   THE PARTIES' CONTENTIONS

By its Motion, Fairchild contends that a new trial on all issues is warranted in light of the Federal Circuit's decision, In re Seagate, 497 F.3d 1360 (Fed. Cir. 1997), which was issued ten months after the infringement trial in this action concluded. Fairchild contends that Seagate applies retroactively to this case, and that a new trial is required on willfulness, because the Court's jury instructions erroneously applied the negligence standard articulated in Underwater Devices Inc. v. Morrison-Knudsen Co., 717 F.2d 1380 (Fed. Cir. 1983), which was overruled in Seagate and supplanted with an "objective recklessness" standard.

Fairchild also contends that retrying willful infringement mandates a new trial on all other issues in this case, because

"[w]hether the objective recklessness threshold is met depends on the strength of defendant's legal position on the merits of liability, which is exactly what the infringement and invalidity trials decided." (D.I. 615 at 1). In this regard, Fairchild further argues that the issues of willfulness and liability overlap so heavily under Seagate that trying them separately violates the Seventh Amendment rule that successive juries should not be permitted to determine the same issues.

In response, Power Integrations does not expressly rebut Fairchild's assertion that Seagate should be applied retroactively, but contends that regardless of whether Seagate is applied retroactively, a new trial is not warranted. With respect to the jury instruction issue, Power Integrations contends that the evidence adduced at trial satisfies the higher showing required for willfulness under Seagate such that no reasonable jury could conclude that Fairchild did not willfully infringe the patents-in-suit, and therefore a new trial is not required. In addition, Power Integrations maintains that the Seagate decision has no effect on the Court's inherent case management authority to bifurcate trials, and no Seventh Amendment violation has been established in this case because there is no overlap in the issues considered by the two juries empaneled to separately hear the infringement and validity issues in this case.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59(a), "[a] new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Because a motion for a new trial is a procedural issue, the governing applicable law is the law of the appropriate regional circuit - in this case, the Third Circuit. Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co., 308 F.3d 1167, 1182 (Fed. Cir. 2002). The decision to grant or deny a new trial is committed to the discretion of the trial court. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 26 (1980).

Where a motion for a new trial is based on an alleged legal error in the jury instructions, the court must determine "whether an error was in fact committed, and (2) whether that error was so prejudicial that [the] denial of a new trial would be inconsistent with substantial justice." Lafate v. Chase Manhattan Bank (USA), 123 F. Supp. 2d 773, 785 (D. Del. 2000) (citations omitted). In making these determinations, the court should examine the jury instructions as a whole and should not scrutinize specific instructions in a vacuum. Id. Overall, the jury instructions must fairly and adequately apprise the jury of the issues and the applicable law. Tigg Corp. v. Dow Corning,

Corp., 962 F.2d 1119, 1123 (3d Cir. 1992).

## III. DISCUSSION

As a threshold matter, the Court notes that while Power Integrations questioned the retroactive application of Seagate to this case in correspondence prior to the validity trial (D.I. 516), Power Integrations does not raise any substantive challenge to Seagate's retroactive application here. Indeed, the Federal Circuit has recently held that in cases still open on direct review, as is the case here, there is no question that Seagate applies retroactively. See Voda v. Cordis Corp., 536 F.3d 1311 (Fed. Cir. 2008) (citing Rivers v. Roadway Express, Inc., 511 U.S. 298 (1994) and Harper v. Virginia Dep't of Taxation, 509 U.S. 86 (1993)).

### A. Whether A New Trial On Willfulness Is Required Based On The Court's Use Of Pre-Seagate Jury Instructions

Because Seagate applies retroactively to this case, there is no question that the Court's jury instructions on willfulness, which were based on the then-existing negligence standard articulated in Underwater Devices, were erroneous under the standard announced in Seagate. Under the new Seagate standard for willfulness, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." 497 F.3d at 1371. If the threshold objective standard

is satisfied, then the patentee must also show that the "objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." Id. In addition, the Seagate court made clear that an accused infringer has no affirmative obligation to obtain an opinion of counsel in order to avoid liability for willful infringement. Id.

Having determined that the Court's jury instructions were erroneous in light of the intervening change in the law, the Court must next determine "whether that error was so prejudicial that [the] denial of a new trial would be inconsistent with substantial justice." Lafate, 123 F. Supp. at 785. In making this determination, the Court is instructed by Third Circuit case law which provides that a substantive error in jury instructions is not so prejudicial as to require reversal of the judgment where "'it is highly probable that the error did not contribute to the judgment.'" Hurley v. Atlantic City Police Dep't, 174 F.3d 95 (3d Cir. 1999) (quoting McQueeney v. Wilmington Trust Co., 779 F.2d 916, 924 (3d Cir. 1985)). Stated another way, the error must be a harmless error. Id.

In Voda, the Federal Circuit recently addressed the question of whether jury instructions that were given prior to Seagate and based on the Underwater Devices standard for willfulness resulted in harmless error. Voda, 536 F.3d at 1328 (applying Tenth

Circuit law which, like Third Circuit law, reviews an error in a jury instruction based on an intervening change in the law for harmless error).  Concluding that jury instructions based on the objective recklessness standard announced in Seagate may have changed the result of the jury verdict in Voda, such that the error in the instructions would not have been harmless, the Federal Circuit vacated the jury's finding of willfulness and remanded the matter to the district court for a determination of whether the defendant's infringement was willful under the Seagate standard.  Id.  In so doing, the Federal Circuit instructed the district court that it "may at its discretion assess Voda's evidence of willful infringement under the Seagate standard to determine whether a new trial on willfulness is necessary or whether Voda's evidence is insufficient as a matter of law to support a finding of willfulness."  Id. at 1329.

In this case, Power Integrations argues that a new trial is not necessary because essentially, Power Integrations would have been entitled to a directed verdict on willful infringement.  In this regard, Power Integrations contends that the evidence of willful infringement at trial was so compelling that even under the new Seagate standard, no reasonable jury could fail to find that Fairchild willfully infringed.  In advancing this argument, Power Integrations contends that Fairchild cannot rely on the strength of its non-infringement and invalidity defenses to rebut

a finding of willfulness, because <u>Seagate</u> requires the willfulness inquiry to be focused on the alleged infringer's actions before the suit was filed, and not on its post-suit litigation defenses as developed by its litigation counsel and paid experts.

The present argument of Power Integrations is flawed in several ways.  First, as Fairchild points out, Power Integrations' argument is akin to a request for summary judgment or directed verdict on the issue of willful infringement, and Power Integrations made no such motions during the course of this litigation under the much less demanding <u>Underwater Devices</u> standard of proof.  Having failed to move for summary judgment pretrial or a directed verdict at trial, the Court has difficulty, as a procedural matter, in allowing Power Integrations to make such a motion here.  <u>Yohannon v. Keene Corp.</u>, 924 F.2d 1255, 1262 (3d Cir. 1991) (failure to move for directed verdict waives any post-trial right to challenge the sufficiency of the evidence); <u>Agresta v. City of Phila.</u>, 801 F. Supp. 1464 (E.D. Pa. 1992) (plaintiffs could not seek judgment as a matter of law post-verdict where they did not seek such a judgment at the close of the evidence at trial).  Moreover, it is well-established that willful infringement is a question of fact, <u>Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.</u>, 394 F.3d 1368 (Fed. Cir. 2005), and while <u>Seagate</u> interjects a threshold

objective component into the standard for willfulness, the Court does not read that objective component to mean that the issue is transformed into a purely legal question.  Thus, in light of the changes made to the law of willfulness under Seagate, the Court cannot conclude that the issue of willfulness should be removed from the jury's consideration in the first instance.

With respect to Power Integrations' argument that the strength of Fairchild's noninfringement and invalidity defenses is irrelevant to willfulness, because willfulness focuses on an infringer's prelitigation conduct, the Court observes that tension exists in the case law since Seagate.  In Seagate, the Federal Circuit explained, in the context of discussing the idea of shielding trial counsel from the waiver that stems from the advice of counsel defense, that "willfulness will depend on an infringer's prelitigation conduct."  497 F.3d at 1374.  However, following Seagate, the Federal Circuit explained in dicta in Black & Decker, Inc. v. Robert Bosch Tool Corp., 260 Fed. Appx. 284 (Fed. Cir. 2008), that "both legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent."  Id. at *7 (providing guidance to the district court on the application of Seagate to willful infringement claims, even though such claims were rendered moot on appeal by Federal Circuit's decision to

vacate infringement finding).  In making this assertion, the

Federal Circuit further recognized that "the jury found two

claims invalid as obvious, showing that the appellant also made a

credible invalidity argument."  Id. at *6.

In an effort to reconcile the Federal Circuit's comments in

Black & Decker with the prelitigation emphasis discussed in

Seagate, the Court concludes that a retrial on willfulness must

focus on the prelitigation conduct of the accused infringer in

the first instance but must also taken into account whether the

accused infringer maintained plausible or credible defenses to

noninfringement and invalidity.  With this conclusion, the Court

will discuss the larger Seventh Amendment issues implicated.

B.    Whether A New Trial Is Required On All Issues In Light
      Of Seagate and the Seventh Amendment

In light of the Court's conclusion that a new trial on

willful infringement is warranted, the broader question for the

Court's consideration is whether the granting of a new trial on

willfulness necessitates a new trial on both infringement and

invalidity.  Fairchild contends that the Seagate requirement that

any willfulness inquiry include consideration of whether

Fairchild maintained legitimate defenses to infringement and

credible validity arguments, means that willful infringement

cannot be constitutionally tried separately from infringement and

validity.  Fairchild contends that under the Seagate standard,

the retrial of willfulness alone will necessarily violate the

Seventh Amendment, because it will result in a different jury considering issues already considered by the infringement and validity juries, or issues that are so interwoven and overlapping that it would be unjust to try them separately before a new jury.

Willfulness aside, Fairchild also contends that bifurcation of infringement and validity was inappropriate in this case, because two successive juries considered the same issues:  (1) the scope of the soft start in the '366 patent, and (2) the "frequency jitter" element of the '876 patent.  According to Fairchild, this successive consideration of the same issues by two different juries violates the Seventh Amendment.

Even before Seagate, application of the Underwater Devices standard recognized that credible allegations of non-infringement or invalidity were sufficient to establish that damages for willful infringement were inappropriate.  State Contracting & Engineering Corp. v. Condotte America, Inc., 346 F.3d 1057 (Fed. Cir. 2003).  Yet, despite this recognition, courts continued to bifurcate trials, sometimes separating willfulness entirely from trials on infringement and invalidity and trying willfulness to a different jury; see Allergan Inc. v. Pharmacia Corp, 2002 WL 1268047, * n.1 (D. Del. May 17, 2002) (Robinson, J.) (bifurcating willfulness from infringement and validity and indicating that willfulness would be tried in a "separate trial with a new jury in the event plaintiffs are found to infringe valid patents") and

sometimes, as was the case here, trying infringement and willfulness together to one jury and invalidity separately to a different jury.

Indeed, the Federal Circuit recognized the usefulness of bifurcation in the case of willful infringement[1] prior to Seagate, and the Court does not read Seagate as having a preclusive effect on bifurcation. In Seagate, the Federal Circuit did not focus on bifurcation and did not make any clear pronouncements that bifurcation is per se impermissible in light of the objective recklessness standard for willfulness. The Seagate court recognized that under cases like Quantum Corp. v. Tandon, bifurcation of willful infringement would be appropriate, but further recognized that "such procedures are often considered too onerous to be regularly employed." 497 F.3d at 1369. The Federal Circuit went on to refashion the standard for willful infringement, leaving the development of its application to future cases, and to address issues concerning the work product doctrine and the attorney client privilege in the context of the advice of counsel defense. The Federal Circuit did not further

---

[1]    See, e.g., Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643 (Fed. Cir. 1991) (recognizing the "Hobson's choice" between sacrificing the attorney-client privilege to support an advice of counsel defense and maintaining the privilege at the risk of being found liable for willful infringement and stating that "[t]rial courts should give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court in camera, reveal that the defendant is indeed confronted with this dilemma").

discuss the issue of bifurcation in light of its refashioned standard for willfulness.

More recently, the Federal Circuit in <u>Voda</u> rejected, without discussion, the argument that under the Seventh Amendment, a new trial on willfulness requires a new trial on infringement.[2] However, some district courts since <u>Seagate</u> have expressed a reluctance to bifurcate willfulness from infringement.  For example, in <u>Computer Associates Int'l, Inc. v. Simple, Inc.</u>, 247 F.R.D. 63, 67-68 (S.D.N.Y. 2007), the court noted that a determination of willfulness is inextricably bound to the facts underlying infringement.  However, the court also noted that this is a proposition unchanged by <u>Seagate</u>, and thus, it appears to the Court that the determination of the <u>Simple</u> court was not engendered solely by the changes effectuated by <u>Seagate</u>.

Fairchild analogizes the bifurcation of willfulness from the issues of infringement and invalidity to case law finding a violation of the Seventh Amendment where the second damages jury would have to implicitly re-examine negligence in order to determine comparative negligence for the purposes of calculating damages.  According to Fairchild:

_____

[2]     As briefed to the Federal Circuit, the defendant in <u>Voda</u> raised the same concerns raised by Fairchild here, that the willfulness and infringement issues are so interwoven that the Seventh Amendment requires a single jury to decide all the issues.  Response & Reply Brief of Defendant-Appellant Cordis Corp., 2007 WL 3308227, *49.

>           In order to decide whether the defendant
>      was objectively non-reckless, the jury must
>      re-evaluate the merits of the defendant's
>      non-infringement and invalidity positions as
>      offered at trial.  Just as it is
>      impermissible for one jury to determine the
>      fact of negligence or causation while a
>      second jury determines the degree of
>      negligence or causation, so it is
>      impermissible for one jury to determine the
>      fact of infringement or validity, while a
>      second jury determines the degree of
>      infringement or validity, i.e., how clear a
>      case of infringement or validity this was.

(D.I. 615 at 13).  Fairchild also likens the issue of willfulness

to punitive damages and notes that the Third Circuit "has

expressly recognized that punitive damages should be retried

together with liability where, in order to decide punitive

damages, the jury would have to rehear 'all the facts' that

formed the basis for liability."  (Id., citations omitted).

The Court recognizes the compelling nature of Fairchild's

argument, and in the Court's view, acceptance of Fairchild's

position may well result in a per se rule that willfulness can

never be bifurcated from infringement and invalidity and tried to

a separate jury without running afoul of the Seventh Amendment.

Although the Federal Circuit did so without discussion, it held

in Voda, that no Seventh Amendment problem exists from retrying

willfulness under Seagate without ordering a new trial on

infringement.  In light of the Federal Circuit's decision, the

Court cannot conclude that the retrial of willfulness here

necessarily requires the retrial of both infringement and

validity issues. The jury to be empaneled on the question of willfulness may need to hear aspects of Fairchild's infringement and validity cases as suggested by the Federal Circuit in <u>Black & Decker</u>, but the jury will not be able to nullify a finding of infringement the way a jury considering comparative negligence could nullify a finding of negligence. <u>See, e.g.</u>, <u>Benner v. Becton Dickinson & Co.</u>, 214 F.R.D. 157, 174 (S.D.N.Y. 2003) ("Since comparative negligence requires a comparison between the defendant's and the plaintiff's conduct, there is arguably a risk that in apportioning fault, the second jury could reevaluate the defendant's fault, even going so far as to reapportion 100% of the fault to the plaintiff. . . . Thus, such bifurcation would violate the Seventh Amendment and prevent the class action from being the superior method of adjudication.") (citations and quotations omitted). Accordingly, absent additional guidance from the Federal Circuit on this issue, the Court concludes that Fairchild has not established that a new trial on all issues is constitutionally required in light of <u>Seagate's</u> revision of the willfulness standard.

As for Fairchild's argument apart from willfulness, that a new trial is required because infringement and invalidity must be tried together, the Court concludes, in the circumstances of this case, that Fairchild has not established a Seventh Amendment violation. The Seventh Amendment provides that "no fact tried by

a jury, shall be re-examined in any Court of the United States,
than according to the rules of the common law." U.S. Const. Am.
VII. Although issues may be divided and tried separately, the
Seventh Amendment precludes a given issue from being tried by two
different successive juries. See, e.g., Blyden v. Mancusi, 186
F.3d 252, 268 (2d Cir. 1999).

The Court examined these principles in ruling on Fairchild's
Motion For Reconsideration of the Court's bifurcation order and
concluded that the presentation of the issues in this case would
not result in different juries considering the same issues.
Power Integrations Inc. v. Fairchild Semiconductor Int'l, Inc.,
2006 WL 2435089 (D. Del. Aug. 22, 2006). As the Court noted in
that decision, the Federal Circuit has found no per se
constitutional error in the bifurcation of infringement and
validity. Id. at 2. After having presided over both the
infringement and validity trials in this action, the Court is not
persuaded that its bifurcation decision was erroneous. The
technology in this case is complex, and the juries were presented
with multiple, nuanced arguments by counsel. In the Court's
view, bifurcation served a useful purpose of preventing the
juries from becoming confused by the concepts and arguments.

Fairchild reiterates in its post-trial motion, the argument
that the two different juries considered the same issues with
respect to the '366 patent and the '876 patent. In the Court's

view, however, Power Integrations is correct that Fairchild's
argument is premised on the assumption that either the jury did
not follow the Court's claim construction, or that the jury was
misled or confused by the experts in this case.  On the record
here, the Court is not persuaded that Fairchild has established
either of these premises.  The Court's claim construction was
consistent in both trials[3], and the Court instructed the juries
that the Court's constructions were the only permissible
constructions they could apply.  The Court also instructed the
juries as to the weight to give an expert's testimony.  A jury is
presumed to have followed the instructions it was given[4], and the
Court is not persuaded by Fairchild's argument to the contrary.

IV.   **CONCLUSION**

For the reasons discussed, the Court will grant Fairchild's
Motion For New Trial On All Issues In Light Of <u>In Re Seagate</u> And
Inseparability Of Willfulness, Infringement And Validity to the
extent it seeks a new trial on willful infringement, and deny the

---

[3]      The Court's consistency in its claim construction is a
fact that distinguishes this case from <u>W.L. Gore & Assoc., Inc.
v. Garlock, Inc.</u>, 842 F.2d 1275 (Fed. Cir. 1988), a case relied
upon by Fairchild to support its Seventh Amendment argument.  In
<u>W.L. Gore</u>, the district court itself applied two different claim
constructions to the same terms when deciding validity and
infringement.  Because that did not occur in this case, the Court
finds no support for Fairchild's position in <u>W.L. Gore</u>.

[4]      <u>Richardson v. Marsh</u>, 481 U.S. 200, 211 (1987); <u>Z4
Techs. v. Microsoft Corp.</u>, 2007 WL 3407175, *14 (Fed. Cir. Nov.
16, 2007).

Motion to the extent that it seeks a new trial on all issues.

An appropriate Order will be entered.