IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No. 04-1371-JJF |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | : : : : : : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Power Integrations, Inc.'s Post-Trial Motion For An Accounting (D.I. 570). For the reasons discussed, the Court will deny the Motion.

By its Motion, Plaintiff requests an accounting to reflect Defendants' actual sales since the infringement verdict, which Plaintiff contends were not taken into account by the jury verdict. Plaintiff further contends that Defendants, through their counsel, agreed to such an accounting during the September 14, 2006 Pretrial Conference. Specifically, Plaintiff references the statement of Mr. Guy that "[i]f there is a need for accounting at a later time that can occur and the Court certainly has the power to do that." (D.I. 377 at 16:23-17:2).

Defendants oppose Plaintiff's Motion contending that Mr. Guy's statement was taken out of context. Relying on this Court's decisions in Lucent Tech., Inc. v. Newbridge Networks

Corp., 168 F. Supp. 2d 269 (D. Del. 2001) and <u>Tristrata Tech., Inc. v. ICN Pharms., Inc.</u>, 2004 WL 769357, *1-2, (D. Del. Apr. 7, 2004), Defendants also contend that Power Integrations waived its right to request an accounting by failing to include such a request in either its Amended Complaint (D.I. 35) or in the parties' Final Joint Pretrial Order (D.I. 351). Defendants contend that the jury awarded Power Integrations $33 million in damages, and this amount should not be increased through an accounting.

It is not disputed that Power Integrations did not request an accounting in either its Amended Complaint or the Final Joint Pretrial Order. While there is some ambiguity as to whether Fairchild agreed to an accounting earlier in this litigation and has since changed its position, any such discrepancy in Fairchild's position would not be significant if Power Integrations had preserved its rights to an accounting by expressly requesting one in either its Amended Complaint or the Final Pretrial Order.[1] The fact that Power Integrations failed to do so is, in the Court's view, dispositive of the question of whether Power Integrations is entitled to an accounting regardless of any changes in Fairchild's position. See <u>Tristrata</u>

---

[1] The same is true of the Court's decision to reduce the jury's damages award. That decision has no effect on the fact that Power Integrations failed to preserve its rights to an accounting.

2

Tech., Inc. v. ICN Pharms., Inc., 2004 WL 76935, *6 (D. Del. Apr. 7, 2004) ("In sum, the Court concludes that Tristrata waived its right to request an accounting by not including it in its Pretrial Order."); Lucent Tech., Inc. v. Newbridge Networks Corp., 168 F. Supp. 2d 269 (D. Del. 2001) (declining to order an accounting based on "Lucent's lack of clarity regarding the damages it sought to pursue, its failure to preserve its request for an accounting in either the Amended Complaint or the Final Joint Pre-Trial Order, the fact that Newbridge opposes an accounting and the lack of any case law supporting an accounting in these circumstances").

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff Power Integrations, Inc.'s Post-Trial Motion For An Accounting (D.I. 570) is **DENIED**.

_December 12, 2008_
DATE

_Joseph J. Farnan_
UNITED STATES DISTRICT JUDGE

3