IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, : : : Plaintiff, : : v. : : FAIRCHILD SEMICONDUCTOR : INTERNATIONAL, INC., a Delaware : corporation, and FAIRCHILD : SEMICONDUCTOR CORPORATION, a : Delaware corporation, : : Defendants. : | C.A. No. 04-1371-JJF |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion For Prejudgment Interest (D.I. 607). Defendants do not dispute that Plaintiff is entitled to prejudgment interest and do not dispute the methodology proposed by Plaintiff for calculating the amount due.[1] However, Fairchild contends that prejudgment interest should not be awarded to Plaintiff for three months of delay Plaintiff caused with respect to the scheduling of the invalidity trial.

The invalidity trial was scheduled to begin in this case on June 4, 2007. Defendants requested a 90-day extension of time

---

[1] Defendants note that Plaintiff's prejudgment interest calculation is based on the jury's award of worldwide damages. Because the Court has concluded by separate Memorandum Opinion and Order that Plaintiff is not entitled to such damages, Plaintiff will be required to submit a revised calculation at the appropriate time for purposes of the Court's entry of final judgment.

based upon a late production of documents by Plaintiff. Concluding that the requested extension "arises from the production of documents that [Plaintiff] was required to produce long ago," the Court found that "any delay in the upcoming trial is chargeable to the lapse in performance by [Plaintiff]." (D.I. 483 at 1).

As a general matter, prejudgment interest should ordinarily be awarded in patent cases to provide patent owners with complete compensation. General Motors Corp. v. Devex Corp., 461 U.S. 648, 655 (1983). However, the Court has the discretion to limit or deny prejudgment interest where there is some justification for doing so, as is the case "where the patent owner has been responsible for undue delay in prosecuting the lawsuit." Id. at 657. As the Federal Circuit has recognized, however, "the withholding of prejudgment interest based on delay is the exception, not the rule." Lummus Indus., Inc. v. D.M.&E. Corp., 862 F.2d 267, 275 (Fed. Cir. 1988). Relying further on Lummus, this Court has concluded that litigation delays will not support the denial of prejudgment interest unless those delays cause prejudice. Tristrata Tech., Inc. v. Mary Kay, Inc., 423 F. Supp. 2d 456, 471 (D. Del. 2006).

Although the Court found the June 4, 2007 delay in the start of the validity trial chargeable to Plaintiff, the Court notes that this case was not without delays shouldered by both parties.

For example, the validity trial was twice delayed at the request of Defendants from December 4, 2006 until May 7, 2007, and again from May 7, 2007 until June 4, 2007. (D.I. 449, 450). Once the validity trial was rescheduled to September 17, 2007, Defendants sought another extension of time.[2] (D.I. 514). Based on the record in this case, the Court finds no evidence that Defendants suffered any undue prejudice as a result of the delay in the June 2007 trial date. Accordingly, in the overall context of this litigation, the Court cannot conclude that the three month delay in the start of the invalidity trial caused by Power Integrations is sufficient to support the denial or prorating of prejudgment interest.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Prejudgment Interest (D.I. 607) is **GRANTED**.

December 12, 2008
DATE

UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that certain of these extension requests were prompted by intervening changes in the law. Nevertheless, those requests were made by Defendants and opposed by Plaintiff.

3