IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a | : |
| Delaware corporation, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 04-1371-JJF |
| | : |
| FAIRCHILD SEMICONDUCTOR | : |
| INTERNATIONAL, INC., a Delaware | : |
| corporation, and FAIRCHILD | : |
| SEMICONDUCTOR CORPORATION, a | : |
| Delaware corporation, | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Power Integrations,

Inc.'s Motion For Entry Of A Permanent Injunction (D.I. 564) and

Defendant Fairchild's Motion To Strike The Declarations

Accompanying Power Integrations' Motion For A Permanent

Injunction (D.I. 593).   For the reasons discussed, the Court

will grant the Motion For Permanent Injunction and grant in part

and deny in part the Motion To Strike.

The decision to grant injunctive relief lies within the

discretion of the Court; however, that discretion must be

exercised reasonably and consistently with the principles of

equity.  35 U.S.C. § 283; eBay Inc. v. MercExchange, LLC, 126 S.

Ct. 1837, 1841 (2006).  Accordingly, a plaintiff requesting

injunctive relief must demonstrate:

> (1) that it has suffered an irreparable injury; (2)
> that remedies available at law, such as monetary
> damages, are inadequate to compensate for that injury;

(3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Id. "Courts awarding permanent injunctions typically do so under circumstances where [the] plaintiff practices its invention and is a direct market competitor." Advanced Cardiovascular Sys. v. Medtronic Vascular, Inc., --- F. Supp. 2d ----, 2008 WL 4397476 at * 3 (D. Del. 2008).

Applying these factors to the circumstances of this case, the Court concludes that Power Integrations has demonstrated that a permanent injunction is warranted.  Fairchild has been adjudged an infringer of several of Power Integrations' patents.  Power Integrations practices the patents at issue, and Fairchild is a direct competitor in the relevant market.  In these circumstances, the Court concludes that Fairchild's continued infringement of the patents has caused Power Integrations irreparable harm by depriving Power Integrations of the benefits of its use of the patented technology, including its share of business in the market and its goodwill and reputation.  The Court further concludes that the aforementioned harm suffered by Power Integrations based on Fairchild's continued infringement is not adequately compensated by monetary damages, and on balance, the harm to Power Integrations of allowing this continued infringement outweighs the harm of an injunction to Fairchild. In this regard, the Court has focused on the fact that Power

2

Integrations is a specialized company and the sale of chips with the patented features accounts for approximately 90% of Power Integrations' revenue. In contrast, Fairchild is a large and diversified company selling over 20,000 different products with revenues in the billion dollar range. Compared with Power Integrations, the infringing products represent a much smaller segment of Fairchild's business. See Commonwealth Scientific and Industrial Research Organization v. Buffalo Technology, Inc., 492 F. Supp. 2d 600, 606 (E.D. Tx. 2007) (holding that harm to infringer whose infringing products make up 11% of its business is "far from catastrophic"). Moreover, to the extent that Fairchild contends that an injunction may harm its reputation in the industry, the Court notes that it is Fairchild's infringing conduct and not the enjoining of that conduct, that is the basis for any such harm. As the party adjudged to be an infringer, the blame for that conduct rests on Fairchild itself. See Becton Dickinson and Company v. Tyco Healthcare Group LP, 2008 WL 4745882, *4 (D. Del. Oct. 29, 2008) (Sleet, J.) (recognizing that balance of harm is a "close call" but stating that although "Tyco's business relationships may be harmed by an injunction, . . . that is the risk that Tyco took when it placed a potentially infringing product on the market and continued to make sales of that product"). The Court further concludes that the public interest in enforcing patent protection weighs in favor of

3

injunctive relief, and no concerns about health or safety are implicated in this action that detract from that interest. <u>See,</u> <u>e.g.</u>, <u>Abbott Labs. v. Andrx Pharms., Inc.</u>, 452 F.3d 1331, 1348 (Fed. Cir. 2006).

Having concluded that an injunction is warranted, the Court next turns to the specific disputes that the parties raise regarding the scope and language of the injunction order. Power Integrations has, in its Reply Brief, remedied the majority of Fairchild's objections. Power Integrations has also agreed to pursue any disputes it has over Fairchild's e-Series parts at a later time. In light of these modifications, it appears to the Court that the parties' only disputes focus on (1) whether Power Integrations is entitled to an injunction on the patent itself or only those claims specifically adjudicated by the jury, and (2) whether the notice provision in the injunction is overly broad. Fairchild cites no case law supporting its position that the injunction must be limited to only the claims the jury adjudged to be infringing where, as here, Power Integrations asserted other claims and the Court required it to reduce the number of asserted claims to a certain number of representative claims for presentation to the jury. To the contrary, this Court has granted injunctive relief on the patents-in-suit without specifying the asserted claims. <u>See, e.g.</u>, <u>Tristrata Tech., Inc.</u> <u>v. ICN Pharms., Inc.</u>, 2004 WL 856595, *4 (D. Del. Apr. 12, 2004).

As for the notice provision which requires Fairchild to provide notice of the injunction to "all distributors, customers or other third-parties who have ordered, received or purchased any of the parts enumerated . . .," the Court likewise concludes that this language is not overly broad. Fairchild certainly maintains lists of its customers and distributors, and the Court does not find it unduly burdensome to require Fairchild to make reasonable efforts to seek from those customers and distributors any third parties to whom the products have been sold. Accordingly, the Court will leave, intact, the notice language of the proposed injunction.

Finally, the Court concludes that Fairchild is not entitled to a stay of the permanent injunction provided by this Memorandum Order pending an appeal to the Federal Circuit and the outcome of reexamination proceedings before the Patent and Trademark Office. Whether a stay is warranted is guided by roughly the same factors as those needed for preliminary injunctive relief: (1) a likelihood of success on the merits of the appeal, (2) irreparable injury absent a stay; (3) substantial injury to the other party if the stay is granted, and (4) the public interest. Standard Havens Products, Inc. v. Gencor Industries, Inc., 897 F.2d 511, 512 (Fed. Cir. 1990). The Court has considered several of these factors already in considering whether to issue a

permanent injunction, and the Court's analysis is unchanged in the context of a stay. Moreover, the Court is not persuaded that Fairchild has a strong likelihood of success on the merits of any appeal in light of the jury's infringement and validity verdicts, and the substantial amount of evidence adduced at trial supporting those verdicts. Accordingly, the Court will deny Fairchild's request for a stay.

Fairchild also requests, by separate motion, that the Court strike two declarations accompanying Power Integrations' Motion For Permanent Injunction, the Declaration of Robert Blauschild and the Declaration of Bruce Renouard. Because Power Integrations has withdrawn its request to seek an injunction regarding the e-Series products and Fairchild has admitted infringement with respect to certain products it has identified as not colorably different than those accused of infringing, the Court will strike the declaration of Mr. Blauschild. As for the Declaration of Mr. Renouard, the Court notes that Power Integrations does not rely upon paragraph 2 of the Declaration and Exhibit A for its Motion For Permanent Injunction, and therefore, the Court is persuaded that paragraph 2 and Exhibit A should be stricken. The Court will, however, allow Exhibit B and the remainder of the Declaration to stand for either the nonhearsay purpose of showing attitudes in the industry, or if taken as hearsay, as meeting both the business records exception

6

and the state of mind exception to the hearsay rule.
Alternatively, the Court concludes that the document, as a weekly
sales report to Power Integrations' Vice President of Wordwide
Sales used in the ordinary course of his duties carries
sufficient indicia of trustworthiness to avoid the traditional
problems associated with allowing hearsay documents into
evidence.  Accordingly, the Court will grant in part and deny in
part Fairchild's Motion To Strike.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    Plaintiff Power Integrations, Inc.'s Motion For Entry
Of A Permanent Injunction (D.I. 564)is **GRANTED**.

2.    Defendant Fairchild's Motion To Strike The Declarations
Accompanying Power Integrations' Motion For A Permanent
Injunction (D.I. 593) is **GRANTED** with respect to the Declaration
of Mr. Blauschild and paragraph 2 and Exhibit A of the
Declaration of Mr. Renouard and **DENIED** in all other respects.

December **12**, 2008
DATE

UNITED STATES DISTRICT JUDGE

7