IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | : : : |
| Plaintiff, | : : |
| v. | : C.A. No. 04-1371-JJF |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | : : : : : : |
| Defendants. | : |

### MEMORANDUM ORDER

Defendants, Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation ("Fairchild"), filed an emergency email to the Court requesting a teleconference at the Court's earliest convenience to address the United States Patent and Trademark Office's ("PTO") recent rejections of certain patent claims that are the subject of an Injunction Order (D.I. 700) issued by the Court on Friday, December 12, 2008. Particularly, Fairchild directs the Court to two Final Office Actions and one Preliminary Office Action issued by the PTO on December 3, 2008, during reexamination proceedings in which the PTO rejected claims 1 and 17-19 of United States Patent No. 6,249,876 (the "'876 Patent"), claims 1, 2, 7, 9-11, 16 and 17 of United States Patent No. 6,107,851 (the "'851 Patent"), and claims 1, 2, 8-10, 14, 16, and 18 of United States Patent No. 6,299,366 (the "'366 Patent) and confirmed the validity of claims

4 and 13 of the '851 Patent. Fairchild requests a stay of the Court's Injunction Order with respect to all Fairchild Products not covered by claim 4 of the '851 Patent, or in the alternative a temporary three month stay to allow it time to petition the Federal Circuit for a stay pending appeal pursuant to Federal Rule of Appellate Procedure 8.

Plaintiff, Power Integrations, Inc. ("Power Integrations"), has filed a response contending that Fairchild's email request is an improperly filed motion for reargument, and Fairchild has not raised any new circumstances that compel a different result. Power Integrations further points out that the Court already denied a stay in its decision granting a permanent injunction.

In light of the conflict between the PTO's Final Office Actions and the rulings of this Court, the Court concludes that a three month stay of the December 12, 2008 injunction is reasonable to allow Fairchild time to seek a stay pending appeal from the Federal Circuit. See, e.g., E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277 (Fed. Cir. 1987) (recognizing that conflict between final rejection of claims by examiner and court's rulings raised "substantial legal issue" and staying injunction pending appeal). The Court chooses to impose a temporary stay rather than a permanent stay pending appeal, because the Court acknowledges as Power Integrations points out, that the PTO's Final Office Actions are still subject to appeal

2

to the Board and the Federal Circuit, both of which may take substantial time. As the Court noted in its original decision granting the Injunction, Power Integrations has been harmed by Fairchild's actions and continues to suffer the consequences of that harm absent injunctive relief. In the Court's view, a temporary stay allowing the Federal Circuit to decide whether a permanent stay pending appeal should issue is the best way to balance Fairchild's arguments that it now faces a stronger likelihood of success on appeal with the harm Power Integrations continues to suffer. Accordingly, the Court will grant Fairchild's request and temporarily stay the December 12, 2008 Injunction Order, so as to allow Fairchild time to present its request for a stay pending appeal to the Federal Circuit.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The December 12, 2008 Injunction Order (D.I. 700) is **STAYED** for a period of ninety (90) days.

2. Upon expiration of the ninety (90) day period, and unless a further stay is granted by the Federal Circuit, the Court's December 12, 2008 Injunction Order shall become effective without further Order of the Court. All time frames for notice set forth in the Injunction Order shall be reset to take effect upon expiration of the ninety (90) day period.

December 19, 2008
DATE

UNITED STATES DISTRICT JUDGE

3