IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, <br><br> Defendants. | C.A. No. 04-1371 JJF |

## POWER INTEGRATIONS' OPENING BRIEF IN SUPPORT OF MOTION TO STRIKE AND TO PRECLUDE IMPROPER TESTIMONY ON THE ISSUE OF WILLFULNESS

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone: (302) 652-5070
Email:  marsden@fr.com
          kcompton@fr.com

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070

Howard G. Pollack
Michael Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

## TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ...................................................................................1

II.   NATURE AND STAGE OF THE PROCEEDINGS ...........................................2

III.  SUMMARY OF THE ARGUMENT .................................................................2

IV.   ARGUMENT ........................................................................................4

    A.   Legal Standard for Admissibility.................................................4

    B.   Fairchild's Proffered "Expert" Testimony Should Be Precluded.............5

        1.   The Subject Matter of the Marcus Report Is Irrelevant. ...............6

        2.   Fairchild's Proposed "Legal" Expert Testimony Is Inadmissible. ...............................................................................7

        3.   Mr. Marcus's Proposed Testimony Should Be Precluded Because It is Speculative and Applies No Special Expertise That Would Be Helpful to the Court. ...........................9

    C.   Similarly, Robert Conrad Should Not Be Allowed to Testify to Irrelevant Events Arising *After* the Original Trial. ...................10

V.    CONCLUSION...................................................................................11

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Corning Inc., ASI AG v. SRU Biosystems,*
   C.A. No. 03-633 JJF, 2004 WL 5523178 (D. Del. Nov. 5, 2004) ............................................8

*Daubert v. Merrill Dow Pharm., Inc.,*
   509 U.S. 579 (1993) .................................................................................................................5

*Hoffmann-La Roche v. Igen Int'l.,*
   C.A. No. 98-318-JJF, 2001 WL 36165764 (D. Del. 2001) ........................................................8

*In re Paoli R.R. Yard PCB Litig.,*
   35 F.3d 717 (3d Cir. 1994) .................................................................................................4, 5

*In re Seagate,*
   497 F.3d 1369 (Fed. Cir. 2007) ..................................................................................... passim

*Micro Chem., Inc.v. Lextron, Inc.*
   317 F.3d 1387 (Fed. Cir. 2003) ...............................................................................................4

**OTHER AUTHORITIES**

Fed. R. Evid. 401 ..........................................................................................................................4

Fed. R. Evid. 402 ..........................................................................................................................4

Fed. R. Evid. 702 ...................................................................................................................4, 5, 9

## I.     INTRODUCTION

The Jury in this case determined that Fairchild's infringement was willful based on the evidentiary record before it in the infringement trial.  The sole issue remaining for the Court is whether the Fairchild acts found by the jury to be infringing in October of 2006 were willful in view of the changed legal standard set forth in *Seagate*. *In re Seagate*, 497 F.3d 1369, 1370-72 (Fed. Cir. 2007).  Nevertheless, Fairchild now seeks to convert the Court's re-evaluation of the evidence adduced at trial in 2006 under the *Seagate* standard into a vehicle for enlarging the record with irrelevant matters that took place following the infringement verdict.  Fairchild also seeks to provide improper testimony consisting of legal conclusions and unfounded speculation under the guise of "expert" opinion on willful infringement from attorney Stephen Marcus. Because this testimony is improper and because the Court can, if it so chooses, itself review the reexamination proceedings that were first instituted after the infringement and willfulness verdict, the Court should not permit Fairchild to offer improper testimony that seeks to usurp the Court's role both in saying what the law is and in deciding the ultimate issue before it.

The Court should similarly preclude Fairchild's only other proposed live witness, Mr. Robert Conrad, from testifying as to irrelevant matters that have taken place since the original infringement trial.  Whether post-verdict evidence is relevant to the question of willfulness for Fairchild's continued, *post-verdict sales* of products containing infringing circuitry is properly the subject of the separate litigation between the parties brought to seek a remedy for those post-verdict sales.[1]  The jury in that case will evaluate the evidence of Fairchild's continued conduct to determine if its actions in continuing to sell the adjudicated infringing products after the first verdict constitutes willful infringement.  The issue before this Court is different, so the Court

---

[1] *Power Integrations v. Fairchild II*, C.A. No. 08-309-JJF-LPS (D. Del.)

should preclude Fairchild from submitting irrelevant and improper testimony during the upcoming retrial on willful infringement.[2]

## II.    NATURE AND STAGE OF THE PROCEEDINGS

In October of 2006, Power Integrations and Fairchild tried the issues of infringement, damages, and willfulness to a Jury in this District, and the Jury found that Fairchild willfully infringed each of the asserted patents. [D.I. 415.]  In September of 2007, Power Integrations and Fairchild tried the issue of validity, and a second Jury rejected each and every one of Fairchild's challenges to the validity of the patents-in-suit. [D.I. 555.]  Thereafter, the Court rejected Fairchild's JMOL challenges to the Jury verdicts regarding the '876 and '075 patents, found the patents enforceable following a bench trial on Fairchild's inequitable conduct defenses, and issued an injunction against further infringement. [D.I. 683-84, 688-89, 690-91, 699-700.]  On the same day the Court issued its injunction, it also granted Fairchild's request for a limited new trial on the issue of willful infringement in view of an intervening change in the legal standard. [D.I. 692-93.]  This Court's order granting a new trial on willfulness expressly rejected Fairchild's request to retry *all* issues [D.I. 692 at 14-17], instead narrowly granting a retrial on the issue of whether Fairchild's adjudicated infringement was willful in light of *Seagate*.  Following the order granting retrial on willful infringement, Fairchild waived its right to a jury trial on the issue, and the Court scheduled a bench trial for June 22, 2009.  [D.I. 714.]

## III.    SUMMARY OF THE ARGUMENT

1.    The subject matter of the proposed testimony from Fairchild's alleged expert on willful infringement, namely the facts of the reexamination proceedings *instituted after* the Jury returned its verdict in the original trial, is not legally relevant to the retrial of willfulness.  As

---

[2]    Granting this motion would avoid the need for Power Integrations to depose Mr. Marcus or to re-depose Mr. Conrad.

such, the proposed testimony from Mr. Stephen Marcus cannot assist the trier of fact (in this case the Court) in determining whether Fairchild's infringement would have been found to be willful if the *Seagate* standard had been given as a jury instruction in the 2006 trial.

2.    Fairchild's proposed "expert testimony" on the issue of willful infringement also exceeds the proper scope of expert testimony because it presents legal conclusions and speculation with respect to the ongoing reexam proceedings. Mr. Marcus spends more than a third of his report providing his assessment of the legal standards for willful infringement and his opinions about their application to the facts of this case, but this is just improper attorney argument. The interpretation of the law and its application to the relevant evidence in this case lies exclusively with the Court. The Marcus Report also spends a great deal of time simply reciting facts about the patents-in-suit and the reexamination proceedings that do not rest on or require any specialized expertise – the Court can read the documents itself to the extent it believes them relevant to the issue at hand. Courts have routinely stricken the sort of "opinions" offered by Mr. Marcus and excluded corresponding testimony from trial.

3.    Fairchild also proposes to offer testimony from Mr. Robert Conrad regarding Fairchild's allegedly "remedial" post-trial activities, but these are legally irrelevant for the same reasons as the post-verdict reexamination proceedings. The grant of a limited retrial to reassess the evidence under a modified legal standard does not provide an infringer with a window of opportunity to create new evidence to attempt to overcome the clear showing of willful infringement on the record at trial. Mr. Conrad should therefore be precluded from testifying as to post-verdict actions Fairchild may have taken since the original verdict.

## IV. ARGUMENT

### A. Legal Standard for Admissibility

"Evidence which is not relevant is not admissible," Fed. R. Evid. 402, and the Court's reevaluation of Fairchild's willful infringement cannot be based on irrelevant matters. "Relevant evidence" is evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Advisory Committee Notes to Rule 401 point out that "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. . . . Whether the relationship exists depends upon principles evolved by experience or science, applied logically to the situation at hand." Fed. R. Evid. 401 Advisory Committee Notes (citations omitted).

Under the Federal Rules of Evidence, courts also exercise a "gatekeeper" function to ensure that proffered expert testimony is admitted only if reliable and helpful to the trier of fact. The admissibility of expert testimony in a patent case, like all other cases in federal court, is governed by Federal Rule of Evidence 702, which provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact
> to understand the evidence or to determine a fact in issue, a witness qualified as
> an expert by knowledge, skill, experience, training, or education, may testify
> thereto in the form of an opinion or otherwise, if (1) the testimony is based upon
> sufficient facts or data, (2) the testimony is the product of reliable principles and
> methods, and (3) the witness has applied the principles and methods reliably to
> the facts of the case.

Fed. R. Evid. 702 (emphasis added).

Decisions concerning the admissibility of expert testimony are governed by regional circuit law. *See Micro Chem., Inc.v. Lextron, Inc.* 317 F.3d 1387, 1390-91 (Fed. Cir. 2003). Motions to exclude evidence are committed to the court's discretion, and a trial court's decision to admit or exclude expert testimony is reviewed for abuse of discretion. *See In re Paoli R.R.*

4

*Yard PCB Litig. ("Paoli II")*, 35 F.3d 717, 749-50 (3d Cir. 1994).  The *proponent* of proposed

expert testimony bears the burden of demonstrating by a preponderance of the evidence that it is

admissible.  *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10 (1993); *Paoli II*, 35

F.3d at 744.

### B.      Fairchild's Proffered "Expert" Testimony Should Be Precluded.

Fairchild's proposed testimony from Stephen Marcus regarding "willful infringement" is

irrelevant and should be precluded on that basis.  The testimony should also be precluded for

failure to conform to Rule 702 in several ways.  The testimony offered provides no specialized

knowledge that will help the Court decide the issues before it, offers argument about the law

rather than testimony as to relevant facts, is based on speculation, and seeks to usurp the role of

the Court in applying the law to the facts before it.  None of this will aid the Court in

understanding the evidence or determining a fact in issue.

The proffer from Fairchild is captioned the "Expert Report of Stephen Marcus, Esq.

Rebutting Power Integrations, Inc.'s Allegation of Willful Infringement" ("Marcus Report") and

is divided into three parts.  [Ex. A.][3]  Part One of the report provides a general overview of *ex*

*parte* reexamination practice and procedure before the U.S. Patent and Trademark Office (the

"PTO") that largely turns the applicable MPEP rules into a narrative.  [Ex. A at 2.]  Part Two of

the Marcus Report purports to provide an "analysis of the *ex parte* reexamination proceedings for

U.S. Patents 6,107,851, 6,229,366, and 6,249,876."  [*Id.*]  Finally, Part Three of the Marcus

report "expresses [Marcus's] opinion regarding the import of the reexamination proceedings on

the issue of Fairchild's willful infringement."  [*Id.* at 3.]  None of this proposed testimony is

proper or useful to the Court's reevaluation of the evidence under the *Seagate* standard.

---

[3]      All exhibits are attached to the accompanying Consolidated Declaration of Michael R.
Headley filed with this opening brief.

In particular, Parts Two and Three of the Marcus Report should be stricken from the record in their entirety, and Mr. Marcus precluded from testifying thereto, because they usurp the domain of the Court in evaluating case law, provide bare legal conclusions, and speculate about the state of mind of both the PTO examiners and Power Integrations.[4] The Marcus Report makes clear that Fairchild intends to have Mr. Marcus testify as to the application of the law of willfulness to the facts of the case, as he characterizes them, but Courts do not need this sort of "expertise." Such "expert" testimony about the "significance" of the reexams is neither proper nor relevant; the legal impact, if any, is for the Court to judge.

### 1.    The Subject Matter of the Marcus Report Is Irrelevant.

The proposed Marcus testimony should be precluded because its underlying subject matter is irrelevant. The relevant record for purposes of retrying the issue of Fairchild's willful infringement is the record developed in the first trial. [*See* D.I. 714 (order adopting "the evidentiary record of the first trial").] Because the reexamination proceedings in question were not instituted until <u>after</u> the original verdict of willful infringement that is currently being retried, they have *no* bearing on the issue of whether Fairchild's actions in infringing Power Integrations' patents, as demonstrated in the original trial, would be considered willful under *Seagate*.

The jury in the first trial determined that Fairchild's actions in making, using, offering to sell, selling, and importing products covered by Power Integrations' patent claims, and contributing to and inducing the same by others, constituted infringement of all the asserted claims. The jury awarded damages for those infringing acts it found to have occurred from the

---

[4]    As discussed in further detail below, Part One of the Marcus Report is also objectionable due to the legal irrelevance of the reexamination proceedings. Even if determined to have some minimal relevance, the Court can review the PTO rules and regulations itself, and Mr. Marcus provides no specialized knowledge required for the Court to understand this material. Nevertheless, Part One is less objectionable than the remainder of the report, and Power Integrations does not seek to strike Part One of the Marcus Report.

date of the complaint up to the time of trial. The willfulness question to be decided was, therefore, whether those same acts found to support the award of damages for infringement were willful under the applicable legal standards. Although the legal standard changed, prompting the Court to determine that a new trial on willfulness was necessary, the Fairchild acts in question have not. What the Court must now determine is whether those infringing acts, based on the record developed in the infringement trial, were willful under the *Seagate* standard. There is nothing in the *Seagate* opinion to suggest that events occurring *after* a verdict of infringement can have any relevance at all to the question of the willfulness of pre-verdict acts, whether under the objective or subjective part of the test, and Fairchild's implicit argument that they can defies logic and common sense.

Even if the *ex post facto* reexamination proceedings themselves did have some bearing on the question of Fairchild's willful infringement, Fairchild has already submitted the record of those proceedings to the Court on several occasions. The Court can take judicial notice of these PTO proceedings, and no alleged "expert" testimony is required for the Court to evaluate the standard practice for *ex parte* reexaminations or the factual particulars of the reexaminations in question. As noted below, any appropriate factual testimony about those matters by Mr. Marcus would merely duplicate the record as it stands. Fairchild can and no doubt will argue the alleged import of the undisputed facts of the reexaminations in the context of the parties' written submissions, but "expert testimony" about them is redundant (in addition to being irrelevant) and, thus, is unnecessary.

### 2. Fairchild's Proposed "Legal" Expert Testimony Is Inadmissible.

The Court should also preclude Fairchild from providing the testimony set forth in Parts Two and Three of the Marcus Report because it is directed to legal analysis and conclusions that are the exclusive province of the Court in this matter. Although Fairchild originally proposed to

provide "expert" testimony on PTO procedures and statistics, Mr. Marcus hardly attempts to couch his testimony in those terms. Instead, he reviews and analyzes case law regarding willful infringement, speculates as to the motives of the PTO examiners (and Power Integrations), and explains in his view why Fairchild's infringement "can not be willful." [*See* Ex. A at 46-64, incl. ¶184 ("[I]t is impossible for Plaintiff in the referenced *Power Integrations* litigation to establish willful infringement, (by clear and convincing evidence), that with respect to claims 1 and 4 of the '851 patent, Fairchild acted despite an objectively high likelihood that its actions constituted infringement of valid patent claims and that this objectively-defined risk was either known or so obvious that it should have been known to Fairchild.").]

This type of legal testimony, including on ultimate issues, is inadmissible, and the *exclusion* of such expert testimony has long been the rule in this jurisdiction. As this Court has explained, it "very consistent[ly]" excludes patent law expert testimony:

> If you want assistance in preparing the case, hire him as special litigation counsel. If you want him to come under the rules of an expert witness, you are in a different ballgame. And in this district, when you get into that patent law/expert/et cetera area, we have a very consistent view. And the view is that they are not helpful. And not only do we mostly exclude them on Bench trials, but in jury trials they are so severely limited, I can't figure out why anybody continues to propose them.

*Hoffmann-La Roche v. Igen Int'l.*, C.A. No. 98-318-JJF, D.I. 270 at 64 (transcript attached as Ex. D), 2001 WL 36165764 (order granting motion to exclude) (D. Del. 2001). *See also Corning Inc., ASI AG v. SRU Biosystems*, C.A. No. 03-633 JJF, 2004 WL 5523178, *1 (D. Del. Nov. 5, 2004) (rejecting proposed patent law expert testimony, including testimony regarding internal patent office procedures). The Court should similarly exclude the proffered legal testimony in this case. It is the Court's function to determine the applicable law and to apply it to reach the ultimate conclusion on willfulness. Because the Marcus Report provides nothing more than an

additional legal brief to argue Fairchild's desired legal outcome, the testimony should be excluded.

### 3.   Mr. Marcus's Proposed Testimony Should Be Precluded Because It is Speculative and Applies No Special Expertise That Would Be Helpful to the Court.

The Court should also preclude Mr. Marcus's proposed testimony because the alleged "opinion" applies no special expertise to the issues at hand. Part One of the Marcus Report merely re-packages the rules and procedures governing reexamination proceedings at the PTO, and Part Two purports to evaluate the record of the ongoing reexamination proceedings for three of the four patents-in-suit. There is nothing "scientific, technical, or specialized" in these sections of the Marcus Report; the Court can review the PTO rules and the record of the reexamination proceedings itself to the extent it believes them relevant.

Parts Two and Three of the Marcus Report are also improper because they are filled with speculation about the intent and state of mind of both Power Integrations and the patent examiners [*see, e.g.,* Ex. A at 33, ¶ 104 (finding a "clear indication" in the reexam record that Power Integrations regards several of its patent claims "as being unpatentable")], even though Mr. Marcus has no personal knowledge or special insight into what occurred in the minds of the decision-makers at the PTO or at Power Integrations. In fact, Mr. Marcus has explicitly disclaimed any opinion regarding the subjective elements of the willfulness inquiry. [Ex. A at 4, ¶8.] Whether an infringer acted willfully is a question of fact, though, and experts are not mind-readers – such speculation is not testimony that aids the Court in understanding the relevant evidence or determining a fact in issue. Nor is it based on "reliable principals and methods." Fed. R. Evid. 702. Therefore, the Court should preclude Fairchild from presenting so-called "expert" testimony from Mr. Marcus regarding matters the Court can evaluate for itself and for which Mr. Marcus has no specialized knowledge.

9

**C.      Similarly, Robert Conrad Should Not Be Allowed to Testify to Irrelevant Events Arising *After* the Original Trial.**

Fairchild also proposes to offer testimony from Mr. Robert Conrad regarding Fairchild's allegedly "remedial" post-trial activities, but these are legally irrelevant for the same reasons as the post-verdict reexamination proceedings.  Thus, any such testimony will only distract the Court from the discrete issue at hand – a straightforward application of the intervening *Seagate* test to determine whether Fairchild's decision to infringe, and actual adjudicated infringement of the patents-in-suit up to the first trial, was willful.

Fairchild has not been able to identify any pre-verdict evidence from Mr. Conrad that might potentially be relevant under the *Seagate* standard that was not already relevant to (and therefore available to be submitted during) the initial willfulness trial.  To date, Fairchild has indicated that it intends to present Mr. Conrad to testify only regarding irrelevant post-verdict activities.  [Ex. B.][5]

To the extent evidence of Fairchild's post-verdict actions is relevant at all to Fairchild's willfulness, it can only be relevant to the willful nature of Fairchild's *post-verdict infringement*.  But that activity is not presently before this Court.  The willfulness of Fairchild's post-verdict, continued infringement will properly be addressed during the related follow-on litigation directed in part to that infringement, including Power Integrations' claim for damages for post-verdict infringement by post-verdict sales of those same products already found to be within the

---

[5]    Fairchild suggests that the Court already decided that post-verdict activities and the reexamination proceedings were relevant and blessed Fairchild's proposed testimony when it issued the order setting the schedule for the resolution of willfulness proceedings.  *See* Ex. C. But that order makes no mention of the appropriate subject matter for the retrial of willfulness, *see* D.I. 714, and Fairchild's argument defies common sense.  An order scheduling the exchange of expert reports and setting a trial date does not sanction the relevance or admissibility of anything Fairchild could conceivably submit, and now that Fairchild has demonstrated what it intends to present at trial, it is apparent that the testimony is neither proper nor relevant.

scope of Power Integrations' patent claims. *Power Integrations v. Fairchild II*, C.A. No. 08-309-JJF-LPS (D. Del.). The Court should therefore preclude Mr. Conrad from testifying as to any post-verdict matters in the upcoming bench trial.

## V.   CONCLUSION

For the reasons set forth above, the Court should strike Parts Two and Three of the Marcus Report in their entirety and preclude Fairchild from presenting corresponding testimony from Mr. Marcus as to legal argument or "opinions" on willful infringement. To the extent the Court believes the subject matter of Part One of Mr. Marcus' report is relevant, it should take notice of it and need not waste time hearing live testimony on it. Further, the Court should also preclude any testimony from Mr. Conrad at the bench trial about post-verdict actions because they are not relevant to retrying the issue of Fairchild's willful infringement under the *Seagate* standard.

Dated: May 13, 2009                    FISH & RICHARDSON P.C.

By: */s/ William J. Marsden, Jr.*
     William J. Marsden, Jr. (#2247)
     Kyle Wagner Compton (#4693)
     222 Delaware Ave, 17th Floor
     P.O. Box 1114
     Wilmington, DE  19899-1114
     Telephone: (302) 652-5070
     Email:  marsden@fr.com
          kcompton@fr.com

     Frank E. Scherkenbach
     225 Franklin Street
     Boston, MA 02110-2804
     Telephone: (617) 542-5070

Howard G. Pollack
Michael Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

**Attorneys for Plaintiff**
**POWER INTEGRATIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2009, I electronically filed with the Clerk of Court

**POWER INTEGRATIONS' OPENING BRIEF IN SUPPORT OF MOTION TO STRIKE**

**AND TO PRECLUDE EXPERT TESTIMONY ON THE ISSUE OF WILLFULNESS**

using CM/ECF, which will send electronic notification of such filing(s) to the following counsel.

In addition, the filing will also be sent via the method indicated below:


**VIA EMAIL AND HAND DELIVERY**                    Attorneys for Defendants
Steven J. Balick, Esq.                                          FAIRCHILD SEMICONDUCTOR
Ashby & Geddes                                                 INTERNATIONAL, INC. and
500 Delaware Avenue, 8th Floor                           FAIRCHILD SEMICONDUCTOR
P.O. Box 1150                                                     CORPORATION
Wilmington, DE 19899


**VIA EMAIL AND FEDERAL EXPRESS**              Attorneys for Defendants
G. Hopkins Guy, III                                             FAIRCHILD SEMICONDUCTOR
Bas de Blank                                                       INTERNATIONAL, INC. and
Orrick, Herrington & Sutcliffe, LLP                      FAIRCHILD SEMICONDUCTOR
1000 Marsh Road                                               CORPORATION
Menlo Park, CA  94025



*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr.


80078746.doc