IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-1371-JJF |
| | : | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Pending before the Court is a Motion To Strike And Preclude Improper Testimony On The Issue Of Willfulness (D.I. 718) filed by Plaintiff, Power Integrations, Inc. ("Power Integrations"). By its Motion, Power Integrations objects to an expert report written by Stephen Marcus, Esquire and asks the Court to preclude, as irrelevant under Fed. R. Evid. 402 and improper under Fed. R. Evid. 702, the report and corresponding testimony from Mr. Marcus concerning legal arguments and opinions on the impact of reexamination proceedings on the question of willful infringement. In addition, Power Integrations seeks to preclude testimony from Robert Conrad concerning post-verdict remedial actions taken by Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild") on the grounds that such testimony is irrelevant to determining whether Fairchild's infringement, at

the time of the jury's verdict of infringement in October 2006, was willful.

In response, Fairchild contends that evidence concerning the reexamination proceedings is relevant to the "objective recklessness" standard under In re Seagate, 497 F.3d 1360 (Fed. Cir. 2007), and that the testimony and report of Mr. Marcus will assist the Court by summarizing the lengthy reexamination record. Fairchild also contends that Mr. Conrad's testimony concerns remedial measures taken by Fairchild throughout the litigation, and that this evidence is relevant to both the subjective prong of Seagate and the question of enhanced damages.

After reviewing the parties' submissions, the Court will deny Power Integrations' Motion. The retrial on willfulness is a bench trial, and neither party will be unduly prejudiced by the submission of the proposed evidence. However, the Court denies Power Integrations' Motion with the understanding that evidence concerning legal conclusions and opinions will be given no weight by the Court in reaching a determination as to willfulness. In addition, the Court will give little weight to evidence of practice and procedures during reexamination, except to the extent that this evidence effectively summarizes the factual record.

As for remedial measures taken by Fairchild throughout this litigation, the Court notes that such evidence is relevant to the

question of willful infringement inasmuch as willful infringement considers the totality of the circumstances.[1] However, the Court will weigh the significance, if any, of solely post-verdict evidence of remedial conduct in the context of the parties' post-retrial submissions on willful infringement so as to provide the parties' with an opportunity to explain the context and relevance of the evidence to the question of whether Fairchild's infringement, at the time of the 2006 verdict, was willful.

Further, the Court notes that, in the context of briefing this Motion and in e-mails relevant to this Motion[2], Power Integrations contends that Fairchild has refused to produce its post-verdict sales information and related customer communications, which Power Integrations contends is necessary to its ability to cross-examine Mr. Conrad, if his testimony is

---

[1] Evidence of remedial measures is also relevant to the issue of enhanced damages, Read Corp. v. Portec, Inc., 970 F.2d 816, 827 (Fed. Cir. 1992). Fairchild contends that if the Court prefers a second evidentiary hearing on enhanced damages in the event that willfulness is found, there is no need to present Mr. Conrad's testimony on enhanced damages. Fairchild also contends that if the Court agrees to the submission of Mr. Conrad's testimony via declaration his testimony will not be required. In response, Power Integrations contends that the issue of enhanced damages is not before the Court at this time. Accordingly, the Court will not address enhanced damages at this time.

[2] In light of the parties' correspondence to the Court's e-mail box, the Court also reiterates that the e-mail box is meant for emergency matters only. Because e-mail transmissions are not part of the docketed record in this case, the box should not be used as a means to transmit argument on pending motions or to present disputes not properly submitted to the Court by written motion.

permitted. Fairchild has not responded to this issue. However, absent a valid assertion of privilege or work-product, Fairchild shall produce information related to Mr. Conrad's anticipated retrial testimony **within five days** of this Memorandum Order. The failure to produce this evidence will result in the exclusion of Mr. Conrad's testimony.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff Power Integrations, Inc.'s Motion To Strike And To Preclude Improper Testimony On The Issue of Willfulness (D.I. 718) is **DENIED**.

June 11, 2009
Date

UNITED STATES DISTRICT JUDGE