IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>FAIRCHILD SEMICONDUCTOR CORPORATION and FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC.,<br><br>          Defendants. | C.A. No. 04-1371 LPS<br><br>████████████████████<br><br>████████████████<br><br>PUBLIC VERSION |

**POWER INTEGRATIONS' MOTION TO ENFORCE PERMANENT INJUNCTION
AND FOR ORDER TO SHOW CAUSE WHY FAIRCHILD SHOULD NOT BE HELD
<u>IN CONTEMPT OF COURT</u>**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Joseph B. Warden (#5401)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070
Email:  marsden@fr.com; warden@fr.com

Frank E. Scherkenbach
One Marina Park Drive
Boston, MA  02210-1878
Telephone: (617) 542-5070

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

**Attorneys for Plaintiff
POWER INTEGRATIONS, INC.**

DATED: August 30, 2013

TABLE OF CONTENTS

I. LEGAL STANDARDS ..................................................................................................1

II. FACTS SHOWING FAIRCHILD'S CONTEMPT OF COURT ...........................1

III. REQUESTED RELIEF.................................................................................................4

TABLE OF AUTHORITIES

**CASES**

*GE Harris Ry. Electronics, L.L.C. v. Westinghouse Air Brake Co.*,
   CIV.A.99-070-GMS, 2004 WL 1854198 (D. Del. Aug. 18, 2004) ............................................1

*Marshak v. Treadwell*,
   595 F.3d 478 (3d Cir. 2009) ....................................................................................................1

*McComb v. Jacksonville Paper Co.*,
   336 U.S. 187 (1949) ................................................................................................................1

*Quinter v. Volkswagen of Am.*,
   676 F.2d 969 (3d Cir. 1982) ....................................................................................................1

**STATUTES**

35 U.S.C. § 283 ...............................................................................................................................1

Plaintiff Power Integrations Inc. hereby moves this Court for an order enforcing against Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corp. (collectively, "Fairchild") this Court's permanent injunction against the making, using, selling, or offering to sell in the United States, or importing into the United States, integrated circuit products found to infringe Power Integrations' patents, or inducing or contributing to the same by third-parties.  Power Integrations further moves for an Order to Show Cause why Fairchild should not be held in contempt for its violation of this Court's permanent injunction issued on December 12, 2008 and reinstated, after a brief stay, on May 13, 2009.  [D.I. 700 and 722.]

## I. LEGAL STANDARDS

The object of a civil contempt proceeding is to enforce a litigant's rights and remedies. *GE Harris Ry. Electronics, L.L.C. v. Westinghouse Air Brake Co.*, CIV.A.99-070-GMS, 2004 WL 1854198 (D. Del. Aug. 18, 2004) (citing *Quinter v. Volkswagen of Am.*, 676 F.2d 969, 974-75 (3d Cir. 1982)).  "The absence of wilfulness does not relieve from civil contempt. . . . Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).  To establish civil contempt, the moving party must show by clear and convincing evidence: "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order."  *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009).

## II. FACTS SHOWING FAIRCHILD'S CONTEMPT OF COURT

1. On December 12, 2008, this Court issued an injunction ("the Injunction") as follows: "IT IS HEREBY ORDERED that pursuant to 35 U.S.C. § 283, Fairchild and its successors, assigns, officers, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities, including specifically Fairchild Korea Semiconductor, Ltd. and Fairchild Korea Trading Company), during the period

commencing on the date hereof and through and including the date of expiration of each of the patents, the latest of which is currently November 16, 2018, are hereby ENJOINED and RESTRAINED from infringing and from inducing or contributing to the infringement of any claim of U.S. Patent Nos. 6,229,366 B1, 6,249,876 B1, and 6,107,851 by making, using, selling, or offering to sell in the United States, or importing into the United States, or by inducing or contributing to the same by third-parties, of any of the integrated circuit products listed above, or any variations thereof not more than colorably different, or any power supply product or component incorporating any such integrated circuit products." [Ex. A[1] (D.I. 700) at ¶2.]

2. The Injunction specifically called out 109 Fairchild products ("the Enumerated Enjoined Products") as being covered by the injunction. [*Id.* at ¶¶ 1, 3.]

3. The Injunction also stated that: "Fairchild is required, within 10 business days of its issuance, to provide notice of this Order Granting Permanent Injunction to all distributors, customers or other third-parties who have ordered, received or purchased any of the parts enumerated in paragraphs 1 or 3 above from Fairchild or any affiliated entity." [*Id.* at ¶4.]

4. Fairchild received a copy of the Injunction Order when it issued, and after a brief and fruitless challenge to the injunction, during which the injunction was stayed, the Court reinstated the injunction on May 13, 2009.  At all relevant times, Fairchild has been aware of the Injunction and its contents.

---

[1] Unless noted otherwise, all citations refer to the accompanying Declaration of William J. Marsden, Jr. ("Marsden Decl.").

2

5. Fairchild sells many of its products through distributors. One such U.S.-based distributor, Rochester Electronics LLC ("Rochester Electronics"), sells Fairchild products to end customers in the United States. [*See* Marsden Decl. at ¶ 3.]

6. Fairchild's website allows prospective customers to search for products by product number, and the results of those searches indicate the inventory of each Fairchild product that Fairchild has provided to a particular distributor. [*See, e.g.,* Ex. B (printout of FCS website search feature).] Earlier this year, Power Integrations learned that Fairchild and Rochester were continuing to stock and sell Enumerated Enjoined Products in the U.S. Recent searches on Fairchild's website confirm that Fairchild has continued to stock and provide hundreds of thousands of units of Enumerated Enjoined Products through Rochester Electronics. [Ex. C (printouts from Fairchild's website indicating available stock for sale through Rochester Electronics, including more than 200,000 units of a single enjoined product, the FSDH321L).][2]

7. By selling and providing at least hundreds of thousands of Enumerated Enjoined Products to and through Rochester Electronics, Fairchild has violated a valid order of this Court, of which Fairchild plainly had knowledge.

8. Rochester Electronics' counsel has also confirmed that Rochester received no notice of the Injunction from Fairchild. In fact, Rochester Electronics received its first notice of the Injunction from Power Integrations during the deposition Power Integrations took

---

[2] A 30(b)(6) deposition and documents provided by Rochester Electronics in another of the parties' cases earlier this year provided further details confirming Fairchild's continued U.S. infringement, but those materials were designated confidential pursuant to the protective order in that case (3:09-cv-05235-MMC (N.D. Cal.), D.I. 122). Thus, despite the parties' repeated agreement to cross-designate and rely on materials across their various cases, out of an abundance of caution, Power Integrations is not submitting any such materials to the Court at this time, absent specific indication from the Court or from Fairchild and Rochester that it may do so in this case.

3

earlier this year – 2013 – in a related litigation matter. [*See* Ex. D (e-mail from Rochester's counsel).]

9. By failing to provide any notice of the Injunction to Rochester Electronics, Fairchild has further knowingly violated a valid order of this Court, of which it had notice, requiring Fairchild "to provide notice of this Order Granting Permanent Injunction to all distributors, customers or other third-parties who have ordered, received or purchased any of the parts enumerated in paragraphs 1 or 3 above from Fairchild or any affiliated entity."

III. **REQUESTED RELIEF**

As the Court may recall, this is not the first time Fairchild has violated the terms of the Court's injunction.[3] At present, though, the scope of Fairchild's continued activities in violation of the injunction is not clear. Fairchild initially promised to produce post-verdict sales and manufacturing data for purposes of the accounting ordered by the Federal Circuit. [*See* D.I. 812 at 2 (joint statement noting that the parties anticipated that they would be in a position to evaluate damages by the end of August and that "the accounting in this matter will also permit the Court to dismiss as moot the portion of the parties' parallel case (Civil Action No. 08-309-LPS) directed to the same products at issue in this case").] Since that time, however, Fairchild dragged its feet on producing such information and recently refused altogether to provide any such data. Power Integrations believes Fairchild's refusal to cooperate with discovery on remand

---

[3] Fairchild's prior violations of the Court's injunction need not be rehashed in detail here, but Power Integrations notes that they were brought to light during the willfulness retrial, *see* D.I. 740 at 160:9-20, 172:10-15, 183:22-184:6, the details of which Fairchild promptly designated confidential pursuant to the protective order entered in this case. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 185:4-19.

is unjustified, and likely the result of Fairchild learning the true nature and scope of its violations of the Court's Injunction while collecting that data. In any event, Fairchild should be required to produce complete information regarding its post-verdict U.S. sales, shipments, and manufacturing of the Enumerated Enjoined Products for use in this case, which may in fact reveal even further activities by Fairchild in violation of the Injunction.

Unless and until this Court's permanent injunction is enforced, Power Integrations will continue to suffer irreparable harm through Fairchild's continued sales and delivery of Enumerated Enjoined Products in the United States, further depriving Power Integrations of the economic benefit of its patented technology in contempt of this Court's lawful orders and authority. As such, Power Integrations requests that the Court (a) initiate contempt proceedings to address Fairchild's flagrant and continued violations of the Court's Injunction, (b) order Fairchild to immediately provide complete information on its post-verdict sales, distribution, and manufacturing of the Enumerated Enjoined Parts, and any variations thereof not more than colorably different, or any power supply product or component incorporating any such integrated circuit products, (c) permit Power Integrations to file further briefing regarding the appropriate remedies as the Court may direct once Fairchild has provided the requested information,[4] and (d) take all necessary and appropriate steps to address and remedy Fairchild's continued willful and wanton infringement.

---

[4] Power Integrations expects to be in a position to recommend an appropriate remedy in short order with once it has had the opportunity to evaluate the full scope of Fairchild's continued violations of the Injunction.

| | |
|---|---|
| Dated:  August 30, 2013 | FISH & RICHARDSON P.C. |

               By: */s/ William J. Marsden, Jr.*
                  William J. Marsden, Jr. (#2247)
                  Joseph B. Warden (#5401)
                  222 Delaware Avenue, 17th Floor
                  P.O. Box 1114
                  Wilmington, DE  19801
                  Telephone: (302) 652-5070
                  Email:  marsden@fr.com; warden@fr.com

                  Frank E. Scherkenbach
                  One Marina Park Drive
                  Boston, MA  02210-1878
                  Telephone: (617) 542-5070

                  Howard G. Pollack
                  Michael R. Headley
                  500 Arguello Street, Suite 500
                  Redwood City, CA 94063
                  Telephone: (650) 839-5070

                  Attorneys for Plaintiff
                  POWER INTEGRATIONS, INC.