IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION, <br><br> Defendants. | Civil Action No. 04-1371-LPS |

## MEMORANDUM ORDER

At Wilmington this **8th** day of **December, 2017**:

Pending before the Court is a dispute over the dismissal of U.S. Patent. No. 6,229,366 ("'366 patent") from this action.[1] For the reasons stated below, **IT IS HEREBY ORDERED** that the '366 patent is **DISMISSED WITHOUT PREJUDICE**.

1. More than a dozen years ago, Power Integrations, Inc. ("Power") filed a complaint alleging infringement of, among others, the '366 patent, which issued in May 2001. (*See* D.I. 1) Eventually, at trial, Power asserted the '366 patent's independent claim 9 and dependent claim 14. (*See, e.g.*, D.I. 415 at 4) Both claims incorporated the term "soft start circuit," which the

---

[1] Defendants – Fairchild Semiconductor Int'l, Inc. and Fairchild Semiconductor Corp. ("Fairchild") – moved in 2014 to dismiss the '366 patent. (*See* D.I. 855) The Court denied the motion without prejudice (*see* D.I. 911) and later ordered the parties to re-brief the issue (*see* D.I. 922, 927). No formal motion to dismiss by either party is before the Court. However, the issue of how to dismiss the '366 patent (with or without prejudice) was argued at a December 2016 hearing (*see* D.I. 953), and constitutes a dispute the Court must resolve notwithstanding the parties' agreement that the Court lacks subject matter jurisdiction. *See generally Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) ("[T]he court can raise *sua sponte* subject-matter jurisdiction concerns.").

1

Court originally construed as a 35 U.S.C. § 112 ¶ 6 (now § 112(f)) means-plus-function limitation. (*See* D.I. 231 at 28-33) A jury found that Fairchild infringed the asserted claims of the '366 patent (*see* D.I. 415 at 4), and a subsequent jury found that Fairchild failed to prove that those claims were invalid (*see* D.I. 555 at 3-4). On appeal, the United States Court of Appeals for the Federal Circuit held that the Court had erred in its construction of "soft start circuit." *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1365-66 (Fed. Cir. 2013). The Federal Circuit remanded with instructions to re-construe the claims and assess the effect of the construction on the validity of the claims. *See id.* at 1381.

2. In parallel with the ongoing litigation in federal court, Fairchild pursued *ex parte* reexamination at the U.S. Patent and Trademark Office ("PTO"). The PTO rejected claim 9 as anticipated and claim 14 as obvious under 35 U.S.C. §§ 102 and 103. (*See* D.I. 857-2) In response, Power filed an amendment, changing the "soft start circuit" term to "soft start circuit means." (D.I. 857-3 at 4) The PTO allowed the amended claims and issued a reexamination certificate on December 20, 2011.[2] (*See* D.I. 857-4; D.I. 857-5)

3. After the Federal Circuit's remand, Fairchild moved to dismiss the '366 patent from the instant case. Fairchild argued that the Court lacked subject matter jurisdiction following the reexamination amendments. (*See* D.I. 855, 856) Power responded that it was premature to consider Fairchild's motion to dismiss because the Court had not yet construed the reexamined claim term nor compared the scope of the original and reexamined claims. (*See* D.I. 874) At the same time, Power asked the Court to sever and dismiss with prejudice Power's

---

[2]The amended '366 patent has been asserted by Power in subsequent litigation between the parties. (*See* C.A. No. 12-540-LPS ("*Power V*") D.I. 11)

infringement claim to the extent it sought damages for the pre-reexamination period. (*See* D.I. 873, 874 at 7-9)

4. The Court denied both parties' motions without prejudice (*see* D.I. 911) and went on to re-construe the pre-amendment '366 patent's "soft start circuit" term. The Court's new construction of the pre-amendment "soft start circuit" term was broader than the Court's previous means-plus-function construction. (*See* D.I. 918 at 11) Similarly, the new "non-means-plus-function" construction of the pre-amendment "soft start circuit" term was broader in scope than the construction the Court had (in the meantime) given to the amended/reexamined "soft start circuit means" term (in the context of another case, *Power V*). (*See id.*) Therefore, the scope of the pre-amendment and post-amendment claims is not substantially identical. (*See id.* at 11-12) The Court directed the parties to file a joint status report outlining their position(s) as to the impact of these rulings. (*See id.* at 12)

5. The parties' March 31, 2016 joint status report reflected continued disagreement. After the Court informed the parties that it was "inclined to agree with Fairchild that it lacks subject matter jurisdiction over . . . the '366 patent" (D.I. 922), in subsequent briefing Power appeared to adopt Fairchild's view as well (*compare* D.I. 921 at 2 *with* D.I. 939).[3]

6. The parties disagree, however, as to whether the Court can and should dismiss the '366 patent with prejudice. Fairchild, citing *Cooper Notification, Inc. v. Twitter, Inc.*, 545 F. App'x 959 (Fed. Cir. 2013), argues that the Court retains the ability to enter a dismissal with

---

[3]Power treats the Court's inclination as a conclusive ruling on the subject matter jurisdiction inquiry and avoids any further assertion of its own position on the issue. (*See, e.g.*, D.I. 939 at 1 ("Fairchild must live with the consequences of its arguments persuading the Court that it lacks subject matter jurisdiction.")) The Court's statement of its inclination by oral order was not a conclusive ruling.

3

prejudice. Power, relying on *In re Orthopedic "Bone Screw" Products Liability Litigation*, 132 F.3d 152 (3d Cir. 1997), contends that the Court's lack of subject matter jurisdiction requires a dismissal without prejudice.

7. The enforcement of reexamined claims is governed by 35 U.S.C. § 307, which incorporates 35 U.S.C. § 252's prescriptions for reissued claims. *See* 35 U.S.C. § 307(b) ("Any proposed amended . . . claim determined to be patentable and incorporated into a patent following a reexamination proceeding will have the same effect as that specified in section 252 for reissued patents . . . ."); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013). Under § 252, reissued patents have "the same effect and operation in law" as if they were "originally granted in such amended form," but only if the "claims of the original and reissued patents are substantially identical." 28 U.S.C. § 252. In other words, "[u]pon reissue, original claims that are *not* reissued in identical form bec[o]me unenforceable," as the original claims are "dead." *Fresenius*, 721 F.3d at 1338 (internal quotation marks omitted).

8. By incorporating § 252, the reexamination statute similarly "restricts a patentee's ability to enforce the patent's original claims to those claims that survive reexamination in identical form." *Id.* at 1339 (internal quotation marks omitted). When a claim is amended during reexamination "to render the claim valid, no suit can be maintained for the period prior to the validating amendment." *Id.* "In sum, under either the reissue or reexamination statute, if the PTO confirms the original claim in identical form, a suit based on that claim may continue, but if the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails." *Id.* at 1340 (internal quotation marks omitted).

9. The parties apparently agree that the only involvement the '366 patent has in the

4

instant action is limited to the assertion of claims 9 and 14 in their original, pre-amendment form. (*See* D.I. 921 at 1 (Power: "Power Integrations' assertion of the reexamined '366 patent in the parties' later-filed litigation . . . leaves only the question of pre-reexamination infringement in this case"); *id.* at 2 (Fairchild: "Power Integrations has only ever asserted the original . . . claims of the '366 patent in this case.")) As noted, the Court has concluded that the reexamination amendments to those claims effected a substantive change in claim scope. (*See* D.I. 918) Consequently, any cause of action predicated on the original claims was extinguished when the reexamination certificate issued. *See Fresenius*, 721 F.3d at 1339-40; *see also generally Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, 645 F. App'x 1018, 1023 (Fed. Cir. 2016) (affirming dismissal where assignee did not amend infringement contentions to incorporate new post-reexamination claims, and attempted to litigate only original, cancelled claims).[4]

10. Put another way, no "live case or controversy" or any "personal stake in the outcome of the lawsuit" exists with regard to the '366 patent as it is presently asserted here. *United States v. Huff*, 703 F.3d 609, 611 (3d Cir. 2013) (internal quotation marks omitted). "Whenever an action loses its character as a present live controversy during the course of litigation, federal courts are required to dismiss the action as moot." *Cardpool, Inc. v. Plastic Jungle, Inc.*, 817 F.3d 1316, 1324 (Fed. Cir. 2016) (internal quotation marks omitted). "[A] dismissal for mootness is a dismissal for lack of jurisdiction." *Target Training*, 645 F. App'x at 1025.

---

[4]Power's initial submissions on this issue correctly suggested that the issuance of substantively amended claims after reexamination did not ***necessarily*** divest the Court of subject matter jurisdiction. (*See* D.I. 874 at 5-7; D.I. 921 at 1-2) But despite reference to possible post-reexamination infringement of the '366 patent (*see* D.I. 921 at 1), Power has not moved to amend its infringement contentions or otherwise assert the amended claims in the instant case.

11. Fairchild nonetheless urges the Court to enter a dismissal of the '366 patent with prejudice. In the absence of such a dismissal, Fairchild believes it "run[s] the risk that Power Integrations games the system and seeks to harass Fairchild by filing another lawsuit on these original claims." (D.I. 931 at 3) The Court is sympathetic to Fairchild's desire for a conclusive disposition of the '366 patent's original claims. Still, when a court "determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. . . . The disposition of such a case will . . . be without prejudice." *Bone Screw*, 132 F.3d at 155; *see also id.* at 156 (holding that federal courts lacking subject matter jurisdiction may only impose sanctions that are "collateral to the merits of the case").[5]

11. The Court notes that Fairchild's expressed concerns may be ameliorated by Power's representation that the Court lacks subject matter jurisdiction over the original claims. (*See* D.I. 953 at 22) ("I don't see how the Court still has jurisdiction over the '366 patent in [the instant case] because the only dispute in that case was over the original claims.") Power is likely estopped from arguing that any other court or proceeding could properly consider the '366 patent's original claims. *See, e.g., Coors Brewing Co. v. Mendez-Torres*, 562 F.3d 3, 9 (1st Cir. 2009) ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of

---

[5]The Federal Circuit's non-precedential affirmance of this Court's dismissal with prejudice in *Cooper* does not expressly address the Third Circuit's decision in *Bone Screw*, and may have been based on the particular conduct of the patentee (conduct which is absent here). *See* 545 F. App'x at 967 ("Given Cooper's proposed stipulation for dismissal with prejudice, the Defendants' reliance on that stipulation, and Cooper's representations in open court [*e.g.*, "Cooper conceded that this trial was its one opportunity to bring claims 1-11 and that "[i]t is gone now," that the Defendants would 'never have to face [claims 1-11] again,' and that the Defendants 'don't have to ever worry about the '428 patent [claims 1-11], . . . ever again'"], the district court was well within its discretion to dismiss the claims with prejudice.") (Federal Circuit quoting district court transcript).

claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question.") (internal quotation marks omitted), *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010); *Springer v. Perryman*, 2016 WL 1371077, at *3 (M.D. Ala. February 25, 2016) ("Because Plaintiff's claims continue to be barred under *Rooker–Feldman*, and Plaintiff's cause of action essentially seeks to re-litigate the issue of this court's subject matter jurisdiction to consider the merits of Plaintiff's claims, Plaintiff's claims are barred by collateral estoppel, or issue preclusion."). But the impact of today's dismissal (and of the parties' litigation in general) on a future case is a matter that must await resolution in that future case, should one be filed.

12. **IT IS FURTHER ORDERED** that the previous entry of final judgment in this action (*see* D.I. 800) is **VACATED** with respect to infringement of the '366 patent.[6]

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[6] The Court does not perceive any opposition from Power to Fairchild's request that the Court "formally vacate the finding of infringement of the '366 patent." (D.I. 931 at 3-4; *see generally* D.I. 921 at 1)

7