## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. and FAIRCHILD SEMICONDUCTOR CORPORATION,<br><br>Defendants. | Civil Action No. 04-1371-LPS |

## MEMORANDUM ORDER

Power Integrations, Inc. ("Power") sued Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation ("Fairchild") in 2004 for infringement of four Power patents. At trial in October 2006, the jury was instructed on direct and induced infringement and returned a general verdict finding infringement. The jury also found Fairchild's infringement was willful and awarded Power approximately $34 million in worldwide damages. Post-trial, the Court granted Fairchild's motion for remittitur and reduced the jury's award by approximately 82%, to around $6 million, the amount of damages Power incurred just in the United States.

On appeal, the Court of Appeals for the Federal Circuit held that this Court had correctly decided to reduce damages because the jury's damages award was contrary to law for being based on worldwide sales. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348 (Fed. Cir. 2013) ("*Power Integrations*"). The Federal Circuit also found insufficient evidence to support a finding of induced infringement and concluded, therefore, that

1

the jury's verdict must have been based on direct infringement – presumably based on the parties' stipulation of direct infringement. The Court remanded the case with instructions to conduct a new trial on damages for direct infringement alone. Power's petition for a writ of certiorari on the worldwide sales issue was denied.

In July 2015, in *WesternGeco L.L.C. v. ION Geophysical Corp.* (Fed. Cir. 2015), 791 F.3d 1340, 1350-51 (Fed. Cir. 2015) ("*WesternGeco I*"), the Federal Circuit described *Power Integrations* as "[t]he leading case on lost profits for foreign conduct" and, relying on the *Power Integrations* precedent, denied a patentee recovery of worldwide damages for patent infringement. Then, on June 22, 2018, the Supreme Court reversed the Federal Circuit's decision in *WesternGeco I*, holding instead that "worldwide" patent damages for infringement under 35 U.S.C. § 271(f)(2), relating to supplying components from the U.S. to be combined outside the U.S. in a manner that would be infringing in the U.S., may be awarded. *See WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129 (2018) ("*WesternGeco II*").

Through briefing and a telephonic hearing, the parties have advised the Court of their competing views as to the impact of the Supreme Court's decision in *WesternGeco II* on the damages trial this Court must now conduct on remand. (*See, e.g.*, D.I. 971, 973, 976, 977, 980, 982)

1. In the Court's view, the Supreme Court's *WesternGeco II* decision implicitly overruled the Federal Circuit's *Power Integrations* opinion.[1] The Supreme Court's analysis of

---

[1] "[C]ircuit precedent, authoritative at the time that it issued, can be effectively overruled by subsequent Supreme Court decisions that are closely on point, even though those decisions do not expressly overrule the prior circuit precedent." *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc) (internal quotation marks omitted) (cited by *Troy v. Samson Mfg. Corp.*, 758 F.3d 1322, 1326 (Fed. Cir. 2014)). "[T]he issues decided by the higher court need not be

2

the patent damages statute, § 284, has equal applicability to the direct infringement allegations pending here, as governed by § 271(a), as it did to the supplying a component infringement claims at issue in *WesternGeco II*, which were governed by § 271(f)(2). Fairchild has identified no persuasive reason to conclude that the interpretation of § 284 should differ here from what was available in *WesternGeco II* just because the type of infringing conduct alleged is different. Instead, as Power puts it, "Section 271(a) 'vindicates domestic interests' no less than Section 271(f)." (D.I. 977 at 2) (quoting *WesternGeco II*, 138 S. Ct. at 2138). Moreover, the Federal Circuit's *WesternGeco I* decision was based almost entirely on the Federal Circuit's *Power Integrations* decision. It logically follows that when the Supreme Court expressly overruled *WesternGeco I* it also implicitly overruled *Power Integrations*.[2]

2. The Court construes Power's briefing as a motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(6). **IT IS HEREBY ORDERED** that this motion is **GRANTED IN PART**, to the extent consistent with paragraph 1 of this Order. While the mandate rule "dictates that an inferior court has no power or authority to deviate from the mandate issued by an appellate court," there is an exception where, as here, "controlling authority has since made a contrary and applicable decision of the law." *Banks v. United States*, 741 F.3d 1268, 1276 (Fed. Cir. 2014) (internal quotation marks omitted). *WesternGeco II* is a "contrary and applicable" decision, so the Court must comply with the Supreme Court's holding in *WesternGeco II*, rather than the Federal Circuit's mandate issued in *Power Integrations*.

---

identical to be controlling. Rather, the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Id.* at 900.

[2]*WesternGeco II* makes one reference to *Power Integrations*. *See* 138 S. Ct. at 2135.

3

Therefore, the trial the Court will conduct will not be as narrow as the trial the Federal Circuit instructed the Court to conduct. Rather than limiting Power to seeking U.S. damages, the Court will permit Power to seek recovery of worldwide damages.

3. Power's Rule 60(b)(6) motion is **DENIED** in all other respects. In particular, all aspects of the *Power Integrations* mandate that are unaffected by *WesternGeco II* remain binding on the Court. For example, Power will not be permitted to press its claim for induced infringement. *See Power Integrations*, 711 F.3d at 1376 ("[T]here was no basis upon which a reasonable jury could find Fairchild liable for induced infringement."); *id.* at 1377 ("[T]he record contains insufficient evidence to support Fairchild's liability for induced infringement."); *id.* at 1381 ("We vacate the district court's award of damages based on infringement by inducement.").

4. The Court has further determined that it is appropriate to certify this Order for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b). Under Section 1292(b), an interlocutory appeal is permitted when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately may materially advance the ultimate termination of the litigation. An interlocutory appeal is only appropriate when "exceptional circumstances merit a departure from the final judgment rule." *EMSI Acquisition, Inc. v. RSUI Indem. Co.*, 2018 WL 2316633, at *2 (D. Del. May 22, 2018) (internal quotation marks omitted).

5. All of these criteria are satisfied here. The Court's Order is controlling in that it sets out the scope of the trial, a trial that will consider a broader damages claim than the mandate authorizes the Court to allow, thereby exceeding the mandate. There are substantial grounds on which the Federal Circuit could well disagree with this Court's assessment that the Supreme

4

Court in *WesternGeco II* implicitly overruled the Federal Circuit's *Power Integrations* decision. The Court is well aware of the unusual nature of a District Court telling a Court of Appeals that the District Court will not follow a binding Court of Appeals precedent because, in the view of the District Court, the Supreme Court has overruled the Court of Appeals. Rather than try this case based on this Court's conclusion on implicit overruling – and risking, if wrong, two additional trials instead of just one more – it would materially advance the conclusion of this litigation to ask the Federal Circuit to tell us if, in light of *WesternGeco II*, the trial should be limited to U.S. damages or should, instead, consider worldwide damages. The Court's conclusion on material advancement is strengthened by the unusual fact that, after thorough discussion of the matter, the parties agree with the Court that certifying an interlocutory appeal is the appropriate next step in this case. (*See* D.I. 982) Over nearly 15 years of litigating this matter, the parties have rarely agreed on anything.

Accordingly, **IT IS HEREBY ORDERED** that the Court **CERTIFIES** this Order for interlocutory review by the Court of Appeals for the Federal Circuit.

Finally, **IT IS FURTHER ORDERED** that the parties shall meet and confer and, no later than October 10, 2018, submit any additional proposed order they request the Court to enter to effectuate its decisions announced here.

October 4, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT